HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC.,<br><br>Defendants | Case No. 10-1823<br><br>JOINT STATUS REPORT |

Plaintiff Microsoft Corporation ("Microsoft"), and defendants Motorola Solutions, Inc. (formerly Motorola, Inc.) and Motorola Mobility, Inc. (collectively "Motorola" or "Defendants"), by and through their counsel below, hereby submit this Joint Status Report and proposed Discovery Plan pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Rules 16 and 26 of the Local Civil Rules for the Western District of Washington and the Court's Minute Order dated December 7, 2010.

1. Statement of Case

Microsoft's Statement:

This action involves allegations by Microsoft that the two Motorola defendants have breached obligations they undertook to offer licenses to their purportedly "essential" or

JOINT STATUS REPORT - 1

"necessary" patents on reasonable and non-discriminatory ("RAND") terms and conditions. When Motorola chose to participate in the industry standard setting process for developing both the 802.11 WLAN wireless internet standard and the H.264 video compression standard, it agreed to offer licenses on RAND terms to Microsoft and other prospective licensees for any patents that are necessary or essential to practice the respective standards.

Motorola has identified a number of patents as allegedly essential or necessary to both the WLAN wireless standard and the H.264 video compression standard. Microsoft asserts that Motorola has not complied with its obligation to offer Microsoft a license to these technologies on RAND terms and conditions. Instead, Motorola has expressly conditioned any such license on payment of an exorbitant, discriminatory, and unreasonable royalty. Microsoft's position is that Motorola's demand does not comply with the obligations it undertook when participating in the standard-setting process.

Specifically, Motorola has demanded that Microsoft pay a royalty of 2.25 percent per unit, *based on the price of the end-product* (such as an Xbox 360, computer, phone, etc.); i.e., this very substantial royalty rate is not applied to the value of the specific component containing Motorola's allegedly essential patent, much less limited to the allegedly patented feature. Microsoft contends that the royalty demanded by Motorola falls well outside the boundaries of a reasonable and non-discriminatory royalty and therefore violates the commitment Motorola made to the Institute of Electrical and Electronics Engineers ("IEEE"), the International Telecommunications Union ("ITU"), and their members.

On November 10, 2010, one day after Microsoft initiated this action, Motorola Mobility and its wholly-owned subsidiary, General Instrument Corporation (together, the "Motorola Affiliates"), filed two complaints for patent infringement against Microsoft in the Federal District Court for the Western District of Wisconsin, Case No. 3:10-CV-699 (the "699 Action") and Case No. 3:10-CV-700 (the "700 Action")).

JOINT STATUS REPORT - 2

Both actions involve patents that Defendants claim are "necessary" or "essential" to practice the WLAN or H.264 standard. Despite their obligation and failure to offer a license for such patents on RAND terms, the Motorola Affiliates are seeking – among other forms of relief – to permanently enjoin Microsoft from practicing any of these "essential" patents. Microsoft moved to have these actions stayed, dismissed, or transferred to this Court. Microsoft's motion in the 699 Action is currently pending. Microsoft believes the motion should be granted because, among other reasons, the patent claims asserted against Microsoft are compulsory counterclaims that must be asserted in the action currently before this Court -- just as Microsoft's counterclaims in the 699 Action, based on the Motorola Affiliates' failure to meet their RAND obligations, were compulsory. Microsoft's motion in the 700 Action has been stayed (along with the rest of the case) because the 700 Action overlaps with a complaint for patent infringement the Motorola Affiliates filed against Microsoft with the International Trade Commission ("ITC"), captioned *In the Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof* (ITC Case No. 337-TA-752) (the "ITC Action") on November 22, 2010.

The Motorola Affiliates' ITC Action involves five patents that Defendants claim are "necessary" or "essential" to practice the WLAN or H.264 standard. In the ITC Action, despite their obligation and failure to offer a license for such patents on RAND terms, the Motorola Affiliates are seeking – among other forms of relief – to exclude Microsoft from importing, marketing, advertising, distributing, offering for sale, selling, or transferring any products that practice these patents.

