1                                                          HONORABLE JAMES L. ROBART

2

3

4

5

6

7                         IN THE UNITED STATES DISTRICT COURT
8                     FOR THE WESTERN DISTRICT OF WASHINGTON
                                            AT SEATTLE
9

10   MICROSOFT CORPORATION, a                          Case No. 10-1823
     Washington corporation,

11                                                     PLAINTIFF MICROSOFT'S MOTION
12                                        Plaintiff,   FOR LEAVE TO FILE AMENDED
                                                       AND SUPPLEMENTAL COMPLAINT

13              vs.                                    **Noted: Friday, February 25, 2011**

14   MOTOROLA, INC., and MOTOROLA
     MOBILITY, INC.,
15
                                        Defendants
16

17                       **I. INTRODUCTION/RELIEF REQUESTED**

18          Plaintiff Microsoft Corporation respectfully requests leave to file an Amended and

19   Supplemental Complaint, a copy of which is attached hereto as Exhibit A (the "Amended

20   Complaint").  Allowing Microsoft to amend and supplement its complaint is necessary to fairly

21   adjudicate Microsoft's claims against Defendants Motorola, Inc., Motorola Mobility, Inc., and

22   (if the Microsoft's motion is granted), General Instrument Corporation.  The most significant

23   changes reflected in the Amended Complaint are the inclusion of additional facts that post-date

24

25

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1   the filing of Microsoft's initial complaint and the addition of Motorola Mobility, Inc.'s wholly-

2   owned subsidiary, General Instrument, as a defendant.

3       After Microsoft filed its original complaint, Motorola Mobility and General Instrument

4   (collectively called the "Motorola Parties") filed complaints for patent infringement against

5   Microsoft in the Federal District Court for the Western District of Wisconsin and before the

6   International Trade Commission.  In these filings, the Motorola Parties seek, inter alia,

7   injunctive relief based on Microsoft's alleged infringement of patents the Motorola Parties

8   claim are "essential" to practice the H.264 standard and, in the ITC case, the 802.11/WLAN or

9   H.264 standard.

10      In its proposed amended complaint, Microsoft asserts that such filings are a further

11  breach of contract by the Motorola Parties, which are obligated to, but have not, offered to

12  license such technology to Microsoft on RAND terms.

13      Microsoft also seeks to add General Instrument as a defendant, as the Motorola Parties

14  now assert that General Instrument was assigned all ownership rights to certain of the patents

15  already at issue in this case (and also at issue in the two actions recently filed by the Motorola

16  Parties).

17      Microsoft requested that Defendants stipulate to Microsoft filing an amended and

18  supplemental complaint.  Defendants refused to do so.[1]  Permitting Microsoft to amend and

19  supplement its complaint will not prejudice any of the Defendants.  This dispute is in its early

20  stages.  No depositions have been taken, no scheduling order has been issued, and the trial date

21  has not been set.  The Court should grant Microsoft's motion for leave to amend and

22  supplement its complaint.

23

24  _____

[1] Declaration of Shane P. Cramer in Support of Microsoft's Motion for Leave to File Amended and Supplemental
25  Complaint ("Cramer Decl."), ¶2, Ex. 1.

