# Exhibit 1

**From:**   Phil McCune [philm@SummitLaw.com]
**Sent:**   Friday, January 28, 2011 11:38 AM
**To:**    Chris Wion
**Cc:**    Lynn Engel; Celine Leigland; 'Beamer, Norman H.'
**Subject:** Amended Complaint

Chris:

Motorola declines to stipulate to the filing of the Amended and Supplemental Complaint.

Best regards,

Phil

*Phil McCune, Member | S U M M I T  L A W  G R O U P  PLLC  | 315 Fifth Avenue South, Suite 1000 | Seattle, Washington  98104-2682
T 206.676.7038 | F 206.676.7039 | philm@summitlaw.com | www.summitlaw.com*

------------------------ Summit Law Group -------------------------
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient,
any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the
sender at the above e-mail address.

Circular 230 Notice: To comply with IRS regulations, please note that any discussion of Federal tax issues in this email (and in any attachments) is not
intended or written to be used, and cannot be used, by any taxpayer for the purpose of (a) avoiding any penalties imposed under the Internal Revenue
Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

2/3/2011

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

MOTOROLA MOBILITY, INC., and
GENERAL INSTRUMENT
CORPORATION,

        Plaintiffs,

        v.

MICROSOFT CORPORATION,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**Civil Action No. 10-cv-699**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Motorola Mobility, Inc. ("Motorola Mobility") and General Instrument Corporation ("General Instrument") (collectively or separately, "Plaintiffs"), for their complaint against Defendant Microsoft Corporation ("Microsoft"), aver as follows:

## NATURE OF THE ACTION

1.     This is an action brought by Plaintiffs against Microsoft for Microsoft's infringement of Plaintiffs' patents. In particular, Plaintiffs seek remedies for Microsoft's infringement of Plaintiffs' U.S. Patents Nos. 7,310,374; 7,310,375; and 7,310,376 (collectively, "the Asserted Patents").

## THE PARTIES

2.     Motorola Mobility is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola Mobility is a wholly-owned subsidiary of Motorola, Inc.

3.     Motorola Mobility and its affiliates (collectively, "Motorola") are a leading innovator in the communications and electronics industry.  From the introduction of its first commercially successful car radio in 1930 to the inception of the world's first commercial portable cellular phone in 1983 and thereafter, Motorola has developed substantial proprietary and leading technology relating to wireless communications and electronics.  Among other things, Motorola designs, manufactures, sells, and services wireless handsets with integrated software and accessory products.

4.     General Instrument Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 101 Tournament Drive, Horsham, Pennsylvania 19044.  General Instrument is a wholly-owned subsidiary of Motorola Mobility.

5.     On information and belief, Microsoft is a corporation organized and existing under the laws of the State of Washington having its principal place of business at One Microsoft Way, Redmond, Washington 98052.

6.     On information and belief, Microsoft directly or indirectly through its subsidiaries and affiliated companies, distributes, markets, sells and/or offers to sell throughout the United States including in this District, and/or imports into the United States operating systems for personal computers, including Windows 7.

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

9.      Upon information and belief, this Court has personal jurisdiction over Microsoft because Microsoft regularly conducts business in this District and has committed and continues to commit acts of patent infringement in this District.

## THE ASSERTED PATENTS

10.     United States Patent No. 7,310,374, titled "Macroblock Level Adaptive Frame/Field Coding for Digital Video Content," which issued on December 18, 2007, names Limin Wang, Rajeev Gandhi, Krit Panusopone, and Ajay Luthra as inventors.  General Instrument is the owner by assignment of all right, title and interest in and to the '374 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '374 Patent is attached as Exhibit A.

11.     United States Patent No. 7,310,375, titled "Macroblock Level Adaptive Frame/Field Coding for Digital Video Content," which issued on December 18, 2007, names Limin Wang, Rajeev Gandhi, Krit Panusopone, and Ajay Luthra as inventors.  General Instrument is the owner by assignment of all right, title and interest in and to the '375 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '375 Patent is attached as Exhibit B.

