HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | Case No. C10-1823 JLR |
| Plaintiff, | NOTICE OF ENTRY OF ORDER IN RELATED CASE |
| vs. | |
| MOTOROLA, INC., and MOTOROLA MOBILITY, INC., | |
| Defendants. | |

Plaintiff Microsoft Corporation hereby gives notice to the Court of an Opinion and

Order entered on February 18, 2011 in *Motorola Mobility, Inc., et anon. v. Microsoft*

*Corporation*, Case No. 3:10-cv-00699-bbc (W.D. Wisc.), transferring Defendant Motorola

Mobility, Inc.'s (and General Instrument Corporation's[1]) complaint for patent infringement

from the Federal District Court for the Western District of Wisconsin to this District.  A copy

---

[1] Microsoft filed a Motion for Leave to File Amended and Supplemental Complaint on February 7, 2011 (Dkt. No. 45).  Microsoft's proposed supplemental and amended complaint adds General Instrument as a defendant in this action.

NOTICE OF ENTRY OF ORDER IN RELATED
CASE - 1

Case No.: C10-1823 JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1   of the Opinion and Order is attached hereto as Appendix A.

2       This action and the transferred patent infringement action are logically related.  The

3   three patents at issue in the patent infringement case are among those that form the basis for

4   Microsoft's complaint in this case, in which Microsoft alleges Defendants (and General

5   Instrument) were obligated to offer licenses to any patents they assert are essential or necessary

6   to implement the 802.11 and H.264 standards on reasonable and non-discriminatory terms and

7   conditions.

8       Motorola Mobility and General Instrument's patent infringement claims are

9   compulsory counterclaims to Microsoft's complaint (*See Pochiro v. Prudential Ins. Co. of*

10  *Amer.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (a counterclaim is compulsory where "the essential

11  facts of the various claims are so logically connected that considerations of judicial economy

12  and fairness dictate that all the issues be resolved in one lawsuit")).  Once the transferred case

13  has been assigned, Microsoft anticipates seeking appropriate relief to bring about such an

14  alignment of the claims.

15       DATED this 22nd day of February, 2011.

16                DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

17

18

               By     /s/ Shane P. Cramer_____

19                     Arthur W. Harrigan, Jr., WSBA #1751
                    Christopher Wion, WSBA #33207

20                     Shane P. Cramer, WSBA #35099

21          T. Andrew Culbert

22          David E. Killough
         MICROSOFT CORPORATION

23          1 Microsoft Way
         Redmond, WA  98052

24          Phone: 425-882-8080
         Fax: 425-869-1327

25

NOTICE OF ENTRY OF ORDER IN RELATED
CASE - 2

Case No.: C10-1823 JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1

2

3

4

5

John W. McBride, of Counsel
David T. Pritikin, of Counsel
Richard A. Cederoth, of Counsel
Douglas I. Lewis, of Counsel
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

6

7

8

9

Brian R. Nester, of Counsel
Kevin C. Wheeler, of Counsel
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

10

Counsel for Plaintiff Microsoft Corp.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF ENTRY OF ORDER IN RELATED
CASE - 3

Case No.:  C10-1823 JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Philip S. McCune and Lynn M. Engel at Summit Law Group, PLLC, Steven Pepe and Jesse J. Jenner at Ropes & Gray LLP, New York, Norman H. Beamer at Ropes & Gray LLP, California, and Paul M. Schoenhard at Ropes & Gray LLP, Washington, DC, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:_____.

Yvette Chambers

NOTICE OF ENTRY OF ORDER IN RELATED
CASE - 4

Case No.: C10-1823 JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOTOROLA MOBILITY, INC. and
GENERAL INSTRUMENT CORPORATION

OPINION AND ORDER

Plaintiffs,

10-cv-699-bbc

v.

MICROSOFT CORPPORATION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Motorola Mobility, Inc. and General Instrument Corporation are suing defendant Microsoft Corporation for infringement of U.S. Patent No. 7,310,374, U.S. Patent No. 7,310,375 and U.S. Patent No. 7,310,376, each of which is titled "Macroblock Level Adaptive Frame/Field Coding for Digital Video Content." Two motions are before the court: (1) defendant's motion to dismiss for failure to state a claim upon which relief may be granted; and (2) defendant's "motion to dismiss, stay or, in the alternative, transfer venue."

