HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION, <br><br> Defendants | Case No. 10-1823 <br><br> SUPPLEMENTAL JOINT STATUS REPORT |

Plaintiff Microsoft Corporation ("Microsoft"), and defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc., and General Instrument Corporation (individually and collectively "Motorola"), by and through their counsel below, hereby submit this Supplemental Joint Status Report and proposed Discovery Plan pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Rules 16 and 26 of the Local Civil Rules for the Western District of Washington, the Court's Minute Order dated December 7, 2010, and the Court's oral order of February 23, 2011, at which time the Court directed the parties to submit this report within two weeks from the date that *Motorola Mobility, Inc., et al. v. Microsoft Corporation*, No. 10-CV-699 (W.D. Wisc.), was transferred to this district. That case was

SUPPLEMENTAL JOINT STATUS REPORT - 1

received in this district on February 28, 2011 and is now captioned *Motorola Mobility, Inc., et anon. v. Microsoft Corporation*, 2:11-CV-00343-JLR (the "Transferred Action").

1. Statement of Case

Microsoft's Statement:

This action involves allegations by Microsoft that the three Motorola defendants have breached obligations they undertook to offer licenses to their purportedly "essential" or "necessary" patents on reasonable and non-discriminatory ("RAND") terms and conditions. When Motorola chose to participate in the industry standard setting process for developing both the 802.11 WLAN wireless internet standard and the H.264 video compression standard, it agreed to offer licenses on RAND terms to Microsoft and other prospective licensees for any patents that are necessary or essential to practice the respective standards.

Motorola has identified a number of patents as allegedly essential or necessary to both the WLAN wireless standard and the H.264 video compression standard. Microsoft asserts that Motorola has not complied with its obligation to offer Microsoft a license to these technologies on RAND terms and conditions. Instead, Motorola has expressly conditioned any such license on payment of an exorbitant, discriminatory, and unreasonable royalty. Microsoft's position is that Motorola's demand does not comply with the obligations it undertook when participating in the standard-setting process.

Specifically, Motorola has demanded that Microsoft pay a royalty of 2.25 percent per unit, *based on the price of the end-product* (such as an Xbox 360, computer, phone, etc.); i.e., this very substantial royalty is not applied to the value of the specific component containing Motorola's allegedly essential patent, much less limited to the allegedly patented feature. Microsoft contends that the royalty demanded by Motorola falls well outside the boundaries of a reasonable and non-discriminatory royalty and therefore violates the commitment Motorola

SUPPLEMENTAL JOINT STATUS REPORT - 2

1  made to the Institute of Electrical and Electronics Engineers ("IEEE"), the International
2  Telecommunications Union ("ITU"), and their members.

3        On November 10, 2010, one day after Microsoft initiated this action, defendants
4  Motorola Mobility and its wholly-owned subsidiary, General Instrument Corporation, filed two
5  complaints for patent infringement against Microsoft in the Federal District Court for the
6  Western District of Wisconsin, the "Transferred Action" identified above (Case No. 3:10-CV-
7  699) and Case No. 3:10-CV-700 (the "700 Action")).

8        The Transferred Action seeks to enforce against Microsoft three patents that Motorola
9  asserts are necessary or essential to implement the H.264 standard and which Motorola was,
10 therefore, obliged – but failed – to offer to license to Microsoft on RAND terms and
11 conditions.  These patents were also identified in Motorola's portfolio of patents and pending
12 applications that was attached to Motorola's October 29, 2010 demand letter to Microsoft,
13 which, *inter alia*, formed the basis for Microsoft's claims relating to the H.264 standard in this
14 action.  Microsoft's position is that Motorola's patent claims are compulsory counterclaims to
15 Microsoft's claims in this action (which was filed before Motorola filed the Transferred
16 Action) and should be dismissed and then re-filed as compulsory counterclaims in this action.

17       While it was still pending in Wisconsin, Microsoft moved to have the Transferred
18 Action stayed, dismissed, or transferred to this district.  On February 18, 2011, the Western
19 District of Wisconsin granted Microsoft's motion to transfer the action to this district pursuant
20 to 28 U.S.C. § 1404.  The Wisconsin Court left it for this Court to decide whether Motorola's
21 claims in the Transferred Action are compulsory counterclaims in this Action.

