10-CV-01823-AF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| MICROSOFT CORPORATION, | No. C10-1823 JLR |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART MOTOROLA'S MOTIONS TO DISMISS, DENYING MICROSOFT'S MOTION TO DISMISS AND CONSOLIDATING CASE NO. C10-1823JLR AND C11-343JLR |
| MOTOROLA, INC., et al., | |
| Defendants. | |
| MOTOROLA MOBILITY, INC., et al. | |
| Plaintiffs | |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation (collectively, "Motorola") (Case No. C10-1823JLR, dkt. #57; Case No. C11-343JLR, dkt. #73), and Microsoft's motion to dismiss (Case No. C11-343JLR, dkt. #74). Microsoft moves the Court to dismiss Case No. C11-343 and to force Motorola to file counterclaims in Case No. C10-1823 under Fed. R. Civ. P. 13(a) and the first to file rule.

ORDER REGARDING MOTIONS TO DISMISS - 1

Having considered the memoranda, declarations, exhibits, oral argument, and the record herein, the Court GRANTS in part and DENIES in part Motorola's motions to dismiss (Case No. C10-1823, dkt. #57; Case No. C11-343, dkt. #73), and DENIES Microsoft's motion to dismiss (Case No. C11-343, dkt. #74).

## II.   FACTUAL BACKGROUND

In Case No. C10-1823JLR (the "contract case"), Microsoft filed suit on November 9, 2010 against Motorola alleging breach of contract, promissory estoppel, waiver, and declaratory judgment. Microsoft alleges that Motorola entered into an actual or implied contract with the Institute of Electrical and Electronics Engineers Standards Association ("IEEE-SA" or "IEEE") and the International Telecommunications Union ("ITU") for the benefit of their members and affiliates, including Microsoft. Microsoft alleges that Motorola breached its obligations to provide licenses to purported "essential" patents on reasonable and non-discriminatory ("RAND" or "FRAND") terms and conditions. Microsoft alleges that Motorola became bound to contractual commitments imposed by the Standards Determining Organizations ("SDOs") when (1) Motorola chose to take part in the standard setting process for certain wireless internet technology, known as 802.11 or WLAN, and video coding technology, known as H.264, and (2) Motorola declared that it owned patents that were essential or necessary to implement those standards. Microsoft alleges that those contractual commitments obligated Motorola to offer licenses to these patents on RAND terms to Microsoft and all other potential licensees. Microsoft alleges that Motorola breached, and continues to breach, its commitments by failing to offer RAND terms by conditioning licenses to these technologies on a discriminatory and unreasonable royalty. Microsoft alleges that it provided H.264 and WLAN technology capability in its Xbox, Windows 7 and Windows Phone 7 products. There are two portfolios of patents at issue in this case.

In Case No. C11-343 (the "patent infringement case"), which was filed on November 10, 2010 in the Western District of Wisconsin, Motorola Mobility, Inc. and General Instrument Corporation filed suit against Microsoft for patent infringement for Patents Nos. 7,310,374,

ORDER REGARDING MOTIONS TO DISMISS - 2

7,310,375, and 7,310,376 (Patents 374, 375, and 376, respectively) with respect to Microsoft's Windows and Internet Explorer products. Dkt. #29. Motorola's patent infringement case arises under patent laws of the United States, 35 U.S.C. §§ 101 et seq. On January 25, 2011, Microsoft filed an answer and counterclaim, in which it raises identical breach of contract claims as the contract case. On February 18, 2011, the Western District of Wisconsin transferred the case to this Court pursuant to 28 U.S.C. §1404. Case No. C11-343, dkt. #44.

Only three patents (374, 375, and 376) are at issue in both the contract case and the patent infringement case.

### III. STANDARD OF REVIEW
#### A. Fed. R. Civ. P. 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is inappropriate unless it appears beyond a doubt that plaintiff can prove no set of facts in support of the claim entitling him to relief. Livid Holdings, 416 F.3d at 946.

