HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  MICROSOFT CORPORATION,

                        Plaintiff,

11

          v.

12

      MOTOROLA, INC., et al.,

13

                        Defendants.

14

15  MOTOROLA MOBILITY, INC., et al.,

                        Plaintiffs,

16

17        v.

18  MICROSOFT CORPORATION,

19                      Defendant.

No. C10-1823-JLR

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS

**NOTED:  Friday, July 29, 2011**

20
## I.  INTRODUCTION AND RELIEF REQUESTED

21        Microsoft Corporation ("Microsoft") moves to dismiss the RAND-based counterclaims

22  asserted by Motorola Mobility, Inc., Motorola Solutions, Inc. (f/k/a Motorola, Inc.), and

23  General Instrument Corporation's (collectively, "Motorola"), in which Motorola seeks

24  declaratory judgments that (1) Motorola has not breached its RAND obligations and (2)

25

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 1

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  Microsoft has repudiated and/or rejected the benefits of Motorola's RAND commitments.[1]

2  These counterclaims are redundant of claims that were at issue on Microsoft's claims before

3  the counterclaims were filed.  They raise issues and facts identical to those raised by

4  Microsoft's RAND-based claims and Motorola's affirmative defenses to those claims, and seek

5  no unique relief.  These declaratory judgment claims add nothing new to this lawsuit, but

6  simply complicate the management and procedural posture of this consolidated action.

7  Microsoft respectfully requests that the Court dismiss Motorola's RAND-based

8  counterclaims.[2]

9  ## II.  STATEMENT OF FACTS

10      By way of background, the parties previously filed motions to dismiss that resulted in

11  the Court's June 1, 2011 Order consolidating Microsoft's action against Motorola (originally

12  captioned 2:10-cv-1823-JLR ("Microsoft's Action")) and Motorola's action against Microsoft

13  for patent infringement (originally captioned 2:11-cv-343-JLR ("Motorola's Action")) under

14  this cause number.[3]

15      In its June 1, 2011 Order, the Court also dismissed Microsoft's claim for a declaratory

16  judgment that Motorola failed to satisfy its RAND obligations, finding that this claim was

17  "duplicative of its other claims."[4]  Motorola's RAND-based counterclaims in both Microsoft's

18  and Motorola's Actions likewise mirror the relief Microsoft seeks in its affirmative RAND-

19  based claims, as described below.

20  ---

[1] Motorola Mobility Inc. and General Instrument Corp.'s Answer, Defenses, and Counterclaims to Microsoft
21  Corporation's Counterclaims originally filed in 3:10-CV-699 (W.D. Wis.) ("Motorola Action Counterclaims")
(ECF No. 67), at pp. 20, 35; Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended and
Supplemental Complaint ("Microsoft Action Counterclaims") (ECF No. 68), pp. 30-31.

22  [2] Microsoft is not moving to dismiss Motorola's patent-related counterclaims (*See* ECF No. 67, at pp. 19-20).
Microsoft will reply to those counterclaims after the Court rules on Microsoft's present motion.  *See Torres v.*
23  *Goddard*, No. 06-2482-PHX-SMM, 2007 U.S. Dist. LEXIS 2341, at **3-5 (D. Ariz. Jan. 10, 2007); 5B Charles
A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1346 (3d ed. 2004).

24  [3] Order Granting in Part and Denying in Part Motorola's Motions to Dismiss, Denying Microsoft's Motion to
25  Dismiss and Consolidating Case No. C10-1823JLR and C11-343JLR (ECF No. 66).

[4] *Id.*, at p. 9.

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 2

A.     **RAND-Based Claims/Counterclaims Asserted in Microsoft's Action.**

In Microsoft's Action the parties have asserted the following claims and counterclaims regarding Motorola's contractual obligation to offer Microsoft a license, on reasonable and non-discriminatory ("RAND") terms and conditions, to Motorola's patents alleged to be essential to implementing the 802.11 and H.264 standards:

1.     *Microsoft's Claims:*  In its Amended and Supplemental Complaint, Microsoft alleges that Motorola (1) breached its contracts with the Institute of Electrical and Electronics Engineers ("IEEE"), International Telecommunications Union ("ITU"), and Microsoft by refusing to offer licenses to Microsoft on RAND terms and conditions, and (2) is estopped from reneging on its promises to offer licenses on RAND terms and conditions to Microsoft and other parties implementing the relevant standards.[5]

