HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., et al.,<br><br>Defendants. | No. C10-1823-JLR<br><br>MICROSOFT'S MOTION TO DISMISS MOTOROLA'S "RAND"-BASED COUNTERCLAIMS<br><br>**NOTED: Friday, July 29, 2011** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | |

## I. INTRODUCTION AND RELIEF REQUESTED

Microsoft Corporation ("Microsoft") moves to dismiss the RAND-based counterclaims asserted by Motorola Mobility, Inc., Motorola Solutions, Inc. (f/k/a Motorola, Inc.), and General Instrument Corporation's (collectively, "Motorola"), in which Motorola seeks declaratory judgments that (1) Motorola has not breached its RAND obligations and (2)

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 1

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Microsoft has repudiated and/or rejected the benefits of Motorola's RAND commitments.[1] These counterclaims are redundant of claims that were at issue on Microsoft's claims before the counterclaims were filed. They raise issues and facts identical to those raised by Microsoft's RAND-based claims and Motorola's affirmative defenses to those claims, and seek no unique relief. These declaratory judgment claims add nothing new to this lawsuit, but simply complicate the management and procedural posture of this consolidated action. Microsoft respectfully requests that the Court dismiss Motorola's RAND-based counterclaims.[2]

## II. STATEMENT OF FACTS

By way of background, the parties previously filed motions to dismiss that resulted in the Court's June 1, 2011 Order consolidating Microsoft's action against Motorola (originally captioned 2:10-cv-1823-JLR ("Microsoft's Action")) and Motorola's action against Microsoft for patent infringement (originally captioned 2:11-cv-343-JLR ("Motorola's Action")) under this cause number.[3]

In its June 1, 2011 Order, the Court also dismissed Microsoft's claim for a declaratory judgment that Motorola failed to satisfy its RAND obligations, finding that this claim was "duplicative of its other claims."[4] Motorola's RAND-based counterclaims in both Microsoft's and Motorola's Actions likewise mirror the relief Microsoft seeks in its affirmative RAND-based claims, as described below.

---

[1] Motorola Mobility Inc. and General Instrument Corp.'s Answer, Defenses, and Counterclaims to Microsoft Corporation's Counterclaims originally filed in 3:10-CV-699 (W.D. Wis.) ("Motorola Action Counterclaims") (ECF No. 67), at pp. 20, 35; Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended and Supplemental Complaint ("Microsoft Action Counterclaims") (ECF No. 68), pp. 30-31.

[2] Microsoft is not moving to dismiss Motorola's patent-related counterclaims (*See* ECF No. 67, at pp. 19-20). Microsoft will reply to those counterclaims after the Court rules on Microsoft's present motion. *See Torres v. Goddard*, No. 06-2482-PHX-SMM, 2007 U.S. Dist. LEXIS 2341, at **3-5 (D. Ariz. Jan. 10, 2007); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1346 (3d ed. 2004).

[3] Order Granting in Part and Denying in Part Motorola's Motions to Dismiss, Denying Microsoft's Motion to Dismiss and Consolidating Case No. C10-1823JLR and C11-343JLR (ECF No. 66).

[4] *Id.*, at p. 9.

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 2

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

### A. RAND-Based Claims/Counterclaims Asserted in Microsoft's Action.

In Microsoft's Action the parties have asserted the following claims and counterclaims regarding Motorola's contractual obligation to offer Microsoft a license, on reasonable and non-discriminatory ("RAND") terms and conditions, to Motorola's patents alleged to be essential to implementing the 802.11 and H.264 standards:

1. *Microsoft's Claims:* In its Amended and Supplemental Complaint, Microsoft alleges that Motorola (1) breached its contracts with the Institute of Electrical and Electronics Engineers ("IEEE"), International Telecommunications Union ("ITU"), and Microsoft by refusing to offer licenses to Microsoft on RAND terms and conditions, and (2) is estopped from reneging on its promises to offer licenses on RAND terms and conditions to Microsoft and other parties implementing the relevant standards.[5]

Microsoft asks that the Court (a) find Motorola liable for breach of contract and promissory estoppel, (b) enjoin Motorola from demanding excessive royalties and from enforcing or seeking to enforce patent infringement claims in Motorola's Action (or elsewhere) that are inconsistent with Motorola's RAND obligations, (c) decree that Motorola has not offered a license to Microsoft on RAND terms, and (d) decree that Microsoft is entitled to licenses from Motorola on RAND terms.[6]

2. *Motorola's Counterclaims:* Motorola asserts counterclaims in Microsoft's Action alleging that (1) Motorola has met its RAND obligations, and (2) by repudiation, Microsoft lost its rights under Motorola's RAND undertakings.[7] Motorola also asserted "Forfeiture/Repudiation" as an affirmative defense, predicated on these same facts and arguments.[8]

---

[5] Amended and Supplemental Complaint (ECF No. 53), at pp. 21-22.

[6] *Id.*, at pp. 24-25.

[7] Microsoft Action Counterclaim, (ECF No. 68), at pp. 30-31.

[8] *Id.*, at pp. 13-14.

