HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                              Plaintiff,<br><br>       vs.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION;<br><br>                              Defendants | Case No. 10-1823<br><br>**PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

Microsoft Corporation ("Microsoft") and Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation (collectively "Motorola") hereby stipulate that this protective order should be entered and will govern the conduct of discovery in this case.

1.      Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 1

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
.(206) 623-8717

10-CV-01823-RPT

1   information is likely to have the effect of causing substantial harm to the competitive position

2   of the person, firm, partnership, corporation, or other organization from which the information

3   was obtained, unless the Court is required by law to disclose such information.

4       2.    (a)    Any information submitted in pre-trial discovery or in a pleading,

5   motion, or response to a motion in this action, either voluntarily or pursuant to order, and

6   which is asserted by a supplier to contain or constitute Confidential Business Information shall

7   be so designated by such supplier in writing, or orally at a deposition, conference, or hearing,

8   and shall be segregated from other information being submitted.  Documents shall be clearly

9   and prominently marked on their face with the legend: "[SUPPLIER'S NAME]

10  CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a

11  comparable notice. During the pre-trial phase of this action, such information, whether

12  submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court

13  and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United

14  States District Court for the Western District of Washington.

15      (b)    The Court may determine that information alleged to be confidential is

16  not confidential, or that its disclosure is necessary for the proper disposition of the proceeding

17  before, during, or after the close of the action herein.  If such a determination is made by the

18  Court, opportunity shall be provided to the supplier of such information to argue its

19  confidentiality prior to the time of such ruling.

20      3.    In the absence of written permission from the supplier or an order from the

21  Court, any confidential documents or business information submitted in accordance with the

22  provisions of paragraph 2 above shall not be disclosed to any person other than:

23      (i)    outside counsel for parties to this action, including necessary secretarial

24  and support personnel assisting such counsel;

25

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 2

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1           (ii)    qualified persons taking testimony involving such documents or

2    information and necessary stenographic and clerical personnel thereof;

3           (iii)   technical experts and their staff who are employed for the purposes of

4    this litigation; and

5           (iv)   the Court.

6        4.    Confidential Business Information submitted in accordance with the provisions

7    of paragraph 2 above shall not be made available to any person designated in paragraph 3(iii)

8    unless he or she shall have first read this order and shall have signed a writing substantially

9    provided as Attachment A hereto, a copy of which shall be provided to both parties,

10   manifesting agreement:

11          (i)    to be bound by the terms thereof;

12          (ii)   not to reveal such Confidential Business Information to anyone other

13   than another person designated in paragraph 3; and

14          (iii)   to utilize such Confidential Business Information solely for purposes of

15   this action.

16       5.    If the Court orders, or if the supplier and all parties to the action agree, that

17   access to or dissemination of information submitted as Confidential Business Information shall

18   be made to persons not included in paragraph 3 above, such matter shall only be accessible to

19   or disseminated to such persons based upon the conditions pertaining to, and obligations

20   arising from this order, and such persons shall be considered subject to it, unless the Court

21   finds that the information is not Confidential Business Information as defined in paragraph 1

22   hereof.

23       6.    In addition to the persons included in paragraph 3 above, Confidential Business

24   Information contained in responses to interrogatories, answers to requests for admission,

25   submissions to the Court, expert reports (exclusive of exhibits and source code excerpts),

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 3

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1  opinions and orders of the Court may be accessible to or disseminated to the following two in-

2  house counsel, who are members of at least one state bar in good standing, with direct

3  responsibility for managing this litigation:

4     (a) for Motorola, Tom Miller and Richard A. Wulff;

5     (b) for Microsoft, T. Andrew Culbert and David E. Killough.

