The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                Plaintiff,<br><br>                v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>                Defendants. | CASE NO. C10-1823-JLR<br><br>MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS MOTOROLA'S "RAND"-BASED COUNTERCLAIMS<br><br>**Noted on Motion Calendar:**<br>**Friday, July 29, 2011** |
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>                Plaintiffs/Counterclaim Defendant,<br><br>                v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant/Counterclaim Plaintiff. | |

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS MOTOROLA'S "RAND"-BASED COUNTERCLAIMS
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

I. INTRODUCTION

The Court should deny Microsoft's Motion to Dismiss Motorola's "RAND"-Based Counterclaims ("MTD") because Motorola's declaratory judgment counterclaims have no corollary in this case.

The Court previously dismissed Microsoft's declaratory judgment claim because, as Microsoft admitted, Microsoft had sought the same relief in declaratory judgment as it had requested by way of its breach of contract and promissory estoppel claims—an injunction. That dismissal has no relevance to Microsoft's declaratory judgment counterclaims. Whereas Microsoft had asked the Court twice for the same relief—once in affirmative claims and once in declaratory judgment on the same claims—Motorola has no separate affirmative claim: instead, Motorola is *defending* against Microsoft's affirmative claims and only asks for affirmative relief from the Court in its declaratory judgment *counterclaims*.

Motorola's RAND-based declaratory judgment counterclaims also ask for broader relief than Motorola would receive simply by defending successfully against Microsoft's contractual claims. A successful defense would merely prevent Microsoft from asserting the same claim against Motorola in the future—it would award no affirmative relief to Motorola. Successfully obtaining declaratory relief, however, would (i) affirm that Motorola has complied with *all* of its alleged obligations to Microsoft, (ii) affirm the reasonableness of Motorola's licensing practices with respect to Microsoft, (iii) because of Microsoft's conduct, deny Microsoft the benefit of any RAND obligation, and (iv) affirm that Motorola can seek an injunction against Microsoft's continued infringement of Motorola's patents. This relief would prevent Microsoft from seeking to benefit from Motorola's Letters of Assurance to SSOs. Because Motorola can only obtain this relief through declaratory judgment, its counterclaims are not duplicative and should not be dismissed.

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S
MOTION TO DISMISS MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## II.     STATEMENT OF FACTS

In this consolidated action,[1] Microsoft claims that Motorola's licensing offer to Microsoft under essential patent portfolios breached a RAND commitment made to certain Standard Setting Organizations ("SSOs") (the IEEE and ITU), on which Microsoft contends it relied.  Microsoft Comp., ¶¶ 64-79; ¶¶ 55-63.  Microsoft claims that Motorola breached contractual RAND obligations (*id.*,.¶¶ 84-85) and should be estopped in light of its RAND promises to SSOs.  *Id.*, ¶ 92.  Microsoft asks the Court to "[a]djudge and decree" that Motorola is "liable for breach of contract" and "promissory estoppel" and to "enjoin [Motorola] from further demanding excessive royalties" and from "enforcing, or seeking to enforce, patent infringement claims," which are purportedly contrary to Motorola's RAND obligations.  *Id.* at 24-25.

In four brief paragraphs in its complaint, Microsoft also brought a claim for declaratory judgment that Motorola has "not offered license terms to Microsoft conforming to applicable legal requirements" (*id.*, ¶¶ 99-102) and asked the Court to "[d]ecree that" Motorola has "not offered royalties to Microsoft under reasonable rates" and that Microsoft is entitled to licenses for Motorola's relevant patents "on reasonable terms and conditions."  *Id.* at 25.  But during oral argument before the Court, Microsoft admitted that it sought the same relief from its declaratory judgment claim as it sought from its contract-based claims—"an injunction that requires Motorola to make a RAND offer" (Op. 9).  Accordingly, the Court dismissed Microsoft's declaratory judgment claim because it was "duplicative of its other claims"  *Id.*

