HONORABLE JAMES L. ROBART

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., et al.,<br><br>    Defendants. | No. C10-1823-JLR<br><br>**MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS MOTOROLA'S "RAND"-BASED COUNTERCLAIMS**<br><br>**NOTED FOR:**<br>**Friday, July 29, 2011** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | |

## I. INTRODUCTION AND RELIEF REQUESTED

Motorola fails to offer sufficient justification for this Court not to dismiss its redundant RAND-based counterclaims, which needlessly multiply the pleadings in this consolidated action. Motorola's first RAND-based counterclaim, which seeks a "Declaratory Judgment that Motorola has not Breached any RAND Obligations," mirrors exactly Microsoft's breach of contract claim seeking a finding from the Court that Motorola has breached its RAND

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 1

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

obligations. Motorola's second RAND-based counterclaim, which seeks a "Declaratory Judgment that Microsoft has Repudiated and/or Rejected the Benefits of Motorola's RAND Statements" duplicates Motorola's affirmative defense of repudiation.

Motorola will not be prejudiced by the Court's dismissal of its RAND-based counterclaims. The issues addressed by these counterclaims will remain in the case, and Motorola's purported concern that Microsoft could dispose of these issues by voluntarily dismissing its complaint is tempered by the protections afforded by Fed. R. Civ. P. 41(a)(2).

Microsoft respectfully requests that the Court grant its motion and dismiss Motorola's RAND-based counterclaims.

## II. LEGAL ARGUMENT

### A. The Weight of Authority Favors Dismissal of Motorola's Redundant and Duplicative Counterclaims.

"In addition to the general pleading requirements for a claim, a counterclaim must not be 'directed at the allegations of the complaint' but instead must contain 'an independent claim for relief.'" *Erickson v. Brock & Scott, PLLC*, No. 09-cv-2461, 2009 U.S. Dist. LEXIS 114331, *5 (W.D. Tenn. Dec. 8, 2009). Thus, regardless of whether a party has pled facts sufficient to state a claim under Rule 8's pleading requirements, this Court must also determine, in an exercise of its discretion, whether a defendant's insertion of counterclaims seeking solely declaratory relief serve any "useful purpose". *McGraw-Edison Co. v Preformed Line Products Co*, 362 F.2d 339, 342 (9th Cir. 1966).

Motorola's counterclaims do not serve any useful purpose. They raise the same issues – whether Motorola breached its RAND obligations and whether Microsoft's alleged repudiation is a defense to that breach – that the Court will decide in ruling on Microsoft's RAND claims and Motorola's affirmative defenses thereto, regardless of whether Motorola is permitted to maintain its counterclaims. As numerous courts have recognized:

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 2

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

> [I]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before ... dismissing the action. Although federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle yields to considerations of practicality and wise judicial administration. District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses.

*Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, 2006 U.S. Dist. LEXIS 93057, *8 (N.D. Ill. Dec. 20, 2006) (internal quotations and citations omitted).[1]

Motorola relies mainly on *Iron Mountain Sec. Storage Corp. v. American Specialty Foods, Inc.*, 457 F. Supp. 1158 (E.D. Pa. 1978). In *Iron Mountain*, however, the court held that the counterclaim was not superfluous because the defendant sought damages "beyond the scope of the complaint," not simply declaratory relief. *Id.*, at 1162. Several courts have distinguished *Iron Mountain* on this basis. *Stickrath v. Globalstar, Inc.*, No. C07-1941, 2008 U.S. Dist. LEXIS 95127, *12-14, n.3 (N.D. Cal. May 13, 2008) (dismissing declaratory judgment counterclaim as redundant and noting that in *Iron Mountain*, "[t]he court's holding, however, rested on the damages issue"); *Daily v. Fed. Ins. Co.*, No. C 04-3791, 2005 U.S. Dist. LEXIS 46001, *19-20 (N.D. Cal. 2005) (distinguishing *Iron Mountain* because, "the defendants sought more than a declaration in favor of their interpretation of the contract, as

