HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　　　Defendants. | No. C10-1823-JLR<br><br>**JOINT MOTION FOR AMENDED SCHEDULING ORDER**<br><br>**NOTED:  September 21, 2011** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　Defendant. | |

Microsoft Corporation ("Microsoft") and Motorola, Inc. (nka Motorola Solutions, Inc.), Motorola Mobility, Inc., and General Instrument Corporation (collectively "Motorola") respectfully jointly request minor adjustments to the Court's August 5, 2011 Minute Order Setting Trial Dates and Related Dates (Dkt. No. 76) (the "Scheduling Order"), as set forth in Part I of this motion.

**JOINT MOTION FOR AMENDED SCHEDULING ORDER - 1**

In Part II of this motion, the parties request clarification regarding whether an exchange of non-infringement contentions is required in this case.

### I.   Joint Request for Agreed Revisions to Case Schedule

Pursuant to the Scheduling Order, dates may be amended upon a showing of good cause. The parties respectfully submit that there is good cause to amend the current schedule. Under the current schedule, expert reports regarding claim construction are set to be exchanged before the parties exchange proposed constructions. The parties, however, have agreed that they will not rely on expert testimony (or declarations) during the claim construction phase, thereby nullifying the expert report deadlines regarding Markman in the current schedule. Additionally, the parties seek to revise the current schedule to address the timing and necessity of certain exchanges related to the parties' Markman briefing and to assist the parties with their own internal deadlines. The jointly proposed schedule has been designed to maintain the Markman hearing and trial dates this Court set in its August 5, 2011 Scheduling Order. For these reasons, the parties respectfully submit that good cause supports adopting the agreed proposed case schedule set forth herein.

The parties' agreed proposed case schedule is set forth in the table below. The parties jointly request entry of the modified schedule as proposed in the right hand column of table below. As reflected in the table, the parties request a modest extension of the deadlines for: disclosure of preliminary invalidity contentions (one week); exchange of preliminary claim charts (three weeks); submission of the parties' joint claim chart and prehearing statement (two weeks); and submission of opening and responsive claim construction briefs (one week). These extensions will provide the parties with a limited amount of additional time to complete the discovery and analysis necessary to present the claim construction issues as clearly and

**JOINT MOTION FOR AMENDED SCHEDULING ORDER** - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

efficiently as possible, while preserving the previously scheduled date for the Markman hearing.

Where a date was not included in the Court's Scheduling Order, a dash appears in the center column of the table - *e.g.*, the parties propose that a deadline of December 9, 2011 be added for exchange of proposed claim terms for construction.

Where the parties have agreed to forego a particular exchange or disclosure required by the Scheduling Order, a dash appears in the right-hand column. This is the case with respect to expert reports on Markman issues, which the parties have agreed to forego.

Where the proposed date for an event remains unchanged from the original Scheduling Order (as in the case of the Markman hearing and all subsequent dates), the original date appears under both the center and right-hand columns.

| **Event** | **8/5/11 Order** | **Proposed Date** |
|---|---|---|
| Preliminary infringement contentions and disclosure of asserted claims | September 2, 2011 | |
| Disclosure of preliminary invalidity contentions | September 23, 2011 | September 30, 2011 |
| Reports from expert witnesses regarding Markman issues | October 21, 2011 | - - - |
| Rebuttal expert reports regarding Markman issues | November 17, 2011 | - - - |
| Exchange proposed claim terms for construction | - - - | December 9, 2011 |
| Preliminary Claim Chart | December 2, 2011 | December 23, 2011 |
| Joint Claim Chart and Prehearing Statement | December 28, 2011 | January 13, 2012 |
| Opening claim construction briefs (24 pages per side) | January 20, 2012 | January 27, 2012 |
| Responsive claim construction briefs (24 pages per side) | February 3, 2012 | February 10, 2012 |
| Markman hearing at **09:00** AM | **March 9, 2012** | |
| Reports from expert witnesses under FRCP 26(a)(2) due | April 27, 2012 | |

**JOINT MOTION FOR AMENDED SCHEDULING ORDER** - 3

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Rebuttal expert reports due | May 25, 2012 |
| All motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes pursuant to CR7(d)(3) or CR37(a)(2)(B) | June 8, 2012 (*"noted by" date*) |
| Discovery completed by | June 15, 2012 |
| All dispositive motions must be filed by and noted on the motion calendar no later than the fourth Friday thereafter (see CR7(d)) | July 24, 2012 (*"filed by" date*)<br>August 17, 2012 (*"noted by" date*) |
| Settlement conference per CR 39.1(c)(2) held no later than | August 24, 2012 |
| Mediation per CR 39.1(c)(3) held no later than | September 14, 2012 |
| All motions in limine must be filed by and noted on the motion calendar no later than the second Friday thereafter | October 22, 2012 (*"filed by" date*)<br>November 2, 1012 (*"noted by" date*) |
| Agreed pretrial order | November 8, 2012 |
| Pretrial conference to be held at **02:00 PM** on | November 13, 2012 |
| Trial briefs, proposed *voir dire* questions and jury instructions | November 19, 2012 |
| **Jury Trial**<br>(5 days) | **November 26, 2012** |

The parties believe that their jointly proposed revised case schedule provides a reasonable accommodation to the parties without impacting the Markman hearing or trial dates or imposing any additional burden on the Court.  The parties will alert the Court promptly to any circumstances that warrant further modification as events unfold over the next 14 months.

