The Honorable James L. Robart

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

                              Plaintiff,

        v.

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION.,

                              Defendants.

CASE NO. C10-1823-JLR

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOTE ON MOTION CALENDAR: Friday, October 7, 2011**

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# I.   INTRODUCTION

Pursuant to Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") respectfully move this Court for leave to file under seal the following:

1.      Limited portions of Defendants' Opposition to Microsoft's Motion for Partial Summary Judgment;

2.      Exhibits 8 and 15 to the Declaration of Kevin J. Post; and

3.      Exhibits A to the Declaration of David J. Teece.

# II.   BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011.  ECF No. 72.  This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.  Specifically, paragraph 1 states that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets ... amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained....

*Id.* at 1-2.  This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.  Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6....

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1 CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    *Id.* at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states

2    in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in
> writing or in oral testimony, shall be disclosed only *in camera* before the Court
> and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules
> of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by

formal motion pursuant to Local Rule 5(g).  Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case
> or statute specifically permits it, the party must obtain authorization to do so by
> filing a motion to seal or a stipulation and proposed order requesting permission
> to file specific documents under seal.  The court will allow parties to file entire
> memoranda under seal only in rare circumstances.  A motion or stipulation to seal
> usually should not itself be filed under seal.  A declaration or exhibit filed in
> support of the motion to seal may be filed under seal if necessary.  If possible, a
> party should protect sensitive information by redacting documents rather than
> seeking to file them under seal.  A motion or stipulation to seal should include an
> explanation of why redaction is not feasible.

Similarly, the Federal Rules of Civil Procedure recognize that courts should protect trade

secrets or other confidential commercial information by reasonable means, permitting the filing

under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H)

(stating that a court may require that (1) "a trade secret or other confidential research,

development, or commercial information not be revealed or be revealed only in a specified way"

and (2) "the parties simultaneously file specified documents or information in sealed

envelopes…").

Though courts recognize a general right to inspect and copy public records and documents,

including judicial records, the United States Supreme Court has stated that this right is limited.

"[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory

power over its own records and files, and access has been denied where court files might have

become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    (1978).  In discussing examples of improper purposes, the Court indicated that courts are not to

2    serve as "sources of business information that might harm a litigant's competitive standing."  *Id.*

3           As the Ninth Circuit stated:

4           The law, however, gives district courts broad latitude to grant protective orders to
            prevent disclosure of materials for many types of information, including, but not
5           limited to, trade secrets or other confidential research, development, or
            commercial information. See Fed. R. Civ. P. 26(c)(7).  Rule 26(c) authorizes the
6           district court to issue "any order which justice requires to protect a party or person
            from annoyance, embarrassment, oppression, or undue burden."  The Supreme
7           Court has interpreted this language as conferring "broad discretion on the trial
            court to decide when a protective order is appropriate and what degree of
8           protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

9    *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

10     III.   **THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA
                  TO FILE THIS MOTION FOR LEAVE TO SEAL**

11
12          In accordance with the Protective Order and the above-referenced authority, Motorola

     moves to file the following documents under seal for the stated reasons:
13

14   A.     Limited Portions of Defendants' Opposition to Microsoft's Motion for Partial
            Summary Judgment ("Opposition").

15          Motorola respectfully requests that limited portions of its Opposition brief be filed under

16   seal because of citation to, and description of, confidential licensing agreements entered into

17   between Motorola and certain third parties.  Because this information is contained in the

18   Opposition, Motorola has marked this document: "FILED UNDER SEAL: OUTSIDE

19   ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."  This information is

20   highly confidential and proprietary business information.  Disclosure of this information to third

21   parties and other party employees not covered by the protective order would have the potential to

22   lead to competitive harm.  Declaration of Kevin J. Post ("Post Decl."), ¶ 38.  In lieu of sealing the

23   entire Opposition, Motorola has redacted only those portions of its brief that disclose this highly

24   confidential information.  Redactions were made to as little information as possible, leaving the

25   remainder available for public review.

