The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>                v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>                    Defendants. | CASE NO. C10-1823-JLR<br><br>DECLARATION OF KEVIN J. POST<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, September 30, 2011** |

DECLARATION OF KEVIN J. POST
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1.      I am an associate at the law firm of Ropes & Gray LLP, counsel to Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively "Motorola"), Defendants in this action, and am a member in good standing of the bars of the State of New York and the District of Columbia.

2.      I submit this declaration in support of Defendants' Opposition to Microsoft's Motion for Partial Summary Judgment, submitted concurrently herewith.

3.      Attached as Exhibit 1 is a true and correct copy of the article titled "Ballmer Aims to Overcome Mobile Missteps," which was printed from http://online.wsj.com/article/SB10001424052748703466104575529861668829040.html on September 22, 2011.

4.      Attached as Exhibit 2 is a true and correct copy of an October 21, 2011 letter sent by Kirk Dailey, Motorola's Corporate Vice President of Intellectual Property to Horatio E. Gutierrez, Microsoft Corporation's ("Microsoft") Corporate Vice President and Deputy General Counsel.  Attached to the letter is a list of "Motorola Essential Properties, WLAN Annex."  The Annex lists 52 United States and 205 foreign patents and patent applications.

5.      Attached as Exhibit 3 is a true and correct copy of an October 29, 2011 letter sent by Kirk W. Dailey, Motorola's Corporate Vice President of Intellectual Property, to Horatio E. Gutierrez, Microsoft's Corporate Vice President and Deputy General Counsel.  Attached to the letter is a list of "Motorola Essential Properties, ITU-T-H.264."  The Annex lists 26 United States and 151 foreign patents and patent applications.

6.      Attached as Exhibit 4 is a true and correct copy of a June 14, 2011 letter sent by David Heiner, Microsoft's Vice President and Deputy General Counsel, and Amy Marasco, Microsoft's General Manager, Standards Strategy and Policy, to the Federal Trade Commission's Office of the Secretary regarding Patent Standards Workshop, Project No. P11-1204, which is available for download at http://www.ftc.gov/os/comments/patentstandardsworkshop/00009.html.

DECLARATION OF KEVIN J. POST - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

7. Attached as Exhibit 5 is a true and correct copy of selected pages from the IEEE-SA Standards Board Bylaws, which were approved by the IEEE-SA Board of Governors in December 2009.

8. Attached as Exhibit 6 is a true and correct copy of selected pages from the Guidelines for Implementation of the Common Patent Policy for ITU-T/ITU-R/ISO/IEC, dated March 1, 2007.

9. Attached as Exhibit 7 is a true and correct copy of a presentation titled "Standards-Setting, IPR Policies and Stakeholder Considerations," listing Amy Marasco, General Manager, Standards Strategy, Microsoft Corporation as presenter, available at http://www.jisc.go.jp/policy/kenkyuukai/ipr/pdf/S3-3_Marasco.pdf.  A machine translation of the linking page (available at http://translate.google.com/translate?hl=en&sl=auto&tl=en&u=http%3A%2F%2Fwww.jisc.go.jp%2Fpolicy%2Fkenkyuukai%2Fipr%2Fsympo.html) indicates that the presentation was part of an "International Symposium on Intellectual Property Strategy and Standardization," hosted by the Japanese Industrial Standards Committee on December 9, 2008.

10. Attached as Exhibit 8 is a true and correct copy of selected pages from the transcript of the Deposition of Kirk Dailey, taken September 2, 2011, in *In the Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof* (filed under seal).  As indicated on page 125, line15 through page 126, line14, this confidential deposition was also taken as part of Case No. C10-1823-JLR by agreement of the parties.

11. Attached as Exhibit 9 is a true and correct copy of an article titled "Industry Royalty Rate Data Summary," published in the *Licensing Economics Review* in December 2010.

12. Attached as Exhibit 10 is a true and correct copy of an article titled "Technology Royalty Rates in SEC Filings," written by Thomas R. Varner and published in the September 2010 issue of *les Nouvelles*.

DECLARATION OF KEVIN J. POST - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

13. Attached as Exhibit 11 is a true and correct copy of the product information website for Microsoft's Xbox 360 4GB Console (the "Console"), including the "Overview" and "What You Get" portions of the website describing the product, available at http://www.xbox.com/en-US/Xbox360/Consoles/Systems/Xbox3604GB (last visited September 22, 2011). This product information website lists the Console's retail price as $199.99 and states that the Console includes "[b]uilt in Wi-Fi" technology that is "[c]ompatible with b/g/n networks."

