# EXHIBIT 21

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN GAMING AND ENTERTAINMENT CONSOLES, RELATED SOFTWARE, AND COMPONENTS THEREOF** | **Inv. No. 337-TA-752** |

## Order 1: PROTECTIVE ORDER

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. 210.5;

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information.

272

2. (a) Any information submitted, in prehearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. During the prehearing phase of this investigation, such information whether submitted in writing or in oral testimony shall be disclosed only *in camera* before the Commission or the Administrative Law Judge.

(b) The Administrative Law Judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein. If such a determination is made by the Administrative Law Judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3. In the absence of written permission from the supplier or an order by the Commission or the Administrative Law Judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are

2

273

employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of certain gaming and entertainment consoles, related software, and components thereof, which are the subject of this investigation); (iv) the Commission, the Administrative Law Judge, the Commission staff, and personnel of any governmental agency as authorized by the Commission; and (v) the Commission, its employees, and contract personnel who are acting in the capacity of Commission employees, for developing or maintaining the records of this investigation or related proceedings for which this information is submitted, or in internal audits and investigations relating to the programs and operations of the Commission pursuant to 5 U.S.C. Appendix 3.[1]

4. Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i) and (iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the Secretary of this Commission: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this investigation.

5. If the Commission or the Administrative Law Judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such

---

[1] *See* Commission Administrative Order 97-06 (Feb. 4, 1997).

3

274

persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the Administrative Law Judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

6. Any confidential business information submitted to the Commission or the Administrative Law Judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

7. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the Administrative Law Judge rules, after an opportunity for hearing, was

4

275

publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8. The Commission, the Administrative Law Judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of

5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the Administrative Law Judge.

9. Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Commission or the Administrative Law Judge that information designated as confidential, is no longer confidential, the Commission, the Administrative Law Judge, and the Commission investigative attorney shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation:  (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the substance of or access of such confidential business information, other than those authorized pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and (ii) any proposal to declassify or make public any such confidential business information; and (b) providing the supplier at least seven days after receipt of such inquiry or request within which to take action before the Commission, its Freedom of Information Act Officer, or the Administrative Law

5

Judge, or otherwise to preserve the confidentiality of and to protect its rights in, and to, such confidential business information.

10. If while an investigation is before the Administrative Law Judge, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2, disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Administrative Law Judge. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Administrative Law Judge who will rule upon the matter. The Administrative Law Judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11. No less than 10 days (or any other period of time designated by the Administrative Law Judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as

6

277

inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Administrative Law Judge for a ruling.  If the investigation is before the Commission the matter shall be submitted to the Commission for resolution.  The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the Administrative Law Judge.  The terms of this paragraph shall be inapplicable to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12.  If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Administrative Law Judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.  Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge concerning the issue of the status of confidential business information.

14.  Upon final termination of this investigation, each party that is subject to this order shall assemble and return to the supplier all items containing confidential business information submitted in accordance with paragraph 2 above, including all copies of such

7

278

matter which may have been made.  Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place.  This paragraph shall not apply to the Commission, including its investigative attorney, and the Administrative Law Judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy those additional copies in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17. Confidential Source Code shall mean human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Confidential Source Code includes, without limitation, computer code; scripts; assembly; object code; source code listings and descriptions of source code; object code listings and descriptions of object code; Hardware Description Language (HDL); Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip; similarly sensitive implementation details; files containing text written in "C," "C++," assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages; ".include files;" "make" files; link files; and other human-readable text files used in the generation and/or

8

279

building of software directly executed on a microprocessor, microcontroller, or DSP. Confidential Source Code is a form of, and shall be afforded all of the same protections as, confidential business information as defined in paragraph 1 hereto unless otherwise provided in paragraphs 17 to 21. The restrictions herein on Confidential Source Code do not apply to publically-available source code available as open source code.

18. To the extent that a party wishes to obtain access to Confidential Source Code, the following procedures may apply at the option of the supplier. Nothing in this Order shall be construed as a representation or admission by a party that Confidential Source Code is properly discoverable in this action, or to obligate any party to produce Confidential Source Code. To the extent production of Confidential Source Code becomes necessary to the prosecution or defense of the case, the supplier may designate Confidential Source Code as "[SUPPLIER'S NAME] CONFIDENTIAL SOURCE CODE — OUTSIDE ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER."

