The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | CASE NO. C10-1823-JLR<br><br>MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, November 18, 2011** |
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs/Counterclaim Defendant,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant/Counterclaim Plaintiff. | |

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Despite earlier diligent efforts, Defendants Motorola Mobility, Inc. ("Motorola Mobility") and General Instrument Corporation ("General Instrument") (collectively, "Motorola") discovered eight new, material prior art references after the September 30, 2011 service of its original Invalidity Contentions. Motorola respectfully requests leave to amend its Invalidity Contentions, as contemplated by and permitted under Local Patent Rule ("LPR") 124.

At this early stage of the case, an amendment to Motorola's Invalidity Contentions would not prejudice Microsoft. Over seven months remain in the discovery period, claim construction activities do not begin until December 2, 2011 (at which time the parties will exchange an identification of the terms to be construed), and Microsoft has been aware of 7 of these prior art references since early October. Yet Microsoft surprisingly refuses to consent to Motorola's request to amend. Microsoft effectively conceded its lack of prejudice in these circumstances by requesting and receiving Motorola's agreement not to oppose Microsoft's motion to amend its preliminary Infringement Contentions. The Court granted Microsoft's (Unopposed) Motion for Leave to Amend Preliminary Infringement Contentions on October 31, 2011 (ECF No. 107).

Motorola's request creates no more prejudice than Microsoft's recent unopposed motion. Like Microsoft, Motorola should be allowed leave to amend.

## II. BACKGROUND

The patents asserted against Motorola in this case—U.S. Patent No. 6,339,780 ("the '780 patent") and U.S. Patent No. 7,411,582 ("the '582 patent")—were originally asserted against Motorola by Microsoft in counterclaims raised in the Western District of Wisconsin on January 25, 2011 (3:10-cv-00699-bbc).[1] Upon Microsoft's assertion of the '582 and '780 patents in the Wisconsin action, Motorola began searching for prior art. Motorola received preliminary results from two searches in February 2011, only a matter of weeks after Microsoft served its

---

[1] The '699 action was transferred to this Court on February 18, 2011 and consolidated with this action.

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

counterclaims (Yothers Decl., ¶¶ 3-4).[2]  Since that time, Motorola has diligently sought and followed up on prior art leads.

On August 5, 2011, the Court entered a scheduling order requiring the exchange of Infringement Contentions on September 2 and the exchange of Invalidity Contentions on September 23 (ECF No. 76).  The deadline for the exchange of Invalidity Contentions was later extended to September 30 (ECF No. 93).  The parties are scheduled to exchange Noninfringement Contentions and proposed claim terms for construction on December 2 (ECF No. 93).

In its January 25, 2011 counterclaims, Microsoft asserted just five claims of the '780 patent and two claims of the '582 patent (C11-343JLR ECF No. 37).  In contrast, Microsoft's September 2 Infringement Contentions accuse Motorola of infringing *27* claims of the '582 patent and *27* claims of the '780 patent (Ex. 2).[3]  Motorola immediately marshaled its resources to conduct additional prior art searches relevant to the newly-asserted claims (Yothers Decl., ¶ 7).  Despite the significant increase in the number of asserted claims, on September 30, 2011, Motorola provided detailed preliminary Invalidity Contentions for all of the asserted claims (Ex. 3).

Since September 30 and due to Microsoft's assertion of 47 new claims on September 2, Motorola has continued its search efforts and has uncovered additional material prior art.  Specifically, on October 1, a consultant to Motorola identified a television program that, on information and belief, was aired on KCSM TV in San Mateo, California on August 1, 1990.  Yothers Decl., ¶ 9.  The program, titled "The Computer Chronicles", included a "HyperCard Update" that demonstrated the use of a HyperCard-based program called Culture 1.0 (*Id.*, ¶ 9).  This program is material prior art to Microsoft's '780 patent and, despite Motorola's diligent

---

[2] "Yothers Decl." refers to the Declaration of Stuart W. Yothers in Support of Motorola's Motion for Leave to Amend Its Invalidity Contentions, filed concurrently herewith.

