# EXHIBIT 6



Engadget for Windows Phone 7 - get the app now!



AOL. | MAIL

You might also like: Engadget HD, Engadget Mobile and More ▼

**engadget**   CLASSIC   MOBILE   HD   ALT          [SEARCH]          ENGADGET U.S. ▼

| IPHONE 4S | MANGO REVIEW | WINDOWS 8 | BLACKBERRY BOLD | MACBOOK AIR | HP TOUCHPAD |

NEWS   HUBS   GALLERIES   VIDEOS   PODCASTS   TOPICS   REVIEWS   STORE      FOLLOW   SUBSCRIBE   ABOUT / FAQ   TIP US

FILED UNDER   *Cellphones*

# Droid Bionic pops up on Motorola site, looks set for September 8 release

*By Brian Heater* posted Aug 28th 2011 7:54AM



**DROID BIONIC™ BY MOTOROLA**

ITEM NO.  MOTXT865

PRODUCT FEATURES

• 4G LTE speed and dual-core 1GHz processor
• Multitask and use large screen and keyboard with webtop app
• Watch streaming video on 4.3? qHD screen or record in 1080p HD

Share   [f] [social icons]

Like   [f] 51 people like this. Be the first of your friends.

Between the leaked ads, blurry photos and walkthrough videos, it seems that we've seen Motorola's reworked Droid Bionic pretty much everywhere but in the hands of consumers. Looks like the company is ready to take one more baby step toward that eventually, with what appears to be an official Bionic Twitter account (we're working to get confirmation) indicating a September 8th release date, while a product page with some new shots of the device has also gone live. The page is still sadly lacking in-depth specs, but the handful of photos should keep eager customers happy at least until our friend in the leather blouse slices the head off another robot.

VIA   *Droid Life*, *AnandTech*
SOURCE   *Motorola*, *DroidBionic (Twitter)*

DISCUSS   **218**

Like   [f] You like **Droid Bionic pops up on Motorola site, looks set for**      [f] 0   [t] 0   [✉] 0   [+1] 14

TAGS  *bionic*, *droid*, *droid bionic*, *DroidBionic*, *mobilepostcross*, *motorola*, *motorola droid bionic*, *MotorolaDroidBionic*, *verizon*

Login below to leave a comment:

[DISQUS] [Connect] [Twitter] [OpenID]
[DISQUS] [Connect] [Twitter] [OpenID]

## Add New Comment

Powered by **DISQUS**

Type your comment here.

1020

---

AOL Tech.

**FEATURED** BREAKING


The Engadget Interview: Kobo's Michael Serbinis
*13 hours ago*


Native Instruments Traktor Kontrol S2 review
*19 hours ago*


HTC Vivid review
*22 hours ago*


MOD and MOD Live Android ski goggles give extreme analytics, we go eyes-on (video)
*1 day ago*


Biscotti TV phone hands-on
*1 day ago*

 SEE ALL

**FACEBOOK ACTIVITY** [f]


Create an account or log in to see

---

# EXHIBIT 7

**electronista** gadgets for geeks

news    reviews    forums    services    contact

electronista news

## Motorola Droid Bionic shows on Web store, lands Sept. 8

updated 09:10 am EDT, Sun August 28, 2011

**f** 0    **t** tweeted    **di** (0)    0

**Droid Bionic confirmed shipping September 8**

The Motorola Droid Bionic has finally been made official by the company on its Web store after a difficult gestation. The company has also tweeted that the 4G LTE handset will finally go on sale on September 8 as anticipated, nearly a full eight months since being unveiled at CES in January. It had originally been expected to arrive by spring, but was delayed as the result of a switch from an NVIDIA Tegra 2, to a TI OMAP processor among other possible issues.

The Droid Bionic centers on a large 4.3-inch, 540x960 pixel qHD display, and is powered by a 1GHz-dual core processor matched with at least 512MB of RAM. It has an 8-megapixel camera on the rear and a VGA front facing camera for video chatting. The switch to the TI OMAP processor has given the Droid Bionic the ability to shoot video in 1080p.

When the Droid Bionic goes on sale September 8, it will also be available in a special package being offered by Costco. The deal is said to include a docking station, a car windscreen dock, an extra battery and a battery dock worth up to $200 for no additional charge.



By Electronista Staff

TAGS : Motorola, mobile phones, Droid Bionic

print    email    (0)

SHARE THE ARTICLE

1022

network headlines

MacNN    Electronista    iPodNN    DealNN

11/10    T-Mobile expects subscriber churn due...
11/10    Survey: Apple most desirable brand...
11/09    Siri's iPhone 4S requirement linked...
11/09    Probable Kindle Fire buyers delaying...
11/09    iOS, Android lead mobile game revenue...

SHOW ALL

most popular

10 Most Read

Gmail app for iPad and iPhone goes live

Jobs' 'Lost Interview' trailer surfaces on YouTube

Review: HTC Vivid and Raider

Google+ gets company pages, Direct Connect

Adobe outs Muse beta 4, offers 40 new features

Apple's rumored J1, J2 next-gen iPad prototypes detailed

Peel unveils dual-SIM iPhone case for iPhone 4, 4S

Forum roundup: the future of the Mac Pro?

Apple details replacement, settlement plans for bad MagSafes

Mophie ships Juice Pack Plus Outdoor Edition

Forum roundup: MBP ask a desktop?

Briefly: Xcode Tools Sensei update, Vue 10 products released

Batch of classic 8-bit games coming to iOS

ASUS Transformer Prime benchmarks show giant speed leap

Panasonic spoils GX1 Micro Four Thirds camera early

**Can you Type? Earn $387/Day Working From Home**

**New Policy in Colorado: 1 Trick For Cheap Car Insurance**

Ads by AdSide

**Related Topics**

| | | |
|---|---|---|
| VGA Camera Phones | Canon Cameras | Motorola Bluetooth |
| Case for Motorola | Picture Phone | Black Friday Sales |
| Memory Card Reader | Iphone 4s Deals | Camera and Video |
| Motorola RAZR Phones | Cyber Monday Sales | Deals of The Day |

### Related Articles

- Verizon promises major Droid Bionic bug fix in November
- Droid Bionic car dock hack mirrors HDMI out to car screens
- Motorola Droid Bionic to get Android 4.0
- Motorola Droid RAZR gets unique November 11 11:11AM intro
- Pantech Breakout hits Verizon stores early
- Motorola Droid 4 already showing up in Verizon systems
- iPhone 4S preliminary benchmarks show A5 clocked at 800MHz

### Recent Articles

- Rumors: Acer, Samsung sold under 5,000 Chromebooks early on
- Intel looks to embed Atom processors in union with Toyota
- T-Mobile expects subscriber churn due to iPhone 4S effect
- HTC Rezound ships early, gets unboxed
- RIM plans to go it alone on Flash for BlackBerry PlayBook
- ARM's new Mali GPU promises 10x leap in performance
- Amazon Kindle Fire shipments said up to 5m in 2011 alone
- Acer, ASUS cut ultrabook orders by 40% after poor 1st month
- Samsung Illusion arrives on Verizon's internal website
- Samsung trots out Galaxy S II in pink for 'lady' users
- Polaroid's Z340 camera brings integrated printer, '80s style

**previous comments**

**Login Here**

Not a member of the MacNN forums? Register now for free.

### Recently Commented Articles

- RIM plans to go it alone on Flash for BlackBerry PlayBook (16 comments)
- Adobe: mobile Flash exit means Google TV must change too (1 comment)
- Amazon Kindle Fire shipments said up to 5m in 2011 alone (2 comments)
- Acer, ASUS cut ultrabook orders by 40% after poor 1st month (8 comments)

### Related Forum Posts

- OS Lion backup on 8 G flash drive

**recent reviews**



**Belkin kitchen gear for iPad and tablets**

The urge to use an iPad, a Galaxy Tab, or another tablet in the kitchen is undeniable: it's a live recipe book or a way to check if th ...



**HandBrake Tutorial Review**

HandBrake is an open source video conversion program. It can read from DVDs, video files, and other video sources. It also produces vi ...



**Wicked Helix Earphones**

The Empire Brands Wicked Audio line targets their headphones to those with an active lifestyle. If you need earbuds made to stay in, ...

**most commented**





**Can you Type? Earn $387/Day Working From Home**

**10 Most Discussed**

- Panasonic Toughpads debut: other tablets a 'b...
- Google calls Apple's Siri a possible threat i...
- IDC: Samsung overtakes Apple in smartphones w...
- RIM plans to go it alone on Flash for BlackBe...
- Adobe may have dropped Flash for mobile browsers
- Apple to train managers on unionization by st...
- Microsoft Courier axed over Bill Gates' 'alle...
- Top Apple senior VPs get $60 million bonuses each
- Samsung plans to depose Jony Ive, other Apple...
- White House will veto Congress attempt to end...
- Android phones tend to fail more than iPhone,...
- US Cellular turned down iPhone over financial risk
- Rumor: Apple privately testing backport of Si...
- RIM stock drops below book value in lack of B...
- Apple staff: Tim Cook more



administrative, op...

popular news

- Jobs' 'Lost Interview' trailer surfaces on...
- Review: HTC Vivid and Raider
- Google+ gets company pages, Direct Connect
- Adobe outs Muse beta 4, offers 40 new feat...
- Apple's rumored J1, J2 next-gen iPad proto...
- Peel unveils dual-SIM iPhone case for iPho...

Electronista Marketplace

**Online Project Management Software**
Get all your work in one place. Increase visibility. View demo now.
**www.attask.com**

*Ads by Marchex*

# EXHIBIT 8

**Yothers, Stuart**

---

**From:** Chris Wion [mailto:chrisw@dhlt.com]
**Sent:** Friday, October 07, 2011 3:01 PM
**To:** Phil McCune
**Subject:** Msft's proposed Motion for Leave to Amend Infringement Contentions

Phil,

As you are aware, the parties exchanged their preliminary infringement contentions on Sept. 2, 2011.  We have become aware that Motorola began selling the Droid Bionic smartphone in the United States on Sept. 8, 2011, at earliest.  We believe that the Bionic infringes the '780 and '582 patents.  Because Motorola brought the Bionic to market after the parties' exchange of preliminary infringement contentions, we intend to amend our infringement contentions to add the Bionic as an accused product.  Like the other 24 Motorola products we have accused, the Bionic is an Android device and therefore, we believe it infringes the '780 and '582 patents in substantially the same manner as the already accused products.  As such, our amended infringement contentions directed toward the Bionic are substantially similar to the infringement theories we previously presented.

