HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., et al.,<br><br>        Defendants. | No. C10-1823-JLR<br><br>MICROSOFT'S MOTION TO FILE DOCUMENT UNDER SEAL<br><br>**NOTED FOR:**<br>**Friday, December 2, 2011** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | |

## I.  RELIEF REQUESTED

Microsoft Corporation respectfully requests that it be permitted to file under seal a declaration containing confidential business information of Microsoft and/or non-party Marvell Semiconductor, Inc. ("Marvell").

Concurrently with the filing of this Motion, Microsoft is filing a Motion for Leave to File Supplemental Declaration of Christopher Wion in Support of Motion for Partial Summary Judgment (the "Motion for Leave"). The Motion for Leave requests permission to file the Supplemental Declaration of Christopher Wion ("Supplemental Wion Declaration") attached

MICROSOFT'S MOTION TO FILE DOCUMENT
UNDER SEAL - 1

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

thereto as Exhibit A. The subject of this Motion is Exhibit 1 to the Supplemental Wion Declaration – the Declaration of Jennifer Ochs, Director of IP Litigation at Marvell (the "Ochs Declaration").

Microsoft seeks to file the Ochs Declaration under seal pursuant to Local Civil Rule 5(g) and Paragraphs 2(a) and 8 of the Protective Order Regarding The Disclosure and Use of Discovery Materials (ECF No. 72) (the "Protective Order") entered by the Court on July 21, 2011. The Ochs Declaration contains references to, and describes, confidential business information of Microsoft and/or non-party Marvell Semiconductor, Inc. There is a risk that one or more of these parties may suffer harm vis-à-vis their competitors should the information in the Ochs Declaration be disclosed publicly. For this reason, Microsoft respectfully requests that the Court permit Microsoft to file the Ochs Declaration under seal. With the exception of the Ochs Declaration, Microsoft's Motion for Leave and the Supplemental Wion Declaration are being filed as part of the public record.

## II. FACTS AND AUTHORITY

A. **The Ochs Declaration Should Be Sealed under the Terms of the Protective Order and Rule 26(c).**

The Protective Order provides for Confidential Business Information or other trade secret information to be filed under seal. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under

MICROSOFT'S MOTION TO FILE DOCUMENT
UNDER SEAL - 2

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

In addition, the Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

While the public generally enjoys a right to inspect and copy public records, "it is uncontested ... that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978). As the Court recognized, one such "improper purpose" is where documents filed with the court are used as a "source[] of business information that might harm a litigant's competitive standing." *Id.*

The Court should grant leave to file the Ochs Declaration under seal both pursuant to the Protective Order and Rule 26(c)(1)(G) and (H) because it contains commercially sensitive business and licensing and business information relating to Microsoft and/or non-party Marvell. It has been designated "CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," under the

MICROSOFT'S MOTION TO FILE DOCUMENT
UNDER SEAL - 3

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

terms of the Protective Order. ECF No. 72, ¶ 6. This type of information may be filed under seal pursuant to Paragraphs 1 and 6 of the Protective Order. *Id.*, ¶¶ 1-6.

The Ochs Declaration was prepared in connection with a pending ITC action involving the parties (*In the Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752), and has been treated as Confidential Business Information under the Protective Order in that Action. Cramer Dec., ¶ 2.[1] Microsoft believes in good faith that non-party Marvell has a reasonable expectation that the information contained in the Ochs Declaration will be treated as highly confidential, consistent with its prior treatment in the ITC action.

The information contained in the Ochs Declaration addresses Motorola's and Microsoft's licensing and/or business relationships and communications with non-party Marvell. Disclosure of this information could negatively affect one or more of these entities' posture in the marketplace vis-à-vis their competitors and lead to competitive harm. Cramer Dec., ¶ 4.

Microsoft has attempted to limit the amount of sealed information to the minimum necessary to protect any commercially sensitive information. Microsoft is filing only the Ochs Declaration under seal due to the presence of confidential information in that declaration. Because the Ochs Declaration is being submitted as part of Microsoft's Motion for Leave, Microsoft is filing a "redacted" version of the Motion for Leave in which the two-page Ochs Declaration has been omitted. A complete version of Microsoft's Motion for Leave – which includes the Ochs Declaration – is being filed under seal.

---

[1] Declaration of Shane P. Cramer in Support of Microsoft's Motion to File Documents Under Seal ("Cramer Dec.").

MICROSOFT'S MOTION TO FILE DOCUMENT
UNDER SEAL - 4

### III. CONCLUSION

Microsoft has provisionally filed the Ochs Declaration under seal based on its good faith belief that the document qualifies for protection under the terms of the Protective Order and Rule 26(c). For the foregoing reasons, Microsoft respectfully requests that this Court permit the Ochs Declaration to remain filed under seal. A [Proposed] Order Granting Microsoft's Motion to File Documents Under Seal has been submitted herewith.

DATED this 14th day of November, 2011.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By  /s/ Shane P. Cramer
Arthur W. Harrigan, Jr., WSBA #1751
Christopher Wion, WSBA #33207
Shane P. Cramer, WSBA #35099

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #40185
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA 98052
Phone: 425-882-8080; Fax: 425-869-1327

David T. Pritikin, *Pro Hac Vice*
Richard A. Cederoth, *Pro Hac Vice*
Douglas I. Lewis, *Pro Hac Vice*
John W. McBride, *Pro Hac Vice*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000; Fax: 312-853-7036

Brian R. Nester, *Pro Hac Vice*
Kevin C. Wheeler, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000; Fax: 202-736-8711

Counsel for Microsoft Corporation

MICROSOFT'S MOTION TO FILE DOCUMENT
UNDER SEAL - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

/s/ Linda Bledsoe

MICROSOFT'S MOTION TO FILE DOCUMENT
UNDER SEAL - 6

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717