THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                              Plaintiff,<br><br>        vs.<br><br>MOTOROLA, INC.,  et al.,<br><br>                              Defendants.<br>_____<br>MOTOROLA MOBILITY, INC., et al.,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>MICROSOFT CORPORATION,<br><br>                              Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT'S RESPONSE IN OPPOSITION TO MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS<br><br>**NOTED:  December 2, 2011** |

11

12

13

14

15

16

17

18

19

20

21

## INTRODUCTION

22

Motorola's motion for leave to amend its Invalidity Contentions should be denied.

23

Motorola has been aware of the two patents Microsoft asserts in this matter since January

24

2011.  Having sufficient notice of Microsoft's infringement contentions, Motorola served its

25

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

original Invalidity Contentions on Microsoft on September 30, 2011, disclosing over 130 references as prior art.  Although Microsoft has not since substantively updated its infringement contentions, Motorola now seeks to amend its Invalidity Contentions, adding 5 new invalidity theories and disclosing over 100 new references.

The vast majority of these new references cited by Motorola result from the diligence of Barnes & Noble—a party in no way connected to this action.  Motorola provides no explanation as to why it could not have discovered and timely disclosed these new references itself.  Furthermore, many of the newly disclosed references should have been apparent to Motorola because they are well-known or were identified within the originally cited prior art.  Lastly, an amendment to Motorola's invalidity contentions at this stage would unfairly prejudice Microsoft's efforts in preparing for claim construction.  Because Motorola has failed to exercise sufficient diligence in its prior art searches Motorola should not be allowed to amend its Invalidity Contentions past the Court's scheduled deadline.

## BACKGROUND

Microsoft originally asserted U.S. Patent Nos. 6,339,780 ("the '780 patent") and 7,411,582 ("the '582 Patent") (collectively, "the Microsoft Patents") against Motorola in Microsoft's counterclaims filed in the Western District of Wisconsin (3:10-cv-00699-bbc) on January 25, 2011 (*see* Declaration of Christopher Wion in Support of Microsoft's Response in Opposition to Motorola's Motion for Leave to Amend Its Invalidity Contentions ("Wion Dec."), Ex. A).  Amongst those counterclaims, Microsoft asserted five independent claims from the '780 Patent and two independent claims from the '582 Patent.  On March 30, 2011, Microsoft received Motorola's responses to Microsoft's First Set of Interrogatories asserting 50 references as potential prior art to the Microsoft Patents (25 for the '780 patent; 25 for the '582) (Wion Dec., Ex. B).  The Court entered a scheduling order on August 5, 2011, requiring the parties to exchange Infringement Contentions on September 2  and to exchange Invalidity

MICROSOFT'S RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE TO
AMEND ITS INVALIDITY CONTENTIONS - 2

1    Contentions on September 23 (ECF No. 76).  The Court later extended the deadline for the

2    exchange of Invalidity Contentions to September 30 (ECF No. 93).

3           On September 2, Microsoft served its original Asserted Claims and Preliminary

4    Infringement Contentions to Motorola, asserting 27 claims from the '780 Patent and 27 claims

5    from the '582 Patent (Wion Dec., Ex. C).

6           Motorola supplemented its responses to Microsoft's First Set of Interrogatories on

7    September 30 (Motorola Br. Ex. 3).  This supplemental response purports to be Motorola's

8    original Invalidity Contentions, wherein Motorola asserted 63 prior art references against the

9    '780 patent and 70 references against the '582 patent.  In total, Motorola asserted 133 prior art

10   references, including 83 new references.  These original Invalidity Contentions cited an article

11   by E. Morgan, titled "Implementing TCP/IP communications with HyperCard" (Wion Dec.,

     Ex. D).

12          On September 8, 2011, Motorola launched the Droid Bionic XT875 ("Bionic") to U.S.

13   consumers.  Microsoft immediately marshaled its resources to determine whether the newly-

14   released device infringes the claims of the '780 or '582 patent (*see* Declaration of Alison Potter

15   in Support of Microsoft's Response in Opposition to Motorola's Motion for Leave to Amend Its

16   Invalidity Contentions ("Potter Dec."), ¶ 2).   Accordingly, on October 7, 2011 Microsoft

17   contacted Motorola about updating its Asserted Claims and Preliminary Infringement

18   Contentions to add the Bionic as an accused device (Potter Dec., Ex. E).  The proposed

19   Amended Preliminary Infringement Contentions merely added screen shots of the Bionic

20   performing the asserted claims of the Microsoft Patents (Potter Dec., ¶ 3).  Microsoft presented

21   no new or substantively changed infringement theories (*Id.*).

22          Microsoft inquired as to Motorola's intention to object to the Amended Preliminary

23   Infringement Contentions.  In reply, on October 17, 2011, Motorola suggested a joint

24   stipulation between the parties allowing Microsoft to amend its contentions if Microsoft would

25   not oppose a similar motion by Motorola to amend its Invalidity Contentions (Potter Dec., Ex.

