HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>           Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., et al.,<br><br>           Defendants. | No. C10-1823-JLR<br><br>DECLARATION OF ALISON POTTER IN SUPPORT OF MICROSOFT'S RESPONSE IN OPPOSITION TO MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS<br><br>NOTING DATE: December 2, 2011 |
| MOTOROLA MOBILITY, INC., et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>           Defendant. | |

DECLARATION OF ALISON POTTER
IN SUPPORT OF MICROSOFT'S
RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE
TO AMEND ITS INVALIDITY
CONTENTIONS - 1
CASE NO. C10-1823-JLR

LAW OFFICES
SIDLEY AUSTIN LLP
1 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60603
TEL. (312) 853-7000 FAX. (312) 853-7036

I, Alison Potter, declare the following:

1. I am an attorney licensed to practice law in the state of Illinois and am an Associate at the law firm of Sidley Austin LLP, counsel for Microsoft Corporation ("Microsoft") in the above-referenced matter. I make this Declaration in support of Microsoft's Response in Opposition to Motorola's Motion for Leave to Amend Its Invalidity Contentions. I have personal knowledge of the facts stated below or know of such facts from my review of the case file, and if called upon to testify, could and would testify to each of them.

2. On September 8, 2011, Motorola launched the Droid Bionic XT875 ("Bionic") to U.S. consumers. Microsoft immediately marshaled its resources to determine whether the newly-released device infringed the claims of the '780 or '582 patent. Importantly, counsel for Microsoft acquired the device from a retail outlet and proceeded to test the Bionic in the same manner as it tested the other Accused Motorola Devices when creating its Preliminary Infringement Contentions.

3. On October 7, 2011 counsel for Microsoft contacted Motorola's counsel about updating Microsoft's Asserted Claims and Preliminary Infringement Contentions to add the Bionic as an accused device. A true and correct copy of the October 7 communication is attached hereto as Exhibit E. The proposed Amended Preliminary Infringement Contentions merely added screen shots of the Bionic performing the asserted claims of the Microsoft Patents. These amended Infringement Contentions Microsoft presented no new or substantively changed infringement theories.

4. In the October 7 communication, Microsoft further inquired as to Motorola's intention to object to the Amended Preliminary Infringement Contentions. In reply, on October 17, 2011, Motorola's counsel forwarded to Microsoft's counsel a draft joint stipulation between the parties which would permit Microsoft's to amend its Infringement Contentions

DECLARATION OF ALISON POTTER
IN SUPPORT OF MICROSOFT'S
RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE
TO AMEND ITS INVALIDITY
CONTENTIONS - 2
CASE NO. C10-1823-JLR

LAW OFFICES
SIDLEY AUSTIN LLP
1 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60603
TEL. (312) 853-7000 FAX. (312) 853-7036

provided that Microsoft would agree not to oppose a motion by Motorola to amend its Invalidity Contentions. Motorola proposed to amend its Invalidity Contentions by adding contentions regarding Apple's HyperCard program as the only new reference. A true and correct copy of the October 17 communication is attached hereto as Exhibit F. Ultimately, Microsoft declined to so stipulate.

5. In Motorola's November 8, 2011 amended Invalidity Contentions, Motorola has added 91 new references as prior art to the '780 patent, and 19 new references as prior art to the '582 patent. With these amended Invalidity Contentions, Motorola has updated its ten previous invalidity charts and has served Microsoft with five new invalidity charts.

6. The Barnes & Noble Notice of Prior Art filed with the United States International Trade Commission discloses 89 prior art references concerning the '780 Patent. In the present litigation, Motorola now seeks to assert 71 of the Barnes & Noble references as new references against the '780 patent in Motorola's amended Invalidity Contentions. Seven of the new references for the '780 Patent do not significantly relate to HyperCard and were not disclosed in the Barnes & Noble Notice of Prior Art.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 28, 2011

_____
Alison Potter

DECLARATION OF ALISON POTTER
IN SUPPORT OF MICROSOFT'S
RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE
TO AMEND ITS INVALIDITY
CONTENTIONS - 3
CASE NO. C10-1823-JLR

LAW OFFICES
SIDLEY AUSTIN LLP
1 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60603
TEL. (312) 853-7000 FAX. (312) 853-7036

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

/s/ Linda Bledsoe
LINDA BLEDSOE

DECLARATION OF ALISON POTTER IN SUPPORT OF
MICROSOFT'S RESPONSE IN OPPOSITION TO
MOTOROLA'S MOTION FOR LEAVE TO AMEND ITS
INVALIDITY CONTENTIONS - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717