# EXHIBIT G

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) | Date | April 11, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Present: The Honorable    James V. Selna

| Dwayne Roberts | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Louis Tompros | Juanita Brooks |
| Allyson Portney | David Barkan |
| | Jonathan Lamberson |

**Proceedings:**    Emulex Corporation's Motion for Leave to Amend Invalidity Contentions for U.S. Patent No. 7,239,636

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES the defendants' motion and rules in accordance with the tentative ruling as follows:**

Defendant Emulex Corporation ("Emulex") moves for leave to amend its invalidity contentions to raise an additional prior art reference called "InfiniBand" for U.S. Patent Number 7,239,636 ("the '636 Patent). Plaintiff Broadcom Corporation ("Broadcom") opposes the motion.

I.    Legal Standards

The Federal Circuit has held that "issues concerning the validity and interpretation of [the Northern District of California's Patent Local Rules] are 'intimately involved in the substance of enforcement of the patent right, and must be governed by the law of [the Federal Circuit]." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1364 (Fed. Cir. 2006). The purpose of the Patent Local Rules is to "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." Nova Measuring Instruments Ltd. v. Nanometrics, Inc., 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006); accord O2 Micro Int'l Ltd., 467 F.3d at 1365-66.

Rule 3-6 provides that "[a]mendment of the infringement contentions or the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-01058-JVS (ANx)                              Date   April 11, 2011

Title   Broadcom Corp. v. Emulex Corp., et al.

invalidity contentions may be made only by order of the Court upon a timely showing of good cause." The parties appear to agree on the relevant language from the Local Rule, which states that one example of a circumstance that may, "absent undue prejudice to the non-moving party, support a finding of good cause" is "recent discovery of material, prior art despite earlier diligent search." The Federal Circuit has held that under Rule 3-6, the " 'good cause' requirement requires a showing of diligence." O2 Micro Int'l Ltd., 467 F.3d at 1366. "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." Id.

II.   Discussion

The '636 Patent addresses ways to control the flow of data over a network. (Docket No. 261, at 3.) On February 22, 2011, in preparation for a deposition of Martin Lund, one of the named inventors of the patent, Emulex attorneys located a reference to InfiniBand. (Lamberson Decl., ¶ 3.) Emulex argues that the InfiniBand specification "discloses each and every element of Claim 18 of the '636 Patent." (Def.'s Mot. Br. 5.) Emulex then proceeds to describe these elements in detail to show that InfiniBand is "unquestionably prior art, and clearly anticipates every limitation of the '636 [P]atent." (Id. at 5-7.) Broadcom counters that Emulex knew about InfiniBand prior to February 2011; that the discovery is not "material, prior art" and that there has been no "diligent search." (Pl.'s Opp'n Br. 3-8.)

   A.   Timely Showing

Emulex argues that it has acted diligently in locating and disclosing relevant prior art to Broadcom. (Def.'s Mot. Br. 7.) Emulex reiterates that it worked with "[ten] different experts in the fields for various patents in order to locate this art, engaged in conversations with engineers at Emulex who worked on the accused products, and hired multiple third-party search firms to locate relevant prior art." (Id.) Emulex argues that it could not locate the reference to InfiniBand "through simple database searches." (Id. at 8.) Two days after locating this reference, Emulex attorneys asked Lund about InfiniBand, and a week after that, Emulex provided a detailed claim chart to Broadcom. (Lamberson Decl. ¶ 10.)

Broadcom responds that Emulex's motion is not timely because it was filed after the February 4, 2011 deadline for the parties to submit final infringement and invalidity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

contentions. (Pl.'s Opp'n Br. 2, citing to Docket No. 171, at 4.) Morever, the deadline for serving all requests for production was February 25, 2011, and fact discovery closes on April 11, 2011. (Docket No. 38, at 2; Docket No. 302, at 3.) Broadcom argues that "if Emulex is permitted to add its new prior art now, Broadcom will have no opportunity to serve any discovery requests in response to it." (Pl.'s Opp'n Br. 2.) Broadcom also argues it has not had an opportunity to conduct discovery regarding the publication date of the relevant version of the InfiniBand standard. (Id.)

The Court finds that once Emulex located the document referring to InfiniBand, it acted quickly to alert Broadcom to its discovery. Moreover, it filed its motion to amend invalidity contentions on March 11, 2011. (Docket No. 307). However, the Court finds that Emulex's actions <u>before</u> locating the document do not establish diligence. What is more, Emulex has not shown that Broadcom will not suffer prejudice if the amendment goes forward.

