The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                  Plaintiff,<br><br>    v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>                  Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, December 9, 2011** |

## I.    INTRODUCTION

Pursuant to Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") respectfully move this court for leave to file under seal the following:

    1.    Limited portions of Defendants' Opposition to Microsoft's Motion for Leave to File Supplemental Declaration of Christopher Wion in Support of Motion for Partial Summary Judgment (D.I. 112); and

    2.    Exhibit A to the Declaration of Kevin J. Post.

## II.    BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. ECF No. 72. This Protective Order

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
LEAVE TO FILE SUPPLEMENTAL DECLARATION - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 states that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets . . . amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained. . . .

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6. . . .

*Id.* at 4. Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Local Rule 5(g). Local Rule CR 5(g)(3) states that:
DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal. The court will allow parties to file entire memoranda under seal only in rare circumstances. A motion or stipulation to seal usually should not itself be filed under seal. A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary. If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal. A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, the Federal Rules of Civil Procedure recognize that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information. *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes . . .").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### III. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the following documents under seal for the stated reasons:

**A. Limited Portions of Defendants' Opposition to Microsoft's Motion for Leave to File Supplemental Declaration of Christopher Wion in Support of Motion for Partial Summary Judgment ("Opposition").**

Motorola respectfully requests that limited portions of its Opposition be filed under seal because it describes confidential licensing arrangements between Motorola and a certain third party. Because this information is contained in the Opposition, Motorola has marked this document: "FILED UNDER SEAL: OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." This information is highly confidential and proprietary business information. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Declaration of Kevin J. Post in Support of Defendants' Opposition to Microsoft's Motion for Leave to File Supplemental Declaration and Defendants' Motion to File Documents Under Seal ("Post Decl."), ¶ 5. In lieu of sealing the entire Opposition, Motorola has redacted only those portions of its brief that disclose this highly confidential information. Redactions were made to as little information as possible, leaving the remainder available for public review.

**B. Exhibit A to the Declaration of Kevin J. Post.**

Exhibit A to the Declaration of Kevin J. Post is the Declaration of Timothy Kowalski ("the Kowalski Declaration"). The Kowalski declaration contains highly confidential information about licensing negotiations between Motorola and a certain third party. The Kowalski declaration

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

describes the specifics of these ongoing licensing negotiations, including confidential communications between Motorola and this third party. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Post Decl., ¶ 4. Because the sole purpose of the Kowalski declaration is to describe the details of this licensing negotiation, and because it contains confidential information throughout, the Kowalski Declaration should be sealed in its entirety. Post Decl., ¶¶ 3-4.

### IV. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following documents be filed under seal:

1. Limited portions of Defendants' Opposition to Microsoft's Motion for Leave to File Supplemental Declaration of Christopher Wion in Support of Motion for Partial Summary Judgment (D.I. 112); and

2. Exhibit A to the Declaration of Kevin J. Post.

DATED this 28th day of November, 2011.

SUMMIT LAW GROUP PLLC

By /s/ Philip S. McCune
Philip S. McCune, WSBA #21081
Lynn M. Engel, WSBA #21934
philm@summitlaw.com
lynne@summitlaw.com

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

And by

Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
Stuart W. Yothers (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9046
*steven.pepe@ropesgray.com*
*jesse.jenner@ropesgray.com*
*stuart.yothers@ropesgray.com*

Norman H. Beamer (*pro hac vice*)
Gabrielle E. Higgins (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*
*gabrielle.higgins@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

***Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation***

---

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Arthur W. Harrigan, Jr., Esq.
> Christopher T. Wion, Esq.
> Shane P. Cramer, Esq.
> Danielson, Harrigan, Leyh & Tollefson LLP
> *arthurh@dhlt.com*
> *chrisw@dhlt.com*
> *shanec@dhlt.com*
>
> Brian R. Nester, Esq.
> David T. Pritikin, Esq.
> Douglas I. Lewis, Esq.
> John W. McBride, Esq.
> Richard A. Cederoth, Esq.
> David Greenfield
> Sidley Austin LLP
> *bnester@sidley.com*
> *dpritikin@sidley.com*
> *dilewis@sidley.com*
> *jwmcbride@sidley.com*
> *rcederoth@sidley.com*
> *david.greenfield@sidley.com*
>
> T. Andrew Culbert, Esq.
> David E. Killough, Esq.
> Microsoft Corp.
> *andycu@microsoft.com*
> *davkill@microsoft.com*

DATED this 28th day of November, 2011.



Marcia A. Ripley

---

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001