HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　　　　　Defendants.<br><br>MOTOROLA MOBILITY, INC., et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　　　Defendant. | No. C10-1823-JLR<br><br>**REDACTED**<br>MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF CHRISTOPHER WION IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>**NOTED FOR:**<br>**Friday, December 2, 2011** |

Motorola opposes Microsoft's Motion for Leave to File the Supplemental Declaration of Christopher Wion in Support of Motion for Partial Summary Judgment (the "Motion for Leave") on the basis that the subject of the Motion -- the November 10, 2011 Declaration of Jennifer Ochs (the "Ochs Declaration") -- is irrelevant, untimely, and incomplete. None of these arguments has merit for the reasons stated below.

Microsoft does not oppose Motorola's contingent request for admission of its own

REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SUPPLEMENTAL DECLARATION IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1 supplemental declaration, attaching certain licensing communications ████████
2 ████████████████. However, Microsoft requests that the Court accept
3 Microsoft's concurrent submission of Motorola's November 25, 2011 full correspondence with
4 ████,[1] which was referenced in, but omitted from, Motorola's submission. The full
5 correspondence, including Motorola's ostensible ████████████, was first received
6 by Microsoft yesterday and is necessary to complete the relevant record.

7     **1.**     <u>**The Subject Matter of the Ochs Declaration Is Relevant.**</u>

8     In her Declaration, Ms. Ochs, █████████████████████████
9 ████████████████████████████████████████████████████
10 ████████████████████████████████.[4] Microsoft has shown that
11 this wireless networking module is the same in each configuration of its Xbox (regardless of
12 variations in price, features, or functionality).[5]

13     As the Ochs Declaration states, despite █████████████████████
14 ████████████████████████████████████████████████████
15 ████████████████████████████████████████████████[6]
16 These licensing obligations of Motorola bear directly on Microsoft's pending Motion for
17 Partial Summary Judgment (Dkt. No. 77), in which Microsoft argued that Motorola's RAND
18 obligations extend to all potential implementers of the 802.11 standard.[7] Motorola
19 acknowledged in its Opposition that it owed such RAND obligations to any party that applied

---

[1] Attached as Exhibit 1 to the Declaration of Christopher Wion In Support of Microsoft's Motion for Leave ("12/2/11 Wion Declaration").
[2] Supp. Declaration of Christopher Wion In Support of Motion for Partial Summary Judgment (Dkt. No. 112), Ex. 1 (Declaration of Jennifer Ochs on Behalf of Microsoft Corporation, hereafter, "Ochs Declaration"), ¶ 1.
[3] Ochs Declaration, ¶ 2.
[4] *Id*., ¶ 3.
[5] Declaration of Roy Harlin in Support of Microsoft's Motion for Partial Summary Judgment (Dkt. No. 78), ¶ 4.
[6] Ochs Declaration, ¶ 6-7.
[7] Microsoft's Motion for Partial Summary Judgment (Dkt. No. 77), pp. 13-20.

REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SUPPLEMENTAL DECLARATION IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  for such a license.[8]  Motorola also recognized that, in *Quanta Computer, Inc. v. LG Elecs.,*
2  *Inc.*, 553 U.S. 617 (2008), the Supreme Court held that "[t]he authorized sale of an article that
3  substantially embodies a patent exhausts the patent holder's rights and prevents the patent
4  holder from invoking patent law to control postsale use of the article."[9]  ▮▮▮▮ sells to
5  Microsoft an "article" -- ▮▮▮▮▮▮▮▮▮▮ -- that substantially embodies the 802.11
6  standard, its intended purpose.  Under *Quanta*, an 802.11 license from Motorola to ▮▮▮▮
7  would extinguish Motorola's ability to demand downstream royalties from Microsoft based on
8  Microsoft's incorporation of ▮▮▮▮▮▮▮▮▮ into its own product.[10]  As Microsoft
9  stated in its Reply, *Quanta's* "patent exhaustion" rule "prevents a patent holder from recovering
10 royalties from anyone downstream of the supplier of the allegedly infringing feature."[11]
11 Motorola's ▮▮▮▮▮ itself -- first produced on December 1 -- is highly relevant to
12 the issues raised in Microsoft's pending Motion for Partial Summary Judgment.  Among other
13 problems, Motorola's proposal to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[12]  This is not a RAND offer.  A ▮▮▮ license
15 that complies with Motorola's RAND commitment would preclude Motorola's demanding
16 royalties from Microsoft relating to the Xbox.  The deficiencies in the

---

[8] Opposition to Microsoft's Motion for Partial Summary Judgment (Dkt. No. 86), p. 21 ("the contractual obligations to which Microsoft claims beneficiary status are designed to benefit 'applicants' for RAND licenses.").
[9] *Id*., p. 17 (quoting *Quanta*, at 638) (emphasis added).
[10] Microsoft's Reply in Support of Motion for Partial Summary Judgment (Dkt. No. 96), p. 7, n. 24 states:
> *Quanta Computer, Inc. v. LG Elecs., Inc*., 553 U.S. 617, 638 (2008) ("Intel's microprocessors and chipsets substantially embodied the LGE Patents because they had no reasonable noninfringing use and included all the inventive aspects of the patented methods."); *see also LG Elecs., Inc. v. Hitachi, LTD*, 655 F.Supp.2d 1036, 1042 (N.D.Cal. 2009) ("*Quanta* held that exhaustion is triggered by the sale of products that embody 'essential features of the patented invention' and whose 'only reasonable and intended use [is] to practice the patent.'").

