The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>　　　　　　　　　Defendants. | CASE NO. C10-1823-JLR<br><br>MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS<br><br>**NOTED ON MOTION CALENDAR:**<br>Friday, December 2, 2011 |
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>　　　　　Plaintiffs/Counterclaim Defendant,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Defendant/Counterclaim Plaintiff. | |

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR
LEAVE TO AMEND ITS INVALIDITY CONTENTIONS
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Motorola's motion should be granted. Despite Microsoft's efforts to confuse the record and its omission of important facts, the complete record establishes unequivocally that Motorola has been diligent in identifying prior art and that Microsoft will suffer no prejudice if the Court grants Motorola's motion.

In total, Motorola has conducted eight prior art searches—four for each of the patents-in-suit. As explained in Motorola's opening brief, two different search firms were retained to search for prior art for each patent the day after Microsoft asserted its charges of infringement. Microsoft's September 2, 2011 infringement contentions increased the number of asserted patent claims from 7 to **54 – 47 additional patent claims that Motorola had no prior reason to have considered**. As a result, Motorola commissioned two additional searches for each patent. And throughout this case, Motorola, separate and apart from the efforts of its search firms, has diligently searched for prior art. In fact, through Motorola's own diligence, Motorola discovered prior art identified to Microsoft by Barnes & Noble—prior art that Microsoft was indisputably aware of long ago and obligated under the Federal Rules to produce, but that Microsoft had nonetheless not produced. Motorola could not have been more diligent under the circumstances.

Microsoft's claim of prejudice is belied by the facts. Motorola seeks to add only five new claim charts to its invalidity contentions, based on just eight prior art references—not the "100 new references" referred to in Microsoft's opposition. Significantly, Microsoft has been aware of at least six of Motorola's eight references for **more than six months**, as they were identified to Microsoft in Barnes & Noble's May 10, 2011 Response to Microsoft's Complaint in Investigation No. 337-TA-769 (U.S.I.T.C.). Yothers Decl.,[1] Ex. 14 at 46. The two remaining Motorola references were identified shortly after Motorola served its September 30, 2011 invalidity

---

[1] "Yothers Decl." refers to the Declaration of Stuart W. Yothers in Support of Motorola's Reply in Support of Its Motion for Leave to Amend Its Invalidity Contentions, filed concurrently herewith.

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR
LEAVE TO AMEND ITS INVALIDITY CONTENTIONS - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

contentions. Microsoft has had ample opportunity to consider these eight references and supplementation will not prejudice Microsoft in any way.

## II. MOTOROLA IS SEEKING TO AMEND ITS CONTENTIONS ONLY WITH RESPECT TO *EIGHT* NEW REFERENCES, NOT 100

Local Patent Rule 121(d) requires invalidity contentions to include "[a] chart identifying where specifically in each alleged item of prior art each element of each Asserted Claim is found." Motorola's motion seeks leave to provide only *five* new charts and several amendments to its previous charts, for just *eight* newly-discovered prior art references. ECF No. 108 at 1. Motorola's motion makes this clear. *Id.* at 1, 3. Accordingly, any argument about lack of diligence and/or prejudice should be limited to these eight references.

But rather than address these eight references, Microsoft misleadingly chooses to focus on all 100 references in Motorola's supplemental interrogatory response. Motorola's list included over 100 references, because the Barnes & Noble list was lengthy. But Motorola is not seeking leave to add 100 references to its invalidity contentions and Microsoft knows this. Microsoft's focus on the 100 references would mislead the Court into thinking that Motorola seeks to impose an enormous burden on Microsoft. To be clear, Motorola seeks to add only eight references to its invalidity contentions, six of which Microsoft has known about since May. Microsoft's "100 references" argument is a false assertion of burden and prejudice where there is none.

## III. MOTOROLA WAS DILIGENT IN ITS SEARCH FOR PRIOR ART

These facts are incontestable—(1) Motorola initiated two prior art searches for each patent the day after Microsoft asserted its patents against Motorola; (2) since that time (including immediately after Microsoft asserted 47 additional claims *for the first time,* in September), Motorola has conducted four additional searches; and (3) Motorola has undertaken efforts to identify prior art independent from the efforts of its search firms.

Knowing full well that these facts demonstrate Motorola's diligence, Microsoft declines to address them in its opposition. Instead, Microsoft resorts to a comparison of the number of

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR
LEAVE TO AMEND ITS INVALIDITY CONTENTIONS - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

references Motorola identified before and after the September 30 deadline (even though Microsoft increased the number of asserted patent claims by a factor of eight).

