THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 9 MICROSOFT CORPORATION,<br><br>                          Plaintiff,<br><br>10        vs.<br><br>11 MOTOROLA, INC.,  et al.,<br><br>12                          Defendants.<br>_____<br>13 MOTOROLA MOBILITY, INC., et al.,<br><br>14                          Plaintiffs,<br><br>15        vs.<br><br>16 MICROSOFT CORPORATION,<br><br>17                          Defendants.<br><br>18 | Case No. C10-1823-JLR<br><br>**REDACTED**<br><br>MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF<br><br>**NOTED FOR:**<br>**Friday, January 6, 2012** |

19

20

21

22

23

24

25

MICROSOFT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT DISMISSING
MOTOROLA'S CLAIM FOR INJUNCTIVE
RELIEF

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**<u>TABLE OF CONTENTS</u>**

I.     INTRODUCTION ........................................................................................1

II.    STATEMENT OF FACTS ........................................................................2

       A.     Motorola Contracted to License the Patents on Reasonable
              and Non-Discriminatory (RAND) Terms ....................................2

       B.     Motorola Demands Unreasonable Royalties from Microsoft.....................3

       C.     In Response to Microsoft's Complaint, Motorola Filed an
              Action in Wisconsin for Patent Infringement, which Has Since
              Been Transferred and Consolidated Here ....................................4

       D.     Motorola Seeks to Enjoin Any Use of Its H.264 Patents by Microsoft
              after Demanding Royalties for Such Use from Microsoft ..........................5

III.   LEGAL ARGUMENT ................................................................................6

       A.     Summary Judgment Standard ....................................................6

       B.     As a Matter of Law, Motorola Cannot Satisfy the First Two
              Prerequisites for Injunctive Relief -- Irreparable Harm and
              Inadequacy of Monetary Relief ..................................................6

IV.    CONCLUSION.........................................................................................11

**REDACTED -** MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - i

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# TABLE OF AUTHORITIES

Page(s)

CASES

*Abend v. MCA, Inc.*,
    863 F.2d 1465 (9th Cir. 1988) ................................................................8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 106 S.Ct. 2505 (1986)......................................................6

*Area 55, Inc. v. Celeras, LLC*,
    No. 09-CV-2755-H(NLS), 2011 WL 1375307 (S.D. Cal. Apr. 11, 2011) ..............9

*Robert Bosch LLC v. Pylon Mfg. Co.*,
    659 F.3d 1142 (Fed. Cir. 2011) ......................................................6, 7

*Caldwell Mfg. Co. North America, LLC v. Amesbury Group, Inc.*,
    No. 11-cv-61837, 2011 WL 3555833 (W.D.N.Y. Aug. 11, 2011)......................9

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S.Ct. 2548 (1986)......................................................6

*Cline v. Indus. Maint. Eng'g & Contracting Co.*,
    200 F.3d 1223 (9th Cir. 2000) ................................................................6

*Davoodi v. Imani*,
    No. C 11-0260 SBA, 2011 WL 577414 (N.D. Cal. Feb. 9, 2011)...........................9

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388, 126 S.Ct. 1837 (2006).......................................1, 6, 7, 8

*Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*,
    654 F.3d 989 (9th Cir. 2011) ................................................................7

*Galen v. County of Los Angeles*,
    477 F.3d 652 (9th Cir. 2007) ................................................................6

*Google, Inc. v. Jackman*,
    2011 WL 3267907 (N.D. Cal., July 28, 2011)......................................7, 9

*IMX, Inc. v. LendingTree, LLC*,
    469 F. Supp. 2d 203 (D. Del. 2007)................................................10

**REDACTED -** MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - ii

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

*Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*,
    634 F.2d 1197 (9th Cir. 1980) .................................................................8

*MercExchange, L.L.C. v. eBay, Inc.*,
    500 F. Supp. 2d 556 (E.D. Va. July 27, 2007)......................................11

