# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 10-cv-699<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Motorola Mobility, Inc. ("Motorola Mobility") and General Instrument Corporation ("General Instrument") (collectively or separately, "Plaintiffs"), for their complaint against Defendant Microsoft Corporation ("Microsoft"), aver as follows:

### NATURE OF THE ACTION

1. This is an action brought by Plaintiffs against Microsoft for Microsoft's infringement of Plaintiffs' patents. In particular, Plaintiffs seek remedies for Microsoft's infringement of Plaintiffs' U.S. Patents Nos. 7,310,374; 7,310,375; and 7,310,376 (collectively, "the Asserted Patents").

### THE PARTIES

2. Motorola Mobility is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola Mobility is a wholly-owned subsidiary of Motorola, Inc.

3.     Motorola Mobility and its affiliates (collectively, "Motorola") are a leading innovator in the communications and electronics industry. From the introduction of its first commercially successful car radio in 1930 to the inception of the world's first commercial portable cellular phone in 1983 and thereafter, Motorola has developed substantial proprietary and leading technology relating to wireless communications and electronics. Among other things, Motorola designs, manufactures, sells, and services wireless handsets with integrated software and accessory products.

4.     General Instrument Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 101 Tournament Drive, Horsham, Pennsylvania 19044. General Instrument is a wholly-owned subsidiary of Motorola Mobility.

5.     On information and belief, Microsoft is a corporation organized and existing under the laws of the State of Washington having its principal place of business at One Microsoft Way, Redmond, Washington 98052.

6.     On information and belief, Microsoft directly or indirectly through its subsidiaries and affiliated companies, distributes, markets, sells and/or offers to sell throughout the United States including in this District, and/or imports into the United States operating systems for personal computers, including Windows 7.

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.	Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), (d), and 1400(b).

9.	Upon information and belief, this Court has personal jurisdiction over Microsoft because Microsoft regularly conducts business in this District and has committed and continues to commit acts of patent infringement in this District.

## THE ASSERTED PATENTS

10.	United States Patent No. 7,310,374, titled "Macroblock Level Adaptive Frame/Field Coding for Digital Video Content," which issued on December 18, 2007, names Limin Wang, Rajeev Gandhi, Krit Panusopone, and Ajay Luthra as inventors. General Instrument is the owner by assignment of all right, title and interest in and to the '374 Patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '374 Patent is attached as Exhibit A.

11.	United States Patent No. 7,310,375, titled "Macroblock Level Adaptive Frame/Field Coding for Digital Video Content," which issued on December 18, 2007, names Limin Wang, Rajeev Gandhi, Krit Panusopone, and Ajay Luthra as inventors. General Instrument is the owner by assignment of all right, title and interest in and to the '375 Patent, including the right to sue and recover for past infringement thereof. A true and correct copy of the '375 Patent is attached as Exhibit B.

12.	United States Patent No. 7,310,376, titled "Macroblock Level Adaptive Frame/Field Coding for Digital Video Content," which issued on December 18, 2007, names Limin Wang, Rajeev Gandhi, Krit Panusopone, and Ajay Luthra as inventors. General Instrument is the owner by assignment of all right, title and interest in and to the '376 Patent,

including the right to sue and recover for past infringement thereof. A true and correct copy of the '376 Patent is attached as Exhibit C.

## CLAIM ONE
### (Infringement of U.S. Patent No. 7,310,374)

13. Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-12.

14. On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '374 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to, making, using, offering to sell, selling and/or importing the Windows 7 operating systems for personal computers; and/or by inducing others to use the claimed systems and/or to practice the claimed methods.

15. On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://technet.microsoft.com, http://support.microsoft.com, and http://msdn.microsoft.com) instruct customers how to use these products in accordance with one or more of the asserted claims of the '374 Patent.

16. Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

17. Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '374 Patent in an amount to be determined at trial.

18. On information and belief, Microsoft's infringement of the '374 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

19. On information and belief, Microsoft's infringement of the '374 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM TWO
### (Infringement of U.S. Patent No. 7,310,375)

20. Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-12.

21. On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '375 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to, making, using, offering to sell, selling and/or importing the Windows 7 operating systems for personal computers; and/or by inducing others to use the claimed systems and/or to practice the claimed methods.

22. On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://technet.microsoft.com, http://support.microsoft.com, and http://msdn.microsoft.com) instruct customers how to use these products in accordance with one or more of the asserted claims of the '375 Patent.

23. Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

24. Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '375 Patent in an amount to be determined at trial.

25. On information and belief, Microsoft's infringement of the '375 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

26. On information and belief, Microsoft's infringement of the '375 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## CLAIM THREE
### (Infringement of U.S. Patent No. 7,310,376)

27. Plaintiffs incorporate by reference as if fully set forth herein the averments contained within Paragraphs 1-12.

28. On information and belief, Microsoft has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '376 Patent, pursuant to 35 U.S.C. § 271(a), (b) and/or (c), literally or under the doctrine of equivalents, in this Judicial District and elsewhere in the United States, by their activities, including, but not limited to, making, using, offering to sell, selling and/or importing the Windows 7 operating systems for personal computers; and/or by inducing others to use the claimed systems and/or to practice the claimed methods.

29. On information and belief, instructional materials produced by Microsoft (available at, *e.g.*, http://technet.microsoft.com, http://support.microsoft.com, and http://msdn.microsoft.com) instruct customers how to use these products in accordance with one or more of the asserted claims of the '376 Patent.

30. Microsoft's infringing activities have caused and will continue to cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

31. Plaintiffs have been and continue to be damaged by Microsoft's infringement of the '376 Patent in an amount to be determined at trial.

32. On information and belief, Microsoft's infringement of the '376 Patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

33. On information and belief, Microsoft's infringement of the '376 Patent is exceptional and entitles Plaintiffs to an award of their attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all claims and all issues triable by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment:

    a. Adjudging that Microsoft has infringed one or more claims of each of the Asserted Patents;

b. Permanently enjoining Microsoft and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing from further acts of infringement, contributory infringement and inducement of infringement of the Asserted Patents;

c. Awarding Plaintiffs damages adequate to compensate them for Microsoft's infringement of the Asserted Patents including pre-judgment and post-judgment interest at the maximum rate permitted by law;

d. Adjudging that Microsoft's infringement of each of the Asserted Patents is willful and deliberate and, therefore, that Plaintiffs are entitled to treble damages as provided by 35 U.S.C. § 284;

e. Adjudging that Microsoft's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Plaintiffs to an award of their attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

   f.  Awarding to Plaintiffs such other and further relief as this Court deems proper and just.

November 10, 2010           Respectfully submitted,

                /s/ *Scott W. Hansen*
                Scott W. Hansen
                shansen@reinhartlaw.com
                Lynn M. Stathas
                lstathas@reinhartlaw.com
                Rebecca F. Kennedy
                rkennedy@reinhartlaw.com
                Reinhart Boerner Van Deuren S.C.

*Of Counsel*:           1000 North Water Street
                Suite 1700
Jesse J. Jenner*          Milwaukee, WI 53202
Steven Pepe*           **PHONE NO. (414) 298-1000**
Ropes & Gray LLP
1211 Avenue of the Americas     Attorney for Plaintiffs,
New York, New York 10036      MOTOROLA MOBILITY, INC., and
Phone No. (212) 596-9000       GENERAL INSTRUMENT
                CORPORATION
Norman H. Beamer*
Mark D. Rowland*
Gabrielle E. Higgins*
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Phone No. (650) 617-4000

\* Pro hac vice to be filed