THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

MICROSOFT CORPORATION, a Washington corporation,

9

|  | CASE NO. C10-1823-JLR |

Plaintiff,

10

**DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF**

11

v.

12

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

13
14

Defendants.

15

**NOTE ON MOTION CALENDAR: Friday, January 13, 2012**

16
17

## I.      INTRODUCTION

18

Pursuant to Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions,

19

Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola")

20

respectfully move this Court for leave to file under seal the following:

21

1.      Exhibit 1 to the Declaration of Kevin J. Post in Support of Defendants' Opposition

22

to Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Claim for Injunctive

23

Relief (1/3/12 Post Decl.);

24

2.      Exhibit 6 to the 1/3/12 Post Decl.; and

25

3.      Exhibit 7 to the 1/3/12 Post Decl.

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF - 1
CASE NO. C10-1823-JLR

Summit Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## II.      BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. ECF No. 72.  This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.  Specifically, paragraph 1 states that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2.  This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.  Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id.* at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT DISMISSING
MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Local Rule 5(g).  Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, the Federal Rules of Civil Procedure recognize that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Although courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited.  "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT DISMISSING
MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    As the Ninth Circuit stated:

2         The law, however, gives district courts broad latitude to grant
3         protective orders to prevent disclosure of materials for many types
         of information, including, but not limited to, trade secrets or other
4         confidential research, development, or commercial information. See
         Fed. R. Civ. P. 26(c)(7).  Rule 26(c) authorizes the district court to
5         issue "any order which justice requires to protect a party or person
         from annoyance, embarrassment, oppression, or undue burden."
6         The Supreme Court has interpreted this language as conferring
         "broad discretion on the trial court to decide when a protective order
7         is appropriate and what degree of protection is required."  *Seattle
         Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).
8

9    *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

10         III.    THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES
11              MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

12         In accordance with the Protective Order and the above-referenced authority, Motorola

13   moves to file the following documents under seal for the stated reasons:

14   **A.    Exhibit 1 to the Declaration of Kevin J. Post.**

15         Exhibit 1 of the Declaration of Kevin J. Post is Motorola's sealed Opposition to

16   Microsoft's Motion for Partial Summary Judgment (Dkt. 86).  This document was previously filed

17   under seal, and Motorola respectfully requests that it be filed under seal here because it contains

18   licensing and other highly confidential and proprietary business information.  Disclosure of this

19   information to third parties and other party employees not covered by the protective order would

20   have the potential to lead to competitive harm.  1/3/12 Post Decl. ¶ 4.

21   **B.    Exhibit 6 to the Declaration of Kevin J. Post.**

22         Exhibit 6 to the Declaration of Kevin J. Post is Motorola's Memorandum in Opposition to

23   Microsoft's Motion to Terminate with Respect to U.S. Patent Nos. 5,319,712 and 5,357,571,

24   which was filed in ITC Investigation No. 337-TA-752 on November 28, 2011.  In that

25   Investigation, this document was marked "CONTAINS CONFIDENTIAL BUSINESS

26   INFORMATION, SUBJECT TO PROTECTIVE ORDER" because it contains licensing and other

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT DISMISSING
MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

highly confidential and proprietary business information, the disclosure of which to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  1/3/12 Post Decl. ¶ 10.  For these reasons, Motorola respectfully requests that this document be filed under seal here.

**C.    Exhibit 7 to the Declaration of Kevin J. Post.**

Exhibit 7 to the Declaration of Kevin J. Post is Motorola's Memorandum in Opposition to Microsoft's Motion to Terminate the Investigation with Respect to U.S. Patent Nos. 6,980,596 and 7,162,094, which was filed in ITC Investigation No. 337-TA-752 on November 28, 2011.  In that Investigation, this document was marked "CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" because it contains licensing and other highly confidential and proprietary business information, the disclosure of which to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  1/3/12 Post Decl. ¶ 12.  For these reasons, Motorola respectfully requests that this document be filed under seal here.

## IV.    CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following documents be filed under seal:

1.    Exhibit 1 to the 1/3/12 Post Decl.;

2.    Exhibit 6 to the 1/3/12 Post Decl.; and

3.    Exhibit 7 to the 1/3/12 Post Decl.

DATED this 3rd day of January, 2012.

SUMMIT LAW GROUP PLLC

By s/ *Philip S. McCune*

Philip S. McCune, WSBA #21081
Lynn M. Engel, WSBA #21934
*philm@summitlaw.com*
*lynne@summitlaw.com*

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT DISMISSING
MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

And by

Jesse J. Jenner (*pro hac vice*)
Steven Pepe (*pro hac vice*)
Stuart W. Yothers (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*jesse.jenner@ropesgray.com*
*steven.pepe@ropesgray.com*
*stuart.yothers@ropesgray.com*

Norman H. Beamer (*pro hac vice*)
Gabrielle E. Higgins (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*
*gabrielle.higgins@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard@ropesgray.com*
*kevin.post@ropesgray.com*

***Attorneys for Defendants Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corp.***

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT DISMISSING
MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF - 6
CASE NO. C10-1823-JLR

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Danielson Harrigan Leyh & Tollefson
*arthurh@dhlt.com*
*chrisw@dhlt.com*
*shanec@dhlt.com*

Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
Richard A. Cederoth, Esq.
Sidley Austin LLP
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*rcederoth@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 3rd day of January, 2012.


s/ *Deanna L. Schow*
Deanna L. Schow

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT DISMISSING
MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001