THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　　Defendants.<br>_____<br>MOTOROLA MOBILITY, INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING MOTOROLA'S CLAIM FOR INJUNCTIVE RELIEF<br><br>**NOTED FOR:**<br>**Friday, January 6, 2012** |

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**TABLE OF CONTENTS**

Page

A. Motorola's Reliance on Purported "Threshold Issues" Misses the Mark ................ 2

B. The Undisputed Evidence *In This Case* Precludes Motorola's
Request for Injunctive Relief under *eBay* ............................................................... 3

    1. Microsoft Does Not Seek Pronouncement of a
Categorical "Per Se" Rule ............................................................................ 3

    2. Motorola's Reliance on *CSIRO v. Buffalo Tech.* Is Misplaced ................... 4

C. Motorola Has Failed to Offer Affirmative Evidence of Irreparable
Harm or Inadequacy of Its Legal Remedies ............................................................. 7

    1. Motorola's Scant Evidence of "Competition" Does
Nothing to Alter the Outcome Here Absent Actual Evidence
of Resulting Irreparable Harm ..................................................................... 7

    2. Motorola Has Offered No Evidence of Lost Market
Share, Lost Goodwill or Any Reputational Impact ................................... 10

    3. Motorola Has Offered No Evidence that Its
Litigation Expenses Are Draining Its Research and
Development Budget .................................................................................. 11

    4. Loss of Motorola's Ability to *Threaten* Microsoft
with Injunctive Relief Does Not Qualify as Irreparable
Harm ............................................................................................................ 12

D. This Motion Is Ripe; Motorola Has Not Requested a Rule 56(d)
Continuance ............................................................................................................ 12

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - i

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

TABLE OF AUTHORITIES

                                                                                                                                                   **Page**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns., Inc.*,
    2011 WL 5878365 (E.D. Va. 2011)..................................................................4, 12

*Acumed LLC v. Stryker Corp.*,
    551 F.3d 1323 (Fed. Cir. 2008) ...............................................................................4

*Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*,
    2008 WL 4647384, (N.D. Cal. 2008) .....................................................................9

*Baker Hughes Inc. v. Nalco Co.*,
    676 F. Supp. 2d 547 (S.D. Tex. 2009) ...............................................................9, 10

*Callaway Golf Co. v. Acushnet Co.*,
    585 F. Supp. 2d 600 (D.Del. 2008)..........................................................................4

*Caribbean Marine Servs. Co. v. Baldrige*,
    844 F.2d 668 (9th Cir. 1988) ...................................................................................7

*Commonwealth Scientific and Industrial Research Organisation*
    *v. Buffalo Tech., Inc.*, 492 F. Supp. 2d 600 (E.D. Tex. 2007) ....................1, 4, 5, 6

*De Forest Radio Tel. & Telegraph Co. v. United States*,
    273 U.S. 236 (1927)................................................................................................5

*eBay Inc. v. MercExchange, L.L.C.*
    547 U.S. 388 (2006)..............................................................................1, 3, 4, 6, 7

*ePlus, Inc. v. Lawson Software, Inc.*,
    2011 WL 2119410 (E.D. Va. May 23, 2011) ............................................9, 10, 11

*Finjan Software, Ltd. v. Secure Computing Corp.*,
    2009 WL 2524495 (D. Del. Aug. 18, 2009) ....................................................4, 10

*Hynix Semiconductor, Inc. v. Rambus Inc.*,
    609 F. Supp. 2d 951 (N.D. Cal. 2009) ...........................................................1, 5, 6

*Metso Minerals, Inc. v. Powerscreen Int'l Distrib. Ltd.*,
    788 F. Supp. 2d 71 (E.D.N.Y. 2011) ....................................................................10

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - ii

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

*Nokia Corp. v. Apple, Inc.*,
    2011 WL 2160904 (D.Del. June 1, 2011)..........................................................................5, 6

*Praxair, Inc. v. ATMI, Inc.*,
    479 F. Supp. 2d 440 (D. Del. 2007)...................................................................................8, 9

