THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　　　Defendants.<br>_____<br>MOTOROLA MOBILITY, INC., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT'S PREHEARING STATEMENT (LPR 132) |

　　Pursuant to the Court's Standing Order for Patent Cases, the Scheduling Order entered in this action, and Local Patent Rule 132, Microsoft Corporation ("Microsoft") submits the following Prehearing Statement.

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 1

## I. MICROSOFT'S ALLEGATIONS OF INFRINGEMENT

Microsoft accuses Motorola Mobility, Inc. ("Motorola Mobility"), Motorola Inc., (n/k/a "Motorola Solutions") and General Instrument Corporation ("General Instrument") (collectively, "Motorola") of having infringed, induced the infringement of and/or having contributorily infringed, and further of continuing to infringe, induce infringement of and/or to contributorily infringe claims 1-6, 9-14, 17, 18, 20, 21, and 32-42 of U.S. Patent No. 6,339,780 ("the '780 Patent") and claims 1-4, 6, 8-11, 13-23, and 25-31 of U.S. Patent No. 7,411,582 ("the '582 Patent") pursuant to 35 U.S.C. § 271 (a), (b) and/or (c), literally or under the doctrine of equivalents, in the United States, by making, using, selling, offering to sell and/or importing the following[1]:

| The '780 Patent | The '582 Patent |
|---|---|
| Atrix ME860, MB861 | Atrix ME860, MB861 |
| Bravo MB520 | Bravo MB520 |
| Charm MB502, ME502 | |
| | Citrus WX445 |
| | Cliq XT MB501 |
| Cliq 2 MB611 | Cliq 2 MB611 |
| Defy MB525 | Defy MB525 |
| Devour A555 | |
| Droid A855 | Droid A855 |
| Droid 2 A955 | Droid 2 A955 |
| Droid 2 Global A956 | Droid 2 Global A956 |
| Droid 3 XT862 | Droid 3 XT862 |
| Droid Bionic XT875 | Droid Bionic XT875 |
| Droid Pro XT610 | Droid Pro XT610 |
| Droid X MB810 | Droid X MB810 |
| Droid X2 MB870 | Droid X2 MB870 |
| Flipout MB511 | Flipout MB511 |
| Flipside MB508 | Flipside MB508 |
| | i1 |
| Photon 4G MB855 | Photon 4G MB855 |
| Spice XT300 | |
| Titanium | Titanium |

---

[1] Except where noted, Microsoft alleges that each of the asserted claims is met for the accused products.

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| Triumph WX435 | Triumph WX435 |
|---|---|
| XPRT MB612 | |
| Xoom MZ600, MZ601, MZ603, MZ604, MZ605, MZ606 (except as to Claims 6, 33, and 39). | |

Microsoft Corporation's First Amended Asserted Claims and Preliminary Infringement Contentions, which were previously served on Motorola, provide further detail regarding Microsoft's infringement allegations, including infringement charts for the '780 and '582 patents containing evidence of direct and indirect infringement.[2]

## II. MICROSOFT'S ALLEGATIONS OF INVALIDITY

Motorola accuses Microsoft of infringing claims 1-18 of U.S. Patent No. 7,310,374 ("the '374 patent"); claims 1–11, 13–14, and 16–17 of U.S. Patent. No. 7,310,375 ("the '375 patent"); and claims 1–5, 7–11, 13–15, 18–20, 22–23, 26–28, and 30 of U.S. Patent No. 7,310,376 ("the '376 patent") (collectively, "Asserted Claims")[3]. Microsoft contends that each of the Asserted Claims is invalid as follows:

**A.   The Identity of Prior Art that Anticipates Each Asserted Claim or Renders it Obvious**

The prior art references listed below anticipate each asserted claim of the patents-in-suit and/or render it obvious:

- U.S. Patent No. 5,227,878; issued July 13, 1993 ("Puri '878")

- Atul Puri, R. Aravind & Barry Haskell, "Adaptive frame/field motion compensated video coding," Signal Processing: Image Compression, vol. 5, no. 1-2, February 1993, pp. 39–58 ("Puri article")

---

[2] Given the volume of material involved, on January 6, 2012, via telephonic conference, the Court informed the parties that they are not required to file the Infringement Contentions, Invalidity Contentions, or supporting exhibits to the extent they are already summarized here. To the extent the Court would like these materials, Microsoft will provide them upon request.

