HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | No. C10-1823-JLR<br><br>**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** |
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs/Counterclaim Defendant,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant/Counterclaim Plaintiff. | |

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION**

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Pursuant to Local Patent Rule 132, the Court's Standing Order for Patent Cases, and the Court's September 29, 2011 Order (ECF No. 93), Motorola Mobility, Inc. ("Motorola Mobility") and General Instrument Corporation ("General Instrument") (collectively, "Motorola") submit the following Prehearing Statement Regarding Claim Construction for U.S. Patents Nos. 7,310,374 (the "'374 Patent"); 7,310,375 (the "'375 Patent"); and 7,310,376 (the "'376 Patent") (collectively, "the Motorola Asserted Patents"); and U.S. Patent Nos. 7,411,582 ("the '582 patent") and 6,339,780 ("the '780 patent") (collectively, the "Microsoft Counterclaim Patents").  A Joint Claim Chart is being concurrently filed with the Court.

This Prehearing Statement identifies:  (1) the four claim terms that the parties agree to be in dispute; (2) the other six claim terms that Motorola believes round out the ten most important claim terms for construction; and (3) the claim terms exceeding 10 that Motorola believes are important to achieving the twin goals of L.P.R. 132(c) of narrowing the issues for trial and possibly setting the groundwork for settlement discussions.

Motorola reluctantly submits a separate Prehearing Statement.  Motorola would have preferred to submit a Joint Prehearing Statement and, to the end, made good faith efforts to engage Microsoft in the drafting of such a Statement.  As set forth below, recent events made it impracticable to submit a Joint Prehearing Statement.

I. **Relevant Background**

Microsoft filed this action on November 9, 2010 asserting that, inter alia, Motorola breached its RAND obligations to certain standard bodies.  This action did not include any claims of patent infringement.

The claims of patent infringement in this case originated in the Western District of Wisconsin.  In a complaint filed by Motorola in that District, Motorola alleged infringement of U.S. Patent Nos. 7,310,374 (the "'374 Patent"); 7,310,375 (the "'375 Patent"); and 7,310,376 (the "'376 Patent") (collectively, "the Motorola Asserted Patents").  The Motorola Asserted

MOTOROLA'S PREHEARING STATEMENT
REGARDING CLAIM CONSTRUCTION - 1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1  Patents are directed to encoding and decoding interlaced digital video content.  The products
2  accused of infringing the Motorola Asserted Patents include Microsoft's Windows 7 operating
3  system and Internet Explorer 9 software product.  Motorola currently asserts 32 claims.
4       Microsoft filed counterclaims in the Wisconsin action alleging infringement of U.S.
5  Patent Nos. 7,411,582 ("the '582 patent") and 6,339,780 ("the '780 patent") (collectively, the
6  "Microsoft Counterclaim Patents").  The Microsoft Counterclaim Patents are directed to
7  indicating the loading status in a hypermedia browser (the '780 patent) and to a soft input panel
8  system (*e.g.*, a touch screen keyboard) (the '582 patent).  The products accused of infringing
9  the Microsoft Counterclaim Patents include many of Motorola's Android smart phones and
10 tablet computing devices.  Microsoft has asserted 54 claims.
11      The Wisconsin action was transferred to the Western District of Washington at the
12 request of Microsoft, and the transferred case was later consolidated with this case.
13      In accordance with Local Patent Rule 130 and the Court's September 29, 2011 Order
14 (ECF No. 93), the parties exchanged an identification of claim terms to be construed on
15 December 2, 2011.  Motorola identified 5 terms for construction in the Motorola Asserted
16 Patents and approximately[1] 20 terms for construction in the Microsoft Counterclaim Patents
17 (Ex. A).  Of the claim terms identified for construction in the Motorola Asserted Patents, 5 are
18 claim elements governed by 35 U.S.C. § 112(6), which must be construed.  Microsoft
19 identified approximately 20 terms for construction in the Motorola Asserted Patents and 5
20 terms for construction in the Microsoft Counterclaim Patents (Ex. B).
21      Since exchanging their proposed constructions for those terms on December 16, 2011
22 (Exs. C and D), the parties have conferred on multiple occasions in an effort to reduce the
23 number of disputed terms for construction by the Court.  Recognizing that it would not be
24 possible for the parties to reduce the number of disputed terms to 10 across all 86 asserted
claims of all five patents-in-suit, the parties agreed to ask the Court to construe 20 disputed

---

[1] Each party grouped similar terms and phrases together where a party felt that there was a common meaning. The parties conferred on multiple occasions and agreed that some terms and phrases could be construed together.

