# EXHIBIT A

HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | CASE NO. C10-1823-JLR |
| Plaintiff, | MOTOROLA'S PRELIMINARY IDENTIFICATION OF CLAIM TERMS TO BE CONSTRUED |
| v. | |
| MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION | |
| Defendants. | |

| |
|---|
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION, |
| Plaintiffs/Counterclaim Defendant, |
| v. |
| MICROSOFT CORPORATION, |
| Defendant/Counterclaim Plaintiff |

Pursuant to the Court's September 29, 2011 Order (ECF No. 93) and Supplemental Patent

Rule 130, Motorola Mobility, Inc. and General Instrument Corp. (collectively "Motorola") submit

MOTOROLA'S PRELIMINARY IDENTIFICATION OF
CLAIM TERMS TO BE CONSTRUED
CASE NO. C10-1823-JLR

1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

6

the following preliminary identification of claim terms for construction of U.S. Patents Nos. 7,310,374 (the "'374 Patent"); 7,310,375 (the "'375 Patent"); and 7,310,376 (the "'376 Patent") (collectively, "the Motorola Asserted Patents"); and U.S. Patent Nos. 7,411,582 ("the '582 patent") and 6,339,780 ("the '780 patent") (collectively, the "Microsoft Counterclaim Patents").

Motorola reserves the right to amend and/or supplement this preliminary disclosure after meeting and conferring with Microsoft, receiving further discovery from Microsoft regarding any and all accused products, apparatus, methods or activities, after other fact discovery and/or after the completion of expert discovery, including in rebuttal of evidence relied upon by Microsoft.

## I.    Motorola Asserted Patents

|  | 35 U.S.C. § 112(6) CLAIM TERMS | CLAIM |
|---|---|---|
| 1 | "means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode" | '374 Claim 14 |
| 2 | "means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode" | '375 Claim 13 |
| 3 | "means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding | '376 Claim 22 |

MOTOROLA'S PRELIMINARY IDENTIFICATION OF
CLAIM TERMS TO BE CONSTRUED
CASE NO. C10-1823-JLR

2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

| 35 U.S.C. § 112(6) CLAIM TERMS | | CLAIM |
|---|---|---|
| | mode" | |
| 4 | "means for using said plurality of decoded smaller portions to construct a decoded picture" | '374 Claim 14; '375 Claim 13 |
| 5 | "means for using said plurality of decoded processing blocks to construct a decoded picture" | '376 Claim 22 |

## II.    Microsoft Counterclaim Patents

| | CLAIM TERM | CLAIM |
|---|---|---|
| 1 | "icon" | '582 Claims: 1, 15 |
| 2 | "providing the input to a computer program of the one or more computer programs as if the information was received via user input received from a hardware input device"<br><br>"provided to the application program in a same manner as if the input was received via a hardware keyboard"<br><br>"provided to the active application program as if the information was received via user input at a hardware input device"<br><br>"provided to the computer application as if the user data was received from a hardware input device"<br><br>"sent to the computer program as if the input data was received via user input received from a hardware input device" | '582 Claims:  1, 4, 11, 15, 19 |
| 3 | "interactive input panel" | '582 Claims:  1, 6, 11 |

MOTOROLA'S PRELIMINARY IDENTIFICATION OF CLAIM TERMS TO BE CONSTRUED
CASE NO. C10-1823-JLR

3

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

8

| | CLAIM TERM | CLAIM |
|---|---|---|
| 4 | "input panel" | '582 Claims:  8, 9, 29 |
| 5 | "selecting one of a plurality of executable input methods" | '582 Claim 11 |
| 6 | "wherein communicating the information comprises passing the information to an interface"<br><br>"having a defined interface set such that the executable input method is connectable to the application programs"<br><br>"wherein the selected input method calls functions in the manager component via a defined interface set" | '582 Claims:  3, 11, 27 |
| 7 | "invoking a selected input method"<br><br>"invoking the selected input method" | '582 Claims:  15, 17 |
| 8 | "installing" | '582 Claim 1 |
| 9 | "receiving"<br><br>"received" | '582 Claims:  1, 6, 11, 14, 19 |
| 10 | "distinct from the computer programs" | '582 Claims:  1, 11, 15, 19 |
| 11 | "window" | '582 Claims:  11, 14, 15, 21, 22, 23, 29, 30, 31 |
| 12 | "receiving input via the interactive input panel" | '582 Claim 1 |
| 13 | "graphical windowing environment" | '582 Claims:  2, 4, 19, 29 |
| 14 | "opening an input window on a display of the computer system independent of a window of an active application program" | '582 Claim 11 |

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

| | CLAIM TERM | CLAIM |
|---|---|---|
| 15 | "hypermedia browser" | '780 Claims:  all asserted claims |
| 16 | "graphic element" | '780 Claims:  all asserted claims |
| 17 | "during times when the browser is loading content" "during times when the browser is loading visible content" | '780 Claims:  1-6, 9-14, 17-18, and 20-21 |
| 18 | "load status" | '780 Claims:  32-42 |
| 19 | "obstruct" "obstructs" "obstructing" | '780 Claims:  all asserted claims |
| 20 | "status information" | '780 Claim 9 |

MOTOROLA'S PRELIMINARY IDENTIFICATION OF
CLAIM TERMS TO BE CONSTRUED
CASE NO. C10-1823-JLR

5

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

10

1    DATED this 2nd day of December, 2011.

2                                        By: /s/  Stuart W. Yothers

3                                        SUMMIT LAW GROUP PLLC
                                         Philip S. McCune, WSBA #21081
4                                        Lynn M. Engel, WSBA #21934
                                         philm@summitlaw.com
5                                        lynne@summitlaw.com

6
                                         Jesse J. Jenner (pro hac vice)
7                                        Steven Pepe (pro hac vice)
                                         Stuart W. Yothers (pro hac vice)
8                                        Ropes & Gray LLP
                                         1211 Avenue of the Americas
9                                        New York, NY  10036-8704
                                         (212) 596-9046
10                                       jesse.jenner@ropesgray.com
                                         steven.pepe@ropesgray.com
11

12                                       Norman H. Beamer (pro hac vice)
                                         Gabrielle E. Higgins (pro hac vice)
13                                       Ropes & Gray LLP
                                         1900 University Avenue, 6th Floor
14                                       East Palo Alto, CA  94303-2284
                                         (650) 617-4030
15                                       gabrielle.higgins@ropesgray.com
                                         norman.beamer@ropesgray.com
16

17
                                         Paul M. Schoenhard (pro hac vice)
18                                       Kevin J. Post (pro hac vice)
                                         Ropes & Gray LLP
19                                       One Metro Center
                                         700 12th Street NW, Suite 900
20                                       Washington, DC  20005-3948
                                         (202) 508-4693
21                                       paul.schoenhard.@ropesgray.com

22
                                         **Attorneys for Defendants Motorola Solutions,**
23                                       **Inc., Motorola Mobility, Inc., and General**
                                         **Instrument Corporation**
24

25

26

MOTOROLA'S PRELIMINARY IDENTIFICATION OF              6        SUMMIT LAW GROUP PLLC
CLAIM TERMS TO BE CONSTRUED                                    315 FIFTH AVENUE SOUTH, SUITE 1000
CASE NO. C10-1823-JLR                                          SEATTLE, WASHINGTON 98104-2682
                                                              Telephone:  (206) 676-7000
                                                              Fax:  (206) 676-7001

11

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on this day I caused the foregoing to be served, per the parties'

3    eService Agreement, via email, upon the following:

4        Arthur W. Harrigan, Jr., Esq.
         Christopher T. Wion, Esq.
5        Shane P. Cramer, Esq.
         Danielson, Harrigan, Leyh & Tollefson LLP
6        arthurh@dhlt.com
7        chrisw@dhlt.com
         shanec@dhlt.com
8

9        Brian R. Nester, Esq.
         David T. Pritikin, Esq.
10       Douglas I. Lewis, Esq.
         John W. McBride, Esq.
11       Richard A. Cederoth, Esq.
         Sidley Austin LLP
12       bnester@sidley.com
         dpritikin@sidley.com
13       dilewis@sidley.com
         jwmcbride@sidley.com
14       kwheeler@sidley.com
         rcederoth@sidley.com
15

16       T. Andrew Culbert, Esq.
         David E. Killough, Esq.
17       Microsoft Corp.
         *andycu@microsoft.com*;
18       *davkill@microsoft.com*

19

20       Dated this 2nd day of December, 2011

21

22                                              */s/  Stuart W. Yothers*
                                                _____
23                                              Stuart W. Yothers

24

25

26

MOTOROLA'S PRELIMINARY IDENTIFICATION OF          7          SUMMIT LAW GROUP PLLC
CLAIM TERMS TO BE CONSTRUED                                  315 FIFTH AVENUE SOUTH, SUITE 1000
CASE NO. C10-1823-JLR                                        SEATTLE, WASHINGTON 98104-2682
                                                            Telephone:  (206) 676-7000
                                                            Fax:  (206) 676-7001

12

# EXHIBIT B

THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

                        Plaintiff,

        v.

MOTOROLA, INC., and MOTOROLA MOBILITY, INC., ET AL.

                       Defendants.

CASE NO. C10-1823-JLR

PLAINTIFF AND CROSS-DEFENDANT MICROSOFT CORPORATION'S PROPOSED CLAIM TERMS AND ELEMENTS FOR CONSTRUCTION

Plaintiff and Cross-Defendant Microsoft Corporation ("Microsoft") respectfully submits in Exhibit A its proposed Claim Terms and Elements for Construction pursuant to Local Patent Rule 130(a) and this Court's Standing Order for Patent Cases, for the asserted claims of U.S. Patent Nos. 6,339,780 (" '780 patent"); 7,411,582 (" '582 Patent"); 7,310,374 (" '374 patent"); 7,310,375 (" '375 patent"); 7,310,376 (" '376 patent").

For claims 1-7 of the '374 Patent, claims 1-5 of the '375 Patent, and claims 1-5, 7-11, and 13 of the '376 Patent (collectively "the Encoding Claims"), Motorola has failed to provide infringement contentions identifying specifically where each element of each Asserted Claim is found within each Accused Device as required by Local Patent Rule 120(c). Microsoft reserves the right to update its proposed Claim Terms and Elements for Construction to the extent Motorola is allowed to update its infringement contentions for the Encoding Claims.

PLAINTIFF AND CROSS-DEFENDANT MICROSOFT CORPORATION'S PROPOSED CLAIM TERMS AND ELEMENTS FOR CONSTRUCTION CASE NO. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

14

1    DATED this 2nd day of December, 2011.

2                    DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

3

4                    By  _____

5                         Arthur W. Harrigan, Jr., WSBA #1751
                          Christopher Wion, WSBA #33207
6                         Shane P. Cramer, WSBA #35099

7                    T. Andrew Culbert
                     David E. Killough
8                    MICROSOFT CORPORATION
                     1 Microsoft Way
9                    Redmond, WA 98052
                     Phone: 425-882-8080
10                   Fax: 425-869-1327

11
                     John W. McBride, of Counsel
12                   David T. Pritikin, of Counsel
                     Richard A. Cederoth, of Counsel
13                   Douglas I. Lewis, of Counsel
                     SIDLEY AUSTIN LLP
14                   One South Dearborn
                     Chicago, IL 60603
15                   Phone: 312-853-7000
                     Fax: 312-853-7036
16

17                   Brian R. Nester, of Counsel
                     SIDLEY AUSTIN LLP
18                   1501 K Street NW
                     Washington, DC 20005
19                   Telephone: 202-736-8000
                     Fax: 202-736-8711
20

21                   Counsel for Plaintiff Microsoft Corp.

22

23

24

25   PLAINTIFF AND CROSS-DEFENDANT MICROSOFT            LAW OFFICES
     CORPORATION'S PROPOSED CLAIM TERMS AND      DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
     ELEMENTS FOR CONSTRUCTION                        999 THIRD AVENUE, SUITE 4400
26   CASE NO. C10-1823-JLR                             SEATTLE, WASHINGTON 98104
                                                TEL, (206) 623-1700 FAX, (206) 623-8717

15

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2011, I served a true and correct copy of Defendant and Cross-Plaintiff Microsoft Corporation's Proposed Claim Terms and Elements for Construction via electronic mail on the counsel of record below.

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

_/s/ Susie Clifford_____
Susie Clifford

PLAINTIFF AND CROSS-DEFENDANT MICROSOFT
CORPORATION'S PROPOSED CLAIM TERMS AND
ELEMENTS FOR CONSTRUCTION
CASE NO. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

16

# Exhibit A

Claim Terms and Elements for Construction.  Claim terms marked with "*" are governed by 35 U.S.C. § 112(6).

| '780 Patent | | |
|---|---|---|
| "content" | | |
| "hypermedia browser" | | |
| "markup language" | | |
| "scripting language" | | |
| '582 Patent | | |
| actuatable icon representative of an input method list | | |
| '374 Patent | '375 Patent | '376 Patent |
| "macroblock" | "macroblock" | "macroblock" |
| "block" | "block" | "block" |
| "picture" | "picture" | "picture" |
| "decoding an encoded picture having a plurality of smaller portions from a bitstream", "decoding an encoded picture from a bitstream" | "decoding an encoded picture having a plurality of smaller portions from a bitstream", "decoding an encoded picture from a bitstream" | "decoding an encoded picture having a plurality of processing blocks, each processing block containing macroblocks, each macroblock containing a plurality of blocks, from a bitstream", "decoding an encoded picture from a bitstream" |

1

18

| | | |
|---|---|---|
| "decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode" | "selectively decoding at least one of a plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode", "selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode", "selectively decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode" | "decoding at least one of a plurality of processing blocks at a time, wherein each of said plurality of processing blocks includes a pair of macroblocks or a group of macroblocks, in frame coding mode and at least one of said plurality of processing blocks at a time in field coding mode, wherein said decoding is applied to a pair of blocks, or a group of blocks, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path", "decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode" |
| "wherein each of said smaller portions has a size that is larger than one macroblock" | "wherein each of said smaller portions has a size that is larger than one macroblock" | |
| "wherein at least one block within said at least one of said plurality of smaller portions at a time is encoded in inter coding mode", "wherein at least one | "wherein at least one block within said at least one of said plurality of smaller portions is encoded in intra coding mode at a time", "wherein at least one block within at least | |

2

19

| | | |
|---|---|---|
| "block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode" | "one of said plurality of smaller portions is encoded in intra coding mode at a time" | |
| "field coding mode" | "field coding mode" | "field coding mode" |
| "frame coding mode" | "frame coding mode" | "frame coding mode" |
| "inter coding mode" | "intra coding mode" | |
| "using said plurality of decoded smaller portions to construct a decoded picture" | "using said plurality of decoded smaller portions to construct a decoded picture" | "using said plurality of decoded processing blocks to construct a decoded picture" |
| "means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode"* | "means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time"* | "means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path"* |
| "means for using said plurality of decoded smaller portions to construct a decoded picture"* | "means for using said plurality of decoded smaller portions to construct a decoded picture"* | "means for using said plurality of decoded processing blocks to construct a decoded picture"* |

20

3

| | | |
|---|---|---|
| "wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions" "wherein said at least one motion vector is spatially predictive coded for a current block of said plurality of smaller portions" "wherein at least one motion vector is received for said at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions" "wherein said at least one motion vector is spatially predictive coded for a current block of said plurality of smaller portions" | | |
| | "wherein one of a plurality of prediction directions is deemed to be a most probable mode for said current block" | |
| | | "said pair of macroblocks comprises a top block and a bottom block" |

4

21

# EXHIBIT C

1

HONORABLE JAMES L. ROBART

2

3

4

5

6

7

8      UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10   MICROSOFT CORPORATION, a Washington       CASE NO. C10-1823-JLR
     corporation,
11                                             MOTOROLA'S PRELIMINARY
                    Plaintiff,                 PROPOSED CONSTRUCTIONS
12
              v.
13
     MOTOROLA, INC., and MOTOROLA
14   MOBILITY, INC., and GENERAL
     INSTRUMENT CORPORATION
15
16                  Defendants.

17   MOTOROLA MOBILITY, INC., and
     GENERAL INSTRUMENT CORPORATION,
18
19       Plaintiffs/Counterclaim Defendant,

20            v.

21   MICROSOFT CORPORATION,
22
         Defendant/Counterclaim Plaintiff
23

24

25         Pursuant to the Court's September 29, 2011 Order (ECF No. 93) and Supplemental Patent

26   Rule 131, Motorola Mobility, Inc. and General Instrument Corp. (collectively "Motorola") submit

MOTOROLA'S PRELIMINARY PROPOSED                    1
CONSTRUCTIONS
CASE NO. C10-1823-JLR

23

the following preliminary claim constructions and extrinsic evidence in support thereof regarding U.S. Patents Nos. 7,310,374 (the "'374 Patent"); 7,310,375 (the "'375 Patent"); and 7,310,376 (the "'376 Patent") (collectively, "the Motorola Asserted Patents"); and U.S. Patent Nos. 7,411,582 ("the '582 patent") and 6,339,780 ("the '780 patent") (collectively, the "Microsoft Counterclaim Patents").

Motorola's constructions are preliminary, and subject to amendment, revision or supplementation as a result of, for example, further analysis, ongoing discovery, in response to constructions proposed by Microsoft Corporation ("Microsoft") and as a result of meet and confers with Microsoft as required by Supplemental Patent Rule 131(c).  In particular, Motorola may amend its constructions to narrow the gap between its constructions and Microsoft's to allow for resolution of as many claim construction disputes as possible prior to the submission of the parties' claim construction briefs.

Motorola reserves the right to respond to constructions provided by Microsoft for specific terms and phrases that Motorola did not construe within the broader phrases identified herein. Motorola also reserves the right to identify additional extrinsic evidence as provided by Supplemental Patent Rule 131(b).

Charts setting forth Motorola's constructions for the Motorola Asserted Patents are attached at Exhibit 1, and for the Microsoft Counterclaim Patents at Exhibit 2.

MOTOROLA'S PRELIMINARY PROPOSED
CONSTRUCTIONS
CASE NO. C10-1823-JLR

2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

24

1    DATED this 16th day of December, 2011.

2                                        By: /s/  Stuart W. Yothers

3                                        SUMMIT LAW GROUP PLLC
4                                        Philip S. McCune, WSBA #21081
                                         Lynn M. Engel, WSBA #21934
5                                        philm@summitlaw.com
                                         lynne@summitlaw.com
6
7                                        Jesse J. Jenner (pro hac vice)
                                         Steven Pepe (pro hac vice)
8                                        Stuart W. Yothers (pro hac vice)
                                         Ropes & Gray LLP
9                                        1211 Avenue of the Americas
                                         New York, NY  10036-8704
10                                       (212) 596-9046
11                                       jesse.jenner@ropesgray.com
                                         steven.pepe@ropesgray.com
12
                                         Norman H. Beamer (pro hac vice)
13                                       Gabrielle E. Higgins (pro hac vice)
                                         Ropes & Gray LLP
14                                       1900 University Avenue, 6th Floor
                                         East Palo Alto, CA  94303-2284
15                                       (650) 617-4030
16                                       gabrielle.higgins@ropesgray.com
                                         norman.beamer@ropesgray.com
17
                                         Paul M. Schoenhard (pro hac vice)
18                                       Kevin J. Post (pro hac vice)
                                         Ropes & Gray LLP
19                                       One Metro Center
                                         700 12th Street NW, Suite 900
20                                       Washington, DC  20005-3948
                                         (202) 508-4693
21                                       paul.schoenhard.@ropesgray.com
22
                                         **Attorneys for Defendants Motorola Solutions,
23                                       Inc., Motorola Mobility, Inc., and General
                                         Instrument Corporation**
24
25
26

MOTOROLA'S PRELIMINARY PROPOSED              3        SUMMIT LAW GROUP PLLC
CONSTRUCTIONS                                         315 FIFTH AVENUE SOUTH, SUITE 1000
CASE NO. C10-1823-JLR                                 SEATTLE, WASHINGTON 98104-2682
                                                      Telephone:  (206) 676-7000
                                                      Fax:   (206) 676-7001

25

1

CERTIFICATE OF SERVICE

2

I hereby certify that on this day I caused the foregoing to be served, per the parties'

3

eService Agreement, via email, upon the following:

4

Arthur W. Harrigan, Jr., Esq.

