# Exhibit A-15



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| | | | | |

| | EXAMINER |
|---|---|
| | |
| | ART UNIT | PAPER NUMBER |
| | | |

DATE MAILED:

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

| **Notice of Allowability** | Application No. 08/851,877 | Applicant(s) Shell et al. |
|---|---|---|
| | Examiner David Jung | Art Unit 2171 |

--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *8/20/2001*.

2. ☒ The allowed claim(s) is/are *1-42*.

3. ☐ The drawings filed on _____ are acceptable as formal drawings.

4. ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   a) ☐ All   b) ☐ Some*   c) ☐ None   of the:

   1. ☐ Certified copies of the priority documents have been received.

   2. ☐ Certified copies of the priority documents have been received in Application No. _____.

   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____.

5. ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE FOR SUBMITTING NEW FORMAL DRAWINGS, OR A SUBSTITUTE OATH OR DECLARATION. This three-month period for complying with the REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL is extendable under 37 CFR 1.136(a).**

6. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

7. ☒ Applicant MUST submit NEW FORMAL DRAWINGS

   (a) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review (PTO-948) attached

      1) ☐ hereto   or   2) ☒ to Paper No. *5*.

   (b) ☐ including changes required by the proposed drawing correction filed _____, which has been approved by the examiner.

   (c) ☐ including changes required by the attached Examiner's Amendment/Comment or in the Office action of Paper No. _____.

   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

8. ☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any reply to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

1 ☒ Notice of References Cited (PTO-892)   2 ☐ Notice of Informal Patent Application (PTO-152)
3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)   4 ☐ Interview Summary (PTO-413), Paper No. _____.
5 ☐ Information Disclosure Statement(s) (PTO-1449), Paper No(s). _____   6 ☒ Examiner's Amendment/Comment
7 ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material   8 ☒ Examiner's Statement of Reasons for Allowance
9 ☐ Other

THOMAS BLACK
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2100

U S Patent and Trademark Office
PTO-37 (Rev. 01-01)   Notice of Allowability   Part of Paper No. 21

Application/Control Number: 08/851,877                                    Page 2

Art Unit: 2171

## DETAILED ACTION

III.   DETAILED ACTION

### Amendment

1.   On August 20, 2001, Applicant filed an amendment to the claims and provided explanations for the terms used in the claims.

2.   As of this Office Action, claims 1-42 are presented for examination.

### Examiner's Comment

3.   On August 30, 2001, the Examiner (David Jung of Art Unit 2171) and Applicant's representative (Mr. Kasey C. Christie, USPTO Reg. No. 40,559, of Lee & Hayes, Spokane, Washington) discussed the word "content." The is a specific term within the art. Nevertheless, this word is also used outside the art with a wide (and different) meaning. Therefore, the Examiner and Applicant's representative agreed to add an additional comment regarding this word "content." This is done through citing a chart on an on-line (in the World Wide Web) posting of November 2000 issue of the magazine "Scientific American." This chart is at: www.sciam.com/2000/1100issue/1100stjohnbox1.html.  Readers of

Application/Control Number: 08/851,877 Page 3
Art Unit: 2171

this file history are directed to the use of that word "content" in that chart.

### Allowable Subject Matter

4. Claims 1-42 are allowed.

5. The following is an examiner's statement of reasons for allowance:

6. Regarding claims 1-42, such particular handlings (among others) of browser, display, and content in such particular context in such particular situations are not taught or suggested by the prior art. Pages 15-31 of the amendment gives the explanations for the terms used in the claims. Among others, the following three issues are worthy of mention.

7. First, regarding browsers, Applicant specially notes (such as at page 17 of the amendment) that the claimed invention is directed to loading into the browser. This means that the loading is not done merely to the hard drive or to the memory. The loading is done for the specific purpose of displaying the content with the browser.

8. Second, regarding display, Applicant specially notes that the word "display" refers to the computer doing the act of displaying (i.e. the plain meaning of that word "display") in a

Application/Control Number: 08/851,877   Page 4
Art Unit: 2171

limited display area within a content viewing area. At page 20, Applicant specifically contrasts this with the mere displaying on a typical display. At page 22, Applicant specially contrasts "display" of the claimed invention with a "pull-down" menu. Applicant argues that a "pull-down" menu is driven by a user, rather than by the computer. Using these and other arguments in the amendment, Applicant has specifically defined this word "display" (especially because Applicant has chosen to take the plain, albeit narrow, meaning). Applicant is entitled to do so because an applicant is entitled to be his own lexicographer to this extent.

9. Third, regarding content, Applicant specially notes the meaning of this word "content" to refer to the specific meaning in the art. This was also noted in the previous section of "Examiner's Comment."

10. Upon considering all relevant issues, including these three terms, one can then assess the meanings and the scopes of the claims. As noted during the file history (see amendment of August 20, 2001, especially pages 15-31), the claimed invention is directed to covering a part of the content viewing area with a graphic element. This graphic element is not additional content. Rather, this graphic element would indicate loading status of the

Application/Control Number: 08/851,877     Page 5

Art Unit: 2171

content that is being loaded into the browser. To some degree, this appears counterintuitive and against the normal flow of the art. If such a graphic element would cover content, this would interfere with the view offered to the user. This is especially true since the browser is involved. Presumably, the user would be using the browser to browse; any content being loaded to the browser would be wanted by the user. Instead of having the graphic element away from the content, the graphic element covers the content. The prior art of record does not teach or suggest the claimed invention.

### Conclusion

11. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

### Other Prior Art of Record

12. The prior art disclosed general background.

### Points of Contact

13. Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue


Application/Control Number: 08/851,877  Page 6

Art Unit: 2171

fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

14. **Any response to this action should be mailed to:**

   Commissioner of Patents and Trademarks
   Washington, D.C. 20231

   **or faxed to:**

   (703) 308-9051, (for formal communications intended for entry)

   **Or:**

   (703) 305-9731 (for informal or draft communications, please label "PROPOSED" or "DRAFT")

   Hand-delivered responses should be brought to Crystal Park II, 2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

Application/Control Number: 08/851,877    Page 7

Art Unit: 2171

Any inquiry concerning this communication or earlier communications from the examiner should be directed to David Jung whose telephone number is (703) 308-5262 or Thomas Black whose telephone number is (703) 305-9707.

*THOMAS BLACK*
*SUPERVISORY PATENT EXAMINER*
*TECHNOLOGY CENTER 2100*

David Jung
-----------
Patent Examiner

September 9, 2001