# Exhibit G

# To

# Joint Claim Chart

PATENT

First Named Inventor:  Toepke, Michael G.      Attorney Docket No.: 91998.10
Application No.:  10/989,877                    Group Art Unit: 2677
Filed:  November 15, 2004                        Examiner:  Nguyen, Kimnhung T.
Customer No.:   22971                            Confirmation Number: 4247
Title: SOFT INPUT PANEL SYSTEM AND METHOD

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

## AMENDMENT AND RESPONSE TO OFFICE ACTION DATED MAY 3, 2006

Sir:

In response to the Notice of Non-Compliant Amendment mailed on 05/03/2006, please substitute the present Amendment for the previous Amendment filed in this matter.

Claims 1, 2, 5, 6, 11, 13-15 and 17-19 are amended.

No claims are canceled or added.

**Claim Listings** begin on page **2** of this response.

**Remarks** begin on page **11** of this response.

Application Number: 10/989,877
Attorney Docket Number: 91998.10

224                                                          MOTM_WASH1823_0051077

Claims:

This listing of claims will replace prior versions, and listings of claims in the application.

1.      (Currently Amended) In a computing environment, a computer–implemented method comprising:

displaying an <u>actuatable</u> icon representative of ~~a menu of~~ <u>an input method list that includes one or more</u> selectable ~~software~~ input methods;

~~receiving a request via the icon, and~~ in response <u>to actuation of the actuatable icon</u>, displaying <u>the input method list:</u> ~~a plurality of selectable input methods on a displayed menu;~~

receiving a ~~request to select~~ <u>selection of</u> an input method from the <u>input method list:</u> ~~menu, and in response, installing a software~~ <u>an</u> input method ~~as a selected input method; and~~

<u>installing an input method component that corresponds to the selected input method, the input method component causing an interactive input panel to be displayed; and</u>

receiving input via [[an]] <u>the interactive</u> input panel ~~that corresponds to the selected input method~~.

Application Number: 10/989,877
Attorney Docket Number: 91998.10

225

MOTM_WASH1823_0051078

PATENT

2.    (Currently Amended) The method of claim 1 further comprising, communicating information representative of the input [[data]] to a graphical windowing environment.

3.    (Original) The method of claim 2 wherein communicating the information comprises passing the information to an interface.

4.    (Original) The method of claim 2 further comprising, communicating the information from the graphical windowing environment to an application program.

5.    (Currently Amended) The method of claim 1 wherein the selected input method corresponds to a displayed keyboard, and wherein receiving input via the selected input method the interactive input panel that corresponds to the selected input method comprises receiving information corresponding to a keyboard character entered via the displayed keyboard.

6.    (Currently Amended) The method of claim 1 wherein the selected input method corresponds to a handwriting input area, and wherein receiving input via the selected input method the interactive input panel that corresponds to the selected input method comprises receiving information corresponding to handwritten data.

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051079

PATENT

7.      Canceled

8.      (Original) The method of claim 1 further comprising, hiding the input panel.

9.      (Original) The method of claim 1 further comprising, docking the input panel.

10.      (Original) At least one computer-readable medium having computer-executable instructions, which when executed perform the method of claim 1.

11.      (Currently Amended) At least one computer-readable medium having computer-executable instructions stored thereon, which when executed perform steps, comprising:

selecting one of a plurality of executable input methods for supplying user input to the computer system, each executable input method comprising an interchangeable software component and having a defined interface set such that the executable input method is connectable to other executable software;

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051080

PATENT

opening an input window on a display of the computer system independent of a window of an active application program; and

displaying an <u>interactive</u> input panel in the input window, the <u>interactive</u> input panel corresponding to the selected executable input method such that user input may be received via the ~~executable input method~~ <u>interactive input</u> panel and information corresponding thereto provided to the active application ~~program~~ <u>program.</u>

12.    (Original) The computer–readable medium of claim 11 further comprising, providing an input panel button on the display of the computer system, the input panel button being responsive to open and to close the input window.

13.    (Currently Amended) The computer–readable medium of claim 11 further comprising, providing <u>a Software Input Panel (SIP) menu button</u> ~~an input method button~~ on the display of the computer system, the ~~input method~~ <u>SIP menu</u> button being ~~responsive~~ <u>actuatable</u> to display a selectable list of the plurality of executable input methods.

14.    (Currently Amended) The computer–readable medium of claim [[11]] <u>13</u> further comprising, receiving a selection of one of the plurality of executable input methods displayed in the list as a selected executable input method, and in response,

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051081

PATENT

closing any open input window, and opening a new input window corresponding to the

selected executable input method.


15.      (Currently Amended) At least one computer-readable medium having

computer-executable instructions, which when executed perform steps, comprising:

presenting data corresponding to a plurality of ~~available~~ input methods available

for a computer application;

invoking a selected input method, including presenting an input panel window;

and

accepting user data entered in the input panel window for the computer

application.


16.      (Original) The computer-readable medium of claim 15 wherein accepting

user data includes detecting user interaction with a touch-sensitive display.


17.      (Currently Amended) The computer-readable medium of claim 15

wherein each input method comprises a component object model (COM) object, and

wherein the step of invoking the selected input method includes the step of

instantiating the COM object. ~~input method.~~


Application Number: 10/989,877
Attorney Docket Number: 91998.10

229

MOTM_WASH1823_0051082

18.    (Currently Amended) The computer-readable medium of claim 15 further comprising converting the ~~input~~ user data to a Unicode character value.

19.    (Currently Amended) In a computing environment, a system comprising,

a manager component that manages selection of a selected input method from ~~among a plurality of~~ one or more available input methods, each input method comprising software ~~that accepts~~ configured to accept user input;

a computer program comprising software that is an independent program with respect to the selected input method; and

the selected input method coupled to the computer program to pass data corresponding to the user input received at the selected input method to the computer program.

20.    (Original) The system of claim 19 wherein the computer program comprises an application program having focus.

21.    (Original) The system of claim 19 further comprising an input panel window corresponding to the input method.

22.    (Original) The system of claim 21 wherein the selected input method presents an image representing a keyboard on the input panel window.

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051083

PATENT

23.     (Original) The system of claim 21 wherein the manager component selectively displays and hides the input panel window.

24.     (Original) The system of claim 21 wherein interaction with the input panel does not cause the input panel window to receive focus.

25.     (Original) The system of claim 19 where the input method is displayed on a touch-sensitive display screen.

26.     (Original) The system of claim 19 wherein the manager component transfers information from the active application program to the selected input method.

27.     (Original) The system of claim 19 wherein the selected input method calls functions in the manager component via a defined interface set.

28.     (Original) The system of claim 19 wherein the selected input method comprises an object.

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051084

PATENT

29.    (Original) The system of claim 19 wherein the selected input method draws an input panel in an input panel window displayed in a graphical windowing environment.


30.    (Original) The system of claim 29 wherein the manager component selectively displays and hides the display of the input panel window.


31.    (Original) The system of claim 29 wherein the manager component docks the input panel window.

Application Number: 10/989,877
Attorney Docket Number: 91998.10

232

MOTM_WASH1823_0051085

PATENT

## REMARKS

Claims 1–7 and 9–31 are pending in the present application.  Claims 1, 2, 5, 6, 11, 13–15 and 17–19 have been amended.  No claims have been added or canceled.  Applicant respectfully requests reconsideration and allowance of the application.

<u>35 U.S.C. § 102(b) Rejections</u>

Claims 1–7, 9, 10 and 15–31 stand rejected under 35 U.S.C. 102(b) as being anticipated by U.S. Patent Number 5,760,773 issued to Berman et al. (hereinafter "Berman").  Applicant respectfully traverses the rejection.

Berman describes methods and systems for interacting with data objects using action handles.  An action handle is an icon displayed in proximity to a data object and is associated therewith.  An action handle provides a way to perform actions or display context menus related to the data object associated with the action handle.  The action handles receive event messages indicative of a tapping or dragging action with a stylus or other pointing device.  In response, a context menu displaying commands available for the object is displayed.  In further response to selection of a command in the context menu, the system carries out the appropriate selected command.

**Claim 1** has been amended and now recites a method including steps of (1) "displaying an actuatable icon representative of an input method list that includes one or more selectable input methods;" (2) "in response to actuation of the actuatable icon, displaying the input method list;" (3) "receiving a selection of an input method from the

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051086

PATENT

input method list;" (4) "installing an input method component that corresponds to the selected input method, the input method component causing an interactive input panel to be displayed; and (5) "receiving input via the interactive input.

The Office claims that elements 40a and 40b shown in one or more figures of Berman stand for element (1), above. Applicant disagrees. While elements 40a and 40b from Berman may represent icons and may be actuatable, Applicant contends that Berman elements 40a and 40b are not "representative of an input method list that includes one or more selectable input methods" as required by claim 1.

Berman element 40a is an icon appearing as a depiction of a Rolodex card that, when actuated, displays contact information associated with a record corresponding to element 40a. Berman element 40b depicts a stack of sheets of paper that represents multiple items.  Performing an action on element 40b causes that action to be performed on each item represented by element 40b, e.g., copy, paste, delete, move, etc.

In addition, elements 40a and 40b of Berman do not display an input method list in response to actuation thereof.  This, too, is required according to claim 1.

Furthermore, the Office claims that Fig. 14 of Berman stands for elements (3) (receiving a selection of an input method from the input method list) and (4) (installing an input method component that corresponds to the selected input method, the input

Application Number: 10/989,877
Attorney Docket Number: 91998.10

234

MOTM_WASH1823_0051087

method component causing an interactive input panel to be displayed), above. Applicant disagrees.

Fig. 14 of Berman depicts a hierarchical chart that shows components of an operating system software component 120. The operating system components include an event handler 125, an application 130 and a window object 135 that handles display of data in one or more windows. The window object 135 includes an HHPANE object 138 that displays a subset of data in a smaller window pane. The HHPANE object 138 includes an edit component and an ink component that are not described. The HHPANE object 138 also includes an HHBUTTON object 140 (a user control object) and an HHLISTBOX object 150 (displayed list of data items).

Applicant contends that Fig. 14 of Berman does not disclose or anticipate receiving selection of an input method from an input method list, or installing the selected input method that causes an input panel to be displayed. These steps are required to be present in any reference claiming to anticipate the elements of claim 1.

For at least these reasons, claim 1 is allowable over Berman. Accordingly, the rejection of claim 1 should be withdrawn.

**Claims 2–6 and 8–10** depend from claim 1 and are allowable at least by virtue of that dependency. Therefore, the rejection of these claims should also be withdrawn.

