HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

| | |
|---|---|
| 9  MICROSOFT CORPORATION, a Washington corporation, | No. C10-1823-JLR |
| 10                          Plaintiff, | AGREED MOTION FOR LEAVE TO ENLARGE THE CLAIM |
| 11           v. | CONSTRUCTION BRIEFING AND NUMBER OF TERMS TO BE |
| 12  MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL | CONSTRUED |
| 13  INSTRUMENT CORPORATION, | |
| 14                          Defendants. | **NOTE ON MOTION CALENDAR: Thursday, January 12, 2012** |
| 15 | |
| 16  MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT | |
| 17  CORPORATION, | |
| 18           Plaintiffs/Counterclaim Defendant, | |
| 19           v. | |
| 20  MICROSOFT CORPORATION, | |
| 21 | |
| 22           Defendant/Counterclaim Plaintiff. | |

23

24

25

AGREED MOTION FOR LEAVE TO ENLARGE
THE CLAIM CONSTRUCTION BRIEFING AND
NUMBER OF TERMS TO BE CONSTRUED

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Microsoft Corporation ("Microsoft") and Motorola Mobility, Inc. ("Motorola Mobility") and General Instrument Corporation ("General Instrument") (collectively, "Motorola") respectfully submit this joint request for (1) an increase in the number of claim terms to be construed at the *Markman* hearing beyond the 10 contemplated by Local Patent Rule 130 and (2) a commensurate enlargement of the *Markman* briefing in order to properly address any such increase.  As further detailed below, the parties submit that these adjustments are appropriate given the complexity of the issues and will advance the goals of the Local Patent Rules in narrowing the issues for trial and laying a foundation for meaningful settlement discussions.

In this case, both parties have asserted claims of infringement.  The assertions involve five patents, and 86 total claims covering several distinct subject areas.  Although the parties have succeeded in arriving at agreed constructions for many of the disputed claim terms, despite their best efforts, disputes remain as to 31 individual claim terms.  For ease of reference, each of these disputed terms is listed in the first column of the table attached hereto as Appendix A.  Due to similar themes sometimes governing the dispute with respect to more than one term, each party intends to "group" certain of these terms for purposes of claim construction, thereby streamlining both its *Markman* briefing and its presentation at the *Markman* hearing.  Each party's proposed grouping is set forth in the second column of Appendix A.  Depending on how the disputed terms are grouped, the number of claim construction disputes for resolution by the Court could be as few as 19.

## I.      Relevant Background.

Microsoft filed this action on November 9, 2010 asserting that, inter alia, Motorola breached its RAND licensing obligations with respect to certain of its patents.  This action did not include any claims of patent infringement.

AGREED MOTION FOR LEAVE TO ENLARGE
THE CLAIM CONSTRUCTION BRIEFING AND
NUMBER OF TERMS TO BE CONSTRUED - 1

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

### A.    Motorola Asserted Patents.

The claims of patent infringement now pending in this case originated in an action filed by Motorola in the Western District of Wisconsin (the "Wisconsin Action").  Motorola's complaint in the Wisconsin Action alleged infringement of U.S. Patent Nos. 7,310,374 ("the '374 Patent"); 7,310,375 ("the '375 Patent"); and 7,310,376 ("the '376 Patent") (collectively, "the Motorola Asserted Patents").  The Motorola Asserted Patents relate to encoding and decoding interlaced digital video content.  The products accused of infringing the Motorola Asserted Patents include Microsoft's Windows 7 operating system and Internet Explorer 9 software product.  Motorola has asserted 32 claims.

### B.    Microsoft Counterclaim Patents.

Microsoft asserted affirmative defenses in the Wisconsin Action arguing that the Motorola Asserted Patents were subject to the same RAND obligations and claims at issue in this action.  Microsoft also filed counterclaims in the Wisconsin Action alleging infringement of U.S. Patent Nos. 7,411,582 ("the '582 Patent") and 6,339,780 ("the '780 Patent") (collectively, the "Microsoft Counterclaim Patents").  The Microsoft Counterclaim Patents are directed to indicating the loading status in a hypermedia browser (the '780 Patent) and to a soft input panel system (*e.g.*, a touch screen keyboard) (the '582 Patent).  The products accused of infringing the Microsoft Counterclaim Patents include many of Motorola's Android smart phones and tablet computing devices.  Microsoft has asserted 54 claims.

