```
                    UNITED STATES DISTRICT COURT

                  WESTERN DISTRICT OF WASHINGTON

                           AT SEATTLE


                                      )
MICROSOFT CORPORATION,                )No. C10-1823
                                      )Seattle, Washington
              Plaintiff,              )January 24, 2012
                                      )10:00 a.m.
                   Vs.                )
                                      )
MOTOROLA, INCORPORATED,               )
                                      )
              Defendant.              )

              TRANSCRIPT OF TELEPHONE CONFERENCE
           BEFORE THE HONORABLE JAMES L. ROBART
                 UNTIED STATES DISTRICT JUDGE

For the Plaintiff:        ARTHUR HARRIGAN
                          Danielson Harrigan Leyh &
                          Tollefson
                          999 3rd Avenue, #4400
                          Seattle, WA 98104

For the Defendant:        PHILIP S. MCCUNE
                          Summit Law Group
                          315 5th Avenue S,  #1000
                          Seattle, WA 98104

Also Present:             Andy Culbert
                          Rick Cederoth (by phone)
                          David Pritikin (by phone)
                          Jesse Jenner (by phone)
                          Steve Pepe (by phone)
                          Stuart Yothers (by phone)
                          Paul Schoenhard (by phone)

Court Reporter:           Kristine M. Triboulet, CCR
                          3641 N. Pearl St., #D
                          Tacoma, WA 98407

(Proceedings recorded by mechanical stenography; transcript
produced with aid of computer)
```

1    MADAM CLERK:  All please rise.  The Federal District
2 Court for the Western District of Washington is now in
3 session, the Honorable James L. Robart, presiding.
4    THE COURT:  Please be seated.  The clerk will call this
5 matter.
6    MADAM CLERK:  Case C10-1823, Microsoft Corporation
7 versus Motorola.  Counsel, please make your appearance.
8    MR. HARRIGAN:  Good morning, Art Harrigan representing
9 Microsoft and I am here with Andy Culbert, who handles patent
10 litigation in-house for Microsoft.
11    THE COURT:  Mr. Culbert, nice to see you again.  I am
12 glad you are here because you are going to come up.
13    MR. McCUNE:  Good morning, Your Honor.  My name is Phil
14 McCune.  I represent Motorola.  On the line are fewer people
15 than I anticipated, but I believe one of them is Steve Pepe,
16 who will be speaking on the claim terms issues.  I may speak
17 today in response to anything Mr. Harrigan has brought to the
18 counsel table today and take it from there.
19    MR. HARRIGAN:  Excuse me, Your Honor, I believe we have
20 Mr. Rick Cederoth and David Pritikin on the line and perhaps
21 my partner Chris Wyatt.  I am not sure if he was one of the
22 ones that faded or not.
23    THE COURT:  All right.  Well, Mr. Pepe, can you hear me
24 well enough?
25    MR. PEPE:  Yes, I can, Your Honor, and also with me is

1  Jesse Jenner and Stuart Yothers of Robson Gray in New York
2  and Paul Schoenhard down in our DC office.
3       THE COURT:  If at some point you have trouble hearing
4  me, speak up because I have a tendency to drift away from the
5  microphone.
6       Counsel, I am not sure you need to particularly worry
7  about talking today because mostly you are going to listen to
8  me.  One of the prerogatives of being the judge is deciding
9  what's going to be discussed and who's going to get to talk.
10 And as I just indicated mostly today you are going to be
11 hearing me.
12      Why is that the case?  The reason is that it seems to me
13 this litigation has turned into sort of the perfect storm in
14 that a combination of factors has produced a lawsuit which in
15 the view of the Court is substantially out of control and
16 will remain so until approximately 10:40 when I finish this
17 morning.
18      Why do I say that?  I say that in part because you
19 currently have pending nine substantive motions and six
20 procedural motions on the Court's motion report.  That
21 represents more than 25% of the motions that are pending in
22 our docket right now.  Some of that is the fact that we have
23 been extremely busy.  Most of that is the fact that counsel
24 in this matter have not behaved in a professional approach to
25 this litigation and after today that's going to end.

