HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>    Defendants. | CASE NO. C10-1823-JLR<br><br>JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT |
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>    Plaintiffs/Counterclaim Defendant,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant/Counterclaim Plaintiff. | |

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Pursuant to Local Patent Rule 132 and the Court's instructions at the hearing on January 24, 2012 (Dkt. 167), Microsoft Corporation ("Microsoft") and Motorola Mobility, Inc. ("Motorola Mobility") and General Instrument Corporation ("General Instrument") (collectively, "Motorola") jointly submit the following Joint Claim Construction and Prehearing Statement, which supersedes the parties' previously filed separate Prehearing Statements and Joint Claim Chart filed on January 6, 2012 (Dkts. 153, 154, 155), with respect to U.S. Patents Nos. 7,310,374 (the "'374 Patent"); 7,310,375 (the "'375 Patent"); and 7,310,376 (the "'376 Patent") (collectively, "the Motorola Asserted Patents").

**I. The Construction of Disputed and Agreed Claim Terms**

**A. The construction of those claim terms, phrases, or clauses on which the parties agree.**

The parties have agreed upon the following constructions with respect to the Motorola Asserted Patents:

**U.S. Patent Nos. 7,310,374; 7,310,375; and 7,310,376**

| Claim Term | Relevant Claims | Agreed Upon Construction |
| --- | --- | --- |
| block | '374: 8-12, 14-18;<br>'375: 6-9, 11, 13, 14, 16, 17;<br>'376: 14, 15, 19, 20, 22, 23, 27, 28 | rectangular region of a macroblock |
| picture | '374: 8, 14;<br>'375: 6, 13, 17;<br>'376: 14, 22, 30 | either a frame or two fields of a frame representing visual data |

**B. The ten most important disputed claim terms in the Motorola Asserted Patents.**

The parties have identified ten terms through continued negotiation and by following the procedure set forth by the Court at the January 24, 2012 hearing. Those ten terms are:

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**Motorola Asserted Patents**

| | Disputed Claim Term[1] | Relevant Claims |
|---|---|---|
| 1 | Macroblock | '374 Patent: 8, 14<br>'375 Patent: 6, 13, 17<br>'376 Patent: 14, 15, 18-20, 22, 23, 26-28, 30 |
| 2 | using said plurality of decoded [smaller portions/processing blocks] to construct a decoded picture | '374 cls. 8, 14<br>'375 cls. 6, 13, 17<br>'376 cls. 14, 22, 30 |
| 3 | means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode | '376 Patent: 22 |
| 4 | means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in filed coding mode | '375 Patent: 13 |
| 5 | means for using said plurality of decoded processing blocks to construct a decoded picture | '376 Patent: 22 |
| 6 | means for using said plurality of decoded smaller portions to construct a decoded picture | '374 Patent: 14<br>'375 Patent: 13 |
| 7 | wherein at least one block within [said] at least one of said plurality of smaller portions [at a time] is encoded in inter coding mode | '374 Patent: 8, 14 |
| 8 | decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode | '374 Patent: 8 |

---

[1] The parties do not believe that terms in brackets require special construction in the context of the larger phrases proposed.

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| | Disputed Claim Term[1] | Relevant Claims |
|---|---|---|
| 9 | means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode, wherein each of said smaller portions has a size that is larger than one macroblock, wherein at least one block within at least one of said plurality of smaller portions at a time is encoded in inter coding mode | '374 Patent: 14 |
| 10 | wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions | '374 Patent: 9 and 15 |

Pursuant to the Court's order, on an as-needed basis to be determined following the *Markman* hearing on March 9, 2012, the parties will identify up to ten additional disputed claim terms in the Motorola Asserted Patents, beyond those identified above, on a date to be determined by the Court, for construction at a subsequent *Markman* hearing to be held on June 7, 2012.  *See* Dkt. 167.

**C.  Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim in the format of the Sample Joint Claim Chart in Appendix 2 to these Local Patent Rules.**

Each party's proposed construction of each of the ten (10) identified disputed claim terms in the Motorola Asserted Patents, along with an identification of the supporting evidence, is set forth in the chart attached as Appendix A.

