UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

          Plaintiff,

      v.

MOTOROLA, INC, et al.,

          Defendants.

CASE NO. C10-1823JLR

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Microsoft Corporation's ("Microsoft") motion to dismiss certain counterclaims (Mot. (Dkt. # 71)) alleged by Defendants Motorola, Inc., Motorola Mobility, Inc, and General Instrument Corporation's (collectively, "Motorola").  The Court has reviewed Microsoft's motion, Motorola's response (Resp. (Dkt. #73)), Microsoft's reply (Reply (Dkt. # 75)), all other

ORDER- 1

1  pertinent documents in the record, and the relevant law.  For the reasons set forth below,

2  the court GRANTS in part and DENIES in part Microsoft's motion to dismiss.

3  **II.    BACKGROUND**

4  On June 1, 2011, the court consolidated Microsoft's action against Motorola, Case

5  No. C10-1823JLR (the "Microsoft Action"), and Motorola's action against Microsoft for

6  patent infringement, Case No. C11- 343JLR (the "Motorola Action"), under Case No.

7  C10-1823JLR.  (Dkt. # 66 at 12.).

8  In the Microsoft Action, Microsoft filed an Amended and Supplemental

9  Complaint alleging that Motorola breached its obligations to offer licenses to "essential"

10  Motorola-owned patents at reasonable and non-discriminatory ("RAND") terms.

11  (Microsoft Compl. (Dkt. # 53) ¶¶ 80-94.)  Microsoft asserts that through participation in

12  the industry-standard setting process for both the 802.11 WLAN[1] wireless internet

13  standard and H.264[2] video compression standard, Motorola agreed to offer licenses on

14  RAND terms to Microsoft (and other potential licensees) for patents "essential" to

15  practice the respective standards, and that Motorola has failed to fulfill its obligations.

16  (*See id.*)  Specifically, Microsoft alleges claims against Motorola for (1) breach of

17

18

19  [1] The 802.11 wireless network protocol was developed under the patronage of the

20  Institute of Electrical and Electronics Engineers ("IEEE").  (Dkt. # 67 ¶ 30.)

21  [2] Jointly with the International Organization for Standardization/International

    Electrotechnical Commission, the International Telecommunication Union ("ITU") developed

22  the standard for the H.264 Advanced Video Coding technology.  (Dkt. # 67 ¶¶ 45-55.)

1    contract and (2) promissory estoppel.[3]  (*Id.*)  In support of its claims, Microsoft points to

2    two "demand" letters sent by Motorola to Microsoft relating to licensing of Motorola's

3    "essential" patents for practicing the 802.11 WLAN or H.264 technologies.  (*See id.* ¶¶

4    70-72.)  Microsoft asks the court, *inter alia*, to (1) "[a]djudge and decree" that Motorola

5    is "liable for breach of contract" and "promissory estoppel," (2) "enjoin [Motorola] from

6    further demanding excessive royalties," and (3) "[d]ecree that Microsoft is entitled to

7    license from [Motorola]" all patents that fall within Motorola's commitments regarding

8    802.11 WLAN and H.264 technologies on RAND terms.  (*Id.* ¶¶ A, B, E, G, H (Prayer

9    for Relief).)

10          In response, Motorola asserted affirmative defenses and counterclaims.

11   Motorola's affirmative defenses included the defense of forfeiture and repudiation,

12   arguing that Microsoft breached its contract to which it claims to be a third-party

13   beneficiary by failing to apply for and to negotiate the terms of a RAND license.  (Dkt. #

14   68 ¶ 4 (Affirmative Defenses).)  Motorola also asserted declaratory judgment

15   counterclaims that (1) it has not breached any RAND obligations ("Motorola's First

16   Counterclaim"), and (2) Microsoft repudiated and/or rejected the benefits of Motorola's

17   RAND statements ("Motorola's Second Counterclaim").  (*Id.* ¶¶ 61-75.)  With respect to

18   Motorola's First Counterclaim, Motorola asks the court to enter judgment that Motorola

19   has complied with any and all obligations to Microsoft with respect statements it made

---

21          [3] Microsoft's action against Motorola also included claims for waiver and declaratory
22   judgment, but the court's June 1, 2011 order dismissed both of those claims, leaving only the
     breach of contract and promissory estoppel claims.  (Dkt. # 66 at 12.)

