UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC, et al.,<br><br>Defendants. | CASE NO. C10-1823JLR<br><br>ORDER GRANTING UNOPPOSED MOTIONS TO SEAL |

This matter comes before the court on (1) Defendants Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation's (collectively, "Motorola") Motion to File Documents Under Seal Re: Opposition to Microsoft's Motion for Partial Summary Judgment ("Motorola's First Motion to Seal") (Dkt. # 85); (2) Plaintiff Microsoft Corporation's ("Microsoft") Motion to File Documents Under Seal ("Microsoft's First Motion to Seal") (Dkt. # 94); (3) Microsoft's Motion to File Documents Under Seal ("Microsoft's Second Motion to Seal") (Dkt. # 110); (4) Motorola's Motion to File Documents Under Seal Re: Opposition to Microsoft's Motion for Leave to File

ORDER- 1

Supplemental Declaration ("Motorola's Second Motion to Seal") (Dkt. # 122); and (5) Motorola's Motion to File Documents Under Seal Re: Opposition to Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Claim for Injunctive Relief ("Motorola's Third Motion to Seal") (Dkt. # 145). With respect to each of the five motions to seal, the nonmoving party does not oppose the sealing of the documents. The court has reviewed each of the four motions to seal and the relevant law. For the reasons set forth below, the court GRANTS the motions (Dkt. ## 85, 94, 110, 122, 145).

Pursuant to Western District of Washington Local Rule CR 5(g)(2), the court may, for "good cause under [Federal] Rule [of Civil Procedure] 26(c)," seal a document attached to a nondispostive motion, or seal a document attached to a dispositive motion upon a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." Local Rules W.D. Wash. CR 5(g)(2). Similarly, the Ninth Circuit has held that "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Kakakama v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). With these standards in mind, the court examines each of the five motions to seal in turn.

First, Motorola's First Motion to Seal (Dkt. # 85) relates to Motorola's Response to Microsoft's Motion for Partial Summary Judgment (Dkt. # 86) – a dispositive motion – and therefore, Motorola must provide a "compelling reason" to seal these documents. Here, the Motorola wishes to seal (1) limited, redacted portions of its Opposition to

ORDER- 2

Microsoft's Motion for Partial Summary Judgment,[1] (2) Exhibits 8 and 15 to the Declaration of Kevin J. Post, and (3) Exhibit A to the Declaration of David J. Teece. (Dkt. ## 85 at 6, 90, 91, 92.) These three documents contain information (and citations to information) pertaining to confidential licensing agreements by Motorola relating to the patents at issue in this case. Because the court finds that the existence of this information provides a sufficiently compelling reason to seal the documents, the court GRANTS Motorola's First Motion to Seal (Dkt. # 85). Accordingly, the court DIRECTS the clerk to maintain the seal on Docket Numbers 90, 91, and 92.

Second, Microsoft's First Motion to Seal relates to its reply brief (Dkt. # 96) to Motorola's Opposition to Microsoft's Motion for Partial Summary Judgment, and thus, refers to exact same documents at issue in Motorola's First Motion to Seal. For the same reasons the court sealed the documents in Motorola's First Motion to Seal, the court GRANTS Microsoft's Second Motion to Seal (Dkt. # 94). Accordingly, the court DIRECTS the clerk to maintain the seal on Docket Number 95.

Third, Microsoft's Second Motion to Seal (Dkt. # 110) relates to Microsoft's Motion for Leave to File Supplemental Declaration of Christopher Wion in Support of its Motion for Partial Summary Judgment (Dkt. # 112). Mr. Wion's supplemental declaration includes the declaration of Jennifer Ochs, Director of IP Litigation at Marvell (a non-party to this litigation). (Dkt. # 110 at 1-2.) In the event the court grants Microsoft's motion for leave, Microsoft will use as Ms. Ochs's declaration in support of

---

[1] Motorola has redacted only the portions of its opposition brief that disclose the confidential information, leaving the remainder of the brief available for public view.

its summary judgment motion. Accordingly, Microsoft must show a "compelling reason" to seal Ms. Ochs's declaration. Ms. Ochs's declaration provides information related to Marvell's business and licensing dealings with parties in this action. Further, the declaration was previously designated as "Confidential Business Information, Subject to [the] Protective Order" by an Administrative Law Judge in separate proceedings in the United States International Trade Commission. (Dkt. # 111 at 1-2.) The court finds the information contained in Ms. Ochs's declaration sufficiently confidential to meet the "compelling reason" standard and GRANTS Microsoft's Second Motion to Seal (Dkt. # 110). Accordingly, the court DIRECTS the clerk to maintain the seal on Docket Number 112.

  Fourth, Motorola's Second Motion to Seal (Dkt. # 122) relates to Motorola's Opposition to Microsoft's Motion for Leave to File the Supplemental Declaration of Mr. Wion (Dkt. # 123). Because Motorola's opposition is not dispositive of any claim in this action, Motorola must show "good cause" for sealing the documents. Motorola's Second Motion to Seal seeks to seal (1) limited, redacted portions of Motorola's Opposition to Microsoft's Motion for Leave to File the Supplemental Declaration of Mr. Wion (Dkt. # 123),[2] and (2) the Declaration of Timothy Kowalski, which is Exhibit A to the Declaration of Kevin J. Post (Dkt. # 124). (Dkt. # 122 at 5.) Both of these documents contain information relating to confidential licensing arrangements between Motorola and a non-party, and the court finds that Motorola has shown good cause for sealing the

---

[2] Again, Motorola has redacted only the portions of its opposition brief that disclose the confidential information, leaving the remainder of the brief available for public view.

1  information contained therein.  The court GRANTS Motorola's Second Motion to Seal
2  (Dkt. # 122), and the court DIRECTS the clerk to maintain the seal on Docket Numbers
3  125 and 126.
4     Fifth, and finally, Motorola's Third Motion to Seal (Dkt. # 145) seeks to seal
5  Exhibits 1, 6, and 7 to the Declaration of Kevin J. Post, relating to Motorola's Opposition
6  to Microsoft's Motion for Partial Summary Judgment (Dkt. ## 144-1, 144-6, 144-7).
7  Because Mr. Post's Declaration relates to a dispositive motion, Motorola must show a
8  "compelling reason" for sealing these documents.  Here, the three exhibits contain
9  information pertaining to Motorola's negotiations and licensing agreements for its
10 patented technology.  The court finds this information confidential and proprietary and
11 sufficient to provide a compelling reason for sealing the documents.  Thus, the court
12 GRANTS Motorola's Third Motion to Seal (Dkt. # 145), and DIRECTS the clerk to
13 maintain the seal on Docket Numbers 146, 147, and 148.
14    In sum, based on the foregoing, the court GRANTS Motorola's First Motion to
15 Seal (Dkt. # 85); Microsoft's First Motion to Seal (Dkt. # 94); Microsoft's Second
16 Motion to Seal (Dkt. # 110); Motorola's Second Motion to Seal (Dkt. # 122); and
17 //
18 //
19 //
20 //
21 //
22 //

ORDER- 5

1 Motorola's Third Motion to Seal (Dkt. # 145). Further, the court DIRECTS the clerk to
2 maintain the seal on Docket Numbers 90, 91, 92, 95, 112, 125, 126, 146, 147, and 148.
3    Dated this 9th day of February, 2012.

*[signature]*

The Honorable James L. Robart
U.S. District Court Judge

ORDER- 6