The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants.<br><br>MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs/Counterclaim Defendant,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant/Counterclaim Plaintiff. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' RESPONSE TO THE COURT'S FEBRUARY 10, 2012 ORDER TO SHOW CAUSE |

DEFENDANTS' RESPONSE TO THE COURT'S
FEBRUARY 10, 2012 ORDER TO SHOW CAUSE
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I.   INTRODUCTION

Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") hereby respectfully respond to the Court's February 10, 2012 Order to Show Cause as to why certain documents filed with the Court should remain under seal (ECF #177).  These documents include:  (1) Exhibit B to the November 28, 2011 Declaration of Christopher Wion (ECF #120-2); (2) Limited Portions of Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Claim for Injunctive Relief (ECF #139); (3) Limited Portions of the December 15, 2011 Declaration of Christopher Wion in Support of Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Claim for Injunctive Relief (ECF #140); and (4) Exhibits 5 and 6 to the December 15, 2011 Declaration of Christopher Wion (ECF #140-5 and 140-6).

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Fed. R. Civ. P. 26(c), and for the reasons described below, Motorola respectfully requests that each of these documents on file with the Court remain under seal.

## II.   BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order in this case, which was approved by the Court on July 21, 2011.  ECF #72.  This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.  Specifically, ¶ 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets . . . amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained. . . .

DEFENDANTS' RESPONSE TO THE COURT'S
FEBRUARY 10, 2012 ORDER TO SHOW CAUSE - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

*Id.* at 1-2.  This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.  Additionally, ¶ 6 specifies similar procedures for highly confidential licensing or financial information.  *See* ECF #72 at 4.  Finally, ¶ 2 of the Protective Order governs the sealing of documents, and states that Motorola or Microsoft may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.

Local Rule CR 5(g)(2) provides that in a dispositive motion, the presumption of the public's right of access to information in court filings may be overcome by a compelling showing that the interest in protecting sensitive information from review outweighs the public's right of access.[1]  Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H).

### III.   DUE TO THE POTENTIAL FOR COMPETITIVE HARM, THE INFORMATION AND DOCUMENTS SHOULD BE KEPT UNDER SEAL

In accordance with Local Rule CR 5(g)(2), Motorola asserts that the public's right of access is outweighed by the interest in protecting the files and information from review and keeping the documents under seal for the following stated reasons:

A.   Exhibit B to the November 28, 2011 Declaration of Christopher Wion.

Exhibit B to the November 28, 2011 Declaration of Christopher Wion is a true and correct copy of Motorola's March 30, 2011 Responses to Microsoft's First Set of Interrogatories in Case No. C11-00343-JLR (which has been consolidated with the above-captioned case).  Motorola marked this document as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as it contains highly sensitive confidential business information regarding Motorola R&D activities and Motorola's current product line.  Disclosure of this information to third parties not covered by the protective order would have the potential to lead to competitive harm.  This document was filed in

---

[1] Local Rule CR 5(g)(2) provides that in a non-dispositive motion, a mere showing of "good cause" under Fed. R. Civ. P. 26(c), suffices.

DEFENDANTS' RESPONSE TO THE COURT'S
FEBRUARY 10, 2012 ORDER TO SHOW CAUSE - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

support of Microsoft's opposition to a non-dispositive motion (Motorola's Motion for Leave to Amend Its Invalidity contentions); as such, Motorola needs only to show "good cause" that the document should remain under seal. Local Rule CR 5(g)(2). Motorola respectfully submits that it has done so.[2]

B.  Limited Portions of Microsoft's December 15, 2011 Motion for Partial Summary Judgment, the Supporting Declaration of Christopher Wion, and Exhibits 5 and 6 Thereto.

Exhibit 5 to the December 15, 2011 Declaration of Christopher Wion is a true and correct copy of selected pages from a document titled AMENDED AND RESTATED CELLULAR ESSENTIAL PROPERTIES CROSS LICENSE AGREEMENT between Motorola, Inc. and Nokia Corporation, dated July 15, 2010, and bearing production numbers MOTM_WASH1823_0024952 through MOTM_WASH1823_0024978. This license agreement is a highly confidential agreement between Motorola, Inc. and Nokia, a non-party to this litigation. Exhibit 6 is a true and correct copy of selected pages from a document titled PATENT CROSS LICENSE AGREEMENT between Motorola, Inc. and Research In Motion Limited ("RIM"), dated June 1, 2010, and bearing production numbers MOTM_WASH1823_0025503 through MOTM_WASH1823_0025542. This license agreement is a highly confidential agreement between Motorola, Inc. and RIM, another non-party to this litigation.

