The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>　　　　　　　　　　Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 77)<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, March 2, 2012** |
| MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>　　Plaintiffs/Counterclaim Defendant,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　Defendant/Counterclaim Plaintiff. | |

DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENT
UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 77)
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Pursuant to Western District of Washington Civil Local Rules CR 5(g)(2)-(3), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") respectfully move this Court for leave to file under seal the December 1, 2011 Patent License Agreement between Motorola Mobility, Inc. and VTech Communications, Inc. and VTech Telecommunications, Ltd. ("Agreement"), specifically § 4.2(a) of the Agreement, which the Court has allowed Motorola to file as supplemental authority related to Microsoft's Motion for Partial Summary Judgment (ECF No. 77).  A true and correct copy of the Agreement is attached as Exhibit A to the Declaration of Philip S. McCune in Support of Defendants' Opposition to Microsoft's Motion for Partial Summary Judgment (ECF No. 86 [redacted] / No. 90 [sealed]).

## II. BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011.  ECF No. 72.  This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.  Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets . . . amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained. . . .

*Id.* at 1-2.  This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.  Additionally, paragraph 6 specifies that:

DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENT
UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 77) - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6. . . .

ECF No. 72 at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

ECF No. 72 at 2.

    Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

    Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of

DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENT
UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 77) - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

documents containing such information. *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes . . .").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

III. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file under seal the Agreement—and specifically § 4.2(a) of the Agreement—for the following reasons:

The Motorola Mobility-VTech license agreement, which bears production numbers MOTM_WASH1823_0394368-4401, is a highly confidential agreement between Motorola

DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENT
UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 77) - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  Mobility, Inc. and VTech, a non-party to this litigation.  Although the Agreement indicates that the
2  parties may disclose its existence to third parties, Motorola and VTech have agreed that the terms
3  only be disclosed in a pending litigation subject to a protective order using the highest available
4  and appropriate confidentiality designation.  *See* § 9.3(b).  Disclosure of the terms to third parties
5  not covered by the protective order would have the potential to lead to competitive harm.  Due to
6  presence of highly confidential information throughout the license, the Motorola Mobility-VTech
7  license should be sealed in its entirety.

### IV.   CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the Motorola Mobility-VTech license agreement (MOTM_WASH1823_0394368-4401) be filed under seal.

DATED this 17th day of February, 2012.

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
Ralph H. Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081
Lynn M. Engel, WSBA #21934
*ralphp@summitlaw.com*
*philm@summitlaw.com*
*lynne@summitlaw.com*

By */s/ K. McNeill Taylor, Jr.*
K. McNeill Taylor, Jr.
MOTOROLA MOBILITY, INC.
MD W4-150
600 North U.S. Highway 45
Libertyville, IL  60048-1286
Phone:  858-404-3580
Fax:  847-523-0727

DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 77) - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1 And by

2 Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
3 Stuart W. Yothers (*pro hac vice*)
Ropes & Gray LLP
4 1211 Avenue of the Americas
New York, NY  10036-8704
5 (212) 596-9046
*steven.pepe@ropesgray.com*
6 *jesse.jenner@ropesgray.com*
*stuart.yothers@ropesgray.com*
7
Norman H. Beamer (*pro hac vice*)
8 Gabrielle E. Higgins (*pro hac vice*)
Ropes & Gray LLP
9 1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
10 (650) 617-4030
*norman.beamer@ropesgray.com*
11 *gabrielle.higgins@ropesgray.com*

12 Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
13 Ropes & Gray LLP
One Metro Center
14 700 12th Street NW, Suite 900
Washington, DC  20005-3948
15 (202) 508-4693
*paul.schoenhard.@ropesgray.com*
16 *kevin.post@ropesgray.com*

17 **Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument**
18 **Corporation**

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENT
UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 77) - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Arthur W. Harrigan, Jr., Esq.
> Christopher T. Wion, Esq.
> Shane P. Cramer, Esq.
> Danielson, Harrigan, Leyh & Tollefson LLP
> *arthurh@dhlt.com*
> *chrisw@dhlt.com*
> *shanec@dhlt.com*
>
> Brian R. Nester, Esq.
> David T. Pritikin, Esq.
> Douglas I. Lewis, Esq.
> John W. McBride, Esq.
> Richard A. Cederoth, Esq.
> David Greenfield
> Sidley Austin LLP
> *bnester@sidley.com*
> *dpritikin@sidley.com*
> *dilewis@sidley.com*
> *jwmcbride@sidley.com*
> *rcederoth@sidley.com*
> *david.greenfield@sidley.com*
>
> T. Andrew Culbert, Esq.
> David E. Killough, Esq.
> Microsoft Corp.
> *andycu@microsoft.com*
> *davkill@microsoft.com*

    DATED this 17th day of February, 2012.

                                                                                          /s/ *Marcia A. Ripley*
                                                                                            Marcia A. Ripley

DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENT
UNDER SEAL RE: OPPOSITION TO MICROSOFT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 77) - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001