THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

                              Plaintiff,

        vs.

MOTOROLA, INC.,  et al.,

                              Defendants.
_____

MOTOROLA MOBILITY, INC., et al.,

                              Plaintiffs,

        vs.

MICROSOFT CORPORATION,

                              Defendants.

Case No. C10-1823-JLR

MICROSOFT CORPORATION'S
NOTICE OF SUPPLEMENTAL
AUTHORITY RE MICROSOFT'S
MOTIONS FOR PARTIAL SUMMARY
JUDGMENT (ECF NO. 77 AND 141)

        Microsoft hereby provides notice of the following supplemental authority that bears

directly on issues addressed by the parties in connection with Microsoft's pending Motions for

Partial Summary Judgment (ECF Nos. 77 and 141):

        1.      Memorandum Opinion on HTC's Motion for Judgment on the
                Pleadings as to IPCom's Counterclaims for Declaratory Judgment

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    Regarding FRAND Rights, *HTC Corp. v. IPCom GmbH & Co.*, No.
08-1897 (RMC) (D.D.C. Dec. 19, 2011) (ECF No. 312-2).

2         A copy of this memorandum opinion has been attached hereto for the Court's

3    convenience.

4         DATED this 17ᵗʰ day of February, 2012.

5                        DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

6                        By __/s/ Arthur W. Harrigan, Jr._____ _____

7                             Arthur W. Harrigan, Jr., WSBA #1751
                             Christopher Wion, WSBA #33207

8                             Shane P. Cramer, WSBA #35099

9                        By ___/s/ T. Andrew Culbert_____

10                            T. Andrew Culbert, WSBA #35925
                             David E. Killough, WSBA #40185

11                            MICROSOFT CORPORATION
                             1 Microsoft Way

12                            Redmond, WA  98052
                             Phone:  425-882-8080

13                            Fax:  425-869-1327

14                            David T. Pritikin, *Pro Hac Vice*
                             Richard A. Cederoth, *Pro Hac Vice*

15                            Douglas I. Lewis, *Pro Hac Vice*
                             John W. McBride, *Pro Hac Vice*

16                            SIDLEY AUSTIN LLP
                             One South Dearborn

17                            Chicago, IL  60603
                             Phone:  312-853-7000

18                            Fax:  312-853-7036

19
                             Brian R. Nester, *Pro Hac Vice*

20                            SIDLEY AUSTIN LLP
                             1501 K Street NW

21                            Washington, DC  20005
                             Telephone:  202-736-8000

22                            Fax:  202-736-8711

23                            Counsel for Microsoft Corporation

24

25

MICROSOFT CORPORATION'S NOTICE OF
SUPPLEMENTAL AUTHORITY RE
MICROSOFT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (ECF NOS. 77 AND
141) - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on February 17, 2012, I electronically filed the foregoing document

3   with the Clerk of the Court using the CM/ECF system, which will send notification of such

4   filing to the following:

5          **Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and
           General Instrument Corporation**

6

7          Philip S. McCune
           Lynn M. Engle
8          Summit Law Group

9          Steven Pepe
           Jesse J. Jenner
10         Norman Beamer
           Paul M. Schoenhard
11         Ropes & Gray

12                                          _____/s/ Linda Bledsoe_____
                                            LINDA BLEDSOE
13

14

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT CORPORATION'S NOTICE OF
SUPPLEMENTAL AUTHORITY RE
MICROSOFT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (ECF NOS. 77 AND
141) - 3

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HTC CORPORATION and HTC AMERICA, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-1897 (RMC) |
| IPCOM GMBH & CO., KG, | ) ) ) | ~~UNDER SEAL~~ PUBLIC VERSION |
| Defendant. | ) ) | |

MEMORANDUM OPINION ON HTC'S MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO IPCOM'S COUNTERCLAIMS FOR DECLARATORY
JUDGMENT REGARDING FRAND RIGHTS

HTC Corporation of Taiwan and HTC America, Inc. (collectively "HTC") initiated

this patent litigation seeking a declaratory judgment that their mobile phone products do not infringe

U.S. Patent No. 5,390,216 (" '216 Patent") owned by IPCom GmbH & Co., KG. IPCom

counterclaimed, asserting that HTC products infringe not only the '216 Patent but also U.S. Patent

