THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　　　Defendants.<br>_____<br>MOTOROLA MOBILITY, INC., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT CORPORATION'S RESPONSE TO MOTOROLA'S OPENING CLAIM CONSTRUCTION BRIEF<br><br>**Hearing Date: March, 9 2012** |

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF
Case No. C10-1823-JLRC10-1823-JLR

# TABLE OF CONTENTS

**Page**

I.    CLAIM CONSTRUCTION ................................................................................. 1

    (i)   "macroblock" ........................................................................................... 1

    (ii)  "decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode" ....................... 2

    (iii) "wherein at least one block within [said] at least one of said plurality of smaller portions [at a time] is encoded in inter coding mode" .................................................................... 4

    (iv) "using said plurality of decoded [smaller portions/ processing blocks] to construct a decoded picture" ................................ 5

    (v)  "wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions" .............................................................. 6

    (vi) "means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode" .......................................................... 7

    (vii) "means for using said plurality of decoded smaller portions to construct a decoded picture" ............................................... 9

    (viii)  "means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode" ........................... 10

    (ix) "means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - i
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode" ................... 11

(x) "means for using said plurality of decoded processing blocks to construct a decoded picture" ............................................... 12

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - ii
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*HTC Corp. v. IPCom GmbH & Co.*,
   No. 2011-1004, slip. op. (Fed. Cir. Jan. 30, 2012) ..............................................................8, 10

*Intel Corp. v. Altima Comm. Inc.*,
   275 F. Supp 2d 1236 (E.D. Cal. 2003) ......................................................................................1

*Thorner v. Sony Computer Entertainment Am. LLC*,
   No. 2011-1114, __ F. 3d __, 2012 WL 280657 (Fed. Cir. 2012)..............................................1

**OTHER AUTHORITIES**

Robert C. Faber, *Faber on Mechanics of Patent Claim Drafting* 4-4 (Practicing Law
   Institute 6th ed. 2011 (2008)) ...................................................................................................4

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - iii
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Microsoft respectfully submits this brief in response to Motorola Mobility, Inc.'s ("MMI") Opening Claim Construction Brief (Dkt. 174) ("MMI Op. Br.").

## CLAIM CONSTRUCTION

**(i)   "macroblock"**

Apparently concerned that any plain reading will lead to the invalidity of its asserted patents, MMI insists that the generic term "macroblock" must be construed as a block that is exactly 16x16 pixels in size.  MMI relies first on the "macroblock" description in the H.264 Draft incorporated into the specification (Ex. N to the Joint Claim Chart) (the "H.264 Draft"). But the asserted patents expressly declare that the disclosed invention is not limited to that standard[1] ('374 Patent, at 4:48-51).  Second, MMI contends that "macroblock" had a recognized, ordinary meaning in the art of 16x16 pixels. (MMI Op. Br. at 3-5.)  But, again, the record shows otherwise. (Microsoft Op. Br. at 6-7.)  Indeed, the evidence unequivocally shows that the patentees did not intend to limit "macroblock" as MMI seeks, as the patent declares that 16x16 pixels is a "*preferable*" macroblock size ('374 Patent, at 5:57-58) and further shows macroblocks in Figures 5 and 8 as having variable sizes of "M" x "N".  *See Thorner v. Sony Computer Entertainment Am. LLC*, No. 2011-1114, __ F. 3d __, 2012 WL 280657 at *4 (Fed. Cir. 2012).

MMI also contends that adopting the patents' definition that "[a] macroblock **(201)** is a rectangular group of pixels" ('374 Patent, at 5:56-57) would do nothing "to identify the essential qualities of a macroblock, or mark its limits" and would "render meaningless" the patents' distinction between a single versus a pair of macroblocks.  (MMI Op. Br. at 6-7.)  To

---

[1] Although cited by MMI, *Intel Corp. v. Altima Comm. Inc.*, 275 F. Supp 2d 1236 (E.D. Cal. 2003) is inapposite because the patent at issue in *Intel* lacked any statement that it was not limited to the cited standard.  *See* U.S. Patent No. 5,742,603, at 1:45-48.

