UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC, et al.,<br><br>Defendants. | CASE NO. C10-1823JLR<br><br>ORDER GRANTING UNOPPOSED MOTIONS TO SEAL |

This matter comes before the court on Defendants Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation's (collectively, "Motorola") response ("Motorola's Response") to the court's February 10, 2012 order to show cause (Order (Dkt. # 177)) as to why certain documents should remain under seal. (Motorola Resp. (Dkt. # 180).) Motorola's Response provides Motorola's rationale to seal five documents that Motorola has moved to file under seal: (1) Exhibit B to the November 28, 2011 Declaration of Christopher Wion (Dkt. # 120-2); (2) limited portions of Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Claim for Injunctive

ORDER- 1

Relief (Dkt. # 139); (3) limited portions of the Declaration of Christopher Wion in Support of Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Claim for Injunctive Relief (Dkt. # 140); and (4, 5) Exhibits 5 and 6 to the December 14, 2011 Declaration of Christopher Wion (Dkt. ## 140-5 and 140-6). (*See generally* Motorola Resp.; Dkt. ## 117, 138 (Motorola's motions to seal).) Also before the court is Motorola's Motion for Leave to File Under Seal ("Motorola's Motion") a December 1, 2011 patent license agreement (the "VTech Agreement") between Motorola and VTech Communications, Inc. and VTech Telecommunications, Ltd. (collectively, "VTech"). (Motorola Mot. (Dkt. # 181).) With respect to both Motorola's Response and Motorola's Motion, the nonmoving party has not filed opposition papers. (*See generally* Dkt.) The court has reviewed Motorola's Response, as well as Motorola's relevant initial motions to seal (Dkt. ## 117, 138), Motorola's Motion, and the relevant law. For the reasons set forth below, the court GRANTS the motions (Dkt. ## 117, 138, 181).

Pursuant to Western District of Washington Local Rule CR 5(g)(2), the court may, for "good cause under [Federal] Rule [of Civil Procedure] 26(c)," seal a document attached to a nondispostive motion, or seal a document attached to a dispositive motion upon a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." Local Rules W.D. Wash. CR 5(g)(2). Similarly, the Ninth Circuit has held that "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Kakakama v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

First, Exhibit B to the November 28, 2011 Declaration of Christopher Wion (Dkt. # 120-2) is a copy of Motorola's March 30, 2011 responses to Microsoft's first set of interrogatories in Case No. C11-0343JLR (which has been consolidated into the above-captioned case). This document was filed in support of Microsoft's opposition to Motorola's Motion for Leave to Amend its Invalidity Contentions (Dkt. # 188), a nondispositive motion. Thus, Motorola must show "good cause" for sealing the documents. Exhibit B contains confidential business information regarding Motorola's research and development activities, as well as information about Motorola's current product line. The court agrees that the information contained in Exhibit B is confidential in nature such that Motorola has shown good cause to seal the documents. Accordingly, the court DIRECTS the clerk to maintain the seal on Docket Number Dkt. # 120-2.

Second, Motorola seeks to seal limited portions of Microsoft's December 15, 2011 Motion for Partial Summary Judgment, limited portions of the supporting declaration of Christopher Wion, and Exhibits 5 and 6 of Mr. Wion's supporting declaration. These four documents all relate to Microsoft's December 14, 2011 Motion for Partial Summary Judgment (Dkt. # 139), a dispositive motion; and therefore, Motorola must show a "compelling reason" to seal these documents. (Motorola Resp. at 4-5.) Exhibit 5 to Mr. Wion's declaration is a copy of a license agreement between Motorola and Nokia Corporation ("Nokia"), a non-party to this litigation. (*Id.* at 4.) The agreement contains confidential licensing terms between the parties. (*Id.*) Similarly, Exhibit 6 to Mr. Wion is a licensing agreement between Motorola and Research In Motion Limited ("RIM"), also a non-party to this litigation. (*Id.*) This agreement also contains confidential

1 licensing terms between the parties. (*Id.*) Microsoft's Motion for Partial Summary
2 Judgment and Mr. Wion's declaration in support both refer to the confidential terms of
3 the agreements between Motorola and Nokia and Motorola and RIM. (*Id.* at 5.) The
4 court finds the information contained in Exhibits 5 and 6, which is referenced by
5 Microsoft's Motion for Partial Summary Judgment and Mr. Wion's declaration,
6 sufficiently confidential to meet the "compelling reasons" standard. Accordingly, the
7 court DIRECTS the clerk to maintain the seal on Docket Numbers 139, 140, 140-5, and
8 140-6.

9      Third, Motorola's Motion seeks to seal the VTech Agreement relating to
10 Microsoft's August 18, 2011 Motion for Summary Partial Summary Judgment (Dkt. #
11 77). Because Motorola's Motion relates to a dispositive motion, Motorola must show a
12 "compelling reason" to seal the VTech Agreement. The VTech Agreement is a licensing
13 agreement between Motorola and VTech, a non-party to this litigation, containing
14 confidential licensing terms between the parties. (Motorola Mot. at 4-5.) The court finds
15 that the terms contained in the VTech Agreement sufficiently confidential in nature that
16 Motorola has shown a compelling reason to seal the document. Accordingly, the court
17 DIRECTS the clerk to maintain the seal on Docket Number 183.

18
19
20
21
22

1  For the foregoing reasons, the court GRANTS Motorola's motions (Dkt. ## 117, 138, 181) to seal the documents at issue in this Order. Further, the court DIRECTS the clerk to maintain the seal on Docket Numbers 120-2, 139, 140, 140-5, 140-6, and 183.

Dated this 24th day of February, 2012.

*[signature]*

The Honorable James L. Robart
U.S. District Court Judge

ORDER- 5