HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>          Plaintiff,<br>     v.<br><br>MOTOROLA, INC., et al.,<br><br>          Defendants. | No. C10-1823-JLR<br><br>MICROSOFT'S 3/22/12<br>MOTION TO SEAL<br><br>**NOTED FOR:**<br>**Friday, March 30, 2012** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>          Plaintiffs,<br>     v.<br><br>MICROSOFT CORPORATION,<br><br>          Defendant. | |

## I. RELIEF REQUESTED

Microsoft respectfully requests permission to file under seal Exhibit 3 to the Declaration of Douglas I. Lewis filed in support Microsoft's Motion for Summary Judgment of Invalidity (the "Lewis Declaration").  Exhibit 3 to the Lewis Declaration is a true and correct copy of Motorola Mobility, Inc.'s and General Instrument Corp's Second Amended Disclosure of Asserted Claims and Infringement Contentions, served on March 9, 2012.

Microsoft seeks to file Exhibit 3 to the Lewis Declaration under seal pursuant to Local Civil Rule 5(g) and Paragraphs 2(a) and 8 of the Protective Order Regarding The Disclosure

MICROSOFT'S 3/22/12
MOTION TO SEAL - 1

No. C10-1823-
JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

and Use of Discovery Materials entered by the Court on July 21, 2011 (ECF No. 72) (the "Protective Order").  Exhibit 3 contains several hundred pages that refer to and describe Microsoft's proprietary source code for Windows 7 and Internet Explorer 9.  These pages have been appropriately designated as "Contains Confidential Business Information and Confidential Source Code Subject to Protective Order."  This is the only document Microsoft seeks to file under seal in connection with its Motion for Summary Judgment of Invalidity.

Public disclosure of the information contained in Exhibit 3 would expose Microsoft to significant risk of commercial harm.  For this reason, Microsoft respectfully requests that the Court permit Exhibit 3 to remain filed under seal.  Microsoft's underlying Motion for Summary Judgment, as well as the Lewis Declaration and the other exhibits thereto, are being filed as part of the public record.

## II.   FACTS & AUTHORITY

### A.   The Protective Order and Applicable Court Rules Permit Microsoft's Confidential Business Information To Be Filed under Seal.

Pursuant to the Protective Order, Microsoft is permitted to file Confidential Business Information[1] or other trade secrets under seal.  Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal.  Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under

---

[1] "Confidential Business Information" is defined in the Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures."  Protective Order, ¶1.

MICROSOFT'S 3/22/12
MOTION TO SEAL - 2

No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

In addition, the Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002). Further, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a dispositive motion upon a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." *See also Kakakama v. City and Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

While the public generally enjoys a right to inspect and copy public records, "it is uncontested … that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978). One such "improper purpose" is where the commercial business information at issue is sought to be used as a "source[] of business information that might harm a litigant's competitive standing." *Id.* (denying access to copies of tapes played at trial and noting that courts refused public access to their files where granting such access might "become a vehicle for improper purposes," including causing a litigant

MICROSOFT'S 3/22/12 MOTION TO SEAL - 3

No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

competitive harm); *see also Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053, 2010 U.S. Dist. LEXIS 21721 (N.D. Cal. Mar. 10, 2010) (granting motion to seal source code).

B.  **Compelling Reasons Exist for Maintaining under Seal Documents that Disclose Non-Public and Commercially Sensitive Information Regarding Microsoft's Source Code; Disclosure Creates an Unreasonable Risk of Competitive Harm with No Countervailing Benefit to the Public.**

Exhibit 3 to the Lewis Declaration contains references to and descriptions of Microsoft's non-public, proprietary source code for its Windows 7 and Internet Explorer 9 software programs. This information is highly confidential and commercially sensitive. In the ordinary course of its business, Microsoft takes great care to protect against unauthorized disclosure of this information. While this information may be of interest to Microsoft's competitors, the general public has no legitimate non-commercial use for technical information of this nature. Microsoft seeks to file Exhibit 3 under seal because it contains Microsoft's proprietary intellectual property, the disclosure of which would create an unreasonable risk of commercial or competitive harm to Microsoft with no valid countervailing benefit to the public.

Microsoft has attempted to limit the amount of sealed information to the minimum necessary to protect its commercially sensitive information. Microsoft is not requesting to file its underlying Motion for Summary Judgment of Invalidity, the Lewis Declaration, or any other exhibits thereto under seal. Microsoft seeks only to file Exhibit 3 under seal, for the reason that it discloses confidential commercial information regarding Microsoft's Windows 7 and Internet Explorer 9 source code. This document has already been properly designated as "Confidential Business Information" under the terms of the Protective Order. Microsoft believes it should remain protected from public disclosure.

MICROSOFT'S 3/22/12
MOTION TO SEAL - 4

No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

### III. CONCLUSION

Microsoft has filed Exhibit 3 to the Lewis Declaration under seal based on its good faith belief that this document qualifies for protection under the terms of the Protective Order, Rule 26(c), and Local Rule CR 5(g)(2).  As set out above, there are compelling reasons to maintain Exhibit 3 under seal.  Microsoft respectfully requests that the Court grant its motion.

DATED this 22nd day of March, 2012.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By     s/ Arthur W. Harrigan, Jr.
      Arthur W. Harrigan, Jr., WSBA #1751
      Christopher Wion, WSBA #33207
      Shane P. Cramer, WSBA #35099

By     s/ T. Andrew Culbert
      T. Andrew Culbert, WSBA #35925
      David E. Killough, WSBA #40185
      MICROSOFT CORPORATION
      1 Microsoft Way
      Redmond, WA  98052
      Phone:  425-882-8080; Fax:  425-869-1327

      David T. Pritikin, *Pro Hac Vice*
      Richard A. Cederoth, *Pro Hac Vice*
      Douglas I. Lewis, *Pro Hac Vice*
      John W. McBride, *Pro Hac Vice*
      David Greenfield, *Pro Hac Vice*
      William Baumgartner Jr., *Pro Hac Vice*
      David Giardina, *Pro Hac Vice*
      Constantine Trela, Jr., *Pro Hac Vice*
      SIDLEY AUSTIN LLP
      One South Dearborn
      Chicago, IL  60603
      Phone:  312-853-7000; Fax:  312-853-7036
      Brian R. Nester, *Pro Hac Vice*
      Carter Philips, *Pro Hac Vice*
      SIDLEY AUSTIN LLP
      1501 K Street NW
      Washington, DC  20005
      Telephone:  202-736-8000; Fax:  202-736-8711

Counsel for Microsoft Corporation

MICROSOFT'S 3/22/12 MOTION TO SEAL - 5    No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Ralph Palumbo
Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

        s/ Linda Bledsoe
LINDA BLEDSOE

MICROSOFT'S 3/22/12 MOTION TO SEAL - 6

No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717