HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                         Plaintiff,<br><br>    v.<br><br>MOTOROLA, INC., et al.,<br><br>                         Defendants.<br><br>MOTOROLA MOBILITY, INC., et al.,<br><br>                         Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>                         Defendant. | No. C10-1823-JLR<br><br>MICROSOFT'S 3/28/12 MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>**NOTED FOR:**<br>**Friday, April 20, 2012** |

## I.  RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal the following documents:

    (1)    Limited portions of the Declaration of Peter Chrocziel submitted in support of Microsoft's Motion for TRO and Preliminary Injunction (the "Chrocziel Declaration"), including the entirety of Exhibit 1 thereto;

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

(2)     Limited portions of the Declaration of Josh Hutto submitted in support of Microsoft's Motion for TRO and Preliminary Injunction (the "Hutto Declaration");

(3)     Limited portions of the Declaration of Marcelo Prieto submitted in support of Microsoft's Motion for TRO and Preliminary Injunction (the "Prieto Declaration"); and

(4)     Limited portions of Microsoft's Motion for a Temporary Restraining Order and Preliminary Injunction (the "Motion for TRO and Preliminary Injunction").

Microsoft seeks to file the foregoing materials under seal because they contain references to, and descriptions of, confidential and sensitive business information, including but not limited to information relating to the potential commercial consequences resulting from Motorola's efforts to exclude certain Microsoft products from the German market.  There is a significant risk that Microsoft may suffer harm, including vis-à-vis Microsoft's competitors, should this information be disclosed publicly.

For these reasons, and as more fully described below, Microsoft respectfully requests permission to file limited portions of the above-referenced documents under seal.  Microsoft is filing redacted versions of each document contemporaneously herewith.  Compelling reasons exist for protecting the confidentiality of these documents by permitting the filing of complete and unredacted versions of each document under seal.

## II.     FACTS & AUTHORITY

A.     **The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Its Confidential Information under Seal.**

Pursuant to the Protective Order, Microsoft is permitted to file Confidential Business Information[1] or other trade secrets under seal.  Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal.  Paragraph 2(a) provides:

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures."  Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

MICROSOFT'S 3/28/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal.  Rule 26(c)(1)(G) and (H).  District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

Additionally, pursuant to Local Rule CR 5(g)(2), the Court may, for "good cause under Rule 26(c)," seal a document attached to a nondispositive motion.  The Court may likewise seal a document filed in support of a dispositive motion upon a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review."  *Id.*; *see also Kakakama v. City and Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The Ninth Circuit has not ruled on whether a motion for preliminary injunction is dispositive or non-dispositive for purposes of sealing court records, and district courts

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1   in this Circuit are split on the issue.  *Compare Selling Source, LLC v. Red River Ventures, LLC*,

2   2011 U.S. Dist. LEXIS 49664 (D. Nev. Apr. 29, 2011) (finding that preliminary injunction

3   motions are dispositive for purposes of moving to seal) and *In re Nat'l Sec. Agency*

4   *Telecomms., Records Litig.,* 2007 U.S. Dist. LEXIS 14473 (N.D. Cal. Feb. 20, 2007) (finding

5   that preliminary injunction motions are nondispositive).   Here, even under the heightened

6   "compelling showing" standard, Microsoft has made the requisite showing.

7           In determining whether compelling reasons exist, the Court weighs relevant factors such as

8   "the public interest in understanding the judicial process and whether disclosure of the material

9   could result in improper use of the material for scandalous or libelous purposes or infringement

10  upon trade secrets."  *Dish Network, L.L.C. v. Sonicview USA, Inc.*, 2009 U.S. Dist. LEXIS 73857,

11  *2-3 (S.D. Cal. Aug. 20, 2009), *citing Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115, 1116

12  n.6 (9th Cir. 2009).  Where the material sought to be sealed "includes information about

13  proprietary business operations, a company's business model or agreements with clients, there

14  are compelling reasons to seal the material because possible infringement of trade secrets

15  outweighs the general public interest in understanding the judicial process."  *Selling Source,*

16  *LLC*, 2011 U.S. Dist. LEXIS 49664, at *18.

