HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　Plaintiff,<br>v.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　Defendants. | No. C10-1823-JLR<br><br>**REDACTED**<br><br>DECLARATION OF PETER CHROCZIEL<br><br>NOTED: Friday, April 20, 2012 |
| MOTOROLA MOBILITY, INC., et al.,<br><br>　　　　　Plaintiffs,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Defendant. | |

I, Peter Chrocziel, hereby declare as follows:

1.　　I am over the age of 21. I make this declaration based on facts within my own personal knowledge and, if called upon to do so, I could and would testify competently to these facts.

2.　　I am a partner at the law firm of Freshfields Bruckhaus Deringer LLP, based in the firm's Munich office. Freshfields represents Microsoft Corporation and two of its European affiliates, Microsoft Deutschland GmbH and Microsoft Ireland Operations Ltd (collectively, "Microsoft"), in litigation filed by General Instrument Corporation in Germany.

DECLARATION OF PETER CHROCZIEL - 1

These cases are captioned:

- *General Instrument Corporation v. Microsoft Deutschland GmbH*, (Case No. 2 O 240/11) (the "240 Action");

- *General Instrument Corporation v. Microsoft Deutschland GmbH*, (Case No. 2 O 373/11) (the "373 Action");

- *General Instrument Corporation v. Microsoft Corporation and Microsoft Ireland Operations Ltd.*, (Case No. 2 O 376/11) (the "376 Action"); and

- *General Instrument Corporation v. Microsoft Corporation and Microsoft Ireland Operations Ltd.*, (Case No. 2 O 387/11) (the "387 Action").

Although I refer to these actions collectively as the "German Actions," for all practical purposes, they have been consolidated.

3. In the 240 Action and the 376 Action, General Instrument alleges that Microsoft infringes the German part of General Instrument's European Patent No. 0538667. General Instrument alleges that at least one claim of this patent is essential to the H.264 standard, and that Windows 7 and the Xbox 360 infringe this patent by implementing video decoding according to the H.264 standard.

4. In the 373 Action and the 387 Action, General Instrument alleges that Microsoft infringes the German part of General Instrument's European Patent No. 0615384 (together with EP0538667, the "European Patents"). General Instrument alleges that at least one claim of this patent is essential to the H.264 standard, and that Windows 7 and the Xbox 360 infringe this patent by implementing video decoding according to the H.264 standard.

5. General Instrument filed the German Actions on July 6 and 7, 2011, respectively. The German Actions have four separate docket and file numbers. However, they have been combined and treated as one action by the German court. All briefing has basically been conducted on the same schedule with a combined hearing for all four cases.

6. The asserted claims are apparatus claims. By way of the German Actions, General Instrument seeks an order enjoining Microsoft from (a) offering, distributing, using or

DECLARATION OF PETER CHROCZIEL - 2

importing the Xbox 360 game console in Germany and (b) offering or supplying its software products that support video decoding according to the H.264 standard in Germany, including Microsoft's Windows 7 operating system software. The order will be preliminarily enforceable if General Instrument posts an appropriate bond.

7.  Microsoft filed its Answers to General Instrument's Complaints on October 5 and 7, 2011, respectively. The defenses available to defendants facing claims of patent infringement in Germany are materially different from the defenses available in the United States, insofar as there is no defense of patent invalidity in Germany. The defense of patent invalidity does not exist and such a defense is not heard by the court presiding over the underlying infringement action. One can only request a stay of the infringement proceedings because of parallel nullity proceedings.

8.  In order to invoke invalidity, the defendant must file a separate action, called a "Nullity Action." Nullity Actions are heard by the German Federal Patent Court, in Munich, while patent infringement suits are heard by German regional courts, in this case, located in Mannheim (hereafter, the "Mannheim Court").

9.  On October 5, 2011, Microsoft filed a Nullity Action as to the German parts of the European Patents asserted by General Instrument. In its Nullity Action, Microsoft argued that, due to the breadth of the asserted claims as applied by General Instrument (to cover products that support decoding according to the H.264 standard), the asserted claims lack novelty and inventive step in light of prior art.

10. The typical time to trial for a patent infringement action in Germany is six to nine months. The typical time to trial for a Nullity Action is around 20 months, as stated in official statistics. Under the typical timeline for German patent litigation, there can be a period of 12 months or longer between a decision of infringement and a decision that the asserted claims are invalid. During this period, the patentee can enforce a court order and bar

DECLARATION OF PETER CHROCZIEL - 3

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

1 "infringing" action by a defendant for claims that are ultimately found to be invalid by the

2 court of first instance for invalidity decisions.

3     11. On December 9, 2011, General Instrument filed a Rejoinder to Microsoft's

4 Answer in the German Actions. In its Rejoinder, General Instrument argued that Microsoft

5 was not licensed under fair, reasonable, and non-discriminatory ("FRAND") terms and

6 conditions under Motorola's Patent Statement and Licensing Declarations to the ITU because

7 such declarations were not a binding commitment constituting a license to third party

8 implementers of the standard under German law.

