# EXHIBIT CC

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application Serial No. ...........................................................................08/851,877
Filing Date ..............................................................................................5/6/97
Inventor..................................................................................................Shell et al.
Applicant ............................................................................... Microsoft Corporation
Group Art Unit ......................................................................................2771
Examiner ............................................................................................... D. Jung
Attorney's Docket No. ........................................................................... MS1-161US
Title:   Loading Status in a Hypermedia Browser Having a Limited Available
        Display Area

### RESPONSE TO 6/23/99 OFFICE ACTION

To:     Commissioner of Patents and Trademarks
        Washington, D.C. 20231

From:   Daniel L. Hayes (Tel. 509-324-9256; Fax 509-323-8979)
        Lee & Hayes, PLLC
        W. 421 Riverside Ave., Suite 500
        Spokane, WA 99201

### AMENDMENTS

**In the Claims**

Please amend claims 1, 6, and 11 as indicated below. All claims are set forth for the Examiner's convenience.

1.   (Amended) A hypermedia browser embodied on a computer-readable medium for execution on an information processing device having a limited display area, wherein the hypermedia browser has a content viewing area and is configured to display a temporary graphic element over the content viewing area during times when the browser is loading content, wherein the temporary

graphic element is positioned within the content viewing area to only partially obstruct content in the content viewing area.

2. A hypermedia browser as recited in claim 1, wherein the temporary graphic element is animated.

3. A hypermedia browser as recited in claim 1, wherein the hypermedia browser displays the temporary graphic element in a corner of the content viewing area.

4. A hypermedia browser as recited in claim 1, wherein the hypermedia browser presents the temporary graphic element within a temporary window in a windowing operating environment.

5. A hypermedia browser as recited in claim 1, wherein:
the temporary graphic element is animated; and
the hypermedia browser presents the temporary graphic element within a temporary window in a windowing operating environment.

6. (Amended) An information processing device comprising:
a processor;
a display;
a hypermedia browser executing on the processor to load and display content in a content viewing area on the display;

LEE & HAYES, PLLC

0819991507 C-\WINNT\Profiles\dan\DESKTOP\MS1-161US.M01.doc

MOTM_WASH1823_0050350

wherein the hypermedia browser displays a temporary graphic element over the content viewing area during times when the browser is loading content;

wherein the temporary graphic element occupies only a portion of the content viewing area and only partially obstructs content in the content viewing area; and

wherein the temporary graphic element indicates to a user that the browser is loading content.

7.  An information processing device as recited in claim 6, wherein the temporary graphic element is animated.

8.  An information processing device as recited in claim 6, wherein the hypermedia browser displays the temporary graphic element in a corner of the content viewing area.

9.  An information processing device as recited in claim 6, wherein the hypermedia browser displays the temporary graphic element within a temporary window in a windowing operating environment.

10. An information processing device as recited in claim 6, wherein:
the temporary graphic element is animated; and
the hypermedia browser displays the temporary graphic element within a temporary window in a windowing operating environment.

11. (Amended) A method of browsing a hyperlink resource, comprising the following steps:

loading content from the hyperlink resource in response to user selection of hyperlinks contained in said content;

displaying the content in a content viewing area;

displaying a temporary graphic element over the content viewing area during the loading step, wherein the temporary graphic element only partially obstructs content in the content viewing area.

12. A method as recited in claim 11, further comprising an additional step of animating the temporary graphic element.

13. A method as recited in claim 11, wherein the displaying step includes displaying the temporary graphic element in a corner of the content viewing area.

14. A method as recited in claim 11, wherein the displaying step includes displaying the temporary graphic element within a temporary window in a windowing operating environment.

15. A method as recited in claim 11, further comprising an additional step of animating the temporary graphic element, wherein the displaying step includes displaying the temporary graphic element within a temporary window in a windowing operating environment:

MOTM_WASH1823_0050352

**16.** A computer-readable storage medium containing instructions that are executable for performing the steps recited in claim 11.

## REMARKS

Claims 1-16 are pending. Claims 1, 6, and 11 are amended above. No claims have been canceled.

All claims have been rejected under §103 as being obvious over U.S. Patent No. 5,760,771 to Blonder et al. and U.S. Patent No. 5,877,776 to Bates et al. The rejections are traversed below. Applicant respectfully requests reconsideration and allowance of all claims.

