# EXHIBIT HH



PATENT
ATTORNEY DOCKET NO. 1260

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
**TOEPKE et al.**                    Group Art Unit: **2774**

Serial No.: **08/991,277**          Examiner: **NGUYEN, K**

Filed: **December 16, 1997**

For: **SOFT INPUT PANEL SYSTEM AND METHOD**

RECEIVED
FEB 18 2000
TECH CENTER 2700

**FIRST AMENDMENT**

Assistant Commissioner for Patents
Washington, D.C.   20231

Dear Sir:

    This communication is a response to the Office action

mailed August 2, 1999.  Please enter the following amendments

and consider the appended remarks.

**In The Specification**:

At page 12, line 18, please replace "interface 63" with

--mechanism 63--.

**In The Claims**:

    **Please amend** the claims as follows:

    1.(Amended)    A system for receiving user data input
into a computer system having an application program,
comprising:[,]
    [an operating system, an interface for passing user
input data to the operating system,]
    a plurality of input methods, each input method being
configured to accept the user data input from an input device
associated with the computer system,

02/16/2000 SDUONG   00000010 500463  08991227
01 FC:103      72.00 CH
                                        - 1 -

MOTM_WASH1823_0050068

In re Application of Toepke et al.
Serial No. 08/991,277

[means for selecting one of the input methods as a
selected input method,]
    means for receiving the user data input via a [the]
selected input method, and
    a [communication mechanism] management component
configured to identify one of the input methods as the
selected input method, to load the selected input method into
memory, to communicate with the selected input method to
identify information about the received user data, and to
[for] pass[ing] the information about the received user data
to the application program [interface, the interface passing
the information to the operating system].

    2.(Amended)   The system of claim 1 [wherein the
operating system comprises a graphical windowing
environment], further comprising an input panel window on a
touch-sensitive display screen, and wherein the input method
includes an input panel and means for drawing the input panel
in the input panel window.

    6.(Amended)   The system of claim 1 further comprising
a touch-sensitive display screen, wherein the management
component [means for selecting the selected input method]
includes a mechanism [means] for detecting user interaction
with the touch-sensitive display screen.

    7.(Amended)   The system of claim 1 [further comprising
an application program running under the operating system,
and] wherein the management component is further configured
to transfer [means for selecting the input method includes
means for transferring] information from the application
program to the selected input method [interface].

    8.(Amended)   The system of claim 1 wherein [the
communication mechanism includes means in] the input method
includes a mechanism for calling functions to be carried out
by the management component [interface], and [means in the
interface] the management component includes a mechanism for
calling functions to be carried out by the input method.

    9.(Amended)   The system of claim 8 [1] wherein the
input method comprises a COM object, and the management
component [communication mechanism] includes a mechanism
[means] for calling methods in a COM [the] interface of the
input method.

- 2 -

MOTM_WASH1823_0050069

In re Application of Toepke et al.
Serial No. 08/991,277

10.(Amended)   The system of claim 1 wherein the [operating] system _further_ comprises a graphical windowing environment, [further comprising] _and_ an input panel window on a touch-sensitive display screen, wherein the input method includes an input panel and means for drawing the input panel in the input panel window, and wherein the _management component_ [interface] includes means for passing state information corresponding to the state of the input panel window [through the communication mechanism] to the input method.

14.(Amended)   The system of claim 10 wherein the input method includes a plurality of bitmaps, and wherein the input method includes means for passing information corresponding to a selected one of the bitmaps _to the management component_ [through the communication mechanism to the interface].

15.(Amended)   The system of claim 14 wherein the _management component_ [interface] includes means for _displaying the bitmap as an icon on the display screen._

27.(Amended)   A system for receiving user input data into a computer system having a graphical windowing environment, comprising:[,]
     a touch sensitive display screen for displaying images and detecting user contact or proximity thereto,
     a management component operatively connected to the graphical windowing environment and including means for creating an input panel window for display thereof by the graphical windowing environment on the screen,
     a plurality of input methods, each input method including a communication means for calling functions of the management component and further including an input panel corresponding thereto,
     means for selecting one of the input methods as a selected input method, the selected input method drawing the input panel corresponding thereto in the input panel window, _and_
     means for receiving user data input via the input panel,
     _wherein_ the communication means _of the selected input method calls_ [calling] a function of the management component to pass the user data thereto and the management component _passes_ [communicating] the user data to the graphical windowing environment.

