In re Application of Toepke et al.
Serial No. 08/991,277

format associated with another operating mode (such as an
address note mode). The electronic input apparatus of Mori
et al., as described, receives input from a digitizer
(element 10 of Figure 1). The input is recognized as
characters or symbols and then stored in a video buffer to be
displayed. Mori et al. describe a conventional system for
recognizing handwriting input and displaying characters based
on that input. Nothing in Mori et al. discloses, suggests or
provides any motivation for a plurality of input methods as
claimed. Thus, applicants submit that each of the
independent claims is allowable over the art of record for at
least this additional reason.

Independent Patentability of the Dependent Claims

Applicants submit that the dependent claims are
allowable for at least the reasons set forth above regarding
the independent claims. However, applicants submit that each
dependent claim also includes additional patentable
distinctions as set forth in part below.

Regarding claim 4, applicants could find nothing in the
cited references related to selectively displaying and hiding
the display of the input panel window. This aspect of the

- 8 -

128

MOTM_WASH1823_0050108

In re Application of Toepke et al.
Serial No. 08/991,277

invention is important because it allows an increased amount
of display screen to be dedicated to display information
related to an application when user input is not appropriate.
Nowhere do the cited references describe, teach or suggest
such an aspect.

Regarding claims 5 and 42, applicants could find nothing
in the cited references remotely related to causing an input
panel window to receive focus.  The concept of input focus is
completely absent from the cited references.  Nor does the
Office Action state its grounds for rejecting claim 5.  If
the rejection of claim 5 is maintained, applicants
respectfully request a clarification of the Office action's
allegations.

Regarding claims 8 and 24, nowhere do the cited
references describe, teach or suggest a mechanism in an input
method for calling functions or methods to be carried out by
an interface.  As mentioned above, the cited references
describe no structure that is equivalent (or even analogous)
to the input method of the claimed invention.  Likewise, the
cited references describe nothing related to a management

- 9 -

129

MOTM_WASH1823_0050109

In re Application of Toepke et al.
Serial No. 08/991,277

component that is capable of carrying out functions called by an input method.

Regarding claims 11, 12, 19, and 20 the Office action contends that Figure 5 of Mori et al. describes state information including "a flag indicative of the docked [state] of the window." Applicants respectfully submit that Figure 5 of Mori et al. is a simulated screen display showing nothing but text. There is nothing in Figure 5 even remotely related to the claimed elements. In addition, the Office Action appears to have withdrawn the previous position that the cited references disclose "a flag indicative of the displayed or hidden status of the window." Applicants respectfully request, if the Office action maintains the assertions, that a specific disclosure of those flags be identified.

Regarding claim 21, applicants could not find, nor does the Office action designate, anything in the cited references related to passing state information associated with an input panel window to an input method. If the rejection of claim 21 is maintained, applicants respectfully request a clarification of the Office action's allegations.

- 10 -

130

In re Application of Toepke et al.
Serial No. 08/991,277

Regarding claim 22, the Office Action appears to have withdrawn the previous contention that Want et al. describe toggling between a docked and floating state of an input panel window. The Office Action now appears to completely overlook this aspect of the claimed invention. Nowhere is there any discussion, mention, or hint that an input panel window may be toggled between a docked and a floating state, as defined in the specification and recited in this claim.

Impermissible Combination of References

Claims 1-50 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Mori et al. in view of Want et al. In making the rejection, the Office action states that "it would have been obvious to one of ordinary skill in the art at the time the invention was made to add an input device hardware keyboard was [sic] disclosed by Want et al. because this arrangement would help to operate of the input device." To the extent understood, applicants strongly disagree with this unsupported, broad conclusory statement, as among other reasons, a hardware keyboard is not an input method as defined in the specification and recited in the claims.

- 11 -

131

MOTM_WASH1823_0050111

In re Application of Toepke et al.
Serial No. 08/991,277

Accordingly, applicants respectfully request withdrawal of
the § 103(a) rejections of claims 1-50 based on this
unsupported and irrelevant contention in the Office action.

