The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION.,<br><br>Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, April 13, 2012** |

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") respectfully move this Court for leave to file under seal the following:

1. Defendants' Motion for Partial Summary Judgment;

2. Exhibits 1-6, 10, 11, and 26 to the Declaration of Kevin J. Post; and

3. The Declaration of K. McNeill Taylor, Jr.

## II. BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. D.I. 72. This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   D.I. 72 at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and

2   states in relevant part that:

3   > During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

5   D.I. 72 at 2.

6       Thus, the Protective Order provides that Motorola may request to seal documents by

7   formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of

8   Washington.  Local Rule CR 5(g)(3) states that:

10  > If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

15      Similarly, federal law recognizes that courts should protect trade secrets or other

16  confidential commercial information by reasonable means, permitting the filing under seal of

17  documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a

18  court may require that (1) "a trade secret or other confidential research, development, or

19  commercial information not be revealed or be revealed only in a specified way" and (2) "the

20  parties simultaneously file specified documents or information in sealed envelopes…").

21      Though courts recognize a general right to inspect and copy public records and documents,

22  including judicial records, the United States Supreme Court has stated that this right is limited.

23  "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory

24  power over its own records and files, and access has been denied where court files might have

25  become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

(1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

III.  THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the following documents under seal for the stated reasons:

A.  Defendants' Motion for Partial Summary Judgment ("Motion")

Motorola respectfully requests that its Motion be filed under seal because of extensive citation to, and description of, (1) confidential communications between the legal departments of Motorola and Microsoft and (2) licensing agreements entered into between Motorola and certain third parties. Because this information is contained in the Motion, Motorola has marked this document as containing "OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

The communications referenced in the Motion were kept confidential by the parties and certain information may be protected in part by a non-disclosure agreement between them. Furthermore, the licensing information contained in the Motion is highly confidential and proprietary business information. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. In lieu of sealing the entire Motion, Motorola has redacted only those portions of its brief

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

that disclose this highly confidential information. Redactions were made to limit as little information as possible, leaving the remainder available for public review.

B.    Exhibits 1-6, 10, 11, and 26 to the Declaration of Kevin J. Post

Exhibit 1 is a true and correct copy of the transcript of the deposition of K. McNeill Taylor, Jr., which was designated Highly Confidential and taken under oath in New York, NY, on March 20, 2012 (filed under seal).

Throughout his testimony, Mr. Taylor disclosed highly confidential information about Motorola's licenses, licensing history, internal business practices, and confidential communications between the parties' respective legal departments. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the transcript, Exhibit 1 should be sealed in its entirety.

Exhibit 2 is a is a true and correct copy of selected pages from the transcript of the January 20, 2012 hearing held in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw, which reproduces the confidential sworn testimony given by Kirk W. Dailey in that hearing.

This sworn testimony was given during a Confidential session in the ITC hearing and is covered by the Protective Order in that case. Pursuant to an agreement between the parties, this testimony was produced and may be relied upon in this case. It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only." Accordingly, this confidential information is covered by the protective order in both cases. Throughout his testimony, Mr. Dailey disclosed highly confidential information about Motorola's licenses, licensing history and internal business practices. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the transcript, Exhibit 2 should be sealed in its entirety.

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  Exhibit 3 is a true and correct copy of the Direct Testimony of Kirk W. Dailey, marked as
2  Hearing Exhibit CX-715C and admitted into evidence in *In The Matter of Certain Gaming and*
3  *Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752
4  (U.S.I.T.C.) by ALJ Shaw.

5  This testimony was marked as containing Confidential Business Information and was
6  admitted as a Confidential Hearing Exhibit in ITC Inv. No. 337-TA-752. Pursuant to an
7  agreement between the parties, this testimony was produced and may be relied upon in this case.
8  It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential
9  Business Information, Subject to Protective Order – Attorneys' Eyes Only." Accordingly, this
10 confidential information is covered by the protective order in both cases. Throughout his
11 testimony, Mr. Dailey disclosed highly confidential information about Motorola's licenses,
12 licensing history and internal business practices. Disclosure of this information to third parties
13 and other party employees not covered by the protective order would have the potential to lead to
14 competitive harm. Due to presence of this highly confidential information throughout the exhibit,
15 Exhibit 3 should be sealed in its entirety.

