HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                     Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., et al.,<br><br>                     Defendants. | No. C10-1823-JLR<br><br>MICROSOFT'S 3/30/12 MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>**NOTED FOR:**<br>**Friday, April 20, 2012** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>                     Defendant. | |

## I.  RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal the following documents:

(1)   Limited Portions of Microsoft's Motion for Summary Judgment of Breach of Contract ("Motion for Summary Judgment"); and

(2)   Exhibits 12 and 15-19 to the Declaration of Christopher Wion in Support of Microsoft's Motion for Summary Judgment (the "3/30/12 Wion Declaration").

MICROSOFT'S 3/30/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 1

**No. C10-1823**

Microsoft seeks to file the foregoing materials under seal because they contain information that has been identified by either Microsoft or Motorola as confidential business information under the terms of the operative protective order issued in this case and/or in separate litigation between the parties.

For these reasons, and as more fully described below, compelling reasons exist for protecting the confidentiality of these documents. Microsoft respectfully requests permission to file the above-referenced documents under seal and that the Court direct such documents to remain under seal. Microsoft is filing a redacted version of its Motion for Summary Judgment as part of the public record.

## II.   FACTS & AUTHORITY

**A.   The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 11, 2011, Microsoft is permitted to file materials designated by either party as Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony,

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

MICROSOFT'S 3/30/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 2

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

> shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a dispositive motion upon a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." *Id.*; *see also Kakakama v. City and Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In determining whether compelling reasons exist, the Court weighs relevant factors such as "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Dish Network, L.L.C. v. Sonicview USA, Inc.*, 2009 U.S. Dist. LEXIS 73857, *2-3 (S.D. Cal. Aug. 20, 2009), *citing Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 n.6 (9th Cir. 2009). Where the material sought to be sealed "includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets

MICROSOFT'S 3/30/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 3

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

outweighs the general public interest in understanding the judicial process." *Selling Source, LLC*, 2011 U.S. Dist. LEXIS 49664, at *18.

Further, while the public generally enjoys a right to inspect and copy public records, "it is uncontested … that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978). As the Court recognized, one such "improper purpose" is where the commercial business information at issue is sought to be used as a "source[] of business information that might harm a litigant's competitive standing." *Id.* (denying access to copies of tapes played at trial and noting that courts refused public access to their files where granting such access might "become a vehicle for improper purposes," including causing a litigant competitive harm). Compelling reasons exist to grant Microsoft's motion to seal.

**B.    Compelling Reasons Exist for Filing and Maintaining under Seal Documents that Disclose Non-Public and Commercially Sensitive Information.**

1. The Above-Referenced Exhibits to the 3/30/12 Wion Declaration Should Be Filed under Seal

Exhibit 16 to the 3/30/12 Wion Declaration is a true and correct copy of the Rebuttal Testimony of Walter Leland Rossini, submitted in ITC Investigation No. 337-TA-752, *In the Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof* (hereafter, the "'752 Action"). Mr. Rossini is Microsoft's Senior Director of Marketing for Xbox. Mr. Rossini's Rebuttal Testimony in the '752 Action includes non-public and commercially sensitive information regarding the adverse impact on Microsoft, its partners, and consumers, if Motorola's efforts to obtain an exclusion order in the ITC as to the Xbox were successful. Mr. Rossini's Rebuttal Testimony was designated as Confidential Business Information subject to the protective order issued in the '752 Action and should

MICROSOFT'S 3/30/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 4

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

remain similarly protected in this action. Public disclosure of the business information contained in Exhibit 16 would create an unreasonable risk of commercial harm to Microsoft without any countervailing benefit to the public. Based on the foregoing, compelling reasons exist to maintain Exhibit 16 under seal.

Exhibit 12 consists of true and correct excerpts from the transcript of the hearing in the '752 Action that were contemporaneously designated as confidential for purposes of that action. Exhibit 12 includes testimony provided by various Motorola witnesses as well as a third party witness, Jennifer Ochs. The testimony provided by Motorola's witnesses discloses information that Motorola asserts is confidential, including descriptions of various licensing agreements with third parties. Ms. Ochs is the director of IP litigation of third party Marvell Semiconductor, Inc. The testimony of Ms. Ochs discloses confidential commercial information of Marvell, including as it relates to Marvell's customers and its licensing negotiations with Motorola. Accordingly, compelling reasons exist to maintain Exhibit 12 under seal.

Exhibits 15, 17, 18, and 19 are documents that Motorola has designated as containing confidential business information. Exhibit 15 is a copy of the Direct Testimony of Kirk Dailey, submitted in the '752 Action. Exhibit 17 consists of excerpts from the March 20, 2012 deposition of K. McNeill Taylor, Jr., taken in this action. Exhibit 18 is a copy of Motorola's license agreement with a third party. Exhibit 19 consists of excerpts from the March 20, 2012 30(b)(6) deposition of Mr. Taylor, taken in this action. Under the terms of the Protective Order, because Motorola has designated these documents as containing confidential business information, Microsoft is required to file such documents under seal.

MICROSOFT'S 3/30/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 5

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

2. <u>Microsoft's Motion for Summary Judgment Includes References to Confidential Information Contained in the Above-Referenced Exhibits, which Should Be Redacted</u>

Microsoft's Motion for Summary Judgment includes references to and descriptions of the confidential information contained in the above-referenced exhibits to the Wion Declaration. To the extent that the Court determines that those exhibits may be filed under seal, and should remain under seal, Microsoft's Motion for Summary Judgment should be redacted to avoid disclosure of the confidential information contained in those exhibits. Microsoft is seeking to file under seal only those limited portions of its Motion for Summary Judgment that contain information that should be protected from public disclosure under the governing standards outlined above. While a complete and unredacted version of the Motion for Summary Judgment is being filed under seal, Microsoft is filing a redacted version as part of the public record.

### III.   CONCLUSION

Microsoft has filed the above-referenced documents under seal based on its good faith belief that such material qualifies for protection under the terms of the Protective Order and the applicable Court rules. A [Proposed] Order Granting Microsoft's 3/30/12 Motion to File Documents Under Seal has been submitted herewith.

DATED this 30th day of March, 2012.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP


By     s/ Arthur W. Harrigan
       Arthur W. Harrigan, Jr., WSBA #1751
       Christopher Wion, WSBA #33207
       Shane P. Cramer, WSBA #35099

       s/ T. Andrew Culbert
       T. Andrew Culbert, WSBA #35925
       David E. Killough, WSBA #40185
       MICROSOFT CORPORATION

MICROSOFT'S 3/30/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 6

No. C10-1823

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080; Fax:  425-869-1327

3

4

5

6

David T. Pritikin, *Pro Hac Vice*
Richard A. Cederoth, *Pro Hac Vice*
Douglas I. Lewis, *Pro Hac Vice*
John W. McBride, *Pro Hac Vice*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000; Fax:  312-853-7036

7

8

9

10

Brian R. Nester, *Pro Hac Vice*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000; Fax:  202-736-8711

11

Counsel for Microsoft Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT'S 3/30/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 7

No. C10-1823

# CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Ralph Palumbo
Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

          s/ Linda Bledsoe
LINDA BLEDSOE

MICROSOFT'S 3/30/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 8

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717