The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

Defendants.

CASE NO. C10-1823-JLR

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**NOTED ON MOTION CALENDAR: April 20, 2012**

REDACTED

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

I, DR. MARCUS GROSCH, declare as follows:

1.      I am a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP in Mannheim, Germany, and am counsel to Motorola Mobility, Inc. and General Instrument Corp. ("Motorola").   I am a member in good standing of the German bar (Rechtsanwaltskammer Karlsruhe).

2.      I submit this declaration in support of Defendants' Opposition to Microsoft's Motion for a Temporary Restraining Order and Preliminary Injunction, submitted concurrently herewith.

3.      I have been asked to provide a summary of (1) the *Orange-Book-Standard* case, which provides a procedure for adjudicating essential patent claims in Germany called the "Orange Book" defense; (2) the status of the proceedings in *General Instrument Corp. v. Microsoft Corporation, et. al.*, Docket No. 2 O 376/11 in the Regional Court of Mannheim, Second Civil Chamber, currently pending between the parties, including the Orange Book offers made by Microsoft to date; and (3) the Orange Book procedure that will be followed going forward in that case.

### The "Orange Book" Case and the "Orange Book" Defense

4.      The *Orange-Book-Standard* case, No. KZR 39/06, was decided on May 6, 2009, by the German Federal Supreme Court [BGH].

5.      In *Orange-Book-Standard*, the court considered infringement claims regarding Plaintiff Philips's patent on recordable and rewritable optical data carriers (e.g., CD-R and CD-RW discs).   According to Philips, the patent covered technology essential to the Compact Disc ("CD") standard (called the "Orange Book").   Several unlicensed Defendants, were accused of infringement based on their distribution of accused CD-R and CD-RW devices throughout Europe. Philips filed a patent infringement claim in the District Court of Mannheim seeking to prevent the unlicensed use of the technology by the defendants.   The District Court of Mannheim held that Philips' patent was infringed and granted an injunction.   On defendants' appeal, Karlsruhe Higher

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Regional Court upheld this judgment.  Defendants then appealed to the German Supreme Court arguing, *inter alia*, that the royalties which Philips had requested were excessive and, therefore, Philips was abusing its dominant position with regard to the patent at issue.  The Defendants' appeal was based on the concept of a "compulsory licensing defense." The Supreme Court confirmed the existence of the "compulsory licensing defense" (Zwangslizenzeinwand). Specifically, the Supreme Court held that an infringer of a standard essential patent ("SEP") may contest the patent holder's application for an injunction on the ground that a patent holder refuses to conclude a license agreement on terms of a binding offer made by the defendant that the patent holder cannot reject without abusing a dominant market position under Article 82 of the European Treaty (which particularly prohibits discriminating and imposing restrictive terms, like excessive royalties)[1].

6.      The Court has not commented on whether the requirements under antitrust law and the requirements of a FRAND declaration to a standard setting organization are identical as to the rate. The Mannheim court, however, has so far never made any distinction in this regard so that, as to the rate and terms that the patentee cannot reject without abusing market power, this has constantly been referred to as FRAND rate and FRAND terms (Fair Reasonable and Non-Discriminatory). The defendants have to done the same. We refer to their letter of 23. December 2011, p. 3 sub 4. Also the Mannheim court has during the hearing not made any distinction between antitrust laws and obligations arising out of the FRAND declaration.  Thus, the German courts have so far applied Orange Book applied regardless of whether the obligation has been based on antitrust laws or a FRAND declaration. Also defendants in the instant matter have based their Orange-Book offer (to be discussed below) on both the ITU declaration and on antitrust laws and have referred to it as offer on FRAND terms in accordance with the Supreme Court case Orangebook.

---

[1]      German Supreme Court (BGH), Judgment of 6 May 2009, KZR 39/06 – Orange Book Standard, para 22.

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

7.      The Supreme Court further found that the following conditions must be satisfied by the Defendant in order to make use of the compulsory licensing defense:

   (a)      First, the Defendant must have made (i) an <u>unconditional offer</u> to conclude a license agreement that (ii) the patent holder <u>cannot refuse</u> without violating its FRAND obligations.

