The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                   Plaintiff,<br><br>                   v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION.,<br><br>                   Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>**NOTE ON MOTION CALENDAR:**<br>**April 20, 2012** |

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

I.   INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") respectfully move this Court for leave to file under seal the following:

1. Defendants' Opposition to Microsoft's Motion for a Temporary Restraining Order and Preliminary Injunction;

2. Exhibits 1, 3, 4, 5, 6, and 9 to the Declaration of Kevin J. Post; and

3. The Declaration of Dr. Marcus Grosch.

II.   BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011.  D.I. 72.  This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.  Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2.  This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.  Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

> redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

D.I. 72 at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

D.I. 72 at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited.  "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

(1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

III. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the following documents under seal for the stated reasons:

A. Defendants' Opposition to Microsoft's Motion for a Temporary Restraining Order and Preliminary Injunction ("Opposition").

Motorola respectfully requests that its Opposition be filed under seal because of extensive citation to, and description of, (1) confidential testimony given in a U.S. International Trade Commission Hearing; (2) confidential financial information exchanged between the parties; and (3) licensing agreements entered into between Motorola and certain third parties. Because this information is contained in the Opposition, Motorola has marked this document as containing "OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

The hearing testimony referenced in the Opposition was heard in a confidential session at the Internal Trade Commission. The financial information referenced in the Opposition was kept confidential by the parties. Furthermore, the licensing information contained in the Opposition is highly confidential and proprietary business information. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. In lieu of sealing the entire Opposition, Motorola has redacted only

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

those portions of its brief that disclose this highly confidential information. Redactions were made to limit as little information as possible, leaving the remainder available for public review.

B.   Exhibits 1, 3, 4, 5, 6, and 9 to the Declaration of Kevin J. Post.

Attached as Exhibit 1 is a true and correct copy of the Rebuttal Expert Witness Testimony of Richard J. Holleman, marked as Hearing Exhibit CX-758C and admitted into evidence in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw.

This testimony was marked as containing Confidential Business Information and was admitted as a Confidential Hearing Exhibit in ITC Inv. No. 337-TA-752. Pursuant to an agreement between the parties, this testimony was produced and may be relied upon in this case. It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only." Accordingly, this confidential information is covered by the protective order in both cases. Throughout his testimony, Mr. Holleman disclosed highly confidential information about Motorola's licenses and licensing history. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to the presence of this highly confidential information throughout the exhibit, Exhibit 1 should be sealed in its entirety.

Exhibit 3 is a true and correct copy of the March 30, 2004 Cellular Essential Properties Cross License Agreement entered into between Motorola, Inc. and Casio Computer Company, Ltd.

This license agreement is a highly confidential agreement between Motorola, Inc. and Casio Computer Company, Ltd., a non-party to this litigation. Although the agreement indicates that the parties may disclose its existence to third parties, the terms of the agreement were kept in confidence. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to the presence

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  of this highly confidential information throughout the license, Exhibit 3 should be sealed in its
2  entirety.
3    Exhibit 4 is a true and correct copy of the July 1, 2004 Cellular Essential Properties Cross
4  License Agreement entered into between Motorola, Inc. and Kyocera Corporation.
5    This license agreement is a highly confidential agreement between Motorola, Inc. and
6  Kyocera Corporation, a non-party to this litigation. Although the agreement indicates that the
7  parties may disclose its existence to third parties, the terms of the agreement were kept in
8  confidence. Disclosure of this information to third parties and other party employees not covered
9  by the protective order would have the potential to lead to competitive harm. Due to the presence
10 of this highly confidential information throughout the license, Exhibit 4 should be sealed in its
11 entirety.
12   Exhibit 5 is a true and correct copy of the December 22, 2004 Cellular Essential Properties
13 Cross License Agreement entered into between Motorola, Inc. and Option NV.
14   This license agreement is a highly confidential agreement between Motorola, Inc. and
15 Option NV, a non-party to this litigation. Although the agreement indicates that the parties may
16 disclose its existence to third parties, the terms of the agreement were kept in confidence.
17 Disclosure of this information to third parties and other party employees not covered by the
18 protective order would have the potential to lead to competitive harm. Due to the presence of this
19 highly confidential information throughout the license, Exhibit 5 should be sealed in its entirety.
20   Exhibit 6 is a true and correct copy of an April 2, 2012 letter sent via email from Jesse J.
21 Jenner of Ropes & Gray LLP, counsel to Motorola, to Arthur W. Harrigan, Jr. of Danielson
22 Harrigan Leyh & Tollefson LLP, counsel to Microsoft, enclosing an April 2, 2012 letter from
23 Dr. Marcus Grosch of Quinn Emanuel Urquhart & Sullivan, LLP to Jesse J. Jenner.
24   This letter contains confidential communications between Motorola and Microsoft
25 regarding financial information and one of the German litigations currently pending between the
26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

parties. Due to the presence of this highly confidential information throughout the letter, Exhibit 6 should be sealed in its entirety.

