THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                    Plaintiff,<br>vs.<br><br>MOTOROLA, INC., et al.,<br><br>                    Defendants.<br>_____<br>MOTOROLA MOBILITY, INC., et al.,<br><br>                    Plaintiffs,<br>vs.<br><br>MICROSOFT CORPORATION,<br><br>                    Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY |

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**TABLE OF CONTENTS**

Page

I. A Decoder Is Not A Specific Structure ................................................................................1

II. A Computer-Implemented Function Requires An Algorithm, Even If
The Specification Discloses Other Structures .....................................................................3

III. The Patents In Suit Do Not Disclose An Algorithm For The "Decoding"
or "Using" Functions ...........................................................................................................4

    A. The "Decoding" Terms ............................................................................................5

        1. Term 4 - "means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode" ('374 Patent, claim 14) ....................5

        2. Term 5 - "means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode"('375 Patent, claim 13) .....................7

        3. Term 3 - "means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode" ('376 Patent, claim 22)............................................9

    B. Terms 7 & 8 – "means for using said plurality of decoded [smaller portions/processing blocks] to construct a decoded picture" ('374 Patent, claim 14; '375 Patent, claim 13; '376 Patent, claim 22) ......................................................................................10

IV. Conclusion ........................................................................................12

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - i
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

# TABLE OF AUTHORITIES

Page

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
    _ F.3d _, 101 U.S.P.Q.2d 2015 (Fed. Cir. Mar. 14, 2012)........................................8

*In re Aoyama*,
    656 F.3d 1293 (Fed. Cir. 2011) .......................................................................1, 2

*Aristocrat Techs. Austl. Pty. Ltd. v. Int'l Game Tech.*,
    521 F.3d 1328 (Fed. Cir. 2008) .....................................................................3, 11

*Atmel Corp. v. Info. Storage Devices*,
    198 F.3d 1374 (Fed. Cir. 2008) ............................................................................1

*B. Braun Med., Inc. v. Abbott Labs.*,
    124 F.3d 1419 (Fed. Cir. 1997) ............................................................................4

*Blackboard, Inc. v. Desire2Learn, Inc.*,
    574 F. 3d 1371 (Fed. Cir. 2009) .........................................................................11

*Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.*,
    412 F.3d 1291 (Fed. Cir. 2005) ................................................................4, 7, 11

*Goss Int'l Ams., Inc. v. Graphic Mgmt. Assocs.*,
    739 F. Supp. 2d 1089 (N.D. Ill. 2010) ..................................................................1

*Intel Corp. v. VIA Techs. Inc.*,
    319 F.3d 1357 (Fed. Cir. 2003) ............................................................................1

*Linear Tech. Corp. v. Impala Linear Corp.*,
    379 F.3d 1311 (Fed. Cir. 2004) .......................................................................2, 3

*Lockheed Martin Corp. v. Space Systems/Loral, Inc.*,
    324 F.3d 1308 (Fed. Cir. 2003) .......................................................................5, 6

*Med. Instrumentation and Diagnostics v. Elekta*,
    344 F.3d 1205 (Fed. Cir. 2003) ............................................................................4

*Noah Sys. Inc., v. Intuit Inc.*,
    _ F.3d _, slip op. at 16 (Fed. Cir. Apr. 9, 2012).......................................................3

*S3 Inc., v. Nvidia Corp.*,
    259 F.3d 1364 (Fed. Cir. 2001) ............................................................................1

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - ii
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

*Tech. Licensing Corp. v. Videotek, Inc.*,
    545 F.3d 1316 (Fed. Cir. 2008) ................................................................................1

*Telcordia Techs., Inc. v. Cisco Sys.*,
    612 F.3d 1365 (Fed. Cir. 2010) ................................................................................1

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - iii
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

MMI's position that a "decoder" is a specific structure ignores both the common specification's reference to a "decoder" as any device that decodes and the contradictory fact that MMI's infringement allegations accuse a general purpose processor. Under any fair reading, the common specification simply never discloses sufficiently specific structure to avoid having to disclose an algorithm.[1]

Realizing the insufficiency of its decoder argument, MMI for the first time identifies four different algorithms, one each for the three "means for decoding" variants and one for the "means for using" element. But the common specification so lacks any algorithm for performing these functions that MMI has to analyze different functions than it identified in its claim construction briefs and the Joint Claim Chart. In any event, MMI's specification citations never show how to perform the function of decoding field/frame mode or the new functions MMI identifies. With no algorithm, the Asserted Apparatus Claims are invalid.

