The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION.,

Defendants.

CASE NO. C10-1823-JLR

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR SUMMARY JUDGMENT OF BREACH OF CONTRACT

NOTE ON MOTION CALENDAR:
Friday, April 27, 2012

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1

## I.   INTRODUCTION

2        Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants

3   Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument

4   Corporation (collectively, "Motorola") respectfully move this Court for leave to file under seal the

5   following:

6        1.        Defendants' Opposition to Microsoft Motion for Summary Judgment of Breach of

7             Contract; and

8        2.        Exhibits 27, 29-32, 34-39, 48, 50, 52, and 53 to the Second Declaration of Kevin J.

9             Post.

10  ## II.   BACKGROUND

11       Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective

12  Order, which was approved by the Court on July 21, 2011.  Dkt. No. 72.  This Protective Order

13  outlines categories of material that should be maintained in confidence, along with procedures for

14  sealing confidential material when included in documents filed with the Court.   Specifically,

15  paragraph 1 specifies that:

16       Confidential Business Information is information which has not been made public
         and which concerns or relates to the trade secrets … amount or source of any
17       income, profits, losses, or expenditures of any person, firm, partnership,
         corporation, or other organization, the disclosure of which information is likely to
18       have the effect of causing substantial harm to the competitive position of the
         person, firm, partnership, corporation, or other organization from which the
19       information was obtained….

20  *Id.* at 1-2.    This information should be marked as "CONFIDENTIAL BUSINESS

21  INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.  Additionally, paragraph 6

22  specifies that:

23       (1)  Confidential  Business  Information  pertaining  to  licensing  or  other
         commercially sensitive financial information shall not be made available under
24       this paragraph 6 to such designated in-house counsel; the supplier shall designate
         such Confidential Business Information pertaining to licensing or other
25       commercially sensitive financial information as "[SUPPLIER'S NAME]
         CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS'
26       EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a

---

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id.* at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited.  "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S MOTION FOR SUMMARY JUDGMENT OF BREACH OF CONTRACT - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   (1978).  In discussing examples of improper purposes, the Court indicated that courts are not to

2   serve as "sources of business information that might harm a litigant's competitive standing."  *Id.*

3          As the Ninth Circuit stated:

4          The law, however, gives district courts broad latitude to grant protective orders to
           prevent disclosure of materials for many types of information, including, but not
5          limited to, trade secrets or other confidential research, development, or
           commercial information.  See Fed. R. Civ. P. 26(c)(7).  Rule 26(c) authorizes the
6          district court to issue " any order which justice requires to protect a party or
           person from annoyance, embarrassment, oppression, or undue burden."  The
7          Supreme Court has interpreted this language as conferring "broad discretion on
           the trial court to decide when a protective order is appropriate and what degree of
8          protection is required."  *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 36 (1984).

9   *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

10  III.    THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA
            TO FILE THIS MOTION FOR LEAVE TO SEAL

11
           In accordance with the Protective Order and the above-referenced authority, Motorola
12
    moves to file the following documents under seal for the stated reasons:
13

14  A.     Defendants' Opposition to Microsoft's Motion for Summary Judgment of Breach of
           Contract ("Opposition")

15         Motorola respectfully requests that its Opposition be filed under seal because of extensive

16  citation to, and description of, (1) confidential communications between the legal departments of

17  Motorola and Microsoft and (2) licensing agreements entered into between Motorola and certain

18  third parties.  Because this information is contained in the Opposition, Motorola has marked this

19  document  as  containing  "OUTSIDE  ATTORNEYS'  EYES  ONLY – SUBJECT  TO

20  PROTECTIVE ORDER."

21         The communications referenced in the Opposition were kept confidential by the parties.

22  Furthermore, the licensing information contained in the Opposition is highly confidential and

23  proprietary business information.  Disclosure of this information to third parties and other party

24  employees not covered by the protective order would have the potential to lead to competitive

25  harm.  In lieu of sealing the entire Opposition, Motorola has redacted only those portions of its

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   brief that disclose this highly confidential information.  Redactions were made to limit as little

2   information as possible, leaving the remainder available for public review.

