THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

                                    Plaintiff,

          v.

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

                                    Defendants.

CASE NO. C10-1823-JLR

**DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF FEBRUARY 13, 2012 TELEPHONE CONFERENCE**

**NOTED ON MOTION CALENDAR: May 4, 2012**

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# I.      INTRODUCTION

Pursuant to the Western District of Washington General Order No. 08-02 (General Order in Regards to Transcript Redaction), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") respectfully request that certain portions of the transcript of the telephone conference of February 13, 2012 be redacted to obscure confidential business information.  A redacted copy of the transcript obscuring those confidential portions of the transcript is attached hereto as Exhibit A.

# II.      BACKGROUND

On May 1, 2008, the Western District of Washington issued General Order No. 08-02, which establishes procedures for parties to request redaction of transcripts of court hearings.  In accordance with paragraph 4, on April 16, 2012, Motorola filed its Notice of Intent to Request Redaction.  (ECF No. 278.)  Paragraph 5 of General Order No. 08-02 specifies that:

> If redaction is requested, a party is to submit to the court reporter or transcriber, within 20 calendar days of the transcript's delivery to the clerk, a statement indicating where the personal data identifiers to be redacted appear in the transcript. The court reporter or transcriber must redact the identifiers as directed by the patty. These procedures are limited to the redaction of the specific personal data identifiers listed in the rules. ***If an attorney wishes to redact additional information, he or she may make a motion to the court.*** The transcript will not be made public until the court has ruled on any such motion, even though the 90-day restriction period may have ended.

W.D. Wash. Gen. Order 08-02 (emphasis added).

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011.  (ECF No. 72.)  This Protective Order outlines categories of material that should be maintained in confidence.  For example, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
FEBRUARY 13, 2012 TELEPHONE CONFERENCE - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   person, firm, partnership, corporation, or other organization from which the
2   information was obtained….

3   *Id.* at 1-2.  Additionally, paragraph 6 specifies that:

4       (1) Confidential Business Information pertaining to licensing or other
5       commercially sensitive financial information shall not be made available under
        this paragraph 6 to such designated in-house counsel; the supplier shall designate
6       such Confidential Business Information pertaining to licensing or other
        commercially sensitive financial information as "[SUPPLIER'S NAME]
7       CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS'
8       EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a
        redacted version of such document that may be disseminated to the two in-house
9       counsel designated under this paragraph 6….

10  *Id.* at 4.

11      Federal law recognizes that courts should protect trade secrets or other confidential

12  commercial information by reasonable means.  *See* Fed. R. Civ. P. 26(c)(1)(G) (stating that a court

13  may require that "a trade secret or other confidential research, development, or commercial

14  information not be revealed or be revealed only in a specified way").

15      Though courts recognize a general right to inspect and copy public records and documents,

16  including judicial records, the United States Supreme Court has stated that this right is limited.

17  "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory

18  power over its own records and files, and access has been denied where court files might have

19  become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

20  (1978).  In discussing examples of improper purposes, the Court indicated that courts are not to

21  serve as "sources of business information that might harm a litigant's competitive standing."  *Id.*

22      As the Ninth Circuit stated:

23      The law, however, gives district courts broad latitude to grant protective orders to
        prevent disclosure of materials for many types of information, including, but not
24      limited to, trade secrets or other confidential research, development, or
        commercial information.  *See* Fed. R. Civ. P. 26(c)(7).  Rule 26(c) authorizes the
25      district court to issue "any order which justice requires to protect a party or person
        from annoyance, embarrassment, oppression, or undue burden."  The Supreme
26      Court has interpreted this language as conferring "broad discretion on the trial

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
FEBRUARY 13, 2012 TELEPHONE CONFERENCE - 2
CASE NO. C10-1823-JLR

court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### III.    THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR REDACTION

In accordance with the Protective Order and the above-referenced authority, Motorola moves to redact portions of the transcript of the telephone conference of February 13, 2002 because those portions of the transcript contain detailed information regarding:  (1) confidential communications between Motorola and Microsoft; and (2) confidential financial information, including licensing agreements and confidential negotiations between Motorola and certain third parties.  This business information is highly confidential and proprietary, and is covered by the Protective Order in this case.  Disclosure of this proprietary and confidential information to third parties would have the potential to lead to competitive harm.  Motorola has identified for redaction only those portions of the transcript that disclose this highly confidential information.  Redactions were made to limit as little information as possible, leaving the remainder available for public review.  Specifically, Motorola asks that the court redact:

Page 18, Lines 2-4, from the beginning of Line 2 through just before "-- This was all brought" on Line 4;

