The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                      Plaintiff,<br><br>        v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION.,<br><br>                      Defendants. | CASE NO. C10-1823-JLR<br><br>MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, May 4, 2012** |

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") respectfully move this Court for leave to file under seal the following:

1. Motorola's Reply in Support of its Motion for Partial Summary Judgment; and

2. Exhibits 55 and 60 to the Third Declaration of Kevin J. Post.

## II. BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. Dkt. No. 72. This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  *Id*. at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states

2  in relevant part that:

3  > During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

5  *Id*. at 2.

7  Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule CR 5(g)(3) states that:

10  > If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

15  Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

21  Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited.  "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

(1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

III. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the following documents under seal for the stated reasons:

A. Motorola's Reply in Support of its Motion for Partial Summary Judgment ("Reply").

Motorola respectfully requests that its Reply be filed under seal because of extensive citation to, and description of, (1) confidential communications between the legal departments of Motorola and Microsoft and (2) licensing agreements entered into between Motorola and certain third parties. Because this information is contained in the Reply, Motorola has marked this document as containing "OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

The communications referenced in the Opposition were kept confidential by the parties. Furthermore, the licensing information contained in the Opposition is highly confidential and proprietary business information. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. In lieu of sealing the entire Reply, Motorola has redacted only those portions of its brief that disclose this highly confidential information. Redactions were made to limit as little information as possible, leaving the remainder available for public review.

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1 B. Exhibits 55 and 60 to the Third Declaration of Kevin J. Post.

Exhibit 55 is a true and correct copy of an email and attached draft document maintained by Microsoft and marked as containing "Confidential Business Information, Subject to Protective Order," bearing non-consecutive production numbers MS-MOTO_1823_00000908317-26.

This email and draft document were produced by Microsoft and were marked as containing "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." In accordance with the Protective Order in this case, this communication should not be disclosed to third parties and other party employees not covered by the protective order. Accordingly, Exhibit 55 should be sealed in its entirety..

Exhibit 60 is a true and correct copy of selected pages from the transcript of the deposition of Richard A. Sonnentag, which was designated Confidential and taken under oath in Chicago, IL, on April 18, 2012.

Mr. Sonnentag's transcript contains licensing information and was designated as Confidential under the Protective Order in this case. Disclosure of this confidential licensing information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this confidential information throughout the transcript, Exhibit 60 should be sealed in its entirety.

IV. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following documents be filed under seal:

1. Motorola's Reply in Support of its Motion for Partial Summary Judgment; and

2. Exhibits 55 and 60 to the Third Declaration of Kevin J. Post.

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

DATED this 20th day of April, 2012.

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
   Ralph H. Palumbo, WSBA #04751
   Philip S. McCune, WSBA #21081
   Lynn M. Engel, WSBA #21934
   *ralphp@summitlaw.com*
   *philm@summitlaw.com*
   *lynne@summitlaw.com*

By */s/ K. McNeill Taylor, Jr.*
   K. McNeill Taylor, Jr.
   MOTOROLA MOBILITY, INC.
   MD W4-150
   600 North U.S. Highway 45
   Libertyville, IL  60048-1286
   Phone:  858-404-3580
   Fax:  847-523-0727

And by

   Steven Pepe (*pro hac vice*)
   Jesse J. Jenner (*pro hac vice*)
   Stuart W. Yothers (*pro hac vice*)
   Ropes & Gray LLP
   1211 Avenue of the Americas
   New York, NY  10036-8704
   (212) 596-9046
   *steven.pepe@ropesgray.com*
   *jesse.jenner@ropesgray.com*
   *stuart.yothers@ropesgray.com*

   Norman H. Beamer (*pro hac vice*)
   Gabrielle E. Higgins (*pro hac vice*)
   Ropes & Gray LLP
   1900 University Avenue, 6th Floor
   East Palo Alto, CA  94303-2284
   (650) 617-4030
   *norman.beamer@ropesgray.com*
   *gabrielle.higgins@ropesgray.com*

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation***

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP
*arthurh@dhlt.com*
*chrisw@dhlt.com*
*shanec@dhlt.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 20th day of April, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001