# EXHIBIT 59

```
 1                BEFORE THE
 2     UNITED STATES INTERNATIONAL TRADE COMMISSION
 3
 4     --------------------------
 5     In the Matter of:      )   Investigation No.
 6     CERTAIN GAMING AND     )   337-TA-752
 7     ENTERTAINMENT CONSOLES, )
 8     RELATED SOFTWARE, AND  )
 9     COMPONENTS THEREOF     )
10     --------------------------
11
12              Hearing Room A
13
14              United States
15         International Trade Commission
16           500 E Street, Southwest
17              Washington, D.C.
18
19          Friday, January 13, 2012
20
21                VOLUME V
22
23     The parties met, pursuant to the notice of the
24     Judge, at 9:31 a.m.
25         BEFORE: THE HONORABLE DAVID P. SHAW
```

Motorola v. Microsoft                                          Page 1176

Contains Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order-Attorneys' Eyes Only

64

MOTM_WASH1823_0400875

```
 1    APPEARANCES:
 2
 3        For Complainants Motorola Mobility, Inc. and
 4    General Instrument Corporation:
 5            STEPHEN J. ROSENMAN, ESQ.
 6            PAUL M. SCHOENHARD, ESQ.
 7            KEVIN J. POST, ESQ.
 8            MATTHEW RIZZOLO, ESQ.
 9            Ropes & Gray, LLP
10            One Metro Center
11            700 12th Street, N.W., Suite 900
12            Washington, D.C. 20005-3948
13            (202) 508-4600
14            stephen.rosenman@ropesgray.com
15            and
16            JESSE J. JENNER, ESQ.
17            STEVEN PEPE, ESQ.
18            ALEXANDER MIDDLETON, ESQ.
19            Ropes & Gray, LLP
20            1211 Avenue of the Americas
21            New York, New York 10036-8704
22            (212) 596-9000
23
24
25
```

Motorola v. MicrosoftPage 1177

Contains Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order-Attorneys' Eyes Only

65

MOTM_WASH1823_0400876

```
 1    APPEARANCES (Continued):
 2       For Complainants Motorola Mobility, Inc. and
 3    General Instrument Corporation:
 4         JAMES R. BATCHELDER, ESQ.
 5         NORMAN H. BEAMER, ESQ.
 6         MARK D. ROWLAND, ESQ.
 7         GABRIELLE HIGGINS, ESQ.
 8         DREW KONING, ESQ.
 9         Ropes & Gray, LLP
10         1900 University Avenue, 6th Floor
11         East Palo Alto, California 94303-2284
12         (650) 617-4000
13
14       For Respondent Microsoft Corporation:
15         DAVID T. PRITIKIN, ESQ.
16         RICHARD A. CEDEROTH, ESQ.
17         ELLEN S. ROBBINS, ESQ.
18         JOHN W. McBRIDE, ESQ.
19         DOUGLAS L. LEWIS, ESQ.
20         HERMAN F. WEBLEY, ESQ.
21         Sidley Austin, LLP
22         One South Dearborn
23         Chicago, Illinois 60603
24         (312) 853-7359
25         dpritikin@sidley.com
```

Motorola v. Microsoft                                            Page 1178

Contains Motorola Mobility, Inc. and/or Third Party
Confidential Business Information,
Subject to Protective Order-Attorneys' Eyes Only

66

MOTM_WASH1823_0400877

```
1    APPEARANCES (Continued):
2       For Respondent Microsoft Corporation:
3          BRIAN R. NESTER, ESQ.
4          MICHAEL R. FRANZINGER, ESQ.
5          Sidley Austin, LLP
6          1501 K Street, N.W.
7          Washington, D.C. 20005
8          (202) 736-8017
9
10   ATTORNEY ADVISOR:
11         PYONG W. YOON, ESQ.
12         U.S. International Trade Commission
13         500 E Street, S.W., Suite 317
14         Washington, DC 20436
15         (202) 708-4051
16         pyong.yoon@usitc.gov
17
18
19
20
21
22
23
24
25
```

