1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

MICROSOFT CORPORATION,

11

Plaintiff,

12

v.

13

MOTOROLA, INC, et al.,

14

Defendants.

CASE NO. C10-1823JLR

ORDER REGARDING
MOTIONS TO SEAL

15   This matter comes before the court on Plaintiff Microsoft Corporation's

16   ("Microsoft") motion to seal Exhibit 3 to the Declaration of Douglas I. Lewis, filed on

17   March 22, 2012, in support of Microsoft's motion for summary judgment of invalidity

18   (3/22/12 Mot. (Dkt. # 204)).  Also before the court is Microsoft's motion, filed March 30,

19   2012, to seal (1) portions of Microsoft's motion for summary judgment of breach of

20   contract, and (2) Exhibits 12 and 15-19 of the Declaration of Christopher Wion in support

21   of Microsoft's motion for summary judgment (3/30/12 Mot. (Dkt. # 234)).  Defendants

22   Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation's

1   (collectively, "Motorola") do not oppose either of Microsoft's motions to seal.  (*See* Dkt.

2   ## 218, 279.)  The court has reviewed Microsoft's motions and the relevant law.  For the

3   reasons set forth below, the court GRANTS Microsoft's motion to seal filed March 22,

4   2012 (Dkt. # 204), GRANTS in part and DENIES in part Microsoft's motion to seal filed

5   March 30, 2012 (Dkt. # 234), and ORDERS the parties to show cause why certain

6   documents subject to Microsoft's March 30, 2012 motion should remain under seal.

7        Pursuant to Western District of Washington Local Rule CR 5(g)(2), the court may,

8   for "good cause under [Federal] Rule [of Civil Procedure] 26(c)," seal a document

9   attached to a nondispostive motion, or seal a document attached to a dispositive motion

10  upon a "compelling showing that the public's right of access is outweighed by the

11  interests of the public and the parties in protecting the court's files from public review."

12  Local Rules W.D. Wash. CR 5(g)(2).  Similarly, the Ninth Circuit has held that

13  "compelling reasons" must be shown to seal judicial records attached to a dispositive

14  motion.  *Kakakama v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

15       First, Exhibit 3 to the Lewis Declaration was filed by Microsoft in support of its

16  summary judgment motion of invalidity (Dkt. # 205), a dispositive motion.  Thus,

17  Microsoft must show a "compelling reason" to seal these documents.  Exhibit 3 contains

18  several hundred pages that reference and describe Microsoft's proprietary computer

19  source code.  (3/22/12 Mot. at 2, 4.)  The court finds that the information contained in

20  Exhibit 3 is sufficiently confidential in nature such that Microsoft has shown a

21  compelling reason to seal the documents.

22

1    Second, Microsoft seeks to seal (1) limited portions of its motion for summary

2    judgment of breach of contract, and (2) Exhibits 12 and 15-19 of the Declaration of

3    Christopher Wion in support thereof.  (Dkt. # 234.)  These documents all relate to

4    Microsoft's motion for summary judgment of breach of contract (Dkt. ## 236, 237), a

5    dispositive motion; and therefore, Microsoft must show a "compelling reason" to seal

6    these documents.  (Motorola Resp. at 4-5.)  The court discusses each document Microsoft

7    seeks to seal individually.

8    Exhibit 12 consists of excerpts from testimony provided by Motorola witnesses as

9    well as a third party witness, Jennifer Ochs.  (3/30/12 Mot. at 5.)  This testimony includes

10   descriptions of Motorola's licensing negotiations and agreements with third parties.  (*Id.*)

11   The court finds that this testimony contains commercially sensitive information sufficient

12   to meet the "compelling reasons" standard.

13   Exhibit 16 consists of excerpts from testimony of Microsoft's Senior Director of

14   Marketing for the Xbox describing the adverse impact on Microsoft were Motorola

15   successful in obtaining an exclusion order in the International Trade Commission[1] as to

16   the Xbox.  (3/30/12 Mot. at 3-4.)  The court finds that this testimony contains

17   commercially sensitive information to meet the "compelling reasons" standard.

18   Exhibit 18 is a copy of a licensing agreement between Motorola and a third party

19   that has been marked as containing confidential business information.  The court finds

20

21   _____

22   [1] The parties to this action are also involved in an action before the International Trade Commission.

ORDER- 3

1   that this testimony contains commercially sensitive information to meet the "compelling

2   reasons" standard.

3       Exhibits 15, 17, and 19 are all documents Motorola has designated as containing

4   confidential business information.  (3/30/12 Mot. at 5.)  Microsoft asserts that it has filed

5   these documents under seal, because it is required to do so under the terms of the

6   protective order in this matter.  (*Id.*)  Here, neither Microsoft's motion, nor Motorola's

7   response (Dkt. # 279) provides any explanation as to why these documents should be

8   sealed except that they have been marked as confidential.  Such minimal support is

9   insufficient to meet the standard for sealing documents under Western District of

10  Washington Local Rule CR 5.  Therefore, the court ORDERS the parties to show cause,

11  no later than April 30, 2012, why Exhibits 15, 17, and 19 in support of Microsoft's

12  motion for summary judgment of breach of contract (Dkt. ## 236, 237) should remain

13  under seal.  In the future, should the situation arise that pursuant to the protective order

14  one party must file documents marked confidential under seal, the motion itself or the

15  responsive brief, must contain sufficient supporting evidence to meet the standard for

16  sealing the relevant documents.

17      For the foregoing reasons, the court GRANTS Microsoft's motion filed on March

18  22, 2012 (Dkt. # 204), and the court DIRECTS the clerk to maintain the seal on Docket

19  Number 206.  Further, the court GRANTS in part and DENIES in part Microsoft's

20  motion filed on March 30, 2012 (Dkt. # 234), and the court DIRECTS the clerk to

21  maintain the seal on Docket Numbers 238-12, 238-16, and 238-18.  Additionally, the

22  court ORDERS the parties to show cause, no later than April 30, 2012, why Exhibits 15,

ORDER- 4

17, and 19 in support of Microsoft's motion for summary judgment of breach of contract

(Dkt. ## 236, 237) should remain under seal.[2]  The parties shall limit their response to no

more than five pages each.  If no party timely responds to this Order, the court will lift

the seal of these exhibits.

        Dated this 23rd day of April, 2012.




                                                    _____
                                                    The Honorable James L. Robart
                                                    U.S.  District Court Judge

_____

        [2] Microsoft also seeks to seal its motion for summary judgment of breach of contract
(Dkt. ## 236, 237) to the extent that it references the exhibits that are the subject of its March 30,
2012 motion.  (3/30/12 Mot. at 6.)  Microsoft has filed both a sealed version and a redacted
version of its summary judgment motion to avoid disclosure of the information contained in the
referenced exhibits.  (*See* Dkt. ## 236, 237.)  Upon the parties' responses to the court's order to
show cause why Exhibits 15, 17, and 19 filed in support of the summary judgment motion should
remain under seal, the court will determine what portions of Microsoft's summary judgment
motion may also remain under seal.

ORDER- 5