THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

Defendants.

---

MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

Plaintiffs/Counterclaim Defendant,

v.

MICROSOFT CORPORATION,

Defendant/Counterclaim Plaintiff.

CASE NO. C10-1823-JLR

MOTOROLA'S SUR-REPLY TO MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

**ORAL ARGUMENT REQUESTED**

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    *Noah Sys. Inc., v. Intuit Inc.*, __ F.3d __, slip op. (Fed. Cir. Apr. 9, 2012) is distinguishable

2    from the present case, and does not support Microsoft's arguments.  In *Noah*, the Federal Circuit

3    considered a means-plus-function limitation that had two distinct functional components, and

4    determined that the specification merely restated one of the functions instead of disclosing a

5    method for implementing it.  *Id* at 24.  The Federal Circuit rejected arguments that other sources

6    or understanding of a skilled artisan could substitute for the missing disclosure.  *Id.* at 25-26.

7         These are not the issues of the present case.  Instead, at issue is whether the description of

8    decoders in the Motorola Patents is sufficient to identify a class of structures for performing the

9    means-plus-function limitations, such that the limitations need not be defined by algorithms to

10   avoid pure functional claiming.  Alternatively, if to the extent disclosure of algorithms is

11   necessary, the issue is whether there is sufficient disclosure here.  Motorola respectfully submits

12   that, at the least, there remain genuine issues of material fact relating to both disputes, so summary

13   judgment should be denied.[1]

14   I.    "DECODER" CONNOTES STRUCTURE

15        The Federal Circuit's holding in *Noah* does not change the basic proposition that structure

16   (including algorithms) can be disclosed by using a term (like "decoder") that connotes structure.

17   Unlike in *Noah*, where there was no disclosure of ***any*** structure for a claimed function, here the

18   specification explicitly identifies a known class of standards-based digital video decoder structures

19   for performing the claimed functions.  *See* Dkt. 251 at 3-4; Dkt. 252, ¶¶ 17-52.  The *Noah* decision

20   does not require the disclosed decoder structure to be limited to a particular type of electronic

21   device.  Microsoft's related argument based on *Med. Instrumentation and Diagnostics v. Elektra*

22   (see Dkt. 266 at 3-4) is wrong.  There, the Federal Circuit held that software was not

23   corresponding structure because the specification did not link software to the claimed function, as

24   it had linked other structures.  344 F.3d 1205, 1219-1220 (Fed. Cir. 2003).

25

26   _____

[1] *Rembrandt Data Tech's v. AOL et. al.*, 641 F.3d 1331, 1343 (Fed. Cir. 2011) (reversing summary judgment of invalidity for failure to disclose algorithms because of genuine issue of fact regarding disclosure in the specification).

MOTOROLA'S SUR-REPLY TO MICROSOFT
CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

II.   ALGORITHMS ARE DISCLOSED FOR THE "DECODING" AND "USING" FUNCTIONS

Microsoft argues that relevant disclosures are limited to encoding, not decoding.  Thus, Microsoft contends there is no disclosure of an algorithm for the "means for decoding" elements because there is no disclosed algorithm for decoding "inter prediction" or "intra prediction."  *See* Dkt. 266 at 6-8.  However, a person of ordinary skill reading the specification would understand that intra prediction and inter prediction are integral to the claimed "decoding" function.  For example, the specification explicitly describes intra mode prediction as a "decoding" operation:

> An embodiment of the present invention includes the following **rules that apply to intra mode prediction** . . . In the case of **decoding the prediction modes** of blocks numbered 3, 6, 7, 9, 12, 13, 11, 14 and 15 of FIG. 16b, the above and left neighboring blocks are in the same macroblock as the current block.  However, in the case of **decoding the prediction modes** of blocks numbered 1, 4, and 5, the top block (block A) is in a different macroblock pair than the current macroblock pair.

