THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>      Plaintiff,<br><br> vs.<br><br>MOTOROLA, INC., et al.,<br><br>      Defendants.<br>_____<br>MOTOROLA MOBILITY, INC., et al.,<br><br>      Plaintiffs,<br><br> vs.<br><br>MICROSOFT CORPORATION,<br><br>      Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT CORPORATION'S SURREPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY |

MICROSOFT CORPORATION'S SURREPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aristocrat Techs. Austl. Pty. Ltd. v. Int'l Game Tech*,
   521 F.3d 1328 (Fed. Cir. 2008) ..................................................................................................2

*Ergo Licensing v. Carefusion*,
   _F.3d_, slip op. at 5 (Fed. Cir. 2012)..........................................................................................1

*Markman v. Westview*,
   517 U.S. 370 (1996)....................................................................................................................1

*Medical Instrumentation v. Elekta*
   344 F.3d 1205 (Fed. Cir. 2003) ...............................................................................................1, 2

*Neurografix v. Siemens Med. Solutions*,
   Case No. 10-CV-1990, 2011 WL 3439324 (C.D. Cal. May 5, 2011) ........................................1

*Noah Sys. v. Intuit*,
   _F.3d_, slip op. at 20...................................................................................................................2

*Rembrandt Data Technologies, LP v. AOL*,
   LLC, 641 F.3d 1331 (Fed. Cir. 2011) ........................................................................................1

MICROSOFT CORPORATION'S SURREPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY - i
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

There are no disputed issues of material fact here that preclude summary judgment because indefiniteness is an issue of law.  To the extent that the text of the patents and expert testimony must be considered in resolving this motion, such consideration is properly before the Court.  *Markman v. Westview*, 517 U.S. 370, 386 (1996); *Ergo Licensing v. Carefusion*, _F.3d_, slip op. at 5 (Fed. Cir. Mar. 26, 2012).  MMI wrongly argues that *Rembrandt Data Technologies, LP v. AOL, LLC*, 641 F.3d 1331, 1336 (Fed. Cir. 2011), requires the Court to find a disputed issue of fact in assessing the means-plus-function claim elements.  But, in *Rembrandt*, the district court invalidated certain claims with one sentence in a footnote. *Rembrandt*, 641 F.3d at 1336.  The Federal Circuit noted that "the district court did not assess whether the testimony of Rembrandt's expert raised a genuine issue of material fact about whether a skilled artisan would have known the algorithm," and that the order was "without any reasoning." *Id*. at 1342, 1343.  As an issue of law, failure to disclose structure underlying a means element is for the Court to determine.  *See, e.g., Ergo*, slip op. at 5.  *Rembrandt* only required that the district court evaluate the evidence and identify its reasons for invalidating a claim; the court did not hold that summary judgment was improper where such an analysis occurred.  *See Neurografix v. Siemens Med. Solutions*, Case No. 10-CV-1990, 2011 WL 3439324, at *13 n. 6 (C.D. Cal. May 5, 2011) ("This Court does not take [*Rembrandt's*] statements to mean that the Federal Circuit has changed its long standing precedent").

MMI provides no support, new or otherwise, to show that a "decoder connotes structure" or  that it is a "known class."  Instead, MMI cites to its expert's review of *general purpose hardware* implementations as discussed in the specification.  Surreply at 1; Microsoft Reply at 1-3.  Conversely, MMI's infringement contentions rely on Microsoft's software implemented decoder.  This record contains no proof of the existence of any decoder that accomplishes the claimed functions.

MMI also wrongly reads *Medical Instrumentation v. Elekta* as somehow concluding

MICROSOFT CORPORATION'S SURREPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 1
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  that it can disclose one type of specific hardware (although in fact it has not) and then have the

2  claims reach general purpose hardware running any algorithm.  Surreply at 1 (citing 344 F.3d

3  1205, 1219-20).  But *Medical Instrumentation* explicitly rejected that proposition:

> Why not simply require the patentee to disclose some structure … and then permit the patentee to claim infringement by some other structure, such as software, so long as one of ordinary skill in the art could have written the software program to perform the claimed function? The reason, of course, is because the statute itself requires disclosure of corresponding structure in the specification, and that disclosure must clearly link the disclosed structure to the claimed function with which it is associated.

*Id*. at 1219-20.

MMI also argues that by disclosing "macroblock pairs" for intra prediction, the common specification has sufficient algorithmic disclosure for a function that processes any number of macroblocks more than two, asserting that "disclosure of one embodiment of the 'smaller portion' or 'processing block' (e.g., macroblock pair) is sufficient."  Surreply at 2.  MMI cites no law for this proposition, as the disclosed algorithm must perform the entire function, not just part of it.  *See Noah Sys. v. Intuit*, _F.3d_, slip op. at 20 ("Any algorithm must, therefore, address both aspects of this functional language").  MMI's attempts to distinguish the *Noah* decision have nothing to do with the disputes here.  *See* Surreply at 1.

