The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                 Plaintiff,<br><br>     v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>                 Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' RESPONSE TO THE COURT'S APRIL 23, 2012 ORDER TO SHOW CAUSE |

DEFENDANTS' RESPONSE TO THE COURT'S APRIL 23, 2012 ORDER TO SHOW CAUSE
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4832-1687-9375.1

I.  INTRODUCTION

Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") hereby respectfully respond to the Court's April 23, 2012 Order to Show Cause (Dkt. 292) as to why certain documents filed with the Court should remain under seal.  These documents, which were in part the subjects of Microsoft's March 30, 2012 Motion to Seal (Dkt. 234), include Exhibits 15, 17 and 19 to the March 30, 2012 Declaration of Christopher Wion in support of Microsoft's Motion For Summary Judgment of Breach of Contract (Dkt. 238).  (On April 24, 2012, the court granted (Dkt. 294) Motorola's March 30, 2012 Motion to Seal (Dkt. 227) numerous documents, including two of the three documents referenced in the Court's April 23, 2012 Order to Show Cause.)  Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2) and Rule 26(c), Fed. R. Civ. P., and for the reasons described below, Motorola respectfully requests that each of these documents remain under seal.

II.  BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order in this case, which was approved by the Court on July 21, 2011.  (Dkt. 72.)  This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.  Specifically, ¶ 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2.  This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.  Additionally, ¶ 6 specifies similar procedures for highly confidential licensing or financial information.  (*See* Dkt. 72 at 4.)

DEFENDANTS' RESPONSE TO THE COURT'S APRIL 23, 2012 ORDER TO SHOW CAUSE - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4832-1687-9375.1

1   Finally, ¶ 2 of the Protective Order governs the sealing of documents, and states that Motorola or
2   Microsoft may request to seal documents by formal motion pursuant to Rule 5(g) of the Local
3   Civil Rules of the Western District of Washington.

4   Local Rule CR 5(g)(2) provides that in a dispositive motion, the presumption of the
5   public's right of access to information in court filings may be overcome by a compelling showing
6   that the interest in protecting sensitive information from review outweighs the public's right of
7   access. Similarly, federal law recognizes that courts should protect trade secrets or other
8   confidential commercial information by reasonable means, permitting the filing under seal of
9   documents containing such information. *See* Fed. R. Civ. P. 26(c)(1)(G) and (H).

10  III.   DUE TO THE POTENTIAL FOR COMPETITIVE HARM, THE INFORMATION
           AND DOCUMENTS SHOULD BE KEPT UNDER SEAL

12  In accordance with Local Rule CR 5(g)(2), Motorola asserts that the public's right of
13  access is outweighed by the interest in protecting the files and information from review and
    keeping the documents under seal for the following stated reasons:

15  A.     Exhibit 15 to the March 30, 2012 Declaration of Christopher Wion.

16  Exhibit 15 (Dkt. 238-15) is a copy of the transcript of the January 20, 2012 hearing held in
17  *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and
18  Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw, which reproduces the
    confidential sworn testimony given by Kirk W. Dailey in that hearing.

20  This sworn testimony was given during a Confidential session in the ITC hearing and is
21  covered by the Protective Order in that case. Pursuant to an agreement between the parties, this
22  testimony was produced and may be relied upon in this case. It has been marked as "Contain[ing]
23  Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to
24  Protective Order – Attorneys' Eyes Only." Accordingly, this confidential information is covered
25  by the protective order in both cases. Throughout his testimony, Mr. Dailey disclosed highly
26  confidential information about Motorola's licenses, licensing history and internal business
    practices. Disclosure of this information to third parties and other party employees not covered by

DEFENDANTS' RESPONSE TO THE COURT'S APRIL 23, 2012 ORDER TO SHOW CAUSE - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4832-1687-9375.1

the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the transcript, Exhibit 15 should be sealed in its entirety.

In its April 24, 2012 Order (Dkt. 294), the Court granted Motorola's March 30, 2012 Motion to Seal (Dkt. 227) the transcript of this testimony, noting that, like each of the documents mentioned in Motorola's Motion, this transcript "contains information about Motorola's licenses, licensing history, internal business practices, and/or legal practices" and is "sufficiently confidential to meet the 'compelling reasons' standard." (Dkt. 294 at 3.)

B.  Exhibit 17 to the March 30, 2012 Declaration of Christopher Wion.

Exhibit 17 (Dkt. 238-17) is a copy of selected pages from the transcript of the deposition of K. McNeill Taylor, Jr., which was designated "Highly Confidential" and was taken under oath in New York, NY, on March 20, 2012.

