THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9     MICROSOFT CORPORATION,

                          Plaintiff,
10
          vs.
11
      MOTOROLA, INC.,  et al.,
12
                          Defendants.
13     _____

      MOTOROLA MOBILITY, INC., et al.,
14
                          Plaintiffs,
15
16        vs.

17     MICROSOFT CORPORATION,

18                        Defendants.

19

20

21

Case No. C10-1823-JLR

MICROSOFT'S COMBINED
RESPONSE TO:

(A) MOTOROLA'S MOTION TO FILE
DOCUMENTS UNDER SEAL IN
SUPPORT OF ITS OPPOSITION TO
MICROSOFT'S MOTION FOR
SUMMARY JUDGMENT OF BREACH
OF CONTRACT (ECF NO. 271); AND

(B) MOTOROLA'S MOTION TO FILE
DOCUMENTS UNDER SEAL IN
SUPPORT OF ITS REPLY IN
SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT
(ECF NO. 287)

**NOTED FOR:
Friday, May 4, 2012**

22

## I.       INTRODUCTION

23        Plaintiff Microsoft Corporation, through counsel undersigned, files this combined

24     response and non-opposition to (a) Motorola's April 13, 2012 Motion to File Documents

25     Under Seal in Support of its Opposition to Microsoft's Motion for Summary Judgment of

Breach of Contract ("April 13th Motion to Seal") (ECF No. 271 ), and (b) Motorola's April 20, 2012 Motion to File Documents Under Seal in Support of its Reply in Support of its Motion for Partial Summary Judgment ("April 20th Motion to Seal") (ECF No. 287).

Microsoft files this Response to provide additional support for, and express its agreement with, Motorola's filing of Exhibits 29-32, 48, 50, and 55 under seal.  Microsoft does not oppose Motorola's filing of the other exhibits referenced in its April 13th Motion to Seal (Exhibits 27, 34-39, and 52-53) and April 20th Motion to Seal (Exhibit 60) under seal.  For the reasons set forth herein, Microsoft requests that the Court maintain these documents under seal.

## II.     FACTS AND AUTHORITY

**A.     The Protective Order and Applicable Court Rules Permit the Filing of Confidential and Sensitive Business Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 11, 2011, the parties are required to file materials designated as Confidential Business Information under seal, with such documents to remain under seal upon Court approval.  Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶¶ 2(a), 8.[1]

The Federal Rules of Civil Procedure also recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal.  Rule 26(c)(1)(G) and (H).  Pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a dispositive motion upon a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review."  *Id.*; *see also Kakakama v. City and Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures."  *Id.*, ¶1.

MICROSOFT'S COMBINED RESPONSE TO
MOTOROLA'S APRIL 13, 2012 AND APRIL 20,
2012 MOTIONS TO FILE DOCUMENTS UNDER
SEAL (ECF NOS. 271 AND 287) - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1    In determining whether compelling reasons exist, the Court weighs relevant factors

2    such as "the public interest in understanding the judicial process and whether disclosure of the

3    material could result in improper use of the material for scandalous or libelous purposes or

4    infringement upon trade secrets." *Dish Network, L.L.C. v. Sonicview USA, Inc.*, 2009 U.S.

5    Dist. LEXIS 73857, *2-3 (S.D. Cal. Aug. 20, 2009), *citing Pintos v. Pac. Creditors Ass'n*, 565

6    F.3d 1106, 1116 n.6 (9th Cir. 2009).  Where the material sought to be sealed "includes

7    information about proprietary business operations, a company's business model or agreements

8    with clients, there are compelling reasons to seal the material because possible infringement of

9    trade secrets outweighs the general public interest in understanding the judicial process."

10   *Selling Source, LLC v. Red River Ventures, LLC*, 2011 U.S. Dist. LEXIS 49664, *18 (D. Nev.

11   Apr. 29, 2011).

12   Further, while the public generally enjoys a right to inspect and copy public records,

13   "it is uncontested … that the right to inspect and copy judicial records is not absolute.

14   Every court has supervisory power over its own records and files, and access has been

15   denied where court files might have become a vehicle for improper purposes." *Nixon v.*

16   *Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978).  As the Court

17   recognized, one such "improper purpose" is where the commercial business information at

18   issue is sought to be used as a "source[] of business information that might harm a litigant's

19   competitive standing." *Id.* (denying access to copies of tapes played at trial and noting that

20   courts refused public access to their files where granting such access might "become a

21   vehicle for improper purposes," including causing a litigant competitive harm).

