HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7   IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
8   AT SEATTLE

9   MICROSOFT CORPORATION,

                          Plaintiff,          No. C10-1823-JLR
10
          v.                                  JOINT MOTION TO FILE ITC INITIAL
11                                            DETERMINATION UNDER SEAL
     MOTOROLA, INC., et al.,
12                                            **Noted For:  May 4, 2012**
                          Defendants.
13
     MOTOROLA MOBILITY, INC., et al.,
14
                          Plaintiffs,
15
          v.
16
     MICROSOFT CORPORATION,
17
                          Defendant.
18
                          **I.  RELIEF REQUESTED**
19
          Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order
20
     entered in this case, Microsoft Corporation ("Microsoft") and Motorola, Inc. (nka Motorola
21
     Solutions, Inc.), Motorola Mobility, Inc., and General Instrument Corporation (collectively
22
     "Motorola") respectfully seek leave to file under seal Exhibit 1 to the Parties' Joint Notice of
23
     Ruling in Related Case and Motion to Supplement the Record (the Parties' "Joint Notice and
24
     Motion to Supplement").
25

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1    Exhibit 1 to the Parties' Joint Notice and Motion to Supplement is a copy of the Initial

2 Determination issued by Administrative Law Judge David P. Shaw on April 23, 2012 (the

3 "Initial Determination") in *In the Matter of Certain Gaming and Entertainment Consoles,*

4 *Related Software, and Components Thereof*, ITC Investigation No. 337-TA-752 (the "ITC

5 Action").

6    Microsoft and Motorola (together, the "Parties") seek to file the Initial Determination

7 under seal because it contains information that has been identified by Microsoft, Motorola, and

8 certain third parties as Confidential Business Information pursuant to the terms of the

9 protective order issued in the ITC Action, and which also qualifies as confidential information

10 pursuant to the terms of the corresponding Protective Order issued in this case.

11    The Initial Determination has not yet been made publicly available.  On April 30 and

12 May 1, respectively, Motorola and Microsoft each submitted to Judge Shaw a version of the

13 Initial Determination with proposed redactions.  The Parties anticipate that Judge Shaw will

14 issue a public version of the Initial Determination shortly.  Once the public version is available,

15 the Parties intend to file such redacted version in this case.

16    For these reasons, and as more fully described below, compelling reasons exist to

17 protect the confidentiality of the information disclosed in the Initial Determination.  The

18 Parties therefore respectfully request permission to file the Initial Determination under seal and

19 that the Court direct the sealed version of the Initial Determination to remain under seal.

## II.    FACTS & AUTHORITY

**A.    The Protective Orders in this Case and in the ITC Action and Applicable Court Rules Permit and Require the Parties to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 11, 2011, the Parties are

permitted to file materials designated by either party as Confidential Business Information[1]

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories,

JOINT MOTION TO FILE ITC INITIAL         **No. C10-1823**
DETERMINATION UNDER SEAL - 2

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

under seal, with such documents to remain under seal upon Court approval.  Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal.  Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

A Protective Order issued in the ITC Action on December 23, 2010 (attached hereto as Exhibit A) contains materially similar provisions providing for the protection and non-disclosure of Confidential Business Information.  *See* Ex. A, ¶¶ 2, 6.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal.  Rule 26(c)(1)(G) and (H).  District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*,

---

amounts or source of any income, profits, losses, or expenditures."  Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

JOINT MOTION TO FILE ITC INITIAL
DETERMINATION UNDER SEAL - 3

**No. C10-1823**

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1    307 F.3d 1206, 1211-1212 (9th Cir. 2002).

2           Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in

3    support of a dispositive motion upon a "compelling showing that the public's right of access is

4    outweighed by the interests of the public and the parties in protecting the court's files from public

5    review." *Id.*; *see also Kakakama v. City and Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.

6    2006).  In determining whether compelling reasons exist, the Court weighs relevant factors such as

7    "the public interest in understanding the judicial process and whether disclosure of the material

8    could result in improper use of the material for scandalous or libelous purposes or infringement

9    upon trade secrets." *Dish Network, L.L.C. v. Sonicview USA, Inc.*, 2009 U.S. Dist. LEXIS 73857,

10   *2-3 (S.D. Cal. Aug. 20, 2009), *citing Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 n.6

11   (9th Cir. 2009).  Where the material sought to be sealed "includes information about

12   proprietary business operations, a company's business model or agreements with clients, there

13   are compelling reasons to seal the material because possible infringement of trade secrets

14   outweighs the general public interest in understanding the judicial process." *Selling Source,*

15   *LLC*, 2011 U.S. Dist. LEXIS 49664, at *18.

16          Further, while the public generally enjoys a right to inspect and copy public records, "it

17   is uncontested … that the right to inspect and copy judicial records is not absolute.  Every court

18   has supervisory power over its own records and files, and access has been denied where court

19   files might have become a vehicle for improper purposes." *Nixon v. Warner Communications,*

20   *Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978).  As the Court recognized, one such "improper

21   purpose" is where the commercial business information at issue is sought to be used as a

22   "source[] of business information that might harm a litigant's competitive standing." *Id.*

23   (denying access to copies of tapes played at trial and noting that courts refused public access to

24   their files where granting such access might "become a vehicle for improper purposes,"

25   including causing a litigant competitive harm).  Compelling reasons exist to grant the Parties'

JOINT MOTION TO FILE ITC INITIAL              **No. C10-1823**
DETERMINATION UNDER SEAL - 4

1    joint motion to seal.

