UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>             Plaintiff,<br><br>    v.<br><br>MOTOROLA INC., et al.,<br><br>             Defendants. | CASE NO. C10-1823JLR<br><br>ORDER |
| MOTOROLA MOBILITY, INC., et al.,<br><br>             Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>             Defendant. | |

The court directs the parties to be prepared to address the following issues at the May 7, 2012 hearing on Microsoft Corporation's ("Microsoft") Motion for Summary

ORDER- 1

Judgment of Breach of Contract (Dkt. # 236); Motorola Inc., Motorola Mobility, Inc., and General Instrument Corporation's (collectively, "Motorola") Motion for Partial Summary Judgment concerning repudiation (Dkt. # 231); and Microsoft's Motion for Partial Summary Judgment Dismissing Motorola's Claim for Injunctive Relief (Dkt. # 139):

1. The parties shall identify the precise language (whether in a Letter of Assurance, a standard setting organization bylaw or policy, or another contract) that constitutes an agreement by Motorola to license its H.264 and 802.11 standard essential patents on reasonable and non discriminatory ("RAND") terms. If the language differs by patent, the parties shall identify the language corresponding to each specific patent or block of patents.

2. Whether the IEEE and ITU bylaws and/or intellectual property policies are incorporated into any agreement by Motorola to license its patents on RAND terms. If the bylaws or policies differ by patent, the parties shall identify the language corresponding to each specific patent or block of patents.

3. Whether any agreement by Motorola to license its patents on RAND terms is ambiguous.

4. The admissibility and relevance of any extrinsic evidence concerning any agreement by Motorola to license its patents on RAND terms.

5. The respective obligations of the patent owner and the implementer regarding any agreement by Motorola to license its patents on RAND terms (*e.g.*, is the implementer under any duty to negotiate in good faith before seeking legal remedies or is the patent owner required to offer its patents on reasonable terms).

Dated this 4th day of May, 2012.

The Honorable James L. Robart
U.S. District Court Judge

ORDER- 2