THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | CASE NO. C10-1823-JLR<br><br>**DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF APRIL 11, 2012 HEARING**<br><br>**NOTED ON MOTION CALENDAR:**<br>**May 18, 2012** |

## I.   INTRODUCTION

Pursuant to the Western District of Washington General Order No. 08-02 (General Order in Regards to Transcript Redaction), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola") respectfully request that certain portions of the transcript of the April 11, 2012 hearing on Microsoft's Motion for a Temporary Restraining Order and Preliminary Injunction (entitled "Argument on TRO") be redacted to obscure confidential business information. A redacted copy of the transcript is attached hereto as Exhibit A.

## II.   BACKGROUND

On May 1, 2008, the Western District of Washington issued General Order No. 08-02, which establishes procedures for parties to request redaction of transcripts of court hearings. In

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
APRIL 11, 2012 HEARING – PAGE 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  accordance with paragraph 4, on April 16, 2012, Motorola filed its Notice of Intent to Request

2  Redaction. (ECF No. 278.) Paragraph 5 of General Order No. 08-02 specifies that:

> If redaction is requested, a party is to submit to the court reporter or transcriber, within 20 calendar days of the transcript's delivery to the clerk, a statement indicating where the personal data identifiers to be redacted appear in the transcript. The court reporter or transcriber must redact the identifiers as directed by the patty. These procedures are limited to the redaction of the specific personal data identifiers listed in the rules. ***If an attorney wishes to redact additional information, he or she may make a motion to the court.*** The transcript will not be made public until the court has ruled on any such motion, even though the 90-day restriction period may have ended.

W.D. Wash. Gen. Order 08-02 (emphasis added).

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (ECF No. 72.) This Protective Order outlines categories of material that should be maintained in confidence. For example, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id.* at 4.

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
APRIL 11, 2012 HEARING – PAGE 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means. *See* Fed. R. Civ. P. 26(c)(1)(G) (stating that a court may require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### III. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR REDACTION

In accordance with the Protective Order and the above-referenced authority, Motorola moves to redact portions of the transcript of the April 11, 2012 hearing because those portions of the transcript contain detailed information regarding: (1) confidential communications between Motorola and Microsoft; and (2) confidential financial information, including confidential negotiations between Motorola and third parties. This business information is highly confidential

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
APRIL 11, 2012 HEARING – PAGE 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

and proprietary, and is covered by the Protective Order in this case. Disclosure of this proprietary and confidential information to third parties would have the potential to lead to competitive harm. Motorola has identified for redaction only those portions of the transcript that disclose this highly confidential information. Redactions were made to limit as little information as possible, leaving the remainder available for public review. Specifically, Motorola asks that the court redact:

> Page 13, Lines 9-14, from after "restraining order," on Line 9 through just before "And we know" on Line 14;

> Page 24, Lines 14-15, from after "did make," on Line 14 through just before "and said this should be" on Line 15;

> Page 24, Line 17, from after "thinking about the" through just before "that Microsoft";

> Page 24, Line 23, from after "turn down the" through the end of the line;

> Page 36, Lines 5-6, from after "almost always happens." on Line 5 through the end of Line 7; and

> Page 43, Line 5-7, from after "$300 million and" on Line 5 through just before "And by the way," on Line 7.

Attached as Exhibit A to this Motion is a copy of the transcript identifying those portions of the transcript that contain confidential and highly confidential business information, which Motorola asks the court to order redacted.

### IV.    CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the portions of the transcript of the April 11, 2012 hearing on Microsoft's Motion for a Temporary Restraining Order and Preliminary Injunction that Motorola has identified in this Motion and in Exhibit A be redacted, and that the unredacted transcript be filed under seal.

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
APRIL 11, 2012 HEARING – PAGE 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

DATED this 7th day of May, 2012.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    ralphp@summitlaw.com
    philm@summitlaw.com
    lynne@summitlaw.com

By */s/ K. McNeill Taylor, Jr.*
    K. McNeill Taylor, Jr.
    MOTOROLA MOBILITY, INC.
    MD W4-150
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    Phone:  858-404-3580
    Fax:  847-523-0727

And by

Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
Stuart W. Yothers (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
steven.pepe@ropesgray.com
jesse.jenner@ropesgray.com
stuart.yothers@ropesgray.com

Norman H. Beamer (*pro hac vice*)
Gabrielle E. Higgins (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
norman.beamer@ropesgray.com
gabrielle.higgins@ropesgray.com

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
APRIL 11, 2012 HEARING – PAGE 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Paul M. Schoenhard (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
paul.schoenhard.@ropesgray.com
kevin.post@ropesgray.com

***Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation***

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
APRIL 11, 2012 HEARING – PAGE 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP
arthurh@dhlt.com
chrisw@dhlt.com
shanec@dhlt.com

Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
Richard A. Cederoth, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Sidley Austin LLP
bnester@sidley.com
dpritikin@sidley.com
dilewis@sidley.com
jwmcbride@sidley.com
rcederoth@sidley.com
david.greenfield@sidley.com
wbaumgartner@sidley.com
dgiardina@sidley.com
cphillips@sidley.com
ctrela@sidley.com
erobbins@sidley.com

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
andycu@microsoft.com
davkill@microsoft.com

DATED this 7th day of May, 2012.

/s/ *Deanna L. Schow*
Deanna L. Schow

DEFENDANTS' MOTION TO REDACT TRANSCRIPT OF
APRIL 11, 2012 HEARING – PAGE 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001