THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

        Plaintiff,

v.

MOTOROLA, INC., et al.,

        Defendants.

MOTOROLA MOBILITY, INC., et al.,

        Plaintiffs,

v.

MICROSOFT CORPORATION,

        Defendant.

Case No. C10-1823-JLR

**MICROSOFT'S RESPONSIVE CLAIM CONSTRUCTION BRIEF ON ITS '780 AND '582 COUNTERCLAIM PATENTS**

**Noted for Hearing:** June 7, 2012

MICROSOFT'S RESPONSIVE CLAIM
CONSTRUCTION BRIEF ON ITS '780 AND '582
COUNTERCLAIM PATENTS
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................ 1
II.  LEGAL STANDARD FOR PROSECUTION DISCLAIMER .......................................... 1
III. THE PATENTS AND CLAIM CONSTRUCTIONS ....................................................... 2
     A.  U.S. Patent No. 6,339,780 to Shell et al. (filed May 6, 1997) ................................ 2
         1.  "graphic element" (claims 1–2, 4–6, 9, 12–15, 20–21, 32–33, 39–40) ............................................................................................................ 2
         2.  "during times when the browser is loading *visible* content" (claims 2, 12) ................................................................................................. 5
         3.  "obstruct[s/ing]" (claims 1, 12, 32, 33, 36, 39, 40) .................................... 7
     B.  U.S. Patent No. 7,411,582 to Toepke (effectively filed Dec. 16, 1997) ................. 7
         1.  "icon" (claims 1, 15) ................................................................................... 7
         2.  "distinct from . . . computer/application/ programs" (claims 1, 11, 15, 19) ....................................................................................................... 8
         3.  "window" (claims 11, 14, 15, 21–23, 29–31) ............................................. 9
         4.  "as if . . . received [via/from]" as used in: ". . . as if the information was received via user input received from a hardware input device" (claim 1) ". . . as if the input was received via a hardware keyboard" (claim 4) ". . . as if the information was received via user input at a hardware input device" (claim 11) ". . . as if the user data was received from a hardware input device" (claim 15) ". . . as if the input data was received via user input received from a hardware input device" (claim 19) ............................................................... 9
         5.  "invoking [a/the] selected input method" (claims 15, 17) ........................ 10
         6.  "interface" (claims 3, 11, 27) ................................................................... 12
IV.  CONCLUSION ........................................................................................................... 12

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - ii
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# TABLE OF AUTHORITIES

### Cases

*Elbex Video, Ltd. v. Sensormatic Elecs. Corp.*,
    508 F.3d 1366 (Fed. Cir. 2007) ........................................................................... 5

*Intel Corp. v. VIA Techs.*,
    319 F.3d 1357 (Fed. Cir. 2003) ........................................................................... 7

*New v. Dep't of Veterans Affairs*,
    142 F.3d 1259 (Fed. Cir. 1998) ......................................................................... 11

*Omega Eng'g, Inc. v. Raytek Corp.*,
    334 F.3d 1314 (Fed. Cir. 2003) ...................................................................... 1, 4

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) (en banc) ......................................................... 7

*Sinorgchem Co. v. ITC*,
    511 F.3d 1132 (Fed. Cir. 2007) ......................................................................... 11

*Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*,
    442 F.3d 1322 (Fed. Cir. 2006) ........................................................................... 3

### Other Authorities

*Black's Law Dictionary* (6th ed. 1990) ...................................................................... 11

Bryan Garner, *A Dictionary of Modern Legal Usage* (2d ed. 2001) ........................... 11

