# EXHIBIT T

# A DICTIONARY OF MODERN LEGAL USAGE

## SECOND EDITION

Bryan A. Garner

# OXFORD
UNIVERSITY PRESS

Oxford   New York
Athens   Auckland   Bangkok   Bogota
Buenos Aires   Calcutta   Cape Town   Chennai   Dar es Salaam
Delhi   Florence   Hong Kong   Istanbul   Karachi
Kuala Lumpur   Madrid   Melbourne
Mexico City   Mombai   Nairobi   Paris   Shanghai   São Paulo   Singapore
Taipei   Tokyo   Toronto   Warsaw

and associated companies in
Berlin   Ibadan

Copyright © 1987, 1995 by Bryan A. Garner

First published by Oxford University Press, Inc., 1995
198 Madison Avenue, New York, New York 10016

First issued as an Oxford University Press paperback, 2001

Oxford is a registered trademark of Oxford University Press

All rights reserved. No part of this publication may be reproduced,
stored in a retrieval system, or transmitted, in any form or by any means,
electronic, mechanical, photocopying, recording, or otherwise,
without the prior permission of Oxford University Press.

Library of Congress Cataloging-in-Publication Data
Garner, Bryan A.
A dictionary of modern legal usage / Bryan A. Garner. — 2nd ed.
p.   cm.
Includes bibliographical references.
1. Law—United States—Terminology. 2. Law—United States—
Language. 3. Legal composition. 4. English language—Usage.
I. Title.
KF156.G367   1995   340'.03—dc20   95–3863
ISBN 0–19–507769–5 (Cloth)
ISBN 0–19–514236–5 (Pbk.)

Acknowledgments of permission to quote from previously
published works are made in a special section
on page 953.

Printing (last digit): 10 9 8 7 6 5 4 3

Printed in the United States of America
on acid-free paper

**e.g.,** the abbreviation for the Latin phrase *exempli gratia* (= for example), introduces representative examples. In AmE, it is preferably followed by a comma (or, depending on the construction, a colon) and unitalicized. In their fine book on admiralty, Grant Gilmore and Charles L. Black (or their publishers) pedantically put a space between the two letters (*e. g.*), sometimes without a comma following. See *The Law of Admiralty* 10 (2d ed. 1975). In BrE, the periods as well as the comma are sometimes omitted—e.g.: "The problem with seeking a legislative cure for the ethical disease is that most of the perceived outrages are either already illegal (*eg*, Pentagon officials taking bribes) or beyond the reach of the law (politicians' sexual adventures)." *Washington on an Ethics Kick,* Economist, 28 Jan.–3 Feb. 1989, at 19. To American eyes, *eg* looks like *egg* misspelled.

Using the abbreviation *etc.* after an enumeration following *e.g.* creates a superfluity, since one expects nothing more than a representative sample of possibilities. But *etc.* might be required after *i.e.* (L. *id est* "that is") to show the incompleteness of the list.

In two editions, *Black's* (5th & 6th) misused *i.e.* for *e.g.* in its entry for *layman:* "One who is not of a particular profession (i.e. non-lawyer)." The abbreviation should be *e.g.,* not *i.e.,* because under the definition a nondoctor as well as a nonlawyer would be a *layman;* the parenthetical *nonlawyer* is intended only to provide an example.

One should clearly indicate what the signal refers to: "Out-of-pocket losses include medical expenses, lost earnings, and the cost of any labor required to do things that the plaintiff can no longer do himself (*e.g.,* a housekeeper)." But "things the plaintiff can no longer do himself" are not exemplified by *a housekeeper.* (Or does the writer mean *be a housekeeper?*) In any event, wherever readers encounter an *e.g.* they rightly expect a sampling of appropriate items—not an ambiguous or an all-inclusive listing. In the example given, it might be, *e.g., keep house, drive a car, tend the garden.* See **i.e.**

**egality** is the anglicized form of the French *égalité* (= equality). The *OED* pronounces it obsolete, and so it should be, in deference to *equality.* E.g., "Is this a sign of greater *egality* [read *equality*], inverted snobbery, or simple confusion?" Robert Harris, *The Way We Were,* Sunday Times (Books), 22 July 1990, at 8-1.

**egoism; egotism; egocentrism; egocentricity; egomania.** *Egoism* is a legitimate philosophical term meaning "a doctrine that self-betterment is the guiding method of existence, or that self-interest is the primary motive in all one's actions."

The use of *egoism* in the sense "selfishness" is a SLIPSHOD EXTENSION. *Egotism* = arrogance; an exaggerated sense of self-importance; self-praise. *Egocentrism* and *egocentricity* are synonymous, with perhaps a slight nuance. *Egocentrism* = the quality of being self-centered and selfish; looking only to one's own feelings and needs. *Egocentricity* = the quality of being egocentric, individualistic, or self-centered. *Egomania* is extreme *egocentrism.*

**egregious** /i-*gree*-jəs/ formerly meant merely "outstanding," but has been specialized in a pejorative sense so that it now means "outstandingly bad."

**egress; ingress.** *Egress* = the right or liberty of going out. *Ingress* = the right or liberty of going in. The correct prepositions are illustrated here: "The company breached its duty to furnish Rivers with a safe means of *ingress* to and *egress* from the vessel."

The legal phrase *ingress, egress, and regress* = the right to enter, leave, and reenter. Courts and lawyers have sometimes mistaken the import of these terms. *Black's* (1st–6th eds.) erroneously defines *ingress, egress, and regress* as "the right (as of a lessee) to enter, *go upon* [read *leave*], and *return from* [read *return to*] the lands in question." The same dictionary states that *egress* is "often used interchangeably with the word *access,*" apparently confusing *egress* with *ingress.*

**eight corners.** See **four corners of the instrument.**

**either. A. Number of Elements.** Most properly, *either . . . or* can frame only two alternatives, and no more: "He testified that in the last few years terrazzo had been used more extensively in entranceways than *either* marble, tile, cement, *or* asphalt [omit *either*]." See CORRELATIVE CONJUNCTIONS (B).

**B. Singular or Plural.** Nouns framed by *either . . . or* take a singular verb when they are both singular, or when only the latter is singular. E.g., "There was no evidence that either DeGraft or his corporation *were* [read *was*] under the control of defendants."

The same principle applies to nouns that should agree in number with the subject: "The situation should not be viewed in terms of whether the Constitution somehow makes a teacher or librarian the proper *selectors* [read *selector*] of a curriculum or books."/ "If *either* had been a male *they* [read *the couple* or *she*] would have been prohibited from intermarrying." See CONCORD & SUBJECT-VERB AGREEMENT (E).