# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| APPLE INC. and NeXT SOFTWARE, INC. (f/k/a NeXT COMPUTER, INC.),<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA, INC. and MOTOROLA MOBILITY, INC.<br><br>Defendants. | Case No. 1:11-cv-08540<br><br>Judge: Hon. Richard A. Posner |

**MOTOROLA'S MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INJUNCTIVE RELIEF**

Defendants Motorola Solutions, Inc. (f/k/a Motorola, Inc.) and Motorola Mobility, Inc. (collectively, "Motorola") respectfully move the Court to grant summary judgment denying Apple's prayer for injunctive relief and submit this brief in support their motion.

## INTRODUCTION

Apple cannot and will not be able to establish what it is required to establish in order to obtain a permanent injunction at trial for any of the claims for any of the Apple Patents remaining in the case. Simply put, Apple has demonstrated through its own expert reports that an adequate remedy at law does exist. *See* March 20, 2012 Expert Report of Brian Napper at 21-24 (identifying a reasonable royalty based on a hypothetical negotiation as the proper and "adequate" remedy for Motorola's alleged infringement of Apple's patents); 4/29/12 Deposition of Brian Napper at 26:11-17 ("Q. What do you understand your assignment to have been in this case? A. My assignment was to – based upon the information reviewed and considered, to determine a – an amount of money adequate to compensate the patentee for the patents in suit, in the form of, at a minimum, a reasonable royalty."). Further, while the Court determined that Apple failed to measure damages for any of its patents-in-suit in a way that could survive a *Daubert* challenge, the Court also noted that a proper methodology for calculating damages was available to Apple for each of its patents-in-suit. *See* May 22, 2012 Order. As such, the court should grant summary judgment denying Apple's prayer for injunctive relief for failure to satisfy the elements required by *eBay v. MercExchange*.

## ARGUMENT

Apple cannot meet its burden for obtaining a permanent injunction in this case. "The plaintiff who seeks an injunction has the burden of persuasion—damages are the norm, so the plaintiff must show why his case is abnormal. But when, as in this case, the issue is whether to

1

grant a permanent injunction, not whether to grant a temporary one, the burden is to show that damages are inadequate, not that the denial of the injunction will work irreparable harm." *Walgreen Co. v. Sara Creek Prop. Co., B.V.,* 966 F.2d 273, 275 (7th Cir. 1992) (Posner, J.).  In the context of patent disputes, the Supreme Court clarified in *eBay v. MercExchange* that "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised ***consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards***."  547 S. Ct. 388, 394 (2006) (emphasis added).  Specifically, Apple "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 391.  Because monetary damages would be adequate to compensate Apple for any injury it may have suffered in this case, Apple cannot obtain a permanent injunction.[1]  The fact that Apple failed to present a single damages theory that survived Motorola's *Daubert* challenge does not mean that monetary damages are "inadequate"; it simply means that Apple's expert theories were inadequate.

In its May 22, 2012 Order, the Court struck each of Apple's damages expert's theories for each of its patents-in-suit because none of the theories offered by Apple were logically or

---

[1] Although none of the other factors weigh in favor of an injunction for Apple either, the Court need not address any of these factors if an adequate remedy at law (monetary damages) will compensate Apple for its alleged injury.  Nevertheless, any injunction against Motorola would be a "disservice" to competition in the cell phone market.  *Bard Peripheral Vascular, Inc. v. W.L. Gore*, 670 F.3d 1171, 1192 (Fed. Cir. 2012) (upholding denial of permanent injunction on grounds that competition in the medical products market is in the public interest).  During the period of Motorola's alleged infringement, Apple has grown to become the most valuable publicly traded company in the world (with a market capitalization of over $500 billion) and is by far the most profitable cell phone maker in the world as well.

2

methodologically sound enough to survive judicial scrutiny under *Daubert*. However, for each of the Apple patents, the Court's Order indicated that proper methodologies for measuring damages were readily available to Apple's damages expert; he just failed to use them. In fact, the Court's order described at least one methodology for calculating damages that would have been acceptable for each of the Apple patents.

Regarding the '002 Patent, the Court found that Apple could have conducted a consumer survey to measure damages properly:

> Apple could have conducted a survey of Motorola customers (or consumers, or would-be consumers, of cell phones generally) targeted on determining the value consumers attach to having a notification window that is never partially obstructed by another window; consumer surveys designed to determine the value of a particular feature or property of a consumer product are a common and acceptable form of evidence in patent cases. E.g., *i4i Ltd. Partnership v. Microsoft Corp.*, supra, 598 F.3d at 855–56; *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333–34 (Fed. Cir. 2009). Such a survey might well have dispelled the uncertainty that I conclude vitiates Mr. Napper's proposed testimony about the '002.

