1

2

3

4

5

6

7

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

15

16

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION.,

Defendants.

CASE NO. C10-1823-JLR

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOTE ON MOTION CALENDAR: Friday, July 27, 2012**

17

18

19

20

21

22

23

24

25

26

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C10-1823-JLR

## I.   INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola Mobility, Inc. and General Instrument Corporation (collectively, "Motorola")[1] respectfully move this Court for leave to file under seal the following:

1.   Motorola Mobility's and General Instrument's Motion for Partial Summary Judgment; and

2.   Exhibits 2-4, 6, 8-11, and 17 to the Declaration of Kevin J. Post.

## II.   BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011.  (Dkt. No. 72.)  This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.   Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2.   This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.   Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

---

[1] Motorola Solutions, Inc., which is now independent from Motorola Mobility and General Instrument, takes no position on the issues raised in the Motion for Partial Summary Judgment.

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    *Id.* at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states

2    in relevant part that:

3        During the pre-trial phase of this action, such information, whether submitted in
         writing or in oral testimony, shall be disclosed only *in camera* before the Court

4        and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules
         of the United States District Court for the Western District of Washington.

5    *Id.* at 2.

6        Thus, the Protective Order provides that Motorola may request to seal documents by

7    formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of

8    Washington.  Local Rule CR 5(g)(3) states that:

9
         If a party seeks to have documents filed under seal and no prior order in the case
10       or statute specifically permits it, the party must obtain authorization to do so by
         filing a motion to seal or a stipulation and proposed order requesting permission
11       to file specific documents under seal.  The court will allow parties to file entire
         memoranda under seal only in rare circumstances.  A motion or stipulation to seal
12       usually should not itself be filed under seal.  A declaration or exhibit filed in
         support of the motion to seal may be filed under seal if necessary.  If possible, a
13       party should protect sensitive information by redacting documents rather than
         seeking to file them under seal.  A motion or stipulation to seal should include an
14       explanation of why redaction is not feasible.

15       Similarly, federal law recognizes that courts should protect trade secrets or other

16   confidential commercial information by reasonable means, permitting the filing under seal of

17   documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a

18   court may require that (1) "a trade secret or other confidential research, development, or

19   commercial information not be revealed or be revealed only in a specified way" and (2) "the

20   parties simultaneously file specified documents or information in sealed envelopes…").

21       Though courts recognize a general right to inspect and copy public records and documents,

22   including judicial records, the United States Supreme Court has stated that this right is limited.

23   "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory

24   power over its own records and files, and access has been denied where court files might have

25   become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

26

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
CASE NO. C10-1823-JLR

1  (1978).  In discussing examples of improper purposes, the Court indicated that courts are not to

2  serve as "sources of business information that might harm a litigant's competitive standing."  *Id.*

3        As the Ninth Circuit stated:

4        The law, however, gives district courts broad latitude to grant protective orders to
         prevent disclosure of materials for many types of information, including, but not
5        limited to, trade secrets or other confidential research, development, or
         commercial information.  See Fed. R. Civ. P. 26(c)(7).  Rule 26(c) authorizes the
6        district court to issue " any order which justice requires to protect a party or
         person from annoyance, embarrassment, oppression, or undue burden."  The
7        Supreme Court has interpreted this language as conferring "broad discretion on
         the trial court to decide when a protective order is appropriate and what degree of
8        protection is required."  *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 36 (1984).

9  *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

10  **III.    THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA
            TO FILE THIS MOTION FOR LEAVE TO SEAL**

11        In accordance with the Protective Order and the above-referenced authority, Motorola

12  moves to file the following documents under seal for the stated reasons:

13  **A.    Defendants' Motion for Partial Summary Judgment ("Motion")**

14        Motorola respectfully requests that its Motion be filed under seal because of citation to,

15  and description of: (1) confidential testimony and reports from action before the ITC; (2) licensing

16  agreements entered into between Motorola and certain third parties; (3) licensing agreements

17  entered into between Microsoft and certain third parties; and (4) confidential settlement offers.

18  Because this information is contained in the Motion, Motorola has marked this document as

19  containing "OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

20        The licensing information contained in the Motion is highly confidential and proprietary

21  business information.  Disclosure of this information to third parties and other party employees not

22  covered by the protective order would have the potential to lead to competitive harm.  In lieu of

23  sealing the entire Motion, Motorola has redacted only those portions of its brief that disclose this

24  highly confidential information.  Redactions were made to limit as little information as possible,

25  leaving the remainder available for public review.

