HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　Plaintiff,<br>　v.<br>MOTOROLA, INC., et al.,<br><br>　　　　　　Defendants. | No. C10-1823-JLR<br><br>MICROSOFT'S 8/6/12 MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>**NOTED FOR:**<br>**Friday, August 17, 2012** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br>MICROSOFT CORPORATION,<br><br>　　　　　　Defendant. | |

## I. RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal the following documents:

(1) Limited Portions of Microsoft's Opposition to Motorola's Motion for Partial Summary Judgment Dismissing Microsoft's Claim for a RAND Patent License Agreement to be Determined *Ab Initio* by the Court ("Microsoft's Opposition to Motorola's PSJ Motion"); and

MICROSOFT'S 8/6/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 1

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

(2) Exhibit 12 to the Declaration of Christopher Wion in Support of Microsoft's Opposition to Motorola's PSJ Motion (the "8/6/12 Wion Declaration").

Microsoft seeks to file the foregoing materials under seal because they contain information that has been identified by either Microsoft or Motorola as confidential business information under the terms of the operative protective order issued in this case and/or in separate litigation between the parties.

For these reasons, and as more fully described below, compelling reasons exist for protecting the confidentiality of these documents. Microsoft respectfully requests that the Court direct such documents to remain under seal. Microsoft is filing a redacted version of its Opposition to Motorola's PSJ Motion as part of the public record.

## II.   FACTS & AUTHORITY

A. **The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, Microsoft is permitted to file materials designated by either party as Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony,

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

MICROSOFT'S 8/6/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 2

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

> shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a dispositive motion upon a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." *Id.*; *see also Kakakama v. City and Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In determining whether compelling reasons exist, the Court weighs relevant factors such as "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Dish Network, L.L.C. v. Sonicview USA, Inc.*, 2009 U.S. Dist. LEXIS 73857, *2-3 (S.D. Cal. Aug. 20, 2009), *citing Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 n.6 (9th Cir. 2009). Where the material sought to be sealed "includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets

MICROSOFT'S 8/6/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 3

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, 2011 U.S. Dist. LEXIS 49664, 18 (D. Nev. Apr. 29, 2011).

Further, while the public generally enjoys a right to inspect and copy public records, "it is uncontested … that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978). As the Court recognized, one such "improper purpose" is where the commercial business information at issue is sought to be used as a "source[] of business information that might harm a litigant's competitive standing." *Id.* (denying access to copies of tapes played at trial and noting that courts refused public access to their files where granting such access might "become a vehicle for improper purposes," including causing a litigant competitive harm). Compelling reasons exist to grant Microsoft's motion to seal.

**B.    Compelling Reasons Exist for Filing and Maintaining under Seal Documents that Disclose Non-Public and Commercially Sensitive Information.**

1.    Exhibit 12 to the 8/6/12 Wion Declaration Should Be Maintained under Seal

Exhibit 12 to the 8/6/12 Wion Declaration is a true and correct copy of an excerpt from the Expert Report of Charles R. Donohoe (the "Donohoe Report"). Mr. Donohoe is one of Motorola's experts in this action. Motorola has designated the Donohoe Report as containing "Confidential Financial Information – Outside Attorneys' Eyes Only – Subject to Protective Order." The excerpt from the Donohoe Report comprising Exhibit 12 also includes extensive references to the Expert Report of Michael J. Dansky (the "Dansky Report"). Mr. Dansky is another of Motorola's experts in this action. Motorola has designated the Dansky Report as "Highly Confidential – Attorneys' Eyes Only." Accordingly, under the terms of the Protective Order, Microsoft is required to file Exhibit 12 under seal.

MICROSOFT'S 8/6/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 4

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Additionally, Exhibit 12 should remain under seal because it discloses non-public and commercially sensitive information regarding each party's products that implement either the H.264 video coding standard or the 802.11 wireless standard. Much of the detailed financial, technical, and marketing information contained in Exhibit 12 is not generally known to the public or to the parties' competitors. Public disclosure of the business information contained in Exhibit 12 would create an unreasonable risk of commercial harm to Microsoft without any countervailing benefit to the public. Based on the foregoing, compelling reasons exist to maintain Exhibit 12 under seal.

2.  <u>Microsoft's Opposition to Motorola's PSJ Motion Includes References to Confidential Information Contained in Exhibit 12, which Should Be Redacted</u>

Microsoft's Opposition to Motorola's PSJ Motion includes references to and descriptions of the confidential information contained in Exhibit 12 to the 8/6/12 Wion Declaration. To the extent that the Court determines that Exhibit 12 should remain under seal, a redacted version of Microsoft's Opposition to Motorola's PSJ Motion should be filed as part of the public record to avoid disclosure of the confidential information contained therein. Microsoft is seeking to file under seal only those limited portions of its Opposition Brief that contain information that should be protected from public disclosure under the governing standards outlined above. While an unredacted version of Microsoft's Opposition Brief is being filed under seal, Microsoft is filing a redacted version as part of the public record.

### III.   CONCLUSION

Microsoft has filed the above-referenced documents under seal based on its good faith belief that such material qualifies for protection under the terms of the Protective Order and the applicable court rules. A [Proposed] Order Granting Microsoft's 8/6/12 Motion to File Documents under Seal has been submitted herewith.

MICROSOFT'S 8/6/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 5

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  DATED this 6th day of August, 2012.

2                              DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

3

4  By    s/ Arthur W. Harrigan
        Arthur W. Harrigan, Jr., WSBA #1751

5          Christopher Wion, WSBA #33207
        Shane P. Cramer, WSBA #35099

6

7     s/ T. Andrew Culbert
        T. Andrew Culbert, WSBA #35925

8          David E. Killough, WSBA #40185
        MICROSOFT CORPORATION

9          1 Microsoft Way
        Redmond, WA 98052

10         Phone: 425-882-8080; Fax: 425-869-1327

11         David T. Pritikin, *Pro Hac Vice*
        Richard A. Cederoth, *Pro Hac Vice*

12         Douglas I. Lewis, *Pro Hac Vice*
        John W. McBride, *Pro Hac Vice*

13         SIDLEY AUSTIN LLP
        One South Dearborn

14         Chicago, IL 60603
        Phone: 312-853-7000; Fax: 312-853-7036

15

16         Brian R. Nester, *Pro Hac Vice*
        SIDLEY AUSTIN LLP

17         1501 K Street NW
        Washington, DC 20005

18         Telephone: 202-736-8000; Fax: 202-736-8711

19         Counsel for Microsoft Corporation

20

21

22

23

24

25

MICROSOFT'S 8/6/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 6     No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 6th day of August, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA 98104-2682 | |
| Telephone: 206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY 10036-8704 | |
| Telephone: (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA 94303-2284 | __X__ ECF |
| Telephone: (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S 8/6/12 MOTION TO FILE   No. C10-1823
DOCUMENTS UNDER SEAL - 7

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

_____ Messenger
_____ US Mail
_____ Facsimile
__X__ ECF

5   DATED this 6th day of August, 2012.

6

7                                   s/ Linda Bledsoe
8                                   LINDA BLEDSOE

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

MICROSOFT'S 8/6/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 8

No. C10-1823

LAW OFFICES
**DANIELSON HARRIGAN LEYH & TOLLEFSON LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717