# EXHIBIT 5

**DARRELL E. ISSA**
49TH DISTRICT, CALIFORNIA

WASHINGTON OFFICE:
2347 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225–3906
FAX: (202) 225–3303

DISTRICT OFFICE:
1800 THIBODO ROAD, SUITE 310
VISTA, CA 92081
(760) 599–5000
FAX: (760) 599–1178

SOUTHWEST RIVERSIDE COUNTY
(951) 693–2447

www.issa.house.gov



**COMMITTEE ON OVERSIGHT AND**
**GOVERNMENT REFORM**
CHAIRMAN

**COMMITTEE ON THE JUDICIARY**

INTELLECTUAL PROPERTY
SUBCOMMITTEE

# Congress of the United States
## House of Representatives
### Washington, DC 20515–0549
June 8, 2012

The Honorable Deanna Okun
International Trade Commission
500 E st SW
Washington, DC 20436

Re:     *Certain Gaming Entertainment Consoles, Related Software, and Components Thereof*
        Investigation No. 337-TA-752

Dear Chairman Okun:

I am writing to express my concerns in connection with a pending investigation before the International Trade Commission involving Motorola Mobility Incorporated (MMI) and the Microsoft Corporation. Specifically it is my understanding that MMI is seeking a limited exclusion order against the Microsoft Xbox 360 for the violation of certain patents pertaining to video transmission and compression (H.264) and wireless connectivity (802.11) on the home videogame console. For the reasons discussed below, I believe that the public interest weighs strongly against the issuance of an exclusion order in this investigation, and I urge you to consider these points carefully.

**An exclusion order in this matter is an inappropriate remedy where both parties to the investigation are U.S. based companies.** As I have stated in the past, I do not believe it is appropriate for the ITC to issue an exclusion order where both the claimant and respondent companies are American-based, and the ultimate goal of the moving party is to obtain monetary damages and not actual injunctive relief against the respondent. If MMI, as a U.S. based company, were a home videogame console manufacturer, then it would be reasonable for the Commission to consider injunctive relief for alleged infringement. However, MMI is not currently a home videogame console manufacturer, and any harm that they may have suffered can likely be remedied through monetary damages rather than excluding Microsoft from importing the Xbox 360 into the U.S.

If the ITC were in a position to apply the *eBay Inc. v. MercExchange, L.L.C.* four-part test that is currently used in federal court, it is my belief that the Commission would be much less likely to award injunctive relief as a remedy in this matter. It is my understanding that this dispute was originally based upon a failure of Microsoft and MMI to agree on new licensing fees for certain MMI patents related to the H.264 video standard. In this instance, it would be in the public's interest if the Commission refrained from issuing an exclusion order and instead allowed the claimant to continue seeking monetary relief through federal courts.

**An exclusion order would eliminate the only U.S. based videogame console from a market.** It is my understanding that §337 of the Tariff Act of 1930 (19 U.S.C. 1337), as amended, prohibits unfair methods of competition or other unfair acts in the importation of products into the United States. Additionally, under the statute, the import or sale of the allegedly infringing product is illegal only if a U.S. industry is producing an article covered by the relevant intellectual property right exists or is in the process of being established.

In this instance the allegedly infringing product is the Microsoft Xbox 360. The Xbox 360 console is the only major videogame console that is produced by a U.S. based-company. The two other major home videogame console manufacturers, Nintendo Co. LTD and the Sony Corporation, are both based in Japan. Issuing an exclusion order against the Xbox 360 console would go against the intent of §337 by harming the only U.S. console manufacturer. While the physical console itself is manufactured overseas, Microsoft's Interactive Entertainment Business (which designed and creates software for the Xbox 360) employs thousands of people in the United States. Additionally, the claimant in this matter is not in the home videogame console market and has thus far stated no intent to enter into this market.

**An exclusion-order based on alleged infringement of Standard Essential Patents creates a dangerous precedent that can harm innovation and the American economy.** A standard essential patent (SEP) is a patent that discloses and claims one or more inventions that are required in order to practice a given industry standard. Generally speaking, standardization bodies often require members to disclose and grant licenses to the relevant patents that they own in order to use the standard. In return for disclosing these patents, the owners may receive compensation in the form of licensing fees or in some instances a reasonable royalty.

In the matter of SEPs related to this pending investigation, it is my understanding that multiple standard setting bodies were involved in creating the H.264 video standard, including the International Telecommunications Union's Standardization Bureau, the International Organization for Standardization, the International Electrotechnical Commission (IEC) and the Moving Pictures Experts Group. It would be very concerning for the Commission to issue an exclusion order for a dispute based off of standard essential patents when ultimately the dispute in this matter involves licensing fees rather than unfair competition, or harm resulting from the importation of the Xbox 360 into the U.S.

Issuing an exclusion order based off alleged infringement of standard essential patents could lead to the adoption of less standards in the future and would likely create a high degree of paranoia amongst companies that are apart of standard setting bodies. In the future many widely adopted technologies could be excluded from importation into the U.S. if other companies decided to follow suit and seek an exclusion order from the Commission based off infringement claims for SEPs.

For these reasons, I urge you to carefully consider the implications of a ruling that would exclude importation of the Xbox 360 into the United States. If you have any questions or

comments on this matter, please feel free to contact my Legislative Director, Laurent Crenshaw, at 202-225-3906.

Sincerely,

Darrell E. Issa
Member of Congress