# EXHIBIT 11

# Weil, Gotshal & Manges LLP

BY EDIS

1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
+1 202 682 7000 tel
+1 202 857 0940 fax

**Mark G. Davis**
+1 202 682 7258
mark.davis@weil.com

June 8, 2012

The Honorable Lisa Barton
Secretary to the Commission
U.S. International Trade Commission
500 E Street, S.W., Room 112
Washington, DC 20436

**Re: Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof, Investigation No. 337-TA-752**

Dear Secretary Barton:

On behalf of non-party Apple Inc., we respectfully submit these comments to address the significant public interest issues raised by the ALJ's recommended exclusion order and in response to the Commission's May 9, 2012 order.

As a respondent in Investigation No. 337-TA-745, which was likewise instituted at Motorola Mobility's request, Apple faces a request for an exclusion order based on Apple's importation of most of its mobile and computer products and thus appreciates the significance of another potential exclusion order directed against Microsoft. In particular, as in this investigation, Motorola asserted a purportedly standards-essential patent against Apple and therefore requests an exclusion order against Apple even though, like here, Motorola promised to license its patents on fair, reasonable, and non-discriminatory ("FRAND") terms. Apple respectfully submits that any exclusion order directed against Microsoft would significantly undermine the standards-setting process and frustrate the purpose of FRAND. Based on these significant adverse effects, Apple respectfully submits that any exclusion order is not in the public interest and therefore should not be issued.

First, standardization is a critical process by which industry participants contribute "essential" technical ideas and agree upon the specifications for how products should operate and communicate with each other. This allows for investments in industries without the risk of products being incapable of interoperability, eliminates wasteful investments, and reduces costs for both sellers and buyers. But standardization can create a "hold-up" problem in which the owner of a patent essential to the standard

Secretary Barton  
June 8, 2012  
Page 2

**Weil, Gotshal & Manges LLP**

can extract supra-competitive royalties from users of the standard. A patent owner "holds up" the users of a standard by asserting that, without an unduly large payment, the users cannot use the standard.

In order to mitigate this problem and ensure industry access to the standard, standard setting organizations have encouraged participants to license the patented technology included in the standard on FRAND terms. Here, Motorola made a commitment to license the patented technology at issue on FRAND terms. Companies such as Microsoft rely on the FRAND obligation to protect their investments in products designed to operate in a standardized manner that practice the patents subject to the FRAND commitment. For this reason, it would be severely detrimental to the U.S. economy to allow an essential patent holder to obtain an injunction against an industry participant instead of licensing their patents on FRAND terms.

Permitting a holder of a declared essential patent such as Motorola to use the ITC to exclude competitors amounts to a circumvention of the FRAND requirement and would reinstate the very hold-up problem that FRAND is designed to solve. Enabling hold-up of the industry could undercut the development of industry standards and reverse the gains in productivity that standardization produces, thereby damaging not only companies like Microsoft, but also U.S. consumers and the public in general.

Apple owns a large portfolio of patents, including standards essential patents with FRAND commitments. It understands the balance between strong public interest in protecting patent rights and the FRAND bargain. Apple's own declaration to ETSI on Nov. 11, 2011 made clear Apple's understanding of FRAND:

> A party who made a FRAND commitment to license its cellular essential standards essential patent or otherwise acquired asserts/rights from a party who made the FRAND commitment must not seek injunctive relief on such patents. Seeking an injunction would be a violation of the party's commitment to FRAND licensing.

Apple has frequently been a party to investigations at the Commission, both as a complainant and a respondent. Apple values the remedy Section 337 can offer when products are being imported unfairly and should be excluded consistent with the Commission's mission to protect U.S. industry and consumers. The unique facts in this investigation and the 745 investigation, however, weigh strongly against the issuance of an exclusion order. The appropriate remedy for any FRAND or RAND encumbered patent is an award of FRAND royalties. While the Commission cannot award such a remedy, the complainant can obtain this relief in federal district court. To grant the complainant the power to exclude the products at issue from the U.S. market, after respondent relied on the complainant's pledge to license these patents to implementers of the standards at issue, would undermine the purpose of FRAND, would be directly contrary to the public interest and would frustrate

Secretary Barton  
June 8, 2012  
Page 3

**Weil, Gotshal & Manges LLP**

rather than advance the goals of Section 337. In summary, the public interest outweighs the issuance of any exclusion order or cease and desist order in this investigation.

Respectfully submitted,

*[signature]*

Mark G. Davis

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on June 8, 2012 as indicated, on the following:

| | |
|---|---|
| **_Via EDIS and Hand Delivery_**<br>Lisa Barton<br>Acting Secretary<br>U.S. International Trade Commission<br>500 E Street SW, Room 112<br>Washington, D.C. 20436 | **_Via Hand Delivery (2 copies)_**<br>The Honorable David P. Shaw<br>Office of the Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street SW, Room 317<br>Washington, D.C. 20436 |
| **_Via Email_**<br>Pyong Yoon<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 401-A<br>Washington, D.C. 20436<br>Pyong.yoon@usitc.gov | **_Via Email_**<br>Jia Chen<br>Office of General Counsel<br>U.S. International Trade Commission<br>500 E Street, SW<br>Washington, D.C. 20436<br>jia.chen@usitc.gov |
| **_Via Email_**<br>Brian R. Nester, Esq.<br>Sidley Austin LLP<br>1501 K Street NW<br>Washington, DC 20005<br>Project-MS_Moto_ITC_752@sidley.com | **_Via Email_**<br>Charles F. Schill<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>S&JMotorola752@steptoe.com<br><br>Stephen Rosenman<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street, N.W., Suite 900<br>Washington, DC 20005<br>RopesITC752@ropesgray.com |

_____
Tessa Strasser
Paralegal