The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION.,

Defendants.

---

MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

Plaintiffs/Counterclaim Defendant,

v.

MICROSOFT CORPORATION,

Defendant/Counterclaim Plaintiff.

CASE NO. C10-1823-JLR

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THE DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE, MURPHY, AND SIMCOE

**NOTE ON MOTION CALENDAR:**
**Friday, September 7, 2012**

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THE DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE, MURPHY, AND SIMCOE
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola Mobility, Inc. and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal the following:

1. Exhibits 3-8, 10, 21, and 33 to the Declaration of Samuel L. Brenner; and

2. Motorola Mobility's and General Instrument's *Daubert* Motion to Exclude Certain Testimony of Plaintiff's Experts Drs. Lynde, Murphy, and Simcoe ("Motion").

## II. BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.) This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2.  This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE DAUBERT MOTION TO EXCLUDE CERTAIN
TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE,
MURPHY, AND SIMCOE - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Id*. at 4. Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington. Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal. The court will allow parties to file entire memoranda under seal only in rare circumstances. A motion or stipulation to seal usually should not itself be filed under seal. A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary. If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal. A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information. *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THE DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE, MURPHY, AND SIMCOE - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

(1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## III. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the following documents under seal for the stated reasons:

### A. Exhibits 3-8, 10, 21, and 33 to the Declaration of Samuel L. Brenner

Exhibits 3-8 are true and correct copies of selected pages of the opening and rebuttal reports of Kevin M. Murphy, Matthew R. Lynde, and Timothy S. Simcoe. Drs. Murphy, Lynde, and Simcoe are three of Microsoft's experts in this action. Microsoft has designated these reports in their entireties "ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER" and "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER." Accordingly, under the terms of the Protective Order, Motorola is required to file Exhibits 3-8 under seal. However, Motorola believes that all but one (Exhibit 8) of the excerpts of these reports do not themselves contain confidential Microsoft or Motorola information. Should Microsoft agree that these excerpts do not contain confidential Microsoft information, Motorola would be willing to unseal Exhibits 3-7 and (as discussed in Part III.B) to submit a replacement redacted version of the Motion to the Court that does not redact references to, quotes from, and discussions of Exhibits 3-7. Exhibit 8 contains citations to highly confidential information about Motorola's business

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THE DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE, MURPHY, AND SIMCOE - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

practices. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Accordingly, Exhibit 8 should be sealed in its entirety.

Exhibit 10 is a true and correct copy of selected pages from the transcript of the January 18, 2012 hearing held in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw, which reproduces the confidential sworn testimony given by Kevin M. Murphy and bears non-consecutive production numbers MOTM_WASH1823_0401508-813. This sworn testimony was given during a Confidential session in the ITC hearing and is covered by the Protective Order in that case. Pursuant to an agreement between the parties, this testimony was produced and may be relied upon in this case. It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only." Accordingly, this confidential information is covered by the Protective Order in both cases. Throughout his testimony, Dr. Murphy disclosed highly confidential information about Motorola's licenses, licensing history and internal business practices. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the transcript, Exhibit 10 should be sealed in its entirety. This document was previously submitted to the Court as Exhibit 52 to the April 13, 2012 Second Declaration of Kevin J. Post in Support of Defendants' Opposition to Microsoft's Motion for Partial Summary Judgment of Breach of Contract (Dkt. No. 273), and was previously ordered sealed by the Court (Dkt. No. 336).

Attached as Exhibit 21 is a true and correct copy of selected pages from the transcript of the deposition of Kevin M. Murphy, which was designated as "Highly Confidential" under the Protective Order in this case, and which was taken under oath in Chicago, Illinois, on Wednesday, August 22, 2012. During his deposition, Dr. Murphy discussed confidential information about Microsoft's and Motorola's business and licensing practices and licensing history. Disclosure of

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THE DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE, MURPHY, AND SIMCOE - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Due to presence of this highly confidential information throughout the transcript, Exhibit 21 should be sealed in its entirety.

Exhibit 33 is a true and correct copy of an internal Microsoft email, dated November 21, 2003, bearing production numbers MS-MOTO_1823_00002353089-91.  This document was produced by Microsoft and was marked as containing "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  In accordance with the Protective Order in this case, this communication should not be disclosed to third parties and other party employees not covered by the Protective Order.  Moreover, Exhibit 33 contains confidential information regarding Microsoft's business and licensing policies and history.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information, Exhibit 33 should be sealed in its entirety.

**B.     Defendants' *Daubert* Motion to Exclude Certain Testimony of Plaintiff's Experts Drs. Lynde, Murphy, and Simcoe ("Motion")**

Motorola respectfully requests that its Motion be filed under seal because of extensive citation to, and description of: (1) confidential testimony from action before the ITC; (2) expert reports filed in this action by Microsoft's expert witnesses, which Microsoft has designated as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER"; (3) confidential deposition testimony from this action; and (4) confidential Microsoft internal documents.  Because this information is contained in the Motion, and in accordance with its responsibilities under the Protective Order, Motorola has marked this document as containing "OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."  In lieu of sealing the entire Motion, Motorola has redacted only those portions of its brief that disclose this confidential information. While redactions were made to limit as little information as possible, leaving the remainder available for public review, given the subject matter of the Motion, which critiques the economic

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF THE DAUBERT MOTION TO EXCLUDE CERTAIN
TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE,
MURPHY, AND SIMCOE - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

methodology proposed by Microsoft's experts in the opening and rebuttal reports that Microsoft has designated as confidential, large portions of the Motion have been redacted. Should Microsoft agree with Motorola that Exhibits 3-7 (all but one of the excerpts of Microsoft's expert reports) do not contain confidential Microsoft information, Motorola is prepared to file with its Reply to this Motion To File Documents Under Seal a replacement redacted version of the Motion that does not redact references to, quotes from, and discussions of Exhibits 3-7.

## IV. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following documents be filed under seal:

1. Exhibits 3-8, 10, 21, and 33 to the Declaration of Samuel L. Brenner; and

2. Motorola Mobility's and General Instrument's *Daubert* Motion to Exclude Certain Testimony of Plaintiff's Experts Drs. Lynde, Murphy, and Simcoe.

DATED this 27th day of August, 2012.

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*

Ralph H. Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081
Lynn M. Engel, WSBA #21934
*ralphp@summitlaw.com*
*philm@summitlaw.com*
*lynne@summitlaw.com*

By */s/ K. McNeill Taylor, Jr.*

K. McNeill Taylor, Jr.
MOTOROLA MOBILITY, INC.
MD W4-150
600 North U.S. Highway 45
Libertyville, IL 60048-1286
Phone: 858-404-3580
Fax: 847-523-0727

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THE DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE, MURPHY, AND SIMCOE - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

And by

Jesse J. Jenner (*pro hac vice* )
Steven Pepe (*pro hac vice* )
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9046
*jesse.jenner@ropesgray.com*
*steven.pepe@ropesgray.com*
*kevin.post@ropesgray.com*

James R. Batchelder (*pro hac vice*)
Norman H. Beamer (*pro hac vice* )
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
(650) 617-4030
*james.batchelder@ropesgray.com*
*norman.beamer@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corp.***

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THE DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE, MURPHY, AND SIMCOE - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Danielson, Harrigan, Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 27th day of August, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF THE DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S EXPERTS DRS. LYNDE, MURPHY, AND SIMCOE - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001