# EXHIBIT 1

THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

MICROSOFT CORPORATION,

                     Plaintiff,

    vs.

MOTOROLA, INC.,  et al.,

                  Defendants.

_____

MOTOROLA MOBILITY, INC., et al.,

                  Plaintiffs,

    vs.

MICROSOFT CORPORATION,

                  Defendants.

Case No. C10-1823-JLR

**MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER TO
ALLOW DESIGNATED IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS
INFORMATION**

**NOTE ON MOTION CALENDAR:
Friday, September 7, 2012**

19

## I.  INTRODUCTION

20

21

22

23

      Microsoft respectfully requests an amendment to the Protective Order in this case (ECF

No. 72) to allow T. Andrew Culbert and K. McNeill Taylor, Microsoft's and Motorola's

respective in-house counsel who have been ordered to sign all pleadings and motions filed by

24

25

the parties, to have the same access to Confidential Business Information [1] as the parties' outside counsel, subject to the same restrictions on use and disclosure.

Paragraph 3 of the Protective Order provides the parties' outside counsel, court reporters, technical experts and the Court with unfettered access to all evidence.  Paragraph 4 prohibits disclosure of Confidential Business Information, except as authorized, and requires that any such information be used "solely for purposes of this action."

Paragraph 6 allows two in-house counsel for each party limited access to confidential materials.  Microsoft designated Culbert and David Killough as its designated representatives subject to the Protective Order, and Motorola designated Tom Miller and Richard Wulff.  Protective Order, ¶ 6.  Motorola did not designate Taylor. [2]  These individuals are permitted access to:

> Confidential Business Information contained in responses to interrogatories, answers to requests for admission, submissions to the Court, expert reports (exclusive of exhibits and source code excerpts), opinions and orders of the Court…

but are _not_ permitted to view "Confidential Business Information pertaining to licensing or other financial information…."  *Id.*  In practice, this restriction has meant that Motorola's various submissions have required substantial redaction before they could be forwarded to Culbert and Killough.  Frequently, much of the substance has been lost in translation, impeding their ability to assist in the preparation of Microsoft's case.

---

[1] "Confidential Business Information" is defined in the current Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures."  Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

[2] Under the operative Protective Order, Taylor is not permitted to review any document, including discovery responses and expert reports, identified as containing "Confidential Business Information" under the Protective Order, even in redacted form, because he was not designated as one of the Motorola in-house attorneys to whom such access was granted.

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 2

**C10-1823**

1    By order dated January 24, 2012, the Court required that the parties each designate one

2  in-house attorney to sign every substantive filing by the parties.  Microsoft designated Culbert,

3  and Motorola designated Taylor.  By signing pleadings and motion papers, Culbert and Taylor

4  have assumed the responsibilities set forth in Fed. R. Civ. P. 11 regarding the evidentiary

5  support for the contentions made in the parties' respective submissions.

6    In order to fully discharge the responsibilities they assume by signing submissions,

7  Culbert and Taylor need access to the relevant evidence underpinning the submission.  For this

8  reason, Microsoft respectfully requests that the Court amend the Protective Order to permit

9  Culbert (and Taylor) to have the same access as outside counsel for the parties under Paragraph

10  3 of the Protective Order.

## II.  ARGUMENT

**A.**    **The Protective Order Should Be Amended to Allow Culbert and Taylor Access to
All Relevant Evidence.**

By order dated January 24, 2012, the Court required Culbert to sign each substantive

filing by Microsoft.  Taylor similarly was directed to sign Motorola's filings.  Pursuant to Rule

11, by signing pleadings, motions, or other papers to be submitted to the Court, counsel make

certain representations, including that:

(3)    the factual contentions have evidentiary support or, if specifically
so identified, will likely have evidentiary support after a reasonable
opportunity for further investigation or discovery; and

(4)    the denials of factual contentions are warranted on the evidence or,
if specifically so identified, are reasonably based on belief or a lack
of information.

*Id.*  As such, attorneys subject to the requirements of Rule 11 – whether in-house or outside

counsel – must have access to all evidence supporting (or contradicting) the submissions to the

Court which they sponsor so that they may comply with Rule 11's requirements.

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 3

C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

While certain documents produced in discovery may contain the parties' confidential licensing information, the terms of the Protective Order are sufficient to protect the parties' business interests, even if Culbert and Taylor were treated as outside counsel. They will be permitted to disclose Confidential Business Information only to those persons specifically authorized by the Protective Order. Protective Order, ¶ 3. They will <u>not</u> be permitted to disclose this information to others at Microsoft or Motorola, or use this information for any purpose other than for this litigation – namely, to assist outside counsel in preparation for trial and remaining pre-trial motion practice.

On behalf of Microsoft, Culbert (along with Killough) has been intimately involved in all aspects of this case. He is counsel of record and an integral part of Microsoft's litigation team. He has executed Attachment A to the Protective Order, signifying his agreement to use confidential business information only for purposes of this litigation and not to use or disclose any Motorola or third-party confidential business information except as authorized. There is no reason to believe that allowing full access to the evidence in this case would lead to a violation of these commitments.

One result of the current application of the Protective Order is heavy redaction of both parties' expert reports before they can be given to Culbert. This part of the "evidence" assumes increasing importance as immediate pretrial motions are prepared related to those expert reports.

For this and other reasons, the Protective Order should be amended to permit, at minimum, Culbert (and Taylor for Motorola) to have the same access to the evidence as outside counsel for the parties.

**B.      The Requested Amendments Will Not Cause Any Undue Prejudice.**

Motorola cannot realistically claim it would be prejudiced by the proposed amendments to the Protective Order. While Microsoft recognizes that certain documents produced in

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 4

C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    discovery may contain the parties' confidential licensing or financial information, the amended

2    Protective Order still would sufficiently protect the parties' business interests. Culbert and

3    Taylor would be permitted to disclose Confidential Business Information only as authorized by

4    the Protective Order. They would <u>not</u> be permitted to disclose this information to others at

5    Microsoft or Motorola, or use this information for any purpose other than for this litigation.

6    The evidence would be used to assist outside counsel in preparation for trial and remaining

7    pre-trial motion practice.

8        Further, the Protective Order already contemplates that, under certain circumstances,

9    even the parties' most sensitive confidential business information can be disclosed to those in-

10   house attorneys specifically identified in the Protective Order – Culbert, Killough, Miller and

11   Wulff. The Protective Order provides that these designated in-house counsel "*shall not be*

12   *excluded from any confidential portion of the trial or other in-Court proceedings in this case*."

