HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                Plaintiff,<br>v.<br><br>MOTOROLA, INC., et al.,<br><br>                Defendants. | No. C10-1823-JLR<br><br>MICROSOFT'S 9/5/12 MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>**NOTED FOR:**<br>**Friday, September 14, 2012** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>                Plaintiffs,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | |

## I. RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal the following documents:

(1)     Limited Portions of Microsoft's Opposition to Motorola's *Daubert* Motion to Exclude Certain Testimony of Plaintiff's Experts Drs. Lynde, Murphy, and Simcoe ("Microsoft's Opposition").

(2)     Exhibits 1-3, 6-8, and 10-11 to the Declaration of Christopher Wion in Support of Microsoft's Opposition (the "9/5/12 Wion Declaration").

MICROSOFT'S 9/5/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 1

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Microsoft seeks to file the foregoing materials under seal because they contain or refer to information that either Microsoft, Motorola, and/or a non-party has identified as containing Confidential Business Information under the terms of the operative protective order issued in this case.

For these reasons, and as more fully described below, good cause exists for protecting the confidentiality of these documents.  Microsoft respectfully requests that the Court direct such documents to remain under seal.

## II.     FACTS & AUTHORITY

**A.     The Operative Protective Order and Applicable Court Rules Permit and Require Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, Microsoft is required to file materials designated as containing Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval.  Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal.  Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

MICROSOFT'S 9/5/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 2

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a non-dispositive motion upon a showing of good cause. Where the material sought to be sealed "includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, 2011 U.S. Dist. LEXIS 49664, 18 (D. Nev. Apr. 29, 2011).

Further, while the public generally enjoys a right to inspect and copy public records, "it is uncontested … that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978). As the Court recognized, one such "improper purpose" is where the commercial business information at issue is sought to be used as a "source[] of business information that might harm a litigant's competitive standing." *Id.* (denying access to copies of tapes played at trial and noting that courts refused public access to

MICROSOFT'S 9/5/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 3

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

their files where granting such access might "become a vehicle for improper purposes," including causing a litigant competitive harm). Good cause exists to grant Microsoft's motion to seal.

### B. Good Cause Exists for Maintaining under Seal Documents that Disclose Non-Public and Commercially Sensitive Information.

#### 1. Exhibits 1-3, 6-8, and 11 Consist of Certain Expert Reports and Deposition Transcripts that Should Remain Under Seal.

Exhibits 1-3 to the 9/5/12 Wion Declaration are true and correct copies of expert reports prepared by the following Microsoft experts: Kevin Murphy (Ex. 1); Matt Lynde (Ex. 2); Timothy Simcoe (Ex. 3). Exhibit 11 is a true and correct copy of the expert report of one of Motorola's experts, Roger Smith. Exhibits 6-8 are transcripts from the depositions of Murphy (Ex. 6); Simcoe (Ex. 7); and Lynde (Ex. 8).

These reports and transcripts have been designated as containing Confidential Business Information by the parties. Each contains extensive references to other documents (including other expert reports submitted by the parties) that were also designated as containing Confidential Business Information by the parties and/or non-parties who produced documents subject to the Protective Order in this Action.

Good cause exists to maintain all of these exhibits under seal. Each references non-public and commercially sensitive information regarding the parties' business and licensing practices and strategies, and the terms of the parties' licenses with third parties. This information is not generally known to the public or to the parties' competitors. Public disclosure of the information contained in these exhibits would create an unreasonable risk of commercial harm to Microsoft and/or Motorola without any countervailing benefit to the public. For these reasons, good cause exists to maintain Exhibits 1-3, 6-8, and 11 under seal.

MICROSOFT'S 9/5/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 4

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

2. <u>Microsoft Is Required to File Exhibit 10 Under Seal Pursuant to the Protective Order.</u>

Exhibit 10 to the 9/5/12 Wion Declaration is a document produced by Motorola in this Action bearing Bates Number MOTM_WASH1823_0421001.  Motorola designated the document as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order."  As such, pursuant to Paragraphs 2(a) and 8 of the Protective Order, Microsoft is filing Exhibit 10 under seal.  Microsoft takes no position as to whether Exhibit 10 should remain under seal.

3. <u>Microsoft's Opposition Includes References to Confidential Information Contained in the Above-Referenced Exhibits, which Should be Redacted.</u>

Microsoft's Opposition includes references to and descriptions of the confidential information contained in the above-referenced exhibits to the 9/5/12 Wion Declaration.  To the extent that the Court determines that those exhibits should remain under seal, Microsoft's Opposition should be redacted to avoid disclosure of the confidential information contained in those exhibits.  Microsoft is seeking to file under seal only those limited portions of its Opposition that contain information that should be protected from public disclosure under the governing standards outlined above.  While a complete and unredacted version of Microsoft's Opposition is being filed under seal, Microsoft is filing a redacted version as part of the public record.

### III.   CONCLUSION

Microsoft has filed the above-referenced documents under seal based on its good faith belief that such material qualifies for protection under the terms of the Protective Order and the applicable Court rules.  A [Proposed] Order Granting Microsoft's 9/5/12 Motion to File Documents under Seal has been submitted herewith.

MICROSOFT'S 9/5/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 5

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

DATED this 5th day of September, 2012.

                        CALFO HARRIGAN LEYH & EAKES LLP


            By    s/ Arthur W. Harrigan
                Arthur W. Harrigan, Jr., WSBA #1751
                Christopher Wion, WSBA #33207
                Shane P. Cramer, WSBA #35099

            By    s/ T. Andrew Culbert
                T. Andrew Culbert, WSBA #35925
                David E. Killough, WSBA #40185
                MICROSOFT CORPORATION
                1 Microsoft Way
                Redmond, WA  98052
                Phone:  425-882-8080; Fax:  425-869-1327

                David T. Pritikin
                Richard A. Cederoth
                Constantine L. Trela, Jr.
                William H. Baumgartner, Jr.
                Ellen S. Robbins
                Douglas I. Lewis
                David C. Giardina
                John W. McBride
                David Greenfield

                SIDLEY AUSTIN LLP
                One South Dearborn
                Chicago, IL  60603
                Phone:  312-853-7000
                Fax:  312-853-7036

                Carter G. Phillips
                Brian R. Nester

                SIDLEY AUSTIN LLP
                1501 K Street NW
                Washington, DC  20005
                Telephone:  202-736-8000
                Fax:  202-736-8711

                Counsel for Microsoft Corp.

MICROSOFT'S 9/5/12 MOTION TO FILE   No. C10-1823
DOCUMENTS UNDER SEAL - 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 5th day of September, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Lynn M. Engel, WSBA #21934<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA  98104-2682<br>Telephone:  206-676-7000<br>Email: Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>Telephone:  (212) 596-9046<br>Email: steven.pepe@ropesgray.com<br>Email: jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284<br>Telephone:  (650) 617-4030<br>Email: norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |

MICROSOFT'S 9/5/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 7

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| One Metro Center | _____ Facsimile |
| 700 12th Street NW, Suite 900 | __X___ ECF |
| Washington, DC  20005-3948 | |
| Telephone:  (202) 508-4693 | |
| Email: Paul.schoenhard@ropesgray.com | |

DATED this 5th day of September, 2012.

          s/ Linda Bledsoe
          LINDA BLEDSOE

MICROSOFT'S 9/5/12 MOTION TO FILE  **No. C10-1823**
DOCUMENTS UNDER SEAL - 8

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717