The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION.,<br><br>Defendants. | CASE NO. C10-1823-JLR<br><br>MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S RULE 702 MOTION TO PRECLUDE TESTIMONY BY CHARLES R. DONOHOE AND DR. R. SUKUMAR<br><br>**NOTE ON MOTION CALENDAR:**<br>**September 14, 2012** |

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND SUKUMAR
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola Mobility, Inc. and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal the following:

1. Exhibits 35-39, 44, 46, 48, 50, 58, and 63-64 to the Second Declaration of Samuel L. Brenner; and

2. Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony by Charles R. Donohoe and Dr. R. Sukumar ("Opposition").

## II. BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.) This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND SUKUMAR - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Id*. at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id*. at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited.  "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND SUKUMAR - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  (1978). In discussing examples of improper purposes, the Court indicated that courts are not to

2  serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

3  As the Ninth Circuit stated:

4  The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not
5  limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the
6  district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The
7  Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of
8  protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

9  *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

10  **III.  THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL**

11  In accordance with the Protective Order and the above-referenced authority, Motorola
12  moves to file the following documents under seal for the stated reasons:

13  **A.  Exhibits 35-39, 44, 46, 48, 50, 58, and 63-64 to the Second Declaration of Samuel L.
14  Brenner**

15  Exhibit 35 is a true and correct copy of the July 24, 2012 Expert Report of Motorola expert

16  Richard Schmalensee. Exhibit 36 is a true and correct copy of the August 10, 2012 Expert

17  Rebuttal Report of Richard Schmalensee. Both reports are designated "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY," and contain highly confidential information

19  about Microsoft and Motorola business and licensing practices and history. Disclosure of this

20  information to third parties and other party employees not covered by the protective order would

21  have the potential to lead to competitive harm. Accordingly, Exhibits 35 and 36 should be sealed

22  in their entireties.

23  Exhibit 37 is a true and correct copy of the transcript of the deposition of Timothy S.

24  Simcoe, Ph.D., which was taken under oath in Boston, Massachusetts, on August 29, 2012. By

25  agreement of the parties, that transcript has been designated as "CONFIDENTIAL." During his

26  deposition, Dr. Simcoe testified extensively regarding the content of both his opening and rebuttal

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND SUKUMAR - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

expert reports, which Microsoft has designated in their entireties "ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER." Accordingly, under the terms of the Protective Order, Motorola is required to file Exhibit 37 under seal.

Exhibit 38 is a true and correct copy of the transcript of the deposition of Matthew R. Lynde, Ph.D., which was taken under oath in San Francisco, California, on August 31, 2012. That transcript has been designated "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." At his deposition, Dr. Lynde testified extensively regarding the content of both his opening and rebuttal expert reports, which Microsoft has designated in their entireties as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER." Both Dr. Lynde's testimony and the expert reports referenced extensively throughout the course of his deposition disclose highly confidential Motorola and Microsoft information relating to business and licensing practices and history. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Accordingly, Exhibit 38 should be sealed in its entirety.

Exhibit 39 is a true and correct copy of the transcript of the deposition of Kevin M. Murphy, which was taken under oath in Chicago, Illinois, on August 31, 2012, selected pages of which were submitted to the Court as Exhibit 21 to the Declaration of Samuel L. Brenner, submitted on August 27, 2012, (Dkt. No. 392). This transcript has been designated as "HIGHLY CONFIDENTIAL." During his deposition, Dr. Murphy testified extensively regarding the content of both his opening and rebuttal expert reports, which Microsoft has designated in their entireties "ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER." Moreover, during his deposition, Dr. Murphy discussed confidential information about Microsoft's and Motorola's business and licensing practices and licensing history. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND SUKUMAR - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  lead to competitive harm. Due to presence of this highly confidential information throughout the
2  transcript, Exhibit 39 should be sealed in its entirety.

3  Exhibit 44 is a true and correct copy of an internal October 7, 2011 Motorola email,
4  forwarding an October 7, 2011 email, and bearing production number
5  MOTM_WASH1823_0393114. This email, which has been marked "CONTAINS
6  CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER,"
7  contains highly confidential business information relating to the licensing practices and history of
8  both Motorola and a non-party to this litigation. Disclosure of this information to third parties and
9  other party employees not covered by the protective order would have the potential to lead to
10 competitive harm. Accordingly, Exhibit 44 should be sealed in its entirety.

11 Exhibit 46 is a true and correct copy of the August 10, 2012 Rebuttal Report of Matthew
12 R. Lynde, Ph.D., Pursuant to Rule 26(a)(2)(B). The report, which is designated as
13 "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE
14 ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," contains highly
15 confidential Motorola and Microsoft information relating to business and licensing practices and
16 history. Disclosure of this information to third parties and other party employees not covered by
17 the protective order would have the potential to lead to competitive harm. Accordingly, Exhibit
18 46 should be sealed in its entirety.

19 Exhibit 48 is a true and correct copy of the transcript of the deposition of Ramamirtham
20 Sukumar, which was taken under oath in New York, New York, on August 28, 2012. This
21 deposition transcript has been marked "CONFIDENTIAL," however Motorola does not believe
22 that the transcript contains any confidential information. Under the terms of the Protective Order,
23 Motorola is required to file Exhibit 48 under seal. However, should Microsoft agree that the
24 transcript does not contain any confidential information, Motorola is ready to file a replacement
25 redacted version of the Opposition, which will not include redactions of references to Exhibit 48.
26

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S
MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND
SUKUMAR - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Exhibit 50 is a true and correct copy of the August 10, 2012 Rebuttal Expert Report of Charles R. Donohoe.  This report, which is designated as "CONTAINS CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," includes an examination of, and discloses, confidential and non-public financial and business information relating to both Microsoft and Motorola, and relating to licensing and business practices and history.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Accordingly, Exhibit 50 should be sealed in its entirety.

