THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

                Plaintiff,

   vs.

MOTOROLA, INC., et al.,

                Defendants.
_____
MOTOROLA MOBILITY, INC., et al.,

                Plaintiffs,

   vs.

MICROSOFT CORPORATION,

                Defendants.

Case No. C10-1823-JLR

**MICROSOFT'S RESPONSE TO MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS *DAUBERT* MOTION (ECF NO. 390)**

NOTED:  September 7, 2012

## I.  INTRODUCTION

Microsoft does not oppose Motorola Mobility and General Instrument's August 27, 2012 Motion to File Documents Under Seal in Support of the Daubert Motion to Exclude Certain Testimony of Plaintiff's Experts Drs. Lynde, Murphy, and Simcoe (Motorola's "Motion") (ECF No. 390).  As described in Motorola's Motion, the following documents were filed under seal:

MICROSOFT'S RESPONSE TO MOTOROLA'S
8-27-12 MOTION TO SEAL (ECF NO. 390) - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1. Motorola Mobility's and General Instrument's *Daubert* Motion to Exclude Certain Testimony of Plaintiff's Experts Dr.s. Lynde, Murphy, and Simcoe (ECF Nos. 391 & 393); and

2. Exhibits 3-8, 10, 21 and 33 to the Declaration of Samuel L. Brenner in Support thereof.

Motorola argues that Exhibits 8, 10, 21, and 33 contain Confidential Business Information relating to the parties' private licensing and business practices, the disclosure of which could lead to competitive harm. Microsoft agrees that these documents should remain under seal. Likewise, Microsoft agrees that an unredacted version of Motorola's *Daubert* Motion should remain under seal.

Exhibits 3-7 contain excerpts from certain of Microsoft's experts' opening and rebuttal reports. Motorola states that it does not believe any of the excerpts contain Confidential Business Information and none need remain under seal. Microsoft agrees that Exhibits 3-4 and Exhibits 6-7 need not remain under seal.[1] However, Exhibit 5 contains references to documents produced by non-parties pursuant to subpoenas issued in this Action that were designated as Attorneys' Eyes Only under the Protective Order. Good cause exists to maintain Exhibit 5 under seal.

## II. AUTHORITY

A. **The Operative Protective Order and Applicable Court Rules Permit and Require Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, the parties are required to file materials designated by the parties or non-parties as containing Confidential

---

[1] Microsoft is <u>not</u> withdrawing its designation of the expert reports from which Exhibits 3-7 originate as containing Confidential Business Information. While the specific excerpts submitted by Motorola may not contain Confidential Business Information, other portions of these reports do contain Confidential Business Information and are subject to the filing requirements set forth in the Protective Order.

MICROSOFT'S RESPONSE TO MOTOROLA'S
8-27-12 MOTION TO SEAL (ECF NO. 390) - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Business Information[2] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

---

[2] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

MICROSOFT'S RESPONSE TO MOTOROLA'S
8-27-12 MOTION TO SEAL (ECF NO. 390) - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a non-dispositive motion upon a showing of good cause. While the public generally enjoys a right to inspect and copy public records, "it is uncontested … that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978). As the Court recognized, one such "improper purpose" is where the commercial business information at issue is sought to be used as a "source[] of business information that might harm a litigant's competitive standing." *Id.* (denying access to copies of tapes played at trial and noting that courts refused public access to their files where granting such access might "become a vehicle for improper purposes," including causing a litigant competitive harm). Good cause exists to maintain Exhibit 5 under seal.

B. **Good Cause Exists for Maintaining Exhibit 5 Under Seal.**

Exhibit 5 consists of excerpts from the opening expert report of Matthew R. Lynde, one of Microsoft's experts in this Action. The excerpts reference and describe documents produced by non-parties that have been designated as "Outside Attorneys' Eyes Only" under the Protective Order. Just as the parties would be required to file these underlying documents under seal, so to should documents referencing these underlying materials be maintained under seal. Good cause exists to maintain Exhibit 5 under seal.

### III.  CONCLUSION

For these reasons, Microsoft respectfully requests that Exhibit 5 to the Brenner Declaration, and any references to materials contained in Exhibit 5 in Motorola's *Daubert* Motion (ECF Nos. 391 & 393), remain under seal. Microsoft does not oppose the remainder of Motorola's motion.

MICROSOFT'S RESPONSE TO MOTOROLA'S
8-27-12 MOTION TO SEAL (ECF NO. 390) - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  Nothing herein is intended as a waiver of Microsoft's right to contest Motorola's
2  designation of material as Confidential in accordance with the terms of the Protective Order.
3  Microsoft expressly reserves the right to do so as the circumstances warrant.

DATED this 5th day of September, 2012.

CALFO HARRIGAN LEYH & EAKES LLP

By s/ Arthur W. Harrigan, Jr.
    Arthur W. Harrigan, Jr., WSBA #1751
    Christopher Wion, WSBA #33207
    Shane P. Cramer, WSBA #35099

By  s/ T. Andrew Culbert
    T. Andrew Culbert
    David E. Killough
    MICROSOFT CORPORATION
    1 Microsoft Way
    Redmond, WA  98052
    Phone:  425-882-8080
    Fax:  425-869-1327

    David T. Pritikin
    Richard A. Cederoth
    Constantine L. Trela, Jr.
    William H. Baumgartner, Jr.
    Ellen S. Robbins
    Douglas I. Lewis
    David C. Giardina
    John W. McBride
    David Greenfield

    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, IL  60603
    Phone:  312-853-7000
    Fax:  312-853-7036

MICROSOFT'S RESPONSE TO MOTOROLA'S
8-27-12 MOTION TO SEAL (ECF NO. 390) - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  Carter G. Phillips
   Brian R. Nester

2  SIDLEY AUSTIN LLP
3  1501 K Street NW
   Washington, DC  20005
4  Telephone:  202-736-8000
   Fax:  202-736-8711
5  Counsel for Microsoft Corp.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT'S RESPONSE TO MOTOROLA'S
8-27-12 MOTION TO SEAL (ECF NO. 390) - 6

# CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 5th day of September, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X__ ECF |
| Telephone:  (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S RESPONSE TO MOTOROLA'S
8-27-12 MOTION TO SEAL (ECF NO. 390) - 7

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X___ ECF |

DATED this 5th day of September, 2012.

                              s/ Linda Bledsoe_____
                              LINDA BLEDSOE

MICROSOFT'S RESPONSE TO MOTOROLA'S
8-27-12 MOTION TO SEAL (ECF NO. 390) - 8

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717