# EXHIBIT 1

The Honorable James L. Robart

1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

8

MICROSOFT CORPORATION, a Washington corporation,

9

              Plaintiff,

10

11

       v.

12

MOTOROLA, INC., and MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

13

14

              Defendants.

15

16

MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

17

       Plaintiffs/Counterclaim Defendant,

18

19

       v.

20

MICROSOFT CORPORATION,

21

       Defendant/Counterclaim Plaintiff.

22

23

24

25

26

CASE NO. C10-1823-JLR

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO AMEND PROTECTIVE ORDER

**NOTED ON MOTION CALENDAR:**
**Friday, September 7, 2012**

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER
CASE NO. C10-1823-JLR

4848-1632-1296.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## I.  INTRODUCTION

Microsoft and Motorola stipulated to the terms of the Protective Order that was entered by the Court and has governed discovery in this case for more than a year.  Motorola, Microsoft and third parties have produced hundreds of thousands of pages in reliance on the provisions and protections of the Protective Order, including the provision that permits the supplier of commercially sensitive financial and licensing information to limit disclosure of that information to outside counsel, retained experts, court reporters and the Court by designating such information "CONFIDENTIAL FINANCIAL INFORMATION/OUTSIDE COUNSEL ATTORNEYS' EYES ONLY."  Microsoft's motion asks the Court to amend the Protective Order retroactively to give Microsoft's in-house attorney access to Confidential Financial Information that he was not permitted to see at the time the information was produced.  .   Microsoft's motion to amend the Protective Order should be denied because Microsoft cannot demonstrate that good cause supports such a modification.

## II.  STATEMENT OF FACTS

On April 22, 2011, Microsoft Corporation ("Microsoft") and Motorola Inc., Motorola Mobility, Inc., and General Instrument Corporation (collectively "Motorola") filed the stipulated Protective Order that they had negotiated and which they agreed "will govern the conduct of discovery in this case." (ECF No. 64).  The parties' stipulated Protective Order was accepted by the Court and entered on July 21, 2011.  (ECF No. 72).

Paragraph 1 of the Protective Order defines the term "Confidential Business Information." Paragraph 2 permits the supplier of any such information to so designate such information. Paragraph 3 limits the disclosure of Confidential Business Information to:  (i) outside counsel for the parties; (ii) qualified persons taking testimony involving such information; (iii) technical experts and their staff employed for the purposes of this litigation; and (iv) the Court.

As is typical of protective orders in cases such as this, the Protective Order agreed to by the parties and entered by the Court provides that certain confidential information may be

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

4848-1632-1296.2

excluded from disclosure to in-house counsel for the parties.  Paragraph 6 permits disclosure of

Confidential Business Information to two in-house counsel for each party, *provided that:*

> Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION-OUTSIDE COUNSEL ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER" . . . .

ECF No. 72, ¶ 6.

Paragraph 7 of the Protective Order permits in-house counsel designated in Paragraph 6 to

participate in any confidential portions of the trial or other in-Court proceedings, *except that*

designated in-house counsel *are excluded* from confidential portions of Court proceedings

involving Confidential Financial Information designated "Outside Counsel Attorneys' Eyes

Only:"

> *Subject to the restrictions of paragraph 6 above,* the two in-house counsel designated therein shall not be excluded from any confidential portion of the trial or other in-Court proceeding in this case.

ECF No. 72, ¶ 7.

Since entry of the Protective Order, Microsoft, Motorola and subpoenaed third parties have

produced hundreds of thousands of pages designated as "Outside Counsel Attorneys' Eyes Only"

under Paragraph 6 of the Protective Order.  In cases where Motorola has confidential licensing or

other commercially sensitive financial information of a third party in its files, before producing

such information it has sought and obtained permission from the third party to produce the

information subject to the "Outside Counsel Attorneys' Eyes Only" provision of Paragraph 6,

thereby providing assurance to the third party that its confidential licensing and financial

information will not be disclosed to Microsoft's in-house counsel.  *See* Declaration of Kevin J.

Post, attached hereto as Exhibit A.  Finally, both Microsoft and Motorola have designated portions

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER - 2
CASE NO. C10-1823-JLR

4848-1632-1296.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

of motions and memoranda, expert reports and other pleadings as "Outside Attorneys' Eyes' Only."

Paragraph 10 of the Protective Order provides for relief in the event that a supplier of information improperly designates the information as confidential.  The party objecting to the designation is required to challenge the designation in writing.  If the supplier does not agree to remove the designation, the dispute is submitted to the Court for a ruling.  In addition, the Court may *sua sponte* question the designation, and after hearing, may remove the confidentiality designation.  Microsoft has not challenged the designation of information as "Outside Counsel Attorneys' Eyes Only" at any time prior to, or in connection with, its Motion to Amend the Protective Order.

