HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>      Plaintiff,<br>v.<br><br>MOTOROLA, INC., et al.,<br><br>      Defendants. | No. C10-1823-JLR<br><br>MICROSOFT'S 9/10/12 MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>**NOTED FOR:**<br>**Friday, September 21, 2012** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>      Plaintiffs,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>      Defendant. | |

## I.  RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal the following documents:

(1) Limited Portions of Microsoft's Reply in Support of Its Rule 702 Motion to Preclude Testimony by Charles R. Donohoe and Dr. Ramamirtham Sukumar (Microsoft's "*Daubert* Reply"); and

MICROSOFT'S 9/10/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 1

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

(2)   Exhibits 6 and 7 to the Second Declaration of Christopher Wion in Support of Microsoft's Rule 702 Motion to Preclude Testimony by Charles R. Donohue and Dr. Ramamirtham Sukumar (the "9/10/12 Wion Declaration").

Microsoft seeks to file the foregoing materials under seal because they contain information that has been identified by either Microsoft or Motorola as confidential business information under the terms of the operative protective order issued in this case.

For these reasons, and as more fully described below, good cause exists for protecting the confidentiality of these documents. Microsoft respectfully requests permission to file the above-referenced documents under seal and that the Court direct such documents to remain under seal. Microsoft is filing a redacted version of its *Daubert* Reply as part of the public record.

## II.   FACTS & AUTHORITY

**A.   The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, Microsoft is permitted to file materials designated by either party as Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

MICROSOFT'S 9/10/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 2

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

> this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a non-dispositive motion upon a showing of good cause. Where the material sought to be sealed "includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, 2011 U.S. Dist. LEXIS 49664, 18 (D. Nev. Apr. 29, 2011).

Further, while the public generally enjoys a right to inspect and copy public records, "it is uncontested … that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978). As the Court recognized, one such "improper

MICROSOFT'S 9/10/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 3

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  purpose" is where the commercial business information at issue is sought to be used as a

2  "source[] of business information that might harm a litigant's competitive standing."  *Id.*

3  (denying access to copies of tapes played at trial and noting that courts refused public access to

4  their files where granting such access might "become a vehicle for improper purposes,"

5  including causing a litigant competitive harm).  Good cause exists to grant Microsoft's motion

6  to seal.

### B.   Good Cause Exists for Microsoft to File the Referenced Documents under Seal.

#### 1. Exhibit 6 – Michael Dansky's Deposition Transcript.

Exhibit 6 to the 9/10/12 Wion Declaration is a copy of the transcript from the September 5, 2012 deposition of Motorola's expert, Michael Dansky.  Microsoft has been informed that Motorola intends to designate the transcript as confidential under the Protective Order.  At his deposition, Mr. Dansky testified regarding the content of his opening and rebuttal expert reports, which were both designated by Motorola as "Highly Confidential – Attorneys' Eyes Only" under the terms of the Protective Order.  Mr. Dansky also was examined regarding opinions offered by another Motorola expert, Charles R. Donohoe, whose expert reports were likewise designated as "Attorneys' Eyes Only."  Mr. Dansky's testimony and the expert reports referenced extensively throughout the course of his deposition disclose confidential and non-public financial and business information relating to both Microsoft and Motorola, and should be maintained under seal.

#### 2. Exhibit 7 – Expert Report of Tim Williams.

Exhibit 7 to the 9/10/12 Wion Declaration is a copy of the July 24, 2012 opening report of Motorola's expert, Tim Arthur Williams.  Motorola did not designate Mr. Williams' opening expert report as containing Confidential Business Information.  However, Motorola did designate his deposition transcript and his rebuttal expert report as containing Confidential Business Information.  Motorola has also informed Microsoft that Mr. Williams' opening

MICROSOFT'S 9/10/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 4

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

report should be filed under seal. For these reasons, and because Mr. Williams' report discusses confidential, non-public information relating to the parties' patents that could potentially lead to competitive harm if disclosed publicly, Microsoft is filing Mr. Williams' opening report under seal.

3. <u>Microsoft's *Daubert* Reply Includes References to Confidential Information Contained in the Above-Referenced Exhibits, which Should Be Redacted</u>

Microsoft's *Daubert* Reply includes references to and descriptions of the confidential information contained in the above-referenced exhibits to the 9/10/12 Wion Declaration. To the extent that the Court determines that those exhibits should remain filed under seal, Microsoft's *Daubert* Reply should be redacted to avoid disclosure of the confidential information contained in those exhibits. Microsoft is seeking to file under seal only those limited portions of its *Daubert* Reply that contain information that should be protected from public disclosure under the governing standards outlined above. While a complete and unredacted version of the *Daubert* Reply is being filed under seal, Microsoft is filing a redacted version as part of the public record.

### III. CONCLUSION

Microsoft has filed the above-referenced documents under seal in compliance with the terms of the Protective Order and the applicable Court rules. Nothing herein is intended as a waiver of Microsoft's right to contest Motorola's designation of material as Confidential Business Information in accordance with the terms of the Protective Order. Microsoft expressly reserves the right to do so as the circumstances warrant.

A [Proposed] Order Granting Microsoft's 9/10/12 Motion to File Documents Under Seal has been submitted herewith.

MICROSOFT'S 9/10/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 5

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

DATED this 10th day of September, 2012.

CALFO HARRIGAN LEYH & EAKES LLP

By    s/ Arthur W. Harrigan, Jr.
      Arthur W. Harrigan, Jr., WSBA #1751
      Christopher Wion, WSBA #33207
      Shane P. Cramer, WSBA #35099

By    T. Andrew Culbert
      T. Andrew Culbert
      David E. Killough
      MICROSOFT CORPORATION
      1 Microsoft Way
      Redmond, WA 98052
      Phone: 425-882-8080
      Fax: 425-869-1327

      David T. Pritikin
      Richard A. Cederoth
      Constantine L. Trela, Jr.
      William H. Baumgartner, Jr.
      Ellen S. Robbins
      Douglas I. Lewis
      David C. Giardina
      John W. McBride
      David Greenfield

      SIDLEY AUSTIN LLP
      One South Dearborn
      Chicago, IL 60603
      Phone: 312-853-7000
      Fax: 312-853-7036

      Carter G. Phillips
      Brian R. Nester

      SIDLEY AUSTIN LLP
      1501 K Street NW
      Washington, DC 20005
      Telephone: 202-736-8000
      Fax: 202-736-8711

      Counsel for Microsoft Corp.

MICROSOFT'S 9/10/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 6

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 10th day of September, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA 98104-2682 | |
| Telephone: 206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY 10036-8704 | |
| Telephone: (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA 94303-2284 | __X__ ECF |
| Telephone: (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S 9/10/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 7

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| One Metro Center | _____ Facsimile |
| 700 12th Street NW, Suite 900 | \_\_X\_\_\_ ECF |
| Washington, DC  20005-3948 | |
| Telephone:  (202) 508-4693 | |
| Email: Paul.schoenhard@ropesgray.com | |

DATED this 10th day of September, 2012.

        s/ Linda Bledsoe
LINDA BLEDSOE

---

MICROSOFT'S 9/10/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 8

**No. C10-1823**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717