The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION.,<br><br>                    Defendants. | CASE NO. C10-1823-JLR<br><br>MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S REPLY TO MOTOROLA'S DAUBERT MOTION<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, September 21, 2012** |

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S REPLY TO MOTOROLA'S DAUBERT MOTION
CASE NO. C10-1823-JLR
4825-4740-2001.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**I.   INTRODUCTION**

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola Mobility, Inc. and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal Motorola Mobility's and General Instrument's Reply to Motorola's *Daubert* Motion ("Reply").

**II.   BACKGROUND**

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.) This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id.* at 4. Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
REPLY TO MOTOROLA'S DAUBERT MOTION - 1
CASE NO. C10-1823-JLR
4825-4740-2001.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington. Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal. The court will allow parties to file entire memoranda under seal only in rare circumstances. A motion or stipulation to seal usually should not itself be filed under seal. A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary. If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal. A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information. *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
REPLY TO MOTOROLA'S DAUBERT MOTION - 2
CASE NO. C10-1823-JLR
4825-4740-2001.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### III. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the following documents under seal for the stated reasons:

**A.   Motorola Mobility's and General Instrument's Reply to Motorola's *Daubert* Motion**

Motorola respectfully requests that its Reply be filed under seal because of extensive citation to, and description of: (1) expert reports filed in this action by Microsoft's expert witnesses, which Microsoft has designated as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER"; (2) expert reports filed in this action by Motorola's expert witnesses, which Motorola has designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"; (3) confidential deposition testimony from this action; and (4) Motorola's and Microsoft's various *Daubert* Motions and Oppositions, portions of which have similarly been filed under seal. Because this information is contained in the Reply, and in accordance with its responsibilities under the Protective Order, Motorola has marked this document as containing "OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." In lieu of sealing the entire Reply, Motorola has redacted only those portions of its brief that disclose this confidential information. Redactions were made to limit as little information as possible, leaving the remainder available for public review.

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT
OF MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S
REPLY TO MOTOROLA'S DAUBERT MOTION - 3
CASE NO. C10-1823-JLR
4825-4740-2001.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## IV. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that Motorola Mobility's and General Instrument's Reply to Motorola's *Daubert* Motion be filed under seal.

DATED this 10th day of September, 2012.

    SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    *ralphp@summitlaw.com*
    *philm@summitlaw.com*
    *lynne@summitlaw.com*

By */s/ Thomas V. Miller*
    Thomas V. Miller
    MOTOROLA MOBILITY, INC.
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    (847) 523-2162

And by

    Jesse J. Jenner (*pro hac vice*)
    Steven Pepe (*pro hac vice*)
    Kevin J. Post (*pro hac vice*)
    Ropes & Gray LLP
    1211 Avenue of the Americas
    New York, NY  10036-8704
    (212) 596-9046
    *jesse.jenner@ropesgray.com*
    *steven.pepe@ropesgray.com*
    *kevin.post@ropesgray.com*

    James R. Batchelder (*pro hac vice*)
    Norman H. Beamer (*pro hac vice*)
    Ropes & Gray LLP
    1900 University Avenue, 6th Floor
    East Palo Alto, CA  94303-2284
    (650) 617-4030
    *james.batchelder@ropesgray.com*
    *norman.beamer@ropesgray.com*

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S REPLY TO MOTOROLA'S DAUBERT MOTION - 4
CASE NO. C10-1823-JLR
4825-4740-2001.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*

**Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corp.**

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S REPLY TO MOTOROLA'S DAUBERT MOTION - 5
CASE NO. C10-1823-JLR
4825-4740-2001.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Danielson, Harrigan, Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 10th day of September, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA MOBILITY'S AND GENERAL INSTRUMENT'S REPLY TO MOTOROLA'S DAUBERT MOTION - 6
CASE NO. C10-1823-JLR
4825-4740-2001.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001