THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　　Defendants.<br>—————————————————<br>MOTOROLA MOBILITY, INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　Defendants. | Case No. C10-1823-JLR<br><br>**MICROSOFT'S RESPONSE TO MOTOROLA'S MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF ITS OPPOSITION TO MICROSOFT'S RULE 702 MOTION TO PRECLUDE TESTIMONY BY CHARLES R. DONOHUE AND DR. R. SUKUMAR (ECF NO. 402)**<br><br>**NOTED:  September 14, 2012** |

## I.  INTRODUCTION

Microsoft does not oppose Motorola Mobility and General Instrument's September 5, 2012 Motion to File Documents Under Seal in Support of its Opposition to Microsoft's Rule 702 Motion to Preclude Testimony by Charles R. Donohue and Dr. R. Sukumar (ECF No. 402).  As described in Motorola's Motion, the following documents were filed under seal:

MICROSOFT'S RESPONSE TO MOTOROLA'S
9-5-12 MOTION TO SEAL (ECF NO. 402) - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1. Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony by Charles R. Donohue and Dr. R. Sukumar (Motorola's "Opposition"); and

2. Exhibits 35-39, 44, 46, 48, 50, 58, and 63-64 to the Second Declaration of Samuel L. Brenner in support thereof ("Second Brenner Declaration").

Motorola argues that all of these exhibits with the exception of Exhibit 48 contain Confidential Business Information relating to the Parties' licensing and business practices, the disclosure of which could lead to competitive harm. Microsoft agrees that these documents should remain under seal. Likewise, Microsoft agrees that an unredacted version of Motorola's Opposition should remain under seal.

Motorola states that Exhibit 48, the transcript from the deposition of one of its experts, Ramamirtham Sukumar, does not contain Confidential Business Information, despite the fact that it was originally designated as Confidential by Motorola. Microsoft agrees. Exhibit 48 need not remain under seal.

## II. AUTHORITY

**A. The Operative Protective Order and Applicable Court Rules Permit and Require Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, the parties are required to file materials designated by the parties or non-parties as containing Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

MICROSOFT'S RESPONSE TO MOTOROLA'S
9-5-12 MOTION TO SEAL (ECF NO. 402)  - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

> Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal.  Rule 26(c)(1)(G) and (H).  District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a non-dispositive motion upon a showing of good cause.  While the public generally enjoys a right to inspect and copy public records, "it is uncontested … that the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978).  As the Court recognized, one such "improper purpose" is where the commercial business information at issue is sought to be used as a "source[] of business information that

MICROSOFT'S RESPONSE TO MOTOROLA'S
9-5-12 MOTION TO SEAL (ECF NO. 402) - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

might harm a litigant's competitive standing." *Id.* (denying access to copies of tapes played at trial and noting that courts refused public access to their files where granting such access might "become a vehicle for improper purposes," including causing a litigant competitive harm). Good cause exists to maintain under seal all of the above-referenced documents other than Exhibit 48.

**B.      Good Cause Exists for Maintaining The Above-Referenced Documents (Other than Exhibit 48) Under Seal.**

1.      Exhibits 35-36, 38-39, 46, 50, 58, and 63-64 Should Remain Under Seal.

Motorola argues that Exhibits 35-36, 38-39, 46, 50, 58, and 63-64 to the Second Brenner Declaration contain highly confidential information relating to the Parties' business and/or licensing practices, the disclosure of which to third parties could potentially lead to competitive harm. Microsoft agrees that these exhibits should be maintained under seal, for the reasons expressed by Motorola in its motion. Motorola's motion should be granted with respect to those exhibits.[2]

2.      Exhibit 44 Should Remain Under Seal.

Exhibit 44 is a copy of an internal October 7, 2011 Motorola email, which Motorola asserts contains highly confidential business information relating to the licensing practices and history of both Motorola and a non-party to this litigation. Microsoft takes no position with respect to the confidentiality of the information contained in the referenced email. However, for the purposes of this motion, Microsoft does not dispute that it should remain sealed.

---

[2] By its 9/5/12 Motion to Seal (ECF No. 401), Microsoft previously sought to file the transcript from the deposition of one of its experts, Timothy Simcoe, under seal. The Court has not yet ruled on that motion. Motorola has filed it under seal (as Exhibit 37) in connection with this motion. Microsoft incorporates by this reference the arguments it made in its 9/5/12 motion. The transcript contains testimony relating to the parties' non-public business and licensing practices. Good cause exists to maintain the transcript under seal.

MICROSOFT'S RESPONSE TO MOTOROLA'S
9-5-12 MOTION TO SEAL (ECF NO. 402) - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## C. **Exhibit 48 May Be Unsealed.**

Motorola filed Exhibit 48 under seal. Exhibit 48 is the transcript from the deposition of one of Motorola's experts, Ramamirtham Sukumar. Motorola states at page 5 of its Motion that it does not believe the transcript contains any confidential business information. Microsoft agrees. The transcript was also filed publicly, by agreement of the Parties, as Exhibit 8 to the Second Declaration of Christopher Wion in Support of Microsoft's Rule 702 Motion (*see* ECF No. 424). The transcript need not remain under seal.

## III.  CONCLUSION

For these reasons, Microsoft respectfully requests that Exhibits 35-36, 38-39, 44, 46, 50, 58, and 63-64 to the Second Brenner Declaration, and any references to these exhibits in Motorola's Opposition (ECF Nos. 403 & 409), remain under seal. The seal can be lifted on Exhibit 48 (the Sukumar deposition transcript).

Nothing herein is intended as a waiver of Microsoft's right to contest Motorola's designation of material as Confidential in accordance with the terms of the Protective Order. Microsoft expressly reserves the right to do so as the circumstances warrant.

DATED this 12th day of September, 2012.

CALFO HARRIGAN LEYH & EAKES LLP

By s/ Arthur W. Harrigan, Jr.
  Arthur W. Harrigan, Jr., WSBA #1751
  Christopher Wion, WSBA #33207
  Shane P. Cramer, WSBA #35099

By  s/ T. Andrew Culbert
  T. Andrew Culbert
  David E. Killough
  MICROSOFT CORPORATION
  1 Microsoft Way
  Redmond, WA  98052
  Phone:  425-882-8080
  Fax:  425-869-1327

MICROSOFT'S RESPONSE TO MOTOROLA'S
9-5-12 MOTION TO SEAL (ECF NO. 402) - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
David Greenfield

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711
Counsel for Microsoft Corp.

MICROSOFT'S RESPONSE TO MOTOROLA'S
9-5-12 MOTION TO SEAL (ECF NO. 402) - 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 12th day of September, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | _____ Messenger |
| Philip S. McCune, WSBA #21081 | _____ US Mail |
| Lynn M. Engel, WSBA #21934 | _____ Facsimile |
| Summit Law Group | __X__ ECF |
| 315 Fifth Ave. South, Suite 1000 | |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X__ ECF |
| Telephone:  (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S RESPONSE TO MOTOROLA'S
9-5-12 MOTION TO SEAL (ECF NO. 402)  - 7

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X___ ECF |

DATED this 12th day of September, 2012.

                                          s/ Linda Bledsoe_____<br>                                          LINDA BLEDSOE

MICROSOFT'S RESPONSE TO MOTOROLA'S<br>9-5-12 MOTION TO SEAL (ECF NO. 402)  - 8

LAW OFFICES<br>**CALFO HARRIGAN LEYH & EAKES LLP**<br>999 THIRD AVENUE, SUITE 4400<br>SEATTLE, WASHINGTON 98104<br>TEL, (206) 623-1700   FAX, (206) 623-8717