THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>        Plaintiff,<br><br>  vs.<br><br>MOTOROLA, INC., et al.,<br><br>        Defendants.<br>_____<br>MOTOROLA MOBILITY, INC., et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>MICROSOFT CORPORATION,<br><br>        Defendants. | Case No. C10-1823-JLR<br><br>**MICROSOFT'S MOTION TO AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED IN-HOUSE COUNSEL EXPANDED ACCESS TO CONFIDENTIAL BUSINESS INFORMATION**<br><br>**NOTE ON MOTION CALENDAR:**<br>**Thursday, September 13, 2012** |

## I. INTRODUCTION

Microsoft respectfully requests an amendment to the Protective Order in this case (ECF No. 72) to allow T. Andrew Culbert and K. McNeill Taylor, Microsoft's and Motorola's respective in-house counsel who have been ordered to sign all pleadings and motions filed by

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 1

C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

the parties, to have the same access to Confidential Business Information [1] as the parties' outside counsel, subject to the same restrictions on use and disclosure.

Paragraph 3 of the Protective Order provides the parties' outside counsel, court reporters, technical experts and the Court with unfettered access to all evidence. Paragraph 4 prohibits disclosure of Confidential Business Information, except as authorized, and requires that any such information be used "solely for purposes of this action."

Paragraph 6 allows two in-house counsel for each party limited access to confidential materials. Microsoft designated Culbert and David Killough as its designated representatives subject to the Protective Order, and Motorola designated Tom Miller and Richard Wulff. Protective Order, ¶ 6. Motorola did not designate Taylor.[2] These individuals are permitted access to:

> Confidential Business Information contained in responses to interrogatories, answers to requests for admission, submissions to the Court, expert reports (exclusive of exhibits and source code excerpts), opinions and orders of the Court…

but are *not* permitted to view "Confidential Business Information pertaining to licensing or other financial information…." *Id*. In practice, this restriction has meant that Motorola's various submissions have required substantial redaction before they could be forwarded to Culbert and Killough. Frequently, much of the substance has been lost in translation, impeding their ability to assist in the preparation of Microsoft's case.

---

[1] "Confidential Business Information" is defined in the current Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1.

[2] Under the operative Protective Order, Taylor is not permitted to review any document, including discovery responses and expert reports, identified as containing "Confidential Business Information" under the Protective Order, even in redacted form, because he was not designated as one of the Motorola in-house attorneys to whom such access was granted.

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 2

C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

By order dated January 24, 2012, the Court required that the parties each designate one in-house attorney to sign every substantive filing by the parties. Microsoft designated Culbert, and Motorola designated Taylor. By signing pleadings and motion papers, Culbert and Taylor have assumed the responsibilities set forth in Fed. R. Civ. P. 11 regarding the evidentiary support for the contentions made in the parties' respective submissions.

In order to fully discharge the responsibilities they assume by signing submissions, Culbert and Taylor need access to the relevant evidence underpinning the submission. For this reason, Microsoft respectfully requests that the Court amend the Protective Order to permit Culbert (and Taylor) to have the same access as outside counsel for the parties under Paragraph 3 of the Protective Order.

## II. ARGUMENT

### A. The Protective Order Should Be Amended to Allow Culbert and Taylor Access to All Relevant Evidence.

By order dated January 24, 2012, the Court required Culbert to sign each substantive filing by Microsoft. Taylor similarly was directed to sign Motorola's filings. Pursuant to Rule 11, by signing pleadings, motions, or other papers to be submitted to the Court, counsel make certain representations, including that:

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Id.* As such, attorneys subject to the requirements of Rule 11 – whether in-house or outside counsel – must have access to all evidence supporting (or contradicting) the submissions to the Court which they sponsor so that they may comply with Rule 11's requirements.

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 3

C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

While certain documents produced in discovery may contain the parties' confidential licensing information, the terms of the Protective Order are sufficient to protect the parties' business interests, even if Culbert and Taylor were treated as outside counsel. They will be permitted to disclose Confidential Business Information only to those persons specifically authorized by the Protective Order. Protective Order, ¶ 3. They will <u>not</u> be permitted to disclose this information to others at Microsoft or Motorola, or use this information for any purpose other than for this litigation – namely, to assist outside counsel in preparation for trial and remaining pre-trial motion practice.

On behalf of Microsoft, Culbert (along with Killough) has been intimately involved in all aspects of this case. He is counsel of record and an integral part of Microsoft's litigation team. He has executed Attachment A to the Protective Order, signifying his agreement to use confidential business information only for purposes of this litigation and not to use or disclose any Motorola or third-party confidential business information except as authorized. There is no reason to believe that allowing full access to the evidence in this case would lead to a violation of these commitments.

One result of the current application of the Protective Order is heavy redaction of both parties' expert reports before they can be given to Culbert. This part of the "evidence" assumes increasing importance as immediate pretrial motions are prepared related to those expert reports.

