The Honorable James L. Robart

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8 | MICROSOFT CORPORATION, a Washington corporation,

9

10 |           Plaintiff,

11 |      v.

12 | MOTOROLA, INC., and MOTOROLA
MOBILITY, INC., and GENERAL
13 | INSTRUMENT CORPORATION,

14 |           Defendants.

15

16 | MOTOROLA MOBILITY, INC., and
GENERAL INSTRUMENT CORPORATION,
17

18 |      Plaintiffs/Counterclaim Defendant,

19

20 |      v.

21 | MICROSOFT CORPORATION,

     Defendant/Counterclaim Plaintiff.

22

CASE NO. C10-1823-JLR

MOTOROLA'S RESPONSE TO
MICROSOFT'S MOTION TO AMEND
PROTECTIVE ORDER TO ALLOW
DESIGNATED IN-HOUSE COUNSEL
EXPANDED ACCESS TO CONFIDENTIAL
BUSINESS INFORMATION

**NOTED ON MOTION CALENDAR:**
**Friday, September 13, 2012**

23

24

25

26

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION
CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.      INTRODUCTION

Microsoft and Motorola stipulated to the terms of the Protective Order that was entered by the Court and has governed discovery in this case for more than a year.  Motorola, Microsoft and third parties have produced hundreds of thousands of pages in reliance on the provisions and protections of the Protective Order, including the provision that permits the supplier of commercially sensitive financial and licensing information to limit disclosure of that information to outside counsel, retained experts, court reporters and the Court by designating such information "CONFIDENTIAL FINANCIAL INFORMATION/OUTSIDE COUNSEL ATTORNEYS' EYES ONLY."  Microsoft's motion asks the Court to amend the Protective Order retroactively to give Microsoft's in-house attorney access to Confidential Financial Information that he was not permitted to see at the time the information was produced.  Microsoft's motion to amend the Protective Order should be denied because Microsoft cannot demonstrate that good cause supports such a modification.

## II.      STATEMENT OF FACTS

On April 22, 2011, Microsoft Corporation ("Microsoft") and Motorola Inc., Motorola Mobility, Inc., and General Instrument Corporation (collectively "Motorola") filed the stipulated Protective Order that they had negotiated and which they agreed "will govern the conduct of discovery in this case."  (ECF No. 64).  The parties' stipulated Protective Order was accepted by the Court and entered on July 21, 2011.  (ECF No. 72).

Paragraph 1 of the Protective Order defines the term "Confidential Business Information." Paragraph 2 permits the supplier of any such information to so designate such information. Paragraph 3 limits the disclosure of Confidential Business Information to:  (i) outside counsel for the parties; (ii) qualified persons taking testimony involving such information; (iii) technical experts and their staff employed for the purposes of this litigation; and (iv) the Court.

As is typical of protective orders in cases such as this, the Protective Order agreed to by the parties and entered by the Court provides that certain confidential information may be

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED IN-HOUSE COUNSEL EXPANDED ACCESS TO CONFIDENTIAL BUSINESS INFORMATION - 1 CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

excluded from disclosure to in-house counsel for the parties.  Paragraph 6 permits disclosure of

Confidential Business Information to two in-house counsel for each party, *provided that:*

> Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION-OUTSIDE COUNSEL ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER" . . . .

ECF No. 72, ¶ 6.

Paragraph 7 of the Protective Order permits in-house counsel designated in Paragraph 6 to

participate in any confidential portions of the trial or other in-Court proceedings, *except that*

designated in-house counsel *are excluded* from confidential portions of Court proceedings

involving Confidential Financial Information designated "Outside Counsel Attorneys' Eyes

Only:"

> *Subject to the restrictions of paragraph 6 above,* the two in-house counsel designated therein shall not be excluded from any confidential portion of the trial or other in-Court proceeding in this case.

ECF No. 72, ¶ 7.

