THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

                Plaintiff,

  vs.

MOTOROLA, INC., et al.,

                Defendants.
_____
MOTOROLA MOBILITY, INC., et al.,

                Plaintiffs,

  vs.

MICROSOFT CORPORATION,

                Defendants.

Case No. C10-1823-JLR

**MICROSOFT'S REPLY RE ITS MOTION TO AMEND PROTECTIVE ORDER**

NOTED: Thursday, September 13, 2012

**MICROSOFT'S REPLY RE ITS MOTION TO AMEND PROTECTIVE ORDER**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

The RAND trial in this case is set to begin on November 13.  Motorola will attempt to convince the Court that a reasonable and non-discriminatory royalty rate for a license to its H.264 and 802.11 standard essential patents is 2.25% of the end product price of certain Microsoft and third-party products.  Microsoft will show that the appropriate royalty rate is more in line with the well-established patent pool rates for H.264 and 802.11 patents, which amounts to but a very small fraction of Motorola's demands.

Motorola is expected to rely heavily on certain of its licensing agreements with third parties and expert opinions regarding those agreements.[1]  In discovery, Motorola designated this information as for "Outside Attorneys' Eyes Only" under Paragraph 6 of the Protective Order.[2]  Thus, at trial, Culbert will be presented with Motorola's licensing agreements and expert analysis for the first time.  *See* Protective Order, ¶ 7 (designated in-house counsel "shall not be excluded" from any in-Court proceedings at which confidential information is revealed).

Microsoft's Motion essentially asks that Culbert's access to Motorola's evidence under Paragraph 7 be accelerated so that – in the weeks remaining before trial – he can appropriately fulfill his Rule 11 responsibilities, more thoroughly weigh the strength of Motorola's position for settlement purposes, assist with pre-trial and trial preparations from an informed perspective, and otherwise appropriately manage the litigation.

### 1. Good Cause Exists to Modify the Protective Order

The degree of protection afforded confidential documents is a question committed to the "broad discretion o[f] the trial court." *Seattle Times Co., v. Rhinehart*, 467 U.S. 20, 36 (1984).  The court has inherent authority to modify a protective order where good cause is shown.  *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.

---

[1] At the appropriate time, Microsoft intends to move *in limine* to prevent Motorola from introducing evidence of its non-comparable license agreements.  Success on that motion would alleviate much of Microsoft's present concerns since Culbert would no longer require access to such information.

[2] Protective Order dated July 21, 2011 (ECF No. 72).

**MICROSOFT'S REPLY RE ITS MOTION TO
AMEND PROTECTIVE ORDER  - 1**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

2002)); *see also Halo Electronics, Inc. v. XFMRS, Inc.*, 2012 WL 2238022. *2 (N.D.Cal. 2012) (where party seeks to use confidential materials in separate litigation, modification to protective order "should generally be granted" where "reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy").

Good cause for modifying a protective order may be found where in-house counsel requires access to confidential information to evaluate settlement options and provide management and oversight of the litigation for the client:

> Plaintiff contends that there is good cause to modify the protective order because disclosure of Defendant's gross sales and net profits/losses to Plaintiff's in-house counsel is necessary for evaluating potential settlement, by evaluating the wisdom of settlement against the potential recovery if this case proceeds to trial.
> …
> Plaintiff notes that there is good cause from a case management perspective as well.  Plaintiff asserts that in-house counsel supervises the litigation of this action at Gerawan and reviews the party's discovery responses.
> …
> The Court finds Plaintiff's argument persuasive.  As a general matter, courts have recognized that disclosure of sensitive financial information to an opponent's in-house counsel may be necessary for evaluating settlement.

*Gerawan Farming, Inc. v. Prima Bella Produce, Inc*., 2011 WL 2516224, *2 (E.D.Cal. 2011) (citing cases).[3]

Motorola has not shown that the accelerated pre-trial access to evidence requested for Culbert (and his counterpart at Motorola) creates any undue prejudice as a function of his in-house status.  Access to confidential material should not turn merely on the distinction between in-house and outside counsel.  *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed.Cir. 1984) ("the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure.").  If a party's legal department is small and/or the in-

---

[3] The *Gerawan* case is attached hereto as <u>Exhibit A</u>.

**MICROSOFT'S REPLY RE ITS MOTION TO**
**AMEND PROTECTIVE ORDER  - 2**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

house counsel's role is integrally related to the party's business and competitive operations, limitations on in-house counsel's access are more likely to be warranted. *See, e.g., CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 2010 WL 1904840 (E.D.Cal. 2010).

