HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  MICROSOFT CORPORATION,

                              Plaintiff,

10
11      v.

No. C10-1823-JLR

MICROSOFT'S 10/4/12 MOTION TO
FILE DOCUMENTS UNDER SEAL

MOTOROLA, INC., et al.,

12
                              Defendants.
13

14  MOTOROLA MOBILITY, INC., et al.,

                              Plaintiffs,

15      v.

16  MICROSOFT CORPORATION,

17
                              Defendant.
18

**NOTED FOR:**
**Friday, October 12, 2012**

### I.  RELIEF REQUESTED

19
20      Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order
21  entered in this case, Microsoft respectfully seeks leave to file under seal the following
22  documents:

23      (1)    Exhibits 1-12, and 14-16 to the Declaration of Christopher Wion in Support of
               Microsoft's Motions *in Limine*;

24      (2)    Microsoft's Motions *in Limine*; and

25      (3)    Microsoft's Proposed Findings of Fact and Conclusions of Law.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    Microsoft seeks to file the foregoing materials under seal because they contain

2  information that has been identified by Microsoft, Motorola, and/or third parties as confidential

3  business information under the terms of the protective order issued in this case.

4    For these reasons, and as more fully described below, good cause exists for protecting

5  the confidentiality of these documents.  Microsoft respectfully requests permission to file the

6  above-referenced documents under seal and that the Court direct such documents to remain

7  under seal.  Microsoft is filing redacted versions of its Motions *in Limine* and its Proposed

8  Findings of Fact and Conclusions of Law as part of the public record.

9                    **II.  FACTS & AUTHORITY**

10   **A.**     **The Operative Protective Order and Applicable Court Rules Permit Microsoft to
          File Confidential Information under Seal.**

11

12   Pursuant to the Protective Order issued by the Court on July 21, 2011, as amended by

13  Order dated October 3, 2012, Microsoft is permitted to file materials designated by either party

14  as Confidential Business Information[1] under seal, with such documents to remain under seal

15  upon Court approval.  Paragraphs 2(a) and 8 of the Protective Order govern the filing of

16  documents under seal.  Paragraph 2(a) provides:

17       Any information submitted in pre-trial discovery or in a pleading, motion, or
         response to a motion in this action, either voluntarily or pursuant to order, and
18       which is asserted by a supplier to contain or constitute Confidential Business
         Information shall be so designated by such supplier in writing…and shall be
19       segregated from other information being submitted.  Documents shall be clearly
         and prominently marked on their face with the legend: "[SUPPLIER'S NAME]
20       CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO
         PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of
21       this action, such information, whether submitted in writing or in oral testimony,
22       shall be disclosed only *in camera* before the Court and shall be filed only under

23

24   [1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not
     been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or
25   apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories,
     amounts or source of any income, profits, losses, or expenditures."  Protective Order Regarding the Disclosure
     and Use of Discovery Materials (ECF No. 72), ¶1 (amended by Order dated October 3, 2012 (ECF No. 447)).

MICROSOFT'S 10/4/12 MOTION TO FILE          **No. C10-1823**
DOCUMENTS UNDER SEAL - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1    seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District
Court for the Western District of Washington.

2

Paragraph 8 likewise provides that:

3

4    Any Confidential Business Information submitted to the Court in connection
with a motion or other proceeding within the purview of this action shall be
submitted under seal pursuant to paragraph 2 above.

5

*Id.*, at ¶ 8.

6

7    The Federal Rules of Civil Procedure recognize that courts may permit parties to file

"trade secrets or other confidential research, development, or commercial information" under

8

seal.  Rule 26(c)(1)(G) and (H).  District courts "are in the best position to weigh the fairly

9

competing needs and interests of the parties affected by discovery," in crafting the appropriate

10

treatment of documents for which protected treatment is requested.  *Seattle Times Co. v.*

11

*Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*,

12

307 F.3d 1206, 1211-1212 (9th Cir. 2002).

13

14    Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in

support of a non-dispositive motion upon a showing of good cause.  Where the material sought to

15

be sealed "includes information about proprietary business operations, a company's business

16

model or agreements with clients, there are compelling reasons to seal the material because

17

possible infringement of trade secrets outweighs the general public interest in understanding

18

the judicial process."  *Selling Source, LLC v. Red River Ventures, LLC*, 2011 U.S. Dist. LEXIS

19

49664, 18 (D. Nev. Apr. 29, 2011).

