The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants.<br><br>MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs/Counterclaim Defendant,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant/Counterclaim Plaintiff. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, October 12, 2012** |

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, LLC, and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal the following:

1. Exhibits 1-4 and 7-12 to the Declaration of Stuart W. Yothers; and

2. Defendants' Motions In Limine ("Motions").

## II. BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.) This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Id*. at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

(1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## III. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the following documents under seal for the stated reasons:

### A. Exhibits 1-4 and 7-12 to the Declaration of Stuart W. Yothers

Exhibit 1 is a true and correct copy of the August 10, 2012 Rebuttal Report of Matthew R. Lynde, Ph.D., Pursuant to Rule 26(a)(2)(B) (filed under seal). The report, which is designated as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," contains highly confidential Motorola and Microsoft information relating to business and licensing practices and history. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Accordingly, Exhibit 1 should be sealed in its entirety. This document was previously submitted to the Court as Exhibit 46 to the September 5, 2012 Second Declaration of Samuel L. Brenner In Support of Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony By Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 392), and was ordered sealed by the Court (Dkt. No. 432).

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    Exhibit 2 is a true and correct copy of excerpts of the transcript of the deposition of
2    Matthew R. Lynde, Ph.D., which was taken under oath in San Francisco, California, on August 31,
3    2012 (filed under seal).  That transcript has been designated "CONFIDENTIAL PURSUANT TO
4    PROTECTIVE ORDER."  At his deposition, Dr. Lynde testified extensively regarding the content
5    of both his opening and rebuttal expert reports, which Microsoft has designated in their entireties
6    as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE
7    ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER."  Both Dr. Lynde's
8    testimony and the expert reports referenced extensively throughout the course of his deposition
9    disclose highly confidential Motorola and Microsoft information relating to business and licensing
10   practices and history.  Disclosure of this information to third parties and other party employees not
11   covered by the protective order would have the potential to lead to competitive harm.
12   Accordingly, Exhibit 2 should be sealed in its entirety.  The entire document from which these
13   excerpts are drawn was previously submitted to the Court as Exhibit 38 to the September 5, 2012
14   Second Declaration of Samuel L. Brenner In Support of Motorola Mobility's and General
15   Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony By Charles R.
16   Donohoe and Dr. R. Sukumar (Dkt. No. 392), and was ordered sealed by the Court (Dkt. No. 432).

17   Exhibit 3 is true and correct copy of excerpts of the August 10, 2012 Rebuttal Expert
18   Report of Kevin M. Murphy (filed under seal).  The report, which is designated as
19   "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," contains confidential
20   Motorola licensing information, and which cites to and discusses confidential Motorola licensing
21   information included in the report of Motorola expert Charles R. Donohoe.  That report, which is
22   designated as "CONTAINS CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE
23   ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," includes an examination
24   of, and discloses, confidential and non-public financial and business information relating to both
25   Microsoft and Motorola, and relating to licensing and business practices and history.  Disclosure
26   of this information to third parties and other party employees not covered by the protective order

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN
LIMINE - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  would have the potential to lead to competitive harm.  Accordingly, Exhibit 3 should be sealed in
2  its entirety.

3        Exhibit 4 is a true and correct copy of the transcript of the deposition of Kevin M. Murphy,
4  which was taken under oath in Chicago, Illinois, on August 31, 2012 (filed under seal).  This
5  transcript has been designated as "HIGHLY CONFIDENTIAL."  During his deposition, Dr.
6  Murphy testified extensively regarding the content of both his opening and rebuttal expert reports,
7  which Microsoft has designated in their entireties "ATTORNEYS' EYES ONLY SUBJECT TO
8  PROTECTIVE ORDER."  Moreover, during his deposition, Dr. Murphy discussed confidential
9  information about Microsoft's and Motorola's business and licensing practices and licensing
10 history. Disclosure of this information to third parties and other party employees not covered by
11 the protective order would have the potential to lead to competitive harm.  Due to presence of this
12 highly confidential information throughout the transcript, Exhibit 4 should be sealed in its entirety.
13 This document was previously submitted to the Court as Exhibit 39 to the September 5, 2012
14 Second Declaration of Samuel L. Brenner In Support of Motorola Mobility's and General
15 Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony By Charles R.
16 Donohoe and Dr. R. Sukumar (Dkt. No. 392), and was ordered sealed by the Court (Dkt. No. 432).

17       Exhibit 7 is a true and correct copy of excerpts of the July 24, 2012 Expert Report of
18 Matthew R. Lynde, Ph.D., Pursuant to Rule 26(a)(2)(B) (filed under seal).  This report, which
19 Microsoft has designated as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS
20 INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE
21 ORDER," discloses highly confidential Motorola and Microsoft information relating to business
22 and licensing practices and history.  Disclosure of this information to third parties and other party
23 employees not covered by the protective order would have the potential to lead to competitive
24 harm.  Accordingly, Exhibit 7 should be sealed in its entirety.

