THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                          Plaintiff,<br><br>    vs.<br><br>MOTOROLA, INC.,  et al.,<br><br>                    Defendants.<br>_____<br>MOTOROLA MOBILITY, INC., et al.,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>MICROSOFT CORPORATION,<br><br>                    Defendants. | Case No. C10-1823-JLR<br><br>**MICROSOFT'S COMBINED RESPONSE TO DEFENDANTS' 10/04/12 MOTIONS TO FILE DOCUMENTS UNDER SEAL (ECF Nos. 455 and 460)**<br><br>**NOTED:  October 12, 2012** |

## I.  INTRODUCTION

20

21

22

23

24

25

Microsoft does not oppose Defendants' October 4, 2012 Motion to File Documents

Under Seal in Support of Defendants' Motions in Limine (ECF No. 455), or Defendants'

October 4, 2012 Motion to File Defendants' Proposed Findings of Fact and Conclusions of

Law under Seal (ECF No. 460) (collectively, Defendants' "Motions to Seal").  As described in

Defendants' Motions to Seal, the following documents were filed under seal:

MICROSOFT'S COMBINED RESPONSE TO
DEFENDANTS' 10-4-12 MOTIONS TO SEAL
(ECF Nos. 455 and 460)  - 1

1     1.     Exhibits 1-4 and 7-12 to the Declaration of Stuart W. Yothers in Support of Defendants' Motions in Limine (ECF Nos. 459 and 459-1);

2     2     Defendants' Motions in Limine (ECF No. 458); and

3     3.     Defendants' Proposed Findings of Fact and Conclusions of Law (ECF No. 462).

Defendants argue that all of these documents contain Confidential Business Information relating to the Parties' licensing and business practices, the disclosure of which could lead to competitive harm. Microsoft agrees that these documents should remain under seal.

## II.  AUTHORITY

**A.**     **The Operative Protective Order and Applicable Court Rules Permit and Require Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, as amended by Order dated October 3, 2012, the parties are required to file materials designated by the parties or non-parties as containing Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1 (amended by Order dated October 3, 2012 (ECF No. 447)).

MICROSOFT'S COMBINED RESPONSE TO
DEFENDANTS' 10-4-12 MOTIONS TO SEAL
(ECF Nos. 455 and 460) - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal.  Rule 26(c)(1)(G) and (H).  District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a non-dispositive motion upon a showing of good cause.  While the public generally enjoys a right to inspect and copy public records, "it is uncontested … that the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306 (1978).  As the Court recognized, one such "improper purpose" is where the commercial business information at issue is sought to be used as a "source[] of business information that might harm a litigant's competitive standing."  *Id.* (denying access to copies of tapes played at trial and noting that courts refused public access to their files where granting such access might "become a vehicle for improper purposes," including causing a litigant competitive harm).  Good cause exists to maintain under seal all of the above-referenced documents.

MICROSOFT'S COMBINED RESPONSE TO
DEFENDANTS' 10-4-12 MOTIONS TO SEAL
(ECF Nos. 455 and 460) - 3

1

**B.      Good Cause Exists for Maintaining The Above-Referenced Documents Under Seal.**

2

Defendants argue that Exhibits 1-4 and 7-12 to the Yothers Declaration contain highly

3

confidential information relating to the Parties' business and/or licensing practices, the

4

disclosure of which to third parties could potentially lead to competitive harm.  Microsoft

5

agrees that these exhibits should be maintained under seal, for the reasons expressed by

6

Defendants in their motion.  Further, as Defendants note, several of these exhibits have

7

previously been sealed pursuant to earlier orders entered by the Court (*see, e.g.,* ECF Nos. 294,

8

432, 433).

9

Microsoft likewise does not oppose Defendants' request that Defendants' Motions in

10

Limine (ECF No. 458) and Proposed Findings of Fact and Conclusions of Law (ECF No. 462)

11

remain under seal.  As Defendants argue, these filings refer extensively to the Parties'

12

confidential business and licensing information, the disclosure of which to third parties could

13

potentially lead to competitive harm.  Defendants have filed a redacted version of each

14

document as part of the public record (ECF Nos. 456 and 461).  Good cause exists to maintain

15

the unredacted version of each filing under seal.

16

### III.  CONCLUSION

17

For these reasons, Microsoft respectfully requests that Exhibits 1-4 and 7-12 to the

18

Yothers Declaration, Defendants' Motions in Limine, and Defendants' Proposed Findings of

19

Fact and Conclusions of Law remain under seal.

20

Nothing herein is intended as a waiver of Microsoft's right to contest Defendants'

21

designation of material as confidential in accordance with the terms of the Protective Order.

22

Microsoft expressly reserves the right to do so as the circumstances warrant.

23

24

25

MICROSOFT'S COMBINED RESPONSE TO
DEFENDANTS' 10-4-12 MOTIONS TO SEAL
(ECF Nos. 455 and 460)  - 4

1    DATED this 10th day of October, 2012.

2                    CALFO HARRIGAN LEYH & EAKES LLP

3                    By s/ Arthur W. Harrigan, Jr.
4                        Arthur W. Harrigan, Jr., WSBA #1751
                         Christopher Wion, WSBA #33207
5                        Shane P. Cramer, WSBA #35099

6                    By  s/ T. Andrew Culbert
7                        T. Andrew Culbert
                         David E. Killough
8                        MICROSOFT CORPORATION
                         1 Microsoft Way
9                        Redmond, WA  98052
                         Phone:  425-882-8080
10                       Fax:  425-869-1327

11                       David T. Pritikin
                         Richard A. Cederoth
12                       Constantine L. Trela, Jr.
                         William H. Baumgartner, Jr.
13                       Ellen S. Robbins
                         Douglas I. Lewis
14                       David C. Giardina
                         John W. McBride
15                       David Greenfield
                         SIDLEY AUSTIN LLP
16                       One South Dearborn
                         Chicago, IL  60603
17                       Phone:  312-853-7000
                         Fax:  312-853-7036
18

19                       Carter G. Phillips
                         Brian R. Nester
20                       SIDLEY AUSTIN LLP
                         1501 K Street NW
21                       Washington, DC  20005
                         Telephone:  202-736-8000
22                       Fax:  202-736-8711
                         Counsel for Microsoft Corp.
23

24

25

MICROSOFT'S COMBINED RESPONSE TO
DEFENDANTS' 10-4-12 MOTIONS TO SEAL
(ECF Nos. 455 and 460)  - 5

**CERTIFICATE OF SERVICE**

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1.      I am over the age of 21 and not a party to this action.

2.      On the 10th day of October, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | ___X___ ECF |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email:  Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | ___X___ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email:  steven.pepe@ropesgray.com | |
| Email:  jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | ___X___ ECF |
| Telephone:  (650) 617-4030 | |
| Email:  norman.beamer@ropesgray.com | |

MICROSOFT'S COMBINED RESPONSE TO
DEFENDANTS' 10-4-12 MOTIONS TO SEAL
(ECF Nos. 455 and 460)  - 6

Paul M. Schoenhard (*pro hac vice*)                    _____ Messenger
Ropes & Gray LLP                                              _____ US Mail
One Metro Center                                               _____ Facsimile
700 12th Street NW, Suite 900                     ___X___ ECF
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

DATED this 10th day of October, 2012.


                                          s/ Linda Bledsoe_____
                                          LINDA BLEDSOE

MICROSOFT'S COMBINED RESPONSE TO
DEFENDANTS' 10-4-12 MOTIONS TO SEAL
(ECF Nos. 455 and 460)  - 7