The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants.<br><br>MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs/Counterclaim Defendant,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant/Counterclaim Plaintiff. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' NONOPPOSITION TO MICROSOFT'S 10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, October 12, 2012** |

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. C10-1823-JLR

4848-8431-1825.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, LLC, and General Instrument Corporation (collectively "Motorola") do not oppose Microsoft's 10/4/12 Motion to File Documents Under Seal (Dkt. No. 448) regarding the following documents:

- Exhibits 1-12 and 14-16 to the Declaration of Christopher Wion in Support of Microsoft's Motions *In Limine* ("10/4/12 Wion Declaration") (Dkt. Nos. 451 and 452);

- Microsoft's Motions *In Limine* (Dkt. No. 450); and

- Microsoft's Proposed Findings of Fact and Conclusions of Law (Dkt. No. 454).

## II. MOTOROLA DOES NOT OPPOSE MICROSOFT'S MOTION TO SEAL

### A. Exhibits 1-12 and 14-16 to the 10/4/12 Wion Declaration

Exhibit 1 to the 10/4/12 Wion Declaration is a copy of the transcript from the deposition of Kirk W. Dailey, taken under oath July 12, 2012, in Chicago, Illinois. This deposition has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Throughout his testimony, Mr. Dailey disclosed highly confidential information about Motorola's licenses, licensing history and internal business practices. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to the presence of this highly confidential information throughout the transcript, there is good cause to seal Exhibit 1, which should be sealed in its entirety.

Exhibit 2 to the 10/4/12 Wion Declaration is a copy of the transcript of the deposition of Motorola witness Timothy M. Kowalski, taken under oath in Chicago, Illinois, on April 4, 2012. During his deposition, Mr. Kowalski, then lead intellectual property counsel at Motorola (and now Senior Patent Counsel at Google), testified extensively as to Motorola's confidential licensing arrangements with third parties and as to numerous documents that Motorola has designated as "confidential." Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Although

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4848-8431-1825.1

1  Motorola initially did not designate this transcript as confidential, Motorola has asked the court

2  reporter to do so, and now considers the transcript to be designated "HIGHLY CONFIDENTIAL

3  – ATTORNEYS' EYES ONLY."  Due to the presence of highly confidential information

4  throughout the transcript, there is good cause to seal Exhibit 2, which should be sealed in its

5  entirety.

6  Exhibit 3 to the 10/4/12 Wion Declaration is a copy of the July 24, 2012 Expert Report of

7  Motorola expert Richard Schmalensee.  This report, which is designated "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY," contains highly confidential information

9  about Microsoft and Motorola business and licensing practices and history.  Disclosure of this

10 information to third parties and other party employees not covered by the protective order would

11 have the potential to lead to competitive harm.  Accordingly, there is good cause to seal Exhibit 3,

12 which should be sealed in its entirety.  This document was previously submitted to the Court as

13 Exhibit 35 to the September 5, 2012 Second Declaration of Samuel L. Brenner In Support of

14 Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702 Motion to

15 Preclude Testimony By Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 392), and was ordered

16 sealed by the Court (Dkt. No. 432).

17 Exhibit 4 to the 10/4/12 Wion Declaration is a copy of the August 10, 2012 Rebuttal

18 Expert Report of Charles R. Donohoe.  This report, which is designated as "CONTAINS

19 CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY –

20 SUBJECT TO PROTECTIVE ORDER," includes an examination of, and discloses, confidential

21 and non-public financial and business information relating to both Microsoft and Motorola, and

22 relating to licensing and business practices and history.  Disclosure of this information to third

23 parties and other party employees not covered by the protective order would have the potential to

24 lead to competitive harm.  Accordingly, there is good cause to seal Exhibit 4, which should be

25 sealed in its entirety.  This document was previously submitted to the Court as Exhibit 50 to the

26 September 5, 2012 Second Declaration of Samuel L. Brenner In Support of Motorola Mobility's

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4848-8431-1825.1

and General Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony By Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 392), and was ordered sealed by the Court (Dkt. No. 432).

Exhibit 5 to the 10/4/12 Wion Declaration is a copy of the August 10, 2012 Rebuttal Expert Report of Roger S. Smith, which has been marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." This report includes an examination of, and discloses, confidential and non-public financial and business information relating to both Microsoft and Motorola, and relating to licensing and business practices and history. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Accordingly, there is good cause to seal Exhibit 5, which should be sealed in its entirety. This document was previously submitted to the Court as Exhibit 63 to the September 5, 2012 Second Declaration of Samuel L. Brenner In Support of Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony By Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 392) and Exhibit 11 to the Declaration of Christopher Wion in Support of Microsoft's Opposition to Motorola's *Daubert* Motion to Exclude Certain Testimony of Plaintiff's Experts Drs. Lynde, Murphy, and Simcoe (Dkt. No. 407), and was ordered sealed by the Court (Dkt. Nos. 432 and 433).

