The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>　　　　　　　　　　　Defendants.<hr>MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>　　Plaintiffs/Counterclaim Defendant,<br><br>　　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　Defendant/Counterclaim Plaintiff. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, October 26, 2012** |

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, LLC, and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal the following:

1. Exhibits 13-14, 16-17, 19-20, 24-32, 34-35, and 37-39 to the Second Declaration of Stuart W. Yothers; and

2. Defendants' Opposition to Microsoft's Motions *In Limine* ("Opposition").

## II. BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.) This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Id*. at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

(1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### III. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the following documents under seal for the stated reasons:

**A. Exhibits 13-14, 16-17, 19-20, 24-32, 34-35, and 37-39 to the Second Declaration of Stuart W. Yothers**

Exhibit 13 is a true and correct copy of excerpts from the Declaration of Prof. David. J. Teece, dated January 30, 2012, filed in Germany in *General Instrument Corp. v. Microsoft Corporation*, Docket No. 2 O 376/11, produced by Microsoft in this action, and bearing production numbers MS-MOTO_1823_00002271028-33, 048-51, and 065. This document, which is designated "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ODER," contains descriptions of Motorola's confidential business and licensing practices. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information, Exhibit 13 should be sealed in its entirety.

Exhibit 14 is a true and correct copy of Tab A ("Materials Considered") of the August 10, 2012 Rebuttal Expert Report of Roger S. Smith. The Smith report includes an examination of, and discloses, confidential and non-public financial and business information relating to both

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Microsoft and Motorola, and relating to licensing and business practices and history. Disclosure of that information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. The entire Smith Rebuttal Report, including Tab A, was previously submitted as Exhibit 63 to the September 5, 2012 Second Declaration of Samuel L. Brenner In Support of Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony By Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 392), and was ordered sealed by the Court (Dkt. No. 432).

Exhibit 16 is a true and correct copy of a document entitled "Motorola Mobility's Memorandum in Opposition to Microsoft's Motion for Partial Termination of the Investigation," filed on July 12, 2012, in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.), and served on Microsoft on the same day. This document, which is designated "CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" under the terms of the Protective Order in the '752 ITC case, contains extensive citation to and quotation and discussion of a confidential license between Google (itself a non-party to this litigation) and MPEG LA, also a non-party to this litigation. Microsoft and Motorola agree that that license is itself confidential. (*See* Dkt. Nos. 448 at 5 and 468 at 4.) Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the exhibit, Exhibit 16 should be sealed in its entirety.

Exhibit 17 is a true and correct copy of a document entitled "Surreply by Complainants in Opposition to Microsoft's Motion for Partial Termination of the Investigation," filed on August 16, 2012, in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.), and served on Microsoft on the same day. This document, which is designated "CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" under the terms of the Protective

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  Order in the '752 ITC case, contains extensive citation to and quotation and discussion of a confidential license between Google and MPEG LA, both non-parties to this litigation. Microsoft and Motorola agree that that license is itself confidential. (*See* Dkt. Nos. 448 at 5 and 468 at 4.) Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the exhibit, Exhibit 17 should be sealed in its entirety.

Exhibit 19 is a true and correct copy of the Declaration of K. McNeill Taylor, Jr. in Support of Defendants' Motion for Partial Summary Judgment, dated March 30, 2012. The Taylor Declaration references information and communications exchanged between the parties that was kept confidential and may be covered in part by a non-disclosure agreement. The Taylor Declaration also discloses and summarizes the details of highly confidential and proprietary information relating to Motorola licenses with third parties and Motorola licensing practice, information believed to be of substantial value to Motorola. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Exhibit 19 should be sealed. The Taylor Declaration was previously submitted as Dkt. No. 232, and was ordered sealed by the Court (Dkt. No. 294). A redacted version of the Taylor Declaration was submitted to the Court as Dkt. No. 229.

Exhibit 20 is a true and correct copy of excerpts of the Rebuttal Testimony of Kirk Dailey, marked as Hearing Exhibit CX-778C and admitted into evidence in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw, bearing production numbers MOTM_WASH1823_0398598 and MOTM_WASH1823_0398624-625. This testimony was marked as containing Confidential Business Information and was admitted as a Confidential Hearing Exhibit in ITC Inv. No. 337-TA-752. Pursuant to an agreement between the parties, this testimony was produced and may be relied upon in this case. It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only."

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO
MICROSOFT'S MOTIONS IN LIMINE - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   Accordingly, this confidential information is covered by the protective order in both cases.

