HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

MICROSOFT CORPORATION,

                          Plaintiff,

10

    v.

11

MOTOROLA, INC., et al.,

12

                       Defendants.

13

MOTOROLA MOBILITY LLC, et al.,

14

                       Plaintiffs,

15

    v.

16

MICROSOFT CORPORATION,

17

                       Defendant.

No. C10-1823-JLR

PRETRIAL ORDER

18

19

20

21

      Plaintiff Microsoft Corporation ("Microsoft") and Defendants Motorola, Inc. (n/k/a Motorola Solutions, Inc.), Motorola Mobility LLC, and General Instrument Corporation ("Motorola" or "Defendants"), through counsel undersigned, jointly file this Pretrial Order.

## I.     JURISDICTION

22

23

      The parties agree that subject matter jurisdiction is vested in this Court by virtue of 28 U.S.C. § 1332, and that the Court has personal jurisdiction over the Defendants.

24

25

      Motorola disputes whether the Court has jurisdiction to conduct a trial to determine a RAND rate or RAND range for a license to its standard-essential 802.11 and H.264 standard-

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   essential patent portfolios, or to determine any of the RAND terms and conditions for a license

2   to the parties' respective 802.11 and/or H.264 standard-essential patent portfolios for the

3   reasons set forth in its Motion For Partial Summary Judgment Dismissing Microsoft's Claim

4   For A RAND Patent License Agreement To Be Determined *Ab Initio* By The Court. (Dkt. No

5   362.)

6       Microsoft contends that the Court has jurisdiction to determine each of the issues to be

7   adjudicated at the November 13, 2012 trial, as further described below.

8   **II.      ISSUES TO BE ADJUDICATED AT THE NOVEMBER 13, 2012 TRIAL**

9       As set forth in the Court's October 10 and 11, 2012 Orders (ECF Nos. 465 and 469),

10  the November 13 trial will resolve two discrete issues:  (1) a RAND royalty range for

11  Motorola's H.264 and 802.11 standard essential patents; and (2) a RAND royalty for

12  Motorola's H.264 and 802.11 standard essential patents.

13      Motorola respectfully submits further that a RAND royalty can only be determined

14  with an understanding of other material terms of a RAND license.  In particular, as set forth in

15  the October 2010 letters and as required by the reciprocity provision of certain Motorola

16  LOAs, any license under Motorola's 802.11 and H.264 portfolios must include a grant-back

17  license to Microsoft's respective H.264 and 802.11 portfolios.  Accordingly, Motorola

18  respectfully submits that the RAND royalty rates determined by the Court should reflect the

19  grant back license.

20  **III.      ADMITTED FACTS**

21  **A.      <u>Facts as to which the Parties Agree:</u>**

22      1.      Microsoft is a Washington corporation having its principal place of business in

23  Redmond, Washington.

24

25

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

2.      Motorola, Inc. has changed its corporate name to Motorola Solutions, Inc. Motorola Solutions is a Delaware corporation, having its principal place of business in Schaumburg, Illinois.

3.      Motorola Mobility LLC is a Delaware limited liability company, having its principal place of business in Libertyville, Illinois.  Motorola Mobility LLC's predecessor-in-interest was Motorola Mobility Inc. ("MMI"), which was a Delaware corporation having its principal place of business of business in Libertyville, Illinois.

4.      MMI was a wholly-owned subsidiary of Motorola Mobility Holdings, Inc., which was a wholly owned subsidiary of Motorola, Inc.  MMI was spun-off from Motorola, Inc. on January 4, 2011.  MMI was acquired by Google, Inc. on May 22, 2012.  Motorola Mobility LLC is MMI's successor-in-interest and a wholly-owned subsidiary of Google, Inc.

5.      General Instrument Corporation is a Delaware corporation, having its principal place of business in Horsham, Pennsylvania.  General Instrument Corporation was a wholly-owned subsidiary of MMI and now is a wholly-owned subsidiary of Motorola Mobility LLC.

6.      The parties are members of the Institute of Electrical and Electronics Engineers ("IEEE").

7.      The IEEE-SA is the division of the IEEE devoted to the development of industry standards.

8.      The IEEE-SA developed the 802.11 wireless communication standard.  The 802.11 standard was initially released in 1997.  It has been amended and revised numerous times since 1997 (*e.g.*, 802.11a, 802.11b, 802.11g, and 802.11n).

9.      The parties are members of the International Telecommunication Union ("ITU").  The ITU Telecommunications Standardization Sector ("ITU-T") is one of the three sectors (divisions or units) of the International Telecommunication Union; it coordinates standards for telecommunications.

PRETRIAL ORDER - 3                          No. C10-1823

10.     The ITU-T is responsible for the development of thousands of standards.

11.     The ITU-T, in conjunction with two other standards bodies, the International Organization for standardization (ISO) and the International Electrotechnical Commission (IEC), developed the H.264 video compression standard.

12.     Defendants submitted numerous Letters of Assurance to the IEEE-SA in connection with its development of the 802.11 standard.

13.     Defendants submitted numerous Patent Statement and Licensing Declarations to the ITU-T in connection with the development of the H.264 standard.