Defendants have refused to offer Microsoft a license to the patents identified as "essential" to the WLAN and H.264 standards on RAND terms and conditions. Instead, Defendants have demanded royalty payments that are wholly disproportionate to the royalty that the asserted patents should command under any reasonable calculus and have initiated

JOINT STATUS REPORT - 3

three separate actions to enjoin Microsoft from practicing certain of the patents Defendants claim are "essential" to the WLAN or H.264 standards.

As a result of these recent Motorola filings (which have caused, and will continue to cause, injury to Microsoft), Microsoft will file a Motion for Leave to File Amended and Supplemental Complaint, seeking to add General Instrument, Corp. as an additional defendant and including additional allegations of Defendants' breach of contract related to the Motorola Affiliates' filing of the 699 Action, 700 Action, and the ITC Action.

Motorola's Statement:

Microsoft filed this action after Motorola sent two letters to Microsoft, dated October 21, 2010 ("802.11 Letter") and October 29, 2010 ("H.264 Letter"), offering to provide licenses on reasonable and non-discriminatory ("RAND") terms to either (1) a portfolio of patents that are or may become essential to the 802.11 wireless or H.264 video compression standards, at a rate of 2.25% of the sales price of Microsoft's products, or (2) a portion of the portfolios, on RAND terms to be negotiated by the parties. In its complaint, Microsoft alleges that the two offer letters, standing alone, constitute a breach of Motorola's purported contractual commitment to negotiate and ultimately provide licenses to the 802.11 and H.264 standards on RAND terms. Each of Microsoft's causes of action hinges on this meritless allegation, and thus none is sustainable.

Both letters, like any offer, were open invitations to negotiate — it is self-evident that all negotiations begin with an offer. The offer of a royalty of 2.25% of the sales price of Microsoft's products for an entire essential patent portfolio is not, as Microsoft would allege, "exorbitant, discriminatory, and unreasonable," and, in any event, Microsoft, of all entities, knew how to make a counter-offer — but did not. In addition to the negotiable offer for the entire portfolio, each letter contained the option that Microsoft could license only a portion of the patents in each portfolio on terms that would be negotiated. Pursuant to guidelines by the

JOINT STATUS REPORT - 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Standard Development Organizations ("SDOs") that a RAND rate is determined via bilateral negotiations, and consistent with Microsoft's publicly articulated admission that no two RAND licenses are alike, Microsoft had an opportunity, indeed an obligation, to respond to the letters and negotiate a license in good faith if it desired a license.  Under any reasonable interpretation, Motorola's two letters to Microsoft do not plausibly constitute a breach of any contractual commitment.  Instead, it is Microsoft who, by bringing this action instead of responding to the letters, has rejected its right to a RAND license.

Motorola expects to oppose Microsoft's Motion for Leave to File Amended and Supplemental Complaint and, if leave is granted, Motorola expects to move to dismiss the amended and supplemental complaint.  Motorola anticipates that the amended and supplemental complaint should be dismissed for the same reasons set forth above as to Microsoft's original complaint.  Microsoft's newly alleged facts (that Motorola filed the above-described 699, 700 and ITC actions against Microsoft) came after Microsoft had already repudiated Motorola's opening RAND offer by filing this action and therefore provide no support for Microsoft's implausible and premature claims.  Thus, rather than respond to Motorola's 802.11 and H.264 Letters, Microsoft initiated this action against Motorola, thus rejecting Motorola's licensing offers in those letters.  Because Microsoft declined to negotiate the terms of a RAND license, and repudiated any right to a RAND license by filing this action, Motorola was no longer obligated to offer Microsoft licenses under its essential patents, and was therefore entitled to commence patent infringement actions against Microsoft.