PLAINTIFF MICROSOFT'S MOTION FOR
LEAVE TO FILE AMENDED AND
SUPPLEMENTAL COMPLAINT - 2

## II. FACTUAL/PROCEDURAL BACKGROUND

Microsoft sued Motorola and Motorola Mobility ("Motorola") on November 9, 2010, alleging that Motorola had breached the commitments it made to offer to license patents Motorola claimed were "essential" to implementation of the 802.11/WLAN wireless internet standard and the H.264 video compression standard on RAND terms and conditions. Complaint (Dkt. No. 1), ¶1. Both the 802.11/WLAN and H.264 technologies have been adopted as industry standards. *Id.*, ¶¶ 29 & 36. Motorola participated in the adoption of each of these standards by the standards development organization ("SDO") overseeing each industry (the IEEE with respect to the 802.11/WLAN standard and the ITU with respect to the H.264 standard). *Id.*, ¶¶43-44 & 52-53. In doing so, Motorola committed to the SDOs and their participating members that Motorola would offer licenses to the patents that Motorola asserts are "essential" to practicing these standards on reasonable and non-discriminatory ("RAND") terms to potential licensees. *Id.*, ¶¶ 45 & 54. Despite these promises, Motorola demanded that Microsoft pay excessive and discriminatory royalties, based on the end-price of products (e.g., the Xbox 360, computers, smartphones, etc.), as to which the allegedly patented features could form at most only a minor, and often optional, portion of the product functionality and despite the fact that different products asserted to have the same allegedly infringing functionality have widely disparate end prices. *Id.*, ¶¶ 6 & 65.

At the time Motorola demanded excessive and discriminatory royalties from Microsoft, Motorola purported to own or control the asserted patents and did not mention General Instrument. General Instrument is a wholly-owned subsidiary of Motorola Mobility and allegedly holds all right, title, and interest to certain of the patents Motorola claims are "essential" to practicing the H.264.[2] The Motorola Parties filed two cases in the Federal

---

[2] *See* Cramer Decl., Ex. 3 at ¶4.

PLAINTIFF MICROSOFT'S MOTION FOR
LEAVE TO FILE AMENDED AND
SUPPLEMENTAL COMPLAINT - 3

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

District Court for the Western District of Wisconsin (Case Nos. 10-CV-699 and 10-CV-700), asserting that Microsoft infringed several patents held by them that they claim are "essential" to practice the H.264 standard.[3]  In both cases, the Motorola Parties are seeking – among other forms of relief – to permanently enjoin Microsoft from practicing these patents.[4]

The Motorola Parties likewise filed a complaint for patent infringement against Microsoft with the International Trade Commission (*In the Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof* (ITC Case No. 337-TA-752)).[5]  The ITC Complaint contained five patents that are among those they claim are "essential" to practice the 802.11/WLAN or H.264 standard.[6]  *Id.*  Just as in the Wisconsin cases, the Motorola Parties are seeking – among other forms of relief – exclusion orders that would prevent Microsoft from importing products practicing these patents.[7]

As Microsoft alleges in its proposed Amended and Supplemental Complaint, the Motorola Parties' claims for injunctive and exclusionary relief are breaches of their contractual commitments to IEEE-SA, the ITU, and their members.  Because of their failure to offer Microsoft a license on RAND terms and conditions, the Motorola Parties have no right to enjoin or exclude Microsoft's implementation or importation of any technology necessary to practice those standards.

### III.  LEGAL AUTHORITY/ARGUMENT

Under Fed. R. Civ. P. 15(a)(3), "[T]he court should freely give leave [to amend] when justice so requires."  The rule "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Houghman*, 364 U.S.

---

[3] Cramer Decl., Ex. 2; Ex. 3.

[4] *Id.*, Ex. 2, ¶ b; Ex. 3, ¶ b.

[5] *Id.*, Ex. 4.

[6] *Id.*

[7] *Id.*, ¶94(e).

PLAINTIFF MICROSOFT'S MOTION FOR
LEAVE TO FILE AMENDED AND
SUPPLEMENTAL COMPLAINT - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

310, 316 (1960). According to a leading commentator, "[a] liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." James Wm. Moore, *Moore's Federal Practice*, § 15.14[1] (3d ed. 1997). "In exercising its discretion, the court should be guided by the underlying purpose of allowing amendments to facilitate a decision on the merits." *Id.* Further, according to the U.S. Supreme Court:

> If the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc. – the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 15(d) authorizes the filing of supplemental complaints to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Id.* The same principles that support the liberal amendment of pleadings under Rule 15(a) also apply to supplemental pleadings under Rule 15(d). *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (noting that supplemental pleadings "ought to be allowed as of course, unless some particular reason for disallowing them appears....") (internal citations omitted). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Id.*, at 473-74, *quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1982); *see also Southern Pac. Co. v. Conway*, 115 F.2d 746, 750 (9th Cir. 1940) (purpose of a supplemental complaint is "to bring into the record new facts which will enlarge or change the kind of relief to which the plaintiff is entitled.").