12.     United States Patent No. 7,310,376, titled "Macroblock Level Adaptive Frame/Field Coding for Digital Video Content," which issued on December 18, 2007, names Limin Wang, Rajeev Gandhi, Krit Panusopone, and Ajay Luthra as inventors.  General Instrument is the owner by assignment of all right, title and interest in and to the '376 Patent,

including the right to sue and recover for past infringement thereof. A true and correct copy of the '376 Patent is attached as Exhibit C.

## CLAIM ONE
### (Infringement of U.S. Patent No. 7,310,374)

13.     Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-12.

14.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '374 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to, making, using, offering to sell, selling and/or importing the Windows 7 operating systems for personal computers; and/or by inducing others to use the claimed systems and/or to practice the claimed methods.

15.     On information and belief, instructional materials produced by Microsoft (available at, e.g., http://technet.microsoft.com, http://support.microsoft.com, and http://msdn.microsoft.com) instruct customers how to use these products in accordance with one or more of the asserted claims of the '374 Patent.

16.     Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

17.     Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '374 Patent in an amount to be determined at trial.

18.     On information and belief, Microsoft's infringement of the '374 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

19.     On information and belief, Microsoft's infringement of the '374 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM TWO
### (Infringement of U.S. Patent No. 7,310,375)

20.     Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-12.

21.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '375 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to, making, using, offering to sell, selling and/or importing the Windows 7 operating systems for personal computers; and/or by inducing others to use the claimed systems and/or to practice the claimed methods.

22.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://technet.microsoft.com, http://support.microsoft.com, and http://msdn.microsoft.com) instruct customers how to use these products in accordance with one or more of the asserted claims of the '375 Patent.

23.     Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

24.     Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '375 Patent in an amount to be determined at trial.

25.     On information and belief, Microsoft's infringement of the '375 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

26.     On information and belief, Microsoft's infringement of the '375 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.


### CLAIM THREE
### (Infringement of U.S. Patent No. 7,310,376)

27.     Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-12.

28.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '376 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to, making, using, offering to sell, selling and/or importing the Windows 7 operating systems for personal computers; and/or by inducing others to use the claimed systems and/or to practice the claimed methods.

29.    On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://technet.microsoft.com, http://support.microsoft.com, and http://msdn.microsoft.com) instruct customers how to use these products in accordance with one or more of the asserted claims of the '376 Patent.

30.    Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

31.    Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '376 Patent in an amount to be determined at trial.

32.    On information and belief, Microsoft's infringement of the '376 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

33.    On information and belief, Microsoft's infringement of the '376 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all claims and all issues triable by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment:

a.    Adjudging that Microsoft has infringed one or more claims of each of the Asserted Patents;

b.      Permanently enjoining Microsoft and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement and inducement of infringement of the Asserted Patents;

c.      Awarding Plaintiffs damages adequate to compensate them for Microsoft's infringement of the Asserted Patents including pre-judgment and post-judgment interest at the maximum rate permitted by law;

d.      Adjudging that Microsoft's infringement of each of the Asserted Patents is willful and deliberate and, therefore, that Plaintiffs are entitled to treble damages as provided by 35 U.S.C. § 284;

e.      Adjudging that Microsoft's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Plaintiffs to an award of their attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

      f.      Awarding to Plaintiffs such other and further relief as this Court deems proper and just.

November 10, 2010

Respectfully submitted,

/s/ *Scott W. Hansen*

Scott W. Hansen
shansen@reinhartlaw.com
Lynn M. Stathas
lstathas@reinhartlaw.com
Rebecca F. Kennedy
rkennedy@reinhartlaw.com
Reinhart Boerner Van Deuren S.C.
1000 North Water Street
Suite 1700
Milwaukee, WI 53202
**PHONE NO. (414) 298-1000**

Attorney for Plaintiffs,
MOTOROLA MOBILITY, INC., and
GENERAL INSTRUMENT
CORPORATION