In the first motion, defendant argues that plaintiffs' complaint fails to give adequate notice of their claims as required by Fed. R. Civ. P. 8. Defendant acknowledges that

1

plaintiffs mooted that motion by filing an amended complaint. In their second motion, defendant argues that the complaint must be dismissed because it is a compulsory counterclaim to a lawsuit defendant filed in the Western District of Washington or, in the alternative, that the case should be transferred to Washington under 28 U.S.C. § 1404. Because I conclude that the Western District of Washington is clearly more convenient than this district and the interest of justice favors transfer, I am granting defendant's motion under § 1404. I will leave it to the Washington court to determine whether consolidation of the two cases is required under Fed. R. Civ. P. 13.

## OPINION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court of Appeals for the Seventh Circuit recently discussed the proper standard to be applied by courts in considering motions brought under this statute. Research Automation, Inc. v. Schrader-Bridgeport International, Inc., 626 F.3d 973 (7th Cir. 2010). The court stated that § 1404(a) "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." Id. at 978 (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 487 U.S. 22, 29 (1988)). However, the court summarized the

2

most salient factors:

> With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof.

> The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy. The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result.

Id. (internal quotations omitted).

In this case, plaintiffs have not pointed to a single factor related to convenience that favors Wisconsin as a forum. None of the parties are incorporated in Wisconsin or have their headquarters or any major facilities here. The parties do not identify any potential witnesses in Wisconsin, any relevant events that occurred here that did not occur in every other state or even any documents that are located here. In contrast, defendant's principal place of business is in the Western District of Washington and at least one of the accused products (Windows 7) was designed there. Defendant's employees responsible for both the development and sale of Windows 7 work in that district. Although it is true that other parties and potential witnesses live outside Washington, this does not tip the scales in favor

3

of Wisconsin because *no* parties or potential witnesses are located here.

With respect to the interests of justice, defendant argues that a related lawsuit is pending in the Western District of Washington. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986) (interest of justice factor includes question whether transfer would facilitate consolidation of related cases). In Microsoft v. Motorola, Inc., 10-cv-1823 (W.D. Wash.), defendant is contending that defendant Motorola is breaching an agreement to license various patents, including the three asserted in this case, at reasonable rates. Defendant is asking the court to enjoin plaintiff Motorola "from further demanding excessive royalties." Plaintiffs argue that the Washington lawsuit is not related to this one because the Washington lawsuit does not require resolution of any issues related to infringement or invalidity, but plaintiffs do not deny defendant's contention that the result of the Washington lawsuit could limit the damages available to plaintiffs in this case. That is, if the Washington court determines that plaintiff Motorola is charging too much for licensing the '374 patent, the '375 patent and the '376 patent, that could limit the royalty rate that plaintiffs could obtain for any infringement by defendant of those patents. Although the two lawsuits are far from identical, the factual overlap between the two is another reason why the balance favors Washington.

Also relevant to the interest of justice factor is "the relationship of each community to the controversy." Research Automation, 626 F.3d at 978. In this case, the Western

4

District of Washington has a closer relationship to the dispute than the Western District of Wisconsin. In fact, plaintiffs do not identify any relationship this district has with the case, other than the potential sale of accused products, a relationship that every state in the country shares.

The *only* factor that plaintiffs have identified as favoring this district is speed, but even that factor does not weigh heavily in either direction. According to the information provided by the parties, the difference between the average time to disposition in the two districts is 1.4 months and the difference between the average time to trial is four months. Plaintiffs do not identify any reason to believe that these minor differences will create an undue hardship. E.g., Castleberg v. Davidson, No. 10-cv-647-bbc (W.D. Wis. Dec. 30, 2010) (difference of 12 months in average time to trial not dispositive). Particularly because plaintiffs do not suggest that they make or sell any products that compete directly with the accused products in this case or that defendant is somehow stealing market share from them, they have not shown that time is of the essence.

I conclude that defendant has met its burden to prove that this case should be transferred to the Western District of Washington. Defendant has shown that Washington is more convenient for the parties in several respects and that the interest of justice factor favors transfer to a district with a related case and a closer relationship to the dispute. Therefore, its motion to transfer will be granted.

5

ORDER

IT IS ORDERED that

1.  Defendant Microsoft Corporation's motion to dismiss for failure to state a claim upon which relief may be granted, dkt. #23, is DENIED as moot.

2.  Defendant's motion to transfer venue under 28 U.S.C. § 1404, dkt. #25, is GRANTED.   This case is TRANSFERRED to the United States District Court for the Western District of Washington.

Entered this 18th day of February, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

6