22       On March 10, 2011, Microsoft filed a motion to dismiss the Transferred Action without
23 prejudice to Motorola re-filing its claims as counterclaims in this Action because (1)
24 Motorola's claims are compulsory counterclaims under Fed. R. Civ. P. 13(a), and (2) dismissal
25 is warranted under the well-settled "first-to-file" rule.

SUPPLEMENTAL JOINT STATUS REPORT - 3

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

The second Wisconsin action, the 700 Action, was stayed because it overlaps with a complaint for patent infringement Motorola filed against Microsoft with the International Trade Commission ("ITC"), captioned *In the Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof* (ITC Case No. 337-TA-752) (the "ITC Action") on November 22, 2010.

Motorola's ITC Action and its companion Wisconsin 700 Action involve five patents that Motorola claims are "necessary" or "essential" to practice the WLAN or H.264 standard. In these actions, despite Motorola's obligation and failure to offer a license for such patents on RAND terms, Motorola is seeking – among other forms of relief – an injunction and to exclude Microsoft from importing, marketing, advertising, distributing, offering for sale, selling, or transferring any products that practice these patents. Microsoft asserts that Motorola's filing of the Transferred Action, 700 Action, and ITC Action absent having first made a RAND offer to Microsoft constitute further breaches of Motorola's contractual commitments to the IEEE, ITU, and their members.

Motorola has refused to offer Microsoft a license to the patents Motorola identified as essential to the 802.11 and H.264 standards on RAND terms and conditions. Instead, Motorola has demanded royalty payments that are wholly disproportionate to the royalty that the asserted patents should command under any reasonable calculus and have initiated three separate actions to, *inter alia*, enjoin Microsoft from practicing patents Motorola claims are essential.

Motorola's Statement:

In response to Microsoft's Statement of the Case, Motorola submits that Microsoft's breach of contract claims in this action ("the RAND action") are an ill-conceived attempt to avoid Microsoft's obligation to have negotiated with Motorola for an "essential" patent license, while also attempting to prevent Motorola from addressing Microsoft's underlying patent infringement. In essence, Microsoft has rejected the opportunity — and requirement — to

SUPPLEMENTAL JOINT STATUS REPORT - 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

negotiate RAND license terms with Motorola, even though such negotiations are what the standards bodies expect. Microsoft instead seeks to embroil this Court in an unprecedented RAND rate-making proceeding, in which the Court must attempt to divine RAND licensing terms in the absence of the bilateral negotiations contemplated by the standards bodies.

Consequently, Motorola asserts this complaint is procedurally and factually flawed, and should be dismissed with prejudice. It is an improper, anticipatory filing, which also seeks to preempt the patent infringement actions that Microsoft knew its refusal to negotiate would force Motorola to file. Thus, this anticipatory filing is not entitled to be rewarded as a "first filed" action, contrasted with Motorola's patent infringement action (the action transferred from Wisconsin).

To redress this improper complaint, Motorola has filed its Renewed Motion To Dismiss (ECF No. 57), noted on the motion calendar for April 1, 2011. This motion seeks to dismiss Microsoft's amended complaint in its entirety for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.

Like its original complaint, Microsoft's amended complaint relies solely on two letters sent by Motorola to Microsoft that offered to license Motorola's "essential" patents on RAND terms and proposed a royalty rate to be applied to relevant Microsoft products. The letters proposed no other terms — those terms were left for the parties to establish during the negotiations contemplated by the standards organizations and that Motorola anticipated would take place. Microsoft contends that these opening proposals were so unreasonable as to justify Microsoft's decision to sue Motorola rather than to engage in licensing negotiations. But the mere act of sending these offer letters cannot form the basis of a plausible, or ripe, cause of action.

Unlike its original complaint, Microsoft's amended complaint also relies on Motorola's patent infringement actions (referred to by Microsoft herein as the "Transferred Action"; the "700 Action"; and the "ITC Action"), that were brought *after* Microsoft commenced this

SUPPLEMENTAL JOINT STATUS REPORT - 5

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

action.  Those subsequently-filed Motorola actions cannot be a basis or justification for Microsoft's claims.  Rather than file this lawsuit, Microsoft should have responded to the offer letters and engaged in negotiations.  Instead, Microsoft — knowing that it was not willing to negotiate a license and fairly compensate Motorola for the use of Motorola's patents — rushed to the Courthouse with this premature, groundless action premised solely on Motorola's act of sending the two offer letters.  Microsoft's motivation for filing this unripe suit is transparent — use the judicial system to deny or delay compensation to Motorola for Microsoft's ongoing infringement, and to insure preemptively its own forum and action in which to litigate should Motorola elect to file patent infringement actions to redress Microsoft's repudiation of the RAND negotiation process.