The Court generally may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, the Court may consider material properly submitted as part of the complaint, may consider documents whose contents are alleged in the complaint and whose authenticity is not

ORDER REGARDING MOTIONS TO DISMISS - 3

questioned, and may take judicial notice of matters of public record without converting the motion to dismiss to a motion for summary judgment.[1] Id.

### B. Fed. R. Civ. P. 12(b)(1)

"If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990). A motion to dismiss for lack of subject matter jurisdiction is brought pursuant to Fed. R. Civ. P. 12(b)(1). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal citations omitted). A claim is ripe for adjudication where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005).

## IV. ANALYSIS

### A. Motions to Dismiss pursuant to 12(b)(1) and 12(b)(6)

#### 1. Breach of Contract Claim

Microsoft alleges that Motorola "entered into express or implied contractual commitments with the IEEE-SA, the ITU-T, and their respective members and affiliates relating to the WLAN standard and H.264 technologies." Case No. C10-1823, dkt. #53 (Am. Compl.) ¶81; Case No. C11-343, dkt. #37 (Countercl.) ¶103. Microsoft also alleges that every third party, including itself, "that would potentially implement WLAN and H.264 technologies was an intended beneficiary of those contracts" and that Motorola was "contractually obligated to offer a license to any essential patents consistent with the applicable licensing commitments and the patent policy of the IEEE-SA Standards Board Bylaws and the ITU-T, respectively." Am. Compl. ¶¶82-83; Countercl. ¶¶104-105.

---

[1] Motorola has submitted numerous exhibits to contradict Microsoft's factual allegations and for varying other purposes. The Court has ignored these exhibits because they are improper and irrelevant at this stage of the pleadings. Dkt. #41 (Supp. Beamer Decl.), Exs. 1-8; dkt. #58 (3d Beamer Decl.), Exs. 7-8, 10-11; dkt. #63 (2d Supp. Beamer Decl.), Exs. 3-5.

ORDER REGARDING MOTIONS TO DISMISS - 4

Microsoft alleges that Motorola breached the agreement by failing to offer licenses to Microsoft on RAND terms and by initiating patent actions seeking improperly to enjoin or exclude Microsoft from using the technology of the SDO Patents in Suit. Am. Compl. ¶¶84-85; Countercl. ¶¶106-107. Microsoft alleges that Motorola's demand of fixed royalty payment based on the price of the end product is unreasonable and discriminatory because the components of the Xbox related to the essential patents is a small fraction of the entire device. Id. ¶¶64-72, 79; Countercl. ¶¶85-93, 101. Microsoft also alleges that it has suffered resulting damage. Am. Compl. ¶86-87; Countercl. ¶¶108-109.

These factual allegations are sufficient to state a claim for breach of contract. N.W. Indep. Forest Mfrs. v. Dep't of Labor & Indus., 78 Wn. App. 707, 712 (1995); see Research in Mot. Ltd. v. Motorola, Inc., 644 F. Supp. 2d 788, 797 (N.D. Tex. 2008) (breach of contract claim survived 12(b)(6) motion where plaintiff alleged that defendant had "refused to extend FRAND . . . licensing terms to [plaintiff] for any of [defendant's] purportedly essential patents . . . and has instead demanded of [plaintiff] terms that are unfair, unreasonable, and, on information and belief, discriminatory.").

Motorola attempts to insert a requirement that Microsoft negotiate the license terms prior to filing suit for breach of contract. During oral argument, Motorola argued that the IEEE and the ITU guidelines provide the legal basis for requiring negotiations. However, the guidelines provide no such requirement. There is no legal basis for Motorola's contention that Microsoft was required to negotiate the precise license terms prior to filing a breach of contract claim. Motorola also argues that the breach of contract claim should be dismissed because it seeks only an advisory opinion of what the terms of a RAND license would be. Dkt. #57 (Mot.) at 13; dkt. #62 (Reply) at 9. Motorola is mistaken. Microsoft seeks, among other things, a determination of whether the flat royalty rate on the price of the end product was unreasonable and discriminatory where the allegedly essential patent was only a small fraction of the device. Accordingly, these arguments are rejected.