Microsoft asks that the Court (a) find Motorola liable for breach of contract and promissory estoppel, (b) enjoin Motorola from demanding excessive royalties and from enforcing or seeking to enforce patent infringement claims in Motorola's Action (or elsewhere) that are inconsistent with Motorola's RAND obligations, (c) decree that Motorola has not offered a license to Microsoft on RAND terms, and (d) decree that Microsoft is entitled to licenses from Motorola on RAND terms.[6]

2.     *Motorola's Counterclaims:*  Motorola asserts counterclaims in Microsoft's Action alleging that (1) Motorola has met its RAND obligations, and (2) by repudiation, Microsoft lost its rights under Motorola's RAND undertakings.[7]  Motorola also asserted "Forfeiture/Repudiation" as an affirmative defense, predicated on these same facts and arguments.[8]

---

[5] Amended and Supplemental Complaint (ECF No. 53), at pp. 21-22.

[6] *Id.*, at pp. 24-25.

[7] Microsoft Action Counterclaim, (ECF No. 68), at pp. 30-31.

[8] *Id.*, at pp. 13-14.

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 3

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1   Motorola's RAND-based counterclaims request that the Court declare that (a) Motorola

2   has complied with its RAND obligations, and (b) through repudiation, Microsoft has lost any

3   right to a RAND license under Motorola's 802.11 and H.264 essential patents and Motorola

4   has the right to seek an injunction.[9]

5   **B.      RAND-Based Claims/Counterclaims Asserted in Motorola's Action.**

6   The parties raised the identical issues in Motorola's Action.  Motorola has alleged that

7   Microsoft infringed three Motorola patents related to the H.264 standard.[10]  Microsoft

8   counterclaimed that Motorola breached its contractual commitment to offer Microsoft a license

9   to Motorola's "essential" H.264 Standard-related patents, and seeks the same relief as in

10  Microsoft's Action.[11]  In response, Motorola asserted the exact same affirmative defenses and

11  counterclaims to Microsoft's counterclaims that Motorola asserted as affirmative defenses and

12  counterclaims in Microsoft's Action.[12]

13  The Court should dismiss Motorola's RAND-based counterclaims.  They do not create

14  new issues or raise fact questions not already in the case.

15  ### III.  LEGAL ARGUMENT

16  **A.      The Legal Standard.**

17  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a party's counterclaim

18  "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

19  plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atl. Corp. v.*

20  *Twombly*, 550 U.S. 544, 570 (2007).  Facial plausibility exists "when the [counter]plaintiff

21

22

_____

23  [9] *Id.*, at p. 34.

24  [10] First Amended Complaint for Patent Infringement in the Motorola Action (ECF No. 29), at pp. 4-9.

     [11] *See* Microsoft's Motorola Action Counterclaim (ECF No. 37), at pp. 32-33, 36-37.

25  [12] *Compare* Motorola's Motorola Action Counterclaim (ECF No. 67) and Motorola's Microsoft Action
     Counterclaim (ECF No. 68).

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    pleads factual content that allows the court to draw the reasonable inference that the

2    [counter]defendant is liable for the misconduct alleged." *Id.*

3          In order to state a plausible counterclaim for declaratory relief, however, courts

4    routinely require that the allegations and causes of action in the counterclaim do more than

5    simply present a mirror-image of the claims and relief sought in the plaintiff's complaint and

6    the defenses raised to those claims. *E.g., Englewood Lending Inc. v. G&G Coachella*

7    *Investments, LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (dismissing defendant's

8    counterclaims for declaratory relief as superfluous and unnecessary where they overlapped

9    with plaintiff's claims and defendant's affirmative defenses); *Richmond v. Centurion Exteriors,*

10    *Inc.*, No. 3:10-0734, 2010 U.S. Dist. LEXIS 107054 (M.D. Tenn. Oct. 6, 2010) (dismissing

11    defendant's counterclaims that raised factual and legal issues identical to those stated in the

12    complaint and defendant's affirmative defenses, and that would be rendered moot upon

13    adjudication of the existing claims and defenses); *United States v. Zanfei*, 353 F. Supp. 2d 962,

14    965 (N.D. Ill. 2005) (recognizing that "[t]he Court's imposition of a declaratory judgment in

15    this matter would be futile because [the defendant's] counterclaim is repetitious and

16    unnecessary: it merely restates an issue already before this Court."); *Green Bay Packaging,*

17    *Inc. v. Hoganson & Assoc., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973) (dismissing portions of

18    defendant's counterclaims for declaratory judgment because they "merely restate[d] an issue

19    already before this Court" and because "[i]t is well settled that such repetitious and

20    unnecessary pleadings should be stricken"); *but see Ultimate Timing, L.L.C. v. Sims,* 08-cv-

21    1632, 2009 U.S. Dist. LEXIS 59576 (W.D. Wash. June 26, 2009) (Pechman, J.) (declining to

22    determine whether counterclaims were duplicative and denying motion to dismiss under Rule

23    12(b)(6)).