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 3

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700  FAX. (206) 623-8717

1　　Motorola's RAND-based counterclaims request that the Court declare that (a) Motorola
2　has complied with its RAND obligations, and (b) through repudiation, Microsoft has lost any
3　right to a RAND license under Motorola's 802.11 and H.264 essential patents and Motorola
4　has the right to seek an injunction.[9]

**B.　RAND-Based Claims/Counterclaims Asserted in Motorola's Action.**

　　The parties raised the identical issues in Motorola's Action. Motorola has alleged that Microsoft infringed three Motorola patents related to the H.264 standard.[10] Microsoft counterclaimed that Motorola breached its contractual commitment to offer Microsoft a license to Motorola's "essential" H.264 Standard-related patents, and seeks the same relief as in Microsoft's Action.[11] In response, Motorola asserted the exact same affirmative defenses and counterclaims to Microsoft's counterclaims that Motorola asserted as affirmative defenses and counterclaims in Microsoft's Action.[12]

　　The Court should dismiss Motorola's RAND-based counterclaims. They do not create new issues or raise fact questions not already in the case.

### III. LEGAL ARGUMENT

**A.　The Legal Standard.**

　　To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a party's counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the [counter]plaintiff

---

[9] *Id.*, at p. 34.

[10] First Amended Complaint for Patent Infringement in the Motorola Action (ECF No. 29), at pp. 4-9.

[11] *See* Microsoft's Motorola Action Counterclaim (ECF No. 37), at pp. 32-33, 36-37.

[12] *Compare* Motorola's Motorola Action Counterclaim (ECF No. 67) and Motorola's Microsoft Action Counterclaim (ECF No. 68).

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700　FAX. (206) 623-8717

pleads factual content that allows the court to draw the reasonable inference that the [counter]defendant is liable for the misconduct alleged." *Id.*

In order to state a plausible counterclaim for declaratory relief, however, courts routinely require that the allegations and causes of action in the counterclaim do more than simply present a mirror-image of the claims and relief sought in the plaintiff's complaint and the defenses raised to those claims. *E.g., Englewood Lending Inc. v. G&G Coachella Investments, LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (dismissing defendant's counterclaims for declaratory relief as superfluous and unnecessary where they overlapped with plaintiff's claims and defendant's affirmative defenses); *Richmond v. Centurion Exteriors, Inc.*, No. 3:10-0734, 2010 U.S. Dist. LEXIS 107054 (M.D. Tenn. Oct. 6, 2010) (dismissing defendant's counterclaims that raised factual and legal issues identical to those stated in the complaint and defendant's affirmative defenses, and that would be rendered moot upon adjudication of the existing claims and defenses); *United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) (recognizing that "[t]he Court's imposition of a declaratory judgment in this matter would be futile because [the defendant's] counterclaim is repetitious and unnecessary: it merely restates an issue already before this Court."); *Green Bay Packaging, Inc. v. Hoganson & Assoc., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973) (dismissing portions of defendant's counterclaims for declaratory judgment because they "merely restate[d] an issue already before this Court" and because "[i]t is well settled that such repetitious and unnecessary pleadings should be stricken"); *but see Ultimate Timing, L.L.C. v. Sims*, 08-cv-1632, 2009 U.S. Dist. LEXIS 59576 (W.D. Wash. June 26, 2009) (Pechman, J.) (declining to determine whether counterclaims were duplicative and denying motion to dismiss under Rule 12(b)(6)).

"The purpose of the Declaratory Judgment Act is 'to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish,

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1  while initiating suit at his leisure – or never.'" *Hal Roach Studios, Inc. v. Richard Feiner &*

2  *Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990), *citing Societe de Conditionnement v. Hunter*

3  *Engineering Co.*, 655 F.2d 938, 943 (9th Cir. 1981). "Declaratory relief [under 28 U.S.C. §

4  2201] is available at the discretion of the district court." *Chesebrough-Pond's, Inc. v. Faberge,*

5  *Inc.*, 666 F.2d 393, 396 (9th Cir. 1982). Thus,

> If a district court, in the sound exercise of its judgment, determines after a
> [counterclaim] is filed that a declaratory judgment will serve no useful purpose,
> it cannot be incumbent upon that court to proceed to the merits before staying or
> dismissing the action. In the declaratory judgment context, the normal principle
> that federal courts should adjudicate claims within their jurisdiction yields to
> considerations of practicality and wise judicial administration.

*Zanfei*, 353 F. Supp. 2d at 964, *citing Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137 (1995).

In *McGraw-Edison Co. v. Performed Line Prod. Co.*, 362 F.2d 339, 342 (9th Cir. 1966), the Ninth Circuit recognized that counterclaims for declaratory judgment are appropriate in two circumstances:

> (1) when the judgment will serve a useful purpose in clarifying and settling the
> legal relations in issue, and (2) when it will terminate and afford relief from the
> uncertainty, insecurity, and controversy giving rise to the proceeding.

*Id.* The court also recognized that:

> It is well settled, however, that a declaratory judgment may be refused where it
> would serve no useful purpose or would not finally determine the rights of the
> parties <u>or where it is being sought merely to determine issues which are
> involved in a case already pending and can be properly disposed of therein</u>.