6  provided that (1) Confidential Business Information pertaining to licensing or other

7  commercially sensitive financial information shall not be made available under this paragraph

8  6 to such designated in-house counsel; the supplier shall designate such Confidential Business

9  Information pertaining to licensing or other commercially sensitive financial information as

10  "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE

11  ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide

12  a redacted version of such document that may be disseminated to the two in-house counsel

13  designated under this paragraph 6; and (2) such in-house counsel shall have first read this order

14  and shall have signed a writing substantially provided as Attachment A hereto, a copy of which

15  shall be provided to both parties, manifesting agreement:

16     (i)  to be bound by the terms thereof;

17     (ii)  not to reveal such Confidential Business Information to anyone other

18    than another person designated in paragraph 3; and

19     (iii)  to utilize such Confidential Business Information solely for purposes of

20    this action.

21    7.  Subject to the restrictions of paragraph 6 above, the two in-house counsel

22  designated therein shall not be excluded from any confidential portion of the trial or other in-

23  Court proceedings in this case.

24    8.  Any Confidential Business Information submitted to the Court in connection

25  with a motion or other proceeding within the purview of this action shall be submitted under

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1    seal pursuant to paragraph 2 above.  Any portion of a transcript in connection with this action

2    containing any Confidential Business Information submitted pursuant to paragraph 2 above

3    shall be bound separately and filed under seal.  When any Confidential Business Information

4    submitted in accordance with paragraph 2 above is included in an authorized transcript of a

5    deposition or exhibits thereto, arrangements shall be made with the court reporter taking the

6    deposition to bind such confidential portions and separately label them [SUPPLIER'S NAME],

7    CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER.

8    Before a court reporter receives any such information, he or she shall have first read this order

9    and shall have agreed in writing to be bound by the terms thereof.  Alternatively, he or she

10   shall sign the agreement included as Attachment B hereto.  Copies of each such signed

11   agreement shall be provided to the supplier of such Confidential Business Information.

12        9.        The restrictions upon, and obligations accruing to, persons who become subject

13   to this order shall not apply to any information submitted in accordance with paragraph 2

14   above to which the person asserting the confidential status thereof agrees in writing, or the

15   Court rules after an opportunity for hearing, that the information was publicly known at the

16   time it was supplied to the receiving party or has since become publicly known through no

17   fault of the receiving party.

18        10.      If while this action is before the Court, a party to this order who is to be a

19   recipient of any business information designated as confidential and submitted in accordance

20   with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify

21   the supplier in writing and they will thereupon confer as to the status of the subject information

22   proffered within the context of this order.  If prior to or at the time of such a conference, the

23   supplier withdraws its designation of such information as being subject to this order, but

24   nonetheless submits such information for purposes of the action, such supplier shall express the

25   withdrawal in writing, and serve such withdrawal upon all parties.  If the recipient and supplier

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX (206) 623-8717

1  are unable to concur upon the status of the subject information submitted as Confidential

2  Business Information within ten days from the date of notification of such disagreement, any

3  party to this order may raise the issue of the designation of such a status to the Court who will

4  rule upon the matter. The Court may *sua sponte* question the designation of the confidential

5  status of any information and, after opportunity for hearing, may remove the confidentiality

6  designation.

7       11.    No less than 10 days (or any other period of time designated by the Court) prior

8  to the initial disclosure to a proposed expert of any confidential information submitted in

9  accordance with paragraph 2, the party proposing to use such expert shall submit in writing the

10  name of such proposed expert and his or her educational and employment history to the

11  supplier. If the supplier objects to the disclosure of such Confidential Business Information to

12  such proposed expert as inconsistent with the language or intent of this order or on other

13  grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to

14  the initial disclosure. If the dispute is not resolved on an informal basis within ten days of

15  receipt of such notice of objection, the supplier shall submit immediately each objection to the

16  Court for a ruling. The submission of such Confidential Business Information to such

17  proposed expert shall be withheld pending the ruling of the Court.

18       12.    If Confidential Business Information submitted in accordance with paragraph 2

19  is disclosed to any person other than in the manner authorized by this protective order, the

20  party responsible for the disclosure must immediately bring all pertinent facts relating to such

21  disclosure to the attention of the supplier and the Court and, without prejudice to other rights

22  and remedies of the supplier, make every effort to prevent further disclosure by it or by the

23  person who was the recipient of such information.