---

[1] In the Court's June 1, 2011 Order, Microsoft's affirmative claims, which were filed first in this Court, were consolidated with Motorola's affirmative claims and Microsoft's counterclaims, which were filed first in the Western District of Wisconsin.  *See* Order Granting in Part and Denying in Part Motorola's Motions to Dismiss, Denying Microsoft's Motion to Dismiss and Consolidating Case No. C10-1823-JLR and C11-343-JLR, *Microsoft v. Motorola*, No. C10-1823-JLR, Dkt. 66 at 12 (June 1, 2011) ("Op."); *see also* Microsoft's Amended and Supplemental Complaint, *Microsoft v. Motorola*, No. 10- 01823-JLR, Dkt. 53 (Feb. 23, 2011) ("Microsoft Comp."). Motorola subsequently answered Microsoft's affirmative claims and counterclaims.  *See* Motorola Mobility Inc. and General Instrument Corp.'s Answer, Defenses, and Counterclaims to Microsoft Corporation's Counterclaims originally filed in 3:10-CV-699 (W.D. Wis.), *Microsoft v. Motorola*, No. 10- 01823-JLR, Dkt. 67 (June 15, 2011) ("Wis. An."); Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended and Supplemental Complaint, *Microsoft v. Motorola*, No. 10- 01823-JLR, Dkt. 68 (June 15, 2011) ("An.").

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S
MOTION TO DISMISS MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Motorola's declaratory judgment counterclaims are not duplicative of other claims. In its defense against Microsoft's affirmative claims, Motorola only asks the Court to "deny that Microsoft is entitled to any of the relief requested" (An. at 13) and points to reasons why Microsoft should be denied relief. *Id.* at 13-14. To seek affirmative relief against both these claims and others that Microsoft might later bring, Motorola filed declaratory judgment counterclaims against Microsoft that seek broader, different relief than its defenses. Specifically, Motorola seeks declarations that (i) "it has fully complied with and discharged any RAND obligation that it owed to Microsoft[,]" (ii) "Microsoft is an unwilling licensee that has" "repudiated and/or rejected any rights associated with Motorola's RAND statements[,]" and (iii) it "is entitled to seek an injunction enjoining Microsoft from [infringing] Motorola patents." *Id.,* ¶¶ 65, 73-74. As such, Motorola asks the Court to adjudge that "Motorola has complied with any and all obligations to Microsoft with respect to statements it made" to SSOs regarding the relevant standards, that "Microsoft has repudiated and/or rejected any right to a RAND license under Motorola's 802.11 and H.264 essential patents and . . . [that] Motorola has the right to seek an injunction for Microsoft's infringement." *Id.* at 34. Thus, the relief Motorola seeks in its counterclaims is both different from and broader than the relief it could obtain as a defendant who merely denies Microsoft's claims.

### III. ARGUMENT

In addition to being a tool "to relieve potential defendants from the Damoclean threat of impending litigation[,]"[2] the Declaratory Judgment Act is "intended to help potential defendants avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligation of the litigants." *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996). Although district courts have "judicial discretion" to accept or decline to accept a declaratory judgment action, such discretion is "exercised in the public interest[,] and "a District Court cannot decline to entertain such an action as a matter of

---

[2] MTD 5 (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989)).

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S
MOTION TO DISMISS MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

whim or personal disinclination." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962). Dismissal of well-pled declaratory judgment claims is only appropriate if the claims "serve no useful purpose." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). When the objectives of the Declaratory Judgment Act are served, "dismissal is rarely proper." *Capo, Inc. v. Dioptics Med. Prods.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004).

Dismissal is improper here for at least three reasons. First, as Microsoft tacitly admits, Motorola pleaded sufficient facts to support its declaratory judgment claims. Second, unlike Microsoft's dismissed declaratory judgment claims, Motorola's claims do not request duplicative relief. Indeed, Motorola has no other claims to which its declaratory judgment claims could be duplicative. Third, Motorola seeks relief by way of declaratory judgment that it could not obtain solely by successfully defending against Microsoft's claims.