---

[1] *See also McGraw-Edison Co.*, 362 F.2d at 343 (recognizing that declaratory relief may be refused where "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein"); *Interscope Records v. Duty*, No. 05-CV-3744, 2006 U.S. Dist. LEXIS 20214, *10-11 (D. Ariz. Apr. 14, 2006) (dismissing counterclaim for declaration of non-infringement of copyright that would necessarily be decided by ruling on plaintiff's claim for infringement); *Rayman v. Peoples Savings Corp.*, 735 F. Supp. 842, 851-52 (N.D. Ill. 1990) (dismissing as redundant counterclaims that sought the same relief as plaintiff's complaint and defendant's affirmative defenses thereto); *Lincoln Nat'l. Corp. v. Steadfast Ins. Co*, No. 06-cv-00058, 2006 U.S. Dist. LEXIS 38535, *3-5 (June 9, 2006) (dismissing counterclaim seeking declaratory relief on defendant's interpretation of contract where it simply re-packaged defendant's affirmative defenses and was redundant of the issues raised in the plaintiff's complaint); *Principal Life Ins. Co. v. DeRose*, No. 08-cv-2294, 2009 U.S. Dist. LEXIS 109130, *12 (M.D. Pa. Oct. 28, 2009) (finding that "not only does the counterclaim, as pleaded, serve no purpose in this case, but its inclusion in the action needlessly creates the risk of procedural confusion" over who bears burden of proof on mirror-image claims); *Englewood Lending Inc. v. G&G Coachella Investments, LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009); *Richmond v. Centurion Exteriors, Inc.*, No. 10-0734, 2010 U.S. Dist. LEXIS 107054 (M.D. Tenn. Oct. 6, 2010); *United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005); *Green Bay Packaging, Inc. v. Hoganson & Assoc., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973).

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 3

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

they also sought damages for breach of contract"). Motorola seeks no monetary relief on its RAND counterclaims.

The *Daily* court also recognized that, "[a]s for the propriety of striking the counterclaims, there is authority on both sides of the question. Nevertheless, the stronger side favors striking them." *Daily*, 2005 U.S. Dist. LEXIS 460001 at *17.[2] This Court should follow the precedents cited by Microsoft and dismiss Motorola's duplicative and redundant RAND-related counterclaims.

### 1. Motorola's First RAND Counterclaim Is the Mirror-Image of Microsoft's Claim that Motorola Breached its RAND Commitment.

Motorola argues that its First Counterclaim (titled "Declaratory Judgment that Motorola Has Not Breached Any RAND Obligation") is different from – and broader than – Microsoft's claims, which Motorola simplistically labels "breach of contract" and "promissory estoppel." The allegations supporting these claims, which Motorola disregards, show that the relief Microsoft seeks in its Amended and Supplemental Complaint includes a declaration of the same rights Motorola asks the Court to determine as part of its Counterclaim.

In its breach of contract claim, Microsoft alleges that Motorola was "contractually obligated to offer a license to any essential patents consistent with the applicable licensing commitments and the patent policy of the IEEE-Standards Board Bylaws and the ITU-T, respectively."[3] Motorola, by its counterclaim, argues that "Motorola has met and fully discharged any RAND obligations that it owed to Microsoft, through, among other things, its

---

[2] The other case upon which Motorola principally relies, *Righthaven LLC v. Choudhry*, No. 10-CV-2155, 2011 U.S. Dist. LEXIS 48290, *15 (D. Nev. May 3, 2011), is a copyright infringement case. The court recognized that an exception to the general rule exists in patent infringement and trademark cases, and that courts typically do not dismiss as redundant counterclaims alleging that patent or trademark invalidity (this is one reason why Microsoft did not move to dismiss Motorola's patent-related counterclaims). The other cases cited by Motorola are likewise inapposite. *United Merchants & Mfrs, Inc. v. Henderson*, 495 F. Supp. 444, 447 (N.D. Ga. 1980), involved a party's request for certain declaratory relief from the court that the party could not receive from the U.S. Patent Office. *Newcal Indus. V. Ikon Office Solution*, 513 F.3d 1038 (9th Cir. 2008), does not involve allegedly duplicative claims or counterclaims; it is simply involves a claim for declaratory relief.