## II.   Request for Clarification Regarding Exchange of Non-Infringement Contentions

**A.   Microsoft's Position:   No Exchange of Non-Infringement Contentions Is Necessary**

The key deadlines leading up to the Markman hearing are identified in the Court's August 5, 2011 Scheduling Order and referenced in the Court's Standing Order for Patent Cases.  These deadlines include, among other things, the exchange of preliminary infringement contentions and preliminary invalidity contentions.  Neither order includes any similar

**JOINT MOTION FOR AMENDED SCHEDULING ORDER** - 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

requirement that the parties exchange non-infringement contentions. Microsoft interprets the Court's orders as modifying the default requirement in Local Patent Rule 121 that non-infringement and invalidity contentions be served 30 days after disclosure of opposing party's infringement contentions.

Microsoft believes that the parties' respective non-infringement positions should be developed as part of the normal discovery process. Microsoft initially objected to Motorola's interrogatory request for Microsoft's non-infringement positions as premature because Motorola had not yet disclosed its infringement contentions. As required by the Court's Scheduling Order, the parties exchanged their respective infringement contentions on September 2, 2011. Having now received Motorola's infringement contentions, Microsoft intends to supplement its interrogatory response in accordance with Fed.R.Civ.P. 26(e). No formal exchange of non-infringement contentions is required.

B.  **Motorola's Position**:  Non-Infringement Contentions Should Be Exchanged on December 2, 2011

Pursuant to the Scheduling Order, all dates not expressly set forth in the Order "are specified in the Local Rules" (Dkt. No. 76 at pg. 2). Because the Order does not set forth a date for noninfringement contentions, the Local Rules apply, thereby making noninfringement contentions due on October 3, 2011 (i.e., thirty (30) days after the exchange of infringement contentions). (L.P.R. 121). Moreover, in response to Motorola's interrogatory requesting Microsoft's noninfringement contentions, Microsoft did not provide a substantive response and instead deferred to the Schedule and Local Rules, stating that it "will provide information in response to this Interrogatory in accordance with the schedule for infringement and invalidity contentions" (Ex. A). Thus, Microsoft previously had agreed to provide its noninfringement contentions in accordance with the Local Rules. Microsoft did not merely object that the

**JOINT MOTION FOR AMENDED SCHEDULING ORDER** - 5

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

requested discovery was premature – it cited to and relied upon the schedule Motorola looked to in reliance upon that objection.

The Local Patent Rules require parties to set forth their positions early in the case and prevent unnecessary motion practice over discovery obligations. Providing noninfringement contentions as required by the Local Rules will focus and potentially narrow the claim construction issues for the Court, thereby maximizing the benefits of the claim construction process. To avoid any further confusion and ensure that the parties exchange noninfringement contentions as set forth in the Local Patent Rules, Motorola respectfully requests that the Court add a December 2, 2011 date to the schedule for the exchange of noninfringement contentions.

### III.     The Parties' Alternative Proposed Orders

For the reasons set forth above, and good cause having been shown, the parties respectfully request that the case schedule be revised to reflect the agreed proposed changes set forth above in Part I and to provide clarification regarding the exchange of non-infringement contentions as requested in Part II:

1. **Microsoft's Proposed Order**. The Proposed Order submitted by Microsoft reflects the parties' agreed proposed changes to the case schedule, identified in the table above in Part I. No deadline for exchange of non-infringement contentions has been added.

2. **Motorola's Proposed Order**. The Proposed Order submitted by Motorola is identical to that proposed by Microsoft, except for the addition of a proposed deadline for exchange of non-infringement contentions -- December 2, 2012.

**JOINT MOTION FOR AMENDED SCHEDULING ORDER** - 6

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**AGREED AND STIPULATED TO:**

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By ___/s/ Christopher Wion_____
    Arthur W. Harrigan, Jr., WSBA #1751
    Christopher Wion, WSBA #33207
    Shane P. Cramer, WSBA #35099

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #21119
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA 98052
Phone: 425-882-8080
Fax: 425-869-1327

John W. McBride, *(pro hac vice)*
David T. Pritikin, *(pro hac vice)*
Richard A. Cederoth, *(pro hac vice)*
Douglas I. Lewis, *(pro hac vice)*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000
Fax: 312-853-7036

Brian R. Nester, *(pro hac vice)*
Kevin C. Wheeler, *(pro hac vice)*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

**Counsel for Microsoft Corp.**

SUMMIT LAW GROUP PLLC

By ___/s/ Philip S. McCune_____
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    *philm@summitlaw.com*
    *lynne@summitlaw.com*

Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9046
*steven.pepe@ropesgray.com*
*jesse.jenner@ropesgray.com*

Norman H. Beamer (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
(202) 508-4693
*Paul.schoenhard.@ropesgray.com*

**Counsel for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument, Corp.**

**JOINT MOTION FOR AMENDED SCHEDULING ORDER** - 7