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

B.      Exhibits 8 and 15 to the Declaration of Kevin J. Post.

Exhibit 8 is a true and correct copy of selected pages from the transcript of the Deposition of Kirk Dailey, taken September 2, 2011, *In the Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof* (ITC Investigation No. 337-TA-752).  As indicated on page 125, line 15 through page 126, line 14, this confidential deposition was also taken as part of Case No. C10-1823-JLR by agreement of the parties.  Accordingly, this confidential information is covered by the protective order in both cases.

This deposition transcript was marked CONFIDENTIAL at the request of Motorola.  Throughout his deposition, Mr. Dailey disclosed highly confidential information about Motorola's licenses, licensing history and internal business practices.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Post Decl., ¶ 39.  Due to presence of this highly confidential information throughout the transcript, Exhibit 8 should be sealed in its entirety.

Exhibit 15 is a true and correct copy of selected pages from a document titled CELLULAR ESSENTIAL PROPERTIES CROSS LICENSE AGREEMENT between Motorola, Inc. and Benefon OYJ, dated December 17, 2002, and bearing production numbers MOTM_WASH1823_0023636 through MOTM_WASH1823_0023673.  This license agreement is a highly confidential agreement between Motorola, Inc. and Benefon, a non-party to this litigation.  Although the agreement indicates that the parties may disclose its existence to third parties, the terms of the agreement were kept in confidence.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Post Decl., ¶ 40.  Due to presence of this highly confidential information throughout the license, Exhibit 15 should be sealed in its entirety.

C.      Exhibit A to the Declaration of David J. Teece ("Teece Rebuttal Report").

Exhibit A to the Declaration of David J. Teece is a true and correct copy of the July 15, 2011 Rebuttal Expert Report submitted in *In the Matter of Certain Gaming and Entertainment*

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  *Consoles, Related Software, and Components thereof*, Investigation No. 337-TA-752, before the

2  United States International Trade Commission.  This document discloses and summarizes the

3  details of highly confidential and proprietary information relating to Motorola licenses with third

4  parties and Motorola licensing practice, information believed to be of substantial value to

5  Motorola.  Disclosure of this information to third parties and other party employees not covered

6  by the protective order would have the potential to lead to competitive harm.  Post Decl., ¶ 41.

7  Due to presence of this highly confidential information throughout the Teece Rebuttal Report, and

8  the fact that the report, in its entirety, has been kept confidential in the pending ITC Investigation,

9  pursuant to the protective order in that Investigation, the Teece Rebuttal Report should be sealed

10  in its entirety.  Post Decl., ¶ 42 & Exhibit 21.

## IV.   CONCLUSION

12        For the foregoing reasons, Motorola respectfully requests that this Court order that the

13  following documents be filed under seal:

14        1.       Limited portions of Defendants' Opposition to Microsoft's Motion for Partial

15  Summary Judgment;

16        2.       Exhibits 8 and 15 to the Declaration of Kevin J. Post; and

17        3.       Exhibit A to the Declaration of David J. Teece.

18        DATED this 23rd day of September, 2011.

19                                          SUMMIT LAW GROUP PLLC

20

21                                          By /s/ Philip S. McCune
                                               Philip S. McCune, WSBA #21081
22                                             Lynn M. Engel, WSBA #21934
                                               *philm@summitlaw.com*
23                                             *lynne@summitlaw.com*

24

25

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

And by

Jesse J. Jenner (*pro hac vice*)
Steven Pepe (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9046
*jesse.jenner@ropesgray.com*
*steven.pepe@ropesgray.com*

Norman H. Beamer (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice pending*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
(202) 508-4693
*paul.schoenhard@ropesgray.com*
*kevin.post@ropesgray.com*

***Attorneys for Defendants Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corp.***

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Danielson Harrigan Leyh & Tollefson
*arthurh@dhlt.com*
*chrisw@dhlt.com*
*shanec@dhlt.com*

Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
Richard A. Cederoth, Esq.
Sidley Austin LLP
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*rcederoth@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 23rd day of September, 2011.

/s/        *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001