14. Attached as Exhibit 12 is a true and correct copy of the product information website for Microsoft Corporation's Xbox 360 Wireless N Networking Adapter (the "Adapter"). The page is publicly available at http://www.xbox.com/en-US/Xbox360/Accessories/CablesNetworking/Xbox360WirelessNNetworkingAdapter (last visited September 22, 2011). This product information website lists the Adapter's retail price as $79.99, and states that the Adapter incorporates the "[h]ighest Wireless N technology standard" and "[w]orks great with existing 802.11g and 802.11b wireless routers and access points."

15. Attached as Exhibit 13 is a true and correct copy of selected pages from the 2011-2 Supplement of Drafting License Agreements (Michael A. Epstein & Frank L. Politano, eds., 4th ed., Vol. 2, 2011).

16. Attached as Exhibit 14 is a true and correct copy of selected pages from Drafting Patent License Agreements (Brian G. Brunsvold & Dennis P. O'Reilley, eds., 5th ed., 2004).

17. Attached as Exhibit 15 is a true and correct copy of selected pages from a document titled CELLULAR ESSENTIAL PROPERTIES CROSS LICENSE AGREEMENT between Motorola, Inc. and Benefon OYJ, dated December 17, 2002, and bearing production numbers MOTM_WASH1823_0023636 through MOTM_WASH1823_0023673 (filed under seal).

18. Attached as Exhibit 16 is a true and correct copy of the Statement of Baryn S. Futa, CEO and Manager, MPEG LA, LLC, which was made before the United States Department of Justice Antitrust Division and the Federal Trade Commission Joint Hearings on Competition and

DECLARATION OF KEVIN J. POST - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Intellectual Property Law and Policy in the Knowledge-Based Economy, available at http://www.ftc.gov/opp/intellect/020417barynfuta.pdf.

19. Attached as Exhibit 17 is a true and correct copy of selected pages from American Bar Association, Section of Science & Technology Law, Committee on Technical Standardization, *Standard Development Patent Policy Manual* (2007).

20. Attached as Exhibit 18 is a true and correct copy of a document titled "Complaint," which was filed with the United States District Court for the Northern District of Texas on February 16, 2008, as Document 1, in Civil Action No. 08-cv-00284K, styled *Research In Motion Ltd. and Research In Motion Corp. v. Motorola, Inc.*

21. Attached as Exhibit 19 is a true and correct copy of a document titled "Declaration of Brian Blasius," which was filed with the U.S. District Court for the Northern District of Texas on April 10, 2008, as Document 33-3, in Civil Action No. 08-cv-00284K, styled *Research In Motion Ltd. and Research In Motion Corp. v. Motorola, Inc.*

22. On January 19, 2011, Microsoft served its first set of discovery on Motorola. This discovery included 8 Interrogatories and 30 Requests for Production directed to, *inter alia*:

- (1) The licenses Motorola has granted to its 802.11 and/or H.264 essential patents;
- (2) Motorola's offers to license its 802.11 and/or H.264 essential patents, including the process by which royalty rates are determined and the annual revenue Motorola is receiving under the agreements;
- (3) Motorola's communications with the Institute of Electrical and Electronics Engineers ("IEEE") and International Telecommunication Union ("ITU") regarding the 802.11 and H.264 standards, respectively, its involvement with the adoption of those standards, its patent statements, licensing declarations and letters of assurance, and its obligations under those submissions;
- (4) The licenses Motorola has been offered and/or entered into for any third party's 802.11 and/or H.264 patents and the royalties Motorola is paying under those agreements;
- (5) Motorola's identification of its 802.11 and H.264 essential patents and its essential patent licensing policies; and

DECLARATION OF KEVIN J. POST - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

- (6) Any complaints lodged by Motorola or a third party relating to an unreasonable royalty and/or any complaints filed claiming the infringement of Motorola's 802.11 and/or H.264 essential patents.

23. On January 28, 2011, Motorola served its own set of discovery on Microsoft. Motorola's discovery included 10 Interrogatories and 65 Requests for Production, directed to, *inter alia*:

- (1) Microsoft's current and past licensing practices and policies;
- (2) Microsoft's decision to implement the 802.11 and/or H.264 standard;
- (3) Microsoft's basis for claiming that Motorola's offer letters breached its RAND commitment to the IEEE and ITU, and the basis for Microsoft's claim of irreparable harm
- (4) Microsoft's method of determining a RAND rate for 802.11 and/or H.264 essential patents, including its identification of any upper and/or lower bound to such a rate
- (5) Microsoft's corporate structure and general corporate information;
- (6) Microsoft's essential patent and/or RAND patent licenses and any offer that preceded that licensing agreement, along with the royalties charged or paid by Microsoft on RAND terms and/or for essential patents;
- (7) Microsoft's evaluation and/or valuation of Motorola's 802.11 and/or H.264 patent portfolio;
- (8) Microsoft's essential patent statements, declarations and letters of assurance; and
- (9) Any complaint by Microsoft that a third party has demanded a unreasonable royalty.