19. Unless otherwise ordered by the Administrative Law Judge, Confidential Source Code designated as "[SUPPLIER'S NAME] CONFIDENTIAL SOURCE CODE — OUTSIDE ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER" shall be subject to the provisions set forth in paragraphs 17 to 21, and may be disclosed, subject to paragraphs 17 to 21, solely to:

(a) outside counsel representing the parties to this investigation, as defined in paragraph 3(i), including necessary secretarial and support personnel regularly employed by and assisting such counsel, except that, unless otherwise agreed, no outside counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Confidential Source

9

Code designated as "[SUPPLIER'S NAME] CONFIDENTIAL SOURCE CODE —

OUTSIDE ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER;"

(b)  any outside expert or consultant retained by a party for the purposes of this

investigation and who satisfies paragraph 3(iii) of this Order, provided that disclosure is

only to the extent necessary to perform such work; and provided that: (i) such expert or

consultant has agreed to be bound by the provisions of this Order as required by

paragraphs 3, 4, and 11 of this Order, (b) such expert or consultant is not involved in

competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465,

1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party in the technical

subject matter of the confidential business information produced, and (c) no unresolved

objections to such disclosure exist after proper notice has been given to all parties as set

forth in paragraphs 3, 4, and 11 of this Order;

(c)  court reporters, stenographers, and videographers retained to record testimony

taken in this investigation, provided that such court reporters, stenographers, and

videographers have agreed to be bound by the provisions of this Order as required by

paragraph 4 of this Order;

(d)  the Commission, its employees, the Administrative Law Judge, and the

Commission Investigative Staff;

(e)  any persons who are witnesses during a deposition, court hearing, or trial

where specific documentary or testimonial evidence establishes at that time that the

Confidential Source Code or portion of the Confidential Source Code was authored or

received by the witness without any violation of any confidentiality obligation owed to any

party in this investigation;

10

281

(f) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(g) any other person with the prior written consent of the supplier.

20. The parties shall meet and confer regarding the proper method of production of all Confidential Source Code.

21.     Access to and review of the Confidential Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this investigation.  No person shall review or analyze any Confidential Source Code for purposes unrelated to this investigation, nor may any person use any knowledge gained as a result of reviewing Confidential Source Code in this investigation in any other pending or future dispute, proceeding, patent prosecution, or litigation.

22. The Secretary shall serve a copy of this order upon all parties.

Carl C. Charneski
Administrative Law Judge

Issued: December 23, 2010

11

282

**Attachment A**

## NONDISCLOSURE AGREEMENT FOR
## REPORTER/STENOGRAPHER/TRANSLATOR

I, _____, do solemnly swear or affirm that I will not divulge any

information communicated to me in any confidential portion of the investigation or hearing

in *Certain Gaming And Entertainment Consoles, Related Software, And Components*

*Thereof*, 337-TA-752, except as permitted in the protective order issued in this case.  I will

not directly or indirectly use, or allow the use of such information for any purpose other

than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to

any person reveal the nature or content of any information communicated during any

confidential portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the

participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified

above is a violation of the Federal Criminal Code and punishable by a fine of up to

$10,000, imprisonment of up to ten (10) years, or both.


Signed _____

Dated _____

Firm or affiliation _____


283

CERTAIN GAMING AND ENTERTAINMENT CONSOLES, RELATED SOFTWARE, AND COMPONENTS THEREOF                    337-TA-752

## PUBLIC CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **ORDER NO. 3** has been served by hand upon the Commission Investigative Attorney Anne Goalwin, Esq., and the following parties as indicated, on _____ DEC 2 7 2010 _____.


Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, D.C.  20436


**FOR COMPLAINANT MOTOROLA MOBILITY, INC. AND GENERAL INSTRUMENT COR.:**


Charles F. Schill                                    ( ) Via Hand Delivery
**STEPTOE & JOHNSON LLP**                             ( ) Via Overnight Mail
1330 Connecticut Avenue, NW                           (x) Via First Class Mail
Washington. DC 20036                                  ( ) Other: _____


**RESPONDENT MICROSOFT CORP..**


Microsoft Corp.                                       ( ) Via Hand Delivery
One Microsoft Way                                     ( ) Via Overnight Mail
Redmond, WA 98052                                     (x) Via First Class Mail
                                                      ( ) Other: _____


284

**CERTAIN GAMING AND ENTERTAINMENT CONSOLES, RELATED SOFTWARE, AND COMPONENTS THEREOF**                           **337-TA-752**

<u>PUBLIC  MAILING  LIST</u>

Heather Hall
LEXIS-NEXIS
9443 Springboro Pike
Miamisburg, OH 45342


Kenneth Clair
Thomson West
1100 Thirteen Street, NW, Suite 200
Washington, D.C.  20005

285