[3] "Ex. __" refers to the corresponding exhibit to the Declaration of Stuart W. Yothers in Support of Motorola's Motion for Leave to Amend Its Invalidity Contentions, filed concurrently herewith.

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

efforts, this prior art was not previously identified. Motorola produced this video and several screen shots to Microsoft on October 3, within 48 hours of discovery. (*Id.*)

Additionally, on October 7, 2011—one week *after* Motorola served its preliminary Invalidity Contentions—Barnes & Noble[4] identified 89 prior art references regarding the '780 patent to the United States International Trade Commission ("USITC") in a Notice of Prior Art (Ex. 4). Although undeniably responsive to Motorola's discovery requests, Microsoft did not, *and still has not*, produced the prior art list. Nor does it appear that Microsoft has produced any of the prior art identified by Barnes & Noble. On October 19, as part of its continued search for prior art, Motorola's attorneys identified Barnes & Noble's Notice of Prior Art and retrieved it from the USITC's Electronic Document Information System ("EDIS"). Yothers Decl., ¶ 10.

Because prior art searches will often yield different results, a number of the prior art references Barnes & Noble identified as a result of its searches were not previously identified by Motorola in its searches. Motorola immediately undertook efforts to obtain copies of these prior art references so that it could analyze and produce them. (*Id.*) Further, on October 24, 2011, Motorola received and reviewed new prior art references to the '582 patent that were identified by a Motorola consultant. (*Id.*, ¶ 11.)

Of all the newly identified prior art, Motorola seeks leave to add invalidity contentions with respect to only eight additional pieces of prior art: (i) HyperCard; (ii) five patents and one publication identified by Barnes & Noble as prior art to the '780 patent; and, (iii) one patent Motorola's consultant identified as prior art to the '582 patent. Motorola seeks leave to supplement its Invalidity Contentions with five new claim charts directed to the newly identified art and to amend the obviousness combinations identified in its September 30 preliminary Invalidity Contentions solely to include additional obviousness combinations based on the newly discovered prior art. These changes are reflected in the proposed amended preliminary Invalidity

---

[4] Microsoft is asserting the '780 patent against Barnes & Noble, and other defendants, before the USITC (*In the Matter of Certain Handheld Electronic Computing Devices, Related Software, and Components Thereof*, Investigation No. 337-TA-769).

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

Contentions that Motorola provided to Microsoft as supplementation to discovery responses, on November 8, 2011 (attached as Ex. 5).

On October 7, 2011, Microsoft approached Motorola about its desire to amend its Infringement Contentions to accuse an additional Motorola product of infringement—the Droid Bionic XT875 ("Bionic") (Ex. 8). Although the release of the Bionic was announced in late August (Exs. 6 and 7) (*before* Microsoft's infringement contentions were due), Microsoft asserted that it learned about the launch of the Bionic through a September 7, 2011 press release (ECF No. 106).

In light of the early stage of this case, the lack of bona fide prejudice that would result from adding the Bionic to Microsoft's infringement contentions and to avoid burdening the Court with unnecessary motion practice, Motorola did not oppose Microsoft's request (Ex. 9). In its discussions with Microsoft regarding this amendment, Motorola asked Microsoft to agree to a joint stipulation authorizing both Microsoft's amendment of its Infringement Contentions and Motorola's amendment of its Invalidity Contentions (Ex. 10).[5] When making this request, Motorola represented to Microsoft's counsel that the prior art it planned to add was not previously identified (Exs. 9 and 10). Without identifying any prejudice, Microsoft refused (Ex. 11).

### III.   ARGUMENT

Invalidity Contentions may be amended by order of the Court upon a timely showing of good cause. LPR 124. Local Patent Rule 124 sets forth "[n]on-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause," including "recent discovery of material prior art despite earlier diligent search." These are precisely the facts at hand.