We've placed our amended materials at the following link for your review:
 https://signin.sidleyfiletransfer.com/fs/v.aspx?v=8a6d64895f66b7a97166.  We've included redline copies of the amended documents compared to the originals.  Notice that the main contention charts are not updated; only the appendices relating to the Bionic are updated (or new, in the case of Appendix C-19).

Accordingly, we intend to move the Court for leave to amend our preliminary infringement contentions.  A copy of our proposed Motion (with exhibits) is attached.

Because of the substantial similarities between the Bionic and the previously accused products and our timely efforts to update our contentions, we don't believe such an amendment will prejudice Motorola's arguments or defenses.  Please confirm that Motorola will not oppose this motion.  If Motorola does oppose this motion, please let me know when you are available to meet and confer so that we might understand Motorola's bases for opposition.

Thank you,

-Chris


Christopher T. Wion
Partner
Danielson Harrigan Leyh & Tollefson LLP
999 Third Avenue, Suite 4400
Seattle, Washington 98104
Tel:  (206) 623-1700
Fax:  (206) 623-8717
_____

This internet e-mail message contains confidential, privileged information that is intended only for the addressee. If you have received this e-mail message in error, please call us (collect, if necessary) immediately at (206) 623-1700 and ask to speak to the message sender. Thank you. We appreciate your assistance in correcting this matter.


-------------------------- Summit Law Group --------------------------
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above e-mail address.

1026

Circular 230 Notice: To comply with IRS regulations, please note that any discussion of Federal tax issues in this email (and in any attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (a) avoiding any penalties imposed under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

2

HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                             Plaintiff,<br><br>    v.<br><br>MOTOROLA, INC., et al.,<br><br>                            Defendants. | No. C10-1823-JLR<br><br>**(UNOPPOSED) MOTION FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**Noted:  Friday, October 7, 2011** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>                           Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>                            Defendant. | |

**(UNOPPOSED) MOTION FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Microsoft Corporation ("Microsoft") hereby moves, unopposed, for an Order permitting Microsoft to amend its Asserted Claims and Preliminary Infringement Contentions ("Infringement Contentions").

On September 2, 2011, Microsoft served its original Asserted Claims and Infringement Contentions on Motorola Mobility, Inc. ("Motorola Mobility"), Motorola Inc., (n/k/a "Motorola Solutions") and General Instrument Corporation ("General Instrument") (collectively, "Motorola") pursuant to the Court's Standing Order for Patent Cases and the Court's August 5, 2011 Minute Order Setting Trial Dates and Related Dates.  In those original Infringement Contentions, Microsoft accused 24 of Motorola's smartphone and tablet devices of infringing U.S. Patents No. 6,339,780 and No. 7,411,582 (the "Microsoft Patents").

Microsoft now moves for leave to amend its Infringement Contentions to include the Motorola Droid Bionic XT875 ("Bionic").  In a Sept. 7, 2011 press release (attached as Exhibit A), Motorola announced its plans to release the Bionic to the market the next day.  The Bionic runs the Android operating system, and consequently, Microsoft believes that the Bionic also infringes the Microsoft Patents.  Microsoft intends to include contentions relating to the Bionic in its amended Infringement Contentions.

Microsoft has good cause to amend its Infringement Contentions.  The Bionic was not on the market when Microsoft filed its original Infringement Contentions on Sept. 2, 2011.  Microsoft learned of the Bionic's market availability through Motorola's public press announcement, several days after the parties exchanged infringement contentions.  Furthermore, the Bionic shares strong similarities with the other 24 accused Motorola smartphone and tablet devices.  Like the other accused devices, the Bionic runs the Android operating system, which forms a substantial basis for Microsoft's Infringement Contentions.  Given these strong similarities, the Bionic is a natural addition to this matter.  Moreover, due to such similarities, Motorola will not be prejudiced by the addition of the Bionic to the case

(UNOPPOSED) MOTION FOR LEAVE TO
AMEND PRELIMINARY INFRINGEMENT
CONTENTIONS - 1

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1029

because the addition should not substantially affect any of Motorola's arguments or defenses. Indeed, Motorola does not oppose Microsoft's motion to amend its Infringement Contentions.

Finally, this motion to amend is timely. It comes shortly after Motorola announced the Bionic's market availability (Sept. 7, 2011), well in advance of the deadline for exchange of Non-Infringement Contentions (Dec. 2, 2011), several months before the <u>Markman</u> hearing (Mar. 9, 2012), and more than a year before trial (November 26, 2012).

Counsel for Motorola has advised that Motorola does not intend to oppose this Motion. In light of Motorola's non-opposition and the above-described circumstances establishing good cause, the Court should permit Microsoft to amend its Infringement Contentions in order to include Motorola's Bionic smartphone as an additional accused product. Microsoft has included the Bionic in its First Amended Asserted Claims and Preliminary Infringement Contentions, pursuant to the Court's Standing Order for Patent Cases. A copy of the cover sheet for the amended Infringement Contentions is attached hereto as Exhibit B.

## <u>CONCLUSION</u>

Microsoft respectfully requests that the Court grant this motion, and enter an Order allowing Microsoft to serve its First Amended Asserted Claims and Preliminary Infringement Contentions, which include the Bionic as an additional accused product.

DATED this 7th day of October, 2011.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By __/s/ Christopher Wion_____
     Arthur W. Harrigan, Jr., WSBA #1751
     Christopher Wion, WSBA #33207
     Shane P. Cramer, WSBA #35099

**(UNOPPOSED) MOTION FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS** - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #40185
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax: 425-869-1327

David T. Pritikin, *Pro Hac Vice*
Richard A. Cederoth, *Pro Hac Vice*
Douglas I. Lewis, *Pro Hac Vice*
John W. McBride, *Pro Hac Vice*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Brian R. Nester, *Pro Hac Vice*
Kevin C. Wheeler, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corporation

**(UNOPPOSED) MOTION FOR LEAVE TO
AMEND PRELIMINARY INFRINGEMENT
CONTENTIONS** - 3

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

**CERTIFICATE OF SERVICE**

1

I hereby certify that on October 7, 2011, I electronically filed the foregoing document

2

with the Clerk of the Court using the CM/ECF system, which will send notification of such

3

filing to the following:

4

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and**
**General Instrument Corporation**

5

6

Philip S. McCune
Lynn M. Engle
Summit Law Group

7

8

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

9

10

11

12

_____
LINDA BLEDSOE

13

14

15

16

17

18

19

20

21

22

23

24

25

(UNOPPOSED) MOTION FOR LEAVE TO
AMEND PRELIMINARY INFRINGEMENT
CONTENTIONS - 4

1032

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Downloaded on 30/09/2011
Released on 07/09/2011 08:30

07/09/2011 08:30

# Verizon Wireless and Motorola Raise the Bar with DROID BIONIC™ by Motorola

Unsurpassed power, speed and entertainment on the fastest, most advanced 4G LTE network in America

BASKING RIDGE, N.J., and LIBERTYVILLE, Ill. - Sept. 7, 2011 - Verizon Wireless and Motorola Mobility, Inc. (NYSE: MMI), today announced DROID BIONIC™ by Motorola will be exclusively available beginning Sept. 8.

DROID BIONIC is the first Verizon Wireless smartphone to combine 4G LTE with the power of dual-core 1 GHz processors, 1 GB of RAM and a stunning 4.3-inch qHD display – all in a sleek form factor that makes it the thinnest 4G LTE smartphone from Verizon Wireless. Customers can expect to fly across the Web on the Verizon Wireless 4G LTE network with download speeds of 5 to 12 Mbps and upload speeds of 2 to 5 Mbps in 4G LTE mobile broadband coverage areas.

DROID BIONIC introduces a host of groundbreaking applications and accessories that turn the device into a multimedia hub, a ruler of remote access and a purveyor of virtuality. DROID BIONIC introduces ZumoCast™ by Motorola, an application that lets customers bring their digital world of videos, music, pictures and documents stored on their computers to their handset via remote access. With its revolutionary Webtop application, DROID BIONIC can beam a full-featured Firefox® Web browser 4.0, email or documents to a TV or monitor, like the separately purchased Lapdock™ with a 11.6" screen, keyboard and integrated trackpad.

Accessories such as the HD Station let DROID BIONIC users turn the phone into an entertainment center or home office. Customers can view pictures, video, and content from the DROID BIONIC on any HDTV or monitor by connecting a separately sold HDMI cable. They can also take a conference call while editing documents and surfing the Web. And, of course, the DROID BIONIC lets customers share their 4G LTE signal with up to five Wi-Fi-enabled devices when they activate the Verizon Wireless Mobile Hotspot. The device of the future today, the DROID BIONIC also includes the following features:

- Powered by Android™ 2.3.4 Gingerbread
- Dual-core 1 GHz processor and 1 GB of RAM
- 4.3-inch qHD screen using scratch-resistant Corning® Gorilla® Glass with dual-layer anti-reflective coating
- 8-megapixel autofocus camera with flash and 1080p HD video capture
- Front-facing camera for video chat over 4G LTE, 3G or Wi-Fi
- MOTOPRINT app to print via Wi-Fi-enabled printers
- Mirror Mode with HDMI out (HDMI cable required) supporting 1080p HD video playback
- Multi-window options for multitasking with ease when using the Webtop application
- Business Ready with advanced security policies; resizable and scrollable email, calendar and task widgets; device and SD card encryption; and Citrix® GotoMeeting® and Citrix Receiver™ for Android
- Adobe® Flash® pre-loaded
- HTML 5 capable
- 32 GB memory: 16 GB on board and 16 GB microSD™ card pre-installed (actual formatted capacity is less)
- Support for up to 32 GB microSD cards
- Supports wireless charger

### Pricing and availability:

- DROID BIONIC by Motorola will be available in Verizon Wireless Communication Stores and online at www.verizonwireless.com on Sept. 8 for $299.99 with a new two-year customer agreement.
- Customers will need to subscribe to a Verizon Wireless Nationwide Talk plan beginning at $39.99 for 450 minutes per month and a smartphone data package starting at $30 monthly access for 2 GB of data.
- Verizon Wireless Mobile Hotspot data plans are available beginning at $30 for 2 GB.
- For a limited time, customers who purchase a Lapdock with the DROID BIONIC can receive a $100 mail-in rebate when subscribing to a $50, 5 GB data plan or higher.