MICROSOFT'S RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE TO
AMEND ITS INVALIDITY CONTENTIONS - 3

F).  Importantly, Motorola proposed amending its Invalidity Contentions by adding the *single* HyperCard reference (Potter Dec., ¶ 4).  Microsoft believed the parties' positions to be incongruous and consequently declined Motorola's offer.  Nevertheless, Motorola ultimately did not oppose Microsoft's motion to amend its Preliminary Infringement Contentions.  On October 27, 2011, Microsoft filed its motion (ECF No. 106), and the Court granted it on October 31, 2011 (ECF No. 107).

On October 7, 2011 Barnes & Noble—which is not involved in this action—disclosed several prior art references regarding the '780 patent to the United States International Trade Commission ("USITC") in a Notice of Prior Art (Motorola Br. Ex. 4).  Motorola states that it did not become aware of this public information until October 19.   In its notice, Barnes & Noble disclosed 89 references, including 71 new references that Motorola now seeks to add in its amended Invalidity Contentions with regard to the '780 patent (Potter Dec., ¶ 6).  Moreover, on October 24, Motorola claims it received additional prior art references to the '582 Patent from a consultant (Motorola Br. at 4).  Motorola has provided no other information regarding the circumstances of the discovery of these new references to the '582 Patent.

On November 8, 2011, Motorola served Microsoft with its second supplemental responses to Microsoft's First Set of Interrogatories, including its amended Invalidity Contentions (Motorola Br. Ex. 5).  Motorola has added 91 new references as prior art to the '780 patent, and 19 new references as prior art to the '582 patent (Potter Dec., ¶ 5).  That is, following the September 30 deadline, Motorola increased its total number of asserted prior art references by 82%, while also adding five new invalidity charts and substantially updating the original ten charts (*Id.*).  Also, at least seven of the new references for the '780 Patent are not significantly related to HyperCard and were not disclosed in the Barnes & Noble Notice of Prior Art (Potter Dec., ¶ 6).  Moreover, several of the "new" references presented as prior art to the '780 include well known systems, like Internet Explorer and Netscape Navigator, some of which are directly mentioned within the '780 Patent itself.

MICROSOFT'S RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE TO
AMEND ITS INVALIDITY CONTENTIONS - 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Lastly, Motorola served its amended Invalidity Contentions less than a month prior to the parties' exchange of preliminary terms for construction.  Motorola has had Microsoft's complete Invalidity Contentions since September 30.

## ARGUMENT

The Court places restrictions on amendments to invalidity and infringement contentions to avoid the "shifting sands" approach to claim construction, thereby balancing "the right to develop new information in discovery with the need for certainty as to legal theories." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1364-66 (Fed. Cir. 2006) (denying Plaintiff's motion to amend its infringement contentions 3 months after a deposition of Defendant's witness presented Plaintiff with new information).  "Amendment of the . . . Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." W.D. Wash. Local Patent Rules ("L.P.R.") 124 (2009).  A "[n]on-exhaustive example[] of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include[s] . . . recent discovery of material prior art despite earlier diligent search." *Id.*  Indeed, both the Federal Circuit and Ninth Circuit have held that "good cause" requires a showing of diligence.  *See O2 Micro*, 467 F.3d at 1366 (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  Moreover, it is the movant's burden to establish diligence rather than the opposing party's burden to establish a lack thereof.  *Id.*; *see also Brilliant Instruments, Inc. v. GuideTech, Inc.*, No. 09-5517, 2011 U.S. Dist. LEXIS 48865, at *4 (N.D. Cal. Apr. 29, 2011) (denying Plaintiff's motion to amend its invalidity contentions for lack of diligence where the newly disclosed prior art was itself referenced by prior art cited in Plaintiff's original invalidity contentions); *Broadcom Corp. v. Emulex Corp.*, No. 09-01058, slip op. at 2 (C.D. Cal. Apr. 11, 2011) (denying Defendant's motion to amend its invalidity contentions for lack of diligence where Defendant knew of but did not understand the significance of  the newly disclosed art) (Wion Dec., Ex. G).  Motorola has failed to show sufficient diligence to establish the good cause necessary to amend its Invalidity Contentions.

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

Motorola argues that Microsoft's timely assertion of 47 additional claims in its original Preliminary Infringement Contentions in part necessitated the addition of 110 prior art references to the 133 references previously disclosed.  However, Motorola has been aware of all of the independent claims currently asserted from the '780 Patent and two of the three independent claims currently asserted from the '582 Patent since January 2011.  Moreover, the Court's schedule built in (and extended) sufficient time for the parties to timely update their invalidity contentions in response to the earlier served infringement contentions.  Motorola has had sufficient time and information to perform a diligent search prior to September 30 and has no room to complain of sandbagging.  Instead, Motorola and its consultants were able to find nearly the same number of completely new references within the two weeks after the deadline as they found within the *eight months* that preceded it.  It simply stretches belief to call Motorola's pre-deadline search diligent.

Additionally, 71 of the newly disclosed prior art references regarding the '780 Patent are the result of Barnes & Noble's diligence, not Motorola's.  Motorola has given no explanation as to why it could not find these references itself.  Several of these new references include well-known systems such as Netscape Navigator and HyperCard.  In fact, Motorola had already found 16 of the Barnes & Noble references, but has failed to explain why it was unable to previously discover the remainder.