### B. <u>Diligent</u> <u>Search</u>

Emulex argues it took many steps to "diligently locate prior art," and indeed it located 113 prior art references. (Def.'s Reply Br. 5.) Emulex also argues that Broadcom did not question Emulex's diligence when both parties filed a joint statement of non-opposition in the motions to amend their contentions on February 18, 2011. (Id.; see also Docket No. 299.) In that instance, however, Broadcom had no reason to question Emulex's diligence, whereas here, the evidence shows Emulex knew about InfiniBand well before February of 2011. Emulex argues that even though references to InfiniBand appear in six of the patents and patent applications that Emulex identifies as alleged prior art (Pl.'s Opp'n Br. 6), "these patents make only passing reference to the InfiniBand," and "none of these references are even prior art with respect to the '636 Patent." (Def.'s Reply Br. 6.) Emulex argues there is nothing from the 30(b)(6) deposition of Mark Karnowski suggests Emulex should have followed up on InfiniBand. (Id. at 7.) This evidence is insufficient to show Emulex conducted a diligent search such that amendment is allowed under Rule 3-6.

However, Emulex knew about InfiniBand before the Lund deposition. Emulex claims that it did not understand the significance of the InfiniBand at that time are unavailing. Emulex's annual reports, concerning FY 2008, referred to InfiniBand. (Def.'s Opp'n Br. 4, citing to Liss Decl. Ex. B, at 14.) Emulex's own witness

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 09-01058-JVS (ANx)                    Date   April 11, 2011

Title   Broadcom Corp. v. Emulex Corp., et al.

discussed InfiniBand during his deposition on January 19, 2011.  (Id., Ex. C, Rule 30(b)(6) Deposition of Mark Karnowski on Behalf of Emulex, at 64:4-16.)  Finally, Broadcom represents that Emulex has so far produced nearly 400 documents, including emails and presentations, that reference the InfiniBand.  (Liss Decl., ¶ 19.)  The Court finds the argument that Emulex "had no reason to do [searches that would produce documents with the word InfiniBand] before it discovered InfiniBand's relevance to this case" is unpersuasive.  (Def.'s Reply Br. 8.)  The search in preparation for the deposition could have been performed earlier, and these searches were effective for locating other types of prior art.  (Pl.'s Opp'n Br. at 6-7.)[1]  Therefore, the Court finds that Emulex has not established diligence to justify amendment of the invalidity contentions.

     C.     Undue Prejudice

Having found a lack of diligence, the Court need not consider the question of prejudice.  O2 Micro Int'l Ltd., 467 F.3d at 1368.  The Court nonetheless finds that Broadcom will suffer prejudice if Emulex is allowed to amend its invalidity contentions.  Emulex argues that there is still time left for discovery, and the amount of discovery necessary is "not voluminous."  (Def.'s Mot. Br. 9.)  Emulex has also "agreed to significantly narrow its case" to fewer than ten references if allowed to amend.  (Id. at 9-10.)[2]  Emulex argues Broadcom will not suffer prejudice because Broadcom should have served discovery promptly after receiving Emulex's claim charts; Broadcom may know more about InfiniBand than Emulex; and it is unclear what discovery Broadcom would seek.  (Def.'s Reply Br. 9.)  These arguments are

---

[1] Emulex argues that it could have performed the searches earlier if Broadcom had made the witness available sooner than February 25, 2011.  (Def.'s Reply Br. 8.)  However, the Court returns to evidence that Emulex knew, perhaps as early as 2008, when it filed its annual report, or as late as January 19, 2011, when Karnowski discussed InfiniBand during a deposition, that such technology existed and might be significant.

[2] During the hearing, counsel for Emulex offered to remove all 113 references in exchange for the opportunity to add the InfiniBand reference.  Counsel for Broadcom conceded that the offer limits prejudice but argued that it does not justify amendment.  The Court agrees with Broadcom, finding that such an offer does not overcome the substantial prejudice Broadcom will face if Emulex amends its invalidity contentions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) | Date | April 11, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

unconvincing.

Broadcom will have difficulty conducting "meaningful discovery on when the InfiniBand standard became available." (Pl.'s Opp'n Br. 9.) Broadcom also argues that it will have severely limited time to prepare an expert report responding to Emulex's claim that the InfiniBand standard anticipates the '636 Patent. (Id.) The Court agrees with Broadcom's arguments and finds that it is likely Broadcom will suffer prejudice if Emulex amends its invalidity contentions. The possibility of prejudice, therefore, provides additional support in favor of denying Emulex's motion to amend its invalidity contentions.

III.   Conclusion

For the foregoing reasons, the Court finds that Emulex's motion is DENIED.

**The Court and counsel confer regarding the need for the Status Conference set April 26, 2011. Counsel stipulate to vacating the April 26, 2011 Status Conference and will submit, forthwith, a stipulation and proposed order to calendar an Interim Status Conference to be held during the first two weeks of June 2011.**

|  |  | 0 | : | 50 |
|---|---|---|---|---|
|  | Initials of Preparer | dr | | |