[11] *Id*., p. 7.
[12] 12/2/11 Wion Declaration, Ex. 1, ¶ 3.5, Annex C.

REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SUPPLEMENTAL DECLARATION IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  ▮▮▮▮▮▮▮▮ underscore the unreasonable and discriminatory nature of the licensing
2  terms Motorola offered to Microsoft.

3      **2.**    <u>**Microsoft's Motion for Leave Is Timely**</u>.

4      Microsoft does not control third parties ▮▮▮ or Ms. Ochs and cannot compel their
5  execution of supporting declarations.  Ms. Ochs signed her declaration on Thursday,
6  November 10, 2011. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮. Microsoft promptly filed its Motion for Leave on Monday, November 14.
8  Motorola has not explained how it has been prejudiced by the filing of the Ochs Declaration in
9  November rather than with Microsoft's summary judgment reply on September 30.  On the
10 contrary, this provided Motorola six additional weeks to supply the ▮▮▮▮▮▮▮▮▮▮.
11 Indeed, despite the fact that ▮▮▮ requested a license in July, it was not until 11 days after
12 Microsoft submitted the Ochs Declaration that Motorola supplied ▮▮▮ with its
13 (unreasonable and discriminatory) license proposal.

14     **3.**    <u>**Microsoft Does Not Oppose Admission of the ▮▮▮▮▮▮▮▮▮▮▮**</u>
15 <u>**▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ - Which Includes Not Only Motorola's Supplemental Declaration, But Also Motorola's ▮▮▮▮▮▮▮▮▮**</u>.

16     Motorola urges that granting Microsoft's Motion for Leave should be contingent upon
17 Motorola being allowed to submit the Supplemental Declaration of Kevin Post (Dkt. No. 124),
18 which attaches the Declaration of Motorola employee Timothy Kowalski (the "Kowalski
19 Declaration"). Opp. at 3.  Motorola offers the Kowalski Declaration as "the complete record ▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Opp.
21 at 2.  The Kowalski Declaration itself is obviously "incomplete," but Microsoft does not
22 oppose Motorola's request to file it.

23     Exhibit 11 to the Kowalski Declaration is a November 25 email apparently transmitting
24 Motorola's licensing proposal to ▮▮▮.  The ▮▮▮▮▮▮ is omitted.  On November 30,
25 counsel for Microsoft asked Motorola to produce the full correspondence so that Microsoft

REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SUPPLEMENTAL DECLARATION IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  could "evaluate whether the ▇▇▇ should be submitted along with its reply in support

2  of the Motion for Leave."[13]  Motorola agreed, supplying a copy of the full correspondence on

3  December 1."[14]  Microsoft requests that the Court accept the full correspondence, including the

4  ostensible ▇ for purposes of completeness.[15]

5  DATED this 2nd day of December, 2011.

6  DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

7  By    /s/ Christopher Wion
        Arthur W. Harrigan, Jr., WSBA #1751
8       Christopher Wion, WSBA #33207
        Shane P. Cramer, WSBA #35099

10      T. Andrew Culbert, WSBA #35925
        David E. Killough, WSBA #40185
11      MICROSOFT CORPORATION
        1 Microsoft Way
12      Redmond, WA  98052
        Fax:  425-869-1327
13

14      David T. Pritikin, *Pro Hac Vice*
        Richard A. Cederoth, *Pro Hac Vice*
15      Douglas I. Lewis, *Pro Hac Vice*
        John W. McBride, *Pro Hac Vice*
16      SIDLEY AUSTIN LLP
        One South Dearborn
17      Chicago, IL  60603
        Fax:  312-853-7036
18

19      Brian R. Nester, *Pro Hac Vice*
        SIDLEY AUSTIN LLP
20      1501 K Street NW
        Washington, DC  20005
21      Telephone:  202-736-8000
        Fax:  202-736-8711
22
        Counsel for Microsoft Corporation
23

---

[13] 12/2/11 Wion Declaration, Ex. 2, p. 2.

[14] *Id.*, Ex. 1.

[15] *Block v. Solis*, 2010 WL 2079688, *9 (W.D.Wash. 2010) ("disposition of a case on a more complete record must be preferred to disposition on a less complete record.").

REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SUPPLEMENTAL DECLARATION IN
SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

   /s/ Susie Clifford
SUSIE CLIFFORD

MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717