But this has no bearing on Motorola's diligence, nor does it support denial of Motorola's motion. As Microsoft acknowledges in its opposition (ECF No. 118 at 6), the October 2011 Barnes & Noble prior art list provided the majority of the references identified after the September 30 deadline. In view of the eight comprehensive prior art searches commissioned by Motorola, the fact that Barnes & Noble had a different list than Motorola simply reflects the unsurprising fact that different searchers uncover different prior art. Any measure of Motorola's diligence should be based on its actions, not on differences between the Barnes & Noble results and its own.

And Motorola is only relying in its supplemental invalidity claim charts on eight of the newly-identified references—six of which Microsoft was aware of but failed to produce. Indeed, Barnes & Nobles' Response and the prior art references identified in the Response are responsive to at least RFP Nos. 155, 156, 158, 159, 168 and 169 of Motorola's February 7, 2011 Requests for Production. Yothers Decl., Ex. 15 at 40-44 (Request Nos. 155, 156, 158, 159, 168 and 169). Microsoft should not be allowed to leverage an unsupported accusation of failed diligence when, for nearly six months, Microsoft ignored its own obligations under the Federal Rules to identify these references to Motorola. Indeed, it is only due to Motorola's diligence that Motorola identified these six references. Had Microsoft discharged its obligations, Motorola would have known of these six references months ago.

One reference identified in Motorola's motion is HyperCard. Microsoft suggests that the HyperCard video should be excluded because an article related to HyperCard generally (not referencing the video) was disclosed in Motorola's September 30 invalidity contentions (ECF No. 118 at 7). Barnes & Noble identified HyperCard to Microsoft in May 2011—Microsoft should have produced it to Motorola well before September 30. With that timely disclosure, Motorola could have searched for additional HyperCard-related prior art. But Microsoft never

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR
LEAVE TO AMEND ITS INVALIDITY CONTENTIONS - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

made that disclosure, despite its obligation under the discovery rules to do so. Despite the potential prejudice to Motorola from Microsoft's failure to disclose, Motorola itself found the HyperCard reference shortly before the September 30 contention deadline and identified it then. The HyperCard video Microsoft seeks to exclude was discovered the very next day (on October 1) and it was produced effectively immediately to Microsoft, on October 3 (ECF No. 108 at 2-3). Based on this, it can hardly be argued that Motorola failed to pursue relevant HyperCard prior art in a diligent manner (or that the two-day difference could materially prejudice Microsoft).[2] It is bold, indeed, for Microsoft, who failed for more than four months to discharge its duty to disclose prior art to Motorola, to criticize Motorola for diligently acting to cure Microsoft's failure. If Microsoft had properly disclosed, Motorola would likely have discovered the HyperCard video reference prior to the disclosure date instead of a day after it.

In its opposition, Microsoft attempts to distinguish *Play Visions, Inc. v. Dollar Tree Stores, Inc.*, No. 09-1769, slip op. at 3 (W.D. Wash. Nov. 30, 2010) (Pechman, J.) (ECF No. 109, Ex. 12), by arguing that Motorola failed to make a broad investigation and, instead, merely copied the work of someone else. ECF No. 118 at 6. This argument is inconsistent with the facts. In addition to eight prior art searches described above, it was the very breadth of Motorola's independent investigation that allowed it to uncover the Barnes & Noble prior art disclosure that should have been produced by Microsoft.[3]

Microsoft further argues that some of the newly-identified references were "well known," or mentioned in the '780 patent. ECF No. 118 at 4. But none is part of the eight references that

---

[2] Microsoft's reliance on *Broadcom Corp. v. Emulex Corp.*, No. 09-01058, slip op. at 2 (C.D. Cal. Apr. 11, 2011) (ECF No. 121, Ex. G) is misplaced. In *Broadcom*, the party seeking leave to amend its invalidity contentions had previously produced 400 documents referring to the belatedly identified prior art, and its own witnesses had previously provided testimony about that art. *Id.* at 3-4. And significantly, the moving party failed to show that the non-movant would not suffer prejudice. *Id.* at 3. Thus, *Broadcom* is inapplicable.

[3] Additionally, Microsoft's effort to distinguish *Play Visions* based on the Plaintiff's amendment of its complaint (ECF No. 118 at 6) misses the point. In *Play Visions*, the plaintiff amended its complaint in June 2010, and invalidity contentions were due on August 4, 2010. *Play Visions, Inc.*, No. 09-1769, slip op. at 2-3. Defendant moved to amend its invalidity contentions only two months after that August 4 deadline. *Id.* It was the Defendant's diligence and the lack of prejudice to Plaintiff that formed the basis of the decision granting the motion for leave to amend. *Id.*

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

are the subject of this motion. Rather, these "well known" references were identified on Barnes & Noble's prior art list, which Motorola provided to Microsoft in full and for the sake of complete disclosure. Microsoft's veiled attempt to paint Motorola as not being diligent for failing to include the other Barnes & Noble references in Motorola's September 30 contentions is simply not relevant and should be ignored.