*Paice LLC v. Toyota Motor Corp.*,
    2006 WL 2385139 (E.D. Tex. Aug. 16, 2006) ......................................10

*Perfect 10, Inc. v. Google, Inc.*,
    653 F.3d 976 (9th Cir. 2011) ..................................................................7

*Salinger v. Colting*,
    607 F.3d 68 (2d Cir. 2010) ..................................................................6, 7

*Sampson v. Murray*,
    415 U.S. 61, 94 S.Ct. 937, 952 (1974).....................................................8

*Stewart v. Abend*,
    495 U.S. 207, 110 S.Ct. 1750 (1990).......................................................8

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
    2007 WL 37742 (E.D. Mich. Jan. 4, 2007) ..........................................10

*Telcordia Tech., Inc. v. Cisco Systems, Inc.*,
    592 F. Supp. 2d 727 (D. Del. 2009)...............................................10, 11

*Universal City Studios v. Sony Corp. of America*,
    480 F. Supp. 429 (C.D. Cal. 1979) ..........................................................8

**STATUTES**

FRCP 56(a) ......................................................................................................6

35 U.S.C. § 283..........................................................................................1, 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# I.  INTRODUCTION

Motorola is seeking to enjoin Microsoft from developing software, products, and product components that are compliant with the H.264 standard, claiming that Microsoft infringes patents that are essential in practicing that standard.  Motorola has no right to this injunctive relief as a matter of law.

Motorola contracted to license its H.264 standard-essential patents to all comers on reasonable and non-discriminatory ("RAND") terms.  By agreeing to license (and accept royalties for) these claimed standards-essential patents, Motorola has admitted that it has an adequate remedy at law for the use of its patented H.264 technology.  It has thereby admitted that it has no right to injunctive relief.

Motorola has made the same admission in this case:  it has made a written demand that Microsoft accept a license in return for a royalty payment of 2.25% of end product prices for products that include H.264 functionality.  That demand was unreasonable--far outside RAND parameters--for reasons that Microsoft has explained in its pending Motion for Partial Summary Judgment (Dkt. No. 77, re-noted for Sept. 30, 2011).  But, however unreasonable, the demand is an admission that Motorola deems some amount of money to be adequate compensation for the very patents underlying its claim of injunctive relief in this Court, from the very party that it is seeking to enjoin.

Under 35 U.S.C. § 283[1] and *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390, 126 S.Ct. 1837, 1839 (2006), traditional equitable rules apply in patent cases.  Under these rules an admission that there is an adequate remedy at law is fatal to a claim for injunctive relief for infringement just as it bars such relief for a breach of contract.

---

[1]  "The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."

**REDACTED -** MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 1

1    Motorola is improperly using a threat of injunctive relief to exploit Microsoft's

2   competitive need to market H.264-compliant products.  This threat to bar sales of Windows

3   and any other implementation of the H.264 standard is based on three claimed essential patents

4   among the many included in the standard.  The claim for injunctive relief should be dismissed

5   because Motorola's demand for royalties from Microsoft and its contract to license its

6   technology to all comers on RAND terms are admissions of the adequacy of monetary relief

7   and the absence of irreparable harm.

8                        **II. STATEMENT OF FACTS**

9    Microsoft and Motorola are members of the ITU.[2]  The ITU Standardization Sector (the

10  "ITU-T") and two other standard setting organizations (the International Organization for

11  Standardization and International Electrotechnical Commission (collectively, "ISO/IEC"))

12  develop and maintain thousands of technical standards, including ITU-T Recommendation

13  H.264 (the "H.264 standard"), which relates to high compression video coding and decoding.[3]

14   At issue on this Motion is Motorola's request for injunctive relief based on its claim of

15  infringement of three patents it alleges are essential to implementation of the H.264 standard.[4]

16  **A.    Motorola Contracted to License the Patents on Reasonable and Non-
         Discriminatory (RAND) Terms.**

17   In accordance with the ITU's intellectual property rights ("IPR") policy, Motorola

18  provided written assurances to the ITU that it would make licenses to its essential patents

19  available to potential implementers of the H.264 standard on RAND terms and conditions.  It

20  thereby agreed to accept money in exchange for a license of the technology in question.