*Salinger v. Colting,*
    607 F.3d 68, (2d. Cir. 2010) ................................................................................................ 7

*Smith & Nephew, Inc. v. Synthese (U.S.A.)*,
    466 F. Supp. 2d 978 (W.D. Tenn. 2006) ...............................................................................10

*Tatum v. City and County of San Francisco*,
    441 F.3d 1090 (9th Cir. 2006) ..............................................................................................12

*Taylor v. List*,
    880 F.2d 1040 (9th Cir. 1989) ................................................................................................12

*Transocean Offshore Deepwater Drilling, Inc. v. Globalsantefe Corp.*,
    2006 WL 3813778 (S.D. Tex. Dec. 27, 2006)..................................................................10, 11

*TruePosition Inc. v. Andrew Corp.*,
    568 F. Supp. 2d 500 (D.Del. 2008)..................................................................................10, 11

*z4 Techs., Inc. v. Microsoft Corp.*,
    434 F. Supp. 2d 437 (E.D. Tex. 2006)............................................................................1, 5, 6

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - iii

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Motorola's Opposition does not raise an issue of fact regarding irreparable harm, in contrast to the showings in the cases on which Motorola relies.  Absent such a showing, Motorola's claim for injunctive relief must be dismissed.

Motorola's technology is not the "core technology embodied" in the standard at issue, much less the products at issue.[1]  Motorola sought a 2.25% royalty of end product pricing—and now seeks an injunction based on Microsoft's effort to compel a RAND royalty rate—for three patents representing a fraction of those essential to implementing the H.264 standard, which in turn is a tiny element of Microsoft's software, which is a small element of the technology embodied in the several end products—which sell for widely varying prices.  *eBay* and its progeny recognize that in the absence of a *factual showing* of irreparable harm not compensable in money, a permanent injunction is not warranted.[2]

Motorola is not seeking injunctive relief to prevent irreparable harm.  It is demanding injunctive relief to create leverage in its effort to extract unreasonable royalties, as in *Hynix Semiconductor, Inc. v. Rambus Inc.*[3]  But the Court need not determine whether Motorola's royalty demands are unreasonable in order to decide this Motion:  those very demands are an admission by Motorola that some amount of money will compensate it for *Microsoft's* use of the technology at issue *in the very products* at issue.

Motorola's contrary argument implies that, if the Court determined a 2.25% royalty on all end products was RAND, and Microsoft had committed to pay the Court-determined rate, Motorola would still be entitled to the injunctive relief it seeks.  This is not the law.

---

[1] *Commonwealth Sci. & Indus. Research Org. v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 606 (E.D. Tex. 2007). *See also z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440-41 (E.D. Tex. 2006) (denying patentee's request for permanent injunction where the infringing technology was "a small component of [Microsoft's] software").

[2] *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006).

[3] 609 F. Supp. 2d 951, 983 n.29 (N.D. Cal. 2008) (injunction demand is "less about preventing irreparable harm and more about extracting punishment or leverage in negotiating with Hynix").

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 1

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Motorola's demands from Microsoft are admissions that monetary relief is adequate compensation for any infringement.

The argument that granting this Motion would constitute adoption of a "categorical" rule that a RAND commitment always precludes a patentee from seeking injunctive relief is specious. Here the RAND commitment is coupled with "offers" related to the very target of the injunction demand for the very products at issue. Motorola cannot support its claim for injunctive relief without advancing facts showing that, contrary to its own admissions in its demands for royalties from Microsoft, it will suffer irreparable harm that cannot be compensated through monetary relief. It has made no such showing.

A. **Motorola's Reliance on Purported "Threshold Issues" Misses the Mark**

Motorola's argument that two "threshold issues" must be resolved before the Court can assess the *eBay* factors (Opp. at 13) is wrong.