[3] On December 23, 2011, Motorola served its Second Amended Disclosure of Asserted Claims and Infringement Contentions that reduced the asserted claims to claims 8-18 of the '374 Patent; claims 6-11, 13, 14, 16 and 17 of the '375 Patent; and claims 14-15, 18-20, 22, 23, 26-28 and 30 of the '376 Patent.

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 3

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

- ITU-T Recommendation H.262, ISO/IEC International Standard 13818-2, "Information Technology-Generic Coding of Moving Pictures And Associated Audio Information: Video," July 1995 ("MPEG-2 Standard")

- ISO/IEC International Standard 14496-2 Committee Draft, "Information Technology-Coding of Audio-Visual Objects: Visual," May 28, 1998 ("MPEG-4 draft specification")

- U.S. Patent No. 6,275,533; issued August 14, 2001 ("Nishi '533")

- U.S. Patent No. 5,974,184; issued October 26, 1999 ("Eifrig '184")

- U.S. Patent No. 5,991,447; issued November 23, 1999 ("Eifrig '447")

- U.S. Patent No. 6,005,980; issued December 21, 1999 ("Eifrig '980")

- U.S. Patent No. 6,026,195; issued February 15, 2000 ("Eifrig '195")

- ITU-T Q.6/SG16 (VCEG), "Adaptive field/frame block coding experiment proposal," September 26, 2001 ("VCEG-N76"); ITU-T Q.6/SG16 (VCEG), "H.26L Test Model Long Term Number 8 (TML-8) draft 0," July 10, 2001 ("VCEG-N10"); H.26L Test Model Long Term Number 8 (TML-8) software, including <http://wftp3.itu.int/av-arch/video site/h26L/older_tml/tml80.zip>, <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml84.zip>, <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml85.zip>, <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml87a.zip> (collectively referred to herein as "VCEG-N76/N10")

- "Joint Committee Draft (JCD) of Joint Video Specification (ITU-T Rec. H. 264 | ISO/IEC 14496-10 AVC)", Joint Video Team of ISO/IEC MPEG & ITU-T VCEG 3rd Meeting: Fairfax, Virginia, USA, May 6–10, 2002, generated on May 10, 2002; reference software from the Joint Video Team of ISO/IEC MPEG & ITU-T VCEG, including <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm20.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm21.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm34.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm39a.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm40d.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm42.zip>; (collectively referred to herein as "JVT-C167"); Nokia Research Center, "Analysis and Simplification of Intra Prediction Proposal," Joint Video Team of ISO/IEC MPEG & ITU-T VCEG 4th Meeting: Klagenfurt, Austria, July 22–26, 2002 ("JVT-D025") (collectively referred to herein as "JVT-D025/JVT-C167")

- "Joint Final Committee Draft (JFCD) of Joint Video Specification (ITU-T Rec. H. 264 | ISO/IEC 14496-10 AVC)", Joint Video Team of ISO/IEC MPEG & ITU-T VCEG 4th Meeting: Klagenfurt, Austria, July 22–26, 2002, generated on August 10, 2002;

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

- reference software from the Joint Video Team of ISO/IEC MPEG & ITU-T VCEG, including <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm20.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm21.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm34.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm39a.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm40d.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm42.zip> (collectively referred to herein as "JVT-D157")

- ITU-T Q.15/SG16 (VCEG), "H.26L Test Model Long Term Number 5 (TML-5) draft 0," October 25, 2000; H.26L Test Model Long Term Number 5 (TML-5) software, including <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml52soft.zip>; <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml59.zip>; <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml591.zip> (collectively referred to herein as "VCEG-K59")

Microsoft's Preliminary Invalidity Contentions, which were previously served on Motorola, provide further detail regarding the invalidity of the Asserted Claims, including detailed information regarding whether each piece of prior art anticipates or renders obvious the asserted claims and where in each piece of prior art each element of each asserted claim is found:[4]

- Exhibit A-1: Puri '878 vs. '374
- Exhibit A-2: Puri '878 vs. '375
- Exhibit A-3: Puri '878 vs. '376
- Exhibit B-1: Puri article vs. '374
- Exhibit B-2: Puri article vs. '375
- Exhibit B-3: Puri article vs. '376
- Exhibit C: MPEG-2 Standard vs. '376
- Exhibit D-1: MPEG-4 draft specification vs. '374

---

[4] Given the volume of material involved, on January 6, 2012, via telephonic conference, the Court informed the parties that they are not required to file the Infringement Contentions, Invalidity Contentions, or supporting exhibits to the extent they are already summarized here. To the extent the Court would like these materials, Microsoft will provide them upon request.