**MOTOROLA'S PREHEARING STATEMENT
REGARDING CLAIM CONSTRUCTION** - 2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

terms (10 disputed terms in the Motorola Asserted Patents and 10 disputed terms in the Microsoft Counterclaim Patents) (Ex. E).

Since that agreement on December 31, 2011, Motorola attempted to engage Microsoft in discussions that would reduce the number of disputed claim terms to 10 for each party's asserted patents. Those discussions included reducing the number of disputed claim terms in Microsoft's Counterclaim Patents from 24 to 12. Further, on Thursday, January 5, 2012 at 12:27 PM EST, Motorola sent to Microsoft (1) a draft Joint Claim Construction and Prehearing Statement; and (2) a draft Stipulation and Joint Motion for Leave to Enlarge the Claim Construction Briefing and Number of Terms to be Construed (Ex. F). Motorola understood these proposed documents to be in accordance with the parties' proposal to agree to the 10 most important disputed terms in each party's patents and request leave of the Court to construe 20 terms. Motorola further proposed that in order to negotiate the agreement of those 20 terms, the parties should begin with a simultaneous exchange at 4:00 PM EST on that afternoon of their views on the 5 and 10 most important terms for construction in each set of patents (Ex. F), thus providing via this exchange each party's 5 most important claim terms for a total of ten, in accordance with Rule 132 and the Court's Standing Order. Microsoft did not respond, and no simultaneous exchange took place.

Later that evening, Microsoft responded with a red-line of the proposed Joint Prehearing Statement, but there was still no response on identifying terms for construction (Ex. G). On Thursday evening, Motorola again requested that the parties exchange an identification of claim terms for construction (Ex. H). Again, there was no response from Microsoft.

At 12:00 PM ET today, the parties exchanged proposals for the infringement contention and invalidity contention sections of the proposed Joint Prehearing Statement. But, there was still no identification of important claim terms from Microsoft or a counterproposal on how to identify those terms. At 2:39 PM ET today, Motorola's counsel sent an email to counsel for Microsoft acknowledging that Motorola may be forced to file its own Prehearing Statement

**MOTOROLA'S PREHEARING STATEMENT**
**REGARDING CLAIM CONSTRUCTION** - 3

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

(Ex. I).  A few minutes later, Microsoft proposed that the parties identify in the Joint Prehearing Statement their positions on the 10 most important terms for each set of patents (Ex. J).  At this time Motorola was still unaware of what claim terms Microsoft viewed to be important.  Moreover, Motorola was uncomfortable with overlooking the Local Patent Rules' requirement that the parties identify the 10 most important disputed terms -- not the 20 most important disputed terms, absent leave to do so.

Thereafter, in an effort to advance the process, Motorola provided its list of important terms for construction (Ex. K).  Microsoft then informed Motorola that Microsoft would back out of its prior agreements with respect to the Microsoft Counterclaim Patents if Motorola did not agree to Microsoft's grouping of terms in the Motorola Asserted Patents (Ex. L).  Unfortunately, the parties' negotiations unraveled at this point.  Counsel for Motorola tried to engage senior members of Microsoft's litigation team throughout the day to resolve the issue.  But those requests were not met, and the parties were unable to resolve this dispute in time for tonight's deadline.  Thus, Motorola provides the following prehearing statement.