5

Christopher T. Wion, Esq.
Shane P. Cramer, Esq.

6

Danielson, Harrigan, Leyh & Tollefson LLP
arthurh@dhlt.com

7

chrisw@dhlt.com
shanec@dhlt.com

8

9

Brian R. Nester, Esq.
David T. Pritikin, Esq.

10

Douglas I. Lewis, Esq.
John W. McBride, Esq.

11

Richard A. Cederoth, Esq.
Sidley Austin LLP

12

bnester@sidley.com
dpritikin@sidley.com

13

dilewis@sidley.com
jwmcbride@sidley.com

14

kwheeler@sidley.com
rcederoth@sidley.com

15

16

T. Andrew Culbert, Esq.
David E. Killough, Esq.

17

Microsoft Corp.

18

*andycu@microsoft.com*;
*davkill@microsoft.com*

19

20

Dated this 16th day of December, 2011

21

22

*/s/  Stuart W. Yothers*

23

Stuart W. Yothers

24

25

26

MOTOROLA'S PRELIMINARY PROPOSED
CONSTRUCTIONS
CASE NO. C10-1823-JLR

4

26

# EXHIBIT 1

**Motorola's Preliminary Proposed Constructions for U.S. Patent Nos. 7,310,374, 7,310,375, and 7,310,376**

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| "macroblock" | '374 Patent Claims 8, 14<br><br>'375 Patent Claims 6, 13, 17<br><br>'376 Patent Claims 14-15, 18-20, 22-23, 26-28, 30 | a picture portion comprising a 16×16 pixel region of luma and corresponding chroma samples | "wherein each of said smaller portions has a size that is larger than one **macroblock**" 18:49-50.[2]<br><br>"Each of the pictures comprises **macroblocks** that can be further divided into smaller blocks." Abstract.<br><br>"the present invention relates to frame mode and field mode encoding of digital video content at a **macroblock** level as used in the MPEG-4 Part 10 AVC/H.264 standard video coding standard." 1:17-20.<br><br>"Each of the pictures comprises **macroblocks** that can be further divided into smaller blocks. The method entails encoding and decoding each of the **macroblocks** in each picture in said stream of pictures in either frame mode or in field mode." 2:56-60.<br><br>"FIG. 2 shows that each picture (200) is preferably divided into slices (202). A slice (202) comprises a group of macroblocks (201). A **macroblock** (201) is a rectangular group of pixels. As shown in FIG. 2, a preferable **macroblock** (201) size is 16 by 16 pixels." 5:54-58. | "A picture is partitioned into fixed-size macroblocks that each cover a rectangular picture area of 16×16 samples of the luma component and 8×8 samples of each of the two chroma components. This partitioning into macroblocks has been adopted into all previous ITU-T and ISO/IEC JTC1 video coding standards since H.261." Wiegand et al., "Overview of the H.264/AVC Video Coding Standard," *IEEE Trans. Circuits and Sys. For Video Technol.*, Vol. 13, July 2003, p. 565.<br><br>Sullivan and Wiegand, "Rate distortion optimization for Video Compression," *IEEE Signal Processing Magazine*, November 1998, at p. 78 (under "Standard Hybrid Video Codec Terminology," defining "macroblock" as "a region of size 16 x 16 in luminance picture and the corresponding |

---

[1] Motorola's investigation is ongoing, and Motorola reserves the right to identify additional extrinsic evidence pursuant to Supplemental Patent Rule 131(b).

[2] Unless otherwise noted, the patent references cited point to the '374 patent document, which is identical in abstract, drawings, and specification content to the '375 and '376 patents.

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | <br><br>FIGS. 3a–f shows that a *macroblock* can be further divided into *smaller sized blocks.* For example, as shown in FIGS. 3a–f, a *macroblock* can further be *divided into block sizes of 16 by 8 pixels* (FIG. 3a; 300), 8 by 16 pixels (FIG. 3b; 301), *8 by 8 pixels* (FIG. 3c; 302), 8 by 4 pixels (FIG. 3d; 303), 4 by 8 pixels (FIG. 3e; 304), or 4 by 4 pixels (FIG. 3f: 305). *These smaller block sizes* are preferable in some applications that use the temporal prediction with motion compensation algorithm. 5:59-67.<br><br>"As shown in FIGS. 6a-d, a **macroblock** that is encoded in field mode can be divided into four additional blocks. A block is required to have a single parity. The single parity requirement is that a block cannot comprise both top and bottom fields. Rather, it must contain a single parity of field. Thus, as shown in FIGS. 6a-d, a field mode macroblock can be divided into blocks of 16 by 8 pixels (FIG. 6a; 600), 8 by 8 pixels (FIG. 6b; 601), 4 by 8 pixels (FIG. 6c; 602), and 4 by 4 pixels (FIG. 6d; 603). FIGS. 6a-d shows that each | region of chrominance information…").<br><br><br>Orchard, "Removal of Motion Uncertainty and Quantization Noise in Motion Compensation," *IEEE Trans. Circuits and Sys. For Video Technol.* January 2001, at p. 83 ("In many video standards, motion compensation is applied to 16×16 macroblocks, while the residual error is DCT coded with 8×8 blocks."). |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | block contains fields of a single parity." 7:15-24.<br><br>"In FIG. 8, each **macroblock** in the pair of **macroblocks** (700) has N=16 columns of pixels and M=16 rows of pixels." 7:58-60.<br><br>"Each **macroblock** is 16 x 16 pixels." (60/333,921 at [0032], 1st Provisional)<br><br>"[a] **MB** of 16 x 16" (60/395,734 at 2.1, 2nd Provisional, 60/398,161 at 2, 3rd Provisional).<br><br>"**3.46    macroblock**: The 16x16 luma samples and the two corresponding blocks of chroma samples."  4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 3).<br><br>"**macroblock**:  A **16x16 block** of luma samples and two corresponding blocks of chroma samples of a picture that has three sample arrays, or a 16x16 block of samples of a monochrome picture or a picture that is coded using three separate colour planes. The division of a slice or a macroblock pair into macroblocks is a partitioning."  Rec. ITU-T H.264 (03/2010), § 3.77, at 9. | |
| "block" | '374 Patent Claims 8-12, 14-18<br><br>'375 Patent Claims 6-9, 13-14,  16-17<br><br>'376 Patent Claims 14, 19, 20, 22, 27, | region of a macroblock | "wherein at least one **block** within said at least one of said plurality of smaller portions at a time is encoded in inter coding mode" 18:50-52.<br><br>"FIGS. 3a-f show that a macroblock can be further divided into smaller sized blocks. For example, as shown in FIGS. 3a-f, a macroblock can be further | "block - Region of macroblock" Iain E. Richardson, The H.264 Advanced Vi deo Compression Standard xvii (2d ed. 2010). |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | 28, 30 | | divided into **block** sizes of 16 by 8 pixels (FIG. 3a; 300), 8 by 16 pixels (FIG. 3b; 301), 8 by 8 pixels (FIG. 3c; 302), 8 by 4 pixels (FIG. 3d; 303), 4 by 8 pixels (FIG. 3e; 304), or 4 by 4 pixels (FIG. 3f; 305)." 5:59-64.  | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | "a field mode macroblock can be divided into **blocks** of 16 by 8 pixels (FIG. 6a; 600), 8 by 8 pixels (FIG. 6b; 601), 4 by 8 pixels (FIG. 6c; 602), and 4 by 4 pixels (FIG. 6d; 603)." 7:21-23. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | <br><br>FIG. 6A      FIG. 6B<br><br>FIG. 6C      FIG. 6D<br><br>"If inter coding is used, a **block** with a size of 16 by 16 pixels, 16 by 8 pixels, 8 by 16 pixels, or 8 by 8 pixels can have its own reference pictures." 9:16-18.<br><br>"A 16 by 16 pixel **block** is divided into a right and left block." 12:38-39.<br><br>"If a **block** of 4 by 4 pixels or 16 by 16 pixels is in frame mode, the neighboring pixels used in calculating the pixel value predictions of the block are in the frame structure. If a **block** of 4 by 4 pixels or 16 by 16 pixels is in field mode, the neighboring pixels used in calculating the pixel value prediction of the block are in field structure of the same field parity." 15:4-10.<br><br>"Figures 6-5 indicates how a macroblock or sub macroblock is partitioned with each luma **block** and | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | associated chroma **blocks** being motion-compensated using a separate motion vector and (for luma **blocks** larger or equal to 8x8 samples and associated chroma **blocks**) using a separate reference picture index...."  **"Figure 6-5 – Numbering of the vectors for the different blocks in raster scan order depending on the inter mode.  For each block the horizontal component comes first followed by the vertical component."** 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 11). "Each macroblock of 16x 16 pixels can be further divided into **blocks** in one of seven patterns (modes).… the size of a **block** can be 16 x 16 pixels (mode 1), 16 x 8 pixels (mode 2), 8 x 16 pixels (mode 3) 8 x 8 pixels (mode 4), 8 x 4 pixels (mode 5), 4 x 8 pixels (mode 6) and 4 x 4 pixels (mode 7)." (60/333,921 at [0033], 1st Provisional). | |
| "picture" | '374 Patent Claims 8, 14 '375 Patent Claims | either a frame or two fields of a frame representing visual data | "A method of decoding an encoded **picture** having a plurality of smaller portions from a bitstream… and using said plurality of decoded smaller portions to | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | 6, 13, 17<br><br>'376 Patent Claims 14, 22, 30 | | construct a decoded **picture**." 18:44-54.<br><br>"The digital video content comprises a stream of **pictures** that can be displayed as an image on a television receiver, computer monitor, or some other electronic device capable of displaying digital video content." 1:33-36.<br><br>"Video compression is accomplished in a video encoding, or coding, process in which each **picture** is encoded as either a frame or as two fields." 1:42-44.<br><br>"In one of many possible embodiments, the present invention provides a method of encoding, decoding, and bitstream generation of digital video content. The digital video content comprises a stream of **pictures** which can each be intra, predicted, or bi-predicted **pictures**. Each of the **pictures** comprises macroblocks that can be further divided into smaller blocks. The method entails encoding and decoding each of the macroblocks in each **picture** in said stream of **pictures** in either frame mode or in field mode." 2:52-60.<br><br>"FIG. 2 shows that each **picture** is preferably divided into slices containing macroblocks according to an embodiment of the present invention." 3:7-9. | |
| "decoding an encoded picture having a plurality of smaller portions from a bitstream", | '374 Patent Claims 8, 14<br><br>'375 Patent Claims 6, 13, 17 | decoding an encoded picture having two or more smaller portions from a bitstream | "A method of **decoding an encoded picture having a plurality of smaller portions from a bitstream**, comprising: decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| "decoding an encoded picture from a bitstream" | | No construction necessary.<br><br>If construed: decoding an encoded picture from a bitstream | wherein at least one block within said at least one of said plurality of smaller portions at a time is encoded in inter coding mode; and using said plurality of decoded smaller portions to construct a decoded picture." 18:44-54.<br><br>"In one of many possible embodiments, the present invention provides a method of encoding, **decoding**, and bitstream generation of digital video content. The digital video content comprises a stream of pictures which can each be intra, predicted, or bi-predicted pictures. Each of the pictures comprises macroblocks that can be further divided into smaller blocks. The method entails encoding and **decoding** each of the macroblocks in each picture in said stream of pictures in either frame mode or in field mode." 2:52-60<br><br>"The general idea behind video coding is to remove data from the digital video content that is "non-essential." The decreased amount of data then requires less bandwidth for broadcast or transmission. After the compressed video data has been transmitted, it must be **decoded**, or decompressed. In this process, the transmitted video data is processed to generate approximation data that is substituted into the video data to replace the "non-essential" data that was removed in the coding process." 1:59-67. | |
| "decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of | '374 Patent Claims 8 | decoding more than one macroblock together in frame coding mode and more than one macroblock together in field coding mode | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: **decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode, wherein each of said smaller portions has a size that is larger than** | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| said plurality of smaller portions at a time in field coding mode" | | | **one macroblock**, wherein at least one block within said at least one of said plurality of smaller portions at a time is encoded in inter coding mode; and using said plurality of decoded smaller portions to construct a decoded picture." 18:44-54.<br><br>"An embodiment of the present invention is that AFF coding can be performed on smaller portions of a picture. This small portion can be a macroblock, a pair of macroblocks, or a group of macroblocks. Each macroblock, pair of macroblocks, or group of macroblocks or slice is encoded in frame mode or in field mode, regardless of how the other macroblocks in the picture are encoded. AFF coding in each of the three cases will be described in detail below." 6:57-64.<br><br>"In AFF coding at the macroblock level, a frame/field flag bit is preferably included in a picture's bitstream to indicate which mode, frame mode or field mode, is used in the encoding of each macroblock. The bitstream includes information pertinent to each macroblock within a stream, as shown in FIG. 11. For example, the bitstream can include a picture header (110), run information (111), and macroblock type (113) information. The frame/field flag (112) is preferably included before each macroblock in the bitstream if AFF is performed on each individual macroblock. If the AFF is performed on pairs of macroblocks, the frame/field flag (112) is preferably **included before each pair** of macroblock in the bitstream. Finally, if the AFF is performed on a group of macroblocks, the frame/field flag (112) is preferably **included before each group** of macroblocks in the bitstream." 8:46-60. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | "For frame mode coding, the top macroblock of a macroblock pair (700) is coded first, followed by the bottom macroblock. For field mode coding, the top field macroblock of a macroblock pair is coded first followed by the bottom field macroblock." 8:14-18.<br><br><br><br>Figure 6-4 – Partitioning of the decoded frame into macroblock pairs. An MB pair can be coded as two frame MBs, or one top-field MB and one bottom-field MB. The numbers indicate the scanning order of coded MBs. 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 11).<br><br>"**3.50    macroblock pair**: A pair of vertically-contiguous macroblocks in a picture that is **coupled** for use in macroblock-adaptive frame/field decoder processing. 4:38-39 (incorporating by reference the | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 3).<br><br>**"macroblock pair**: A pair of vertically contiguous macroblocks in a frame that is **coupled** for use in macroblock-adaptive frame/field decoding. The division of a slice into macroblock pairs is a partitioning." Rec. ITU-T H.264 (03/2010), § 3.81, at 9.<br><br>See supra, "decoding an encoded picture having a plurality of smaller portions from a bitstream"<br><br>See infra, "frame coding mode"<br><br>See infra, "field coding mode" | |
| "selectively decoding at least one of a plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode", | '375 Patent Claim 6, 13, 17 | decoding, based on a mode selection, more than one macroblock together in frame coding mode and more than one macroblock together in field coding mode | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: **selectively decoding at least one of a plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode**, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within said at least one of said plurality of smaller portions is encoded in intra coding mode at a time; and using said plurality of decoded smaller portions to construct a decoded picture." '375 Patent 18:44-55. | |
| "selectively decoding at least one of a plurality of smaller | | decoding, based on a mode selection, more than one macroblock together of the | "An embodiment of the present invention is that AFF coding can be performed on smaller portions of a picture. This small portion can be a macroblock, a pair of macroblocks, or a group of macroblocks. Each macroblock, pair of macroblocks, or group of | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode", | | encoded picture that is encoded in frame coding mode and more than one macroblock together of the encoded picture that is encoded in field coding mode | macroblocks or slice is encoded in frame mode or in field mode, regardless of how the other macroblocks in the picture are encoded. AFF coding in each of the three cases will be described in detail below." '375 Patent 6:60-67.<br><br>"In AFF coding at the macroblock level, a frame/field flag bit is preferably included in a picture's bitstream to indicate which mode, frame mode or field mode, is used in the encoding of each macroblock. The bitstream includes information pertinent to each macroblock within a stream, as shown in FIG. 11. For example, the bitstream can include a picture header (110), run information (111), and macroblock type (113) information. The frame/field flag (112) is preferably included before each macroblock in the bitstream if AFF is performed on each individual macroblock. If the AFF is performed on pairs of macroblocks, the frame/field flag (112) is preferably **included before each pair** of macroblock in the bitstream. Finally, if the AFF is performed on a group of macroblocks, the frame/field flag (112) is preferably **included before each group** of macroblocks in the bitstream." '375 Patent 8:46-60. | |
| "selectively decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode" | | decoding, based on a mode selection, more than one macroblock together in frame coding mode and more than one macroblock together in field coding mode | "For frame mode coding, the top macroblock of a macroblock pair (700) is coded first, followed by the bottom macroblock. For field mode coding, the top field macroblock of a macroblock pair is coded first followed by the bottom field macroblock." '375 Patent 8:14-18. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | <br><br>Figure 6-4 –  Partitioning of the decoded frame into macroblock pairs. An MB pair can be coded as two frame MBs, or one top-field MB and one bottom-field MB. The numbers indicate the scanning order of coded MBs. '375 Patent 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 11).<br><br>"**3.50    macroblock pair**: A pair of vertically-contiguous macroblocks in a picture that is **coupled** for use in macroblock-adaptive frame/field decoder processing. '375 Patent 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 3).<br><br>"**macroblock pair**: A pair of vertically contiguous macroblocks in a frame that is **coupled** for use in | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | macroblock-adaptive frame/field decoding. The division of a slice into macroblock pairs is a partitioning." Rec. ITU-T H.264 (03/2010), § 3.81, at 9.<br><br>See infra, "frame coding mode"<br><br>See infra, "field coding mode" | |
| "decoding an encoded picture having a plurality of processing blocks, each processing block containing macroblocks, each macroblock containing a plurality of blocks, from a bitstream",<br><br>"decoding an encoded picture from a bitstream" | '376 Patent Claims 14, 22 | decoding an encoded picture having a plurality of processing blocks. Each "processing block" is two or more macroblocks grouped together for processing. For "macroblock" and "block," see above.<br><br><br>No construction necessary.<br><br>If construed: decoding an encoded picture from a bitstream | "A method of **decoding an encoded picture having a plurality of processing blocks, each processing block containing macroblocks, each macroblock containing a plurality of blocks, from a bitstream**, comprising: decoding at least one of a plurality of processing blocks at a time, wherein each of said plurality of processing blocks includes a pair of macroblocks or a group of macroblocks, in frame coding mode and at least one of said plurality of processing blocks at a time in field coding mode, wherein said decoding is applied to a pair of blocks, or a group of blocks, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path; and using said plurality of decoded processing blocks to construct a decoded picture." '376 Patent 19:17-31.<br><br>"An embodiment of the present invention is that AFF coding can be performed on smaller portions of a picture. This small portion can be a macroblock, a pair of macroblocks, or a group of macroblocks. Each macroblock, pair of macroblocks, or group of macroblocks or slice is encoded in frame mode or in field mode, regardless of how the other macroblocks in the picture are encoded. AFF coding in each of the three cases will be described in detail below." '376 Patent 6:60-67. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | "In one of many possible embodiments, the present invention provides a method of encoding, **decoding**, and bitstream generation of digital video content. The digital video content comprises a stream of pictures which can each be intra, predicted, or bi-predicted pictures. Each of the pictures comprises macroblocks that can be further divided into smaller blocks. The method entails encoding and **decoding** each of the macroblocks in each picture in said stream of pictures in either frame mode or in field mode." '376 Patent 2:52-60<br><br>"The general idea behind video coding is to remove data from the digital video content that is "non-essential." The decreased amount of data then requires less bandwidth for broadcast or transmission. After the compressed video data has been transmitted, it must be **decoded**, or decompressed. In this process, the transmitted video data is processed to generate approximation data that is substituted into the video data to replace the "non-essential" data that was removed in the coding process." '376 Patent 1:59-67.<br><br>"In AFF coding at the macroblock level, a frame/field flag bit is preferably included in a picture's bitstream to indicate which mode, frame mode or field mode, is used in the encoding of each macroblock. The bitstream includes information pertinent to each macroblock within a stream, as shown in FIG. 11. For example, the bitstream can include a picture header (110), run information (111), and macroblock type (113) information. The frame/field flag (112) is preferably included before each macroblock in the bitstream if AFF is performed on each individual macroblock. If the | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | AFF is performed on pairs of macroblocks, the frame/field flag (112) is preferably **included before each pair** of macroblock in the bitstream. Finally, if the AFF is performed on a group of macroblocks, the frame/field flag (112) is preferably **included before each group** of macroblocks in the bitstream." '376 Patent 8:48-62.<br><br>"For frame mode coding, the top macroblock of a macroblock pair (700) is coded first, followed by the bottom macroblock. For field mode coding, the top field macroblock of a macroblock pair is coded first followed by the bottom field macroblock." '376 Patent 8:16-20.<br><br>"**3.50     macroblock pair**: A pair of vertically-contiguous macroblocks in a picture that is **coupled** for use in macroblock-adaptive frame/field decoder processing. '376 Patent 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 3).<br><br>"**macroblock pair**: A pair of vertically contiguous macroblocks in a frame that is **coupled** for use in macroblock-adaptive frame/field decoding. The division of a slice into macroblock pairs is a partitioning." Rec. ITU-T H.264 (03/2010), § 3.81, at 9.<br><br>See supra, "decoding an encoded picture having a plurality of smaller portions from a bitstream"<br><br>See infra, "frame coding mode" | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | See infra, "field coding mode" | |
| "wherein each of said smaller portions has a size that is larger than one macroblock" | '374 Patent Claims 8, 14<br><br>'375 Patent Claims 6, 13, 17 | No construction necessary.<br><br>If construed: wherein each of said smaller portions is more than one macroblock | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode, **wherein each of said smaller portions has a size that is larger than one macroblock**, wherein at least one block within said at least one of said plurality of smaller portions at a time is encoded in inter coding mode; and using said plurality of decoded smaller portions to construct a decoded picture." 18:44-54.<br><br>"An embodiment of the present invention is that AFF coding can be performed on **smaller portions** of a picture. This **small portion** can be… a pair of macroblocks, or a group of macroblocks." 6:57-60.<br><br>In order to guarantee the performance of field mode macroblock coding, it is preferable in some applications for macroblocks that are coded in field mode to have the same block sizes as macroblocks that are coded in frame mode. This can be **achieved by performing AFF coding on macroblock pairs** instead of on single macroblocks." 7:36-42. | |
| "wherein at least one block within said at least one of said plurality | '374 Patent Claims 8, 14 | wherein at least one block within said at least one of said plurality of smaller | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: decoding at least one of said plurality of smaller portions at a time in frame coding mode and at | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| of smaller portions is encoded in inter coding mode", <br><br> "wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode" | | portions was encoded using temporal prediction <br><br> wherein at least one block within at least one of said plurality of smaller portions at a time was encoded using temporal prediction | least one of said plurality of smaller portions at a time in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, **wherein at least one block within said at least one of said plurality of smaller portions at a time is encoded in inter coding mode**; and using said plurality of decoded smaller portions to construct a decoded picture." 18:44-54. <br><br> See infra, "inter coding mode" | |
| "wherein at least one block within said at least one of said plurality of smaller portions is encoded in intra coding mode at a time", <br><br> "wherein at least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time" | '375 Patent Claims 6, 13, 17 | wherein at least one block within said at least one of said plurality of smaller portions was encoded using spatial prediction <br><br> wherein at least one block within at least one of said plurality of smaller portions was encoded using spatial prediction | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: selectively decoding at least one of a plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, **wherein at least one block within said at least one of said plurality of smaller portions is encoded in intra coding mode at a time**; and using said plurality of decoded smaller portions to construct a decoded picture." '375 Patent 18:44-55. <br><br> "The three types of pictures are **intra (I)** pictures (100), predicted (P) pictures (102a,b), and bi-predicted (B) pictures (101a-d). An I picture (100) provides an access point for random access to stored digital video content and can be encoded only with slight compression. **Intra pictures (100) are encoded without referring to reference pictures.**" '375 Patent 5:9-15. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | See infra, "intra coding mode" | |
| "decoding at least one of a plurality of processing blocks at a time, wherein each of said plurality of processing blocks includes a pair of macroblocks or a group of macroblocks, in frame coding mode and at least one of said plurality of processing blocks at a time in field coding mode, wherein said decoding is applied to a pair of blocks, or a group of blocks, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path", | '376 Claims 14, 22, 30 | decoding at least one of a plurality of processing blocks together, wherein each of said plurality of processing blocks includes a pair of macroblocks or a group of macroblocks, in frame coding mode and at least one of said plurality of processing blocks together in field coding mode, wherein said decoding is performed from left to right, top to bottom, or from top to bottom, left to right. | "A method of decoding an encoded picture having a plurality of processing blocks, each processing block containing macroblocks, each macroblock containing a plurality of blocks, from a bitstream, comprising: **decoding at least one of a plurality of processing blocks at a time, wherein each of said plurality of processing blocks includes a pair of macroblocks or a group of macroblocks, in frame coding mode and at least one of said plurality of processing blocks at a time in field coding mode, wherein said decoding is applied to a pair of blocks, or a group of blocks, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path**; and using said plurality of decoded processing blocks to construct a decoded picture." '376 Patent 19:17-31.