**Claim 15** has been amended to recite at least one computer-readable medium having executable instructions that, when executed, perform steps including: (1)

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051088

PATENT

"presenting data corresponding to a plurality of input methods available for a computer application"; (2) "invoking a selected input method, including presenting an input panel window"; and (3) "accepting user data entered in the input panel window for the computer application."

Element (1), above, requires that data corresponding to multiple input methods available for a computer application be presented. Specifically, claim 15 requires that multiple input methods be available for a single computer application that uses a selected one of the multiple input methods. This element is not disclosed or anticipated by Berman, especially by Figures 1 (40a, 40b) and 2 as recited in the Office Action.

Accordingly, claim 15 is allowable over Berman and the rejection of claim 15 should be withdrawn.

**Claims 16–18** depend from claim 15 and are allowable at least by virtue of that dependency. Accordingly, the rejection of these claims should be withdrawn.

**Claim 19** has been amended to recite a system having a manager component, a computer program and a selected input method that receives user input and passes it to the computer program.

More specifically, the manager component "manages selection of a selected input method from one or more available input methods, each input method comprising software configured to accept user input."

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051089

PATENT

The computer program comprises "software that is an independent program with respect to the selected input method" and the selected input method is "coupled to the computer program to pass data corresponding to the user input received at the selected input method to the computer program."

Again – and similar to claims 1 and 15 – one or more input methods are presented to a user for a selection.  This concept is simply not shown in the cited reference.  The additional excerpts regarding object oriented programming classes and subclasses and notion of notifications to a calling object do not overcome the deficiency pointed out thus far.

Accordingly, claim 19 is allowable over the cited references.  Therefore, the rejection of claim 19 should be withdrawn.

**Claims 20-31** depend from claim 19 and are allowable at least by virtue of that dependency.  Accordingly, the rejection of these claims should be withdrawn.

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051090

PATENT

<u>35 U.S.C. § 103(a) Rejections</u>

Claims 11–14 stand rejected under 35 U.S.C. 103(a) as being unpatentable over Berman in view of U.S. Patent Number 5,914,707 issued to Kono (hereinafter "Kono"). Applicant respectfully traverses the rejection.

Claim 11 has been amended and now recites at least one computer-readable medium having computer-executable instructions stored thereon. When executed, the instructions perform steps including: (1) "selecting one of a plurality of executable input methods for supplying user input to the computer system, each executable input method comprising an interchangeable software component and having a defined interface set such that the executable input method is connectable to other executable software;" (2) "opening an input window on a display of the computer system Independent of a window of an active application program;" and (3) "displaying an interactive input panel in the input window, the interactive input panel corresponding to the selected executable input method such that user input may be received via the interactive input panel and information corresponding thereto provided to the active application program."

As previously discussed, Berman does not disclose selecting one of a plurality of executable input methods that correspond to displayed input panels through which a user can enter data into an application.

Application Number: 10/989,877
Attorney Docket Number: 91998.10

MOTM_WASH1823_0051091

The Kono reference was added to stand for an interchangeable software component. Whether or not Kono is appropriately cited to teach an interchangeable software component is not discussed here. It only matters that Kono does not teach or suggest the elements shown to be lacking in Berman.

As a result, the combination of the cited references does not teach or suggest the elements recited in claim 11. Accordingly, claim 11 is allowable over the cited references and the rejection should be withdrawn.

**Claims 12-14** depend from claim 11 and are allowable at least by virtue of that dependency. Therefore, the rejection of these claims should also be withdrawn.

Application Number: 10/989,877
Attorney Docket Number: 91998.10

239

MOTM_WASH1823_0051092

PATENT

CONCLUSION

Accordingly, in view of the above amendment and remarks it is submitted that the claims are patentably distinct over the cited references and that all the rejections to the claims have been overcome.  Reconsideration of the above Application is requested. Based on the foregoing, Applicants respectfully requests that the pending claims be allowed, and that a timely Notice of Allowance be issued in this case.  If the Examiner believes, after this response, that the application is not in condition for allowance, the Examiner is requested to call the Applicant's attorney at the telephone number listed below.

If this response is not considered timely filed and if a request for an extension of time is otherwise absent, Applicants hereby request any necessary extension of time.  If there is a fee occasioned by this response, including an extension fee that is not covered by an enclosed check please charge any deficiency to Deposit Account No. 50–0463.

Respectfully submitted,
Microsoft Corporation

Date: September 5, 2006

Microsoft Corporation
One Microsoft Way
Redmond WA 98052

By: _____

James R. Banowsky, Reg. No.: 37,773
Attorney for Applicant
Direct telephone (425) 705–3539

CERTIFICATE OF MAILING OR TRANSMISSION
(Under 37 CFR § 1.8(a)) or ELECTRONIC FILING

I hereby certify that this correspondence is being electronically deposited with the USPTO via EFS–Web on the date shown below:

September 5, 2006
Date

Noemi Tovar

Application Number: 10/989,877
Attorney Docket Number: 91998.10

17/17

MOTM_WASH1823_0051093

**PATENT**

First Named Inventor:  Toepke, Michael G.
Application No.:  10/989,877
Filed:  November 15, 2004
Customer No.:    22971
Title: SOFT INPUT PANEL SYSTEM AND METHOD

Attorney Docket No.:  91998.10
Group Art Unit:  2629
Examiner:  Nguyen, Kimnhung T.
Confirmation Number:  4247

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

### REPLY TO NON-FINAL OFFICE ACTION UNDER 37 C.F.R. 1.111

In response to the Non-Final Office Action mailed June 13, 2007, please consider the following:

**Amendments to the Claims** are reflected in the listing of claims that begins on page 2 of this amendment.

**Remarks** begin on page 11 of this amendment.

241

MOTM_WASH1823_0050991

PATENT

## AMENDMENTS TO THE CLAIMS

Please amend claims 1, 2, 4, 11, 15, 19, 21, 26, and 29 as follows.

Please add new claim 32 as follows.


1.      (Currently Amended) In a computing environment, a computer-implemented method comprising:

displaying an actuatable icon representative of an input method list that includes one or more selectable input methods for one or more computer programs, wherein each input method is a computer-executable software component distinct from the computer programs;

in response to actuation of the actuatable icon, displaying the input method list;

receiving a selection of an input method from the input method list;

installing an input method component that corresponds to the selected input method, the input method component causing an interactive input panel to be displayed; and

receiving input via the interactive input panel; and

providing the input to a computer program of the one or more computer programs as if the information was received via user input received from a hardware input device.

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

2/16

MOTM_WASH1823_0050992

242

PATENT

2.      (Currently Amended) The method of claim 1 <u>wherein providing the input</u>
<u>to the computer program comprises</u> ~~further comprising,~~ communicating information
representative of the input to a graphical windowing environment.


3.      (Original) The method of claim 2 wherein communicating the information
comprises passing the information to an interface.


4.      (Currently Amended) The method of claim 2 further comprising,
communicating the information from the graphical windowing environment to an
application program<u>, wherein the computer program includes the application program,</u>
<u>wherein the information is provided to the application program in a same manner as if</u>
<u>the input was received via a hardware keyboard.</u>


5.      (Previously Presented) The method of claim 1 wherein the selected input
method corresponds to a displayed keyboard, and wherein receiving input via the
interactive input panel that corresponds to the selected input method comprises
receiving information corresponding to a keyboard character entered via the displayed
keyboard.


Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

3/16

MOTM_WASH1823_0050993

**PATENT**

6.      (Previously Presented) The method of claim 1 wherein the selected input method corresponds to a handwriting input area, and wherein receiving input via the interactive input panel that corresponds to the selected input method comprises receiving information corresponding to handwritten data.

7.      Canceled

8.      (Original) The method of claim 1 further comprising, hiding the input panel.

9.      (Original) The method of claim 1 further comprising, docking the input panel.

10.     (Original) At least one computer-readable medium having computer-executable instructions, which when executed perform the method of claim 1.

11.     (Currently Amended) At least one computer-readable medium having computer-executable instructions stored thereon, which when executed <u>by a computer system</u> perform steps, comprising:

MOTM_WASH1823_0050994

244

PATENT

selecting one of a plurality of executable input methods for supplying user input
to the computer system, <u>wherein</u> each executable input method ~~comprising~~ <u>is</u> an
interchangeable software component <u>distinct from one or more application programs,</u>
<u>each executable input method</u> ~~and~~ having a defined interface set such that the
executable input method is connectable to <u>the application programs</u> ~~other executable~~
~~software~~;

opening an input window on a display of the computer system independent of a
window of an active application program; and

displaying an interactive input panel in the input window, the interactive input
panel corresponding to the selected executable input method such that information
corresponding to user input received <u>by the selected executable input method</u> via the
interactive input panel is provided to the active application program <u>as if the</u>
<u>information was received via user input at a hardware input device</u>.


12.    (Original) The computer-readable medium of claim 11 further
comprising, providing an input panel button on the display of the computer system, the
input panel button being responsive to open and to close the input window.


13.    (Previously Presented) The computer-readable medium of claim 11
further comprising, providing a Software Input Panel (SIP) menu button on the display of

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

245

MOTM_WASH1823_0050995

PATENT

the computer system, the SIP menu button being actuatable to display a selectable list of the plurality of executable input methods.

14.    (Previously Presented) The computer-readable medium of claim 13 further comprising, receiving a selection of one of the plurality of executable input methods displayed in the list as a selected executable input method, and in response, closing any open input window, and opening a new input window corresponding to the selected executable input method.

15.    (Currently Amended) At least one computer-readable medium having computer-executable instructions, which when executed perform steps, comprising:

presenting ~~data~~ <u>icons</u> corresponding to a plurality of input methods available for a computer application, <u>wherein each input method is a computer-executable software component distinct from the computer application</u>;

invoking a selected input method <u>in response to a user selecting an icon corresponding to the selected input method</u>, including presenting an input panel window; and

accepting user data entered in the input panel window for the computer application<u>, wherein the user data is provided to the computer application as if the user data was received from a hardware input device</u>.

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

6/16

MOTM_WASH1823_0050996

PATENT

16.     (Original) The computer–readable medium of claim 15 wherein accepting user data includes detecting user interaction with a touch–sensitive display.


17.     (Previously Presented) The computer–readable medium of claim 15 wherein each input method comprises a component object model (COM) object, and wherein the step of invoking the selected input method includes the step of instantiating the COM object.


18.     (Previously Presented) The computer–readable medium of claim 15 further comprising converting the user data to a Unicode character value.