### C.    Transfer and Consolidation of the Wisconsin Action.

At Microsoft's request, the Wisconsin Action was transferred to the Western District of Washington.  The transferred case was later consolidated with this case.

### D.    The Parties' Efforts to Narrow the Claim Terms In Dispute.

In accordance with Local Patent Rule 130 and the Court's September 29, 2011 Order (ECF No. 93), the parties exchanged an identification of claim terms to be construed on December 2, 2011.  Motorola identified 5 terms for construction in the Motorola Asserted

AGREED MOTION FOR LEAVE TO ENLARGE
THE CLAIM CONSTRUCTION BRIEFING AND
NUMBER OF TERMS TO BE CONSTRUED - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

Patents and approximately[1] 20 terms (or groupings of terms) for construction in the Microsoft Counterclaim Patents.  Microsoft identified approximately 20 terms (or groupings of terms) for construction in the Motorola Asserted Patents and 5 terms for construction in the Microsoft Counterclaim Patents.  Additionally, of the claim terms identified for construction in the Motorola Asserted Patents, 5 are claim elements governed by 35 U.S.C. § 112(6), which must be construed.

On December 16, 2011, the parties exchanged their proposed constructions for those terms.  Since that time, the parties have conferred on multiple occasions to reduce the number of disputed terms to no more than 16 for the Motorola Asserted Patents and from 24 to no more than 15 for the Microsoft Counterclaim Patents.

In the course of their good-faith negotiations, the parties recognized that they would not be able to reduce the number of disputed terms to 10 across all 86 asserted claims of all five patents-in-suit.  Accordingly, the parties agreed to seek the Court's assistance in enlarging the number of terms to be construed during the initial *Markman* hearing.

On January 6, 2011, the parties filed their Local Patent Rule 132 Joint Claim Construction Chart, and their respective Prehearing Statements ("Prehearing Statements").  Consistent with the local rules, the Prehearing Statements identify each party's respective position as to the ten most important disputed claim terms across all patents, including four terms that both parties agreed are among the ten most important disputed terms.  The Joint Claim Construction Chart identifies the parties' respective proposed constructions for those terms, as well as for additional terms proposed by each of the parties.  Unfortunately, because the parties continued to disagree as to how various disputed terms should be grouped for briefing and presentation to the Court, the parties were unable to agree on a final joint list of proposed disputed terms to be construed at the time of those filings.

---

[1] Each party grouped similar terms and phrases together where a party felt that there were common themes for briefing.  The parties have been conferring about which terms and phrases, if any, should be grouped together for purposes of streamlining the claim construction briefing and presentation.

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

The parties have subsequently engaged in extended negotiations in an attempt to resolve their dispute and clarify the terms to be addressed in upcoming claim construction briefing.  Appendix A hereto is a simplified chart that identifies the ungrouped 31 terms that the parties believe should be construed in order to narrow the issues for trial and lay a foundation for further settlement discussions.  Appendix A does not include any new terms or constructions that were not already disclosed in the Joint Claim Construction Chart.  It merely attempts to clarify that there are between 19 and 31 terms (or groupings of terms) to be construed, depending on how those terms are grouped.

The parties believe that, due to the proposed groupings, all of the terms listed on the chart can be addressed in a five-hour hearing, as proposed in the Prehearing Statements.

## II.    The Parties' Joint Request For Construction of Additional Terms.

The asserted patent claims and accused products are distinct with respect to the Motorola Asserted Patents and the Microsoft Counterclaim Patents -- so much so that they are treatable as two separate cases.  The Local Patent Rules state that the prioritization of disputed claim terms for construction "should be guided by the twin goals of narrowing the issues and choosing the ten claim terms for which a claim construction would be most productive in terms of setting the groundwork for possible settlement" (L.P.R. 132(c)).  The parties agree that construction of all of the proposed disputed claim terms will greatly narrow the issues with respect to both infringement and validity of all five patents-in-suit.  Moreover, although the Prehearing Statements for both parties contemplate the Court's construction of twenty disputed terms, the parties believe that it will not consume any additional time at the *Markman* hearing to address all 31 proposed disputed terms, due to the fact that fully 12 of those disputes may be resolved simply depending on how the terms are grouped.