1      Let me review with you our understanding of these
2 actions.  I begin with the Microsoft versus Motorola action
3 filed in the Western District of Washington.  That concerned
4 Motorola's alleged contractual obligation to offer Microsoft
5 a license on reasonable and non-discriminatory terms to
6 certain Motorola patents alleged to be necessary to implement
7 a wireless internet standard and a video compression
8 standard.  That in the mind of the Court is a breach of
9 contract action.
10     In the answer to that action Motorola asserted
11 counterclaims, which speak to a breach of contract action,
12 namely that it met its RAND obligations and that Microsoft
13 repudiated any rights associated with Motorola's RAND
14 statements.  That's an action that this Court could deal with
15 and probably on an expedited basis or at least an expedient
16 basis.
17     Enter Motorola, which as best I can tell, the day after
18 Microsoft filed its action, files a First Amended Complaint,
19 which had been originally filed in the Western District of
20 Wisconsin.  I have intentionally not gone and looked to see
21 who the judge was, but he or she apparently had no trouble
22 sending it here as promptly as he or she could.
23     In that action Motorola asserts patents in connection --
24 or claims of infringement in connection with three patents:
25 The 374 patent, the 375 patent and the 376 patent.  In that

1  action Motorola asserted 32 claims.
2       Cleverly Microsoft answered and asserted patent
3  infringement claims as to its 780 patent and 582 patent, in
4  addition breach of contract and promissory estoppel.  Those
5  are identical, substantially the same, if not identical to
6  the claims that are in the Western District of Washington
7  action.
8       Not to be outdone, Motorola answered Microsoft's
9  counterclaims and asserted counterclaims of its own seeking
10 declaratory relief that it not infringe on any of Microsoft
11 patents and that Microsoft's patents were invalid.  It also
12 sought to declare that it met its RAND obligations and
13 Microsoft repudiated any rights associated with Motorola's
14 RAND statements.
15      These counterclaims are substantially, if not precisely,
16 the same as the claims set forth by Motorola in the Microsoft
17 action.
18      By clever pleading, counsel, you have managed to create
19 a situation where you had two lawsuits going in two different
20 venues with exactly the same claims.  I wasn't fast enough on
21 the trigger and so I ended up with the mess.  I understand
22 why you do this.  I understand the advantage that you seek to
23 accomplish by doing it.  I am disappointed in counsel for
24 doing so, but they are now all here and they will be dealt
25 with.

1     That takes me to your performance in regards to the
2  upcoming Markman hearing. With respect to the Motorola
3  patents you seek construction of 16 claims. Microsoft makes
4  an argument that certain of these claims can be grouped so
5  that one construction can apply to multiple claims. I would
6  describe this argument as charitably weak and verging on
7  disingenuous.
8     With respect to the Microsoft patents the parties
9  dispute 15 terms. Likewise Motorola believes that some of
10 these terms can be grouped. However, because Microsoft
11 disagrees with Motorola's groupings, there is no way for the
12 Court to avoid or to provide -- it will need to provide
13 constructions for all 15 terms. Therefore, the fact you have
14 rival arguments on groupings basically means that I need to
15 construe all terms that are brought before the Court.
16    It gets worse. In direct contradiction of local Patent
17 Rule 132, the parties filed separate pre-hearing statements
18 found in the docket at 153 and 155, a direct violation of the
19 local rule. The appropriate way to handle that would have
20 been to ask for a telephone conference with the Court and
21 seek guidance on what to do when you couldn't agree. The
22 inappropriate way to handle it is to file rival pre-hearing
23 statements. By filing rival pre-hearing statements I have
24 ten terms proposed by Microsoft, nine of which come out of
25 the Motorola patent and apparently do not have agreement from