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

## II. The Parties' Respective Positions on Infringement and Invalidity

### A. Motorola's allegations of infringement of Motorola's patents

Motorola contends that each Microsoft Windows 7 operating system for personal computers that is made, used, sold, or offered for sale in the United States or imported into the United States by Microsoft infringes claims 8-18 of the '374 Patent; claims 6-11, 13, 14, 16 and 17 of the '375 Patent; and claims 14-15, 18-20, 22, 23, 26-28 and 30 of the '376 Patent.

Motorola further contends that each Microsoft Internet Explorer 9 that is made, used, sold, or offered for sale in the United States or imported into the United States by Microsoft infringes claims 8-18 of the '374 Patent, claims 6-11, 13, 14, 16 and 17 of the '375 Patent; and claims 14-15, 18-20, 22, 23, 26-28 and 30 of the '376 Patent.

Motorola further contends that Microsoft's Windows 7 operating system for personal computers and Microsoft Internet Explorer 9 (the "Accused Products") infringe each of the asserted claims directly and indirectly. The Accused Products directly infringe under 35 U.S.C. § 271(a). Microsoft indirectly infringes by actively inducing infringement under 35 U.S.C. § 271(b) by providing the Accused Products, knowing and intending they will be used in an infringing manner. Microsoft contributes to infringement under 35 U.S.C. § 271(c) by providing the Accused Products, knowing them to be especially made or adapted for use in an infringing manner and not staple articles or commodities of commerce suitable for substantial non-infringing use.

Motorola alleges that each of the asserted claims is literally infringed by each of the Accused Products. At present, Motorola lacks knowledge as to which, if any, limitations of the asserted claims Microsoft believes not to be literally embodied by the Accused Products, and therefore, as to whether it will be contending that any of the asserted claims (and, if so, which ones) are equivalently embodied by the Accused Products. Consistent with Patent Rule 124,

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Motorola reserves the right to seek leave to amend and/or supplement their infringement contentions.

Motorola's Second Amended Disclosure of Asserted Claims and Infringement Contentions and attached claim charts, which were previously served on Microsoft on December 23, 2011, provide further detail regarding Microsoft's alleged infringement.[2]

### B. Microsoft's allegations of invalidity of Motorola's patents

Motorola accuses Microsoft of infringing claims 1-18 of the '374 patent; claims 1–11, 13–14, and 16–17 of the '375 patent; and claims 1–5, 7–11, 13–15, 18–20, 22–23, 26–28, and 30 of the '376 patent (collectively, "Asserted Claims").[3]  Microsoft contends that each of the Asserted Claims is invalid as follows:

#### 1. The Identity of Prior Art that Anticipates Each Asserted Claim or Renders it Obvious

The prior art references listed below anticipate each asserted claim of the patents-in-suit and/or render it obvious:

- U.S. Patent No. 5,227,878; issued July 13, 1993 ("Puri '878")

- Atul Puri, R. Aravind & Barry Haskell, "Adaptive frame/field motion compensated video coding," Signal Processing: Image Compression, vol. 5, no. 1-2, February 1993, pp. 39–58 ("Puri article")

- ITU-T Recommendation H.262, ISO/IEC International Standard 13818-2, "Information Technology-Generic Coding of Moving Pictures And Associated Audio Information: Video," July 1995 ("MPEG-2 Standard")

- ISO/IEC International Standard 14496-2 Committee Draft, "Information Technology-Coding of Audio-Visual Objects: Visual," May 28, 1998 ("MPEG-4 draft specification")

---

[2] Given the volume of material involved, on January 6, 2012, via telephonic conference, the Court informed the parties that they are not required to file the Infringement Contentions, Invalidity Contentions, or supporting exhibits to the extent they are already summarized here.  To the extent the Court would like these materials, the parties will provide them upon request.