1   relating to the 802.11 WLAN and the H.264 technologies.  (*Id.* ¶ A (Motorola

2   Counterclaims (Prayer for Relief).)  For Motorola's Second Counterclaim, Motorola

3   seeks two-part relief:  (1) that Microsoft has repudiated and/or rejected any right to a

4   RAND license under Motorola's 802.11 WLAN and H.264 essential patents, and (2) that

5   Motorola has the right to seek an injunction for Microsoft's infringement of the

6   "Motorola Patents."  (*Id.* ¶¶ 73, 74 (Counterclaims).)

7        In the Motorola Action, Motorola filed a First Amended Complaint for Patent

8   Infringement[4] against Microsoft, alleging Microsoft infringed U.S. Patent Nos.

9   7,310,374; 7,310,375; and 7,310,376 (the "Motorola Patents").  (C11-0343JLR, Dkt. # 29

10  ¶¶ 14-40.)  The Motorola Patents relate to the H.264 video compression technology.  (*See*

11  *id.* ¶¶ 17, 26, 35.)  Microsoft answered and asserted affirmative defenses as well as

12  counterclaims of (1) patent infringement as to U.S. Patent Nos. 6,339,780 and 7,411,582

13  (the "Microsoft Patents"); (2) breach of contract; and (3) promissory estoppel.[5]  (*Id.* ¶¶

14  11-20, 102-116.)  The latter two claims are substantially (if not precisely) the same as the

15  claims set forth by Microsoft in the Microsoft Action.  (*Compare* C11-0343JLR, Dkt. #

16  37 ¶¶ 102-116 *with* Dkt. # 53 ¶¶ 80-94.)  The Microsoft Patents relate to indicating the

17  loading status of a hypermedia browser ('780 Patent) and to a soft input panel system

18
───────────────

19  [4] Motorola's First Amended Complaint was filed in the Western District of Wisconsin,
    Civil Action No. 3:10-CV-699, which was transferred to the Western District of Washington on
    February 2, 2012.  (Dkt. # 45.)

20
     [5] Microsoft's counterclaims against Motorola also included claims for waiver and

21  declaratory judgment, but the court's June 1, 2011 order dismissed both of those claims, leaving
    only the two patent infringement claims and the breach of contract and promissory estoppel
    claims.  (Dkt. # 66 at 12.)

22

ORDER- 4

1  (e.g., a touch screen keyboard) ('582 Patent).  Motorola answered Microsoft's

2  counterclaims and asserted 14 affirmative defenses, including the same defense of

3  forfeiture and repudiation it raised in the Microsoft Action.  (Dkt. # 67 ¶ 8 (Affirmative

4  Defenses).)  Motorola also brought declaratory judgment counterclaims that (1) Motorola

5  did not infringe the Microsoft Patents and that the Microsoft Patents were invalid; (2) it

6  met its RAND obligations ("Motorola's First Counterclaim"); and (3) Microsoft

7  repudiated any rights associated with Motorola's RAND statements ("Motorola's Second

8  Counterclaim"). [6]  (Dkt. # 67 ¶¶ 9-90 (Counterclaims).)  Motorola's latter two

9  counterclaims are substantially (if not precisely) the same, and seek the same relief, as the

10  counterclaims set forth by Motorola in the Microsoft Action.  (*Compare* Dkt. # 67 ¶¶ 21-

11  90 *with* Dkt. # 68 ¶¶ 61-75.)

12       Microsoft's present motion seeks to dismiss Motorola's "RAND-based

13  counterclaims" as redundant of Microsoft's affirmative claims of breach of contract and

14  promissory estoppel as well as Motorola's affirmative defenses.

15            **III.    STANDARD OF REVIEW**

16       When considering a motion to dismiss under Federal Rule of Civil Procedure

17  12(b)(6), the court construes the complaint in the light most favorable to the non-moving

18  party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

19  _____

20       [6] Throughout the parties' briefing, Microsoft and Motorola treat Motorola's two RAND-
     based counterclaims in the Motorola Action and the Microsoft Action as if they are the same
21   claims.  Likewise, the court can find no appreciable difference in the RAND-based
     counterclaims set forth by Motorola in the Microsoft Action and in the Motorola Action.  Thus,
22   for ease of reference, in this order, the court will reference these counterclaims with the same
     nomenclature.