Although these agreements indicate that their existence may be disclosed to third parties, the agreements request (and Motorola has committed to Nokia and RIM) that the terms will be kept in confidence. Under the terms of each agreement, Motorola has obtained the necessary permission to disclose the agreement under the terms of the Protective Order. Disclosure of this information to third parties not covered by the protective order would have the potential to lead to competitive harm, both to Motorola and to non-parties Nokia and RIM. Due to presence of this

---

[2] Alternatively, if the Court is inclined to unseal this document, Motorola requests that it first be permitted to provide Microsoft with a substitute copy of this document with the specific Motorola Confidential Business Information redacted.

DEFENDANTS' RESPONSE TO THE COURT'S
FEBRUARY 10, 2012 ORDER TO SHOW CAUSE - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

highly confidential information throughout the licenses, Exhibits 5-6 should be sealed in their entirety.

Similarly, the information that was redacted from Microsoft's December 15, 2011 Motion for Partial Summary Judgment and the Supporting Declaration of Christopher Wion reveal (either expressly or by implication) highly confidential information about the terms of the Nokia and RIM licenses. Disclosure of this information to third parties not covered by the protective order would have the potential to lead to competitive harm, both to Motorola and to non-parties Nokia and RIM. As such, the unredacted copies of these documents should remain under seal.[3]

## IV. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following documents remain under seal:

1. Exhibit B to the November 28, 2011 Declaration of Christopher Wion (ECF #120-2);

2. Limited Portions of Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Claim for Injunctive Relief (ECF #139);

3. Limited Portions of the December 15, 2011 Declaration of Christopher Wion in Support of Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Claim for Injunctive Relief (ECF #140); and

4. Exhibits 5 and 6 to the December 15, 2011 Declaration of Christopher Wion (ECF #140-5 and 140-6).

---

[3] If the Court is inclined to unseal any of these documents, Motorola requests that it first be permitted to provide RIM and/or Nokia with notice, under the terms of their agreements, so that they may seek additional relief from the Court, if necessary.

DEFENDANTS' RESPONSE TO THE COURT'S
FEBRUARY 10, 2012 ORDER TO SHOW CAUSE - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

DATED this 15th day of February, 2012.

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    *ralphh@summitlaw.com*
    *philm@summitlaw.com*
    *lynne@summitlaw.com*

By */s/ K. McNeill Taylor, Jr.*
    K. McNeill Taylor, Jr.
    MOTOROLA MOBILITY, INC.
    MD W4-150
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    Phone:  858-404-3580
    Fax:  847-523-0727

And by

    Steven Pepe (*pro hac vice*)
    Jesse J. Jenner (*pro hac vice*)
    Stuart W. Yothers (*pro hac vice*)
    Ropes & Gray LLP
    1211 Avenue of the Americas
    New York, NY  10036-8704
    (212) 596-9046
    *steven.pepe@ropesgray.com*
    *jesse.jenner@ropesgray.com*
    *stuart.yothers@ropesgray.com*

    Norman H. Beamer (*pro hac vice*)
    Gabrielle E. Higgins (*pro hac vice*)
    Ropes & Gray LLP
    1900 University Avenue, 6th Floor
    East Palo Alto, CA  94303-2284
    (650) 617-4030
    *norman.beamer@ropesgray.com*
    *gabrielle.higgins@ropesgray.com*

DEFENDANTS' RESPONSE TO THE COURT'S
FEBRUARY 10, 2012 ORDER TO SHOW CAUSE - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation***

DEFENDANTS' RESPONSE TO THE COURT'S
FEBRUARY 10, 2012 ORDER TO SHOW CAUSE - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP
*arthurh@dhlt.com*
*chrisw@dhlt.com*
*shanec@dhlt.com*

Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
Richard A. Cederoth, Esq.
David Greenfield
Sidley Austin LLP
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*rcederoth@sidley.com*
*david.greenfield@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 15th day of February, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' RESPONSE TO THE COURT'S
FEBRUARY 10, 2012 ORDER TO SHOW CAUSE - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001