Nos. 7,043,751 (" '751 Patent").[1] IPCom also filed an Amended Counterclaim seeking declaratory

judgment that (1) HTC has repudiated, waived, and/or rejected its right to license the Patents on fair,

reasonable and non-discriminatory ("FRAND") terms thereby releasing IPCom from its obligation

to license on FRAND terms and (2) HTC has failed to pay license fees at FRAND rates, HTC is

liable to compensate IPCom for past infringement at FRAND rates, and HTC should be enjoined

---

[1] The '216 Patent and the '751 Patents are referred to collectively as the "Patents" or the "Patents in Suit."

from making or selling products embodying the Patents until it pays FRAND rates. HTC now moves for judgment on the pleadings with regard to IPCom's counterclaims for declaratory judgment relating to FRAND rights. As explained below, the motion will be granted in part and denied in part; Count III of the Amended Counterclaim will be dismissed.

## I. FACTS

Robert Bosch GmbH ("Bosch") patented a synchronization method as revealed in the '216 Patent and a method of allowing access rights for cell phones to a cell tower as revealed in the '751 Patent. In 2007, IPCom purchased from Bosch certain rights to these Patents as part of a large portfolio of patents related to mobile phones. According to IPCom, these Patents are essential to either or both (1) the Global System for Mobile Communications ("GSM") Standard[2] developed by the European Telecommunications Standards Institute ("ETSI") and (2) the Universal Mobile Telecommunications System ("UMTS") Standard developed by the 3rd Generation Partnership Project ("3GPP").[3] Am. Countercl. [Dkt. # 237] ¶ 33.[4]

In return for ETSI's adoption of its patented technology as part of the GSM standards, Bosch committed to license its GSM-standards patents on FRAND terms and conditions. While ETSI has never defined what constitutes FRAND rates in any particular licensing negotiation, *see* IPCom Opp. [Dkt. # 270] at 4, such rates are undoubtedly less than the market would bear in an unconstrained but lawful monopoly. Subsequently, when Bosch sold its patent portfolio to IPCom

---

[2] The GSM was originally an acronym for Groupe Special Mobile.

[3] ETSI is an organizational partner in 3GPP.

[4] IPCom asserts that HTC disputes the essentiality of the Patents in Suit. Am. Countercl. ¶ 33. ███████████████████████████████████████████████████████

pursuant to a Patent Purchase Agreement ("PPA"),[5] Bosch and IPCom recognized this pre-existing

limitation on Bosch's patents. Later, in 2009, IPCom made a public declaration to the European

Commission that IPCom was prepared to grant licenses for standards-essential patents on FRAND

terms and conditions. Am. Countercl. ¶ 38; Am. Countercl, Ex. C.

Previously in this litigation, HTC asserted antitrust, breach of contract, and

promissory estoppel in a counterclaim against IPCom. *See* HTC Countercl. [Dkt. # 60]. IPCom

moved to dismiss the counterclaim, and the Court granted the motion on November 5, 2010. The

breach of contract and promissory estoppel claims were based on the theory that HTC was a third

party beneficiary of the PPA between Bosch and IPCom. The Court dismissed those claims because

German law applies to the PPA and German law only recognizes a third party beneficiary if the

parties to the contract expressly indicate their intent to benefit a third party. Mem. Op. [Dkt. # 220]

at 9-10. Since the PPA did not expressly indicate that the contract would benefit a third party, HTC

could not assert breach of contract or promissory estoppel claims. *Id*. at 12.

In the same Opinion, the Court also held that "U.S. law applies to the rights to the

Patents that were transferred by the PPA." *Id*. at 13. The Court reasoned that because IPCom

obtained the rights to the Patents in Suit subject to an encumbrance (the requirement that it license

standards-essential patents on FRAND terms) and because IPCom expressly assumed that

commitment, IPCom is obligated to license U.S. standards-essential patents (including the '216

Patent) on FRAND terms and conditions. *Id*. at 3-6, 12-17. More particularly, the Court held:

> Bosch obligated itself to license on FRAND terms, and in exchange
> ETSI accepted certain patents held by Bosch as "essential standards"
> for mobile phones in GSM systems. This obligation constituted an

---

█

encumbrance on the U.S. patent rights, and it limited what Bosch could sell and what a purchaser could purchase upon sale of those U.S. patent rights. Bosch could sell no more than what it owned, and IPCom could purchase no more than what Bosch could sell. Further, Bosch, as patentee, could bargain in any way regarding the transfer of U.S. patent rights. ████████████████████████████ ████████ IPCom assumed a price restriction on the licensing of the standards-essential patents. The transfer of the U.S. standards-essential patents was encumbered and limited by the obligation to license on FRAND terms and conditions.