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 1
Case No. C10-1823-JLRC10-1823-JLR

the contrary, however, the patents plainly contemplate that any rectangular group of pixels can be processed as a macroblock. The patent explains that "macroblocks can be further divided into smaller blocks." ('374 Patent, at 2:57-58.) Similarly, the patent describes processing two or more macroblocks, sometimes called "smaller portions" or "processing blocks." None of this processing <u>requires</u> a 16x16 size. At most, MMI's argument establishes that in any given implementation, the macroblock may have an identified size – but that is irrelevant to whether that size <u>must</u> be 16x16.

**(ii)   "decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode"**

The prosecution history and the amendment that added "at a time" to this term (and every other asserted claim) require processing at the level of multiple macroblocks, not at the block level. (Microsoft Op. Br. at 9-11.) MMI's brief focuses on another issue, *i.e.*, whether this step requires completely decoding "an encoded picture" (MMI) or just undoing the encoding mode ("frame coding mode" and "field coding mode") referenced in the claim element (Microsoft).

Decoding any advanced video content involves many steps. *See, e.g.*, H.264 Draft at xiii, § 0.4. This claim element, however, refers to just a single step in the decoding process, *i.e.*, undoing the "adaptive frame/field (AFF) coding of digital video content," which the claim refers to as "frame coding" and "field coding." (*See* '374 Patent, at 4:17-21.) Other steps, such as undoing the frequency domain transform (H.264 Draft, § 0.4.4), quantization (H.264 Draft, § 0.4.4), and scanning and entropy coding ('374 Patent, at 17:29-44), occur before the frame/field decoding. *See also* H.264 Draft, § 8.1. And the fact that this step refers to a "decoding" operation does not mean it refers to the entire decoding process. Indeed, the H.264

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 2
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

the contrary, however, the patents plainly contemplate that any rectangular group of pixels can be processed as a macroblock. The patent explains that "macroblocks can be further divided into smaller blocks." ('374 Patent, at 2:57-58.) Similarly, the patent describes processing two or more macroblocks, sometimes called "smaller portions" or "processing blocks." None of this processing <u>requires</u> a 16x16 size. At most, MMI's argument establishes that in any given implementation, the macroblock may have an identified size – but that is irrelevant to whether that size <u>must</u> be 16x16.

**(ii)   "decoding at least one of said plurality of smaller portions at a time in frame coding mode and at least one of said plurality of smaller portions at a time in field coding mode"**

The prosecution history and the amendment that added "at a time" to this term (and every other asserted claim) require processing at the level of multiple macroblocks, not at the block level. (Microsoft Op. Br. at 9-11.) MMI's brief focuses on another issue, *i.e.*, whether this step requires completely decoding "an encoded picture" (MMI) or just undoing the encoding mode ("frame coding mode" and "field coding mode") referenced in the claim element (Microsoft).

Decoding any advanced video content involves many steps. *See, e.g.*, H.264 Draft at xiii, § 0.4. This claim element, however, refers to just a single step in the decoding process, *i.e.*, undoing the "adaptive frame/field (AFF) coding of digital video content," which the claim refers to as "frame coding" and "field coding." (*See* '374 Patent, at 4:17-21.) Other steps, such as undoing the frequency domain transform (H.264 Draft, § 0.4.4), quantization (H.264 Draft, § 0.4.4), and scanning and entropy coding ('374 Patent, at 17:29-44), occur before the frame/field decoding. *See also* H.264 Draft, § 8.1. And the fact that this step refers to a "decoding" operation does not mean it refers to the entire decoding process. Indeed, the H.264

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 2
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Draft repeatedly uses "decoding" to refer to the operations performed in individual steps in the overall process.  *See e.g.*, H.264 Draft § 8.3 ("Slice decoding"), § 8.6 ("transform coefficient decoding."), § 9.1.6 ("CA VLC (Context-based Adaptive VLC) is the method used for decoding of transform coefficients."), §§ 9.2 & 9.2.1 ("Context-based adaptive binary arithmetic coding (CABAC)" and "Decoding flow and binarization"), § 10 ("Decoding process for B slices"), § 10.2 ("Decoding process for macroblock types and sub macroblock types"), § 10.3 ("Decoding process for motion vectors"), § 11 ("Decoding process for SP and SI slices"), and § 12.4 ("ABT decoding process").