17          Further, while the public generally enjoys a right to inspect and copy public records, "it

18  is uncontested … that the right to inspect and copy judicial records is not absolute.  Every court

19  has supervisory power over its own records and files, and access has been denied where court

20  files might have become a vehicle for improper purposes."  *Nixon v. Warner Communications,*

21  *Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978).  As the Court recognized, one such "improper

22  purpose" is where the commercial business information at issue is sought to be used as a

23  "source[] of business information that might harm a litigant's competitive standing."  *Id.*

24  (denying access to copies of tapes played at trial and noting that courts refused public access to

25  their files where granting such access might "become a vehicle for improper purposes,"

MICROSOFT'S 3/28/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 4

1   including causing a litigant competitive harm).  Compelling reasons exist to grant Microsoft's

2   motion to seal.

3   **B.   Compelling Reasons Exist for Filing and Maintaining under Seal Documents that Disclose Non-Public and Commercially Sensitive Information.**

4   As set forth in greater detail in Microsoft's Motion for TRO and Preliminary

5   Injunction, in early July 2011, Defendant General Instrument Corp., a wholly-owned

6   subsidiary of defendant Motorola Mobility, Inc., filed certain patent infringement actions

7   against Microsoft and its affiliates in a court located in Mannheim, Germany (the "German

8   Actions").  *See* Chroziel Declaration, ¶¶ 2-5.

9   By way of the German Actions, General Instrument seeks to exclude certain Microsoft

10  products from the German market that support the H.264 standard.  *Id*., ¶ 6.  The Mannheim

11  Court is scheduled to enter its final order on April 17, 2012.  *Id*., ¶ 21.  At that time, the Court

12  may enter an order that will, upon the posting of an appropriate bond by General Instrument,

13  preclude Microsoft and its affiliates from (a) offering, distributing, using or importing the

14  Xbox 360 game console in Germany and (b) offering or supplying its software products that

15  support decoding according to the H.264 standard in Germany, including Microsoft's

16  Windows 7 operating system software (the "German Order").  *Id*., ¶ 22.  Any such relief

17  ordered by the Mannheim Court will not be self-executing; General Instrument must take

18  affirmative steps before such an order can take effect, including the posting of security in the

19  event the Mannheim Court's decision is reversed on appeal.  *Id*., ¶ 23.

20  The materials that Microsoft seeks to seal by way of this Motion include confidential

21  business and market-based information, including references to and descriptions of the

22  commercial harm that would be avoided if Motorola were prevented from taking steps to

23  effectuate the German Order during the pendency of this action.  Compelling reasons exist to

24  maintain the confidentiality of this non-public and commercially sensitive information.

25

MICROSOFT'S 3/28/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 5

1        1.    <u>The Chrocziel Declaration Contains Confidential Information that Should be Sealed</u>.

2        The redacted information contained in the Chrocziel Declaration is highly confidential

3    and commercially sensitive.  It includes a description of confidential and non-public licensing

4    terms associated with the so-called "Orange Book" offer Microsoft presented to Motorola on

5    December 23, 2011.  *See* Chrocziel Declaration, ¶¶ 12-15.  Microsoft also is seeking to file

6    under seal the entirety of Exhibit 1 to the Chrocziel Declaration, which consists of Microsoft's

7    Orange Book offer to Motorola.  The terms of Microsoft's Orange Book offer may be of

8    interest to Microsoft's competitors and there is a serious risk that public disclosure would

9    result in competitive harm to Microsoft.  There are no significant countervailing reasons why

10   commercial licensing information of the type contained in Exhibit 1 should be disclosed to the

11   general public.  Accordingly, compelling reasons exist to maintain the confidentiality of this

12   information by allowing Microsoft to file a complete and unredacted version of the Chrocziel

13   Declaration under seal.

14       2.    <u>The Hutto and Prieto Declarations Contain Confidential Information that Should Be Sealed.</u>

16       The redacted information contained in the Hutto Declaration and Prieto Declaration is

17   highly confidential and commercially sensitive.  The Hutto Declaration includes commercially

18   sensitive information relating to Microsoft's Xbox 360, the Xbox 360's market share in the