9     12. Early in the German Actions, Microsoft opted to pursue its so-called "Orange

10 Book" defense in the Mannheim Court. The Orange Book defense is unique to German law.

11 Under German case law, a defendant accused of infringing a standard-essential patent has the

12 option of making an "Orange Book" offer to license the patent. The plaintiff patent holder

13 may accept or reject the offer. The only constraint on the plaintiff's ability to reject the offer is

14 where the offered terms are such that rejection would constitute a violation of Germany's

15 antitrust laws.

16     13. On December 23, 2011, Microsoft made an Orange Book offer to General

17 Instrument. Microsoft's unconditional offer included a royalty payment to General Instrument

18 of     **REDACTED**    for

19 units in the German market. A true and correct copy of Microsoft's Orange Book offer is

20 attached hereto as Exhibit 1.

21     14. On January 27, 2012, Microsoft submitted to the court proof of deposit of all

22 back royalties that would be due to General Instrument under its Orange Book offer. These

23 back royalties total approximately **REDACTED**.

24     15. I understand that, under Microsoft's Orange Book offer, General Instrument

25 would receive royalties on the German parts of its European Patents that are **REDACTED**

DECLARATION OF PETER CHROCZIEL - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**REDACTED.**

16. General Instrument rejected Microsoft's Orange Book offer.

17. Under German case law, part of the Orange Book offer is to provide for the obligation to withdraw the implementer's Nullity Action upon acceptance by the patentee of the implementer's Orange Book offer. In its Orange Book offer of December 23, 2011, Microsoft agreed to withdraw the Nullity Action filed against the German parts of the European Patents *within 10 days after execution of the Orange Book offer*.

18. At the February 7, 2012 hearing, the Mannheim Court took the unprecedented step of requiring Microsoft to *immediately suspend* its Nullity Action as part of its Orange Book defense and without the patentee accepting the Orange Book offer. In other words, the Mannheim Court required Microsoft to request a stay of the Nullity Action in order to fulfill the requirements of the Orange Book defense. Microsoft made a motion to stay its Nullity Action shortly thereafter. Also at the February 7, 2012 hearing, portions of the expert report submitted by General Instrument's expert witness, Professor David Teece, were discussed in open court, including Professor Teece's analogy of standard-essential patents to bullets, and his statement that it only takes one bullet to kill.

19. The Mannheim Court has not yet issued a ruling as to whether General Instrument's rejection of Microsoft's Orange Book offer constitutes an antitrust violation. The Mannheim Court applies a very high standard when assessing whether a patentee's refusal is an antitrust violation, and a recent decision from the Mannheim Court suggests that the court is reluctant to find such a violation.

20. The Mannheim Court has not yet ruled on whether Microsoft infringes either of the European Patents.

21. The Mannheim Court is scheduled to enter its final order on April 17, 2012.

DECLARATION OF PETER CHROCZIEL - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

1  That Order will determine whether Microsoft has infringed either of the European Patents and
2  whether General Instrument must accept Microsoft's Orange Book offer.

3      22.    If the Mannheim Court rules against Microsoft on these issues, the Court will
4  enter an order enjoining Microsoft from (a) offering, distributing, using or importing the Xbox
5  360 game console in Germany and (b) offering or supplying its software products that support
6  decoding according to the H.264 standard in Germany, including Microsoft's Windows 7
7  operating system software. This decision can be preliminarily enforced by General Instrument
8  if they post an appropriate bond.

9      23.    Any such relief ordered by the Mannheim Court will not be self-executing.
10  General Instrument must take affirmative steps in order to preliminarily execute on the
11  injunction. The order is effective only if the patent holder posts security to compensate the
12  implementer in the event the Mannheim Court's decision is reversed on appeal.

13      24.    Microsoft intends to appeal the Mannheim Court's decision should it find that
14  Microsoft infringes either European Patent and that General Instrument was not obligated to
15  accept Microsoft's Orange Book offer. In Germany, the majority of prevailing patentees do
16  not enforce an injunction while a matter is on appeal. Prior behavior by Motorola in another
17  case involving a standard-essential patent, however, suggests that it will immediately attempt
18  to enforce any order entered by the Mannheim Court. At the same time, due to the
19  requirements imposed by the Mannheim Court for Microsoft's Orange Book offer, Microsoft's
20  challenge to the validity of the asserted claims has been suspended.

21  I declare under penalty of perjury under the laws of the United States of America that
22  the foregoing is true and correct.

23  DATED this **22** day of March, 2012, in Munich, Germany.

24

25  _____
   PETER CHROCZIEL

DECLARATION OF PETER CHROCZIEL - 6

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Ralph Palumbo
Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

                               s/ Linda Bledsoe
                               LINDA BLEDSOE

DECLARATION OF PETER CHROCZIEL - 7

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700 FAX. (206) 623-8717

# EXHIBIT 1 REDACTED