### Prior Art References

The Blonder reference describes a "tour guide" that shows pages to a user. In rejecting the claims of the application, the Examiner refers to an excerpt found at column 3, lines 26-41 of Blonder. This excerpt describes what happens when there are anticipated delays in downloading new pages:

> Likewise, if a delay in displaying a page is anticipated, the tour will display predetermined padding information, the guide will provide padding, or both. Padding is predetermined content, usually of a general nature, that may be inserted seamlessly anywhere in a tour.

Blonder, col. 3, lines 32-36.

The Examiner has cited Bates primarily for its discussion of browsers. In addition, the Examiner contents that Bates discloses a "limited display area." As discussed below, however, Bates is not a valid prior art reference.

## Traversal of Claim Rejections

### Bates is not Prior Art

The Bates patent indicates a filing date of August 15, 1997. The pending application, on the other hand, has an earlier filing date of May 6, 1997. Because of this, Bates does not constitute prior art as defined by the patent statute. Specifically, Bates does not meet the requirements of any of the subsections of 35 USC §102, which are used to define "prior art" for purposes of determining patentability. Accordingly, Bates cannot be considered prior art, and cannot validly be used as a prior art reference in a §103 rejection.

All of the currently pending claim rejections rely on a proposed combination of references that includes Bates. Because Bates is not a valid prior art reference, the claim rejections are likewise not valid. Accordingly the claim rejections should be withdrawn for this reason alone.

### Independent Claims 1 and 11

Claim 1 recites a browser having a limited display area. The "browser has a content viewing area and is configured to display a temporary graphic element over the content viewing area during times when the browser is loading content." In addition, claim 1 has been amended to recite that the "temporary graphic element is positioned within the content viewing area to only partially obstruct content in the content viewing area." This element is supported in the specification at pages 8 and 9, and in Fig. 3 which shows a temporary graphic element 64 that only partially obstructs content in the content viewing area. Claim 11 has similar elements, expressed in terms of methodological steps.

Blonder does not describe these combinations of elements. Rather, Blonder describes a page viewing area used to display tour pages. In some cases, it is apparently possible to predict delays in loading the tour pages. In these situations, the Blonder displays supplementary pages, referred to as "padding," in the page viewing area, replacing any previous content. Blonder gives the following example of padding:

> For example, padding in an education tour may consist of a discussion of general trends in the cost and financing of tuition. This discussion may consist of graphs and charts accompanied by narration.

Blonder, col. 3, lines 36-41.

Blonder's "padding" does not satisfy the claim 1 and 11 elements that the "temporary graphic element is positioned within the content viewing area to only partially obstruct content in the content viewing area." Bates is cited only as showing a limited display area, and adds nothing regarding a graphic element that is displayed when loading content. Accordingly, the combination of Blonder and Bates would not have suggested the elements defined in claims 1 and 11, and these claims should be allowed for this additional reason.

Independent Claim 6

Claim 6, similarly to claims 1 and 11, recites that "the temporary graphic element occupies only a portion of the content viewing area and only partially obstructs content in the content viewing area." In addition, claim 6 recites that the "temporary graphic element indicates to a user that the browser is loading content." Blonder's "padding" does not accomplish this function. Rather, it appears the such padding is used to hide the fact that there is a delay in

20

MOTM_WASH1823_0050355

downloading content—not to signal such a delay. Accordingly, claim 6 should be allowed for this additional reason.

Dependent Claims

Dependent claims 2-5, 7-10, and 12-16 are allowable because of their dependence from allowable base claims, and for additionally recited features that are not shown by the cited prior art in the context defined by the base claims. These claims are allowable whether or not their base claims are allowable.

For example, claims 3, 8, and 13 recite that the temporary graphic element is displayed "in a corner of the content viewing area." In addressing this claim, the Examiner mentions that using a corner "is a well known feature of Windows windowing." However, the prior art does not establish the obviousness of using a corner of a "content viewing area" to display a "temporary graphics element" when "loading content." As discussed in the "Background" section of the application, the prior art has uniformly used an indicator in an area *other than the content viewing area* for this purpose. There is nothing in the prior art to suggest that a corner of the viewing area should be used for a graphics element such as the one claimed. Accordingly, claim 3 is allowable and its rejection should be withdrawn.

Claims 4, 5, 9, 10, 14, and 15 recite that the temporary graphic element is presented "within a temporary window in a windowing operating environment." Although the Examiner has established the achievability of this feature, he has not established any *suggestion or motivation for actually implementing it*. There is no indication in the cited art that anyone has ever considered using a "window" to

display a graphics element such as this when content is loading. Accordingly, claims 4, 5, 9, 10, 14, and 15 should be allowed.