- 3 -

MOTM_WASH1823_0050070

In re Application of Toepke et al.
Serial No. 08/991,277

37.(Amended)   A method of inputting user data into a
mobile computing device to be used by an application,
comprising the steps of:
    selecting one input method from a plurality of input
methods installed on the mobile computing device, each input
method being configured to accept the user data input from an
input device associated with the computer system;
    invoking the selected input method within an [a] input
panel window displayed by the mobile computing device; and
    accepting user data entered in the input panel window in
accordance with the selected input method, wherein the
entered user data is supplied to the application irrespective
of the input method selected.

**Please add** the following new claims:

    --47.(New) The system of claim 1, wherein the management
component passes the information about the received user data
to the application program via an operating system.

    48.(New) The system of claim 47, wherein the management
component passes the information about the received user data
to the application program via a message queue.

    49.(New) The system of claim 47, wherein the management
component comprises an interface of the operating system.

    50.(New) The system of claim 47, wherein the operating
system includes a graphical windowing environment.--

## REMARKS

    In the Office action mailed August 2, 1999, claims 1-46

were rejected under 35 U.S.C. §§ 102(e) and 103(a) as being

unpatentable in view of the teachings of U.S. Patent No.

5,818,425 to Want et al. (hereafter "Want et al.") either

alone or in combination with the teachings of U.S. Patent No.

5,644,339 to Mori et al. (hereafter "Mori et al.").  By this

- 4 -

MOTM_WASH1823_0050071

In re Application of Toepke et al.
Serial No. 08/991,277

paper, claims 47-50 have been added, and claims 1, 6-10, 14, 15, 27, and 37 have been amended to more particularly point out and distinctly claim the subject matter of the invention. Applicants reserve the right to argue that the amendments to the claims are unnecessary to distinguish the claimed subject matter from the prior art, and maintain that the claims recited patentable subject matter as-filed and prior to amendment in view of the following remarks. Reconsideration of the application is respectfully requested.

For the sake of clarity, the independent claims of the application are discussed first in this response. Applicant submits that the independent claims are allowable, and therefore the dependent claims are allowable because they are dependent upon allowable claims. Nevertheless, applicant submits that the dependent claims further define additional subject matter not shown or described in the prior art.

The Present Invention

The present invention provides a mechanism by which applications on a computer may make use of common software input methods. User data input to the computer is received by a selected input method that is loaded by a communication manager. The input method may perform any desired

- 5 -

MOTM_WASH1823_0050072

In re Application of Toepke et al.
Serial No. 08/991,277

translation of the received user data, and passes information
related to the received user data to the communication
manager.  The communication manager passes the information
(for example, either as part of or through an operating
system) to an application having input focus.  In essence,
the input method and communication manager simulate a
standard hardware input device on a portable computer.  The
invention overcomes limitations in the prior art by allowing
multiple applications to share from among the same set of
software input methods, thereby eliminating the duplication
of similar input methods in each application.  Moreover,
applications may still provide tailored input methods without
the need to incorporate the input method directly in the
application.

Claim Rejections based on Want et al.

The Office action contends that Want et al. disclose
each aspect of the invention as defined by claims 1-5, 7-8,
10-14, 16-17, 19-25, 27-30, 33, 35, 37-38, and 41-46.
Applicants submit that the Want et al. reference neither
discloses nor renders the claimed invention obvious for at
least these reasons: (1) Want et al. does not disclose,
teach, or suggest the claimed invention, and (2) there is no

- 6 -

106

MOTM_WASH1823_0050073

In re Application of Toepke·et al.
Serial No. 08/991,277

motivation to modify the system of Want et al. to achieve the
claimed invention (let alone any teaching or suggestion about
how such a modification could be accomplished, or what would
result from such a modification).

The System of Want et al.