Moreover, in order to support an obviousness rejection,
by law there must be some teaching, suggestion, or motivation
for combining cited references to achieve the claimed
invention. See, e.g., *In re Dembiczak*, 175 F.3d 994, 50
U.S.P.Q.2d 1614 (Fed. Cir. 1999) citing *C.R. Bard, Inc. v. M3
Sys., Inc.*, 157 F.3d 1340, 1352, 48 USPQ2d 1225, 1232 (Fed.
Cir. 1998) (describing "teaching or suggestion or motivation
[to combine]" as an "essential evidentiary component of an
obviousness holding"); see also *Id.* citing *In re Fritch*, 972
F.2d 1260, 1265, 23 USPQ2d 1780, 1783 (Fed. Cir. 1992)
(examiner can satisfy burden of obviousness in light of
combination "only by showing some objective teaching [leading
to the combination]"); *In re Fine*, 837 F.2d 1071, 5 USPQ2d
1596 (Fed. Cir. 1988); *In re Jones*, 958 F.2d 347, 21 USPQ2d
1941 (Fed. Cir. 1992); *In re Geiger*, 815 F.2d 686, 688, 2
USPQ2d 1276, 1278 (Fed. Cir. 1987).

The Office action does not indicate any suggestion or
motivation in the prior art of record, either explicit or

- 12 -

132

MOTM_WASH1823_0050112

In re Application of Toepke et al.
Serial No. 08/991,277

otherwise, for combining the references in a manner that
would achieve the claimed invention, and has failed to meet
the requirement of establishing a case of *prima facie*
obviousness. Instead, the Office action provides a broad,
conclusory statement that is unsupported by the prior art of
record and substantially unrelated to the present invention.
However, such a broad conclusory statement regarding the
teaching of multiple references, standing alone, is not
evidence of obviousness. *In re Dembiczak*, 175 F.3d 994, 50
U.S.P.Q.2d 1614 (Fed. Cir. 1999).

Instead, it appears as if the Office action located
references that are substantially unrelated to the present
invention, in an attempt to piece together applicants'
invention using applicants' own teachings. However, (in
addition to failing to reach the claims even when
impermissibly combined), such a hindsight reconstruction
based on applicant's teachings is clearly impermissible by
law. For at least these additional reasons, applicants
submit that the claims of the present invention are
patentable over the prior art of record including Mori et al.

- 13 -

MOTM_WASH1823_0050113

In re Application of Toepke et al.
Serial No. 08/991,277


and Want et al., and respectfully requests withdrawal of the §103(a) rejections of the claims based thereon.


### CONCLUSION

In view of the foregoing remarks, it is respectfully submitted that claims 1-50 are in good and proper condition for allowance. Entry of the foregoing Amendment and withdrawal of the pending rejections are respectfully solicited under the provisions of 37 C.F.R. § 1.116. If in the opinion of the Examiner a telephone conference would expedite the prosecution of this application, the Examiner is invited to call the undersigned attorney at (425) 653-3520.

Signed at Bellevue, in the County of King, and State of Washington, July 20, 2000.

Respectfully submitted,

Albert S. Michalik, Reg. No. 37,395
Attorney for Applicants
Michalik & Wylie, PLLC
14645 Bel-Red Road
Suite 103
Bellevue, Washington 98007
(425) 653-3520 (telephone)
(425) 653-3603 (facsimile)

- 14 -

134

MOTM_WASH1823_0050114

In re Application of Toepke et al.

Serial No. 08/991,277

CERTIFICATE OF MAILING

    I hereby certify that this Amendment is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231.

Date: July 20, 2000

Albert S. Michalik

Albert S. Michalik

— 15 —

135

MOTM_WASH1823_0050115



$22 \mid \begin{matrix} C \\ 66\text{-}01 \\ NP \end{matrix}$

**PATENT**
Attorney Docket No. 1260

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**RECEIVED**

JUN 5  2001

Technology Center 2600

In re Application of:
**TOEPKE et al.**

Group Art Unit: 2674

Serial No.: 08/991,277

Examiner: NGUYEN, K.