16 Exhibit 4 is a true and correct copy of the Rebuttal Testimony of Kirk Dailey, marked as
17 Hearing Exhibit CX-778C and admitted into evidence in *In The Matter of Certain Gaming and*
18 *Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752
19 (U.S.I.T.C.) by ALJ Shaw).

20 This testimony was marked as containing Confidential Business Information and was
21 admitted as a Confidential Hearing Exhibit in ITC Inv. No. 337-TA-752. Pursuant to an
22 agreement between the parties, this testimony was produced and may be relied upon in this case.
23 It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential
24 Business Information, Subject to Protective Order – Attorneys' Eyes Only." Accordingly, this
25 confidential information is covered by the protective order in both cases. Throughout his
26 testimony, Mr. Dailey disclosed highly confidential information about Motorola's licenses,

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

licensing history and internal business practices. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the exhibit, Exhibit 4 should be sealed in its entirety.

Exhibit 5 is a true and correct copy of the June 1, 2010 Patent Cross License Agreement entered into between Motorola, Inc. and Research In Motion Ltd., marked as Hearing Exhibit CX-93C and admitted into evidence in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw.

This license agreement is a highly confidential agreement between Motorola, Inc. and Research In Motion, Ltd., a non-party to this litigation. Although the agreement indicates that the parties may disclose its existence to third parties, the terms of the agreement were kept in confidence. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the license, Exhibit 5 should be sealed in its entirety.

Attached as Exhibit 6 is a true and correct copy of the Rebuttal Expert Testimony of Dr. David J. Teece, marked as Hearing Exhibit CX-759C and admitted into evidence in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw.

This testimony was marked as containing Confidential Business Information and was admitted as a Confidential Hearing Exhibit in ITC Inv. No. 337-TA-752. Pursuant to an agreement between the parties, this testimony was produced and may be relied upon in this case. It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only." Accordingly, this confidential information is covered by the protective order in both cases. Throughout his testimony, Dr. Teece disclosed highly confidential information about Motorola's licenses and

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

licensing history.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Due to presence of this highly confidential information throughout the exhibit, Exhibit 6 should be sealed in its entirety.

Attached as Exhibit 10 is a true and correct copy of the Rebuttal Expert Witness Testimony of Richard J. Holleman, marked as Hearing Exhibit CX-758C and admitted into evidence in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw.

This testimony was marked as containing Confidential Business Information and was admitted as a Confidential Hearing Exhibit in ITC Inv. No. 337-TA-752.  Pursuant to an agreement between the parties, this testimony was produced and may be relied upon in this case.  It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only."  Accordingly, this confidential information is covered by the protective order in both cases.  Throughout his testimony, Mr. Holleman disclosed highly confidential information about Motorola's licenses and licensing history.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Due to presence of this highly confidential information throughout the exhibit, Exhibit 10 should be sealed in its entirety.

Attached as Exhibit 11 is a true and correct copy of selected pages from the transcript of the January 20, 2012 hearing held in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw, which reproduces the confidential sworn testimony given by Dr. David J. Teece

This sworn testimony was given during a Confidential session in the ITC hearing and is covered by the Protective Order in that case.  Pursuant to an agreement between the parties, this testimony was produced and may be relied upon in this case.  It has been marked as "Contain[ing]

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to
2   Protective Order – Attorneys' Eyes Only." Accordingly, this confidential information is covered
3   by the protective order in both cases. Throughout his testimony, Dr. Teece disclosed highly
4   confidential information about Motorola's licenses and licensing history. Disclosure of this
5   information to third parties and other party employees not covered by the protective order would
6   have the potential to lead to competitive harm. Due to presence of this highly confidential
7   information throughout the transcript, Exhibit 11 should be sealed in its entirety.