   (ii)     Second, the Defendant must, if it has already made use of the relevant patent(s) before the patent holder has accepted its offer, comply with the obligations contained in the license.  In particular, the Defendant <u>must pay or guarantee</u> the payment of the royalties[2] (i.e., the Defendant must deposit into an escrow account monies equivalent to the royalties due under the license).

8.      With respect to the royalty rate, the Supreme Court confirmed that the royalty rate can be made subject to judicial determination.  As the Court acknowledged, it may be difficult for the defendant to determine the rate that the patentee is forced to accept under antitrust laws (i.e. the FRAND rate). For that reason, the Court held that a Defendant does not have to include a specific royalty rate in its offer.  Rather, it can include a provision according to which the patent holder shall determine the appropriate royalty rate at its fair discretion.[3]  Under German law (Section 315 Civil Code), the courts are then entitled to examine whether the rate has been set fairly by the patent holder, in accordance with its legal obligations, and if not, the court sets an appropriate rate.[4] Thus, under Section 315 Civil Code, if a defendant chooses to make such an open offer, the burden of making a binding offer at a concrete rate is taken away.  In this way, a defendant is protected against committing to a rate that may be too high, just to ensure that no injunction issues.  This option further frees the infringement court from the burden of having to

---

[2]      German Supreme Court (BGH), Judgment of 6 May 2009, KZR 39/06 – Orange Book Standard. para 29.

[3]      German Supreme Court (BGH), Judgment of 6 May 2009, KZR 39/06 – Orange Book Standard, para 39.

[4]      German Supreme Court (BGH), Judgment of 6 May 2009, KZR 39/06 – Orange Book Standard, para 36.

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 3
CASE NO. C10-1823-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

determine the concrete rate as part of the patent infringement action, so long as the defendant makes a suitable escrow payment. The Court also held that the defendant can be expected to go higher with regard to the escrow payment than the amount the defendant deems reasonable as these payments do not establish a binding rate. When the license agreement is concluded (i.e. the patentee accepts the offer), the patentee would not get directly access to the full escrowed amount. The Appellate Court in Karlsruhe (which has jurisdiction over appeals form judgments of the Mannheim court) held that the defendant/licensee only has to release the money to the degree the defendant acknowledges the rate to be reasonable. The remainder would only have to be released after a judicial determination of the adequateness[5].

9.      The Supreme Court further clarified that a patent holder is entitled to prevent the use of its patent by an enterprise that has failed to satisfy the two conditions for a compulsory license defense.[6]

10.      The Supreme Court also clarified the following three points:

(i)     Unconditional offer: the offer must be unconditional.  In particular, competition law does not oblige the patent holder to accept an offer to conclude a contract subject to the condition that the infringement court holds that the contested conduct infringes the patent at issue.[7]

(ii)    Offer must be submitted by the defendant: a dominant patent holder is not obliged to submit an offer to the defendant proactively.  It is for the party seeking a license agreement to make an offer to the patent holder.[8]

(iii)   Usual contractual condition: if the defendant makes an offer on the usual contractual conditions, the patent holder may only object to certain

---

[5]   Appellate Court Karlsruhe, decision of 27. February 2012, case number 136/11, p. 12 second par.

[6]   German Supreme Court (BGH), Judgment of 6 May 2009, KZR 39/06 – Orange Book Standard, para 30.

[7]   German Supreme Court (BGH), Judgment of 6 May 2009, KZR 39/06 – Orange Book Standard, para 32.

[8]   German Supreme Court (BGH), Judgment of 6 May 2009, KZR 39/06 – Orange Book Standard, para 30.

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

contractual conditions if it offers other conditions that are compatible with its competition law obligations.