Exhibit 9 is a true and correct copy of an April 5, 2012 letter sent via email from Arthur W. Harrigan, Jr. of Danielson Harrigan Leyh & Tollefson LLP, counsel to Microsoft, to Jesse J. Jenner of Ropes & Gray LLP, counsel to Motorola.

This letter contains confidential communications between Motorola and Microsoft regarding financial information and one of the German litigations currently pending between the parties. Due to the presence of this highly confidential information throughout the letter, Exhibit 9 should be sealed in its entirety.

C.  The Declaration of Dr. Marcus Grosch ("Grosch Declaration").

The Grosch Declaration references information exchanged between the parties that was kept confidential, including confidential financial information. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. In lieu of sealing the entire Grosch Declaration, Motorola has redacted only those portions that disclose this highly confidential information. Redactions were made to limit as little information as possible, leaving the remainder available for public review.

IV.  CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following documents be filed under seal:

1.  Defendants' Opposition to Microsoft's Motion for a Temporary Restraining Order and Preliminary Injunction;

2.  Exhibits 1, 3, 4, 5, 6, and 9 to the Declaration of Kevin J. Post; and

3.  The Declaration of Dr. Marcus Grosch.

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    DATED this 6th day of April, 2012.

2                                                                SUMMIT LAW GROUP PLLC

3

4                                                                By */s/ Ralph H. Palumbo*
                                                                     Ralph H. Palumbo, WSBA #04751
                                                                     Philip S. McCune, WSBA #21081
5                                                                    Lynn M. Engel, WSBA #21934
                                                                     *ralphp@summitlaw.com*
6                                                                    *philm@summitlaw.com*
                                                                     *lynne@summitlaw.com*
7

8                                                                By */s/ K. McNeill Taylor, Jr.*
                                                                     K. McNeill Taylor, Jr.
9                                                                    MOTOROLA MOBILITY, INC.
                                                                     MD W4-150
10                                                                   600 North U.S. Highway 45
                                                                     Libertyville, IL  60048-1286
11                                                                   Phone:  858-404-3580
                                                                     Fax:  847-523-0727
12
                                                                 And by
13
                                                                     Steven Pepe (*pro hac vice*)
14                                                                   Jesse J. Jenner (*pro hac vice*)
                                                                     Stuart W. Yothers (*pro hac vice*)
15                                                                   Ropes & Gray LLP
                                                                     1211 Avenue of the Americas
16                                                                   New York, NY  10036-8704
                                                                     (212) 596-9046
17                                                                   *steven.pepe@ropesgray.com*
                                                                     *jesse.jenner@ropesgray.com*
18                                                                   *stuart.yothers@ropesgray.com*

19                                                                   Norman H. Beamer (*pro hac vice*)
                                                                     Gabrielle E. Higgins (*pro hac vice*)
20                                                                   Ropes & Gray LLP
                                                                     1900 University Avenue, 6th Floor
21                                                                   East Palo Alto, CA  94303-2284
                                                                     (650) 617-4030
22                                                                   *norman.beamer@ropesgray.com*
                                                                     *gabrielle.higgins@ropesgray.com*
23

24

25

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1
2
3
4
5

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

6
7

**Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Arthur W. Harrigan, Jr., Esq.
> Christopher T. Wion, Esq.
> Shane P. Cramer, Esq.
> Danielson, Harrigan, Leyh & Tollefson LLP
> *arthurh@dhlt.com*
> *chrisw@dhlt.com*
> *shanec@dhlt.com*
>
> Brian R. Nester, Esq.
> David T. Pritikin, Esq.
> Douglas I. Lewis, Esq.
> John W. McBride, Esq.
> Richard A. Cederoth, Esq.
> David Greenfield, Esq.
> William H. Baumgartner, Jr., Esq.
> David C. Giardina, Esq.
> Carter G. Phillips, Esq.
> Constantine L. Trela, Jr., Esq.
> Ellen S. Robbins, Esq.
> Sidley Austin LLP
> *bnester@sidley.com*
> *dpritikin@sidley.com*
> *dilewis@sidley.com*
> *jwmcbride@sidley.com*
> *rcederoth@sidley.com*
> *david.greenfield@sidley.com*
> *wbaumgartner@sidley.com*
> *dgiardina@sidley.com*
> *cphillips@sidley.com*
> *ctrela@sidley.com*
> *erobbins@sidley.com*
>
> T. Andrew Culbert, Esq.
> David E. Killough, Esq.
> Microsoft Corp.
> *andycu@microsoft.com*
> *davkill@microsoft.com*

DATED this 6th day of April, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001