## I.   A Decoder Is Not A Specific Structure

MMI asserts that a "decoder" is sufficiently specific structure to support all four means elements. Opp. at 2-3. But a "decoder" alone cannot be sufficient structure because the common specification expressly defines "decoder[2]" functionally as *any* device that performs decoding and does not limit "decoder" to a specific structure. '374 patent at 5:1-3.[3]

---

[1] As explained in Microsoft Motion, whether a computer-implemented means plus function term is indefinite for failure to disclose an algorithm is a question of law for the Court, not the jury. *See, e.g., In re Aoyama*, 656 F.3d 1293, 1299 (Fed. Cir. 2011). MMI provides no citation for its assertion to the contrary. *See* Opp. at 21.

[2] MMI states that Microsoft agreed that the structure corresponding to the means-plus-function terms at issue is a "decoder." Opp. at 2 n. 1. Microsoft merely accepted Motorola's proposed "decoder, and equivalents thereof" to assess whether a "decoder" is sufficient disclosure to avoid invalidity. *See* Mar. 9, 2012 *Markman* Hr'g Tr. at 10:16-20 (Decl. of Christopher Wion in Support of Microsoft's Mot. for Summ. J. ("Wion Decl."), Ex. 1). MMI also states that Microsoft agreed to the functions performed by these means plus function elements. Opp. at 11, 14, 17, 19. Microsoft agreed to the functions MMI proposed previously. *See* ECF No. 171, at 11, 28, 43, 48, 68 (Joint Claim Chart). As explained below, MMI is now arguing for different functions for Terms 4 and 5.

[3] For these reasons, the cases MMI cites are inapposite. *See* Opp. at 4-5 (citing *Intel Corp. v. VIA Techs. Inc.*, 319 F.3d 1357, 1366, 1370 (Fed. Cir. 2003); *S3 Inc., v. Nvidia Corp.*, 259 F.3d 1364, 1370-71 (Fed. Cir. 2001); *Telcordia Techs., Inc. v. Cisco Sys.*, 612 F.3d 1365, 1376-77 (Fed. Cir. 2010); *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1338-39 (Fed. Cir. 2008); *Atmel Corp. v. Info. Storage Devices*, 198 F.3d 1374, 1381 (Fed. Cir. 2008); *Goss Int'l Ams., Inc. v. Graphic Mgmt. Assocs.*, 739 F. Supp. 2d 1089, 1100 (N.D. Ill. 2010)).

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 1
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

MMI wrongly asserts that it needs no algorithm because a decoder is "limited to electronic devices having the structural components as dictated by the video coding standards with which it must comply to, as modified to perform the claimed function." Opp. at 7; Drabik Decl. (Dkt. No. 252) ¶¶ 20-52. First, this definition is also functional, not structural, because it does not identify or limit the structure "dictated by the video coding standards with which it must comply." Second, neither the common specification nor the claimed function limits "decoder" to any particular standard or even to standards-based decoding, with the specification expressly stating the opposite. *See* '374 patent at 4:48-51.

Even MMI's expert's review of several supposedly known structures shows that the "decoder" is not a known structure. MMI's expert cites third party decoding implementations using the general purpose hardware cited in the specification, including ASICs (¶¶ 28-30), FPGAs (¶¶ 31-32), DSPs (¶¶ 33-35), a processor (¶¶ 36-37), and a CODEC (¶ 38). MMI's expert acknowledges that these general purpose devices must be programmed to change them into a specific implementation. Drabik at ¶ 25 ("A person of ordinary skill in the art would have understood how to write Verilog code for the well-known decoder and that, for example, a single Verilog description of a decoder could be effectively 'cast' into different target technologies, such as ASIC, FPGA, DSP, etc.").[4] The structure corresponding to a means element is not a general purpose device alone but such a device programmed with an identified algorithm. *See* Microsoft Mot. at 7.

MMI also asserts that a "decoder" is a discrete "class" of structures called "digital video decoders," citing *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1322, for the proposition that a means element can correspond to a class of structures. Opp. at 3, 5.