3   B.       Exhibits 27, 29-32, 34-39, 48, 50, 52, and 53 to the Second Declaration of Kevin J. Post

4            Exhibit 27 is a true and correct copy of Motorola Mobility, Inc.'s Written Responses to

5   Certain Topics of Microsoft's Third Amended 30(b)(6) Notice of Deposition and attached Exhibit

6   E, which was served via email on April 12, 2012.

7            This document is marked as "Contain[ing] Motorola and Third-Party Confidential

8   Financial Information – Outside Attorneys' Eyes Only – Subject to Protective Order."  The

9   document, including its attached Exhibit E, summarizes and di9scloses confidential information

10  about highly confidential licensing agreements between Motorola and various third-parties who

11  are non-parties to this litigation.  Although many of the agreements summarized in this document

12  indicate that the parties may disclose their existence to others, the terms of each agreement have

13  been maintained in confidence.  Disclosure of this information to third parties and other party

14  employees not covered by the protective order would have the potential to lead to competitive

15  harm.  Due to presence of this highly confidential information throughout the document and its

16  exhibit, Exhibit 27 should be sealed in its entirety.

17           Attached as Exhibit 29 is a true and correct copy of selected pages from a document titled

18  "Expert Report of Louis P. Berneman, Ed D, CLP," dated June 20, 2011, marked as

19  "CONTAIN[ING]   CONFIDENTIAL   BUSINESS   INFORMATION   SUBJECT   TO

20  PROTECTIVE ORDER," and submitted in the case of *In the Matter of Certain Mobile Devices,*

21  *Associated Software, and Components Thereof*, ITC Inv. No. 337-TA-744, which is pending

22  between the parties.  Pursuant to an agreement between the parties, this report may be relied upon

23  in this case.

24           This report has been marked as "Contain[ing] Confidential Business Information, Subject

25  to Protective Order."  Accordingly, this confidential information is covered by the protective order

26  in this case and the 337-TA-744 Investigation.  Disclosure of this information to third parties and

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    other party employees not covered by the protective orders would have the potential to lead to

2    competitive harm.  Due to presence of this confidential information throughout the document,

3    Exhibit 29 should be sealed in its entirety.

4         Exhibit 30 is a true and correct copy of selected pages from the transcript of the deposition

5    of Louis P. Berneman, ED D, CLP, which was designated Confidential and taken under oath in

6    Chicago, IL, on July 19, 2011, in the case of *In the Matter of Certain Mobile Devices, Associated*

7    *Software, and Components Thereof*, ITC Inv. No. 337-TA-744, which is pending between the

8    parties.  Pursuant to an agreement between the parties, this report may be relied upon in this case.

9         Mr. Berneman's transcript contains licensing information and was designated as

10   Confidential under the Protective Order in the 337-TA-744 Investigation.  It is also covered by the

11   protective order in this case.  Disclosure of this confidential licensing information to third parties

12   and other party employees not covered by the protective order would have the potential to lead to

13   competitive harm.  Due to presence of this confidential information throughout the transcript,

14   Exhibit 30 should be sealed in its entirety.

15        Exhibit 31 is a true and correct copy of a document marked as containing "Confidential

16   Business Information, Subject to Protective Order" bearing production numbers MS-

17   MOTO_1823_00000908323-26, which comprises a purported draft document maintained by

18   Microsoft.

19        This document was produced by Microsoft and was marked as containing

20   "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  In

21   accordance with the protective order in this case, this communication should not be disclosed to

22   third parties and other party employees not covered by the protective order.  Accordingly, Exhibit

23   31 should be sealed in its entirety.

24        Exhibit 32 is a true and correct copy of the transcript of the deposition of Horacio E.

25   Gutierrez, which was designated as Highly Confidential – Attorneys' Eyes Only and taken under

26   oath in Seattle, WA, on April 4, 2012.

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   Mr. Gutierrez's transcript was designated as Highly Confidential under the Protective

2   Order in this case.  During his deposition, Mr. Gutierrez disclosed confidential information about

3   Microsoft's business practices.  Disclosure of this information to third parties and other party

4   employees not covered by the protective order would have the potential to lead to competitive

5   harm.  Due to presence of this highly confidential information throughout the transcript, Exhibit

6   32 should be sealed in its entirety.