Page 18, Lines 5-7, from after "These are" on Line 5 through just before "We are not" on Line 7;

Page 18, Lines 10-12, from after "RAND offer" on Line 10 through just before ", and that as a factual" on Line 12;

Page 20, Lines 1-2, from after "They say, well," on Line 1 through just before ". Well, they do not" on Line 2;

Page 22, Lines 7-8, from after "on the testimony" on Line 7 through just before "that one is entitled" on Line 8;

Page 23, Lines 11-19, from after "your Honor," on Line 11 through the end of Line 19;

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
FEBRUARY 13, 2012 TELEPHONE CONFERENCE - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Page 23, Line 22, from after "in negotiations." through just before "They";

Page 24, Lines 1-2, from after "evidence will show" on Line 1 through just before "But the point" on Line 2;

Page 25, Lines 12-13, from the beginning of Line 12 through the end of Line 13; and

Page 26, Line 23, from after "a deposit of" through just before "in place."

Attached as Exhibit A to this Motion is a copy of the transcript identifying those portions of the transcript that contain confidential and highly confidential business information, which Motorola asks the court to order redacted.

## IV.    CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the portions of the transcript of the telephone conference of February 13, 2012 that Motorola has identified in this Motion and in Exhibit A be redacted, and that the unredacted transcript be filed under seal.

DATED this 20th day of April, 2012.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By /s/ Ralph H. Palumbo
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    ralphp@summitlaw.com
    philm@summitlaw.com
    lynne@summitlaw.com

By /s/ K. McNeill Taylor, Jr.
    K. McNeill Taylor, Jr.
    MOTOROLA MOBILITY, INC.
    MD W4-150
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    Phone:  858-404-3580
    Fax:  847-523-0727

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
FEBRUARY 13, 2012 TELEPHONE CONFERENCE - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

2    And by

3    Steven Pepe (*pro hac vice*)
     Jesse J. Jenner (*pro hac vice*)
4    Stuart W. Yothers (*pro hac vice*)
     Ropes & Gray LLP
5    1211 Avenue of the Americas
     New York, NY  10036-8704
6    (212) 596-9046
7    *steven.pepe@ropesgray.com*
     *jesse.jenner@ropesgray.com*
8    *stuart.yothers@ropesgray.com*

9    Norman H. Beamer (*pro hac vice*)
     Gabrielle E. Higgins (*pro hac vice*)
10   Ropes & Gray LLP
     1900 University Avenue, 6th Floor
11   East Palo Alto, CA  94303-2284
     (650) 617-4030
12   *norman.beamer@ropesgray.com*
     *gabrielle.higgins@ropesgray.com*
13

14   Paul M. Schoenhard (*pro hac vice*)
     Kevin J. Post (*pro hac vice*)
15   Ropes & Gray LLP
     One Metro Center
16   700 12th Street NW, Suite 900
     Washington, DC  20005-3948
17   (202) 508-4693
     *paul.schoenhard.@ropesgray.com*
18   *kevin.post@ropesgray.com*
19

20   ***Attorneys for Motorola Solutions, Inc.,***
     ***Motorola Mobility, Inc., and General***
21   ***Instrument Corporation***

22

23

24

25

26

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
FEBRUARY 13, 2012 TELEPHONE CONFERENCE - 5
CASE NO. C10-1823-JLR

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system which will send notification of such filing to the following:

4

              Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.

5

Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP

6

*arthurh@dhlt.com*
*chrisw@dhlt.com*

7

*shanec@dhlt.com*

8

Brian R. Nester, Esq.
David T. Pritikin, Esq.

9

Douglas I. Lewis, Esq.
John W. McBride, Esq.

10

Richard A. Cederoth, Esq.
David Greenfield, Esq.

11

William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.

12

Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.

13

Ellen S. Robbins, Esq.
Sidley Austin LLP

14

*bnester@sidley.com*
*dpritikin@sidley.com*

15

*dilewis@sidley.com*

16

*jwmcbride@sidley.com*
*rcederoth@sidley.com*

17

*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*

18

*dgiardina@sidley.com*
*cphillips@sidley.com*

19

*ctrela@sidley.com*
*erobbins@sidley.com*

20

21

T. Andrew Culbert, Esq.
David E. Killough, Esq.

22

Microsoft Corp.
*andycu@microsoft.com*

23

*davkill@microsoft.com*

24

    DATED this 20th day of April, 2012.

25

*/s/ Deanna L. Schow*

26

Deanna L. Schow

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
FEBRUARY 13, 2012 TELEPHONE CONFERENCE - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001