Motorola v. Microsoft                                                    Page 1179

Contains Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order-Attorneys' Eyes Only

67

MOTM_WASH1823_0400878

```
 1                  C O N T E N T S

 2     WITNESS           DIRECT  CROSS  REDIRECT  RECROSS

 3     JAMES T. GEIER      1193   1195    1287

 4     RICHARD HOLLEMAN    1303   1305    1333    1337

 5     RUSSELL DAVID HOUSLEY  1342  1344   1458

 6

 7

 8          AFTERNOON SESSION: 1303

 9

10              E X H I B I T S

11     EXHIBIT NO.              RECEIVED

12     COMPLAINANTS'

13     CX-22    ................   1297

14     CX-23    ................   1297

15     CX-24    ................   1297

16     CX-35    ................   1297

17     CX-139   ................   1297

18     CX-140   ................   1297

19     CX-182   ................   1297

20     CX-359   ................   1297

21     CX-365C  ................   1297

22     CX-369   ................   1297

23     CX-371   ................   1297

24     CX-374   ................   1297

25     CX-377   ................   1297
```

Motorola v. Microsoft                               Page 1180

Contains Motorola Mobility, Inc. and/or Third Party
Confidential Business Information,
Subject to Protective Order-Attorneys' Eyes Only

68

MOTM_WASH1823_0400879

```
 1           "Answer: Yes."
 2           Were you asked those questions and did you
 3   give those responses?
 4       A   Yes, I did.
 5       Q   Okay.  Now, you said several times in your
 6   testimony that the owner of essential patents only has
 7   RAND obligations to applicants.  Do you recall that?
 8       A   I don't recall it, but --
 9       Q   Well, for context, could you look at your
10   answer to question 44.
11       A   Yes.
12       Q   And this is just an example of one place
13   where you said it.  If you look at the first sentence
14   there, you see the statement you made that they'll
15   make available their essential patents to applicants
16   on reasonable and nondiscriminatory terms.
17       A   Yes.
18       Q   And I want to explore a little bit what you
19   thought the word "applicant" means or what you had in
20   mind when you said an applicant.
21           Would you agree that an applicant in this
22   context is anyone that the patent owner makes an offer
23   to?
24       A   In the context of the policy, the applicant
25   is envisioned as a party who comes forward and
```

Contains Motorola Mobility, Inc. and/or Third Party
Confidential Business Information,
Subject to Protective Order-Attorneys' Eyes Only              MOTM_WASH1823_0401025

```
 1    requests a license.
 2        Q   So let's see if we can -- I want to pin this
 3    down and make sure I understand what you're saying.
 4            You're saying that the RAND obligation is
 5    limited to prospective licensees who affirmatively
 6    contact the patent owner with a request for a license?
 7        A   The policy envisions that once there's a
 8    letter of assurance -- and this is posted on, in
 9    IEEE's case, their patent policy list -- that the
10    patent holder would be expected to -- to receive any
11    requests from applicants who wish to engage in
12    negotiations to -- that would result in a RAND
13    license.  That's the concept.
14        Q   Let me give you a hypothetical and see if
15    we're on the same page or not.  Suppose Motorola has
16    essential patents, and suppose Motorola approaches a
17    company that it believes are -- is infringing those
18    essential patents.  There are letters of assurance.
19            Are you saying that Motorola has no RAND
20    obligations toward that company because Motorola
21    approached them first?
22        A   No, I'm not.
23        Q   Okay.  And it would be fair to say that you
24    don't think a patent owner's RAND obligations turn on
25    the question of whether the patent owner or the
```

Motorola v. Microsoft                                Page 1327

Contains Motorola Mobility, Inc. and/or Third Party
Confidential Business Information,
Subject to Protective Order-Attorneys' Eyes Only

MOTM_WASH1823_0401026