'374 patent, 15:45-16:4; *see also* Dkt. 252, ¶ 65.[2]  Similarly, Microsoft erroneously argues that the extensive disclosure of inter prediction at 9:46-12:56 is limited to encoding (Dkt. 266 at 6), but this part of the specification describes calculating the PMV, which occurs in both encoding and decoding. 374 patent, 9:40-45, 1:62-67; Dkt. 252 ¶ 55-57.  Microsoft further argues that the "wherein" clauses should be ignored because they are not part of the claimed function.  Dkt. 266 at 5-6.  However, such clauses describe the blocks within the "smaller portions" that are being decoded—*i.e.*, it is *inter coded* blocks or *intra coded* blocks that are being decoded.[3]  Thus, the specification clearly links prediction with the "decoding" function.

Microsoft also asserts that the "means for decoding" elements are indefinite because "the common specification does not disclose an algorithm for decoding field/frame mode."  Dkt. 266 at

---

[2]  Microsoft attempts to dismiss this disclosure because it applies to decoding "macroblock pairs only."  Dkt. 266 at 9. However, disclosure of one embodiment of the "smaller portion" or "processing block" (e.g., macroblock pair) is sufficient.  In contrast with *Noah*, where the Court found that the specification disclosed only a partial algorithm for the functional language associated with the means element, here the disclosed algorithms support **_all_** of the functions associated with the "means for decoding" elements.

[3]  Similarly, for claim 22 of the '376 patent, the wherein clause for horizontal/vertical scanning describes how the processing blocks are being decoded.

MOTOROLA'S SUR-REPLY TO MICROSOFT
CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    5, 7, 9.  However, this mischaracterizes the claims.  Microsoft states, without explanation, that the

2    re-interleaving of even and odd lines is part of the "means for decoding" because "[t]he 'means for

3    decoding' function explicitly requires decoding 'frame coding mode' and 'field coding mode.'"

4    Dkt. 266 at 5.  To the contrary, the claims require "means for decoding ... *in* frame coding mode

5    and... *in* field coding mode ...."  Performing "decoding ... *in* frame coding mode and ... *in* field

6    coding mode" does not require re-interleaving of even and odd lines, but rather requires decoding

7    (*i.e.*, prediction) of blocks within macroblock pairs that are *in* a frame coding mode or a field

8    coding mode.  Dkt. 251 at 12, 15-16, 18-19.  The re-interleaving of even and odd lines is part of

9    the algorithm for the "means for using" terms.  *Id.* at 20-21.  The specification makes clear that the

10   splitting of a pair of macroblocks into top and bottom fields occurs before encoding.  '374 patent,

11   7:54-57.[4]  Thus, Microsoft's arguments about "an algorithm for decoding field/frame mode" are

12   irrelevant to the "means for decoding" terms.

13        Microsoft further argues that the means-plus function claims are indefinite because the

14   disclosure of the frame/field flag is not part of the algorithm for the "means for decoding."  Dkt.

15   266 at 6, 8, 9.  Not so—the frame/field flag is linked to the "decoding" function.  The specification

16   discloses that FIG. 11 relates to both encoding and decoding macroblocks in the bitstream.  '374

17   patent, 8:56-58 ("the frame/field flag (112) is preferably included before each pair of macroblocks

18   **in the bitstream**,"), 2:58-60 ("method entails encoding and **decoding each of the macroblocks** in

19   each picture **in said stream**…."); claims recite "decoding an encoded picture **from a bitstream**."

20   Dkt. 252, ¶ 56.

21   III.   CONCLUSION

22        *Noah* is distinguishable and does not support the arguments for which Microsoft cites it.

23   Microsoft's motion should be denied because it cannot show by clear and convincing evidence

24   that the claims at issue fail to satisfy the requirements of 35 U.S.C. § 112, ¶¶ 6 and 2.

25

26   ---
[4]  Microsoft is also wrong that the disclosures in the specification at cols 12-14 relating to picture reconstruction and skipped macroblocks do not relate to the "means for using" function.  The specification discloses that if one macroblock of the pair is skipped, the other macroblock is used to reconstruct the picture.  '374 patent, 14:25-28.