With regard to "inter prediction," MMI parses its language carefully to assert "this part of the specification describes calculating the PMV, which occurs in both encoding and decoding."  Surreply at 2.  Notably, MMI does not assert that the specification discloses decoding PMV, only that one of skill in the art would know to decode PMV.  The law requires disclosing an algorithm corresponding to the claimed function, not another function.  *Med. Instrumentation*, 344 F.3d at 1210.  Whether one of skill in the art would know to add an additional algorithm is irrelevant.  *See id.*, at 1219-1220; *Aristocrat Techs. Austl. Pty. Ltd. v. Int'l Game Tech*, 521 F.3d 1328, 1336 (Fed. Cir. 2008).

With regard to frame/field decoding, the specification fails to disclose an algorithm for

MICROSOFT CORPORATION'S SURREPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 2
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

performing that re-interleaving function, no matter which claim element contains the function (and about which the parties disagree). *See* Surreply at 2-3. MMI offers no showing that the specification discloses an algorithm for reversing frame/field decoding. *See* Surreply at 3. And as explained in Microsoft's Opening and Reply briefs, the specification discloses only encoding. Microsoft Mot. at 11-12; Microsoft Reply at 4-5.

With regard to whether the decoding function includes decoding frame/field mode, MMI resorts to editing the claims to argue that the frame/field decoding is not part of the "decoding" function. MMI removes the noun that is being decoded to argue that the claims require "means for decoding ... in frame coding mode and ... in field coding mode ...." The claims, however, require (with minor variants between the claims) "decoding <u>at least one of a plurality of smaller portions</u> at a time of the encoded picture that is encoded in frame coding mode and <u>at least one of said plurality of smaller portions</u> at a time of the encoded picture in field coding mode." Thus, the claims require "decoding" "smaller portions" (or "processing blocks") that are in frame or field coding mode. Decoding them requires re-interleaving the field macroblocks, which the common specification does not disclose, although analogously it discloses that separating the fields is part of encoding. '374 Patent, at 7:54-57, Fig. 8.

Finally, with respect to the frame/field flag, MMI cites no evidence to support its allegation that "the frame/field flag is linked to the 'decoding' function." Surreply at 3. MMI's first quotation, to 8:56-58, discusses creating a "bitstream," not decoding. Creating a "bitstream" is encoding not decoding. '374 patent at 4:64 – 5:3; Reply at 6. MMI's second quotation mentions decoding but has no connection or linkage to the frame/field flag, instead appearing in the "Summary of the Invention" section and describing "decoding" only at the highest level. *See* Surreply at 3 (quoting '374 patent at 2:58-60).

MICROSOFT CORPORATION'S SURREPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 3
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   DATED this 27th day of April, 2012.

2                           DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

3

4           By         s/ Arthur W. Harrigan, Jr.
               Arthur W. Harrigan, Jr., WSBA #1751
5              Christopher Wion, WSBA #33207
               Shane P. Cramer, WSBA #35099

6
            By         /s/ T. Andrew Culbert
7              T. Andrew Culbert, WSBA #35925
               David E. Killough, WSBA #40185
8              MICROSOFT CORPORATION
               1 Microsoft Way
9              Redmond, WA 98052
               Phone: 425-882-8080
10             Fax: 425-869-1327

11
               David T. Pritikin, *Pro Hac Vice*
12             Richard A. Cederoth, *Pro Hac Vice*
               Douglas I. Lewis, *Pro Hac Vice*
13             John W. McBride, *Pro Hac Vice*
               SIDLEY AUSTIN LLP
14             One South Dearborn
               Chicago, IL 60603
15             Phone: 312-853-7000
               Fax: 312-853-7036
16

17             Brian R. Nester, *Pro Hac Vice*
               SIDLEY AUSTIN LLP
18             1501 K Street NW
               Washington, DC 20005
19             Telephone: 202-736-8000
               Fax: 202-736-8711
20
               Counsel for Microsoft Corporation
21

22

23

24

25

---

MICROSOFT CORPORATION'S SURREPLY IN
SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF INVALIDITY - 4
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation**

Ralph Palumbo
Philip S. McCune
Lynn M. Engle
Summit Law Group

Steven Pepe
Jesse J. Jenner
Norman Beamer
Paul M. Schoenhard
Ropes & Gray

        /s/ Linda Bledsoe
LINDA BLEDSOE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

MICROSOFT CORPORATION'S SURREPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY - 5
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717