Throughout his testimony, Mr. Taylor disclosed highly confidential information about Motorola's licenses, licensing history, internal business practices, and confidential communications between the parties' respective legal departments. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to the presence of this highly confidential information throughout the transcript, Exhibit 17 should be sealed in its entirety. In its April 24, 2012 Order (Dkt. 294), the Court granted Motorola's March 30, 2012 Motion to Seal (Dkt. 227) the full transcript of this deposition, noting that "each document [mentioned in Motorola's Motion] contains information about Motorola's licenses, licensing history, internal business practices, and/or legal practices such that each document is sufficiently confidential to meet the 'compelling reasons' standard." (Dkt. 294 at 3.)

C.  Exhibit 19 to the March 30, 2012 Declaration of Christopher Wion.

Exhibit 19 (Dkt. 238-19) is a copy of selected pages from the transcript of the Rule 30(b)(6) deposition of K. McNeill Taylor, Jr., which was designated "Highly Confidential" and

DEFENDANTS' RESPONSE TO THE COURT'S APRIL 23, 2012 ORDER TO SHOW CAUSE - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4832-1687-9375.1

1  was taken under oath in New York, NY, on March 20, 2012, immediately following Mr. Taylor's
2  prior deposition testimony, which was included as Exhibit 17 to the March 30, 2012 Declaration
3  of Christopher Wion (and which is discussed above).

4       As he had throughout his prior deposition testimony, throughout his 30(b)(6) testimony,
5  Mr. Taylor disclosed highly confidential information about Motorola's licenses, licensing history,
6  internal business practices, and confidential communications between the parties' respective legal
7  departments.  Disclosure of this information to third parties and other party employees not covered
8  by the protective order would have the potential to lead to competitive harm.  Due to the presence
9  of this highly confidential information throughout the transcript, Mr. Taylor's 30(b)(6) testimony
10 should be sealed in its entirety – and so Exhibit 19, which is a copy of selected pages from the
11 transcript of that testimony, should similarly be sealed in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following documents remain under seal:

1. Exhibit 15 to the March 30, 2012 Declaration of Christopher Wion in support of Microsoft's Motion For Summary Judgment (Dkt. 238-15);

2. Exhibit 17 to the March 30, 2012 Declaration of Christopher Wion in support of Microsoft's Motion For Summary Judgment (Dkt. 238-17); and

3. Exhibit 19 to the March 30, 2012 Declaration of Christopher Wion in support of Microsoft's Motion For Summary Judgment (Dkt. 238-19).

DEFENDANTS' RESPONSE TO THE COURT'S APRIL 23, 2012 ORDER TO SHOW CAUSE - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4832-1687-9375.1

DATED this 30th day of April, 2012.

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
  Ralph H. Palumbo, WSBA #04751
  Philip S. McCune, WSBA #21081
  Lynn M. Engel, WSBA #21934
  *ralphp@summitlaw.com*
  *philm@summitlaw.com*
  *lynne@summitlaw.com*

By */s/ K. McNeill Taylor, Jr.*
  K. McNeill Taylor, Jr.
  MOTOROLA MOBILITY, INC.
  MD W4-150
  600 North U.S. Highway 45
  Libertyville, IL  60048-1286
  Phone:  858-404-3580
  Fax:  847-523-0727

And by

  Steven Pepe (*pro hac vice*)
  Jesse J. Jenner (*pro hac vice*)
  Stuart W. Yothers (*pro hac vice*)
  Ropes & Gray LLP
  1211 Avenue of the Americas
  New York, NY  10036-8704
  (212) 596-9046
  *steven.pepe@ropesgray.com*
  *jesse.jenner@ropesgray.com*
  *stuart.yothers@ropesgray.com*

  Norman H. Beamer (*pro hac vice*)
  Gabrielle E. Higgins (*pro hac vice*)
  Ropes & Gray LLP
  1900 University Avenue, 6th Floor
  East Palo Alto, CA  94303-2284
  (650) 617-4030
  *norman.beamer@ropesgray.com*
  *gabrielle.higgins@ropesgray.com*

DEFENDANTS' RESPONSE TO THE COURT'S APRIL 23, 2012 ORDER TO SHOW CAUSE - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4832-1687-9375.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation***

DEFENDANTS' RESPONSE TO THE COURT'S APRIL 23, 2012 ORDER TO SHOW CAUSE - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4832-1687-9375.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP
*arthurh@dhlt.com*
*chrisw@dhlt.com*
*shanec@dhlt.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 30th day of April, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' RESPONSE TO THE COURT'S APRIL 23, 2012 ORDER TO SHOW CAUSE - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4832-1687-9375.1