22   **B.      Compelling Reasons Exist to Seal Exhibits 29-32, 48, 50, and 55.**

23   1.      *Exhibit 32 – The Deposition Transcript of Horacio Gutierrez.*

24   Exhibit 32 to the April 13, 2012 declaration of Kevin Post (ECF No. 273) consists of

25   the entire 129-page transcript from the deposition of Horacio Gutierrez, Microsoft's

MICROSOFT'S COMBINED RESPONSE TO
MOTOROLA'S APRIL 13, 2012 AND APRIL 20,
2012 MOTIONS TO FILE DOCUMENTS UNDER
SEAL (ECF NOS. 271 AND 287) - 3

1   Corporate Vice President and Deputy General Counsel in charge of its Intellectual Property

2   Group.  Exhibit 32 should remain under seal.  It contains a significant amount of testimony

3   concerning Microsoft's intellectual property and licensing programs and policies, and other

4   confidential and sensitive information relating to Microsoft's business practices, including

5   as it relates to the parties' confidential negotiations.  As Motorola notes, disclosure of this

6   information to third parties could lead to competitive harm to Microsoft.  Microsoft's

7   significant interest in maintaining the confidentiality of this proprietary and confidential

8   business information outweighs any slight interest the public may have in the information.

9          Further, Microsoft has appended hereto as "Attachment A" a redacted version of Mr.

10  Gutierrez's deposition, in which only those portions of the deposition that specifically

11  contain Microsoft's confidential business information have been redacted.  Filing of this

12  redacted version will limit the amount of sealed information to the minimum necessary to

13  protect Microsoft's non-public and commercially sensitive information.  Motorola's motion

14  to seal Exhibit 32 should be granted.

15         2.      *Exhibits 29-30 – The Report and Testimony of Louis Berneman.*

16         Exhibits 29-30 likewise should remain sealed.  Exhibit 29 contains portions of the

17  expert report of Louis P. Berneman, which was submitted by Microsoft in another action

18  pending between these same parties before the ITC – *In the Matter of Certain Mobile*

19  *Devices, Associated Software, and Components Thereof*, ITC Inv. No. 337-TA-744 ("744

20  ITC Action").  Exhibit 30 contains portions of Mr. Berneman's confidential deposition

21  testimony in the 744 ITC Action.  Both documents were designated as containing

22  "Confidential Business Information" subject to the protective orders entered in the 744 ITC

23  Action and in this Action.  As Motorola states in its motion, both documents contain

24  confidential information relating to the parties' licensing and confidential commercial

25

MICROSOFT'S COMBINED RESPONSE TO
MOTOROLA'S APRIL 13, 2012 AND APRIL 20,
2012 MOTIONS TO FILE DOCUMENTS UNDER
SEAL (ECF NOS. 271 AND 287) - 4

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    dealings, the disclosure of which could lead to competitive harm to Microsoft and/or

2    Motorola.  Exhibits 29 and 30 should remain sealed.

3            3.      *Exhibits 31 and 55 – Email Thread and Attachment.*

4         Exhibit 55 to the April 20, 2012 declaration of Kevin Post (ECF No. 289) consists of

5    a series of emails sent by Microsoft to certain third parties with whom Microsoft shared a

6    common interest relating to various standards policy issues, along with an attachment to one

7    of the emails.  Exhibit 31 and the last four pages of Exhibit 55 are the same.

8         These exhibits should be maintained under seal.  Microsoft's reasonable and good

9    faith belief is, and consistently has been, that information shared between the parties

10    identified in Exhibit 55 would be treated and maintained as confidential.  It is Microsoft's

11    belief that the other parties to the email likewise had a reasonable expectation that all

12    information shared between and among these parties in these discussions would be

13    maintained as confidential and not publicly disclosed.  These policy discussions are not a

14    matter of public record, and the disclosure of the substance of these emails and the parties to

15    these communications has the possibility of negatively impacting Microsoft's relationship

16    with third parties, including the recipients of Exhibit 55.  Disclosure of Exhibit 55 may also

17    negatively affect these third party participants' relationships with others.

18         Further, the attachment to the email (*i.e.* Exhibit 31 and the last four pages of Exhibit

19    55) consists of a draft document provided by a third party to Microsoft to forward to the

20    recipients of the email for discussion purposes.  It is Microsoft's reasonable and good faith

21    belief that the third party who provided Microsoft with the attachment intended and

22    expected that it would be treated as confidential and that it would be disclosed only to the

23    recipients of the email to which it was attached.  Disclosure of this document publicly could

24    negatively impact Microsoft's relationship with third parties, including the third party who

25    provided the document to Microsoft, and the recipients of the email, who believed that their

MICROSOFT'S COMBINED RESPONSE TO
MOTOROLA'S APRIL 13, 2012 AND APRIL 20,
2012 MOTIONS TO FILE DOCUMENTS UNDER
SEAL (ECF NOS. 271 AND 287) - 5

policy discussions with Microsoft would be treated as confidential.  Microsoft's interest in

maintaining the confidentiality of these exhibits significantly outweighs the general public

interest in understanding the judicial process; Exhibits 31 and 55 should remain sealed.