2    **B.      Compelling Reasons Exist for Filing and Maintaining under Seal the ITC Initial**
     **Determination, which Discloses Non-Public and Confidential Business**
3    **Information of Microsoft, Motorola, and Third Parties.**

4            The 332-page Initial Determination issued in the ITC Action discloses Confidential

5    Business Information of Microsoft, Motorola and certain third parties.  Such information is

6    disclosed in Judge Shaw's analysis regarding confidential third-party licensing agreements and

7    negotiations, the parties' proprietary trade secret information regarding the performance,

8    capabilities and internal functioning of the parties' products and technology, the parties'

9    research and development activities, confidential revenue data, and the parties' confidential

10   negotiations.  This information is not generally known to the public and has been the subject of

11   reasonable and consistent efforts by the Parties and relevant third parties to maintain the

12   confidentiality of such information.  Disclosure of this information would create an

13   unreasonable risk of commercial harm to both the Parties and the third parties whose

14   confidential and proprietary information is disclosed in the Initial Determination.

15           In recognition of these concerns, in the ITC, the Parties were directed to submit

16   redacted versions of the Initial Determination for Judge Shaw's consideration.  On April 30

17   and May 1, respectively, Motorola and Microsoft each submitted its own version, as required

18   by the relevant rules, redacting the type of Confidential Business Information described above.

19   The Parties are currently in the process of submitting revised versions, based on feedback from

20   Judge Shaw received earlier today.  Once the Parties' proposed redactions are approved, it is

21   anticipated that Judge Shaw will issue a publicly available version of the Initial Determination

22   with appropriate redactions.[2]

23

24   _____

25   [2] The Parties are in disagreement as to whether or not a public version of the Initial Determination should be filed

     in connection with this motion.  Microsoft's position is that there is no reason that the Parties cannot immediately

     JOINT MOTION TO FILE ITC INITIAL
     DETERMINATION UNDER SEAL - 5                    **No. C10-1823**

1    Upon issuance of the public version of the Initial Determination, the Parties intend

2  promptly to publicly file such redacted version in this case.  In the interim, the Parties jointly

3  request permission to file under seal a version of the Initial Determination that discloses the

4  Parties' own Confidential Business Information, but that includes limited redactions of

5  confidential third-party information that the Parties' are unable to disclose under the terms of

6  the Protective Order issued in the ITC Action.

7                                **III.    CONCLUSION**

8    For the foregoing reasons, the Parties request that the Court grant their joint motion.  A

9  [Proposed] Order Granting the Parties' Joint Motion to File ITC Initial Determination Under

10  Seal has been submitted herewith.

11    DATED this 4th day of May, 2012.

---

file a redacted version that includes each parties' proposed redactions, even if Judge Shaw may ultimately

determine that such redactions were over-inclusive, since it is indisputable that no confidential information would

be contained in such a redacted version, and no protective order precludes disclosing the non-confidential

information in the redacted version to the public.  Motorola's position is that the parties should wait until Judge

Shaw issues the official public version of the Initial Determination.  The document is a confidential document as

ordered by Judge Shaw, until he produces a public version and Motorola is loathe to interfere with the procedure

ordered by Judge Shaw.  Motorola expects the public version to be issued by Judge Shaw next week, at which

point the parties will file it publically with this court.

JOINT MOTION TO FILE ITC INITIAL               **No. C10-1823**
DETERMINATION UNDER SEAL - 6

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

DANIELSON HARRIGAN LEYH &
TOLLEFSON LLP

SUMMIT LAW GROUP PLLC

2

By ____s/ Arthur W. Harrigan, Jr._____

By ____s/ Ralph Palumbo_____

3

      Arthur W. Harrigan, Jr., WSBA #1751
      Christopher Wion, WSBA #33207

      Ralph Palumbo, WSBA #4751
      Philip S. McCune, WSBA #21081

4

      Shane P. Cramer, WSBA #35099

      Lynn M. Engel, WSBA #21934
      *ralphp@summitlaw.com*

5

By _s/ T. Andrew Culbert_____

      *philm@summitlaw.com*

6

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #21119

      *lynne@summitlaw.com*

7

MICROSOFT CORPORATION
1 Microsoft Way

By _s/ K. McNeill Taylor, Jr._

8

Redmond, WA  98052
Phone:  425-882-8080

      K. McNeill Taylor, Jr.
      Motorola Mobility Inc.

9

Fax:  425-869-1327

      MD-W4-150
      600 North U.S. Highway 45

10

      Libertyville, IL  60048-1286
      Phone:  858-404-3580

11

      Fax:  847-523-0727

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINT MOTION TO FILE ITC INITIAL
DETERMINATION UNDER SEAL - 7

**No. C10-1823**

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

John W. McBride, *(pro hac vice)*
David T. Pritikin, *(pro hac vice)*
Richard A. Cederoth, *(pro hac vice)*
Douglas I. Lewis, *(pro hac vice)*
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Brian R. Nester, *(pro hac vice)*
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

**Counsel for Microsoft Corp.**

Steven Pepe *(pro hac vice)*
Jesse J. Jenner *(pro hac vice)*
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*steven.pepe@ropesgray.com*
*jesse.jenner@ropesgray.com*

Norman H. Beamer *(pro hac vice)*
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*

Paul M. Schoenhard *(pro hac vice)*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*Paul.schoenhard.@ropesgray.com*

**Counsel for Motorola Solutions, Inc.,
Motorola Mobility, Inc., and General
Instrument, Corp.**

JOINT MOTION TO FILE ITC INITIAL
DETERMINATION UNDER SEAL - 8

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25