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - iii
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# TABLE OF ABBREVIATIONS

| Abbreviation | Description | ECF Nos. | Date |
|---|---|---|---|
| Microsoft Br. | Microsoft's Opening Claim Construction Brief | 223 | 3/30/12 |
| Motorola Br. | Motorola's Opening Claim Construction Brief | 225 | 3/30/12 |
| McCune Decl. & Exs. A to AA | Declaration of Philip S. McCune in Support of Motorola's Portion of the Joint Claim Chart | 158–163 | 1/7/12 |
| McCune II Decl. & Exs. BB to HH | Declaration of Philip S. McCune in Support of Motorola's Opening Claim Construction Brief | 226 | 3/30/12 |
| Wilson Decl. & Exs. A to Q | Declaration of Christopher Wilson in Support of Microsoft's Opening Claim Construction Brief | 224 | 3/30/12 |
| Wilson II Decl. & Exs. R to T | Declaration of Christopher Wilson in Support of Microsoft's Responsive Claim Construction Brief | — | Today |

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - iv
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

I. **INTRODUCTION**

Motorola's brief makes one attempt after another to inject limitations from the preferred embodiment and prosecution history into the claims, all in the hope of manufacturing non-infringement arguments for patents that clearly are being infringed. To that end, Motorola's brief relies extensively on the doctrine of "prosecution disclaimer," so that doctrine is discussed first below, followed by a response to each of Motorola's claim construction arguments.

II. **LEGAL STANDARD FOR PROSECUTION DISCLAIMER**

The doctrine of prosecution disclaimer is not nearly as expansive as Motorola suggests. As Motorola recognizes, the leading case is *Omega Engineering, Inc. v. Raytek Corp.*, 334 F.3d 1314 (Fed. Cir. 2003). Motorola repeatedly cites *Omega* in support of its prosecution disclaimer arguments but completely ignores the facts and holdings of the case, which do not support Motorola's position. In *Omega*, the district court had granted summary judgment of non-infringement on all three asserted patents based on narrow claim constructions that relied on prosecution disclaimer. On appeal, the Federal Circuit reversed across the board and repeatedly held that the district court's claim constructions were far too narrow. The Federal Circuit held that prosecution disclaimer requires a "clear and unmistakable" disavowal, *id.* at 1326, and thus the Federal Circuit rejected the district court's finding of "prosecution disclaimer" with respect to some claims, *see id.* at 1330–31. With respect to other claims, the Federal Circuit agreed that there was prosecution disclaimer, *see id.* at 1326–28, but the Federal Circuit *limited* the disclaimer to just the facts necessary to overcome the prior art: "The district court was . . . correct in finding prosecution disclaimer, but erred in ascertaining the *scope* of the disavowal." *Id.* at 1327 (emphasis added). "[W]e must give the claim language its presumptive *full* ordinary meaning, limited *solely* by the patentee's clear and unmistakable disclaimer." *Id.* at 1328 (emphasis added). Motorola's brief fails to appreciate the stringent standard for prosecution disclaimer, and that when there is a disclaimer, it is limited in scope.

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 1
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

### III. THE PATENTS AND CLAIM CONSTRUCTIONS

#### A. U.S. Patent No. 6,339,780 to Shell et al. (filed May 6, 1997)

##### 1. "graphic element" (claims 1–2, 4–6, 9, 12–15, 20–21, 32–33, 39–40)

| Microsoft's Claim Construction | Motorola's Claim Construction |
|---|---|
| No construction needed.<br>Alternatively: "a discrete image for viewing on a computer display screen" | "a discrete image for viewing on a computer display screen *that is not content*" |

Motorola's entire "prosecution disclaimer" argument concerns narrower phrases, such as "temporary graphic element," rather than the broader phrase "graphic element" that is the actual phrase Motorola has chosen for construction. *See* Motorola Br. at 3:2–:12, 3:23–6:7 (raising "prosecution disclaimer" arguments). Thus, as explained in Microsoft's opening brief, nothing supports Motorola's contention that the term "graphic element," by itself, is always something other than "content." *See* Microsoft Br. at 4:1–5:18. Once that dispute is resolved, no further construction is necessary. *See* Microsoft Br. at 1:15–2:9, 3:16–:21 & n.1 (explaining why not every term needs to be construed).