May 22, 2012 Order at 10.

For the '949 Patent, the Court indicated that Apple's expert could have measured damages using a program or device (unlike the Magic Trackpad) that was actually comparable to the functionality Motorola would have to remove to avoid infringement: "It is conceivable that there is some program or device other than Magic Trackpad that could be matched with the page-turning program to provide an estimate of the value of the latter. But if so it should have been in Napper's report." *Id.* at 15. If such a program or device did not exist, the Court further indicated that Apple could have conducted a consumer survey to measure the value of the functionality that would need to be removed: "So far as appears, the only evidence that could be provided would be consumer-survey evidence; it is much too late for Apple to be permitted to conduct a survey." *Id.* at 16.

3

For the '263 Patent, the Court indicated that Apple's expert could have properly measured damages by relying on an engineer qualified to opine on the cost of designing around the '263 Patent who did not work for Apple and thus did not have a conflict of interest: "But there is no evidence that he [Apple's expert Dr. Polish] is the only engineer who is familiar with computer hardware (or software) that duplicates the functionality of the '263." *Id.* at 17.

Finally, regarding the '647 Patent, the Court indicated that a well-designed consumer survey could have allowed Napper to offer a damages opinion within tolerable limits of uncertainty:

> Many of those who don't realize they have it already may indeed be willing to pay $0.60 to get it (though it seems odd to base damages on sales revenues obtained as a result of mistakes by consumers for which the seller seems largely responsible). But Napper provided no estimate of how many such ignorant consumers there are, still another question that could be answered within the limits of tolerable uncertainty by a competently designed and administered consumer survey. So once again I must exclude Napper's evidence.

*Id.* at 18-19.

Because Apple attempted to, could have, and should have measured damages in monetary terms for its alleged injuries in this case, Apple is not entitled to a permanent injunction as a matter of law and equity. Apple cannot now fabricate a new "irreparable harm" argument separate from the availability of monetary damages. In fact, this Court considered and rejected a similar argument in *Walgreen Co.*, holding that "injunctions are not granted as a matter of course, but only when the plaintiff's damages remedy is inadequate." 966 F.2d at 274. The Court further explained that "'[i]rreparable' in the injunction context means not rectifiable by the entry of a final judgment. It has nothing to do with whether to grant a permanent injunction, which, in the usual case anyway, *is* the final judgment. The use of 'irreparable harm' or 'irreparable injury' as synonyms for inadequate remedy at law is a confusing usage. It should be avoided." *Id.* at 275

4

(internal citations omitted) (emphasis in original). *See also Automed Tech., Inc. v. Microfil, LLC*, No. 04 C 5596, 2006 WL 1647505, at *2 (N.D. Ill. June 7, 2006) (plaintiff "must show that damages are inadequate, not that the denial of the injunction will work irreparable harm"); *LG Elec. U.S.A., Inc. v. Whirlpool Corp.*, 790 F. Supp. 2d 708, 715 n. 6 (N.D. Ill. 2011) ("the burden is to show that damages are inadequate, not that the denial of the injunction will work irreparable harm"). In the five years since the Supreme Court's decision in *eBay*, district courts have routinely denied requests for permanent injunctive relief when the traditional principles of equity do not require the entry of an injunction. *See* Exhibit 1 (listing cases where district courts denied a request for permanent injunctive relief). That is the case here as well because an adequate remedy at law (monetary damages) would have compensated Apple for its alleged damages.

## CONCLUSION

Apple could have measured its alleged damages resulting from Motorola's alleged infringement in monetary terms. It tried and failed. The Court has already explained that an adequate remedy at law was available to Apple for each patent but Apple failed to avail itself of the available and adequate remedy at law. *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1045 (N.D. Ill. 2003) ("The grant of an injunction in the circumstances disclosed by the evidence in this case would be a travesty of equity.").

Dated: May 30, 2012

Respectfully submitted,

MOTOROLA MOBILITY, INC. AND
MOTOROLA SOLUTIONS, INC.
By:     /s/ Stephen A. Swedlow


Edward J. DeFranco
Raymond Nimrod
Richard W. Erwine
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
raynimrod@quinnemanuel.com
richarderwine@quinnemanuel.com

Charles K. Verhoeven
David A. Perlson
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email:
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com

Brian Cannon
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Telephone: (650) 801-5000
Facsimile:  (650) 801-5001
Email:  briancannon@quinnemanuel.com

David A. Nelson
Stephen Swedlow
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL 60661

6

Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
stephenswedlow@quinnemanuel.com

*Attorneys for Defendant Motorola Mobility, Inc. and Motorola Solutions, Inc. (f/k/a Motorola, Inc.)*

7

## CERTIFICATE OF SERVICE

       The undersigned certifies that all counsel of record will be served with a true and correct copy of the foregoing by electronic mail, on this the 30th day of May, 2012.