26

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
CASE NO. C10-1823-JLR

**B.      Exhibits 2-4, 6, 8-11, and 17 to the Declaration of Kevin J. Post**

Exhibit 2 is a is a true and correct copy of selected pages from the transcript of the January 20, 2012 hearing held in *Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw, which reproduces the confidential sworn testimony given by Kirk W. Dailey in that hearing.

This sworn testimony was given during a Confidential session in the ITC hearing and is covered by the Protective Order in that case.  Pursuant to an agreement between the parties, this testimony was produced and may be relied upon in this case.  It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only."  Accordingly, this confidential information is covered by the protective order in both cases.  Throughout his testimony, Mr. Dailey disclosed highly confidential information about Motorola's licenses, licensing history and internal business practices.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Due to presence of this highly confidential information throughout the transcript, Exhibit 2 should be sealed in its entirety.

This document was previously submitted to the Court as Exhibit 2 to the March 30, 2012 Declaration of Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 230), and was previously ordered sealed by the Court (Dkt. No. 294).

Exhibit 3 is a true and correct copy of the April 2009 Patent License Agreement between Microsoft Corporation and Commonwealth Scientific and Industrial Research Organisation (CSIRO), bearing production numbers MS-MOTO_1823_00005195128-152.

This license agreement is a highly confidential agreement between Microsoft and CSIRO, a non-party to this litigation, and has been marked by Microsoft as OUTSIDE COUNSEL-ATTORNEY'S EYES ONLY.  Although the agreement indicates that the parties may disclose its existence to third parties, the terms of the agreement were kept in confidence.  Disclosure of this information to third parties and other party employees not covered by the protective order would

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  have the potential to lead to competitive harm.  Due to presence of this highly confidential

2  information throughout the license, Exhibit 3 should be sealed in its entirety.

3         Exhibit 4 is a true and correct copy of the Rebuttal Testimony of Kirk Dailey, marked as

4  Hearing Exhibit CX-778C and admitted into evidence in *Certain Gaming and Entertainment*

5  *Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ

6  Shaw).

7         This testimony was marked as containing Confidential Business Information and was

8  admitted as a Confidential Hearing Exhibit in ITC Inv. No. 337-TA-752.  Pursuant to an

9  agreement between the parties, this testimony was produced and may be relied upon in this case.

10  It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential

11  Business Information, Subject to Protective Order – Attorneys' Eyes Only."  Accordingly, this

12  confidential information is covered by the protective order in both cases.  Throughout his

13  testimony, Mr. Dailey disclosed highly confidential information about Motorola's licenses,

14  licensing history and internal business practices.  Disclosure of this information to third parties

15  and other party employees not covered by the protective order would have the potential to lead to

16  competitive harm.  Due to presence of this highly confidential information throughout the exhibit,

17  Exhibit 4 should be sealed in its entirety.

18         This document was previously submitted to the Court as Exhibit 4 to the March 30, 2012

19  Declaration of Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment

20  (Dkt. No. 230), and was previously ordered sealed by the Court (Dkt. No. 294).

21         Exhibit 6 is a true and correct copy of the Rebuttal Expert Testimony of Dr. David J.

22  Teece, marked as Hearing Exhibit CX-759C and admitted into evidence in *Certain Gaming and*

23  *Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752

24  (U.S.I.T.C.) by ALJ Shaw.

25         This testimony was marked as containing Confidential Business Information and was

26  admitted as a Confidential Hearing Exhibit in ITC Inv. No. 337-TA-752.  Pursuant to an

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

agreement between the parties, this testimony was produced and may be relied upon in this case. It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only."  Accordingly, this confidential information is covered by the protective order in both cases.  Throughout his testimony, Dr. Teece disclosed highly confidential information about Motorola's licenses and licensing history.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Due to presence of this highly confidential information throughout the exhibit, Exhibit 6 should be sealed in its entirety.

This document was previously submitted to the Court as Exhibit 6 to the March 30, 2012 Declaration of Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 230), and was previously ordered sealed by the Court (Dkt. No. 294).