13   *Id.*, ¶ 7 (emphasis supplied). Thus, Culbert, Killough, Miller and Wulff may remain in the

14   Courtroom during any argument or presentation concerning the terms of the parties' licensing

15   agreements with third parties, financial information, or any other confidential matters.

16   Allowing Culbert and Taylor access to this same material when it appears in pre-trial papers

17   discloses substantively no more than the parties already have agreed may be disclosed in the

18   courtroom to the in-house counsel identified in the Protective Order. Any third party who had

19   provided documents subject to the Protective Order was similarly apprised of such courtroom

20   access.

21       Culbert regularly has been in the courtroom when outside counsel debated the details of

22   confidential evidence – details he was hearing for the first time. Culbert should be permitted

23   not only to *hear* presentations about confidential evidence, but also to help *develop* them. This

24   is especially true given that many of these arguments are based on evidence cited in briefs he

25   signed as counsel of record for Microsoft.

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 5

C10-1823

1   The requested amendments to the Protective Order will allow the parties to more

2   efficiently and effectively prepare for the RAND trial and will provide Culbert with full

3   information regarding the issues underlying impending motions in limine and *Daubert*

4   motions.  Treating all counsel who sign pleadings and motions the same (i.e. as outside

5   counsel) would simplify the parties' preparation and presentation of their cases immensely,

6   while still maintaining appropriate safeguards against improper use or disclosure of

7   confidential material.

### III.  CONCLUSION

9   For the reasons set forth herein, Microsoft respectfully requests that the Court amend

10   the Protective Order.  A proposed amended Protective Order is attached hereto as Exhibit A.  A

11   red-lined version showing the proposed amendments is attached hereto as Exhibit B.

12   DATED this 30th day of August, 2012.

13   CALFO HARRIGAN LEYH & EAKES LLP

15   By   */s/ Arthur W. Harrigan, Jr.*
16         Arthur W. Harrigan, Jr., WSBA #1751
         Christopher Wion, WSBA #33207
         Shane P. Cramer, WSBA #35099

18   By   */s/ T. Andrew Culbert*
         T. Andrew Culbert
19         David E. Killough
         MICROSOFT CORPORATION
20         1 Microsoft Way
         Redmond, WA  98052
21         Phone:  425-882-8080
         Fax:  425-869-1327

23         David T. Pritikin
         Richard A. Cederoth
         Constantine L. Trela, Jr.
24         William H. Baumgartner, Jr.
         Ellen S. Robbins
25         Douglas I. Lewis

MICROSOFT'S MOTION TO AMEND          **C10-1823**
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 6

1

2

David C. Giardina
John W. McBride
David Greenfield

3

4

5

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

6

7

Carter G. Phillips
Brian R. Nester

8

9

10

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

11

Counsel for Microsoft Corp.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 7

C10-1823

**CERTIFICATE OF SERVICE**

1

2          I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of

Washington to the following:

3

4          1.          I am over the age of 21 and not a party to this action.

5          2.          On the 30th day of August, 2012, I caused the preceding document to be served

6    on counsel of record in the following manner:

7    **Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

8
     Ralph Palumbo, WSBA #04751
     Philip S. McCune, WSBA #21081                    _____ Messenger
9    Lynn M. Engel, WSBA #21934                        _____ US Mail
     Summit Law Group                                  _____ Facsimile
10   315 Fifth Ave. South, Suite 1000                  ___X___ ECF
     Seattle, WA  98104-2682
11   Telephone:  206-676-7000
     Email:  Summit1823@summitlaw.com
12

13
     Steven Pepe (*pro hac vice*)                      _____ Messenger
14   Jesse J. Jenner (*pro hac vice*)                  _____ US Mail
     Ropes & Gray LLP                                  _____ Facsimile
15   1211 Avenue of the Americas                       ___X___ ECF
     New York, NY  10036-8704
16   Telephone:  (212) 596-9046
     Email:  steven.pepe@ropesgray.com
17   Email:  jesse.jenner@ropesgray.com

18

19   Norman H. Beamer (*pro hac vice*)                 _____ Messenger
     Ropes & Gray LLP                                  _____ US Mail
20   1900 University Avenue, 6th Floor                 _____ Facsimile
     East Palo Alto, CA  94303-2284                    ___X___ ECF
21   Telephone:  (650) 617-4030
     Email:  norman.beamer@ropesgray.com
22

23

24

25

MICROSOFT'S MOTION TO AMEND                 **C10-1823**
PROTECTIVE ORDER TO ALLOW IN-HOUSE                                    LAW OFFICES
COUNSEL EXPANDED ACCESS TO                                  **CALFO HARRIGAN LEYH & EAKES LLP**
CONFIDENTIAL BUSINESS INFORMATION - 8                         999 THIRD AVENUE, SUITE 4400
                                                               SEATTLE, WASHINGTON 98104
                                                          TEL, (206) 623-1700   FAX, (206) 623-8717

Paul M. Schoenhard (*pro hac vice*)     _____ Messenger
Ropes & Gray LLP     _____ US Mail
One Metro Center     _____ Facsimile
700 12th Street NW, Suite 900     \_\_X\_\_ ECF
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

DATED this 30th day of August, 2012.

s/ Linda Bledsoe
LINDA BLEDSOE

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 9

**C10-1823**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# EXHIBIT A

HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

                      Plaintiff,

     vs.

MOTOROLA, INC.,  et al.,

                     Defendants.
_____

MOTOROLA MOBILITY, INC., et al.,

                    Plaintiffs,

     vs.

MICROSOFT CORPORATION,

                    Defendants.

Case No. C10-1823-JLR

**AMENDED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

     Microsoft Corporation ("Microsoft") and Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation (collectively "Motorola") hereby stipulate that this protective order should be entered and will govern the conduct of discovery in this case.

     1.      Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Court is required by law to disclose such information.

2.      (a)      Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing, or orally at a deposition, conference, or hearing, and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

(b)      The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding before, during, or after the close of the action herein.  If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3.      In the absence of written permission from the supplier or an order from the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1           (i)        outside counsel for parties to this action, including necessary secretarial

2   and support personnel assisting such counsel;

3           (ii)       qualified persons taking testimony involving such documents or

4   information and necessary stenographic and clerical personnel thereof;

5           (iii)     technical experts and their staff who are employed for the purposes of

6   this litigation;

7           (iv)     T. Andrew Culbert (for Microsoft) and K. McNeill Taylor (for

8   Motorola); and

9           (v)       the Court.