Exhibit 58 is a true and correct copy of a document entitled "IT Pro Pulse March 2009 Worldwide Analysis," bearing production numbers MS-MOTO_1823_00005092555-682.  This document, which has been marked "MICROSOFT -- CONFIDENTIAL BUSINESS INFORMATION -- SUBJECT TO PROTECTIVE ORDER, was marked as Exhibit 8 to the deposition of Peter E. Rossi, which was taken under oath in San Francisco, California, on August 30, 2012.  This document contains confidential consumer survey that Microsoft commissioned regarding awareness, satisfaction, and use of Microsoft operating systems.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Due to presence of this highly confidential information, Exhibit 58 should be sealed in its entirety.

Exhibit 63 is a true and correct copy of the August 10, 2012 Rebuttal Expert Report of Roger S. Smith, which has been marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  This report includes an examination of, and discloses, confidential and non-public financial and business information relating to both Microsoft and Motorola, and relating to licensing and business practices and history.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Accordingly, Exhibit 63 should be sealed in its entirety.

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND SUKUMAR - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    Exhibit 64 is a true and correct copy of the September 2011 Patent License Agreement
2  between Microsoft Corporation and Samsung Electronics Co. Ltd., bearing production numbers
3  MS-MOTO_1823_00002244552-575.  This license agreement is a highly confidential agreement
4  between Microsoft and Samsung, a non-party to this litigation, and has been marked by Microsoft
5  as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."
6  Although the agreement indicates that the parties may disclose its existence to third parties, the
7  terms of the agreement were kept in confidence. Disclosure of this information to third parties and
8  other party employees not covered by the protective order would have the potential to lead to
9  competitive harm. Due to presence of this highly confidential information throughout the license,
10 Exhibit 64 should be sealed in its entirety.

**B.   Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony by Charles R. Donohoe and Dr. R. Sukumar**

Motorola respectfully requests that its Opposition be filed under seal because of extensive citation to, and description of: (1) expert reports filed in this action by Microsoft's expert witnesses, which Microsoft has designated as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER"; (2) expert reports filed in this action by Motorola's expert witnesses, which Motorola has designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"; (3) confidential deposition testimony from this action; (4) confidential internal Motorola documents; and (5) confidential Microsoft internal documents.  Because this information is contained in the Opposition, and in accordance with its responsibilities under the Protective Order, Motorola has marked this document as containing "OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."  In lieu of sealing the entire Opposition, Motorola has redacted only those portions of its brief that disclose this confidential information.  While redactions were made to limit as little information as possible, leaving the remainder available for public review, given the subject matter of the Opposition, which responds to Microsoft's critiques

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S
MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND
SUKUMAR - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  of the methodologies used by Motorola experts Charles Donohoe and and Dr. R. Sukumar, large
2  portions of the Motion have been redacted.

3  **IV.    CONCLUSION**

4  For the foregoing reasons, Motorola respectfully requests that this Court order that the
5  following documents be filed under seal:

6  1.   Exhibits 35-39, 44, 46, 48, 50, 58 and 63-64 to the Second Declaration of Samuel
7       L. Brenner; and

8  2.   Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702
       Motion to Preclude Testimony by Charles R. Donohoe and Dr. R. Sukumar.

10  DATED this 5th day of September, 2012.

11                                                  SUMMIT LAW GROUP PLLC

12                                                  By */s/ Ralph H. Palumbo*
                                                        Ralph H. Palumbo, WSBA #04751
13                                                      Philip S. McCune, WSBA #21081
                                                        Lynn M. Engel, WSBA #21934
14                                                      ralphp@summitlaw.com
                                                        philm@summitlaw.com
15                                                      lynne@summitlaw.com

16                                                  By */s/ Thomas V. Miller*
17                                                      Thomas V. Miller
                                                        MOTOROLA MOBILITY, INC.
18                                                      MD W4-150
                                                        600 North U.S. Highway 45
19                                                      Libertyville, IL  60048-1286
                                                        (847) 523-2162

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S
MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND
SUKUMAR - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

And by

2

Jesse J. Jenner (*pro hac vice* )
Steven Pepe (*pro hac vice* )

3

Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP

4

1211 Avenue of the Americas
New York, NY  10036-8704

5

(212) 596-9046
*jesse.jenner@ropesgray.com*

6

*steven.pepe@ropesgray.com*
*kevin.post@ropesgray.com*

7

8

James R. Batchelder (*pro hac vice*)
Norman H. Beamer (*pro hac vice* )
Ropes & Gray LLP

9

1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284

10

(650) 617-4030
*james.batchelder@ropesgray.com*

11

*norman.beamer@ropesgray.com*

12

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP

13

One Metro Center
700 12th Street NW, Suite 900

14

Washington, DC  20005-3948
(202) 508-4693

15

*paul.schoenhard.@ropesgray.com*

16

***Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corp.***

17

18

19

20

21

22

23

24

25

26

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND SUKUMAR - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Danielson, Harrigan, Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 5th day of September, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF OPPOSITION TO MICROSOFT'S MOTION TO PRECLUDE TESTIMONY BY DONOHOE AND SUKUMAR - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001