On January 24, 2012, the Court entered an order requiring a Motorola in-house counsel (e.g., Neill Taylor for Motorola), and a Microsoft in-house counsel (Andy Culbert), to sign each substantive filing.  Since that date, Messrs. Culbert and Taylor have signed every substantive pleading filed by their respective companies and they have done so without access to information designated "Outside Counsel Attorneys' Eyes Only" under Paragraph 6 of the Protective Order.

### III.   ARGUMENT

Rule 26(c) empowers the Court to enter a protective order for "good cause" to protect a party from, among other things, revealing commercially sensitive information.  Fed. R. Civ. P. 26(c).  In deciding whether to modify a stipulated protective order at the request of a party that originally agreed to the order, the Court may consider many factors, including:  (1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification.  *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,* 234 F.R.D. 175, 179 (N.D. I11. 2006) (citing *Bayer AG v. Barr Lab., Inc.,* 162 F.R.D. 456, 458 (S.D.N.Y. 1995)).

As the party seeking modification, Microsoft has the burden to show good cause.  *Id.; Bayer,* 162 F.R.D. at 465-66.  Further, a court may consider the integrity and efficiency of the

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

judicial system as well as the "lubricating effect" of honoring a protective order when deciding whether a request for modification should be granted. *See, e.g.*, *SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 530-31 (N.D. Ala. 2003) ("The court finds that allowing modification of a protective order would impede discovery in future cases, because parties would be discouraged from disclosing documents for fear of forced disclosure later."); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229-30 (2d Cir. 2001) (noting that there is a presumption against modifying protective orders because they serve "the vital function . . . of 'secur[ing] the just, speedy, and inexpensive determination' of civil disputes . . by encouraging full disclosure of all evidence that conceivably be relevant. . . . This objective represents the cornerstone of our administration of civil justice.") (quoting *Martindell v. Int'l Tel. & Tel. Corp.,* 594 F.2d 291, 295-296 (2d Cir. 1979)).

In this case, all these factors and considerations weigh against Microsoft's request to amend the Protective Order.

## A.  Microsoft Fails to Show Good Cause for Modifying the Protective Order.

The most significant factor to consider in deciding whether to modify a protective order is whether the moving party has demonstrated good cause for doing so.  As Courts in multiple Circuits have confirmed, a party that seeks to modify a protective order which that same party negotiated and stipulated to must demonstrate "particular good cause."  *See, e.g.*, *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Iowa 1992) ("There is general unanimity among the courts that where a party to [a] stipulated protective order seeks to modify that protective order, that party must demonstrate particular good cause in order to gain relief from the agreed to protective order.") (citing *e.g., Richard Wolf Medical Instruments Corp. v. Dory*, 130 F.R.D. 389, 392 (N.D. Ill. 1990); *Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393, 404 (W.D. Va. 1987); *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978)); *see also Bayer AG and Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 462-63 (S.D.N.Y. 1995) (on a party's motion to modify a protective order, the Court must find, among other things, good cause

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER - 4
CASE NO. C10-1823-JLR

4848-1632-1296.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

and must also examine whether the protective order was stipulated to by the parties and the parties' reliance on the Protective Order).

In this case, the Protective Order prohibits disclosure to in-house counsel of commercially sensitive licensing and financial information.  ECF No. 72, ¶ 6.  That provision was included by the parties and the Court in recognition of the fact that there are compelling reasons to protect certain categories of confidential information from disclosure to in-house counsel.  The Protective Order permits Microsoft to challenge the designation of specific confidential information if needed and ask the Court to de-designate such information if it believes it has been wrongfully classified.  ECF No. 72, ¶ 10.  Microsoft has failed to show good cause, much less "particular good cause," as to why the original compelling reasons for creating these provisions should now be ignored.  *See Jochims,* 145 F.R.D. at 501.

The only reason Microsoft offers in justification for modifying the Protective Order is that the Court has required in-house counsel to sign pleadings, and Microsoft's in-house counsel, Mr. Culbert, has generalized concerns about meeting his Rule 11 obligations.  However, Rule 11 itself addresses Microsoft's concern.  Rule 11(b) states that an attorney or party who signs a pleading is verifying its accuracy "after an inquiry reasonable *under the circumstances . . . .*" Fed. R. Civ. P. 11(b).  In this case, a Court order expressly prevents in-house counsel from viewing competitor's confidential licensing and financial information.  Thus, under these circumstances a reasonable inquiry would entail reviewing and verifying the accuracy of only the materials to which in-house counsel do have access.  It strains credibility to argue, as Microsoft has, that the Court would find Mr. Culbert liable under Rule 11 for failing to review and certify the accuracy of documents which the Court itself has restricted the attorneys from viewing.  Moreover, Microsoft is represented by outside attorneys who have access to all the information designated "Outside Counsel Attorneys' Eyes Only" and who are equally subject to Rule 11.  There is simply no risk that Mr. Culbert's inability to access information properly designated as "Outside Counsel Attorneys' Eyes Only" will prejudice Microsoft's ability to ensure that its

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER - 5
CASE NO. C10-1823-JLR

4848-1632-1296.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

factual contentions or denials of factual contentions are supported by evidentiary or reasonably based on belief or lack of information.[1]  Indeed, Mr. Culbert has been signing pleadings for the last seven months, and Microsoft has not once raised any concern that Mr. Culbert could not abide by his Rule 11 obligations.