For this and other reasons, the Protective Order should be amended to permit, at minimum, Culbert (and Taylor for Motorola) to have the same access to the evidence as outside counsel for the parties.

**B.      The Requested Amendments Will Not Cause Any Undue Prejudice.**

Motorola cannot realistically claim it would be prejudiced by the proposed amendments to the Protective Order. While Microsoft recognizes that certain documents produced in

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 4

C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

discovery may contain the parties' confidential licensing or financial information, the amended Protective Order still would sufficiently protect the parties' business interests.  Culbert and Taylor would be permitted to disclose Confidential Business Information only as authorized by the Protective Order.  They would <u>not</u> be permitted to disclose this information to others at Microsoft or Motorola, or use this information for any purpose other than for this litigation.  The evidence would be used to assist outside counsel in preparation for trial and remaining pre-trial motion practice.

Further, the Protective Order already contemplates that, under certain circumstances, even the parties' most sensitive confidential business information can be disclosed to those in-house attorneys specifically identified in the Protective Order – Culbert, Killough, Miller and Wulff.  The Protective Order provides that these designated in-house counsel "*shall not be excluded from any confidential portion of the trial or other in-Court proceedings in this case*."  *Id.*, ¶ 7 (emphasis supplied).  Thus, Culbert, Killough, Miller and Wulff may remain in the Courtroom during any argument or presentation concerning the terms of the parties' licensing agreements with third parties, financial information, or any other confidential matters.  Allowing Culbert and Taylor access to this same material when it appears in pre-trial papers discloses substantively no more than the parties already have agreed may be disclosed in the courtroom to the in-house counsel identified in the Protective Order.  Any third party who had provided documents subject to the Protective Order was similarly apprised of such courtroom access.

Culbert regularly has been in the courtroom when outside counsel debated the details of confidential evidence – details he was hearing for the first time.  Culbert should be permitted not only to *hear* presentations about confidential evidence, but also to help *develop* them.  This is especially true given that many of these arguments are based on evidence cited in briefs he signed as counsel of record for Microsoft.

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 5

C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

The requested amendments to the Protective Order will allow the parties to more efficiently and effectively prepare for the RAND trial and will provide Culbert with full information regarding the issues underlying impending motions in limine and *Daubert* motions.  Treating all counsel who sign pleadings and motions the same (i.e. as outside counsel) would simplify the parties' preparation and presentation of their cases immensely, while still maintaining appropriate safeguards against improper use or disclosure of confidential material.

### III.  CONCLUSION

For the reasons set forth herein, Microsoft respectfully requests that the Court amend the Protective Order.  A proposed amended Protective Order is attached hereto as Exhibit A.  A red-lined version showing the proposed amendments is attached hereto as Exhibit B.

DATED this 13th day of September, 2012.

CALFO HARRIGAN LEYH & EAKES LLP

By   */s/ Arthur W. Harrigan, Jr.*
     Arthur W. Harrigan, Jr., WSBA #1751
     Christopher Wion, WSBA #33207
     Shane P. Cramer, WSBA #35099

By   */s/ T. Andrew Culbert*
     T. Andrew Culbert
     David E. Killough
     MICROSOFT CORPORATION
     1 Microsoft Way
     Redmond, WA  98052
     Phone:  425-882-8080
     Fax:  425-869-1327

     David T. Pritikin
     Richard A. Cederoth
     Constantine L. Trela, Jr.
     William H. Baumgartner, Jr.
     Ellen S. Robbins
     Douglas I. Lewis

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 6

C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

David C. Giardina
John W. McBride
David Greenfield

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW IN-HOUSE
COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 7

C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 13th day of September, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Lynn M. Engel, WSBA #21934<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA 98104-2682<br>Telephone: 206-676-7000<br>Email: Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9046<br>Email: steven.pepe@ropesgray.com<br>Email: jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA 94303-2284<br>Telephone: (650) 617-4030<br>Email: norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |

MICROSOFT'S MOTION TO AMEND PROTECTIVE ORDER TO ALLOW IN-HOUSE COUNSEL EXPANDED ACCESS TO CONFIDENTIAL BUSINESS INFORMATION - 8

C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| One Metro Center | _____ Facsimile |
| 700 12th Street NW, Suite 900 | \_\_X\_\_\_ ECF |
| Washington, DC  20005-3948 | |
| Telephone:  (202) 508-4693 | |
| Email: Paul.schoenhard@ropesgray.com | |

DATED this 13th day of September, 2012.

s/ Linda Bledsoe
LINDA BLEDSOE

MICROSOFT'S MOTION TO AMEND PROTECTIVE ORDER TO ALLOW IN-HOUSE COUNSEL EXPANDED ACCESS TO CONFIDENTIAL BUSINESS INFORMATION - 9

**C10-1823**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717