Since entry of the Protective Order, Microsoft, Motorola and subpoenaed third parties have

produced hundreds of thousands of pages designated as "Outside Counsel Attorneys' Eyes Only"

under Paragraph 6 of the Protective Order.  In cases where Motorola has confidential licensing or

other commercially sensitive financial information of a third party in its files, before producing

such information it has sought and obtained permission from the third party to produce the

information subject to the "Outside Counsel Attorneys' Eyes Only" provision of Paragraph 6,

thereby providing assurance to the third party that its confidential licensing and financial

information will not be disclosed to Microsoft's in-house counsel.  *See* Declaration of Kevin J.

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED IN-HOUSE COUNSEL EXPANDED ACCESS TO CONFIDENTIAL BUSINESS INFORMATION - 2
CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1  Post filed herewith.  Finally, both Microsoft and Motorola have designated portions of motions

2  and memoranda, expert reports and other pleadings as "Outside Attorneys' Eyes' Only."

3         Paragraph 10 of the Protective Order provides for relief in the event that a supplier of

4  information improperly designates the information as confidential.  The party objecting to the

5  designation is required to challenge the designation in writing.  If the supplier does not agree to

6  remove the designation, the dispute is submitted to the Court for a ruling.  In addition, the Court

7  may *sua sponte* question the designation, and after hearing, may remove the confidentiality

8  designation.  Microsoft has not challenged the designation of information as "Outside Counsel

9  Attorneys' Eyes Only" at any time prior to, or in connection with, its Motion to Amend the

10  Protective Order.

11         On January 24, 2012, the Court entered an order requiring a Motorola in-house counsel

12  (*e.g.*, Neill Taylor for Motorola), and a Microsoft in-house counsel (Andy Culbert), to sign each

13  substantive filing.  Since that date, Messrs. Culbert and Taylor have signed every substantive

14  pleading filed by their respective companies and they have done so without access to information

15  designated "Outside Counsel Attorneys' Eyes Only" under Paragraph 6 of the Protective Order.

16                          **III.    ARGUMENT**

17         Rule 26(c) empowers the Court to enter a protective order for "good cause" to protect a

18  party from, among other things, revealing commercially sensitive information.  Fed. R. Civ.

19  P. 26(c).  In deciding whether to modify a stipulated protective order at the request of a party that

20  originally agreed to the order, the Court may consider many factors, including:  (1) the nature of

21  the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification

22  requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause

23  exists for the modification.  *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.,* 234 F.R.D. 175, 179 (N.D. Ill.

24  2006) (citing *Bayer AG v. Barr Lab., Inc.,* 162 F.R.D. 456, 458 (S.D.N.Y. 1995)).

25         As the party seeking modification, Microsoft has the burden to show good cause.  *Id.;*

26  *Bayer,* 162 F.R.D. at 465-66.  Further, a court may consider the integrity and efficiency of the

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER OR ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 3
CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

judicial system as well as the "lubricating effect" of honoring a protective order when deciding whether a request for modification should be granted. *See, e.g.*, *SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 530-31 (N.D. Ala. 2003) ("The court finds that allowing modification of a protective order would impede discovery in future cases, because parties would be discouraged from disclosing documents for fear of forced disclosure later."); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229-30 (2d Cir. 2001) (noting that there is a presumption against modifying protective orders because they serve "the vital function . . . of 'secur[ing] the just, speedy, and inexpensive determination' of civil disputes . .  by encouraging full disclosure of all evidence that conceivably be relevant. . . .  This objective represents the cornerstone of our administration of civil justice.") (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295-296 (2d Cir. 1979)).

In this case, all these factors and considerations weigh against Microsoft's request to amend the Protective Order.