Where, as here, in-house counsel is not directly involved in product design, pricing, marketing, or sales, competitive concerns are diminished and greater in-house access to confidential information may be appropriate:

> Here, the record does not show that Gerawan's in-house counsel is engaged in any "competitive decision-making." To be sure, Gerawan is not a large company equipped with a vast army of in-house counsel. However, Plaintiff explicitly asserts that its in-house counsel does not serve any executive or non-legal functions at Gerawan. More importantly, Plaintiff asserts that in-house counsel does not provide advice to Gerawan on pricing or product design; is not involved in product development, marketing, or sales; does not have an ownership interest in Gerawan; and is not related to a principal of Gerawan.

*Gerawan*, 2011 WL 2516224, *4 (citations omitted). *See also Carpenter Technology Corp. v. Armco, Inc.*, 132 F.R.D. 24, 27-28 (E.D.Pa. 1990) (allowing one in-house counsel without competitive decision-making responsibilities access to defendant's confidential information).

Here, Microsoft is requesting that Culbert and Microsoft's outside counsel have equal pre-trial access to the evidence.[4] As with the in-house counsel in *Gerawan* (and *Carpenter*), Culbert does not serve any executive or non-legal functions at Microsoft relating to product design, development, pricing, marketing or sales.[5] Additionally, as the Court is aware, Microsoft is a large company with tens of thousands of employees and hundreds of in-house counsel. In this environment, disclosure of Motorola's licensing agreements and related materials to in-house counsel like Culbert – whose responsibilities relate primarily to oversight of numerous ongoing patent litigation activities (which includes advising management in

---

[4] To be clear, Microsoft does not contend that Culbert requires access to Motorola's source code (governed by Paragraphs 21-26 of the Protective Order), but rather that he should have access to the "licensing or other commercially sensitive financial information" designated by Motorola as CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY under Paragraph 6 of the Protective Order.

[5] By signing this submission – as the Court has required – Culbert attests to the accuracy of this representation.

**MICROSOFT'S REPLY RE ITS MOTION TO AMEND PROTECTIVE ORDER - 3**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

connection with risk exposure and possible settlement opportunities) and provision of legal advice relating to IP policy implementation – does not create an undue risk of competitive harm.  In any event, such a risk would be substantially mitigated by Culbert's express commitment to adhere to the terms of the Protective Order, including existing restrictions on his use and disclosure of confidential information.

Additionally, Culbert is counsel of record, and has been required by the Court to sign all submissions to the Court.  Under Rule 11(b), by signing submissions, counsel represent that they are not made for an improper purpose, are justified under the law, and are otherwise supported by the evidence.  As Motorola notes, these representations are to be based on counsel's knowledge and belief, "formed after an inquiry reasonable under the circumstances."  Microsoft asserts that it is "reasonable under the circumstances" to permit Mr. Culbert to have pre-trial access to Motorola's evidence, in order to give meaning and weight to these Rule 11 representations – as well as for the other reasons stated herein and in Microsoft's opening brief.

### 2. Motorola Misinterprets Paragraph 7 of the Protective Order.

Under Paragraph 7 of the Protective Order, Culbert will have access to *all* confidential information that may be disclosed at trial or other in-Court proceedings.  The expanded access Microsoft seeks is an incremental, but critical, modification to the Protective Order to ensure that Culbert has access to Motorola's evidence *in advance of trial*.  The requested advance access is necessary for Culbert to properly sponsor submissions to the Court, to evaluate potential settlement options, and to otherwise manage the litigation.

Paragraph 7 of the Protective Order permits the parties' designated in-house counsel to attend <u>all</u> in-Court proceedings.  Paragraph 7 does not state that in-house counsel may attend only *some* confidential proceedings; the parties stipulated that they "<u>shall not be excluded from any confidential portion of the trial</u> or other in-Court proceedings[.]"  (Emphasis added)

**MICROSOFT'S REPLY RE ITS MOTION TO
AMEND PROTECTIVE ORDER  - 4**

The privilege of attending <u>all</u> confidential portions of court proceedings comes with obligations, including restrictions (set forth in Paragraph 6) on further use and disclosure of confidential information revealed in court:

> *Subject to the restrictions in paragraph 6 above*, the two in-house counsel designated therein shall not be excluded from any confidential portion of the trial or other in-Court proceedings in this case.  (Emphasis added)

Without any further explanation, Motorola claims that the "subject to" language in Paragraph 7 conflicts with, overrides, and negates the "shall not be excluded from any confidential portion" language that follows.  Motorola interprets the "subject to" clause to mean that in-house counsel "*are excluded* from confidential portions of Court proceedings involving Confidential Financial Information designated "Outside Counsel Attorneys' Eyes Only."  Mot. Opp. at 2 (emphasis in original).  The parties could have drafted Paragraph 7 to exclude designated in-house counsel from certain proceedings.  But they did not.