20

21    Further, while the public generally enjoys a right to inspect and copy public records, "it

is uncontested … that the right to inspect and copy judicial records is not absolute.  Every court

22

has supervisory power over its own records and files, and access has been denied where court

23

files might have become a vehicle for improper purposes."  *Nixon v. Warner Communications,*

24

*Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978).  As the Court recognized, one such "improper

25

purpose" is where the commercial business information at issue is sought to be used as a

MICROSOFT'S 10/4/12 MOTION TO FILE     **No. C10-1823**
DOCUMENTS UNDER SEAL - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

"source[] of business information that might harm a litigant's competitive standing." *Id.*

(denying access to copies of tapes played at trial and noting that courts refused public access to

their files where granting such access might "become a vehicle for improper purposes,"

including causing a litigant competitive harm).  Good cause exists to grant Microsoft's motion

to seal.

**B.**     <u>Good Cause Exists for Microsoft to File the Referenced Documents under Seal.</u>

      1.   <u>Exhibits to 10/4/12 Wion Declaration.</u>

           a.   <u>Exhibits 4-5, 9-11, and 15 Previously Have Been Sealed Pursuant to this Court's Orders.</u>

Exhibits 4-5 previously were sealed pursuant to this Court's Order dated 9-13-12 (ECF

No. 433).  Similarly, Exhibits 9-11 and 15 were sealed pursuant to an Order dated 9-10-12

(ECF No. 419).  In accordance with the Court's prior Orders, Microsoft is filing each of the

foregoing Exhibits under seal.

           b.   <u>Exhibit 1 – Kirk Dailey Deposition Transcript</u>

Exhibit 1 is a copy of the transcript from the July 12, 2012 deposition of Motorola's

Kirk Dailey.  Motorola has designated the transcript as "Highly Confidential Attorney's Eyes

Only."  The transcript includes, among other things, extensive testimony regarding Motorola's

confidential licensing arrangements with third parties and numerous references to documents

that Motorola has designated as confidential under the terms of the Protective Order.

           c.   <u>Exhibit 2 – Timothy Kowalski Deposition Transcript</u>

Exhibit 2 is a copy of the transcript from the April 4, 2012 deposition of Motorola's

Timothy Kowalski.  The transcript includes, among other things, extensive testimony regarding

Motorola's confidential licensing arrangements with third parties and numerous references to

documents that Motorola has designated as confidential under the terms of the Protective

Order.  Although Motorola has not designated the transcript itself as confidential, in the event

MICROSOFT'S 10/4/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 4

**No. C10-1823**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   that such failure was an oversight, Microsoft has taken the precaution of filing Exhibit 2 under

2   seal to allow Motorola an opportunity to address such oversight.

3                     d.   Exhibit 3 – Expert Report of Richard Schmalensee

4           Exhibit 3 is a copy of the July 24, 2012 report of Motorola's expert Richard

5   Schmalensee.  Among other things, the report includes references to and descriptions of

6   Motorola's confidential licensing arrangements with third parties.  Motorola has designated the

7   report as "Highly Confidential—Attorneys' Eyes Only" under the terms of the Protective

8   Order.

9                     e.   Exhibit 6 – Michael Dansky's Deposition Transcript.

10          Exhibit 6 is a copy of the transcript from the September 5, 2012 deposition of

11  Motorola's expert, Michael Dansky.  Microsoft has been informed that Motorola intends to

12  designate the transcript as confidential under the Protective Order.  At his deposition, Mr.

13  Dansky testified regarding the content of his opening and rebuttal expert reports, which were

14  both designated by Motorola as "Highly Confidential – Attorneys' Eyes Only" under the terms

15  of the Protective Order.  Mr. Dansky also was examined regarding opinions offered by another

16  Motorola expert, Charles R. Donohoe, whose expert reports were likewise designated as

17  "Attorneys' Eyes Only."  Mr. Dansky's testimony and the expert reports referenced

18  extensively throughout the course of his deposition disclose confidential and non-public

19  financial and business information relating to both Microsoft and Motorola, and should be

20  maintained under seal.