25
26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN
LIMINE - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   Exhibit 8 is a true and correct copy of a September 18, 2003 presentation delivered to Motorola containing details of InteCap's 2003 study, and bearing Bates numbers MOTO-MS-000237724-48 (filed under seal). This presentation, which is designated "MOTOROLA MOBILITY, INC. CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," contains confidential information regarding Motorola's market analysis and business practices and strategy. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Accordingly, Exhibit 8 should be sealed in its entirety.

Exhibit 9 is a true and correct copy of excerpts of the March 20, 2012 deposition of K. McNeill Taylor, Jr., which was designated Highly Confidential and which was taken under oath in New York, NY (filed under seal). Throughout his testimony, Mr. Taylor disclosed highly confidential information about Motorola's licenses, licensing history, internal business practices, and confidential communications between the parties' respective legal departments. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the transcript, Exhibit 9 should be sealed in its entirety. The entire deposition transcript from which these pages are excerpted was previously submitted to the Court as Exhibit 1 to the March 30, 2012 Declaration of Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 230), and was ordered sealed by the court (Dkt. No. 294).

Exhibit 10 is a true and correct copy of the August 10, 2012 Rebuttal Expert Report of Michael J. Dansky (filed under seal). That report, which Motorola designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," includes an examination of, and discloses, confidential and non-public financial and business information relating to both Microsoft and Motorola, and relating to licensing and business practices and history. Disclosure of this information to third parties and other party employees not covered by the protective order would

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

have the potential to lead to competitive harm.  Accordingly, Exhibit 10 should be sealed in its entirety.

Exhibit 11 is a true and correct copy of excerpts (highlighted by counsel) of the April 10, 2012 deposition of Amy A. Marasco, which was designated Highly Confidential, and which was taken under oath in Seattle, Washington (filed under seal).  During her deposition, Ms. Marasco testified extensively regarding Microsoft's confidential and non-public financial and business information.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Due to presence of this highly confidential information throughout the transcript, Exhibit 11 should be sealed in its entirety.

Exhibit 12 is a true and correct copy of excerpts (highlighted by counsel) of the April 4, 2012 deposition of Horacio E. Gutierrez, which was Highly Confidential - Attorneys' Eyes Only, and which was taken under oath in Seattle, Washington (filed under seal).  During his deposition, Mr. Gutierrez testified extensively regarding Microsoft's confidential and non-public financial and business information.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Due to presence of this highly confidential information throughout the transcript, Exhibit 12 should be sealed in its entirety.

**B.     Defendants' Motions In Limine ("Motions")**

Motorola respectfully requests that its Motions be filed under seal because of extensive citation to, and description of: (1) confidential internal Motorola and Microsoft documents relating to business and licensing practices and history; (2) expert reports filed in this action by Microsoft's and Motorola's expert witnesses, which the parties have designated as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and "HIGHLY

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and (3) confidential deposition testimony
2  from this action. Disclosure of this information to third parties and other party employees not
3  covered by the protective order would have the potential to lead to competitive harm. Because
4  this information is contained in the Motions, and in accordance with its responsibilities under the
5  Protective Order, Motorola has marked this document as containing "OUTSIDE ATTORNEYS'
6  EYES ONLY – SUBJECT TO PROTECTIVE ORDER." In lieu of sealing all of the Motions,
7  Motorola has redacted only those portions of its Motions that disclose this confidential
8  information. Redactions were made to limit as little information as possible, leaving the
9  remainder available for public review.

## IV.  CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following documents be filed under seal:

1. Exhibits 1-4 and 7-12 to the Declaration of Stuart W. Yothers; and

2. Defendants' Motions In Limine.

DATED this 4th day of October, 2012.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
Ralph H. Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081
Lynn M. Engel, WSBA #21934
*ralphp@summitlaw.com*
*philm@summitlaw.com*
*lynne@summitlaw.com*

By */s/ Thomas V. Miller*
Thomas V. Miller
MOTOROLA MOBILITY LLC
600 North U.S. Highway 45
Libertyville, IL  60048-1286
(847) 523-2162

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   And by

2   Jesse J. Jenner (*pro hac vice*)
   Steven Pepe (*pro hac vice*)
3   Stuart W. Yothers (*pro hac vice*)
   Kevin J. Post (*pro hac vice*)
4   Ropes & Gray LLP
   1211 Avenue of the Americas
5   New York, NY  10036-8704
   (212) 596-9046
6   *jesse.jenner@ropesgray.com*
   *steven.pepe@ropesgray.com*
7   *stuart.yothers@ropesgray.com*
   *kevin.post@ropesgray.com*
8
   James R. Batchelder (*pro hac vice*)
9   Norman H. Beamer (*pro hac vice*)
   Ropes & Gray LLP
10  1900 University Avenue, 6th Floor
   East Palo Alto, CA  94303-2284
11  (650) 617-4030
   *james.batchelder@ropesgray.com*
12  *norman.beamer@ropesgray.com*

13  Paul M. Schoenhard (*pro hac vice*)
   Ropes & Gray LLP
14  One Metro Center
   700 12th Street NW, Suite 900
15  Washington, DC  20005-3948
   (202) 508-4693
16  *paul.schoenhard.@ropesgray.com*

17  **Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.**

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Danielson, Harrigan, Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 4th day of October, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001