Exhibit 6 to the 10/4/12 Wion Declaration is a copy of the transcript of the deposition of Motorola expert Michael Dansky, taken under oath in New York on September 5, 2012. Microsoft has informed Motorola that it intends to designate the transcript as "confidential" under the terms of the Protective Order. During his deposition, Mr. Dansky testified extensively regarding the contents of both his opening and rebuttal expert reports, which Microsoft has designated in their entireties as "Highly Confidential – Attorneys' Eyes Only," and also testified regarding the opinions of Motorola expert Charles R. Donohoe, which were themselves contained in reports that Motorola has designated as "CONTAINS CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY -- SUBJECT TO PROTECTIVE

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4848-8431-1825.1

ORDER." Moreover, during his deposition, Mr. Dansky discussed confidential information about Microsoft's and Motorola's business and licensing practices and licensing history. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the transcript, there is good cause to seal Exhibit 6, which should be sealed in its entirety. This exhibit was previously submitted as Exhibit 6 to the Second Declaration of Christopher Wion in Support of Microsoft's Rule 702 Motion to Preclude Testimony by Charles R. Donohue and Dr. Ramamirtham Sukumar (the "9/10/12 Wion Declaration") (Dkt. No. 423), and was ordered sealed by the Court on September 21, 2012 (Dkt. No. 444).

Exhibit 7 to the 10/4/12 Wion Declaration is a copy of a Patent Portfolio License between Google, Inc. and MPEG LA, L.L.C., signed in January of 2005. This document is a highly confidential agreement between two non-parties to this litigation, and has been designated as "GOOGLE'S CONFIDENTIAL FINANCIAL INFORMATION - OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER." The Agreement itself indicates that in no event shall the licensing administrator provide to any of the licensors information on royalties paid on a licensee-by-licensee basis, unless required by law, court order, or rule or regulation. *See* § 3.11.7. Disclosure of the specific terms of this license to third parties not covered by the protective order would have the potential to lead to competitive harm. Due to presence of highly confidential information throughout the license, there is good cause to seal Exhibit 7, which should be sealed in its entirety.

Exhibit 8 to the 10/4/12 Wion Declaration is a copy of the transcript of the deposition of Motorola employee Allen Lo, taken under oath July 12, 2012 in Redwood Shores, California. This transcript has been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER." Throughout his testimony, Mr. Lo, Deputy General Counsel for Patents and Patent Litigation at Google, disclosed highly confidential information about Google's and Motorola's licensing history and practices and internal business

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4848-8431-1825.1

1   practices. Disclosure of this information to third parties and other party employees not covered by

2   the protective order would have the potential to lead to competitive harm. Due to the presence of

3   this highly confidential information throughout the transcript, there is good cause to seal Exhibit 8,

4   which should be sealed in its entirety.

5   Exhibit 9 to the 10/4/12 Wion Declaration is a copy of the July 24, 2012 Expert Report of

6   Motorola expert Charles R. Donohoe, along with Exhibit C to that report. As Microsoft has

7   previously pointed out (Dkt. No. 394 at 4), this report, which is designated as "CONTAINS

8   CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY –

9   SUBJECT TO PROTECTIVE ORDER," includes an examination of, and discloses, confidential

10  and non-public financial and business information relating to both Microsoft and Motorola, and

11  relating to licensing and business practices and history. Disclosure of this information to third

12  parties and other party employees not covered by the protective order would have the potential to

13  lead to competitive harm. Accordingly, there is good cause to seal Exhibit 9, which should be

14  sealed in its entirety. This document was previously submitted as Exhibit 2 to the August 27,

15  2012 Declaration of Christopher Wion in Support of Microsoft's Rule 702 Motion to Preclude

16  Testimony by Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 398), and was ordered sealed by

17  the Court on September 10, 2012 (Dkt. No. 419).

18  Exhibit 10 to the 10/4/12 Wion Declaration is a copy of the transcript from the August 24,

19  2012 deposition of Motorola expert Charles R. Donohoe, which has been designated as "Highly

20  Confidential- Pursuant to Protective Order." At his deposition, Mr. Donohoe testified extensively

21  regarding the content of both his opening and rebuttal expert reports, both of which were

22  designated as "CONTAINS CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE

23  ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," and both which include

24  examinations and disclosure of confidential and non-public financial and business information

25  relating to both Microsoft and Motorola, and relating to licensing and business practices and

26  history. Disclosure of this information to third parties and other party employees not covered by

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4848-8431-1825.1

the protective order would have the potential to lead to competitive harm.  Accordingly, there is good cause to seal Exhibit 10, which should be sealed in its entirety.  This document was previously submitted as Exhibit 3 to the August 27, 2012 Declaration of Christopher Wion in Support of Microsoft's Rule 702 Motion to Preclude Testimony by Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 398), and was ordered sealed by the Court on September 10, 2012 (Dkt. No. 419).