2   Throughout his testimony, Mr. Dailey disclosed highly confidential information about Motorola's

3   licenses, licensing history and internal business practices. Disclosure of this information to third

4   parties and other party employees not covered by the protective order would have the potential to lead

5   to competitive harm. Due to presence of this highly confidential information throughout the exhibit,

6   Exhibit 20 should be sealed in its entirety.  The entire document from which these excerpts were

7   taken was previously submitted to the Court as Exhibit 4 to the March 30, 2012 Declaration of

8   Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 230),

9   and was ordered sealed by the Court (Dkt. No. 294).

10         Exhibit 24 is a true and correct copy of the September 2011 Patent License Agreement

11  between Microsoft Corporation and Samsung Electronics Co. Ltd., bearing production numbers

12  MS-MOTO_1823_00002244552-575.  This license agreement is a highly confidential agreement

13  between Microsoft and Samsung, a non-party to this litigation, and has been marked by Microsoft

14  as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."

15  Although the agreement indicates that the parties may disclose its existence to third parties, the

16  terms of the agreement were kept in confidence. Disclosure of this information to third parties and

17  other party employees not covered by the protective order would have the potential to lead to

18  competitive harm. Due to presence of this highly confidential information throughout the license,

19  Exhibit 24 should be sealed in its entirety.  This document was previously submitted to the Court

20  as Exhibit 64 to the September 5, 2012 Second Declaration of Samuel L. Brenner In Support of

21  Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702 Motion to

22  Preclude Testimony By Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 392), and was ordered

23  sealed by the Court (Dkt. No. 432).

24         Exhibit 25 is a true and correct copy of an April 4, 2012 letter from Arthur W. Harrigan,

25  Jr., of Danielson Harrigon Leyh & Tollefson LLP, counsel for Microsoft, to Ralph Palumbo, of

26  the Summit Law Group, and Jesse J. Jenner, of Ropes & Gray LLP, counsel for Motorola.  This

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO
MICROSOFT'S MOTIONS IN LIMINE - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

letter discusses a confidential agreement of the parties, which Microsoft has indicated should itself be filed under seal.  (*See* Dkt. No. 448 at 6.)  Accordingly, Exhibit 25 should be sealed.

Exhibit 26 is a true and correct copy of an April 4, 2012 letter from Ralph Palumbo, of the Summit Law Group, counsel for Motorola, to Arthur W. Harrigan, Jr., of Danielson Harrigon Leyh & Tollefson LLP, counsel for Microsoft.  This letter discusses a confidential agreement of the parties, which Microsoft has indicated should itself be filed under seal. (*See* Dkt. No. 448 at 6.)  This letter also contains extensive citation to and discussion of numerous other documents containing confidential material.   Accordingly, Exhibit 26 should be sealed.

Exhibit 27 is a true and correct copy of the March 20, 2012 deposition of K. McNeill Taylor, Jr., which was designated Highly Confidential and which was taken under oath in New York, NY (filed under seal).  Throughout his testimony, Mr. Taylor disclosed highly confidential information about Motorola's licenses, licensing history, internal business practices, and confidential communications between the parties' respective legal departments. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the transcript, Exhibit 27 should be sealed in its entirety.  This document was previously submitted to the Court as Exhibit 1 to the March 30, 2012 Declaration of Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 230), and was ordered sealed by the Court (Dkt. No. 294).

Exhibit 28 is a true and correct copy of selected pages from the transcript of the January 20, 2012 hearing held in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw, which reproduces the confidential sworn testimony given by Kirk W. Dailey and bears non-consecutive production numbers MOTM_WASH1823_0401216-427 (filed under seal).  This sworn testimony was given during a confidential session in the ITC hearing and is covered by the Protective Order in that case. Pursuant to an agreement between the parties, this testimony was produced and may

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

be relied upon in this case. It has been marked as "Contain[ing] Motorola Mobility, Inc. and/or Third Party Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only." Accordingly, this confidential information is covered by the protective order in both cases. Throughout his testimony, Mr. Dailey disclosed highly confidential information about Motorola's licenses, licensing history and internal business practices. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the transcript, Exhibit 28 should be sealed in its entirety.  This document was previously submitted to the Court as Exhibit 2 to the March 30, 2012 Declaration of Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 230), and was ordered sealed by the Court (Dkt. No. 294).

Exhibit 29 is a true and correct copy of a document entitled "Annex 1" and "Chronology of MMI and Microsoft negotiations and litigation," submitted as Annex 1 to Motorola's Response to the European Commission.  This document contains highly confidential information regarding the parties' licensing and settlement practices and histories.  Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information, Exhibit 29 should be sealed in its entirety.