14.     In submitting Letters of Assurance to the IEEE-SA covering their 802.11 standard-essential patents, Defendants stated that they "will grant" or "[are] prepared to grant" worldwide, irrevocable, non-exclusive licenses to their 802.11 standard-essential patents covered by each Letter of Assurance on RAND terms and conditions.

15.     In submitting Patent Statement and Licensing Declarations to the ITU-T covering their H.264 standard-essential patents, Defendants stated that they will grant worldwide, irrevocable non-exclusive licenses to their H.264 standard-essential patents covered by each Patent Statement and Licensing Declaration on RAND terms and conditions.

16.     Defendants sent Microsoft a letter on October 21, 2010, that contained certain proposed royalty terms for a license to Defendants' patents that "may be or become" essential to the 802.11 standard, and stated that "Motorola will leave this offer open for 20 days.  Please confirm whether Microsoft accepts the offer."

17.     Defendants sent Microsoft a letter on October 29, 2010, that contained certain proposed royalty terms for a license to Defendants' patents essential to the H.264 standard, and stated that "Motorola will leave this offer open for 20 days.  Please confirm whether Microsoft accepts the offer."

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

18.     MPEG LA, LLC administers a patent pool covering certain patents declared essential to the H.264 standard.

19.     Microsoft is a licensor to, and a licensee under, MPEG LA's H.264 patent pool.

20.     Google, Inc. is a licensee under MPEG LA's H.264 patent pool.

21.     Via Licensing Corporation administers a patent pool covering certain patents declared essential to the 802.11 standard.

22.     Neither Microsoft nor Motorola is a licensor to, or licensee under, Via Licensing's patent pool.

**B.      Microsoft's Factual Contentions.**

1.      Defendants have acknowledged, and this Court has found that (a) Defendants' Letters of Assurance created enforceable contracts between Defendants and the IEEE and (b) Defendants' Patent Statement and Licensing Declarations created enforceable contracts between Defendants and the ITU.  Defendants have acknowledged, and this Court has found, that Microsoft is a third-party beneficiary of Defendants' contracts with the IEEE and ITU.

2.      The RAND royalty for a license to Defendants' H.264 standard-essential portfolio is not more than a fraction of a cent per unit sold by Microsoft, based on the relevant evidence and the most closely analogous licenses (*e.g.*, the MPEG LA H.264 pool license terms and Google's H.264 pool license).  If the Court chooses to determine the RAND royalty for Microsoft's H.264 standard-essential patents as Defendants have requested, Microsoft believes that the same basic evidence shows that the RAND royalty for a license to Microsoft's H.264 standard-essential patent portfolio is not more than one cent per unit sold by Defendants.

3.      The RAND royalty for a license to Defendants' 802.11 standard-essential patent portfolio is not more than cents per device, based on the relevant and most probative evidence (*e.g.,* Motorola, Inc.'s own InteCap study, the Via pool license terms, the inherent limitations in the $3-$4 price of the Marvell chipset that provides 802.11 functionality in the Xbox, and

1  analogous rates charged by ARM Holdings plc).  If the Court chooses to determine the RAND

2  royalty for Microsoft's 802.11 standard-essential patents as Defendants have requested,

3  Microsoft believes that the same basic evidence shows that the RAND royalty for a license to

4  Microsoft's 802.11 standard-essential patent portfolio is not more than a few cents per unit.

5          4.      The royalties proposed by Defendants are not RAND because, among other

6  reasons:  (a) they capture the holdup value of the standard rather than the value of Defendants'

7  inventions before the standard was adopted and widely implemented; and (b) if used to set

8  royalties for others whose contributions to the standard are equivalent to Defendants', they

9  would produce a stacking effect that would be so costly as to defeat adoption of the standard.

10         5.      The royalties Defendants charge in connection with other non-comparable

11 licensing arrangements are not indicative of the RAND royalties to which they are entitled for

12 their 802.11 and H.264 portfolios at least because those other licensing arrangements (a)

13 involve technologies significantly more closely tied to the basic functionality of the licensed

14 products – such as cellular standards used in cellular telephones (in contrast to the relationship

15 of the H.264 or 802.11 standard to Microsoft's products) and/or (b) otherwise involve

16 technologies other than, or in addition to, H.264 and/or 802.11.

17         6.      Defendants failed to apportion the value added by their patented inventions

18 from the value of:  (a) other aspects of the standards; (b) the standards themselves; or (c) other

19 aspects of Microsoft's products.  Proper apportionment prevents the patent holder from being

20 compensated:  (a) beyond the value of its contribution; (b) for aspects of the to-be licensed

21 products that are not the subject of the patent claims (except where those claims are the basis

22 of customer demand for the entire product); or (c) based on value attributable to third-party

23 contributions – a particularly important issue when dealing with standards involving large

24 numbers of complementary patents necessary for a standard-compliant implementation.