In addition, although Microsoft has sought to transfer the 699 Action to this Court, it has simultaneously embraced the Wisconsin court, having filed counterclaims in the 699 Action identical to the claims it proposes to bring in its amended complaint here.  Thus, the 699 Action is the more complete action, which predates any amended and supplemental complaint to be filed in this action.  If the allegations that Microsoft has raised in regard to

JOINT STATUS REPORT - 5

Motorola's RAND obligations are not dismissed, they should be tried in the Wisconsin forum rather than in this Court, and Motorola expects to seek such a result through appropriate motions in both forums.

Thus, Microsoft's complaint, and/or its amended and supplemental complaint, should be dismissed for failure to state a claim, and because it seeks an advisory opinion on an alleged dispute that is not ripe for adjudication. In any event, if this action were to proceed, it should proceed in the Wisconsin District Court, where the record will show that Motorola's letters are in compliance with its RAND obligations, and Motorola was warranted in bringing its 699, 700 and ITC Actions against Microsoft.

2. <u>ADR Method</u>: The Parties believe that a party-appointed mediator as described in Local Rule 39.1(b)(3) should be the initial method of alternative dispute resolution. The parties note that they are involved as parties in a number of other actions in this and other forums, some of which also require the parties to participate in ADR proceedings. In an action pending in the Southern District of Florida, the parties have agreed to retain Edward Infante of the San Francisco office of JAMS to mediate the disputes between the parties. This mediation is required to take place by August 2011. Although the Florida action does not relate to the subject matter of this case, the parties currently expect that this mediation will address all disputes between the parties, including the disputes in this action.

3. <u>ADR Timing</u>: Because the mediation required by the Southern District of Florida must take place before August 3, 2011, the parties currently expect the mediation before Mr. Infante to take place in July, 2011.

4. <u>Deadline for Joining Additional Parties</u>: The Parties propose that any additional parties be joined by no later than April 1, 2011.

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

5. <u>Discovery</u>:

A. The Parties conducted a FRCP 26(f) conference on January 12, 2011 and served their initial disclosures on February 7, 2011.

B. The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

<u>Microsoft's Position</u>

Microsoft anticipates engaging in discovery to the full extent contemplated by the Federal Rules of Civil Procedure relating to Motorola's efforts to license its allegedly "necessary" or "essential" patents to Microsoft and other third parties on allegedly RAND terms pursuant to its obligations to the IEEE, ITU, and its members. Microsoft does not believe that discovery should be conducted in phases. Microsoft further believes that the number of depositions and interrogatories should be limited as provided for in FRCP 30 and FRCP 33.

<u>Motorola's Position</u>

Motorola anticipates that determination of a RAND rate for Motorola's domestic and foreign 802.11 and H.264 portfolios, or a portion thereof, will be a complex task, and will require significant discovery from Microsoft and Motorola and will likely also include discovery from non-parties who have licensed or offered to license similar essential patents on RAND terms. Thus, discovery likely will be directed to, *inter alia*: (i) Motorola's and Microsoft's efforts to license necessary or essential patents to others on RAND terms pursuant to any obligations to the IEEE, ITU, and their members; (ii) competitive technologies at the time of the relevant standard setting events and today; (iii) licenses offered and/or granted by non-parties under the same intellectual property rights requirements or similar requirements of IEEE, ITU and other standards setting organizations; and (iv) the relative import of the patented features in the accused products.

JOINT STATUS REPORT - 7

The parties should thus be permitted a minimum of 25 depositions.

C. What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed;

Microsoft's Position

As described above in Paragraph 5B.

Motorola's Position

As described above in Paragraph 5B, Motorola submits each side should be permitted to take up to 25 depositions without further leave of Court.

D. A statement of how discovery will be managed so as to minimize expense (e.g., by foregoing or limited depositions, exchanging documents informally, etc.):

Microsoft's Position

As described above in Paragraph 5B.