PLAINTIFF MICROSOFT'S MOTION FOR
LEAVE TO FILE AMENDED AND
SUPPLEMENTAL COMPLAINT - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1       Microsoft's Amended and Supplemental Complaint names an additional defendant,

2  Motorola Mobility's wholly-owned subsidiary General Instrument.  General Instrument

3  purportedly holds all right, title and interest to certain of the patents that Defendants were

4  obligated license on RAND terms, but for which they sought to charge Microsoft an

5  unreasonable and excessive royalty.

6       General Instrument (along with defendant Motorola Mobility), is a plaintiff in the

7  Wisconsin and ITC patent infringement actions.  The Motorola Parties were obligated to offer

8  to license every patent they asserted to be "essential" to practicing the applicable standards to

9  potential licensees on RAND terms and conditions.  The failure of the Motorola Parties to

10  follow their commitments to the SDOs and their members to offer RAND licenses precludes

11  the Motorola Parties' current efforts to enjoin Microsoft from practicing the standards.

12       Permitting Microsoft to amend and supplement its complaint will not prejudice

13  Defendants in light of the nascent stage of this action and the direct relationship between the

14  parties and the claims to be added.  This litigation is just three months old, Defendants have yet

15  to answer, discovery has just begun, no depositions have been taken (or noted), and a trial date

16  has not yet been set.

## IV.  CONCLUSION

18       For the foregoing reasons, Microsoft respectfully requests that it be granted leave to file

19  its proposed Amended and Supplemental Complaint, a copy of which is attached hereto as

20  Exhibit A.

PLAINTIFF MICROSOFT'S MOTION FOR
LEAVE TO FILE AMENDED AND
SUPPLEMENTAL COMPLAINT - 6

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1    DATED this 7th day of February, 2011.

2                        DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

3

4
         By ____ /s/ Shane P. Cramer _____
5                Arthur W. Harrigan, Jr., WSBA #1751
                 Christopher Wion, WSBA #33207
6                Shane P. Cramer, WSBA #35099

7        T. Andrew Culbert, WSBA #35925
         David E. Killough, WSBA #21119
8        MICROSOFT CORPORATION
         1 Microsoft Way
9        Redmond, WA  98052
         Phone:  425-882-8080
10       Fax:  425-869-1327

11
         John W. McBride, *(pro hac vice)*
12       David T. Pritikin, *(pro hac vice)*
         Richard A. Cederoth, *(pro hac vice)*
13       Douglas I. Lewis, *(pro hac vice)*
         SIDLEY AUSTIN LLP
14       One South Dearborn
         Chicago, IL  60603
15       Phone:  312-853-7000
         Fax:  312-853-7036
16

17       Brian R. Nester, *(pro hac vice)*
         Kevin C. Wheeler, *(pro hac vice)*
18       SIDLEY AUSTIN LLP
         1501 K Street NW
19       Washington, DC  20005
         Telephone:  202-736-8000
20       Fax:  202-736-8711

21       Counsel for Plaintiff Microsoft Corp.

22

23

24

25

PLAINTIFF MICROSOFT'S MOTION FOR
LEAVE TO FILE AMENDED AND
SUPPLEMENTAL COMPLAINT - 7

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on February 7, 2011, I electronically filed the foregoing document

3  with the Clerk of the Court using the CM/ECF system which will send notification of such

4  filing to the following:  Philip S. McCune and Lynn M. Engel at Summit Law Group, PLLC.

5

6                        /s/ Linda Bledsoe

7                        Linda Bledsoe

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF MICROSOFT'S MOTION FOR
LEAVE TO FILE AMENDED AND
SUPPLEMENTAL COMPLAINT - 8

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717