*Of Counsel:*

Jesse J. Jenner*
Steven Pepe*
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036
Phone No. (212) 596-9000

Norman H. Beamer*
Mark D. Rowland*
Gabrielle E. Higgins*
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Phone No. (650) 617-4000

* Pro hac vice to be filed

# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,** | )<br>)<br>)<br>) |
| Plaintiffs, | ) **Civil Action No. 10-cv-700** |
| v. | ) **JURY TRIAL DEMANDED** |
| **MICROSOFT CORPORATION,** | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Motorola Mobility, Inc. ("Motorola Mobility") and General Instrument Corporation ("General Instrument") (collectively or separately, "Plaintiffs"), for their complaint against Defendant Microsoft Corporation ("Microsoft"), aver as follows:

### NATURE OF THE ACTION

1.    This is an action brought by Plaintiffs against Microsoft for Microsoft's infringement of Plaintiffs' patents.  In particular, Plaintiffs seek remedies for Microsoft's infringement of Plaintiffs' U.S. Patents Nos. 6,980,596; 7,162,094; 5,319,712; 5,357,571; 6,686,931; and 5,311,516 (collectively, "the Asserted Patents").

### THE PARTIES

2.    Motorola Mobility is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  Motorola Mobility is a wholly-owned subsidiary of Motorola, Inc.

Motorola Mobility is the assignee of all right, title and interest, including the right to sue for past infringement, in and to the '712; '571; '931; and '516 Patents.

3.     Motorola Mobility and its affiliates (collectively, "Motorola") are a leading innovator in the communications and electronics industry.  From the introduction of its first commercially successful car radio in 1930 to the inception of the world's first commercial portable cellular phone in 1983 and thereafter, Motorola has developed substantial proprietary and leading technology relating to wireless communications and electronics.  Among other things, Motorola designs, manufactures, sells, and services wireless handsets with integrated software and accessory products.

4.     General Instrument Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 101 Tournament Drive, Horsham, Pennsylvania 19044.  General Instrument is a wholly-owned subsidiary of Motorola Mobility.  General Instrument Corporation is the assignee of all right, title and interest, including the right to sue for past infringement, in and to the '596 and '094 Patents.

5.     On information and belief, Microsoft is a corporation organized and existing under the laws of the State of Washington having its principal place of business at One Microsoft Way, Redmond, Washington 98052.

6.     On information and belief, Microsoft directly or indirectly through its subsidiaries and affiliated companies, distributes, markets, sells and/or offers to sell throughout the United States including in this District, and/or imports into the United States various models of the Xbox 360 video game console ("the Xbox 360") and/or accessories.

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

9.     Upon information and belief, this Court has personal jurisdiction over Microsoft because Microsoft regularly conducts business in this District and has committed and continues to commit acts of patent infringement in this District.

## THE ASSERTED PATENTS

10.     United States Patent No. 6,980,596, titled "Macroblock Level Adaptive Frame/Field Coding for Digital Video Content," which issued on December 27, 2005, names Limin Wang, Rajeev Gandhi, Krit Panusopone, and Ajay Luthra as inventors.  General Instrument is the owner by assignment of all right, title and interest in and to the '596 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '596 Patent is attached as Exhibit A.

11.     United States Patent No. 7,162,094, titled "Frequency Coefficient Scanning Paths For Coding Digital Video Content," which issued on January 9, 2007, names Limin Wang, David M. Baylon, Krit Panusopone, Rajeev Gandhi, Yue Yu, and Ajay Luthra as inventors. General Instrument is the owner by assignment of all right, title and interest in and to the '094 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '094 Patent is attached as Exhibit B.

12.     United States Patent No. 5,319,712, titled "Method and Apparatus for Providing Cryptographic Protection of a Data Stream in a Communication System," which issued on June 7, 1994, names Louis D. Finkelstein, James J. Kosmach, and Jeffrey C. Smolinske as inventors.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '712 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '712 Patent is attached as Exhibit C.