Because Microsoft's response to Motorola's opening offer was to file suit, any contractual or other duty to negotiate a RAND license was extinguished.  Indeed, permitting Microsoft's claims to proceed in this Court would authorize premature suits against all holders of "essential" patents for supposed breach of contract after the holders merely offer to license their patents under terms to be subsequently negotiated.  It also would punish those patent holders for enforcing their rights after such license offers are repudiated, by depriving the patent owners of the choice of timing and forum for an enforcement action.

Thus, Microsoft's amended complaint should be dismissed for failure to state a claim, and because it seeks an advisory opinion on an alleged dispute that was not ripe for adjudication.  As for Microsoft's March 10 motion to dismiss Motorola's complaint in the Transferred Action, Motorola will oppose that motion, because the patent infringement claims brought by Motorola in that action are not compulsory counterclaims in this action, and because the amended complaint in this action was filed after the Transferred Action.  However, if the amended complaint in this action is not dismissed, then Motorola submits that discovery in this action should be coordinated with discovery in the Transferred Action.  Motorola

SUPPLEMENTAL JOINT STATUS REPORT - 6

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  submits that it is premature to decide whether and to what extent the actions should be
2  consolidated for trial.

3      2.    ADR Method:  The Parties believe that a party-appointed mediator as described
4  in Local Rule 39.1(b)(3) should be the initial method of alternative dispute resolution.  The
5  parties note that they are involved as parties in a number of other actions in this and other
6  forums, some of which also require the parties to participate in ADR proceedings.  In an action
7  pending in the Southern District of Florida, the parties have agreed to retain Edward Infante of
8  the San Francisco office of JAMS to mediate the disputes between the parties.  This mediation
9  is required to take place by August 2011.  Although the Florida action does not relate to the
10 subject matter of this case, the parties currently expect that this mediation will address all
11 disputes between the parties, including the disputes in this action.

12     3.    ADR Timing:  Because the mediation required by the Southern District of
13 Florida must take place before August 3, 2011, the parties currently expect the mediation
14 before Mr. Infante to take place in July, 2011.

15     4.    Deadline for Joining Additional Parties:  The Parties propose that any additional
16 parties be joined by no later than May 2, 2011.

17     5.    Discovery:

18     A.    The Parties conducted a FRCP 26(f) conference on January 12, 2011 and
19 served their initial disclosures on February 7, 2011.

20     B.    The subjects on which discovery may be needed and whether discovery
21 should be conducted in phases or be limited to or focused upon particular issues:

22     Microsoft's Position

23 Microsoft anticipates engaging in discovery to the full extent contemplated by the
24 Federal Rules of Civil Procedure relating to Motorola's efforts to license its allegedly
25 "necessary" or "essential" patents to Microsoft and other third parties on allegedly RAND

SUPPLEMENTAL JOINT STATUS REPORT - 7

terms pursuant to its obligations to the IEEE, ITU, and its members. Microsoft does not currently believe that discovery should be conducted in phases. However, Microsoft reserves the right to revisit this issue should the Court grant Microsoft's pending motion to dismiss the Transferred Action, and Motorola files its patent infringement claims as compulsory counterclaims in this action.

Microsoft further believes that the parties should be limited to 10 depositions and 25 written interrogatories each, as provided in FRCP 30 and FRCP 33. The issues involved in this action are straight-forward and primarily legal in nature, and there is currently no need to depart from the presumptive limits set forth in the Federal Rules of Civil Procedure. To the extent either party believes that additional depositions or interrogatories may be needed, that party may seek leave of the Court pursuant to Rule 26(b)(2)(A).

Motorola's Position

Motorola anticipates that determination of a RAND rate for Motorola's domestic and foreign 802.11 and H.264 portfolios, or a portion thereof, will be a complex task, and will require significant discovery from Microsoft and Motorola, and will likely also include discovery from many non-parties who have licensed or offered to license similar essential patents on RAND terms. Thus, discovery likely will be directed to, *inter alia*: (i) Motorola's and Microsoft's efforts to license necessary or essential patents to others on RAND terms pursuant to any obligations to the IEEE, ITU, and their members; (ii) competitive technologies at the time of the relevant standard setting events and today; (iii) licenses offered and/or granted by non-parties under the same intellectual property rights requirements or similar requirements of IEEE, ITU and other standards setting organizations; and (iv) the relative import of the patented features in the accused products.