ORDER REGARDING MOTIONS TO DISMISS - 5

a. <u>Microsoft's breach of contract claim is ripe for adjudication</u>

Motorola argues that Microsoft's claims in the amended complaint were "not ripe because the contractual obligations to which Microsoft claims beneficiary status are designed to benefit 'applicants' for licenses on RAND terms" and "because RAND License terms were intended to be determined through bilateral negotiations between involved parties." Dkt. #57 (Mot.) at 10-11. Again, Motorola has failed to provide any legal authority that requires negotiations as a precondition to a breach of contract claim based on RAND licensing commitments.

All that is required for a claim to be ripe is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Principal Life Ins., 394 F.3d at 669. As previously stated, Microsoft has properly pled a claim for breach of contract. Microsoft also alleges an immediate and certain injury because Motorola's alleged breaches injured Microsoft's "business or property, including damages associated with the cost of defending the improperly filed Motorola Patent Actions." Case No. C10-1823, dkt. #53 (Am. Compl.) ¶86; Case No. C11-343 dkt. #37 (Countercl.) ¶108. Microsoft also alleges that it is "threatened by imminent loss of profits, loss of customers and potential customers, and loss of goodwill and product image." Am. Compl. ¶87; Countercl. ¶109.

Accordingly, Microsoft's breach of contract claim is ripe for adjudication.

2. **Promissory Estoppel**

Motorola argues that Microsoft's promissory estoppel claim should be dismissed because Microsoft has alleged a valid contract, and promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract. Dkt. #57 at 15. At this early stage of the case, plaintiff may plead alternative causes of action, regardless of whether the claims are consistent. See Fed. R. Civ. P. 8(d)(2) & (3).

ORDER REGARDING MOTIONS TO DISMISS - 6

Under Washington law, there are five elements of a promissory estoppel claim: (1) a promise (2) that promisor should reasonably expect to cause the promisee to change his position, and (3) actually causes promisee to change position (4) justifiably relying on the promise (5) in such a manner that injustice can be avoided only by enforcing the promise. McCormick v. Lake Wash. Sch. Dist., 99 Wn. App. 107, 117 (1999).

Microsoft alleges that Motorola "made a clear and definite promise to potential licensees through their commitments to the IEEE and the ITU that they would license any essential patents under reasonable terms, and on a non-discriminatory basis." Case No. C10-1823, dkt. #53 (Am. Compl.) ¶89; Case No. C11-343 dkt. #37 (Countercl.) ¶111. Microsoft alleges that the intended purpose of Motorola's promises was to induce reliance and that Motorola "knew or should have reasonably expected that this promise would induce companies producing products in wireless networking and H.264 technologies, like Microsoft to develop products compliant with the relevant standards." Am. Compl. ¶90; Countercl. ¶112. Microsoft alleges that it "developed and marketed its products and services in reliance on [Motorola's] promises, as described above, including making their products and services compliant with WLAN technical standards and including H.264 technologies in various Microsoft product offerings." Am. Compl. ¶91; Countercl. ¶113. Finally, Microsoft alleges that it has been harmed as a result of its reasonable reliance on defendant's promises and is threatened by imminent loss of profits, customers, potential customers, goodwill, and product image. Am. Compl. ¶93; Countercl. ¶115.

These facts are sufficient to state a claim for promissory estoppel.

3. **Waiver**

Motorola argues that Microsoft's cause of action for waiver should be dismissed because waiver is not a cause of action, but a defense. Dkt. #57 (Mot.) at 16. Microsoft responds that Microsoft's waiver allegation is a predicate for a claim for injunctive relief. Dkt. #60 (Opp'n) at 20. During oral argument, Microsoft conceded that its waiver claim is part and parcel to its breach of contract and promissory estoppel claims. Microsoft has not cited, and

ORDER REGARDING MOTIONS TO DISMISS - 7

the Court is unaware of, any legal authority allowing waiver as a cause of action, or as a predicate to a claim for injunctive relief.