24          "The purpose of the Declaratory Judgment Act is 'to relieve potential defendants from

25    the Damoclean threat of impending litigation which a harassing adversary might brandish,

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700    FAX (206) 623-8717

1   while initiating suit at his leisure – or never.'" *Hal Roach Studios, Inc. v. Richard Feiner &*

2   *Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990), *citing Societe de Conditionnement v. Hunter*

3   *Engineering Co.*, 655 F.2d 938, 943 (9th Cir. 1981). "Declaratory relief [under 28 U.S.C. §

4   2201] is available at the discretion of the district court." *Chesebrough-Pond's, Inc. v. Faberge,*

5   *Inc.*, 666 F.2d 393, 396 (9th Cir. 1982). Thus,

6   > If a district court, in the sound exercise of its judgment, determines after a
7   > [counterclaim] is filed that a declaratory judgment will serve no useful purpose,
     > it cannot be incumbent upon that court to proceed to the merits before staying or
8   > dismissing the action. In the declaratory judgment context, the normal principle
     > that federal courts should adjudicate claims within their jurisdiction yields to
9   > considerations of practicality and wise judicial administration.

10  *Zanfei*, 353 F. Supp. 2d at 964, *citing Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct.

11  2137 (1995).

12      In *McGraw-Edison Co. v. Performed Line Prod. Co.*, 362 F.2d 339, 342 (9th Cir. 1966),

13  the Ninth Circuit recognized that counterclaims for declaratory judgment are appropriate in

14  two circumstances:

15  > (1) when the judgment will serve a useful purpose in clarifying and settling the
     > legal relations in issue, and (2) when it will terminate and afford relief from the
16  > uncertainty, insecurity, and controversy giving rise to the proceeding.

17  *Id.* The court also recognized that:

18  > It is well settled, however, that a declaratory judgment may be refused where it
     > would serve no useful purpose or would not finally determine the rights of the
19  > parties <u>or where it is being sought merely to determine issues which are</u>
     > <u>involved in a case already pending and can be properly disposed of therein.</u>
20

21  *Id.*, at 343, *citing Yellow Cab Co. v. City of Chicago*, 186 F.2d 946, 950-951 (7th Cir. 1951)

22  (emphasis supplied).

23  **B.**   **Motorola's RAND-Based Counterclaims for Declaratory Judgment Should Be**
           **Dismissed As Redundant.**
24
        The situation created by Motorola's counterclaims is identical to that in which courts

25  have regularly dismissed redundant and unnecessary claims for declaratory relief. At their

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 6

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1   heart, all Motorola's counterclaims request is that the Court analyze the same issues raised by

2   Microsoft's claims and then <u>not</u> grant Microsoft the relief it seeks.  For instance, Motorola's

3   first RAND-based counterclaim seeks a declaration that Motorola has not breached any RAND

4   obligations.[13]  This claim mirrors exactly Microsoft's request that the Court find that Motorola

5   <u>has</u> breached its RAND obligations.

6          Motorola's second RAND-based counterclaim asks the Court to declare that Microsoft

7   has repudiated and/or rejected any benefit to which it was entitled under Motorola's RAND

8   obligations, that Microsoft is not entitled to a RAND royalty, and declare that Motorola has a

9   right to seek injunctive relief.[14]  This claim is a mirror image of Microsoft's claim that it is

10  entitled to a RAND royalty and that Motorola is not entitled to seek injunctive relief.  It is also

11  duplicative of Motorola's "Forfeiture/Repudiation" affirmative defense.[15]

12         These counterclaims raise issues of law and/or fact that will be decided in resolving

13  Microsoft's claims for breach of contract and promissory estoppel and Motorola's defenses to

14  those claims.  These issues – including all of Motorola's defenses – will be decided regardless

15  of whether Motorola's redundant counterclaims are dismissed.