*Id.*, at 343, *citing Yellow Cab Co. v. City of Chicago*, 186 F.2d 946, 950-951 (7th Cir. 1951) (emphasis supplied).

**B.    Motorola's RAND-Based Counterclaims for Declaratory Judgment Should Be Dismissed As Redundant.**

The situation created by Motorola's counterclaims is identical to that in which courts have regularly dismissed redundant and unnecessary claims for declaratory relief. At their

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 6

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

heart, all Motorola's counterclaims request is that the Court analyze the same issues raised by Microsoft's claims and then not grant Microsoft the relief it seeks. For instance, Motorola's first RAND-based counterclaim seeks a declaration that Motorola has not breached any RAND obligations.[13] This claim mirrors exactly Microsoft's request that the Court find that Motorola has breached its RAND obligations.

Motorola's second RAND-based counterclaim asks the Court to declare that Microsoft has repudiated and/or rejected any benefit to which it was entitled under Motorola's RAND obligations, that Microsoft is not entitled to a RAND royalty, and declare that Motorola has a right to seek injunctive relief.[14] This claim is a mirror image of Microsoft's claim that it is entitled to a RAND royalty and that Motorola is not entitled to seek injunctive relief. It is also duplicative of Motorola's "Forfeiture/Repudiation" affirmative defense.[15]

These counterclaims raise issues of law and/or fact that will be decided in resolving Microsoft's claims for breach of contract and promissory estoppel and Motorola's defenses to those claims. These issues – including all of Motorola's defenses – will be decided regardless of whether Motorola's redundant counterclaims are dismissed.

The Court has already recognized the overlap between the parties' claims for declaratory relief and Microsoft's claims for injunctive relief. In its motion to dismiss, Motorola argued that Microsoft's fourth cause of action – which sought a declaratory judgment that Motorola had not complied with its RAND obligations – should be dismissed because it simply duplicated Microsoft's breach of contract claim.[16] The Court ruled in Motorola's favor

---

[13] Motorola's Motorola Action Counterclaim (ECF No. 67), at ¶80, p. 38; Motorola's Microsoft Action Counterclaim (ECF No. 68), at ¶31, p. 34.

[14] Motorola's Motorola Action Counterclaim (ECF No. 67), at ¶¶88-89, p. 39; Motorola's Microsoft Action Counterclaim (ECF No. 68), at ¶¶73-74, p. 34.

[15] Motorola's Motorola Action Counterclaim (ECF No. 67), at p. 16; Motorola's Microsoft Action Counterclaim (ECF No. 68), at p. 13.

[16] Motorola's Renewed Motion to Dismiss (ECF No. 53), at pp. 16-17.

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 7

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

and dismissed Microsoft's claim for declaratory judgment, finding that Microsoft's declaratory judgment claim was "duplicative of its other claims."[17] Based on the same logic, Motorola's claims for declaratory judgments, which request that the Court weigh the same issues and then declare the opposite of what Microsoft requested, are also duplicative of claims that are already in the case and are therefore unnecessary.

It will unnecessarily complicate the proceedings for Motorola to maintain counterclaims in this consolidated case that are repetitive and that add nothing to the litigation. As the Ninth Circuit recognized in *McGraw-Edison*, "a declaratory judgment may be refused where it ... is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein." 362 F.2d at 343. That is exactly the case here. There is no "Damoclean sword" hanging over Motorola, and no need for Motorola's RAND-based counterclaims for declaratory judgments to remain in these cases. They add nothing and should be dismissed.

## IV. CONCLUSION

Motorola's RAND-based counterclaims are mirror images of Microsoft's claims and add nothing new to this litigation. All of the issues raised by Motorola's claims will be determined by the Court in ruling on Microsoft's affirmative claims, and have also been raised by Motorola as affirmative defenses to Microsoft's claims. For these reasons, and because dismissal would best serve considerations of practicality and wise judicial administration, Microsoft respectfully requests that the Court dismiss Motorola's RAND-based counterclaims.

//
//
//
//

---

[17] Order (ECF No. 66), at p. 9.

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 8

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700  FAX. (206) 623-8717

DATED this 5th day of July, 2011.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By _____
Arthur W. Harrigan, Jr., WSBA #1751
Christopher Wion, WSBA #33207
Shane P. Cramer, WSBA #35099

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #40185
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA 98052
Phone: 425-882-8080
Fax: 425-869-1327

David T. Pritikin, *Pro Hac Vice*
Richard A. Cederoth, *Pro Hac Vice*
Douglas I. Lewis, *Pro Hac Vice*
John W. McBride, *Pro Hac Vice*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000
Fax: 312-853-7036

Brian R. Nester, *Pro Hac Vice*
Kevin C. Wheeler, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

Counsel for Microsoft Corporation

MICROSOFT'S MOTION TO DISMISS
MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 9

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2011, I electronically filed the foregoing document with the Clerk of the Curt using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Motorola Mobility and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

_____
LINDA BLEDSOE

MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 10

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717