24

25

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 6

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1      13.     Nothing in this order shall abridge the right of any person to seek judicial

2  review or to pursue other appropriate judicial action with respect to any ruling made by the

3  Court concerning the issue of the status of Confidential Business Information.

4      14.     Upon final termination of this action, each party that is subject to this order

5  shall assemble and return to the supplier all items containing Confidential Business

6  Information submitted in accordance with paragraph 2 above, including all copies of such

7  matter which may have been made.  Alternatively, the parties subject to this order may, with

8  the written consent of the supplier, destroy all items containing Confidential Business

9  Information and certify to the supplier (or his counsel) that such destruction has taken place.

10      15.     If any Confidential Business Information which is supplied in accordance with

11  paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered

12  a "supplier" as that term is used in the context of this order.

13      16.     Each nonparty supplier shall be provided a copy of this order by the party

14  seeking information from said supplier.

15      17.     The inadvertent production of any document or information (whether

16  designated as Confidential Business Information or not) shall not be deemed to waive any

17  attorney-client privilege, work product protection, or other privilege or immunity that would

18  otherwise attach to the document or information produced, or to other documents or

19  information, so long as the procedures of paragraphs 18 and 19 below are followed.

20      18.     If a producing party or person discovers that a privileged, protected, or

21  otherwise immune document or information has been produced, the party or person must,

22  promptly after discovery, notify all other party or parties of the claim of privilege or other

23  protection or immunity.  Upon such notice, each other party shall use its best efforts to retrieve

24  the original and all copies of the identified document or information of which the party is

25  aware, shall promptly destroy all such copies of the identified document or information, and

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 7

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1  shall notify the producing party in writing that it has done so within ten (10) calendar days of

2  receiving such notice. Such destruction shall not constitute an acknowledgement that the

3  identified document or information is, in fact, privileged or entitled to protection or immunity

4  and shall not preclude any party from later moving the Court to compel the production of the

5  identified document or information. Within a reasonable time after notifying the other party or

6  parties of a claim of privilege or other protection or immunity, the Producing Party shall

7  provide a privilege log for those materials.

8       19.    If a receiving party receives any document or information that appears to be

9  subject to an attorney-client privilege, work product protection, or other privilege or immunity

10  that would otherwise attach to the document or information, and where it is reasonably

11  apparent that the document or information was provided or made available through

12  inadvertence, the receiving party must refrain from examining the document or information

13  any more than is essential to ascertain whether the document or information is likely

14  privileged, protected, or otherwise immune, and shall immediately notify the producing party

15  in writing that the receiving party possesses material that appears to be privileged, protected, or

16  otherwise immune. The procedures of paragraph 18 shall then apply.

17       20.    The parties have agreed to follow the provisions of Fed. R. Civ. P. 26(b)(4)(B)-

18  (D), as amended effective December 1, 2010, with respect to the protection of draft expert

19  reports and communications between a party's attorney(s) and an expert(s). In addition, the

20  parties have agreed that notes taken by the parties' experts in the course of the preparation of

21  their reports, drafts of the expert reports, and all communications between counsel for the

22  parties and their experts (including, but not limited to, emails and other written

23  correspondence) (all of the foregoing hereinafter referred to as "Expert Work Product") need

24  not be retained and shall be not produced in this or any other action. Expert Work Product

25  shall not include communications, information and things that are relied upon by the expert in

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 8

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1   his or her opinions, or which otherwise form the basis of the expert's report. Neither the terms

2   of this paragraph nor the parties' agreement to them implies that any of the information

3   restricted from discovery in this paragraph would otherwise be discoverable.