A.  Because Motorola Has Alleged Plausible Claims for Declaratory Judgment, Microsoft's Motion to Dismiss Should Fail as a Matter of Law.

Microsoft acknowledges that, to survive a motion to dismiss, counterclaims only "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." MTD at 4 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), internal quotations omitted). Because Microsoft does not argue that Motorola's counterclaims fail the 12(b)(6) factual pleading standard, Microsoft's motion must fail.

Motorola alleges detailed facts supporting its claims for declaratory judgment. Motorola establishes (i) the extent of its participation and assurances to relevant SSOs and its compliance with SSO policies (An., ¶¶ 15-42), (ii) Microsoft's use of the relevant standards in Microsoft products (An., ¶¶ 43-49), and (iii) that Microsoft repudiated and rejected any benefit to Motorola's RAND assurances to SSOs. An., ¶¶ 50-60. Taken as true, the allegations in Motorola's counterclaims entitle Motorola to declaratory relief.

Microsoft (wrongly) asserts that "the issues raised by Motorola's claims will be determined by the Court in ruling on Microsoft's affirmative claims." MTD at 8. As explained above, this is not the case. Regardless, Microsoft's motion to dismiss should be denied, because

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S
MOTION TO DISMISS MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Motorola's counterclaims "establish[] the existence of a justiciable controversy between the parties and properly state[] claim[s] upon which relief can be granted." *Ultimate Timing, L.L.C. v. Simms*, 2009 WL 1835943, at *2 (W.D. Wash. June 26, 2009) (rejecting 12(b)(6) motion to dismiss declaratory judgment counterclaim despite plaintiff's assertion "that litigating [its] own claims will obviate the need for declaratory judgment counterclaims").

The authority Microsoft cites in support of its motion to dismiss (MTD at 5, 8) is inapposite and distinguishable. Microsoft cited cases where courts granted dismissal because (i) the outcome of the declaratory judgment claim was dependent on the outcome of a claim in a separate court involving a different defendant,[3] (ii) declaratory judgment was sought to resolve a fact-based issue where that fact was only relevant to the opposing party's affirmative claim,[4] (iii) the case and controversy of the declaratory judgment claim would disappear in the absence of the mirroring affirmative claim,[5] or (iv) the declaratory judgment claimant admitted that its claim sought no relief beyond what it would obtain by defending against the opposing party's affirmative assertions.[6] These situations are inapplicable. Motorola's declaratory judgment counterclaims exist in the absence of Microsoft's affirmative RAND-based claims, and the

---

[3] *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 344 (9th Cir. 1966). And even in circumstances where proceedings in a separate forum dictate the outcome of a declaratory judgment claim, dismissal is improper when the other forum "cannot afford [the] plaintiff all the relief which it requests and which it is entitled to under the Declaratory Judgment Act" or when "dismissal could result in a delay in the resolution of the issues" of the declaratory judgment claim. *United Merchants & Mfrs., Inc. v. Henderson*, 495 F. Supp. 444, 447 (N.D. Ga. 1980) (citing *Preformed Line Products*, 362 F.2d at 342).

[4] *Englewood Lending Inc. v. G&G Coachella Invs., LLC*, 651 F. Supp. 2d 1141, 1144-46 (C.D. Cal. 2009) (seeking determination of the amount of liability ("zero")); *Green Bay Packaging, Inc. v. Hoganson & Associates, Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973). Courts in this circuit find this approach inapposite when a declaratory judgment "would be substantially more detailed than a judgment on the [affirmative] claim." *Righthaven LLC v. Choudhry*, 2011 WL 1743839, at *5-*6 (D. Nev. May 3, 2011). Furthermore, the holding in *Green Bay Packaging* has been criticized because there is "no rule preventing the assertion of a counterclaim merely because the theory relied upon is the converse of that in the complaint." *Iron Mountain Sec. Storage Corp. v. American Specialty Foods, Inc.*, 457 F. Supp. 1158, 1161-62 & n.3 (E.D. Pa. 1978).