[3] MSFT Complt. (ECF No. 53), ¶83; MSFT Countercl. (ECF No. 37), ¶105.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1  offers to negotiate a RAND license contained in the letters sent by Motorola to Microsoft...."[4]

2  These claims are two sides of the same coin, as demonstrated by the relief the parties seek:

| Microsoft's Requests for Relief | Motorola's Request for Relief |
|---|---|
| "Adjudge and decree that [Motorola is] liable for breach of contract."[5] | Enter a judgment "[t]hat Motorola has complied with any and all obligations to Microsoft with respect to statements it made to IEEE relating to the 802.11 standard, and to ITU relating to the H.264 Recommendation."[6] |
| "Decree that [Motorola has] not offered royalties to Microsoft under reasonable rates, with reasonable terms and conditions that are demonstrably free of any unfair discrimination"[7] | |
| "Decree that Microsoft is entitled to license from defendants any and all patents that fall within [Motorola's] commitments to the [IEEE and ITU] in relation to [the standards at issue] on a non-discriminatory basis on reasonable terms and conditions.[8] | |

All of the issues raised by Motorola's counterclaim, including the commitments Motorola made to the IEEE and ITU, Motorola's obligations under those commitments, and whether Motorola met those obligations with respect to Microsoft, will necessarily be decided as part of Microsoft's case-in-chief on Microsoft's contract claim.

Contrary to Motorola's assertion, the Court's earlier dismissal of Microsoft's claim for declaratory relief actually supports Microsoft's position that Motorola's substantively identical counterclaim should be dismissed. Microsoft asked the Court to declare "whether Defendants have offered to license to Microsoft patents consistent with Defendants' declarations and the referenced policy of the IEEE-SA Standards Board and the ITU-T."[9] The Court found this

---

[4] Moto. Countercl. No. 1 (ECF No. 68), ¶64; Moto. Countercl. No. 3 (ECF No. 67), ¶79.
[5] MSFT Complt. (ECF No. 53), Prayer ¶A; MSFT Countercl. (ECF No. 37), Prayer ¶J.
[6] Moto. Countercl. (ECF No. 68), Prayer ¶A; Moto. Countercl. (ECF No. 67), Prayer ¶F.
[7] MSFT Complt. (ECF No. 53), Prayer ¶F; MSFT Countercl. (ECF No. 37), Prayer ¶O.
[8] *Id.*, ¶¶G-H.
[9] MSFT Complt. (ECF No. 53), ¶100; MSFT Countercl. (ECF No. 37), ¶122.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

1  claim for relief to be "duplicative" of Microsoft's other claims and dismissed it. As
2  demonstrated in the table above, Motorola's first RAND counterclaim asks the Court to
3  determine the exact question posed by Microsoft's "duplicative" declaratory judgment claim.
4  It should be dismissed for the same reasons.
5      For all of these reasons, the Court should exercise its discretion and dismiss Motorola's
6  duplicative and unnecessary first RAND-based counterclaim.

### 2. Motorola's Second RAND Counterclaim Is Redundant of Motorola's Affirmative Defense and Microsoft's Claims for Relief.

Motorola incorrectly argues that its second RAND-based counterclaim, which seeks a declaration that Microsoft repudiated its right to a RAND offer, seeks broader relief than do Microsoft's claims and Motorola's affirmative defenses. The Court need only compare the relief sought by Motorola in its affirmative defense and counterclaim to recognize that this is not the case:

| Motorola's Repudiation Affirmative Defense | Motorola's Repudiation Counterclaim |
|---|---|
| FOURTH AFFIRMATIVE DEFENSE (Forfeiture/Repudiation)<br><br>Microsoft's [claims] are barred because, by failing to apply for a RAND license and to negotiate the terms of a RAND license and instead filing the present action, Microsoft breached the contract to which it claims to be a third party beneficiary, and failed to satisfy the conditions precedent to any obligations that it was owed as an alleged third party beneficiary, and thereby forfeited all benefits of any purported RAND statement made by Motorola.[10] | Motorola seeks a declaration that by claiming the benefit of Motorola's RAND statements while refusing to undertake any obligations, Microsoft is an unwilling licensee that has, based on the facts of this case, repudiated and/or rejected any rights associated with Motorola's RAND statements, breached Microsoft's alleged contract with Motorola and/or the SSOs, and failed to satisfy the conditions precedent to any obligations that it owed with respect to any such right to a RAND license.[11] |