24. On February 7, 2011, the parties served one another with their initial disclosures, identifying persons with potentially discoverable information, along with the disclosure of other information required by Rule 26(a)(1), Fed. R. Civ. P. In total, the parties specifically identified 10 persons or companies that may have potentially discoverable information. None of these individuals has been noticed personally for deposition by either party, although as discussed below, Kirk Dailey, identified on both Motorola Mobility's and Microsoft's disclosures, was deposed as Motorola's Rule 30(b)(6) witness for certain topics.

DECLARATION OF KEVIN J. POST - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

25. On February 18, 2011, Motorola provided Microsoft with its responses to Microsoft's discovery requests. As part of those responses, in light of its objections to Microsoft's requests, Motorola identified 15 persons knowledgeable about certain topics, provided substantive responses where appropriate, indicated that it would produce documents responsive to the requests pursuant to Rule 33(d), Fed. R. Civ. P., and indicated that its investigation was ongoing. As additional responsive, non-privileged information was identified, Motorola stated that it would supplement its response pursuant to Rule 26(e), Fed. R. Civ. P. Motorola has not yet provided supplemental responses. Thereafter, on February 28, 2011, Microsoft answered Motorola's discovery in substantially the same way, except that it (1) failed to identify any knowledgeable witnesses regarding certain topics and (2) offered to meet and confer to narrow the scope of what it believed to be objectionably broad requests. The parties have not yet met and conferred to discuss the scope of Motorola's discovery and Microsoft has not yet supplemented any of its discovery responses.

26. For the next several months, the parties continued to negotiate with one another regarding the scope of an appropriate protective order in the case and were engaged in other co-pending litigation in other district courts and the International Trade Commission. On April 22, 2011, after conforming their various requests across the various cases regarding the protection of confidential information, Microsoft and Motorola filed a stipulation requesting entry of a protective order in this case.

27. On May 12, Microsoft notified Motorola that it had served subpoenas on two third parties: the IEEE and MPEG LA. Microsoft's IEEE subpoena sought the production of documents relating to (1) Motorola's participation in the IEEE, including communications between Motorola and the IEEE; (2) Motorola's 802.11 essential patents and the infringement thereof; (3) the IEEE's policies regarding RAND; and (4) royalty rates contained in patent licenses directed to 802.11 technology. Similarly, Microsoft's MPEG LA subpoena sought the production of documents relating to (1) communications between Motorola and MPEG LA regarding its

DECLARATION OF KEVIN J. POST - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  H.264 patent pool and (2) all agreements, licenses and contracts between Licensors, Licensees
2  and/or MPEG LA regarding H.264 essential patents. Less than two weeks later, on May 25,
3  Microsoft revised these subpoenas, this time including requests directed to (1) Motorola's IEEE
4  Committee activities and (2) communications between Motorola and other H.264 licensor's that
5  were in MPEG LA's possession.

6  28.  In response to these subpoenas, both the IEEE and MPEG LA produced documents
7  to Microsoft and Motorola. No depositions have been scheduled or taken. Motorola is continuing
8  to review the materials produced by both the IEEE and MPEG LA. As discussed in greater detail
9  below, Motorola anticipates serving its own subpoena on the IEEE shortly. Motorola has not
10 determined at this point whether an additional subpoena of MPEG LA is necessary, but expects
11 that some additional discovery from MPEG LA, including (1) its process for determining
12 appropriate royalty rates for its H.264 pool, (2) its communications with licensees regarding those
13 rates and (3) its communications with licensees regarding bilateral, non-pool H.264 licenses will
14 be taken.

15 29.  At around the same time, Microsoft served its May 24, 2011 30(b)(6) Notice of
16 Deposition on Motorola Mobility. The 16 topics were generally directed to, *inter alia*:
17 (1) Motorola's decision-making process for royalty rates for its 802.11 and/or H.264 essential
18 patents; (2) Motorola's decision to offer licenses at 2.25% for its 802.11 and/or H.264 essential
19 patents, including how that offer complied with any RAND obligations to the IEEE and/or ITU;
20 (3) Motorola's attempts to obtain or offer licenses to essential patents on RAND terms, including
21 its 802.11 and H.264 patents; (4) Motorola's patent statements and letters of assurances for its
22 H.264 and 802.11 essential patents, respectively; (5) Motorola's acquisition of Symbol and the
23 relationship between Motorola Mobility, Motorola Solutions an General Instrument;
24 (6) Motorola's participate in standards-setting organizations, including the IEEE and ITU;
25 (7) Motorola's revenue from RAND-related licenses; and (8) Motorola's efforts to develop its
26 802.11- and H.264-essential technology. This Notice was supplemented by Microsoft on July 21.