Rules governing the amendment of invalidity contentions are meant to avoid the "shifting sands" approach to claim construction. *Play Visions, Inc. v. Dollar Tree Stores, Inc.*, No. 09-

---

[5] Motorola's October 17, 2011 proposed Joint Stipulation indicated only one additional prior art reference (*i.e.*, HyperCard), because Motorola had not yet identified the additional prior art that now also forms the basis of this motion.

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1769, 2 (W.D. Wash. Nov. 30, 2010) (J. Pechman) (order granting motion to amend preliminary invalidity contentions) (*citing Halo Elecs., Inc. v. Bel Fuse Inc.*, 2010 WL 3489593, at *1 (N.D. Cal. Sept. 3, 2010)) (Ex. 12); *Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, 2008 U.S. Dist. LEXIS 75495, at *13 (N.D. Cal. July 1, 2008) ("The Patent Local Rules were designed, among other reasons, to prevent the parties from shifting their theories late in discovery, leaving the opposing party with little time to conduct discovery on a new theory."). Even in cases much further along than this case, courts routinely find good cause for leave to amend where there is no prejudice to the non-moving party. *See Golden Hour Data Systems*, 2008 U.S. Dist. LEXIS, at *11 (granting motion for leave to amend invalidity contentions filed May 23, 2008 -- five months after the December 14, 2007 deadline for Invalidity Contentions); *Int'l Dev., LLC v. Richmond*, 2010 U.S. Dist. LEXIS 106616, at *9 (D.N.J. Oct. 4, 2010) (granting leave to amend infringement contentions after *Markman* briefs were filed).

There is no risk of shifting claim construction positions or a change in theory here. The parties do not begin claim construction activities until December 2, 2011, and do not exchange proposed constructions until December 16, 2011. Microsoft, moreover, has been on notice of the 6 Barnes & Noble references since at least October 7 (Ex. 4), the HyperCard video since at least October 3 (Yothers Decl., ¶ 9), and the final prior art reference since at least November 2 (*Id.,* ¶ 10). This is more than enough time for Microsoft to account for these references in formulating its claim construction positions.

Moreover, pursuant to the schedule governing the USITC investigation of Microsoft's allegations against Barnes & Noble, initial expert reports were exchanged on October 21, fact discovery closes on November 14, and rebuttal expert reports will be exchanged on November 16 (Ex. 13). Thus, Microsoft should have already accounted for the prior art identified by Barnes & Noble in its claim construction positions, and there can be no prejudice. Moreover, Motorola moves for leave to amend approximately one month after the original deadline for providing invalidity contentions and just weeks after it learned of, analyzed and produced to Microsoft these

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

references. As such, Motorola has acted promptly and good cause exists for Motorola to amend its invalidity contentions.

Indeed, at least one Court in this district has previously found that good cause to amend exists in circumstances identical to these, where claim construction activities had not yet occurred, sufficient time remained in the discovery period, and defendant moved to amend in a timely fashion. *See Play Visions*, No. 09-1769, Order at 3 (finding defendants showed good cause for leave to amend where "claim construction will not occur until after January, discovery does not end until March 2011, and Defendants moved to amend the invalidity contentions roughly two months after the deadline to file them." (*citing Quantum Corp. v. Riverbed Tech., Inc.*, No. C07-04161 WHA, 2008 U.S. Dist LEXIS 53642 (N.D. Cal. July 15, 2008))) (Ex. 12).

Further supporting good cause, Motorola has been diligent in searching for prior art, pursuing prior art leads, and disclosing such prior art to Microsoft. Motorola commissioned prior art searches the day after receiving Microsoft's counterclaims. (Yothers Decl., ¶ 3). And, on March 30, 2011 -- approximately two months after the counterclaims were raised -- Motorola identified 50 references to Microsoft (Ex. 1). Motorola continued to review prior art search results after the case was transferred. Yothers Decl., ¶ 4. Then, when Microsoft asserted numerous additional claims on September 2, 2011, Motorola immediately initiated further searches in the light of this additional information. (*Id.,* ¶ 7). These searches culminated in the identification to Microsoft by Motorola of 83 additional references by the September 30, 2011 deadline (Ex. 3).