### Available accessories:

- The Lapdock will be available for $299.97, the HD Station will be available for $99.99 and the Adapter for Webtop Application will be available for $29.99.
- Vehicle Navigation Dock delivers easy access to maps, favorite contacts, hands-free calling, music, navigation and more and supports streaming of audio and music via the 3.5 mm audio jack, if available, to play through vehicle speakers. The Vehicle Navigation Dock will be available for $39.99.
- The Battery Dock with standard battery is a pocket-sized accessory with an extra battery included to charge both DROID BIONIC and an extra battery at the same speed as a wall charger. The Battery Dock will be available for $49.99.

For more information on Verizon Wireless products and services, visit a Verizon Wireless Communications Store, call 1-800-2 JOIN IN or go to www.verizonwireless.com. For more information on accessories, visit www.verizonwireless.com/accessories.

### About Motorola Mobility
Motorola Mobility, Inc. (NYSE:MMI) fuses innovative technology with human insights to create experiences that simplify, connect and enrich people's lives. Our portfolio includes converged mobile devices such as smartphones and tablets; wireless accessories; end-to-end video and data delivery; and management solutions, including set-tops and data-access devices. For more information, visit motorola.com/mobility.

### Media Contacts:

Kira Golin
kira@motorola.com
Motorola Mobility, Inc.

### About Verizon Wireless

Verizon Wireless operates the nation's fastest, most advanced 4G network and largest, most reliable 3G network. The company serves 106.3 million total wireless connections, including 89.7 million retail customers. Headquartered in Basking Ridge, N.J., with 83,000 employees nationwide, Verizon Wireless is a joint venture of Verizon Communications (NYSE, NASDAQ: VZ) and Vodafone (LSE, NASDAQ: VOD). For more information, visit www.verizonwireless.com. To preview and request broadcast-quality video footage and high-resolution stills of Verizon Wireless operations, log on to the Verizon Wireless Multimedia Library at www.verizonwireless.com/multimedia.

### Media Contacts

Albert Aydin
Verizon Wireless
908.559.7513
Albert.Aydin@verizonwireless.com

MOTOROLA and the Stylized M Logo are registered trademarks of Motorola Trademark Holdings, LLC. Android is a trademark of Google, Inc. Adobe and Adobe Flash are either registered trademarks or trademarks of Adobe Systems Incorporated in the United States and/or other countries. Citrix is a trademark of Citrix Systems, Inc. and/or one or more of its subsidiaries, and may be registered in the U.S. Patent and Trademark Office and in other countries. All other trademarks are the property of their respective owners. © 2011 Motorola Mobility, Inc. All rights reserved.

HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

                Plaintiff,

    v.

MOTOROLA, INC., et al.,

                Defendants.

MOTOROLA MOBILITY, INC., et al.,

                Plaintiffs,

    v.

MICROSOFT CORPORATION,

                Defendant.

No. C10-1823-JLR

**<u>DEFENDANT AND CROSS-PLAINTIFF MICROSOFT CORPORATION'S FIRST AMENDED ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS</u>**

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1035

Defendant Microsoft Corporation ("Microsoft") provides to Plaintiffs Motorola Mobility, Inc. ("Motorola Mobility"), Motorola Inc., (n/k/a "Motorola Solutions") and General Instrument Corporation ("General Instrument") (collectively, "Motorola") the following First Amended Asserted Claims and Preliminary Infringement Contentions in compliance with the Court's Standing Order for Patent Cases and with the Minute Order Setting Trial Dates and Related Dates dated August 5, 2011.  Microsoft reserves the right to amend this disclosure to conform to the results of ongoing discovery.

### (1)      The identity of each claim alleged to be infringed

U.S. Patent No. 6,339,780 ("the '780 Patent"): Claims 1-6, 9-14, 17, 18, 20, 21, and 32-42.

U.S. Patent No. 7,411,582 ("the '582 Patent"): Claims 1-4, 6, 8-11, 13-23, 25-31.

These claims will be hereinafter referred to as the "Microsoft Asserted Claims." Microsoft's investigation as to Motorola's infringement is ongoing.  Accordingly, Microsoft reserves the right to assert more or fewer claims based on further information that may become available during ongoing discovery.

### (2)      The identity of Motorola's accused devices by specific name and model number for each asserted claim

Motorola Mobility is currently accused of infringing some or all of the Microsoft Asserted Claims by making, using, selling, offering to sell, and/or importing the following products, hereinafter referred to as the Accused Motorola Devices:

| The '780 Patent | The '582 Patent |
|---|---|
| Atrix ME860, MB861 | Atrix ME860, MB861 |
| Bravo MB520 | Bravo MB520 |

MICROSOFT CORPORATION'S FIRST
AMENDED ASSERTED CLAIMS AND
PRELIMINARY INFRINGEMENT
CONTENTIONS - 1

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1036

| The '780 Patent | The '582 Patent |
|---|---|
| Charm MB502, ME502 | |
| | Citrus WX445 |
| | Cliq XT MB501 |
| Cliq 2 MB611 | Cliq 2 MB611 |
| Defy MB525 | Defy MB525 |
| Devour A555 | |
| Droid A855 | Droid A855 |
| Droid 2 A955 | Droid 2 A955 |
| Droid 2 Global A956 | Droid 2 Global A956 |
| Droid 3 XT862 | Droid 3 XT862 |
| Droid Bionic XT875 | Droid Bionic XT875 |
| Droid Pro XT610 | Droid Pro XT610 |
| Droid X MB810 | Droid X MB810 |
| Droid X2 MB870 | Droid X2 MB870 |
| Flipout MB511 | Flipout MB511 |
| Flipside MB508 | Flipside MB508 |
| | i1 |
| Photon 4G MB855 | Photon 4G MB855 |
| Spice XT300 | |
| Titanium | Titanium |

MICROSOFT CORPORATION'S FIRST
AMENDED ASSERTED CLAIMS AND
PRELIMINARY INFRINGEMENT
CONTENTIONS - 2
1037

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

| The '780 Patent | The '582 Patent |
|---|---|
| Triumph WX435 | Triumph WX435 |
| XPRT MB612 | |
| Xoom MZ600, MZ601, MZ603, MZ604, MZ605, MZ606 (except as to Claims 6, 33, and 39). | |

Microsoft's investigation as to Motorola's infringement is ongoing.  Accordingly, Microsoft reserves the right to amend the list of Accused Motorola Devices based on further information that may become available during ongoing discovery.

> **(3)    A chart that identifies specifically where each element of each asserted claim is found within each accused device/method/etc.**

Microsoft accuses Motorola Mobility of having infringed, induced the infringement of and/or contributorily infringed, and continuing to infringe, induce infringement of and/or contributorily infringe the Microsoft Asserted Claims pursuant to 35 U.S.C. § 271 (a), (b) and/or (c), literally or under the doctrine of equivalents, in the United States, by making, using, selling, offering to sell and/or importing the Accused Motorola Devices.  Infringement charts for the '780 patent, containing evidence of direct and indirect infringement, are attached as Exhibit A.  Infringement charts for the '582 patent, containing evidence of direct and indirect infringement, are attached as Exhibit B.

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**(4)    Whether each asserted claim is literally or equivalently infringed**

Microsoft reserves the right to assert infringement under the doctrine of equivalents for any limitation of the '780 or '582 patents that Motorola contends is not literally present in its Accused Devices.  Microsoft further reserves the right to assert infringement under the doctrine of equivalents based on a claim construction ruling on any disputed claim terms and/or based on further information that may become available during ongoing discovery.

**(5)    The priority date to which each asserted claim allegedly is entitled**

The '780 Patent: The priority date for each claim of the '780 patent asserted in Section (2) above is the earliest effective filing date on the face of the patent: May 6, 1997.

The '582 Patent:  The priority date for each claim of the '582 patent asserted in Section (2) above is the priority date of U.S. Patent Application Ser. No 08/991,277, to which the patent claims priority ('582 patent, 1:6-8): December 16, 1997.

Microsoft's investigation as to conception of the inventions disclosed in both the '582 and '780 patents is ongoing.  Accordingly, Microsoft reserves the right to amend this priority date based on further information that may become available during ongoing discovery.

DATED this ___ day of October, 2011.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By _____
      Arthur W. Harrigan, Jr., WSBA #1751
      Christopher Wion, WSBA #33207
      Shane P. Cramer, WSBA #35099

      T. Andrew Culbert, WSBA #35925
      David E. Killough, WSBA #40185

MICROSOFT CORPORATION'S FIRST
AMENDED ASSERTED CLAIMS AND
PRELIMINARY INFRINGEMENT
CONTENTIONS - 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

David T. Pritikin, *Pro Hac Vice*
Richard A. Cederoth, *Pro Hac Vice*
Douglas I. Lewis, *Pro Hac Vice*
John W. McBride, *Pro Hac Vice*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Brian R. Nester, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corporation

MICROSOFT CORPORATION'S FIRST
AMENDED ASSERTED CLAIMS AND
PRELIMINARY INFRINGEMENT
CONTENTIONS - 5
1040

**CERTIFICATE OF SERVICE**

I hereby certify that on October __, 2011, I served a true and correct copy of Defendant and Cross-Plaintiff Microsoft Corporation's Asserted Claims and Preliminary Infringement Contentions via electronic mail on the counsel of record below.

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

_____

MICROSOFT CORPORATION'S FIRST
AMENDED ASSERTED CLAIMS AND
PRELIMINARY INFRINGEMENT
CONTENTIONS - 6

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1041

# EXHIBIT 9

**Yothers, Stuart**

| | |
|---|---|
| **From:** | Phil McCune [philm@SummitLaw.com] |
| **Sent:** | Wednesday, October 26, 2011 1:48 PM |
| **To:** | 'Chris Wion' |
| **Subject:** | RE: Msft's proposed Motion for Leave to Amend Infringement Contentions |

Chris:

Because it is early in the case, Motorola expected that the parties would agree on reasonable amendments to the preliminary contentions, particularly where the amendments are based on newly discovered information.  Having evaluated Microsoft's request from that perspective, Motorola will not oppose Microsoft's motion to amend its infringement contentions to add the Bionic.