Motorola cites *Play Visions* as supporting its motion, but that case is distinguishable.  There, the Court granted Defendant's motion to amend its invalidity contentions in light of Plaintiff's multiple revisions of its Complaint, wherein the latest amendment was untimely. *Play Visions, Inc. v. Dollar Tree Stores, Inc.*, No. 09-1769, slip op. at 3 (W.D. Wash. Nov. 30, 2010) (Pechman, J.) (Motorola Br. Ex. 12).  The Court cited Defendant's "broad investigation that yielded newly obtained evidence" as a sufficient showing of diligence. *Id.*  Here, Motorola has made no such broad investigation—it merely copied a set of references uncovered by another party.  Also, Motorola points to the newly cited HyperCard system, yet it

MICROSOFT'S RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE TO
AMEND ITS INVALIDITY CONTENTIONS - 6

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

was already aware of this system at least by September 30:  Motorola's original Invalidity Contentions contained a reference from E. Morgan, titled "Implementing TCP/IP communications with **HyperCard**" (emphasis added).  *See Broadcom Corp.,* No. 09-01058, slip op. at 3 (denying Defendant's motion to amend its invalidity contentions where Defendant's earlier cited prior art had itself cited the newly disclosed art).  In fact, one of the "new" references is Microsoft's Internet Explorer browser, which, not surprisingly, is referenced in the text of the '780 Patent itself.  Motorola's search has proven to be anything but broad or entirely new.

Furthermore, Motorola appears to suggest that **all** of its 91 newly disclosed references to the '780 derive from the Barnes & Noble Notice of Prior Art or relate to the HyperCard system.  However, seven of these newly disclosed references are not disclosed in the Barnes & Noble notice and have no relation to the HyperCard system.  Motorola provides no explanation whatsoever as to its diligence surrounding these seven references.  Similarly, Motorola provides no explanation at all as to its diligence regarding the 19 newly disclosed prior art references to the '582 patent.  Motorola has simply failed to establish its diligence in searching for many of the references it cites as new.

Last, Motorola understates the prejudice to Microsoft that would happen should this motion be granted.  Contrary to Motorola's assertions, Microsoft's recent amendment to its Preliminary Infringement Contention is incongruous to the current motion.  Microsoft could not have included the new Bionic device in its original infringement contentions because that device was not released until **after** Microsoft's contentions were due.  All of the prior art that Motorola wants to add to its invalidity contentions, by way of contrast, has been in the public domain for years.  Furthermore, whereas Microsoft made no substantive changes whatsoever to its infringement theories, Motorola has proposed the addition of over a hundred new prior art references, and included at least five new theories for invalidating the Microsoft Patents (a 50% increase over the number of theories previously proposed).  Such an amendment now will

MICROSOFT'S RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE TO
AMEND ITS INVALIDITY CONTENTIONS - 7

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   result in Motorola having two months to study Microsoft's prior art in preparation for its claim

2   construction arguments, while Microsoft will have only had one month to do so.  Ultimately,

3   Motorola's proposed amendment will require Microsoft to marshal unreciprocated time and

4   resources in contravention of the spirit of the Local Patent Rules.  *See* W.D. Wash. L.P.R. 101;

5   *O2 Micro*, 467 F.3d at 1366.

### CONCLUSION

6           After almost a year of litigation, Motorola's invalidity theories should be getting

7   narrower, not broader.  Motorola has failed to show good cause for amending its Invalidity

8   Contentions to add new references, and thus Motorola's motion should be denied.

9           DATED this 28th day of November, 2011.

10

11                          DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

12                          By __/s/ Christopher Wion_____ _____
                                Arthur W. Harrigan, Jr., WSBA #1751
13                              Christopher Wion, WSBA #33207
                                Shane P. Cramer, WSBA #35099
14
                                T. Andrew Culbert, WSBA #35925
15                              David E. Killough, WSBA #40185
                                MICROSOFT CORPORATION
16                              1 Microsoft Way
                                Redmond, WA  98052
17                              Fax:  425-869-1327

18
                                David T. Pritikin, *Pro Hac Vice*
19                              Richard A. Cederoth, *Pro Hac Vice*
                                Douglas I. Lewis, *Pro Hac Vice*
20                              John W. McBride, *Pro Hac Vice*
                                SIDLEY AUSTIN LLP
21                              One South Dearborn
                                Chicago, IL  60603
22                              Fax:  312-853-7036

23

24

25

MICROSOFT'S RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE TO
AMEND ITS INVALIDITY CONTENTIONS - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Brian R. Nester, *Pro Hac Vice*
Kevin C. Wheeler, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corporation

MICROSOFT'S RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE TO
AMEND ITS INVALIDITY CONTENTIONS - 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2011, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and
General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

_____/s/ Linda Bledsoe_____
LINDA BLEDSOE

MICROSOFT'S RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE TO
AMEND ITS INVALIDITY CONTENTIONS - 10