Finally, Microsoft alleges that Motorola provided no explanation of diligence in searching for the non-Barnes & Noble and non-HyperCard prior art. *Id.* at 7. But in its motion, Motorola made clear that it promptly ordered additional searches after receiving Microsoft's September 2 infringement contentions, in order to investigate the ***47 claims asserted for the first time in that disclosure.*** *Id.* at 2.

### IV.     THERE IS NO PREJUDICE TO MICROSOFT

Microsoft's claim of prejudice is not credible. As explained above, since at least May 2011 Microsoft has been aware of at least six of the eight references Motorola seeks to add because of the Barnes & Noble disclosure. And, presumably, the invalidity expert reports of Barnes & Noble and Microsoft in their ITC case have fully addressed these references (again, although obligated to produce the reports, Microsoft has failed to do so). The other two references were identified to Microsoft shortly after Motorola served its original invalidity contentions. Thus, Microsoft has had nearly seven months to review six of the references and nearly two months for the remaining two.

If Microsoft truly believed that it needed more time to consider these eight references, it could have asked for a short extension of the upcoming claim construction deadlines. But it has not done so. Although aware of most of these references for months, a short extension could have resolved any lingering concern Microsoft had and could have been accommodated without impacting the overall schedule.

Microsoft tries to manufacture prejudice by asserting that Motorola "substantially updated" the charts provided with its original invalidity contentions. ECF No. 118 at 4. The supplemental

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR
LEAVE TO AMEND ITS INVALIDITY CONTENTIONS - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

charts, however, demonstrate the opposite. For example, Exhibit A to Motorola's supplemental invalidity contentions (ECF No. 109, Ex. 5) shows that Motorola alternatively added some of the newly identified material prior art to existing obviousness combinations. These supplementations did not inject new invalidity theories. Rather, they provided additional examples that further illustrate the obviousness of the asserted patent claims. Even a cursory review of the additions (provided to Microsoft in redline format for ease of review and consideration) made to Motorola's original invalidity contentions demonstrates that Motorola's contentions were minimally changed and not "substantially updat[ed]" in a way that would prejudice Microsoft.

## V.     CONCLUSION

Motorola has made a timely showing of good cause and there is no prejudice to Microsoft. Motorola respectfully requests that leave be granted to amend its preliminary Invalidity Contentions.

DATED this 2nd day of December, 2011.

SUMMIT LAW GROUP PLLC

By /s/ Philip S. McCune
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    *philm@summitlaw.com*
    *lynne@summitlaw.com*

And by

    Steven Pepe (*pro hac vice*)
    Jesse J. Jenner (*pro hac vice*)
    Stuart W. Yothers (*pro hac vice*)
    Ropes & Gray LLP
    1211 Avenue of the Americas
    New York, NY  10036-8704
    (212) 596-9046
    *steven.pepe@ropesgray.com*
    *jesse.jenner@ropesgray.com*
    *stuart.yothers@ropesgray.com*

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR
LEAVE TO AMEND ITS INVALIDITY CONTENTIONS - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| | |
|---|---|
| 1 | Norman H. Beamer (*pro hac vice*) |
| 2 | Gabrielle E. Higgins (*pro hac vice*) |
|   | Ropes & Gray LLP |
|   | 1900 University Avenue, 6th Floor |
| 3 | East Palo Alto, CA 94303-2284 |
|   | (650) 617-4030 |
| 4 | norman.beamer@ropesgray.com |
|   | gabrielle.higgins@ropesgray.com |
| 5 | |
|   | Paul M. Schoenhard (*pro hac vice*) |
| 6 | Kevin J. Post (*pro hac vice*) |
|   | Ropes & Gray LLP |
| 7 | One Metro Center |
|   | 700 12th Street NW, Suite 900 |
| 8 | Washington, DC 20005-3948 |
|   | (202) 508-4693 |
| 9 | paul.schoenhard.@ropesgray.com |
|   | kevin.post@ropesgray.com |

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP
*arthurh@dhlt.com*
*chrisw@dhlt.com*
*shanec@dhlt.com*

Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
Richard A. Cederoth, Esq.
David Greenfield
Sidley Austin LLP
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*rcederoth@sidley.com*
*david.greenfield@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 2nd day of December, 2011.



Marcia A. Ripley

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION FOR
LEAVE TO AMEND ITS INVALIDITY CONTENTIONS - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001