21

22  _____

23  [2] Motorola Answer and Counterclaims (Dkt. No. 68) at pp. 18-19, 22.

    [3] *Id.* at pp. 22-23.

24  [4] Motorola has not asserted any claim of infringement relating to patents relevant to the 802.11 wireless standard.
    Motorola's breach of contract arising from its demand for non-RAND royalties relating to the 802.11 standard is
25  addressed in Microsoft's pending Motion for Partial Summary Judgment (Dkt. No. 77).

**REDACTED -** MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 2

The ITU and ISO/IEC have established an IPR policy requiring holders of patent claims claimed to be "essential" to a compliant implementation of a standard (or, in ITU parlance, a "Recommendation") to file with the ITU a "Patent Statement and Licensing Declaration," in which the patent holder declares whether it will grant a license to its "essential patents" to "an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions[.]"[5]  If the answer is no, "the [Recommendation] shall not include provisions depending on the patent."[6]

Motorola submitted several Licensing Declarations to the ITU relating to the H.264 standard, stating that it either "will grant" or "is prepared to grant" a

> license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions to make, use and sell implementations of the above document.[7]

## B.    Motorola Demands Unreasonable Royalties from Microsoft.

On October 29, 2010, Motorola sent Microsoft a letter demanding royalties for H.264 standard-compliant products, stating:

> Motorola offers to license the patents on a non-discriminatory basis on reasonable terms and conditions ("RAND"), including a reasonable royalty of 2.25% per unit for each H.264 compliant product, subject to a grant back license under the H.264 patents of Microsoft, and subject to any Motorola commitments made to JVT in connection with an approved H.264 recommendation. As per Motorola's standard terms, the royalty is calculated based on the price of the end product (e.g., each Xbox 360 product, each PC/laptop, each smartphone, etc.) and not on component software (e.g., Xbox 360 system software, Windows 7 software, Windows Phone 7 software, etc.).[8]

---

[5] *See* Exhibit 1 to the Declaration of Christopher T. Wion in Support of Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Request for Injunctive Relief, ("12/15/11 Wion Dec."), p. 11.

[6] *Id.*, p. 8.

[7] 12/15/11 Wion Dec., Ex. 2.

[8] 12/15/11 Wion Dec., Ex. 3.

**REDACTED -** MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 3

This letter demanded *money from Microsoft* for any implementation of the technology at issue. Microsoft has previously outlined its reasons for believing that both Motorola's H.264 and 802.11 royalty demands are far outside the RAND ballpark, thus unreasonable and in violation of Motorola's RAND obligations.  Microsoft hereby incorporates by reference the related facts contained in its pending Motion for Partial Summary Judgment (Dkt. No. 77), at pp. 7-10 and the supporting evidence cited therein.

**C.** **In Response to Microsoft's Complaint, Motorola Filed an Action in Wisconsin for Patent Infringement, Which Has Since Been Transferred and Consolidated Here.**

Microsoft filed its Complaint in this Court (Case No. 10-cv-1823) on November 9, 2010 (the "Washington Action"), alleging that Motorola had breached its commitments to the ITU, the IEEE, and their members and affiliates (including Microsoft), to license the patents at issue on RAND terms—*i.e.*, under reasonable rates, with reasonable terms, and under non-discriminatory conditions.[9]

The day after Microsoft filed its Complaint, defendants Motorola Mobility and its wholly-owned subsidiary, General Instrument Corp. (collectively, "Motorola"), filed suit against Microsoft in the Western District of Wisconsin (the "Wisconsin Action"),[10] alleging that Microsoft's Windows 7 operating system software infringed three patents relating to the H.264 standard—patents that Motorola had committed to license on RAND terms.  Based on its assertion of these RAND-committed patents, Motorola is seeking injunctive relief.[11]

---

[9] Complaint, at ¶ 1.