First, Motorola repeats its argument that Microsoft repudiated its RAND contract rights. But this Motion does not depend on contract rights. It is based on Motorola's *admissions*. Motorola not only admitted in making a RAND commitment that a reasonable royalty was adequate compensation for its technology; it made the same admission with respect to the precise technology, products and party at issue in this case. Those admissions compel denial of injunctive relief on this Motion absent contrary evidence. Whether Microsoft has a *contract right* to a RAND royalty is not the question; the question is whether Motorola can demonstrate irreparable harm. In any event, the Court has already addressed the merits of Motorola's repudiation argument:

> Motorola attempts to insert a requirement that Microsoft negotiate the license terms prior to filing suit for breach of contract. During oral argument, Motorola argued that the IEEE and the ITU guidelines provide the legal basis for requiring negotiations. However, the guidelines provide no such requirement.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

There is no legal basis for Motorola's contention that Microsoft was required to negotiate the precise license terms prior to filing a breach of contract claim.[4] Microsoft seeks to enforce its contract rights, and is entitled to do so. But the Court need not restate its former ruling on repudiation: Motorola has failed to create a fact question on the controlling issue of irreparable harm and is, therefore, not entitled to injunctive relief regardless of whether Microsoft "repudiated" its RAND contract right by seeking to enforce it.

Second, Motorola argues that, if the patents are later determined not to be essential to the H.264 standard, "the asserted patents would not be subject to RAND assurances and the very premise for Microsoft's motion would be eliminated." Opp. at 14. This argument has no merit – Motorola has expressly represented to the world that it "is prepared to grant a license to an unrestricted number of applicants on a worldwide, non-discriminatory basis and on reasonable terms and conditions" for these specific patents.[5] The argument addresses neither Motorola's offer to license these specific patents to Microsoft on RAND terms in October 2010, nor Motorola's prior licensing of these patents to its competitors.

B. **The Undisputed Evidence *In This Case* Precludes Motorola's Request for Injunctive Relief under *eBay***

1. **Microsoft Does Not Seek Pronouncement of a Categorical "Per Se" Rule**

Microsoft's Motion is not based on adoption of a categorical rule but on specific facts showing that Motorola can establish neither the first nor second part of the *eBay* test. Microsoft has shown, and it is undisputed, that Motorola:

(1) committed to license these specific patents to all comers on RAND terms and conditions;
(2) offered to license its H.264 patent portfolio (including the three patents at issue) to Microsoft at a 2.25% royalty rate; and
(3) previously licensed its H.264 patents to its direct competitors.

---

[4] 6/1/11 Order (on cross-motions to dismiss) (Dkt. No. 66), at p. 5.
[5] 12/15/11 Wion Decl. (Dkt. No. 142), Ex. 2 (at MOTM_WASH1823_0000036 and listing Motorola's '374, '375, and '376 patents at MOTM_WASH1823_0000037).

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 3

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Motorola has provided no contrary evidence and no facts demonstrating that monetary relief for any infringement is inadequate. Instead, it presents argument: that proof of its prior "willingness to license" does not establish that there is no irreparable harm. But the undisputed evidence is not merely that Motorola has been *willing* to license its patents in the past, but that it *committed* to make licenses available to all comers, and that it specifically offered to license these patents to Microsoft. Motorola's own cases confirm that a proven "willingness to license" is *inconsistent* with irreparable harm.[6] In the face of this evidence that there is no irreparable harm, Motorola's burden was to present contrary evidence. It has failed to do so, relying instead on misplaced argument.

### 2.    Motorola's Reliance on *CSIRO v. Buffalo Tech.* Is Misplaced

Motorola relies heavily on *Commonwealth Scientific and Industrial Research Organisation v. Buffalo Tech., Inc.*[7] But in *CSIRO*, the patented technology was the "<u>core technology</u> embodied in the IEEE's 802.11a and 802.11g standards" and "Buffalo's products [were] designed to provide the wireless functionality of the IEEE's 802.11a and 802.11g standards."[8] Quoting Justice Kennedy's concurrence in *eBay*, the court contrasted *CSIRO* with those cases where (as here) the patent at issue is simply a component in a larger technology:

> When the patented invention is but a small component of the product the companies seek to produce and the threat of an injunction is employed simply for undue leverage in negotiations, legal damages may well be sufficient to compensate for the infringement and an injunction may not serve the public interest.[9]