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 5

- Exhibit D-2: MPEG-4 draft specification vs. '375
- Exhibit D-3: MPEG-4 draft specification vs. '376
- Exhibit E: Nishi '533 vs. '375
- Exhibit F: Eifrig '184 vs. '375
- Exhibit G-1: Eifrig '447 vs. '374
- Exhibit G-2: Eifrig '447 vs. '375
- Exhibit G-3: Eifrig '447 vs. '376
- Exhibit H-1: Eifrig '980 vs. '374
- Exhibit H-2: Eifrig '980 vs. '376
- Exhibit I-1: Eifrig '195 vs. '374
- Exhibit I-2: Eifrig '195 vs. '375
- Exhibit I-3: Eifrig '195 vs. '376
- Exhibit J-1: VCEG-N76/N10 vs. '374
- Exhibit J-2: VCEG-N76/N10 vs. '375
- Exhibit J-3: VCEG-N76/N10 vs. '376
- Exhibit K-1: JVT-C167 vs. '374
- Exhibit K-2: JVT-D025/JVTC-167 vs. '375
- Exhibit K-3: JVT-C167 vs. '376
- Exhibit L-1: JVT-D157 vs. '374
- Exhibit L-2: JVT-D157 vs. '375
- Exhibit L-3: JVT-D157 vs. '376
- Exhibit M-1: VCEG-K59 vs. '374
- Exhibit M-2: VCEG-K59 vs. '375
- Exhibit M-3: VCEG-K59 vs. '376

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 6

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Unless stated otherwise in an exhibit, a prior art reference anticipates each asserted claim of a patent-in-suit. To the extent it is argued that a prior art reference does not anticipate an asserted claim, the prior art reference renders the asserted claim obvious in light of the knowledge of one of ordinary skill in the art and/or in light of other prior art references listed above, as discussed in more detail in the exhibits.

B.     **Microsoft's Allegations of Invalidity Based on Indefiniteness, Enablement, or Written Description under 35 U.S.C. § 112**

Microsoft further contends that the asserted claims are invalid under 35 U.S.C. § 112 as follows:

- Asserted claim 1 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions," "size that is larger than one macroblock," "selectively encoding," "one of said plurality of smaller portions" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 2 and 5 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 3 and 6 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "spatially predicted coded" and "smaller portions." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 4 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "means for dividing said picture into a plurality of smaller portions," "size that is larger than one macroblock," and "means for selectively encoding." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 4 of the '374 patent, the claim is indefinite.

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 7

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

- Asserted claim 7 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "dividing said picture into a plurality of smaller portions," "size that is larger than one macroblock," and "selectively encoding." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 8 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions," "size that is larger than one macroblock," "one of said plurality of smaller portions," "at a time," and "using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 13 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "wherein said at least one PMV is calculated in accordance with directional segmentation prediction." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 14 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions," "size that is larger than one macroblock," "one of a plurality of smaller portions," "at a time," and "means for using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 14 of the '374 patent, the claim is indefinite.

- Asserted claims 9 and 15 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "at least one motion vector is received," and "smaller portions." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 10 and 16 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "spatially predicted coded" and "smaller portions." These terms/phrases also are indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 11 and 17 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 8

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

satisfy the written description requirement with respect to terms/phrases including "spatially predicted coded." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 1 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions," "size that is larger than one macroblock," "selectively encoding," "one of said plurality of smaller portions" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 2 and 4 of the '375 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "spatially predicted coding." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 3 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "means for dividing said picture into a plurality of smaller portions," "smaller portions," "size that is larger than one macroblock," "selectively encoding," "one of said plurality of smaller portions" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 3 of the '375 patent, the claim is indefinite.

- Asserted claim 5 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "dividing said picture into a plurality of smaller portions," "size that is larger than one macroblock," and "selectively encoding," "one of said plurality of smaller portions" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 6 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "selectively decoding," "smaller portions," "size that is larger than one macroblock," "one of said plurality of smaller portions," "at a time," and "using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 7 and 14 of the '375 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 9

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

satisfy the written description requirement with respect to terms/phrases including "spatially predicted coding." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 9 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "one of a plurality of prediction directions is deemed to be a most probable mode." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 10 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "most probable prediction coding mode." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 11 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "wherein if one of said neighboring blocks is outside a slice, then said most probable prediction mode for said current block is DC prediction, and wherein if both of said neighboring blocks are inside said slice, then said most probable prediction mode for said current block is selected in accordance with a minimum of prediction modes used for said left neighboring block and said above neighboring block." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 13 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "selectively decoding," "smaller portions," "size that is larger than one macroblock," "one of a plurality of smaller portions," "at a time," and "means for using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 13 of the '375 patent, the claim is indefinite.