## II. The Construction of Disputed and Agreed Claim Terms

**A.  The construction of those claim terms, phrases, or clauses on which the parties agree.**

The parties have agreed upon the following constructions:

**1.  U.S. Patent No. 6,339,780**

| Claim Term | Relevant Claims | Agreed Upon Construction |
| --- | --- | --- |
| content | 1–6, 9–14, 17–18, 20–21, and 32–42 | information for presentation (such as data, graphics, video, or audio) which is from a source external to a browser |
| markup language | 10, 17, 34, 37, 41 | A set of codes in a text file that instruct a computer how to format it on a printer or video display or how to index and link its |

MOTOROLA'S PREHEARING STATEMENT
REGARDING CLAIM CONSTRUCTION - 4

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

| Claim Term | Relevant Claims | Agreed Upon Construction |
|---|---|---|
|  |  | contents. An example of a markup language is Hypertext Markup Language (HTML), which is used in Web pages. |
| scripting language | 10-11, 17-18, 34-35, 37-38, 41-42 | A simple programming language designed to perform special or limited tasks, sometimes associated with a particular application or function. |

**2. U.S. Patent No. 7,411,582**

| Claim Term | Relevant Claims | Agreed Upon Construction |
|---|---|---|
| actuatable icon representative of an input method list | 1 | An icon, representing a list of input methods, that can be activated. See also "icon." |
| interactive input panel | 1, 6, 11 | (plain and ordinary meaning) |
| input panel | 8, 9, 29 | (plain and ordinary meaning) |
| selecting one of a plurality of executable input methods | 11 | (plain and ordinary meaning) |
| installing | 1 | (plain and ordinary meaning) |
| receiv[ing/ed] | 1,6,11, 19 | (plain and ordinary meaning) |
| receiving input via the interactive input panel | 1 | (plain and ordinary meaning) |

MOTOROLA'S PREHEARING STATEMENT
REGARDING CLAIM CONSTRUCTION - 5

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| Claim Term | Relevant Claims | Agreed Upon Construction |
|---|---|---|
| graphical windowing environment | 2, 19, 29 | an operating system that allows graphics and text to appear with windows on the screen |
| opening an input window on a display of the computer system independent of a window of an active application program | 11 | opening a window that can receive input and which is independent of a window of an application program being used. See also "window." |

**3. U.S. Patent Nos. 7,310,374; 7,310,375; and 7,310,376**

| Claim Term | Relevant Claims | Agreed Upon Construction |
|---|---|---|
| block | '374: 8-12, 14-18; '375: 6-9, 11, 13, 14, 16, 17; '376: 14, 15, 19, 20, 22, 23, 27, 28 | rectangular region of a macroblock |
| picture | '374: 8, 14; '375: 6, 13, 17; '376: 14, 22, 30 | either a frame or two fields of a frame representing visual data |

**B. Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence on which it intends to rely either to support its proposed construction of the**

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** - 6

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**claim or to oppose any other party's proposed construction of the claim in the format of the Sample Joint Claim Chart in Appendix 2 to these Local Patent Rules.**

Each party's proposed construction of each disputed claim term, along with an identification of the supporting evidence, is set forth in the Joint Claim Chart filed concurrently herewith.  Due to the parties' disagreement over the grouping of various terms for construction and Microsoft's insistence that certain claim terms be identified in consolidated form over Motorola's objection, the Joint Claim Chart is, regrettably, cumbersome.  Specifically, some terms are identified both separately and as part of proposed groupings.

**C.  The ten most important disputed claim terms.  If the parties cannot agree on such terms, then they shall set forth the disputed terms upon which they agree, and each party shall identify any additional terms it believes should be construed, with a brief explanation as to why it believes the construction of such terms are important.  The Court will construe a maximum of ten claim terms at the initial Markman hearing, unless the Court determines otherwise.  Prioritization should be guided by the twin goals of narrowing the issues and choosing the ten claim terms for which a claim construction would be most productive in terms of setting the groundwork for possible settlement.**

Based on the list of terms provided by Microsoft late tonight, Motorola understands that the parties agree that the following claim terms are disputed and should be construed by the Court:

|   | Disputed Claim Term | Relevant Claims |
|---|---|---|
| 1 | macroblock | '374:  8, 14<br><br>'375:  6, 13, 14<br><br>'376:  14, 15, 18-20, 22-23, 26-28, 30 |
| 2 | means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding | '374:  14 |