"An embodiment of the present invention is that AFF coding can be performed on smaller portions of a picture. This small portion can be a macroblock, a pair of macroblocks, or a group of macroblocks. Each macroblock, pair of macroblocks, or group of macroblocks or slice is encoded in frame mode or in field mode, regardless of how the other macroblocks in the picture are encoded. AFF coding in each of the three cases will be described in detail below." '376 Patent 6:60-67.

"In AFF coding at the macroblock level, a frame/field flag bit is preferably included in a picture's bitstream to | **"macroblock pair**: A pair of vertically contiguous macroblocks in a frame that is **coupled** for use in macroblock-adaptive frame/field decoding. The division of a slice into macroblock pairs is a partitioning." Rec. ITU-T H.264 (03/2010), § 3.81, at 9.

See '376 Examiner's Amendment dated Dec. 30, 2004 at 4.

See '376 Notice of Allowability dated June 7, 2007 at 4.

See infra, "frame coding mode"

See infra, "field coding mode" |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| "decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode" | | decoding at least one of a plurality of processing blocks together, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks together that is encoded in field coding mode | indicate which mode, frame mode or field mode, is used in the encoding of each macroblock. The bitstream includes information pertinent to each macroblock within a stream, as shown in FIG. 11. For example, the bitstream can include a picture header (110), run information (111), and macroblock type (113) information. The frame/field flag (112) is preferably included before each macroblock in the bitstream if AFF is performed on each individual macroblock. If the AFF is performed on pairs of macroblocks, the frame/field flag (112) is preferably **included before each pair** of macroblock in the bitstream. Finally, if the AFF is performed on a group of macroblocks, the frame/field flag (112) is preferably **included before each group** of macroblocks in the bitstream." '376 Patent 8:46-60.<br><br>"According to an embodiment of the present invention, in the AFF coding of pairs of macroblocks (700), there are two possible scanning paths. A **scanning path** determines the order in which the pairs of macroblocks of a picture are encoded. FIG. 9 shows the two possible **scanning paths** in AFF coding of pairs of macroblocks (700). One of the scanning paths is a horizontal scanning path (900). In the **horizontal scanning path** (900), the macroblock pairs (700) of a picture (200) are coded from left to right and from top to bottom, as shown in FIG. 9. The other scanning path is a **vertical scanning path** (901). In the **vertical scanning path** (901), the macroblock pairs (700) of a picture (200) are coded from top to bottom and from left to right, as shown in FIG. 9. For frame mode coding, the top macroblock of a macroblock pair (700) is coded first, followed by the bottom macroblock. For field mode | |

Page **21** of **46**

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | coding, the top field macroblock of a macroblock pair is coded first" followed by the bottom field macroblock." '376 Patent 8:3-20.<br><br>See supra, "decoding an encoded picture having a plurality of processing blocks, each processing block containing macroblocks, each macroblock containing a plurality of blocks, from a bitstream"<br><br><br><br>FIG. 9<br><br>"Another embodiment of the present invention extends the concept of AFF coding on a pair of macroblocks to AFF coding on a group of four or more neighboring macroblocks (902), as shown in FIG. 10. AFF coding on a group of macroblocks will be occasionally referred to as group based AFF coding. The same **scanning paths**, horizontal (900) and vertical (901), as are used in the scanning of macroblock pairs are used in the scanning of groups of neighboring macroblocks (902). | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | Although the example shown in FIG. 10 shows a group of four macroblocks, the group can be more than four macroblocks." 8:21-31. <br><br>  <br><br> "**3.50   macroblock pair**: A pair of vertically-contiguous macroblocks in a picture that is **coupled** for use in macroblock-adaptive frame/field decoder processing. 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 3). | |
| "field coding mode" | '374 Patent Claims 8, 14 <br><br> '375 Patent Claims 6, 13, 17 <br><br> '376 Patent Claims | a coding mode in which top field information and bottom field information are coded separately | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: selectively decoding at least one of a plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in **field coding mode**, wherein each | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | 14, 20, 22, 28, 30 | | of said smaller portions has a size that is larger than one macroblock, wherein at least one block within said at least one of said plurality of smaller portions is encoded in inter coding mode at a time; and using said plurality of decoded smaller portions to construct a decoded picture." 18:44-55.<br><br>"if a picture is encoded in **field mode**, the two fields that make up an interlaced frame are coded separately." 4:27-28.<br><br>"To understand macroblock level AFF coding, a brief overview of picture level AFF coding of a stream of pictures will now be given. A frame of an interlaced sequence contains two fields, the top field and the bottom field, which are interleaved and separated in time by a field period. The field period is half the time of a frame period. In picture level AFF coding, the two fields of an interlaced frame can be coded jointly or separately. If they are coded jointly, frame mode coding is used. Conversely, if the two fields are coded separately, **field mode coding** is used." 6:38-47.<br><br>"if the pair of macroblocks (700) is to be encoded in **field mode**, it is first split into one top field 16 by 16 pixel block (800) and one bottom field 16 by 16 pixel block (801), as shown in FIG. 8. The two fields are then coded separately." 7:54-58.<br><br>"if a group of four macroblocks (902), for example, is to be encoded in **field mode**, it is first split into one top field 32 by 16 pixel block and one bottom field 32 by 16 pixel block. The two fields are then coded separately." 8:37-40. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | "For **field mode coding**, the reference pictures for a block can be any top or bottom field of any of the reference pictures in the reference frame or field buffers." 9:35-37.<br><br>"Video compression is accomplished in a video encoding, or coding, process in which each picture is encoded as either a frame or as **two fields**. Each frame comprises a number of lines of spatial information. For example, a typical frame contains 480 horizontal lines. Each **field** contains half the number of lines in the frame. For example, if the frame comprises 480 horizontal lines, each **field** comprises 240 horizontal lines. In a typical configuration, one of the **fields** comprises the odd numbered lines in the frame and the other **field** comprises the even numbered lines in the frame. The **field** that comprises the odd numbered lines will be referred to as the "top" **field** hereafter and in the appended claims, unless otherwise specifically denoted. Likewise, the **field** that comprises the even numbered lines will be referred to as the "bottom" **field** hereafter and in the appended claims, unless otherwise specifically denoted. The two **fields** can be interlaced together to form an interlaced frame." 1:42-58.<br><br>"**3.32    field**: An assembly of alternate rows of a frame. A frame is composed of two fields, a top field and a bottom field." 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 2). | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | |  An MB pair | |
| | | | Figure 6-4 – Partitioning of the decoded frame into macroblock pairs. An MB pair can be coded as two frame MBs, or one top-field MB and one bottom-field MB. The numbers indicate the scanning order of coded MBs. 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 11).<br><br>"A macroblock pair can be decoded in either frame or field decoding mode.... For field coding mode, a macroblock pair is first split into one top-field macroblock and one bottom-field macroblock, as shown in Figure 8-3." 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 67). | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | |  Figure 8-3 – Split of a pair of macroblocks into one top-field macroblock and one bottom-field macroblock. When mb_field_decoding_flag == 0, the top macroblock of a macroblock pair is decoded first, followed by the bottom macroblock, as shown in Figure 6-4 (subclause 6.2). When mb_field_decoding_flag == 1, the top-field macroblock is decoded first, followed by the bottom-field macroblock (see Figure 6-4). 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 67). | |
| "frame coding mode" | '374 Patent Claims 8, 14  '375 Patent Claims 6, 13, 17  '376 Patent Claims 14, 19, 22, 27, 30 | a coding mode in which top field information and bottom field information are coded jointly | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: selectively decoding at least one of a plurality of smaller portions at a time in **frame coding mode** and at least one of said plurality of smaller portions at a time in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within said at least one of said plurality of smaller portions is encoded in inter coding mode at a time; and using said plurality of decoded smaller portions to construct a decoded picture." 18:44-55. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | "Video compression is accomplished in a **video encoding, or coding**, process in which each picture is encoded as either a frame or as two fields." 1:42-44.<br><br>"If a picture is encoded in **frame mode**, the two fields that make up an interlaced frame are coded jointly." 4:25-26.<br><br>"To understand macroblock level AFF coding, a brief overview of picture level AFF coding of a stream of pictures will now be given. A frame of an interlaced sequence contains two fields, the top field and the bottom field, which are interleaved and separated in time by a field period. The field period is half the time of a frame period. In picture level AFF coding, the two fields of an interlaced frame can be coded jointly or separately. If they are coded jointly, **frame mode coding** is used. Conversely, if the two fields are coded separately, field mode coding is used." 6:38-47.<br><br>"If the pair of macroblocks (700) is to be encoded in **frame mode**, the pair is coded as two frame-based macroblocks. In each macroblock, the two fields in each of the macroblocks are encoded jointly." 7:46-50.<br><br>"If the group of macroblocks (902) is to be encoded in **frame mode**, the group coded as four frame-based macroblocks. In each macroblock, the two fields in each of the macroblocks are encoded jointly." 8:30-33.<br><br>"**3.34     frame**: A frame contains sampled and quantized luma and chroma data of all rows of a of a video signal frame. A frame consists of two fields, a top field and a bottom field. For interlaced video signal, one | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | of these fields is sampled temporally later than the other." 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 2). | |

"A macroblock pair can be decoded in either **frame or field decoding mode**. For **frame decoding mode**, a macroblock pair is decoded as two frame macroblocks, and each can be further divided into one of block patterns shown in Figure 6-4." 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 67).



Figure 6-4 – Partitioning of the decoded frame into macroblock pairs. An MB pair can be coded as two frame MBs, or one top-field MB and one bottom-field MB. The numbers indicate the scanning order of coded MBs. 4:38-39 (incorporating by reference the "Joint

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 11). | |
| "inter coding mode" | '374 Patent Claims 8, 14 | a coding mode using temporal prediction | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within said at least one of said plurality of smaller portions at a time is encoded in **inter coding mode**; and using said plurality of decoded smaller portions to construct a decoded picture." 18:44-54.<br><br>"According to an embodiment of the present invention, each frame and field based macroblock in macroblock level AFF can be intra coded or inter coded. In intra coding, the macroblock is encoded without temporally referring to other macroblocks. On the other hand, in **inter coding**, temporal prediction with motion compensation is used to code the macroblocks." 9:9-15.<br><br>"If **inter coding** is used, a block with a size of 16 by 16 pixels, 16 by 8 pixels, 8 by 16 pixels, or 8 by 8 pixels can have its own reference pictures. The block can either be a frame or field based macroblock. The MPEG-4 Part 10 AVC/H.264 standard allows multiple reference pictures instead of just two reference pictures. The use of multiple reference pictures improves the performance of the temporal prediction with motion compensation algorithm by allowing the encoder to | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | find a block in the reference picture that most closely matches the block that is to be encoded. By using the block in the reference picture in the coding process that most closely matches the block that is to be encoded, the greatest amount of compression is possible in the encoding of the picture. The reference pictures are stored in frame and field buffers and are assigned reference frame numbers and reference field numbers based on the temporal distance they are away from the current picture that is being encoded. The closer the reference picture is to the current picture that is being stored, the more likely the reference picture will be selected." 9:16-35.<br><br>"in **inter coding**, prediction motion vectors (PMV) are also calculated for each block." 9:41-42.<br><br>"Intra coded pictures (I-pictures) are coded without reference to other pictures. They provide access points to the coded sequence where decoding can begin, but are coded with only moderate compression. **Inter-coded** pictures (P-pictures) are coded more efficiently using motion compensated prediction of each block of sample values from some previously decoded picture selected by the encoder." 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at xiii).<br><br>"**3.37    inter coding**: Coding of a block, macroblock, slice, or picture that uses information from both, within the picture and from other pictures." 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | the Joint Video Team (JVT) on August 10, 2002, at 2).<br><br>"**motion compensation**: Part of the inter prediction process for sample values, using previously decoded samples that are spatially displaced as signalled by means of motion vectors." 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 3). | |
| "intra coding mode" | '375 Patent Claims 6-7, 13-14, 17 | a coding mode using spatial prediction | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: selectively decoding at least one of a plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within said at least one of said plurality of smaller portions is encoded in **intra coding mode** at a time; and using said plurality of decoded smaller portions to construct a decoded picture." '375 Patent 18:44-55.<br><br>"According to an embodiment of the present invention, each frame and field based macroblock in macroblock level AFF can be **intra coded** or inter coded. In **intra coding**, the macroblock is encoded without temporally referring to other macroblocks. On the other hand, in inter coding, temporal prediction with motion compensation is used to code the macroblocks." '375 Patent 9:11-17.<br><br>"As previously mentioned, a block can be intra coded. Intra blocks are spatially predictive coded." '375 Patent 14:41-42. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | "There are two possible **intra coding modes** for a macroblock in macroblock level AFF coding. The first is intra__4x4 mode and the second is intra__16x16 mode. In both, each pixel's value is predicted using the real reconstructed pixel values from neighboring blocks. By predicting pixel values, more compression can be achieved." '375 Patent 14:42-48.<br><br>"**Intra coded** pictures (I-pictures) are coded without reference to other pictures. They provide access points to the coded sequence where decoding can begin, but are coded with only moderate compression." '375 Patent 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at xiii).<br><br>"**3.39    intra coding**: Coding of a block, macroblock, slice or picture that uses intra prediction." '375 Patent 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 2).<br><br>"**3.35    intra prediction**: A prediction derived from the decoded samples of the same decoded picture." '375 Patent 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 2). | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| "using said plurality of decoded smaller portions to construct a decoded picture" | '374 Patent Claims 8, 14<br><br>'375 Patent Claims 6, 13, 17 | No construction necessary.<br><br>If construed: using said plurality of decoded smaller portions to construct a decoded picture | "A method of decoding an encoded picture having a plurality of smaller portions from a bitstream, comprising: decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within said at least one of said plurality of smaller portions at a time is encoded in inter coding mode; and **using said plurality of decoded smaller portions to construct a decoded picture**." 18:44-54.<br><br>"The general idea behind video coding is to remove data from the digital video content that is "non-essential." The decreased amount of data then requires less bandwidth for broadcast or transmission. After the compressed video data has been transmitted, it must be decoded, or decompressed. In this process, **the transmitted video data is processed to generate approximation data that is substituted into the video data to replace the "non-essential" data that was removed in the coding process**." 1:59-67.<br><br>"FIG. 4 shows a picture construction example using temporal prediction with motion compensation that illustrates an embodiment of the present invention. Temporal prediction with motion compensation assumes that a current picture, picture N (400), can be locally modeled as a translation of another picture, picture N-1 (401). The picture N-1 (401) is the reference picture for the encoding of picture N (400) and can be in the forward or backwards temporal direction in relation to picture N (400). | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | As shown in FIG. 4, each picture is preferably divided into slices containing macroblocks (201a,b). The picture N-1 (401) contains an image (403) that is to be shown in picture N (400). The image (403) will be in a different temporal position in picture N (402) than it is in picture N-1 (401), as shown in FIG. 4. The image content of each macroblock (201b) of picture N (400) is predicted from the image content of each corresponding macroblock (201a) of picture N-1 (401) by estimating the required amount of temporal motion of the image content of each macroblock (201a) of picture N-1 (401) for the image (403) to move to its new temporal position (402) in picture N (400). Instead of the original image (402) being encoded, the difference (404) between the image (402) and its prediction (403) is actually encoded and transmitted.