19.     (Currently Amended) In a computing environment, a system comprising,

a manager component stored on one or more computer–readable media and configured:

to manage selection of a selected input method from one or more available stored input methods, wherein each input method is a computer–executable software component distinct from one or more computer programs, and


Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

7/16

MOTM_WASH1823_0050997

PATENT

to send input data corresponding to a user input received at the

selected input method to a graphical windowing environment; and


the graphical windowing environment to receive the input data and to send the

input data to a computer program of the one or more computer programs, wherein the

input data is sent to the computer program as if the input data was received via user

input received from a hardware input device.

each input method comprising software configured to accept user input;

a computer program stored on one or more computer-readable media and

comprising software that is an independent program with respect to the selected input

method; and

the selected stored input method configured to transmit data corresponding to

the user input received at the selected input method to the computer program.


20.     (Original) The system of claim 19 wherein the computer program

comprises an application program having focus.


21.     (Currently Amended) The system of claim 19 further comprising an input

panel window corresponding to the selected input method.

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

8/16

MOTM_WASH1823_0050998

248

22.     (Original) The system of claim 21 wherein the selected input method presents an image representing a keyboard on the input panel window.

23.     (Original) The system of claim 21 wherein the manager component selectively displays and hides the input panel window.

24.     (Original) The system of claim 21 wherein interaction with the input panel does not cause the input panel window to receive focus.

25.     (Original) The system of claim 19 where the input method is displayed on a touch-sensitive display screen.

26.     (Currently Amended) The system of claim 19 wherein the manager component transfers information from the ~~active application~~ computer program to the selected input method.

27.     (Original) The system of claim 19 wherein the selected input method calls functions in the manager component via a defined interface set.

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

9/16

MOTM_WASH1823_0050999

249

28.    (Original) The system of claim 19 wherein the selected input method comprises an object.

29.    (Currently Amended) The system of claim 19 wherein the selected input method draws an input panel in an input panel window displayed in [[a]] the graphical windowing environment.

30.    (Original) The system of claim 29 wherein the manager component selectively displays and hides the display of the input panel window.

31.    (Original) The system of claim 29 wherein the manager component docks the input panel window.

32.    (New) The method of claim 2 wherein providing the input to the computer program comprises placing the information, by the graphical windowing environment, in a message in a message queue of the computer program, wherein the message queue capable to receive messages corresponding to input from the selected input method and messages corresponding to input from a hardware input device.

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

10/16

MOTM_WASH1823_0051000

250

PATENT

## REMARKS

Claims 1–6 and 8–31 are pending in the application.  Claims 1–6 and 8–31 are rejected.  Amendments to the application are shown above.  The Applicant respectfully requests reconsideration of the application in view of the amendments and the following remarks.

### SUMMARY OF EXAMINER INTERVIEW

A telephonic Examiner Interview was conducted on August 21, 2007, between Examiner Kimnhung Nguyen and the Applicant's representative, Anthony Azure, Reg. No. 52,580.  The Examiner agreed that amendments to claim 1 as shown above overcome the instant § 102 and § 103 rejections.  No agreement was reached as to allowability of the application.  The Applicant's representative thanks the Examiner for her time and attention in this matter.

### REQUEST CLARIFICATION TO REJECTION OF CLAIM 6

The Applicant respectfully requests clarification as to the rejection of claim 6 on page 3 of the instant Office Action.  The rejection of claim 6 cites reference Berman, but Berman is not listed in the rejection on page 2 of the Office Action.

### REJECTIONS UNDER 35 U.S.C. § 102

Claims 1–7, 9–10, and 15–31 are rejected under 35 U.S.C. § 102(e) as being anticipated by Stucka (U.S. 5,596,702).  The Applicant notes that claim 7 has been previously canceled and assumes Examiner intended rejections of claims 1–6 and 8–10.  The Applicant respectfully traverses the rejections.

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

11/16

MOTM_WASH1823_0051001

PATENT

Claim 1 as presently amended expressly recites in pertinent part (emphasis added):

> "displaying an actuatable icon representative of an input method list that includes one or more selectable input methods for one or more computer programs, wherein each input method is a computer-executable software component distinct from the computer programs."

Stucka is directed to a system for dynamically sharing user interface displays. Stucka discloses input devices such as keyboard 26 and mouse 34 (col. 7, lines 37-38). However, Stucka fails to disclose an "*input method that is a computer-executable software component*" as expressly claimed by the Applicant. It is also noted that on page 7 of the instant Office Action, the Examiner acknowledges that Stucka does not disclose an input method comprising an interchangeable software component as claimed by the Applicant.

Thus, Stucka fails to disclose at least one of the expressly recited limitations of claim 1. Accordingly, claim 1 is not anticipated by Stucka. Independent claims 15 and 19 distinguish from Stucka for at least the same reasons as claim 1. Claims 2-6, 8-10, 16-18, and 20-31 are dependent claims and distinguish for at least the same reasons as their independent base claims in addition to adding further limitations of their own. Therefore, the Applicant respectfully requests that the instant § 102 rejections be withdrawn.

REJECTIONS UNDER 35 U.S.C. § 103

Claims 11-14 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Stucka in view of Kono (U.S. 5,914,707). The Applicant respectfully traverses the rejections.

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

12/16

MOTM_WASH1823_0051002

PATENT

Claim 11 as presently amended expressly recites (emphasis added):

At least one computer-readable medium having computer-executable instructions stored thereon, which when executed by a computer system perform steps, comprising:

selecting one of a plurality of executable input methods for supplying user input to the computer system, wherein each executable input method is an interchangeable software component distinct from one or more application programs, each executable input method having a defined interface set such that the executable input method is connectable to the application programs;

opening an input window on a display of the computer system independent of a window of an active application program; and

displaying an interactive input panel in the input window, the interactive input panel corresponding to the selected executable input method such that information corresponding to user input received by the selected executable input method via the interactive input panel is provided to the active application program as if the information was received via user input at a hardware input device.

No new matter has been added; the Examiner's attention is directed to at least page 4, lines 15-24, and page 10, line 13, to page 11, line 11, of the Applicant's specification as originally filed. It is also noted that independent claims 1, 15 and 19 have been amended to include similar claim limitations as added to claim 11.

On page 7 of the instant Office Action, the Examiner acknowledges that Stucka does not disclose an input method comprising an interchangeable software component. Since Stucka, by the Examiner's own statement, does not disclose a software input method, then clearly Stucka does not disclose a software input method that provides user input to an application program. Thus, Stucka does not disclose "*information corresponding to user input received by the selected executable input method via the interactive input panel is provided to the active application program as if the*

253                                                                                    MOTM_WASH1823_0051003

*information was received via user input at a hardware input device*" as expressly claimed by the Applicant.

Kono is directed to a compact portable audio/display electronic apparatus. On page 7 of the instant Office Action, the Examiner references interchangeable hardware component 21A (Fig. 7) of Kono. Kono discloses that a RAM IC card 40 in Fig. 11 (21A in Fig. 7) may include a software program for operation relative to system controller 49. The program may be transferred to RAM system memory 68 for execution under the control of system controller 49 (col. 9, lines 37–45). However, Kono fails to disclose that the software program on card 40 is for "*supplying user input*" as claimed by the Applicant. Further, Kono fails to disclose that the software program on card 40 is used to provide user input information to an "*active application program as if the information was received via user input at a hardware input device*" as expressly claimed by the Applicant.

Kono also discloses user interactive input to system 12 by one or more input devices, such as a touch panel, keyboard, mouse, or joystick (col. 9, lines 65–67). However, Kono only discloses <u>hardware</u> user input devices and Kono fails to disclose a user input method that is "*an interchangeable software component distinct from one or more application programs.*" Further, Kono does not disclose that user input information is provided to an "*active application program as if the information was received via user input at a hardware input device*" as expressly claimed by the Applicant.

Thus, Stucka and Kono, whether taken singularly or in combination, fail to disclose or suggest at least one of the expressly recited limitations of claim 11.

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

14/16

MOTM_WASH1823_0051004

PATENT

Accordingly, claim 11 is not rendered obvious by the cited references. Claims 12–14 are dependent claims and distinguish for at least the same reasons as independent claim 11 in addition to adding further limitations of their own. Therefore, the Applicant respectfully requests that the instant § 103 rejections be withdrawn.

NEW CLAIM 32

Dependent claim 32 has been added. No new matter has been added; the Examiner's attention is directed to at least page 10, line 13, to page 11, line 11, of the Applicant's specification as originally filed. Claim 32 is allowable based on its dependency from allowable independent claim 1.

CONCLUSION

Accordingly, in view of the above, it is submitted that all rejections and/or objections to the application have been overcome. Based on the foregoing, Applicant respectfully requests that the application be allowed, and that a timely Notice of Allowance be issued in this case. If the Examiner believes that the application is not in condition for allowance, the Examiner is invited to call the Applicant's representative at the telephone number listed below.

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

15/16

MOTM_WASH1823_0051005

255

PATENT

If this response is not considered timely filed and if a request for an extension of time is otherwise absent, Applicant hereby requests any necessary extension of time. If there is a fee occasioned by this response, including an extension of time fee that is not covered by an enclosed payment, please charge any deficiency to Deposit Account No. 50-0463. Any overpayment may be credited to the same account.

Respectfully submitted,

Microsoft Corporation

Date:  September 13, 2007               /A. H. Azure/

Anthony H. Azure, Reg. No.: 52,580
Attorney for Applicant
Direct telephone (425) 707-0399
Microsoft Corporation
One Microsoft Way
Redmond WA  98052-6399

## CERTIFICATE OF MAILING OR TRANSMISSION
## (Under 37 CFR § 1.8(a)) or ELECTRONIC FILING

I hereby certify that this correspondence is being electronically deposited with the USPTO via EFS-Web on the date shown below:

September 13, 2007               /SriRam/
Date                            Signature

                                SriRam
                                Printed Name

Reply to Non-Final Office Action of June 13, 2007
Application Number: 10/989,877
Attorney Docket Number: 91998.10

16/16

MOTM_WASH1823_0051006

# Exhibit H

## To

## Joint Claim Chart



PATENT
Attorney Docket No. 1265

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
TOEPKE et al.

Serial No.: 10/072,111

Filed: February 8, 2002

For:   SOFT INPUT PANEL SYSTEM
        AND METHOD

Group Art Unit: 2674

Examiner: NGUYEN, K.

**RECEIVED**
FEB 1 1 2003
Technology Center 2600

### AMENDMENT AND RESPONSE TO OFFICE ACTION

Commissioner for Patents
Washington, D.C.  20231

Dear Sir:

This communication is a response to the Office action mailed July 30, 2002.  Please enter the following amendments and consider the appended remarks.