Construction of all 31 disputed claim terms will narrow critical issues for trial and will further crystallize enough issues across all five patents-in-suit to provide a better groundwork for settlement discussions.  Therefore, the parties respectfully request that the Court construe

AGREED MOTION FOR LEAVE TO ENLARGE
THE CLAIM CONSTRUCTION BRIEFING AND
NUMBER OF TERMS TO BE CONSTRUED - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

all 31 disputed claim terms set forth in Appendix A during the March 9, 2010 *Markman* hearing.

**III.    The Parties' Joint Request For Enlargement of the Briefing.**

Because the parties agree that there are no fewer than 19 disputed claim terms to be construed, the parties further request leave to submit briefing on all of the disputed claim terms set forth in Appendix A.  The parties respectfully submit that the 24 pages allotted under the local rules will not be sufficient for the opening claim construction briefs.  In an effort to keep the issues clear, well articulated and distinct for the Court, the parties respectfully request leave to each submit two opening claim construction briefs:  one 24-page brief directed to the Motorola Asserted Patents and one 24-page brief directed to the Microsoft Counterclaim Patents.  The parties further respectfully request leave to each submit two responsive claim construction briefs:  one 12-page brief directed to the Motorola Asserted Patents and one 12-page brief directed to the Microsoft Counterclaim Patents.  In the alternative, the parties request leave to each submit one opening claim construction brief limited to 50 pages and one responsive claim construction brief limited to 25 pages.

**IV.    Conclusion.**

For the foregoing reasons, the parties respectfully request entry of an Order consistent with the [Proposed] Order submitted herewith.

AGREED MOTION FOR LEAVE TO ENLARGE
THE CLAIM CONSTRUCTION BRIEFING AND
NUMBER OF TERMS TO BE CONSTRUED - 5

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

**AGREED AND STIPULATED TO:**

2

3

DANIELSON HARRIGAN LEYH &
TOLLEFSON LLP

SUMMIT LAW GROUP PLLC

4

By    /s/ Christopher Wion
       Arthur W. Harrigan, Jr., WSBA #1751

By    /s/ Philip S. McCune
       Philip S. McCune, WSBA #21081

5

       Christopher Wion, WSBA #33207
       Shane P. Cramer, WSBA #35099

       Lynn M. Engel, WSBA #21934
       *philm@summitlaw.com*

6

       *lynne@summitlaw.com*

7

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #21119

Steven Pepe (*pro hac vice*)

8

MICROSOFT CORPORATION
1 Microsoft Way

Jesse J. Jenner (*pro hac vice*)
Stuart W. Yothers (*pro hac vice*)

9

Redmond, WA 98052
Phone: 425-882-8080

Ropes & Gray LLP
1211 Avenue of the Americas

10

Fax: 425-869-1327

New York, NY 10036-8704
(212) 596-9046

11

John W. McBride, (*pro hac vice*)

*steven.pepe@ropesgray.com*

12

David T. Pritikin, (*pro hac vice*)
Richard A. Cederoth, (*pro hac vice*)

*jesse.jenner@ropesgray.com*
*stuart.yothers@ropesgray.com*

13

Douglas I. Lewis, (*pro hac vice*)
SIDLEY AUSTIN LLP

Norman H. Beamer (*pro hac vice*)

14

One South Dearborn
Chicago, IL 60603

Gabrielle E. Higgins (*pro hac vice*)
Ropes & Gray LLP

15

Phone: 312-853-7000
Fax: 312-853-7036

1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284

16

(650) 617-4030

17

Brian R. Nester, (*pro hac vice*)
Kevin C. Wheeler, (*pro hac vice*)

*norman.beamer@ropesgray.com*
*gabrielle.higgins@ropesgray.com*

18

SIDLEY AUSTIN LLP
1501 K Street NW

Paul M. Schoenhard (*pro hac vice*)

19

Washington, DC 20005
Telephone: 202-736-8000

Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP

20

Fax: 202-736-8711

One Metro Center
700 12th Street NW, Suite 900

21

**Counsel for Microsoft Corp.**

Washington, DC 20005-3948
(202) 508-4693

22

*paul.schoenhard.@ropesgray.com*

23

DATED this 12th day of January, 2012.