1  Motorola that they are the appropriate terms to be construed.
2  And in Motorola's pre-hearing statement they identify ten
3  terms plus eight additional terms and we're back to the
4  question of what patents do I look to first. Four of
5  Motorola's terms are found in its patents and six are found
6  in Microsoft's patent.
7  　　　I would tell you that I am tempted to give the benefit
8  to Motorola because among the information that they submitted
9  are some e-mails that suggest that they were attempting to
10 act reasonably and I must say that I found the conduct of
11 Microsoft's counsel to be rather like children in the sand
12 box, that if they couldn't have it their way, they weren't
13 going to share the sand box. Charitably I will simply
14 describe this as negotiations broke down.
15 　　　That takes us to today, which were we to use a sports
16 metaphor, the referee has called a time out and is addressing
17 the captains of both teams. I will tell you that Motorola's
18 efforts to separate the two groups of patents, which largely
19 are unrelated, was a good place to begin but that was
20 unsuccessful because the negotiations broke down.
21 　　　It appears to us that the parties agree on four of the
22 disputed terms which should be construed, meaning that they
23 need to be construed. It's up to the Court to decide how to
24 proceed with the Markman hearing in a manner which is
25 consistent with our local patent rules. Since you don't seem

1  to be able to agree on anything, the Court will decide for
2  you and I will tell you that because Motorola was the first
3  to file an infringement action, we will first do the Motorola
4  patents and we will do in accordance with our local rules ten
5  terms.  I would hope that you would be able to agree on those
6  ten terms, but you have not been able to agree on anything
7  and you seem to feel necessary to try and sneak some
8  advantage in every time you deal with each other.
9       So I would do the following:  If you can agree on the
10 ten terms to be selected and they are not going to be groups
11 of terms using different language, which will require the
12 Court to construe the meaning of the word, if you can agree
13 on ten terms, that's fine.  If you agree on two terms, then
14 you will have eight terms which were you can't agree with.
15 They will be selected by Motorola going first and Microsoft
16 going next until you filled out your list of ten terms.  They
17 will come as I said from the Motorola patent.
18      The parties are ordered to file a joint pre-hearing
19 statement for this first group of patents no later than
20 Friday January 27th, 2012.  That's not very far away.
21 Opening claim construction briefs are due on February 3rd,
22 2012 and responsive briefs are due on February 17th, 2012.
23 If you follow these deadlines, which I urge you to do, your
24 Markman date of March 9, 2012 remains operative.
25      What happens after that is somewhat open to question.  I

Case 2:10-cv-01823-JLR Document 168 Filed 01/26/12 Page 9 of 13

9

1    will set a second Markman hearing construing up to ten terms
2    for June 7, 2012.  I expect those terms to likewise come out
3    of the Motorola patents.  I am not sure that you need 20
4    terms.  In other words, if you don't need this additional ten
5    and if you stop short of that number, that will be fine.  It
6    has been our experience that at this point in your litigation
7    it is rare that you need a construction of 20 terms in order
8    to proceed to the next step in the patent infringement
9    process.
10        If you do find that you need those 20 terms, opening
11   briefs are due on March 23rd, 2012.  Responsive briefs are
12   due on April 6th, 2012, and as I indicated, the Markman
13   hearing will be held on June 7th.
14        I will point out to you that there is a reasonable
15   possibility that we will not have given you term
16   constructions prior to the time those briefs are due.  That's
17   simply unavoidable and you are going to have to deal with
18   that uncertainty.
19        In light of this schedule the Court strikes all
20   deadlines following the first Markman hearing and the set-up
21   for the second Markman hearing and we will regroup at the
22   conclusion of that.
23        In regards to the pending Summary Judgment Motions,
24   there are two by Microsoft.  The first seeks judgment that
25   Motorola has breached contractual commitments and the second