[3] On December 23, 2011, Motorola served its Second Amended Disclosure of Asserted Claims and Infringement Contentions that reduced the asserted claims to claims 8-18 of the '374 Patent; claims 6-11, 13, 14, 16 and 17 of the '375 Patent; and claims 14-15, 18-20, 22, 23, 26-28 and 30 of the '376 Patent.

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

- U.S. Patent No. 6,275,533; issued August 14, 2001 ("Nishi '533")

- U.S. Patent No. 5,974,184; issued October 26, 1999 ("Eifrig '184")

- U.S. Patent No. 5,991,447; issued November 23, 1999 ("Eifrig '447")

- U.S. Patent No. 6,005,980; issued December 21, 1999 ("Eifrig '980")

- U.S. Patent No. 6,026,195; issued February 15, 2000 ("Eifrig '195")

- ITU-T Q.6/SG16 (VCEG), "Adaptive field/frame block coding experiment proposal," September 26, 2001 ("VCEG-N76"); ITU-T Q.6/SG16 (VCEG), "H.26L Test Model Long Term Number 8 (TML-8) draft 0," July 10, 2001 ("VCEG-N10"); H.26L Test Model Long Term Number 8 (TML-8) software, including <http://wftp3.itu.int/av-arch/video site/h26L/older_tml/tml80.zip>, <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml84.zip>, <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml85.zip>, <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml87a.zip> (collectively referred to herein as "VCEG-N76/N10")

- "Joint Committee Draft (JCD) of Joint Video Specification (ITU-T Rec. H. 264 | ISO/IEC 14496-10 AVC)", Joint Video Team of ISO/IEC MPEG & ITU-T VCEG 3rd Meeting: Fairfax, Virginia, USA, May 6–10, 2002, generated on May 10, 2002; reference software from the Joint Video Team of ISO/IEC MPEG & ITU-T VCEG, including <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm20.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm21.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm34.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm39a.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm40d.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm42.zip>; (collectively referred to herein as "JVT-C167"); Nokia Research Center, "Analysis and Simplification of Intra Prediction Proposal," Joint Video Team of ISO/IEC MPEG & ITU-T VCEG 4th Meeting: Klagenfurt, Austria, July 22–26, 2002 ("JVT-D025") (collectively referred to herein as "JVT-D025/JVT-C167")

- "Joint Final Committee Draft (JFCD) of Joint Video Specification (ITU-T Rec. H. 264 | ISO/IEC 14496-10 AVC)", Joint Video Team of ISO/IEC MPEG & ITU-T VCEG 4th Meeting: Klagenfurt, Austria, July 22–26, 2002, generated on August 10, 2002; reference software from the Joint Video Team of ISO/IEC MPEG & ITU-T VCEG, including <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm20.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm21.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm34.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm39a.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm40d.zip>, <http://wftp3.itu.int/av-arch/jvtsite/reference_software/jm42.zip> (collectively referred to herein as "JVT-D157")

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

- ITU-T Q.15/SG16 (VCEG), "H.26L Test Model Long Term Number 5 (TML-5) draft 0," October 25, 2000; H.26L Test Model Long Term Number 5 (TML-5) software, including <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml52soft.zip>; <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml59.zip>; <http://wftp3.itu.int/av-arch/videosite/h26L/older_tml/tml591.zip> (collectively referred to herein as "VCEG-K59")

Microsoft's Preliminary Invalidity Contentions, which were previously served on Motorola, provide further detail regarding the invalidity of the Asserted Claims, including detailed information regarding whether each piece of prior art anticipates or renders obvious the asserted claims and where in each piece of prior art each element of each asserted claim is found:

- Exhibit A-1: Puri '878 vs. '374
- Exhibit A-2: Puri '878 vs. '375
- Exhibit A-3: Puri '878 vs. '376
- Exhibit B-1: Puri article vs. '374
- Exhibit B-2: Puri article vs. '375
- Exhibit B-3: Puri article vs. '376
- Exhibit C: MPEG-2 Standard vs. '376
- Exhibit D-1: MPEG-4 draft specification vs. '374
- Exhibit D-2: MPEG-4 draft specification vs. '375
- Exhibit D-3: MPEG-4 draft specification vs. '376
- Exhibit E: Nishi '533 vs. '375
- Exhibit F: Eifrig '184 vs. '375
- Exhibit G-1: Eifrig '447 vs. '374
- Exhibit G-2: Eifrig '447 vs. '375
- Exhibit G-3: Eifrig '447 vs. '376
- Exhibit H-1: Eifrig '980 vs. '374