1    2005).  The court must accept all well-pleaded allegations of material fact as true and

2    draw all reasonable inferences in favor of the plaintiff.  *See Wyler Summit P'ship v.*

3    *Turner Broad. Sys*, 135 F.3d 658, 661 (9th Cir.1998).  "To survive a motion to dismiss a

4    complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

5    relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 656 U.S. 662, 129 S.Ct. 1937, 1949

6    (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has

7    facial plausibility when the plaintiff pleads factual content that allows the court to draw

8    the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

9    "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

10   than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*,

11   550 U.S. at 556).  Although a court considering a motion to dismiss must accept all of the

12   factual allegations in the complaint as true, the court is not required to accept as true a

13   legal conclusion presented as a factual allegation.  *Id.* at 1949-50 (citing *Twombly*, 550

14   U.S. at 556).

15                              **VI.    ANALYSIS**

16            While Microsoft tacitly admits that Motorola's RAND-based counterclaims are

17   sufficient to survive a Rule 12(b)(6) motion to dismiss, Microsoft nevertheless argues

18   that we should dismiss the counterclaims as redundant.  Under the Declaratory Judgment

19   Act, courts have discretion, but not the duty, to declare the rights and legal relations of

20   interested parties.  28 U.S.C. § 2201(a).  If a counterclaim for declaratory relief is

21   redundant, the court may exercise discretion to strike the counterclaim.  *See* 6 Charles

22   Alan Wright, *et al.*, Federal Practice and Procedure § 1406 (3d ed. 2011).  Thus, whether

1   the court will strike Motorola's RAND-based counterclaims depends on whether the

2   claims are indeed redundant of other claims at issue in this litigation.  The court analyzes

3   Motorola's two RAND-based counterclaims in turn.

4   **A.      Motorola's First Counterclaim**

5          Motorola's First Counterclaim seeks declaratory judgment that it has not breached

6   any RAND obligations to Microsoft.  Microsoft argues that Motorola's First

7   Counterclaim should be dismissed because it "mirrors exactly Microsoft's request that

8   the court find that Motorola *has* breached its RAND obligations."  (Mot. at 7 (emphasis

9   in original); *see also* (Mot. at 2. (citing *e.g.*, *Englewood Lending Inc. v. G&G Coachella*

10  *Investments, LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (dismissing defendant's

11  counterclaims for declaratory relief as superfluous and unnecessary where they

12  overlapped with plaintiff's claims and defendant's affirmative defenses)).)  In response,

13  Motorola argues that dismissal is improper because the counterclaim seeks different and

14  broader relief than is available through defending against Microsoft's affirmative RAND-

15  based claims.  (Resp. at 9. (citing *e.g.*, *Righthaven LLC v. Choudhry*, 2011 WL 1743839,

16  at * 5-6 (D. Nev. May 3, 2011)).)  The court agrees with Motorola.

17         As Motorola correctly points out, Microsoft's affirmative claims of breach of

18  contract and promissory estoppel are based on two letters sent by Motorola to Microsoft

19  seeking royalty payments for the Motorola Patents.  Microsoft alleges that these two

20  letters constitute a breach of Motorola's obligations that result from statements made by

21  Motorola to IEEE and ITU to offer licenses on RAND terms.  Contrary to Microsoft's

22  argument, Motorola's First Counterclaim does not simply seek the inverse of Microsoft's

1  allegations, but instead seeks broader relief – that it has complied with any and all RAND

2  obligations owned to Microsoft. [7]   A ruling on Microsoft's affirmative claims will resolve

3  only whether Motorola's two letters were in compliance Motorola's RAND obligations.

4  Such a ruling may not resolve whether Motorola's has fully complied with any and all of

5  its RAND obligations.  *See* 6 Charles A. Wright, *et al.*, Federal Practice and Procedure §

6  1406 (3d ed. 2011) ("[T]he safer course for the court to follow is to deny a request to

7  dismiss a counterclaim for declaratory relief unless there is no doubt that it will be

8  rendered moot by the adjudication of the main action.").