Mem. Op. at 14 (citations omitted).

After the Court's November 5, 2010 decision, IPCom filed an Amended Counterclaim alleging two counts relating to FRAND rates:[6]

> Count III — Seeking a declaratory judgment that HTC repudiated, waived, and/or rejected its right to license the Patents on fair, reasonable and non-discriminatory ("FRAND") terms thereby releasing IPCom from its obligation to license on FRAND terms; and

> Count IV — Seeking a declaratory judgment that HTC has failed to pay license fees at FRAND rates, HTC is liable to compensate IPCom for past infringement at FRAND rates, and HTC should be enjoined from importing, making, using, selling, or offering for sale products embodying the Patents until it pays FRAND rates.

Am. Countercl. ¶¶ 30-54. HTC moves for judgment on the pleadings as to Counts III and IV of the Amended Counterclaim, and IPCom opposes. The parties, however, only address Count III in their briefs. Because HTC fails to present argument regarding Count IV, its motion for judgment on the pleadings as to Count IV will be denied without prejudice.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to file a motion for judgment

---

[6] Counts I and II of the Amended Counterclaim allege infringement of the Patents in Suit and are not related to FRAND rates.

on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). The standard of review on a motion for judgment on the pleadings is virtually identical to the standard for a motion under Rule 12(b). *United Parcel Service, Inc. v. Internat'l Bhd. of Teamsters, AFL-CIO*, 859 F. Supp. 590, 592, n.1 (D.D.C. 1994). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). To survive a motion to dismiss or a motion for judgment on the pleadings, a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *See Twombly*, 550 U.S. at 570.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). "Because a Rule 12(c) motion would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, the Court must treat [such a] motion with the greatest of care and deny it if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Baumann v. Dist. of Columbia*, 744 F. Supp. 2d 216, 221 (D.D.C. 2010).

### III. ANALYSIS

Count III of IPCom's Amended Counterclaim alleges that IPCom offered FRAND terms to HTC, that HTC refused to accept such terms, and that HTC thereby "repudiated, waived and/or rejected its rights associated with IPCom's FRAND commitments" so that IPCom is no

Case 2:08-cv-00623-RJS Document 354-2 Filed 02/27/12 Page 8 of 29

longer required to limit its licensing demands to FRAND terms in its negotiations with HTC. *See* Am. Countercl. ¶ 47. HTC asserts that the Court should grant its motion for judgment on the pleadings and should dismiss Count III of the Amended Counterclaim because repudiation, waiver, and rejection as alleged in Count III can only apply to a right provided by contract and not to an encumbrance on intellectual property such as the FRAND obligation at issue here.

IPCom relies on both U.S. and German contract law to support its theory of repudiation/waiver/rejection. In essence, IPCom argues that the FRAND obligation was a right that HTC acquired by contract and, under contract law, can reject, waive, or repudiate. Contrary to IPCom's argument, the FRAND obligation is an encumbrance that was placed on the standards-essential patents that Bosch sold to IPCom; the encumbrance on the patents is governed by the law of intellectual property and not by the law of contracts. Mem. Op. at 14. Thus, both U.S. and German contract law are inapposite.

The patents came to IPCom with an encumbrance that IPCom cannot remove. IPCom does not own such patents free and clear to charge what it wants. The PPA is explicit about ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Thus, when licensing U.S. patents that are standards-essential, IPCom cannot ignore the licensing price limitation on what it bought. There is nothing ▇▇▇▇▇▇▇▇▇▇▇▇ that allows IPCom to act as if it acquired any bigger "bundle" of rights because Bosch had no more to sell. *See* Mem. Op. at 14.

IPCom also states that "[t]he Court has not addressed . . . whether German or U.S. law governs the *nature* of Bosch's FRAND commitment that ran with the transfer of the U.S. patents" and then argues that German law should apply. IPCom Opp. [Dkt. # 270] at 2 (emphasis added). IPCom suggests that German law would allow it to disavow any prior obligation to license

Case 2:08-cv-01823-RMC Document 341-2 Filed 12/19/11 Page 8 of 9

on FRAND terms because it "complied with its obligations to be prepared to grant licenses to HTC on FRAND terms and conditions . . . [and] made various offers to HTC for a license agreement under FRAND terms," but "HTC has refused to accept . . . a FRAND offer." IPCom Opp. at 9.[7] IPCom relies on a May 9, 2009 decision of the German Federal Supreme Court, commonly known as the *Orange Book* decision, in a case between Philips and SK Kassetten GmbH. *See* HTC Mot. Re FRAND Rights [Dkt. # 253], James Decl. [Dkt. # 253-1], Ex. J (uncertified translation of *Orange Book* decision by the German Federal Supreme Court on May 6, 2009). The *Orange Book* decision held that, under German law on unfair competition, a defendant (such as HTC) accused of infringing standards-essential patents may only avail itself of an unfair competition defense if it (1) made an irrevocable offer to license under FRAND terms and (2) paid the FRAND royalty to the patentee or deposited the royalty into an escrow account. *See* IPCom Opp. at 17.