In its argument, MMI distorts Microsoft's construction with "[a]" to argue that "[d]ecoding is not 'removing [a] mode.'"  (MMI Op. Br. at 7-8.)  But Microsoft's construction requires removing the "frame coding" and the "field coding," as the claim uses those terms and in which the word "mode" does not change.  Further, the specification uses "mode" as Microsoft does.  ('374 Patent, at 6:60-62 ("[e]ach macroblock, pair of macroblocks, or group of macroblocks or slice is encoded in frame mode or in field mode"; *id.* at 16:12-13 ("If the above macroblock pair ( 170 ) is decoded in field mode, …") (emphasis added).)  Similarly, the H.264 Draft incorporated into the specification explains that decoding "frame" and "field decoding mode" means removing that coding: "[a] macroblock pair can be decoded in either frame or field decoding mode.  For frame decoding mode, a macroblock pair is decoded as two frame macroblocks, … For field coding mode, a macroblock pair is first split into one top-field macroblock and one bottom-field macroblock."  H.264 Draft, §8.3.6.9, at 67.

Finally, MMI argues that "removing" in Microsoft's construction relates to encoding, not decoding, because encoding removes information, asserting that "[d]uring a decoding process, data is 'replaced,' not 'removed.'"  (MMI Op. Br. at 8.)  "Remove" in Microsoft's

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 3
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

construction describes removing certain encoding, not removing data, which is clear from the context, although "undoing" that encoding would be just as accurate.

### (iii) "wherein at least one block within [said] at least one of said plurality of smaller portions [at a time] is encoded in inter coding mode"

Microsoft's Opening Brief fully rebutted MMI's grammatical and contextual arguments in showing that "is encoded" means the act of encoding. (*See* Microsoft Op. Br. at 21-22.) MMI now argues that Microsoft's proposed construction "defies logic" because it includes an encoding step in a claim "that is explicitly directed to 'decoding.'" (MMI Op. Br. at 9.) This abstract assertion about decoding and encoding is not helpful to understanding the language here, and indeed, the very H.264 Draft incorporated into the specification ('374 Patent, at 4:37-42) demonstrates that decoding processes may include encoding steps.[2]

MMI also suggests that Microsoft's proposed construction is contrary to patent drafting practice because a particular voice and verb form (gerund) are used in drafting method claims. (MMI Op. Br. at 9-10.) But, one of the treatise pages that MMI cites explains that "the verbs in a method claim need not be phrased in any particular voice or tense …." Robert C. Faber, *Faber on Mechanics of Patent Claim Drafting* 4-4 (Practicing Law Institute 6th ed. 2011 (2008)). Indeed, MMI's argument would make many of its dependent method claims superfluous because they only contain limitations in non-"gerund" form. (*See, e.g.*, '374 Patent, claims 9-13;'375 Patent, claims 7-12; '376 Patent, claims 16-19.) MMI has also used non-gerund forms in other of its patents. (*See, e.g.,* U.S. Patent 7,162,094, claim 5 ("scanning the one dimensional array of frequency coefficients in a scanning order p starting at 0 and

---

[2] H.264 Draft at 135, Fig. 11-2 shows that a portion of the generic decoding process that uses the expected "inverse quantisation" and "inverse transform" decoding steps also includes a feedback loop in which "P(x,y)" is partially re-encoded using the "transform" and "quantisation" processes. (*Id.*; *see also* 60/333,921 Provisional Application (Ex. K to the Joint Claim Chart) at ¶ 0036).

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 4
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

ending at 15, consecutively, <u>to produce</u> a representation of the digital video content…").) And MMI ignores that some dependent claims use the same non-gerund form at issue in this term ("is decoded") to refer back to processing described in their parent claims using the gerund form, making MMI's distinction one without a difference. *See e.g.*, '376 Patent, claims 17-19.

In the end, had the inventors intended simply to refer to the state of a particular block, rather than an action that is performed on that block, they could have used language that unambiguously said that. But they did not; and Microsoft and other H.264 standards implementers should not bear the consequences of their decision to be unclear.

**(iv) "using said plurality of decoded [smaller portions/processing blocks] to construct a decoded picture"**

The parties at least partially agree on the meaning of the disputed "using" term. MMI agrees that the "process of constructing a decoded picture (also called a 'reconstruction') involves the use of decoded smaller portions (in the case of the '374 and '375 patents) or decoded processing blocks (in the case of the '376 patent)." (MMI Op. Br. at 10.)

The parties disagree, however, on MMI's contention that "additional processes . . . will result in the generation of a decoded picture." (MMI Op. Br. at 11.) This contention is inconsistent with the claim, in which the "using" step utilizes the output of the "decoding" step. Specifically, the "using" steps requires "using <u>said plurality of decoded smaller portions</u> to construct a decoded picture" with "<u>said plurality of decoded smaller portions</u>" expressly referring to the result of the immediately prior "decoding at least one of said plurality of smaller portions…" step. (Microsoft Op. Br. at 18.) Furthermore, use of the term "comprising" does not permit the "additional processing" proposed by MMI because that would contradict the express claim language. (Microsoft Op. Br. at 18 n.10 (citing *Spectrum Int'l, Inc. v. Sterilite Corp.*, 164 F.3d 1372, 1380 (Fed. Cir. 1998)).)

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 5
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Microsoft's proposal for the "using" function tracks the plain and ordinary meaning of this term. (*See* Microsoft Op. Br. at 18.) Although MMI asserts, without explanation, that the "assembling" language in Microsoft's proposal imports a functional limitation (MMI Op. Br. at 15), the claim language says that decoded smaller portions (or processing blocks) are used to "***construct*** a decoded picture." Here, "construct" is used in the same sense as "assemble," as evidenced by Figure 7 of the '374 Patent, which shows that the decoded smaller portions or processing blocks, labeled 700, are constructed or assembled like bricks stacked together to form a wall:



**(v)  "wherein at least one motion vector is received for said at least one block within at least one of said plurality of smaller portions"**

MMI wrongly asserts that this wherein clause is not "a step of 'receiving'" because of the verb form used (MMI Op. Br. at 11) and instead asserts that "wherein at least one motion vector is received …" is merely "descriptive of the status" of the motion vector (*see id.* at 9). First, the English meaning of this claim term does not describe a status, but instead describes an action—that the motion vector "is received." *See* Section I.(iii), *supra*. Second, although the passive voice ("is received") which, while not identifying what performs the receiving, indicates that the action of receiving is occurring.

The claim also identifies expressly what must be received – "at least one motion

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 6
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

vector," but MMI argues that other data can be received instead.  Despite the claim language, MMI argues that the specification precludes the encoder from transmitting actual motion vectors "as a discrete value[s]" because (1) the specification provides an example that transmits the algebraic difference between the motion vectors and predicted motion vectors instead and (2) these motion-vector differences also represent temporal motion.  (MMI Op. Br. at 11.)  The specification expressly contradicts MMI's first point in its statement that "[t]he exact method of encoding using the motion vectors can vary as best serves a particular application."  (*See* '374 Patent, at 6:35-38.)  Indeed, the specification excerpt that MMI cites explicitly states that its description is only an embodiment (*see* '374 Patent, at 9:38-45).  And it is an embodiment that is different from that of claim 9 whose plain language requires that "motion vectors" be received.  Regarding the second point, the specification excerpt that MMI cites clearly differentiates between motion vectors and motion-vectors differences.  (Microsoft Op. Br. at 22-23.).  MMI's selected citations from the specification cannot overrule the claim language.  Indeed, Microsoft's proposed construction, "… the amount of temporal motion required for the image to move to a new temporal position in the picture …," closely tracks the claim language and the language that the specification uses to define motion vectors (*see* '374 Patent, at 6:18-24).

**(vi) "means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode"**

The parties agree that the "means for decoding" function is recited in the claim language directly after the word "means."  (MMI Op. Br. at 13; Microsoft Op. Br. at 15.)  But the parties do not agree on the meaning of the claimed "decoding" function.  (*See* Section I.(ii), *supra*.)  Although it asks the Court not to construe this function, MMI nonetheless asks the

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 7
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Court to construe the same language when it appears in the method claims.  (*See* Section I.(ii), *supra*.)  Surprisingly, MMI also incorrectly argues that Microsoft ignores the claim language reciting "the encoded picture that is encoded in frame coding mode" and "the encoded picture in field coding mode."  (MMI Op. Br. at 14.)  Microsoft's construction includes both "frame coding mode" and "field coding mode" and recognizes that the claimed decoding function operates by removing the frame coding mode or field coding mode.

The parties also disagree on the structure that performs this means element's function.  MMI suggests that the corresponding structure can include *anything* that decodes, even arguing that the hardware listed in the patent does not limit the claim.  (MMI Op. Br. at 14.)  And MMI contends that limiting the structure to the disclosed algorithm is "improper" (MMI Op. Br. at 15), ignoring controlling Federal Circuit precedent that a general purpose computer, microprocessor, processor, transceiver, and the like must be limited to the algorithm executed by the processor.  For example, the Federal Circuit recently explained:

> We have 'consistently required that the structure disclosed in the specification be more than simply a general purpose computer or microprocessor.'  General-purpose 'computers' or 'processors' can be 'programmed to perform very different tasks in very different ways.'  Accordingly, 'simply disclosing a computer as the structure designated to perform a particular function does not limit the scope of the claim to 'the corresponding structure, material, or acts' that perform the function, as required by section 112 paragraph 6.'

*HTC Corp. v. IPCom GmbH & Co.*, No. 2011-1004, slip. op. at 17-18 (Fed. Cir. Jan. 30, 2012) (internal citations omitted).  The law does not allow this term to cover <u>any</u> structure that decodes, and MMI's argument that "[d]ecoders are well known structures in the field of processing digital video content, and are implemented in hardware and software" is belied by its failure to identify even one such structure and by the references in this statement to both

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 8
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

"hardware and software."

MMI also criticizes the algorithm identified by Microsoft insofar as it requires macroblocks to be processed "in memory" (MMI Op. Br. at 14-15), although the intrinsic record supports Microsoft's proposal. The specification describes creating macroblocks in their entirety in memory. Figure 8 in the '374 Patent, for example, shows macroblocks as integral wholes:



('374 Patent, at Fig. 8.) Figure 8 shows two macroblocks (labeled in the claims as "processing blocks" or "smaller portions") as a whole, not processed and stored in pieces. (*See* '374 patent, col. 8, lines 55-60.) And although MMI asserts that Microsoft describes "encoding," not decoding (MMI Op. Br. at 15), Microsoft's construction reflects decoding, as adapted from the specification's disclosure of encoding (the specification fails to describe the decoding process in detail). The patents' lack of detailed disclosure about decoding does not give MMI broader means claim elements (and Microsoft has an invalidity defense based on MMI's lack of disclosure).

**(vii) "means for using said plurality of decoded smaller portions to construct a decoded picture"**

The parties agree that the "means for using" function is the language directly following "means"—*i.e.*, "using said plurality of decoded smaller portions to construct a decoded

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 9
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

picture." (MMI Op. Br. at 15; Microsoft Op. Br. at 19.)  The parties disagree, however, about the meaning of this function.  (*See* Section I.(iv), *supra*.)  Microsoft proposes the same construction for this function as the same language that appears in the corresponding method steps, and MMI similarly refers back to its "using" step arguments in the method claims for clarification of the "means for using" function.  (*See* MMI Op. Br. at 16; Microsoft Op. Br. at 19.)

The parties also disagree about the proper structure for this element.  MMI asserts that Microsoft improperly "add[s] that the structure performs 'the algorithm of assembling a decoded picture using the decoded smaller portions like bricks in a wall.'"  (MMI Op. Br. at 16.)  The Federal Circuit repeatedly has emphasized that construing a means element requires the Court to "identify an algorithm that the processor . . . execute[s]" and "describe a means for achieving a particular outcome, not merely the outcome itself."  *See HTC Corp.*, No. 2011-1004, slip op. at 17.  (*See also* Microsoft Op. Br. at 12-14.)  Ignoring this, MMI identifies "a decoder, and equivalents thereof" but no algorithm.  Indeed, MMI identifies no structure, citing only circular language from the specification showing the functional outcome—"the decoder decodes the pictures."  (MMI Op. Br. at 16.)  MMI argues that this means element includes *anything* that decodes, not just the structure and algorithm disclosed in the specification.  MMI's proposed structure amounts to pure functional claiming and, as such, should be rejected.

**(viii) "means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode"**

MMI agrees that the disputes concerning the structure for this term and the meaning of "decoding" are substantially the same as in Sections I.(vi) and I.(ii), *supra*, and Microsoft

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 10
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  incorporates its arguments from those Sections here.  MMI also disagrees with Microsoft's

2  proposed construction of "selectively" in "selectively decoding" to require a choice.  But MMI

3  provides no alternative construction and, ignoring its presence in the claim, argues that

4  "selectively" should not be used "to limit the claimed function." (MMI Op. Br. at 18.)

5  Construing "selectively" to involve a choice, in accordance with its ordinary meaning, gives

6  "selectively" meaning in the context of the claim. (Microsoft Op. Br. at 16-17.)

**(ix) "means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode"**

10  The parties agree that the "means for decoding" function is recited in the claim

11  language directly after the words "means for." (MMI Op. Br. at 19-20; Microsoft Op. Br. at

12  12.)  But the parties do not agree on the meaning of the claimed "decoding" function, and MMI

13  does not offer an interpretation for the function, even though the parties dispute the meaning of

14  the same "decoding" function in the method steps. (*See* Section I.(ii), *supra*.)  The dispute here

15  is the same, so Microsoft incorporates its argument here.  Also, MMI incorporates its

16  arguments for Section I.(vi), so Microsoft does as well.  In addition to that, MMI repeats its

17  assertion that Microsoft ignores the encoding "in frame coding mode" and "field coding mode"

18  claim language (MMI Op. Br. at 20), to which Microsoft responded in Section I.(vi).

19

20  MMI also criticizes Microsoft for using the proposed "more than one macroblock"

21  language for both claim terms that process "smaller portions" and "processing blocks" but

22  provides no reason to treat such terms differently. (MMI Op. Br. at 20.)  MMI correctly

23  observes that the claims define these terms "in a self-defining manner" but ignores that the

24  definition of both is the same, albeit worded differently.  As discussed in Microsoft's Opening

25

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 11
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Brief, "smaller portions"—which the claims define as "hav[ing] a size that is larger than one macroblock"— and "processing blocks"—which the claims define as "containing a pair of macroblocks or a group of macroblocks"—have the same meaning. (Microsoft Op. Br. at 12.) "Larger than one macroblock"—or "more than one macroblock," as Microsoft proposes—means at least two (a pair) or more (a group). (*Id.*)

**(x)   "means for using said plurality of decoded processing blocks to construct a decoded picture"**

MMI agrees that the parties' disputes regarding the proper function and structure for this "means for using" term parallel the discussion in Section I.(vii), *supra*. Microsoft therefore asks the Court to adopt Microsoft's identification of function and structure for this term for the same reasons discussed in Section I.(vii), *supra*.

DATED this 17th day of February, 2012.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By   /s/ Arthur W. Harrigan, Jr.
Arthur W. Harrigan, Jr., WSBA #1751
Christopher Wion, WSBA #33207
Shane P. Cramer, WSBA #35099

By   /s/ T. Andrew Culbert
T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #40185
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

David T. Pritikin, *Pro Hac Vice*
Richard A. Cederoth, *Pro Hac Vice*
Douglas I. Lewis, *Pro Hac Vice*
John W. McBride, *Pro Hac Vice*
SIDLEY AUSTIN LLP

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 12
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Brian R. Nester, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corporation

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 13
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

      /s/ Linda Bledsoe
LINDA BLEDSOE

---

MICROSOFT CORPORATION'S RESPONSE TO
MOTOROLA'S OPENING CLAIM
CONSTRUCTION BRIEF - 14
Case No. C10-1823-JLRC10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717