19   German market, and Microsoft's marketing efforts directed to the German market.  The Prieto

20   Declaration includes commercially sensitive information relating to Microsoft's various

21   licensing programs in the German market, including programs relevant to Microsoft's licensing

22   of its Windows 7 operating system software.  The Declarations include descriptions of

23   potential commercial impacts that may result from Motorola's efforts to exclude Microsoft

24   products from the German market, by way of the German Actions.  The public disclosure of

25   this information would create an unnecessary and unreasonable risk of commercial or

competitive harm to Microsoft without any serious countervailing justification for the general public's access to such information.  This is particularly true with respect to the Xbox, in light of the intense competition within the German game console market, currently dominated by Microsoft and its two main rivals, Nintendo and Sony.

Accordingly, Microsoft seeks to file both the Hutto and Prieto Declarations under seal because they both contain sensitive commercial information not generally known to the public or Microsoft's competitors.  Compelling reasons exist to protect the confidentiality of such information by allowing Microsoft to file complete and unredacted versions under seal.  Redacted versions of both declarations are being publicly filed.

> 3.    <u>Microsoft's Motion for TRO and Preliminary Injunction Contains Confidential Business Information that Should Be Sealed</u>.

Microsoft's Motion for TRO and Preliminary Injunction likewise contains confidential business information that should be sealed.  This confidential information is generally based on and derived from the non-public and sensitive commercial information contained in the Chrocziel, Hutto and Prieto Declarations, as described above.  The redacted portions of Microsoft's Motion for TRO and Preliminary Injunction should be maintained under seal for the same reasons that the redacted confidential and commercially sensitive portions of the underlying declarations should be sealed.  Compelling reasons exist to treat the non-public and commercially sensitive information in the Motion for TRO and Preliminary Injunction in the same manner as such information is treated in the underlying declarations.  A redacted version of the Motion is being filed as part of the public record.

Microsoft has attempted to limit the amount of sealed information to the minimum necessary to protect its non-public and commercially sensitive information.  Microsoft is seeking to file under seal only those limited portions of the above-referenced documents that

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1  contain information that should be protected from public disclosure under the governing

2  standards outlined above.

3  ## III.    CONCLUSION

4  Microsoft has filed limited portions of the above-referenced documents under seal

5  based on its good faith belief that such material qualifies for protection under the terms of the

6  Protective Order and applicable Court rules.  For the foregoing reasons, Microsoft respectfully

7  requests permission to file limited portions of the Declarations of Peter Chrocziel, Josh Hutto

8  and Marcelo Prieto under seal, as well as those portions of Microsoft's TRO and Preliminary

9  Injunction Motion that rely on these declarations and/or otherwise disclose non-public and

10  confidential business information of a similar nature.  Microsoft is filing redacted versions of

11  all four documents as part of the public record.  A [Proposed] Order Granting Microsoft's

12  3/28/12 Motion to File Documents Under Seal has been submitted herewith.

13  DATED this 28th day of March, 2012.

14  DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

16  By ___s/ Arthur W. Harrigan___
     Arthur W. Harrigan, Jr., WSBA #1751
17   Christopher Wion, WSBA #33207
     Shane P. Cramer, WSBA #35099

18   ___s/ T. Andrew Culbert___
19   T. Andrew Culbert, WSBA #35925
     David E. Killough, WSBA #40185
20   MICROSOFT CORPORATION
     1 Microsoft Way
21   Redmond, WA  98052
     Phone:  425-882-8080; Fax:  425-869-1327

MICROSOFT'S 3/28/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 8

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

David T. Pritikin, *Pro Hac Vice*
Richard A. Cederoth, *Pro Hac Vice*
Douglas I. Lewis, *Pro Hac Vice*
John W. McBride, *Pro Hac Vice*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000; Fax:  312-853-7036

Brian R. Nester, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000; Fax:  202-736-8711

Counsel for Microsoft Corporation

MICROSOFT'S 3/28/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Ralph Palumbo
Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray


                                s/ Linda Bledsoe
                                LINDA BLEDSOE

MICROSOFT'S 3/28/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 10

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717