## Conclusion

It is respectfully asserted that the cited prior art does not establish the obviousness of the pending claims, and that all claims are allowable. Action to that end is urgently requested. If there are any further issues that would benefit from a personal discussion, the Examiner is encouraged to telephone the undersigned.

Respectfully Submitted,

Date: 9/23/99

By: _____ 34,656
Daniel L. Hayes
Reg. No. 34,618
(509) 324-9256 x2

MOTM_WASH1823_0050357

(7)

PTO/SB/122 (11-96)
Approved for use through 6/30/99. OMB 0651-0035
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| CHANGE OF CORRESPONDENCE ADDRESS Application | Application Number | 08/851,877 |
|---|---|---|
| | Filing Date | 5/6/97 |
| Address to: | First Named Inventor | Shell |
| Assistant Commissioner for Patents | Group Art Unit | 2412 |
| Washington, D.C. 20231 | Examiner Name | |
| | Attorney Docket Number | MS1-161US |

Please change the Correspondence Address for the above-identified application to:

[X] Customer Number   [ 22801 ] →   Place Customer Number Bar Code Label here
Type Customer Number here

OR

| [ ] Firm or Individual Name | Lee & Hayes, PLLC |
|---|---|
| Address | |
| Address | |
| City | State     ZIP |
| Country | |
| Telephone | Fax |

This form cannot be used to change the data associated with a Customer Number. To change the data associated with an existing Customer Number use "Request for Customer Number Data Change" (PTO/SB/124).

I am the:

[ ] Applicant.

[ ] Assignee of record of the entire interest.
Certificate under 37 CFR 3.73(b) is enclosed.

[X] Attorney or agent of record.

| Typed or Printed Name | Daniel L. Hayes |
|---|---|
| Signature | /Daniel L. Hayes/ |
| Date | 6/11/99 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

GAU 2771
2776

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application Serial No. .................................................................................................. 08/851,877
Filing Date ......................................................................................................................... 5/6/97
Inventorship ............................................................................................................. Shields et al.
Group Art Unit ....................................................................................................................... 2771
Examiner ........................................................................................................................ D. Jung
Applicant ........................................................................................................ Microsoft Corporation
Attorney's Docket No. .................................................................................................. MS1-161US
Title: Loading Status in a Hypermedia Browser Having a Limited Available Display Area

## TRANSMITTAL LETTER AND CERTIFICATE OF MAILING

To:   Commissioner of Patents and Trademarks,
      Washington, D.C. 20231

From: Lewis C. Lee (Tel. 509-324-9256; Fax 509-323-8979)
      Lee & Hayes, PLLC
      421 W. Riverside Avenue, Suite 500
      Spokane, WA 99201

The following enumerated items accompany this transmittal letter and are being submitted for the matter identified in the above caption.

1. Transmittal letter including Certificate of Mailing
2. Return Post Card
3. Response to Office Action dated 6/23/99
4. Copy of Change of Address (Correspondence)

Large Entity Status [x]          Small Entity Status [ ]

*Applicant hereby requests an extension of time in any case such an extension is necessary. The fee should be charged to the Deposit Account indicated below.*

The Commissioner is hereby authorized to charge payment of fees or credit overpayments to Deposit Account No. 50-0463 in connection with any patent application filing fees under 37 CFR 1.16, and any processing fees, including any necessary extension fees under 37 CFR 1.17.

Date: 9/23/99                    By: _____
                                     Lewis C. Lee
                                     Reg. No. 34,656

## CERTIFICATE OF MAILING

I hereby certify that the items listed above as enclosed are being deposited with the U.S. Postal Service as first class mail in an envelope addressed to The Commissioner of Patents and Trademarks, Washington, D.C. 20231, on the below-indicated date

Date: 9/23/99                    By: _____
                                     Dana L. Calhoun



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/285187 | 05/06/97 | SHELI | MS1 | 

| EXAMINER |
|---|
| JUNG, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2771 | 8 |

022801
LEE & HAYES PLLC
421 W RIVERSIDE AVENUE SUITE 500
SPOKANE WA 99201

LM02/1126

DATE MAILED: 11/26/99

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)                                              1- File Copy

MOTM_WASH1823_0050360

| Office Action Summary | Application No. 08/851,877 | Applicant(s) Shell et al. |
|---|---|---|
| | Examiner David Jung | Group Art Unit 2771 |

☒ Responsive to communication(s) filed on *Sep 28, 1999*

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-16* is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-16* is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
  ☐ received.
  ☐ received in Application No. (Series Code/Serial Number) _____ .
  ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
  *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892
☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
☐ Interview Summary, PTO-413
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)     Office Action Summary     Part of Paper No. __8__

MOTM_WASH1823_0050361

Application/Control Number: 08/851,877                                                                Page 2

Art Unit: 2771

## DETAILED ACTION

### *Response to Amendment*

1.  Applicant is thanked for pointing out that Bates et al. does not apply to this situation.

2.  Regarding Blonder et al., at pages 6-8 of the amendment, Appicant argues that Blonder et al. does not teach "an indicator in an area of the viewing area." If so, Knowlton et al. should cure this problem. Knowlton et al. teaches Graphic Icon 144 which is "an indicator in an area of the viewing area."

### *Claim Rejections - 35 USC § 103*

3.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4.  Claims 1-16 are rejected under 35 U.S.C. 103(a) as being unpatentable over Blonder et al. (US Patent 5,760,771) and Knowlton et al. (US Patent 5,8975,692). Claims 1, 5, 11 are the independent claims; other claims are the dependent claims.

   In regard to claim 1, Blonder et al. teaches "A hypermedia browser ... computer-readable medium for execution on an information processing device .... wherein the ... browser has a

Application/Control Number: 08/851,877 Page 3

Art Unit: 2771

content viewing area and is configured to display a temporary graphic element ... during times when the browser is loading content..." as in claim 1 except for the "limited display area." See Abstract. Note the browser. Note that this browser using an information processing device. See especially column 3, lines 26-42. Note the padding. Note how the padding is "configured to display a temporary graphic element ... during times when the browser is loading content." See also column 7, lines 45-49.

Knowlton et al. teaches the "limited display area" and "partially obstruct content" for the purpose of displaying more than one item. See Abstract. See column 26, lines 20-64, especially lines 60-64. Notice how Engine 138 displays temporary representation of Graphical icon 144. Note particularly this temporary graphical element (representation). Notice how the graphical icon covers the viwing area[1]. Notice also the use of Windows. Such windowing features of Windows teaches limited display area. See also column 42, lines 30-34. Knowlton et al. teaches browsers and and the loading of material through the Web. See column 1, lin 35 to column 2, line 18 which discusses the general background of the Web displaying (such as by using the browser).

---

[1]That this is "an indicator in the content viewing area" is more particularly stated at column 2, lines 2-30. The passage particularly discusses "graphicallly based indexing of files" using visual links. As noted in a yet later part of column 2 (lines 60-65), each visual link preferably may include the graphical icon providing a displayable image representing the corresponding location and a visual link data set.

MOTM_WASH1823_0050363

Application/Control Number: 08/851,877 Page 4

Art Unit: 2771

It would have been obvious to those of ordinary skill in the art at the time of the claimed invention to combine Blonder et al. with Knowlton et al. for the purpose of displaying more than one item.

In regard to claims 2, 5, such animation is suggested by Blonder et al. See column 2, lines 62-65 of Blonder et al.

In regard to claim 3, such use of corner is a well known feature of Windows windowing amd graphical icons, such as mentioned in Knowlton et al. See column 26, lines 60-64.

In regard to claims 4, 5, such use of windowing is taught by Knowlton et al. See icon 144 of Figure 2A..

In regard to claims 6-10, claims 6-10 are information processing device analogs to claims 1-5. For the reasons stated in the rejections of claims 1-5, claims 6-10 are not patentable.

In regard to claims 11-15, claims 11-15 are method analogs to claims 1-5. For the reasons stated in the rejections of claims 1-5, claims 11-15 are not patentable.

In regard to claim 16, such computer readable storage medium are well known in the art of computers for the purpose of keeping data ready for reading and for execution.

### *Conclusion*

5. **Any response to this action should be mailed to:**

Commissioner of Patents and Trademarks

Application/Control Number: 08/851,877                                              Page 5

Art Unit: 2771

                    Washington, D.C. 20231

**or faxed to:**

            (703) 308-9051, (for formal communications intended for entry)

**Or:**

            (703) 305-9731 (for informal or draft communications, please label

            "PROPOSED" or "DRAFT")

*Hand-delivered responses should be brought to Crystal Park JJ, 2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to David Jung whose telephone number is (703) 308-5262 or Thomas Black whose telephone number is (703) 305-9707.

MOTM_WASH1823_0050365

Application/Control Number: 08/851,877                                                                Page 6

Art Unit: 2771

DJ

November 7, 1999

THOMAS G. BLACK
SUPERVISORY PATENT EXAMINER
GROUP 2700

MOTM_WASH1823_0050366