Want et al. appear to describe a system for mapping
input generated on pen-based electronic devices onto a large
display screen. An individual portable computer receives
user input in the conventional manner. An application
(presumably) on the portable computer transmits the user
input to a wireless receiver connected to another computer.
The wireless receiver provides the received input to the
other computer, which, in turn, displays the input
information on a large display screen. The system of Want et
al. is thus able to simultaneously display user input
provided from multiple portable computers. The system
described by Want et al. is directed to problems related to
sharing data between users of multiple portable computers and
to graphically displaying, on a common display, information
input at the multiple portable computers. See generally,
Want et al. at column 1, line 63 to column 2, line 54.

- 7 -

107

MOTM_WASH1823_0050074

In re Application of Toepke et al.
Serial No. 08/991,277

### The System of Want et al. is Unrelated to the Claimed Invention

The Want et al. reference appears to be unrelated to the subject matter of the claimed invention. For example, applicants could find nothing in the reference relating to how user data that is input at an individual portable computer is actually made available to applications executing on that portable computer. The reference deals with what amounts to a system for consolidating information transmitted from each of several portable computers to be simultaneously displayed. Nowhere does the reference discuss the interaction between an input device on a portable computer and the operating system of the portable computer. Want et al. merely mention that the "interpretation of button and pen actions is provided by software or hardware input modules 57 maintained on the portable computer or the computer 51 to map the pen or key input onto the screen 50." Want et al. at column 4, lines 23-26. There is no further discussion of how the pen or key input is handled by the portable computer. Without more, applicants must conclude that the data entered into each of the portable computers is input and provided to the portable computer's operating system in the traditional

- 8 -

MOTM_WASH1823_0050075

In re Application of Toepke et al.
Serial No. 08/991,277

manner as described in the background section of the present

application.

    <u>Want et al. do not show an Input Method</u>

    The Want et al. reference does not contain any teachings

related to the input methods of the claimed invention.  More

specifically, Want et al. do not describe, teach, or suggest

a plurality of input methods for accepting user data or a

management component for passing information related to the

user data from a selected input method to an operating

system, as recited by the claimed invention.

    Independent claims 1, 16, 27, 28, 37, 41, and 44 each

include a recitation directed to an input method for

receiving user input.  The Office action contends that

element 34 of the Want et al. reference (defined as a

"plurality of input buttons or keys") anticipates the "input

methods" of applicants' claimed invention.  Applicants

respectfully disagree, as these are clearly not "input

methods" within the meaning of the present invention.  The

input methods of the present invention are interchangeable

software components by which the user provides character,

text, or other user data via an input device, such as a

touch-screen display, a microphone, or the like.

Specification at page 16, line 24 to page 17 line 2.  The

- 9 -

MOTM_WASH1823_0050076

In re Application of Toepke et al.
Serial No. 08/991,277

keyboard keys and buttons described by Want et al. fall well
short of describing the input methods of the claimed
invention.  Thus, Want et al. fail to describe this element
of the claimed invention, and applicants respectfully request
the removal of the rejection.

### Want et al. do not show a Management Component

There is no device or component in the Want et al.
system that could serve, even in the abstract, in the
capacity of the management component of the present
invention.  In general, a selected input method of the
present invention calls a function of the management
component to pass user data to the management component,
which, in turn communicates the user data to the graphical
windowing environment of the portable computer.  There is
simply no equivalent structure or component disclosed or even
suggested in the Want et al. reference.  Note that the
transceiver (56) of Want et al. is a simple flow-through
mechanism for passing wireless communications to the
computer, and does not come close to the structure or
functionality of the management component as recited in the
claims.  Accordingly, applicant's submit that the Want et al.

- 10 -

110

MOTM_WASH1823_0050077

In re Application of Toepke et al.
Serial No. 08/991,277

reference is insufficient to support the rejections for this
additional reason.

Independent claims 1, 27, 28, and 41 include recitations
directed to a management component that receives user input
from an input method and communicates the user input to the
operating system of the computer system. As discussed above,
nowhere is such a component described, taught, or suggested
by Want et al. The reference simply does not support the
contentions of the Office action. Therefore, applicants
respectfully request that the rejections be withdrawn.

### The Office Action Fails to Carry its Legal Burden

Applicants respectfully point out that the goal of
examination is to clearly articulate any rejection early in
the prosecution process so that the applicant has the
opportunity to provide evidence of patentability and
otherwise reply completely at the earliest opportunity. See
MPEP § 706. The following is a quote of the applicable
section of the Code of Federal Regulations:

> In rejecting claims for want of novelty or for
> obviousness, the examiner must cite the best
> references at his or her command. When a reference
> is complex or shows or describes inventions other
> than that claimed by the applicant, the particular
> part relied on must be designated as nearly as
> practicable. The pertinence of each reference, if

- 11 -

MOTM_WASH1823_0050078

In re Application of Toepke et al.
Serial No. 08/991,277

> not apparent, must be clearly explained and each
> rejected claim specified.
>
> 37 CFR § 1.104(c)(2); MPEP § 706 (7th Edition).

Applicants respectfully submit that the Office action fails
to carry its burden of designating with particularity those
portions of the references relied upon to support the
rejections. For the most part, the Office action merely
states that the cited references describe the claimed subject
matter without identifying which portions of the references
do so. Applicants have reviewed the cited references and
submit that they fail to describe, teach, or even suggest
each limitation of the claimed invention. Applicants believe
that it will not be possible to designate with particularity
the relevant portions of the cited references because
applicants were unable to locate any such relevant portions,
as described more fully above.

> The System of Want et al. Cannot be Properly Modified to
> Achieve the Claimed Invention

Applicants further submit that it would not be obvious
to one of ordinary skill in the art to modify the display
system of Want et al. to achieve the claimed invention. The
law is clear that there must be some teaching, suggestion, or
motivation for modifying a cited reference to achieve the
claimed invention. See, e.g., In re Fine, 837 F.2d 1071, 5

- 12 -

112

MOTM_WASH1823_0050079

In re Application of Toepke et al.
Serial No. 08/991,277

USPQ2d 1596 (Fed. Cir. 1988); In re Jones, 958 F.2d 347, 21

USPQ2d 1941 (Fed. Cir. 1992); In re Geiger, 815 F.2d 686,

688, 2 USPQ2d 1276, 1278 (Fed. Cir. 1987). The Office action

does not indicate any suggestion or motivation in the

references, either explicit or otherwise, for modifying the

system of Want et al. in a manner that would achieve the

claimed invention. Thus, applicants submit that any

modifications to the cited reference in an attempt to achieve

the claimed invention would not be obvious to one of ordinary

skill in the art.

In addition, a proposed modification cannot change the

principle of operation of the cited reference. In re Ratti,

270 F.2d 810 (CCPA 1959); MPEP § 2143.01. Want et al.

describe the purpose of their invention as allowing "multiple

users to readily modify, annotate, or manipulate data

displayed on a large screen." Want et al. at column 1, lines

56-58. Attempting to modify the system of Want et al. to

achieve a mechanism by which applications on a computer may

make use of common software input methods would require a

substantial reconstruction and redesign of the elements

described by Want et al., as well as a change in the basic

principle under which the Want et al. system was designed to

operate. Accordingly, applicants submit that any proposed

- 13 -

113

In re Application of Toepke et al.
Serial No. 08/991,277

modification to the system described by Want et al. (or any other prior art of record) to achieve the claimed invention would be improper under the law. Therefore, an obviousness rejection of the claimed invention is improper for at least these additional reasons.

Claim Rejections based on Want et al. in view of Mori et al.

The Office action rejected claims 6, 9, 15, 18, 26, 31-32, 34, 36, and 39-40 under Section 103 as unpatentable over Want et al. in view of U.S. Patent No. 5,644,339 to Mori et al. ("Mori et al."). Applicants submit that the cited combination fails to describe, teach, or suggest the claimed invention, and that the proposed combination is impermissible under the law.

The System of Mori et al.

Generally, Mori et al. describe an electronic information apparatus for receiving information input in one format associated with one operating mode (such as a memo mode) and for transforming the information into another format associated with another operating mode (such as an address note mode). Mori et al. generally, and at column 4 lines 23-58.

- 14 -

MOTM_WASH1823_0050081

In re Application of Toepke et al.
Serial No. 08/991,277

### The Teachings of Mori et al. do not Support the Contentions in the Office Action

The Office action cites Mori et al. as describing the conversion of user input to Unicode characters and that an input method may be a COM object._ Despite the assertions of the Office action, applicants were unable to identify any discussion at all related to COM objects or Unicode characters in the Mori et al. reference.  If the rejection is maintained, applicants respectfully request a specific designation in the reference supporting the rejection.  In the absence of a more specific statement of the rejection, applicants must submit that the rejection is improper and request its reconsideration and withdrawal.

### The Cited Combination is Impermissible

The Office action attempts to reach the claimed subject matter by combining Want et al. with Mori et al., but does so without any teaching, suggestion, or motivation to do so other than applicants' own teachings, which is clearly impermissible by law.  Applicants, submit that the Office action identifies no teaching, suggestion or motivation to combine the references outside of the general contention that the cited combination would achieve the subject matter recited in the claims.  Moreover, the Office action fails to

- 15 -

MOTM_WASH1823_0050082

In re Application of Toepke et al.
Serial No. 08/991,277

point out how the references could be combined to reach
applicants' invention.  Instead, it appears that the Office
action, using impermissible hindsight based on applicants'
teachings, simply located a reference dealing with the
display of data input on pen-based electronic devices, and
another reference dealing with transforming information
between formats for different operating modes, in a vain
attempt to reconstruct applicants' claimed invention.

For example, the Office action contends that it would be
obvious "to add the COM object and Unicode character [that]
was disclosed by Mori et al. because these arrangement would
recognize the character/symbol data based on the operating
system."  Applicant could find nothing in the cited
references to support that contention.  Rather, the rationale
provided in the Office action is clearly directed by
applicant's own teachings.  Such a hindsight reconstruction
is clearly impermissible by law, and for at least this
additional reason, applicant requests the withdrawal of the
rejections under Section 103.

Rejections of the Dependent Claims

Dependent claims 2-15, 17-26, 29-36, 38-40, 42, 43,
and 45 all depend from one of the independent claims

- 16 -

MOTM_WASH1823_0050083

In re Application of Toepke et al.
Serial No. 08/991,277

identified above. Therefore, applicants submit that the
dependent claims are allowable for at least the reasons set
forth above regarding the independent claims. However,
applicants submit that each dependent claim also includes
additional patentable distinctions as set forth in part
below.

Regarding claim 4, applicants could find nothing in the
cited references related to selectively displaying and hiding
the display of the input panel window. This aspect of the
invention is important because it allows an increased amount
of display screen to be dedicated to display information
related to an application when user input is not appropriate.
Nowhere do Want et al. describe, teach, or suggest such an
aspect.

Regarding claims 5 and 42, applicants could find nothing
in the cited references remotely related to causing an input
panel window to receive focus. The concept of input focus is
completely absent from the cited references. Nor does the
Office action state its grounds for rejecting claim 5. If
the rejection of claim 5 is maintained, applicants
respectfully request a clarification of the Office action's
allegations.

- 17 -

117

In re Application of Toepke et al.
Serial No. 08/991,277

Regarding claims 8 and 24, nowhere do the cited references describe, teach, or suggest a mechanism in an input method for calling functions or methods to be carried out by an interface.  As mentioned above, Want et al. describe no structure that is equivalent (or even analogous) to the input method of the claimed invention.  Likewise, Want et al. describe nothing related to a mangement component that is capable of carrying out functions called by an input method.  The Office action contends that column 3, lines 16-34 of the Want et al. reference discloses an input method for calling functions to be carried out by the mangement component.  After a close inspection of the reference, applicants must respectfully disagree.  The cited passage discloses nothing more than the wireless transmission of signals between transceivers.  The reference discloses nothing related to calling functions as recited by the claimed invention.

Regarding claims 11, 12, 19, and 20 the Office action contends that Want et al. describe, in Figure 1, state information including "a flag indicative of the displayed or hidden status of the window," and "a flag indicative of the docked [state] of the window."  Applicants respectfully submit that figure 1 contains nothing even remotely related

- 18 -

MOTM_WASH1823_0050085

In re Application of Toepke et al.
Serial No. 08/991,277

to those elements. Applicants respectfully request, if the
Office action maintains this assertion, that a specific
disclosure of those flags be identified.

Regarding claim 21, applicants could not find, nor does
the Office action designate, anything in the cited references
related to passing state information associated with an input
panel window to an input method. If the rejection of claim
21 is maintained, applicants respectfully request a
clarification of the Office action's allegations.

Regarding claim 22, the Office action contends that Want
et al. describe, at column 4, lines 35-54, toggling between a
docked and floating state of an input panel window. After a
close inspection of the reference, applicants must
respectfully disagree. The cited passage describes selecting
between two modes of interaction between a tablet computer
and the large display screen. In the first mode, movement of
a pen on the screen of the tablet computer causes the display
screen to translate in a corresponding direction. In the
second mode, movement of the pen on the screen causes the
display to resize. Nowhere is there any discussion, mention,
or hint that an input panel window may be toggled between a
docked and a floating state, as recited by the claimed
invention.

- 19 -

MOTM_WASH1823_0050086

In re Application of Toepke et al.
Serial No. 08/991,277

## CONCLUSION

In view of the foregoing remarks, it is respectfully submitted that claims 1-50 of the present application should not be rejected on the art or otherwise, and that the application is in good and proper condition for allowance. Entry of the foregoing Amendment and withdrawal of the pending rejections are respectfully solicited under the provisions of 37 C.F.R. §§ 1.111 and 1.112. If in the opinion of the Examiner a telephone conference would expedite the prosecution of this application, the Examiner is invited to call the undersigned attorney at (425) 562-0740.

Respectfully submitted,

John Whitaker, Reg. No. 42,222
Attorney for Applicants
The Law Offices of Albert S. Michalik
704 - 228th Avenue NE, Suite 193
Redmond, Washington 98053
(425) 836-3030 (telephone)
(425) 836-3003 (facsimile)

- 20 -

120

MOTM_WASH1823_0050087



PATENT
Attorney Docket No. 1260

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
**TOEPKE et al.**                    Group Art Unit: 2774

Serial No.: 08/991,277               Examiner: NGUYEN, K

Filed:  **December 16, 1997**

For:    SOFT INPUT PANEL SYSTEM AND METHOD

AMENDMENT AND RESPONSE UNDER 37 CFR 1.116

Assistant Commissioner for Patents
Washington, D.C.  20231

Dear Sir:


This communication is a response to the final Office
action mailed May 9, 2000 (the "Office Action").  Entry of
the following amendment under the provisions of 37 C.F.R. §
1.116 is respectfully solicited.


**In The Claims**:

**Please amend** the claims as follows:

1.   (Twice Amended)    A system for receiving user
data input into a computer system having an application
program, comprising:

- 1 -

MOTM_WASH1823_0050101

In re Application of Toepke et al.
Serial No. 08/991,277

a plurality of input methods, each input method being an
interchangeable software component configured to accept the
user data input from an input device associated with the
computer system,

means for receiving the user data input via a selected
input method, and

a management component configured to identify one of the
input methods as the selected input method, to load the
selected input method into memory, to communicate with the
selected input method to identify information about the
received user data, and to pass the information about the
received user data to the application program.

In claim 9, please replace "COM" with –Component Object
Model-- in both places.

In claim 34, please replace "COM" with –Component Object
Model--.

In claim 39, please replace "COM" with –Component Object
Model--.

- 2 -

122

MOTM_WASH1823_0050102

In re Application of Toepke et al.
Serial No. 08/991,277


### REMARKS

Claims 1-50 are now pending in the application.  By this
paper, claims 1, 9, 34 and 39 have been amended to more
particularly point out and distinctly claim the subject
matter of the invention, and/or to present the rejected
claims in better form for consideration on appeal.
Applicants submit that the amendments to the claims are
unnecessary to distinguish the claimed subject matter from
the prior art, and maintain that the claims recited
patentable subject matter as-filed and as amended prior to
this amendment.  The rejections are traversed as explained in
the following remarks.


Rejections under Section 112

In the Office Action, claims 9, 34, and 39 were rejected
under 35 U.S.C. § 112, second paragraph, as being indefinite
for failing to particularly point out and distinctly claim
the subject matter of the invention.  In particular, the
Office Action requested clarification of the acronym "COM."
Applicants have amended those claims to specify that COM

- 3 -

123

MOTM_WASH1823_0050103

In re Application of Toepke et al.
Serial No. 08/991,277

means Component Object Model as defined in the specification
at page 12, line 3.

Rejections under Section 103(a)

Claims 1-50 were rejected under 35 U.S.C. § 103(a) as
being unpatentable in view of the teachings of U.S. Patent
No. 5,644,339 to Mori et al. (hereafter "Mori et al.") in
combination with the teachings of U.S. Patent No. 5,818,425
to Want et al. (hereafter "Want et al."). Applicants submit
that the rejections are improper because the cited art simply
does not teach "input methods" within the meaning of the
present invention or a management component within the
meaning of the present invention. Applicants incorporate by
reference the Amendment filed on February 1, 2000.

For the sake of clarity, the independent claims of the
application are discussed first in this response. Applicants
submit that the independent claims are allowable, and
therefore the dependent claims are allowable because they are
dependent upon allowable claims. Nevertheless, applicants
submit that the dependent claims further define additional
subject matter not shown or described in the prior art.

- 4 -

124

In re Application of Toepke et al.
Serial No. 08/991,277

The present invention provides a mechanism by which
applications on a computer may make use of common software
input methods.  The input methods of the present invention
are interchangeable software components by which the user
provides character, text, or other user data via an input
device, such as a touch-screen display, a microphone, or the
like.  User data input to the computer is received by a
selected input method and passes information related to the
received user data to a management component.  The management
component passes the information to an application having
input focus.  In essence, the input method and management
component simulate a standard hardware input device on a
portable computer.  The invention overcomes limitations in
the prior art by allowing multiple applications to share from
among the same set of software input methods, thereby
eliminating the duplication of similar input methods in each
application.  Moreover, applications may still provide
tailored input methods without the need to incorporate the
input method directly in the application.

- 5 -

125

MOTM_WASH1823_0050105

In re Application of Toepke et al.
Serial No. 08/991,277

The Cited References Do Not Describe a Management Component

Claim 1 recites "a management component configured to
identify one of the input methods as the selected input
method, to load the selected input method into memory, to
communicate with the selected input method to identify
information about the received user data, and to pass the
information about the received user data to the application
program." Nowhere is such a component configured in that
manner taught or suggested by the cited references.

The Office Action contends that Mori et al. discloses,
in Figure 3, a management component configured as described
in the claimed invention. Figure 3 of Mori et al. is a flow
chart describing the selection and filing of information
input as memo information. Mori et al., column 3, lines 44–
45. In particular, the flow chart describes a process for
identifying a type of character or symbol data being
displayed, and appropriately formatting a buffer based on the
data type. Applicants are unable to identify anything in
Figure 3 that even remotely describes the management
component recited in the claims. Management components
related to the one recited in claim 1 are also found in

- 6 -

MOTM_WASH1823_0050106

In re Application of Toepke et al.
Serial No. 08/991,277

claims 27 and 28. Applicants submit that the rejections of
claims 1, 27 and 28 are improper at least because the cited
art simply does not disclose, suggest or provide any
motivation for a management component as recited in the
claims.

The Cited References Do Not Describe Input Methods

Independent claims 1, 16, 27, 28, 37, 41, and 44 include
recitations directed at input methods. In the context of the
description of the invention, the input methods claimed are
interchangeable software components by which the user
provides character, text, or other user data via an input
device. The Office Action cites Mori et al. (Figures 1-4;
column 4, lines 1-47; and column 5, lines 1-38) as disclosing
input methods within the context of the claimed invention.
The Office Action does not specify what components or
teachings of Mori et al. disclose the input methods, and
applicants are unable to locate any.

Generally, Mori et al. describe an electronic
information apparatus for receiving information input in one
format associated with one operating mode (such as a memo
mode) and for transforming the information into another

- 7 -

MOTM_WASH1823_0050107