Filed: December 16, 1997

**RECEIVED**

MAY 2 5 2001

Technology Center 2100

For:  SOFT INPUT PANEL
SYSTEM AND METHOD

### AMENDMENT AND RESPONSE TO OFFICE ACTION

Assistant Commissioner for Patents

Washington, D.C.  20231

05/23/2001 SMINAGS1 00000027 08991277
01 FC:103                              36.00 0P

Dear Sir:

This communication is a response to the Office action mailed December 20, 2000.

Please enter the following amendments and consider the appended remarks.

### IN THE CLAIMS:

**Please amend** claims 1, 2, 7, 16, 28, 37 and 41-44 as follows (a marked up copy of

the amended claims showing the additions and deletions to the previous version is attached

hereto as Appendix A):

1.  (Thrice Amended)  A system for receiving user data input into a computer

system having a plurality of application programs, comprising:

a plurality of input methods, each input method being an interchangeable and

executable software component that is distinct from the application programs and

- 1 -

136

In re Application of Toepᴋᴄ et al.
Serial No. 08/991,277

configured to accept the user data input from an input device associated with the computer

system,

means for receiving the user data input via a selected input method, and

a management component that is distinct from the application programs and

configured to identify one of the input methods as a selected input method, to activate the

selected input method, to communicate with the selected input method to identify

information about the received user data, and to pass the information about the received

user data to an active application program of the plurality of application programs.

2.    (Twice Amended)    The system of claim 1, further comprising an input

panel window on a touch-sensitive display screen that is distinct from a window of the

application, and wherein the input method includes an input panel and means for drawing

the input panel in the input panel window.

7.    (Twice Amended)    The system of claim 1 wherein the management

component is further configured to transfer information from the active application program

to the selected input method.

16.    (Amended)    In a computer system having a graphical windowing

environment for running applications, a method of receiving user input into the system,

comprising:

providing an interface for passing user input to the graphical windowing

environment;

- 2 -

137

In re Application of Toepke et al.
Serial No. 08/991,277

      selecting an input method from a plurality of available input methods, each input method being an executable software component distinct from the applications and separately interchangeable with respect to each of the applications;

      installing the selected input method by connecting the selected input method to the interface for communication therewith;

      receiving user input data via the input method;

      communicating information representative of the user input data to the interface; and

      passing the information from the interface to the graphical windowing environment.

C4
Cancld

---

28.    (Amended)    A system for receiving user data input into at least one of a plurality of applications of a computer system, comprising, a management component, a plurality of input methods, each input method comprising an executable software component that is interchangeable with respect to the applications and configured to receive user data when active, wherein one of the plurality of input methods is active and is operatively connected to the management component for passing user data thereto, the management component passing the data to at least one of the applications.

C5

---

37.    (Twice Amended)    A method of inputting user data into a mobile computing device to be used by at least one active application of a plurality of applications available to the device, comprising:

      selecting one input method from a plurality of input methods installed on the mobile computing device, each input method being an executable software component that is

C6
C mt



- 3 -

138

In re Application of Toepke et al.
Serial No. 08/991,277

interchangeable with respect to each active application and configured to accept the user

data input from an input device associated with the computer system;

invoking the selected input method within an input panel window displayed by the

mobile computing device; and

accepting user data entered in the input panel window in accordance with the

selected input method, wherein information corresponding to the entered user data is

supplied to each active application irrespective of the input method selected.

41.     (Amended)     A system for receiving user input into a computer system for

use with at least one executable application of a plurality of applications executable on the

computer system, comprising, a plurality of input methods, each input method comprising

an executable and interchangeable software component configured to accept input from a

user of the computer system, at least one application executing on the computer system, a

computer operating system configured to supply data to the at least one executing

application, and an interface manager operably interfaced with at least one of the plurality

of input methods for receiving user input via the at least one input method and operably

interfaced with the computer operating system to provide data corresponding to the user

input to the at least one application having focus so that the at least one input method is

independent of the at least one application having focus.

42.     (Amended)     The system of claim 41, wherein when any one of the

applications has focus, said application that has focus is operable to receive input from a

- 4 -

139

In re Application of Toeph̲ et al.
Serial No. 08/991,277

user through the operating system from any of the plurality of input methods without
modification to said application.

43.   (Amended)   The system of claim 41, further comprising a hardware
keyboard that receives at least some user input.

44.   (Amended)   A method of providing a user interface in a computer system
for receiving user input for use by an application running on the computer system,
comprising, opening a input panel window on a display of the computer system
independent of a window of the application, selecting one of a plurality of executable input
methods for supplying user input to the computer system, each input method comprising an
interchangeable software component with respect to the application, and opening an input
method window corresponding to the selected input method within the input panel window
wherein a user provides input within the input method window in accordance with the
selected input method for providing information to the application.

**Please add** claims 51 and 52 as follows:

51.   (Added)   The system of claim 1 wherein the management component
activates the selected input method by loading the selected input method into a memory for
execution thereof.

52.   (Added)   The method of claim 16 further comprising passing the
information from the graphical windowing environment to an active one of the applications.

- 5 -

140

MOTM_WASH1823_0050177

In re Application of Toepke et al.
Serial No. 08/991,277

## REMARKS

Claims 1-52 are now pending in the application. In the Office action, claims 1-50 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Mori et al., U.S. Patent No. 5,644,339 (hereafter "Mori") in view of Kono, U.S. Patent No. 5,914,707 (hereafter "Kono"). Presumably, (based on page 3 of the Office action), the claims were also rejected in view of certain drawing figures of Want et al., U.S. Patent No. 5,818,425, (hereafter "Want.") The rejections are traversed as explained in the following remarks, and reconsideration is respectfully requested.

At the outset, applicants would like to comment on the insufficiencies of the Office action. In particular, the Office action has not addressed a number of applicants' arguments in the previous Amendment filed on July 20, 2000 and entered via the Continued Prosecution Application filed on October 10, 2000. For example, applicants submitted specific arguments with respect to certain claimed subject matter, and specifically requested some explanation as to how or where these claim elements were found in the prior art of record, so that applicants could fairly analyze the Office action's interpretations and thereby reasonably address the rejections. However, the Office action has again rejected all of the pending claims in a single consolidated rejection that does not individually address any of the individual claims, and instead only generally alleges, with mostly irrelevant citations, that various claimed subject matter is somehow present therein.

Considering one of many possible examples, presumably to reject the claims that deal with states, flags and/or docked or undocked windows, the Office action only generally refers to FIG. 5 of Mori to allege that "the state information includes a flag indicative of the

- 6 -

MOTM_WASH1823_0050178

In re Application of Toepke et al.
Serial No. 08/991,277

docked of the window." Office action at page 3. However FIG. 5 of Mori (and its
accompanying text) merely show a single screen of displayed data, and Mori is otherwise
silent as to state information, flags, a docked state of a window as so on, as previously
pointed out by applicants. Although applicants thus previously traversed these rejections,
and specifically requested (if the rejection was maintained) a fair explanation of how FIG. 5
of Mori somehow discloses the recited subject matter, the Office action ignored the request
and simply repeated the same general, unsustainable allegation. Applicants respectfully
remind the Examiner of the requirement to answer all material traversed (see M.P.E.P.
707.07(f)), and submit that simply repeating a clearly erroneous and unsupportable
allegation citing an unrelated drawing figure is not a reasonable answer to applicants'
traversal. Nevertheless, although frustrated by the Office action's failure to address certain
claimed subject matter and/or applicants' traversals of the rejections, applicants will again
attempt to point out the substantial inadequacies in the prior art of record with respect to the
subject matter recited in the claims.

Claims 1-50 were rejected under 35 U.S.C. § 103(a) as being unpatentable over
Mori in view of Kono. Applicants submit that these rejections are clearly improper for a
number of reasons, including that whether considered alone or in any permissible
combination, neither Mori nor Kono not disclose, suggest or provide any motivation for the
subject matter of the claimed invention, and that in any event, it is impermissible by law to
combine these references. In particular, neither Mori nor Kono disclose, suggest or provide
any motivation for interchangeable and executable software input methods that are distinct,
separate and/or independent from the application programs that receive data from them,
and/or a management component that is distinct from the application programs.

- 7 -

MOTM_WASH1823_0050179

In re Application of Toepke et al.
Serial No. 08/991,277

The present invention is generally directed to applications that can receive data from one of a plurality of interchangeable software components known as input methods. Such input methods are not part of the application programs, but instead are separate software entities from the application programs and may be selected and used with a plurality of different application programs, e.g., a currently active application program. Input methods are *interchangeable and executable* in that, for example, a user can input text data into one (e.g., a word processing) application program via a keyboard-like input method, and then select a different input method such as one that does speech-to-text recognition, to input other text data into the *same* application. Moreover, the *same* keyboard-like input method and speech-to-text recognition input method may be used with a completely different (e.g., a spreadsheet) application program. In other words, an application A may work with any of input methods M1, M2, or M3, while another application B may work with any of the input methods M1, M2, or M3 and so on, (although there is no requirement that every single application work with every distinct input method). Also, as understood from the specification of the present invention, the fact that the input methods and applications are separate, independent software entities does not mean that an application cannot communicate with the selected input method, or have a preferred or default input method, and so on. Applicants note that the Office action essentially cites Figures 1-5 of Want as disclosing a plurality of applications, however applicants do not see where this is present in the Figures, and can find no textual description in Want in support of such a conclusion. The deficiencies of Want have been discussed in applicants' prior responses, and will not be repeated hereinafter.

- 8 -

143

In re Application of Toepke et al.
Serial No. 08/991,277

In contrast to the present invention, considering first the Mori reference, as the Office action has done, Mori is directed to a device that runs a single application program in various operating modes such as a "schedule mode" or an "address note" mode. Although Mori's application changes what it displays depending on the mode, these displays are not input methods, but part of the application itself. This is true even if each of Mori's operating modes could be analogized to a separate application, as there is only one screen displayed per "application" (actually mode), and, for example, there is no disclosure in Mori that the "address note" input screen could be used with the "memo" input screen of Mori, nor is there any suggestion that this might be somehow desirable or even possible.

Nevertheless, the Office action (at page 2 thereof) alleges that Mori shows "a plurality of input methods (15A-15E)." However, a fair reading of Mori shows that 15A-15D are sections of memory which are data input buffers or areas into which data is copied from the input buffers. Mori, column 5, lines 6-22. Data in different formats (e.g., recognized words/symbols or unrecognized data) are copied into these buffers for access by the various modes of the application, while the memory section 15E of Mori is the area of memory in which the application program resides. *Id.* These hardware memory sections of Mori, whether or not Mori's described user input data are present therein, are simply not *executable* software input methods as defined in the specification and recited in the claims, not by any reasonable interpretation. In fact, the Office action appears to have confused the entered data of Mori with the entity that puts it into memory. Indeed, the only components in Mori that appear to deal with getting user input data to Mori's application are the coordinate detector (labeled 12 in Mori) and the character symbol recognition device

- 9 -

MOTM_WASH1823_0050181

In re Application of Toepke et al.
Serial No. 08/991,277

(labeled 13 in Mori), neither of which are selectable, interchangeable and/or executable software input methods as defined in the specification and recited in the claims.

The Office action (at page 2 thereof) further alleges that Mori shows "a management component configured to identify one of the input methods as the selected input method." This is simply not true. In Mori, any "management" is performed by the application program. In other words, Mori describes a system (like many other systems) in which a single application program changes what the application program itself outputs on a display depending on the current operating mode of the application. In direct contrast, the management component of the present invention is distinct from the application programs, and provides a mechanism by which interchangeable input methods can be selected, displayed and/or provide information to an active application (of a plurality of applications). These differences are significant, because, for example, the architecture of the present invention including the management component enables the selection among various input methods for communication with whatever application program is active (e.g., has focus), which Mori simply does not disclose or even suggest.

The Office action concedes that "Mori et al. do not disclose an interchangeable software component configured to accept the user data input from an input device associated with the computer system." However, the Office action contends that "Kono discloses in figures 7 and 10 that an interchangeable software component (21A) [is] configured to accept the user data input from an input device associated with the computer system (see figure 7, column 8, lines 28-37 and column 9, lines 37-45)." This contention cannot be reasonably supported, because among other significant differences, the component 21A of Kono is an insertable RAM IC memory card, not a software input

- 10 -

MOTM_WASH1823_0050182

In re Application of Toepke et al.
Serial No. 08/991,277

method. A hardware memory card is not software, and a memory card that plugs into a slot on a computing device does not reasonably disclose or suggest an interchangeable software component, let alone a selectable, interchangeable and executable software input method that receives user data input from an input device and communicates with a management component to pass information about the received user data to an active application program (e.g., claim 1). Indeed, such a memory card is wholly unrelated to an input method as recited in the claims, and it is clearly unreasonable to reject a claim by focusing on one term such as "interchangeable" while completely ignoring the other significant differences of such an element. In fact, a manually pluggable memory card does not come close to reasonably suggesting or providing any motivation for a software input method, let alone one that is "an interchangeable and executable software component that is distinct from the application programs" (see e.g., claim 1).

In sum, each of the independent claims clearly recite subject matter that is neither taught nor suggested by the prior art of record, whether considered alone or in any permissible combination. For at least the foregoing reasons, applicants submit that the claims are clearly patentable over the prior art of record, and respectfully request reconsideration and withdrawal of the rejections.

Considering next some of the dependent claims, for example, claim 2 recites an "input panel window ... that is distinct from a window of the application." Although it is unclear as to which parts of the Office action's overall rejection apply to which claims, it is clear that each of Mori's and/or Kono's display screens are part of the application, i.e., one per operating mode (or per application). These are clearly not input methods, let alone do they somehow suggest an input panel window into which the input method draws an input

- 11 -

MOTM_WASH1823_0050183

In re Application of Toepke et al.
Serial No. 08/991,277

panel. Claim 7 generally refers to the application program communicating some information back to the selected input method, which of course Mori and/or Kono do not contemplate, since neither discloses or suggests an input method. Claim 8 recites that the input method includes a mechanism for calling functions to be carried out by the management component, and the management component includes a mechanism for calling functions to be carried out by the input method. Neither Mori nor Kono disclose or suggest an input method or management component, and thus these rejections cannot be reasonably supported. The Office action is silent regarding any interface in Mori and/or Kono, and thus does not address how the claims that recite an interface (e.g., of an object) are disclosed or suggested by the prior art of record. Moreover, the failure of the Office action to fairly explain or provide information in support of the rejections of the claims related to state information, flags, docked window states and so on (e.g., claims 10-12) has been previously mentioned. In sum, applicants submit that the dependent claims are further patentable over the prior art of record, yet the Office action has ignored and/or failed to fairly address the subject matter clearly recited in a number of the dependent claims. Applicants respectfully request withdrawal of these unsupported rejections.

Considering the 35 U.S.C. § 103(a) of claims 1-50 over Mori in view of Kono as a whole, as the Office action has done, in making the rejection, the Office action contends that, "it would have been obvious to one of ordinary skill in the art at the time the invention was made to add an interchangeable software component and the keyboard of Kono to the system display disclosed by Mori et al. because this arrangement would alternatively operate via another input device and help to operate of [sic] the display device." Applicants strongly disagree with this unsupported, broad conclusory statement, as to the

- 12 -

147

MOTM_WASH1823_0050184

In re Application of Toepke et al.
Serial No. 08/991,277

extent it is understood, this statement indicates a fundamental misunderstanding of the
present invention. Not only do Mori and/or Kono fail to disclose, suggest or provide any
motivation for an interchangeable software component (as discussed above), but further, the
purpose of the present invention is *not* to help operate the display device. It is unclear from
this statement how helping the operation of the display device would lead one of ordinary
skill in the art to combine these references, or why this might be desirable, or what might be
accomplished thereby, let alone how the present invention could somehow result from such
a combination.

     In order to support an obviousness rejection, by law there must be some teaching,
suggestion, or motivation for combining cited references to achieve the claimed invention.
See, e.g., *In re Dembiczak*, 175 F.3d 994, 50 U.S.P.Q.2d 1614 (Fed. Cir. 1999) citing *C.R.
Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1352, 48 USPQ2d 1225, 1232 (Fed. Cir. 1998)
(describing "teaching or suggestion or motivation [to combine]" as an "essential evidentiary
component of an obviousness holding");  see also *Id.* citing *In re Fritch*, 972 F.2d 1260,
1265, 23 USPQ2d 1780, 1783 (Fed. Cir. 1992) (examiner can satisfy burden of obviousness
in light of combination "only by showing some objective teaching [leading to the
combination]"); *In re Fine*, 837 F.2d 1071, 5 USPQ2d 1596 (Fed. Cir. 1988); *In re Jones*,
958 F.2d 347, 21 USPQ2d 1941 (Fed. Cir. 1992); *In re Geiger*, 815 F.2d 686, 688, 2
USPQ2d 1276, 1278 (Fed. Cir. 1987).

     The Office action does not indicate any suggestion or motivation in the prior art of
record, either explicit or otherwise, for combining the references in a manner that would
achieve the claimed invention, and has failed to meet the requirement of establishing a case
of *prima facie* obviousness. Instead, the Office action provides a broad, conclusory

- 13 -

MOTM_WASH1823_0050185

In re Application of Toepke et al.
Serial No. 08/991,277

statement that is unsupported by the prior art of record and substantially unrelated to the present invention. However, such a broad conclusory statement regarding the teaching of multiple references, standing alone, is not evidence of obviousness. *In re Dembiczak*, 175 F.3d 994, 50 U.S.P.Q.2d 1614 (Fed. Cir. 1999).

Instead, it appears as if the Office action located references that are substantially unrelated to the present invention, in an attempt to piece together applicants' invention using applicants' own teachings. However, (in addition to failing to reach the claims even when impermissibly combined), such a hindsight reconstruction based on applicant's teachings is clearly impermissible by law. For at least these additional reasons, applicants submit that the claims of the present invention are patentable over the prior art of record including Mori, Kono and/or Want et al., and respectfully request withdrawal of the §103(a) rejections of the claims based thereon.

## CONCLUSION

Applicants have reviewed the prior art of record. None of these references appear to affect the patentability of applicants' claims. In view of the foregoing remarks, it is respectfully submitted that claims 1-52 are in good and proper condition for allowance. Entry of the foregoing Amendment and withdrawal of the pending rejections are respectfully requested. If in the opinion of the Examiner a telephone conference would expedite the prosecution of this application, the Examiner is invited to call the undersigned attorney at (425) 653-3520.

- 14 -

MOTM_WASH1823_0050186

In re Application of Toepke et al.
Serial No. 08/991,277

Signed at Bellevue, in the County of King, and State of Washington, May 18, 2001.

Respectfully submitted,

*Albert S. Michalik*

Albert S. Michalik, Reg. No. 37,395
Attorney for Applicants
Michalik & Wylie, PLLC
14645 Bel-Red Road
Suite 103
Bellevue, Washington 98007
(425) 653-3520 (telephone)
(425) 653-3603 (facsimile)

---

## CERTIFICATE OF MAILING

I hereby certify that this Amendment is being deposited with the United States

Postal Service on the date shown below with sufficient postage as first class mail in an

envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231.

Date: May 18, 2001

*Albert S. Michalik*

Albert S. Michalik

- 15 -

150

MOTM_WASH1823_0050187

In re Application of Toepke et al.
Serial No. 08/991,277

## APPENDIX A

*(marked up copy of the claims amended herein showing the additions and deletions to the previous version)*

1. (Thrice Amended)    A system for receiving user data input into a computer system having [an] a plurality of application programs, comprising:

a plurality of input methods, each input method being an interchangeable and executable software component that is distinct from the application programs and configured to accept the user data input from an input device associated with the computer system,

means for receiving the user data input via a selected input method, and

a management component that is distinct from the application programs and configured to identify one of the input methods as [the] a selected input method, to [load] activate the selected input method [into memory], to communicate with the selected input method to identify information about the received user data, and to pass the information about the received user data to [the] an active application program of the plurality of application programs.

2. (Twice Amended)    The system of claim 1, further comprising an input panel window on a touch-sensitive display screen that is distinct from a window of the application, and wherein the input method includes an input panel and means for drawing the input panel in the input panel window.

- 16 -

MOTM_WASH1823_0050188

In re Application of Toepke et al.
Serial No. 08/991,277

7.    (Twice Amended)    The system of claim 1 wherein the management

component is further configured to transfer information from the <u>active</u> application program

to the selected input method.

16.    (Amended)    In a computer system having a graphical windowing

environment for running [windows-based] applications, a method of receiving user input

into the system, comprising [the steps of,]:

providing an interface for passing user input to the graphical windowing

environment[,];

selecting an input method from a plurality of available input methods<u>, each input</u>

<u>method being an executable software component distinct from the applications and</u>

<u>separately interchangeable with respect to each of the applications</u>[,];

installing the selected input method by connecting the <u>selected</u> input method to the

interface for communication therewith[,];

receiving user input data via the input method[,];

communicating information representative of the user input data to the interface[,];

and

passing the information from the interface to the graphical windowing environment.

28.    (Amended)    A system for receiving user data input into at least one of a

plurality of applications of a computer system, comprising, a management component, a

plurality of input methods, each input method [for receiving] <u>comprising an executable</u>

<u>software component that is interchangeable with respect to the applications and configured</u>

- 17 -

MOTM_WASH1823_0050189

In re Application of Toepke et al.
Serial No. 08/991,277

to receive user data when active, wherein one of the plurality of input methods is active and is operatively connected to the management component for passing user data thereto, the management component passing the data to at least one of the applications [independent of the input method used].

37.   (Twice Amended)   A method of inputting user data into a mobile computing device to be used by [an] at least one active application of a plurality of applications available to the device, comprising [the steps of]:

selecting one input method from a plurality of input methods installed on the mobile computing device, each input method being an executable software component that is interchangeable with respect to each active application and configured to accept the user data input from an input device associated with the computer system;

invoking the selected input method within an input panel window displayed by the mobile computing device; and

accepting user data entered in the input panel window in accordance with the selected input method, wherein information corresponding to the entered user data is supplied to [the] each active application irrespective of the input method selected.

41.   (Amended)   A system for receiving user input into a computer system for use with at least one executable application of a plurality of applications executable on the computer system, comprising, a plurality of input methods, each input method [for accepting] comprising an executable and interchangeable software component configured to accept input from a user of the computer system, at least one application [having current

- 18 -

153

In re Application of Toepke et al.
Serial No. 08/991,277

focus] underline executing on the computer system, a computer operating system [designed to accept user input from at least one standard input device and for supplying said user input] underline configured to supply data to the at least one underline executing application [having focus], and an interface manager operably interfaced with at least one of the plurality of input methods for underline receiving [transforming the] underline user input [from the user] via the at least one input method [to correspond to input from said at least one standard input device] and operably interfaced with the computer operating system underline to provide data corresponding to the user input to the at underline least one application having focus so that the at least one input method is [not constrained by] underline independent of the at least one application having focus.


42.   (Amended)   The system of claim 41, [further comprising a plurality of applications executable on the computer system such that] underline wherein when any one of the applications [is focused] underline has focus, said application that [is focused] underline has focus is operable to receive input from a user through the operating system from any of the plurality of input methods without modification to said application.


43.   (Amended)   The system of claim 41, [wherein the standard input device comprises] underline further comprising a hardware keyboard underline that receives at least some user input.


44.   (Amended)   A method of providing a user interface in a computer system for receiving user input for use by an application running on the computer system, comprising [the steps of], opening a input panel window on a display of the computer system underline independent of a window of the application, selecting one of a plurality of

- 19 -

MOTM_WASH1823_0050191

In re Application of Toepke et al.
Serial No. 08/991,277

executable input methods for supplying user input to the computer system, each input

method comprising an interchangeable software component with respect to the application,

and opening an input method window corresponding to the selected input method within

the input panel window wherein a user provides input within the input method window in

accordance with the selected input method for providing information to the application.

- 20 -

155

MOTM_WASH1823_0050192