8   Attached as Exhibit 26 is a true and correct copy of a document bearing production number
9   MS-MOTO_1823_00002288984, which comprises a redacted email communication to certain
10  Microsoft legal employees, along with an un-redacted email communication from Brad Smith,
11  Microsoft's General Counsel and Executive Vice President, Legal and Corporate Affairs to Scott
12  Offer, Motorola's Senior Vice President and General Counsel.

13  This document was produced by Microsoft and was marked as "CONFIDENTIAL
14  BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." In accordance with the
15  protective order in this case, this communication should not be disclosed to third parties and other
16  party employees not covered by the protective order. Accordingly, Exhibit 26 should be sealed in
17  its entirety.

18  C.   The Declaration of K. McNeill Taylor, Jr. ("Taylor Declaration")

19  The Taylor Declaration references information and communications exchanged between
20  the parties that was kept confidential and may be covered in part by a non-disclosure agreement.
21  The Taylor Declaration also discloses and summarizes the details of highly confidential and
22  proprietary information relating to Motorola licenses with third parties and Motorola licensing
23  practice, information believed to be of substantial value to Motorola. Disclosure of this
24  information to third parties and other party employees not covered by the protective order would
25  have the potential to lead to competitive harm. In lieu of sealing the entire Taylor Declaration,
26  Motorola has redacted only those portions that disclose this highly confidential information.

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1 Redactions were made to limit as little information as possible, leaving the remainder available for
2 public review.

3 IV.     CONCLUSION

4   For the foregoing reasons, Motorola respectfully requests that this Court order that the
5 following documents be filed under seal:

6   1.  Defendants' Motion for Partial Summary Judgment;

7   2.  Exhibits 1-6, 10, 11, and 26 to the Declaration of Kevin J. Post; and

8   3.  The Declaration of K. McNeill Taylor, Jr.

  DATED this 30th day of March, 2012.

            SUMMIT LAW GROUP PLLC

            By */s/ Ralph H. Palumbo*
              Ralph H. Palumbo, WSBA #04751
              Philip S. McCune, WSBA #21081
              Lynn M. Engel, WSBA #21934
              *ralphp@summitlaw.com*
              *philm@summitlaw.com*
              *lynne@summitlaw.com*

            By */s/ K. McNeill Taylor, Jr.*
              K. McNeill Taylor, Jr.
              MOTOROLA MOBILITY, INC.
              MD W4-150
              600 North U.S. Highway 45
              Libertyville, IL  60048-1286
              Phone:  858-404-3580
              Fax:  847-523-0727

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   And by

2   Steven Pepe (*pro hac vice*)
    Jesse J. Jenner (*pro hac vice*)
3   Stuart W. Yothers (*pro hac vice*)
    Ropes & Gray LLP
4   1211 Avenue of the Americas
    New York, NY  10036-8704
5   (212) 596-9046
    *steven.pepe@ropesgray.com*
6   *jesse.jenner@ropesgray.com*
    *stuart.yothers@ropesgray.com*
7
    Norman H. Beamer (*pro hac vice*)
8   Gabrielle E. Higgins (*pro hac vice*)
    Ropes & Gray LLP
9   1900 University Avenue, 6th Floor
    East Palo Alto, CA  94303-2284
10  (650) 617-4030
    *norman.beamer@ropesgray.com*
11  *gabrielle.higgins@ropesgray.com*

12  Paul M. Schoenhard (*pro hac vice*)
    Kevin J. Post (*pro hac vice*)
13  Ropes & Gray LLP
    One Metro Center
14  700 12th Street NW, Suite 900
    Washington, DC  20005-3948
15  (202) 508-4693
    *paul.schoenhard.@ropesgray.com*
16  *kevin.post@ropesgray.com*

17  **Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**
18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP
*arthurh@dhlt.com*
*chrisw@dhlt.com*
*shanec@dhlt.com*

Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
Richard A. Cederoth, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Sidley Austin LLP
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*rcederoth@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 30th day of March, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001