11.    In general, the Orange Book process is a well balanced mechanism protecting a defendant who is actually a willing licensee from an injunction. It makes sure that the defendant is not blocked from the market place with regard to a standard essential technology, but also ensures that the defendant does not just infringe without meeting the obligations of a licensee. If the defendant is actually not willing to meet these requirements or even use the process, it would be entirely legitimate for a plaintiff to enforce an injunction also pending appeal. As a statutory rule, any injunction is also enforceable pending an appeal. The defendant's interests are protected by way of the security bond that the plaintiff has to post to make the injunction actually binding on the defendant. This security bond covers potential damages incurred by the defendant that the defendant might be able to claim against the plaintiff if the trial court judgment is set aside on appeal. If the plaintiff posts this bond, the defendant practically has to either workaround (take out the infringement features), has to drop the infringement products in its entirety (what ever is commercially more reasonable) or has to settle the case on other terms with the Plaintiff. Posting such a bond to make the injunction binding (i.e. to enforce it) is not unusual in the German practice.

12.    In summary, the German Federal Supreme Court stated that:

    a)    "A defendant sued based on a patent is able to defend himself against the claim for injunctive relief asserted by the patent proprietor filing the action, by pleading that the latter abuses a dominant position on the market if he refuses to conclude a patent license agreement with the defendant on non-discriminatory and non-restrictive [*i.e.*, FRAND] terms and conditions."

    b)    "Yet the patent proprietor is only culpable of abusive behaviour if the defendant has made him an unconditional offer to conclude a license agreement to which he stays bound and which the patent proprietor must

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

not reject without violating the prohibition of discrimination or anti-competitive behaviour, and if the defendant, for the time that he is already using the subject matter of the patent, complies with the obligations that the license agreement yet to be concluded imposes in return for the use of the licensed subject matter."

c)      "If the defendant considers the patent proprietor's license demands to be excessive [*i.e.*, in excess of FRAND terms] or if the patent proprietor refuses to quantify the royalties, an offer to conclude a license agreement in which the licensor determines the amount of royalties according to its own reasonable discretion meets the requirement of such an unconditional offer."

13.     A true and correct copy of an English translation of the "Orange Book" decision is attached as Tab A.

### *General Instrument Corp. v. Microsoft* **and Microsoft's "Orange Book" Offers**

14.     On 6 July 2011 proceedings were initiated by General Instrument Corporation ("GIC"), which is part of the Motorola Group ("Motorola"), against Microsoft Deutschland GmbH and on 7 July 2011 against Microsoft Corporation and Microsoft Ireland Operations Ltd. (together "Microsoft") before the District Court of Mannheim, seeking *inter alia*, injunctive relief prohibiting Microsoft from offering decoder apparatus and computer software in Germany that infringe GIC's two H.264 SEPs.[9]

15.     The SEPs asserted by GIC were EP0615384 and EP0538667 that are essential to the H.264 standard for video compression. This standard is used by both apparatus (such as Xbox 360) and software (such as Windows 7, Internet Explorer 9, Windows Media Player 12) offered by Microsoft.

---

[9]      In addition, Motorola/GIC is seeking accounting by Microsoft indicating the extend to which Microsoft infringed GIC's H.264 SEPs. Furthermore, Motorola requested the court to sentence Microsoft to recall from the sale channels those products which are infringing GIC's H.264 SEPs and to declare that Microsoft is obliged to pay Motorola compensation due to the infringements of GIC's H.264 SEPs.

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

16.     The proceedings before the Mannheim District Court in relation to the infringement of these two patents are running in parallel and the complaints against Microsoft Corporation and Microsoft Ireland Operations Ltd. are mirroring the complaint against Microsoft Deutschland GmbH.[10]

17.     On 5 October and 7 October 2011 Microsoft filed its defense with the Mannheim District Court.[11]   Microsoft failed to raise the Orange Book defense at this stage.   Rather, Microsoft denied infringement of GIC's patents and also asserted that it was entitled to make use of GIC's H.264 SEPs arguing that GIC had agreed to license these SEPs on FRAND terms pursuant to ITU's and ISO/IEC's common patent guidelines.[12]

18.     Microsoft further denied that GIC's license offer of 29 October 2010 (royalty of 2.25% of the net selling price of the relevant end products on a go-forward basis subject to offsets for the value of cross-licenses received from the licensee and other good and valuable consideration) was FRAND.  Microsoft indicated its intention to submit a license offer to GIC.

19.     On 9 December 2011, GIC filed its reply disputing that an ITU-declaration of willingness to license SEPs allows the would-be licensee to make use of the patent in suit.  GIC further claimed that Microsoft could not rely on the Orange Book defense as Microsoft had not made any Orange Book offer and any deposit into an escrow account at that stage.

20.     Following GIC's reply, Microsoft finally submitted an Orange Book offer on 23 December 2011, accompanied by an expert report offering, *inter alia*, ███████████████

████████████████████████████████████████

████████████████████    ████████████████

---

[10]     In total, four separate proceedings are running in relation to the infringement of GIC's two H.264 patents as the Mannheim District Court decided to sever the individual actions filed on 6 and 7 July 2011.

[11]     On 5 October 2011 Microsoft Deutschland GmbH filed its defense.  On 7 October 2011 Microsoft Corp. and Microsoft Ireland Operations Ltd filed their defenses mirroring the defense of Microsoft Deutschland GmbH.

[12]     Furthermore, Microsoft requested the court (a) to stay the case until a decision was made by the competition authorities in relation to the Google/Motorola merger and (b) to stay the case until a final decision was made in the nullity proceedings pursued by Microsoft in relation to the subject patents.

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

████████████████████████████████████████ ██████
████████████████████████████████████████████
███████████████████████████████████████████
████████████████████████ ███████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

21.     On 13 January 2012, Microsoft filed a rejoinder reiterating that (i) it had not infringed GIC's H.264 patents and that (ii) GIC/MMI's declaration to license these SEPs on FRAND terms pursuant to the ITU guidelines constituted a binding offer.  In addition, Microsoft referred to its 23 December 2011 Orange Book offer, which Microsoft asserted met the conditions set out in the Supreme Court decision, and therefore, had to be accepted. ████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████ ███████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

22.     On 3 February 2012, Microsoft submitted a supplement to its Orange Book offer dated 23 December 2011 that included ██████████████████████
████████████████████████████████████████████

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

23.     On 7 February 2012, the Mannheim District Court heard argument in this case. The court indicated that Microsoft products infringe GIC's H.264 patents. The Court further observed that the obligation, as set down in Orange Book, to anticipate and comply with the contractual obligations contained within an Orange Book offer would presumably mean that Microsoft would have to temporarily stay its nullity action. Microsoft then voluntarily undertook to suspend the nullity claim immediately. The court further reminded the parties that according to the Orange Book decision the court has to examine whether the terms of Microsoft's latest Orange Book offer are such that GIC's refusal would be an abuse of its market powers.

24.     In a brief filed on 2 March 2012, Microsoft reiterated that its Orange Book offer submitted on 23 December 2011 and amended on 3 February 2012 is FRAND. In a brief that was filed by GIC on 2 March 2012, GIC denied that it is obliged under competition law to accept this offer. ████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████.

25.     As the Mannheim District Court indicated during the 7 February 2012 hearing, a final decision in the case is expected to issue on 17 April 2012.

**The "Orange Book" Process Going Forward**

26.     Here, Microsoft has offered, ████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████. Further, as

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

discussed above, the Supreme Court has recognized that it can be a burden for the defendant to determine the appropriate royalty rate. For this reason, the Court has established an advantageous option for the defendant (as already described above): The defendant can leave the rate unspecified in the binding offer, leaving it up to the plaintiff to specify the rate. If the plaintiff accepts the offer and the license agreement is concluded, the defendant can challenge the rate set by the plaintiff, and the court would have full authority to review the rate requested by the plaintiff and determine the FRAND rate itself if the court finds that the plaintiff's request is not FRAND. Regarding the amount to be paid into escrow for this scenario, the Court held that this amount has to be on the safe side covering anything that the court in the subsequent review action might determine to be adequate. Thus, the defendant is under the obligation to calculate an amount for past sales that is objectively sufficient and has to continue to pay this money while the Orange Book offer is maintained. ████████████████████████████████████████████

████████████████████████████████████████████

Microsoft, as stated above, has in the instant action surprisingly not availed itself of this opportunity, but has deliberately chosen the route of specifying a specific rate thereby, of course, running the risk of the specified rate not being adequate. This leaves the possibility of an injunction open. That is an uncommon tactic, and other defendants in recent high value cases have utilized the option for making a binding offer, with the rate left open. Thus, Microsoft has created the situation it is now faced with by denying the German courts the possibility to determine an adequate rate in full adjudication.

27.     Once the judgment is announced on 17 April, it will not be immediately binding on the defendant. The court first must serve the judgment on the defendant and has to issue a specific copy (called "enforceable copy") to the plaintiff. That process usually takes a week. Furthermore, the injunction would only be binding once the plaintiff has posted a security bond covering potential damages incurred by the defendant when the judgment is enforced (as it may be appealed and set aside). It is uncertain at which amount the Mannheim court will set the security amount.

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Posting a bond requires a bank guarantee that has to be served on the defendant. That usually takes at least one week, most often longer. Thus, the judgment will only become binding if the plaintiff Motorola makes the further step of posting the bond. This last step would not likely occur until more than two weeks after the German court's decision on April 17, e.g., about May 1, assuming that the court's judgment is favorable to Motorola.

28.    Following judgment, Microsoft could file a motion with the appellate court requesting a stay of enforcement in connection with filing an appeal against the judgment. Such a motion would be granted if there is a reasonable likelihood of success for the appeal and if enforcement pending appeal would cause significant harm. So long as there is prima facie merit to such a motion, the appellate court typically asks the plaintiff to abstain from enforcing the injunction until the appellate court has made a decision on whether to actually stay the enforcement of the injunction pending the appeal. The appellate court would base its decision on briefs submitted by both parties and each side usually gets at least two weeks to present their position. To the extent Microsoft might wish to strengthen the likelihood of both succeeding on appeal following a judgment and obtaining a stay pending the appellate decision, it could seek to amend its offer post-judgment in order to take into account possible shortcomings identified in the judgment and to base the prospects of success for the appeal on such an amended offer. Indeed, the appellate court in Karlsruhe (in its decision cited above, footnote 5) has recently allowed a defendant to base a stay motion on an amended Orange Book offer. Therefore, even if an injunction is issued on 17 April, Microsoft will continue to have the option to avoid enforcement by agreeing to take a license at a FRAND rate to be determined by the German court.

*          *          *

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

I declare under penalty of perjury of the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 6 th day of April, 2012.

_____
Dr. Marcus Grosch

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the
Court using the CM/ECF system which will send notification of such filing to the following:

3

4

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.

5

Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP

6

*arthurh@dhlt.com*

7

*chrisw@dhlt.com*
*shanec@dhlt.com*

8

Brian R. Nester, Esq.

9

David T. Pritikin, Esq.
Douglas I. Lewis, Esq.

10

John W. McBride, Esq.
Richard A. Cederoth, Esq.

11

David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.

12

David C. Giardina, Esq.
Carter G. Phillips, Esq.

13

Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.

14

Sidley Austin LLP
*bnester@sidley.com*

15

*dpritikin@sidley.com*
*dilewis@sidley.com*

16

*jwmcbride@sidley.com*
*rcederoth@sidley.com*

17

*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*

18

*dgiardina@sidley.com*
*cphillips@sidley.com*

19

*ctrela@sidley.com*
*erobbins@sidley.com*

20

21

T. Andrew Culbert, Esq.
David E. Killough, Esq.

22

Microsoft Corp.
*andycu@microsoft.com*

23

*davkill@microsoft.com*

24

DATED this 6th day of April, 2012.

25

/s/ *Marcia A. Ripley*

26

Marcia A. Ripley

DECLARATION OF DR. MARCUS GROSCH IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION
FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 13
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001