---

[4] With regard to whether ASICs and FPGAs are subject to the algorithm requirement, MMI misreads *In re Aoyama*. *See* Opp. at 7-8. In *Aoyama*, a patent application provided that "each" component of the invention could be implemented in hardware or software and included ASICs and FPGAs as examples of hardware. *See* U.S. Pat. App. No. 10/798,505 (Wion Decl., Ex. 2), at ¶ 19, Fig. 1 (discussing invention at high level). The *Aoyama* court held that the disclosed structures were computer implementations subject to the algorithm requirement. *See* 656 F.3d at 1299.

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 2
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

*Linear Technology* found that a "pulse-width modulator circuit" referred to an identifiable, discrete class of circuits. A decoder, however, is not a "class," but a functional description of anything that decodes, as shown by the specification's definition. A "class" cannot cover every structure for performing the function because Section 112, ¶ 6 limits means elements to the disclosed structures/algorithms "to avoid pure functional claiming." *Aristocrat Techs. Austl. Pty. Ltd. v. Int'l Game Tech,* 521 F.3d 1328, 1333 (Fed. Cir. 2008); *Noah Sys. Inc., v. Intuit Inc.*, _ F.3d _, slip op. at 25 (Fed. Cir. Apr. 9, 2012). In addition, MMI's argument is squarely at odds with its infringement contentions, which, rather than accusing an electronic structure "more particular and well known than that of a general purpose computer," accuse Microsoft's software running on a computer of infringing.[5]

As such, "decoder" cannot be sufficient structure for the four means elements at issue.

## II. A Computer-Implemented Function Requires An Algorithm, Even If The Specification Discloses Other Structures

MMI appears to argue that, if its patents disclose at least one specific structure (which they do not), the means terms also automatically include general purpose devices without requiring an algorithm. Opp. at 7 ("the cases relied on by Microsoft are inapplicable in this case because, unlike here, the **only** structure identified for performing the claimed function in those cases was a microprocessor or a general purpose computer that was not otherwise part of a known type of device") (emphasis in original). Considering this exact issue, the Federal Circuit held that, even if the specification discloses a specific structure, the means plus function elements cover only that specific disclosed structure and not a general purpose device unless the specification disclosed a corresponding algorithm (and then only with the disclosed

---

[5] *See* MMI's Second Amended Disclosure of Asserted Claims and Infringement Contentions, Tab A at 62 (Lewis Decl. (Dkt. No. 206), Ex. 4) ("each of the Accused Microsoft Products [i.e., Windows 7 and Internet Explorer 9] includes software that is designed to decode according to the claim language (e.g., the H.264 video decoder software running on a processor performs the claimed function).").

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 3
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

algorithm).[6]  *Med. Instrumentation and Diagnostics v. Elekta*, 344 F.3d 1205, 1219-20 (Fed. Cir. 2003).

### III. The Patents In Suit Do Not Disclose An Algorithm For The "Decoding" or "Using" Functions

The asserted patents do not disclose an algorithm for performing the "decoding" and "using" functions because they fail to tell one of skill in the art how to perform those functions. Throughout its opposition, MMI points to the common specification's description of encoding as supposedly providing an algorithm for these functions.  But disclosing encoding does not disclose an algorithm for the "means for decoding" or "means for using," which both relate to decoding.  A disclosed structure or algorithm corresponds to a means element "only if the specification or the prosecution history clearly links or associates that structure to the function recited in the claim."  *B. Braun Med., Inc. v. Abbott Labs.*, 124 F.3d 1419, 1424 (Fed. Cir. 1997); *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1299 (Fed. Cir. 2005).  The Federal Circuit has "reject[ed] similar attempts to include as additional corresponding structure for a particular function a structure that is disclosed in the specification but is not associated with the particular claimed function."  *Med. Instrumentation*, 344 F.3d at 1216.

Hence, disclosure relating to <u>encoding</u> cannot be the corresponding structure for the claimed <u>decoding</u> function under Section 112, ¶ 6 because "decoding" and "encoding" are different functions, making the structure or algorithm for one irrelevant to a means element requiring the other.  Even MMI's expert agrees that decoding and encoding are not the same when he argues that they are the reverse of each other.  Mar. 9, 2012 *Markman* Hr'g Tr. at 17:17-25; Drabik ¶¶ 74, 79.  And the common specification explains that encoding performs

---

[6] If the Court finds that the specification does disclose a specific "decoder" structure, Microsoft does not use that structure because it uses a general purpose processor.  In such a case, Microsoft would seek leave to file a summary judgment motion that its general purpose processor implementation does not infringe claims with means elements limited to a specific structure.

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 4
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

different tasks than decoding. For example, while the encoder discards data, the decoder determines how to compensate for that missing data by "generat[ing] approximation data that is substituted into the video data to replace the 'non-essential' data that was removed in the coding process." '374 patent, at 1:62-67. In addition, the encoder uses undisclosed criteria to determine whether to frame code or field code a particular portion of a picture (*see* '374 patent, at 4:29-34, 6:40-42, 6:50–55), while the decoder does not. And a decoder may perform certain steps in a different order from the reverse of the encoding steps. For example, the frequency coefficient scan step can be interchanged with the quantization step. *See, e.g.*, ITC Inv. 752, Hr'g Tr. at 2391:12-16 (Jan. 19, 2012) (Wion Decl., Ex. 3).

### A. The "Decoding" Terms

#### 1. Term 4 - "means for decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode" ('374 Patent, claim 14)

MMI asserts that the patents disclose a two part algorithm for this function. Opp. at 10-11. Initially, MMI wrongly argues that the field/frame decoding, *i.e.*, the re-interleaving of even and odd lines, is part of the "means for using" rather than the "means for decoding." Opp. at 13. The "means for decoding" function explicitly requires decoding "frame coding mode" and "field coding mode." As explained in Section III.B, the common specification does not disclose an algorithm for decoding field/frame mode. With no disclosed algorithm for decoding field/frame coding, this term is indefinite, notwithstanding MMI's arguments relating to other functionality. *Noah*, _ F.3d _, slip op. at 28 ("where a disclosed algorithm supports some, but not all, of the functions associated with a means-plus-function limitation, we treat the specification as if no algorithm has been disclosed at all").

Instead of decoding field/frame coding, MMI wrongly argues that this function decodes "inter coding." Opp. at 11. To find "inter coding," MMI cites language in a separate "wherein" clause that is not part of the "decoding" function. *See Lockheed Martin Corp. v.*

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 5
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

*Space Systems/Loral, Inc.*, 324 F.3d 1308, 1319 (Fed. Cir. 2003).[7] Indeed, MMI tries to mislead the Court by calling this term the "'means for decoding…in inter coding mode' element," replacing the entire claimed function with an ellipse. Opp. at 11. Tellingly, MMI only recently decided that this function requires "inter coding," as MMI did not include "inter coding" as part of the function in its Claim Construction briefing or in the Joint Claim Chart. *See* MMI Opening Cl. Constr. Brief at 14; ECF No. 171 at 68.

In addition to not disclosing a field/frame decoding algorithm, the specification citations that MMI provides do not show an algorithm for decoding "inter prediction" because MMI's citations all relate to encoding, not decoding. Opp. at 10. MMI cites the '374 patent, at 8:46-65, which describes the frame/field flag. Opp. at 11. This passage, however, describes creating a stream during <u>encoding</u>: "In AFF coding at the macroblock level, a frame/field flag bit is preferably included in a picture's bitstream to indicate which mode, frame mode or field mode, is used in the <u>encoding</u> of each macroblock." '374 patent at 8:46-49. MMI also cites Figure 11, which "shows some of the information included in the bitstream" but is never linked to decoding. '374 patent, 3:59-61; 8:46-51. MMI also cites Figure 7. Opp. at 11. The specification, however, describes Figure 7 as relating to encoding. *See* '374 patent, at 7:44-58.

In addition, MMI cites nearly four columns, 9:9 through 12:56, and the figure cited therein, Figure 12, as allegedly providing an algorithm. Opp. at 12. Here too, the common specification describes encoding, not decoding, with Figure 12 expressly described as relating to <u>encoding</u>, not decoding: "FIG. 12 shows a block that is to be <u>encoded</u> …." '374 at 3:62-65. The text at 9:9-12:56 then repeatedly references Figure 12 to explain the disclosed processing, which expressly describes encoding, not decoding, as shown by the illustrative text at the beginning. *See* 9:16-49.

---

[7] Analogous to the claim in *Lockheed*, the "whereby" clause here does not relate to the function, instead identifying the input data. *See* Claim Construction Order (ECF No. 258), at 20.

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 6
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

MMI makes no attempt to link these nearly four columns (cols. 9-12) in the common specification to decoding.  *See* Opp. at 12; Drabik ¶ 55.  "While it is undisputed that the question of whether a claim is indefinite is based on how the claim limitation would be understood by one of skill in the art, 'the testimony of one of ordinary skill in the art cannot supplant the total absence of structure from the specification.'"  *Noah*, _F.3d_, slip op. at 16 (quoting *Default Proof*, 412 F.3d at 1302).

The common specification does not disclose an algorithm for the decoding function, making Term 4 indefinite and claim 14 of the '374 patent (and claims dependent on it) invalid.

### 2. Term 5 - "means for selectively decoding at least one of a plurality of smaller portions at a time of the encoded picture that is encoded in frame coding mode and at least one of said plurality of smaller portions at a time of the encoded picture in field coding mode" ('375 Patent, claim 13)

As with Term 4, MMI reads functionality into the claimed function that is not there, using the separate "intra coding" term to insert decoding intra prediction into this element and then purporting to find an algorithm for that function.  But like "inter coding" above, the claim includes the "intra coding" element in a separate "wherein" clause that is not part of the "means for decoding" function and which the function does not mention.  Here too, MMI's abbreviated quote from the claim misleadingly combines the two, hiding the claimed function with ellipses.  Opp. at 15 ("means for decoding…in intra coding mode at a time.").  And like Term 4, MMI just decided that "intra coding" is part of the "decoding" function because it did not include "intra coding" in either the Joint Claim Chart or its claim construction brief.  ECF No. 171 at 28; MMI Opening Cl. Constr. Brief at 17.

The claimed function recites "selectively decoding" frame and field coding mode, although MMI wants to move that function to the "using" function.  Opp. at 19-20.  As explained in Section III.B, the common specification does not disclose decoding field/frame coding mode.  This lack of an algorithm for the decoding function alone renders this term indefinite.  *See Noah*, _ F.3d _, slip op. at 20.

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 7
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

MMI's alleged specification support does not even identify an algorithm for decoding intra prediction. *See* Opp. at 14. As with Term 4, MMI first cites the frame/field flag, referring to the same portions of the specification it cites for inter coding. *See id.* (citing '374 patent at 8:46-65, FIG.7, FIG. 11. As discussed above, these citations expressly say they relate to encoding, not decoding. Section III.A.1.

MMI also imports into its newly found algorithm "at least one of" a number of "prediction modes" (Opp. at 14) even though the specification mentions these modes only in the context of encoding. These "modes" appear in two paragraphs about encoding prefaced by an explanation that "[b]y predicting pixel values, more compression [*i.e.*, encoding] can be achieved. The intra_ 4x4 mode and the intra 16x16 modes will each be explained in more detail below." '374 patent, at 14:43-45 (emphasis and bracketed text added).

MMI also includes "using neighboring blocks" in its asserted algorithm. Opp. at 14, citing 15:52-16:63. Although part of this disclosure relates to decoding, it does not explain how to perform the claimed function. First, as explained in Microsoft's Opening Brief, the cited passage does not disclose how to decode field/frame coding. Microsoft Mot. at 11. Instead, this passage discusses how to determine "neighboring" blocks in various "prediction modes," where the neighboring block is part of a different macroblock. '374 patent, 15:64 – 16:63. Second, the claims separately claim using neighboring macroblocks in claims dependent on claim 13 (*i.e.*, the claim containing Term 5). *See* '375 patent, claims 14-16. There is no reason to shoehorn neighboring macroblocks into Term 5 with no claim language to support its inclusion and where the neighboring macroblocks are already in the dependent claims. Indeed, claim differentiation presumes that the neighboring macroblock functionality is not part of this term in the parent claim. *See Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, _ F.3d _, 101 U.S.P.Q.2d 2015, 2025 (Fed. Cir. 2011). Finally, as Microsoft pointed out in its opening brief, this passage has other problems for MMI too, which MMI's brief ignores.

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 8
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Microsoft Mot. at 12. By its own terms, this section applies to decoding "macroblock pairs only" ('374 patent, 15:64), and MMI never explains why its purported algorithm applies only to macroblock pairs when the claimed function expressly includes any number of macroblocks more than one.[8] An algorithm for only part of the claimed function is the same as no algorithm. *Noah*, _ F.3d _, slip op. at 28.

The common specification does not disclose an algorithm for performing the decoding function of this term. Term 5 is therefore indefinite, rendering claim 13 of the '375 patent, and claims dependent on it, invalid.

### 3. Term 3 - "means for decoding at least one of a plurality of processing blocks at a time, each processing block containing a pair of macroblocks or a group of macroblocks, each macroblock containing a plurality of blocks, from said encoded picture that is encoded in frame coding mode and at least one of said plurality of processing blocks at a time that is encoded in field coding mode" ('376 Patent, claim 22)

Like the terms discussed above, MMI changes the claimed function for Term 3. MMI uses ellipses to create a claim term that reads: "means for decoding…in a horizontal scanning path or a vertical scanning path." But the full term makes clear that the claimed function is similar to the above terms and that the "horizontal scanning path or a vertical scanning path" is part of a separate wherein clause. The claimed function requires "decoding" a plurality of processing blocks[9] encoded in either frame or field coding mode. No algorithm for decoding frame or field coding appears in the specification, making Term 3 indefinite. *See* Section III.B.

MMI proposes a three part algorithm that does not correspond to the claimed function and with citations that disclose encoding, not decoding. Opp. at 18-19. First, MMI again asserts that the algorithm requires analyzing the frame/field flag. Opp. at 18. As discussed above, the passage MMI cites describes encoding, not decoding. Section III.A.1.

---

[8] The claims define "smaller portions" as "ha[ving] a size that is larger than one macroblock" – i.e., each "smaller portions" is comprised of a pair or larger group of macroblocks. *See* '375 Patent, at cl. 13.

[9] The claim defines the "processing blocks" as "containing a pair of macroblocks or a group of macroblocks." '374 patent, at cl. 22.

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 9
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    MMI next asserts that the algorithm is in '374 patent, Fig. 9, 7:44-48.  Opp. at 18.  This

2 passage, however, explicitly refers to encoding, not decoding.  *See* '374 patent at 7:44-48.

3 Moreover, MMI fails to cite the patent's explanation that Figure 9 shows scanning as part of

4 encoding.  *See* '374 patent at 8:3-6.

5    The third part of MMI's purported algorithm includes decoding in a particular order,

6 even though the specification identifies that as part of encoding.  Opp. at 18.  For support,

7 MMI cites '374 patent, Fig. 9 and 8:14-18.  As discussed above, the specification describes

8 Figure 9 with respect to encoding, and 8:14-18 expressly describes encoding: "For frame mode

9 coding, the top macroblock of a macroblock pair (700) is coded first, followed by the bottom

10 macroblock. For field mode coding, the top field macroblock of a macroblock pair is coded

11 first followed by the bottom field macroblock."

12    There is no disclosed algorithm for the decoding function in this claim term.  For that

13 reason, this term is indefinite and claim 22 of the '376 patent is invalid.

14 **B.    Terms 7 & 8 – "means for using said plurality of decoded [smaller portions/processing blocks] to construct a decoded picture" ('374 Patent, claim 14; '375 Patent, claim 13; '376 Patent, claim 22)**

15

16    MMI similarly does not identify an algorithm in the specification that explains how to

17 perform the "using" function.  MMI cites its expert's declaration, at ¶ 76, but not the citations

18 in that paragraph.  Opp. at 20.  That paragraph, however, identifies only disclosure relating to

19 encoding, not decoding.  Moreover, MMI wrongly reads this function to include decoding

20 field/frame coding even though the "means for decoding" terms perform that function.  MMI

21 likely does so because it has nothing to point to for the "using" function.  The "means for

22 using" appears in all the independent Asserted Apparatus Claims, so because this term is

23 indefinite, all the Asserted Apparatus Claims are invalid.

24    MMI's expert's citations to the common specification do not provide an algorithm for

25 decoding frame/field coding because they relate to encoding, not decoding.  MMI's expert

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 10
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

cites 7:25-67 (along with portions therein) and Figure 7, cited therein. Drabik at ¶ 76; Opp at 20. But contrary to MMI's expert's argument, the citation begins by explaining that "AFF coding on macroblock pairs will now be explained" (7:25) and continues by repeatedly referencing "encoding" while never mentioning decoding. *See e.g.*, 7:44-57. MMI's expert also cites figures 7 and 8 even though the common specification expressly describes these figures as showing encoding. 3:46-51. Figure 8 even has an arrow pointing in the encoding direction. Nonetheless, MMI seeks to redesign Figure 8, arguing that "FIG. 8 illustrates to one of ordinary skill in the art that … the decoder reinterleaves the lines of the top and bottom field macroblocks to form the frame macroblocks and uses those frame macroblocks for the decoded picture." Opp. at 20. Similarly, Drabik argues contrary to the law that "[a] person of ordinary skill in the art understands that, in the decoding direction, the decoder operates in reverse (i.e., from right to left)." Drabik ¶ 79. MMI and Drabik, however, ignore "that the disclosure must identify the method for performing the function, whether or not a skilled artisan might otherwise be able to glean such a method from other sources or from his own understanding." *Noah*, _ F.3d _, slip. op. at 26; *Blackboard, Inc. v. Desire2Learn, Inc.,* 574 F. 3d 1371, 1385 (Fed. Cir. 2009); *Aristocrat*, 521 F.3d at 1336-37. "A patentee cannot avoid providing specificity as to structure simply because someone of ordinary skill in the art would be able to devise a means to perform the claimed function. To allow that form of claiming under section 112, paragraph 6, would allow the patentee to claim all possible means of achieving a function." *Blackboard*, 574 F.3d at 1385; *see also Default Proof*, 412 F.3d at 1300-02. MMI's "real point is that devising an algorithm to perform that function would be within the capability of one of skill in the art, and therefore it was not necessary for the patent to designate any particular algorithm to perform the claimed function. As we have noted above, however, that argument is contrary to this court's law." *Aristocrat*, 521 F.3d at 1334.

      MMI's expert also cites to 8:46-65 of the '374 patent describing the frame/field flag

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 11
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

and some high-level descriptions of "decoding" at 2:9-19 and 4:57-5:3. Drabik at ¶ 76. As explained in Section III.A.1, the first passage describes encoding. The second passage contains no "decoding" or "using" algorithm at all and just mentions "decoding" at a very high-level. "This type of purely functional language, which simply restates the function associated with the means-plus-function limitation, is insufficient to provide the required corresponding structure." *Noah*, _ F.3d at _, slip. op. at 24. The final citation just refers to general purpose hardware and similarly discloses no algorithm. *See* Microsoft Mot. at 4-5; '374 patent at 4:57–5:3.

Finally, MMI's expert cites three passages from the patents (12:67-13:5, 13:12-19, and 14:21-28) that do not identify an algorithm for the "using" function. Although MMI argues that "using" requires decoding frame and field coding and re-interleaving the field blocks (Opp. at 20), these passages describe handling <u>skipped</u> (*i.e.*, missing) macroblocks that by definition, do not need re-interleaving because they are not in the input bitstream. Therefore, this disclosure does not relate to the claimed function at all because the claimed function "us[es] <u>said</u> plurality of decoded smaller portions to construct a decoded picture" where the "decoded smaller portions" are the result of the "means for decoding" step, have "a size that is larger than one macroblock," and are made of blocks ("wherein at least one block within at least one of said plurality of smaller portions…"). Absent or missing macroblocks meet none of these criteria and therefore cannot be the subject of the "using" function. *See Noah*, _ F.3d _, slip op. at 20.

## IV.   CONCLUSION

Because a "decoder" is not a specific structure, the patents must identify an algorithm for performing the claimed functions. Because they do not, the Asserted Apparatus Claims are invalid.

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 12
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

DATED this 13th day of April, 2012.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By    /s/ Arthur W. Harrigan, Jr.
       Arthur W. Harrigan, Jr., WSBA #1751
       Christopher Wion, WSBA #33207
       Shane P. Cramer, WSBA #35099

By    /s/ T. Andrew Culbert
       T. Andrew Culbert, WSBA #35925
       David E. Killough, WSBA #40185
       MICROSOFT CORPORATION
       1 Microsoft Way
       Redmond, WA 98052
       Phone: 425-882-8080
       Fax: 425-869-1327

       David T. Pritikin, *Pro Hac Vice*
       Richard A. Cederoth, *Pro Hac Vice*
       Douglas I. Lewis, *Pro Hac Vice*
       John W. McBride, *Pro Hac Vice*
       SIDLEY AUSTIN LLP
       One South Dearborn
       Chicago, IL 60603
       Phone: 312-853-7000
       Fax: 312-853-7036

       Brian R. Nester, *Pro Hac Vice*
       SIDLEY AUSTIN LLP
       1501 K Street NW
       Washington, DC 20005
       Telephone: 202-736-8000
       Fax: 202-736-8711

       Counsel for Microsoft Corporation

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY - 13
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Ralph Palumbo
Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

/s/ Linda Bledsoe
LINDA BLEDSOE

MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY - 14
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717