7   Exhibit 34 is a true and correct copy of a document marked as "Contain[]ing Confidential

8   Business Information, Subject to Protective Order" and bearing production number

9   MOTM_WASH1823_0393114, which comprises a confidential email communication between

10   Motorola and a third party, along with a redacted communication between employees in

11   Motorola's legal department.

12   This document was produced by Motorola and was marked as "CONTAIN[ING]

13   CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."   In

14   accordance with the protective order in this case, this communication should not be disclosed to

15   third parties and other party employees not covered by the protective order.  Accordingly, Exhibit

16   34 should be sealed in its entirety.

17   Exhibit 35 is a true and correct copy of the July 15, 2010 Amended and Restated Cellular

18   Essential Properties Cross License Agreement between Motorola, Inc. and Nokia Corporation,

19   which is labeled as containing "Confidential Business Information, Attorneys' Eyes Only, Subject

20   to Protective Order," and branded with production numbers MOTM_WASH1823_0024952-5013.

21   This license agreement is a highly confidential agreement between Motorola, Inc. and

22   Nokia Corporation, a non-party to this litigation.  Although the agreement indicates that the parties

23   may disclose its existence to third parties, the terms of the agreement were kept in confidence.

24   Disclosure of this information to third parties and other party employees not covered by the

25   protective order would have the potential to lead to competitive harm.  Due to presence of this

26   highly confidential information throughout the license, Exhibit 35 should be sealed in its entirety.

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1        Exhibit 36 is a true and correct copy of selected pages from the uncertified rough draft

2  transcript of the deposition of Aaron B. Bernstein, which was designed Highly Confidential –

3  Attorneys' Eyes Only and taken under oath in New York, NY, on April 11, 2012.

4        Mr. Bernstein's transcript was designated as Highly Confidential under the Protective

5  Order in this case.  During his deposition, Mr. Bernstein disclosed confidential information about

6  Motorola's business practices and licensing history.  Disclosure of this information to third parties

7  and other party employees not covered by the protective order would have the potential to lead to

8  competitive harm.   Due to presence of this highly confidential information throughout the

9  transcript, Exhibit 36 should be sealed in its entirety.

10        Exhibit 37 is a true and correct copy of the September 13, 2004 Patent Cross License

11  Agreement between Proxim Corporation and Symbol Technologies, Inc., which is labeled as

12  "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information,

13  Subject to Protective Order-Attorneys' Eyes Only," and branded with production numbers

14  MOTM_WASH1823_0398576-97.

15        This license agreement is a highly confidential agreement between Symbol Technologies,

16  Inc. (a wholly owned subsidiary of Motorola Solutions, Inc.) and Proxim Corporation, a non-party

17  to this litigation.  Although the agreement indicates that the parties may disclose its existence to

18  third parties, the terms of the agreement were kept in confidence.  Disclosure of this information to

19  third parties and other party employees not covered by the protective order would have the

20  potential to lead to competitive harm.  Due to presence of this highly confidential information

21  throughout the license, Exhibit 37 should be sealed in its entirety.

22        Exhibit 38 is a true and correct copy of the June 9, 2004 Settlement Agreement between

23  Hand Held Products, Inc., HHP-NC, Inc. and Symbol Technologies, Inc., which is labeled as

24  "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information,

25  Subject to Protective Order-Attorneys' Eyes Only," and branded with production numbers

26  MOTM_WASH1823_0398559-75.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   This license agreement is a highly confidential agreement between Symbol Technologies,

2   Inc. (a wholly owned subsidiary of Motorola Solutions, Inc.) and Hand Held Products, Inc. and

3   HHP-NC, Inc., non-parties to this litigation.  Although the agreement indicates that the parties

4   may disclose its existence to third parties, the terms of the agreement were kept in confidence.

5   Disclosure of this information to third parties and other party employees not covered by the

6   protective order would have the potential to lead to competitive harm.  Due to presence of this

7   highly confidential information throughout the license, Exhibit 38 should be sealed in its entirety.

8   Exhibit 39 is a true and correct copy of the February 24, 2006 Patent License Agreement

9   between Terabeam, Inc. and Symbol Technologies, Inc., which is labeled as "Contain[ing]

10   Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to

11   Protective Order-Attorneys' Eyes Only," and branded with production numbers

12   MOTM_WASH1823_0398540-58.

13   This license agreement is a highly confidential agreement between Symbol Technologies,

14   Inc. (a wholly owned subsidiary of Motorola Solutions, Inc.) and Terabeam, Inc., a non-party to

15   this litigation.  Although the agreement indicates that the parties may disclose its existence to third

16   parties, the terms of the agreement were kept in confidence.  Disclosure of this information to third

17   parties and other party employees not covered by the protective order would have the potential to

18   lead to competitive harm.  Due to presence of this highly confidential information throughout the

19   license, Exhibit 39 should be sealed in its entirety.

20   Exhibit 48 is a true and correct copy of selected pages from the confidential designated

21   testimony of Albert Penello, which was taken under oath in *In The Matter of Certain Gaming and*

22   *Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752

23   (U.S.I.T.C.), marked as Hearing Exhibit CX-651C and admitted into evidence by ALJ Shaw.

24   This sworn deposition testimony was designated Confidential under the Protective Order in

25   the 337-TA-752 Investigation and is covered by the Protective Order in that case.  This testimony

26   was also admitted as a Confidential Hearing Exhibit by ALJ Shaw.  Disclosure of this information

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  to third parties and other party employees not covered by the protective order would have the

2  potential to lead to competitive harm.  Due to presence of this highly confidential information

3  throughout the testimony, Exhibit 48 should be sealed in its entirety.

4       Exhibit 50 is a true and correct copy of selected pages from a document titled FY11

5  Accessories Plan, US Xbox 360, Last Updated July 8, 2010, which is marked as containing

6  "Microsoft – Confidential Business Information – Subject to Protective Order" and bears

7  production numbers MS-MOTO_1823_00005045338-68.

8       This document was produced by Microsoft and was marked as containing "MICROSOFT

9  – CONFIDENTIAL BUSINESS INFORMATION – SUBJECT TO PROTECTIVE ORDER."  In

10  accordance with the protective order in this case, this document should not be disclosed to third

11  parties and other party employees not covered by the protective order.  Accordingly, Exhibit 50

12  should be sealed in its entirety.

13       Exhibit 52 is a true and correct copy of selected pages from the transcript of the January

14  18, 2012 hearing held in *In The Matter of Certain Gaming and Entertainment Consoles, Related*

15  *Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw, which

16  reproduces the confidential sworn testimony given by Kevin M. Murphy and bears non-

17  consecutive production numbers MOTM_WASH1823_0401508-813.

18       This sworn testimony was given during a Confidential session in the ITC hearing and is

19  covered by the Protective Order in that case.  Pursuant to an agreement between the parties, this

20  testimony was produced and may be relied upon in this case.  It has been marked as "Contain[ing]

21  Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to

22  Protective Order – Attorneys' Eyes Only."  Accordingly, this confidential information is covered

23  by the protective order in both cases.  Throughout his testimony, Dr. Murphy disclosed highly

24  confidential information about Motorola's licenses, licensing history and internal business

25  practices.  Disclosure of this information to third parties and other party employees not covered by

26  the protective order would have the potential to lead to competitive harm. Due to presence of this

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   highly confidential information throughout the transcript, Exhibit 52 should be sealed in its
2   entirety.

3          Exhibit 53 is a true and correct copy of the December 17, 2002 Cellular Essential
4   Properties Cross License Agreement between Motorola, Inc. and Benefon OYJ, which contains
5   "Confidential Business Information, Attorneys' Eyes Only, Subject to Protective Order" and is
6   bears production numbers MOTM_WASH1823_0023636-73.

7          This license agreement is a highly confidential agreement between Motorola, Inc. and
8   Benefon OYJ, a non-party to this litigation.  Although the agreement indicates that the parties may
9   disclose its existence to third parties, the terms of the agreement were kept in confidence.
10  Disclosure of this information to third parties and other party employees not covered by the
11  protective order would have the potential to lead to competitive harm.  Due to presence of this
12  highly confidential information throughout the license, Exhibit 53 should be sealed in its entirety.

13  IV.    CONCLUSION

14         For the foregoing reasons, Motorola respectfully requests that this Court order that the
15  following documents be filed under seal:

16         1.     Defendants' Opposition to Microsoft's Motion for Summary Judgment of Breach
17                of Contract; and

18         2.     Exhibits 27, 29-32, 34-39, 48, 50, 52, and 53 to the Second Declaration of Kevin J.
19                Post.

20         DATED this 13th day of April, 2012.

21                                          SUMMIT LAW GROUP PLLC

22                                          By */s/ Ralph H. Palumbo*
23                                             Ralph H. Palumbo, WSBA #04751
                                               Philip S. McCune, WSBA #21081
24                                             Lynn M. Engel, WSBA #21934
                                               *ralphp@summitlaw.com*
25                                             *philm@summitlaw.com*
                                               *lynne@summitlaw.com*
26

---

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 10
CASE NO. C10-1823-JLR

By /s/ K. McNeill Taylor, Jr.
     K. McNeill Taylor, Jr.
     MOTOROLA MOBILITY, INC.
     MD W4-150
     600 North U.S. Highway 45
     Libertyville, IL  60048-1286
     Phone:  858-404-3580
     Fax:  847-523-0727

And by

     Steven Pepe (*pro hac vice*)
     Jesse J. Jenner (*pro hac vice*)
     Stuart W. Yothers (*pro hac vice*)
     Ropes & Gray LLP
     1211 Avenue of the Americas
     New York, NY  10036-8704
     (212) 596-9046
     *steven.pepe@ropesgray.com*
     *jesse.jenner@ropesgray.com*
     *stuart.yothers@ropesgray.com*

     Norman H. Beamer (*pro hac vice*)
     Gabrielle E. Higgins (*pro hac vice*)
     Ropes & Gray LLP
     1900 University Avenue, 6th Floor
     East Palo Alto, CA  94303-2284
     (650) 617-4030
     *norman.beamer@ropesgray.com*
     *gabrielle.higgins@ropesgray.com*

     Paul M. Schoenhard (*pro hac vice*)
     Kevin J. Post (*pro hac vice*)
     Ropes & Gray LLP
     One Metro Center
     700 12th Street NW, Suite 900
     Washington, DC  20005-3948
     (202) 508-4693
     *paul.schoenhard.@ropesgray.com*
     *kevin.post@ropesgray.com*

     ***Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation***

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

3    Court using the CM/ECF system which will send notification of such filing to the following:

4    Arthur W. Harrigan, Jr., Esq.
     Christopher T. Wion, Esq.

5    Shane P. Cramer, Esq.
     Danielson, Harrigan, Leyh & Tollefson LLP

6    *arthurh@dhlt.com*
     *chrisw@dhlt.com*

7    *shanec@dhlt.com*

8    Brian R. Nester, Esq.
     David T. Pritikin, Esq.

9    Douglas I. Lewis, Esq.
     John W. McBride, Esq.

10   Richard A. Cederoth, Esq.
     David Greenfield, Esq.

11   William H. Baumgartner, Jr., Esq.
     David C. Giardina, Esq.

12   Carter G. Phillips, Esq.
     Constantine L. Trela, Jr., Esq.

13   Ellen S. Robbins, Esq.
     Nathaniel C. Love, Esq.

14   Sidley Austin LLP
     *bnester@sidley.com*

15   *dpritikin@sidley.com*

16   *dilewis@sidley.com*
     *jwmcbride@sidley.com*

17   *rcederoth@sidley.com*
     *david.greenfield@sidley.com*

18   *wbaumgartner@sidley.com*
     *dgiardina@sidley.com*

19   *cphillips@sidley.com*
     *ctrela@sidley.com*

20   *erobbins@sidley.com*
     *nlove@sidley.com*

21

22   T. Andrew Culbert, Esq.
     David E. Killough, Esq.

23   Microsoft Corp.
     *andycu@microsoft.com*

24   *davkill@microsoft.com*

25   DATED this 13th day of April, 2012.

26   _____
                                                            /s/ *Marcia A. Ripley*
                                                            Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S
MOTION FOR SUMMARY JUDGMENT OF BREACH OF
CONTRACT - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001