MOTOROLA'S SUR-REPLY TO MICROSOFT
CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  **RESPECTFULLY SUBMITTED:**

2  DATED this 25th day of April, 2012          SUMMIT LAW GROUP

3                                        By:      */s/ R. Palumbo*_____
                                                 Ralph H. Palumbo, WSBA # 04751
4                                                Philip S. McCune, WSBA #21081
                                                 Lynn M. Engel, WSBA #21934
5                                                *ralphp*@summitlaw*.com*
6                                                *philm*@summitlaw*.com*
                                                 *lynne@summitlaw.com*
7
                                        By:      */s/ K. McNeill Taylor, Jr.*_____
8                                                K. McNeill Taylor, Jr.
                                                 MOTOROLA MOBILITY, INC.
9                                                MD W4-150
                                                 600 North U.S. Highway 45
10                                               Libertyville, IL  60048-1286
                                                 (858) 404-3580
11
                                                 Steven Pepe (*pro hac vice*)
12                                               Jesse J. Jenner (*pro hac vice*)
                                                 Stuart W. Yothers (*pro hac vice*)
13                                               ROPES & GRAY LLP
                                                 1211 Avenue of the Americas
14                                               New York, NY  10036-8704
                                                 (212) 596-9046
15                                               *steven.pepe@ropesgray.com*
                                                 *jesse.jenner@ropesgray.com*
16                                               *stuart.yothers@ropesgray.com*

17                                               Norman H. Beamer (*pro hac vice*)
                                                 Gabrielle E. Higgins (*pro hac vice*)
18                                               ROPES & GRAY LLP
                                                 1900 University Avenue, 6th Floor
19                                               East Palo Alto, CA  94303-2284
                                                 (650) 617-4030
20                                               *norman.beamer@ropesgray.com*
                                                 *gabrielle.higgins@ropesgray.com*
21

22                                               Paul M. Schoenhard (*pro hac vice*)
                                                 Kevin J. Post (*pro hac vice*)
23                                               ROPES & GRAY LLP
                                                 One Metro Center
24                                               700 12th Street NW, Suite 900
                                                 Washington, DC  20005-3948
25                                               (202) 508-4693
                                                 *paul.schoenhard.@ropesgray.com*
26                                               *kevin.post@ropesgray.com*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**COUNSEL FOR MOTOROLA
SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC., AND
GENERAL INSTRUMENT, CORP.**

MOTOROLA'S SUR-REPLY TO MICROSOFT
CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system which will send notification of such filing to the following:

4
        Arthur W. Harrigan, Jr., Esq.
        Christopher T. Wion, Esq.

5
        Shane P. Cramer, Esq.
        Danielson, Harrigan, Leyh & Tollefson LLP

6
        *arthurh@dhlt.com*
        *chrisw@dhlt.com*

7
        *shanec@dhlt.com*

8
        Richard A. Cederoth, Esq.
        Brian R. Nester, Esq.

9
        David T. Pritikin, Esq.
        Douglas I. Lewis, Esq.

10
        John W. McBride, Esq.
        David Greenfield, Esq.

11
        William H. Baumgartner, Jr., Esq.
        David C. Giardina, Esq.

12
        Carter G. Phillips, Esq.
        Constantine L. Trela, Jr., Esq.

13
        Ellen S. Robbins, Esq.
        Nathaniel C. Love, Esq.

14
        Sidley Austin LLP
        *rcederoth@sidley.com*

15
        *bnester@sidley.com*

16
        *dpritikin@sidley.com*
        *dilewis@sidley.com*

17
        *jwmcbride@sidley.com*
        *david.greenfield@sidley.com*

18
        *wbaumgartner@sidley.com*
        *dgiardina@sidley.com*

19
        *cphillips@sidley.com*
        *ctrela@sidley.com*

20
        *erobbins@sidley.com*
        *nlove@sidley.com*

21

22
        T. Andrew Culbert, Esq.
        David E. Killough, Esq.

23
        Microsoft Corp.
        *andycu@microsoft.com*

24
        *davkill@microsoft.com*

25
    DATED this 25th day of April, 2012.

26
                                   /s/ *Marcia A. Ripley*
                                        Marcia A. Ripley

MOTOROLA'S SUR-REPLY TO MICROSOFT
CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001