>    3.    *Exhibit 48 – Deposition Testimony of Albert Pennello.*

Exhibit 48 consists of excerpts from the deposition of Albert Pennello, a Microsoft

product planner, in another ITC Action pending between these same parties – *In The Matter

of Certain Gaming and Entertainment Consoles, Related Software, and Components

Thereof*, Inv. No. 337-TA-752 (the "752 ITC Action").  This testimony was designated as

confidential under the protective order in the 752 ITC Action and has been treated as such

throughout the 752 ITC Action.  It contains confidential and sensitive business information

relating to Microsoft's Xbox 360 and its competitors.  Motorola states in its motion, and

Microsoft agrees, that disclosure of this information to third parties could have the potential

to lead to competitive harm to Microsoft.  Exhibit 48 should remain under seal.

>    4.    *Exhibit 50 – FY11 Accessories Plan for US Xbox 360.*

Exhibit 50 is an internal Microsoft PowerPoint deck that discusses Microsoft's sales

and strategies relating to Xbox 360 accessories for fiscal year 2011.  This information is

highly sensitive, contains Microsoft's confidential business information, and would likely

lead to competitive harm if it were accessible to Microsoft's competitors.  Any slight

interest that the public may have in accessing this document is significantly outweighed by

the potential for competitive harm such disclosure would have on Microsoft.  It has been

appropriately designated as "Confidential Business Information" under the terms of the

protective order, and should remain under seal.

**C.**    **Microsoft Does Not Oppose Motorola's Motion to Seal Exhibits 27, 34-39, 52,
53, and 60.**

Microsoft does not oppose Motorola's April 13th Motion to the Seal with respect to

Exhibits 27, 34-39, 52, 53, and 60.  Nothing herein is intended as a waiver of Microsoft's

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700    FAX. (206) 623-8717

1    right to contest Motorola's designation of material as Confidential Business Information in

2    accordance with the terms of the Protective Order entered on July 21, 2011 [Docket No.

3    72].  Microsoft expressly reserves the right to do so as the circumstances warrant.

### III.    CONCLUSION

5        For the reasons set forth herein, Microsoft requests that the Court grant Motorola's

6    April 13, 2012 and April 20, 2012 Motions to Seal.

7        DATED this 2nd day of May, 2012.

8                    DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

9            By____s/Arthur W. Harrigan, Jr._____
10               Arthur W. Harrigan, Jr., WSBA #1751
                 Christopher Wion, WSBA #33207
11               Shane P. Cramer, WSBA #35099

12           By ___s/T. Andrew Culbert_____
13               T. Andrew Culbert
                 David E. Killough
14               MICROSOFT CORPORATION
                 1 Microsoft Way
15               Redmond, WA  98052
                 Phone:  425-882-8080
16               Fax:  425-869-1327

17               David T. Pritikin
                 Richard A. Cederoth
18               Constantine L. Trela, Jr.
                 William H. Baumgartner, Jr.
19               Ellen S. Robbins
                 Douglas I. Lewis
20               David C. Giardina
                 John W. McBride
21               David Greenfield

22               SIDLEY AUSTIN LLP
23               One South Dearborn
                 Chicago, IL  60603
24               Phone:  312-853-7000
                 Fax:  312-853-7036

25

MICROSOFT'S COMBINED RESPONSE TO
MOTOROLA'S APRIL 13, 2012 AND APRIL 20,
2012 MOTIONS TO FILE DOCUMENTS UNDER
SEAL (ECF NOS. 271 AND 287) - 7

1

Carter G. Phillips
Brian R. Nester

2

SIDLEY AUSTIN LLP

3

1501 K Street NW
Washington, DC  20005

4

Telephone:  202-736-8000
Fax:  202-736-8711

5

6

Counsel for Microsoft Corp.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT'S COMBINED RESPONSE TO
MOTOROLA'S APRIL 13, 2012 AND APRIL 20,
2012 MOTIONS TO FILE DOCUMENTS UNDER
SEAL (ECF NOS. 271 AND 287) - 8

**CERTIFICATE OF SERVICE**

1

2        I hereby certify that on May 2, 2012, I electronically filed the foregoing document with

3   the Clerk of the Court using the CM/ECF system, which will send notification of such filing to

4   the following:

5        **Attorneys for Defendants Motorola Solutions, Inc., Motorola Mobility, Inc., and**
         **General Instrument Corporation**
6

7        Ralph Palumbo
         Philip S. McCune
8        Lynn M. Engle
         Summit Law Group
9

10       Steven Pepe
         Jesse J. Jenner
11       Norman Beamer
         Paul M. Schoenhard
12       Ropes & Gray

13                                              s/Susie Clifford
                                        _____
14                                      SUSIE CLIFFORD

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT'S COMBINED RESPONSE TO
MOTOROLA'S APRIL 13, 2012 AND APRIL 20,
2012 MOTIONS TO FILE DOCUMENTS UNDER
SEAL (ECF NOS. 271 AND 287) - 9