In any event, Motorola's proposed construction does not address the real dispute between the parties and if adopted would only raise more questions for the jury than it would answer. Motorola evidently hopes to use the phrase "that is not content" in its proposed construction to argue that its proposed construction excludes any image that "is from a source *external* to the browser."[1] Significantly, Motorola's new proposed construction is so clearly erroneous that it

---

[1] Such an argument by Motorola would be incorrect because it would depend on a logical fallacy concerning the term "content," namely the assertion that *everything* "from a source external to a browser" is "content." While it is true the parties have agreed that "content" is "from a source external to a browser," *see* Motorola Br. at 1 n.2, that does not mean the reverse is true, i.e., that *everything* "from a source external to a browser" is "content" (and thus cannot be a "graphic element" under Motorola's proposed construction). By way of analogy, even if all webpages come from the Internet, that does not mean everything from the Internet is a webpage (as opposed to something else, such as an image that says "Loading" as shown in Figure 1-9 below, *infra* p. 3).

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 2
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

did not even make these arguments in connection with its proposed construction itself, but rather is belatedly attempting to "construe" its prior construction. The Court should adopt neither Motorola's construction nor its untimely attempt to rewrite its construction, as neither is proper. Motorola's effort to hide the ball can be seen from a review of its non-infringement contentions, which state:

> Additionally, to the extent the accused "graphic elements" identified by Microsoft are comprised of data from "a source external to the browser," these elements are content and, therefore, are not "graphic elements." Upon information and belief, the graphic element illustrated in Figure 1-9 of Microsoft's infringement contentions [reprinted to the right] is generated by data external to Google Maps and does not meet this element of this claim.



Figure 1-9

Wilson II Decl. Ex. S at 1–2; Wilson II Decl. Ex. R at 17.[2]

As shown by Motorola's non-infringement contentions, the real claim construction dispute is whether the applicants ever disclaimed a "graphic element" positioned over the content viewing area where the image for the "graphic element" came from a source *external* to the browser. Motorola never points to such a disclaimer. Instead, Motorola merely argues that the applicants distinguished the Blonder reference, where "Blonder teaches the use of 'padding' — supplementary content already stored on the device that is seamlessly inserted into the viewing area to mask the fact that the requested content is taking additional time to load." Motorola Br. at 4. In other words, Blonder did not display a "graphic element" *over* the content viewing area while the new content was being loaded, but instead Blonder simply displayed a "fake"

---

[2] A district court may consider the accused products to help understand the claim construction dispute. *See Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326–27 (Fed. Cir. 2006) ("While a trial court should certainly not prejudge the ultimate infringement analysis by construing claims with an aim to include or exclude an accused product or process, knowledge of that product or process provides meaningful context for the first step of the infringement analysis, claim construction.").

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 3
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  webpage[3] for the user to enjoy when the real webpage was taking too long to load. Thus when
2  the applicants argued that the "core concept" of their invention was "a *non-content* graphic
3  element appearing *over* a content area that is indicative of present condition where content is
4  being loaded into the content area," *id.* at 4, the applicants may have been disclaiming Blonder's
5  approach of displaying a "fake" webpage for the user to enjoy when the real webpage was taking
6  too long to load, but they certainly never disclaimed a "graphic element" positioned over the
7  content viewing area where the image for the "graphic element" came from a source *external* to
8  the browser, as Motorola is hoping to accomplish with its proposed construction. *See supra* Part
9  II, p. 1 (discussing scope of disclaimers under *Omega*).
10   Indeed, Motorola's own brief acknowledges that the claims are broad enough to cover a
11  "graphic element" where the image for the "graphic element" came from a source *external* to the
12  browser. In particular, Motorola admits that the "Microsoft Flag 64" in figure 3 of the patent
13  (reprinted below) is a "graphic element," *see* Motorola Br. at 3:21, even though the patent
14  provides no limitations on where the image for the Flag came from — for example, the image
15  could have come from a Microsoft server on the Internet, which would be a source *external* to
16  the browser:



---

[3] "Blonder gives the following example of padding: 'For example, padding in an education tour may consist of a discussion of general trends in the cost and financing of tuition. This discussion may consist of graphs and charts accompanied by narration.'" McCune Decl. Ex. F at 50376–77.

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 4
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    For all these reasons, the doctrine of prosecution disclaimer does not support Motorola's proposed construction. Once that dispute is resolved, no further construction is needed. The requirement in the claims of a "graphic element" positioned over the content viewing area is a straight-forward concept that will be easily understood by the jury.

### 2. "during times when the browser is loading *visible* content" (claims 2, 12)

| Microsoft's Claim Construction | Motorola's Claim Construction |
|---|---|
| No construction needed.<br>Alternatively: "while the hypermedia browser is loading content (for the purposes of displaying the content), where at least part of the content is capable of being seen" | Moto's original proposal: "while the hypermedia browser is loading content into the content viewing area"<br>Moto's current proposal: "while the hypermedia browser is loading *visible* content into the content viewing area" |

Motorola relies entirely on the doctrine of "prosecution disclaimer" to argue that "*loading* visible content" means, in essence, "*displaying* the content." *See* Motorola Br. at 6:14–7:23.[4] As explained in Microsoft's opening brief, the claims, specification, prosecution history, and extrinsic evidence all contradict Motorola's attempt to conflate "loading" with "displaying." *See* Microsoft Br. at 6:10–8:14.

The doctrine of "prosecution disclaimer" does not apply because Motorola cannot point to a "clear and unmistakable" statement in the prosecution conflating "loading" with "displaying." *See supra* Part II, p. 1 (discussing requirements for "prosecution disclaimer"); *see also Elbex Video, Ltd. v. Sensormatic Elecs. Corp.*, 508 F.3d 1366, 1372–73 (Fed. Cir. 2007) (rejecting prosecution disclaimer arguments). To the contrary, the portion of the prosecution history cited by Motorola confirms Microsoft's position that "loading" and "displaying" are two

---

[4] Motorola's non-infringement contentions reveal what Motorola is hoping to accomplish with its arguments. Motorola contends that its accused devices only show the alleged "temporary graphic element" ***before*** the new webpage is "displayed." *See* Wilson II Decl. Ex. S at 3. But Motorola does not dispute that the alleged "temporary graphic element" is shown while the browser is "loading" the new webpage. Thus the dispute is whether the claim covers the moment in time when the new webpage is being loaded, but has not yet been displayed.

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 5
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

different steps (although the two steps may overlap in time). Motorola points to arguments concerning claims 6, 11, and 17 (which issued as claims 12, 19, and 2), *see* Motorola Br. at 6:20–7:12, but Motorola overlooks that the amendment to claim 11 explicitly states: "wherein the *loading*, the content *displaying*, and the temporary graphic element displaying steps *occur at least partially concurrently*." McCune Decl. Ex. F at 50371. This amendment directly supports Microsoft's position that "loading" and "displaying" are distinct steps that can overlap in time, and contradicts Motorola's position that "loading" and "displaying" are the same step (or at least occur at exactly the same time). Furthermore, the "remarks" quoted by Motorola are consistent with Microsoft's position that "loading" and "displaying" can overlap in time; the "remarks" do not provide "clear and unmistakable" support for Motorola's position that "loading" and "displaying" must occur at exactly the same time. Reprinted below is the entirety of the "remarks" cited by Motorola:

> Claims 6, 11, and 17. While the content is being loaded, that content is visible to the user. For clarification, Applicant changes the wording of independent claims 6 and 11 and adds dependent claim 17 (which is dependent from claim 1). Amended claim 6 now includes "...when the browser is loading visible content..." and the graphic element "...only partially obstructs visible content...." In claim 11, the following language is added: "...wherein the loading, the content displaying...occur at least partially concurrently...." These changes are made to clarify that the loading content is visible.

*Id.* at 50375. It is true that at some points in time, "content" being "loaded" will also be "visible" to the user — given that the "loading" and "displaying" steps can overlap in time — but the claims also cover moments when "visible content" is being "loaded" but has not yet been "displayed" on the screen.

Motorola also cites to a later passage in the prosecution history, *see* Motorola Br. at 7:14–:23, but again that passage is consistent with Microsoft's position that "loading" and "displaying" are distinct steps that can overlap in time; the passage does not provide "clear and unmistakable" support for Motorola's position that "loading" and "displaying" must occur at

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 6
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

exactly the same time.

### 3. "obstruct[s/ing]" (claims 1, 12, 32, 33, 36, 39, 40)

| Microsoft's Claim Construction | Motorola's Claim Construction |
|---|---|
| No construction needed.<br>Alternatively: "to block or otherwise interfere with" | "to block from sight" |

All of Motorola's arguments about "obstruct" were anticipated in Microsoft's opening brief, and thus nothing more need be said. *Compare* Microsoft Br. at 8:18–10:12, *with* Motorola Br. at 8:4–9:9.

## B. U.S. Patent No. 7,411,582 to Toepke (effectively filed Dec. 16, 1997)

### 1. "icon" (claims 1, 15)

| Microsoft's Claim Construction | Motorola's Claim Construction |
|---|---|
| "an on-screen representation of something" | "a small image displayed on the screen to represent an object that can be manipulated by the user" |

Motorola argues that its proposed construction should be accepted because it is derived from a portion of the definition for "icon" in a *Microsoft* Computer Dictionary. *See* Motorola Br. at 12:16–:17. As explained in Microsoft's opening brief, the '582 patent's intrinsic evidence includes an "icon" which is *text*, whereas Motorola is hoping to exclude *text* from being an "icon" with its proposed construction requiring a small "*image*." *See* Microsoft Br. at 11:20–12:26. Thus Motorola is trying to use extrinsic evidence (the Microsoft Computer Dictionary) to contradict the intrinsic evidence. That is improper, regardless of the source of the extrinsic evidence. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1319 (Fed. Cir. 2005) (en banc) ("[E]xtrinsic evidence may be useful to the court, but it is unlikely to result in a reliable interpretation of patent claim scope unless considered in the context of the intrinsic evidence."); *see also Intel Corp. v. VIA Techs.*, 319 F.3d 1357, 1367 (Fed. Cir. 2003) ("When an analysis of *intrinsic* evidence resolves any ambiguity in a disputed claim term, it is improper to rely on extrinsic evidence to contradict the meaning so ascertained.").

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 7
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    Motorola's proposed construction is also incorrect because it impermissibly imports a
2 limitation from an example in the specification. Motorola argues that "the '582 Patent only uses
3 the term 'icon' to describe images — not text," based on the patent's example of an icon that is a
4 keyboard. *See* Motorola Br. at 12:18–13:15. However, there is nothing in the '582 patent that
5 limits icons to only images, rather than also permitting icons to include text. Moreover, both the
6 intrinsic evidence and the icon illustrated in the Microsoft Computer Dictionary — upon which
7 Motorola's relies for its construction — demonstrate that an icon can include text. *See* Microsoft
8 Br. at 12:6–13:19. Therefore, Motorola's proposed construction should be rejected.

### 2.  "distinct from . . . computer/application/ programs" (claims 1, 11, 15, 19)

| Microsoft's Claim Construction | Motorola's Claim Construction |
|---|---|
| No construction needed.<br>Alternatively: "containing software code that is separate from the software code of the computer programs" | Independent and separate from the computer programs and applications.<br>Computer programs and applications are self-contained executable software |

14   Motorola's reliance on "prosecution disclaimer" is misplaced. *See* Motorola Br. at
15 14:18–15:15. The claims require a software "component," and as explained in Microsoft's
16 opening brief, a "component" is a "distinct" piece of software, but at runtime the component is
17 "combined" with other software, and thus it would be incorrect to call the component software
18 "independent" or "self-contained" as proposed by Motorola. *See* Microsoft Br. at 17:22–18:4.
19 The passing use of the term "independent" during prosecution does not amount to a "clear and
20 unmistakable" surrender of the ordinary meaning of "component" software. *See supra* Part II,
21 p. 1 (discussing requirements for "prosecution disclaimer").
22   Motorola also argues that computer programs and applications *must* be "self-contained"
23 based purely on extrinsic evidence — a computer dictionary which states that the term computer
24 program "*usually*" implies a self-contained entity." Motorola Br. at 16:7 (emphasis added). But
25 again, Motorola overlooks that the claims require a "component," and the same dictionary cited

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 8
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

by Motorola makes clear that "components" are *not* self-contained but instead are "***combined*** with other components to form an overall program." *See* Microsoft Br. at 17:22–18:4.

### 3. "window" (claims 11, 14, 15, 21–23, 29–31)

| Microsoft's Claim Construction | Motorola's Claim Construction |
|---|---|
| No construction needed.<br>Alternatively: "a portion of the screen that can contain its own document or message" | "a portion of the screen that can contain its own document or message and ***that is hidable, dockable, movable and resizable***" |

Most of Motorola's arguments about "window" were anticipated in Microsoft's opening brief, and thus will not be addressed again. *Compare* Microsoft Br. at 18:10–19:7, *with* Motorola Br. at 16:19–18:11. Motorola cites to claims 8 and 9 in support of its proposed construction, *see* Motorola Br. at 17:23–:25, but those claims do not even contain the term being construed ("window"). Motorola also argues that Microsoft's proposed construction "is incomplete because it excludes the requirement that each window 'has its own boundaries,'" *see* Motorola Br. at 18:1–:3, but Motorola's proposed construction does not contain this requirement either. The term "window" will be familiar to any juror and needs no construction, but if the Court disagrees, then Microsoft would not object to the Court adopting the ***complete*** definition found in the dictionary that both Microsoft and Motorola are relying upon, including the clarification that window-based programs may (but are not required to) be divided into several windows, each of which "has its own boundaries." *See* Microsoft Br. at 18 n.8 (citing Wilson Decl. Ex. P, at 508).

### 4. "as if . . . received [via/from]" as used in:
"**. . . as if the information was received via user input received from a hardware input device**" (claim 1)
"**. . . as if the input was received via a hardware keyboard**" (claim 4)
"**. . . as if the information was received via user input at a hardware input device**" (claim 11)
"**. . . as if the user data was received from a hardware input device**" (claim 15)
"**. . . as if the input data was received via user input received from a hardware input device**" (claim 19)

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 9
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| **Microsoft's Claim Construction** | **Motorola's Claim Construction** |
|---|---|
| No construction needed.<br><br>Alternatively:<br>"such that the [program / application] *does not need to recognize whether* the information was received from a hardware input device or not"<br>"such that the [program / application] *does not need to recognize whether* the input was received from a hardware keyboard or not"<br>"such that the [program / application] *does not need to recognize whether* the information was received from a hardware input device or not" (claim 11)<br>"such that the [program / application] *does not need to recognize whether* the data was received from a hardware input device or not" | "as if the received information *originated* from a hardware input device rather than the interactive input panel" |

Motorola asserts that its "construction tracks the express claim language," Motorola Br. at 19:7, when in fact Motorola is trying to rewrite the express claim language. In particular, the claims do not use the word "originated" and thus do not require the program/application to believe that the information *originated* from a hardware input device. To the contrary, the '582 patent explicitly states the opposite: user input is "placed in the message queue of the active application's window *without the application being provided with information as to the source*." Wilson Decl. Ex. L, '582 patent at 4:65–:67 (emphasis added). Furthermore, the '582 patent states that "applications do *not* ordinarily recognize whether data received thereby *originated* at a hardware input device such as the keyboard or via user activity." *Id.* at 7:49–:53 (emphasis added). Therefore, Motorola's attempt to rewrite the claims should be rejected, and no construction is needed.

### 5. "invoking [a/the] selected input method" (claims 15, 17)

| **Microsoft's Claim Construction** | **Motorola's Claim Construction** |
|---|---|
| No construction needed.<br>Alternatively: "loading and calling the selected input method" | "loading and calling the selected input method *by a management component*" |

Motorola's arguments depend on conclusory statements about what it deems

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 10
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

"fundamental to the alleged invention." Contrary to Motorola's arguments, the patent lists six objects of the '582 invention, none of which references a management component. *See* Wilson Decl. Ex. L, '582 patent at 2:1–:22. Furthermore, only some of the claims refer to a "manager component" (claims 19, 23, 26–27, and 30–31), which strongly implies that the other claims (including claims 15 and 17, which include the "invoking" phrase at issue) do ***not*** require a "management component."

In the end, Motorola relies on the use of "e.g." in the ***prosecution history*** to argue there was an "express definition." *See* Motorola Br. at 21:18–22:8 (citing *Sinorgchem Co. v. ITC*, 511 F.3d 1132, 1138 (Fed. Cir. 2007)). But "e.g." simply means "for the sake of an example," and is not an "express definition," as Motorola contends. *See, e.g.*, *New v. Dep't of Veterans Affairs*, 142 F.3d 1259, 1265 (Fed. Cir. 1998) ("*e.g.*, the short form of *exempli gratia*, which means 'for the sake of an example'") (quoting *Black's Law Dictionary* 515 (6th ed. 1990)); *see also* Bryan Garner, *A Dictionary of Modern Legal Usage* 307 (2d ed. 2001) ("**e.g.**, the abbreviation for the Latin phrase *exempli grati* (= for example), introduces representative examples"), *available at* Wilson II Decl. Ex. T. Furthermore, in *Sinorgchem*, the sole case Motorola cites in support of its absurd argument that using "e.g." in a patent results in an "express definition," the Federal Circuit never even considered "e.g." when it construed the disputed term. Instead, the Federal Circuit construed the disputed term based on an express definition in the patent, which was "set off by quotation marks — often a strong indication that what follows is a definition." 511 F.3d at 1138. Finally, *Sinorgchem* concerned a statement in the ***specification***, whereas Motorola is relying on a statement in the ***prosecution history***, meaning Motorola would need to point to a "clear and unmistakable" disclaimer, which it has not done. *See supra* Part II, p. 1. Thus the use of "e.g." in the prosecution history of the '582 patent should be taken for exactly what it is — an example, rather than a definition — and "management component" should not be imported into the construction for "invoked."

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 11
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

6. **"interface" (claims 3, 11, 27)**

| Microsoft's Claim Construction | Motorola's Claim Construction |
|---|---|
| No construction needed.<br>Alternatively: "the point at which a connection is made between two elements so that they can work with each other or exchange information" | "a defined set of methods and data that allow for communication *with a COM object*" |

Motorola's proposed construction blatantly violates the prohibition against importing limitations from the specification into the claims. *See* Microsoft Br. at 14:18–15:3. In its brief, "Motorola acknowledges that the patent does use the phrase 'preferably' and in the 'preferred embodiment' in describing the use of COM objects," but Motorola then proceeds to argue that courts have limited constructions to embodiments where the patent "repeatedly describes that single embodiment as the invention and as performing the claimed function." Motorola Br. at 23:23–24:10. However, contrary to Motorola's suggestion, the '582 patent neither "repeatedly" references interfaces with COM objects, nor does the patent describe interfaces with COM objects as the invention. To the contrary, the specification states that "[a]n input method . . . *may* be a COM object," and that interfaces do *not* have to be "COM objects" but instead "can comprise virtually any components capable of communicating with one other through some mechanism." Wilson Decl. Ex. L, '582 patent at Abstract (emphasis added), 7:9–:11. Therefore, Motorola's argument that an "interface" must incorporate a COM object is contradicted by the specification and should be rejected.

IV. **CONCLUSION**

For the foregoing reasons, Microsoft's proposed constructions should be adopted.

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 12
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

DATED this 18th day of May, 2012.

                    DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

                    By:   s/ Arthur W. Harrigan, Jr.

                         Arthur W. Harrigan, Jr., WSBA #1751
                         Christopher Wion, WSBA #33207
                         Shane P. Cramer, WSBA #35099

                  By:   s/ T. Andrew Culbert
                         T. Andrew Culbert, WSBA #35925
                         David E. Killough, WSBA #40185
                         MICROSOFT CORPORATION
                         One Microsoft Way
                         Redmond, Washington 98052
                         Telephone:   (425) 882-8080
                         Facsimile:    (425) 869-1327

                         David T. Pritikin (*pro hac vice*)
                         Richard A. Cederoth (*pro hac vice*)
                         Constantine L. Trela, Jr. (*pro hac vice*)
                         William H. Baumgartner, Jr. (*pro hac vice*)
                         Ellen S. Robbins, (*pro hac vice*)
                         Douglas I. Lewis (*pro hac vice*)
                         David C. Giardina (*pro hac vice*)
                         John W. McBride (*pro hac vice*)
                         David Greenfield (*pro hac vice*)
                         SIDLEY AUSTIN LLP
                         One South Dearborn
                         Chicago, Illinois 60603
                         Telephone:   (312) 853-7000
                         Facsimile:    (312) 853-7036

                         Carter G. Phillips (*pro hac vice*)
                         Brian R. Nester (*pro hac vice*)
                         SIDLEY AUSTIN LLP
                         1501 K Street NW
                         Washington, DC 20005
                         Telephone:   (202) 736-8000
                         Facsimile:    (202) 736-8711

                         *Counsel for Microsoft Corporation*

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 13
Case No. C10-1823-JLR

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**EXHIBITS TO "WILSON II DECL."**

Ex. R:   Microsoft's infringement contentions for the '780 patent (Sept. 2, 2011)

Ex. S:   Motorola's non-infringement contentions for the '780 patent (Dec. 2, 2011)

Ex. T:   Bryan Garner, *A Dictionary of Modern Legal Usage* (2d ed. 2001) (entry for "e.g.")

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 14
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 18th day of May, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Lynn M. Engel, WSBA #21934<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA  98104-2682<br>Telephone:  206-676-7000<br>Email:  Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_ Email |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>Telephone:  (212) 596-9046<br>Email:  steven.pepe@ropesgray.com<br>Email:  jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_ Email |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284<br>Telephone:  (650) 617-4030<br>Email:  norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_ Email |

MICROSOFT CORPORATION'S RESPONSIVE
CLAIM CONSTRUCTION BRIEF ON ITS '780
AND '582 COUNTERCLAIM PATENTS - 15
Case No. C10-1823-JLR

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*) <br> Ropes & Gray LLP <br> One Metro Center <br> 700 12th Street NW, Suite 900 <br> Washington, DC  20005-3948 <br> Telephone:  (202) 508-4693 <br> Email: Paul.schoenhard@ropesgray.com | _____ Messenger <br> _____ US Mail <br> _____ Facsimile <br> __X___ Email |

DATED this 18th day of May, 2012.

                                            s/ Linda Bledsoe_____ <br>
                                            LINDA BLEDSOE

MICROSOFT CORPORATION'S RESPONSIVE CLAIM CONSTRUCTION BRIEF ON ITS '780 AND '582 COUNTERCLAIM PATENTS - 16 <br>
Case No. C10-1823-JLR

LAW OFFICES <br>
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP** <br>
999 THIRD AVENUE, SUITE 4400 <br>
SEATTLE, WASHINGTON 98104 <br>
TEL, (206) 623-1700   FAX, (206) 623-8717