*/s/ Stephen A. Swedlow*

8

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| APPLE INC. and NeXT SOFTWARE INC. (f/k/a NeXT COMPUTER, INC.), | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 11-cv-8540 |
| v. | ) ) ) | Hon. Richard A. Posner |
| MOTOROLA, INC. and MOTOROLA MOBILITY, INC. | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## APPENDIX TO MOTOROLA'S MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INJUNCTIVE RELIEF

**Index of Exhibits Included in Appendix**

Exhibit 1      Exemplar List of Cases Where Permanent Injunctive Relief Was Denied After *eBay*

Dated: May 30, 2012

Respectfully submitted,

MOTOROLA MOBILITY, INC. AND
MOTOROLA SOLUTIONS, INC.
By:     */s/ Stephen A. Swedlow*


Edward J. DeFranco
Raymond Nimrod
Richard W. Erwine
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: eddefranco@quinnemanuel.com
raynimrod@quinnemanuel.com
richarderwine@quinnemanuel.com

Charles K. Verhoeven
David A. Perlson
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Email:
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com

Brian Cannon
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
Telephone: (650) 801-5000
Facsimile:  (650) 801-5001
Email:  briancannon@quinnemanuel.com

David A. Nelson
Stephen Swedlow
QUINN EMANUEL URQUHART

2

                                                                                     & SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: davenelson@quinnemanuel.com
                    stephenswedlow@quinnemanuel.com

*Attorneys for Defendant Motorola Mobility, Inc. and Motorola Solutions, Inc. (f/k/a Motorola, Inc.)*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record will be served with a true and correct copy of the foregoing by electronic mail, on this the 30th day of May, 2012.

*/s/ Stephen A. Swedlow*

4

# Exhibit 1

**Exemplar List of Cases Where Permanent Injunctive Relief Was Denied After *eBay*[1]**

*Lighting Ballast Control, LLC v. Philips Elec. N. Am. Corp.*, No. 7:09-CV-29-O, 2011 WL 7575007 (N.D. Tex. Aug. 26, 2011)

*Belden Tech. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555 (D. Del. 2011)

*Swingless Golf Club Corp. v. Taylor*, No. 3:08-cv-05574-WHA (N.D. Cal. Aug. 1, 2011) (Dckt. No. 142)

*S.O.I.TEC Silicon On Insulator Tech., S.A. v. MEMC Elec. Materials, Inc.*, No. 08-292-SLR, 2011 WL 2748725 (D. Del. July 13, 2011)

*LG Elec. U.S.A., Inc. v. Whirlpool Corp.*, 758 F. Supp. 2d 541 (D. Del. 2011)

*Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, No. 09-1091, 2011 WL 2533846 (D. Minn. June 27, 2011)

*WhitServe LLC v. Comp. Packages, Inc.*, No. 3:06-cv-01935-AVC (D. Conn. Mar. 30, 2011) (Dckt. No. 481)

*Affinity Labs of Tex., LLC v. BMW N. Am., LLC*, 784 F. Supp. 2d 891 (E.D. Tex. 2011)

*Enpat, Inc. v. Budnic*, 773 F. Supp. 2d 1311 (M.D. Fla. 2011)

*Robert Bosch, LLC v. Pylon Mfg. Corp.*, 748 F. Supp. 2d 383 (D. Del. 2010)

*Bushnell Inc. v. Am. Tech. Network, Corp.*, No. 2:09-cv-02009-KHV-JPO (D. Kan. Nov. 2, 2010) (Dckt. No. 167)

*Soverain Software LLC v. CDW Corp.*, No. 6:07-cv-00511-LED (E.D. Tex. Aug. 11, 2010) (Dckt. No. 434)

*Dow Chem. Co. v. Nova Chem. Corp. (Canada)*, No. 05-737-JJF, 2010 WL 2082023 (D. Del. July 30, 2010)

*Cordance Corp. v. Amazon.com, Inc.*, 730 F. Supp. 2d 333 (D. Del. 2010)

*Laserdynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06-cv-348-TJW, 2010 WL 2574059 (E.D. Tex. June 22, 2010)

---

[1] Based on the University of Houston Law Center's "PATSTATS – U.S. Patent Litigation Statistics" listing of Post-*eBay* Permanent Injunction Rulings in Patent Cases to 12-4-11, available at http://patstats.org/Injunction_rulings_post-eBay_to_12-04-2011.post.xls.

*Tyco Healthcare Group LP v. Applied Med. Res. Corp.*, No. 9:09-cv-00176-KFG (E.D. Tex. May 17, 2010) (Dckt. No. 138)

*Humanscale Corp. v. CompX Int'l Inc.*, No. 3:09-cv-86, 2010 WL 1779963 (E.D. Va. Apr. 29, 2010)

*Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 712 F. Supp. 2d 1285 (M.D. Fla. 2010)

*Ricoh Co., Ltd. v. Quanta Computer, Inc.*, No. 06-cv-462-BBC, 2010 WL 1607908 (W.D. Wis. Apr. 19, 2010)

*Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, 723 F. Supp. 2d 1284 (S.D. Cal. 2010)

*Emcore Corp. v. Optium Corp.*, No. 7-326, 2010 WL 235126 (W.D. Pa. Jan. 15, 2010)

*IGT v. Bally Gaming Int'l Inc.*, 675 F. Supp. 2d 487 (D. Del. 2009)

*Creative Internet Adver. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847 (E.D. Tex. 2009)

*Am. Calcar Inc. v. Am. Honda Motor Co., Inc.*, No. 3:06-cv-02433-DMS-KSC (S.D. Cal. Aug. 5, 2009) (Dckt. No. 626)

*Medtronic Sofamor Danek USA, Inc. v. Globus Med., Inc.*, 637 F. Supp. 2d 290 (E.D. Pa. 2009)

*Hypoxico Inc. v. Colo. Altitude Training*, 630 F. Supp. 2d 319 (S.D.N.Y. 2009)

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, No. CV-03-0597-PHX-MHM, 2009 WL 920300 (D. Ariz. Mar. 31, 2009)

*Trinc, Inc. v. Radial Wheel, LLC*, No. 07-12488, 2009 WL 606453 (E.D. Mich. Feb. 25, 2009)

*Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951 (N.D. Cal. 2009)

*Telecordia Tech., Inc. v. Cisco Sys., Inc.*, 592 F. Supp. 2d 727 (D. Del. 2009)

*Orion IP, LLC v. Mercedes-Benz USA, LLC*, No. 6:05-cv-322, 2008 WL 5378040 (E.D. Tex. Dec. 22, 2008)

*Am. Calcar Inc. v. Am. Honda Motor Co., Inc.*, No. 3:06-cv-02433-DMS-KSC (S.D. Cal. Nov. 18, 2008) (Dckt. No. 582)

*Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 579 F. Supp. 2d 554 (D. Del. 2008)

*Akamai Tech., Inc. v. Limelight Networks, Inc.*, No. 1:06-cv-11109-RWZ (D. Mass. June 30, 2008) (No Docket No.)

*Grantley Patent Holding Ltd. v. Clear Channel Commc'ns, Inc.*, No. 9:06-cv-00259-RC (E.D. Tex. June 10, 2008) (Dckt. No. 244)

*Ecolab, Inc. v. FMC Corp.*, No. 0:05-cv-00831-JMR-FLN (D. Minn. Feb. 22, 2008) (Dckt. No. 502)

*Cygnus Telecomm. Tech., LLC v. Worldport Commc'ns, Inc.*, Nos. C-02-00144 RMW & C-02-00142 RMW, 2008 WL 506182 (N.D. Cal. Feb. 22, 2008)

*Nichia Corp. v. Seoul Semiconductor, Ltd.*, No. 06-0162 MMC, 2008 WL 346416 (N.D. Cal. Feb. 7, 2008)

*ResQNet.com, Inc. v. Lansa, Inc.*, 533 F. Supp. 2d 397 (S.D.N.Y. 2008)

*Respironics, Inc. v. Invacare Corp.*, No. 04-0336, 2008 WL 111983 (W.D. Pa. Jan. 8, 2008)

*MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556 (E.D. Va. 2007)

*Heuft Systemtechnik GmbH v. Indus. Dynamics Co. Ltd.*, No. 2:05-cv-06299-GPS-JTL (C.D. Cal. May 9, 2007) (Dckt. No. 314)

*Praxair, Inc. v. ATMI, Inc.*, 479 F. Supp. 2d 449 (D. Del. 2007)

*IMX, Inc. v. Lending Tree LLC*, No. 1:03-cv-01067-SLR (D. Del. Jan. 10, 2007) (Dckt. No. 292)

*Sundance, Inc. v. DeMonte Fabricating Ltd.*, No. 02-73543, 2007 WL 37742 (E.D. Mich. Jan. 4, 2007)

*Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2006 WL 2570614 (W.D. Okla. Sept. 5, 2006)

*Finisar Corp. v. DirecTV Group, Inc.*, No. CIV A 105-CV-264, 2006 WL 2709206 (E.D. Tex. Sept. 1, 2006)

*Paice LLC v. Toyota Motor Corp.*, No. 2:04CV211DF, 2006 WL 2385139 (E.D. Tex. Aug. 16, 2006)

*z4 Tech., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437 (E.D. Tex. 2006)