Exhibit 8 is a true and correct copy of Motorola Mobility, Inc.'s Written Responses to Certain Topics of Microsoft's Third Amended 30(b)(6) Notice of Deposition and attached Exhibit E, which was served via email on April 12, 2012.

This document is marked as "Contain[ing] Motorola and Third-Party Confidential Financial Information – Outside Attorneys' Eyes Only – Subject to Protective Order." The document, including its attached Exhibit E, summarizes and discloses confidential information about highly confidential licensing agreements between Motorola and various third-parties who are non-parties to this litigation. Although many of the agreements summarized in this document indicate that the parties may disclose their existence to others, the terms of each agreement have been maintained in confidence. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the document and its exhibit, Exhibit 8 should be sealed in its entirety.

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

This document was previously submitted to the Court as Exhibit 27 to the April 13, 2012 Second Declaration of Kevin J. Post in Support of Defendants' Opposition to Microsoft's Motion for Partial Summary Judgment of Breach of Contract (Dkt. No. 273), and was previously ordered sealed by the Court (Dkt. No. 336).

Attached as Exhibit 9 is a true and correct copy of selected pages from a document titled "Expert Report of Louis P. Berneman, Ed D, CLP," dated June 20, 2011, marked as "CONTAIN[ING] CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," and submitted in *Certain Mobile Devices, Associated Software, and Components Thereof*, ITC Inv. No. 337-TA-744. Pursuant to an agreement between the parties, this report may be relied upon in this case.

This report has been marked as "Contain[ing] Confidential Business Information, Subject to Protective Order." Accordingly, this confidential information is covered by the protective order in this case and the 337-TA-744 Investigation. Disclosure of this information to third parties and other party employees not covered by the protective orders would have the potential to lead to competitive harm. Due to presence of this confidential information throughout the document, Exhibit 9 should be sealed in its entirety.

This document was previously submitted to the Court as Exhibit 29 to the April 13, 2012 Second Declaration of Kevin J. Post in Support of Defendants' Opposition to Microsoft's Motion for Partial Summary Judgment of Breach of Contract (Dkt. No. 273), and was previously ordered sealed by the Court (Dkt. No. 336).

Exhibit 10 is a true and correct copy of the Rebuttal Expert Witness Testimony of Richard J. Holleman, marked as Hearing Exhibit CX-758C and admitted into evidence in *Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw.

This testimony was marked as containing Confidential Business Information and was admitted as a Confidential Hearing Exhibit in ITC Inv. No. 337-TA-752.   Pursuant to an

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

agreement between the parties, this testimony was produced and may be relied upon in this case. It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only."  Accordingly, this confidential information is covered by the protective order in both cases.  Throughout his testimony, Mr. Holleman disclosed highly confidential information about Motorola's licenses and licensing history.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Due to presence of this highly confidential information throughout the exhibit, Exhibit 10 should be sealed in its entirety.

This document was previously submitted to the Court as Exhibit 10 to the March 30, 2012 Declaration of Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 230), and was previously ordered sealed by the Court (Dkt. No. 294).

Exhibit 11 is a true and correct copy of the December 1, 2011 Patent License Agreement between Motorola Mobility, Inc. and VTech Communications, Inc. and VTech Telecommunications, Ltd., bearing production numbers MOTM_WASH1823_0394368-4401.

This document is a highly confidential agreement between Motorola Mobility, Inc. and VTech, a non-party to this litigation.  Although the Agreement indicates that the parties may disclose its existence to third parties, Motorola and VTech have agreed that the terms only be disclosed in a pending litigation subject to a protective order using the highest available and appropriate confidentiality designation. *See* § 9.3(b). Disclosure of the terms to third parties not covered by the protective order would have the potential to lead to competitive harm. Due to presence of highly confidential information throughout the license, the Motorola Mobility-VTech license should be sealed in its entirety.

This document was previously submitted to the Court as Exhibit A (Dkt. No. 183) to the Declaration of Philip S. McCune in Support of Defendants' Opposition to Microsoft's Motion for

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT - 8
CASE NO. C10-1823-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   Summary Judgment (Dkt. No. 182), and was previously ordered sealed by the Court (Dkt. No.
2   187).

3          Exhibit 17 is a true and correct copy of the June 2006 Patent License Agreement between
4   Motorola, Inc. and BenQ Corporation and BenQ Mobile GmBH & Co. OHG, bearing production
5   numbers MOTM_WASH1823_0023674-749.

6          This license agreement is a highly confidential agreement between Motorola, Inc. and
7   BenQ Corporation and BenQ Mobile GmBH & Co. OHG, non-parties to this litigation, and is
8   marked "Motorola Confidential and Proprietary" and CONFIDENTIAL BUSINESS
9   INFORMATION, ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER.
10  Although the agreement indicates that the parties may disclose its existence to third parties, the
11  terms of the agreement were kept in confidence.  Disclosure of this information to third parties and
12  other party employees not covered by the protective order would have the potential to lead to
13  competitive harm.  Due to presence of this highly confidential information throughout the license,
14  Exhibit 17 should be sealed in its entirety.

15  **IV.    CONCLUSION**

16         For the foregoing reasons, Motorola respectfully requests that this Court order that the
17  following documents be filed under seal:

18         1.      Motorola Mobility's and General Instrument's Motion for Partial Summary
19                 Judgment; and

20         2.      Exhibits 2-4, 6, 8-11, and 17 to the Declaration of Kevin J. Post.

21

22

23

24

25

26

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY JUDGMENT - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

1    DATED this 18th day of July, 2012.

2                                                       SUMMIT LAW GROUP PLLC

3                                                       By /s/ Ralph H. Palumbo
                                                            Ralph H. Palumbo, WSBA #04751
4                                                           Philip S. McCune, WSBA #21081
                                                            Lynn M. Engel, WSBA #21934
5                                                           ralphp@summitlaw.com
                                                            philm@summitlaw.com
6                                                           lynne@summitlaw.com

7                                                       By /s/ K. McNeill Taylor, Jr.
                                                            K. McNeill Taylor, Jr.
8                                                           MOTOROLA MOBILITY, INC.
                                                            MD W4-150
9                                                           600 North U.S. Highway 45
                                                            Libertyville, IL  60048-1286
10                                                          Phone:  858-404-3580
                                                            Fax:  847-523-0727
11

12                                                      And by

13                                                          Jesse J. Jenner (pro hac vice)
                                                            Steven Pepe (pro hac vice)
14                                                          Ropes & Gray LLP
                                                            1211 Avenue of the Americas
15                                                          New York, NY  10036-8704
                                                            (212) 596-9046
16                                                          jesse.jenner@ropesgray.com
                                                            steven.pepe@ropesgray.com
17

18                                                          James R. Batchelder (pro hac vice)
                                                            Norman H. Beamer (pro hac vice)
19                                                          Ropes & Gray LLP
                                                            1900 University Avenue, 6th Floor
20                                                          East Palo Alto, CA  94303-2284
                                                            (650) 617-4030
21                                                          james.batchelder@ropesgray.com
                                                            norman.beamer@ropesgray.com

22                                                      **Attorneys for Motorola Solutions, Inc., Motorola
                                                        Mobility, Inc., and General Instrument Corp.**

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system which will send notification of such filing to the following:

4

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.

5

Shane P. Cramer, Esq.
Danielson, Harrigan, Leyh & Tollefson LLP

6

*arthurh@dhlt.com*

7

*chrisw@dhlt.com*
*shanec@dhlt.com*

8

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.

9

David T. Pritikin, Esq.
Douglas I. Lewis, Esq.

10

John W. McBride, Esq.
David Greenfield, Esq.

11

William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.

12

Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.

13

Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.

14

Sidley Austin LLP
*rcederoth@sidley.com*

15

*bnester@sidley.com*
*dpritikin@sidley.com*

16

*dilewis@sidley.com*
*jwmcbride@sidley.com*

17

*david.greenfield@sidley.com*

18

*wbaumgartner@sidley.com*
*dgiardina@sidley.com*

19

*cphillips@sidley.com*
*ctrela@sidley.com*

20

*erobbins@sidley.com*
*nlove@sidley.com*

21

T. Andrew Culbert, Esq.

22

David E. Killough, Esq.
Microsoft Corp.

23

*andycu@microsoft.com*
*davkill@microsoft.com*

24

25

DATED this 18th day of July, 2012.

/s/          *Marcia A. Ripley*

26

Marcia A. Ripley

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE MOTION FOR PARTIAL SUMMARY
JUDGMENT - 11
CASE NO. C10-1823-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001