10       4.     Confidential Business Information submitted in accordance with the provisions

11   of paragraph 2 above shall not be made available to any person designated in paragraphs 3(iii)-

12   (iv) unless he or she shall have first read this order and shall have signed a writing substantially

13   provided as Attachment A hereto, a copy of which shall be provided to both parties,

14   manifesting agreement:

15           (i)        to be bound by the terms thereof;

16           (ii)       not to reveal such Confidential Business Information to anyone other

17   than another person designated in paragraph 3; and

18           (iii)     to utilize such Confidential Business Information solely for purposes of

19   this action.

20       5.     If the Court orders, or if the supplier and all parties to the action agree, that

21   access to or dissemination of information submitted as Confidential Business Information shall

22   be made to persons not included in paragraph 3 above, such matter shall only be accessible to

23   or disseminated to such persons based upon the conditions pertaining to, and obligations

24   arising from this order, and such persons shall be considered subject to it, unless the Court

25

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 3

1  finds that the information is not Confidential Business Information as defined in paragraph 1

2  hereof.

3        6.      In addition to the persons included in paragraph 3 above, Confidential Business

4  Information contained in responses to interrogatories, answers to requests for admission,

5  submissions to the Court, expert reports (exclusive of exhibits and source code excerpts),

6  opinions and orders of the Court may be accessible to or disseminated to the following two in-

7  house counsel, who are members of at least one state bar in good standing, with direct

8  responsibility for managing this litigation:

9        (a) for Motorola, Tom Miller and Richard A. Wulff;

10        (b) for Microsoft, David E. Killough.

11  provided that (1) Confidential Business Information pertaining to licensing or other

12  commercially sensitive financial information shall not be made available under this paragraph

13  6 to such designated in-house counsel; the supplier shall designate such Confidential Business

14  Information pertaining to licensing or other commercially sensitive financial information as

15  "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE

16  ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide

17  a redacted version of such document that may be disseminated to the in-house counsel

18  designated under this paragraph 6; and (2) such in-house counsel shall have first read this order

19  and shall have signed a writing substantially provided as Attachment A hereto, a copy of which

20  shall be provided to both parties, manifesting agreement:

21        (i)      to be bound by the terms thereof;

22        (ii)      not to reveal such Confidential Business Information to anyone other

23  than another person designated in paragraph 3; and

24        (iii)      to utilize such Confidential Business Information solely for purposes of

25  this action.

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 4

7.      Subject to the restrictions of paragraph 6 above, the two in-house counsel designated therein shall not be excluded from any confidential portion of the trial or other in-Court proceedings in this case.

8.      Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.  Any portion of a transcript in connection with this action containing any Confidential Business Information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal.  When any Confidential Business Information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them [SUPPLIER'S NAME], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER. Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof.  Alternatively, he or she shall sign the agreement included as Attachment B hereto.  Copies of each such signed agreement shall be provided to the supplier of such Confidential Business Information.

9.      The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules after an opportunity for hearing, that the information was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

10.      If while this action is before the Court, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1   the supplier in writing and they will thereupon confer as to the status of the subject information

2   proffered within the context of this order.  If prior to or at the time of such a conference, the

3   supplier withdraws its designation of such information as being subject to this order, but

4   nonetheless submits such information for purposes of the action, such supplier shall express the

5   withdrawal in writing, and serve such withdrawal upon all parties.  If the recipient and supplier

6   are unable to concur upon the status of the subject information submitted as Confidential

7   Business Information within ten days from the date of notification of such disagreement, any

8   party to this order may raise the issue of the designation of such a status to the Court who will

9   rule upon the matter.  The Court may *sua sponte* question the designation of the confidential

10  status of any information and, after opportunity for hearing, may remove the confidentiality

11  designation.

12      11.     No less than 10 days (or any other period of time designated by the Court) prior

13  to the initial disclosure to a proposed expert of any confidential information submitted in

14  accordance with paragraph 2, the party proposing to use such expert shall submit in writing the

15  name of such proposed expert and his or her educational and employment history to the

16  supplier. If the supplier objects to the disclosure of such Confidential Business Information to

17  such proposed expert as inconsistent with the language or intent of this order or on other

18  grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to

19  the initial disclosure.  If the dispute is not resolved on an informal basis within ten days of

20  receipt of such notice of objection, the supplier shall submit immediately each objection to the

21  Court for a ruling.  The submission of such Confidential Business Information to such

22  proposed expert shall be withheld pending the ruling of the Court.

23      12.     If Confidential Business Information submitted in accordance with paragraph 2

24  is disclosed to any person other than in the manner authorized by this protective order, the

25  party responsible for the disclosure must immediately bring all pertinent facts relating to such

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 6

disclosure to the attention of the supplier and the Court and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.      Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Business Information.

14.      Upon final termination of this action, each party that is subject to this order shall assemble and return to the supplier all items containing Confidential Business Information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made.  Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing Confidential Business Information and certify to the supplier (or his counsel) that such destruction has taken place.

15.      If any Confidential Business Information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16.      Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17.      The inadvertent production of any document or information (whether designated as Confidential Business Information or not) shall not be deemed to waive any attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the document or information produced, or to other documents or information, so long as the procedures of paragraphs 18 and 19 below are followed.

18.       If a producing party or person discovers that a privileged, protected, or otherwise immune document or information has been produced, the party or person must, promptly after discovery, notify all other party or parties of the claim of privilege or other

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 7

protection or immunity.  Upon such notice, each other party shall use its best efforts to retrieve the original and all copies of the identified document or information of which the party is aware, shall promptly destroy all such copies of the identified document or information, and shall notify the producing party in writing that it has done so within ten (10) calendar days of receiving such notice.  Such destruction shall not constitute an acknowledgement that the identified document or information is, in fact, privileged or entitled to protection or immunity and shall not preclude any party from later moving the Court to compel the production of the identified document or information.  Within a reasonable time after notifying the other party or parties of a claim of privilege or other protection or immunity, the Producing Party shall provide a privilege log for those materials.

19.     If a receiving party receives any document or information that appears to be subject to an attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the document or information, and where it is reasonably apparent that the document or information was provided or made available through inadvertence, the receiving party must refrain from examining the document or information any more than is essential to ascertain whether the document or information is likely privileged, protected, or otherwise immune, and shall immediately notify the producing party in writing that the receiving party possesses material that appears to be privileged, protected, or otherwise immune. The procedures of paragraph 18 shall then apply.

20.     The parties have agreed to follow the provisions of Fed. R. Civ. P. 26(b)(4)(B)-(D), as amended effective December 1, 2010, with respect to the protection of draft expert reports and communications between a party's attorney(s) and an expert(s).  In addition, the parties have agreed that notes taken by the parties' experts in the course of the preparation of their reports, drafts of the expert reports, and all communications between counsel for the parties and their experts (including, but not limited to, emails and other written

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 8

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

correspondence) (all of the foregoing hereinafter referred to as "Expert Work Product") need not be retained and shall be not produced in this or any other action.  Expert Work Product shall not include communications, information and things that are relied upon by the expert in his or her opinions, or which otherwise form the basis of the expert's report.  Neither the terms of this paragraph nor the parties' agreement to them implies that any of the information restricted from discovery in this paragraph would otherwise be discoverable.

21.     Confidential Source Code shall mean human-readable programming language text that defines software, firmware, or electronic hardware descriptions.  Confidential Source Code includes, without limitation, computer code; scripts; assembly; object code; source code listings and descriptions of source code; object code listings and descriptions of object code; Hardware Description Language (HDL); Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip; similarly sensitive implementation details; files containing text written in "C," "C++," assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages; ".include files;" "make" files; link files; and other human-readable text files used in the generation and/or  building of software directly executed on a microprocessor, microcontroller, or DSP.  Confidential Source Code is a form of, and shall be afforded all of the same protections as, Confidential Business Information as defined in paragraph 1 hereto unless otherwise provided in paragraphs 21 to 26.  The restrictions herein on Confidential Source Code do not apply to publicly-available source code available as open source code.

22.     To the extent that a party wishes to obtain access to Confidential Source Code, the following procedures may apply at the option of the supplier.  Nothing in this Order shall be construed as a representation or admission by a party that Confidential Source Code is properly discoverable in this action, or to obligate any party to produce Confidential Source Code.

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

23.     Documents or things that comprise a party's confidential, proprietary and/or trade secret source code or object code may be designated CONFIDENTIAL SOURCE CODE. Documents or things that include or are accompanied by confidential, proprietary and/or trade secret source code or object code may be designated CONFIDENTIAL SOURCE CODE only if such confidential, proprietary and/or trade secret source code or object code cannot reasonably be segregated from the document or thing.  The following conditions shall govern the production, review and use of documents or things designated CONFIDENTIAL SOURCE CODE.

24.     All information designated as CONFIDENTIAL SOURCE CODE shall be subject to the following provisions:

(i)     Subject to the following notice provisions and each producing party's written objections, each producing party shall make its responsive CONFIDENTIAL SOURCE CODE continuously available for inspection during discovery and through the conclusion of the trial in this action.  Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 6:00 P.M. local time) on four (4) calendar days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(ii)     A list of names of persons who will view the source code will be provided to the producing party in conjunction with the written notice requesting inspection.  The receiving party shall maintain a daily log of the names of persons who enter the source code viewing room (see paragraph 24(iv) below) to view the source code and note on the log when these persons enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the source code

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

viewing room, and to receive a copy of the log, but shall not otherwise be entitled to observe the receiving party's inspection.

(iii)    All source code produced pursuant to these provisions will be made available by the producing party at the following locations:

• By Motorola, at the offices of Ropes & Gray LLP, 111 South Wacker Drive, 46th Floor, Chicago, Illinois 60606;

• By Microsoft, at the offices of Sidley Austin LLP, 1501 K Street NW, Washington, DC 20005; and

• By third parties, at such location(s) as may be mutually agreed to by the producing third party and the requesting party, or as otherwise ordered by the Court.

(iv)    All source code will be made available in a private room, on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer").  The producing party shall be obligated to install such reasonable tools or programs necessary to review and search the code produced on the platform produced, as specified by the receiving party, which the receiving party may provide if the producing party does not have.  For example, prior to the date of the inspection, a text editor or IDE capable of performing syntax highlighting should be installed on the Source Code Computer.  The producing party shall not be obligated to install tools or programs capable of compiling and running source code.  To the extent the receiving party provides the producing party with tools or programs to install for use during a reviewing session, any such tools or programs must be provided no later than five (5) business days in advance of the first reviewing session for which such installation is desired.  Thereafter, such tools or programs shall remain on the Source Code Computer throughout the discovery period, absent agreement to the contrary.

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 11

(v)      The receiving party's outside counsel and/or technical advisers shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  Such notes shall be subject to the provisions of paragraph 24(x) below.  No copies of all or any portion of the source code may leave the room in which the source code is inspected.  Furthermore, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(vi)      During inspection of the code, the receiving party may compile a list of source code files to be produced.  The receiving party will only identify such files as are reasonably necessary to facilitate the receiving party's preparation of the case, including (1) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (2) to prepare internal attorney work product materials, (3) or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  In no event may the receiving party identify more than those files necessary to analyze the issues in this case during the duration of the case without prior written approval by the producing party.  Upon identification of such files by the receiving party, the producing party shall print, append production numbers to, and label such files with the file's complete file path (*e.g.*, ./product1/source/main/ test/test.h) and the designation CONFIDENTIAL SOURCE CODE.  If the producing party objects that identified files are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days of the identification of any files by the receiving party.  If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 12

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one printed copy of the identified files to the receiving party within five (5) business days of the identification of such files by the receiving party or, if applicable, resolution of a dispute by the Court.  The printed pages shall constitute part of the source code produced by the producing party in this action.

(vii)    Unless otherwise agreed in advance by the parties in writing, following each reviewing session (conducted during one business day or during consecutive business days of review), the receiving party's outside counsel and/or technical advisers shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

(viii)    The receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

(ix)    Documents designated CONFIDENTIAL SOURCE CODE may only be viewed by or disclosed to outside counsel or the receiving party's technical advisers approved by the producing party and their necessary support personnel.  The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult, subject to the following provision.  Documents designated CONFIDENTIAL SOURCE CODE may not be disclosed to in-house counsel.

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 13

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

(x)    A party desiring to disclose information to a technical adviser shall give prior written notice to the producing party or non-party, who shall have ten (10) business days after such notice is given to object in writing.  A party desiring to disclose CONFIDENTIAL SOURCE CODE information to a technical adviser must provide the following information for each technical adviser:  (i) name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years; and (ii) a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  No CONFIDENTIAL SOURCE CODE information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

(xi)    The outside counsel and technical advisers (who have been approved to access source code under paragraphs 24(ix) and 24(x) above) for a receiving party shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in paragraphs 24(v) and 24(vi)) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when those materials are not in use;

(xii)    The receiving party's outside counsel of record may make no more than five additional paper copies of any portions of the source code files identified pursuant to paragraph 24(vi), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any paper copies of source code shall be designated CONFIDENTIAL SOURCE CODE – and shall be stored or viewed only at (1) the offices of outside counsel for the receiving

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

party, (2) the offices of technical advisers who have been approved to access source code under paragraphs 24(ix) and 24(x), (3) the site where any deposition is taken, (4) the Court, or (5) any intermediate location necessary to transport the information to a hearing, trial, or deposition.  Any such paper copies shall be maintained at all times in a locked and secure location.  The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order.  The producing party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

(xiii)   The receiving party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used — as an example, excerpts of approximately 25 to 40 lines in length are presumptively reasonable.

(xiv)   To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped as CONFIDENTIAL SOURCE CODE.  All Source Code Documents shall also be marked with the legend "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice, and shall be treated as Confidential Business Information pursuant to this Protective Order.

(xv)   All paper copies of source code shall be securely destroyed if they are no longer necessary in the litigation (*e.g.*, extra copies at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 15

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xvi)    The receiving party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (*e.g.*, may not scan the source code to a PDF, or photograph the code).  The receiving party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

25.    Unless otherwise ordered by the Court, Confidential Source Code designated as "CONFIDENTIAL SOURCE CODE" shall be subject to the provisions set forth in paragraphs 21 to 26 and may be disclosed, subject to paragraphs 21 to 26, solely to:

(a)    outside counsel representing the parties to this action, as defined in paragraph 3(i), including necessary secretarial and support personnel regularly employed by and assisting such counsel, except that, unless otherwise agreed, no outside counsel who is involved in competitive decision-making, as defined by *U.S. Steel* v. *United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Confidential Source Code designated as "CONFIDENTIAL SOURCE CODE;"

(b)    any outside expert or consultant retained by a party for the purposes of this action and who satisfies paragraph 3(iii) of this Order, provided that disclosure is only to the extent necessary to perform such work; and provided that:

(i)    such expert or consultant has agreed to be bound by the provisions of this Order as required by paragraphs 3, 4, and 11 of this Order,

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1    (ii)    such expert or consultant is not involved in competitive

2    decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468

3    n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party in the

4    technical subject matter of the Confidential Business Information produced, and

5    (iii)    no unresolved objections to such disclosure exist after proper

6    notice has been given to all parties as set forth in paragraphs 3, 4, and 11 of this

7    Order;

8    (c)    court reporters, stenographers, and videographers retained to record

9    testimony taken in this action, provided that such court reporters, stenographers, and

10   videographers have agreed to be bound by the provisions of this Order as required by

11   paragraph 4 of this Order;

12   (d)    the Court;

13   (e)    any persons who are witnesses during a deposition, court hearing, or

14   trial where specific documentary or testimonial evidence establishes at that time that the

15   Confidential Source Code or portion of the Confidential Source Code was authored or received

16   by the witness without any violation of any confidentiality obligation owed to any party in this

17   action;

18   (f)    any mediator who is assigned to hear this matter, and his or her staff,

19   subject to their agreement to maintain confidentiality to the same degree as required by this

20   Order;

21   (g)    any other person with the prior written consent of the supplier.

22   26.    Access to and review of the Confidential Source Code shall be strictly for the

23   purpose of investigating the claims and defenses at issue in this action.  No person shall review

24   or analyze any Confidential Source Code for purposes unrelated to this action, nor may any

25

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 17

1  person use any knowledge gained as a result of reviewing Confidential Source Code in this

2  action in any other pending or future dispute, proceeding, patent prosecution, or litigation.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 18

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  **AGREED AND STIPULATED TO:**

2

3  CALFO HARRIGAN LEYH & EAKES LLP        SUMMIT LAW GROUP PLLC

4  By _____
       Arthur W. Harrigan, Jr., WSBA #1751    By _____
5      Christopher Wion, WSBA #33207             Ralph Palumbo, WSBA #4751
       Shane P. Cramer, WSBA #35099              Philip S. McCune, WSBA #21081
6                                                Lynn M. Engel, WSBA #21934
   T. Andrew Culbert, WSBA #35925               *ralphp@summitlaw.com*
7  David E. Killough, WSBA #21119               *philm@summitlaw.com*
   MICROSOFT CORPORATION                        *lynne@summitlaw.com*
8  1 Microsoft Way
   Redmond, WA  98052                        Steven Pepe (*pro hac vice*)
9  Phone:  425-882-8080                       Jesse J. Jenner (*pro hac vice*)
   Fax:  425-869-1327                         Ropes & Gray LLP
10                                            1211 Avenue of the Americas
   David T. Pritikin                          New York, NY  10036-8704
11 Richard A. Cederoth                        (212) 596-9046
   Constantine L. Trela, Jr.                  *steven.pepe@ropesgray.com*
12 William H. Baumgartner, Jr.                *jesse.jenner@ropesgray.com*
   Ellen S. Robbins
13 Douglas I. Lewis                           Norman H. Beamer (*pro hac vice*)
   David C. Giardina                          Ropes & Gray LLP
14 John W. McBride                            1900 University Avenue, 6th Floor
   David Greenfield                           East Palo Alto, CA  94303-2284
15                                            (650) 617-4030
   SIDLEY AUSTIN LLP                          *norman.beamer@ropesgray.com*
16 One South Dearborn
   Chicago, IL  60603                         Paul M. Schoenhard (*pro hac vice*)
17 Phone:  312-853-7000                       Ropes & Gray LLP
   Fax:  312-853-7036                         One Metro Center
18                                            700 12th Street NW, Suite 900
   Carter G. Phillips                         Washington, DC  20005-3948
19 Brian R. Nester                            (202) 508-4693
                                              *Paul.schoenhard.@ropesgray.com*
20 SIDLEY AUSTIN LLP
   1501 K Street NW                           **Attorneys for Defendants Motorola**
21 Washington, DC  20005                      **Solutions, Inc., Motorola Mobility, Inc.**
   Telephone:  202-736-8000
22 Fax:  202-736-8711

23 **Counsel for Plaintiff Microsoft Corp.**

24

25

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 19

1

## <u>ORDER</u>

2     As stipulated above, IT IS SO ORDERED.

3                      DATED this ___ day of _____, 2012.

4

5                               _____

                              THE HONORABLE JAMES L. ROBART

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 20

# EXHIBIT B

HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

MICROSOFT CORPORATION,

Plaintiff,

11

vs.

12

MOTOROLA, INC.,  et al.,

13

Defendants.

14

_____

MOTOROLA MOBILITY, INC., et al.,

15

Plaintiffs,

16

17

vs.

18

MICROSOFT CORPORATION,

19

Defendants.

Case No. C10-1823-JLR

**AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE
AND USE OF DISCOVERY
MATERIALS**

20      Microsoft Corporation ("Microsoft") and Motorola, Inc., Motorola Mobility, Inc., and

21   General Instrument Corporation (collectively "Motorola") hereby stipulate that this protective

22   order should be entered and will govern the conduct of discovery in this case.

23          1.       Confidential Business Information is information which has not been made

24   public and which concerns or relates to the trade secrets, processes, operations, style of work,

25   or apparatus, or to the production, sales, shipments, purchases, transfers, identification of

customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Court is required by law to disclose such information.

2.      (a)      Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing, or orally at a deposition, conference, or hearing, and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

(b)      The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding before, during, or after the close of the action herein.  If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3.      In the absence of written permission from the supplier or an order from the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1              (i)       outside counsel for parties to this action, including necessary secretarial

2  and support personnel assisting such counsel;

3              (ii)      qualified persons taking testimony involving such documents or

4  information and necessary stenographic and clerical personnel thereof;

5              (iii)     technical experts and their staff who are employed for the purposes of

6  this litigation;

7              (iv)     T. Andrew Culbert (for Microsoft) and K. McNeill Taylor (for

8  Motorola); and

9              (iv)      the Court.

10      4.       Confidential Business Information submitted in accordance with the provisions

11  of paragraph 2 above shall not be made available to any person designated in paragraphs 3(iii)-

12  (iv) unless he or she shall have first read this order and shall have signed a writing substantially

13  provided as Attachment A hereto, a copy of which shall be provided to both parties,

14  manifesting agreement:

15              (i)       to be bound by the terms thereof;

16              (ii)      not to reveal such Confidential Business Information to anyone other

17  than another person designated in paragraph 3; and

18              (iii)     to utilize such Confidential Business Information solely for purposes of

19  this action.

20      5.       If the Court orders, or if the supplier and all parties to the action agree, that

21  access to or dissemination of information submitted as Confidential Business Information shall

22  be made to persons not included in paragraph 3 above, such matter shall only be accessible to

23  or disseminated to such persons based upon the conditions pertaining to, and obligations

24  arising from this order, and such persons shall be considered subject to it, unless the Court

25

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  finds that the information is not Confidential Business Information as defined in paragraph 1

2  hereof.

3      6.      In addition to the persons included in paragraph 3 above, Confidential Business

4  Information contained in responses to interrogatories, answers to requests for admission,

5  submissions to the Court, expert reports (exclusive of exhibits and source code excerpts),

6  opinions and orders of the Court may be accessible to or disseminated to the following two in-

7  house counsel, who are members of at least one state bar in good standing, with direct

8  responsibility for managing this litigation:

9              (a) for Motorola, Tom Miller and Richard A. Wulff;

10             (b) for Microsoft, ~~T. Andrew Culbert and~~ David E. Killough.

11  provided that (1) Confidential Business Information pertaining to licensing or other

12  commercially sensitive financial information shall not be made available under this paragraph

13  6 to such designated in-house counsel; the supplier shall designate such Confidential Business

14  Information pertaining to licensing or other commercially sensitive financial information as

15  "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE

16  ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide

17  a redacted version of such document that may be disseminated to the ~~two~~ in-house counsel

18  designated under this paragraph 6; and (2) such in-house counsel shall have first read this order

19  and shall have signed a writing substantially provided as Attachment A hereto, a copy of which

20  shall be provided to both parties, manifesting agreement:

21             (i)     to be bound by the terms thereof;

22             (ii)    not to reveal such Confidential Business Information to anyone other

23  than another person designated in paragraph 3; and

24             (iii)   to utilize such Confidential Business Information solely for purposes of

25  this action.

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

7.      Subject to the restrictions of paragraph 6 above, the two in-house counsel designated therein shall not be excluded from any confidential portion of the trial or other in-Court proceedings in this case.

8.      Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.  Any portion of a transcript in connection with this action containing any Confidential Business Information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal.  When any Confidential Business Information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them [SUPPLIER'S NAME], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER. Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof.  Alternatively, he or she shall sign the agreement included as Attachment B hereto.  Copies of each such signed agreement shall be provided to the supplier of such Confidential Business Information.

9.      The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules after an opportunity for hearing, that the information was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

10.     If while this action is before the Court, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

the supplier in writing and they will thereupon confer as to the status of the subject information proffered within the context of this order.  If prior to or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the action, such supplier shall express the withdrawal in writing, and serve such withdrawal upon all parties.  If the recipient and supplier are unable to concur upon the status of the subject information submitted as Confidential Business Information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Court who will rule upon the matter.  The Court may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11.     No less than 10 days (or any other period of time designated by the Court) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier. If the supplier objects to the disclosure of such Confidential Business Information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure.  If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objection, the supplier shall submit immediately each objection to the Court for a ruling.  The submission of such Confidential Business Information to such proposed expert shall be withheld pending the ruling of the Court.

12.     If Confidential Business Information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   disclosure to the attention of the supplier and the Court and, without prejudice to other rights

2   and remedies of the supplier, make every effort to prevent further disclosure by it or by the

3   person who was the recipient of such information.

4           13.     Nothing in this order shall abridge the right of any person to seek judicial

5   review or to pursue other appropriate judicial action with respect to any ruling made by the

6   Court concerning the issue of the status of Confidential Business Information.

7           14.     Upon final termination of this action, each party that is subject to this order

8   shall assemble and return to the supplier all items containing Confidential Business

9   Information submitted in accordance with paragraph 2 above, including all copies of such

10  matter which may have been made.  Alternatively, the parties subject to this order may, with

11  the written consent of the supplier, destroy all items containing Confidential Business

12  Information and certify to the supplier (or his counsel) that such destruction has taken place.

13          15.     If any Confidential Business Information which is supplied in accordance with

14  paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered

15  a "supplier" as that term is used in the context of this order.

16          16.     Each nonparty supplier shall be provided a copy of this order by the party

17  seeking information from said supplier.

18          17.     The inadvertent production of any document or information (whether

19  designated as Confidential Business Information or not) shall not be deemed to waive any

20  attorney-client privilege, work product protection, or other privilege or immunity that would

21  otherwise attach to the document or information produced, or to other documents or

22  information, so long as the procedures of paragraphs 18 and 19 below are followed.

23          18.      If a producing party or person discovers that a privileged, protected, or

24  otherwise immune document or information has been produced, the party or person must,

25  promptly after discovery, notify all other party or parties of the claim of privilege or other

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 7

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

protection or immunity.  Upon such notice, each other party shall use its best efforts to retrieve the original and all copies of the identified document or information of which the party is aware, shall promptly destroy all such copies of the identified document or information, and shall notify the producing party in writing that it has done so within ten (10) calendar days of receiving such notice.  Such destruction shall not constitute an acknowledgement that the identified document or information is, in fact, privileged or entitled to protection or immunity and shall not preclude any party from later moving the Court to compel the production of the identified document or information.  Within a reasonable time after notifying the other party or parties of a claim of privilege or other protection or immunity, the Producing Party shall provide a privilege log for those materials.

19.     If a receiving party receives any document or information that appears to be subject to an attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the document or information, and where it is reasonably apparent that the document or information was provided or made available through inadvertence, the receiving party must refrain from examining the document or information any more than is essential to ascertain whether the document or information is likely privileged, protected, or otherwise immune, and shall immediately notify the producing party in writing that the receiving party possesses material that appears to be privileged, protected, or otherwise immune. The procedures of paragraph 18 shall then apply.

20.     The parties have agreed to follow the provisions of Fed. R. Civ. P. 26(b)(4)(B)-(D), as amended effective December 1, 2010, with respect to the protection of draft expert reports and communications between a party's attorney(s) and an expert(s).  In addition, the parties have agreed that notes taken by the parties' experts in the course of the preparation of their reports, drafts of the expert reports, and all communications between counsel for the parties and their experts (including, but not limited to, emails and other written

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 8

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

correspondence) (all of the foregoing hereinafter referred to as "Expert Work Product") need not be retained and shall be not produced in this or any other action.  Expert Work Product shall not include communications, information and things that are relied upon by the expert in his or her opinions, or which otherwise form the basis of the expert's report.  Neither the terms of this paragraph nor the parties' agreement to them implies that any of the information restricted from discovery in this paragraph would otherwise be discoverable.

21.     Confidential Source Code shall mean human-readable programming language text that defines software, firmware, or electronic hardware descriptions.  Confidential Source Code includes, without limitation, computer code; scripts; assembly; object code; source code listings and descriptions of source code; object code listings and descriptions of object code; Hardware Description Language (HDL); Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip; similarly sensitive implementation details; files containing text written in "C," "C++," assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages; ".include files;" "make" files; link files; and other human-readable text files used in the generation and/or  building of software directly executed on a microprocessor, microcontroller, or DSP.  Confidential Source Code is a form of, and shall be afforded all of the same protections as, Confidential Business Information as defined in paragraph 1 hereto unless otherwise provided in paragraphs 21 to 26.  The restrictions herein on Confidential Source Code do not apply to publicly-available source code available as open source code.

22.     To the extent that a party wishes to obtain access to Confidential Source Code, the following procedures may apply at the option of the supplier.  Nothing in this Order shall be construed as a representation or admission by a party that Confidential Source Code is properly discoverable in this action, or to obligate any party to produce Confidential Source Code.

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

23.     Documents or things that comprise a party's confidential, proprietary and/or trade secret source code or object code may be designated CONFIDENTIAL SOURCE CODE. Documents or things that include or are accompanied by confidential, proprietary and/or trade secret source code or object code may be designated CONFIDENTIAL SOURCE CODE only if such confidential, proprietary and/or trade secret source code or object code cannot reasonably be segregated from the document or thing.  The following conditions shall govern the production, review and use of documents or things designated CONFIDENTIAL SOURCE CODE.

24.     All information designated as CONFIDENTIAL SOURCE CODE shall be subject to the following provisions:

(i)     Subject to the following notice provisions and each producing party's written objections, each producing party shall make its responsive CONFIDENTIAL SOURCE CODE continuously available for inspection during discovery and through the conclusion of the trial in this action.  Any single reviewing session (conducted during one business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 6:00 P.M. local time) on four (4) calendar days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(ii)     A list of names of persons who will view the source code will be provided to the producing party in conjunction with the written notice requesting inspection.  The receiving party shall maintain a daily log of the names of persons who enter the source code viewing room (see paragraph 24(iv) below) to view the source code and note on the log when these persons enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the source code

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 10

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

viewing room, and to receive a copy of the log, but shall not otherwise be entitled to observe the receiving party's inspection.

(iii)    All source code produced pursuant to these provisions will be made available by the producing party at the following locations:

- By Motorola, at the offices of Ropes & Gray LLP, 111 South Wacker Drive, 46th Floor, Chicago, Illinois 60606;

- By Microsoft, at the offices of Sidley Austin LLP, 1501 K Street NW, Washington, DC 20005; and

- By third parties, at such location(s) as may be mutually agreed to by the producing third party and the requesting party, or as otherwise ordered by the Court.

(iv)    All source code will be made available in a private room, on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer").  The producing party shall be obligated to install such reasonable tools or programs necessary to review and search the code produced on the platform produced, as specified by the receiving party, which the receiving party may provide if the producing party does not have.  For example, prior to the date of the inspection, a text editor or IDE capable of performing syntax highlighting should be installed on the Source Code Computer.  The producing party shall not be obligated to install tools or programs capable of compiling and running source code.  To the extent the receiving party provides the producing party with tools or programs to install for use during a reviewing session, any such tools or programs must be provided no later than five (5) business days in advance of the first reviewing session for which such installation is

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 11

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

desired.  Thereafter, such tools or programs shall remain on the Source Code Computer throughout the discovery period, absent agreement to the contrary.

(v)      The receiving party's outside counsel and/or technical advisers shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  Such notes shall be subject to the provisions of paragraph 24(x) below.  No copies of all or any portion of the source code may leave the room in which the source code is inspected.  Furthermore, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(vi)      During inspection of the code, the receiving party may compile a list of source code files to be produced.  The receiving party will only identify such files as are reasonably necessary to facilitate the receiving party's preparation of the case, including (1) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (2) to prepare internal attorney work product materials, (3) or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  In no event may the receiving party identify more than those files necessary to analyze the issues in this case during the duration of the case without prior written approval by the producing party.  Upon identification of such files by the receiving party, the producing party shall print, append production numbers to, and label such files with the file's complete file path (*e.g.*, ./product1/source/main/ test/test.h) and the designation CONFIDENTIAL SOURCE CODE.  If the producing party objects that identified files are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days of the identification of any files by the receiving party.  If, after meeting and conferring, the producing party and the receiving party cannot

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 12

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

resolve the objection, the producing party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one printed copy of the identified files to the receiving party within five (5) business days of the identification of such files by the receiving party or, if applicable, resolution of a dispute by the Court.  The printed pages shall constitute part of the source code produced by the producing party in this action.

(vii)    Unless otherwise agreed in advance by the parties in writing, following each reviewing session (conducted during one business day or during consecutive business days of review), the receiving party's outside counsel and/or technical advisers shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

(viii)    The receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

(ix)    Documents designated CONFIDENTIAL SOURCE CODE may only be viewed by or disclosed to outside counsel or the receiving party's technical advisers approved by the producing party and their necessary support personnel.  The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult, subject to the following

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 13

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

provision.  Documents designated CONFIDENTIAL SOURCE CODE may not be disclosed to in-house counsel.

(x)      A party desiring to disclose information to a technical adviser shall give prior written notice to the producing party or non-party, who shall have ten (10) business days after such notice is given to object in writing.  A party desiring to disclose CONFIDENTIAL SOURCE CODE information to a technical adviser must provide the following information for each technical adviser:  (i) name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years; and (ii) a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  No CONFIDENTIAL SOURCE CODE information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

(xi)      The outside counsel and technical advisers (who have been approved to access source code under paragraphs 24(ix) and 24(x) above) for a receiving party shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in paragraphs 24(v) and 24(vi)) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when those materials are not in use;

(xii)      The receiving party's outside counsel of record may make no more than five additional paper copies of any portions of the source code files identified pursuant to paragraph 24(vi), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 14

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

paper copies of source code shall be designated CONFIDENTIAL SOURCE CODE – and shall be stored or viewed only at (1) the offices of outside counsel for the receiving party, (2) the offices of technical advisers who have been approved to access source code under paragraphs 24(ix) and 24(x), (3) the site where any deposition is taken, (4) the Court, or (5) any intermediate location necessary to transport the information to a hearing, trial, or deposition.  Any such paper copies shall be maintained at all times in a locked and secure location.  The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order.  The producing party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

(xiii)    The receiving party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used — as an example, excerpts of approximately 25 to 40 lines in length are presumptively reasonable.

(xiv)    To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped as CONFIDENTIAL SOURCE CODE.  All Source Code Documents shall also be marked with the legend "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice, and shall be treated as Confidential Business Information pursuant to this Protective Order.

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 15

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

(xv)    All paper copies of source code shall be securely destroyed if they are no longer necessary in the litigation (*e.g.*, extra copies at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xvi)    The receiving party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (*e.g.*, may not scan the source code to a PDF, or photograph the code).  The receiving party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

25.    Unless otherwise ordered by the Court, Confidential Source Code designated as "CONFIDENTIAL SOURCE CODE" shall be subject to the provisions set forth in paragraphs 21 to 26 and may be disclosed, subject to paragraphs 21 to 26, solely to:

(a)    outside counsel representing the parties to this action, as defined in paragraph 3(i), including necessary secretarial and support personnel regularly employed by and assisting such counsel, except that, unless otherwise agreed, no outside counsel who is involved in competitive decision-making, as defined by *U.S. Steel* v. *United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Confidential Source Code designated as "CONFIDENTIAL SOURCE CODE;"

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 16

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

(b)     any outside expert or consultant retained by a party for the purposes of this action and who satisfies paragraph 3(iii) of this Order, provided that disclosure is only to the extent necessary to perform such work; and provided that:

(i)     such expert or consultant has agreed to be bound by the provisions of this Order as required by paragraphs 3, 4, and 11 of this Order,

(ii)     such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party in the technical subject matter of the Confidential Business Information produced, and

(iii)     no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in paragraphs 3, 4, and 11 of this Order;

(c)     court reporters, stenographers, and videographers retained to record testimony taken in this action, provided that such court reporters, stenographers, and videographers have agreed to be bound by the provisions of this Order as required by paragraph 4 of this Order;

(d)     the Court;

(e)     any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes at that time that the Confidential Source Code or portion of the Confidential Source Code was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this action;

(f)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 17

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1        (g)      any other person with the prior written consent of the supplier.

2        26.      Access to and review of the Confidential Source Code shall be strictly for the

3    purpose of investigating the claims and defenses at issue in this action.  No person shall review

4    or analyze any Confidential Source Code for purposes unrelated to this action, nor may any

5    person use any knowledge gained as a result of reviewing Confidential Source Code in this

6    action in any other pending or future dispute, proceeding, patent prosecution, or litigation.

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 18

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**AGREED AND STIPULATED TO:**

CALFO HARRIGAN LEYH & EAKES LLP

SUMMIT LAW GROUP PLLC

By _____

      Arthur W. Harrigan, Jr., WSBA #1751
      Christopher Wion, WSBA #33207
      Shane P. Cramer, WSBA #35099

By _____

      Ralph Palumbo, WSBA #4751
      Philip S. McCune, WSBA #21081
      Lynn M. Engel, WSBA #21934
      *ralphp@summitlaw.com*
      *philm@summitlaw.com*
      *lynne@summitlaw.com*

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #21119
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*steven.pepe@ropesgray.com*
*jesse.jenner@ropesgray.com*

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
David Greenfield

Norman H. Beamer (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*Paul.schoenhard.@ropesgray.com*

Carter G. Phillips
Brian R. Nester

**Attorneys for Defendants Motorola
Solutions, Inc., Motorola Mobility, Inc.**

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

**Counsel for Plaintiff Microsoft Corp.**

AMENDED PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS - 19

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

## <u>ORDER</u>

As stipulated above, IT IS SO ORDERED.

DATED this ___ day of _____, 2012.

_____

THE HONORABLE JAMES L. ROBART

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717