**B.      Microsoft Misreads the Protective Order to Permit In-House Counsel to Remain in the Courtroom During Presentation of Evidence Designated "Outside Attorneys' Eyes Only."**

Microsoft asserts that there is no harm in disclosing "Outside Counsel Attorneys' Eyes Only" information to Mr. Culbert at this time because Paragraph 7 of the Protective Order "already contemplates" that he will have access to this information at trial.  Microsoft Motion to Amend Protective Order at 5.  Microsoft states:

> The Protective Order provides that these designated in-house counsel:  "shall not be excluded from any confidential portion of the trial or other in-Court proceeding in this case."  *Id.*

But Microsoft's characterization of the Protective Order crops, and therefore ignores, the opening phrase of Paragraph 7:

> *Subject to the restrictions of Paragraph 6 above,* the two in-house counsel designated therein shall not be excluded from any confidential portion of the trial or other in-Court proceeding in this case.

Thus, the same provisions of Paragraph 6 which exclude disclosure of "Outside Counsel Attorneys' Eyes Only" information to Mr. Culbert also exclude him from confidential portions of the trial or other in-Court proceedings involving such information.[2]

---

[1] If a specific situation arises where in-house counsel questions the veracity of an argument or fact set forth by its client and shows a need as to why in-house counsel, as opposed to outside counsel, needs access to restricted confidential information to address the specific Rule 11 concern, it would be more appropriate to seek a narrow exemption from the Protective Order tailored to that specific concern instead of seeking a blanket destruction of a core-tenet of the stipulated Protective Order (*i.e.*, preventing Microsoft employees, including in-house counsel, from viewing competitors' licensing and financial information).

[2] Motorola recognizes that "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'"  *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).  Thus, a party seeking to close the courtroom when confidential information is

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER - 6
CASE NO. C10-1823-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4848-1632-1296.2

**C.    Motorola and Third Parties Have Produced Documents in Reliance on the Provisions of the Protective Order.**

Another factor that courts may consider when deciding whether to modify Protective Orders is reliance by parties who have produced documents under the Protective Order.  *See Murata*, 234 F.R.D. at 180.  As one court explained, blanket protective orders such as this are "essential to the functioning of civil discovery."  *Bayer*, 162 F.R.D. at 467.  But for the ability to place their confidence in the integrity of Protective Orders, litigants would be unable to exchange discovery in a manner that secures the "just, speedy, and inexpensive determination" of every matter.  Fed. R. Civ. P. 1.

The Protective Order has been in place for more than a year, during which time a large amount of information has been produced by the parties in reliance on the provisions of Paragraph 6, which prevents disclosure of highly confidential licensing and financial information to in-house counsel.  Further, and just as importantly, third parties who are competitors of Microsoft have produced (or permitted Motorola to produce) very sensitive licensing and financial information in this case in reliance on (1) the Protective Order restriction that limits disclosure only to outside counsel, retained experts, court reporters, and the Court, or (2) Motorola's explicit commitment to treat these materials in this case (and other cases) as highly confidential, limiting their distribution to "Outside Counsel Only."  It would be unjust to deny to Motorola and these third-parties the protection provided by the Protective Order solely because Microsoft's in-house counsel now claims a generalized and unnecessary concern about meeting Rule 11's obligations. If the Court were to grant this motion, Motorola (and Microsoft) would be required to contact all the third parties that have previously given consent and inform them of the modifications to the Protective Order.  Given the sensitive, highly confidential nature of information that been produced on an "Outside Counsel Attorneys' Eyes Only" basis, it is likely that some third parties would withhold their consent and could file motions for a further Protective Order with this Court.

presented at trial must demonstrate "compelling reasons" that outweigh the public policies favoring disclosure.  *Id*. at 1178-79.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**D.      The Nature of the Protective Order Weighs Against Modification.**

The nature of the Protective Order in this case – i.e. a blanket protective order to which the parties stipulated—also weighs against allowing modification.  Protective orders generally fall into three categories:  "umbrella" protective orders are the broadest type and provide for the protection of all discovery without screening by the parties or the Court.  *Murata,* 234 F.R.D. at 179-80**.  "**Specific" protective orders are at the other end of the spectrum and cover only information specifically designated by a party.  *Id.*  "Blanket" protective orders require each party to designate as protected the information that it reasonably believes to be sensitive.  *See Murata*, 234 F.R.D. at 179; *Bayer*, 162 F.R.D. at 465.  Specific protective orders are the least subject to modification, and umbrella protective orders are the "most susceptible to modification," while blanket protective orders, especially when stipulated to by direct competitors, are "more difficult" to modify.  *Murata*, 234 F.R.D. at 179.  Prior stipulation to the terms of the Protective Order in this case undermines a request for modification.  *See AT&T v. Grady*, 594 F.2d 594, 597 (7th Cir. 1978), *cert. denied*, 440 U.S. 971 (1979) ("where a protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify the modification of the order.").

The Protective Order here is a blanket order, as it allows each party and third party that supplies information to designate as confidential any information that it, in good faith, deems worthy of heightened protection from disclosure.  The Protective Order was stipulated to after negotiation of its terms by the parties.  Thus, the nature of this Protective Order weighs against allowing a modification.

**E.      Foreseeability of Need for Modification.**

The final factor considered by courts in deciding whether to modify a protective order is the foreseeability, at the time of issuance of the order, of the modification requested.  *Murata*, 234 F.R.D. at 179.  Microsoft and its outside counsel have many years of experience in complex cases such as this, and they have undoubtedly negotiated and been party to numerous protective orders

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER - 8
CASE NO. C10-1823-JLR

4848-1632-1296.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   with the same or similar provisions.  At the time the Protective Order was negotiated and entered,

2   the issues in the case were framed and it was foreseeable, indeed it was certain, that a significant

3   volume of highly confidential licensing and financial information would be designated "Outside

4   Counsel Attorneys' Eyes Only."  This foreseeability further weighs against modification now.

### IV.   CONCLUSION

6        For all of the foregoing reasons, Motorola respectfully requests that an Order be entered in

7   the proposed form attached denying Microsoft's Motion to Amend Protective Order.

8        DATED this 5th day of September, 2012.

SUMMIT LAW GROUP PLLC

By /s/ Ralph H. Palumbo
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    ralphp@summitlaw.com
    philm@summitlaw.com
    lynne@summitlaw.com

By /s/ Thomas V. Miller
    Thomas V. Miller
    MOTOROLA MOBILITY, INC.
    MD W4-150
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    (847) 523-2162

And by

    Jesse J. Jenner (*pro hac vice* )
    Steven Pepe (*pro hac vice* )
    Kevin J. Post (*pro hac vice*)
    Ropes & Gray LLP
    1211 Avenue of the Americas
    New York, NY  10036-8704
    (212) 596-9046
    jesse.jenner@ropesgray.com
    steven.pepe@ropesgray.com
    kevin.post@ropesgray.com

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

4848-1632-1296.2

James R. Batchelder (*pro hac vice*)
Norman H. Beamer (*pro hac vice* )
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*james.batchelder@ropesgray.com*
*norman.beamer@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corporation***

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER - 10
CASE NO. C10-1823-JLR

4848-1632-1296.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Danielson, Harrigan, Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 5th day of September, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

# EXHIBIT A

The Honorable James L. Robart

1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7              FOR THE WESTERN DISTRICT OF WASHINGTON
                                  AT SEATTLE

8   MICROSOFT CORPORATION, a Washington
9   corporation,                                CASE NO. C10-1823-JLR

10                              Plaintiff,       DECLARATION OF KEVIN J. POST IN
                                                SUPPORT OF MOTOROLA RESPONSE TO
11                  v.                           MICROSOFT'S MOTION FOR LEAVE TO
                                                FILE MOTION TO AMEND PROTECTIVE
12  MOTOROLA, INC., and MOTOROLA                 ORDER
    MOBILITY, INC., and GENERAL
13  INSTRUMENT CORPORATION,                      **NOTED ON MOTION CALENDAR:**
                                                **Friday, September 7, 2012**
14                              Defendants.

15  ────────────────────────────────────

16  MOTOROLA MOBILITY, INC., and
    GENERAL INSTRUMENT CORPORATION,
17
                Plaintiffs/Counterclaim Defendant,
18
19                  v.

20  MICROSOFT CORPORATION,

21              Defendant/Counterclaim Plaintiff.

22

23

24

25

26  DECLARATION OF KEVIN J. POST IN SUPPORT OF
    MOTOROLA RESPONSE TO MICROSOFT'S MOTION FOR        SUMMIT LAW GROUP PLLC
    LEAVE TO FILE MOTION TO AMEND PROTECTIVE            315 FIFTH AVENUE SOUTH, SUITE 1000
    ORDER                                                 SEATTLE, WASHINGTON 98104-2682
    CASE NO. C10-1823-JLR                                 Telephone: (206) 676-7000
                                                              Fax: (206) 676-7001
    31751467_3

I, KEVIN J. POST, declare as follows:

1.      I am an associate at the law firm of Ropes & Gray LLP, counsel to Motorola Mobility, Inc. and General Instrument Corporation (collectively "Motorola"), Defendants in this action, and am a member in good standing of the bars of the State of New York and the District of Columbia.

2.      I submit this declaration in support of Motorola's Response to Microsoft's Motion for Leave to File Motion to Amend Protective Order, submitted concurrently herewith.

3.      As counsel for Motorola in this case, and other cases pending between Motorola and Microsoft in this district and elsewhere, Ropes & Gray worked with Quinn Emanuel, counsel for Motorola in its various cases against Apple, as well as against Microsoft.  In an effort to coordinate discovery activities between the various co-pending cases, attorneys from Quinn Emanuel sent notice letters on behalf of Motorola to third parties whose confidential information was responsive to various Apple and Microsoft discovery requests, notifying them of Motorola's intent to produce those materials.  Because the impacted cases were at various stages, no protective order was attached to those notice letters, but Quinn Emanuel informed third parties that their material would be produced under the highest confidentiality level allowable under each protective order.

4.      Attached as Exhibit 1 is a true and correct copy of a letter from counsel for Motorola to Eastman Kodak Company, dated December 28, 2010, seeking permission to disclose certain documents to opposing counsel in several actions, under the highest level of confidentiality allowed by the applicable protective orders.

5.      Attached as Exhibit 2 is a true and correct copy of an email from Eastman Kodak Company to counsel for Motorola, dated January 19, 2011, consenting to the disclosure of certain documents in several actions, under the "highest standard of confidentiality, i.e. outside counsel attorney's eyes only."

DECLARATION OF KEVIN J. POST IN SUPPORT OF
MOTOROLA RESPONSE TO MICROSOFT'S MOTION FOR
LEAVE TO FILE MOTION TO AMEND PROTECTIVE
ORDER -- 2
CASE NO. C10-1823-JLR
31751467_3

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

6.     The document productions made by Motorola in the Apple and Microsoft cases included materials produced previously in an ITC action pending between Motorola and Research In Motion (ITC Inv. No. 337-TA-706).  During that Investigation, notice letters were sent out by Ropes & Gray, requesting permission to produce on an "outside counsel" only basis.

7.     Attached as Exhibit 3 is a true and correct copy of a letter from counsel for Motorola to Hitachi, Ltd., dated April 5, 2010, seeking permission to disclose certain documents in connection with ITC Investigation 337-TA-706, under the applicable protective order, limiting disclose to outside counsel, expert witnesses that subscribed to the protective order and ITC personnel.

8.     Attached as Exhibit 4 is a true and correct copy of a an email from Hitachi Ltd. to counsel for Motorola, dated April 5, 2010, consenting to the disclosure of certain documents under the protective order entered in ITC Investigation 337-TA-706, "which allows only outside counsel, expert witnesses and ITC personnel" access the relevant documents.

9.     The above examples are representative of the correspondence between counsel for Motorola and other third parties who consented to the disclosure of that third party's confidential information.  The following third parties consented to the disclosure of confidential information under these terms: Agilent Technologies, Inc.; Aruba Networks, Inc.; Brightstar Corp.; Casio Computer Company, Ltd.; Chi Mei Communication Systems; Denso Corp.; Eastman Kodak Co.; Telefonaktiebolaget LM Ericsson; Giant Electronics Ltd.; Harris Corp.; Hand Held Products, Inc.; Hitachi Ltd.; Hop-on Wireless, Inc.; High Tech Computer Corp.; IFR Systems Inc.; Intermec Technologies Corp.; LG Electronics Inc.; Matsushita Electric Industrial Co., Ltd.; Metrologic Instruments, Inc.; NEC Corp.; Nokia Corp.; Option NV; Philips Electronics N.V.; Qisda Corp.; Qualcomm, Inc.; Research In Motion Ltd.; Sagem Communication; Samsung Electronics Co., Ltd.; Sanyo Electric Co., Ltd.; Sharp Corp.; Sierra Wireless, Inc.; Telit Communications S.p.A.; VTech Communications, Inc.

DECLARATION OF KEVIN J. POST IN SUPPORT OF
MOTOROLA RESPONSE TO MICROSOFT'S MOTION FOR
LEAVE TO FILE MOTION TO AMEND PROTECTIVE
ORDER -- 3
CASE NO. C10-1823-JLR
31751467_3

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1        10.     Exhibits 1 and 3 are also representative of letters sent by counsel for Motorola to

2   third parties, where such third parties did not respond to the letter.

3

4   I declare under penalty of perjury of the laws of the United States and the State of Washington

5   that the foregoing is true and correct.

6

7   DATED this 5th day of September, 2012.

                                              _____

8                                          Kevin J. Post

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   DECLARATION OF KEVIN J. POST IN SUPPORT OF

26   MOTOROLA RESPONSE TO MICROSOFT'S MOTION FOR
LEAVE TO FILE MOTION TO AMEND PROTECTIVE
ORDER -- 4
CASE NO. C10-1823-JLR

31751467_3

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

### CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Danielson, Harrigan, Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 5th day of September, 2012.

_____
/s/ *Marcia A. Ripley*
Marcia A. Ripley

DECLARATION OF KEVIN J. POST IN SUPPORT OF
MOTOROLA RESPONSE TO MICROSOFT'S MOTION FOR
LEAVE TO FILE MOTION TO AMEND PROTECTIVE
ORDER -- 5
CASE NO. C10-1823-JLR

31751467_3

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# EXHIBIT 1

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL: (415) 875-6600 FAX: (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6415**

WRITER'S INTERNET ADDRESS
**joshuasohn@quinnemanuel.com**

December 28, 2010

Roland R. Schindler II
Director, Patent Litigation
Eastman Kodak Company
343 State Street
Rochester, NY 14650-2201

Re:     Request for Consent to Produce Confidential Eastman Kodak Documents

Dear Mr. Schindler:

I am writing on behalf of Motorola, Inc. and Motorola Mobility, Inc. (collectively "Motorola"). Motorola is involved in several legal actions in which it is represented by Quinn Emanuel Urquhart & Sullivan, LLP and Ropes & Gray, LLP. Quinn Emanuel represents Motorola in *Certain Mobile Devices, Associated Software, and Components Thereof*, Inv. No. 337-TA-744 (U.S. Int'l Trade Comm'n); *Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*, Inv. No. 337-TA-745 (U.S. Int'l Trade Comm'n); *Motorola Mobility, Inc., v. Apple Inc. and Next Software, Inc.*, No. 10-867-GMS (D. Del.); and *Motorola Mobility, Inc., v. Apple Inc.*, No. 1:10-cv-23580-UU (S.D. Fla.)  Ropes & Gray represents Motorola in *Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, No. 337-TA-752 (U.S. Int'l Trade Comm'n); *Motorola Mobility, Inc. and General Instrument Corp. v. Microsoft Corp.*, No. 3:10-cv-00699-WMC (W.D. Wisc.); *Motorola Mobility, Inc. and General Instrument Corp. v. Microsoft Corp.*, No. 3:10-cv-00700-WMC (W.D. Wisc.); and *Motorola Mobility, Inc. and General Instrument Corp. v. Microsoft Corp.*, No. 1:10-cv-24063-FAM (S.D. Fla.).

Opposing counsel in several of these actions have recently asked us to re-produce the documents that Motorola had previously produced in the matter of *Certain Wireless Communication System Server Software, Wireless Handheld Devices and Battery Packs*, Inv. No. 337-TA-706 (U.S. Int'l Trade Comm'n).  Some of these previously-produced documents include Eastman Kodak confidential documents, including executed license agreements and/or correspondence relating to

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

various Motorola-owned patents.

In an email dated April 6, 2010, you had given Motorola permission to produce these confidential documents in the *Certain Wireless Communication System Server Software* action. Motorola hereby seeks your permission to re-produce these same documents in the actions listed in the first paragraph of this letter.  Naturally, Motorola would designate these documents with the highest level of confidentiality allowed by the protective orders in these actions.

Please let us know if we have your consent to re-produce these documents.  Should we not hear from you, we plan to produce these documents by January 31, 2011.  Please feel free to contact me at any time with questions or concerns.  Thank you in advance for your consideration.

Very truly yours,

*Joshua L. Sohn*

Joshua L. Sohn

# EXHIBIT 2

**McDonough, Conor B.**

| | |
|---|---|
| **From:** | sheila.popowych@kodak.com |
| **Sent:** | Wednesday, January 19, 2011 4:33 PM |
| **To:** | Joshua Sohn |
| **Cc:** | Robert R. Cleary; scott.clark@kodak.com |
| **Subject:** | RE: Motorola Request for Production of Documents |

Joshua - based on what you have provided below, Kodak gives its consent for producing the Motorola license agreement in the referenced actions.  As to the district court actions that are not yet governed by protective order, we request that the license agreement, should it require production,  be marked under the highest standard of confidentiality, i.e. outside counsel attorney's eyes only.


Regards,


Sheila L. Popowych
Paralegal, Eastman Kodak Company
343 State Street
Rochester, New York 14650-00205
phone: (585)  781-1588
KNET:  27-11588
fax: (585) 724-6611


The information in this e-mail is the property of Kodak and may be confidential.  It is intended for the named recipient(s) only.  If you have received it in error, please inform the sender and delete the message.  Thank you.  Please note that neither Kodak nor the sender accepts any responsibility for viruses and it is your responsibility to scan the e-mail and any attachments.


| | |
|---|---|
| From: | Joshua Sohn <Joshuasohn@quinnemanuel.com> |
| To: | "sheila.popowych@kodak.com" <sheila.popowych@kodak.com> |
| Cc: | "scott.clark@kodak.com" <scott.clark@kodak.com>, "Robert R. Cleary" <robertcleary@quinnemanuel.com> |
| Date: | 01/18/2011 08:26 PM |
| Subject: | RE: Motorola Request for Production of Documents |

Dear Sheila,

Attached is the lone document reflecting Kodak confidential information that we wish to produce.  It is a Kodak-Motorola license agreement ("Agreement").  The patents specifically referenced in this Agreement are listed on page 8 and Exhibits 2 and 3 in the Agreement.

I also am attaching the protective orders for the three International Trade Commission actions referred to in my letter.  Regarding the five U.S. District Court actions, no protective orders have yet been entered.  As soon as the protective orders are entered in these District Court actions, I will forward the protective orders on to you.  In the meantime, please let us know whether we have Kodak's consent to produce the Agreement in the International Trade Commission actions.  Thank you again for your consideration.

**Joshua Sohn**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

1

10

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6415 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
Joshuasohn@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** sheila.popowych@kodak.com [mailto:sheila.popowych@kodak.com]
**Sent:** Thursday, January 06, 2011 2:47 PM
**To:** Joshua Sohn
**Cc:** scott.clark@kodak.com
**Subject:** Motorola Request for Production of Documents

Joshua - we are in receipt of your December 28 letter to Roland Schindler in which you request Kodak consent to produce confidential documents, including the license agreement to which Kodak and Motorola are a party, as well as patent related correspondence, in 8 different pending ITC and/or District Court actions.

Before providing consent, we request a copy of the Protective Order in place for each of these cases - Kodak will mandate that our documents be produced under an outside counsel attorney eyes only confidentiality designation.  In addition, we ask that you provide us with the patent numbers of the "correspondence [*to which Kodak is a party*] relating to various Motorola owned patents."

We look forward to hearing from you.


Sheila L. Popowych
Paralegal, Eastman Kodak Company
343 State Street
Rochester, New York 14650-00205
phone: (585)  781-1588
KNET:  27-11588
fax: (585) 724-6611


The information in this e-mail is the property of Kodak and may be confidential.  It is intended for the named recipient(s) only.  If you have received it in error, please inform the sender and delete the message.  Thank you.  Please note that neither Kodak nor the sender accepts any responsibility for viruses and it is your responsibility to scan the e-mail and any attachments.[attachment "Kodak.pdf" deleted by Sheila L. Popowych/488615/EKC] [attachment "337-TA-744 Protective Order.pdf" deleted by Sheila L. Popowych/488615/EKC] [attachment "337-TA-745 Protective Order.pdf" deleted by Sheila L. Popowych/488615/EKC] [attachment "337-TA-752 Protective Order.pdf" deleted by Sheila L. Popowych/488615/EKC]

# EXHIBIT 3



ROPES & GRAY LLP
ONE METRO CENTER
700 12TH STREET, NW, SUITE 900
WASHINGTON, DC 20005-3948
WWW.ROPESGRAY.COM

April 5, 2010

Matthew J. Rizzolo
202-508-4715
202-383-9856 fax
Matthew.Rizzolo@ropesgray.com

**VIA E-MAIL**

Mr. Hisao Yamasaki
General Manager, IP Licensing
Hitachi, Ltd.
New Marunouchi Bldg., 5-1,
Marunouchi 1-chome
Chiyoda-ku, Tokyo 100-8220
Japan

Dear Mr. Yamasaki:

     I write to follow up on Hiro Hagiwara's March 16 letter and my April 1 e-mail regarding the production of two license agreements between Motorola and Hitachi in a pending investigation (Inv. No. 337-TA-706) before the United States International Trade Commission which involves our client, Motorola, and Research In Motion ("RIM").

     Because these licenses are responsive to RIM's discovery requests, and due to the rapid pace at which an ITC investigation progresses, we plan to produce the license agreements under the Protective Order entered in the case as HITACHI CONFIDENTIAL BUSINESS INFORMATION. According to terms of the Protective Order, these license agreements would only be viewable by the parties' outside counsel, expert witnesses who subscribe to the Protective Order, and ITC personnel, so Hitachi's confidential information would remain well-protected.

     I have enclosed the license agreements, as well as the Protective Order entered by the Administrative Law Judge in this Investigation. Please let me know by Wednesday, April 7, 2010 if Hitachi has any objection to the production of this license in this investigation as Hitachi Confidential Business Information. Thank you very much for your consideration and your cooperation in this matter.

     If you have any questions, please contact me at matthew.rizzolo@ropesgray.com or (202) 508-4715.

Sincerely yours,

Matthew J. Rizzolo

Enclosures

13

# EXHIBIT 4

## McDonough, Conor B.

| | |
|---|---|
| **From:** | hisashi.kumazaki.ek@hitachi.com |
| **Sent:** | Monday, April 05, 2010 10:14 PM |
| **To:** | Rizzolo, Matthew |
| **Cc:** | hisao.yamasaki.qw@hitachi.com; hiroyuki.okutsu.mk@hitachi.com |
| **Subject:** | Re:Fw:RE: Motorola's Request |

Dear Mr. Rizzolo:

Your emails addressed to Mr. Hisao Yamasaki were transferred to me.
I apologize for our delay in response.

We do not object to your production of two patent license agreements
between Motorola and Hitachi (i.e. CELLULAR ESSENTIAL PROPERTIES
CROSS LICENSE AGREEMENT - SUBSCRIBER and CELLULAR ESSENTIAL
PROPERTIES CROSS LICENSE AGREEMENT INFRASTRUCTURE) under the
protective order entered in ITC Inv. No. 337-TA-706, which allows
only outside counsel, expert witnesses and ITC personnel to view
those two agreements.

Thank you for notifying Hitachi of this discovery request.

Best regards,



Hisashi Kumazaki
General Manager, IP Licensing Department
Intellectual Property Group, Hitachi, Ltd.
Address: Marunouchi Center Building, 6-1 Marunouchi 1-chome
         Chiyoda-ku, Tokyo 100-8220 Japan
e-mail:  hisashi.kumazaki.ek@hitachi.com


>-------------- Begin of forwarded message ----------------------
>TO:山崎_寿郎
>送信者 : Matthew.Rizzolo@ropesgray.com
>主題 :RE: Motorola's Request
>受信日 : 2010/04/05 22:03
>属性 : なし
>
>
>Dear Mr. Yamasaki:
>
>I sincerely apologize for the multiple requests, but I have not yet received a response from you regarding
Hiro Hagiwara's March 16 email, nor my April 1 email.  Please see the attached letter, the protective order
entered in ITC Inv. No. 337-TA-706, and two licenses between Hitachi and Motorola.  As the letter states,
the licenses are responsive to RIM's discovery requests and we intend to produce them under the protective
order as "Hitachi Confidential Business Information."  As such, the licenses would be viewable only by the
parties' outside counsel, expert witnesses, and ITC personnel.  If you have any objections to this plan,
please let me know by Wednesday, April 7.  Thank you – Ropes & Gray and Motorola appreciate your cooperation
in this matter.

1

15

>
>Regards,
>
>Matt
>
>
>
>Matthew J. Rizzolo
>ROPES & GRAY LLP
>T +1 202 508 4715 | F +1 202 383 9856
>One Metro Center, 700 12th Street, NW, Suite 900
>Washington, DC 20005-3948
>Matthew.Rizzolo@ropesgray.com
>http://www.ropesgray.com/
>
>
>_____
>From:   Rizzolo, Matthew
>Sent:   Thursday, April 01, 2010 9:45 AM
>To:     hisao.yamasaki.qw@hitachi.com
>Subject:        FW: Motorola's Request
>
>Dear Mr. Yamasaki:
>
>I write to follow up on Mr. Hagiwara's March 16 request, which is attached below.  Have you had a chance to
review the request and the attached documents?  Please let me know whether Hitachi will consent to the
production of the attached license agreements in the ITC Investigation identified below as Confidential
Business Information, viewable only by the parties' outside counsel, expert witnesses, and ITC
personnel.  If you have any questions, please do not hesitate to contact me.  Thank you for your time and
consideration.


>
>Regards,
>
>Matt
>
>
>Matthew J. Rizzolo
>ROPES & GRAY LLP
>T +1 202 508 4715 | F +1 202 383 9856
>One Metro Center, 700 12th Street, NW, Suite 900
>Washington, DC 20005-3948
>Matthew.Rizzolo@ropesgray.com
>http://www.ropesgray.com/
>
>
>
>
>
>Circular 230 Disclosure (R&G): To ensure compliance with Treasury Department regulations, we inform you
that any U.S. tax advice contained in this communication (including any attachments) was not intended or
written to be used, and cannot be used, for the purpose of avoiding U.S. tax-related penalties or promoting,
marketing or recommending to another party any tax-related matters addressed herein.

16

>
>This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.


>_____
>From:   Hagiwara, Hiroyuki
>Sent:   Tuesday, March 16, 2010 4:45 AM
>To:     hisao.yamazaki.qw@hitachi.com
>Cc:     katsuyuki.uchiyama.sf@hitachi.com; Rizzolo, Matthew; Jenner, Jesse J.
>Subject:        Motorola's Request
>
>Dear Yamazaki san,
>
>I hope this message finds you well.
>
>Our firm represents Motorola against RIM in Section 337 ITC Investigation No. 337-TA-706. I write to convey Motorola's request for Hitachi's consent to produce Hitachi confidential documents which were requested by RIM in the subject litigation. Given the compressed discovery schedule, Motorola would appreciate your prompt response and kind consent. Our firm's litigation team for Motorola identified the attached agreements as relevant, responsive and confidential documents. I also attached a copy of the applicable protective order. We would produce the documents, if Hitachi consents, under the terms of the protective order.


>
>If you have any questions, please contact Matthew Rizzolo (Washington DC) or myself.
>
>Thank you for your consideration of this matter on Motorola's behalf.
>
>Best regards,
>
>
>Hiroyuki Hagiwara
>ROPES & GRAY LLP
>T 81-3-6259-3516 | F 81-3-6259-3517
>Yusen Building 2F
>3-2, Marunouchi 2-chome
>Chiyoda-ku, Tokyo
>100-0005 Japan
>Hiroyuki.Hagiwara@ropesgray.com
>http://www.ropesgray.com/
>
> << File: Inv No 337-TA-706 Protective Order.pdf >>   << File: Hitachi Cellular Subscriber License_4-6-04.pdf >>   << File: Hitachi Cellular Infrastructure License_4-1-04.pdf >>   << File: Active_24421204_1_Letter to Hitachi.DOC >>


>
>
>--------------- End of forwarded message ----------------------
>

17