**A.**      **Microsoft Fails to Show Good Cause for Modifying the Protective Order.**

The most significant factor to consider in deciding whether to modify a protective order is whether the moving party has demonstrated good cause for doing so.  As Courts in multiple Circuits have confirmed, a party that seeks to modify a protective order which that same party negotiated and stipulated to must demonstrate "particular good cause."  *See, e.g.*, *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Iowa 1992) ("There is general unanimity among the courts that where a party to [a] stipulated protective order seeks to modify that protective order, that party must demonstrate particular good cause in order to gain relief from the agreed to protective order.") (citing *e.g., Richard Wolf Medical Instruments Corp. v. Dory*, 130 F.R.D. 389, 392 (N.D. Ill. 1990); *Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393, 404 (W.D. Va. 1987); *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978)); *see also Bayer AG and Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 462-63 (S.D.N.Y. 1995) (on a party's motion to modify a protective order, the Court must find, among other things, good cause

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER OR TO ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 4
CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1   and must also examine whether the protective order was stipulated to by the parties and the

2   parties' reliance on the Protective Order).

3          In this case, the Protective Order prohibits disclosure to in-house counsel of commercially

4   sensitive licensing and financial information.  ECF No. 72, ¶ 6.  That provision was included by

5   the parties and the Court in recognition of the fact that there are compelling reasons to protect

6   certain categories of confidential information from disclosure to in-house counsel.  The Protective

7   Order permits Microsoft to challenge the designation of specific confidential information if needed

8   and ask the Court to de-designate such information if it believes it has been wrongfully classified.

9   ECF No. 72, ¶ 10.  Microsoft has failed to show good cause, much less "particular good cause," as

10  to why the original compelling reasons for creating these provisions should now be ignored.  *See*

11  *Jochims,* 145 F.R.D. at 501.

12         The only reason Microsoft offers in justification for modifying the Protective Order is that

13  the Court has required in-house counsel to sign pleadings, and Microsoft's in-house counsel,

14  Mr. Culbert, has generalized concerns about meeting his Rule 11 obligations.  However, Rule 11

15  itself addresses Microsoft's concern.  Rule 11(b) states that an attorney or party who signs a

16  pleading is verifying its accuracy "after an inquiry reasonable *under the circumstances . . . .*"

17  Fed. R. Civ. P. 11(b).  In this case, a Court order expressly prevents in-house counsel from

18  viewing competitor's confidential licensing and financial information.  Thus, under these

19  circumstances a reasonable inquiry would entail reviewing and verifying the accuracy of only the

20  materials to which in-house counsel do have access.  It strains credibility to argue, as Microsoft

21  has, that the Court would find Mr. Culbert liable under Rule 11 for failing to review and certify

22  the accuracy of documents which the Court itself has restricted the attorneys from viewing.

23  Moreover, Microsoft is represented by outside attorneys who have access to all the information

24  designated "Outside Counsel Attorneys' Eyes Only" and who are equally subject to Rule 11.

25  There is simply no risk that Mr. Culbert's inability to access information properly designated as

26  "Outside Counsel Attorneys' Eyes Only" will prejudice Microsoft's ability to ensure that its

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 5
CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

factual contentions or denials of factual contentions are supported by evidentiary or reasonably based on belief or lack of information.[1]  Indeed, Mr. Culbert has been signing pleadings for the last seven months, and Microsoft has not once raised any concern that Mr. Culbert could not abide by his Rule 11 obligations.

**B.      Microsoft Misreads the Protective Order to Permit In-House Counsel to Remain in the Courtroom During Presentation of Evidence Designated "Outside Attorneys' Eyes Only."**

Microsoft asserts that there is no harm in disclosing "Outside Counsel Attorneys' Eyes Only" information to Mr. Culbert at this time because Paragraph 7 of the Protective Order "already contemplates" that he will have access to this information at trial.  Microsoft Motion to Amend Protective Order at 5.  Microsoft states:

> The Protective Order provides that these designated in-house counsel:  "shall not be excluded from any confidential portion of the trial or other in-Court proceeding in this case."  *Id.*

But Microsoft's characterization of the Protective Order crops, and therefore ignores, the opening phrase of Paragraph 7:

> *Subject to the restrictions of Paragraph 6 above,* the two in-house counsel designated therein shall not be excluded from any confidential portion of the trial or other in-Court proceeding in this case.

Thus, the same provisions of Paragraph 6 which exclude disclosure of "Outside Counsel Attorneys' Eyes Only" information to Mr. Culbert also exclude him from confidential portions of the trial or other in-Court proceedings involving such information.[2]

---

[1] If a specific situation arises where in-house counsel questions the veracity of an argument or fact set forth by its client and shows a need as to why in-house counsel, as opposed to outside counsel, needs access to restricted confidential information to address the specific Rule 11 concern, it would be more appropriate to seek a narrow exemption from the Protective Order tailored to that specific concern instead of seeking a blanket destruction of a core-tenet of the stipulated Protective Order (*i.e.*, preventing Microsoft employees, including in-house counsel, from viewing competitors' licensing and financial information).

[2] Motorola recognizes that "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'"  *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev*., 798 F.2d 1289, 1294 (9th Cir. 1986)).  Thus, a party seeking to close the courtroom when confidential information is

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 6
CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**C.    Motorola and Third Parties Have Produced Documents in Reliance on the Provisions of the Protective Order.**

Another factor that courts may consider when deciding whether to modify Protective Orders is reliance by parties who have produced documents under the Protective Order.  *See Murata*, 234 F.R.D. at 180.  As one court explained, blanket protective orders such as this are "essential to the functioning of civil discovery."  *Bayer*, 162 F.R.D. at 467.  But for the ability to place their confidence in the integrity of Protective Orders, litigants would be unable to exchange discovery in a manner that secures the "just, speedy, and inexpensive determination" of every matter.  Fed. R. Civ. P. 1.

The Protective Order has been in place for more than a year, during which time a large amount of information has been produced by the parties in reliance on the provisions of Paragraph 6, which prevents disclosure of highly confidential licensing and financial information to in-house counsel.  Further, and just as importantly, third parties who are competitors of Microsoft have produced (or permitted Motorola to produce) very sensitive licensing and financial information in this case in reliance on (1) the Protective Order restriction that limits disclosure only to outside counsel, retained experts, court reporters, and the Court, or (2) Motorola's explicit commitment to treat these materials in this case (and other cases) as highly confidential, limiting their distribution to "Outside Counsel Only."  It would be unjust to deny to Motorola and these third-parties the protection provided by the Protective Order solely because Microsoft's in-house counsel now claims a generalized and unnecessary concern about meeting Rule 11's obligations.  If the Court were to grant this motion, Motorola (and Microsoft) would be required to contact all the third parties that have previously given consent and inform them of the modifications to the Protective Order.  Given the sensitive, highly confidential nature of information that been produced on an "Outside Counsel Attorneys' Eyes Only" basis, it is likely that some third parties would withhold their consent and could file motions for a further Protective Order with this Court.

presented at trial must demonstrate "compelling reasons" that outweigh the public policies favoring disclosure.  *Id.* at 1178-79.

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 7
CASE NO. C10-1823-JLR
4853-2639-3105.1

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**D.      The Nature of the Protective Order Weighs Against Modification.**

The nature of the Protective Order in this case—*i.e.*, a blanket protective order to which the parties stipulated—also weighs against allowing modification.  Protective orders generally fall into three categories:  "umbrella" protective orders are the broadest type and provide for the protection of all discovery without screening by the parties or the Court.  *Murata,* 234 F.R.D. at 179-80**.  "**Specific" protective orders are at the other end of the spectrum and cover only information specifically designated by a party.  *Id.*  "Blanket" protective orders require each party to designate as protected the information that it reasonably believes to be sensitive.  *See Murata*, 234 F.R.D. at 179; *Bayer*, 162 F.R.D. at 465.  Specific protective orders are the least subject to modification, and umbrella protective orders are the "most susceptible to modification," while blanket protective orders, especially when stipulated to by direct competitors, are "more difficult" to modify.  *Murata*, 234 F.R.D. at 179.  Prior stipulation to the terms of the Protective Order in this case undermines a request for modification.  *See AT&T v. Grady*, 594 F.2d 594, 597 (7th Cir. 1978), *cert. denied*, 440 U.S. 971 (1979) ("where a protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify the modification of the order.").

The Protective Order here is a blanket order, as it allows each party and third party that supplies information to designate as confidential any information that it, in good faith, deems worthy of heightened protection from disclosure.  The Protective Order was stipulated to after negotiation of its terms by the parties.  Thus, the nature of this Protective Order weighs against allowing a modification.

**E.      Foreseeability of Need for Modification.**

The final factor considered by courts in deciding whether to modify a protective order is the foreseeability, at the time of issuance of the order, of the modification requested.  *Murata*, 234 F.R.D. at 179.  Microsoft and its outside counsel have many years of experience in complex cases such as this, and they have undoubtedly negotiated and been party to numerous protective orders

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 8
CASE NO. C10-1823-JLR
4853-2639-3105.1

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   with the same or similar provisions.  At the time the Protective Order was negotiated and entered,

2   the issues in the case were framed and it was foreseeable, indeed it was certain, that a significant

3   volume of highly confidential licensing and financial information would be designated "Outside

4   Counsel Attorneys' Eyes Only."  This foreseeability further weighs against modification now.

## IV.      CONCLUSION

6          For all of the foregoing reasons, Motorola respectfully requests that an Order be entered in

7   the proposed form attached denying Microsoft's Motion to Amend Protective Order.

8          DATED this 13th day of September, 2012.

9                                        SUMMIT LAW GROUP PLLC

10                                       By /s/ Ralph H. Palumbo
11                                          Ralph H. Palumbo, WSBA #04751
                                            Philip S. McCune, WSBA #21081
12                                          Lynn M. Engel, WSBA #21934
                                            ralphp@summitlaw.com
13                                          philm@summitlaw.com
                                            lynne@summitlaw.com
14
                                         By /s/ Thomas V.  Miller
15                                          Thomas V. Miller[3]
                                            MOTOROLA MOBILITY, INC.
16                                          MD W4-150
                                            600 North U.S. Highway 45
17                                          Libertyville, IL  60048-1286
                                            (847) 523-2162
18

19

20

21

22

23   _____

24   [3] Neill Taylor is no longer with Motorola.  Tom Miller has replaced Mr. Taylor, is the highest ranking Motorola IP
     attorney, and now has both the responsibility for the Motorola/Microsoft litigation and the direct report line to
     Mr. Steverson that Mr. Taylor had previously.  Mr. Miller is therefore now signing pleadings for Motorola where
25   Mr. Taylor did previously.  Mr. Miller has been deeply involved in this litigation from the outset, understands the
     responsibilities this assignment by the Court entails and will seek at all times to discharge those responsibilities in a
26   fashion that accords with the Court's instructions.

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 9
CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

And by

Jesse J. Jenner (*pro hac vice* )
Steven Pepe (*pro hac vice* )
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*jesse.jenner@ropesgray.com*
*steven.pepe@ropesgray.com*
*kevin.post@ropesgray.com*

James R. Batchelder (*pro hac vice*)
Norman H. Beamer (*pro hac vice* )
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*james.batchelder@ropesgray.com*
*norman.beamer@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*

**Attorneys for Motorola Solutions, Inc., Motorola Mobility, Inc., and General Instrument Corp.**

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 10
CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Danielson, Harrigan, Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 13th day of September, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION TO
AMEND PROTECTIVE ORDER TO ALLOW DESIGNATED
IN-HOUSE COUNSEL EXPANDED ACCESS TO
CONFIDENTIAL BUSINESS INFORMATION - 11
CASE NO. C10-1823-JLR
4853-2639-3105.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001