The limited effect of the "subject to" clause in Paragraph 7 requires examination of Paragraph 6.  Paragraph 6:  (1) identifies the in-house Counsel for each party to whom certain confidential information may be disclosed; (2) identifies certain confidential <u>written materials</u> that may be disclosed (*e.g.,* "responses to interrogatories, answers to requests for admission, submissions to court, expert reports …, opinions and orders of the Court" – to the extent they do not reveal "outside attorneys' eyes only" information); and (3) imposes the following <u>restrictions</u> on further disclosure and use of such confidential information:

> (ii) not to reveal such Confidential Business Information to anyone other than another person designated in paragraph 3; and
>
> (iii) to utilize such Confidential Business Information solely for purposes of this action.

Nothing in Paragraph 6 purports to exclude in-house Counsel from any in-Court proceedings.  The most reasonable reading of the "subject to the restrictions in paragraph 6"

**MICROSOFT'S REPLY RE ITS MOTION TO
AMEND PROTECTIVE ORDER  - 5**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

clause is that it simply extends the same <u>restrictions on use and disclosure</u> of confidential information disclosed *in documents* (governed by ¶ 6) to any confidential information disclosed *in court* (governed by ¶ 7). *I.e*., in-house counsel's ability to use and disclose confidential information is similarly restricted whether that information was obtained pre-trial from written materials or via attendance at trial. Having signed Attachment A to the Protective Order, Microsoft's in-house counsel – including Culbert – are bound by these restrictions.

### 3. Motorola Has Provided No Evidence of Third-Party Reliance

Motorola has offered no evidence of any third-party who produced licensing documents in reliance on the terms of the Protective Order issued in this case on July 21, 2011. Instead, it has submitted correspondence between Motorola's counsel and two third parties relating to production of materials *in separate litigation* from April 2010 (before commencement of this lawsuit) and January 2011 (seven months prior to issuance of the Protective Order).

In July 2011, this Court could have entered a Protective Order consistent with the Amended Protective Order Microsoft is requesting – or some other version that provided in-house counsel with access to Motorola's confidential financial and licensing information. Prior to July 2011, no third party could have relied on a yet-to-be issued Order. Motorola has not identified any third-party licensee who produced licensing documents in reliance on the terms of the Protective Order. Moreover, Motorola's main evidence on which it and its experts intend to rely at the RAND trial is *based on its own licensing documents* – not materials that Motorola needed to gather from its partners.

Even if Motorola had identified any third party who had relied on the actual terms of the Protective Order entered in this case, those third parties would have (or should have) recognized that, under Paragraph 7, the substance of their confidential materials could be disclosed to Microsoft's in-house counsel at trial or any other in-Court proceeding. No third party has objected to such access in the 14 months since issuance of the Protective Order.

MICROSOFT'S REPLY RE ITS MOTION TO
AMEND PROTECTIVE ORDER - 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

DATED this 13th day of September, 2012.

CALFO HARRIGAN LEYH & EAKES LLP

By  *s/ Arthur W. Harrigan, Jr.*
    Arthur W. Harrigan, Jr., WSBA #1751
    Christopher Wion, WSBA #33207
    Shane P. Cramer, WSBA #35099

By  *s/ T. Andrew Culbert*
    T. Andrew Culbert
    David E. Killough
    MICROSOFT CORPORATION
    1 Microsoft Way
    Redmond, WA  98052
    Phone:  425-882-8080
    Fax:  425-869-1327

    David T. Pritikin
    Richard A. Cederoth
    Constantine L. Trela, Jr.
    William H. Baumgartner, Jr.
    Ellen S. Robbins
    Douglas I. Lewis
    David C. Giardina
    John W. McBride
    David Greenfield

    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, IL  60603
    Phone:  312-853-7000
    Fax:  312-853-7036

    Carter G. Phillips
    Brian R. Nester

    SIDLEY AUSTIN LLP
    1501 K Street NW
    Washington, DC  20005
    Telephone:  202-736-8000
    Fax:  202-736-8711
    Counsel for Microsoft Corp.

**MICROSOFT'S REPLY RE ITS MOTION TO
AMEND PROTECTIVE ORDER  - 7**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 13th day of September, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X__ ECF |
| Telephone:  (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

**MICROSOFT'S REPLY RE ITS MOTION TO AMEND PROTECTIVE ORDER  - 8**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |

DATED this 7th day of September, 2012.

         *s/ Linda Bledsoe*
         LINDA BLEDSOE

**MICROSOFT'S REPLY RE ITS MOTION TO
AMEND PROTECTIVE ORDER  - 9**