21                    f.   Exhibit 7 – Google License

22          Exhibit 7 is an AVC Patent Portfolio License agreement between Google, Inc. and

23  MPEG LA that Motorola's parent, Google, Inc., has designated as "Confidential Financial

24  Information – Outside Attorneys' Eyes Only – Subject to Protective Order."

25

MICROSOFT'S 10/4/12 MOTION TO FILE          **No. C10-1823**
DOCUMENTS UNDER SEAL - 5

1

g.   Exhibit 8 – Allen Lo Deposition Transcript

2      Exhibit 8 is a copy of the transcript from the July 12, 2012 deposition of Allen Lo,

3  Deputy General Counsel for Patents and Patent Litigation at Google, Inc.  Google has

4  designated the transcript as "Highly Confidential – Attorneys' Eyes Only" under the terms of

5  the Protective Order.

6

h.   Exhibit 12 – Non Disclosure Agreement between Motorola and Microsoft

7      Exhibit 12 is a copy of a Non Disclosure Agreement between Motorola and Microsoft

8  that discloses the terms of the parties' confidential framework regarding settlement

9  negotiations.  Microsoft has designated the Agreement as "Confidential Business Information,

10  Subject to Protective Order" under the terms of the Protective Order.  Microsoft's interest in

11  maintaining the confidential nature of the terms of the Non Disclosure Agreement outweighs

12  any potential need for public access to such Agreement.  The Agreement should remain sealed.

13

i.   Exhibit 15 – Expert Report of Timothy Drabik

14      Exhibit 15 is a copy of the (corrected) report of Motorola's expert, Timothy Drabik,

15  dated July 30, 2012.  Motorola has designated the report as "Contains Confidential Business

16  Information Subject to Protective Order."  The report contains analysis of both parties'

17  patented technologies that is based, in part, on Mr. Drabik's access to confidential materials

18  and non-public information that has been produced by the parties in the context of this

19  litigation subject to the confidentiality protections afforded by the Protective Order.  The report

20  includes extensive references to and descriptions of both parties' confidential business

21  information.  Disclosure of the report creates a risk of competitive harm to the parties that

22  outweighs any legitimate need for public access.  The report should remain sealed.

23

24

25

MICROSOFT'S 10/4/12 MOTION TO FILE          **No. C10-1823**
DOCUMENTS UNDER SEAL - 6

1

2

     j. <u>Exhibit 16 – Motorola's Supplemental Response to Microsoft's</u>
<u>Interrogatory No. 16</u>

3

   Exhibit 16 is a copy of Motorola's Supplemental Response to Microsoft's Interrogatory

4

No. 16, which Motorola has designated as "Contains Confidential Business Information,

5

Subject to Protective Order – Attorneys' Eyes Only."

6

     2. <u>Microsoft's Motions *in Limine* Include References to Confidential Information</u>
<u>Contained in the Above-Referenced Exhibits, and Should Be Redacted</u>

7

   Microsoft's Motions *in Limine* includes references to and descriptions of the

8

confidential information contained in the above-referenced exhibits to the 10/4/12 Wion

9

Declaration.  To the extent that the Court determines that those exhibits should remain filed

10

under seal, Microsoft's Motions *in Limine* should be redacted to avoid disclosure of the

11

confidential information contained in those exhibits.  Microsoft is seeking to file under seal

12

only those limited portions of its Motions *in Limine* that contain information that should be

13

protected from public disclosure under the governing standards outlined above.  While a

14

complete and unredacted version of the Motions *in Limine* is being filed under seal, Microsoft

15

is filing a redacted version as part of the public record.

16

     3. <u>Microsoft's Proposed Findings of Fact and Conclusions of Law Includes</u>
<u>Confidential Information that Should Be Redacted</u>

17

18

   Microsoft's Proposed Findings of Fact and Conclusions of Law discloses information

19

that has been designated by Microsoft, Motorola and/or third parties as confidential under the

20

terms of the Protective Order, including, but not limited to confidential information contained

21

in many of the Exhibits described above.  Such information also includes information relating

22

to the parties' confidential licensing arrangements with third parties, confidential financial

23

information, and confidential business information relating to the parties' products, patents and

24

proprietary technologies.  Microsoft's Proposed Findings of Fact and Conclusions of Law also

25

discloses information that has been designated by third parties as confidential under the terms

MICROSOFT'S 10/4/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 7
     **No. C10-1823**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    of the Protective Order.  Microsoft is seeking to file under seal only those limited portions of

2    its Proposed Findings of Fact and Conclusions of Law that contain information that should be

3    protected from public disclosure under the governing standards outlined above.  While a

4    complete and unredacted version of Microsoft's Proposed Findings of Fact and Conclusions of

5    Law is being filed under seal, Microsoft is filing a redacted version as part of the public record.

6                               III.   **CONCLUSION**

7            Microsoft has filed the above-referenced documents under seal in compliance with the

8    terms of the Protective Order and the applicable Court rules.  Nothing herein is intended as a

9    waiver of Microsoft's right to contest Motorola's designation of material as Confidential

10   Business Information in accordance with the terms of the Protective Order.  Microsoft

11   expressly reserves the right to do so as the circumstances warrant.

12           A [Proposed] Order Granting Microsoft's 10/4/12 Motion to File Documents Under

13   Seal has been submitted herewith.

14           DATED this 4th day of October, 2012.

15                               CALFO HARRIGAN LEYH & EAKES LLP

16

17                               By ___s/ Arthur W. Harrigan, Jr._____
                                       Arthur W. Harrigan, Jr., WSBA #1751
18                                     Christopher Wion, WSBA #33207
                                       Shane P. Cramer, WSBA #35099
19
                                 By __T. Andrew Culbert_____
20                                     T. Andrew Culbert
                                       David E. Killough
21                                     MICROSOFT CORPORATION
                                       1 Microsoft Way
22                                     Redmond, WA  98052
                                       Phone:  425-882-8080
23                                     Fax:  425-869-1327
24
                                       David T. Pritikin
25                                     Richard A. Cederoth
                                       Constantine L. Trela, Jr.

MICROSOFT'S 10/4/12 MOTION TO FILE               **No. C10-1823**
DOCUMENTS UNDER SEAL - 8

1

William H. Baumgartner, Jr.
Ellen S. Robbins

2

Douglas I. Lewis
David C. Giardina

3

John W. McBride
David Greenfield

4

5

SIDLEY AUSTIN LLP
One South Dearborn

6

Chicago, IL  60603
Phone:  312-853-7000

7

Fax:  312-853-7036

8

Carter G. Phillips
Brian R. Nester

9

10

SIDLEY AUSTIN LLP
1501 K Street NW

11

Washington, DC  20005
Telephone:  202-736-8000

12

Fax:  202-736-8711

13

Counsel for Microsoft Corp.

14

15

16

17

18

19

20

21

22

23

24

25

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

**CERTIFICATE OF SERVICE**

2          I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of

3    Washington to the following:

4          1.     I am over the age of 21 and not a party to this action.

5          2.     On the 4th day of October, 2012, I caused the preceding document to be served

6    on counsel of record in the following manner:

7    <u>**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**</u>

8

9    Ralph Palumbo, WSBA #04751
     Philip S. McCune, WSBA #21081               _____ Messenger
     Lynn M. Engel, WSBA #21934                  _____ US Mail

10   Summit Law Group                            _____ Facsimile
     315 Fifth Ave. South, Suite 1000            ___X___ ECF

11   Seattle, WA  98104-2682
     Telephone:  206-676-7000

12   Email:  Summit1823@summitlaw.com

13

14   Steven Pepe (*pro hac vice*)               _____ Messenger
     Jesse J. Jenner (*pro hac vice*)            _____ US Mail

15   Ropes & Gray LLP                            _____ Facsimile
     1211 Avenue of the Americas                 ___X___ ECF

16   New York, NY  10036-8704
     Telephone:  (212) 596-9046

17   Email:  steven.pepe@ropesgray.com
     Email:  jesse.jenner@ropesgray.com

18

19

20   Norman H. Beamer (*pro hac vice*)          _____ Messenger
     Ropes & Gray LLP                            _____ US Mail
     1900 University Avenue, 6th Floor      _____ Facsimile

21   East Palo Alto, CA  94303-2284              ___X___ ECF
     Telephone:  (650) 617-4030

22   Email:  norman.beamer@ropesgray.com

23

24

25

MICROSOFT'S 10/4/12 MOTION TO FILE          **No. C10-1823**
DOCUMENTS UNDER SEAL - 10
                                                          LAW OFFICES
                                           **CALFO HARRIGAN LEYH & EAKES LLP**
                                                  999 THIRD AVENUE, SUITE 4400
                                                  SEATTLE, WASHINGTON 98104
                                           TEL, (206) 623-1700   FAX, (206) 623-8717

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

_____ Messenger
_____ US Mail
_____ Facsimile
\_\_\_X\_\_\_ ECF

DATED this 4th day of October, 2012.


 s/ Linda Bledsoe
LINDA BLEDSOE

MICROSOFT'S 10/4/12 MOTION TO FILE
DOCUMENTS UNDER SEAL - 11

No. C10-1823