Exhibit 11 to the 10/4/12 Wion Declaration is a copy of the transcript from the August 22, 2012 deposition of Motorola expert Dr. Richard Schmalensee, which was taken under oath in Boston, Massachusetts. At his deposition, Dr. Schmalensee testified extensively regarding the content of both his opening and rebuttal expert reports, which were both designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and which both contain highly confidential information about Microsoft and Motorola business and licensing practices and history.  Dr. Schmalensee was also examined extensively regarding the substance of the opening report submitted by Motorola licensing expert Charles R. Donohoe, which report was designated as "CONTAINS CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," includes an examination of, and discloses, confidential and non-public financial and business information relating to both Microsoft and Motorola, and relating to licensing and business practices and history.  Dr. Schmalensee's testimony and the expert reports referenced extensively throughout the course of his deposition disclose confidential and non-public financial and business information relating to both Microsoft and Motorola, including as it relates to their confidential licensing arrangements with third parties.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm.  Accordingly, there is good cause to seal Exhibit 11, which should be sealed in its entirety.  This document was previously submitted as Exhibit 1 to the August 27, 2012 Declaration of Christopher Wion in Support of Microsoft's Rule 702 Motion to Preclude Testimony by Charles

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

4848-8431-1825.1

R. Donohoe and Dr. R. Sukumar (Dkt. No. 398), and was ordered sealed by the Court on September 10, 2012 (Dkt. No. 419).

Exhibit 12 to the 10/4/12 Wion Declaration is a copy of the November 12, 2010 Non Disclosure Agreement between Motorola and Microsoft, which discloses the terms of the parties' confidential framework regarding settlement negotiations. The document has been designated as "Confidential Business Information, Subject to Protective Order." Motorola has no objection to sealing of Exhibit 12.

Exhibit 14 to the 10/4/12 Wion Declaration is a copy of the transcript of the August 21, 2012 deposition of Motorola expert Timothy Drabik, which has been designated "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO THE PROTECTIVE ORDER." During his deposition, Dr. Drabik testified regarding his opening and rebuttal expert reports, which were designated "Contains Confidential Business Information Subject To Protective Order." In his reports and his testimony, Dr. Drabik discussed sensitive and technical aspects of Microsoft's products, general disclosure of which would have the potential to lead to competitive harm. Accordingly, Motorola does not oppose sealing Exhibit 14. Excerpts from this document were previously submitted as Exhibit 5 to the August 27, 2012 Declaration of Christopher Wion in Support of Microsoft's Rule 702 Motion to Preclude Testimony by Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 398), and was ordered sealed by the Court on September 10, 2012 (Dkt. No. 419).

Exhibit 15 to the 10/4/12 Wion Declaration is a copy of the July 30, 2012 corrected Opening Expert Report of Timothy Drabik (original served on July 24, 2012).[1] This report, which Motorola has designated "Contains Confidential Business Information Subject To Protective Order," contains highly confidential information about Microsoft's business practices and

---

[1] Microsoft states (Dkt. No. 448 at 4) that Exhibit 15 was sealed by the Court pursuant to Dkt. No. 419. However, that Order granted Microsoft's 8/27/12 Motion To File Documents Under Seal (Dkt. No. 394), which did not mention Dr. Drabik's opening report. Microsoft did not submit Dr. Drabik's opening report in support of Microsoft Corporation's Rule 702 Motion to Preclude Testimony By Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 398).

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4848-8431-1825.1

strategies, as well as confidential information about both parties' patented technologies. Throughout his report, Dr. Drabik discussed sensitive and technical aspects of Microsoft's products, general disclosure of which would have the potential to lead to competitive harm. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Accordingly, there is good cause to seal Exhibit 15, which should be sealed in its entirety.

Exhibit 16 to the 10/4/12 Wion Declaration is a copy of Motorola's Supplemental Response to Microsoft's Interrogatory No. 16. This response, which Motorola has designated "CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY," contains highly confidential internal Motorola information regarding its evaluation of the legal scope of its patents. The response also incorporated by reference numerous documents, including the opening and rebuttal expert reports of Timothy Drabik, both of which have been designated as "Contains Confidential Business Information Subject To Protective Order." Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Accordingly, there is good cause to seal Exhibit 16, which should be sealed in its entirety.

**B.     Microsoft's Motions *In Limine***

Microsoft's Motions *In Limine* include references to and descriptions of confidential information contained in Exhibits 1-12 and 14-16 to the 10/4/12 Wion Declaration. For the reasons stated in Microsoft's Motion 10/4/12 Motion to File Documents Under Seal (Dkt. No. 448), and for the additional reasons stated above, there is good cause to seal those portions of Microsoft's Motions *In Limine* (Dkt. No. 450) that refer to such confidential information.

**C.     Microsoft's Proposed Findings of Fact and Conclusions of Law**

Microsoft's Proposed Findings of Fact and Conclusions of Law (Dkt. No. 454) disclose information that has been designated as confidential under the terms of the Protective Order by

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4848-8431-1825.1

both the parties and third parties not involved in this litigation. Such information includes highly confidential information about licensing practices, finances, proprietary technologies, and business practices. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Microsoft's Proposed Findings of Fact and Conclusions of Law should therefore be sealed to the extent that they discuss or refer to such confidential information.

**III.     CONCLUSION**

Defendants do not oppose Microsoft's 10/4/12 Motion to File Documents Under Seal (Dkt. No. 448). Nothing herein is intended as a waiver of Defendants' right to contest Microsoft's designation of material as Confidential Business Information in accordance with the terms of the Protective Order entered on July 21, 2011 (Dkt. No. 72). Defendants expressly reserve the right to do so as the circumstances warrant.

DATED this 10th day of October, 2012.

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
  Ralph H. Palumbo, WSBA #04751
  Philip S. McCune, WSBA #21081
  Lynn M. Engel, WSBA #21934
  *ralphp@summitlaw.com*
  *philm@summitlaw.com*
  *lynne@summitlaw.com*

By */s/ Thomas V. Miller*
  Thomas V. Miller
  MOTOROLA MOBILITY LLC
  600 North U.S. Highway 45
  Libertyville, IL  60048-1286
  (847) 523-2162

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

4848-8431-1825.1

| | |
|---|---|
| 1 | And by |
| 2 | Jesse J. Jenner (*pro hac vice*) |
| 3 | Steven Pepe (*pro hac vice*) |
| | Kevin J. Post (*pro hac vice*) |
| | Ropes & Gray LLP |
| 4 | 1211 Avenue of the Americas |
| | New York, NY  10036-8704 |
| 5 | (212) 596-9046 |
| | *jesse.jenner@ropesgray.com* |
| 6 | *steven.pepe@ropesgray.com* |
| | *kevin.post@ropesgray.com* |
| 7 | |
| 8 | James R. Batchelder (*pro hac vice*) |
| | Norman H. Beamer (*pro hac vice*) |
| | Ropes & Gray LLP |
| 9 | 1900 University Avenue, 6th Floor |
| | East Palo Alto, CA  94303-2284 |
| 10 | (650) 617-4030 |
| | *james.batchelder@ropesgray.com* |
| 11 | *norman.beamer@ropesgray.com* |
| 12 | Paul M. Schoenhard (*pro hac vice* |
| | Ropes & Gray LLP |
| 13 | One Metro Center |
| | 700 12th Street NW, Suite 900 |
| 14 | Washington, DC  20005-3948 |
| | (202) 508-4693 |
| 15 | *paul.schoenhard.@ropesgray.com* |
| 16 | ***Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.*** |

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

4848-8431-1825.1

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Arthur W. Harrigan, Jr., Esq.
> Christopher T. Wion, Esq.
> Shane P. Cramer, Esq.
> Calfo Danielson, Harrigan, Leyh & Eakes LLP
> *arthurh@calfoharrigan.com*
> *chrisw@calfoharrigan.com*
> *shanec@calfoharrigan.com*
>
> Richard A. Cederoth, Esq.
> Brian R. Nester, Esq.
> David T. Pritikin, Esq.
> Douglas I. Lewis, Esq.
> John W. McBride, Esq.
> David Greenfield, Esq.
> William H. Baumgartner, Jr., Esq.
> David C. Giardina, Esq.
> Carter G. Phillips, Esq.
> Constantine L. Trela, Jr., Esq.
> Ellen S. Robbins, Esq.
> Nathaniel C. Love, Esq.
> Sidley Austin LLP
> *rcederoth@sidley.com*
> *bnester@sidley.com*
> *dpritikin@sidley.com*
> *dilewis@sidley.com*
> *jwmcbride@sidley.com*
> *david.greenfield@sidley.com*
> *wbaumgartner@sidley.com*
> *dgiardina@sidley.com*
> *cphillips@sidley.com*
> *ctrela@sidley.com*
> *erobbins@sidley.com*
> *nlove@sidley.com*
>
> T. Andrew Culbert, Esq.
> David E. Killough, Esq.
> Microsoft Corp.
> *andycu@microsoft.com*
> *davkill@microsoft.com*

DATED this 10th day of October, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' NONOPPOSITION TO MICROSOFT'S
10/4/12 MOTION TO FILE DOCUMENTS UNDER SEAL - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4848-8431-1825.1