Exhibit 30 is a true and correct copy of a document bearing production number MS-MOTO_1823_00002288984. This document comprises a redacted email communication to certain Microsoft legal employees, along with an un-redacted email communication from Brad Smith, Microsoft's General Counsel and Executive Vice President, Legal and Corporate Affairs to Scott Offer, Motorola's Senior Vice President and General Counsel.  This document was produced by Microsoft and was marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."   In accordance with the protective order in this case, this communication should not be disclosed to third parties and other party employees not covered by

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

the protective order. Accordingly, Exhibit 30 should be sealed in its entirety. This document was previously submitted to the Court as Exhibit 26 to the March 30, 2012 Declaration of Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 230), and was ordered sealed by the Court (Dkt. No. 294).

Exhibit 31 is a true and correct copy of a document entitled "Complaint on Behalf of Microsoft to the European Commission" and "Google/Motorola Mobility Inc.'s Infringements of Article 102 TFEU," dated February 22, 2012, and prepared by Covington & Burling LLP. This document, which is designated "Confidential Contains Business Secrets," was apparently provided to the EC on a confidential basis, and contains confidential information about Motorola's and Microsoft's licensing and business practices, as well as confidential information regarding negotiations between the parties. (This document is also marked "Non-confidential vis-à-vis Motorola Mobility," and has apparently been redacted by Covington & Burling LLP.) Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information, Exhibit 31 should be sealed in its entirety.

Exhibit 32 is a true and correct copy of a letter, dated March 9, 2012, from Damian G. Didden, of Wachtell, Lipton, Rosen & Katz LLP, counsel to Motorola, to Brad Smith, Microsoft's General Counsel and Executive Vice President, Legal and Corporate Affairs. This letter discusses both the confidential nature of information to be provided by Motorola to the European Commission, as well as a confidential agreement of the parties, which Microsoft has indicated should itself be filed under seal. (*See* Dkt. No. 448 at 6.) Accordingly, Exhibit 32 should be sealed.

Exhibit 34 is a true and correct copy of the transcript of the August 17, 2012 deposition of Michael Orchard, taken under oath in Chicago, Illinois. During this deposition, the transcript of which has been designated "CONFIDENTIAL," Professor Orchard discussed proprietary source code and confidential technical information of the parties. Disclosure of this information to third

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO
MICROSOFT'S MOTIONS IN LIMINE - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this confidential information throughout the transcript, Exhibit 34 should be sealed in its entirety.

Exhibit 35 is a true and correct copy of the August 10, 2012 Rebuttal Expert Report of Timothy Drabik. In his report, which was designated "Contains Confidential Business Information Subject To Protective Order," Dr. Drabik discussed sensitive and technical aspects of Microsoft's products, general disclosure of which would have the potential to lead to competitive harm. Accordingly, Exhibit 35 should be sealed.

Exhibit 37 is a true and correct copy of the transcript of the deposition of Horacio E. Gutierrez, which was designated as Highly Confidential – Attorneys' Eyes Only and taken under oath in Seattle, Washington, on April 4, 2012 (filed under seal). Mr. Gutierrez's transcript was designated as Highly Confidential under the Protective Order in this case. During his deposition, Mr. Gutierrez disclosed confidential information about Microsoft's business practices. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the transcript, Exhibit 37 should be sealed in its entirety. This document was previously submitted to the Court as Exhibit 32 to the Second Declaration of Kevin J. Post in Support of Defendants' Opposition to Microsoft's Motion for Partial Summary Judgment of Breach of Contract (Dkt. No. 273), and was ordered sealed by the Court (Dkt. No. 336).

Exhibit 38 is a is a true and correct copy of the June 1, 2010 Patent Cross License Agreement entered into between Motorola, Inc. and Research In Motion Ltd., marked as Hearing Exhibit CX-93C and admitted into evidence in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.) by ALJ Shaw, bearing production numbers MOTM_WASH1823_0397002-96 (filed under seal). This license agreement is a highly confidential agreement between Motorola, Inc. and Research In Motion, Ltd., a non-party to this litigation. Although the agreement indicates that the

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

parties may disclose its existence to third parties, the terms of the agreement were kept in confidence. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Due to presence of this highly confidential information throughout the license, Exhibit 38 should be sealed in its entirety. This document was previously submitted to the Court as Exhibit 5 to the March 30, 2012 Declaration of Kevin J. Post in Support of Defendants' Motion for Partial Summary Judgment (Dkt. No. 230), and was ordered sealed by the Court (Dkt. No. 294).

Exhibit 39 is a true and correct copy of excerpts of the transcript of the deposition of Matthew R. Lynde, Ph.D., which was taken under oath in San Francisco, California, on August 31, 2012 (filed under seal). That transcript has been designated "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." At his deposition, Dr. Lynde testified extensively regarding the content of both his opening and rebuttal expert reports, which Microsoft has designated in their entireties as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER." Both Dr. Lynde's testimony and the expert reports referenced extensively throughout the course of his deposition disclose highly confidential Motorola and Microsoft information relating to business and licensing practices and history. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Accordingly, Exhibit 2 should be sealed in its entirety. The entire document from which these excerpts are drawn was previously submitted to the Court as Exhibit 38 to the September 5, 2012 Second Declaration of Samuel L. Brenner In Support of Motorola Mobility's and General Instrument's Opposition to Microsoft's Rule 702 Motion to Preclude Testimony By Charles R. Donohoe and Dr. R. Sukumar (Dkt. No. 392), and was ordered sealed by the Court (Dkt. No. 432).

**B.     Defendants' Opposition to Microsoft's Motions *In Limine* ("Opposition")**

Motorola respectfully requests that its Opposition be filed under seal because of extensive citation to, and description of: (1) confidential internal Motorola and Microsoft documents relating

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO
MICROSOFT'S MOTIONS IN LIMINE - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

to business and licensing practices and history; (2) expert reports filed in this action by Microsoft's and Motorola's expert witnesses, which the parties have designated as "MICROSOFT/MOTOROLA CONFIDENTIAL BUSINESS INFORMATION OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; (3) confidential deposition testimony from this action; (4) confidential documents relating to the structure of negotiations between Microsoft and Motorola; and (5) confidential licenses between the parties and non-parties to this litigation. Disclosure of this information to third parties and other party employees not covered by the protective order would have the potential to lead to competitive harm. Because this information is contained in Motorola's Opposition, and in accordance with its responsibilities under the Protective Order, Motorola has marked this document as containing "OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." In lieu of sealing all of its Opposition, Motorola has redacted only those portions of its Opposition that discloses this confidential information. Redactions were made to limit as little information as possible, leaving the remainder available for public review.

## IV.  CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following documents be filed under seal:

1. Exhibits 13-14, 16-17, 19-20, 24-32, 34-35, and 37-39 to the Second Declaration of Stuart W. Yothers; and

2. Defendants' Opposition to Microsoft's Motions *In Limine* ("Opposition").

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1      DATED this 15th day of October, 2012.

2                                                                  SUMMIT LAW GROUP PLLC

3                                                                  By */s/ Ralph H. Palumbo*
                                                                        Ralph H. Palumbo, WSBA #04751
4                                                                       Philip S. McCune, WSBA #21081
                                                                        Lynn M. Engel, WSBA #21934
5                                                                       *ralphp@summitlaw.com*
                                                                        *philm@summitlaw.com*
6                                                                       *lynne@summitlaw.com*

7                                                                  By */s/ Thomas V. Miller*
                                                                        Thomas V. Miller
8                                                                       MOTOROLA MOBILITY LLC
                                                                        600 North U.S. Highway 45
9                                                                       Libertyville, IL  60048-1286
                                                                        (847) 523-2162
10

11                                                                 And by

12                                                                      Jesse J. Jenner (*pro hac vice*)
                                                                        Steven Pepe (*pro hac vice*)
13                                                                      Kevin J. Post (*pro hac vice*)
                                                                        Stuewart W. Yothers (*pro hac vice*)
14                                                                      Ropes & Gray LLP
                                                                        1211 Avenue of the Americas
15                                                                      New York, NY  10036-8704
                                                                        (212) 596-9046
16                                                                      *jesse.jenner@ropesgray.com*
                                                                        *steven.pepe@ropesgray.com*
17                                                                      *kevin.post@ropesgray.com*
                                                                        *stuart.yothers@ropesgray.com*
18
                                                                        James R. Batchelder (*pro hac vice*)
19                                                                      Norman H. Beamer (*pro hac vice*)
                                                                        Ropes & Gray LLP
20                                                                      1900 University Avenue, 6th Floor
                                                                        East Palo Alto, CA  94303-2284
21                                                                      (650) 617-4030
                                                                        *james.batchelder@ropesgray.com*
22                                                                      *norman.beamer@ropesgray.com*

23

24

25

26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO
MICROSOFT'S MOTIONS IN LIMINE - 13
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*

**Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.**

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER
SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO
MICROSOFT'S MOTIONS IN LIMINE - 14
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 15th day of October, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTIONS IN LIMINE - 15
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001