25

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

7.      A proper and better framework for evaluating Defendants' RAND royalty obligations, given the risks of hold-up and stacking, is to analyze the issue from the perspective of multi-party arrangements involving patent holders and potential licensees that occurred prior to widespread adoption of the standard.  Examples of these multi-party arrangements include the pools administered by MPEG LA (for H.264) and Via Licensing (for 802.11).  Such a framework addresses the need for apportionment among the standard essential patents held by numerous patent holders.  Even independent of the multi-party perspective, Defendants have failed to assess the value of their patented technology in the context of to-be licensed products.

## C.    Defendants' Factual Contentions:

1.      The RAND royalty for a license to Motorola's H.264 SEPs is 2.25% of the net selling price ("NSP") of licensed products (*e.g.*, Microsoft's Xbox 360 or Windows OS software), based on a hypothetical negotiation between the parties considering the relevant evidence (*e.g.*, Motorola's past licenses, the strength and value of Motorola's patents, and the use of Motorola's patents by Microsoft). Based on that same evidence, an appropriate cap should apply to any net royalties payable to Motorola. The royalty due to Motorola would be offset by a RAND royalty for a license to Microsoft's H.264 SEPs which also is 2.25% of the NSP of licensed products (*e.g.*, Motorola's smartphones and set-top boxes), based on a hypothetical negotiation between the parties considering the relevant evidence (*e.g.*, the relative strength and value of Microsoft's patents and the use of Microsoft's patents by Microsoft).

2.      The RAND royalty for a license to Motorola's 802.11 SEPs is 2.25% of the NSP of licensed products (*e.g.*, Microsoft's Xbox 360) based on a hypothetical negotiation between the parties considering the relevant evidence (*e.g.*, Motorola's past licenses, the strength and value of Motorola's patents, and the use of Motorola's patents by Microsoft). The royalty due to Motorola would be offset by a RAND royalty for a license to Microsoft's 802.11 SEPs which is 0.25% to 0.5% of the NSP of licensed products (*e.g.*, Motorola smartphones and tablets), based on a

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    hypothetical negotiation between the parties considering the relevant evidence (*e.g.*, the relative

2    strength and value of Microsoft's patents and the use of Microsoft's patents by Microsoft).

3         3.    Based on the royalty rates discussed above for the parties' 802.11 portfolios and

4    each party's relative exposure, Microsoft would owe royalties as set forth in Motorola Proposed

5    Finding of Fact 471(g).  Depending on the way in which a royalty payment to Motorola would be

6    structured, a running royalty for Xbox would be as set forth in Motorola Proposed Finding of Fact

7    471(h).

8         4.    Based on the royalty rates discussed above for the parties' H.264 portfolios and

9    each party's relative exposure, Microsoft would owe royalties as set forth in Motorola Proposed

10   Finding of Fact 472(h). However, the parties would have agreed to a reasonable cap as set forth in

11   Motorola Proposed Finding of Fact 472(i). Depending on the structure for payment, a running

12   royalty for Windows would be as set forth in Motorola Proposed Finding of Fact 472(j).

13        5.    The MPEG LA and Via Licensing patent pools are not appropriate benchmarks for

14   determining RAND terms.  Patent pool licenses are fundamentally different than bilaterally

15   negotiated licenses and the terms of a pool license result from a different set of motivations and

16   incentives.  Moreover, patent pools are voluntary organizations and because pools typically have

17   low rates that do not reflect the commercially reasonable value of SEPs, many SEP holders do not

18   join pools.  Here, Motorola has decided not to join the MPEG LA and Via Licensing patent pools.

19   In addition, the MPEG LA AVC/H.264 patent pool is not an appropriate benchmark for the value

20   of Motorola's H.264 SEPs because (1) Motorola is not a licensor or licensee of the pool and it does

21   not include Motorola's patents; (2) it was formed by only 15 of the over 1,100 current licensors and

22   licensees currently participating in the pool and, therefore, is not a multiparty arrangement as

23   contemplated by Microsoft; and (3) it was formed after the standard was adopted. Similarly, the

24   Via Licensing 802.11 patent pool is not an appropriate benchmark for the value of Motorola's

25   802.11 SEPs because, in addition to the reasons stated above, (1) Motorola and Microsoft are both

**No. C10-1823**

not licensors or licensees of the pool; (2) it was formed by only 6 of the hundreds (or thousands) of patent holders and implementers in the 802.11 marketplace; (3) it was established nearly 7 years after the standard was adopted and (4) it has failed to attract both licensors and licensees.

### IV.    ISSUES OF LAW[1]

**A.    Issues of Law Proposed by Microsoft:**

      1.    What legal criteria are applicable to determining a RAND royalty?

**B.    Issues of Law Proposed by Defendants:**

      1.    What legal criteria are applicable to determining RAND terms?

      2.    Is the proper framework for determining the RAND terms and the appropriate range of RAND rates for the parties' respective 802.11 and H.264 standard essential patents to consider a hypothetical negotiation taking place between the parties, similar to the hypothetical negotiation of the *Georgia-Pacific* decision, constrained by a RAND commitment that relies on, among other factors such as (but not limited to) those in *Georgia-Pacific* (1) Motorola's historical licensing practices; (2) real-world licenses entered into by Motorola and Microsoft for the particular patents at issue; and (3) the value, use and demand of the parties' patented technology in the licensed products?

### V.    EXPERT WITNESSES

**A.    On behalf of Microsoft:**

      1.  Jerry Gibson **(will testify)**
          Department of Electrical & Computer Engineering
          3163 Harold Frank Hall
          University of California, Santa Barbara
          Santa Barbara, CA 93106-9560

          Mr. Gibson will be called to testify regarding the issues contained in his opening and rebuttal expert reports.

      2.  Matt Lynde **(will testify)**

---

[1] Neither party has included issues of law that will be heard at the subsequent trial on Microsoft's claims for breach of contract and promissory estoppel.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Cornerstone Research
Two Embarcadero Center, 20th Floor
San Francisco, California 94111

    Mr. Lynde will be called to testify regarding the issues contained in his opening and rebuttal expert reports.

3.  Kevin Murphy **(will testify)**
    University of Chicago
    Booth School of Business
    5807 South Woodlawn Avenue
    Chicago, Illinois 60637

    Mr. Murphy will be called to testify regarding the issues contained in his opening and rebuttal expert reports.

4.  Michael Orchard **(will testify)**
    Rice University
    6100 Main MS-364
    Department of Electrical and Computer Engineering
    Houston, TX 77005

    Mr. Orchard will be called to testify regarding the issues contained in his opening and rebuttal expert reports.

5.  Timothy Simcoe **(will testify)**
    Strategy & Innovation Department
    School of Management
    Boston University
    595 Commonwealth Avenue
    Boston, MA 02215

    Mr. Simcoe will be called to testify regarding the issues contained in his opening and rebuttal expert reports.

6.  Peter Rossi **(possible witness only)**
    UCLA
    Anderson School of Management
    110 Westwood Plaza, B4.12
    Los Angeles, CA 90095

    Mr. Rossi may be called to testify regarding the issues contained in his rebuttal expert report.

**B.**    **On behalf of Motorola:**

1.  Mike Dansky **(will testify)**

PRETRIAL ORDER - 10

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Capstone Advisory Group, LLC
Executive Director
101 Federal Street, Suite 1900
Boston, MA 02110

Mr. Dansky will be called to testify regarding the issues contained in his opening and rebuttal expert reports

2.   Charles Donohoe (**will testify**)

3701 Glen Eagles Drive
Silver Spring, MD 20906

Mr. Donohoe will be called to testify regarding the issues contained in his opening and rebuttal expert reports

3.   Timothy Drabik (**will testify**)
Page Mill Technology Corporation
101 First Street, Suite 375
Los Altos, CA 94022

Dr. Drabik will be called to testify regarding the issues contained in his opening and rebuttal expert reports

4.   Richard Holleman (**will testify**)

2600 S.E. Ocean Blvd.
Apt. N-15
Stuart, FL 34996

Mr. Holleman will be called to testify regarding the issues contained in his opening and rebuttal expert reports

5.   Richard Schmalensee (**will testify**)
MIT Sloan School of Management
Room E62-525
100 Main Street
Cambridge, MA 02142

Dr. Schmalensee will be called to testify regarding the issues contained in his opening and rebuttal expert reports

6.   Roger Smith(**will testify**)
7258 Marlow Place
University Park, FL 34201

Mr. Smith will be called to testify regarding the issues contained in his opening and rebuttal expert reports

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

7.  Ramamirthan Sukumar **(will testify)**
Optimal Strategix Group, Inc.
President and Chief Executive Officer
140 Terry Drive, Suite 118
Newtown, PA 18940

Dr. Sukumar will be called to testify regarding the issues contained in his opening and rebuttal expert reports

8.  Tim Williams **(will testify)**
Beach Technologies, LLC
40 Headland Court
Danville, CA 94506

Dr. Williams will be called to testify regarding the issues contained in his opening and rebuttal expert reports

## VI.  OTHER WITNESSES

**A.  On behalf of Microsoft:**[2]

| Individual | Subject(s) |
|---|---|
| Howard P. Benn<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Benn may be called to testify regarding, among other things, issues relating to Motorola's participation in and contributions to the IEEE 802.11 working group, alternative technologies to Motorola's patented technologies, and any other issues raised at his deposition in this matter. |
| Aaron Bernstein<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Bernstein may be called to testify regarding, among other things, Symbol Technologies' and Motorola's licensing activities, 802.11 patent-related litigation, Motorola's acquisition of Symbol, and any other issues raised at his deposition in this matter. |
| Scott Brewer<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Brewer may be called to testify regarding, among other things, Motorola's licensing activities, internal licensing studies commissioned by Motorola, and any other issues raised at his deposition in this matter. |

---

[2] In addition to the witnesses listed here, Microsoft reserves the right to call as a rebuttal witness any witness that Motorola calls to provide live testimony.

No. C10-1823   LAW OFFICES<br>**CALFO HARRIGAN LEYH & EAKES LLP**<br>999 THIRD AVENUE, SUITE 4400<br>SEATTLE, WASHINGTON 98104<br>TEL, (206) 623-1700   FAX, (206) 623-8717

| David Curtis<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Curtis may be called to testify regarding Motorola's internal licensing studies commissioned by Motorola, Motorola's internal "STAMP" Board work group, and any other issues raised at his deposition in this matter. |
|---|---|
| Kirk Dailey<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(live and/or by deposition)** | Mr. Dailey may be called to testify regarding all facts relevant to this litigation, including but not limited to, Motorola's offers to Microsoft, Motorola's licensing activities, Motorola Mobility's spin-off from Motorola, Inc. and its subsequent acquisition by Google, Motorola's involvement with patent pools, Motorola's patent and license portfolios, and any other issues raised during his depositions or trial testimony in this matter or the related ITC Investigation (No. 337-TA-752). |
| Leo Del Castillo<br>May be contacted through Counsel<br><br>**(will testify)** | Mr. Del Castillo will be called to testify regarding, among other things, relevant features and functionality included in Microsoft products, including the Xbox 360. |
| John De Vaan<br>May be contacted through Counsel<br><br>**(will testify)** | Mr. De Vaan will be called to testify regarding, among other things, relevant features and functionality provided by Microsoft software, including but not limited to Windows. |
| Gene Eggleston<br>May be contacted through Counsel<br><br>**(possible witness only)** | Mr. Eggleston may be called to testify regarding Motorola's licensing discussions and other matters relating to Marvell's request for a license to Motorola's 802.11 SEPs. |
| Bart Eppenauer<br>May be contacted through Counsel<br><br>**(possible witness only)** | Mr. Eppenauer may be called to testify regarding Microsoft's licensing activities and involvement in patent pools. |
| Garrett Glanz<br>May be contacted through Counsel<br><br>**(will testify)** | Mr. Glanz will be called to testify regarding, among other things, Microsoft's licensing activities and the parties' participation in patent pools. |

LAW OFFICES<br>**CALFO HARRIGAN LEYH & EAKES LLP**<br>999 THIRD AVENUE, SUITE 4400<br>SEATTLE, WASHINGTON 98104<br>TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Horacio Gutierrez<br>May be contacted through Counsel<br><br>**(possible witness only)** | Mr. Gutierrez may be called to testify regarding Motorola's October 2010 letters and Microsoft's licensing practices. |
| Timothy Kowalski<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Kowalski may be called to testify regarding, among other things, Motorola's licensing activities, Motorola's participation in standard setting organizations, Motorola's involvement with patent pools, Motorola's internal licensing studies, and any other issues raised at his deposition in this matter. |
| Allen Lo<br>Google Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Lo may be called to testify regarding Google's patent licensing and intellectual property policies, its relationship with Defendants, its obligations as a licensee under the MPEG LA H.264 patent pool, and other issues addressed at Mr. Lo's deposition. |
| Ajay Luthra<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Luthra may be called to testify regarding, among other things, issues relating to Motorola's participation in development of the H.264 standard, alternative technologies to Motorola's patented technologies, and any other issues raised at his deposition in this matter. |
| Jennifer Ochs<br>Marvell Semiconductor, Inc.<br>5488 Marvell Lane<br>Santa Clara, CA 95054<br><br>**(possible witness only)**<br>**(live and/or by ITC testimony)** | Ms. Ochs may be called to testify regarding Marvell's licensing practices, its request for a license from Motorola, and discussions between Marvell and Defendants regarding the same. |
| Scott Peterson<br>Google Inc.<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Peterson may be called to testify regarding Google's patent licensing and intellectual property policies, its relationship with Defendants, its obligations as a licensee under the MPEG LA H.264 patent pool, and other issues addressed at Mr. Peterson's deposition. |

| Richard Sonnentag<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Sonnentag may be called to testify regarding, among other things, Motorola's licensing policies and practices, Motorola's involvement with patent pools, Motorola's patent and license portfolios, and any other issues that were raised at his deposition in this matter. |
|---|---|
| Gary Sullivan<br>May be contacted through Counsel<br><br>**(will testify)** | Mr. Sullivan will be called to testify regarding the development of the H.264 standard and the parties' involvement in that process, as well as Microsoft's work on video compression-related issues and technologies generally. |
| K. McNeill Taylor<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Taylor may be called to testify regarding all facts relevant to this action, including but not limited to, Motorola's license demands to Microsoft, Motorola's submissions to the IEEE and ITU, Motorola's RAND commitments, Motorola's licensing activities, Motorola Mobility's spin-off from Motorola, Inc. and subsequent acquisition by Google, Motorola's internal licensing studies, Motorola's license and patent portfolios, Motorola's involvement with patent pools, and any other issues raised during his depositions or trial testimony in this matter or the related ITC Investigation (337-TA-752). |
| IEEE Corporate Representative<br>445 Hoes Lane<br>Piscataway, NJ  08854<br><br>**(possible witness only)** | A representative from the IEEE may be called to testify regarding the 802.11 standard and/or the IEEE's IPR Policy. |
| Google Corporate Representative<br>1600 Amphitheatre Parkway<br>Mountain View, CA 94043<br><br>**(possible witness only)**<br>**(by deposition)** | A Google representative may be called to testify regarding Google's patent licensing and intellectual property policies, its relationship with Defendants, its obligations as a licensee under the MPEG LA H.264 patent pool, and other issues addressed at Google's 30(b)(6) deposition. |

| | |
|---|---|
| CRA International Corporate Representative<br>c/o Registered Agent<br>Illinois Corporation Service<br>801 Adlai Stevenson Drive<br>Springfield, IL  62703<br><br>**(possible witness only)** | A CRA International representative may be called to testify regarding the 802.11 licensing project its subsidiary, InteCap, performed for Motorola in 2003. |
| Larry Horne or MPEG LA Corporate Representative<br>MPEG LA, LLC<br>6312 S Fiddlers Green Circle<br>Ste 400E<br>Greenwood Village, CO  80111<br><br>**(possible witness only)** | An MPEG LA representative may be called to testify regarding MPEG LA's H.264 patent pool, its licensing practices, and its dealings with Microsoft, Motorola, and/or Google. |
| Via Licensing Corporate Representative<br>c/o Thomas Carlson<br>Rogers Joseph O'Donnell<br>311 California Street<br>San Francisco, CA  94104<br><br>**(possible witness only)** | A Via Licensing representative may be called to testify regarding its H.264 and/or 802.11 patent pools, its licensing practices, and its dealings with Microsoft, Motorola, and/or Google. |

B.      **On behalf of Motorola:**[3]

| Individual | Subject(s) |
|---|---|
| Paul Bawel<br>May be contacted through Counsel<br><br>**(possible witness only)** | Mr. Bawel may be called to testify regarding, among other things, issues relating to licensing practices and Microsoft's involvement in patent pools. |
| Howard P. Benn<br>May be contacted through Counsel<br><br>**(possible witness only)** | Mr. Benn may be called to testify regarding, among other things, issues relating to Motorola's participation in and contributions to the IEEE 802.11 working group, alternative technologies to Motorola's patented technologies, and any other issues raised at his deposition in this matter. |

---

[3] In addition to the witnesses listed here, Motorola reserves the right to call as a rebuttal witness any witness that Microsoft calls to provide live testimony.

PRETRIAL ORDER - 16                  No. C10-1823

LAW OFFICES<br>**CALFO HARRIGAN LEYH & EAKES LLP**<br>999 THIRD AVENUE, SUITE 4400<br>SEATTLE, WASHINGTON 98104<br>TEL, (206) 623-1700    FAX, (206) 623-8717

| | |
|---|---|
| Scott Brewer<br>May be contacted through Counsel<br><br>**(possible witness only)** | Mr. Brewer may be called to testify regarding, among other things, Motorola's licensing activities, internal licensing studies commissioned by Motorola, and any other issues raised at his deposition in this matter. |
| Grant Cole<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Cole may be called to testify regarding, among other things, all facts regarding Microsoft's knowledge of the importance or use of 802.11 and H.264 standards by users of Microsoft's Windows Phone and Windows Phone-related products, and any other issues raised at his deposition in this matter. |
| David Curtis<br>May be contacted through Counsel<br><br>**(possible witness only)** | Mr. Curtis may be called to testify regarding, among other things, Motorola's patent licensing practices and activities, and any other issues raised at his deposition in this matter. |
| Kirk Dailey<br>May be contacted through Counsel<br><br>**(will testify)** | Mr. Dailey will be called to testify regarding, among other things, the history of Motorola and its licensing practices and activities, Motorola's corporate structure and acquisition by Google, Inc., licensing negotiations between Motorola and other parties (including Microsoft), Motorola's policy on patent pools, and any other issues raised during his deposition in this matter or in related cases. |
| Leonardo Del Castillo<br>May be contacted through Counsel<br><br>**(will testify)**<br>**(live and/or by deposition)** | Mr. Del Castillo will be called to testify regarding, among other things, all facts regarding Microsoft's knowledge of the importance or use of 802.11 and H.264 standards by users of Microsoft's Xbox and Xbox-related products, and any other issues raised at his deposition in this matter. |
| John De Vaan<br>May be contacted through Counsel<br><br>**(will testify)**<br>**(live and/or by deposition)** | Mr. De Vaan will be called to testify regarding, among other things, all facts regarding Microsoft's knowledge of the importance or use of 802.11 and H.264 standards by users of Microsoft's Windows 7 or Windows 8 operating systems and Windows-related products, and any other issues raised at his deposition in this matter. |
| Garrett Glanz<br>May be contacted through Counsel<br><br>**(will testify)**<br>**(live and/or by deposition)** | Mr. Glanz will be called to testify regarding, among other things, Microsoft's licensing practices and participation in patent pools related to H.264 and any other issues raised at his deposition in this matter. |
| Horacio Gutierrez<br>May be contacted through Counsel<br><br>**(will testify)**<br>**(by deposition)** | Mr. Gutierrez will be called to testify regarding Motorola's offer letters of October 2010, Microsoft's licensing practices, and any other issues raised at his deposition in this matter. |

LAW OFFICES<br>**CALFO HARRIGAN LEYH & EAKES LLP**<br>999 THIRD AVENUE, SUITE 4400<br>SEATTLE, WASHINGTON 98104<br>TEL, (206) 623-1700   FAX, (206) 623-8717

| Dean Hachamovitch<br>May be contacted through Counsel<br><br>**(will testify)**<br>**(by deposition)** | Mr. Hachamovitch will be called to testify regarding, among other things, Microsoft's use of the H.264 standard in its Windows operating system and Internet Explorer software, Microsoft's patent licensing practices and activities related to the H.264 standard, Mr. Hachamovitch's public statements about MPEG LA and its AVC/H.264 patent pool, and any other issues raised at his deposition in this matter. |
|---|---|
| David Heiner<br>May be contacted through Counsel<br><br>**(will testify)**<br>**(live and/or by deposition)** | Mr. Heiner will be called to testify regarding, among other things, about the organizational structure and composition of the Standards and Antitrust Group within Microsoft's law department, the factual background and circumstances surrounding Microsoft's drafting and submission of its June 14, 2011 letter to the Federal Trade Commission, Microsoft's and Mr. Heiner's public statements on RAND issues, and any other issues raised at his deposition in this matter. |
| Timothy Kowalski<br>May be contacted through Counsel<br><br>**(possible witness only)** | Mr. Kowalski may be called to testify regarding, among other things, Motorola's patent licensing practices and activities, and Motorola's participation in standard-setting organizations, and any other issues raised at his deposition in this matter. |
| Ajay Luthra<br>May be contacted through Counsel<br><br>**(will testify)** | Mr. Luthra will be called to testify regarding, among other things, Motorola's participation in and contributions to the development of the H.264 standard, alternatives (or the lack thereof) to Motorola's H.264 patents, the use of interlaced video, and any other issues raised at his deposition in this matter. |
| Amy Marasco<br>May be contacted through Counsel<br><br>**(will testify)**<br>**(live and/or by deposition)** | Ms. Marasco will be called to testify regarding, among other things, Microsoft's participation and involvement with various standards setting organizations, Microsoft's licensing practices in connection with standard-essential patents, the factual background and circumstances surrounding Microsoft's drafting and submission of its June 14, 2011 letter to the Federal Trade Commission, Microsoft's and Ms. Marasco's public statements on RAND issues, and any other issues raised at her deposition in this matter. |
| Albert Penello<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Penello will be called to testify regarding, among other things, the importance of 802.11 technology to the Xbox and any other issues raised at his deposition in this matter. |

No. C10-1823

LAW OFFICES<br>**CALFO HARRIGAN LEYH & EAKES LLP**<br>999 THIRD AVENUE, SUITE 4400<br>SEATTLE, WASHINGTON 98104<br>TEL, (206) 623-1700   FAX, (206) 623-8717

| Richard Sonnentag<br>May be contacted through Counsel<br><br>**(possible witness only)** | Mr. Sonnentag may be called to testify regarding, among other things, Motorola's licensing policies and practices, Motorola's involvement with patent pools, Motorola's patent and license portfolios, and any other issues raised at his deposition in this matter. |
|---|---|
| Gary Sullivan<br>May be contacted through Counsel<br><br>**(will testify)**<br>**(live and/or by deposition)** | Mr. Sullivan be called to testify regarding, among other things, issues relating to the parties' participation in development of the H.264 standard, alternative technologies to Microsoft's patented technologies, the MPEG LA patent pool, and any other issues raised at his deposition in this matter. |
| K. McNeill Taylor<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(live and/or by deposition)** | Mr. Taylor may be called to testify regarding, among other things, Motorola's patents and licensing practices and activities, Motorola's offers to Microsoft, Motorola's corporate structure and acquisition by Google, Inc., Motorola's participation in standard-setting organizations, and any other issues raised at his deposition in this matter. |
| David Turner<br>May be contacted through Counsel<br><br>**(possible witness only)**<br>**(by deposition)** | Mr. Turner may be called to testify regarding, among other things, Microsoft's patent and licensing policies, Microsoft's participation in standard-setting organizations, and any other issues raised at his deposition in this matter. |

## VII.   EXHIBITS[4]

Attached hereto as Appendix A is Microsoft and Motorola's Joint Exhibit List with

Stipulations.  Microsoft's exhibits, along with any joint exhibits, begin at Exhibit 1.

Motorola's exhibits begin at Exhibit 2000.

/

/

/

/

---

[4] The fact that an exhibit appears on either party's exhibit list does not mean that either party concedes the exhibit is necessarily admissible.  Moreover, certain of the exhibits identified by a party may only be offered if the party's motions in limine and other evidentiary positions are not accepted by the Court.

PRETRIAL ORDER - 19               **No. C10-1823**

LAW OFFICES<br>**CALFO HARRIGAN LEYH & EAKES LLP**<br>999 THIRD AVENUE, SUITE 4400<br>SEATTLE, WASHINGTON 98104<br>TEL, (206) 623-1700    FAX, (206) 623-8717

1    DATED this 24th day of October, 2012.

2

3    CALFO HARRIGAN LEYH & EAKES LLP       SUMMIT LAW GROUP PLLC

4

5    By ____/s/ Arthur W. Harrigan, Jr._____       By ____/s/ Ralph H. Palumbo_____
         Arthur W. Harrigan, Jr., WSBA #1751            Ralph H. Palumbo, WSBA #4751
6        Christopher Wion, WSBA #33207                  Philip S. McCune, WSBA #21081
         Shane P. Cramer, WSBA #35099                   Lynn M. Engel, WSBA #21934
7                                                       *philm@summitlaw.com*
                                                        *lynne@summitlaw.com*
8    By ____/s/ T. Andrew Culbert_____
     T. Andrew Culbert, WSBA #35925
9    David E. Killough, WSBA #21119            By ____/s/ Thomas V. Miller_____
     MICROSOFT CORPORATION                     Thomas V. Miller
10   1 Microsoft Way                           MOTOROLA MOBILITY LLC
     Redmond, WA  98052                        600 North U.S. Highway 45
11   Phone:  425-882-8080                      Libertyville, IL 60048-1286
     Fax: 425-869-1327                         (847) 523-2162
12

13   David T. Pritikin, *(pro hac vice)*       Steven Pepe *(pro hac vice)*
     Richard A. Cederoth, *(pro hac vice)*     Jesse J. Jenner *(pro hac vice)*
14   Ellen Robbins, *(pro hac vice)*           Stuart W. Yothers *(pro hac vice)*
     Douglas I. Lewis, *(pro hac vice)*        Kevin J. Post *(pro hac vice)*
15   John W. McBride, *(pro hac vice)*         Ropes & Gray LLP
     SIDLEY AUSTIN LLP                         1211 Avenue of the Americas
16   One South Dearborn                        New York, NY  10036-8704
     Chicago, IL  60603                        (212) 596-9046
17   Phone: 312-853-7000                       *steven.pepe@ropesgray.com*
     Fax: 312-853-7036                         *jesse.jenner@ropesgray.com*
18                                             *stuart.yothers@ropesgray.com*

19   Brian R. Nester, *(pro hac vice)*
     Kevin C. Wheeler, *(pro hac vice)*        Norman H. Beamer *(pro hac vice)*
20   SIDLEY AUSTIN LLP                         Gabrielle E. Higgins *(pro hac vice)*
     1501 K Street NW                          Ropes & Gray LLP
21   Washington, DC  20005                     1900 University Avenue, 6th Floor
     Telephone:  202-736-8000                  East Palo Alto, CA  94303-2284
22   Fax: 202-736-8711                         (650) 617-4030
                                               *norman.beamer@ropesgray.com*
23   **Counsel for Microsoft Corp.**          *gabrielle.higgins@ropesgray.com*

24

25

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

**Counsel for Motorola Solutions, Inc.,
Motorola Mobility LLC, and General
Instrument, Corp.**

**IT IS SO ORDERED**

DONE IN OPEN COURT this __ day of _____, 2012.

_____

HONORABLE JAMES L. ROBART

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

### CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1.    I am over the age of 21 and not a party to this action.

2.    On the 24th day of October, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

Ralph Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081    _____  Messenger
Lynn M. Engel, WSBA #21934    _____  US Mail
Summit Law Group    _____  Facsimile
315 Fifth Ave. South, Suite 1000      X\_\_\_\_  ECF
Seattle, WA  98104-2682
Telephone:  206-676-7000
Email:  Summit1823@summitlaw.com


Steven Pepe (*pro hac vice*)    _____  Messenger
Jesse J. Jenner (*pro hac vice*)    _____  US Mail
Ropes & Gray LLP    _____  Facsimile
1211 Avenue of the Americas      X\_\_\_\_  ECF
New York, NY  10036-8704
Telephone:  (212) 596-9046
Email:  steven.pepe@ropesgray.com
Email:  jesse.jenner@ropesgray.com


Norman H. Beamer (*pro hac vice*)    _____  Messenger
Ropes & Gray LLP    _____  US Mail
1900 University Avenue, 6th Floor    _____  Facsimile
East Palo Alto, CA  94303-2284      X\_\_\_\_  ECF
Telephone:  (650) 617-4030
Email:  norman.beamer@ropesgray.com

    **No. C10-1823**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  Paul M. Schoenhard (*pro hac vice*)                    _____ Messenger
   Ropes & Gray LLP                                       _____ US Mail
2  One Metro Center                                       _____ Facsimile
   700 12th Street NW, Suite 900                          ___X___ ECF
3  Washington, DC  20005-3948
   Telephone:  (202) 508-4693
4  Email: Paul.schoenhard@ropesgray.com

5         DATED this 24th day of October, 2012.

6

7                                        s/ Linda Bledsoe
                                         _____
8                                        LINDA BLEDSOE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**No. C10-1823**                   LAW OFFICES
                                                                    **CALFO HARRIGAN LEYH & EAKES LLP**
                                                                       999 THIRD AVENUE, SUITE 4400
                                                                        SEATTLE, WASHINGTON 98104
                                                                    TEL, (206) 623-1700   FAX, (206) 623-8717