Motorola's Position

As described above in Paragraph 5B.

E. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

The parties anticipate the need for a protective order to ensure adequate protections are in place governing disclosure of confidential and/or commercially sensitive materials. Because of the pendency of other actions between the parties, the parties are attempting to develop a uniform Protective Order that can be entered in all of their actions.

6. Date of Discovery Completion:

Microsoft's Position

Microsoft anticipates that discovery can be completed by July 1, 2011. Microsoft proposes that the parties exchange opening expert reports, for issues on which they bear the burden of proof, on May 2, 2011, and exchange rebuttal expert reports on June 1, 2011.

JOINT STATUS REPORT - 8

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Motorola's Position

This is a novel action. No Court has adjudicated a RAND licensing rate and, accordingly, there is no body of judicial law on which the parties can predicate discovery. Discovery in this action will plow new ground and likely will be complex. Accordingly, Motorola anticipates that discovery can be completed by May 1, 2012. Motorola proposes that the parties exchange opening expert reports, for issues on which they bear the burden of proof, on March 1, 2012, and exchange rebuttal expert reports on April 2, 2012.

7. Magistrate Judge Referral: The Parties do not agree to referral of the case to a magistrate judge.

8. Bifurcation: The parties do not believe at this time that this case lends itself to bifurcation and submit that it would be more efficient for the Parties and the Court to proceed to trial on all issues. Each party respectfully reserves the right to recommend bifurcation at a later stage of the proceedings, should discovery and pretrial preparation demonstrate that bifurcation would be desirable.

9. Pretrial Statement/Orders: The Parties agree that Pre-Trial Statements and Orders called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1 should not be dispensed with in whole or in part.

10. Suggestions for Case Simplification or Shortening:

The Parties will work cooperatively to identify any opportunities to streamline the case, including exploring the possibility of stipulating to any undisputed facts. Each Party will also consider whether any issues can be resolved prior to trial via the filing of dispositive motions. In addition:

Microsoft's Position

Microsoft believes that the development and presentation of the factual and legal issues relevant to this dispute should be relatively straight-forward. Microsoft anticipates filing

JOINT STATUS REPORT - 9

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

dispositive motions on at least the following two issues, which it expects could substantially narrow the issues for trial or obviate the need for trial entirely:

(1) Whether Defendants were obligated to offer licenses to Microsoft for any of the patents they asserted were "essential" to the 802.11 WLAN wireless internet standard and the H.264 video compression standard on reasonable and non-discriminatory (RAND) terms and conditions; and

(2) Whether Defendants violated their RAND obligations by demanding that Microsoft pay a royalty of 2.25 percent per unit, based on the price of each end-product incorporating the allegedly "essential" patent.

Motorola's Position

Motorola believes that the development and presentation of factual and legal issues relevant to this dispute will plow new ground and accordingly are complex (indeed, have never been attempted by any court in the United States), so the discovery and trial burdens should not be minimized.

11. Trial Readiness:

Microsoft's Position

Microsoft believes the case can be ready for trial by November 2011.

Motorola's Position

Motorola believes the case can be ready for trial by September 2012.

12. Jury Trial: The Parties have not requested a jury trial. Motorola has not yet answered the complaint, and respectfully reserves its right to request a jury pursuant to Rule 38(b), Fed. R. Civ. P.

13. Trial Days:

Microsoft's Position

Microsoft believes that the trial can be completed in 4-6 days.

JOINT STATUS REPORT - 10

1  Motorola's Position

2      Motorola believes that the trial can be completed in 8-10 days.

3      14.    Name and address of all trial counsel:

4      For Microsoft Corporation

5      Arthur W. Harrigan, Jr.
6  Christopher Wion
    Shane P. Cramer
7  Danielson Harrigan Leyh & Tollefson LLP
    999 Third Avenue, Suite 4400
8  Seattle, WA  98104
    206-623-1700
9  arthurh@dhlt.com
    chrisw@dhlt.com
10

11      T. Andrew Culbert
    425-706-6921
12  andycu@microsoft.com
    David E. Killough
13  425-703-8865
    davkill@microsoft.com
14  Microsoft Corp.
    One Microsoft Way
15  Redmond, WA  98052

16      Brian R. Nester
    bnester@sidley.com
17  Kevin C. Wheeler
    kwheeler@sidley.com
18  Sidley Austin
    1501 K Street NW
19  Washington DC  20005
    202-736-8017
20

21      David Pritikin
    dpritikin@sidley.com
22  Douglas I. Lewis
    dilewis@sidley.com
23  John W. McBride
    jwmcbride@sidley.com
24  Richard Cederoth
    rcederoth@sidley.com
25  Sidley Austin

JOINT STATUS REPORT - 11

One South Dearborn
Chicago, IL  60603
312-853-7000

For Motorola Defendants

Philip S. McCune
philm@summitlaw.com
Lynn M. Engel
lynne@summitlaw.com
Summit Law Group
315 Fifth Ave. South, Suite 1000
Seattle, WA  98104-2682
206-676-7000
Fax:  206-676-7001

Jesse J. Jenner
Jesse.jenner@ropesgray.com
Steven Pepe
Steven.pepe@ropesgray.com
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
Phone:  212-596-9000

Norman H. Beamer
Norman.beamer@ropesgray.com
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
Phone:  650-617-4000

Paul M. Schoenhard
Paul.schoenhard@ropesgray.com
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
Phone:  202-508-4650

15. <u>Service</u>:  Defendants have been duly served with the Complaint.

16. <u>Scheduling Conference</u>:  The Parties do not anticipate the need for a scheduling conference at this time, but reserve the right to request such a conference if and when the need arises.

JOINT STATUS REPORT - 12

1   DATED this 7th day of February, 2011.

| DANIELSON HARRIGAN LEYH & TOLLEFSON LLP | SUMMIT LAW GROUP PLLC |
|---|---|
| By   /s/ Christopher Wion<br>    Arthur W. Harrigan, Jr., WSBA #1751<br>    Christopher Wion, WSBA #33207<br>    Shane P. Cramer, WSBA #35099<br><br>T. Andrew Culbert, WSBA #35925<br>David E. Killough, WSBA #21119<br>MICROSOFT CORPORATION<br>1 Microsoft Way<br>Redmond, WA  98052<br>Phone:  425-882-8080<br>Fax:  425-869-1327<br><br>John W. McBride, *(pro hac vice)*<br>David T. Pritikin, *(pro hac vice)*<br>Richard A. Cederoth, *(pro hac vice)*<br>Douglas I. Lewis, *(pro hac vice)*<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL  60603<br>Phone:  312-853-7000<br>Fax:  312-853-7036<br><br>Brian R. Nester, *(pro hac vice)*<br>Kevin C. Wheeler, *(pro hac vice)*<br>SIDLEY AUSTIN LLP<br>1501 K Street NW<br>Washington, DC  20005<br>Telephone:  202-736-8000<br>Fax:  202-736-8711<br><br>**Counsel for Plaintiff Microsoft Corp.** | By /s/ Philip S. McCune<br>Philip S. McCune, WSBA #21081<br>Lynn M. Engel, WSBA #21934<br>*philm@summitlaw.com*<br>*lynne@summitlaw.com*<br><br>And by<br><br>Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>(212) 596-9046<br>*steven.pepe@ropesgray.com*<br><br>Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284<br>(650) 617-4030<br>*norman.beamer@ropesgray.com*<br><br>Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>(202) 508-4693<br>*Paul.schoenhard.@ropesgray.com*<br><br>**Attorneys for Defendants Motorola Solutions, Inc., and Motorola Mobility, Inc.** |

JOINT STATUS REPORT - 13