13.     United States Patent No. 5,357,571, titled "Method For Point-To-Point Communications Within Secure Communication Systems," which issued on October 18, 1994, names Dean E. Banwart as inventor.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '571 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '571 Patent is attached as Exhibit D.

14.     United States Patent No. 6,686,931, titled "Graphical Password Methodology For A Microprocessor Device Accepting Non-Alphanumeric User Input," which issued on February 3, 2004, names Eric O. Bodnar as the inventor.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '931 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '931 Patent is attached as Exhibit E.

15.     United States Patent No. 5,311,516, titled "Paging System Using Message Fragmentation to Redistribute Traffic," which issued on May 10, 1994, names William J. Kuznicki and David F. Willard as inventors.  Motorola Mobility is the owner by assignment of all right, title and interest in and to the '516 Patent, including the right to sue and recover for past infringement thereof.  A true and correct copy of the '516 Patent is attached as Exhibit F.

## CLAIM ONE
### (Infringement of U.S. Patent No. 6,980,596)

16.     Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-15.

17.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '596 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to: (a) making, using, offering to sell, selling and/or importing various models of the Xbox 360, including without limitation the Xbox 360 Pro/Premium, Xbox 360 Elite, Xbox 360 Arcade, and Xbox 360 S; and/or (b) by inducing others to practice the claimed methods.

18.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://support.xbox.com/en-us/Pages/default.aspx) instruct customers how to use these products in accordance with one or more of the asserted claims of the '596 Patent.

19.     Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

20.     Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '596 Patent in an amount to be determined at trial.

21.     On information and belief, Microsoft's infringement of the '596 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

22.     On information and belief, Microsoft's infringement of the '596 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM TWO
### (Infringement of U.S. Patent No. 7,162,094)

23.     Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-15.

24.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '094 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to: (a) making, using, offering to sell, selling and/or importing various models of the Xbox 360, including without limitation the Xbox 360 Pro/Premium, Xbox 360 Elite, Xbox 360 Arcade, and Xbox 360 S; and/or (b) by inducing others to use the claimed systems and/or to practice the claimed methods.

25.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://support.xbox.com/en-us/Pages/default.aspx) instruct customers how to use these products in accordance with one or more of the asserted claims of the '094 Patent.

26.     Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

27.     Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '094 Patent in an amount to be determined at trial.

28.     On information and belief, Microsoft's infringement of the '094 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

29.     On information and belief, Microsoft's infringement of the '094 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM THREE
### (Infringement of U.S. Patent No. 5,319,712)

30.     Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-15.

31.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '712 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to: (a) making, using, offering to sell, selling and/or importing various models of the Xbox 360, including without limitation: (i) the Xbox 360 S; and (ii) in conjunction with the Xbox 360 Wireless Networking Adapter or the Xbox 360 Wireless N Networking Adapter, the Xbox 360 Core, Xbox 360 Pro/Premium, Xbox 360 Elite, and Xbox 360 Arcade; and/or (b) by inducing others to use the claimed systems and/or to practice the claimed methods.

32.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://support.xbox.com/en-us/Pages/default.aspx) instruct customers how to use these products in accordance with one or more of the asserted claims of the '712 Patent.

33.     Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

34.     Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '712 Patent in an amount to be determined at trial.

35.     On information and belief, Microsoft's infringement of the '712 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

36.     On information and belief, Microsoft's infringement of the '712 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### CLAIM FOUR
### (Infringement of U.S. Patent No. 5,357,571)

37.     Plaintiffs incorporates by reference as if fully set forth herein the averments contained within Paragraphs 1-15.

38.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '571 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to: (a) making, using, offering to sell, selling and/or importing various models of the Xbox 360, including without limitation: (i) the Xbox 360 S; and (ii) in conjunction with the Xbox 360 Wireless N Networking Adapter, the Xbox 360 Core, Xbox 360 Pro/Premium, Xbox 360 Elite, and Xbox 360 Arcade; and (iii) in

conjunction with the Xbox 360 Wireless Networking Adapter, the Xbox 360 Core, Xbox 360 Pro/Premium, Xbox 360 Elite, and Xbox 360 Arcade; and/or (b) by inducing others to practice the claimed methods.

39.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://support.xbox.com/en-us/Pages/default.aspx) instruct customers how to use these products in accordance with one or more of the asserted claims of the '571 Patent.

40.     Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

41.     Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '571 Patent in an amount to be determined at trial.

42.     On information and belief, Microsoft's infringement of the '571 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

43.     On information and belief, Microsoft's infringement of the '571 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### CLAIM FIVE
### (Infringement of U.S. Patent No. 6,686,931)

44.     Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-15.

45.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or

contributorily infringe, one or more claims of the '931 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to: (a) making, using, offering to sell, selling and/or importing various models of the Xbox 360, including without limitation the Xbox 360 Core, Xbox 360 Pro/Premium, Xbox 360 Elite, Xbox 360 Arcade, and Xbox 360 S; and/or (b) by inducing others to use the claimed systems and/or to practice the claimed methods.

46.    On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://support.xbox.com/en-us/Pages/default.aspx) instruct customers how to use these products in accordance with one or more of the asserted claims of the '931 Patent.

47.    Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

48.    Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '931 Patent in an amount to be determined at trial.

49.    On information and belief, Microsoft's infringement of the '931 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

50.    On information and belief, Microsoft's infringement of the '931 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM SIX
### (Infringement of U.S. Patent No. 5,311,516)

51.     Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-15.

52.     On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '516 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to: (a) making, using, offering to sell, selling and/or importing various models of the Xbox 360, including without limitation: (i) the Xbox 360 S; and (ii) in conjunction with the Xbox 360 Wireless Networking Adapter or the Xbox 360 Wireless N Networking Adapter, the Xbox 360 Core, Xbox 360 Pro/Premium, Xbox 360 Elite, and Xbox 360 Arcade; and/or (b) by inducing others to use the claimed systems and/or to practice the claimed methods.

53.     On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://support.xbox.com/en-us/Pages/default.aspx) instruct customers how to use these products in accordance with one or more of the asserted claims of the '516 Patent.

54.     Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

55.     Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '516 Patent in an amount to be determined at trial.

56.    On information and belief, Microsoft's infringement of the '516 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

57.    On information and belief, Microsoft's infringement of the '516 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all claims and all issues triable by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment:

a.    Adjudging that Microsoft has infringed one or more claims of each of the Asserted Patents;

b.    Permanently enjoining Microsoft and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement and inducement of infringement of the Asserted Patents;

c.    Awarding Plaintiffs damages adequate to compensate them for Microsoft's infringement of the Asserted Patents including pre-judgment and post-judgment interest at the maximum rate permitted by law;

d.    Adjudging that Microsoft's infringement of each of the Asserted Patents is willful and deliberate and, therefore, that Plaintiffs are entitled to treble damages as provided by 35 U.S.C. § 284;

   e.  Adjudging that Microsoft's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Plaintiffs to an award of their attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

   f.  Awarding to Plaintiffs such other and further relief as this Court deems proper and just.


November 10, 2010       Respectfully submitted,

           /s/ *Scott W. Hansen*
           Scott W. Hansen
           shansen@reinhartlaw.com
           Lynn M. Stathas
           lstathas@reinhartlaw.com
           Rebecca F. Kennedy
           rkennedy@reinhartlaw.com
           Reinhart Boerner Van Deuren S.C.
           1000 North Water Street
*Of Counsel*:         Suite 1700
           Milwaukee, WI 53202
Jesse J. Jenner*       Phone No. (414) 298-1000
Steven Pepe*
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036   Attorney for Plaintiffs,
Phone No. (212) 596-9000    MOTOROLA MOBILITY, INC., and
           GENERAL INSTRUMENT
Norman H. Beamer*     CORPORATION
Mark D. Rowland*
Gabrielle E. Higgins*
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Phone No. (650) 617-4000


* Pro hac vice to be filed