If this action is not dismissed, and is coordinated with the Transferred Action, then the addition of three Motorola patents and two Microsoft patents to the case will require additional

SUPPLEMENTAL JOINT STATUS REPORT - 8

time and effort in discovery. In that event, the Court should instruct the parties to reconsider the scope of discovery.[1]

If this action is not dismissed, the parties should be permitted 20 depositions. If this action is not dismissed, and is coordinated with the Transferred Action (which includes claims based on five patents), the parties should be permitted 35 depositions and 50 interrogatories. As agreed to by the parties in the Transferred Action, if this action is dismissed, there is a limit of 40 interrogatories in the Transferred Action.

   C. What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed;

<u>Microsoft's Position</u>

As described above in Paragraph 5B.

<u>Motorola's Position</u>

As described above in Paragraph 5B.

   D. A statement of how discovery will be managed so as to minimize expense (e.g., by foregoing or limited depositions, exchanging documents informally, etc.):

<u>Microsoft's Position</u>

As described above in Paragraph 5B.

<u>Motorola's Position</u>

As described above in Paragraph 5B.

   E. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

---

[1] Motorola also notes that Microsoft has moved in the District Court for the Western District of Wisconsin for transfer to this District of yet another case between the parties: *Motorola Mobility, Inc. v. Microsoft Corporation*, Case No. 3:10-cv-826. That case involves assertions of infringement of five Motorola patents and five Microsoft patents, none of which is essential for any industry standard and none of which involves any RAND-related issues. However, if transfer is ordered, additional discovery coordination and scheduling issues will likely need to be addressed.

SUPPLEMENTAL JOINT STATUS REPORT - 9

The parties anticipate the need for a protective order to ensure adequate protections are in place governing disclosure of confidential and/or commercially sensitive materials.  Because of the pendency of other actions between the parties, the parties are attempting to develop a uniform Protective Order that can be entered in all of their actions.

6. <u>Date of Discovery Completion</u>:

<u>Microsoft's Position</u>

Microsoft anticipates that discovery can be completed by September 1, 2011. Microsoft proposes that the parties exchange opening expert reports, for issues on which they bear the burden of proof, on July 1, 2011, and exchange rebuttal expert reports on August 1, 2011.  Microsoft reserves the right to revisit this issue should the Court grant Microsoft's pending motion to dismiss the Transferred Action, and Motorola files its patent infringement claims as compulsory counterclaims in this action.

<u>Motorola's Position</u>

This is a novel action.  No Court has adjudicated a RAND licensing rate and, accordingly, there is no body of judicial law on which the parties can predicate discovery. Discovery in this action will plow new ground and likely will be complex.  Accordingly, if this action is not dismissed, Motorola anticipates that discovery can be completed by May 1, 2012. Motorola proposes that the parties exchange opening expert reports, for issues on which they bear the burden of proof, on March 1, 2012, and exchange rebuttal expert reports on April 2, 2012.  If this action is not dismissed, and is coordinated with the Transferred Action, Motorola anticipates that discovery can be completed by September 1, 2012, with opening expert reports due on June 10, 2012 and rebuttal reports due July 17, 2012.  As agreed to by the parties and ordered by the transferor Court, if this action is dismissed, discovery in the Transferred Action can be completed by February 24, 2012.

SUPPLEMENTAL JOINT STATUS REPORT - 10

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

   7.   <u>Magistrate Judge Referral</u>:  The Parties do not agree to referral of the case to a magistrate judge.

   8.   <u>Bifurcation</u>:

   Microsoft's Position

Microsoft's current belief is that this action does not lend itself to bifurcation, and submits that it would be more efficient for the Parties and the Court to proceed to trial on all issues.  However, Microsoft reserves the right to revisit this issue if the Court grants Microsoft's pending motion to dismiss the Transferred Action, and Motorola re-files its patent infringement claims as compulsory counterclaims in this action.

   Motorola's Position

Motorola agrees that this action does not now lend itself to bifurcation, but also respectfully reserves the right to revisit this issue if the circumstances change.

   9.   <u>Pretrial Statement/Orders</u>:  The Parties agree that Pre-Trial Statements and Orders called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1 should not be dispensed with in whole or in part.

   10.   <u>Suggestions for Case Simplification or Shortening</u>:

The Parties will work cooperatively to identify any opportunities to streamline the case, including exploring the possibility of stipulating to any undisputed facts.  Each Party will also consider whether any issues can be resolved prior to trial via the filing of dispositive motions.  In addition:

   Microsoft's Position

Microsoft believes that the development and presentation of the factual and legal issues relevant to this dispute should be relatively straight-forward.  Microsoft anticipates filing dispositive motions on at least the following two issues, which it expects could substantially narrow the issues for trial or obviate the need for trial entirely:

SUPPLEMENTAL JOINT STATUS REPORT - 11

(1) Whether Motorola was obligated to offer licenses to Microsoft for any of the patents they asserted were "essential" to the 802.11 WLAN wireless internet standard and the H.264 video compression standard on reasonable and non-discriminatory (RAND) terms and conditions; and

(2) Whether Motorola violated its RAND obligations by demanding that Microsoft pay a royalty of 2.25 percent per unit, based on the price of each end-product incorporating the allegedly "essential" patent.

Motorola's Position

Motorola believes that the development and presentation of factual and legal issues relevant to this dispute will plow new ground and accordingly are complex (indeed, have never been attempted by any court in the United States), so the discovery and trial burdens should not be minimized. Motorola expects to oppose any such motions filed by Microsoft.

11. Trial Readiness:

Microsoft's Position

If the Court grants Microsoft's motion to dismiss Motorola's complaint in the Transferred Case without prejudice to Motorola re-filing its claims for patent infringement as counterclaims in this Action and Motorola does so, Microsoft believes the case can be ready for trial by May 2012.

If the Court does not grant Microsoft's motion to dismiss, Microsoft believes the case can be ready for trial by January 2012.

Motorola's Position

If this action is not dismissed, Motorola believes the case can be ready for trial by September 2012. If this action is not dismissed, and if the Court at some point consolidates this action with the Transferred Action, Motorola believes the case can be ready for trial by January 2013. As agreed to by the parties and ordered by the transferor Court, if this action is

SUPPLEMENTAL JOINT STATUS REPORT - 12

1  dismissed, the Transferred Action can be ready for trial by May 2012 — or by June 2012, in

2  order to provide 120 days from the completion of discovery as contemplated by LCR 16(f).

3       12.    <u>Jury Trial</u>:  The Parties have not requested a jury trial.  Motorola has not yet

4  answered the complaint, and respectfully reserves its right to request a jury pursuant to Rule

5  38(b), Fed. R. Civ. P.

6       13.    <u>Trial Days</u>:

7      <u>Microsoft's Position</u>

8  If the Court grants Microsoft's motion to dismiss Motorola's complaint in the

9  Transferred Case without prejudice to Motorola re-filing its claims for patent infringement as

10  counterclaims in this Action and Motorola does so, Microsoft believes that the trial can be

11  completed in 8-10 days.

12  If the Court does not grant Microsoft's motion to dismiss, Microsoft believes that the

13  trial can be completed in 4-6 days.

14      <u>Motorola's Position</u>

15  Motorola believes that the trial can be completed in 8-10 days.

16       14.    <u>Name and address of all trial counsel</u>:

17      <u>For Microsoft Corporation</u>

18-23
Arthur W. Harrigan, Jr.
Christopher Wion
Shane P. Cramer
Danielson Harrigan Leyh & Tollefson LLP
999 Third Avenue, Suite 4400
Seattle, WA  98104
206-623-1700
arthurh@dhlt.com
chrisw@dhlt.com

24-25
T. Andrew Culbert
425-706-6921
andycu@microsoft.com
David E. Killough

SUPPLEMENTAL JOINT STATUS REPORT - 13

| | |
|---|---|
| 1 | 425-703-8865 |
| | davkill@microsoft.com |
| 2 | Microsoft Corp. |
| | One Microsoft Way |
| 3 | Redmond, WA  98052 |
| 4 | Brian R. Nester |
| | bnester@sidley.com |
| 5 | Kevin C. Wheeler |
| | kwheeler@sidley.com |
| 6 | Sidley Austin |
| | 1501 K Street NW |
| 7 | Washington DC  20005 |
| | 202-736-8017 |
| 8 | |
| 9 | David Pritikin |
| | dpritikin@sidley.com |
| 10 | Douglas I. Lewis |
| | dilewis@sidley.com |
| 11 | John W. McBride |
| | jwmcbride@sidley.com |
| 12 | Richard Cederoth |
| | rcederoth@sidley.com |
| 13 | Sidley Austin |
| | One South Dearborn |
| 14 | Chicago, IL  60603 |
| 15 | 312-853-7000 |
| 16 | For Motorola Defendants |
| 17 | Philip S. McCune |
| | philm@summitlaw.com |
| 18 | Lynn M. Engel |
| | lynne@summitlaw.com |
| 19 | Summit Law Group |
| 20 | 315 Fifth Ave. South, Suite 1000 |
| | Seattle, WA  98104-2682 |
| 21 | 206-676-7000 |
| | Fax:  206-676-7001 |
| 22 | |
| 23 | Jesse J. Jenner |
| | Jesse.jenner@ropesgray.com |
| 24 | Steven Pepe |
| | Steven.pepe@ropesgray.com |
| 25 | Ropes & Gray LLP |
| | 1211 Avenue of the Americas |

SUPPLEMENTAL JOINT STATUS REPORT - 14

```
1                    New York, NY  10036-8704
                     Phone:  212-596-9000
2
                     Norman H. Beamer
3                    Norman.beamer@ropesgray.com
                     Ropes & Gray LLP
4                    1900 University Avenue, 6th Floor
                     East Palo Alto, CA  94303-2284
5                    Phone:  650-617-4000

6                    Paul M. Schoenhard
                     Paul.schoenhard@ropesgray.com
7                    Ropes & Gray LLP
                     One Metro Center
8                    700 12th Street NW, Suite 900
                     Washington, DC  20005-3948
9                    Phone:  202-508-4650
```

15. <u>Service</u>:  Defendants have been duly served with the Complaint.

16. <u>Scheduling Conference</u>:  The Parties do not anticipate the need for a scheduling conference at this time, but reserve the right to request such a conference if and when the need arises.

SUPPLEMENTAL JOINT STATUS REPORT - 15

DATED this 14th day of March, 2011.

| DANIELSON HARRIGAN LEYH & TOLLEFSON LLP | SUMMIT LAW GROUP PLLC |
|---|---|
| By     /s/ Shane P. Cramer          <br>     Arthur W. Harrigan, Jr., WSBA #1751<br>     Christopher Wion, WSBA #33207<br>     Shane P. Cramer, WSBA #35099<br><br>T. Andrew Culbert, WSBA #35925<br>David E. Killough, WSBA #21119<br>MICROSOFT CORPORATION<br>1 Microsoft Way<br>Redmond, WA  98052<br>Phone:  425-882-8080<br>Fax:  425-869-1327<br><br>John W. McBride, *(pro hac vice)*<br>David T. Pritikin, *(pro hac vice)*<br>Richard A. Cederoth, *(pro hac vice)*<br>Douglas I. Lewis, *(pro hac vice)*<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL  60603<br>Phone:  312-853-7000<br>Fax:  312-853-7036<br><br>Brian R. Nester, *(pro hac vice)*<br>Kevin C. Wheeler, *(pro hac vice)*<br>SIDLEY AUSTIN LLP<br>1501 K Street NW<br>Washington, DC  20005<br>Telephone:  202-736-8000<br>Fax:  202-736-8711<br><br>**Counsel for Plaintiff Microsoft Corp.** | By /s/ Philip S. McCune<br>Philip S. McCune, WSBA #21081<br>Lynn M. Engel, WSBA #21934<br>*philm@summitlaw.com*<br>*lynne@summitlaw.com*<br><br>And by<br><br>Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>(212) 596-9046<br>*steven.pepe@ropesgray.com*<br>*jesse.jenner@ropesgray.com*<br><br>Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284<br>(650) 617-4030<br>*norman.beamer@ropesgray.com*<br><br>Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>(202) 508-4693<br>*Paul.schoenhard.@ropesgray.com*<br><br>**Attorneys for Defendants Motorola Solutions, Inc., and Motorola Mobility, Inc.** |

SUPPLEMENTAL JOINT STATUS REPORT - 16

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717