Accordingly, the Court dismisses Microsoft's waiver claim.

### 4. Declaratory Judgment

Motorola moves to dismiss this claim because it seeks the same relief as sought by Microsoft's other claims. Dkt. #57 (Mot.) at 16-17. Microsoft seeks declaratory judgment "that Defendants have not offered license terms to Microsoft conforming to applicable legal requirements." Case No. C10-1823, dkt. #53 (Am. Compl.) ¶102; Case No. C11-343 dkt. #37 (Countercl.) ¶124.

To maintain a claim under the Declaratory Judgment Act, "a plaintiff must establish standing by showing 'that there is a substantial controversy, between parties having adverse interest, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.'" Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 658 (9th Cir. 2002); see also Aydin Corp. v. Union of India, 940 F.2d 527, 529 (9th Cir. 1991). Requests for declaratory judgment orders that merely impose the remedies provided for in other claims are duplicative and may be dismissed on that basis. Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007). A declaratory judgment is "not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1044 (9th Cir. 1999).

Microsoft seeks the following judicial decrees: (1) "that Defendants are liable for breach of contract"; (2) "that Defendants are liable for promissory estoppel"; (3) "that defendants have not offered royalties to Microsoft under reasonable rates with reasonable terms and conditions that are demonstrably free of any unfair discrimination"; (4) "that Microsoft is entitled to license from Defendants any and all patents that fall within [Motorola's] commitments to the IEEE in relation to WLAN technology on a non-discriminatory basis on reasonable terms and conditions"; and (5) "that Microsoft is entitled to license from Defendants any and all patents that fall within [Motorola's] commitments to the ITU-T in relation to H.264 technology on a

ORDER REGARDING MOTIONS TO DISMISS - 8

non-discriminatory basis on reasonable terms and conditions." Am. Compl., Prayer for Relief ¶¶A-B, F-G; see Countercl., Prayer for Relief ¶¶J-K, O-Q. During oral argument, Microsoft conceded that the relief it was seeking is the consequence of the same ruling on its other claims, which is an injunction that requires Motorola to make a RAND offer.

Accordingly, the Court finds that Microsoft's declaratory judgment cause of action is duplicative of its other claims. In its breach of contract claim, Microsoft alleges that Motorola was "contractually obligated to offer a license to any essential patents consistent with the applicable licensing commitments and the patent policy of the IEEE-SA Standards Board Bylaws and the ITU-T" and that Motorola breached these contracts "by refusing to offer licenses to any essential patents (including the STO Patents in Suit) under reasonable rates, with reasonable terms, and on a non-discriminatory basis." Am. Compl. ¶¶ 83-84. Microsoft also alleges that Motorola is "not entitled to enjoin or exclude Microsoft from implementing the technology of the STO Litigated Patents." Id. ¶85. Microsoft seeks to "enjoin Defendants from further demanding excessive royalties from Microsoft that are not consistent with [Motorola's] obligations." Id., Prayer for Relief, ¶E.

Based on the duplication between Microsoft's declaratory judgment claim and its other claims, the Court dismisses Microsoft's declaratory judgment claim.

**B.      Microsoft's Motion to Dismiss with Leave for Motorola to File Counterclaims**

Microsoft seeks to dismiss Motorola's patent infringement case and to require Motorola to file its patent claims as compulsory counterclaims in Microsoft's contract case. Dkt. #74. Microsoft brings the motion pursuant to Fed. R. Civ. P. 13(a) and the first to file rule.

1.      <u>Compulsory Counterclaims</u>

A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). The Ninth Circuit applies the "logical relationship test" which "attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and

ORDER REGARDING MOTIONS TO DISMISS - 9

fairness dictate that the issues be resolved in one lawsuit." Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1249 (9th Cir. 1987).

Here, the subject matter of the two actions are distinct. In the contract case, Microsoft contends that Motorola breached an agreement that was entered into for the benefit of certain third parties, including Microsoft, by refusing to offer licenses to essential patents under reasonable rates, with reasonable terms, and on a non-discriminatory basis, and by filing several patent infringement actions which seek to enjoin Microsoft from implementing the relevant technology in Xbox, Windows 7 and Windows 7 Phone products. Case No. C10-1823, dkt. #53 (Am. Compl.) ¶¶61-69. The facts underlying the contract case relate to Motorola's dealings with SDOs and Motorola's licensing and enforcement practices. The claims in the contract case arise under state law. In contrast, in the patent infringement case, Motorola alleges that Microsoft infringed patents 374, 375, and 376 (which are three of the many patents at issue in the contract case) with respect to Microsoft's Windows and Internet Explorer products. Case No. C11-343, dkt. #29. Motorola's patent infringement case arises under patent laws of the United States, 35 U.S.C. §§ 101 et seq. Id. ¶7.

Additionally, in its original complaint in the contract case and its answer and counterclaim in the patent infringement case, Microsoft concedes that "Motorola's breach of its commitments does not depend on . . . whether Microsoft has infringed any valid Motorola patents." Case No. C10-1823, dkt. #1 (Compl.) ¶8; Case No. C11-343, dkt. #37 (Answer & Counter Claim) ¶29.

However, there will be some factual overlap between the two cases. As the Wisconsin District Judge Crabb noted, the result of the contract case could limit the damages available to Motorola in the patent infringement case if this Court determines that the royalty rate for licensing the 374, 375 and 376 patents were too high. Case No. C11-343, dkt. #44. Additionally, if the parties do not negotiate a RAND rate, this Court will need to issue a RAND rate to determine damages in both cases.

ORDER REGARDING MOTIONS TO DISMISS - 10

The Court finds that the essential facts are not so intertwined and logically connected that considerations of judicial economy and fairness dictate that the issues be resolved in one lawsuit. Nevertheless, the Court finds that these cases are appropriate for consolidation because the actions involve at least some common questions of law or fact, and the interests of judicial economy will be served by consolidation. Fed. R. Civ. P. 42(a).

### 2. First to File Rule

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been <u>filed in another district</u>." <u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 95 (9th Cir. 1982) (emphasis added). The Ninth Circuit has reasoned:

> Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action. However, this "first to file" rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration. . . . [T]he "first to file" rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly. Circumstances and modern judicial reality, however, may demand that we follow a different approach from time to time[.] The Supreme Court has emphasized that the solution of these problems involves determinations concerning wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, and that an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.

<u>Id.</u> (internal citations and quotations omitted).

Here, the patent infringement case was transferred from the Western District of Wisconsin to this Court. <u>See</u> Case No. C11-343, dkt. #44. Accordingly, both the contract case and the patent infringement case is currently pending in the same district and before the same judge. Under these circumstances, the first to file rule does not require dismissal of the patent infringement case.

1  Rather, as previously stated, consolidation of the contract case and the patent
2  infringement case pursuant to Fed. R. Civ. P. 42(a), and coordination of the case schedules will
3  conserve judicial resources and avoid unnecessary cost or delay.

## V. CONCLUSION

The Court GRANTS in part and DENIES in part Motorola's motions to dismiss. Case No. C10-1823, dkt. #57; Case No. C11-343, dkt. #73. The Court also DENIES Microsoft's motion to dismiss the patent infringement case. Case No. C11-343, dkt. #74. The Court further ORDERS that the cases be consolidated into Case No. C10-1823 pursuant to Fed. R. Civ. P. 42(a) for all purposes. The briefing schedule set forth in Case No. C10-1823 shall apply to all issues. All documents hereafter filed in these cases shall be filed and docketed under Case No. C10-1823. No further documents shall be filed in Case No. C11-343. The Court invites the parties to file a proposed protocol for coordinating the handling of both cases. The Clerk of the Court is requested to file a copy of this Order in both cases and to close Case No. C11-343.

DATED this 31st day of May, 2011.

James L. Robart
United States District Judge