16         The Court has already recognized the overlap between the parties' claims for

17  declaratory relief and Microsoft's claims for injunctive relief.  In its motion to dismiss,

18  Motorola argued that Microsoft's fourth cause of action – which sought a declaratory judgment

19  that Motorola had not complied with its RAND obligations –should be dismissed because it

20  simply duplicated Microsoft's breach of contract claim.[16]  The Court ruled in Motorola's favor

21

22  [13] Motorola's Motorola Action Counterclaim (ECF No. 67), at ¶80, p. 38; Motorola's Microsoft Action
    Counterclaim (ECF No. 68), at ¶31, p. 34.

23  [14] Motorola's Motorola Action Counterclaim (ECF No. 67), at ¶¶88-89, p. 39; Motorola's Microsoft Action
    Counterclaim (ECF No. 68), at ¶¶73-74, p. 34.
24
    [15] Motorola's Motorola Action Counterclaim (ECF No. 67), at p. 16; Motorola's Microsoft Action Counterclaim
25  (ECF No. 68), at p. 13.

    [16] Motorola's Renewed Motion to Dismiss (ECF No. 53), at pp. 16-17.

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 7

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1  and dismissed Microsoft's claim for declaratory judgment, finding that Microsoft's declaratory

2  judgment claim was "duplicative of its other claims."[17]  Based on the same logic, Motorola's

3  claims for declaratory judgments, which request that the Court weigh the same issues and then

4  declare the opposite of what Microsoft requested, are also duplicative of claims that are already

5  in the case and are therefore unnecessary.

6      It will unnecessarily complicate the proceedings for Motorola to maintain

7  counterclaims in this consolidated case that are repetitive and that add nothing to the litigation.

8  As the Ninth Circuit recognized in *McGraw-Edison*, "a declaratory judgment may be refused

9  where it … is being sought merely to determine issues which are involved in a case already

10 pending and can be properly disposed of therein."  362 F.2d at 343.  That is exactly the case

11 here.  There is no "Damoclean sword" hanging over Motorola, and no need for Motorola's

12 RAND-based counterclaims for declaratory judgments to remain in these cases.  They add

13 nothing and should be dismissed.

### IV.  CONCLUSION

15     Motorola's RAND-based counterclaims are mirror images of Microsoft's claims and

16 add nothing new to this litigation.  All of the issues raised by Motorola's claims will be

17 determined by the Court in ruling on Microsoft's affirmative claims, and have also been raised

18 by Motorola as affirmative defenses to Microsoft's claims.  For these reasons, and because

19 dismissal would best serve considerations of practicality and wise judicial administration,

20 Microsoft respectfully requests that the Court dismiss Motorola's RAND-based counterclaims.

21 //

22 //

23 //

24 //

25

[17] Order (ECF No. 66), at p. 9.

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 8

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1    DATED this 5th day of July, 2011.

2                    DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

3
                    By
4                       Arthur W. Harrigan, Jr., WSBA #1751
5                       Christopher Wion, WSBA #33207
                        Shane P. Cramer, WSBA #35099
6
                        T. Andrew Culbert, WSBA #35925
7                       David E. Killough, WSBA #40185
                        MICROSOFT CORPORATION
8                       1 Microsoft Way
                        Redmond, WA 98052
9                       Phone: 425-882-8080
                        Fax: 425-869-1327
10
                        David T. Pritikin, *Pro Hac Vice*
11                      Richard A. Cederoth, *Pro Hac Vice*
                        Douglas I. Lewis, *Pro Hac Vice*
12                      John W. McBride, *Pro Hac Vice*
                        SIDLEY AUSTIN LLP
13                      One South Dearborn
                        Chicago, IL 60603
14                      Phone: 312-853-7000
                        Fax: 312-853-7036
15
16                      Brian R. Nester, *Pro Hac Vice*
                        Kevin C. Wheeler, *Pro Hac Vice*
17                      SIDLEY AUSTIN LLP
                        1501 K Street NW
18                      Washington, DC 20005
                        Telephone: 202-736-8000
19                      Fax: 202-736-8711

20
                        Counsel for Microsoft Corporation
21

22

23

24

25

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 9

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2011, I electronically filed the foregoing document with the Clerk of the Curt using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Motorola Mobility and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

_____
LINDA BLEDSOE

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717