4        21.    Confidential Source Code shall mean human-readable programming language

5   text that defines software, firmware, or electronic hardware descriptions. Confidential Source

6   Code includes, without limitation, computer code; scripts; assembly; object code; source code

7   listings and descriptions of source code; object code listings and descriptions of object code;

8   Hardware Description Language (HDL); Register Transfer Level (RTL) files that describe the

9   hardware design of any ASIC or other chip; similarly sensitive implementation details; files

10  containing text written in "C," "C++," assembler, VHDL, Verilog, and digital signal processor

11  (DSP) programming languages; ".include files;" "make" files; link files; and other human-

12  readable text files used in the generation and/or building of software directly executed on a

13  microprocessor, microcontroller, or DSP. Confidential Source Code is a form of, and shall be

14  afforded all of the same protections as, Confidential Business Information as defined in

15  paragraph 1 hereto unless otherwise provided in paragraphs 21 to 26. The restrictions herein

16  on Confidential Source Code do not apply to publicly-available source code available as open

17  source code.

18       22.    To the extent that a party wishes to obtain access to Confidential Source Code,

19  the following procedures may apply at the option of the supplier. Nothing in this Order shall

20  be construed as a representation or admission by a party that Confidential Source Code is

21  properly discoverable in this action, or to obligate any party to produce Confidential Source

22  Code.

23       23.    Documents or things that comprise a party's confidential, proprietary and/or

24  trade secret source code or object code may be designated CONFIDENTIAL SOURCE CODE.

25  Documents or things that include or are accompanied by confidential, proprietary and/or trade

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1  secret source code or object code may be designated CONFIDENTIAL SOURCE CODE only

2  if such confidential, proprietary and/or trade secret source code or object code cannot

3  reasonably be segregated from the document or thing.  The following conditions shall govern

4  the production, review and use of documents or things designated CONFIDENTIAL SOURCE

5  CODE.

6      24.  All information designated as CONFIDENTIAL SOURCE CODE shall be

7  subject to the following provisions:

8      (i)  Subject to the following notice provisions and each producing party's

9  written objections, each producing party shall make its responsive CONFIDENTIAL

10  SOURCE CODE continuously available for inspection during discovery and through

11  the conclusion of the trial in this action.  Any single reviewing session (conducted

12  during one business day or during consecutive business days of review) shall be

13  conducted during regular business hours (9:00 A.M. to 6:00 P.M. local time) on four

14  (4) calendar days' written (including email) notice, or during such other hours as may

15  be mutually and reasonably agreed upon on reasonable notice.

16      (ii)  A list of names of persons who will view the source code will be

17  provided to the producing party in conjunction with the written notice requesting

18  inspection.  The receiving party shall maintain a daily log of the names of persons who

19  enter the source code viewing room (see paragraph 24(iv) below) to view the source

20  code and note on the log when these persons enter and depart.  The producing party

21  shall be entitled to have a person observe all entrances and exits from the source code

22  viewing room, and to receive a copy of the log, but shall not otherwise be entitled to

23  observe the receiving party's inspection.

24      (iii)  All source code produced pursuant to these provisions will be made

25  available by the producing party at the following locations:

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

- • By Motorola, at the offices of Ropes & Gray LLP, 111 South Wacker Drive, 46th Floor, Chicago, Illinois 60606;

- • By Microsoft, at the offices of Sidley Austin LLP, 1501 K Street NW, Washington, DC 20005; and

- • By third parties, at such location(s) as may be mutually agreed to by the producing third party and the requesting party, or as otherwise ordered by the Court.

(iv)    All source code will be made available in a private room, on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer"). The producing party shall be obligated to install such reasonable tools or programs necessary to review and search the code produced on the platform produced, as specified by the receiving party, which the receiving party may provide if the producing party does not have. For example, prior to the date of the inspection, a text editor or IDE capable of performing syntax highlighting should be installed on the Source Code Computer. The producing party shall not be obligated to install tools or programs capable of compiling and running source code. To the extent the receiving party provides the producing party with tools or programs to install for use during a reviewing session, any such tools or programs must be provided no later than five (5) business days in advance of the first reviewing session for which such installation is desired. Thereafter, such tools or programs shall remain on the Source Code Computer throughout the discovery period, absent agreement to the contrary.

(v)    The receiving party's outside counsel and/or technical advisers shall be entitled to take notes relating to the source code but may not copy the source code into the notes. Such notes shall be subject to the provisions of paragraph 24(x) below. No

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1    copies of all or any portion of the source code may leave the room in which the source

2    code is inspected. Furthermore, no other written or electronic record of the source code

3    is permitted except as otherwise provided herein.

4            (vi)    During inspection of the code, the receiving party may compile a list of

5    source code files to be produced. The receiving party will only identify such files as

6    are reasonably necessary to facilitate the receiving party's preparation of the case,

7    including (1) when reasonably necessary to prepare any filing with the Court or to serve

8    any pleadings or other papers on any other party, (2) to prepare internal attorney work

9    product materials, (3) or to prepare other necessary case materials such as testifying

10   expert reports, consulting expert written analyses, and related drafts and

11   correspondences. In no event may the receiving party identify more than those files

12   necessary to analyze the issues in this case during the duration of the case without prior

13   written approval by the producing party. Upon identification of such files by the

14   receiving party, the producing party shall print, append production numbers to, and

15   label such files with the file's complete file path (*e.g.*, ./product1/source/main/

16   test/test.h) and the designation CONFIDENTIAL SOURCE CODE. If the producing

17   party objects that identified files are not reasonably necessary to any case preparation

18   activity, the producing party shall make such objection known to the receiving party

19   within five (5) business days of the identification of any files by the receiving party. If,

20   after meeting and conferring, the producing party and the receiving party cannot

21   resolve the objection, the producing party shall be entitled to seek a judicial resolution

22   of whether or not the identified source code in question is reasonably necessary to any

23   case preparation activity. In the absence of any objection, or upon resolution of any

24   such dispute by the Court, the producing party shall provide one printed copy of the

25   identified files to the receiving party within five (5) business days of the identification

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 12

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1   of such files by the receiving party or, if applicable, resolution of a dispute by the

2   Court. The printed pages shall constitute part of the source code produced by the

3   producing party in this action.

4         (vii)   Unless otherwise agreed in advance by the parties in writing, following

5   each reviewing session (conducted during one business day or during consecutive

6   business days of review), the receiving party's outside counsel and/or technical advisers

7   shall remove all notes, documents, laptops, and all other materials from the room that

8   may contain work product and/or attorney-client privileged information. The

9   producing party shall not be responsible for any items left in the room following each

10   inspection session.

11        (viii)  The receiving party will not copy, remove, or otherwise transfer any

12   source code from the Source Code Computer including, without limitation, copying,

13   removing, or transferring the source code onto any other computers or peripheral

14   equipment. The receiving party will not transmit any source code in any way from the

15   producing party's facilities or the offices of its outside counsel of record.

16        (ix)   Documents designated CONFIDENTIAL SOURCE CODE may only be

17   viewed by or disclosed to outside counsel or the receiving party's technical advisers

18   approved by the producing party and their necessary support personnel. The term

19   "technical adviser" shall mean an independent, outside expert witness or consultant

20   with whom counsel may deem it appropriate to consult, subject to the following

21   provision. Documents designated CONFIDENTIAL SOURCE CODE may not be

22   disclosed to in-house counsel.

23        (x)   A party desiring to disclose information to a technical adviser shall give

24   prior written notice to the producing party or non-party, who shall have ten (10)

25   business days after such notice is given to object in writing. A party desiring to

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

Case 2:10-cv-01823-JLR   Document 64   Filed 04/22/11   Page 14 of 23

1     disclose CONFIDENTIAL SOURCE CODE information to a technical adviser must

2     provide the following information for each technical adviser:  (i) name, address,

3     curriculum vitae, current employer, and employment (including consulting) history for

4     the past four (4) years; and (ii) a listing of cases in which the witness has testified as an

5     expert at trial or by deposition within the preceding four years.  No CONFIDENTIAL

6     SOURCE CODE information shall be disclosed to such expert(s) or consultant(s) until

7     after the expiration of the foregoing notice period.

8          (xi)    The outside counsel and technical advisers (who have been approved to

9     access source code under paragraphs 24(ix) and 24(x) above) for a receiving party shall

10    maintain and store any paper copies of the source code or notes related to such source

11    code (as referenced in paragraphs 24(v) and 24(vi)) at their offices in a manner that

12    prevents duplication of or unauthorized access to the source code or notes, including,

13    without limitation, storing the source code or notes in a locked room or cabinet at all

14    times when those materials are not in use;

15         (xii)    The receiving party's outside counsel of record may make no more than

16    five additional paper copies of any portions of the source code files identified pursuant

17    to paragraph 24(vi), not including copies attached to court filings, and shall maintain a

18    log of all copies of the source code (received from a producing party) that are provided

19    by the receiving party to any qualified person.  The log shall include the names of the

20    recipients and reviewers of copies and locations where the copies are stored.  Any

21    paper copies of source code shall be designated CONFIDENTIAL SOURCE CODE –

22    and shall be stored or viewed only at (1) the offices of outside counsel for the receiving

23    party, (2) the offices of technical advisers who have been approved to access source

24    code under paragraphs 24(ix) and 24(x), (3) the site where any deposition is taken,

25    (4) the Court, or (5) any intermediate location necessary to transport the information to

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 14

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1    a hearing, trial, or deposition.  Any such paper copies shall be maintained at all times in

2    a locked and secure location.  The producing party shall not unreasonably deny a

3    receiving party's request to make (and log) additional copies, providing that the request

4    is for good cause and for use that otherwise complies with this order.  The producing

5    party shall be entitled to a copy of the log upon request, and at the conclusion of the

6    litigation.

7         (xiii)    The receiving party may include excerpts of source code in a pleading,

8    exhibit, expert report, discovery document, deposition transcript, other Court document,

9    or any drafts of these documents ("Source Code Documents").  The receiving party

10   shall only include such excerpts as are reasonably necessary for the purposes for which

11   such part of the source code is used — as an example, excerpts of approximately 25 to

12   40 lines in length are presumptively reasonable.

13        (xiv)    To the extent portions of source code are quoted in a Source Code

14   Document, either (1) the entire document will be stamped CONFIDENTIAL SOURCE

15   CODE or (2) those pages containing quoted source code will be separately bound, and

16   stamped as CONFIDENTIAL SOURCE CODE.  All Source Code Documents shall

17   also be marked with the legend "CONFIDENTIAL BUSINESS INFORMATION,

18   SUBJECT TO PROTECTIVE ORDER," or a comparable notice, and shall be treated as

19   Confidential Business Information pursuant to this Protective Order.

20        (xv)    All paper copies of source code shall be securely destroyed if they are

21   no longer necessary in the litigation (e.g., extra copies at the conclusion of a

22   deposition).  Copies of source code that are marked as deposition exhibits shall not be

23   provided to the court reporter or attached to deposition transcripts; rather, the

24   deposition record will identify the exhibit by its production numbers.

25

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

Case 2:10-cv-01823-JLR   Document 64   Filed 04/22/11   Page 16 of 23

1      (xvi)   The receiving party may not create electronic images, or any other

2      images, of the source code from the paper copy for use on a computer (*e.g.*, may not

3      scan the source code to a PDF, or photograph the code). The receiving party may

4      create an electronic copy or image of selected portions of the source code only when

5      reasonably necessary to accomplish any filing with the Court or to serve any pleadings

6      or other papers on any other party (including expert reports). Images or copies of

7      source code shall not be included in correspondence between the parties (references to

8      production numbers shall be used instead) and shall be omitted from pleadings and

9      other papers except to the extent permitted herein.

10      25.    Unless otherwise ordered by the Court, Confidential Source Code designated as

11  "CONFIDENTIAL SOURCE CODE" shall be subject to the provisions set forth in paragraphs

12  21 to 26 and may be disclosed, subject to paragraphs 21 to 26, solely to:

13      (a)    outside counsel representing the parties to this action, as defined in

14  paragraph 3(i), including necessary secretarial and support personnel regularly employed by

15  and assisting such counsel, except that, unless otherwise agreed, no outside counsel who is

16  involved in competitive decision-making, as defined by *U.S. Steel* v. *United States*, 730 F.2d

17  1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Confidential Source Code designated as

18  "CONFIDENTIAL SOURCE CODE;"

19      (b)    any outside expert or consultant retained by a party for the purposes of

20  this action and who satisfies paragraph 3(iii) of this Order, provided that disclosure is only to

21  the extent necessary to perform such work; and provided that:

22      (i)    such expert or consultant has agreed to be bound by the

23      provisions of this Order as required by paragraphs 3, 4, and 11 of this Order,

24      (ii)    such expert or consultant is not involved in competitive

25      decision-making, as defined by *U.S. Steel* v. *United States*, 730 F.2d 1465, 1468

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

1    n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party in the

2    technical subject matter of the Confidential Business Information produced, and

3    (iii)    no unresolved objections to such disclosure exist after proper

4    notice has been given to all parties as set forth in paragraphs 3, 4, and 11 of this

5    Order;

6    (c)    court reporters, stenographers, and videographers retained to record

7    testimony taken in this action, provided that such court reporters, stenographers, and

8    videographers have agreed to be bound by the provisions of this Order as required by

9    paragraph 4 of this Order;

10    (d)    the Court;

11    (e)    any persons who are witnesses during a deposition, court hearing, or

12    trial where specific documentary or testimonial evidence establishes at that time that the

13    Confidential Source Code or portion of the Confidential Source Code was authored or received

14    by the witness without any violation of any confidentiality obligation owed to any party in this

15    action;

16    (f)    any mediator who is assigned to hear this matter, and his or her staff,

17    subject to their agreement to maintain confidentiality to the same degree as required by this

18    Order;

19    (g)    any other person with the prior written consent of the supplier.

20    26.    Access to and review of the Confidential Source Code shall be strictly for the

21    purpose of investigating the claims and defenses at issue in this action.  No person shall review

22    or analyze any Confidential Source Code for purposes unrelated to this action, nor may any

23    person use any knowledge gained as a result of reviewing Confidential Source Code in this

24    action in any other pending or future dispute, proceeding, patent prosecution, or litigation.

25

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 17

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1  AGREED AND STIPULATED TO:

2  DANIELSON HARRIGAN LEYH &                    SUMMIT LAW GROUP PLLC
   TOLLEFSON LLP
3
   By                                          By
4     Arthur W. Harrigan, Jr., WSBA #1751        Philip S. McCune, WSBA #21081
5     Christopher Wion, WSBA #33207              Lynn M. Engel, WSBA #21934
      Shane P. Cramer, WSBA #35099               philm@summitlaw.com
6                                                lynne@summitlaw.com

   T. Andrew Culbert, WSBA #35925
7  David E. Killough, WSBA #21119               Steven Pepe (pro hac vice)
   MICROSOFT CORPORATION                        Jesse J. Jenner (pro hac vice)
8  1 Microsoft Way                              Ropes & Gray LLP
   Redmond, WA  98052                           1211 Avenue of the Americas
9  Phone: 425-882-8080                          New York, NY  10036-8704
   Fax: 425-869-1327                            (212) 596-9046
10                                              steven.pepe@ropesgray.com
                                                jesse.jenner@ropesgray.com
11 John W. McBride, (pro hac vice)
   David T. Pritikin, (pro hac vice)
12 Richard A. Cederoth, (pro hac vice)          Norman H. Beamer (pro hac vice)
   Douglas I. Lewis, (pro hac vice)             Ropes & Gray LLP
13 SIDLEY AUSTIN LLP                            1900 University Avenue, 6th Floor
   One South Dearborn                           East Palo Alto, CA 94303-2284
14 Chicago, IL  60603                           (650) 617-4030
   Phone: 312-853-7000                          norman.beamer@ropesgray.com
15 Fax: 312-853-7036
16                                              Paul M. Schoenhard (pro hac vice)
   Brian R. Nester, (pro hac vice)             Ropes & Gray LLP
17 Kevin C. Wheeler, (pro hac vice)            One Metro Center
   SIDLEY AUSTIN LLP                            700 12th Street NW, Suite 900
18 1501 K Street NW                             Washington, DC 20005-3948
   Washington, DC  20005                        (202) 508-4693
19 Telephone: 202-736-8000                      Paul.schoenhard.@ropesgray.com
   Fax: 202-736-8711
20                                              Counsel for Defendants Motorola
21 Counsel for Plaintiff Microsoft Corp.        Solutions, Inc., Motorola Mobility, Inc.,
                                                and General Instrument Corporation
22

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## ORDER

As stipulated above, IT IS SO ORDERED.

DATED this 21st day of July, 2011.

THE HONORABLE JAMES L. ROBART

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 19

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

**Attachment A**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a
Washington corporation,

                     Plaintiff,

     vs.

MOTOROLA, INC., MOTOROLA
MOBILITY, INC., and GENERAL
INSTRUMENT CORPORATION;

               Defendants

Case No. 10-1823

**PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS**

**CONFIDENTIALITY AGREEMENT
PURSUANT TO PROTECTIVE ORDER**

    I, _____, hereby certify that I have read the Protective Order

Regarding the Disclosure and Use of Discovery Materials (the "Order") in the above-captioned

case, that I agree to comply with the Order in all respects, and that I hereby submit and waive

any objection to the jurisdiction of the United States District Court for the Western District of

Washington for the adjudication of any dispute concerning or related to my compliance with

the Order.

    I understand and agree, in particular, that any Confidential Business Information and

any copies, excerpts, or summaries thereof, as well as any knowledge or information derived

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 20

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1    from any of the aforementioned items, may be used solely for purposes of this litigation and

2    may not be used for any other purpose, including without limitation, and business, commercial

3    or academic purpose.

4         I further understand and agree that failure to abide fully by the terms of the Order may

5    result in legal action against me, including being held in contempt of court and liability for

6    monetary damages.

7

8         Signature:_____

9         Please print or type the following:

10        Name:_____

11        Title and Affiliation:_____

12        Address:_____

13

14        Telephone:_____

15

16

17

18

19

20

21

22

23

24

25

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 21

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

**Attachment B**

1

2                    UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF WASHINGTON
3                              AT SEATTLE

4

5   MICROSOFT CORPORATION, a
    Washington corporation,                    Case No. 10-1823
6
                                               **PROTECTIVE ORDER REGARDING**
7                        Plaintiff,            **THE DISCLOSURE AND USE OF**
                                               **DISCOVERY MATERIALS**
8     vs.

9   MOTOROLA, INC., MOTOROLA
    MOBILITY, INC., and GENERAL
10  INSTRUMENT CORPORATION;

11                        Defendants

12

13              **NONDISCLOSURE AGREEMENT FOR**
14          **REPORTER/STENOGRAPHER/TRANSLATOR**

15

16      I, _____, do solemnly swear or affirm that I will not divulge

17  any information communicated to me in any confidential portion of the action or hearing in

18  *Microsoft Corporation v. Motorola, Inc., Motorola Mobility, Inc., and General Instrument*

19  *Corporation*, Civil Action No. 10-1823, except as permitted in the protective order issued in

20  this case.  I will not directly or indirectly use or allow the use of such information for any

21  purpose other than that directly associated with my official duties in this case.

22

23

24

25

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 22

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the action or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said action.

Signed _____

Dated _____

Firm or Affiliation_____

PROTECTIVE ORDER REGARDING THE
DISCLOSURE AND USE OF DISCOVERY
MATERIALS - 23

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717