[5] *Richmond v. Centurion Exteriors, Inc.*, 2010 WL 3940592, at *2 (M.D. Tenn. Oct. 6, 2010) (dismissing declaratory judgment claim where dismissal of affirmative claim eliminates any case or controversy rendering declaratory judgment merely "an advisory opinion").

[6] *United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) (dismissing claim seeking declaratory judgment that a practice the United States prosecuted as illegal was, in fact, legal). *See also* Op. at 9.

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S
MOTION TO DISMISS MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

outcomes of Motorola's counterclaims are not dependent on issues related to other parties, which are being adjudicated elsewhere.  Rather, they are questions of fact and law independent of Microsoft's affirmative claims.

Furthermore, because Motorola asks for a judicial decree that would be "substantially more detailed than a judgment on [Microsoft's affirmative] claim[,]" Microsoft's argument seeking dismissal warrants rejection.  *Righthaven*, 2011 WL 1743839, at *5-6.  The District Court in *Iron Mountain* illustrates this crucial flaw in Microsoft's argument:

> A ruling adverse to plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically follow from that judgment that defendants' interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one.

457 F. Supp. at 1162.  Motorola's counterclaims request affirmative relief it would not be granted if it were merely defending.  Motorola requests a declaration that its interpretation of the SSO's RAND policies and its RAND obligations to Microsoft are correct.  Motorola would not obtain these declarations solely by defending against Microsoft's suit, and a final ruling on Microsoft's claim might not provide a final answer to those questions.

B.   Motorola's Declaratory Judgment Claims Request Relief Beyond That Available Defending Against Microsoft's Affirmative Claims.

1.   Microsoft Cannot Properly Rely on the Court's Dismissal of Microsoft's Declaratory Judgment Claim.

Microsoft asks the Court to employ "the same logic" it used when dismissing Microsoft's duplicative declaratory judgment *claim* to dismiss Motorola's declaratory judgment *counterclaim*. MTD at 8.  But Microsoft applies the Court's conclusion to wholly different facts.  The Court dismissed Microsoft's declaratory judgment claim because Microsoft had asked for the same thing—an injunction—twice.  Op. at 9.  Microsoft effectively pleaded just one claim—that Motorola was "'contractually obligated to offer a license consistent with the applicable commitments and patent policy of the [SSOs]' and that Motorola breached these contracts 'by

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S
MOTION TO DISMISS MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

refusing to offer licenses to any essential patents'" on RAND terms. *Id.* (quoting Microsoft Comp., ¶¶ 83-84). The Court rightly saw that Microsoft obtained no benefit from its declaratory judgment action.

Motorola, on the other hand, has no affirmative claim. The only claims through which Motorola is asking the Court for relief are its declaratory judgment counterclaims. Therefore, even if the relief Motorola could obtain defending against Microsoft's affirmative claims were wholly duplicative of the relief it seeks in its counterclaims—which is not the case—absent Motorola's counterclaims, such relief would be subject to Microsoft's whims. For example, Microsoft's voluntary withdrawal of its RAND-based claims would deny Motorola relief. *See Kvaerner U.S. Inc. v. Kemper Envtl. Ltd.*, 2006 WL 3064104, at *3 (W.D. Pa. Oct. 26, 2006) (denying request to strike declaratory judgment counterclaim related to affirmative claim because "the declaratory judgment count gives the Excess Insurers the ability to have the Court rule on these issues if, for example, Kvaerner were to voluntarily dismiss its claim.").

Microsoft misconstrues *McGraw-Edison*, in support of its assertion that "a declaratory judgment may be refused" when its purpose is "to determine issues which are involved in a case already pending." MTD at 8. The court in *McGraw-Edison* was quoting *Yellow Cab Co. v. Chicago*, 186 F.2d 946, 950 (7th Cir. 1951), stating that "jurisdiction [over a declaratory judgment claim] is not to be declined merely because of the existence of another adequate legal remedy." In fact, the Ninth Circuit and other circuits follow the Supreme Court's opinion in *Wilton*, *supra*, and conclude that dismissal is only proper when a declaratory judgment "would serve no useful purpose." *See Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1056-57 (9th Cir. 2008) (reversing dismissal of declaratory judgment claim); *see also Yellow Cab Co.*, 186 F.2d at 950. For the reasons described above and emphasized below, Motorola's declaratory judgment claim more than meets this standard.

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S
MOTION TO DISMISS MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

### 2. Motorola's Counterclaims Offer Broader Relief Than Motorola Can Achieve by Successfully Defending Against Microsoft's Contractual Claims.

In addition to seeking *affirmative* relief, different in kind from the relief available in its defense, Motorola's declaratory judgment claims seek *broader* relief as well. In its defense against Microsoft's RAND-based claims, Motorola asks the Court to "deny that Microsoft is entitled to any of the relief requested." An. at 13. When defending, this is the only relief possible. A successful defense would terminate Microsoft's suit and Microsoft would get nothing. Other than relief from the risk of liability and the gratifying knowledge that justice was served, Motorola would also get nothing.

Conversely, because Motorola seeks to "avoid a multiplicity of actions[,]" Motorola's counterclaims seek a determination of "the rights and obligation of the litigants." *Moseley*, 80 F.3d at 1405. First, Motorola asks the Court to adjudge that it "has complied with any and all" "RAND obligation[s] owed to Microsoft" with respect to the IEEE 802.11 and the ITU H.264 standards (An., ¶ 65, p. 34). Microsoft only asks the Court to find that Motorola is "liable for breach of contract" and "promissory estoppel." Microsoft Comp. at 24. Its claims are based on very specific assurances to SSOs and two offer letters sent to Microsoft. *Id.*, ¶¶ 64-72. In essence, Microsoft seeks a determination that Motorola's alleged conduct—sending two offer letters with certain licensing terms—is a breach of Motorola's assurances to SSOs. Motorola is embroiled in massive patent litigation with Microsoft that spans two ITC actions and cases before this Court and the Southern District of Florida. Motorola's declaratory judgment counterclaims are important for determining its RAND obligations, if any, to Microsoft. Motorola should not be subject to the whims of Microsoft, which could choose to pursue its claim or drop it. *Kvaerner*, 2006 WL 3064104, at *3. Absent a determination that Motorola's RAND licensing policies and dealings with SSOs do not breach a duty Motorola owes to Microsoft, Microsoft may subsequently revive its claims and counterclaims here or elsewhere. Sustaining Motorola's declaratory judgment claims would eliminate this uncertainty.

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S
MOTION TO DISMISS MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Second and more important, Motorola asks the Court to adjudge that "Microsoft has repudiated and/or rejected any right to a RAND license under Motorola's 802.11 and H.264 essential patents." An. at 34. As a consequence of this, Motorola also asks the Court to declare that it "has the right to seek an injunction for Microsoft's infringement." *Id.* Although an unsuccessful defense against Microsoft's affirmative claims would necessarily mean that Microsoft did not repudiate or reject a right to RAND licenses, a successful defense may not turn on this point. Instead, the Court may conclude that Motorola's offers were reasonable and nondiscriminatory or that Microsoft's unwillingness to discuss license terms with Motorola prevents Microsoft from bringing a RAND claim at this juncture. The only way Motorola can obtain a conclusive determination that Microsoft repudiated or rejected any rights to RAND license is through declaratory judgment. Such a determination is important, because if Microsoft's conduct constitutes a rejection or repudiation, Motorola may seek higher royalties for its valuable and infringed technology and also might elect to assert other 802.11 or H.264 patents. Moreover, regardless of the outcome of Microsoft's affirmative claims, the right of Motorola to seek an injunction may otherwise be challenged in the absence of declaratory relief. If Microsoft's affirmative claims succeed, but Microsoft continues to refuse to license Motorola's patents, even on terms the Court deems RAND, the issue of Motorola's ability to seek, obtain and enforce an injunction will remain undecided. Alternatively, if Microsoft's affirmative claims fail because Motorola's proposed terms *were* RAND, the injunction issue will also remain unsettled.

In short, Motorola seeks declarations that *all* of its conduct comports with Motorola's duties to Microsoft. Motorola is also seeking a determination that Microsoft's conduct repudiates and rejects any rights it may have to rely on Motorola's RAND assurances and that Motorola can license to Microsoft (or choose not to license) as it wishes. The relief available via solely defending against Microsoft's affirmative claims is incomplete. Because the relief Motorola requests in declaratory judgment "would be substantially more detailed than a judgment on the [affirmative] claim[,]" the Court should "decline[] to dismiss" Motorola's counterclaims.

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS MOTOROLA'S "RAND"-BASED COUNTERCLAIMS - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Righthaven*, 2011 WL 1743839, at *5-*6; *see also Kvaerner*, 2006 WL 3064104, at *3 (refusing to dismiss declaratory judgment claim "not precisely equivalent" to affirmative claim). *Cf. University Patents, Inc. v. Kligman*, 1991 WL 165071, at *1 (E.D. Pa. Aug. 23, 1991) ("Where the primary issue is one of contract interpretation, the courts are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near 'mirror image' of the complaint."). Motorola's counterclaims are important, different and relevant even in the absence of Microsoft's claims. They should not be dismissed.

## IV.    CONCLUSION

Contrary to Microsoft's incorrect assertion, Motorola's counterclaims are not "mirror images" of Microsoft's claims. They are broader. And regardless, Motorola seeks affirmative relief through its counterclaims. Such relief is unavailable defending against Microsoft's claims where Motorola is subject to Microsoft's whims. For these reasons, Motorola respectfully requests that this Court **DENY** Microsoft's Motion to Dismiss.

DATED this 25th day of July, 2011.

SUMMIT LAW GROUP PLLC

By /s/ Philip S. McCune
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    *philm@summitlaw.com*
    *lynne@summitlaw.com*

And by

    Steven Pepe (*pro hac vice*)
    Jesse J. Jenner (*pro hac vice*)
    Ropes & Gray LLP
    1211 Avenue of the Americas
    New York, NY  10036-8704
    (212) 596-9046
    *steven.pepe@ropesgray.com*
    *jesse.jenner@ropesgray.com*

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS MOTOROLA'S "RAND"-BASED COUNTERCLAIMS - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

| | |
|---|---|
| 1 | Norman H. Beamer (*pro hac vice*) |
| 2 | Gabrielle E. Higgins (*pro hac vice*)<br>Ropes & Gray LLP |
| 3 | 1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284 |
| 4 | (650) 617-4030<br>*norman.beamer@ropesgray.com* |
| 5 | *gabrielle.higgins@ropesgray.com* |
| 6 | Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP |
| 7 | One Metro Center<br>700 12th Street NW, Suite 900 |
| 8 | Washington, DC  20005-3948<br>(202) 508-4693 |
| 9 | *paul.schoenhard.@ropesgray.com* |
| 10 | **Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S
MOTION TO DISMISS MOTOROLA'S "RAND"-BASED
COUNTERCLAIMS - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP
*arthurh@dhlt.com*
*chrisw@dhlt.com*
*shanec@dhlt.com*

Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
Kevin C. Wheeler, Esq.
Richard A. Cederoth, Esq.
Sidley Austin LLP
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*kwheeler@sidley.com*
*rcederoth@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

J. Donald Best, Esq.
Michael Best & Friedrich LLP
*jdbest@michaelbest.com*

DATED this 25th day of July, 2011.

/s/   *Marcia A. Ripley*
Marcia A. Ripley

MOTOROLA MOBILITY'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS MOTOROLA'S "RAND"-BASED COUNTERCLAIMS - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001