This complete overlap between Motorola's affirmative defenses and counterclaims

---

[10] Moto. Ans. (ECF No. 68), Aff. Def. #4; Moto.Ans. (ECF No. 67), Aff. Def. #8.
[11] Moto. Countercl. (ECF No. 68), ¶73; Moto. Countercl. (ECF No. 67), ¶88.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 6

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

counsels in favor of dismissal. *Stickrath*, 2008 U.S. Dist. LEXIS 95127 at *15 (dismissal of counterclaim appropriate where it merely restated affirmative defense and served no "useful purpose").[12]

Motorola argues that its repudiation counterclaim should survive because it is broader than Microsoft's affirmative claims and Motorola's repudiation affirmative defense because it provides the basis for Motorola's request for injunctive relief. But Motorola's right to injunctive relief is already being litigated without Motorola's counterclaim. Motorola seeks injunctive relief in its patent infringement complaint against Microsoft involving three H.264-related patents.[13] Microsoft has argued in defense that Motorola's breach of its RAND obligations prohibits it from seeking injunctive relief, and in fact constitutes a separate breach of Microsoft's commitments to the IEEE and ITU.[14]

Microsoft has also alleged that Motorola's attempts to secure injunctive relief constitute separate breaches by Motorola of its commitments to the SSOs in Microsoft's Contract Action.[15] Even if the Court were to rule in Motorola's favor on whether it offered a RAND license, Microsoft's breach claim based on Motorola's filing of patent infringement claims would remain. The two are not mutually dependent. Microsoft alleges Motorola breached its

---

[12] *See also Rayman*, 735 F. Supp. at 853 (dismissing counterclaim where it sought "no affirmative relief as against [plaintiff] other than an adjudication" of the same issues raised by identical affirmative defense); *Gratke v. Andersen Windows, Inc.*, 2010 U.S. Dist. LEXIS 137047, *9 (D. Minn. Dec. 8, 2010) (same); *Lincoln Nat'l Corp.*, 2006 U.S. Dist. LEXIS 38535 at *7-9 (finding that counterclaims seeking to avoid liability on contract were properly characterized as affirmative defenses and dismissing redundant counterclaims); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The term 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so").
[13] Moto. Compl. (ECF No. 29), Prayer ¶(b).
[14] MSFT Countercl. (ECF No. 37), ¶107 ("Because of its SDO contractual duties and the benefits Motorola receives from inclusion of its technology in SDO standards, Motorola has no right to enjoin or exclude Microsoft from implementing the technology of the SDO Litigated Patents.")
[15] MSFT Compl. (ECF No. 53), ¶85 ("[Motorola] further breached these contracts by filing the Motorola Patent Actions, which seek to enjoin Microsoft's implementation of the technology of the SDO Patents in Suit....Defendants are not entitled to enjoin or exclude Microsoft from implementing the technology of the SDO Litigated Patents.")

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 7

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

1  commitments to the SSOs and that that breach precludes Motorola from seeking injunctive
2  relief under the circumstances and instead confines Motorola to recovering RAND licensing
3  terms.[16] Motorola's repudiation counterclaim simply asks the Court to come out the opposite
4  way on the same issue.[17]

5  Motorola claims it should be able to maintain its repudiation counterclaim because the
6  Court's holding on the issue may be important to other actions that are not currently before the
7  court. This same argument has been made to -- and rejected by -- numerous courts in
8  dismissing duplicative counterclaims such as Motorola's. *See Stickrath*, 2008 U.S. Dist.
9  LEXIS 95127, *22-23; *Gratke*, 2010 U.S. Dist. LEXIS 137047 at *14-18. Motorola's
10 duplicative counterclaims cannot survive simply because their resolution may have some
11 hypothetical and speculative effect on other pending or future litigation between the parties.
12 To the extent Motorola believes its repudiation defense may be relevant to another, unspecified
13 action between the parties in which Motorola has not already raised repudiation as an
14 affirmative defense, the proper path is for Motorola to bring its counterclaims in that case.

**B.  Motorola Will Not Be Prejudiced by the Court's Dismissal of Its RAND Counterclaims.**

Motorola argues that it will be prejudiced if the Court grants Microsoft's motion because Microsoft could then voluntarily dismiss its complaint. However, Rule 41(a) provides that a plaintiff cannot terminate an action as of right once the defendant has answered. In *Forstner Chain Corporation v. Gemex Co.*, the court considered this exact issue, finding that:

> The complaint and answer raise all of the issues which should properly come before the Court in this case. Assuming that the counterclaim was filed for the purpose of preventing the plaintiff from withdrawing his cause of action, after answer filed and under Rule 41..., the action cannot be withdrawn without the consent of the Court, and I can't conceive that the Court would permit, in view of what is disclosed by the complaint and

---

[16] *Id.*
[17] Moto. Countercl. (ECF No. 68), ¶74; Moto. Countercl. (ECF No. 67), ¶89.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 8

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

the answer, this cause of action to be thus lightly dealt with. The Court undoubtedly would hold it, if the defendant so desired.

1 F.R.D. 115, 115-16 (D.N.J. 1940).[18] Other courts have recognized that potential prejudice to the defendant is irrelevant – the only question is whether the counterclaims are redundant of the issues raised by the plaintiff's complaint and the defendant's affirmative defenses. *See Lincoln Nat'l. Corp*, 2006 U.S. Dist. LEXIS 38535, at *5-6.

If Microsoft were to move to voluntarily dismiss its complaint, Rule 41 requires that Motorola be given the opportunity to object. There is little doubt that if Microsoft "adopted a course of action which resulted in an unfair prejudice to Defendants as a result of the dismissal of the counterclaim[s] the Court and the parties could revisit [the] issue." *Principal Life Ins. Co.*, 2009 U.S. Dist. LEXIS 109130, *13. Motorola will not be prejudiced by the Court's dismissal of its duplicative and unnecessary RAND-based counterclaims. They should be dismissed.

### III. CONCLUSION

All of the issues raised by Motorola's claims will be determined by the Court in ruling on Microsoft's claims and Motorola's affirmative defenses thereto. Motorola's RAND-based counterclaims add nothing and serve no useful purpose. Motorola will not be prejudiced by the dismissal of its counterclaims. For the reasons set forth in Microsoft's motion to dismiss and herein, and because dismissal would best serve considerations of efficiency, conservation of party and court resources, practicality and wise judicial administration, Microsoft respectfully requests that the Court dismiss Motorola's RAND-based counterclaims.

---

[18] *See also Principal Life Ins. Co. v. DeRose*, No. 08-cv-2294, 2009 U.S. Dist. LEXIS 109130, *13 (M.D. Pa. Oct. 28, 2009) (rejecting argument that dismissal of redundant counterclaims would theoretically prejudice defendant because Rule 41 "places substantial limits on a plaintiff's ability to dismiss claims voluntarily following the filing of an answer.").

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 9

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

DATED this 29th day of July, 2011.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By /s/ Shane Cramer
Arthur W. Harrigan, Jr., WSBA #1751
Christopher Wion, WSBA #33207
Shane P. Cramer, WSBA #35099

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #40185
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA 98052
Phone: 425-882-8080
Fax: 425-869-1327

David T. Pritikin, *Pro Hac Vice*
Richard A. Cederoth, *Pro Hac Vice*
Douglas I. Lewis, *Pro Hac Vice*
John W. McBride, *Pro Hac Vice*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000
Fax: 312-853-7036

Brian R. Nester, *Pro Hac Vice*
Kevin C. Wheeler, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

Counsel for Microsoft Corporation

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 10

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2011, I electronically filed the foregoing document with the Clerk of the Curt using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Motorola Mobility and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

_____
Susie Clifford

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MOTOROLA'S "RAND"-
BASED COUNTERCLAIMS - 11

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717