DECLARATION OF KEVIN J. POST - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

In that supplemental notice, Microsoft narrowed the number of topics from 16 to 5. Of the 16 original topics, Microsoft only included 5 topics generally directed to, *inter alia*: (1) the RAND royalty rates included in Motorola's 802.11 and H.264 offer letters; and (2) Motorola's acquisition of Symbol and the interrelationship between Motorola Mobility, Motorola Solutions and General Instrument.

30.  Three days after serving its first 30(b)(6) Notice, on May 27, Microsoft served 15 Requests for Admission, directed to topics regarding (1) Motorola's participation in the IEEE and ITU; (2) the royalty rate included in Motorola's offers for 802.11 and H.264 licenses; and (3) Motorola's RAND obligation under the IEEE's and ITU's respective patent policies. Motorola provide responses to these Requests on June 27, subject to its objections.

31.  During the interim, Microsoft served an additional third-party subpoena, this time on VIA Licensing. Microsoft's June 6 subpoena was directed to, *inter alia*, documents related to: (1) communications between Motorola and VIA Licensing regarding its 802.11 patent pool and (2) all agreements, licenses and contracts between Licensors, Licensees and/or VIA Licensing regarding 802.11-essential patents. VIA Licensing objected to Microsoft's subpoena on June 20 and produced documents shortly thereafter. No depositions have been scheduled or taken. Motorola is continuing to review the materials produced by VIA Licensing. Motorola has not determined at this point whether an additional subpoena of VIA Licensing is necessary, but expects that some additional discovery from VIA Licensing, including (1) its process for determining appropriate royalty rates for its 802.11 pool, (2) its communications with licensees regarding those rates and (3) its communications with licensees regarding bilateral, non-pool 802.11 licenses will be taken.

32.  Only July 21, 2011, this Court issued the Protective Order Regarding the Disclosure and Use of Discovery Materials in this case (D.I. 72). The Protective Order provided the parties with appropriate protection of confidential business information, as well as highly proprietary source code.

DECLARATION OF KEVIN J. POST - 8
CASE NO. C10-1823-JLR

33.     Two days later, on July 23, Motorola produced documents totaling 26,620 pages to Microsoft. After being informed that the production media was corrupt, Motorola provided a replacement production to Microsoft on July 26. To date, Motorola has produced documents totaling 27,931 pages. Motorola continues to review documents for production in this case and intends to supplement its production. In particular, Motorola continues to (1) review its prior licenses and negotiation documents, (2) obtain third-party permission to produce relevant materials; and (3) review its communications with the IEEE, ITU and various patent pools. Motorola will supplement its production as that review proceeds.

34.     On July 28, 2011, Microsoft began producing documents to Motorola in this case. To date, Microsoft has produced documents totaling 1,020,143 pages to Motorola.[1] Motorola's review and analysis of these documents is ongoing. Based on Motorola's review to date, however, Microsoft has yet to produce any patent license agreements (RAND, essential or otherwise). Similarly, Microsoft has yet to produce any licensing offers or documents regarding negotiations. And Microsoft has not yet produced any documents describing its licensing policies. Collectively, these yet-to-be produced documents are responsive to at least Motorola's Request for Production Nos. 6, 7, 9, 13-17, and 20-22. As described in Motorola's Opposition to Microsoft's Motion for Partial Summary Judgment, these materials are directly relevant to Microsoft's claim that Motorola breached its RAND obligations to the IEEE and ITU when it make the offers-at-issue.

35.     Finally, in July and August 2011, following the exchange of Motorola's objections, the parties endeavored to schedule a deposition for certain of the topics constrained in its 30(b)(6) Notices of Deposition. Attached as Exhibit 20 is a true and correct copy of an email string between counsel for Microsoft and counsel for Motorola, concluding with an August 21, 2011 email from Steven Pepe, counsel for Motorola to Ellen Robbins, counsel for Microsoft, among other recipients, regarding the deposition of Kirk Dailey, as Motorola's representative for Topics

---

[1] Following transfer of Case No. 2:11-cv-00343-JLR to this District, and that case's subsequent consolidation with this action, Microsoft's document production includes documents that are purportedly related the claims, issues and requests originally filed in that patent action in the Western District of Wisconsin.

DECLARATION OF KEVIN J. POST - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1-5 of Microsoft's July 21 Notice.  After some final rescheduling due to the parties' hearing in ITC Investigation No. 337-TA-744, that deposition took place on September 2, 2011.  Microsoft has not yet taken the deposition of a Motorola corporate witness for 11 of the topics in its May 24, 2011 30(b)(6) deposition notice.

36.   The parties continue to pursue discovery.  Motorola has been engaged in a comprehensive review of Microsoft's document production and will be notifying Microsoft shortly regarding deficiencies in Microsoft's production to date, including the production of Microsoft's standards-essential patent licenses and offers for those licenses.  Motorola also intends to follow up with additional discovery as the parties determine the extent of Microsoft's infringement of Motorola's 802.11 and H.264 essential-patent portfolios.  Discovery will also relate to the cost to Microsoft of implementing potential alternatives and substitutes to the essential technology-at-issue.

37.   Motorola is also preparing and will serve shortly several third-party subpoenas.  Specifically, Motorola will be serving subpoenas for documents and a witness on both the IEEE and the ITU (including possibly MPEG LA and VIA Licensing, as discussed above) relating to at least: (1) the development of each SSOs IPR Policy; (2) correspondence and communications with members regarding these policies; and (3) whether the SSO has taken a position regarding a member's obligation to make a RAND offer.  Motorola believes that as the parties' respective documents productions are supplemented, certain party witnesses will become known and additional depositions can be scheduled and taken.  This includes the identification and potential deposition of as-yet unidentified third parties regarding (1) the value they place on the 802.11 and H.264 patents and technology in relation to each their product lines; (2)  the terms under which they have entered into 802.11 and/or H.264 patent portfolios; and (3) the value and cost of potential alternative technologies and substitutes to the Motorola patented technology at the time they were incorporated to the 802.11 and H.264 standards by the IEEE and ITU, respectively.

DECLARATION OF KEVIN J. POST - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

38. The redacted financial and licensing information contained in Defendants' Opposition to Microsoft's Motion for Partial Summary Judgment is highly confidential and proprietary business information protected by paragraph 6 of the Protective Order. ECF No. 72 at 4. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.

39. The selected pages of the transcript of the Dailey deposition attached as Exhibit 8 to this declaration contains financial and licensing information that is highly confidential and proprietary business information protected by paragraph 6 of the Protective Order. ECF No. 72 at 4. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.

40. The selected pages of the Benefon license attached as Exhibit 15 to this Declaration contains financial and licensing information that is highly confidential and proprietary business information protected by paragraph 6 of the Protective Order. ECF No. 72 at 4. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.

41. The Teece Rebuttal Report attached as Exhibit A to the Declaration of David J. Teece contains financial and licensing information that is highly confidential and proprietary business information protected by paragraph 6 of the Protective Order. ECF No. 72 at 4. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.

42. Attached as Exhibit 21 is a true and correct copy of a document titled Order 1: PROTECTIVE ORDER, which was issued as Order No. 1 by ALJ Charneski in ITC Investigation No. 337-TA-752 on Dec. 23, 2010.

DECLARATION OF KEVIN J. POST - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  I declare under penalty of perjury of the laws of the United States and the State of
2  Washington that the foregoing is true and correct.
3  DATED this 23rd day of September, 2011.

4
5  _____
           Kevin J. Post
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DECLARATION OF KEVIN J. POST - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Arthur W. Harrigan, Jr., Esq.
>Christopher T. Wion, Esq.
>Shane P. Cramer, Esq.
>Danielson, Harrigan, Leyh & Tollefson LLP
>*arthurh@dhlt.com*
>*chrisw@dhlt.com*
>*shanec@dhlt.com*

>Brian R. Nester, Esq.
>David T. Pritikin, Esq.
>Douglas I. Lewis, Esq.
>John W. McBride, Esq.
>Kevin C. Wheeler, Esq.
>Richard A. Cederoth, Esq.
>Sidley Austin LLP
>*bnester@sidley.com*
>*dpritikin@sidley.com*
>*dilewis@sidley.com*
>*jwmcbride@sidley.com*
>*kwheeler@sidley.com*
>*rcederoth@sidley.com*

>T. Andrew Culbert, Esq.
>David E. Killough, Esq.
>Microsoft Corp.
>*andycu@microsoft.com*
>*davkill@microsoft.com*

DATED this 23rd day of September, 2011.

/s/  *Marcia A. Ripley*
Marcia A. Ripley

DECLARATION OF KEVIN J. POST - 13
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001