Motorola's diligence also resulted in the discovery of the Barnes & Noble prior art less than two weeks after Barnes & Noble's submitted that list to the ITC. Microsoft was *obligated* to provide this list to Motorola, but failed to do so. Once Motorola discovered this prior art, through its own diligence, Motorola immediately undertook efforts to obtain and analyze this prior art, and provided amended and supplemental claim charts to Microsoft on November 8, 2011. Finally, given that Microsoft only identified the full extent of its infringement allegations on September 2

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  and, in doing so, added 47 new claims, it is not unreasonable that Motorola's subsequent prior art
2  searches and investigations have unearthed new prior art.
3        The Local Patent Rules provide for the early identification of the parties' contentions, but
4  provide a mechanism to supplement those contentions when diligence is shown and prejudice is
5  absent.  Those are the facts and circumstances here.  Microsoft ignores the Rules, the facts, and
6  Motorola's analogous accommodation by asserting the September 30, 2011 deadline for the
7  exchange of preliminary Invalidity Contentions as a bar to further contentions.  It is difficult to
8  imagine what prejudice could exist at this early stage.  Indeed, where the parties have not yet
9  engaged in claim construction and discovery does not end for months, there is no prejudice.  *See*
10 *Play Visions*, No. 09-1769, Order at 4 (Ex. 12).  By refusing to consent at this early stage,
11 Microsoft is forcing Motorola to burden the Court with this motion and only further delays
12 certainty regarding Motorola's Invalidity Contentions.  Any conceivable prejudice is of
13 Microsoft's own making.

14                                 IV.    CONCLUSION

15       Motorola has made a timely showing of good cause, and there is no prejudice to Microsoft.
16 Motorola respectfully requests that leave be granted to amend its preliminary Invalidity
17 Contentions.
18       DATED this 10th day of November, 2011.

19                                            SUMMIT LAW GROUP PLLC

20
21                                      By /s/ Philip S. McCune
                                        Philip S. McCune, WSBA #21081
22                                         Lynn M. Engel, WSBA #21934
                                        *philm@summitlaw.com*
23                                         *lynne@summitlaw.com*

24
25
26

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

And by

Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
Stuart W. Yothers (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*steven.pepe@ropesgray.com*
*jesse.jenner@ropesgray.com*
*stuart.yothers@ropesgray.com*

Norman H. Beamer (*pro hac vice*)
Gabrielle E. Higgins (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*
*gabrielle.higgins@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

***Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation***

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Arthur W. Harrigan, Jr., Esq.
>Christopher T. Wion, Esq.
>Shane P. Cramer, Esq.
>Danielson, Harrigan, Leyh & Tollefson LLP
>*arthurh@dhlt.com*
>*chrisw@dhlt.com*
>*shanec@dhlt.com*

>Brian R. Nester, Esq.
>David T. Pritikin, Esq.
>Douglas I. Lewis, Esq.
>John W. McBride, Esq.
>Richard A. Cederoth, Esq.
>Sidley Austin LLP
>*bnester@sidley.com*
>*dpritikin@sidley.com*
>*dilewis@sidley.com*
>*jwmcbride@sidley.com*
>*kwheeler@sidley.com*
>*rcederoth@sidley.com*

>T. Andrew Culbert, Esq.
>David E. Killough, Esq.
>Microsoft Corp.
>*andycu@microsoft.com*
>*davkill@microsoft.com*

DATED this 10th day of November, 2011.

    /s/    *Marcia A. Ripley*
    Marcia A. Ripley

---

MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001