Motorola is curious about the grounds on which Microsoft plans to oppose Motorola's motion to amend Motorola's invalidity contentions to include newly discovered prior art materials.  Motorola expected that motion to be addressed by Microsoft with the same nonopposition Motorola has provided Microsoft.  Similar to Microsoft's request, Motorola raised this with Microsoft well in advance of claim construction or any other substantive proceedings in this case.

Motorola asks that Microsoft reconsider its opposition, or, at the very least, provide the substantive basis for its opposition that would distinguish the issue from its own recent request for nonopposition to a request for amendment.  After understanding that basis, Motorola can attempt to spare the court a briefing exercise by resolving this issue through a meet-and-confer.

Best regards,

Phil


**Phil McCune, Member |** S U M M I T   L A W   G R O U P **PLLC**
315 Fifth Avenue South, Suite 1000 | Seattle, Washington  98104-2682
T 206.676.7038  |  F 206.676.7039  |  *philm@summitlaw.com*  |  *www.summitlaw.com*


**From:** Chris Wion [mailto:chrisw@dhlt.com]
**Sent:** Tuesday, October 25, 2011 10:06 PM
**To:** Phil McCune
**Subject:** RE: Msft's proposed Motion for Leave to Amend Infringement Contentions

Phil,

Microsoft's position is that Motorola's request should not be granted.

-Chris

> -----Original Message-----
> **From:** Phil McCune [mailto:philm@SummitLaw.com]
> **Sent:** Tuesday, October 25, 2011 6:00 PM
> **To:** Chris Wion
> **Subject:** RE: Msft's proposed Motion for Leave to Amend Infringement Contentions
>
> Chris:

1043

Does Microsoft intend to oppose Motorola's request?  That may be relevant to answering your question and I would like to know before I discuss your question with Motorola.

Best regards,

Phil

**Phil McCune, Member / S u m m i t  L a w  G r o u p PLLC**
315 Fifth Avenue South, Suite 1000 | Seattle, Washington  98104-2682
T 206.676.7038 | F 206.676.7039 | *philm@summitlaw.com* | www.summitlaw.com

**From:** Chris Wion [mailto:chrisw@dhlt.com]
**Sent:** Tuesday, October 25, 2011 5:18 PM
**To:** Phil McCune
**Subject:** FW: Msft's proposed Motion for Leave to Amend Infringement Contentions

Phil,

In response to your email yesterday, Microsoft is not inclined to alter its Motion for Leave to Amend Infringement Contentions to include Motorola's proposed language requesting leave to amend its invalidity contentions.

Please let me know as soon as possible whether Motorola intends to oppose Microsoft's Motion so that we can make any necessary adjustments prior to filing.

Thank you.

-Chris

**From:** Chris Wion
**Sent:** Friday, October 07, 2011 3:01 PM
**To:** Phil McCune (philm@SummitLaw.com)
**Subject:** Msft's proposed Motion for Leave to Amend Infringement Contentions

Phil,

As you are aware, the parties exchanged their preliminary infringement contentions on Sept. 2, 2011.  We have become aware that Motorola began selling the Droid Bionic smartphone in the United States on Sept. 8, 2011, at earliest.  We believe that the Bionic infringes the '780 and '582 patents.  Because Motorola brought the Bionic to market after the parties' exchange of preliminary infringement contentions, we intend to amend our infringement contentions to add the Bionic as an accused product.  Like the other 24 Motorola products we have accused, the Bionic is an Android device and therefore, we believe it infringes the '780 and '582 patents in substantially the same manner as the already accused products.  As such, our amended infringement contentions directed toward the Bionic are substantially similar to the infringement theories we previously presented.

We've placed our amended materials at the following link for your review:
 https://signin.sidleyfiletransfer.com/fs/v.aspx?v=8a6d64895f66b7a97166.  We've included redline copies of the amended documents compared to the originals.  Notice that the main contention charts are not updated; only the appendices relating to the Bionic are updated (or new, in the case of Appendix C-19).

1044

Accordingly, we intend to move the Court for leave to amend our preliminary infringement contentions.  A copy of our proposed Motion (with exhibits) is attached.

Because of the substantial similarities between the Bionic and the previously accused products and our timely efforts to update our contentions, we don't believe such an amendment will prejudice Motorola's arguments or defenses.  Please confirm that Motorola will not oppose this motion.  If Motorola does oppose this motion, please let me know when you are available to meet and confer so that we might understand Motorola's bases for opposition.

Thank you,

-Chris


Christopher T. Wion
Partner
Danielson Harrigan Leyh & Tollefson LLP
999 Third Avenue, Suite 4400
Seattle, Washington 98104
Tel:  (206) 623-1700
Fax:  (206) 623-8717
_____

This internet e-mail message contains confidential, privileged information that is intended only for the addressee. If you have received this e-mail message in error, please call us (collect, if necessary) immediately at (206) 623-1700 and ask to speak to the message sender. Thank you. We appreciate your assistance in correcting this matter.


-------------------------- Summit Law Group -------------------------
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above e-mail address.

Circular 230 Notice: To comply with IRS regulations, please note that any discussion of Federal tax issues in this email (and in any attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (a) avoiding any penalties imposed under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

1045

# EXHIBIT 10

**Yothers, Stuart**

| | |
|---|---|
| **From:** | Phil McCune [philm@SummitLaw.com] |
| **Sent:** | Monday, October 17, 2011 9:07 PM |
| **To:** | 'Chris Wion' |
| **Cc:** | Yothers, Stuart; Marcia Ripley |
| **Subject:** | Msft's proposed Motion for Leave to Amend Infringement Contentions |
| **Attachments:** | Active_28366853_2_Stipulation and Joint Motion to Amend Prelim Infringement and Invalidity Contentions.DOCX; Active_28367169_1_Redline of Motion to Amend Contentions.DOCX |

Chris:

Attached is a draft stipulation and joint motion to amend.  We also include a proposed order and a redline against Microsoft's original proposal.  Please let me know if Microsoft agrees to this proposal.  You and I spoke about doing this as a pure stipulation and order.  If the substance of these documents are approved, I recommend we do  another revision to accomplish that.

Please note that Motorola dropped Microsoft's Exhibit B and instead inserted a statement that Microsoft provided Motorola with a copy of Microsoft's proposed amended Contentions, and that Motorola does not oppose.

Also, your October 7 email provides a link to Microsoft's amended materials.  Unfortunately, I did not download those documents, which later became inaccessible from the link.  Would you please repost those documents for Motorola's review prior to any filing?  Thank you.

Finally, as noted in its preliminary infringement contentions, Motorola intends to supplement its infringement claim charts with citations to source code after Microsoft has produced for inspection the source code for the Accused Products.  We expect that Microsoft will not oppose a motion to supplement with respect to source code at that time.

Best regards,

Phil

**Phil McCune, Member** | S U M M I T  L A W  G R O U P PLLC
315 Fifth Avenue South, Suite 1000 | Seattle, Washington  98104-2682
T 206.676.7038 | F 206.676.7039 | philm@summitlaw.com | www.summitlaw.com
Benchmark Litigation Guide  | Super Lawyer | Martindale-Hubbell

------------------------ Summit Law Group -------------------------
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above e-mail address.

Circular 230 Notice: To comply with IRS regulations, please note that any discussion of Federal tax issues in this email (and in any attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (a) avoiding any penalties imposed under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

1047

HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  MICROSOFT CORPORATION,

10                              Plaintiff,

11          v.

12  MOTOROLA, INC., et al.,

13                              Defendants.

14  MOTOROLA MOBILITY, INC., et al.,

15                              Plaintiffs,

16          v.

17  MICROSOFT CORPORATION,

18                              Defendant.

No. C10-1823-JLR

**STIPULATION AND JOINT
MOTION FOR LEAVE TO AMEND
PRELIMINARY INFRINGEMENT
AND INVALIDITY CONTENTIONS**

**Noted:  Friday, October __, 2011**

19

20

21

22

23

24

25

**STIPULATION AND JOINT MOTION
FOR LEAVE TO AMEND PRELIMINARY
INFRINGEMENT AND INVALIDITY
CONTENTIONS**

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1048

1    Microsoft Corporation ("Microsoft") and Motorola Mobility, Inc. ("Motorola

2    Mobility"), Motorola Inc., (n/k/a "Motorola Solutions") and General Instrument Corporation

3    ("General Instrument") (collectively, "Motorola") hereby stipulate and jointly move for an

4    Order permitting Microsoft to amend its Asserted Claims and Preliminary Infringement

5    Contentions ("Infringement Contentions") and permitting Motorola to amend its Invalidity

6    Contentions.

7    **I.  Microsoft's Request to Amend Its Infringement Contentions**

8        On September 2, 2011, Microsoft served its original Infringement Contentions on

9    Motorola pursuant to the Court's Standing Order for Patent Cases and the Court's August 5,

10   2011 Minute Order Setting Trial Dates and Related Dates.  In those original Infringement

11   Contentions, Microsoft accused 24 of Motorola's smartphone and tablet devices of infringing

12   U.S. Patents No. 6,339,780 and No. 7,411,582 (the "Microsoft Patents").

13       Microsoft now moves for leave to amend its Infringement Contentions to include the

14   Motorola Droid Bionic XT875 ("Bionic").  In a Sept. 7, 2011 press release (attached as Exhibit

15   A), Motorola announced its plans to release the Bionic to the market the next day.  The Bionic

16   runs the Android operating system, and consequently, Microsoft believes that the Bionic also

17   infringes the Microsoft Patents.  Microsoft intends to include contentions relating to the Bionic

18   in its amended Infringement Contentions.

19       Microsoft has good cause to amend its Infringement Contentions.  The Bionic was not

20   on the market when Microsoft filed its original Infringement Contentions on Sept. 2, 2011.

21   Microsoft learned of the Bionic's market availability through Motorola's public press

22   announcement, several days after the parties exchanged infringement contentions.

23   Furthermore, Microsoft contends that the Bionic shares strong similarities with the other 24

24   accused Motorola smartphone and tablet devices.  Like the other accused devices, the Bionic

25   runs the Android operating system, which forms a substantial basis for Microsoft's

**STIPULATION AND JOINT MOTION FOR
LEAVE TO AMEND PRELIMINARY
INFRINGEMENT AND INVALIDITY
CONTENTIONS** - 1

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Infringement Contentions.  Given these strong similarities, the Bionic is a natural addition to this matter.  Moreover, due to such similarities, Motorola will not be prejudiced by the addition of the Bionic to the case because the addition should not substantially affect any of Motorola's arguments or defenses.

Finally, this motion to amend is timely.  It comes shortly after Motorola announced the Bionic's market availability (Sept. 7, 2011), well in advance of the deadline for exchange of Non-Infringement Contentions (Dec. 2, 2011), several months before the Markman hearing (Mar. 9, 2012), and more than a year before trial (November 26, 2012).

Microsoft has provided to Motorola a copy of its proposed First Amended Asserted Claims and Preliminary Infringement Contentions, and Motorola has agreed not to oppose Microsoft's request to amend its Infringement Contentions as set forth above.

## II.  Motorola's Request to Amend Its Invalidity Contentions

On September 30, 2011, Motorola served its Invalidity Contentions as a supplemental response to Microsoft's Interrogatory No. 11.  With that response, Motorola provided claim charts setting forth how various references anticipate and/or render obvious Microsoft's U.S. Patent Nos. 6,339,780 ("the '780 patent") and 7,411,582 ("the '582 patent").

Motorola now moves for leave to amend its Invalidity Contentions.  Since serving its Invalidity Contentions, Motorola discovered a new anticipatory reference for the '780 patent -- Apple's HyperCard.  Upon locating a video demonstrating the HyperCard product, Motorola produced to Microsoft a copy of the video and various screen shots of the HyperCard program. Motorola seeks to amend its Invalidity Contentions to provide Microsoft with a claim chart setting forth how the HyperCard product anticipates, or alternatively renders obvious, the '780 patent.

Motorola has good cause to amend its Invalidity Contentions.  At the time it served its original Invalidity Contentions, Motorola had not yet located the HyperCard materials that it

STIPULATION AND JOINT MOTION FOR
LEAVE TO AMEND PRELIMINARY
INFRINGEMENT AND INVALIDITY
CONTENTIONS - 2

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1050

1  has since produced to Microsoft.  Microsoft will not be prejudiced by Motorola's amendment,

2  because it comes shortly after Motorola's initial Invalidity Contentions (Sept. 30, 2011), and

3  well in advance of the deadline for exchange of Non-Infringement Contentions (Dec. 2, 2011),

4  several months before the <u>Markman</u> hearing (Mar. 9, 2012), and more than a year before trial

5  (November 26, 2012).

6        Microsoft has agreed not to oppose Motorola's request to amend its Invalidity

7  Contentions as set forth above.

**III.  Conclusion**

8        Microsoft and Motorola have agreed that these amendments are timely and will not

9  prejudice the parties in developing their respective cases, nor will these amendments affect the

10  schedule set for this case by the Court.  In light of the parties' agreement and the above-

11  described circumstances establishing good cause, the parties respectfully request that the Court

12  grant this motion, and enter an Order allowing (1) Microsoft to amend its Infringement

13  Contentions in order to include Motorola's Bionic smartphone as an additional accused

14  product; and (2) Motorola to amend its Invalidity Contentions in order to include an invalidity

15  chart for the '780 patent regarding the HyperCard reference.

16

17

18

19

20

21

22

23

24

25

**STIPULATION AND JOINT MOTION FOR
LEAVE TO AMEND PRELIMINARY
INFRINGEMENT AND INVALIDITY
CONTENTIONS** - 3

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1051

1  **AGREED AND STIPULATED TO:**

2  DANIELSON HARRIGAN LEYH          SUMMIT LAW GROUP PLLC
   TOLLEFSON LLP
3

4  By    /s/ Christopher Wion        By    /s/ Philip S. McCune
        Arthur W. Harrigan, Jr., WSBA #1751      Philip S. McCune, WSBA #21081
5       Christopher Wion, WSBA #33207        Lynn M. Engel, WSBA #21934
        Shane P. Cramer, WSBA #35099         *philm@summitlaw.com*
6                                   *lynne@summitlaw.com*
   T. Andrew Culbert, WSBA #35925
7  David E. Killough, WSBA #21119         Steven Pepe (*pro hac vice*)
   MICROSOFT CORPORATION          Jesse J. Jenner (*pro hac vice*)
8  1 Microsoft Way                   Ropes & Gray LLP
   Redmond, WA  98052                1211 Avenue of the Americas
9  Phone:  425-882-8080               New York, NY  10036-8704
   Fax:  425-869-1327                 (212) 596-9046
10                                    *steven.pepe@ropesgray.com*
   John W. McBride, (*pro hac vice*)        *jesse.jenner@ropesgray.com*
11 David T. Pritikin, (*pro hac vice*)
   Richard A. Cederoth, (*pro hac vice*)      Norman H. Beamer (*pro hac vice*)
12 Douglas I. Lewis, (*pro hac vice*)        Ropes & Gray LLP
   SIDLEY AUSTIN LLP               1900 University Avenue, 6th Floor
13 One South Dearborn              East Palo Alto, CA  94303-2284
   Chicago, IL  60603                (650) 617-4030
14 Phone:  312-853-7000             *norman.beamer@ropesgray.com*
   Fax:  312-853-7036
15

16 Brian R. Nester, (*pro hac vice*)         Paul M. Schoenhard (*pro hac vice*)
   Kevin C. Wheeler, (*pro hac vice*)       Ropes & Gray LLP
17 SIDLEY AUSTIN LLP              One Metro Center
   1501 K Street NW                 700 12th Street NW, Suite 900
18 Washington, DC  20005           Washington, DC  20005-3948
   Telephone:  202-736-8000        (202) 508-4693
19 Fax:  202-736-8711              *Paul.schoenhard.@ropesgray.com*
20                                    **Counsel for Motorola Solutions, Inc.,**
   **Counsel for Microsoft Corp.**         **Motorola Mobility, Inc., and General**
21                                    **Instrument, Corp.**

22 DATED this ___ day of October, 2011.

23

24

25

STIPULATION AND JOINT MOTION FOR
LEAVE TO AMEND PRELIMINARY
INFRINGEMENT AND INVALIDITY
CONTENTIONS - 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1052

HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7  IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
8  AT SEATTLE

9  MICROSOFT CORPORATION,

                              Plaintiff,
10
                v.
11
    MOTOROLA, INC., et al.,
12
                              Defendants.
13

14  MOTOROLA MOBILITY, INC., et al.,

15                            Plaintiffs,
16
                v.
17  MICROSOFT CORPORATION,

18                            Defendant.

No. C10-1823-JLR

**PROPOSED ORDER**

19

20      Having considered the parties' Stipulation and Joint Motion For Leave To Amend

21  Preliminary Infringement And Invalidity Contentions, the Court finds that good cause exists

22  for (1) Microsoft to amend its Infringement Contentions to include the Motorola Droid Bionic

23  XT875 as an accused product; and (2) Motorola to amend its Invalidity Contentions to include

24  a claim chart for the HyperCard reference.  It is therefore Ordered that within 5 days of this

25
    **STIPULATION AND JOINT MOTION FOR
    LEAVE TO AMEND PRELIMINARY
    INFRINGEMENT AND INVALIDITY
    CONTENTIONS** - 5

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1053

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Order, Microsoft shall serve its Amended Infringement Contentions, and Motorola shall serve

its Amended Invalidity Contentions.

　　　　SO ORDERED.

**STIPULATION AND JOINT MOTION FOR
LEAVE TO AMEND PRELIMINARY
INFRINGEMENT AND INVALIDITY
CONTENTIONS** - 6

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1054

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

_____
LINDA BLEDSOE

**STIPULATION AND JOINT MOTION FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT AND INVALIDITY CONTENTIONS** - 7

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1055

HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7   IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF WASHINGTON
8   AT SEATTLE

| | |
|---|---|
| 9   MICROSOFT CORPORATION, | No. C10-1823-JLR |
| 10                 Plaintiff, | **(UNOPPOSED)STIPULATION AND** |
| 11     v. | **JOINT MOTION FOR LEAVE TO AMEND PRELIMINARY** |
| 12   MOTOROLA, INC., et al., | **INFRINGEMENT AND INVALIDITY CONTENTIONS** |
| 13                 Defendants. | |
| 14 | **Noted:  Friday, October 7,___, 2011** |

9   MICROSOFT CORPORATION,

                        Plaintiff,
10
        v.
11
    MOTOROLA, INC., et al.,
12
                        Defendants.
13

14 ────────────────────────────

15   MOTOROLA MOBILITY, INC., et al.,

16                      Plaintiffs,
        v.
17
    MICROSOFT CORPORATION,
18
                        Defendant.
19

20

21

22

23

24

25
**(UNOPPOSED)STIPULATION AND
JOINT MOTION FOR LEAVE TO
AMEND PRELIMINARY
INFRINGEMENT AND INVALIDITY
CONTENTIONS**

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Microsoft Corporation ("Microsoft") ~~hereby moves, unopposed, for an Order permitting Microsoft to amend its Asserted Claims and Preliminary Infringement Contentions ("Infringement Contentions").On September 2, 2011, Microsoft served its original Asserted Claims and Infringement Contentions on~~and Motorola Mobility, Inc. ("Motorola Mobility"), Motorola Inc., (n/k/a "Motorola Solutions") and General Instrument Corporation ("General Instrument") (collectively, "Motorola") hereby stipulate and jointly move for an Order permitting Microsoft to amend its Asserted Claims and Preliminary Infringement Contentions ("Infringement Contentions") and permitting Motorola to amend its Invalidity Contentions.

**I.  Microsoft's Request to Amend Its Infringement Contentions**

On September 2, 2011, Microsoft served its original Infringement Contentions on Motorola pursuant to the Court's Standing Order for Patent Cases and the Court's August 5, 2011 Minute Order Setting Trial Dates and Related Dates.  In those original Infringement Contentions, Microsoft accused 24 of Motorola's smartphone and tablet devices of infringing U.S. Patents No. 6,339,780 and No. 7,411,582 (the "Microsoft Patents").

Microsoft now moves for leave to amend its Infringement Contentions to include the Motorola Droid Bionic XT875 ("Bionic").  In a Sept. 7, 2011 press release (attached as Exhibit A), Motorola announced its plans to release the Bionic to the market the next day.  The Bionic runs the Android operating system, and consequently, Microsoft believes that the Bionic also infringes the Microsoft Patents.  Microsoft intends to include contentions relating to the Bionic in its amended Infringement Contentions.

Microsoft has good cause to amend its Infringement Contentions.  The Bionic was not on the market when Microsoft filed its original Infringement Contentions on Sept. 2, 2011.  Microsoft learned of the Bionic's market availability through Motorola's public press announcement, several days after the parties exchanged infringement contentions.  Furthermore, Microsoft contends that the Bionic shares strong similarities with the other 24 accused Motorola

28366885_1
~~(UNOPPOSED)~~STIPULATION AND JOINT MOTION FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT AND INVALIDITY CONTENTIONS - 1

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1057

smartphone and tablet devices.  Like the other accused devices, the Bionic runs the Android operating system, which forms a substantial basis for Microsoft's Infringement Contentions. Given these strong similarities, the Bionic is a natural addition to this matter.  Moreover, due to such similarities, Motorola will not be prejudiced by the addition of the Bionic to the case because the addition should not substantially affect any of Motorola's arguments or defenses. ~~Indeed, Motorola does not oppose Microsoft's motion~~ to amend its Infringement Contentions. _____

Finally, this motion to amend is timely.  It comes shortly after Motorola announced the Bionic's market availability (Sept. 7, 2011), well in advance of the deadline for exchange of Non-Infringement Contentions (Dec. 2, 2011), several months before the <u>Markman</u> hearing (Mar. 9, 2012), and more than a year before trial (November 26, 2012).

~~Counsel for Motorola has advised that Motorola does not intend to oppose this Motion. In light of Motorola's non-opposition and the above-described circumstances establishing good cause, the Court should permit Microsoft to amend its Infringement Contentions in order to include Motorola's Bionic smartphone as an additional accused product.  Microsoft has included the Bionic in its~~

<u>Microsoft has provided to Motorola a copy of its proposed</u> First Amended Asserted Claims and Preliminary Infringement Contentions, ~~pursuant to the Court's Standing Order for Patent Cases.  A copy of the cover sheet for the amended Infringement Contentions is attached hereto as Exhibit B.~~

### ~~CONCLUSION~~

~~Microsoft respectfully requests~~ that the Court grant this motion, ~~and enter an Order allowing Microsoft to serve its First Amended Asserted Claims and Preliminary Infringement Contentions, which include the Bionic as an additional accused product.~~ <u>and Motorola has agreed not to oppose Microsoft's request</u> to amend its Infringement Contentions <u>as set forth above.</u>

~~28366885_1~~

**~~(UNOPPOSED)~~<u>STIPULATION AND JOINT</u> MOTION FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT <u>AND INVALIDITY</u> CONTENTIONS** - 2

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

1058

**II.  Motorola's Request to Amend Its Invalidity Contentions**

On September 30, 2011, Motorola served its Invalidity Contentions as a supplemental response to Microsoft's Interrogatory No. 11.  With that response, Motorola provided claim charts setting forth how various references anticipate and/or render obvious Microsoft's U.S. Patent Nos. 6,339,780 ("the '780 patent") and 7,411,582 ("the '582 patent").

Motorola now moves for leave to amend its Invalidity Contentions.  Since serving its Invalidity Contentions, Motorola discovered a new anticipatory reference for the '780 patent -- Apple's HyperCard.  Upon locating a video demonstrating the HyperCard product, Motorola produced to Microsoft a copy of the video and various screen shots of the HyperCard program. Motorola seeks to amend its Invalidity Contentions to provide Microsoft with a claim chart setting forth how the HyperCard product anticipates, or alternatively renders obvious, the '780 patent.

Motorola has good cause to amend its Invalidity Contentions.  At the time it served its original Invalidity Contentions, Motorola had not yet located the HyperCard materials that it has since produced to Microsoft.  Microsoft will not be prejudiced by Motorola's amendment, because it comes shortly after Motorola's initial Invalidity Contentions (Sept. 30, 2011), and well in advance of the deadline for exchange of Non-Infringement Contentions (Dec. 2, 2011), several months before the Markman hearing (Mar. 9, 2012), and more than a year before trial (November 26, 2012).

Microsoft has agreed not to oppose Motorola's request to amend its Invalidity Contentions as set forth above.

**III.  Conclusion**

Microsoft and Motorola have agreed that these amendments are timely and will not prejudice the parties in developing their respective cases, nor will these amendments affect the schedule set for this case by the Court.  In light of the parties' agreement and the above-described

28366885_1
**(UNOPPOSED)STIPULATION AND JOINT MOTION FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT AND INVALIDITY CONTENTIONS** - 3

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1059

1  circumstances establishing good cause, the parties respectfully request that the Court grant this

2  motion, and enter an Order allowing (1) Microsoft to amend its Infringement Contentions in

3  order to include Motorola's Bionic smartphone as an additional accused product; and (2)

4  Motorola to amend its Invalidity Contentions in order to include an invalidity chart for the '780

5  patent regarding the HyperCard reference.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  28366885_1
    (UNOPPOSED)STIPULATION AND JOINT
    MOTION FOR LEAVE TO AMEND
    PRELIMINARY INFRINGEMENT AND
    INVALIDITY CONTENTIONS - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1060

**AGREED AND STIPULATED TO:**

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

SUMMIT LAW GROUP PLLC

By ____/s/ Christopher Wion_____
_____Arthur W. Harrigan, Jr., WSBA #1751
_____Christopher Wion, WSBA #33207
_____Shane P. Cramer, WSBA #35099

By ____/s/ Philip S. McCune_____
_____Philip S. McCune, WSBA #21081
_____Lynn M. Engel, WSBA #21934
_____*philm@summitlaw.com*
_____*lynne@summitlaw.com*

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #21119
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*steven.pepe@ropesgray.com*
*jesse.jenner@ropesgray.com*

John W. McBride, *(pro hac vice)*
David T. Pritikin, *(pro hac vice)*
Richard A. Cederoth, *(pro hac vice)*
Douglas I. Lewis, *(pro hac vice)*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Norman H. Beamer (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*

Brian R. Nester, *(pro hac vice)*
Kevin C. Wheeler, *(pro hac vice)*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*Paul.schoenhard.@ropesgray.com*

**Counsel for Microsoft Corp.**

**Counsel for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument, Corp.**

DATED this 7[th]___ day of October, 2011.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By ___/s/ Christopher Wion_____
_____Arthur W. Harrigan, Jr., WSBA #1751
_____Christopher Wion, WSBA #33207
_____Shane P. Cramer, WSBA #35099

28366885_1
(UNOPPOSED)STIPULATION AND JOINT
MOTION FOR LEAVE TO AMEND
PRELIMINARY INFRINGEMENT AND
INVALIDITY CONTENTIONS - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1061

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #40185
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

David T. Pritikin, *Pro Hac Vice*
Richard A. Cederoth, *Pro Hac Vice*
Douglas I. Lewis, *Pro Hac Vice*
John W. McBride, *Pro Hac Vice*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Brian R. Nester, *Pro Hac Vice*
Kevin C. Wheeler, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

| | |
|---|---|
| MICROSOFT CORPORATION, | No. C10-1823-JLR |
| Plaintiff, | |
| v. | |

28366885_1
(UNOPPOSED)STIPULATION AND JOINT
MOTION FOR LEAVE TO AMEND
PRELIMINARY INFRINGEMENT AND
INVALIDITY CONTENTIONS - 6

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  MOTOROLA, INC., et al.,
2              Defendants.                 **PROPOSED ORDER**

3  MOTOROLA MOBILITY, INC., et al.,
4              Plaintiffs,
5       v.
6  MICROSOFT CORPORATION,
7              Defendant.

8                    ~~Counsel for Microsoft Corporation~~

9  _____

10      Having considered the parties' Stipulation and Joint Motion For Leave To Amend

11  Preliminary Infringement And Invalidity Contentions, the Court finds that good cause exists for

12  (1) Microsoft to amend its Infringement Contentions to include the Motorola Droid Bionic

13  XT875 as an accused product; and (2) Motorola to amend its Invalidity Contentions to include a

14  claim chart for the HyperCard reference.  It is therefore Ordered that within 5 days of this Order,

15  Microsoft shall serve its Amended Infringement Contentions, and Motorola shall serve its

16  Amended Invalidity Contentions.

17

18      SO ORDERED.

19

20

21

22

23

24

25  ~~28366885_1~~
    ~~(UNOPPOSED)~~STIPULATION AND JOINT
    MOTION FOR LEAVE TO AMEND
    PRELIMINARY INFRINGEMENT AND
    INVALIDITY CONTENTIONS - 7

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1063

**CERTIFICATE OF SERVICE**

1

2        I hereby certify that on October 7, 2011, I electronically filed the foregoing document

3  with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

4  to the following:

5        **Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and**
6        **General Instrument Corporation**

7        Philip S. McCune
         Lynn M. Engle
8        Summit Law Group

9        Steven Pepe
         Jesse J. Jenner
10       Norman Beamer
         Paul M. Schoenhard
11       Ropes & Gray

12

13                                    _____
                                      LINDA BLEDSOE

14

15

16

17

18

19

20

21

22

23

24

25  28366885_1
    **(UNOPPOSED)STIPULATION AND JOINT**
    **MOTION FOR LEAVE TO AMEND**
    **PRELIMINARY INFRINGEMENT AND**
    **INVALIDITY CONTENTIONS - 8**

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

Document comparison by Workshare Professional on Monday, October 17, 2011 6:15:08 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://RGDMS/Active/28366885/1 |
| Description | #28366885v1<Active> - 10 07 11 Microsoft 1823 Unopposed Motion Amend Prelim Infring Contentions |
| Document 2 ID | interwovenSite://RGDMS/Active/28366853/2 |
| Description | #28366853v2<Active> - Stipulation and Joint Motion to Amend Prelim Infringement and Invalidity Contentions |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 108 |
| Deletions | 48 |
| Moved from | 4 |
| Moved to | 4 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 164 |

# EXHIBIT 11

**Yothers, Stuart**

---

**From:** Chris Wion [mailto:chrisw@dhlt.com]
**Sent:** Wednesday, October 26, 2011 12:50 PM
**To:** Phil McCune
**Subject:** RE: Msft's proposed Motion for Leave to Amend Infringement Contentions

Phil,

Microsoft does not believe that the two situations are comparable.  Microsoft is seeking to add the Bionic now because that product was first introduced after the deadline for Microsoft's infringement contentions.  In contrast, any prior art, by definition, existed long before Motorola's invalidity contentions were due.  Thus, unlike Microsoft, Motorola had the ability to timely identify such prior art in accordance with the Local Patent Rules and Judge Robart's scheduling order.  We would be happy to discuss this further as you suggest, during the November 1 meet and confer proposed in our discovery letter sent earlier today.

-Chris

---

**From:** Phil McCune [mailto:philm@SummitLaw.com]
**Sent:** Wednesday, October 26, 2011 10:48 AM
**To:** Chris Wion
**Subject:** RE: Msft's proposed Motion for Leave to Amend Infringement Contentions

Chris:

Because it is early in the case, Motorola expected that the parties would agree on reasonable amendments to the preliminary contentions, particularly where the amendments are based on newly discovered information.  Having evaluated Microsoft's request from that perspective, Motorola will not oppose Microsoft's motion to amend its infringement contentions to add the Bionic.

Motorola is curious about the grounds on which Microsoft plans to oppose Motorola's motion to amend Motorola's invalidity contentions to include newly discovered prior art materials.  Motorola expected that motion to be addressed by Microsoft with the same nonopposition Motorola has provided Microsoft.  Similar to Microsoft's request, Motorola raised this with Microsoft well in advance of claim construction or any other substantive proceedings in this case.

Motorola asks that Microsoft reconsider its opposition, or, at the very least, provide the substantive basis for its opposition that would distinguish the issue from its own recent request for nonopposition to a request for amendment.  After understanding that basis, Motorola can attempt to spare the court a briefing exercise by resolving this issue through a meet-and-confer.

Best regards,

Phil

---

**Phil McCune, Member / S u m m i t  L a w  G r o u p PLLC**
315 Fifth Avenue South, Suite 1000 | Seattle, Washington  98104-2682
T 206.676.7038  |  F 206.676.7039  /  _philm@summitlaw.com_  /  _www.summitlaw.com_

1

**From:** Chris Wion [mailto:chrisw@dhlt.com]
**Sent:** Tuesday, October 25, 2011 10:06 PM
**To:** Phil McCune
**Subject:** RE: Msft's proposed Motion for Leave to Amend Infringement Contentions

Phil,

Microsoft's position is that Motorola's request should not be granted.

-Chris

-----Original Message-----
**From:** Phil McCune [mailto:philm@SummitLaw.com]
**Sent:** Tuesday, October 25, 2011 6:00 PM
**To:** Chris Wion
**Subject:** RE: Msft's proposed Motion for Leave to Amend Infringement Contentions

Chris:

Does Microsoft intend to oppose Motorola's request?  That may be relevant to answering your question and I would like to know before I discuss your question with Motorola.

Best regards,

Phil

**Phil McCune, Member / S u m m i t  L a w  G r o u p PLLC**
315 Fifth Avenue South, Suite 1000 | Seattle, Washington  98104-2682
T 206.676.7038 | F 206.676.7039 | *philm@summitlaw.com* | www.summitlaw.com

**From:** Chris Wion [mailto:chrisw@dhlt.com]
**Sent:** Tuesday, October 25, 2011 5:18 PM
**To:** Phil McCune
**Subject:** FW: Msft's proposed Motion for Leave to Amend Infringement Contentions

Phil,

In response to your email yesterday, Microsoft is not inclined to alter its Motion for Leave to Amend Infringement Contentions to include Motorola's proposed language requesting leave to amend its invalidity contentions.

Please let me know as soon as possible whether Motorola intends to oppose Microsoft's Motion so that we can make any necessary adjustments prior to filing.

Thank you.

-Chris

**From:** Chris Wion
**Sent:** Friday, October 07, 2011 3:01 PM

2

1068

**To:** Phil McCune (philm@SummitLaw.com)
**Subject:** Msft's proposed Motion for Leave to Amend Infringement Contentions

Phil,

As you are aware, the parties exchanged their preliminary infringement contentions on Sept. 2, 2011.  We have become aware that Motorola began selling the Droid Bionic smartphone in the United States on Sept. 8, 2011, at earliest.  We believe that the Bionic infringes the '780 and '582 patents.  Because Motorola brought the Bionic to market after the parties' exchange of preliminary infringement contentions, we intend to amend our infringement contentions to add the Bionic as an accused product.  Like the other 24 Motorola products we have accused, the Bionic is an Android device and therefore, we believe it infringes the '780 and '582 patents in substantially the same manner as the already accused products.  As such, our amended infringement contentions directed toward the Bionic are substantially similar to the infringement theories we previously presented.

We've placed our amended materials at the following link for your review:
 https://signin.sidleyfiletransfer.com/fs/v.aspx?v=8a6d64895f66b7a97166.  We've included redline copies of the amended documents compared to the originals.  Notice that the main contention charts are not updated; only the appendices relating to the Bionic are updated (or new, in the case of Appendix C-19).

Accordingly, we intend to move the Court for leave to amend our preliminary infringement contentions.  A copy of our proposed Motion (with exhibits) is attached.

Because of the substantial similarities between the Bionic and the previously accused products and our timely efforts to update our contentions, we don't believe such an amendment will prejudice Motorola's arguments or defenses.  Please confirm that Motorola will not oppose this motion.  If Motorola does oppose this motion, please let me know when you are available to meet and confer so that we might understand Motorola's bases for opposition.

Thank you,

-Chris


Christopher T. Wion
Partner
Danielson Harrigan Leyh & Tollefson LLP
999 Third Avenue, Suite 4400
Seattle, Washington 98104
Tel:  (206) 623-1700
Fax:  (206) 623-8717
_____

This internet e-mail message contains confidential, privileged information that is intended only for the addressee. If you have received this e-mail message in error, please call us (collect, if necessary) immediately at (206) 623-1700 and ask to speak to the message sender. Thank you. We appreciate your assistance in correcting this matter.


-------------------------- Summit Law Group --------------------------
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above e-mail address.

1069

Circular 230 Notice: To comply with IRS regulations, please note that any discussion of Federal tax issues in this email (and in any attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (a) avoiding any penalties imposed under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

4

# EXHIBIT 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLAY VISIONS, INC., | CASE NO. C09-1769 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND PRELIMINARY INVALIDITY CONTENTIONS |
| v. | |
| DOLLAR TREE STORES, INC., and GREENBRIER INTERNATIONAL, INC., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to amend their preliminary invalidity contentions.  (Dkt. No. 42.)  Having reviewed the motion, the response (Dkt. No. 45), the reply (Dkt. No. 48), and all supporting papers, the Court GRANTS the motion.  The Court also GRANTS Defendants' motion to STRIKE and does not consider the overlength portion of Plaintiff's response brief.

**Background**

Plaintiff Play Visions, Inc. has filed suit against Defendants for patent infringement.  The scheduling order of this Court required Defendants to file preliminary non-infringement and

1    invalidity contentions by August 4, 2010.  (Dkt. No. 10.)  Defendants filed non-infringement

2    contentions on that date, stating that they had no invalidity contentions, but reserved the right to

3    present such contentions "as they are discovered or developed."  (Dkt. No. 43-2 at 3.)  On

4    October 1, 2010, Defendants served Play Visions with supplemental interrogatory responses in

5    which they disclosed several prior art references.  (Dkt. No. 43-3.)  Five days later, Defendants

6    served preliminary invalidity contentions to Plaintiff.  (Dkt. No. 43-4.)  On October 14, 2010,

7    Defendants filed a motion to amend their non-infringement and invalidity contentions.  Claims

8    construction is scheduled for January 3, 2011.  (Dkt. No. 10.)  Discovery ends on March 21,

9    2011.  (Id.)  Trial is set for July 18, 2011. (Id.)

10                                              **Analysis**

11   A.     <u>Amendment</u>

12          Defendants seek leave to file amended preliminary invalidity contentions pursuant to

13   Local Patent Rule 124.  The Court agrees.

14          Local Patent Rule 124 permits amendment of invalidity contentions "only by order of the

15   Court upon a timely showing of good cause."  Examples of good cause are stated in the rule as

16          (a) a claim construction by the Court different from that proposed by the party
             seeking amendment; (b) recent discovery of material prior art despite earlier
17           diligent search; and (c) recent discovery of nonpublic information about the
             Accused Device which was not discovered, despite diligent efforts, before the
18           service of the Infringement Contentions. The duty to supplement discovery
             responses does not excuse the need to obtain leave of court to amend contentions.
19
20   Local Patent Rule LR 124.  Restrictions on amendment to invalidity contentions are aimed at

     avoiding the "shifting sands" approach to claim construction.  See <u>Halo Elecs., Inc. v. Bel Fuse</u>
21
     <u>Inc.</u>, 2010 WL 3489593, at *1 (N.D. Cal. Sept. 3, 2010) (granting motion for leave to amend
22
     invalidity contentions where the defendants argued they searched diligently over a broad
23
     spectrum of prior art).  The burden to show diligence is on Defendants in this case.  <u>Id.</u>
24

1

2     Defendants rely on <u>Quantum Corp. v. Riverbed Tech., Inc.</u>, No. C07-04161 WHA, 2008

3  U.S. Dist LEXIS 53632 (N.D. Cal. July 15, 2008).  In <u>Quantum</u>, the defendant filed no invalidity

4  contention, but sought leave to file such contentions after its expert witness advised it of

5  particular prior art.  <u>Id.</u> at *4.  The Court found that the posture of the case was early, given that

6  only six months had passed since the defendant filed its counterclaim and that there had been no

7  claim construction and no depositions had been taken.  <u>Id.</u> at *5.

8     Defendants have shown good cause.  Similar to the facts in <u>Quantum</u>, claim construction

9  will not occur until after January, discovery does not end until March 2011, and Defendants

10  moved to amend the invalidity contentions roughly two months after the deadline to file them.

11  Defendants explain the delay is a result of a broad investigation that yielded newly obtained

12  evidence.  (Dkt. No. 42 at 7.)  They have shown reasonable diligence in providing these

13  invalidity contentions, despite Plaintiff's argument to the contrary.  For example, Plaintiff argues

14  that Defendants had over seven months to conduct this search from the time the case was filed.

15  This ignores that Plaintiff's Fifth Amended Complaint wasn't filed until June 2010, and that the

16  motion to amend was filed roughly two months after the deadline passed.  Good cause exists to

17  permit amendment.

18     Plaintiff also argues that Defendants have engaged in gamesmanship and that they are

19  "destroy[ing] the reason for having local patent rules."  (Dkt. No. 45 at 11.)  This hyperbole does

20  not convince the Court of Plaintiff's position.  Defendants attest in their motion that they were

21  diligently pursuing their invalidity contentions and moved to amend at the earliest moment.

22  There is no evidence of gamesmanship, particularly given the short time it took Defendants to

23  amend their invalidity contentions and the early posture of the case.

24

1    Plaintiff also argues that it will suffer prejudice if Defendants are allowed amendment.

2  There is no evidence of prejudice given that the parties have yet to engage in claims construction

3  and discovery does not end for months.  The Court does not consider Plaintiff's other arguments

4  of prejudice, as they are contained in the overlength portions of the brief which the Court strikes.

5  See infra.

6    The Court therefore GRANTS the motion and GRANTS Defendants leave to file their

7  amended preliminary invalidity contentions.

8  B.    Motion to Strike

9    Defendants ask the Court to strike the overlength portion of Plaintiff's response brief.

10  The Court agrees.  The response is 14 pages, when it should have been 12.  Local Rule CR 7(e).

11  The Court STRIKES and does not consider the final two pages of Plaintiff's opposition.  The

12  Court notes, too, that Plaintiff has used lengthy footnotes in what appears to be a further effort to

13  skirt the page limitation.  If matters are sufficiently important for the Court's attention, they

14  should be placed in the body of the argument, not in footnotes.

15    The Court also advises Plaintiff that it failed to submit courtesy copies of its filings in this

16  matter that were over 50 pages.  (See Dkt. No. 46.)  The Local Civil Rules require that any filing

17  over 50 pages must be accompanied by courtesy copies delivered to the Clerk's Office for

18  chambers.  Local Rule CR 10(e)(8).

19                                   **Conclusion**

20    The Court GRANTS the motion to amend.  Defendants have shown diligence in pursuing

21  amendments to their preliminary invalidity contentions and there is no evidence of prejudice to

22  Plaintiff in the face of amendment.  The Court GRANTS Defendants' motion to strike and

23  STRIKES the final two pages of Plaintiff's response brief.

24

ORDER GRANTING MOTION TO AMEND
PRELIMINARY INVALIDITY CONTENTIONS- 4
1073

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 30th day of November, 2010.

3

4

5    _____
     Marsha J. Pechman
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO AMEND
PRELIMINARY INVALIDITY CONTENTIONS- 5
1070

# EXHIBIT 13

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

| |
|---|
| **In the Matter of**<br><br>**CERTAIN HANDHELD ELECTRONIC COMPUTING DEVICES, RELATED SOFTWARE, AND COMPONENTS THEREOF** |

**Inv. No.  337-TA-769**

**ORDER NO. 4:**      **SETTING THE PROCEDURAL SCHEDULE**

(June 17, 2011)

On June 16, 2011, the parties submitted a joint proposed procedural schedule pursuant to Order No. 3.  The investigation will hereby be controlled by the procedural schedule attached hereto as Attachment A.

**SO ORDERED.**

Theodore R. Essex
Administrative Law Judge

1

# ATTACHMENT A

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C. 20436

Before the Honorable Theodore R. Essex
Administrative Law Judge

| In the Matter of | |
|---|---|
| **CERTAIN HANDHELD ELECTRONIC COMPUTING DEVICES, RELATED SOFTWARE, AND COMPONENTS THEREOF** | Investigation No. 337-TA-769 |

## JOINT PROPOSED PROCEDURAL SCHEDULE

Pursuant to Order No. 3, Complainant Microsoft Corporation ("Microsoft"), Respondents Barnes and Noble, Inc. and barnesandnoble.com LLC ("Barnes & Noble), Hon-Hai Precision Industry Co., Ltd., Foxconn Electronics, Inc., Foxconn Precision Component (Shenzhen) Co. Ltd., and Foxconn International Holdings, Ltd. ("Foxconn"), Inventec Corporation ("Inventec"), and Commission Investigative Staff ("Staff") respectfully submit the following Joint Proposed Procedural Schedule:

| Event Description | Proposed Schedule |
|---|---|
| Settlement Meeting #1 | On or before 7/29/11 |
| Report re Settlement Meeting #1 | 8/8/11 |
| File Identification of Expert Witnesses | 9/23/11 |
| File Notice of Prior Art | 10/7/11 |
| Exchange of Initial Expert Reports | 10/21/11 |
| File Tentative List of Hearing Witnesses | 10/24/11 |
| Settlement Meeting #2 | On or before 11/4/11 |
| Fact Discovery Cut-Off and Completion | 11/14/11 |
| Exchange of Rebuttal Expert Reports | 11/16/11 |
| Last Day to Supplement Responses to Contention Interrogatories | 11/16/11 |
| Report re: Settlement Meeting #2 | 11/18/11 |
| Deadline for Motions to Compel Discovery | 12/5/11 |
| Expert Discovery Cut-Off and Completion | 12/6/11 |
| Deadline for Filing Summary Determination Motions | 12/7/11 |
| Settlement Meeting #3 | On or before 12/15/11 |

| Event Description | Proposed Schedule |
|---|---|
| Report re: Settlement Meeting #3 | 12/22/11 |
| Exchange Exhibit Lists | 12/22/11 |
| Submit and Serve Direct Exhibits-Parties | 1/6/2012 |
| File Pre-Hearing Briefs-Parties | 1/11/12 |
| File Request for Receipt of Evidence without a Witness | 1/11/12 |
| File Objections to Direct Exhibits | 1/13/12 |
| Submit and Serve Direct Exhibits-Staff | 1/18/12 |
| Submit Rebuttal Exhibits | 1/18/12 |
| Deadline for Motions In Limine | 1/20/12 |
| File Responses to Objections to Direct Exhibits | 1/20/12 |
| File High-Priority Objections Statement | 1/23/12 |
| File Pre-Hearing Briefs-Staff | 1/23/12 |
| File Objections to Rebuttal Exhibits | 1/25/12 |
| File Responses to Motions In Limine | 1/27/12 |
| File Responses to High-Priority Objections Statement | 1/30/12 |
| File Response to Objections to Rebuttal Exhibits | 1/30/12 |
| Submission of Declarations Justifying Confidentiality of Exhibits | 1/30/12 |
| Prehearing Conference and Tutorial (if necessary) | 2/6/12 |
| Hearing Begins | 2/6/12 |
| Hearing Ends | 2/15/12 |
| File Initial Post-hearing Brief, Proposed Findings and Conclusions and Final Exhibit List | 2/29/12 |
| File Reply Post-Hearing Briefs, Objections and Rebuttal to Proposed Findings of Fact | 3/14/12 |

Dated:  June 16, 2011

Respectfully submitted,

 /s/ V. James Adduci II
V. James Adduci II
Andrew F. Pratt
Jonathan J. Engler
David H. Hollander, Jr.
Rowan E. Morris
ADDUCI, MASTRIANI & SCHAUMBERG, LLP
1200 Seventeenth Street, NW, Fifth Floor
Washington, D.C. 20036
Telephone: (202) 467-6300

Respectfully submitted,

 /s/ Richard L. DeLucia
Richard L. DeLucia
John R. Kenny
Paul M. Richter, Jr.
Charles A. Weiss
A. Antony Pfeffer
KENYON & KENYON LLP
One Broadway
New York NY  10004-1050
Telephone: (212) 425-7200

2

CERTAIN HANDHELD ELECTRONIC                          Inv. No. 337-TA-769
COMPUTING DEVICES, RELATED
SOFTWARE, AND COMPONENTS THEREOF

<u>PUBLIC CERTIFICATE OF SERVICE</u>

I, James R. Holbein, hereby certify that the attached **ORDER 4** has been served by hand upon
the Commission Investigative Attorney, **Jeffrey Hsu, Esq,** and the following parties as indicated
on **June 17, 2011.**

James R. Holbein, Secretary to Commission
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, D.C.  20436


<u>On Behalf of Complainant Microsoft Corporation:</u>

| | |
|---|---|
| V. James Adduci II, Esq. | (   ) Via Hand Delivery |
| **ADDUCI MASTRIANI & SCHAUMBERG LLP** | (   ) Via Overnight Delivery |
| 1200 17th Street, NW, 5th Floor | ( ✓ ) Via First Class Mail |
| Washington, DC  20036 | (   ) Other: _____ |

<u>On Behalf of Respondents Barnes & Noble, Inc. and barnesandnoble.com LLC:</u>

| | |
|---|---|
| Marcia H. Sundeeen, Esq. | (   ) Via Hand Delivery |
| **KENYON & KENYON LLP** | (   ) Via Overnight Mail |
| 1500 K Street, NW | ( ✓ ) Via First Class Mail |
| Washington, DC 20005 | (   ) Other: _____ |

<u>On Behalf of Respondents Hon Hai Precision Industry Co., Ltd., Foxconn Electronics, Inc.
Foxconn Precision Component (Shenzhen) Co., Ltd. and Foxconn International Holdings
Ltd.:</u>

| | |
|---|---|
| Edward M. Lebrow, Esq. | (   ) Via Hand Delivery |
| **HAYNESBOONE** | (   ) Via Overnight Mail |
| 1614 L Street, NW, Suite 800 | ( ✓ ) Via First Class Mail |
| Washington, DC  20036 | (   ) Other: _____ |

<u>On Behalf of Respondent Inventec Corporation:</u>

| | |
|---|---|
| Bijal V. Vakil, Esq. | (   ) Via Hand Delivery |
| **WHITE & CASE LLP** | (   ) Via Overnight Mail |
| 3000 El Camino Real | ( ✓ ) Via First Class Mail |
| 5 Palo Alto Square, 9th Floor | (   ) Other: _____ |
| Palo Alto, CA 94306 | |

CERTAIN HANDHELD ELECTRONIC                    Inv. No. 337-TA-769
COMPUTING DEVICES, RELATED
SOFTWARE, AND COMPONENTS THEREOF


## PUBLIC CERTIFICATE OF SERVICE – PAGE TWO


**PUBLIC MAILING LIST:**


Heather Hall                              ( ) Via Hand Delivery
**LEXIS – NEXIS**                         ( ) Via Overnight Mail
9443 Springboro Pike                      ( ✓) Via First Class Mail
Miamisburg, OH  45342                     ( ) Other: _____


Kenneth Clair                             ( ) Via Hand Delivery
**THOMSON WEST**                          ( ) Via Overnight Mail
1100 Thirteenth Street, NW, Suite 200     ( ✓) Via First Class Mail
Washington, D.C.  20005                   ( ) Other: _____

1083