[10] 12/15/11 Wion Dec., Ex. 4 (*Motorola Mobility, Inc. and General Instrument Corp. v. Microsoft Corp.*, No. 10-cv-699, Complaint for Patent Infringement, filed Nov. 10, 2010 (W.D. Wis.)) (the "Wisconsin Complaint").

[11] As to each of Motorola's asserted patents, Motorola alleges that Microsoft's alleged infringing activities "have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283."  12/15/11 Wion Dec., Ex. 4 (Wisconsin Complaint), at ¶¶ 16, 23, 30.

REDACTED - MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF - 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1    The Wisconsin Action was transferred to the Western District of Washington on

2    February 18, 2011, and consolidated with Microsoft's Washington Action for all purposes on

3    June 1, 2011.[12]

4    **D.    Motorola Seeks to Enjoin Any Use of Its H.264 Patents by Microsoft after
     Demanding Royalties for Such Use from Microsoft.**

5    If Motorola's claim for injunctive relief now pending in this action[13] were granted, it

6    would bar sales of Windows and any other implementation by Microsoft of H.264 standard-

7    based video compression functionality.  Motorola specifically highlighted the alleged

8    Windows infringement in its October 29, 2010, letter.

9    But in the same letter Motorola admitted that it has an adequate remedy at law for any

10   Microsoft implementation of the very patents at issue.  In the letter Motorola "offer[ed] to

11   grant Microsoft a worldwide non-exclusive license under Motorola's portfolio of patents and

12   pending applications covering the subject matter of ITU-T Recommendation H.264" seeking a

13   2.25% royalty per unit and asking Microsoft to "confirm whether Microsoft accepts this

14   offer."[14]  In the face of these demands, directed to the party it now seeks to enjoin, Motorola

15   cannot claim that no sum of money is "adequate" compensation for the contribution of its

16   H.264 technology to the products in question.

17

18

19   ─────────────────────
     [12] 12/15/11 Wion Decl., ¶ 6; *see also* Dkt. Nos. 49 and 66.

20   [13] In this consolidated action, Motorola has neither asserted any patent infringement claim nor made a request for
     injunctive relief relating to the 802.11 standard.  The closest it has come is to flag that it might seek such

21   injunctive relief in the future, depending on the outcome of other related litigation.  Defendants' Answer,
     Defenses, and Counterclaims to Plaintiff's Amended and Supplemental Complaint, June 15, 2011 (Dkt. No. 68),

22   ¶ 74 ("Motorola seeks a declaration that if the Motorola Patents in the Patent Actions are found by this Court or
     by the International Trade Commission to comply with the respective Standards, and the patents are valid and

23   enforceable, that Motorola is entitled to seek an injunction enjoining Microsoft from importing, making, using,
     selling, or offering for sale products and services embodying the claimed inventions of the Motorola Patents.").

24   Such injunctive relief would be unavailable, as a matter of law, for the same reasons such relief is unavailable for
     its H.264-related claims.

25   [14] 12/15/11 Wion Dec., Ex. 3.

**REDACTED -** MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 5

# III.  LEGAL ARGUMENT

**A.**     **Summary Judgment Standard.**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."[15]  Material facts are those "that might affect the outcome of the suit under the governing law."[16]  The moving party bears the initial burden of showing there is no material factual dispute and that it is entitled to prevail as a matter of law.[17]  The non-moving party must then identify specific facts that show a genuine issue for trial.[18]  "Bald assertions that genuine issues of material fact exist are insufficient," nor can "a mere scintilla of evidence" withstand summary judgment.[19]

Summary judgment is appropriate here because, as a matter of law, Motorola cannot establish at least two pre-requisites for injunctive relief:  irreparable harm and inadequacy of monetary relief.

**B.**     **As a Matter of Law, Motorola Cannot Satisfy the First Two Prerequisites for Injunctive Relief -- Irreparable Harm and Inadequacy of Monetary Relief**

The Supreme Court's decision in *eBay* establishes that common law principles of equity retain their full vitality in patent cases, including the equitable rule that a party seeking injunctive relief has the burden of establishing irreparable harm that cannot be adequately remedied by monetary relief.[20]  A permanent injunction is not available to Motorola because, under the undisputed facts, Motorola cannot satisfy the first two requirements of the Supreme

---

[15] FRCP 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

[17] *Celotex*, 477 U.S. at 323.

[18] *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000).

[19] *Galen*, 477 F.3d at 658.

[20] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390, 126 S.Ct. 1837, 1839 (2006).  *See also Robert Bosch LLC v. Pylon Mfg. Co.*, 659 F.3d 1142, 1148-49 (Fed. Cir. 2011) (patent infringement); *Salinger v. Colting,* 607 F.3d 68, 77-78 (2d Cir. 2010) (same principles apply in copyright cases).

REDACTED - MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 6

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Court's four-part test for such relief articulated in *eBay*.  Under *that test*, the party seeking injunctive relief must demonstrate:

(1)  that it has suffered an irreparable injury;

(2)  that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3)  that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4)  that the public interest would not be disserved by a permanent injunction.[21]

The first two *eBay* requirements are that the "plaintiff must demonstrate ... that it **has** suffered an irreparable injury" and that monetary damages "**are** inadequate to compensate" for any injury (emphasis added).  *I.e.*, irreparable injury not compensable in money is not merely a potential outcome that, with other "factors," should be balanced; it is a prerequisite that must be met before the court even reaches the "balancing" of hardships.  In *eBay* the Court also held that a patent holder is not entitled to a presumption of irreparable injury merely upon a showing that the patents are valid and have been infringed.[22]  Rather, irreparable injury must be independently established as the first element of the four-part test for injunctive relief.[23]  The use of the conjunctive "and" between the third and fourth elements indicates that *each* of the four elements must be met.  This reading was recently confirmed by the Ninth Circuit in *Perfect 10*, where the court stated that it "review[s] the district court's determination that the plaintiff satisfied *each* of these four factors for abuse of discretion."[24]  In *Perfect 10*, the court

---

[21] *eBay*, 547 U.S. at 391 (emphasis added).

[22] *Id.*, at 392.  *See also Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981 (9th Cir. 2011); *Bosch,* 659 F.3d at 1148-49.

[23] *Id.*, 547 U.S. at 391.  *See Bosch*, 659 F.3d at 1148 (plaintiff seeking permanent injunction "must make a four-part showing," the first of which is proof of irreparable injury); *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995 (9th Cir. 2011) (in *eBay* the "Court was very clear that even where infringement had been proven, a plaintiff may not be granted injunctive relief until he satisfies the four-factor test, which includes demonstrating irreparable injury"); *Salinger*, 607 F.3d at 79-80 (court may issue injunction "only if the plaintiff has demonstrated that he is likely to suffer irreparable harm in the absence of an injunction").

[24] *Perfect 10*, 653 F.3d at 979 (emphasis added).

**REDACTED -** MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 7

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1   affirmed the district court's denial of injunctive relief because the plaintiff had not shown

2   irreparable harm.[25]

3          While a Court's decision whether to grant an injunction is reviewed for abuse of

4   discretion, the Court does not have discretion to grant an injunction here because irreparable

5   harm cannot be shown.  Under the applicable "principles of equity" reflected in the *eBay*

6   Court's four-part test, the absence of irreparable harm, or a concession that any harm is

7   compensable in money, is fatal to any request for injunctive relief.

8          The Ninth Circuit has held that monetary injury, including lost revenue, does not

9   constitute irreparable injury because it can adequately be compensated by a damage award.[26]

10  The "severe remedy of an injunction" was not justified for the defendant's copyright

11  infringement where the plaintiff could recover actual damages, including the profits of the

12  infringer.[27]  The court has adopted the Supreme Court's statement of the rule in *Sampson v.*

13  *Murray*:

14          [T]he temporary loss of income, ultimately to be recovered, does not usually
            constitute irreparable injury . . . .  Mere injuries, however substantial, in terms
15          of money, time and energy necessarily expended . . . are not enough.  The
            possibility that adequate compensatory or other corrective relief will be
16          available at a later date, in the ordinary course of litigation, weighs heavily
            against a claim of irreparable harm.[28]
17

18         Here there is not merely a "possibility," but a certainty, that monetary compensation is

19  adequate.  Motorola has contracted to license its technology in return for RAND royalties to all

20  _____

21  [25] *Id*. at 982.

    [26] *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).
22  Injunctive relief "is a harsh and drastic discretionary remedy, never an absolute right."  *Abend v. MCA, Inc.*, 863
    F.2d 1465, 1479 (9th Cir. 1988), *aff'd, Stewart v. Abend*, 495 U.S. 207, 110 S.Ct. 1750 (1990) (suit for copyright
23  infringement), quoting *Universal City Studios v. Sony Corp. of America*, 480 F. Supp. 429, 463, 464 (C.D. Cal.
    1979), *rev'd on other grounds*, 659 F.2d 963 (9th Cir. 1981), *reversed*, 464 U.S. 417, 104 S.Ct. 774 (1984).

24  [27] *Abend*, 863 F.2d at 1479.

25  [28] *Los Angeles Memorial Coliseum Comm'n*, 634 F.2d at 1202 (quoting *Sampson v. Murray*, 415 U.S. 61, 90, 94
    S.Ct. 937, 952 (1974)).

**REDACTED -** MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 8

1   comers and it has demanded royalties from Microsoft for a license to its claimed essential

2   H.264 patents.  Motorola cannot be heard to claim that unique conditions applicable to some

3   alleged infringers, including Microsoft, create "irreparable harm."  It sought Microsoft out,

4   delivering a demand that it receive monetary compensation for all implementations of its

5   H.264 technology, and it had earlier agreed to accept RAND royalties from any party

6   implementing the standard.  Its Microsoft demand was unreasonable, but it was a demand for

7   monetary compensation as its entire relief for Microsoft's implementation of the standard.

8        The admissions implicit in Motorola's demands and in its RAND commitments are not

9   affected by whether Motorola is a direct competitor of an alleged infringer.  Even if Microsoft

10  and Motorola were competitors with respect to a product at issue (*e.g.*, computer operating

11  system software), Motorola would have no right to carve out a competitor from its RAND

12  commitment,[29] and in any event it directed its unreasonable monetary demands *to* Microsoft.

13       Nor does it matter whether an alleged infringer refuses to pay a royalty or otherwise

14  "breaches" a RAND obligation.  Under general equitable principles, a breach of contract does

15  not trigger a right to injunctive relief *unless* a money damage award will not adequately

16  compensate the injured party.[30]  An alleged breach by Microsoft of the RAND contract (which

17  Motorola argues has occurred) would simply trigger the question of what remedy is available

18  to Motorola;[31] it would not erase the admission implicit in Motorola's demand.  If money

19

20

[29] Since the Supreme Court's decision in *eBay* courts have rejected the notion that direct competitors necessarily suffer irreparable harm from infringement.  *See MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 577 (E.D. Va. July 27, 2007) (on remand from Supreme Court's *eBay* decision); *Caldwell Mfg. Co. North America, LLC v. Amesbury Group, Inc.*, No. 11-cv-6183T, 2011 WL 3555833, *5 (W.D.N.Y. Aug. 11, 2011).  *Cf. Area 55, Inc. v. Celeras, LLC*, No. 09-CV-2755-H(NLS), 2011 WL 1375307, *4 (S.D. Cal. Apr. 11, 2011) (citing Federal Circuit decision issued prior to *eBay*).

[30] *See, e.g.*, *Davoodi v. Imani*, No. C 11-0260 SBA, 2011 WL 577414, *6 (N.D. Cal. Feb. 9, 2011).

[31] *See, e.g.*, *Google, Inc. v. Jackman*, 2011 WL 3267907, *5 (N.D. Cal., July 28, 2011) (stating that "injunctive relief may be also appropriate in a claim for breach of contract" and noting that "[t]he basis for injunctive relief in the federal courts has always been irreparable injury and inadequacy of legal remedies.") (citation omitted).

REDACTED - MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 9

1   damages are adequate, as Motorola has admitted, injunctive relief is not among the permitted

2   remedies for any such breach, or for infringement.

3          Even in a non-RAND setting, a number of courts have held that a patentee's

4   "willingness to license its patents [to others] . . ." suggests that its injury is "compensable in

5   monetary damages, which is inconsistent with the right to exclude," and that the patent holder

6   has not been irreparably harmed by the alleged infringement.[32]  In *Telcordia*, the court found

7   that Telcordia had not, and would not, suffer irreparable harm as a result of Cisco's

8   infringement in part because Telcordia had shown that it could and would license the patent-in-

9   suit by doing so in two other instances.  Telcordia's willingness to license its patents also

10  suggested that its injury was compensable in money damages, which is inconsistent with the

11  right to exclude.[33]  Thus, the court held, "Cisco's infringement of the patents-in-suit has not

12  affected Telcordia's ability to license the patents-in-suit."[34]

13         Here, the Court need not go this far afield; Motorola has not simply licensed its H.264

14  technology in other instances;[35] it has (a) committed to do so across the board via its RAND

15  contract and (b) demanded a royalty *from Microsoft* for that very technology.  While its

16  demand was outrageous and unreasonable, it was also an implicit admission that money (in

17  some amount) is an "adequate remedy"--specifically in the case of Microsoft.

---

18

19  [32] *Telcordia Tech., Inc. v. Cisco Systems, Inc.*, 592 F. Supp. 2d 727, 748 & n.10 (D. Del. 2009), *aff'd in part, vacated in part on other grounds*, 612 F.3d 1365 (Fed. Cir. 2010), citing *IMX, Inc. v. LendingTree, LLC*, 469 F. Supp. 2d 203, 225 (D. Del. 2007) (citing *eBay*, 126 S.Ct. at 1840).  *See also Sundance, Inc. v. DeMonte Fabricating Ltd.*, 2007 WL 37742, *2 (E.D. Mich. Jan. 4, 2007) ("Indeed, Sundance licenses the '109 patent to others, and offered to license it to DeMonte prior to filing suit against it, thus demonstrating that money damages are adequate."); *Paice LLC v. Toyota Motor Corp.*, 2006 WL 2385139, *5 (E.D. Tex. Aug. 16, 2006) ("It is also of note that Plaintiff, throughout post-trial motions, has extended Defendants an offer to license its technology. .... This offer further demonstrates the adequacy of monetary relief from Plaintiff's point of view.  Thus, the Court finds that Plaintiff has not demonstrated monetary damages are an inadequate remedy to compensate for Defendants' infringement.")

23  [33] *Id.*, at 748, n.10.

24  [34] *Id.* at 748.

25  [35] **REDACTED**
        *See* 12/15/11 Wion Dec., Exs. 5 and 6.

REDACTED - MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 10

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1    That admission is an undisputed fact in this case even if Motorola could show that it

2    was within its rights in starting the RAND negotiation outside the RAND arena.  It is

3    undisputed in spite of Motorola's claim that Microsoft has "repudiated" its RAND rights.  The

4    issue is not whether Microsoft has breached or repudiated a contract; it is whether Motorola's

5    demands of Microsoft and its RAND commitments to the world are concessions that money

6    damages are adequate compensation for any alleged infringement—or for breach of contract.

7    A demand for such compensation for the very patents at issue from the very target of the

8    injunctive relief claim is such a concession.

9    Because Motorola cannot show irreparable harm and because monetary relief would

10   provide an adequate remedy, it is not necessary for the Court to consider any of the other *eBay*

11   factors in rejecting Motorola's claim for injunctive relief.[36]

## IV.  CONCLUSION

13   Motorola's prayer for injunctive relief is fatally deficient because, in agreeing to make

14   its H.264-related technology available to all comers in return for specified license fees,

15   Motorola has conceded that it has an adequate remedy at law for any infringement of its

16   standards essential technology.  It is fatally deficient for the independent reason that Motorola

17   has so conceded in demands made of Microsoft, the party it seeks to enjoin, and with respect to

18   the very patents at issue (with the amount of royalties under RAND standards to be

19   determined).  It has underscored its own concession by arguing that the ultimate availability of

20   a license on RAND terms is assured, thus excusing outrageous negotiating positions.

21   Motorola's claim for injunctive relief must be dismissed.

---

[36] *See, e.g., Telcordia*, 592 F. Supp. 2d at 748 n.11 (since plaintiff did not establish irreparable harm or that it could not be compensated by damages, court did not consider balance of hardship and public interest factors). Even if it were appropriate to consider the additional factors, those factors overwhelmingly weigh against any injunctive relief.  Microsoft has invested significant resources incorporating H.264 functionality into Windows, the Xbox 360 game console and various other products with which Motorola does not compete.  Consumers benefit from the continued availability of the H.264 standardized functionality in Microsoft's various product offerings and the interoperability with other third party products that such functionality provides.

REDACTED - MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 11

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    DATED this 15th day of December, 2011.

2                              DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

3

4          By   /s/ Arthur W. Harrigan, Jr.                    .
                 Arthur W. Harrigan, Jr., WSBA #1751
5                Christopher Wion, WSBA #33207
                 Shane P. Cramer, WSBA #35099
6
                 T. Andrew Culbert, WSBA #35925
7                David E. Killough, WSBA #40185
                 MICROSOFT CORPORATION
8                1 Microsoft Way
                 Redmond, WA  98052
9                Phone:  425-882-8080
                 Fax:  425-869-1327
10
                 David T. Pritikin, *Pro Hac Vice*
11               Richard A. Cederoth, *Pro Hac Vice*
                 Douglas I. Lewis, *Pro Hac Vice*
12               John W. McBride, *Pro Hac Vice*

13               SIDLEY AUSTIN LLP
14               One South Dearborn
                 Chicago, IL  60603
15               Phone:  312-853-7000
                 Fax:  312-853-7036
16
                 Brian R. Nester, *Pro Hac Vice*
17               Kevin C. Wheeler, *Pro Hac Vice*
                 SIDLEY AUSTIN LLP
18               1501 K Street NW
                 Washington, DC  20005
19               Telephone:  202-736-8000
                 Fax:  202-736-8711
20
                 Counsel for Microsoft Corporation
21

22

23

24

25

REDACTED - MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 12

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

1

2          I hereby certify that on December 15, 2011, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send notification

3

4   of such filing to the following:

5          **Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and
           General Instrument Corporation**

6

7          Philip S. McCune
           Lynn M. Engle
           Summit Law Group

8

9          Steven Pepe
           Jesse J. Jenner
           Norman Beamer
           Paul M. Schoenhard
           Ropes & Gray

10

11

12                                 /s/ Linda Bledsoe
                                  LINDA BLEDSOE

13

14

15

16

17

18

19

20

21

22

23

24

25

**REDACTED -** MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
DISMISSING MOTOROLA'S CLAIM FOR
INJUNCTIVE RELIEF - 13

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717