---

[6] *See Callaway Golf Co. v. Acushnet Co.,* 585 F. Supp. 2d 600, 620 (D.Del. 2008) ("plaintiff's willingness to forgo its patent rights (generally) for compensation may be inconsistent with the notion that money damages are inadequate"); *Finjan Software, Ltd. v. Secure Computing Corp.*, No. 06-369, 2009 WL 2524495, *10 (D.Del. 2009) (same, quoting *Callaway*); *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008) ("fact that a patentee has previously chosen to license the patent may indicate that a reasonable royalty does compensate for an infringement"); *ActiveVideo Networks, Inc. v. Verizon Commc'ns., Inc.*, No. 2:10cv248, 2011 WL 5878365 *4 (E.D. Va. 2011) ("ActiveVideo's willingness to license its patents to Verizon is a factor which cuts against a showing of irreparable harm"). *See also* cases discussed at footnote 32 of Microsoft's Motion (Dkt. No. 141).

[7] 492 F. Supp. 2d 600 (E.D. Tex. 2007) ("*CSIRO*").

[8] *Id.*, at 606 (emphasis added).

[9] *Id.*, at 605, *citing eBay*, 126 S. Ct. at 1842 (Kennedy, J., concurring) and *z4 Techs.*, 434 F. Supp. 2d at 440-41.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

On similar grounds, the *CSIRO* court also distinguished a case heard that same year in the same district – *z4 Techs. v. Microsoft*.[10] In *z4 Techs.*, the court refused to enjoin Microsoft from selling its Windows and Office software where one small component of the software infringed z4's patents.[11] The court recognized that the technology at issue was

> a very small component of the Microsoft Windows and Office software products that the jury found to infringe z4's patents. The infringing product activation component of the software is in no way related to the core functionality for which the software is purchased by consumers.[12]

There are numerous patents necessary to practice the H.264 standard - Motorola's claims are based on only three of its patents.[13] Even the H.264 video compression functionality itself is but a "small component" of Microsoft's operating system software. Motorola has presented no facts that contradict the admissions implicit in its demands of Microsoft or create a parallel between this case and *CSIRO*. Here, a permanent injunction is even less warranted than in *z4*.

Nor has Motorola presented any evidence comparable to the refusal of the defendant in *CSIRO* to take a license on any terms. The indisputable evidence is that Microsoft is *seeking* a license on RAND terms—in this very action.[14] In *CSIRO*, every other potential licensee had refused to take licenses because of Buffalo's refusal to do so. Nor is Motorola a research institute like CSIRO, whose primary source of income was license-based royalties[15] with all the unique consequences that flow from that status.

---

[10] *CSIRO*, at 606.
[11] 434 F. Supp. 2d 437 (E.D. Tex. 2006).
[12] *Id.*, at 441.
[13] 8/18/11 Declaration of Christopher Wion in Support of Microsoft's Motion for Partial Summary Judgment (Dkt. No. 79); *see also Hynix Semiconductor, Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951 (N.D. Cal. 2009) (recognizing that "a modern device can encompass thousands of useful technologies, each of which may be covered by a patent claim").
[14] Microsoft Compl. (Dkt. No. 1), at p. 22, ¶ H (asking for "decree that Microsoft is entitled to license from Motorola any and all patents that Motorola has identified to the ITU in relation to H.264 technology on [RAND terms]."
[15] Motorola's reliance on *Nokia Corp. v. Apple, Inc.*, No. 09-791-GMS, 2011 WL 2160904 (D.Del. June 1, 2011) is similarly misplaced. Apple argued that, under *De Forest Radio Tel. & Telegraph Co. v. United States*,

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Motorola ignores *Hynix Semiconductor, Inc. v. Rambus Inc.*[16] In *Hynix*, Rambus (which owned certain standard-essential patents), filed a patent infringement suit seeking a permanent injunction against Hynix. Rambus proved infringement but, after analyzing the nature of standards and standards-essential patents in light of the four *eBay* factors, the court refused to grant an injunction. The *Hynix* court distinguished *CSIRO*, recognizing that much of the "irreparable" harm alleged by the plaintiffs in both *CSIRO* and *Hynix* was actually past harm, which would not be remedied by imposition of an injunction.[17] The court also noted that Rambus' claim that an injunction was necessary to protect its research and development pipeline was specious since Rambus would be forsaking revenue if Hynix's sales were enjoined.[18] Finally, the court rejected *CSIRO's* conclusion that injunctive relief was warranted since other infringers might refuse a license in the future; in such a scenario "it would not be harm caused by the infringer, and it generally offends notions of equity to punish one for the misconduct of others."[19]

In short, even without the implicit admission of Motorola's royalty demands, this case is similar to *z4* and *Hynix*. It bears no resemblance to *CSIRO*. Here, the party seeking an injunction, Motorola, has already asked the other party for exclusively monetary compensation for the precise technology at issue as embodied in the precise products at issue, and the other

---

273 U.S. 236, 242 (1927), Nokia could not seek an injunction because Apple held a license to the patent at issue. Nokia claimed Apple had repudiated the license. The court denied Apple's motion to dismiss, finding Nokia had stated a plausible claim for relief. The decision includes <u>no discussion of *eBay*</u> and offers no support for Motorola's position with respect to Microsoft's motion for partial summary judgment.

[16] 609 F. Supp. 2d 951 (N.D. Cal. 2009).
[17] *Id.* at 983.
[18] *Id.*, at 983 n.29.
[19] *Id.*, at 983. The court also noted that Rambus's disclosure of its patents after the industry had become "locked in" to the standard weighed against injunctive relief. Id., 609 F. Supp. 2d at 984-85. Here, Motorola's Patent Statement disclosing the patents at issue is dated December 8, 2010, long after the marketplace had become "locked in" to the H.264 standard. 12/15/11 Wion Decl. (ECF No. 142), Ex. 2 (at MOTM_WASH1823_0000036-37).

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 6

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

party has *demanded* the opportunity to pay one.  The only issue that should remain is:  how much.

Motorola makes much of Microsoft's June 14, 2011 letter to the FTC, but that letter simply states that whether injunctive relief is appropriate requires applying the "current legal framework in the applicable jurisdiction" – *i.e. eBay* and its progeny.  That "legal framework" is applied to the *facts,* which, in this case, are not disputed:  Motorola has admitted that monetary relief adequately compensates it for any use by Microsoft of the patents at issue.

### C. **Motorola Has Failed to Offer Affirmative Evidence of Irreparable Harm or Inadequacy of Its Legal Remedies**

Motorola, not Microsoft, bears the burden of establishing irreparable harm and the inadequacy of legal remedies under *eBay*.[20]  Evidence is required; attenuated, conjectural, or speculative injuries will not suffice.[21]  Motorola has cited cases that identify considerations potentially bearing on a party's right to injunctive relief (Opp. at 14), but it has made no factual showing that any of them exist here.  Motorola argues that courts have considered whether (1) the parties are competitors, (2) the infringement would result in loss of "market share, goodwill, or reputation," (3) the patentee was "diver[ting] resources from research and development to be used instead for litigation expenses," and (4) a "compelled license would force a patentee to forego protections it commonly seeks from its licensing partners."  Opp. at 14 (citing cases).  Motorola has produced no evidence that these factors apply in this case.

#### 1. **Motorola's Scant Evidence of "Competition" Does Nothing to Alter the Outcome Here Absent Actual Evidence of Resulting Irreparable Harm**

---

[20] *eBay,* 547 U.S. at 391 (plaintiff seeking injunctive relief must demonstrate "that it has suffered an irreparable injury" and "that remedies available at law, such as monetary damages, are inadequate to compensate for that injury"); *see also Salinger v. Colting,* 607 F.3d 68, 82 (2d. Cir. 2010) ("After *eBay*…courts must not simply presume irreparable harm….Rather, plaintiffs must show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm.").

[21] *Caribbean Marine Servs. Co. v. Baldrige,* 844 F.2d 668, 674-75 (9th Cir. 1988) (finding that declarations which merely speculate about imminent threat of harm are insufficient for purposes of injunctive relief).

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 7

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

In a footnote, Motorola notes that it sells a "XOOM tablet running [Google's] Android operating system[.]" Opp. at 15, n. 23. It then quotes from the following portion of Microsoft's 2011 Form 10-K:

> The Windows operating system faces competition from various commercial software products offered by well-established companies, mainly Apple and Google. The Windows operating system also faces competition from alternative platforms and devices that may reduce demand for PCs. User and usage volumes on mobile devices are increasing worldwide relative to the PC.[22]

This evidence does not create a fact question whether Motorola and Microsoft compete for operating system customers. The excerpt states that Microsoft and *Google* compete at the operating system level and that PC manufacturers compete with mobile device manufacturers. Motorola has not shown that Microsoft sells PCs or that Motorola sells operating systems. Motorola concedes that the parties are <u>not</u> direct competitors. Opp. at 12, n. 17 (arguing that a license to Microsoft would prevent Motorola "from collecting H.264-related royalties <u>from direct competitors</u> selling devices using Microsoft's Windows operating systems (*e.g.*, manufacturers of smartphones, tablets and laptops).") (emphasis added).

Even if Motorola had demonstrated that such competition existed, even intense *direct* competition does not alone establish irreparable harm. In *Praxair, Inc. v. ATMI, Inc.*, even though "Praxair's Uptime cylinder is in <u>direct and head-to-head competition</u> with ATMI's VAC cylinder, as Uptime and VAC are the <u>only two mechanical-based systems for the controlled delivery of industrial gases on the market</u>," injunctive relief was <u>denied because of a failure to present *actual evidence* of irreparable harm</u>:

> [T]he court finds that Praxair has not met its burden under *eBay* to put forward sufficient proof vis-à-vis the broad scope of the relief requested. Praxair generally argues that VAC®'s presence in the market will cause Praxair to "likely lose additional market share, profits, and goodwill," without further

---

[22] 1/3/12 Post Dec., Ex. 9, p. 7. Motorola also claims (Opp. at 15, n. 23) that Microsoft is "updating" the Xbox 360 in a way that may compete with cable set-top-boxes in the future, but otherwise provides no discussion of how this has resulted in irreparable harm not compensable with monetary remedies.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 8

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

> detail. Praxair has not provided or described any specific sales or market data to assist the court, nor has it identified precisely what market share, revenues, and customers Praxair has lost to ATMI.
> ***
> ... Praxair ... had a burden to iterate specific reasons why ATMI's infringement can not be compensated for with a money award.[23]

In *Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.*, the court found no irreparable harm to plaintiff even though the parties (both "multi-billion dollar companies") were two of only four competitors in the relevant market.[24]  The court found that, even if Abbot lost market share, "Abbott would have a claim for damages ... and nothing suggests that this loss could have any significant effect on the continued ability of Abbot to effectively compete in the DES market or to continue to invest in relevant research and development."[25]

Motorola's own cases confirm the need to present evidence not only of competition, but of resulting irreparable harm – evidence that Motorola has failed to offer.  For example, in *Baker Hughes Inc. v. Nalco Co.* the parties were the "only two competitors" in a "market consist[ing] of a small number of potential clients."[26]  The plaintiff secured an injunction b because it did what Motorola has not – presented evidence that the specific dynamics of the competition resulted in irreparable harm:

> Baker Hughes presented evidence that, within this market, a company is unlikely to be able to resume elevated pricing of patented goods (after discounted sales by other parties) without suffering harm to its good name and ability to conduct business.  Further, this damage to Baker Hughes' business reputation could harm its ability to engage in the sale of functionally related products.[27]

In *ePlus, Inc. v. Lawson Software, Inc.*, plaintiffs "central and primary software products" were based on its patents.[28]  The court found not only that "ePlus clearly faces ...

---

[23] 479 F.Supp.2d 440, 442-44 (D.Del. 2007) (emphasis added).
[24] No. C95-3577-DLJ, 2008 WL 4647384, *10 (N.D. Cal. 2008).
[25] *Id.*
[26] 676 F. Supp. 2d 547, 554 (S.D. Tex. 2009).
[27] *Id.*, at 554.
[28] No. 3:09cv629, 2011 WL 2119410, *2 (E.D. Va. May 23, 2011).

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 9

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

disability in competing for the part of the market in which it and Lawson compete directly," but that ePlus "lost opportunities to cross-sell and up-sell its VAR products to customers of Procure."[29] In *TruePosition*, the plaintiff's patented technology was at the "core of its business" and the parties were "the only two competitors for UTDOA/SDCCH technology worldwide."[30] The court found that defendant's infringement "affected its goodwill and its reputation as the first company to provide UTDOA/SDCCH outside the U.S."[31]

In short, even if Motorola had shown some degree of competition with Microsoft, that showing would not contradict the overwhelming evidence that there is no irreparable harm: Motorola has offered to accept monetary relief for the very "injury" for which it now seeks injunctive relief. Motorola has done nothing to refute this evidence. It has not shown that, even if Microsoft were a competitor, an infringement would lead to irreparable harm to Motorola not compensable in the medium it demanded: money.

### 2. Motorola Has Offered No Evidence of Lost Market Share, Lost Goodwill or Any Reputational Impact

Motorola has offered no evidence of lost market share as a result of Microsoft's use of the H.264 standard, or that it otherwise has suffered an adverse impact to its goodwill or reputation (such evidence features prominently in many of Motorola's own cases[32]).

---

[29] *Id.*, *9, *11.
[30] *TruePosition Inc., v. Andrew Corp.*, 568 F. Supp. 2d 500, 531 (D. Del. 2008).
[31] *Id.*, at 532.
[32] *See, e.g., Smith & Nephew, Inc. v. Synthese (U.S.A.)*, 466 F. Supp. 2d 978, 983 (W.D. Tenn. 2006) (noting "loss of market share [and] loss of brand name recognition which Smith & Nephew suffered because of Synthes'" infringement); *Finjan Software, Ltd. v. Secure Computing Corp.*, No. 06-369, 2009 WL 2524495, at *10 (D. Del. Aug. 18, 2009) ("the record evidence reflects that Finjan has also suffered the loss of market share, as well as access to potential customers due to Secure's infringing Webwasher products"); *Baker Hughes Inc. v. Nalco Co.*, 676 F. Supp. 2d 547, 554 (S.D. Tex. 2009) ("this damage to Baker Hughes' business reputation could harm its ability to engage in the sale of functionally related products"); *Metso Minerals, Inc. v. Powerscreen Int'l Distrib. Ltd.*, 788 F. Supp. 2d 71, 75 (E.D.N.Y. 2011) ("plaintiff lost market share to the defendants as a result of the defendants' infringement. In the Court's view, this loss of market share is difficult to quantify, as it includes a loss of unknown opportunities for positive references, repeat sales, and expanded goodwill."); *Transocean Offshore Deepwater Drilling, Inc. v. Globalsantefe Corp.*, 2006 WL 3813778 at *4 (S.D. Tex. Dec. 27, 2006)("it is undisputed that ... the customer base for deep water drill rigs is small, and that GSF has not only ... compete[d] for the same customers and contracts as Transocean, but also [won] contracts over competing bids from

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 10

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Instead, Motorola argues (without support) that denying injunctive relief would "harm Motorola's goodwill and reputation" by "encourag[ing] others to infringe" and that Motorola would "lose[] part of its commercial negotiating power in license discussions[.]" Opp. at 15 (quoting *Transocean*). The quote from *Transocean* reflects the *plaintiff's contention* in that case. *Transocean*, at *5 ("Transocean also asserts that..."). The *court* said only that it would be reluctant to force Transocean to issue a license that "will not contain any of the commercial business terms typically used ... to *control its technology or limit encroachment on its market share*." *Id*. (emphasis added). *I.e*., the court was concerned not with lost negotiating power, but on market share impacts.

In the RAND context, a patent holder who has committed to make its essential patents available on RAND terms and conditions forgoes the traditional right of exclusion – indeed, the concepts of negotiating power and market share are at odds with ubiquitous adoption of a standard. Motorola has offered no evidence to suggest that Microsoft's use of its patents (or the H.264 standard) has had any impact whatsoever on Motorola's goodwill or any purported "reputation as an innovator".

### 3.   **Motorola Has Offered No Evidence that Its Litigation Expenses Are Draining Its Research and Development Budget**

Motorola cannot credibly claim that it is being irreparably harmed by being forced "to divert significant resources away from commercial research and development to enforce its patents against Microsoft[.]" Opp. at 16. In *ePlus*, the patent holder was "a small company with limited resources" that was "forced to divert several millions of dollars away from research, development, and business opportunities toward litigation costs."[33] Motorola offers no evidence that it has diverted research and development dollars to fund its pursuit of patent

---

Transocean"); *TruePosition Inc*., 568 F. Supp. 2d at 532 ("Defendant's infringement therefore, has necessarily affected its goodwill and its reputation as the first company to provide UTDOA/SDCCH outside the U.S.").

[33] 2011 WL 2119410, at *12-13.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 11

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

infringement claims in this case.  Bald, unsupported assertions are not sufficient to withstand summary judgment.[34]

### 4. Loss of Motorola's Ability to *Threaten* Microsoft with Injunctive Relief Does Not Itself Qualify as Irreparable Harm

Motorola also argues that removing the *threat* of injunctive relief would itself cause irreparable harm.  Opp. at 12.  In this litigation, Motorola is seeking to exploit the leverage that comes with this threat.  While Motorola characterizes its use of the threat as a "shield," it is a shield protecting nothing but the threat itself.  Motorola's own case confirms the showing required: *i.e.,* that patent rights may be used as a "shield to protect ... market share, reputation, goodwill or name recognition."  Opp. at 12, n. 18 (quoting *ActiveVideo*).  Motorola has offered nothing showing that these business concerns are present.

### D. This Motion Is Ripe; Motorola Has Not Requested a Rule 56(d) Continuance

By complaining that "[t]he factual record has not yet been developed to allow for adequate consideration of these issues" (Opp. at 15), Motorola effectively concedes that it has *not* supplied evidence that would defeat Microsoft's motion.  But Motorola has not requested a continuance under Rule 56(d), conceding that the Court may rule on the Motion based on the evidence before it.[35]  That evidence unequivocally shows that Motorola is not entitled to injunctive relief.

---

[34] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.").
[35] A party seeking a Rule 56(d) continuance must "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  Motorola has not done so.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 12

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

DATED this 6th day of January, 2012.

                DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By   /s/ Arthur W. Harrigan, Jr.  
       Arthur W. Harrigan, Jr., WSBA #1751
       Christopher Wion, WSBA #33207
       Shane P. Cramer, WSBA #35099

       T. Andrew Culbert, WSBA #35925
       David E. Killough, WSBA #40185
       MICROSOFT CORPORATION
       1 Microsoft Way
       Redmond, WA  98052
       Phone:  425-882-8080
       Fax:  425-869-1327

       David T. Pritikin, *Pro Hac Vice*
       Richard A. Cederoth, *Pro Hac Vice*
       Douglas I. Lewis, *Pro Hac Vice*
       John W. McBride, *Pro Hac Vice*

       SIDLEY AUSTIN LLP
       One South Dearborn
       Chicago, IL  60603
       Phone:  312-853-7000
       Fax:  312-853-7036

       Brian R. Nester, *Pro Hac Vice*
       Kevin C. Wheeler, *Pro Hac Vice*
       SIDLEY AUSTIN LLP
       1501 K Street NW
       Washington, DC  20005
       Telephone:  202-736-8000
       Fax:  202-736-8711

       Counsel for Microsoft Corporation

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 13

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

        /s/ Linda Bledsoe
        LINDA BLEDSOE

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT DISMISSING MOTOROLA'S
CLAIM FOR INJUNCTIVE RELIEF - 14

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717