- Asserted claim 17 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "selectively decoding at least one of said plurality of smaller portions," "at a time," "size that is larger than one macroblock," "using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 10

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

- Asserted claim 1 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "processing blocks." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 7 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "means for dividing said picture into a plurality of macroblocks," "means for generating a plurality of processing blocks," "means for selectively encoding at least one of said processing blocks," and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 7 of the '376 patent, the claim is indefinite.

- Asserted claim 13 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "processing blocks," "selectively encoding at least one of said processing blocks," and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 14 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "processing blocks," "selectively encoding at least one of said processing blocks," "at a time" and "using said plurality of decoded processing blocks to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 22 of the '376 patent, the claim is indefinite.

- Asserted claim 30 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "processing blocks" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 11

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

### III. CONSTRUCTIONS OF TERMS, PHRASES, OR CLAUSES ON WHICH THE PARTIES AGREE

The parties have agreed to the following claim constructions:

#### A. U.S. Patent No. 6,339,780

| Claim Term | Relevant Claims | Agreed Upon Construction |
|---|---|---|
| hypermedia browser | 1-6, 9-11, 12--14, 17, 18, 20, 21, 32-35, 36-39, 40-42. | an application or application program that is capable of displaying or otherwise rendering hypermedia content and of loading additional or alternative hypermedia content in response to a user's selection of hyperlinks wherein "hypermedia content" is the integration of any combination of text, graphics, sound, and video into a primarily associative system of information storage and retrieval in which users jump from subject to related subject in searching for information |
| content | 1–6, 9–14, 17–18, 20–21, and 32–42 | information for presentation (such as data, graphics, video, or audio) which is from a source external to a browser |
| markup language | 10, 17, 34, 37, 41 | A set of codes in a text file that instruct a computer how to format it on a printer or video display or how to index and link its contents. An example of a markup language is Hypertext Markup Language (HTML), which is used in Web pages. |
| scripting language | 10-11, 17-18, 34-35, 37-38, 41-42 | A simple programming language designed to perform special or limited tasks, sometimes associated with a particular application or function. |

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 12

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

### B. U.S. Patent No. 7,411,582

| Claim Term | Relevant Claims | Agreed Upon Construction |
|---|---|---|
| actuatable icon representative of an input method list | 1 | An icon, representing a list of input methods, that can be activated. See also "icon." |
| interactive input panel | 1, 6, 11 | (plain and ordinary meaning) |
| input panel | 8, 9, 29 | (plain and ordinary meaning) |
| selecting one of a plurality of executable input methods | 11 | (plain and ordinary meaning) |
| installing | 1 | (plain and ordinary meaning) |
| receiv[ing/ed] | 1, 6, 11, 19 | (plain and ordinary meaning) |
| receiving input via the interactive input panel | 1 | (plain and ordinary meaning) |
| graphical windowing environment | 2, 19, 29 | an operating system that allows graphics and text to appear with windows on the screen |
| opening an input window on a display of the computer system independent of a window of an active application program | 11 | opening a window that can receive input and which is independent of a window of an application program being used. See also "window." |

### C. U.S. Patent Nos. 7,310,374; 7,310,375; and 7,310,376

| Claim Term | Relevant Claims | Agreed Upon Construction |
|---|---|---|
| block | '374: 8-12, 14-18; '375: 6-9, 11, 13, 14, 16, 17; '376: 14, 15, 19, 20, 22, 23, 27, 28 | rectangular region of a macroblock |
| picture | '374: 8, 14; '375: 6, 13, 17; '376: 14, 22, 30 | either a frame or two fields of a frame representing visual data |

## IV. DISPUTED CLAIM TERMS

Each party's proposed construction of each disputed claim term, along with an identification of the supporting evidence, is set forth in the chart that is being concurrently filed

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 13

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

as Appendix A.  Despite good faith efforts to negotiate, the parties have been unable to agree on a list of ten disputed terms to construe.  In accordance with the Local Patent Rules, the parties have designated the disputed terms on which they agree require construction, as well as those additional terms that each believes requires construction.  Notably, because this litigation represents two separate and now consolidated cases encompassing five patents and more than 85 claims, the parties do not believe that the case can feasibly be resolved based on the construction of only ten disputed terms.  The parties believe that, at a minimum, the case requires the construction of twenty terms.

Microsoft's proposal for the ten most important disputed claim terms is set forth below.

|   | Disputed Claim Term | Relevant Claims |
|---|---|---|
| 1 | Macroblock | '374 Patent: 8, 14<br>'375 Patent: 6, 13, 14<br>'376 Patent: 14, 15, 18-20, 22, 23, 26-28, 30 |
| 2 | decoding at least one of [a/said] plurality of [smaller portions/processing blocks] at a time […] in frame coding mode and at least one of said plurality of [smaller portions/processing blocks] at a time […] in field coding | '374 cls. 8; '376 cls. 14, 22, 30 |
| 3 | selectively decoding at least one of [a/said] plurality of smaller portions at a time [...] in frame coding mode and at least one of said plurality of smaller portions at a time […] in field coding mode | '375 cl. 6, 13, 17 |
| 4 | wherein at least one block within [said] at least one of said plurality of smaller portions [at a time is encoded in inter coding mode/is encoded in intra coding mode at a time] | '374 cls. 8, 14; '375 cls. 6, 13, 17 |
| 5 | using said plurality of decoded [smaller portions/ processing blocks] to construct a decoded picture | '374 cls. 8, 14; '375 cls. 6, 13, 17; '376 cl. 22 |
| 6 | means for [selectively] decoding at least one of a plurality of [smaller portions/processing blocks] at a time [...] in frame coding mode and at least one of said plurality of [smaller | '374 cl. 14; '375 cl. 13; '376 cl. 22 |

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 14

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

|   | Disputed Claim Term | Relevant Claims |
|---|---|---|
|   | portions/processing blocks] at a time [...] in field coding mode |   |
| 7 | means for using said plurality of decoded [smaller portions/processing blocks] to construct a decoded picture | '374 cl. 14; '375 cl. 13; '376 cl. 22 |
| 8 | said pair of macroblocks comprises a top block and a bottom block | '376 cls. 19, 27 |
| 9 | wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions | '374 cl. 9 |
| 10 | Icon | '582 cls. 1-4, 6, 8-10, 15-18 |

## V. CLAIM CONSTRUCTION HEARING/TUTORIAL

Microsoft believes that one full trial day (5 hours) on March 9, 2012 provides sufficient time for the Claim Construction Hearing, regardless of whether the Court construes twenty terms as proposed, or only ten. Microsoft understands that the parties do not intend to offer live testimony, expert or otherwise, at the Claim Construction Hearing. Microsoft proposes that the Claim Construction Hearing proceed in three parts: (1) the Motorola Asserted Patents; (2) Microsoft Counterclaim Patent '582; and (3) Microsoft Counterclaim Patent '780. The parties further propose that for each part, each party will present a brief opening statement to explain any necessary background concepts, with the party asserting infringement going first, followed by the party accused of infringement. Microsoft further proposes that following opening statements for each part, on a term-by-term basis, the parties will alternate presenting their respective arguments regarding the disputed terms of each claim.

With regard to a tutorial, Microsoft believes that its patents can be readily addressed by way of opening statements on the day of the hearing. Should Motorola desire a tutorial on its patents, Microsoft believes that significantly more time would be required, and Microsoft suggests scheduling time two or more weeks in advance of the Claim Construction Hearing.

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 15

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

DATED this 6th day of January, 2012.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP


By  /s/ Shane P. Cramer
    Arthur W. Harrigan, Jr., WSBA #1751
    Christopher Wion, WSBA #33207
    Shane P. Cramer, WSBA #35099

    T. Andrew Culbert, WSBA #35925
    David E. Killough, WSBA #40185
    MICROSOFT CORPORATION
    1 Microsoft Way
    Redmond, WA  98052
    Fax:  425-869-1327

    David T. Pritikin, *Pro Hac Vice*
    Richard A. Cederoth, *Pro Hac Vice*
    Douglas I. Lewis, *Pro Hac Vice*
    John W. McBride, *Pro Hac Vice*
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, IL  60603
    Fax:  312-853-7036

    Brian R. Nester, *Pro Hac Vice*
    SIDLEY AUSTIN LLP
    1501 K Street NW
    Washington, DC  20005
    Telephone:  202-736-8000
    Fax:  202-736-8711

    Counsel for Microsoft Corporation

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 16

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

　　　　　　　　　___/s/ Linda Bledsoe_____
　　　　　　　　　　　　LINDA BLEDSOE

MICROSOFT'S PREHEARING STATEMENT
(LPR 132) - 17

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717