**MOTOROLA'S PREHEARING STATEMENT
REGARDING CLAIM CONSTRUCTION** - 7

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

|   | Disputed Claim Term | Relevant Claims |
|---|---|---|
|   | mode |   |
| 3 | means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time | '375: 13 |
|   | icon | '582: 1, 15 |

The parties have been unable to reach agreement on the ten most important disputed claim terms. Motorola hereby identifies the following 10 terms as the most important disputed terms for construction by the Court (the four terms agreed to be in dispute appear in italics):

|   | Disputed Claim Term | Relevant Claims |
|---|---|---|
| 1 | *macroblock* | '374: 8, 14<br>'375: 6, 13, 14<br>'376: 14, 15, 18-20, 22-23, 26-28, 30 |
| 2 | *means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode* | '374: 14 |
| 3 | *means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode,* | '375: 13 |

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** - 8

Summit Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

|   | Disputed Claim Term | Relevant Claims |
|---|---|---|
|   | *wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time* |   |
| 4 | means for using said plurality of decoded smaller portions to construct a decoded picture | '374: 14<br><br>'375: 13 |
| 5 | distinct from the computer programs | '582: 1, 11, 15, 19 |
| 6 | *icon* | '582: 1, 15 |
| 7 | during times when the browser is loading content | '780: 1-6, 9-11 |
| 8 | graphic element | '780: all asserted claims (1-6, 9-14, 17-18, 20-21, 32-42) |
| 9 | obstruct[s/ing] | '780: all asserted claims (1-6, 9-14, 17-18, 20-21, 32-42) |
| 10 | window | '582: 11, 14, 15, 21-23, 29-31 |

Motorola also believes that the following terms should be construed:

|   | Disputed Claim Term | Relevant Claims |
|---|---|---|
| 11 | means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path[2] | '376: 22 |

---

[2] Motorola believes that each means-plus-function (35 U.S.C. § 112(6)) element must be construed separately as matter of law, but believes that this term could be briefed together with the claim element (2) proposed for construction above.

**MOTOROLA'S PREHEARING STATEMENT
REGARDING CLAIM CONSTRUCTION** - 9

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

|    | Disputed Claim Term | Relevant Claims |
|----|---------------------|-----------------|
| 12 | means for using said plurality of decoded processing blocks to construct a decoded picture[3] | '376: 22 |
| 13 | . . . as if the information was received via user input received from a hardware input device<br><br>. . . as if the input was received via a hardware keyboard<br><br>. . . as if the information was received via user input at a hardware input device<br><br>. . . as if the user data was received from a hardware input device | '582: 1, 4, 11, 15, 19 |
| 14 | invoking [a/the] selected input method | '582: 15, 17 |
| 15 | interface | '582: 3, 11, 27 |
| 16 | load status | '780: 32-42 |
| 17 | status information | '780: 9 |
| 18 | during times when the browser is loading visible content | '780: 2, 12-14, 17-18, 20-21 |

The Local Patent Rules set forth that the prioritization of disputed claim terms for construction "should be guided by the twin goals of narrowing the issues and choosing the ten claim terms for which a claim construction would be most productive in terms of setting the groundwork for possible settlement" (L.P.R. 132(c)). To that end, Motorola has identified four disputed claim terms in the Motorola Asserted Patents and six disputed claim terms in the Microsoft Counterclaim patents. With respect to the Motorola Asserted Patents, Motorola has prioritized the means-plus-function claim elements, which must be construed as a matter of

---

[3] Motorola believes that each means-plus-function (35 U.S.C. § 112(6)) element must be construed separately as matter of law, but believes that this term could be briefed together with the claim element (4) proposed for construction above.

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** - 10

law. Additionally, Motorola has focused on terms whose construction could be dispositive of infringement and validity issues, particularly because many of the disputed terms identified by Motorola appear in many, if not all, of the asserted claims.

Motorola acknowledges that it is unlikely that the parties will reduce the number of terms in dispute to 10, as required by the Local Rules. But, Motorola does believe that it is practical to identify and construe 10 terms in the Motorola Asserted Patents and 10 terms in the Microsoft Counterclaim Patents that would effectively reduce the number of issues for trial and possibly lead to more productive settlement discussions. Therefore, Motorola anticipates that the parties may ultimately jointly seek leave of the Court to have 20 disputed terms construed in this case. Motorola further remains hopeful that the parties can identify the 10 most important disputed terms in each set of patents and that the parties can make such a submission to the Court on Monday, January 9, 2012.

**III. Motorola's Positions on Infringement and Invalidity**

**A. Motorola's allegations of invalidity of Microsoft's patents**

Motorola contends that each asserted claim of the Microsoft Counterclaim Patents identified above is invalid under one or more sections of 35 U.S.C. §§ 102 or 103, and/or for failure to comply with the requirements of 35 U.S.C. § 112. Motorola's detailed contentions are set forth in its Invalidity Contentions which were provided to Microsoft in Motorola's responses to Microsoft's Interrogatory No. 11.[4]

The following list includes the prior art that Motorola, in its Invalidity Contentions, charted against the asserted claims of the '780 patent as anticipating or rendering obvious those claims[5]:

---

[4] Motorola has a motion pending for leave to amend its Invalidity Contentions (ECF No. 108).

[5] Motorola's Invalidity Contentions further identify additional prior art references as disclosed on pages 24-35 of Motorola's Second Supplemental Response to Interrogatory No. 11.

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** - 11

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| U.S. Patent No. | Title | Filing Date | Issue Date |
|---|---|---|---|
| 5,301,348 | Dynamic Progress Marking Icon | 07/16/92 | 04/05/94 |
| 5,528,744 | Data Processing System | 08/30/95 | 06/18/96 |
| 5,572,643 | Web Browser with Dynamic Display of Information Objects During Linking | 10/19/95 | 11/05/96 |
| 5,715,416 | User Definable Pictorial Interface for a Accessing Information in an Electronic File System | 09/30/94 | 02/03/98 |
| 5,845,282 | Method and Apparatus for Remotely Accessing Files from a Desktop Computer Using a Personal Digital Assistant | 08/07/95 | 12/01/98 |
| 5,864,850 | Asynchronous-Event Opening Component of a Network Component System | 02/27/97 | 01/26/99 |
| 5,907,843 | Replaceable and Extensible Navigator Component of a Network Component System | 02/27/97 | 05/25/99 |
| 6,023,698 | System and Method for Transparently Registering and Updating Information Over the Internet | 12/05/96 | 02/08/00 |
| 6,377,978 | Dynamic Loading of Hypertext Electronic Mail Messages | 09/13/96 | 04/23/02 |
| 6,584,498 | Dynamic Loading of Web Pages | 09/13/96 | 06/24/03 |

**Non-Patent Prior Art**

Apple HyperCard; described, e.g., in (i) an episode of "The Computer Chronicles" (entitled "HyperCard Update") which, on information and belief, was aired on KCSM TV in San

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** - 12

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

| |
|---|
| Mateo, CA on August 1, 1990; (ii) Macintosh HyperCard User's Guide, Apple Computer, Inc. 1988; and (iii) Macintosh HyperCard User's Guide, Apple Computer, Inc. 1987. |
| S. Gessler and A. Kotulla. PDAs as Mobile WWW Browsers. Computer Networks and ISDN Systems 28 (1995) 53-59 |
| I. Cooper and R. Shufflebotham. PDAWeb Browsers: Implementation Issues. (University of Kent at Canterbury, November 9, 1995) |
| J. Bartlett. Experience with a Wireless World Wide Web Client. IEEE COMPCON 95 (San Francisco, March 1995) |
| T. Watson. "Application Design for Wireless Computing" (1994 Mobile Computing Systems and Applications Workshop Position Paper (August 1994)). |
| T. Kamba, S. A. Elson, T. Harpold, T. Stamper, and P. Sukaviriya. (1996). "Using small screen space more efficiently." |
| M. Lauff and W. Gellerson. Multimedia Client Implementation on Personal Digital Assistants. TecO. |
| PenPoint Operating System, PenPoint UI Design Guidelines, GO Corporation, Foster City, California; 1991. |

The following list includes the prior art that Motorola, in its Invalidity Contentions, charted against the asserted claims of the '582 patent as anticipating or rendering obvious those claims[6]:

| U.S. Patent No. | Title | Filing Date | Issue Date |
|---|---|---|---|
| 5,148,155 | Computer with Tablet Input to Standard Programs | 11/13/90 | 09/15/92 |

---

[6] Motorola's Invalidity Contentions further identify additional prior art references as disclosed on pages 24-35 of Motorola's Second Supplemental Response to Interrogatory No. 11.

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** - 13

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| | | | |
|---|---|---|---|
| 5,157,384 | Advanced User Interface | 04/28/89 | 10/20/92 |
| 5,252,951 | Graphical User Interface With Gesture Recognition in a Multiapplication Environment | 10/21/91 | 10/12/93 |
| 5,454,046 | Universal symbolic handwriting recognition system | 09/17/93 | 09/26/95 |
| 5,455,901 | Input device with deferred translation | 09/12/94 | 10/03/95 |
| 5,603,053 | System for entering data into an active application currently running in the foreground by selecting an input icon in a palette representing input utility | 03/05/96 | 02/11/97 |
| 5,638,501 | Method and Apparatus for Displaying an Overlay Image | 05/10/93 | 06/10/97 |
| 5,946,499 | Method and Apparatus for Processing Text Inputs From Multiple Input Devices in a Plurality of Applications | 05/10/96 | 08/31/99 |

**Non-Patent Prior Art**

Kraig Brockschmidt, Inside OLE (2d ed. 1995).

Apple Newton MessagePad 120, which upon information and belief, was first sold in the United States in January of 1995. The Newton Apple MessagePad Handbook would have been distributed to the public at approximately the same time.

Apple Press, Apple Computer, Inc., Newton's Programmer's Guide, For Newton 2.0, Addison Wesley Publishing Company (1996).

Apple Press, Apple Computer, Inc., The NewtonScript Programming Language, Addison

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** - 14

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| Non-Patent Prior Art |
|---|
| Wesley Publishing Company (1996). |

### B. Motorola's allegations of infringement of Motorola's patents

Motorola contends that each Microsoft Windows 7 operating system for personal computers that is made, used, sold, or offered for sale in the United States or imported into the United States by Microsoft infringes claims 8-18 of the '374 Patent; claims 6-11, 13, 14, 16 and 17 of the '375 Patent; and claims 14-15, 18-20, 22, 23, 26-28 and 30 of the '376 Patent.

Motorola further contends that each Microsoft Internet Explorer 9 that is made, used, sold, or offered for sale in the United States or imported into the United States by Microsoft infringes claims 8-18 of the '374 Patent, claims 6-11, 13, 14, 16 and 17 of the '375 Patent; and claims 14-15, 18-20, 22, 23, 26-28 and 30 of the '376 Patent.

Microsoft's Windows 7 operating system for personal computers and Microsoft Internet Explorer 9 (the "Accused Products") infringe each of the asserted claims directly and indirectly.  The Accused Products directly infringe under 35 U.S.C. § 271(a). Microsoft indirectly infringes by actively inducing infringement under 35 U.S.C. § 271(b) by providing the Accused Products, knowing and intending they will be used in an infringing manner. Microsoft contributes to infringement under 35 U.S.C. § 271(c) by providing the Accused Products, knowing them to be especially made or adapted for use in an infringing manner and not staple articles or commodities of commerce suitable for substantial non-infringing use.

Motorola alleges that each of the asserted claims is literally infringed by each of the Accused Products.  At present, Motorola lacks knowledge as to which, if any, limitations of the asserted claims Microsoft believes not to be literally embodied by the Accused Products, and therefore, as to whether it will be contending that any of the asserted claims (and, if so, which ones) are equivalently embodied by the Accused Products.  Consistent with Patent Rule 124,

MOTOROLA'S PREHEARING STATEMENT
REGARDING CLAIM CONSTRUCTION - 15

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

Motorola reserves the right to seek leave to amend and/or supplement their infringement contentions.

### IV. The Claim Construction Hearing

**A. Anticipated length of time necessary for the Claim Construction Hearing.**

Motorola understands that the parties agree that the Claim Construction Hearing will require 5 hours.

**B. The proposed order of presentation at the Claim Construction Hearing.**

Motorola proposes that the Claim Construction Hearing begin with a brief tutorial on the relevant background technologies and then proceed in three parts: (1) the Motorola Asserted Patents; (2) Microsoft Counterclaim Patent '582; and (3) Microsoft Counterclaim Patent '780. Motorola understands that the parties further propose that for each part, each party will present a brief opening statement to explain any necessary background concepts, with the party asserting infringement going first, followed by the party accused of infringement. The parties further propose that following opening statements for each party, on a claim-by-claim basis, the parties will alternate presenting their respective arguments regarding the disputed terms of each claim.

**C. The parties' position on whether, why, and the extent to which the Court should consider live testimony at the Claim Construction Hearing, including the identity of any witnesses a party proposes to call, and for each expert, the disclosure required by Fed. R. Civ. P. 26(a)(2)(B) as to opinions to be offered at the Claim Construction Hearing.**

Motorola understands that the parties agree that live testimony will not be used during the Claim Construction Hearing.

**D. The parties' position as to whether there should be a tutorial on the subject matter of the patent(s) at issue and, if so, the timing of such a tutorial.**

Motorola believes that a brief tutorial on the relevant background technologies may be of benefit to the Court and suggests that such a tutorial may be conducted briefly at the beginning of the scheduled claim construction hearing.

**MOTOROLA'S PREHEARING STATEMENT
REGARDING CLAIM CONSTRUCTION** - 16

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**E.  Whether a pre-hearing conference, prior to the Claim Construction Hearing, is necessary and, if so, the proposed subjects to be addressed and proposed dates for such conference.**

Because the parties were unable to agree upon the ten most important disputed terms for construction, Motorola believes that a pre-hearing conference, prior to the Claim Construction Hearing, will be necessary to identify the terms to be included in the parties claim construction briefs.  Motorola's counsel is available for a teleconference with the Court on _____.

**F.  Whether the parties believe the Court should appoint an independent expert.**

Motorola understands that the parties agree that an independent expert will not be required for this case.

**MOTOROLA'S PREHEARING STATEMENT
REGARDING CLAIM CONSTRUCTION** - 17

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**RESPECTFULLY SUBMITTED:**

DATED this 6th day of January, 2012.         SUMMIT LAW GROUP PLLC


By */s/ Philip S. McCune*
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    *philm@summitlaw.com*
    *lynne@summitlaw.com*

Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
Stuart W. Yothers (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*steven.pepe@ropesgray.com*
*jesse.jenner@ropesgray.com*
*stuart.yothers@ropesgray.com*

Norman H. Beamer (*pro hac vice*)
Gabrielle E. Higgins (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*
*gabrielle.higgins@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

**Counsel for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument, Corp.**

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** - 18

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Arthur W. Harrigan, Jr., Esq.
>Christopher T. Wion, Esq.
>Shane P. Cramer, Esq.
>Danielson, Harrigan, Leyh & Tollefson LLP
>*arthurh@dhlt.com*
>*chrisw@dhlt.com*
>*shanec@dhlt.com*

>Brian R. Nester, Esq.
>David T. Pritikin, Esq.
>Douglas I. Lewis, Esq.
>John W. McBride, Esq.
>Richard A. Cederoth, Esq.
>David Greenfield
>Sidley Austin LLP
>*bnester@sidley.com*
>*dpritikin@sidley.com*
>*dilewis@sidley.com*
>*jwmcbride@sidley.com*
>*rcederoth@sidley.com*
>*david.greenfield@sidley.com*

>T. Andrew Culbert, Esq.
>David E. Killough, Esq.
>Microsoft Corp.
>*andycu@microsoft.com*
>*davkill@microsoft.com*

DATED this 6th day of January, 2012.

>/s/ Marcia A. Ripley
>Marcia A. Ripley

**MOTOROLA'S PREHEARING STATEMENT REGARDING CLAIM CONSTRUCTION** - 19

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001