For each image (402) in picture N (400), the temporal prediction can often be described by motion vectors that represent the amount of temporal motion required for the image (403) to move to a new temporal position in the picture N (402). The motion vectors (406) used for the temporal prediction with motion compensation need to be encoded and transmitted.

FIG. 4 shows that the image (402) in picture N (400) can be represented by the difference (404) between the image and its prediction and the associated motion vectors (406). The exact method of encoding using the motion vectors can vary as best serves a particular application and can be easily implemented by someone who is skilled in the art." 6:1-37. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | <br><br>FIG. 4<br><br>"According to another embodiment of the present invention, a macroblock in a P picture can be skipped in AFF coding. If a macroblock is skipped, its data is not transmitted in the encoding of the picture. A skipped macroblock in a P picture is **reconstructed** by copying the co-located macroblock in the most recently coded reference picture." 12:57-60. | |
| "using said plurality of decoded processing blocks to construct a decoded picture" | '376 Patent Claims 14, 22, 30 | No construction necessary.<br><br>If construed: using said plurality of decoded processing blocks to construct a decoded picture | "A method of decoding an encoded picture having a plurality of processing blocks, each processing block containing macroblocks, each macroblock containing a plurality of blocks, from a bitstream, comprising: decoding at least one of a plurality of processing blocks at a time, wherein each of said plurality of processing blocks includes a pair of macroblocks or a group of macroblocks, in frame coding mode and at least one of said plurality of processing blocks at a time in field coding mode, wherein said decoding is applied to a pair of blocks, or a group of blocks, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path; and **using said plurality of decoded processing blocks to construct a decoded picture**." '376 Patent 19:17-31.<br><br>"The general idea behind video coding is to remove data from the digital video content that is "non- | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | essential." The decreased amount of data then requires less bandwidth for broadcast or transmission. After the compressed video data has been transmitted, it must be decoded, or decompressed. In this process, **the transmitted video data is processed to generate approximation data that is substituted into the video data to replace the "non-essential" data that was removed in the coding process**." '376 Patent 1:59-67.<br><br>"FIG. 4 shows a picture construction example using temporal prediction with motion compensation that illustrates an embodiment of the present invention. Temporal prediction with motion compensation assumes that a current picture, picture N (400), can be locally modeled as a translation of another picture, picture N-1 (401). The picture N-1 (401) is the reference picture for the encoding of picture N (400) and can be in the forward or backwards temporal direction in relation to picture N (400).<br><br>As shown in FIG. 4, each picture is preferably divided into slices containing macroblocks (201a,b). The picture N-1 (401) contains an image (403) that is to be shown in picture N (400). The image (403) will be in a different temporal position in picture N (402) than it is in picture N-1 (401), as shown in FIG. 4. The image content of each macroblock (201b) of picture N (400) is predicted from the image content of each corresponding macroblock (201a) of picture N-1 (401) by estimating the required amount of temporal motion of the image content of each macroblock (201a) of picture N-1 (401) for the image (403) to move to its new temporal position (402) in picture N (400). Instead of the original | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | image (402) being encoded, the difference (404) between the image (402) and its prediction (403) is actually encoded and transmitted.<br><br>For each image (402) in picture N (400), the temporal prediction can often be described by motion vectors that represent the amount of temporal motion required for the image (403) to move to a new temporal position in the picture N (402). The motion vectors (406) used for the temporal prediction with motion compensation need to be encoded and transmitted.<br><br>FIG. 4 shows that the image (402) in picture N (400) can be represented by the difference (404) between the image and its prediction and the associated motion vectors (406). The exact method of encoding using the motion vectors can vary as best serves a particular application and can be easily implemented by someone who is skilled in the art." '376 Patent 6:4-40.<br><br><br><br>FIG. 4<br><br>"According to another embodiment of the present invention, a macroblock in a P picture can be skipped in AFF coding. If a macroblock is skipped, its data is not transmitted in the encoding of the picture. A skipped macroblock in a P picture is **reconstructed** by | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | copying the co-located macroblock in the most recently coded reference picture." '376 Patent 12:60-65. | |
| "wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions" | '374 Patent Claims 9, 10, 15, 16 | No construction necessary.<br><br>If construed: wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions | "For each image (402) in picture N (400), the temporal prediction can often be described by **motion vectors** that represent the amount of temporal motion required for the image (403) to move to a new temporal position in the picture N (402). The **motion vectors (406) used for the temporal prediction with motion compensation need to be encoded and transmitted.**" 6:25-31.<br><br>"**Each block in a frame or field based macroblock can have its own motion vectors**. The **motion vectors are spatially predictive coded**. According to an embodiment of the present invention, in inter coding, prediction motion vectors (PMV) are also calculated for each block. The **algebraic difference between a block's PMVs and its associated motion vectors is then calculated and encoded.** This generates the compressed bits for motion vectors." 9:38-45.<br><br>"Another embodiment of the present invention is direct mode macroblock coding for B pictures. In direct mode coding, **a B picture has two motion vectors**, forward and backward motion vectors. Each motion vector points to a reference picture." 13:20-24. | |
| "wherein said at least one motion vector is spatially predictive coded for a current block of said plurality of | | wherein said at least one motion vector for a current block of said plurality of smaller portions was encoded using spatial prediction | "**3.53   motion vector**: A two-dimensional vector used for motion compensation that provides an offset from the coordinate position in the decoded picture to the coordinates in a reference picture." 4:38-39 | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| smaller portions" | | | (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 3). | |
| "wherein one of a plurality of prediction directions is deemed to be a most probable mode for said current block" | '375 Patent Claim 9 | based on its neighboring blocks' prediction directions, a current block's most probable prediction mode is identified from one of a plurality of prediction directions | "8. The method of claim 7, wherein for said current block, said neighboring blocks comprises at least one of a neighboring block that is left of said current block to be encoded and a neighboring block that is above said current block to be encoded.<br><br>9. The method of claim 8, **wherein one of a plurality of prediction directions is deemed to be a most probable mode for said current block**.<br><br>10. The method of claim 9, further comprising: receiving at least one codeword in said bitstream, wherein said at least one codeword indicates if said **most probable prediction coding mode** is used.<br><br>11. The method of claim 9, wherein said **most probable prediction mode** for a current block is selected in accordance with a neighboring block that is left of said current block to be encoded and a neighboring block that is above said current block to be encoded, wherein if one of said neighboring blocks is outside a slice, then said **most probable prediction mode** for said current block is DC prediction, and wherein if both of said neighboring blocks are inside said slice, then said **most probable prediction mode** for said current block is selected in accordance with a minimum of prediction modes used for said left neighboring block and said above neighboring block." '375 Patent 18:60-19:16. | "For each current block E, the encoder and decoder **calculate** the most probable prediction mode, defined as the smaller of the prediction modes of A and B. If either of these neighbouring (sic) blocks is not available, i.e. outside the current slice or not coded in Intra4 x 4 mode, the corresponding value A or B is set to 2, indicating DC prediction mode." Iain E. Richardson, The H.264 Advanced Video Compression Standard 148 (2d ed. 2010). |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | | "When the prediction modes of A and B are known (including the case that A or B or both are outside the slice) the most probable prediction mode (most_probable_mode) of C **is given**. If one of the blocks A or B is "outside" the most probable prediction mode **is equal DC prediction** (mode 2). Otherwise it **is equal** to the minimum of prediction modes used for blocks A and B. When an adjacent block is coded by 16x16 intra mode, prediction mode is DC prediction mode. When an adjacent block is coded a non-intra macroblock, prediction mode is "mode 2: DC prediction" in the usual case and "outside" in the case of constrained intra update." '375 Patent 15:20-32. | |
| "said pair of macroblocks comprises a top block and a bottom block" | '376 Patent Claims 19, 27 | No construction necessary.<br><br>If construed: said pair of macroblocks comprises a top block and a bottom block | "19. The method of claim 15, wherein said pair of macroblocks comprises a **top block** and a **bottom block**, where said **top block** is decoded prior to said bottom block in said frame coding mode.<br><br>20. The method of claim 15, wherein said pair of macroblocks is represented by a top field block and a bottom field block in said field coding mode, the method further comprising: decoding said top field block and said bottom field block, and joining said top field block and said bottom field block into said pair of macroblocks." '376 Patent 19:47-58.<br><br>"For frame mode coding, the **top macroblock** of a macroblock pair (700) is coded first, followed by the **bottom macroblock**. For field mode coding, the **top field macroblock** of a macroblock pair is coded first followed by the **bottom field macroblock**." '376 Patent 8:16-20. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| | | |  "**3.50   macroblock pair**: A pair of vertically-contiguous macroblocks in a picture that is coupled for use in macroblock-adaptive frame/field decoder processing." '376 Patent 4:38-39 (incorporating by reference the "Joint Final Committee Draft (JFCD) of Joint Video Specification" issued by the Joint Video Team (JVT) on August 10, 2002, at 3). | |
| **MEANS PLUS FUNCTION LIMITATIONS** | | | | |
| "means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions | '374 Patent Claims 14 | This is a means-plus-function limitation that must be construed according to 35 U.S.C. §112,¶6

Function: Decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded | "the **decoder** decodes the pictures. The… **decoder** can be a processor, application specific integrated circuit (ASIC), field programmable gate array (FPGA), coder/decoder (CODEC), digital signal processor (DSP), or some other electronic device that is capable of encoding the stream of pictures…. The term **"decoder"** will be used to refer expansively to all electronic devices that decode digital video content comprising a stream of pictures." 4:58-5:3. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode" | | in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock<br><br>Structure: Decoder | | |
| "means for using said plurality of decoded smaller portions to construct a decoded picture" | '374 Patent Claim 14<br><br>'375 Patent Claim 13 | This is a means-plus-function limitation that must be construed according to 35 U.S.C. §112,¶6<br><br>Function: using said plurality of decoded smaller portions to construct a decoded picture<br><br>Structure: Decoder | "The… decoder can be a processor, application specific integrated circuit (ASIC), field programmable gate array (FPGA), coder/decoder (CODEC), digital signal processor (DSP), or some other electronic device that is capable of encoding the stream of pictures…. The term "decoder" will be used to refer expansively to all electronic devices that decode digital video content comprising a stream of pictures." 4:59-5:3. | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| "means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time" | '375 Patent Claim 13 | This is a means-plus-function limitation that must be construed according to 35 U.S.C. §112,¶6<br><br>Function: selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode.<br><br>Structure: Decoder | "the **decoder** decodes the pictures. The… **decoder** can be a processor, application specific integrated circuit (ASIC), field programmable gate array (FPGA), coder/decoder (CODEC), digital signal processor (DSP), or some other electronic device that is capable of encoding the stream of pictures…. The term **"decoder"** will be used to refer expansively to all electronic devices that decode digital video content comprising a stream of pictures." '375 Patent 4:58-5:3. | |
| "means for decoding at least one of a plurality of processing | '376 Patent Claim 22 | This is a means-plus-function limitation that must be construed according to 35 U.S.C. | "the **decoder** decodes the pictures. The… **decoder** can be a processor, application specific integrated circuit (ASIC), field programmable gate array (FPGA), coder/decoder (CODEC), digital signal processor | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path" | | §112,¶6<br><br>Function: decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path.<br><br>Structure: Decoder | (DSP), or some other electronic device that is capable of encoding the stream of pictures…. The term **"decoder"** will be used to refer expansively to all electronic devices that decode digital video content comprising a stream of pictures." '376 Patent 4:58-5:3. | |
| "means for using said plurality of decoded processing blocks to construct a | '376 Patent Claim 22 | This is a means-plus-function limitation that must be construed according to 35 U.S.C. §112,¶6 | "The… decoder can be a processor, application specific integrated circuit (ASIC), field programmable gate array (FPGA), coder/decoder (CODEC), digital signal processor (DSP), or some other electronic device that is capable of encoding the stream of pictures…. The term | |

| CLAIM TERM | CLAIM(S) | PROPOSED CONSTRUCTION | INTRINSIC EVIDENCE | OTHER EVIDENCE[1] |
|---|---|---|---|---|
| decoded picture" | | Function: using said plurality of decoded processing blocks to construct a decoded picture<br><br>Structure: Decoder | "decoder" will be used to refer expansively to all electronic devices that decode digital video content comprising a stream of pictures." '376 Patent 4:59-5:3. | |

# EXHIBIT 2

**Motorola's Preliminary Proposed Constructions for U.S. Patent No. 6,339,780**

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| "hypermedia browser" | all asserted claims | an application or application program that is capable of displaying or otherwise rendering hypermedia content and of loading additional or alternative hypermedia content in response to a user's selection of hyperlinks<br><br>wherein "hypermedia content" is the integration of any combination of text, graphics, sound, and video into a primarily associative system of information storage and retrieval in which users jump from subject to related | browser: "*See* Web browser." (Microsoft Computer Dictionary -- Third Edition).<br><br>web browser: "A client application that enables a user to view HTML documents on the World Wide Web, another network, or the user's computer; follow the hyperlinks among them; and transfer files. Text-based Web browsers, such as Lynx, can serve users with shell accounts but show only the text elements of an HTML document; most Web browsers, however, require a connection that can handle IP packets but will also display graphics that are in the document, play audio and video files, and execute small programs, such as Java applets or ActiveX controls, that can be embedded in HTML documents. Some Web browsers required helper applications or plug-ins to accomplish one or more of theses tasks. In addition, most current Web browsers permit users to send and receive e-mail and to read and respond to newsgroups. *Also called* browser. *See also* ActiveX controls, helper application, hyperlink, Internet Explorer, Java applet, Lynx, Mosaic, Netscape Navigator, plug-in." (Microsoft Computer Dictionary -- Third Edition).<br><br>hypermedia: "The integration of any combination of text, |

---

[1] Motorola's investigation is ongoing, and Motorola reserves the right to identify additional extrinsic evidence pursuant to Supplemental Patent Rule 131(b).

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| | | subject in searching for information, and is not hypertext. | graphics, sound, and video into a primarily associative system of information storage and retrieval in which users jump from subject to related subject in searching for information.  Hypermedia attempts to offer a working and learning environment that parallels human thinking -- that is, one in which the user can make associations between topics, rather than move sequentially from one to the next, as in an alphabetic list.  For example, a hypermedia presentation on navigation might include links to astronomy, bird migration, geography, satellites and radar.  If the information is primarily in text form, it is regarded as hypertext; if video, music, animation, or other elements are included, the information is regarded as hypermedia.  *See also* hypertext."  (Microsoft Computer Dictionary -- Third Edition). |
| "graphic element" | all asserted claims | a visual indicator that is not content | |
| "during times when the browser is loading content"<br><br>"during times when the browser is loading visible content" | 1-6, 9-14, 17-18 and 20-21 | during the times when content is being loaded by the browser into the content viewing area | |
| "load status" | 32-42 | information indicating that content is being loaded into the | |

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| "status information" | 9 | content viewing area of the hypermedia browser | |
| "obstruct"<br><br>"obstructs"<br><br>"obstructing" | all asserted claims | block from sight | obstruct:  "1.  To clog or block (a passage) with obstacles.  2.  To impede, regard, or interfere with *<obstruct legislation>* 3.  To cut off from sight."  (Webster's II New College Dictionary (1995)).<br><br>obstruct:  "1.  To block or fill (a passage) with obstacles or an obstacle.  See Syns at **block**.  2.  To impede, retard, or interfere with; hinder.  3.  To get in the way of so as to hide from sight."  (American Heritage College Dictionary -- Third Edition (1997)). |
| "content" | all asserted claims | data for presentation which is from a source external to the browser | |
| "markup language" | | a programming language using codes in a text file that instruct a computer how to format it on a printer or video display or how to index and link its contents | markup language:  "A set of codes in a text file that instruct a computer how to format it on a printer or video display or how to index and link its contents.  Examples of markup languages are Hypertext Markup Language (HTML), which is used in Web pages, and Standard Generalized Markup Language (SGML), which is used for typesetting and desktop publishing purposes and in electronic documents.  Markup languages of this sort are designed to enable documents and other files to be platform independent and highly portable between |

-3-

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| | | | applications.  *See also* HTML, SGML."  (Microsoft Computer Dictionary -- Third Edition).<br><br>"markup language *See*:  page description language."  (The IEEE Standard Dictionary of Electrical and Electronics Terms -- Sixth Edition).<br><br>page description language:  "A computer language in which commands from a text-formatting language are combined into higher-level instructions that can be used in other documents.  Examples include GML, HPGL, Postscript, and TEX.  *Synonym*:  markup language."  (The IEEE Standard Dictionary of Electrical and Electronics Terms -- Sixth Edition). |
| "scripting language" | | a programming language to provide a set of instructions to an application or utility program | scripting language:  "A simple programming language designed to perform special or limited tasks, sometimes associated with a particular application or function.  An example of a scripting language is Perl.  *See also* Perl, script."  (Microsoft Computer Dictionary -- Third Edition).<br><br>script:  "A program consisting of a set of instructions to an application or utility program.  The instructions usually use the rules and syntax of the application or utility.  *See also* macro."  (Microsoft Computer Dictionary -- Third Edition). |

**Motorola's Preliminary Proposed Constructions for U.S. Patent No. 7,411,582**

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| "icon" | 1.1, 1.2, 15.2 | A small image displayed on the screen to represent an object that can be manipulated by the user. | Microsoft Press, Computer Dictionary (3d ed. 1997)<br><br>"icon": A small image displayed on the screen to represent an object that can be manipulated by the user.  By serving as visual mnemonics and allowing the user to control certain computer actions without having to remember commands or type them at the keyboard, icons arc a significant factor in the user-friendliness of graphical user interfaces.  See the illustration.<br><br><br><br>Random House Webster's Computer & Internet Dictionary (3d ed. 1999)<br><br>"icon": A small picture that represents an object or program. Icons are very useful in applications that use windows, because with the click of a mouse button you can shrink an |

---

[1] Motorola's investigation is ongoing, and Motorola reserves the right to identify additional extrinsic evidence pursuant to Supplemental Patent Rule 131(b).

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|------|--------|-----------------------------------|------------------------------------------------------|
| | | | entire window into a small icon.  (This is sometimes called minimizing.)  To redisplay the window, you merely move the pointer to the icon and click (or double click) a mouse button.  (This is sometimes called restoring or maximizing.)<br><br>Webster's New World Dictionary of Computer Terms (7th ed. 1999)<br><br>"icon": In a graphical user interface (GUI), an on-screen symbol that represents a program, data file, or some other computer entity or function.  Several icons might appear together on an icon bar, an on-screen row of buttons, usually placed just above the document window, that enables the user to choose frequently accessed menu options without having to use the menus.  On each button is an icon that shows the button's function.  For example, the Print button might display a tiny picture of a printer. |
| "providing the input to a computer program of the one or more computer programs as if the information was received via user input received from a hardware input device"<br><br>"provided to the | 1.6, 4, 11.3, 15.3, 19.2 | As if the received information originated from a hardware input device rather than the interactive input panel. | Charles Petzold, Programming Windows 95 241-269 (Microsoft Press 1996)<br><br>Pages 241-42: "As the user presses and releases keys, the keyboard driver passes the keystrokes to Windows.  Windows saves the keystrokes (in the form of messages) in the system message queue.  It then transfers the keyboard messages one at a time to the message queue of the program that contains the window with the current "input focus" (which I'll discuss shortly).  The program then dispatches the messages to the proper window procedure." |

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| application program in a same manner as if the input was received via a hardware keyboard" (claim 4)<br><br>"provided to the active application program as if the information was received via user input at a hardware input device" (claim 11.3)<br><br>"provided to the computer application as if the user data was received from a hardware input device" (claim 15.3)<br><br>"sent to the computer program as if the input data was received via user input received from a hardware | | | Page 243: "The messages that an application receives from Windows about keyboard events distinguish between 'keystrokes' and 'characters.'"<br><br>Page 244: "When you press a key, Windows places either a WM_KEYDOWN or WM_SYSKEYDOWN message in the message queue of the window with the input focus.  When you release a key, Windows places either a WM_KEYUP or WM_SYSKEYUP message in the message queue.<br><br>Usually the "down" and "up" messages occur in pairs.  However, if you hold down a key so that the typematic (autorepeat) action takes over, Windows sends the window procedure a series of WM_KEYDOWN (or WM_SYSKEYDOWN) messages and a single WM_KEYUP (or WM_SYSKEYUP) message when the key is finally released.  Like all queued messages, keystroke messages are time-stamped. You can obtain the relative time a key was pressed or released by calling Get Message Time."<br><br>Page 245: "For all four keystroke messages, the 32-bit lParam variable passed to the window procedure is divided into six fields: Repeat Count, OEM Scan Code, Extended Key Flag, Context Code, Previous Key State, and TransitionState. (See Figure 5-1.)" |

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| input device" (claim 19.2) | | | <br><br>Page 247: "Although some information in lParam might be useful for processing WM_KEYUP, WM_KEYDOWN, WM_SYSKEYUP, and WM_SYSKEYDOWN messages, the wParam parameter is much more important.  This parameter contains the "virtual key code" that identifies the key that was pressed or released.  The developers of Windows have attempted to define virtual keys in a device-independent manner.  For this reason, some virtual key codes cannot be generated on the IBM PC and strict compatibles but may be found on other manufacturer's keyboards." |
| "interactive input panel" | 1.4, 1.5, 6, 11.3 | Plain and ordinary meaning. | |
| "input panel" | 8, 9, (also in 29) | Plain and ordinary meaning. | |
| "selecting one of a plurality of executable input methods" | 11.1 | Plain and ordinary meaning. | |

-4-

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| "wherein communicating the information comprises passing the information to an ***interface***" (claim 3)<br><br>"having a defined ***interface*** set such that the executable input method is connectable to the application programs" (claim 11.1)<br><br>"wherein the selected input method calls functions in the manager component via a defined ***interface*** set" (claim 27) | 3, 11.1, 27 | A defined set of methods and data that allow for communication with a COM object. | Kraig Brockschmidt, Inside OLE 187 (2d ed. 1995)<br><br>"When an object supports one or more outgoing interfaces, it is said to be *connectable*."<br><br>Kraig Brockschmidt, Inside OLE 80 (2d ed. 1995)<br><br>"The first and foremost concept surrounding an interface is that it is a form of contract between the client using the interface and the object implementing it.  This contract means that when a client has a pointer to an interface, the client can successfully call every member function in that interface."<br><br>Kraig Brockschmidt, Inside OLE 80-81 (2d ed. 1995)<br><br>"The encapsulation of functionality in objects accessed through interfaces makes COM/OLE an open, extensible system.  It is open in the sense that anyone can provide an implementation of a define interface and anyone can develop a client that uses such interfaces.  It is extensible in the sense that new or extended interfaces can be defined without changing existing client or components, and those clients that understand the new interfaces can exploit them on newer components while continuing to interoperate with older components through the old interfaces."<br><br>Kraig Brockschmidt, Inside OLE 27 (2d ed. 1995)<br>"OLE is in no way required as the solution *unless* you are dealing with an integration problem among components from |

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|------|--------|-----------------------------------|-----------------------------------------------------|
| | | | multiple vendors.  In that case, you want to adhere to the standards and interfaces that make up the various OLE technologies.  In other words, integration among arbitrary components that were not known to each other during development requires standards, and that is what OLE provides." |
| "invoking a selected input method"  "invoking the selected input method" (claim 17) | 15.2, 17 | Loading and calling an input method by a management component. | |
| "installing" | 1.4 | Plain and ordinary meaning. | |
| "receiving"  "received" (claims 11.3, 19.1) | 1.5, 6, 11.3, 19.1 | Plain and ordinary meaning. | |
| "distinct from the computer programs" | 1.1, 11.1, 15.1, 19.1 | Independent and separate from the computer programs and applications. Computer programs and applications are self-contained executable software. | Microsoft Press, Computer Dictionary (3d ed. 1997)  "application": A program designed to assist in the performance of a specific task, such as word processing, accounting or inventory management.  "computer program": A set of instructions in some computer language intended to be executed on a computer so as to perform some task.  The term usually implies a self- |

-6-

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| | | | contained entity, as opposed to a routine or a library. |
| "window" | 11.2, 11.3, 14, 15, 21, 22, 23, 29, 30, 31 | A rectangular portion of a display containing visual information. Windows are hidable, dockable, movable and resizable. | Microsoft Press, Computer Dictionary (3d ed. 1997)<br><br>"window" In applications and graphical interfaces, a portion of the screen that can contain its own document or message. In window-based programs, the screen can be divided into several windows, each of which has its own boundaries and can contain a different document (or another view into the same document).<br><br>"windowing environment": An operating system or shell that presents the user with specially delineated areas of the screen called windows.  Windowing environments typically allow windows to be resized and moved around on the display.  The Macintosh Finder, Windows and the OS/2 Presentation Manager are all examples of windowing environments.<br><br>The Windows Interface Guidelines for Software Design (1995) (Glossary)<br><br>"window": A standard Windows object that displays information.  A window is a separately controllable area of the screen that typically has a rectangular border.<br><br>"pane": One of the separate areas in a split window. |
| "receiving input via the interactive input | 1.5 | Plain and ordinary meaning. | Microsoft Press, Computer Dictionary (3d ed. 1997)<br><br>"input": Information entered into a computer or program for |

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| panel" | | | processing, as from a keyboard or from a file stored on a disk drive. |
| "graphical windowing environment" | 2, 4, 19.1, 19.2, 29, | An operating system or shell that presents the user with specially delineated areas of the screen (e.g., windows). | Microsoft Press, Computer Dictionary (3d ed. 1997)<br><br>"windowing environment": An operating system or shell that presents the user with specially delineated areas of the screen called windows.  Windowing environments typically allow windows to be resized and moved around on the display.  The Macintosh Finder, Windows and the OS/2 Presentation Manager are all examples of windowing environments.<br><br>"layered interface": In programming, one or more levels of routines lying between an application and the computing hardware and separating activities according to the type of task the activities are designed to carry out.  Ultimately, such an interface makes it easier to adapt a program to different types of equipment. |

-8-

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| | | |  |
| "opening an input window on a display of the computer system independent of a window of an active application program" | 11.2 | Opening a window associated with a input method, the window being independent from the window of the active application program. | Microsoft Press, Computer Dictionary (3d ed. 1997)<br><br>"application": A program designed to assist in the performance of a specific task, such as word processing, accounting or inventory management.<br><br>"active program": The program currently in control of a microprocessor.<br><br>"active": Pertaining to the device, program, file or portion of the screen that is currently operational or subject to command operations.  Usually the cursor or a highlighted section shows the active element on the display screen.<br><br>"active window": In an environment capable of displaying |

-9-

| Term | Claims | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence[1] |
|---|---|---|---|
| | | | multiple on-screen windows, the window containing the display or document that will be affected by current cursor movement. |
| Miscrosoft's proposed term:<br><br>"actuatable icon representative of an input method list" | 1.1 | An icon that, when actuated, causes the display of a list of input methods. | See "icon", above. |

# EXHIBIT D

THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6 UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8 MICROSOFT CORPORATION, a Washington
corporation,

CASE NO. C10-1823-JLR

9
                                    Plaintiff,

10
                                                      PLAINTIFF AND CROSS-
                                                      DEFENDANT MICROSOFT
                                                      CORPORATION'S PRELIMINARY
11        v.                                          CLAIM CONSTRUCTIONS AND
                                                      SUPPORTING EXTRINSIC EVIDENCE
12 MOTOROLA, INC., and MOTOROLA
MOBILITY, INC., ET AL.

13
                                    Defendants.

14

15        Plaintiff and Cross-Defendant Microsoft Corporation ("Microsoft") respectfully

16 submits in Exhibit A its Preliminary Claim Constructions and Supporting Extrinsic

17 Evidence pursuant to Local Patent Rule 131 and this Court's Standing Order for Patent

18 Cases, for the asserted claims of U.S. Patent Nos. 6,339,780 (" '780 patent"); 7,411,582

19 (" '582 Patent"); 7,310,374 (" '374 patent"); 7,310,375 (" '375 patent"); 7,310,376 ("

20 '376 patent").

21        For claims 1-7 of the '374 Patent, claims 1-5 of the '375 Patent, and claims 1-5,

22 7-11, and 13 of the '376 Patent (collectively "the Encoding Claims"), Motorola has failed

23 to provide infringement contentions identifying specifically where each element of each

24 Asserted Claim is found within each Accused Device as required by Local Patent Rule

25

26 PLAINTIFF AND CROSS-DEFENDANT MICROSOFT
CORPORATION'S PRELIMINARY CLAIM
CONSTRUCTIONS AND SUPPORTING EXTRINSIC
EVIDENCE - 1
CASE NO. C10-1823-JLR

1   120(c).  Microsoft reserves the right to update its Preliminary Claim Constructions and

2   Supporting Extrinsic Evidence to the extent Motorola is allowed to update its

3   infringement contentions for the Encoding Claims. Microsoft further reserves the right to

4   update its Preliminary Claim Constructions and Supporting Extrinsic Evidence to attempt

5   to narrow the dispute between Microsoft and Motorola's proposed constructions.

6            DATED this 16th day of December, 2011.

7                                 DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

8

9            By _____

10                   Arthur W. Harrigan, Jr., WSBA #1751
                     Christopher Wion, WSBA #33207
                     Shane P. Cramer, WSBA #35099

11

12                   T. Andrew Culbert
                     David E. Killough
13                   MICROSOFT CORPORATION
                     1 Microsoft Way
14                   Redmond, WA 98052
                     Phone: 425-882-8080; Fax: 425-869-1327
15

16                   John W. McBride, of Counsel
                     David T. Pritikin, of Counsel
17                   Richard A. Cederoth, of Counsel
                     Douglas I. Lewis, of Counsel
18                   SIDLEY AUSTIN LLP
                     One South Dearborn
19                   Chicago, IL 60603
                     Phone: 312-853-7000; Fax: 312-853-7036
20

21                   Brian R. Nester, of Counsel
                     SIDLEY AUSTIN LLP
22                   1501 K Street NW
                     Washington, DC 20005
23                   Telephone: 202-736-8000; Fax: 202-736-8711

24
                     Counsel for Plaintiff Microsoft Corp.
25

26   PLAINTIFF AND CROSS-DEFENDANT MICROSOFT              LAW OFFICES
     CORPORATION'S PRELIMINARY CLAIM            DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
     CONSTRUCTIONS AND SUPPORTING EXTRINSIC            999 THIRD AVENUE, SUITE 4400
     EVIDENCE - 2                                       SEATTLE, WASHINGTON 98104
     CASE NO. C10-1823-JLR                       TEL, (206) 623-1700 FAX, (206) 623-8717

91

1

## CERTIFICATE OF SERVICE

2

3   I hereby certify that on September 2, 2011, I served a true and correct copy of

Plaintiff and Cross-Defendant Microsoft Corporation's Preliminary Claim Constructions

4   and Supporting Extrinsic Evidence via electronic mail on the counsel of record below.

5

6   **Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

7

Philip S. McCune
8   Lynn M. Engle
Summit Law Group

9

Steven Pepe
10  Jesse J. Jenner
Norman Beamer
11  Paul M. Schoenhard
Ropes & Gray
12

13

14  Shane P. Cramer

15

16

17

18

19

20

21

22

23

24

25

26  PLAINTIFF AND CROSS-DEFENDANT MICROSOFT
CORPORATION'S PRELIMINARY CLAIM
CONSTRUCTIONS AND SUPPORTING EXTRINSIC
EVIDENCE - 3
CASE NO. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

92

# Exhibit A

1

## I.  MOTOROLA'S '374, 375, AND 376 PATENTS

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| '374 cls. 8, 14; '375 cls. 6, 13, 14; '376 cls. 14, 15, 18-20, 22, 23, 26-28, 30<br><br>1.  "macroblock" | a rectangular group of pixels | Extrinsic Evidence:<br><br>ISO-IEC/JTCl/SC29/WGll MPEG 91/228, November 1991 [MS-MOTO_1823_00000720812], at 4 ("A block contains 8 x 8 pixels …. A Macroblock consists of four blocks, i.e. two Y blocks together with corresponding Cr block and Cb block.").<br><br><br><br>*Id.*<br><br>ISO/IEC JTC1/SC2/WG11 MPEG 91/221 [MS-MOTO_1823_00000720713], at 3-4 ("A block consists of an array of 8 pixels x 8 lines of either luminance or one of the color difference signals…. A macroblock consists of 2 horizontally adjacent luminance blocks (16 pixels x 8 lines) and the co-sited single 8x8 Cb block and single 8x8 Cr block.").<br><br>U.S. Patent No. 5,878,166 (filed Dec 26, 1995, issued Mar 2, 1999) [MS-MOTO_1823_00000718345], at 10:12-15 ("This results in a macroblock which comprises 4x4 pixels, |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| | | so that there is a 4x2 macroblock in Field $F_1$ and 4x2 [sic] macroblock in field $F_2$."); 10:37-38 ("This results in a 8x8 macroblock comprising an 8x4 macroblock in Field $F_1$ and an 8x4 macroblock in Field $F_2$."). |
| '374 cls. 8-12, 14-18; '375 cls. 6-9, 11, 13, 14, 16, 17; '376 cls. 14, 15, 19, 20, 22, 23, 27, 28<br><br>2.  "block" | a rectangular group of pixels within a macroblock | |
| '374 cls. 8, 14; '375 cls. 6, 13, 17; '376 cls. 14, 22, 30<br><br>3.  "picture" | either a frame or two fields of a frame representing visual data | Extrinsic Evidence:<br>H.264 Joint Final Committee Draft (JFCD) of Joint Video Specification [MS-MOTO_1823_00005162710], at 3.64 "**picture**: A collective term for a *field* or a *frame*".<br><br>The American Heritage Dictionary (2nd College Ed.), at 938 ("**picture** … *n*. 1 A visual representation or image painted, drawn, photographed, or otherwise rendered on a flat surface.  2. A visible image, esp. one on a flat surface: *the picture reflected in the lake*.").<br><br>ITC Inv. 752, *Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Joint Identification of Claim Terms and Proposed Constructions, Tab A [MS-MOTO_1823_00005194931], at 1 ("picture … either a frame or two fields of a frame representing visual data"). |
| 4.<br>'374 cl. 8<br>"decoding an encoded picture having a plurality of smaller | '374 cl. 8; '375 cls. 6, 13<br>reversing the encoding of a bitstream to reproduce the picture that was encoded, where the encoded picture is divided into "a plurality of smaller | |

3

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| portions from a bitstream", cl. 14 "decoding an encoded picture from a bitstream"<br><br>'375 cls. 6, 13 "decoding an encoded picture having a plurality of smaller portions from a bitstream", cl. 17 "decoding an encoded picture from a bitstream"<br><br>'376 cl. 14 "decoding an encoded picture having a plurality of processing blocks, each processing block containing macroblocks, each macroblock containing a plurality of blocks, from a bitstream", cl. 22 "decoding an encoded picture from a bitstream" | portions"<br><br>'376 cl. 14 reversing the encoding of a bitstream to reproduce the picture that was encoded, where the encoded picture is divided into "a plurality of processing blocks" | |
| 5.<br>'374 cls. 8, 14 "decoding at least one | removing frame coding by simultaneously converting all the data representing the "at least one of said | Intrinsic Evidence:<br><br>United States Patent No. 5,504,530 (to Okibane et al.) from |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode"<br><br>'376 cl. 14 "decoding at least one of a plurality of processing blocks at a time, wherein each of said plurality of processing blocks includes a pair of macroblocks or a group of macroblocks, in frame coding mode and at least one of said plurality of processing blocks at a time in field coding mode, wherein said decoding is applied to a pair of blocks, or a group of blocks, | plurality of smaller portions" into at least one of a plurality of "decoded smaller portions" and removing field coding by simultaneously converting all the data representing the "at least one of said plurality of smaller portions" into at least one of a plurality of "decoded smaller portions" | '374 File History.[1]<br><br>Extrinsic Evidence:<br><br>The American Heritage Dictionary of Idioms (1997) [MS-MOTO_1823_00005194906], at 25 ("**at a time** – see at one time, def. 1."), 30 (**at one time 1.** Simultaneously, at the same time, as in *All the boys jumped into the pool at one time*. For synonyms, see at once, def. 1; at the same time, def. 1."), 29 ("**at once 1.** At the same time, as in *We can't all fit into the boat at once*. [First half of 1200s] Also see at one time, def. 1."), 33 ("**at the same time 1.** Simultaneously, as in *We were all scheduled to leave at the same time*. This idiom was first recorded in 1526. For synonyms, see at once, def. 1; at one time, def. 1.").<br><br>The American Heritage Dictionary (2nd College Ed.), at 1271 [MS-MOTO_1823_00005194898] ("**at one time. 1.** Simultaneously.""). |

---

[1] This patent is part of the file history of the '374 patent, and is therefore intrinsic evidence. To facilitate the claim construction process, Microsoft identifies this patent now, though identification of intrinsic evidence is not required at this time. Microsoft will identify the remainder of its intrinsic evidence in accordance with the Local Patent Rules and the Court's scheduling orders.

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| wherein said decoding is performed in a horizontal scanning path or a vertical scanning path", cls. 22, 30 "decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode" | | |
| 6.<br>'375<br>cl. 6 selectively decoding at least one of a plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller | removing frame coding by choosing to simultaneously convert all the data representing the "at least one of said plurality of smaller portions" into at least one of a plurality of "decoded smaller portions" and removing field coding by choosing to simultaneously convert all the data representing the "at least one of said plurality of | Extrinsic Evidence:<br><br>Webster's New World Dictionary, (2nd College Ed.) at 1291 [MS-MOTO_1823_00005194926] ("**select** … adj. [L. selectus, pp. of seligere, to choose, pick out < se, apart + legere, to choose: see logic] … to choose or pick out from among others, as for excellence, desirability, etc. –vi. to make a selection; choose –SYN, see choose"). |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| portions at a time in field coding mode"<br><br>cl. 13 "selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode",<br><br>cl. 17 "selectively decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode" | smaller portions" into at least one of a plurality of "decoded smaller portions" | *See* term 5 above ("decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode", etc.). |
| 7.<br>'374 cl. 14<br>"means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded | Function:<br>'374 cl. 14<br>"decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a | *See* terms 5 and 6 above. |

7

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode"*<br><br>'375 cl. 13<br>"means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that | time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode" [*see* construction for term 5 above.]<br><br>'375 cl. 13<br>"selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time" [*see* construction for term 6 above.]<br><br>'376 cl. 22<br>"decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock | |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time"*<br><br>'376 cl. 22<br>"means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path"* | containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path" [*see* construction for term 5 above.]<br><br>Structure:<br>a processor, application specific integrated circuit (ASIC), field programmable gate array (FPGA), coder/decoder (CODEC), or digital signal processor (DSP) performing the algorithm of: in field mode, creating in memory one or more macroblocks each containing one field and one or more macroblocks each containing the other field and processing each such macroblock in turn to create in memory at least two macroblocks containing lines from both fields and in frame mode, creating in memory one or more macroblocks each containing lines from both fields and processing each such macroblock in turn to create in memory at least two macroblocks containing lines from both fields | |

9

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| 8.<br>374 cls. 8, 14; 375 cls. 6, 13, 17<br><br>wherein each of said smaller portions has a size that is larger than one macroblock | wherein every one of the smaller portions contains more pixels in the horizontal and/or vertical dimension than a macroblock | *See* "macroblock" above. |
| 9.<br>'374  cl. 8 "wherein at least one block within said at least one of said plurality of smaller portions at a time is encoded in inter coding mode",<br>cl. 14 "wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode"<br><br>'375 cls. 6, 17 "wherein at least one block within said at least one of said plurality of smaller portions is encoded in intra coding mode at a time", cl. 13 wherein at | '374  cl. 8 encoding at least one block within at least one of said plurality of smaller portions at a time in inter coding mode<br><br>'375 cls. 6, 17 encoding at least one block within at least one of said plurality of smaller portions at a time in intra coding mode | *See* term 5 above ("decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode", etc.). |

102

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time | | |
| 10. '374 cls 8, 14; '375 cls. 6, 13, 17; '376 cls. 14, 20, 22, 28, 30<br><br>"field coding mode" | coding using macroblocks that have lines from only one field | |
| 11. '374 cls. 8, 14; '375 cls. 6, 13, 17; '376 cls. 14, 19, 22, 27, 30<br><br>"frame coding mode" | coding using macroblocks that have lines from both fields | |
| 12. '374 cls. 8, 14; '375 cls. 6, 13, 17<br><br> "using said plurality of decoded smaller portions to construct a decoded picture"<br><br>'376 cls. 14, 22, 30 "using said plurality of decoded processing blocks to construct a decoded picture" | assembling the decoded smaller portions to form a decoded "picture"<br><br>assembling the decoded processing blocks to form a decoded "picture" | Extrinsic Evidence:<br><br>The American Heritage Dictionary (2nd College Ed.) at 315 [MS-MOTO_1823_00005194890] ("**construct** … 1. To form by assembling parts; build."). |

11

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| 13.<br>'374 cl. 14; '375 cl. 13 "means for using said plurality of decoded smaller portions to construct a decoded picture"*<br><br>'376 cl. 22 "means for using said plurality of decoded processing blocks to construct a decoded picture"* | Function:<br>'374 cl. 14; '375 cl. 13 "using said plurality of decoded smaller portions to construct a decoded picture" [*see* construction for term 12 above.]<br>'376 cl. 22 "using said plurality of decoded processing blocks to construct a decoded picture" [*see* construction for term 12 above.]<br><br>Structure:<br>'374 cl. 14; '375 cl. 13 a processor, application specific integrated circuit (ASIC), field programmable gate array (FPGA), coder/decoder (CODEC), or digital signal processor (DSP) performing the algorithm of assembling a decoded picture using the decoded smaller portions like bricks in a wall<br>'376 cl. 22 a processor, application specific integrated circuit (ASIC), field programmable gate array (FPGA), coder/decoder (CODEC), or digital signal processor (DSP) performing the algorithm of assembling a decoded picture using the decoded processing blocks like bricks in a wall | *See* term 12 ("using said plurality of decoded smaller portions to construct a decoded picture", etc.) above. |
| 14. | receiving as part of the bitstream at | |

104

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| '374<br>cl. 9 "wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions", cl. 15 "wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions" | least one value containing the amount of temporal motion required for the image to move to a new temporal position in the picture for each "said at least one block within at least one of said plurality of smaller portions block" | |
| 15.<br>'374  cl. 10 "wherein said at least one motion vector is spatially predictive coded for a current block of said plurality of smaller portions", cl. 16 "wherein said at least one motion vector is spatially predictive coded for a current block of said plurality of smaller portions" | spatially predictive coding at least one motion vector for each "current block of said plurality of smaller portions" | |
| 16.<br>'376 cls. 19, 27 "said pair of macroblocks comprises a top block and a | said pair of macroblocks comprises a block that is vertically higher than any other block in the pair of macroblocks and a block that is vertically lower than any other block in the pair of | Extrinsic Evidence:<br><br>The American Heritage Dictionary (2nd College Ed.), at 1278 [MS-MOTO_1823_00005194902] ("**top** … n. 1. The uppermost part, point surface, or end."). |

13

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| bottom block" | macroblock | The American Heritage Dictionary (2nd College Ed.), at 199 [**MS-MOTO_1823_00005194886**] ("**bottom** … n. 1. the lowest or deepest part of something."). |

## II. MICROSOFT'S '780 PATENT

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| 1. "content" | information for presentation (such as data, graphics, video, or audio) which is from a source external to a browser | • Forman & St. John, Creating Convergence, Scientific America, 52, November 2000 (*previously available at* www.sciam.com/2000/1100issue/ 1100stjohnbox.html). Motorola has produced this document at MOTM_WASH1823_0333560 – 66. The relevant image is shown below, with examples of content circled:  |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| 2. "hypermedia browser" [identified by both parties] | An application or application program that is capable of displaying or otherwise rendering hypermedia content and of loading additional or alternative hypermedia content in response to a user's selection of hyperlinks | • The Computer Desktop Encyclopedia, 1996 (produced at MS-MOTO_1823_00005195112 – 21): "hypermedia – The use of data, text, graphics, video and voice as elements in a hypertext system.  All the various forms of information are linked together so that a user can easily move from one to another."  "browser – A program that lets you look through data." |
| 3. "markup language" | a language, contained in a text file, for defining the formatting in a document | • The Computer Desktop Encyclopedia , 1996 (produced at MS-MOTO_1823_00005195112 – 21): "markup language – see SGML and HTML."  "SGML – (Standard Generalized Markup Language) An ISO standard for defining the formatting in a text document.  It is a comprehensive language that can even define hypertext links."  "HTML – (HyperText Markup Language)  A standard for defining documents with hypertext links.  HTML is a subset of SGML . . . and is used to establish links between documents on the World Wide Web."<br><br>• Microsoft Computer Dictionary, 4th edition, 1999 (produced at MS-MOTO_1823_00005194877 – 81): "markup language n. A set of codes in a text file that instruct a computer how to format it on a printer or video display or how to index and link its contents." |
| 4. "scripting language" | A limited programming language included in an application program that enables automation of limited tasks | • Que's Computer & Internet Dictionary, 6th edition, 1995 (produced at MS-MOTO_1823_00005195107 – 11): "script language – A limited programming language included in an application program that enables you to automate certain tasks."<br><br>• Microsoft Computer Dictionary, 4th edition, 1999 |

15

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| | | (produced at MS-MOTO_1823_00005194877 – 81): "scripting language n. A simple programming language designed to perform special or limited tasks, sometimes associated with a particular application or function." |
| • **Terms identified by Motorola** | | |
| 5. "graphic element" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>A discrete picture image for viewing on a computer display screen | • The Computer Desktop Encyclopedia, 1996 1996 (produced at MS-MOTO_1823_00005195112 – 21): "graphics – Called computer graphics, it is the creation and manipulation of picture images in the computer. . . . A graphics computer system requires a graphics display screen, a graphics input device (tablet, mouse, scanner, camera, etc.), a graphics output device (dot matrix printer, laser printer, plotter, etc.) and a graphics software package." |
| 6. "during times when the browser is loading content" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>While the hypermedia browser is loading content (for the purpose of displaying the content) | • The Computer Desktop Encyclopedia, 1996 1996 (produced at MS-MOTO_1823_00005195112 – 21): "loaded – Brought into the computer and ready to go." |
| 7. "during times when the browser is loading visible content" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>while the hypermedia browser is loading content (for the purpose of | • The Computer Desktop Encyclopedia, 1996 1996 (produced at MS-MOTO_1823_00005195112 – 21): "loaded – Brought into the computer and ready to go."<br><br>• Webster's Third New International Dictionary, 3rd edition, 1993 (produced at MS-MOTO_1823_00005195122 – 27): "visible . . . 1a: capable of being seen" |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| | displaying the), where at least part of the content is capable of being seen. | |
| 8. "load status" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>The condition or state of content being loaded | • The Computer Desktop Encyclopedia, 1996 1996 (produced at MS-MOTO_1823_00005195112 – 21): "loaded – Brought into the computer and ready to go."<br><br>• Webster's Third New International Dictionary, 3rd edition, 1993 (produced at MS-MOTO_1823_00005195122 – 27): "status . . . 3: state of affairs" |
| 9. "obstruct[s/ing]" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>To block or otherwise interfere with | • Webster's Third New International Dictionary, 3rd edition, 1993 (produced at MS-MOTO_1823_00005195122 – 27): "obstruct . . . 1: to block up: stop up or close up: place an obstacle in or fill with obstacles or impediments to passing . . . 2: to be or come in the way of: hinder from passing, action or operation: IMPEDE, RETARD." |
| 10. "status information" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>Information about a state of affairs | • Webster's Third New International Dictionary, 3rd edition, 1993 (produced at MS-MOTO_1823_00005195122 – 27): "status . . . 3: state of affairs" |

17

### III. MICROSOFT'S '582 PATENT

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| 1. "actuatable icon representative of an input method list" | An icon, representing a list of input methods, that can be activated<br><br>See also "icon" | • Que's Computer & Internet Dictionary, 6th edition, 1995 (produced at MS-MOTO_1823_00005195107 – 11): "icon – In a graphical user interface (GUI), an on-screen symbol that represents a *program*, data *file*, or some other computer entity or function"<br><br>• The Computer Desktop Encyclopedia, 1996 (produced at MS-MOTO_1823_00005195112 – 21): "icon- a small, pictorial, on-screen representation of an object (file, program, disk, etc.) used in graphical interfaces…"<br><br>• Microsoft Computer Dictionary, 4th edition, 1999 (produced at MS-MOTO_1823_00005194882 – 85): "icon n. A small image displayed on the screen to represent an object that can be manipulated by the user. By serving as visual mnemonics and allowing the user to control certain computer actions without having to remember commands or type them at the keyboard, icons contribute significantly to the user-friendliness of graphical user interfaces and to PCs in general." |
| **Terms identified by Motorola** | | |
| 2. "icon" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>An on-screen representation of something | • Microsoft Computer Dictionary, 4th edition, 1999 (produced at MS-MOTO_1823_00005194882 – 85): "icon n. A small image displayed on the screen to represent an object that can be manipulated by the user. By serving as visual mnemonics and allowing the user to control certain computer actions without having to remember commands or type them at the keyboard, icons contribute significantly to the user-friendliness of graphical user interfaces and to PCs in general." |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| | | • Que's Computer & Internet Dictionary, 6th edition ,1995 (produced at MS-MOTO_1823_00005195107 – 11): "icon – In a graphical user interface (GUI), an on-screen symbol that represents a *program*, data *file*, or some other computer entity or function"<br><br>• The Computer Desktop Encyclopedia, 1996 (produced at MS-MOTO_1823_00005195112 – 21): "icon- a small, pictorial, on-screen representation of an object (file, program, disk, etc.) used in graphical interfaces…" |
| 3. "providing the input to a computer program of the one or more computer programs as if the information was received via user input received from a hardware input device" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>Provided to the computer program in a manner such that the application does not need to recognize whether the information was received from a hardware device or not | |
| 4. "provided to the application program in a same manner as if the input was received via a hardware keyboard" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>Provided to the application program in a manner such that the application does not need to recognize whether the input was received from a hardware device or not | |
| 5. "provided to the | No construction needed; if the term | |

19

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| active application program as if the information was received via user input at a hardware input device" | needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>Provided to the application program in a manner such that the program does not need to recognize whether the information was received from a hardware device or not | |
| 6. "provided to the computer application as if the user data was received from a hardware input device" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>Provided to the computer application in a manner such that the computer application does not need to recognize whether the data was received from a hardware device or not | |
| 7. "sent to the computer program as if the input data was received via user input received from a hardware input device" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>Provided to the computer program in a manner such that the program does not need to recognize whether the input was received from a hardware device or not | |

112

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| 8. "interactive input panel" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>An input panel that a user can interact with<br><br>See also "input panel" | |
| 9. "input panel"<br>See "interactive input panel" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>An on-screen panel through which a user can enter data either directly or indirectly | |
| 10. "selecting one of a plurality of executable input methods" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>selecting an executable input method from one or more input methods | |
| 11. "wherein communicating the information comprises passing | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be | • Microsoft Computer Dictionary, 4th edition, 1999 (produced at MS-MOTO_1823_00005194873 – 76): "interface n. 1. The point at which a connection is made between two elements so that they can work with each other |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| the information to an interface" | construed as follows:<br><br>wherein the information is passed using a defined mechanism by which the elements can exchange information | or exchange information. 2. Software that enables a program to work with the user (the user interface, which can be a command-line interface, menu-driven, or a graphical user interface), with another program such as the operating system, or with the computer's hardware. See also application programming interface, graphical user interface. 3. A card, plug, or other device that connects pieces of hardware with the computer so that information can be moved from place to place. For example, standardized interfaces such as RS-232-C standard and SCSI enable communications between computers and printers or disks. See also RS-232-C standard, SCSI. |
| 12. "having a defined interface set such that the executable input method is connectable to the application programs" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>Having a defined mechanism by which the executable input method can exchange information with one or more application programs | • Microsoft Computer Dictionary, 4th edition, 1999 (produced at MS-MOTO_1823_00005194873 – 76): "interface n. 1. The point at which a connection is made between two elements so that they can work with each other or exchange information. 2. Software that enables a program to work with the user (the user interface, which can be a command-line interface, menu-driven, or a graphical user interface), with another program such as the operating system, or with the computer's hardware. See also application programming interface, graphical user interface. 3. A card, plug, or other device that connects pieces of hardware with the computer so that information can be moved from place to place. For example, standardized interfaces such as RS-232-C standard and SCSI enable communications between computers and printers or disks. See also RS-232-C standard, SCSI. |
| 13. "wherein the selected input method calls | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be | • Microsoft Computer Dictionary, 4th edition, 1999 (produced at MS-MOTO_1823_00005194873 – 76): "interface n. 1. The point at which a connection is made |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| functions in the manager component via a defined interface set" | construed as follows:<br><br>Wherein the selected input method calls functions in the manager component via a defined mechanism that allows elements to exchange information | between two elements so that they can work with each other or exchange information. 2. Software that enables a program to work with the user (the user interface, which can be a command-line interface, menu-driven, or a graphical user interface), with another program such as the operating system, or with the computer's hardware. See also application programming interface, graphical user interface. 3. A card, plug, or other device that connects pieces of hardware with the computer so that information can be moved from place to place. For example, standardized interfaces such as RS-232-C standard and SCSI enable communications between computers and printers or disks. See also RS-232-C standard, SCSI. |
| 14. "invoking [a/the] selected input method" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>loading the selected input method | |
| 15. "installing" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>allowing a method to call functions | |
| 16. "receiv[ing/ed]" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning. | |
| 17. "distinct from the | No construction needed; if the term needs to be construed it should be | |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| computer programs" | given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>containing software code that is separate from the software code of the computer programs | |
| 18. "window" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>an area on the screen | |
| 19. "receiving input via the interactive input panel" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>receiving data from an input panel that a user can interact with<br><br><br>See also "receiving," "input panel," and "interactive input panel" | |
| 20. "graphical windowing environment" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning.<br><br>Alternatively, the term should be construed as follows:<br><br>an operating system that allows graphics and text to appear with | |

| Claim Term | Preliminary Construction | Preliminary Extrinsic Evidence |
|---|---|---|
| | windows on the screen | |
| 21. "opening an input window on a display of the computer system independent of a window of an active application program" | No construction needed; if the term needs to be construed it should be given its plain and ordinary meaning. Alternatively, the term should be construed as follows: opening a window that can receive input and which is independent of a window of an application program being used See also "window" | |

25

# EXHIBIT E

**Yothers, Stuart**

| | |
|---|---|
| **From:** | Lewis, Douglas I. [dilewis@sidley.com] |
| **Sent:** | Saturday, December 31, 2011 12:07 PM |
| **To:** | Pepe, Steven; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com |
| **Subject:** | RE: 1823 Claim Construction |

Steve,

We agree to the proposal of 10 terms for each side's patents and also separate briefs for each side's patents.

Doug

---

**From:** Pepe, Steven [mailto:Steven.Pepe@ropesgray.com]
**Sent:** Saturday, December 31, 2011 9:06 AM
**To:** Pepe, Steven; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com
**Subject:** RE: 1823 Claim Construction

Ted and Doug
We await your position concerning the email below.  With the joint statements due next week, it is in everyone's interest to get resolution on this issue sooner rather than later.  Given the number of terms the parties have identified across all patents, we believe that our proposal benefits both parties.  Please let us know your views.
Thanks
Steve

**Steven Pepe**
**ROPES & GRAY LLP**
T +1 212 596 9046 | M +1 631 559 2364 | F +1 646 728 2660
1211 Avenue of the Americas
New York, NY 10036-8704
steven.pepe@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Pepe, Steven
**Sent:** Wednesday, December 28, 2011 9:23 AM
**To:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com
**Subject:** 1823 Claim Construction

Ted

As I mentioned during our meet and confer last week, Motorola proposes that the parties treat the Motorola and Microsoft patents separately for purposes of claim construction under the Local Patent Rules.  This would allow the parties to identify ten claim terms for Motorola's patents and ten claim terms for Microsoft's patents

under Patent Local Rule 132.  The parties also would submit separate briefs under Patent Local Rule 134 for the Motorola and Microsoft patents.

Please let me know Microsoft's views.

Steve

**Steven Pepe**
**ROPES & GRAY LLP**
T +1 212 596 9046 | M +1 631 559 2364 | F +1 646 728 2660
1211 Avenue of the Americas
New York, NY 10036-8704
steven.pepe@ropesgray.com
www.ropesgray.com

-------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*********************************************************************************************
**********
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.


*********************************************************************************************
**********

# EXHIBIT F

**McDonough, Conor B.**

| | |
|---|---|
| **From:** | Yothers, Stuart |
| **Sent:** | Thursday, January 05, 2012 12:27 PM |
| **To:** | Project-MS_Moto_WDWA_343_1823@Sidley.com; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; 'Robbins, Ellen S.'; chrisw@dhlt.com |
| **Subject:** | WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement |
| **Attachments:** | Active_29087163_2_Stipulation and Joint Motion for Leave to Enlarge the Claim Construction Briefing and Number of Terms to be Construed (2).DOCX; Active_29081701_2_Joint Claim Construction and Prehearing Statement (2).DOCX |

Counsel:

Attached are (1) a draft Joint Claim Construction and Prehearing Statement; and (2) a draft Stipulation and Joint Motion for Leave to Enlarge the Claim Construction Briefing and Number of Terms to be Construed.  We are providing these documents to propose a framework for addressing the large number of disputed claim terms that remain.  Under this approach, we will ask the Court to approve our prior agreement to construe 10 terms in each set of asserted patents. LPR 132(c) indicates that the Court will only consider 10 terms in total.  In order to implement this request, we need to reach agreement on the 10 most important disputed terms in the Motorola Asserted Patents and the 10 most important disputed terms in the Microsoft Counterclaim Patents.  To that end, we propose a simultaneous exchange of numbered rank ordered lists of the ten most important terms for each set of patents at 1:00 PM PT / 4:00 PM ET today.  This will allow us to identify overlap/agreement on the top five and top ten terms for each set of patents.  We propose following-up the exchange with a brief meet-and-confer at 2:00 PM PT / 5:00 PM ET to discuss (and ideally agree upon) the top five and top ten disputed terms for each set of patents.

Please let us know if this is an agreeable approach and if you agree to the exchange of rank ordered lists at 1:00 PM PT / 4:00 PM ET today and the telephone discussion at 2:00 PM PT / 5:00 PM ET.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

# EXHIBIT G

**McDonough, Conor B.**

| | |
|---|---|
| **From:** | Potter, Alison [apotter@Sidley.com] |
| **Sent:** | Thursday, January 05, 2012 6:51 PM |
| **To:** | Potter, Alison; Yothers, Stuart |
| **Cc:** | Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com |
| **Subject:** | RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement |
| **Attachments:** | 1823 1_5_12 5_45 PM  Redline of Moto_s Proposed Jt. Prehearing Statement.DOCX |

Stuart,
We have one further redline to propose to the draft prehearing statement.  This affects the section on the hearing.

Thanks,
Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853.7036

---

**From:** Potter, Alison
**Sent:** Thursday, January 05, 2012 4:15 PM
**To:** Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com; Potter, Alison
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
Following up on our phone call, attached please find a redline of the Joint Prehearing Statement.  This contemplates the additional sections on the parties' respective infringement and invalidity positions, which I propose we exchange at tomorrow noon CST.  Please let me know if you agree.  It is my understanding that negotiations are still ongoing with respect to the content of the various claim term charts.

Please let us know your preference with regard to the filing of exhibits.  We are currently planning to file our exhibits separately as an Appendix.

We are reviewing the Stipulation, Joint Motion and Proposed Order now.  We agree that it represents the right approach and will get back to you with any comments.

Thanks again for your cooperation with this.

Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853.7036

1

124

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Thursday, January 05, 2012 11:27 AM
**To:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola);
summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
**Subject:** WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Counsel:

Attached are (1) a draft Joint Claim Construction and Prehearing Statement; and (2) a draft Stipulation and Joint Motion for Leave to Enlarge the Claim Construction Briefing and Number of Terms to be Construed.  We are providing these documents to propose a framework for addressing the large number of disputed claim terms that remain.  Under this approach, we will ask the Court to approve our prior agreement to construe 10 terms in each set of asserted patents.  LPR 132(c) indicates that the Court will only consider 10 terms in total.  In order to implement this request, we need to reach agreement on the 10 most important disputed terms in the Motorola Asserted Patents and the 10 most important disputed terms in the Microsoft Counterclaim Patents.  To that end, we propose a simultaneous exchange of numbered rank ordered lists of the ten most important terms for each set of patents at 1:00 PM PT / 4:00 PM ET today.  This will allow us to identify overlap/agreement on the top five and top ten terms for each set of patents.  We propose following-up the exchange with a brief meet-and-confer at 2:00 PM PT / 5:00 PM ET to discuss (and ideally agree upon) the top five and top ten disputed terms for each set of patents.

Please let us know if this is an agreeable approach and if you agree to the exchange of rank ordered lists at 1:00 PM PT / 4:00 PM ET today and the telephone discussion at 2:00 PM PT / 5:00 PM ET.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

--------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection

2

with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

*********************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.


*********************************************************************************************

3

# EXHIBIT H

## McDonough, Conor B.

| | |
|---|---|
| **From:** | Yothers, Stuart |
| **Sent:** | Thursday, January 05, 2012 9:23 PM |
| **To:** | 'Potter, Alison' |
| **Cc:** | Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com |
| **Subject:** | RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement |

Alison,

We can exchange proposed language for the infringement and invalidity contentions sections at 12:00 PM CT tomorrow.  I understand that Motorola's and Microsoft's local counsel jointly called the clerk and left a message regarding the submission of the full contentions as a hard copy.  We await the Court's feedback in that regard.

Of a more time sensitive nature, do you know when we will receive comments on the draft Agreed Motion to pursue 20 claim terms for construction?  Additionally, we understand that there are presently more than 10 terms in dispute with respect to each group of patents.  Therefore, we need a mechanism to get down to 10 terms for each set of patents if we are going to pursue this route.  We proposed exchanging lists earlier today, but that did not occur.  Please let us know when we will receive Microsoft's input on the top 5 and top 10 terms, respectively, for each group of patents.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

**From:** Potter, Alison [mailto:apotter@Sidley.com]
**Sent:** Thursday, January 05, 2012 6:51 PM
**To:** Potter, Alison; Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
We have one further redline to propose to the draft prehearing statement.  This affects the section on the hearing.

Thanks,
Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853-7036

1

**From:** Potter, Alison
**Sent:** Thursday, January 05, 2012 4:15 PM
**To:** Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com; Potter, Alison
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
Following up on our phone call, attached please find a redline of the Joint Prehearing Statement.  This contemplates the additional sections on the parties' respective infringement and invalidity positions, which I propose we exchange at tomorrow noon CST.  Please let me know if you agree.  It is my understanding that negotiations are still ongoing with respect to the content of the various claim term charts.

Please let us know your preference with regard to the filing of exhibits.  We are currently planning to file our exhibits separately as an Appendix.

We are reviewing the Stipulation, Joint Motion and Proposed Order now.  We agree that it represents the right approach and will get back to you with any comments.

Thanks again for your cooperation with this.

Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312.853.7036

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Thursday, January 05, 2012 11:27 AM
**To:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
**Subject:** WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Counsel:

Attached are (1) a draft Joint Claim Construction and Prehearing Statement; and (2) a draft Stipulation and Joint Motion for Leave to Enlarge the Claim Construction Briefing and Number of Terms to be Construed.  We are providing these documents to propose a framework for addressing the large number of disputed claim terms that remain.  Under this approach, we will ask the Court to approve our prior agreement to construe 10 terms in each set of asserted patents.  LPR 132(c) indicates that the Court will only consider 10 terms in total.  In order to implement this request, we need to reach agreement on the 10 most important disputed terms in the Motorola Asserted Patents and the 10 most important disputed terms in the Microsoft Counterclaim Patents.  To that end, we propose a simultaneous exchange of numbered rank ordered lists of the ten most important terms for each set of patents at 1:00 PM PT / 4:00 PM ET today.  This will allow us to identify overlap/agreement on the top five and top ten terms for each set of patents.  We propose following-up the exchange with a brief meet-and-confer at 2:00 PM PT / 5:00 PM ET to discuss (and ideally agree upon) the top five and top ten disputed terms for each set of patents.

Please let us know if this is an agreeable approach and if you agree to the exchange of rank ordered lists at 1:00 PM PT / 4:00 PM ET today and the telephone discussion at 2:00 PM PT / 5:00 PM ET.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

-------------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.


*************************************************************************************************

# EXHIBIT I

**McDonough, Conor B.**

| | |
|---|---|
| **From:** | Yothers, Stuart |
| **Sent:** | Friday, January 06, 2012 2:39 PM |
| **To:** | 'Potter, Alison' |
| **Cc:** | Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com |
| **Subject:** | RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement |

Ted, Doug,

I just spoke with Alison.  I alerted her of the fact that we are concerned that we never received a response to our proposed joint approach yesterday, and we have been unable to reach the members of your team to discuss the most important terms for construction.  We are simply running out of time to make a joint submission to the Court.  Motorola has not given up on reaching agreement on the 20 most important terms for construction (10 for each set of patents).  However, I have not received a response to my last two voicemails to attempt to discuss the identification of those terms.  And, Microsoft did not agree to identify those terms in a simultaneous exchange yesterday.

This is our proposal to meet today's deadline:

1.  The joint claim chart:  Regardless of the approach, we must provide the court with a joint chart of proposed constructions and supporting evidence.  Therefore, we propose that Microsoft provide us with its chart at 5:00 PM ET, and we will assemble the joint chart for submission to the Court.  We understand that each party will file its own exhibits to the joint claim chart (Microsoft using number exhibits and Motorola using letter exhibits).

2.  The prehearing statement:  By 3:30 PM ET, we need to know if Microsoft is going to join in an identification of the 10 most important terms for construction (5 for each set of patents) and the 20 most important terms for construction (10 for each set of patents) and join in an agreed motion seeking leave to have 20 terms construed.  If we do not receive a response by 3:30 PM ET, we will proceed to prepare a separate Prehearing Statement for Motorola setting forth its position on the ten most important terms for construction as well as the additional terms that Motorola believes should be construed.  In such an event, Local Patent Rule 132(c) still requires that "[i]f the parties cannot agree on such terms, then they shall set forth the disputed terms upon which they agree."  Thus, we still need to exchange an identification of the important terms for construction to identify where the parties agree on the most important terms for construction.  If we have not reached an alternate resolution before then, we propose exchanging ordered lists of the most important terms for construction at 4:00 PM ET.  We would appreciate a response so that we do not have to provide the Court with separate prehearing statements highlighting Microsoft's failure to participate in this process.  Additionally, we are trying to avoid a situation where the parties are unsure about the disputed terms to be briefed on January 20.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

**From:** Yothers, Stuart
**Sent:** Thursday, January 05, 2012 9:23 PM

1

**To:** 'Potter, Alison'
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Alison,

We can exchange proposed language for the infringement and invalidity contentions sections at 12:00 PM CT tomorrow.  I understand that Motorola's and Microsoft's local counsel jointly called the clerk and left a message regarding the submission of the full contentions as a hard copy.  We await the Court's feedback in that regard.

Of a more time sensitive nature, do you know when we will receive comments on the draft Agreed Motion to pursue 20 claim terms for construction?  Additionally, we understand that there are presently more than 10 terms in dispute with respect to each group of patents.  Therefore, we need a mechanism to get down to 10 terms for each set of patents if we are going to pursue this route.  We proposed exchanging lists earlier today, but that did not occur.  Please let us know when we will receive Microsoft's input on the top 5 and top 10 terms, respectively, for each group of patents.

Thanks,
Stuart


**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

---

**From:** Potter, Alison [mailto:apotter@Sidley.com]
**Sent:** Thursday, January 05, 2012 6:51 PM
**To:** Potter, Alison; Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
We have one further redline to propose to the draft prehearing statement.  This affects the section on the hearing.

Thanks,
Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312.853.7036

---

**From:** Potter, Alison
**Sent:** Thursday, January 05, 2012 4:15 PM
**To:** Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com; Potter, Alison
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

2

Stuart,

Following up on our phone call, attached please find a redline of the Joint Prehearing Statement.  This contemplates the additional sections on the parties' respective infringement and invalidity positions, which I propose we exchange at tomorrow noon CST.  Please let me know if you agree.  It is my understanding that negotiations are still ongoing with respect to the content of the various claim term charts.

Please let us know your preference with regard to the filing of exhibits.  We are currently planning to file our exhibits separately as an Appendix.

We are reviewing the Stipulation, Joint Motion and Proposed Order now.  We agree that it represents the right approach and will get back to you with any comments.

Thanks again for your cooperation with this.

Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312.853.7036

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Thursday, January 05, 2012 11:27 AM
**To:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
**Subject:** WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Counsel:

Attached are (1) a draft Joint Claim Construction and Prehearing Statement; and (2) a draft Stipulation and Joint Motion for Leave to Enlarge the Claim Construction Briefing and Number of Terms to be Construed.  We are providing these documents to propose a framework for addressing the large number of disputed claim terms that remain.  Under this approach, we will ask the Court to approve our prior agreement to construe 10 terms in each set of asserted patents.  LPR 132(c) indicates that the Court will only consider 10 terms in total.  In order to implement this request, we need to reach agreement on the 10 most important disputed terms in the Motorola Asserted Patents and the 10 most important disputed terms in the Microsoft Counterclaim Patents.  To that end, we propose a simultaneous exchange of numbered rank ordered lists of the ten most important terms for each set of patents at 1:00 PM PT / 4:00 PM ET today.  This will allow us to identify overlap/agreement on the top five and top ten terms for each set of patents.  We propose following-up the exchange with a brief meet-and-confer at 2:00 PM PT / 5:00 PM ET to discuss (and ideally agree upon) the top five and top ten disputed terms for each set of patents.

Please let us know if this is an agreeable approach and if you agree to the exchange of rank ordered lists at 1:00 PM PT / 4:00 PM ET today and the telephone discussion at 2:00 PM PT / 5:00 PM ET.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas

3

134

New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.


-------------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*********************************************************************************************** **********
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.


*********************************************************************************************** **********

4

# EXHIBIT J

**McDonough, Conor B.**

| | |
|---|---|
| **From:** | Potter, Alison [apotter@Sidley.com] |
| **Sent:** | Friday, January 06, 2012 2:42 PM |
| **To:** | Potter, Alison; Yothers, Stuart |
| **Cc:** | Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com; Potter, Alison |
| **Subject:** | RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement |
| **Attachments:** | 1823 1_6_12 1_40 PM  Redline of Prop. Jt. Phg. Stmt. w_Infr & Invalid..DOCX |

Stuart,

Attached please find an updated draft.  This includes:

1) the sections on infringement and invalidity and other changes contained in the recently exchanged drafts

2) Microsoft's proposal that each party submit its own proposals for the top 10 disputed terms for the MSFT patents, and top 10 disputed terms for the Moto patents.  Please note, it is our hope, as I believe it is yours, that the parties may still reach agreement on the list of 20 disputed terms, but we think it would be prudent at this stage to draft a placeholder in the event that we cannot do so.

3) An additional redline relating to the Moto's recent proposal re the tutorial.

As we discussed earlier, we believe it will be too cumbersome for one party to file all the extraneous exhibits involved with this.  Thus, we propose:

1) That the parties jointly file the Prehearing Statement.

2) That the parties jointly file the claim charts at Appendix A (containing a claim chart of all agreed and competing constructions for the MSFT patents), and Appendix B (containing a claim chart of all agreed and competing constructions for the MSFT patents.  It is my understanding that both sides have exchanged draft charts that comprise much of the content to be included in Appendices A and B, but that the parties still need to exchange the intrinsic evidence that will be cited in those Appendices.

3)That the parties separately file their exhibits to Appendices A and B.  Thus, Microsoft will file Exhibits A-1 to A-100, etc. to Appendix A, and B-1 to B-100 for Appendix B.  Moto will file Exhibits A-A to A-Z to Appendix A, and so forth.

4) It is my understanding that we are still waiting to hear from the Court whether we can file other exhibits (the infringement/invalidity contentions and supporting documents) separately on Monday, either via hard copy or CD-rom or disc.

Please let me know your thoughts, and thank you for your cooperation.

Alison


Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563

1

Firm: 312.853.7000
Fax: 312.853.7036

**From:** Potter, Alison
**Sent:** Friday, January 06, 2012 12:17 PM
**To:** Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola);
summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com; Potter, Alison
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
Attached please find Microsoft's proposed draft, containing its proposed sections on Infringement and invalidity.  This draft also contains one small change to the hearing section that clarifies the language I circulated yesterday.

I will work with this and the draft you just sent and circulate a combined draft shortly.

Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853-7036

> **From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
> **Sent:** Friday, January 06, 2012 12:00 PM
> **To:** Potter, Alison
> **Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola);
> summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
> **Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement
>
> Alison,
>
> The attached contains the current proposed sections for Motorola's invalidity and infringement contentions.  Additionally, as I mentioned on the phone, we have included a proposal for a short discussion of the technology at the beginning of the claim construction hearing.
>
> Thanks,
> Stuart
>
> **Stuart W. Yothers**
> **ROPES & GRAY LLP**
> T +1 212 596 9176 | F +1 646 728 2957
> 1211 Avenue of the Americas
> New York, NY 10036-8704
> stuart.yothers@ropesgray.com
> www.ropesgray.com

>> **From:** Potter, Alison [mailto:apotter@Sidley.com]
>> **Sent:** Thursday, January 05, 2012 6:51 PM
>> **To:** Potter, Alison; Yothers, Stuart
>> **Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola);
>> summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com

2

138

**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
We have one further redline to propose to the draft prehearing statement.  This affects the section on the hearing.

Thanks,
Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853.7036

**From:** Potter, Alison
**Sent:** Thursday, January 05, 2012 4:15 PM
**To:** Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com; Potter, Alison
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
Following up on our phone call, attached please find a redline of the Joint Prehearing Statement.  This contemplates the additional sections on the parties' respective infringement and invalidity positions, which I propose we exchange at tomorrow noon CST.  Please let me know if you agree.  It is my understanding that negotiations are still ongoing with respect to the content of the various claim term charts.

Please let us know your preference with regard to the filing of exhibits.  We are currently planning to file our exhibits separately as an Appendix.

We are reviewing the Stipulation, Joint Motion and Proposed Order now.  We agree that it represents the right approach and will get back to you with any comments.

Thanks again for your cooperation with this.

Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853.7036

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Thursday, January 05, 2012 11:27 AM
**To:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
**Subject:** WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Counsel:

Attached are (1) a draft Joint Claim Construction and Prehearing Statement; and (2) a draft Stipulation and Joint Motion for Leave to Enlarge the Claim Construction Briefing and Number of Terms to be Construed.  We are providing these documents to propose a framework for addressing the large number of disputed claim terms that remain.  Under this approach, we will ask the Court to approve our prior agreement to construe 10 terms in each set of asserted patents.  LPR 132(c) indicates that the Court will only consider 10 terms in total.  In order to implement this request, we need to reach agreement on the 10 most important disputed terms in the Motorola Asserted Patents and the 10 most important disputed terms in the Microsoft Counterclaim Patents.  To that end, we propose a simultaneous exchange of numbered rank ordered lists of the ten most important terms for each set of patents at 1:00 PM PT / 4:00 PM ET today.  This will allow us to identify overlap/agreement on the top five and top ten terms for each set of patents.  We propose following-up the exchange with a brief meet-and-confer at 2:00 PM PT / 5:00 PM ET to discuss (and ideally agree upon) the top five and top ten disputed terms for each set of patents.

Please let us know if this is an agreeable approach and if you agree to the exchange of rank ordered lists at 1:00 PM PT / 4:00 PM ET today and the telephone discussion at 2:00 PM PT / 5:00 PM ET.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

--------------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this

4

communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

************************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

************************************************************************************************

5

141

# EXHIBIT K

**McDonough, Conor B.**

| | |
|---|---|
| **From:** | Yothers, Stuart |
| **Sent:** | Friday, January 06, 2012 4:29 PM |
| **To:** | 'Potter, Alison' |
| **Cc:** | Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com |
| **Subject:** | RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement |

Doug, Ted, Alison,

In accordance with Local Patent Rule 132(c), Motorola identifies the following 10 terms as the most important disputed terms for construction by the Court:

| | **Claim Term** | **Patent** |
|---|---|---|
| 1 | macroblock | '374, '375, '376 |
| 2 | means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode | '374 |
| 3 | means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time | '375 |
| 4 | means for using said plurality of decoded smaller portions to construct a decoded picture | '374, '375 |
| 5 | distinct from the computer programs | '582 |
| 6 | icon | '582 |
| 7 | window | '582 |
| 8 | during times when the browser is loading content | '780 |
| 9 | graphic element | '780 |

| 10 | obstruct[s/ing] | '780 |

Motorola also believes that the following terms should be construed:

| | Claim Term | Patent |
|---|---|---|
| 11 | means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path[1] | '376 |
| 12 | means for using said plurality of decoded processing blocks to construct a decoded picture[2] | '376 |
| 13 | . . . as if the information was received via user input received from a hardware input device

. . . as if the input was received via a hardware keyboard

. . . as if the information was received via user input at a hardware input device

. . . as if the user data was received from a hardware input device | '582 |
| 14 | invoking [a/the] selected input method | '582 |
| 15 | interface | '582 |
| 16 | load status | '780 |
| 17 | status information | '780 |
| 18 | during times when the browser is loading visible content | '780 |

1.  Motorola believes that each means-plus-function (35 U.S.C. § 112(6)) element must be construed separately as matter of law, but believes that this term could be briefed together with the claim element (2) proposed for construction above.
2.  Motorola believes that each means-plus-function (35 U.S.C. § 112(6)) element must be construed separately as matter of law, but believes that this term could be briefed together with the claim element (4) proposed for construction above.

Please provide us with Microsoft's position so that we can identify the disputed terms that the parties agree should be construed.

Thanks,
Stuart

2

144

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

**From:** Potter, Alison [mailto:apotter@Sidley.com]
**Sent:** Friday, January 06, 2012 2:42 PM
**To:** Potter, Alison; Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com; Potter, Alison
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
Attached please find an updated draft.  This includes:

1) the sections on infringement and invalidity and other changes contained in the recently exchanged drafts

2) Microsoft's proposal that each party submit its own proposals for the top 10 disputed terms for the MSFT patents, and top 10 disputed terms for the Moto patents.  Please note, it is our hope, as I believe it is yours, that the parties may still reach agreement on the list of 20 disputed terms, but we think it would be prudent at this stage to draft a placeholder in the event that we cannot do so.

3) An additional redline relating to the Moto's recent proposal re the tutorial.

As we discussed earlier, we believe it will be too cumbersome for one party to file all the extraneous exhibits involved with this.  Thus, we propose:

1) That the parties jointly file the Prehearing Statement.

2) That the parties jointly file the claim charts at Appendix A (containing a claim chart of all agreed and competing constructions for the MSFT patents), and Appendix B (containing a claim chart of all agreed and competing constructions for the MSFT patents).  It is my understanding that both sides have exchanged draft charts that comprise much of the content to be included in Appendices A and B, but that the parties still need to exchange the intrinsic evidence that will be cited in those Appendices.

3)That the parties separately file their exhibits to Appendices A and B.  Thus, Microsoft will file Exhibits A-1 to A-100, etc. to Appendix A, and B-1 to B-100 for Appendix B.  Moto will file Exhibits A-A to A-Z to Appendix A, and so forth.

4) It is my understanding that we are still waiting to hear from the Court whether we can file other exhibits (the infringement/invalidity contentions and supporting documents) separately on Monday, either via hard copy or CD-rom or disc.

Please let me know your thoughts, and thank you for your cooperation.

Alison


Alison V. Potter
Sidley Austin LLP
One South Dearborn Street

Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853.7036

**From:** Potter, Alison
**Sent:** Friday, January 06, 2012 12:17 PM
**To:** Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com; Potter, Alison
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
Attached please find Microsoft's proposed draft, containing its proposed sections on Infringement and invalidity.  This draft also contains one small change to the hearing section that clarifies the language I circulated yesterday.

I will work with this and the draft you just sent and circulate a combined draft shortly.

Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853.7036

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Friday, January 06, 2012 12:00 PM
**To:** Potter, Alison
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Alison,

The attached contains the current proposed sections for Motorola's invalidity and infringement contentions.  Additionally, as I mentioned on the phone, we have included a proposal for a short discussion of the technology at the beginning of the claim construction hearing.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

**From:** Potter, Alison [mailto:apotter@Sidley.com]
**Sent:** Thursday, January 05, 2012 6:51 PM
**To:** Potter, Alison; Yothers, Stuart

4

146

**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
We have one further redline to propose to the draft prehearing statement.  This affects the section on the hearing.

Thanks,
Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853-7036

---

**From:** Potter, Alison
**Sent:** Thursday, January 05, 2012 4:15 PM
**To:** Yothers, Stuart
**Cc:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com; Potter, Alison
**Subject:** RE: WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Stuart,
Following up on our phone call, attached please find a redline of the Joint Prehearing Statement.  This contemplates the additional sections on the parties' respective infringement and invalidity positions, which I propose we exchange at tomorrow noon CST.  Please let me know if you agree.  It is my understanding that negotiations are still ongoing with respect to the content of the various claim term charts.

Please let us know your preference with regard to the filing of exhibits.  We are currently planning to file our exhibits separately as an Appendix.

We are reviewing the Stipulation, Joint Motion and Proposed Order now.  We agree that it represents the right approach and will get back to you with any comments.

Thanks again for your cooperation with this.

Alison

Alison V. Potter
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Direct: 312.853.7563
Firm: 312.853.7000
Fax: 312-853-7036

---

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Thursday, January 05, 2012 11:27 AM
**To:** Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com; Robbins, Ellen S.; chrisw@dhlt.com

5

**Subject:** WDWA 1823 - claim construction proposal - Joint Claim Construction and Prehearing Statement

Counsel:

Attached are (1) a draft Joint Claim Construction and Prehearing Statement; and (2) a draft Stipulation and Joint Motion for Leave to Enlarge the Claim Construction Briefing and Number of Terms to be Construed.  We are providing these documents to propose a framework for addressing the large number of disputed claim terms that remain.  Under this approach, we will ask the Court to approve our prior agreement to construe 10 terms in each set of asserted patents.  LPR 132(c) indicates that the Court will only consider 10 terms in total.  In order to implement this request, we need to reach agreement on the 10 most important disputed terms in the Motorola Asserted Patents and the 10 most important disputed terms in the Microsoft Counterclaim Patents.  To that end, we propose a simultaneous exchange of numbered rank ordered lists of the ten most important terms for each set of patents at 1:00 PM PT / 4:00 PM ET today.  This will allow us to identify overlap/agreement on the top five and top ten terms for each set of patents.  We propose following-up the exchange with a brief meet-and-confer at 2:00 PM PT / 5:00 PM ET to discuss (and ideally agree upon) the top five and top ten disputed terms for each set of patents.

Please let us know if this is an agreeable approach and if you agree to the exchange of rank ordered lists at 1:00 PM PT / 4:00 PM ET today and the telephone discussion at 2:00 PM PT / 5:00 PM ET.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

------------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity,

investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[1] Motorola believes that each means-plus-function (35 U.S.C. § 112(6)) element must be construed separately as matter of law, but believes that this term could be briefed together with the claim element (2) proposed for construction above.

[2] Motorola believes that each means-plus-function (35 U.S.C. § 112(6)) element must be construed separately as matter of law, but believes that this term could be briefed together with the claim element (4) proposed for construction above.

# EXHIBIT L

**McDonough, Conor B.**

---

| | |
|---|---|
| **From:** | Greenfield, David [david.greenfield@sidley.com] |
| **Sent:** | Friday, January 06, 2012 5:55 PM |
| **To:** | Yothers, Stuart; Chandler, Theodore W. |
| **Cc:** | Pepe, Steven; McDonough, Conor B.; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com |
| **Subject:** | RE: Comparison of proposed claim constructions |
| **Attachments:** | RE: 1823 Joint Claim Chart - Working Document 1-5-12 (MSFT changes) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Stuart,

Microsoft had agreed to group terms, wherever possible, especially when the terms were similar, in the Microsoft patents to reduce the number of terms needed for construction. Microsoft did this with the understanding that Motorola would likewise be willing to group terms where the grouping would not materially affect the construction. For example, Microsoft agreed to group the following disparate terms in the 582 patent as 1 term for claim construction purposes:

. . . as if the information was received via user input received from a hardware input device

. . . as if the input was received via a hardware keyboard

. . . as if the information was received via user input at a hardware input device

. . . as if the user data was received from a hardware input device

However, per your email below and communication with Motorola's attorneys, it appears that Motorola will no longer agree to any grouping with respect to the terms in the Motorola patents. Given Motorola's extreme position that similar and related terms cannot be grouped, Microsoft can no longer agree to group terms in the Microsoft patents either and will raise Motorola's refusal to limit terms for construction with the Court.

I am attaching Herman's most recent email to Paul which outlines Microsoft's position.

Please let us know if Motorola will reconsider its position and agree to grouping related and similar terms in the Motorola and Microsoft patents.

Obviously, given that Microsoft will need to redo its claim chart for the Microsoft patents, we will no longer be able to exchange at 6PM ET.

Regards,

David

**David Greenfield**
SIDLEY AUSTIN LLP
One South Dearborn Street | Chicago, IL 60603
T: (312) 853-9983 | F: (312) 853-7036
Email: david.greenfield@sidley.com

---

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Friday, January 06, 2012 3:50 PM
**To:** Greenfield, David; Chandler, Theodore W.
**Cc:** Pepe, Steven; McDonough, Conor B.; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com
**Subject:** RE: Comparison of proposed claim constructions

David,

We understand that while Microsoft refused to allow us to group terms together with respect to the Microsoft patents, Microsoft is maintaining its position that terms can be grouped together with respect to the Motorola patents.  In order to ease preparation for today's filing with respect to the Microsoft patents, we agreed to treat terms separately except where the parties agreed to treat them together.  That approach needs to applied with respect to the Motorola patents as well, at least for purposes of the joint claim chart.  If the parties want to argue in the prehearing statement that certain terms should be construed together, that is a party's prerogative.  But, for purposes of submitting a joint chart, we need to treat all terms separately except where the parties agree.  We believe that has been achieved with respect to the Microsoft patents.  Please confirm that such an approach is agreeable for the Motorola patents.  If so, let's exchange claim charts for the Microsoft patents at 5:30 PM ET, and at 8:00 PM ET for the Motorola patents, and Motorola will prepare the joint charts.  Please confirm.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

**From:** Greenfield, David [mailto:david.greenfield@sidley.com]
**Sent:** Friday, January 06, 2012 4:02 PM
**To:** Yothers, Stuart; Chandler, Theodore W.
**Cc:** Pepe, Steven; McDonough, Conor B.; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com
**Subject:** RE: Comparison of proposed claim constructions

Stuart,
Thank you for the update, please let us know if you have any further updates.
Microsoft will be prepared to exchange claim charts for the Microsoft patents, including cited intrinsic and extrinsic evidence, at 5 PM ET for the purpose of preparing a final joint chart.  It is our understanding that Motorola will assemble the joint chart for the Microsoft patents.
We should have a better idea of when we will be prepared to exchange claim charts for the Motorola patents shortly, and we will let you know.
Please let us know if this is acceptable.
Regards,
David

**David Greenfield**
SIDLEY AUSTIN LLP
One South Dearborn Street | Chicago, IL 60603
T: (312) 853-9983 | F: (312) 853-7036
Email: david.greenfield@sidley.com

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Friday, January 06, 2012 1:52 PM
**To:** Greenfield, David; Chandler, Theodore W.
**Cc:** Pepe, Steven; McDonough, Conor B.; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com
**Subject:** RE: Comparison of proposed claim constructions

2

David,

Additionally, Motorola agrees to drop ", and is not hypertext" from its proposed construction of "hypermedia browser" rendering that an agreed upon construction.

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

---

**From:** Yothers, Stuart
**Sent:** Friday, January 06, 2012 12:44 PM
**To:** 'Greenfield, David'; Chandler, Theodore W.
**Cc:** Pepe, Steven; McDonough, Conor B.; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com
**Subject:** RE: Comparison of proposed claim constructions

David,

In an effort to focus the issues for the court, Motorola has revised its construction of "graphic element" for the '780 patent to be:  "a discrete image for viewing on a computer display screen that is not content."

Thanks,
Stuart

**Stuart W. Yothers**
**ROPES & GRAY LLP**
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

---

**From:** Greenfield, David [mailto:david.greenfield@sidley.com]
**Sent:** Thursday, January 05, 2012 3:04 PM
**To:** Yothers, Stuart; Chandler, Theodore W.
**Cc:** Pepe, Steven; McDonough, Conor B.; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com
**Subject:** RE: Comparison of proposed claim constructions

Stuart,
Attached is a revised comparison and a redline so you can see the updates.
We have modified a few of our constructions in an attempt to narrow the dispute.
Regards,
David

3

**David Greenfield**
SIDLEY AUSTIN LLP
One South Dearborn Street | Chicago, IL 60603
T: (312) 853-9983 | F: (312) 853-7036
Email: david.greenfield@sidley.com

---

**From:** Yothers, Stuart [mailto:Stuart.Yothers@ropesgray.com]
**Sent:** Wednesday, January 04, 2012 11:25 AM
**To:** Chandler, Theodore W.
**Cc:** Pepe, Steven; McDonough, Conor B.; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com
**Subject:** RE: Comparison of proposed claim constructions

Ted,

Attached is a revised comparison.

We are still considering Microsoft's proposal for agreement regarding "hypermedia browser." For now, that remains a disputed term.

Part of Motorola's proposed construction for "during times when the browser is loading content"/"during times when the browser is loading visible content" was omitted in the draft you provided. We added the omitted language.

As we discussed during the last meet and confer, Motorola collapsed the three terms containing the word "interface" into a single term for construction – "interface". Microsoft previously provided different constructions for the three phrases containing the term "interface." Please provide us with Microsoft's proposed construction of "interface" if we take this approach.

Finally, please let us know if Microsoft has made any further revisions to its proposed constructions.

By Motorola's count, there are now 11 terms in dispute. Under Microsoft's position that two pairs of terms cannot be grouped, there are 13 terms in dispute. We understand that local counsel for both parties are discussing how best to approach the Court with the number of terms in dispute. We will prioritize the terms for construction once the parties have settled on that approach.

Regards,
Stuart

**Stuart W. Yothers**
ROPES & GRAY LLP
T +1 212 596 9176 | F +1 646 728 2957
1211 Avenue of the Americas
New York, NY 10036-8704
stuart.yothers@ropesgray.com
www.ropesgray.com

---

**From:** Chandler, Theodore W. [mailto:tchandler@sidley.com]
**Sent:** Friday, December 30, 2011 2:43 AM
**To:** Yothers, Stuart
**Cc:** Pepe, Steven; McDonough, Conor B.; Project-MS/Moto_WDWA_343/1823; RopesWashington1823 (Microsoft/Motorola); summit1823@summitlaw.com
**Subject:** RE: Comparison of proposed claim constructions

4

Stuart:  Attached is an updated comparison of the current proposed claim constructions for Microsoft's asserted patents.  This draft reflects what we discussed today.  If you have any edits to the attached document, please make them in redline so that we can see the changes; if we have changes (which is entirely possible) we will also make them in redline so that you can easily see them.

Note that even if the parties agree to 10 disputed terms for each side's patents (rather than 10 disputed terms overall), I think there are still well over 10 disputed terms for Microsoft's asserted patents any way you count it.  (By my count there are 18 disputed terms at present.)  So please let us know your thoughts about the following:

For #1 (hypermedia browser), I think the parties could probably agree if Motorola removed "and is not hypertext" from the end of its proposed construction.

For #2 (markup language) and #3 (scripting language), we are considering simply using the definition provided by the dictionary cited by Motorola; please let us know if that would be agreeable to Motorola.

For #12 to #14, it appears that Motorola is really focused on the word "interface" in which case it would reduce the number of terms for construction if just that word were construed.

For #18 (opening an input window on a display of the computer system independent of a window of an active application program), please let us know if Microsoft's proposed construction is acceptable

Note that even if the parties reach agreement on #1–3 and #18, and collapse #12–14 into a single dispute, I think there would still be more than 10 disputed terms, so please let us know what you consider to be the 10 most important terms for construction.  The local rule states, "Prioritization should be guided by the twin goals of narrowing the issues and choosing the ten claim terms for which a claim construction would be most productive in terms of setting the groundwork for possible settlement."

-Ted

**Theodore W. Chandler**
Sidley Austin LLP
555 West 5th Street, Suite 4000
Los Angeles, California 90013-3000
Direct: +1 213-896-5830
Fax:    +1 213-896-6600
<tchandler@sidley.com>
<http://www.sidley.com/theodore-chandler/>

5

155

**From:** McDonough, Conor B. [mailto:Conor.McDonough@ropesgray.com]
**Sent:** Thursday, December 29, 2011 11:33 AM
**To:** Chandler, Theodore W.
**Cc:** Pepe, Steven; Yothers, Stuart
**Subject:** Comparison of proposed claim constructions

Counsel,

Please see the attached chart in connection with this afternoon's scheduled meet and confer.

Regards,

Conor

**Conor B. McDonough**
**ROPES & GRAY LLP**
T +1 212 596 9160 | M +1 215 888 6226 | F +1 646 728 2887
1211 Avenue of the Americas
New York, NY 10036-8704
Conor.McDonough@ropesgray.com
www.ropesgray.com

Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting, marketing or recommending to another party any tax-related matters addressed herein.

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.


--------------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*********************************************************************************
*****************************

This e-mail is sent by a law firm and may contain information that is privileged or
confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and
notify us
immediately.

**************************************************************************
****************************