__IN THE CLAIMS__:

**Please cancel** claim 22 and 38.

**Please amend** claims 18, 21, 23-25, 29 and 36 as follows (a marked up copy of the amended claims showing the additions and deletions to the previous version is attached hereto as Appendix A):

a-1        18.   (Amended)    The system of claim 12 wherein the executable input method comprises a component object model object.

1

MOTM_WASH1823_0050803

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

21.    (Amended)    A system for receiving user data input into a computer system having a plurality of application programs, comprising:

a plurality of executable input methods, each executable input method being distinct from the application programs and other executable input methods and configured to accept the user data input from an input device associated with the computer system, each executable input method further including a defined interface set including at least one interface therein to make the executable input method pluggable into other executable code that is capable of interfacing with the defined interface set;

an input panel window on a touch-sensitive display screen that is distinct from a window of the application, and wherein the executable input method includes executable code that draws an input panel in the input panel window; and

a management component that is capable of interfacing with the defined interface set, the management component being distinct from the application programs and configured to:

1) identify one of the executable input methods as a selected executable input method,

2) activate the selected executable input method,

3) communicate with the selected executable input method via the defined interface set,

4) identify information about user data received by the selected executable input method, and

5) pass the information about the received user data to an active application program of the plurality of application programs.

2

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

27 28. (Amended)    The system of claim 21 wherein the input panel includes an image

representing a keyboard having a plurality of keys thereon.

a3

23 24. (Amended)    The system of claim 21 wherein the management component

selectively displays and hides the display of the input panel window.

24 25. (Amended)    The system of claim 21 wherein interaction with the input panel

does not cause the input panel window to receive focus.

a4

28 29. (Amended)    The system of claim 21 wherein the executable input method

comprises a component object model object.

a5
cnt

55 36. (Amended)    A system for receiving user input data into a computer system

having a graphical windowing environment, comprising:

an input-output mechanism including a display screen that outputs images and a touch

sensitive input device that detects user interaction therewith;

a management component operatively connected to the graphical windowing

environment and configured to create an input panel window for display thereof by the graphical

windowing environment on the screen, the management component further configured to receive

user data and communicate the user data to the graphical windowing environment;

3

MOTM_WASH1823_0050805

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

a plurality of executable input methods, each executable input method including a defined interface set comprising at least one interface for calling functions of the management component, and further including an input panel corresponding thereto; and

a selected executable input method of the plurality that:

1) draws its corresponding input panel by calling a function of the management component via the defined interface set,

2) receives user data input via the input panel, and

3) calls a function of the management component via the defined interface set to pass the user data thereto; and

an executable program distinct from the selected executable input method, the graphical windowing environment communicating the user data to the executable program.

## REMARKS

The Office action dated July 30, 2002 has been carefully considered.  In the Office action, claims 18 and 20 were rejected for indefiniteness, and claims 21-38 were rejected under 35 U.S.C. § 102(b) as being anticipated by Stucka et al, U.S. Patent No. 5,596,702 (hereafter "Stucka").  Claims 1-20 and 39-49 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Stucka in view of Kono, U.S. Patent No. 5,914,707 (hereafter "Kono"), (although a "Mori et al. reference was also mentioned in the rejection).  By the present amendment, claims 22 and 38 have been canceled, claims 18, 21, 23-25, 29 and 36 have been amended, and the rejections traversed as explained in the following remarks.  Reconsideration is respectfully requested.

4

MOTM_WASH1823_0050806

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

Considering first the §112 rejections, applicants have spelled out the term "COM" (as "component object model") in claims 18 and 29. The component object model (COM) is well understood in the art, is described in the specification in a manner consistent with that known in the art, and thus applicants submit that claims 18 and 29 are not indefinite. Reconsideration and withdrawal of the §112 rejections is respectfully requested.

Turning to the rejection on the art, the present invention is generally directed to input methods that are separate from application programs, and provide their own input panels to receive user input in windows that are distinct from the application program's window or windows. The input methods are interchangeable, user-selectable software components that receive (and possibly transform) data that is then provided to the various application programs. To this end, a user selects an input method, which draws its control panel, and the user then enters data via that input method's control panel. The received data is often transformed into another type of data that is passed to an active application program. For example, as generally described in the present application, one input method may convert taps on a screen to keyboard characters, while another input method may receive handwriting (and/or speech), and output corresponding text characters based on the handwriting (and/or speech). The active application that receives the data does not need to know anything about how the data was input, what the input method did to transform the data, and so on, and instead only needs to process the data that the input method provided (such as text data transformed from screen taps). Note that the above description is for informational and example purposes only, and should not be used to limit the claims, which are discussed below.

5

MOTM_WASH1823_0050807

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

In contrast to the present invention, Stucka is directed towards providing *applications* with the ability to dynamically construct their own user interfaces using display components selected from a shared server, via application-issued commands.  Stucka, column 9, lines 3-13; see also Stucka, column 24, line 62 to column 28, line 4, for a specific example of how an application constructs its displayed user interfaces.  Significantly, in Stucka, "each application program controls the display and appearance of their user interfaces by issuing commands" to a server.  Stucka, column 16, lines 51-53.

Stucka's teachings are thus directly *opposite* the fundamental concept of an input method as defined and claimed in the claims of the present invention.  For one, the input methods of the present invention are not built and output by the application program, but are independent software entities, that among other things, essentially draw themselves into an input method window.  Note that the claims essentially point out that the input methods are distinct from the application programs that ultimately receive the data provided by the input methods.  For another, the input methods of the present invention are interchangeable, user selectable and/or controllable, unlike the user interfaces of the application program in Stucka, in which the application program chooses and builds the user interfaces that the application program needs.

In direct contrast to Stucka, with data received at an input method, the initial user interface is essentially external to the application's user interface, e.g., the input method gets the input data via its own control panel, transforms the input data in some way, and then provides it (e.g., via a message queue) to the application's user interface, as if the data (in its transformed state) was received directly by the application's user interface.  Indeed, one of the primary benefits of the present invention is that virtually any input method can work with virtually any

6

MOTM_WASH1823_0050808

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

application program, even those applications that are completely unaware of input methods and can only handle basic input, such as text or possibly mouse commands.

By law, in order to support an anticipation rejection, the Office action is required to show that each and every element of the claimed invention is disclosed in a single reference, and that each element is arranged as in the claim.  As discussed below, none of the rejections based on Stucka's application-built user interfaces come close to meeting these requirements, and thus claims 21-38 are patentable over Stucka as a matter of law.

Regarding the § 102 rejections of claims 21 and 36 based on Stucka, applicants submit that Stucka, which teaches that the application program chooses and builds its user interfaces for display as needed, clearly does not disclose or even suggest an input method, let alone an input method that "includes executable code that draws an input panel in the input panel window" as recited in claim 21, or a selected executable input method that "draws its corresponding input panel by calling a function of the management component" as recited in claim 36.  The reasoning proving Stucka's deficiencies is very clear, namely that Stucka's *application* draws the user interface, yet the application of Stucka is unmistakably *not* an executable input method which draws a control panel, since claims 21 and 36 also define another aspect of an input method, essentially that the input method is distinct from the application program.  Thus, no reasonable interpretation of Stucka meets the plain claim language with respect to an input method.

Regarding the rejection of claim 23 based on Stucka, applicants submit that Stucka's keyboard (labeled 26 in FIG. 1) cited against applicants is a conventional *hardware* keyboard, not a displayed image of a keyboard as plainly recited.  With respect to claim 24, applicants note

7

MOTM_WASH1823_0050809

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

that column 8, lines 40-53 of Stucka, cited against claim 24, refer to an application's actions in modifying the appearance of a user interface, which is not related to the claimed subject matter.

Regarding the rejection of claim 25 based on Stucka, there is no mention of the claim language of this claim (e.g., regarding focus) in the Office action, nor were applicants able to find anything in Stucka remotely related to such a concept. Applicants respectfully request that each of the claims be examined based on their claimed limitations, and then rejected or allowed, with some reasoning and a proper citation with respect to the claim language provided for any rejection, so that applicants can fairly address the rejection.

The same lack of any specific reference to the claim language also appears (at least) in the rejections of claims 27-33. For example, the Office action has simply rejected claims 22-35 as a whole (based on largely irrelevant drawings and text passages in Stucka), but completely disregarded the language of plainly recited limitations, such as docked versus floating status, a flag, communications between the input method and the application, a size or position of the window, COM objects, and others. Applicants are thus unable to fairly review and comment on these vague and unexplained rejections, except to note that both Stucka and the Office action are silent with respect to these recited limitations.

In sum, Stucka, which teaches that application programs build their own user interfaces, clearly fails to disclose or suggest an input method that draws a control panel and is distinct from the application program. Stucka simply does not disclose these limitations, let alone the elements as arranged as in the claim, and thus fails to support an anticipation rejection of the claims as a matter of law. Further, the rejections are unsupported and/or improper for additional

8

MOTM_WASH1823_0050810

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

reasons.  Reconsideration and withdrawal of the rejections of claims 21 and 23-37 based on
Stucka is respectfully requested.

Turning to the §103(a) rejections of claims 1-20 and 39-49, in order to establish *prima
facie* obviousness of a claimed invention, by law, all of the claim limitations must be taught or
suggested by the prior art. *In re Royka*, 490 F.2d 981, 180 USPQ 580 (CCPA 1974).  In addition,
"all words in a claim must be considered in judging the patentability of that claim against the
prior art." *In re Wilson*, 424 F.2d 1382, 1385, 165 USPQ 494, 496 (CCPA 1970).  Further, if
prior art, in any material respect teaches away from the claimed invention, the art cannot be used
to support an obviousness rejection.  *In re Geisler*, 116 F.3d 1465, 1471, 43 USPQ2d 1362, 1366
(Fed Cir. 1997).

Applicants submit that not only do Stucka and Kono fail to disclose the recited limitation
of an interchangeable input method, but moreover submit that if anything, both Stucka and Kono
directly teach away from such a concept.  For example, Stucka teaches the desirability for an
application to construct its own windows and change them as needed, as discussed above, rather
than receive its input from anything even resembling an independent, interchangeable input
method.   The only thing interchangeable in Kono is an insertable RAM IC memory card, thus
teaching the need to change hardware to change memory contents.

The deficiencies of Stucka are discussed above, and will not be repeated herein for
purposes of brevity, except to reiterate that in Stucka, the application program is intimately in
control of its user interfaces, as the application program chooses what it wants to display
according to its needs, causes the user interface to be built as desired, interprets events based on
how it built the user interface, and so on.  No reasonable interpretation of Stucka's application-

9

MOTM_WASH1823_0050811

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

built user interface comes close to an input method as defined and claimed in the present invention, let alone the claimed arrangement between the input method and the application programs.

Regarding Kono, the Office action contends that "Kono discloses in figures 7 and 10 that an interchangeable software component and interchangeable hardware component are (21A) configured *[sic]* accept the user data input from an input device associated with the computer system (see figure 7, column 8, lines 28-37 and column 9, lines 37-45)."  This contention cannot be reasonably supported, because among other significant differences, there is simply no interchangeable *software* component disclosed in Kono, let alone any teaching or suggestion of an interchangeable *input method* corresponding to that alleged software component.  A hardware memory card is not interchangeable software, and a memory card that plugs into a slot on a computing device does not reasonably disclose or suggest an interchangeable software component, let alone a selectable, interchangeable and executable software input method that receives user data input from an input device and communicates with a management component to pass information about the received user data thereto (e.g., claim 1).  Indeed, such a memory card is wholly unrelated to an input method as recited in the claims, and it is clearly unreasonable to reject a claim by focusing on one term such as "interchangeable" while completely ignoring the other significant differences of such an element.  In fact, a manually pluggable memory card does not come close to reasonably suggesting or providing any motivation for a software input method, let alone one that is "an interchangeable and executable software component that is distinct from the application programs" (see e.g., claim 1).

10

MOTM_WASH1823_0050812

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

Thus, even if somehow permissible to combine Kono with Stucka (which applicants submit it is not, as discussed below), the claim limitations are not found by such a combination. Further, Stucka and Kono both teach away from the claimed invention, and thus cannot be used to support an obviousness rejection as a matter of law. For at least these reasons, applicants submit that the rejections of claims 1-20 and 30-39 are improper as a matter of law, and respectfully request reconsideration and withdrawal of these rejections.

Also as a matter of law, obviousness may not be established using hindsight obtained in view of the teachings or suggestions of the applicants. *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1551, 1553, 220 USPQ 303, 311, 312-13 (Fed. Cir. 1983), *cert. denied*, 469 U.S. 851 (1984). To guard against the use of such impermissible hindsight, obviousness needs to be determined by ascertaining whether the applicable prior art contains any suggestion or motivation for making the modifications in the design of the prior art article in order to produce the claimed design. Even the mere possibility that a prior art teaching could be modified or combined such that its use would lead to the particular limitations recited in a claim does not make the recited limitation obvious, unless the prior art suggests the desirability of such a modification. *See In re Gordon*, 733 F.2d 900, 902, 221 USPQ 1125, 1127 (Fed. Cir. 1984).

As discussed below, the prior art contains nothing at all that supports the conclusion that any of the claims are obvious. In the present case, it is clearly evident that the Examiner can only have used impermissible hindsight gleaned from applicants' own teachings to locate a Stucka and Kono, and thereafter attempted to fit their teachings into applicants' invention, even though neither teach input methods, and both generally teach away from the present invention as claimed.

11

MOTM_WASH1823_0050813

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

    In fact, the alleged motivation in the Office action for combining Stucka with Kono presupposes that Kono teaches an interchangeable software component, is generally nonsensical, and is not found in the prior art. In making the rejection, the Office action alleges that, "it would have been obvious to one of ordinary skill in the art at the time the invention was made to provide an interchangeable software component of Kono to the system display of Stucka et al. as taught by Mori et al. because this would alternatively operate another input device and help the operation of the individual application." Applicants strongly disagree with this unsupported, broad conclusory statement, as to the extent it is understood, this statement indicates a fundamental misunderstanding of the present invention. Again, not only do Stucka and Kono (as well as Mori et al., presumably U.S. Patent No. 5,644,339) fail to disclose, suggest or provide any motivation for an interchangeable software component (as discussed above), but further, the present invention does not operate other input *devices*, nor do Stucka and/or Kono. It is unclear from this statement how operating other input devices would lead one of ordinary skill in the art to combine these references, or why this might be desirable, or what might be accomplished thereby, let alone how the present invention could somehow result from such a combination.

    Instead, it appears as if the Office action located references that are substantially unrelated to the present invention, in an attempt to piece together applicants' invention using applicants' own teachings. However, (in addition to failing to reach the claims even when impermissibly combined), such a hindsight reconstruction based on applicant's teachings is clearly impermissible by law. For at least these additional reasons, applicants submit that the claims of the present invention are patentable over the prior art of record including Stucka and/or

12

MOTM_WASH1823_0050814

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

Kono (and/or Mori et al.), and respectfully request withdrawal of the §103(a) rejections of claims

1-20 and 39-49 based thereon.

## CONCLUSION

Applicants have reviewed the prior art of record. The claims have been, and continue to

be clearly patentable over the prior art of record. In view of the foregoing remarks, it is

respectfully submitted that claims 1-21, 23-37 and 39-49 are in good and proper condition for

allowance. Entry of the foregoing Amendment and withdrawal of the pending rejections are

respectfully requested.

If in the opinion of the Examiner a telephone conference would expedite the prosecution

of the subject application, the Examiner is invited to call the undersigned attorney at (425) 836-

3030.

Respectfully submitted,

Albert S. Michalik, Registration No. 37,395
Attorney for Applicants
Law Offices of Albert S. Michalik, PLLC
704 - 228th Avenue NE
Suite 193
Sammamish, WA  98074
(425) 836-3030 (telephone)
(425) 836-8957 (facsimile)

13

MOTM_WASH1823_0050815

270

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

### Appendix A

*(marked up copy of the claims amended herein)*

18.     (Amended)     The system of claim 12 wherein the executable input method comprises a [COM] component object model object.


21.     (Amended)     A system for receiving user data input into a computer system having a plurality of application programs, comprising:

a plurality of executable input methods, each executable input method being distinct from the application programs and other executable input methods and configured to accept the user data input from an input device associated with the computer system, each executable input method further including a defined interface set including at least one interface therein to make the executable input method pluggable into other executable code that is capable of interfacing with the defined interface set;

an input panel window on a touch-sensitive display screen that is distinct from a window of the application, and wherein the executable input method includes executable code that draws an input panel in the input panel window; and

a management component that is capable of interfacing with the defined interface set, the management component being distinct from the application programs and configured to:

1) identify one of the executable input methods as a selected executable input method,

2) activate the selected executable input method,

14

MOTM_WASH1823_0050816

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

    3) communicate with the selected executable input method via the defined

interface set,

    4) identify information about user data received by the selected executable input

method, and

    5) pass the information about the received user data to an active application

program of the plurality of application programs.


23.    (Amended)    The system of claim [22] 21 wherein the input panel includes an

image representing a keyboard having a plurality of keys thereon.


24.    (Amended)    The system of claim [22] 21 wherein the management component

selectively displays and hides the display of the input panel window.


25.    (Amended)    The system of claim [22] 21 wherein interaction with the input

panel does not cause the input panel window to receive focus.


29.    (Amended)    The system of claim 21 wherein the executable input method

comprises a [COM] component object model object.


36.    (Amended)    A system for receiving user input data into a computer system

having a graphical windowing environment, comprising:


15

MOTM_WASH1823_0050817

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

an input-output mechanism including a display screen that outputs images and a touch sensitive input device that detects user interaction therewith;

a management component operatively connected to the graphical windowing environment and configured to create an input panel window for display thereof by the graphical windowing environment on the screen, the management component further configured to receive user data and communicate the user data to the graphical windowing environment;

a plurality of executable input methods, each executable input method including a defined interface set comprising at least one interface for calling functions of the management component, and further including an input panel corresponding thereto; and

a selected executable input method of the plurality that:

1) draws its corresponding input panel by calling a function of the management component via the defined interface set,

2) receives user data input via the input panel, and

3) calls a function of the management component via the defined interface set to pass the user data thereto; and

an executable program distinct from the selected executable input method, the graphical windowing environment communicating the user data to the executable program.

16

MOTM_WASH1823_0050818

273

In re Application of TOEPKE et al.
Serial No.: 10/072, 111

### CERTIFICATE OF MAILING

I hereby certify that this Amendment along with Transmittal, Petition for Extension of
Time, and Change of Attorney's Address in Application are being deposited with the United
States Postal Service on the date shown below with sufficient postage as first class mail in an
envelope addressed to: Commissioner for Patents, Washington, D.C. 20231.

Date:   January 30, 2003

Albert S. Michalik

*1265 amendment*

17

MOTM_WASH1823_0050819

*JAN 2 9 2004* *U.S. PATENT & TRADEMARK OFFICE OIPE*

*11 Appeal Brief 2-4-04 NP*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS AND INTERFERENCES

| | | | |
|---|---|---|---|
| Applicant: | TOEPKE et al. | Attorney Docket No. 1265 | |
| Serial No: | 10/072,111 | Group Art Unit: 2674 | |
| Filed: | February 8, 2002 | Examiner: NGUYEN, K. | |
| Title: | Soft Input Panel System and Method | | |

**RECEIVED**

FEB 0 3 2004

Technology Center 2600

Clerk of the Board
Alexandria, VA 22313

**APPEAL BRIEF**

Sammamish, Washington 98074

**I.** **Real Party in Interest**

The Real Party in Interest is Microsoft Corporation.

**II.** **Related Appeals and Interferences**

None.

**III.** **Status of Claims**

Claims 1–49 were presented during prosecution of the application; of these, claims 22 and 38 have been canceled. Claims 1-21, 23-37 and 39-49 remain pending. Claims 21 and 23-37 stand rejected under 35 U.S.C. § 102(b) as being anticipated by Stucka et al., U.S. Patent No. 5,596,702 (hereinafter "Stucka"). Claims 1-20 and 39-49 stand rejected as being unpatentable over Stucka in view of Kono et al., U.S. Patent No. 5,914,707 (hereinafter "Kono"). Applicants appeal the rejections of claims 1-21, 23-37 and 39-49. Appendix A includes a copy of the claims on appeal.

MOTM_WASH1823_0050831

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 2 of 32

IV.     **Status of Amendments**

All previous amendments to the claims have been entered.

V.      **Summary of Invention**

The present invention provides a system and method generally directed towards receiving user data input into a computer system via a selected executable software component referred to as an input method (4:12-15); (4:23-5:6). A user running one or more application programs on a device selects a desired software input method from among a set of interchangeable software input methods, such as by tapping on a user interface having a displayed list of available input methods. (12:13-15); (14:10-14); (17:20-24). The selected input method then is invoked, e.g., loaded and called by a management component (12:15-18). Any previously-selected input method is instructed by the management component to exit (13:8-11). To facilitate interchangeability, the selected software input method (e.g., implemented as a COM object) has a defined interface set that makes it pluggable into the management component (12:18-24).

When loaded, the input method runs its own executable code to draw its own input panel for receiving user input data (18:11-13). The management component works with the operating system to provide information corresponding to the input data received at the input method to one of the running application programs, e.g., the application program that currently has focus (11:7-16). Before the information is passed to the active application program, the received data may be processed into another type of data (14:22-15:6). For

MOTM_WASH1823_0050832

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 3 of 32

example, one selected input method may receive taps on a touch-sensitive screen that is presenting a displayed software keyboard, and convert those taps on a screen to keyboard characters (FIG. 7).   The focused application program then receives the keyboard characters from the operating system (11:8-16).   A different input method may receive handwriting (and/or speech), and provide information based on the handwriting (and/or speech) that corresponds to text characters; as another example, a calculator input method may draw a calculator keypad in an input panel, receive screen taps representing '3+6', compute the sum of '9' – such as when the '=' key is tapped, and forward this sum for receipt by the application program (12:4-10).   The active application that receives the corresponding information need not to know anything about the source of the data was originally input, what if anything the input method did to transform the data, and so on, and instead only needs to process the data that the input method provided (11:19-:12-3).

VI.   **Issues**

A.   Anticipation

    1.   Are claims 21, 26, 36 and 37 anticipated by Stucka et al.?

    2.   Are claims 23-25 and 27-35 anticipated by Stucka et al.?

B.   Obviousness

    1.   Are claims 1-20 and 39-49 unpatentable under 35 U.S.C. §103 as being obvious over Stucka in view of Kono as alleged in the Office action?

    2.   Is the combination of Stucka and Kono permissible as a matter of law?

MOTM_WASH1823_0050833

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 4 of 32

## VII.  **Grouping of Claims**

    The rejected claims do not stand or fall together as a whole, with the reasons as to why these claims are separately patentable set forth in the argument section (pursuant to MPEP § 1206).  The claims are divided into the following groups:

        Claims 21, 26, 36 and 37 stand or fall together.

        Claims 23-25 and 27-35 stand or fall together

        Claims 1-20 and 39-49 stand or fall together.

## VIII.  **Argument**

    **A.**    **Anticipation**

        1. Stucka does not anticipate the subject matter recited in claims 21 and 23-37.

    Independent claim 21 essentially recites a system having a plurality of executable input methods, each executable input method being distinct from the application programs and other executable input methods and configured to accept the user data input from an input device associated with the computer system.  Each executable input method further includes a defined interface set including at least one interface therein to make the executable input method pluggable into other executable code that is capable of interfacing with the defined interface set.  Claim 21 also recites an input panel window on a touch-sensitive display screen that is distinct from a window of the application, and wherein the executable input method includes executable code that draws an input panel in the input

MOTM_WASH1823_0050834

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 5 of 32

panel window. Claim 21 further recites a management component that is capable of interfacing with the defined interface set, the management component being distinct from the application programs and configured to 1) identify one of the executable input methods as a selected executable input method, 2) activate the selected executable input method, 3) communicate with the selected executable input method via the defined interface set, 4) identify information about user data received by the selected executable input method, and 5) pass the information about the received user data to an active application program of the plurality of application programs.

Independent claim 36 is a system claim and essentially recites an input-output mechanism including a display screen that outputs images and a touch sensitive input device that detects user interaction therewith. A management component is operatively connected to the graphical windowing environment and is configured to create an input panel window for display thereof by the graphical windowing environment on the screen, the management component further configured to receive user data and communicate the user data to the graphical windowing environment. Claim 36 further recites a plurality of executable input methods, each executable input method including a defined interface set comprising at least one interface for calling functions of the management component, and further including an input panel corresponding thereto. Also recited is a selected executable input method of the plurality that 1) draws its corresponding input panel by calling a function of the management component via the defined interface set, 2) receives user data input via the input panel, and 3) calls a function of the management component via the defined interface set to pass the user data thereto. Also recited is an executable

MOTM_WASH1823_0050835

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 6 of 32

program that is distinct from the selected executable input method, the graphical

windowing environment communicating the user data to the executable program.

In contrast to claims 21 and 36, Stucka is directed towards a mechanism in which

an application program, when initially developed, is programmed to provide its user

interfaces via hierarchically-arranged user interface components that are loaded

(dynamically or at compile time) from a shared library (referred to in Stucka as a display

object store) of user interface components. Stucka, column 7, lines 57-59. In general, when

an application program wants to output a user interface, the application program issues

commands to a user interface server, which retrieves user interfaces and portions of user

interfaces from the display object store in response to those application commands. Stucka,

column 7, lines 59-62; column 9, lines 3-13; see also Stucka, column 24, line 62 to column

28, line 4, for a specific example of how an application constructs its displayed user

interfaces. Significantly, in Stucka, "each application program controls the display and

appearance of their user interfaces by issuing commands" to a server. Stucka, column 16,

lines 51-53. As with conventional application programs, the application programs of

Stucka thus output and control its user interfaces as desired by an application developer,

although because of the sharing of the components from the display object store, otherwise

unrelated applications have a common look and feel and use less overall memory. Stucka,

column 5, lines 3-13; column 8, lines 38-43.

Thus, one fundamental difference from the invention as claimed is that Stucka fails

to disclose or in any way suggest the concept of an *input method* as defined in the

specification of the present patent application and recited in the claims. In fact, in rejecting

MOTM_WASH1823_0050836

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 7 of 32

claim 21, the Examiner does not specifically identify any entity in Stucka as allegedly

disclosing or even suggesting an input method.  For example, based on numbered

paragraph 3, page 2 of the Office action mailed 5/27/2003, there is a vague hint that the

Examiner may be contending that the user interface server 48 of Stucka, because it has "at

least one interface," may somehow be being interpreted as an input method.  However a

fair reading of Stucka shows that the user interface server 48 of Stucka is no such thing.

Instead, the user interface server of Stucka is a server that responds to application program

commands to retrieve requested user interface components from the display object store,

which the application controls to output a user interface.

　　　　The user interface server 48 of Stucka is unquestionably not an input method as

recited in the plain language of claim 21, e.g., one of a plurality of input methods, each of

which is distinct from other executable input methods, "wherein the executable input

method includes executable code that draws an input panel in the input panel window."

Nor is the user interface server 48 of Stucka an input method as recited in the plain

language of claim 36, e.g., a selected executable input method that "draws its

corresponding input panel by calling a function of the management component via the

defined interface set."

　　　　In rejecting claim 36, the Examiner has instead alleged that the application

programs 50, 53 and 54 of Stucka somehow teach the input methods.  (See numbered

paragraph 5, pages 3 and 4 of the Office action mailed 5/27/2003.)  In addition to

contradicting the Examiner's prior contentions, discussed above with respect to the

rejection of claim 21, this is completely in conflict with the plain language of claim 36.

MOTM_WASH1823_0050837

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 8 of 32

Claim 36 essentially recites that the executable program (e.g., an application program) to
which the user data received at the input method is ultimately communicated, is distinct
from the selected executable input method.  In other words, the input method that receives
the user data is distinct from the program that gets the data.  Although the applications of
Stucka are distinct from one another, they receive their own data at their own user
interfaces, and are thus not input methods.  Note that there is no teaching or suggestion in
Stucka that one application receives user data which is then somehow communicated to
another application.  Thus, the applications 50, 53 and 54 of Stucka do not meet the
limitations of an input method as plainly recited in claim 36.

        Applicants have thoroughly reviewed Stucka and can find nothing else therein that
discloses or suggests an input method as claimed.  Clearly in Stucka the application
program is what puts together the user interface components, for display and receiving user
input via the application's own window, and not for example, in an input panel window
that is "distinct from a window of the application."  The application of Stucka receives the
user data via its own user interface, and not via any other executable software entity that is
distinct from that application.  If anything, Stucka's teachings in which the application
outputs its own user interfaces to receive user input are thus directly *opposite* the
fundamental concept of an input method as defined and claimed in the claims of the
present invention, in which essentially an entity (the input method) that is distinct from a
focused application program draws an input panel for receiving data for communicating to
a distinct application program.

MOTM_WASH1823_0050838

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 9 of 32

By law, in order to support an anticipation rejection, the Examiner is required to show that each and every element of the claimed invention is disclosed in a single reference, and that each element is arranged as in the claim. As discussed above, none of the rejections based on Stucka's application-built user interfaces come close to meeting these requirements at least because Stucka fails to disclose or suggest and input method, and thus claims 21 and 23-37 are patentable over Stucka as a matter of law. Reversal of the rejections is respectfully requested.

2. Stucka does not anticipate the subject matter recited in claims 23-25 and 27-35 for additional reasons.

Regarding the rejection of claim 23 based on Stucka, applicants submit that Stucka's keyboard (labeled 26 in FIG. 2) cited against applicants is a conventional *hardware* keyboard, not a displayed image of a keyboard as plainly claimed. With respect to claim 24, applicants note that column 8, lines 40-53 of Stucka, cited against claim 24, refer to an application's actions in modifying the appearance of its own user interface, which is not at all related to the claimed subject matter, wherein a "management component selectively displays and hides the display of the input panel window," (that is, the input panel window that the input method draws in, per claim 21).

Regarding the rejection of claim 25 based on Stucka, applicants submit that the Examiner has apparently missed the essence of this claim, and has consequently cited wholly unrelated text and drawings in Stucka in making the rejection. In general, a basic idea with respect to claim 25 is that because the selected input method draws "in an input panel window ... that is distinct from a window of the application," interaction with that window should not change the focus to that input panel window (as conventional systems

MOTM_WASH1823_0050839

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 10 of 32

would do), but instead leave the focus on the application's window, for example.  An example of the reasoning for this design is explained on page 17, lines 6-17 of the specification:

> Moreover, when tapped on, the SIP window 50 (and any child windows thereof such as pushbuttons, text entry fields, scrollbars and the like) will not receive the input focus as would conventional program windows.  In this manner, the user may interact with the SIP window 50 without changing the system focus.  As can be appreciated, changing the system focus each time the user inputs data into the SIP window 50 would be undesirable.  The SIP button 52 will also not cause a change of focus for the same reason, i.e., it is undesirable to cause the window with focus to lose focus by tapping on the SIP button 52 to bring out the SIP window 50.

Nothing in Stucka, including the text and drawings cited by the Examiner, comes close to disclosing suggesting such a concept.  Indeed, this would be counterintuitive to the very teaching of Stucka, as in Stucka, the user interaction is with the *application's* user interface, and as conventional, Stucka would want focus to switch to whichever application the user was interacting with.

The same lack of any specific reference to the claim language also appears (at least) in the rejections of claims 27-35.  For example, the Examiner has simply rejected claims 23-35 as a whole (based on largely irrelevant drawings and text passages in Stucka), but failed to reasonably point to anything in Stucka as to where Stucka allegedly meets the language of plainly recited limitations, such as docked versus floating status, a flag, communications between an input method and the application, a size or position of the input panel window, COM objects, and others.  Applicants are thus unable to fairly review and comment on these vague and unexplained rejections, except to note that the claimed limitations are not found in Stucka and the rejections not clearly articulated.

MOTM_WASH1823_0050840

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 11 of 32

In sum, Stucka simply does not teach these additional limitations recited in claims 23-25 and 27-35, let alone teach the elements as arranged as in the claim, and thus fails to support an anticipation rejection of the claims as a matter of law. Further, the rejections are unsupported and/or improper for additional reasons. Reversal of the rejections of claims 23-25 and 27-35 based on Stucka is respectfully requested.

**B.    Obviousness**

*1.    No permissible combination of Stucka in view of Kono renders obvious the subject matter recited in claims 1-20 and 39-49.*

A significant reason that the claims of the present invention are patentable over Stucka, whether considered alone or in any permissible combination with Kono, is that neither reference discloses, suggests or provides any motivation for (at least) the recited limitations of an input method, as generally discussed above. As an input method is generally recited in plain language in the independent claims including claims 1, 12, 39, 43 and 47, the rejections are improper as a matter of law for at least reasons similar to those discussed above.

More particularly, claim 1 recites "selecting an executable input method from a plurality of available executable input methods, each executable input method being an executable software component distinct from the application programs and separately interchangeable with respect to each of the application programs ..." Claim 12 recites "a plurality of executable input methods, each executable input method being interchangeable with respect to the applications and configured to receive user data when active ... and an ... active executable input method operatively connected to the management component via

MOTM_WASH1823_0050841

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 12 of 32

its respective defined user interface set, and configured to pass user data received at the computer system to the management component, the management component passing the data to at least one of the applications."  Claim 39 recites "selecting a selected executable input method from a plurality of executable input methods installed on the computing device, each executable input method comprising an executable software component that is interchangeable with respect to each active application program to accept the user data input from an input device associated with the computer system ... accepting user data entered in an input panel window corresponding to the selected executable input method; and supplying information corresponding to the entered user data to an active one of the application programs."  Claim 43 recites "selecting one of a plurality of executable input methods for supplying user input to the computer system, each executable input method comprising an interchangeable software component ... opening an input window on a display of the computer system independent of a window of an active application program; and displaying an input panel in the input window, the input panel corresponding to the selected executable input method such that user input may be received via the executable input method panel and information corresponding thereto provided to the active application program."  Claim 47 recites "a plurality of executable input methods, each executable input method comprising an executable and interchangeable software component configured to accept input from a user of the computer system ... and an interface manager interfaced with at least one of the plurality of executable input methods ... the interface manager receiving user input via the at least one executable input method and operably interfaced with the computer operating system to provide data corresponding

MOTM_WASH1823_0050842

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 13 of 32

to the user input to the at least one application program having focus through the operating

system such that the at least one executable input method is independent of the at least one

application program having focus."

The Examiner contends that Stucka discloses the claimed elements, with the

conceded exception that Stucka fails to disclose "executable software interchangeable [sic]

respect to each of the application program." To allege that the claimed concept of

interchangeability would be obvious, the Examiner cites Kono, and contends that "Kono

discloses in figures 7 and 10 that an interchangeable software component and

interchangeable hardware component are (21A) configured *[sic]* accept the user data input

from an input device associated with the computer system (see figure 7, column 8, lines 28-

37 and column 9, lines 37-45)."  Office action, numbered paragraph 9, page 4.

The deficiencies of Stucka have been discussed above, and will not be repeated

herein for purposes of brevity, except to reiterate that in Stucka, the application program is

not an input method, as it is intimately in control of its own user interfaces; the application

program chooses what it wants to display according to its needs, causes the user interface

to be built as desired, interprets events and receives its own data based on how it built the

user interface, and so on.  No reasonable interpretation of Stucka's application-built user

interface comes close to an input method as defined and claimed in the present invention,

let alone the claimed arrangement between the input method and the application programs.

Regarding Kono, the Examiner's contention cannot be reasonably supported,

because among other significant differences, there is simply no interchangeable *software*

MOTM_WASH1823_0050843

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 14 of 32

component disclosed in Kono, let alone any teaching or suggestion of an interchangeable *input method* corresponding to that alleged software component.

Kono teaches a hardware memory card that plugs into a slot on a computing device. Kono's hardware card does not reasonably suggest interchangeable software that draws an input panel to receive data; a hardware memory card that plugs into a slot on a computing device does not reasonably disclose or suggest an interchangeable software component, let alone a selectable, interchangeable and executable software input method that receives user data input from an input device and communicates with a management component to pass information about the received user data thereto (e.g., claim 1). Indeed, such a memory card is wholly unrelated to an input method as recited in the claims, and it is clearly unreasonable to reject a claim by focusing on one term such as "interchangeable" while completely ignoring the other significant differences of such an element.

To establish *prima facie* obviousness of a claimed invention, all of the claim limitations must be taught or suggested by the prior art; (*In re Royka*, 490 F.2d 981, 180 USPQ 580 (CCPA 1974)), and "all words in a claim must be considered in judging the patentability of that claim against the prior art;" (*In re Wilson*, 424 F.2d 1382, 1385, 165 USPQ 494, 496 (CCPA 1970)). Further, if prior art, in any material respect teaches away from the claimed invention, the art cannot be used to support an obviousness rejection. *In re Geisler*, 116 F.3d 1465, 1471, 43 USPQ2d 1362, 1366 (Fed Cir. 1997).

The present Office action has failed each of these requirements, as Stucka and/or Kono fails to disclose or suggest at least an input method, let alone an interchangeable input method as claimed. Applicants submit that not only do Stucka and Kono fail to

MOTM_WASH1823_0050844

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 15 of 32

disclose the recited limitation of an interchangeable input method, but moreover submit that if anything, both Stucka and Kono directly teach away from such a concept. For example, Stucka teaches the desirability for an application to construct its own user interface and change it as needed, as discussed above, rather than receive its input from anything even resembling an independent, interchangeable input method. At the same time, the only thing somewhat "interchangeable" in Kono is a manually-insertable RAM IC memory card, thus teaching the need to change hardware to change memory contents, and not selecting among interchangeable software input methods.

Thus, even if somehow permissible to combine Kono with Stucka (which applicants submit it is not, as discussed below), the claim limitations are not found by such a combination. Further, Stucka and Kono if anything teach away from the claimed invention, and thus cannot be used to support an obviousness rejection as a matter of law. For at least these reasons, applicants submit that the rejections of claims 1-20 and 39-49 are improper as a matter of law, and respectfully request reversal of these rejections.

2.   *The combination of Stucka and Kono is impermissible as a matter of law*

To guard against the use of impermissible hindsight to reconstruct a claimed invention based on applicant's teachings, it is well settled that it is not permissible to combine references absent some teaching, suggestion, or motivation to combine the references. See, e.g., *In re Fine*, 837 F.2d 1071, 5 USPQ2d 1596 (Fed. Cir. 1988); *In re*

MOTM_WASH1823_0050845

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 16 of 32

*Jones*, 958 F.2d 347, 21 USPQ2d 1941 (Fed. Cir. 1992); *In re Geiger*, 815 F.2d 686, 688, 2

USPQ2d 1276, 1278 (Fed. Cir. 1987).   Notwithstanding this legal requirement, the

Examiner has provided no rational motivation for combining Stucka and Kono.

In fact, the alleged motivation in the Office action for combining Stucka with Kono

presupposes that Kono teaches an interchangeable software component, is generally

nonsensical, and is not found in the prior art or elsewhere.  In making the rejection, the

Examiner alleges that, "it would have been obvious to one of ordinary skill in the art at the

time the invention was made to provide an interchangeable software component of Kono

into the system device having a graphical windowing for running application programs of

Stucka et al. because this would alternatively operate via another input device and help the

operation of the individual application."   Applicants strongly disagree with this

unsupported, broad conclusory statement, as to the extent it is understood, this statement

indicates a fundamental misunderstanding of the present invention as plainly claimed.

Again, not only do Stucka and Kono fail to disclose, suggest or provide any motivation for

an interchangeable software component (as discussed above), but further, the present

invention does not operate other input *devices*, nor do Stucka and/or Kono.  It is unclear

from this statement how operating other input devices would lead one of ordinary skill in

the art to combine these references, or why this might be desirable, or what might be

accomplished thereby, let alone how the present invention could somehow result from such

a combination.

Instead, it appears as if the Examiner located references that are substantially

unrelated to the present invention, in an attempt to piece together applicants' invention

using applicants' own teachings.  However, (in addition to failing to reach the claims even

when impermissibly combined), such a hindsight reconstruction based on applicant's

teachings is clearly impermissible by law.  For at least these additional reasons, applicants

MOTM_WASH1823_0050846

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 17 of 32

submit that the claims of the present invention are patentable over the prior art of record
including Stucka and/or Kono, and respectfully request reversal of the §103(a) rejections of
claims 1-20 and 39-49 based thereon.

MOTM_WASH1823_0050847

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 18 of 32

## IX.   Conclusion

Applicant respectfully submits that applicant's invention is clearly patentable over the cited art.  Applicant further submits that the Examiner's Office action has not met the legal requirements for the anticipation and/or obviousness rejections, and is otherwise deficient.  In each of the pending claims, many of the claimed aspects are not described, expressly or inherently, in either of the two references, and the combination is impermissible.  For these reasons, applicants request that the Board reverse the Examiner's rejections of the pending claims.

Respectfully submitted,

Albert S. Michalik, Reg. No. 37,395
Attorney for Applicants
Law Offices of Albert S. Michalik, PLLC
704 - 228th Avenue NE, Suite 193
Sammamish, WA  98074
(425) 836-3030
(425) 836-8957 (facsimile)

MOTM_WASH1823_0050848

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 19 of 32

## APPENDIX A

1.      In a computing device having a graphical windowing environment for running application programs, a method, comprising:

selecting an executable input method from a plurality of available executable input methods, each executable input method being an executable software component distinct from the application programs and separately interchangeable with respect to each of the application programs, and further including a defined interface set including at least one interface therein to make the executable input method pluggable into other executable code that is capable of interfacing with the defined interface set;

installing the selected executable input method by plugging the selected executable input method via the defined interface set into a management component;

receiving user input at the computing device, the user input directed to the executable input method;

communicating information representative of the user input data to the management component via the defined interface set; and

passing the information from the management component to the graphical windowing environment.

2.      The method of claim 2 further comprising, providing an input window, and drawing an input panel in the input window on a display screen of the computing device.

MOTM_WASH1823_0050849

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 20 of 32

    3.      The method of claim 2 wherein selecting the selected executable input method includes, displaying an icon at a screen location, and detecting a user event at the icon location.

    4.      The method of claim 2 further comprising, toggling between a displayed and hidden state of the input window.

    5.      The method of claim 4 further comprising, passing state information corresponding to the displayed or hidden state of the input window to the executable input method.

    6.      The method of claim 2 further comprising, adjusting a size or position of the input window, and passing state information corresponding to the size or position of the input window to the executable input method.

    7.      The method of claim 2 further comprising, toggling between a docked and floating state of the input window, and passing state information corresponding to the docked or floating state of the input window to the executable input method.

    8.      The method of claim 2 further comprising, processing data input to the executable input method to convert the data to keystroke information.

MOTM_WASH1823_0050850

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 21 of 32

9.    The method of claim 2 wherein communicating information representative of the user input data to the management component via the defined interface set includes calling at least one method of the interface.

10.    The method of claim 2 wherein the executable input method includes a plurality of bitmaps, and further comprising, passing information corresponding to a selected one of the bitmaps from the executable input method to the management component via the defined interface set.

11.    The method of claim 10 further comprising, displaying the selected bitmap as an icon on the display screen.

12.    A system for receiving user data input into at least one of a plurality of applications of a computer system, comprising:

a management component;

a plurality of executable input methods, each executable input method being interchangeable with respect to the applications and configured to receive user data when active, and having a defined user interface set comprising at least one interface that makes the executable input method selectively connectable to the management component; and

an active one of the plurality of executable input methods, the active executable input method operatively connected to the management component via its respective defined user interface set, and configured to pass user data received at the computer system

MOTM_WASH1823_0050851

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 22 of 32

to the management component, the management component passing the data to at least one of the applications.

13.    The system of claim 12 further comprising an operating system, wherein the management component passes the data to the application program via the operating system.

14.    The system of claim 12 wherein the operating system comprises a graphical windowing environment, and further comprising an input panel window on a touch-sensitive display screen.

15.    The system of claim 12 wherein the executable input method converts user input to a predefined set of symbols for passing to the application.

16.    The system of claim 12 wherein the management component converts user input to Unicode characters for passing to the application.

17.    The system of claim 12 wherein the application program passes information back to the management component.

18.    The system of claim 12 wherein the executable input method comprises a component object model object.

MOTM_WASH1823_0050852

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 23 of 32

19.    The system of claim 12 wherein the executable input method includes a
plurality of bitmaps, and wherein the executable input method communicates bitmap
information to the management component via the defined interface set.

20.    The system of claim 19 wherein the management component communicates
with an operating system to display the bitmap as an icon on the display screen.

21.    A system for receiving user data input into a computer system having a
plurality of application programs, comprising:

a plurality of executable input methods, each executable input method being
distinct from the application programs and other executable input methods and configured
to accept the user data input from an input device associated with the computer system,
each executable input method further including a defined interface set including at least
one interface therein to make the executable input method pluggable into other executable
code that is capable of interfacing with the defined interface set;

an input panel window on a touch-sensitive display screen that is distinct from a
window of the application, and wherein the executable input method includes executable
code that draws an input panel in the input panel window; and

a management component that is capable of interfacing with the defined interface
set, the management component being distinct from the application programs and
configured to:

MOTM_WASH1823_0050853

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 24 of 32

> 1) identify one of the executable input methods as a selected executable input method,

> 2) activate the selected executable input method,

> 3) communicate with the selected executable input method via the defined interface set,

> 4) identify information about user data received by the selected executable input method, and

> 5) pass the information about the received user data to an active application program of the plurality of application programs.


22.    (canceled)


23.    The system of claim 21 wherein the input panel includes an image representing a keyboard having a plurality of keys thereon.


24.    The system of claim 21 wherein the management component selectively displays and hides the display of the input panel window.


25.    The system of claim 21 wherein interaction with the input panel does not cause the input panel window to receive focus.

MOTM_WASH1823_0050854

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 25 of 32

26.     The system of claim 21 further comprising a touch-sensitive display screen,
and wherein the selected executable input method is identified by detecting user interaction
with the touch-sensitive display screen.

27.     The system of claim 21 wherein the management component is further
configured to transfer information from the active application program to the selected
executable input method.

28.     The system of claim 21 wherein the executable input method calls functions
in the management component via the defined interface set, and wherein the management
component calls functions in the executable input method via the defined interface set.

29.     The system of claim 21 wherein the executable input method comprises a
component object model object.

30.     The system of claim 21 wherein the executable input method draws an input
panel in an input panel window displayed in a graphical windowing environment, and
wherein the management component and executable input method exchange state
information corresponding to a displayed state of the input panel window via the defined
interface set.

MOTM_WASH1823_0050855

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 26 of 32

31.    The system of claim 30 wherein the management component selectively displays and hides the display of the input panel window, and wherein the state information includes a flag indicative of a displayed or hidden status of the window.

32.    The system of claim 30 wherein the state information includes a flag indicative of a docked or floating status of the window.

33.    The system of claim 30 wherein the state information includes a size or position of the window.

34.    The system of claim 30 wherein the executable input method includes a plurality of bitmaps, and wherein the executable input method passes information corresponding to a selected one of the bitmaps through the defined interface set to the management component.

35.    The system of claim 34 wherein the management component displays the selected bitmap as an icon.

36.    A system for receiving user input data into a computer system having a graphical windowing environment, comprising:

an input-output mechanism including a display screen that outputs images and a touch sensitive input device that detects user interaction therewith;

MOTM_WASH1823_0050856

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 27 of 32

a management component operatively connected to the graphical windowing environment and configured to create an input panel window for display thereof by the graphical windowing environment on the screen, the management component further configured to receive user data and communicate the user data to the graphical windowing environment;

a plurality of executable input methods, each executable input method including a defined interface set comprising at least one interface for calling functions of the management component, and further including an input panel corresponding thereto; and

a selected executable input method of the plurality that:

1) draws its corresponding input panel by calling a function of the management component via the defined interface set,

2) receives user data input via the input panel, and

3) calls a function of the management component via the defined interface set to pass the user data thereto; and

an executable program distinct from the selected executable input method, the graphical windowing environment communicating the user data to the executable program.

37.     The system of claim 36 wherein the input-output mechanism comprises a touch-sensitive display.

38.     (canceled)

MOTM_WASH1823_0050857

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 28 of 32

    39.    A method of inputting user data into a computing device to be used by at least one active application program of a plurality of application programs available to the device, comprising:

    selecting a selected executable input method from a plurality of executable input methods installed on the computing device, each executable input method comprising an executable software component that is interchangeable with respect to each active application program to accept the user data input from an input device associated with the computer system, and having a defined interface set comprising at least one interface that makes the executable input method pluggable into other executable software code;

    invoking the selected executable input method, including plugging the selected executable input method into other executable code for communication therewith via the defined interface; and

    accepting user data entered in an input panel window corresponding to the selected executable input method; and

    supplying information corresponding to the entered user data to an active one of the application programs.

    40.    The method of claim 39 wherein the computing device includes a touch-sensitive display, and wherein accepting user data includes detecting user interaction with the touch-sensitive display.

MOTM_WASH1823_0050858

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 29 of 32

    41.    The method of claim 40 wherein the executable input method comprises a COM object, and wherein invoking the selected executable input method includes instantiating the executable input method.

    42.    The method of claim 40 wherein the information supplied to the application program comprises a Unicode character value, and further comprising, converting the input data at the input method to the Unicode character value.

    43.    In a computer system, a method comprising:

    selecting one of a plurality of executable input methods for supplying user input to the computer system, each executable input method comprising an interchangeable software component and having a defined interface set such that the executable input method is connectable to other executable software;

    opening an input window on a display of the computer system independent of a window of an active application program; and

    displaying an input panel in the input window, the input panel corresponding to the selected executable input method such that user input may be received via the executable input method panel and information corresponding thereto provided to the active application program.

MOTM_WASH1823_0050859

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 30 of 32

44.     The method of claim 43 further comprising, providing an input panel button on the display of the computer system, the input panel button being responsive to open and to close the input window.

45.     The method of claim 43 further comprising, providing an input method button on the display of the computer system, the input method button being responsive to display a selectable list of the plurality of executable input methods.

46.     The method of claim 43 further comprising, receiving a selection of one of the plurality of executable input methods displayed in the list as a selected executable input method, and in response, closing any open input window, and opening a new input window corresponding to the selected executable input method.

47.     A system for receiving user input into a computer system for use with at least one executable application program of a plurality of application programs executable on the computer system, comprising:

a plurality of executable input methods, each executable input method comprising an executable and interchangeable software component configured to accept input from a user of the computer system and having a defined interface set comprising at least one interface;

at least one application program executing on the computer system;

MOTM_WASH1823_0050860

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 31 of 32

a computer operating system configured to supply data to the at least one executing application program; and

an interface manager interfaced with at least one of the plurality of executable input methods via the defined interface set, the interface manager receiving user input via the at least one executable input method and operably interfaced with the computer operating system to provide data corresponding to the user input to the at least one application program having focus through the operating system such that the at least one executable input method is independent of the at least one application program having focus.

48.    The system of claim 47, wherein when any one of the application programs has focus, said application program that has focus is operable to receive input through the operating system from any of the plurality of executable input methods without modification to said application program.

49.    The system of claim 47, further comprising a hardware keyboard that receives at least some user input.

305

MOTM_WASH1823_0050861

In re Application of TOEPKE et al.
Serial No. 10/072,111
Page 32 of 32

## CERTIFICATE OF MAILING

I hereby certify that this Appeal Brief (in triplicate) along with Transmittal and

Petition for Extension of Time is being deposited with the U.S. Postal Service in a sealed

envelope as first class mail with postage thereon fully prepaid addressed to: Commissioner

for Patents, Alexandria, VA 22313, on the date shown below.

Date: January 26, 2004

_Albert S. Michalik_
Albert S. Michalik

MOTM_WASH1823_0050862