*kevin.post@ropesgray.com*

24

**Counsel for Motorola Solutions, Inc.,
Motorola Mobility, Inc., and General
Instrument, Corp.**

25

# APPENDIX A

**Proposed Terms to be Construed for U.S. Patent Nos. 7,310,374, 7,310,375, and 7,310,376**
**(Motorola Asserted Patents)**

| Claim Term | Proposed Grouping |
|---|---|
| **1.      macroblock**<br><br>Found in claim numbers:<br><br>'374 Patent: 8, 14<br>'375 Patent: 6, 13, 17<br>'376 Patent: 14, 15, 18-20, 22, 23, 26-28, 30 | Motorola and Microsoft agree this term cannot be grouped with other terms. |
| **2.      using said plurality of decoded [smaller portions/ processing blocks] to construct a decoded picture**<br><br>Found in claim numbers:<br><br>'374 Patent: 8, 14<br>'375 Patent: 6, 13, 17<br>'376 Patent: 14, 22, 30 | Motorola and Microsoft agree this term cannot be grouped with other terms. |
| **3.      wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions**<br><br>Found in claim number:<br><br>'374 Patent: 9, 15 | Motorola and Microsoft agree this term cannot be grouped with other terms. |
| **4.      said pair of macroblocks comprises a top block and a bottom block**<br><br>Found in claim numbers:<br><br>'376 Patent: 19, 27 | Motorola and Microsoft agree this term cannot be grouped with other terms. |

| Claim Term | Proposed Grouping |
|---|---|
| **5.      means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode**<br><br>Found in claim number:<br>'374 Patent: 14 | |
| **6.      means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions is encoded in intra coding mode at a time**<br><br>Found in claim number:<br>'375 Patent: 13 | Microsoft believes these terms can be grouped as follows:<br><br>**means for [selectively] decoding at least one of a plurality of [smaller portions/processing blocks] at a time [...] in frame coding mode and at least one of said plurality of [smaller portions/processing blocks] at a time [...] in field coding mode** |
| **7.      means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode, wherein said decoding is performed in a horizontal scanning path or a vertical scanning path**<br><br>Found in claim number:<br>'376 Patent: 22 | |

2

| Claim Term | Proposed Grouping |
|---|---|
| **8.      means for using said plurality of decoded smaller portions to construct a decoded picture**<br><br>Found in claim numbers:<br>'374 Patent: 14<br>'375 Patent: 13 | Microsoft believes these terms can be grouped as follows:<br><br>**means for using said plurality of decoded [smaller portions/processing blocks] to construct a decoded picture** |
| **9.      means for using said plurality of decoded processing blocks to construct a decoded picture**<br>Found in claim number:<br><br>'376 Patent: 22 | |
| **10.      decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode**<br><br>Found in claim number:<br>'374 Patent: 8 | |
| **11.      decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode**<br><br>Found in claim numbers:<br>'376 Patent: 22, 30 | Microsoft believes these terms can be grouped as follows:<br><br>**decoding at least one of [a/said] plurality of [smaller portions/processing blocks] at a time […] in frame coding mode and at least one of said plurality of [smaller portions/processing blocks] at a time […] in field coding** |
| **12.      decoding at least one of a plurality of processing blocks at a time, wherein each of said plurality of processing blocks includes a pair of macroblocks or a group of macroblocks, in frame coding mode and at least one of said plurality of processing blocks at a time in field coding mode, wherein said decoding is applied to a pair of blocks, or a group of blocks**<br><br>Found in claim number:<br>'376 Patent: 14 | |

3

| Claim Term | Proposed Grouping |
|---|---|
| **13.     selectively decoding at least one of [a/said] plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode**<br><br>Found in claim numbers:<br><br>'375 Patent: 6, 17<br><br>**14.     selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode**<br><br>Found in claim number:<br><br>'375 Patent: 13 | Microsoft believes these terms can be grouped as follows:<br><br>**selectively decoding at least one of [a/said] plurality of smaller portions at a time [...] in frame coding mode and at least one of said plurality of smaller portions at a time [...] in field coding mode** |
| **15.     wherein at least one block within [said] at least one of said plurality of smaller portions [at a time] is encoded in inter coding mode**<br><br>Found in claim numbers:<br><br>'374 Patent: 8, 14<br><br>**16.     wherein at least one block within [said] at least one of said plurality of smaller portions is encoded in intra coding mode [at a time]**<br><br>Found in claim numbers:<br><br>'375 Patent: 6, 13, 17 | Microsoft believes these terms can be grouped as follows:<br><br>**wherein at least one block within [said] at least one of said plurality of smaller portions [at a time is encoded in inter coding mode/is encoded in intra coding mode at a time]** |

4

**Proposed Terms to be Construed for U.S. Patent Nos. 6,339,780 and 7,411,582**
**(Microsoft Counterclaim Patents)**

| Claim Term | Proposed Grouping |
|---|---|
| **17.    graphic element**<br><br>Found in claim numbers:<br>all asserted claims (1–6, 9–14, 17–18, 20–21, and 32–42) | Motorola and Microsoft agree this term cannot be grouped with other terms. |
| **18.    during times when the browser is loading content**<br>Found in claim numbers:<br>1–6, 9–11<br><br>**19.    during times when the browser is loading visible content**<br><br>Found in claim numbers:<br>2, 12–14, 17–18, 20–21 | Motorola believes these terms can be grouped together for purposes of claim construction briefing. |
| **20.    load status**<br><br>Found in claim numbers:<br>32–42<br><br>**21.    status information**<br><br>Found in claim numbers:<br>9 | Motorola believes these terms can be grouped together for purposes of claim construction briefing. |
| **22.    obstruct[s/ing]**<br><br>Found in claim numbers:<br>all asserted claims (1–6, 9–14, 17–18, 20–21, and 32–42) | Motorola and Microsoft agree this term cannot be further grouped with other terms. |
| **23.    icon**<br><br>Found in claim numbers:<br>1-4, 6, 8-10, 15-18 | Motorola and Microsoft agree this term cannot be grouped with other terms. |

5

| Claim Term | Proposed Grouping |
|---|---|
| **24.    interface**<br><br>Found in claim numbers:<br><br>3, 11, 13-14, 27 | Motorola and Microsoft agree this term cannot be grouped with other terms. |
| **25.    invoking [a/the] selected input method**<br>Found in claim numbers:<br><br>15, 17 | Motorola and Microsoft agree this term cannot be further grouped with other terms. |
| **26.    distinct from . . . computer/application/ programs**<br><br>Found in claim numbers:<br><br>1, 11, 15, 19 | Motorola and Microsoft agree this term cannot be further grouped with other terms. |
| **27.    window**<br><br>Found in claim numbers:<br><br>11, 14, 15, 21, 22, 23, 29, 30, 31 | Motorola and Microsoft agree this term cannot be grouped with other terms. |
| **28.    . . . as if the information was received via user input received from a hardware input device**<br>Found in claim numbers:<br><br>1-4, 6, 8-10 | |
| **29.    . . . as if the input was received via a hardware keyboard**<br>Found in claim numbers:<br><br>4 | Motorola believes these terms can be grouped together for purposes of claim construction briefing. |
| **30.    . . . as if the information was received via user input at a hardware input device**<br>Found in claim numbers:<br><br>11, 13-14 | |
| **31.    . . . as if the user data was received from a hardware input device**<br>Found in claim numbers:<br><br>15-18 | |

6