1   seeks judgment that Motorola's claims for injunctive relief
2   should be dismissed.  There is a local rule in our rules
3   which is abundantly clear to me, but apparently not to you,
4   that says that successive Summary Judgment Motions are not
5   only disfavored, but not acceptable because the Court
6   construes them as a way to avoid the page limit for your one
7   motion for Summary Judgment.
8        Microsoft has now filed two and, therefore, it will not
9   during the course of this litigation file any more.  However,
10  since there is at least an argument that can be made that the
11  local rules are ambiguous, I will simply tell you that please
12  read the rule, acknowledge the fact that it says one motion
13  for Summary Judgment limited to 24 pages and it doesn't say
14  one motion for Summary Judgment limited to 24 pages on each
15  issue that's in the litigation, and I will lift Microsoft's
16  restriction on filing its next motion if it deems it
17  appropriate.
18       Having wiped away then all of the mischief that you have
19  created, the Court imposes the following rules.  Going
20  forward in regards to any motion which needs or which is
21  desired to be filed it will not be filed without a prior
22  phone conversation with the Court.  You all are very good at
23  calling my clerk and he will be happy to arrange that for
24  you.  That someone will need to explain to me why this motion
25  is necessary and why it cannot be resolved by either

1 cooperation of counsel or alternatively by telephone
2 proceedings.
3     Going forward, all pleadings that are filed in this
4 matter will be signed on behalf of Microsoft by Mr. Harrigan
5 and on behalf of Motorola by Mr. Polumbo.  Both of those
6 gentleman are members of the American College of Trial
7 Lawyers and are aware of the American College of Trial
8 Lawyers' obligations in regards to professionalism and
9 civility.
10     In addition, going forward, each motion which is filed
11 with this Court or alternative actually each pleading to be
12 filed with this Court will be signed on behalf of Motorola
13 either by Lewis Stevenson or the person who he designates as
14 the equivalent to Microsoft's director of litigation for
15 intellectual property matters.  So one of the two of them
16 will sign.  The reason for that is that going forward the
17 Court will begin by taking out claims in this matter and I
18 want it clearly understood that it will be done with the
19 understanding that the company brought this down on their own
20 head.
21     To show that I am an even-handed tyrant, on behalf of
22 Microsoft.  All pleadings will either be signed by Mr. Smith
23 or by Mr. Cuthbert.
24     Counsel, all I can tell you is you're over and done with
25 because you made your own nest in this.  I am embarrassed at

```
 1   the conduct that's reported in this matter.  It's just not
 2   professional and it's not cooperative and it's not economical
 3   and we're not going to have any more of it.
 4        So, Mr. Harrigan, any questions on behalf of the Court's
 5   dictates this morning?
 6        MR. HARRIGAN:  No, Your Honor.
 7        THE COURT:  All right.  Mr. McCune?
 8        MR. McCUNE:  Your Honor, just one; Mr. Polumbo is not
 9   counsel of record in this case.
10        THE COURT:  He will be now.  That means no disrespect to
11   you or Mr. Wion.  I simply want somebody who's had some
12   mature judgment in regards to this who I suspect needs to
13   talk to your out-of-town counsel about how things are done in
14   this district because as it is right now we have the inmates
15   running the asylum and we are not going to do that any
16   further.
17        Anything further, counsel?  Hearing nothing, I managed
18   to make this by 10:35 as opposed to 10:40.  Thank you very
19   much and we will be in recess.
20        (Court in Recess)
21
22
23
24
25
```

1                      C E R T I F I C A T E

2    STATE OF WASHINGTON)
                        ) ss.
3    County of Pierce   )

4        I, the undersigned Notary Public in and for the State of
5    Washington, do hereby certify:
6        That the foregoing hearing of the case named herein was
7    taken stenographically before me and transcribed under my
8    direction; that the hearing is a full, true and complete
9    transcript of the testimony of said matter, including all
10   questions, answers, objections, motions and exceptions;
11       That I am not a relative, employee, attorney or counsel
12   of any party to this action or relative or employee of any
13   such attorney or counsel, and that I am not financially
14   interested in the said action or the outcome thereof;
15       That I am herewith securely sealing digitally signing
16   this transcript and delivering the same to the Clerk of the
17   Court for filing with the Court.
18       IN WITNESS WHEREOF, I have hereunto set my hand and
19   affixed my official seal this 25thth day of January, 2012.

20                              /s/ Kristine M. Triboulet
                                _____
21                              Notary Public in and for the State
                                of Washington, residing at
22                              Puyallup.