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

- Exhibit H-2: Eifrig '980 vs. '376
- Exhibit I-1: Eifrig '195 vs. '374
- Exhibit I-2: Eifrig '195 vs. '375
- Exhibit I-3: Eifrig '195 vs. '376
- Exhibit J-1: VCEG-N76/N10 vs. '374
- Exhibit J-2: VCEG-N76/N10 vs. '375
- Exhibit J-3: VCEG-N76/N10 vs. '376
- Exhibit K-1: JVT-C167 vs. '374
- Exhibit K-2: JVT-D025/JVTC-167 vs. '375
- Exhibit K-3: JVT-C167 vs. '376
- Exhibit L-1: JVT-D157 vs. '374
- Exhibit L-2: JVT-D157 vs. '375
- Exhibit L-3: JVT-D157 vs. '376
- Exhibit M-1: VCEG-K59 vs. '374
- Exhibit M-2: VCEG-K59 vs. '375
- Exhibit M-3: VCEG-K59 vs. '376

Unless stated otherwise in an exhibit, a prior art reference anticipates each asserted claim of a patent-in-suit. To the extent it is argued that a prior art reference does not anticipate an asserted claim, the prior art reference renders the asserted claim obvious in light of the knowledge of one of ordinary skill in the art and/or in light of other prior art references listed above, as discussed in more detail in the exhibits.

### 2. Microsoft's Allegations of Invalidity Based on Indefiniteness, Enablement, or Written Description under 35 U.S.C. § 112

Microsoft further contends that the asserted claims are invalid under 35 U.S.C. § 112 as follows:

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

- Asserted claim 1 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions," "size that is larger than one macroblock," "selectively encoding," "one of said plurality of smaller portions" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 2 and 5 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 3 and 6 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "spatially predicted coded" and "smaller portions." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 4 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "means for dividing said picture into a plurality of smaller portions," "size that is larger than one macroblock," and "means for selectively encoding." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 4 of the '374 patent, the claim is indefinite.

- Asserted claim 7 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "dividing said picture into a plurality of smaller portions," "size that is larger than one macroblock," and "selectively encoding." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 8 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions," "size that is larger than one macroblock," "one of said plurality of smaller portions," "at a time," and "using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 13 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "wherein said

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

at least one PMV is calculated in accordance with directional segmentation prediction." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 14 of the '374 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions," "size that is larger than one macroblock," "one of a plurality of smaller portions," "at a time," and "means for using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 14 of the '374 patent, the claim is indefinite.

- Asserted claims 9 and 15 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "at least one motion vector is received," and "smaller portions." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 10 and 16 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "spatially predicted coded" and "smaller portions." These terms/phrases also are indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 11 and 17 of the '374 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "spatially predicted coded." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 1 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "smaller portions," "size that is larger than one macroblock," "selectively encoding," "one of said plurality of smaller portions" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claims 2 and 4 of the '375 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '374 patent fails to satisfy the written description requirement with respect to terms/phrases including "spatially predicted coding." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 3 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

written description requirement with respect to terms/phrases including "means for dividing said picture into a plurality of smaller portions," "smaller portions," "size that is larger than one macroblock," "selectively encoding," "one of said plurality of smaller portions" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 3 of the '375 patent, the claim is indefinite.

- Asserted claim 5 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "dividing said picture into a plurality of smaller portions," "size that is larger than one macroblock," and "selectively encoding," "one of said plurality of smaller portions" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 6 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "selectively decoding," "smaller portions," "size that is larger than one macroblock," "one of said plurality of smaller portions," "at a time," and "using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 7 and 14 of the '375 patent are each invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "spatially predicted coding." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 9 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "one of a plurality of prediction directions is deemed to be a most probable mode." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 10 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "most probable prediction coding mode." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 11 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "wherein if one of said neighboring blocks is outside a slice, then said most probable prediction mode

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

for said current block is DC prediction, and wherein if both of said neighboring blocks are inside said slice, then said most probable prediction mode for said current block is selected in accordance with a minimum of prediction modes used for said left neighboring block and said above neighboring block." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 13 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "selectively decoding," "smaller portions," "size that is larger than one macroblock," "one of a plurality of smaller portions," "at a time," and "means for using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 13 of the '375 patent, the claim is indefinite.

- Asserted claim 17 of the '375 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '375 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "selectively decoding at least one of said plurality of smaller portions," "at a time," "size that is larger than one macroblock," "using said plurality of decoded smaller portions to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 1 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "processing blocks." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Asserted claim 7 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "means for dividing said picture into a plurality of macroblocks," "means for generating a plurality of processing blocks," "means for selectively encoding at least one of said processing blocks," and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 7 of the '376 patent, the claim is indefinite.

- Asserted claim 13 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "processing blocks," "selectively encoding at least one of said processing blocks," and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

- Asserted claim 14 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "processing blocks," "selectively encoding at least one of said processing blocks," "at a time" and "using said plurality of decoded processing blocks to construct a decoded picture." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

- Under at least Motorola's proposed construction for what Motorola contends are the § 112, ¶ 6 elements in claim 22 of the '376 patent, the claim is indefinite.

- Asserted claim 30 of the '376 patent is invalid under 35 U.S.C. § 112 ¶ 1 for lack of written description. In particular, the specification of the '376 patent fails to satisfy the written description requirement with respect to terms/phrases including "computer-readable medium," "computer executable instructions," "processing blocks" and "at a time." These terms/phrases are also indefinite under 35 U.S.C. 112 ¶ 2.

### C. Microsoft's allegations of infringement of Microsoft's patents

Pursuant to the Court's instructions at the hearing on January 24, 2012, this Joint Prehearing Statement does not address the Microsoft patents at issue in the litigation. Dkt. 167. Microsoft set forth a summary of its allegations with respect to the alleged infringement of its patents in its Prehearing Statement filed on January 6, 2012 (Dkt. 153). To the extent that the Court requests additional statements and/or claim charts with respect to the Microsoft patents, Microsoft will provide such consistent with whatever deadline the Court requests.

### D. Motorola's allegations of invalidity of Microsoft's patents

Pursuant to the Court's instructions at the hearing on January 24, 2012, this Joint Prehearing Statement does not address the Microsoft patents at issue in the litigation. Dkt. 167. Motorola set forth a summary of its allegations with respect to the alleged invalidity of Microsoft's patents in its Prehearing Statement filed on January 6, 2012 (Dkt. 155). To the extent that the Court requests additional statements and/or claim charts with respect to those patents, Motorola will provide such consistent with whatever deadline the Court requests.

## III. The Claim Construction Hearing

### A. Anticipated length of time necessary for the Claim Construction Hearing.

The parties anticipate that the Claim Construction Hearing will require 3 hours.

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 13
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**B.  The proposed order of presentation at the Claim Construction Hearing.**

The parties propose that the Claim Construction Hearing proceed as follows:  (1)  brief opening statements by Motorola, then Microsoft, to explain necessary background concepts; and (2) alternating argument, on a term-by-term basis, for each disputed claim term.

**C.  The parties' position on whether, why, and the extent to which the Court should consider live testimony at the Claim Construction Hearing, including the identity of any witnesses a party proposes to call, and for each expert, the disclosure required by Fed. R. Civ. P. 26(a)(2)(B) as to opinions to be offered at the Claim Construction Hearing.**

The parties have agreed that live testimony will not be used during the Claim Construction Hearing.

**D.  The parties' position as to whether there should be a tutorial on the subject matter of the patent(s) at issue and, if so, the timing of such a tutorial.**

Motorola believes that a brief tutorial on the relevant background technologies may be of benefit to the Court and suggests that such a tutorial may be conducted briefly at the beginning of the scheduled claim construction hearing.

Microsoft agrees that a tutorial may benefit the Court, but suggests that, should the Court desire a tutorial on these patents, it would be more efficient to schedule such a brief tutorial in advance of the currently-scheduled Claim Construction Hearing so that the Court may have the benefit of that tutorial while considering the parties' briefing.

**E.  Whether a pre-hearing conference, prior to the Claim Construction Hearing, is necessary and, if so, the proposed subjects to be addressed and proposed dates for such conference.**

The parties agree that a pre-hearing conference, prior to the Claim Construction Hearing, is not necessary.

**F.  Whether the parties believe the Court should appoint an independent expert.**

The parties do not believe that an independent expert will be required for this case.

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 14
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

DATED this 27th day of January, 2012.

RESPECTFULLY SUBMITTED:

| | |
|---|---|
| DANIELSON HARRIGAN LEYH & TOLLEFSON LLP | SUMMIT LAW GROUP PLLC |
| By */s/ Arthur W. Harrigan, Jr.*<br>　　Arthur W. Harrigan, Jr., WSBA #1751<br>　　Christopher Wion, WSBA #33207<br>　　Shane P. Cramer, WSBA #35099 | By */s/ Ralph H. Palumbo*<br>　　Ralph H. Palumbo, WSBA #04751<br>　　Philip S. McCune, WSBA #21081<br>　　Lynn M. Engel, WSBA #21934 |
| By */s/ T. Andrew Culbert*<br>　　T. Andrew Culbert, WSBA #35925<br>　　David E. Killough, WSBA #21119<br>　　MICROSOFT CORPORATION<br>　　1 Microsoft Way<br>　　Redmond, WA  98052<br>　　Phone:  425-882-8080<br>　　Fax:  425-869-1327 | By */s/ K. McNeill Taylor, Jr.*<br>　　K. McNeill Taylor, Jr.<br>　　MOTOROLA MOBILITY, INC.<br>　　MD W4-150<br>　　600 North U.S. Highway 45<br>　　Libertyville, IL  60048-1286<br>　　Phone:  858-404-3580<br>　　Fax:  847-523-0727 |
| 　　John W. McBride *(pro hac vice)*<br>　　David T. Pritikin *(pro hac vice)*<br>　　Richard A. Cederoth *(pro hac vice)*<br>　　Douglas I. Lewis *(pro hac vice)*<br>　　SIDLEY AUSTIN LLP<br>　　One South Dearborn<br>　　Chicago, IL  60603<br>　　Phone:  312-853-7000<br>　　Fax:  312-853-7036 | 　　Steven Pepe *(pro hac vice)*<br>　　Jesse J. Jenner *(pro hac vice)*<br>　　Stuart W. Yothers *(pro hac vice)*<br>　　Ropes & Gray LLP<br>　　1211 Avenue of the Americas<br>　　New York, NY  10036-8704<br>　　(212) 596-9046 |
| 　　Brian R. Nester *(pro hac vice)*<br>　　SIDLEY AUSTIN LLP<br>　　1501 K Street NW<br>　　Washington, DC  20005<br>　　Telephone:  202-736-8000<br>　　Fax:  202-736-8711 | 　　Norman H. Beamer *(pro hac vice)*<br>　　Gabrielle E. Higgins *(pro hac vice)*<br>　　Ropes & Gray LLP<br>　　1900 University Avenue, 6th Floor<br>　　East Palo Alto, CA  94303-2284<br>　　(650) 617-4030 |
| ***Counsel for Microsoft Corp.*** | 　　Paul M. Schoenhard (*pro hac vice*)<br>　　Kevin J. Post (*pro hac vice*)<br>　　Ropes & Gray LLP<br>　　One Metro Center<br>　　700 12th Street NW, Suite 900<br>　　Washington, DC  20005-3948<br>　　(202) 508-4693 |
| | ***Counsel for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument, Corp.*** |

JOINT CLAIM CONSTRUCTION AND
PREHEARING STATEMENT - 15
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001