9       Moreover, plaintiffs will not suffer any prejudice if the counterclaim remains

10  pending.  *See U.S. Bank Nat. Ass'n v. Alliant Energy Res., Inc.*, No. 09-cv-078-bbc, 2009

11  WL 1850813, at *3 (W.D. Wis. June 26, 2009) ("If, as plaintiff argues, the counterclaims

12  are truly repetitious, then plaintiff will not have to expend much time on any additional

13  discovery or briefing."); *see also VW Credit, Inc. v. Friedman and Wexler, LLC*, No. 09

14  C 2832, 2010 WL 2330364, at *2 (N.D. Ill. June 7, 2010) ("In any event, even if the

15  counterclaim turns out to be an exact mirror image of VW Credit's claim, which seems

16  doubtful, the fact that the counterclaim remained pending . . . would not prejudice VW

17

18

19  _____

20  [7] With respect to the entirety of its motion to dismiss, Microsoft has urged the court to
employ the same logic as the court's June 1, 2011 order, which dismissed Microsoft's
declaratory judgment claim as duplicative of its other claims, because Microsoft conceded the

21  relief it sought through its declaratory judgment claim was the same as it sought through its other
claims.  (Mot. at 7-8; Dkt. # 66 at 8-9.)  Because, here, the court has determined that the relief
sought by Motorola's declaratory judgment claims is not duplicative of relief sought by either

22  party elsewhere in the litigation, Microsoft's argument is inapplicable.

ORDER- 8

1   Credit in the slightest.").  Microsoft's motion to dismiss Motorola's First Counterclaim is

2   DENIED.

3   **B.    Motorola's Second Counterclaim**

4        Motorola's Second Counterclaim seeks two-part relief from the court by way of

5   declarations:  (1) that Microsoft repudiated and/or rejected any rights associated with

6   Motorola's RAND obligations, and (2) that Motorola is entitled to seek an injunction

7   enjoining Microsoft from utilizing the Motorola Patents.  (Dkt. # 68 ¶¶ 73,74

8   (Counterclaims).)  Microsoft argues that this counterclaim should be dismissed because it

9   is a "mirror image of Microsoft's claim that it is entitled to a RAND royalty and that

10  Motorola is not entitled to injunctive relief."  (Mot. at 7.)  Microsoft also argues that

11  Motorola's Second Counterclaim is duplicative of Motorola's own

12  "Forfeiture/Repudiation" affirmative defense, because the counterclaim and affirmative

13  defense contain similar language.[8]  (*Id.*; Reply at 6-7.)  In response, Motorola contends

14

15       [8] Motorola's repudiation affirmative defense states:

16           Microsoft's [claims] are barred because, by failing to apply for a RAND
             license and to negotiate the terms of a RAND license and instead filing the
17           present action, Microsoft breached the contract to which it claims to be a
             third party beneficiary, and failed to satisfy the conditions precedent to
18           any obligations that it was owed as an alleged third party beneficiary, and
             thereby forfeited all benefits to any purported RAND statement made by
19           Motorola.  (Dkt. # 68 ¶ 4 (Affirmative Defenses).)

20  Motorola's Second Counterclaim contains similar language:

21           Motorola seeks a declaration that by claiming the benefit of Motorola's
             RAND statements while refusing to undertake any obligations, Microsoft
22           is an unwilling licensee that has, based on the facts in this case, repudiated
             and/or rejected any rights associated with Motorola's RAND statements,

ORDER- 9

1    Motorola's Second Counterclaim differs from Microsoft's affirmative RAND-based

2    claims and Motorola's affirmative defense because it is the "only way Motorola can

3    obtain a conclusive determination that Microsoft repudiated or rejected any rights to

4    RAND license."  (Resp. at 10.)  Additionally, Motorola argues that the ability to seek an

5    injunction to enforce the Motorola Patents does not depend on the outcome of

6    Microsoft's affirmative claims.  (*Id.*)

7           First, Motorola's request for a declaration that Microsoft has repudiated and/or

8    rejected any right to a RAND license for the Motorola Patents serves a distinct and useful

9    purpose from other claims in the litigation.  *See Newcal Indus. v. Ikon Office Solution*,

10   513 F.3d 1038, 1056-67 (9th Cir. 2008) (reversing dismissal of declaratory judgment

11   claim because the claim sought a "useful purpose.").  As Motorola points out, if Motorola

12   prevails on Microsoft's affirmative RAND claims, the successful defense may not turn on

13   whether through its actions Microsoft repudiated any rights in a RAND license.  (Resp. at

14   10.)  Thus, as Motorola seeks from this litigation a declaration that Microsoft repudiated

15   any RAND license, the only way Motorola can actively pursue this relief is through its

16   declaratory judgment claim.

17          Moreover, the court is not persuaded by Microsoft's argument that Motorola's

18   Second Counterclaim is redundant with Motorola's own affirmative defense.  While the

19   court sees similarity in the language of the counterclaim and affirmative defense, they

20

21              breached Microsoft's alleged contract with Motorola and/or the SSOs, and
                failed to satisfy the conditions precedent to any obligations that it owed
22              with respect to any such right to a RAND license.  (Dkt. # 67 ¶ 88
                (Counterclaims); Dkt. # 68 ¶ 73 (Counterclaims).)

1    serve vastly different purposes.  Through its affirmative defense, Motorola seeks only to

2    bar Microsoft's affirmative RAND claims.  And, again, Motorola has no guarantee that

3    its affirmative defense will be dispositive (or even relevant) to the outcome of

4    Microsoft's affirmative RAND claims.  Further, even if successful on its affirmative

5    defense, Motorola will receive no relief besides a successful defense against Microsoft's

6    claims.  On the contrary, through its counterclaim, Motorola seeks a declaration from the

7    court that Microsoft has repudiated any rights to a RAND license.  If successful on its

8    counterclaim, Motorola states that it may use this relief to seek higher royalties or assert

9    other patents.  (Resp. at 10.)  How Motorola chooses to use the relief it seeks is solely up

10   to Motorola.  At this stage in the litigation, what matters is that the relief sought by

11   Motorola's declaratory judgment action differs from any relief it may obtain by merely

12   defending against Microsoft's affirmative RAND claims.

13           Second, unlike Motorola's request for a declaration that Microsoft has repudiated

14   and/or rejected any right to a RAND license, the court finds Motorola's request for a

15   declaration that it may seek an injunction enjoining Microsoft from utilizing the Motorola

16   Patents entirely redundant of claims found elsewhere in this litigation.  As Microsoft

17   explains, Motorola has already brought an action for patent infringement of the Motorola

18   Patents seeking to "permanently enjoining Microsoft" from further using the Motorola

19   Patents.  (C11-0343JLR, Dkt. # 1 ¶ b (Prayer for Relief).)  Through its requested relief,

20   Motorola now asks the court to declare that it has the right to seek an injunction which is

21   precisely the relief Motorola is already requesting in its patent infringement claims that

22   are part of this case through consolidation.  The court is confident that through patent

1    infringement action, where Motorola seeks relief in the form of an injunction, the issue of

2    whether Motorola has the right to seek an injunction will be fully litigated.  Accordingly,

3    the court GRANTS Microsoft's motion to dismiss with respect to Motorola's request for

4    a declaration that it may seek an injunction enjoining Microsoft from utilizing the

5    Motorola Patents.

6                                    **IV.    CONCLUSION**

7           For the foregoing reasons, the court GRANTS in part and DENIES in part

8    Microsoft's motion to dismiss Motorola's RAND-based counterclaims.  The court

9    DENIES Microsoft's motion to dismiss with respect to Motorola's declaratory judgment

10   counterclaim that it has not breached any RAND obligations.  The court also DENIES

11   Microsoft's motion to dismiss with respect to Motorola's declaratory judgment

12   counterclaim that Microsoft repudiated and/or rejected the benefits of Motorola's RAND

13   statements.  The Court GRANTS Microsoft's motion to dismiss regarding Motorola's

14   request for a court declaration that Motorola has the right to seek an injunction for

15   infringement of the "Motorola Patents."

16          In light of this order, it appears to the court that this matter could be litigated more

17   efficiently if certain issues – in particular, the RAND-based issues – were resolved

18   sequentially.  Therefore, to adjudicate the RAND-based issues in the most effective

19   manner possible, the court sets a telephonic status conference for **Monday, February 13,**

20   **2012 at 2:00 p.m.**  At this status conference, the court will discuss whether the RAND-

21   based disputes remaining in this case are most efficiently resolved through motions for

22   summary judgment, a mini-trial process, or a combination thereof, where the court will

ORDER- 12

1   hear argument on any disputed issues of fact and conclusions of law.  The court would

2   like input from counsel regarding the feasibility, procedure, and schedule of such a

3   process.  The court will provide a dial-in number to local counsel for the telephonic

4   conference.

5        Dated this 6th day of February, 2012.

6

7   _____
    The Honorable James L. Robart
8   U.S.  District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 13