IPCom reads this Court's prior decision regarding the application of U.S. law too narrowly. The Court already determined that "U.S. law applies to the rights to the U.S. Patents transferred by the [PPA]." Mem. Op. at 13. "Having come to the United States to patent its technology consistent with U.S. law, Bosch (and IPCom) must have expected that U.S. law would apply to any effort to enforce said patents. One who avails oneself of the benefits of U.S. law must also submit to its requirements." *Id.* at 16. The Court explained further:

---

[7] Because the Court is deciding a motion to dismiss, it assumes the truth of the facts alleged in the Amended Counterclaim "even if doubtful in fact." *Twombly*, 550 U.S. at 555. These asserted facts are highly questionable. Faced with antitrust actions in Europe, IPCom assured the European Commission that it was "reaffirming its policy of licensing its patents on FRAND terms." However, Bernhard Frohwitter, IPCom's principal, has explained that this assurance was "only a declaration that IPCom is ready to take over [the FRAND obligation], but it doesn't say hereby we are bound whatsoever," because IPCom does not "want to be bound to anything that Bosch may or may not have agreed to." *See* HTC Mot. Re FRAND Rights [Dkt. # 253], James Decl. [Dkt. # 253-1], Ex. H (Frohwitter Dep.) at 148.

> Indeed, *inasmuch as only U.S. patents are involved in this litigation and their enforceability is governed by U.S. law, the Court will apply U.S. law to find that rights under U.S. standards-essential patents transferred to IPCom pursuant to the Patent Purchase Agreement are encumbered by a commitment to license on FRAND terms and conditions.* Thus, IPCom cannot demand more than FRAND terms and conditions when licensing such U.S. standards-essential patents, including the '216 Patent.

*Id.* at 16-17 (emphasis added).

The *Orange Book* decision was issued by a German court, under German law, based on the facts of that case. While interesting in its differences to U.S. law, it is neither binding nor persuasive. This Court must determine and apply U.S. law under the facts that are relevant here, as expressly laid out by the PPA.



*See id.* at 2-6, 12-17. IPCom could only purchase the patents *as so encumbered,* ██████████████████████████████████ agreeing that it would license the standards-essential patents under FRAND terms.

That the PPA itself may be enforceable only as between Bosch and IPCom does not extinguish the fact that standards-essential patents that were transferred from Bosch to IPCom are encumbered by an obligation to license on FRAND terms. IPCom could only purchase what Bosch had to sell, which was carefully and explicitly limited by the commitment to ETSI. In other words, the FRAND encumbrance on the standards-essential patents is not a creature of the PPA but, rather, a pre-existing limitation that both Bosch and IPCom recognized at the time of sale and that IPCom accepted. The U.S. patents that Bosch sold to IPCom were encumbered with the FRAND obligation

██████████ *Id.* at 12-17.

Even if HTC rejected FRAND terms, as alleged in Count III of the Amended Counterclaim, IPCom is not free to ignore the encumbrance and demand higher payments. It can refuse to license on less than FRAND terms and then sue, as it has, to obtain a cease and desist order and payments. *See, e.g.,* Am. Countercl. ¶¶ 49-54 (Count IV). However, the encumbrance on the patents has a limiting effect on what IPCom actually purchased that cannot be removed by any actions of HTC.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part HTC's motion for judgment on the pleadings [Dkt. # 243, 253]. Judgment on the pleadings will be granted in favor of HTC with regard to Count III of the Amended Counterclaim and Count III will be dismissed. The motion for judgment on the pleadings will be denied without prejudice with regard to Count IV of the Amended Counterclaim. A memorializing Order accompanies this Memorandum Opinion. No later than December 19, 2011, the parties shall submit a proposed redacted version of this Memorandum Opinion for Court approval and subsequent filing on the public docket.

Date: December 5, 2011

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge