The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

                        Plaintiff,

            v.

MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION.,

                        Defendants.

CASE NO. C10-1823-JLR

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING TRADE SECRETS

NOTE ON MOTION CALENDAR:
Friday, November 9, 2012

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................ 1

II.   LEGAL STANDARD ........................................................... 2

III.  BACKGROUND ................................................................. 5

    A.    The Protective Order in This Action Both Permits and Requires Motorola to File This Motion For Leave to File Under Seal ...................................... 5

    B.    The Court Previously Has Been Presented With and Has Granted Motions to Seal Documents Under the "Compelling Reasons" Standard ........................... 7

IV.   THE COURT SHOULD GRANT THE MOTION TO SEAL ......................... 8

    A.    Exhibits That Include Information About Licenses and Licensing Terms ............ 8

    B.    Exhibits That Include Past and Projected Sales and Revenue Data ................. 11

    C.    Exhibits That Relate To Settlement Negotiations Between Motorola and Microsoft .......................................................................... 12

    D.    Exhibits That Include Prior Sealed Testimony and Sealed Reports From Related Actions ...................................................................... 12

    E.    Exhibits That Include Confidential Third-Party Technical Information ............. 13

    F.    Exhibits That Include Party and Third-Party Depositions Disclosing Confidential Information ......................................................... 14

    G.    Trial Testimony Regarding or Disclosing Confidential Information .................. 16

    H.    Other Exhibits and Trial Testimony ......................................... 17

V.    CONCLUSION ................................................................. 18

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - i
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1

# TABLE OF AUTHORITIES

2

**Cases**                                                                      **Page(s)**

3

*Abaxis, Inc. v. Cepheid,*
  No. 10-CV-02840-LHK, 2011 WL 6002522 (N.D. Cal. Nov. 30, 2011)..........................10, 15

4

*Agency Solutions.Com, LLC v. TriZetto Group, Inc.,*
  819 F. Supp. 2d 1001 (E.D. Cal. 2011)................................................................14

5

6

*Apple, Inc. v. Samsung Elecs. Co., Ltd.,*
  No. 5:11–cv–01846–LHK, 2012 WL 3283478 (N.D. Cal. Aug. 9, 2012) ...................4, 5, 10

7

8

*Bauer Bros. LLC v. Nike, Inc.,*
  No. 09cv500–WQH–BGS, 2012 WL 1899838 (S.D. Cal. May 24, 2012).........................4, 12

9

*Bean v. John Wiley & Sons, Inc.,*
  No. CV 11–08028–PCT–FJM, 2012 WL 1078662 (D. Ariz. Mar. 30, 2012)..............4, 12, 17

10

11

*Clark v. Bunker,*
  453 F.2d 1006 (9th Cir. 1972) .................................................................... passim

12

*Hendrix v. Branton,*
  C93–537–TSZ–RSM, 2012 WL 2455741 (W.D. Wash. June 26, 2012) .................................4

13

14

*In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and
  Components Thereof,*
  Inv. No. 337-TA-752 (U.S.I.T.C.) ...................................................................13

15

16

*In the Matter of Certain Mobile Devices, Associated Software, and Components Thereof,*
  Inv. No. 337-TA-744 (U.S.I.T.C.) ...................................................................13

17

18

*In re Elec. Arts, Inc.,*
  298 F. App'x 568 (9th Cir. 2008) ................................................................ passim

19

20

*In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Lit.,*
  686 F.3d 1115 (9th Cir. 2012) .......................................................................3

21

22

*Kamakana v. City & Cnty. of Honolulu,*
  447 F.3d 1172 (9th Cir. 2006) .......................................................................3

23

*Network Appliance, Inc. v. Sun Microsystems Inc.,*
  No. C-07-06053 EDL, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010).......................................4

24

25

*Nixon v. Warner Commc'ns, Inc.,*
  435 U.S. 589 (1978)..................................................................................2

26

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - ii
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Powertech Tech., Inc. v. Tessera, Inc.*,
No. C 11-6121 CW, 2012 WL 3283420 (N.D. Cal. Aug. 10, 2012) ...........................4, 10, 15

*Selling Source, LLC v. Red River Ventures, LLC*,
No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338 (D. Nev. Apr. 29, 2011) .....................4

*TriQuint Semiconductor v. Avago Techs., Ltd.*,
No. CV 09-1531-PHX-JAT, 2011 WL 6182346 (D. Ariz. Dec. 13, 2011)................4, 10, 115

*Ultimate Timing, L.L.C. v. Simms*,
No. C08-1632 MJP, 2010 WL 786021 (W.D. Wash. Mar. 4 2010) .........................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(c)(1)(G) ..................................................................................................2

Local Rule CR 5(g)...................................................................................................1, 3, 6, 7

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - iii
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I.   INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility LLC, and General Instrument Corporation (collectively "Motorola") respectfully move for leave to file under seal confidential exhibits and summary exhibits that will likely be used at trial, and further respectfully move to exclude from the courtroom during certain confidential testimony persons not authorized by the Protective Order to hear such testimony, and to seal that testimony and the transcripts of that testimony.  Among the documents or categories of information[1] Motorola seeks to have sealed are:

1.  Highly confidential information about licenses between Motorola and various third parties, including specific licenses, license terms and licensing negotiations;

2.  Highly confidential internal Motorola information relating to past and projected profits, revenues, and sales data;

3.  Highly confidential information relating to settlement negotiations between Microsoft and Motorola;

4.  Prior sealed confidential testimony and reports from related actions;

5.  Confidential third-party technical information;

6.  Highly confidential information contained in the depositions of party and third-party witnesses, some of whose testimony is being offered through deposition designation; and

7.  Testimony from both fact witnesses and expert witnesses, including Motorola fact witness Kirk Dailey, Microsoft experts Matthew Lynde and Kevin Murphy, and Motorola experts Charles R. Donohoe and Michael J. Dansky, regarding or disclosing such highly confidential information.

As explained in detail below, there are compelling reasons for sealing certain exhibits and categories of exhibits and closing the courtroom during the presentation of evidence and testimony regarding those categories.  In this Motion, which Motorola believes substantially identifies the

---

[1] Motorola understands that, under the local rules, it must provide "a specific description of particular documents or categories of documents a party seeks to protect."  *See* CR 5(g)(4).  As it is not yet clear exactly which exhibits either party will actually use at trial, Motorola has been as specific as possible.

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

exhibits containing Motorola or third-party confidential information[2] for which there are compelling reasons to seal, Motorola has identified approximately 101 out of the 3300 exhibits on the Joint Trial Exhibit List (Dkt. No. 493, Ex. 1).[3]   Should Motorola identify any additional exhibits it believes should be sealed at trial, Motorola will promptly bring those documents to the Court's attention.   To the extent that it is not possible to say with certainty in advance of trial which documents the parties will actually use, Motorola proposes that the Court permit the parties to submit, no later than 8:00 AM each morning of trial, copies of additional exhibits they anticipate using that day, that they are seeking to seal, and that have not already been identified in a motion to seal, together with specifics regarding the basis for sealing.

## II.   LEGAL STANDARD

Although historically courts have recognized a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has explained that "the right to inspect and copy judicial records is not absolute.   Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that the court of appeals erred in reversing the district court's decision not to release tapes in its custody which were used at trial).

In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing."   *Id.* Accordingly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) (stating that a court may require that

---

[2] Microsoft has indicated that it is not joining Motorola's Motion.   Accordingly, Motorola presumes that Microsoft will take its own actions to protect its confidential information.

[3] A list of specific documents that Motorola is moving be sealed is attached as Exhibit A.   Highlighted documents are those that the Court has previously sealed under the "compelling reasons" standard.

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   "a trade secret or other confidential research, development, or commercial information not be

2   revealed or be revealed only in a specified way").

3        In the Ninth Circuit, a party seeking to seal a judicial record must articulate justifications

4   for sealing that outweigh the public policies favoring disclosure by stating "compelling reasons"

5   for sealing.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)

6   ("In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle

7   for improper purposes,' such as the use of records to . . . release trade secrets.") (citing *Nixon*, 435

8   U.S. at 598)); *see also In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Lit.*, 686 F.3d

9   1115, 1119 (9th Cir. 2012).  Similarly, Local Rule CR 5(g)(2) states that, with regard to

10  dispositive motions, the presumption of public access to the Court's files "may be overcome only

11  on a compelling showing that the public's right of access is outweighed by the interests of the

12  public and the parties in protecting the court's files from public review."  As this Court has

13  recognized, the Ninth Circuit has adopted the Restatements' definition of "trade secret."  *See*

14  *Ultimate Timing, L.L.C. v. Simms*, No. C08-1632 MJP, 2010 WL 786021, at *1-2 (W.D. Wash.

15  Mar. 4 2010) (quoting *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  According to this

16  definition, a "trade secret may consist of any formula, pattern, device or compilation of

17  information which is used in one's business, and which gives him an opportunity to obtain an

18  advantage over competitors who do not know or use it."  *Clark*, 453 F.2d at 1009 (quoting

19  *Restatement of Torts* § 757, cmt. b); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70

20  (9th Cir. 2008).

21       Applying this definition, the Ninth Circuit has explicitly found that "a detailed plan for the

22  creation, promotion, financing, and sale of contracts" constitutes a trade secret.  *Clark*, 453 F.2d at

23  1009.  The Ninth Circuit has similarly found that "pricing terms, royalty rates, and guaranteed

24  minimum payment terms" in licensing agreements is "information that plainly falls within the

25  definition of 'trade secrets.'"  *In re Elec. Arts*, 298 F. App'x at 569-70.  Under the "compelling

26  reasons" standard, moreover, numerous district courts in the Ninth Circuit have sealed confidential

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

information relating to internal finances (including revenues and profits), product specifications, and licensing information. *See, e.g.*, *Hendrix v. Branton*, C93–537–TSZ–RSM, 2012 WL 2455741, at *4 (W.D. Wash. June 26, 2012) (finding "compelling reasons" for sealing settlement agreement containing a confidentiality provision prohibiting the disclosure of financial terms in the agreement except under certain circumstances); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *2-4 (S.D. Cal. May 24, 2012) (sealing declarations and documents containing cost analysis relating to sales and business data and product development plans); *Bean v. John Wiley & Sons, Inc.*, No. CV 11–08028–PCT–FJM, 2012 WL 1078662, at *5-6 (D. Ariz. Mar. 30, 2012) (sealing "precise revenue results" and "exact sales and production numbers," in charts summarizing defendant's sales and revenue figures broken out by product); *TriQuint Semiconductor v. Avago Techs., Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *3-7 (D. Ariz. Dec. 13, 2011) (sealing documents containing sensitive financial information and licensing information); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283420, at *9 (N.D. Cal. Aug. 10, 2012) (sealing details of license agreement); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (sealing material that would subject third parties to competitive harm). Indeed, "[w]here [] material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011).

In *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 5:11–cv–01846–LHK, 2012 WL 3283478 (N.D. Cal. Aug. 9, 2012), the district court recently addressed similar issues regarding sealing documents in the context of a major trial involving patent issues. In that case, both parties (along with numerous third parties whose information was to be used at trial) filed motions to seal confidential documents, including documents containing sensitive financial data, source code,

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

proprietary marketing reports, and terms of licensing agreements.   Collectively, the motions related to three categories of documents: (1) party documents likely to be used at trial; (2) documents used exclusively in pre-trial motions; and (3) third party documents to be used by either party at trial.  *Id.* at *1.

In an extensive and detailed Order, the Court granted-in-part and denied-in-part the various motions.  Among other materials, the Court sealed: information relating to the parties' production and supply capacities, *id*. at *2; party proprietary source code, *id*. at *5; and information from a market research report prepared by a third party for one of the litigants, *id.* at *6.[4]  The Court also held that all financial terms of licensing agreements, including pricing terms, royalty rates and minimum payment terms, were trade secrets under Ninth Circuit law and thus should be sealed. *Id.* at *6, *10.

## III.    BACKGROUND

### A.    The Protective Order in This Action Both Permits and Requires Motorola to File This Motion For Leave to File Under Seal

Throughout this litigation, the parties have produced many confidential and highly sensitive documents relating to their business and licensing practices and histories, business strategy, financial information, and technical developments, including sensitive documents that contain the highly confidential information of third parties.  Moreover, other third parties, such as MPEG LA, Via Licensing and MOSAID, have produced additional confidential and highly sensitive documents relating to their own business and licensing practices in response to subpoenas issued by the parties.  In order to protect such confidential material, Microsoft and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011.  (Dkt. No. 72.)[5]  This Protective Order outlines categories of material that should be

---

[4] The court did not, however, find that the parties had provided sufficient "compelling reasons" to seal internal market surveys or financial data related to profit, profit margins, cost, or unit sales data.  *Id.* at *3-5.

[5] On October 3, 2012, the Court amended the Protective Order to permit two of Microsoft's in-house attorneys to have additional access to confidential materials.  (*See* Dkt. No. 447.)  In arguing that the Protective Order should be amended, Microsoft stated that these two attorneys "will <u>not</u> be permitted to disclose this information to others at

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.  Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2.   This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."   *Id.* at 2.   Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id.* at 4.   Finally, Paragraph 2(a) of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  The Protective Order similarly envisions that confidential information will need to be discussed at trial, and contains provisions relating to the confidentiality of sealed trial proceedings.  (*See, e.g.*, Dkt. No. 72 at ¶ 7 (discussing "confidential portion[s] of the trial").)

---

Microsoft or Motorola, or use this information for any purpose other than for this litigation – namely, to assist outside counsel in preparation for trial and remaining pre-trial motion practice."  (Dkt. No. 434 at 4 (emphasis in original).)

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   Since entry of the Protective Order, Microsoft, Motorola and subpoenaed third parties have

2   produced hundreds of thousands of pages designated as "Confidential" under the Protective Order

3   in reliance on the protections offered by that Order and with the expectation that confidential

4   information would be protected from public disclosure.  In cases where Motorola has confidential

5   licensing or other commercially sensitive financial information of a third party in its files, before

6   producing such information it has sought and obtained permission from the third party to produce

7   the information subject to the Protective Order.  (*See* Dkt. No. 436.)

8   **B.   The Court Previously Has Been Presented With and Has Granted Motions to Seal**
    **Documents Under the "Compelling Reasons" Standard**

9

10   Local Rule CR 5(g)(3) states that, "[i]f a party seeks to have documents filed under seal

11   and no prior order in the case or statute specifically permits it, the party must obtain authorization

12   to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file

13   specific documents under seal."  During oral argument on October 18, 2012, the Court advised the

14   parties that it would be applying the Ninth Circuit's "compelling reasons" standard in considering

15   whether to seal exhibits.  (Oct. 18, 2012 Hr'g Tr. at 2-4.)  Over the course of this litigation, the

16   parties have filed numerous motions to seal documents submitted in support of dispositive motions

17   (and so falling under the "compelling reasons" standard) (*see*, *e.g.*, Dkt. Nos. 227, 234, 271, 282,

18   287, 361, and 372) – motions which the Court has ultimately granted (*see, e.g.*, Dkt. Nos. 294,

19   336, 337, 338, 384, 385).  In addition to granting motions as to highly confidential business and

20   financial information and licensing practices and history, the Court has found that there is

21   "compelling reason" to seal Microsoft's proprietary source code (Dkt. No. 292 at 2), "descriptions

22   of Motorola's licensing negotiations and agreements with third parties" (*id*. at 3), and a copy of a

23   licensing agreement between Motorola and a third party that has been marked as containing

24   confidential business information, (*id*. at 3-4).  Applying the "compelling reason" standard, the

25

26

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    Court has also ordered sealed a number of documents, including Motorola's and Microsoft's past

2    licenses.  (*See* Dkt. No. 384.)[6]

3    **IV.    THE COURT SHOULD GRANT THE MOTION TO SEAL**

4         In light of the authority cited above and for the reasons discussed below, the Court should

5    grant Motorola's motion to seal certain information and categories of information included in

6    exhibits that will likely be used at trial, and should grant Motorola's motion to exclude

7    unauthorized persons from the courtroom during testimony regarding that confidential information

8    and to seal that testimony.

9    **A.    Exhibits That Include Information About Licenses and Licensing Terms**

10        Motorola anticipates that the parties will seek to introduce into evidence numerous exhibits

11   including information about licenses between Motorola and various third parties, or between third

12   parties and patent pools, and will seek testimony from both fact and expert witnesses about

13   licensing terms in those agreements.  For example, among the many licenses Motorola anticipates

14   being introduced at trial are Motorola's (or Motorola subsidiary Symbol's) licenses with over 50

15   companies, including VTech, Benefon OYJ, RIM, Nokia, Ericsson, LGE and IBM.[7]  Indeed, the

16   Court has already sealed eight of these licenses (which were attached as exhibits to dispositive

17   motions) under the "compelling reasons" standard.  Specifically, under this standard, the Court has

18   sealed: Exhibit 13 (Motorola-VTech, sealed by Dkt. Nos. 187, 337, and 384); Exhibit 36 (Symbol-

19   Proxim, sealed by Dkt. No. 336); Exhibit 37 (Symbol-Terabeam, sealed by Dkt. No. 336); Exhibit

20   38 (Symbol-Hand Held Products, sealed by Dkt. No. 336); Exhibit 2833 (Motorola-RIM, sealed

21   by Dkt. No. 187); Exhibit 2835 (Motorola-Nokia, sealed by Dkt. Nos. 187, 336); Exhibit 2836

22   (Motorola-BenQ, sealed by Dkt. No. 384); and Exhibit 2837 (Motorola-Benefon, sealed by Dkt.

---

23

24      [6]     A list of documents that the Court has previously sealed under the "compelling reasons" standard is attached
        as Exhibit B.

25      [7]     Among the Motorola licenses that Motorola anticipates will be offered at trial and will be the subject of trial

26   testimony are Exhibits 13, 36-38, 2769, 2798, 2802-2805, 2807-2810, 2833, 2835-2837, 2841-2847, 3211-3232,
     3233-3234, 3236-3247, 3352, and 3265.  The terms of these licenses are summarized in Exhibit 3334.

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Nos. 176 and 336).  Although many of these agreements indicate that the parties may disclose the

*existence* of the agreements to third parties, the terms of the agreements are almost always kept in

confidence.  (*See* Blasius Decl. ¶ 13.[8])  Indeed, even within Motorola, confidential information

regarding licensing terms and conditions is restricted.  (*Id*. ¶ 8.)  The employees in Motorola's

licensing department understand the extremely sensitive nature of such information, and

understand their duty to not disclose the terms of these agreements.  (*Id*.)  These agreements are

rarely, if ever, shared outside the legal and licensing departments.  (*Id*.)

Motorola also anticipates that the parties will seek to introduce into evidence exhibits

including information about the confidential licensing negotiations that led to licenses between the

parties and various third parties.  For example, Exhibits 3162-3164 are presentations Motorola

gave to HTC, Samsung, and Apple, respectively, as part of Motorola's ongoing negotiations for

licenses with those three companies.  Exhibit 9 is a 2004 letter from Richard Sonnentag, licensing

counsel at Motorola, to an attorney at Option International NV SA, regarding Motorola's response

to Option's licensing proposal.

Motorola similarly anticipates that the parties will seek to introduce into evidence licenses

between third parties and patent pools, including Exhibits 2865-2869, which are licenses between

Via Licensing Corporation and Fujitsu Ltd., Japan Radio Co., Ltd., Koninklijke Philips

Electronics N.V., LG Electronics, Inc., and Sony Corporation.  While the parties to these licenses

are permitted to publically identify themselves as parties, (*see, e.g.*, Exhibit 2865 at § 5.7), the

licenses contain confidentiality provisions limiting the disclosure of confidential information (*see,

e.g.*, *id* at § 5).

Public disclosure of such confidential licenses, settlements, and acquisitions, as well as the

confidential negotiations leading to such licenses, settlements, and acquisitions, would have a

profound impact on Motorola and the third parties in future licensing negotiations and settlements

---

[8] "Blasius Decl. ¶ __" refers to the stated paragraph of the Declaration of Brian Blasius, submitted concurrently

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   with others by creating an asymmetry of information.  (Blasius Decl. ¶¶ 9-12, 14, 16.)  This

2   asymmetry of information would result in additional leverage and bargaining power and would

3   lead to an unfair advantage and competitive harm.  (*Id.* ¶ 12.)

4        In particular, by learning the details of these licenses, settlements, and acquisitions, and

5   their relevant negotiations, competitors and potential counterparties to licensing and settlement

6   agreements with Motorola and all of these numerous third parties would gain an unfair insight into

7   the Motorola's and third parties' business strategies, licensing strategies, prior royalty grants,

8   negotiation tactics, and cost/benefit analyses.  (*Id.* ¶¶ 9-10, 16.)  As Microsoft's General Manager

9   of Outbound Licensing recently explained in the *Apple v. Samsung* case in support of Microsoft's

10  motion to seal a confidential license, "[o]ur license agreements are specific to the licensee and

11  tailored to the particular set of terms and conditions governing the relationships between Microsoft

12  and the licensee.  Public disclosure . . . put[s] Microsoft in a substantially weakened position with

13  respect to negotiating with entities that have not yet entered into license agreements, thus

14  decreasing the probability of reaching out-of-court licensing agreements and increasing the

15  probability of litigation to resolve intellectual property disputes."  No. 11-cv-01846-LHK (N.D.

16  Cal.), Dkt. No. 1395, at 3.

17       In short, the confidential terms of the license agreements that will be presented at trial

18  constitute trade secrets within the Ninth Circuit's definition.  *See, e.g.*, *In re Elec. Arts*, 298 F.

19  App'x at 569-70; *see also Clark*, 453 F.2d at 1009 ("[A] detailed plan for the creation, promotion,

20  financing, and sale of contracts" constitutes a trade secret); *TriQuint*, 2011 WL 6182346, at *3-7

21  (sealing documents containing sensitive financial information and licensing information);

22  *Powertech Tech.*, 2012 WL 3283420, at *9 (sealing details of license agreement); *Abaxis, Inc. v.*

23  *Cepheid*, No. 10-CV-02840-LHK, 2011 WL 6002522, at *1 n.1 (N.D. Cal. Nov. 30, 2011)

24  (granting motion to seal exhibit to dispositive motion containing term sheet of licensing

25  negotiations).  Due to the presence of highly confidential information throughout the licenses, those

26  ────────────────────────────────

herewith.

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   licenses, and any summary exhibits disclosing the terms of such licenses, as well as exhibits including

2   information relating to the negotiation of these licenses, should be sealed in their entirety.[9]

3   **B.      Exhibits That Include Past and Projected Sales and Revenue Data**

4           Motorola anticipates that the parties may seek to introduce evidence regarding both highly

5   confidential past sales and revenue data for Motorola, as well as highly confidential future sales

6   and revenue projections for Motorola products.  Such evidence is included in Exhibits 2454-2463,

7   2469-2476, 2730, 2756, and 3169, and is summarized in Exhibit 3333, and will likely be

8   addressed primarily through the testimony of Motorola expert witness Dr. Michael Dansky and

9   Microsoft expert witness Dr. Matthew Lynde.  Disclosure of this evidence, and in particular

10  disclosure of Motorola's sales and revenue projections, would have the potential to lead to

11  competitive harm by creating an asymmetry of information between Motorola and competitors,

12  whose sales and revenue results and projections are not public.  (Blasius Decl. ¶¶ 18-20.)  More

13  importantly, Motorola's competitors would be able to use this information to discern and

14  anticipate Motorola's past and future confidential business and marketing strategies, and to

15  evaluate the success of those confidential strategies.  (*Id.* ¶ 19.)  For example, competitors might

16  target Motorola through advertising, or might adjust their own marketing strategies in order to

17  undercut the parties' anticipated revenues and sales.  (*Id.*)  This would provide these parties with

18  an unfair competitive advantage.

19          Past and future sales and revenue data constitutes trade secrets under the Ninth Circuit's

20  definition; the competitive harm that would result from disclosure of this information therefore

21  outweighs the compelling interest in having the judicial proceedings open to the public.

22  Accordingly, any exhibits that include this information should be sealed.  *See*, *e.g.*, *Clark*, 453

23  F.2d at 1009 (quoting *Restatement of Torts* § 757, cmt. b); *In re Elec. Arts*, 298 F. App'x at 569-

24

25      [9]  Indeed, this Court has previously concluded that there was "compelling reason" to seal "descriptions of
    Motorola's licensing negotiations and agreements with third parties" (Dkt. No. 292 at 3) and a copy of a licensing
26  agreement between Motorola and a third party that has been marked as containing confidential business information,
    (*id.* at 3-4).

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 11
CASE NO. C10-1823-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   70; *Bauer Bros.*, 2012 WL 1899838, at \*2-4 (sealing declarations and documents containing cost

2   analysis relating to sales and business data and product development plans); *Bean*, 2012 WL

3   1078662, at \*5-6 (sealing "precise revenue results" and "exact sales and production numbers," in

4   charts summarizing defendant's sales and revenue figures broken out by product).

5   **C.    Exhibits That Relate To Settlement Negotiations Between Motorola and Microsoft**

6           Motorola anticipates that at trial there may be discussion of or submission of documents

7   relating to highly confidential settlement negotiations between Microsoft and Motorola.   By a

8   November 12, 2010 Non Disclosure Agreement between Motorola and Microsoft, which itself is

9   designated as "Confidential Business Information, Subject to Protective Order," the parties agreed

10  to keep such negotiations confidential.  (*See* Dkt. No 452.)  These negotiations are summarized in

11  Exhibit 3335.   Public disclosure of such negotiations would negatively affect Motorola and

12  Microsoft in future settlement negotiations by permitting competitors and potential counterparties

13  to such negotiations to enter those negotiations with unfair insight into Motorola's and Microsoft's

14  business and licensing strategies, proposed licensing terms, and cost/benefit analyses.   (Blasius

15  Decl. ¶ 22.)  Because public disclosure of these documents would thus have the potential to lead to

16  an unfair business advantage and competitive harm, these documents are trade secrets within the

17  Ninth Circuit definition.  *See, e.g.*, *Clark*, 453 F.2d at 1009 (quoting *Restatement of Torts* § 757,

18  cmt. b); *In re Elec. Arts*, 298 F. App'x at 569-70.   Additionally, the competitive harm that would

19  result from disclosure of this information outweighs the compelling interest in having the judicial

20  proceedings open to the public.   Accordingly, information, including information contained in

21  summary exhibits, relating to such negotiations should be sealed in its entirety.

22  **D.    Exhibits That Include Prior Sealed Testimony and Sealed Reports From Related
         Actions**

23

24          Motorola anticipates that at trial the parties may seek to enter into evidence sealed

25  testimony or sealed reports from parallel or related actions that contain information about the

26  parties' highly sensitive and confidential licensing and business practices and strategies.   For

    example, Exhibits 2860 and 2900 are copies of the direct and rebuttal testimony of Kirk Dailey and

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

were marked as Hearing Exhibits CX-715C and CX-778C and admitted into evidence as a Confidential Hearing Exhibits in *In The Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C.).   Throughout this testimony, which was marked as "confidential" under the terms of the Protective Order in this case, Mr. Dailey disclosed highly confidential information about Motorola's licenses, licensing history and internal business practices.   On April 24, 2012, this Court concluded that these documents were among several that "contain[ed] information about Motorola's licenses, licensing history, internal business practices, and/or legal practices" such that they were "sufficiently confidential to meet the 'compelling reasons' standard."  (Dkt. No. 294 at 3.)   As another example, Exhibits 2897 and 2924 are selected pages from the confidential expert report and deposition transcript of Louis P. Berneman, from *In the Matter of Certain Mobile Devices, Associated Software, and Components Thereof*, Inv. No. 337-TA-744 (U.S.I.T.C.).   In his report and during his testimony, both of which were designated as "confidential" under the Protective Order in the 337-TA-744 Investigation and under the Protective Order in this case, Mr. Berneman discussed confidential licensing information, disclosure of which would have the potential to lead to competitive harm.   Both of these documents have previously been submitted to the Court as exhibits to dispositive motions (*see* Dkt. Nos. 273, 363), and both have been sealed by the Court under the "compelling reasons" standard, (*see* Dkt. Nos. 336 and 384).

As the Court has observed, (*see* Dkt. No. 294 at 3), such sealed testimony "containing Motorola's licenses, licensing history, internal business practices, and/or legal practices" is "sufficiently confidential to meet the 'compelling reasons' standard."   Accordingly, to the extent such documents contain highly confidential trade secrets and licensing information, the Court should order those documents sealed for the reasons discussed above.

**E.    Exhibits That Include Confidential Third-Party Technical Information**

Motorola anticipates that at trial the parties may seek to enter into evidence exhibits that include confidential third-party technical information.  Such evidence is included in: Exhibit 84,

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING TRADE SECRETS - 13 CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

which is a confidential datasheet produced under protective order in the ITC describing the operation of a Marvell Wi-Fi chip; Exhibit 524, which is a confidential datasheet for that Marvell Wi-Fi chip; and Exhibit 3343, a confidential datasheet for an Atheros Wi-Fi chip.  The data sheets, which were produced pursuant to a subpoena and which are marked "DO NOT COPY," "CONFIDENTIAL BUSINESS INFORMATION," COMPANY CONFIDENTIAL," "CONFIDENTIAL," and "PROPRIETARY," provide hundreds of pages of detailed proprietary and highly confidential information concerning the function, structure and operation of Marvell's and Atheros's chips.  Disclosure of the details of these products at this level of specificity provides competitors with highly sensitive information that would enable those competitors to copy numerous aspects of Marvell's and Atheros's proprietary and confidential engineering.

Public disclosure of this sort of confidential detailed technical information could thus give the competitors of these parties and third parties opportunities to gain an unfair commercial advantage.  Accordingly, these exhibits – which are akin to proprietary source code – are trade secrets.  *See Clark*, 453 F.2d at 1009 (quoting *Restatement of Torts* § 757, cmt. b); *see also In re Elec. Arts*, 298 F. App'x at 569-70; *cf. Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) ("[S]ource code is undoubtably[sic] a trade secret . . . .").  The competitive harm that would result from disclosure of this information therefore outweighs the compelling interest in having the judicial proceedings open to the public.  These exhibits, and these sorts of exhibits, should therefore be sealed.

## F.  Exhibits That Include Party and Third-Party Depositions Disclosing Confidential Information

Motorola anticipates that at trial the parties will either submit to the Court or seek to enter into evidence portions of the transcripts of depositions of both party and third-party witnesses.  By agreement of the parties, a number of witnesses, including at least Aaron Bernstein, Scott Brewer, David Curtis, Timothy Kowalski, Allen Lo, Scott Peterson, Richard Sonnentag, and K. McNeill Taylor, will appear at trial by designation.  (*See* Dkt. No 493.)  According to the parties' Pretrial Order, these witnesses will testify on issues including Motorola's licensing activities, Motorola's

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 14
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

patent licensing practices, Symbol Technologies' licensing practices, and Google's patent licensing activities and intellectual property licensing policies.  (*See id.* at 13-19.)  Motorola anticipates that much of the testimony that the parties offer through deposition designation will thus address highly confidential party and non-party trade secrets, disclosure of which would have the potential to lead to competitive harm.  *See, e.g.*, *In re Elec. Arts*, 298 F. App'x at 569-70; *Clark*, 453 F.2d at 1009; *TriQuint*, 2011 WL 6182346, at *3-7 (sealing documents containing sensitive financial information and licensing information); *Powertech Tech.*, 2012 WL 3283420, at *9 (sealing details of license agreement); *Abaxis, Inc. v. Cepheid*, 2011 WL 6002522, at *1 n.1 (N.D. Cal. 2011) (granting motion to seal exhibit to dispositive motion containing term sheet of licensing negotiations).  Indeed, this Court has already sealed a number of these depositions, which contain such information, and which have been submitted as exhibits to dispositive motions, and thus that fall under the "compelling reasons" standard.  (*See, e.g.*, Dkt. No. 294 (finding "compelling reasons" to seal the deposition of K. McNeill Taylor); Dkt. No. 336 (sealing excerpts of the rough transcript of the deposition of Aaron B. Bernstein); Dkt. No. 337 (sealing excerpts of the deposition of Timothy M. Kowalski); Dkt. No. 338 (sealing excerpts of the deposition of Richard A. Sonnentag).)  Accordingly, to the extent that the deposition designations include such confidential information, the depositions should be sealed.[10]

Motorola also anticipates that, during cross-examination of witnesses who will appear at trial in person, the parties may seek to introduce into evidence portions of witness depositions.  Many of the depositions taken in this action of both fact and expert witnesses contain highly confidential information about the parties' licensing and business practices and strategies, disclosure of which would have the potential to lead to competitive harm.  Accordingly, to the

---

[10] Motorola proposes that the parties work together to determine which portions of these deposition designations include information that should be sealed.  As the Court wishes, the parties can then either submit redacted versions of the deposition designations or non-redacted versions identifying confidential information.

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 15
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  extent that the portions of depositions introduced at trial include such confidential information, the

2  depositions should be sealed.[11]

3  **G.      Trial Testimony Regarding or Disclosing Confidential Information**

4          Motorola anticipates that the parties will seek to elicit testimony from both fact and expert

5  witnesses regarding highly confidential Motorola and third-party information, including sensitive

6  financial information, detailed information on licenses and licensing terms, and information

7  regarding confidential negotiations between the parties.  For example, based upon the expert

8  reports and depositions, Motorola anticipates that, among other witnesses, Motorola fact witness

9  Kirk Dailey, Microsoft expert Matthew Lynde, and Motorola expert Charles Donohoe will be

10  asked to testify extensively regarding the terms (including pricing terms, royalty rates, and

11  guaranteed minimum payment terms) of Motorola's licenses with third parties.  Such testimony

12  would necessarily be about "information that plainly falls within the definition of 'trade secrets.'"

13  *See In re Elec. Arts*, 298 F. App'x at 569-70.

14          The Court has previously concluded that there was "compelling reason" to seal "descriptions

15  of Motorola's licensing negotiations and agreements with third parties" (Dkt. No. 292 at 3; *see*

16  *also* Dkts. 384 and 385) and a copy of a licensing agreement between Motorola and a third party

17  that has been marked as containing confidential business information, (Dkt. No. 292 at 3-4).

18  Testimony about such confidential information should be treated in like fashion.  Accordingly,

19  unauthorized persons should be excluded from the courtroom throughout the entirety of Mr.

20  Donohoe's testimony, Mr. Dailey's testimony, and Dr. Lynde's testimony.  Motorola proposes

21  that, following the trial, the parties submit to the Court proposed redactions of the transcript of the

22  testimony offered by these three witnesses (as well as the others discussed below), and that the

23  Court retain under seal only those portions for which there is "compelling reason" to seal.

24

25  _____

26      [11] Because it may not be clear until during cross-examination which portions of which depositions the parties will
seek to introduce into evidence, Motorola proposes that the Court accept depositions that have been designated as
"Confidential" under seal, and that the parties be required to provide proposed redactions to those exhibits by the next
morning of trial.

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 16
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    Motorola also anticipates that Microsoft expert witness Kevin Murphy and Motorola expert

2    witness Roger Smith may testify as to the terms of Motorola's existent and past patent licenses,

3    which Dr. Murphy addressed in his expert reports and described in Exhibit 4 to his opening expert

4    report.  For the same reasons unauthorized persons should be excluded from the courtroom

5    throughout the entirety of the testimony of Mr. Donohoe, Mr. Dailey, and Dr. Lynde, unauthorized

6    persons should be excluded from the courtroom during whatever portion of Dr. Murphy's

7    testimony or Mr. Smith's testimony addresses this confidential licensing information.

8        Motorola anticipates that Motorola expert witness Michael Dansky will testify about

9    Motorola's past and projected sales and revenue data, which is discussed extensively in his expert

10   reports, and which is included in at least Exhibits 2454-2463, 2469-2476, 2730, 2756, 3169, and

11   3333.  As previously noted, disclosure of this information would have the potential to lead to

12   competitive harm by creating an asymmetry of information between Motorola and competitors,

13   whose sales and revenue results and projections are not public, and would allow party competitors

14   to discern and evaluate Motorola's past and future confidential business and marketing strategies.

15   This evidence constitutes trade secrets under the Ninth Circuit's definition.  *See*, *e.g.*, *Clark*, 453

16   F.2d at 1009 (quoting *Restatement of Torts* § 757, cmt. b); *In re Elec. Arts*, 298 F. App'x at 569-

17   70; *see also Bean*, 2012 WL 1078662, at *5-6 (sealing "precise revenue results" and "exact sales

18   and production numbers," in charts summarizing defendant's sales and revenue figures broken out

19   by product). As previously noted, the competitive harm that would result from disclosure of this

20   information outweighs the compelling interest in having the judicial proceedings open to the

21   public.  Accordingly, unauthorized persons should be excluded from the courtroom during

22   whatever portion of Mr. Dansky's testimony relates to this information and the other categories of

23   information discussed above.

24   **H.    Other Exhibits and Trial Testimony**

25       Motorola cannot fully anticipate all exhibits that will be used by both parties and the

26   testimony that will be adduced at trial that includes Motorola and third-party trade secrets.  As

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 17
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

public disclosure of such trade secrets would have the potential to lead to competitive harm, and as the competitive harm that would result from disclosure of this information would outweigh the compelling interest in having the judicial proceedings open to the public, unauthorized persons should be excluded from the courtroom during testimony regarding such trade secrets, and the testimony and exhibits should be sealed.  Similarly, the trial transcripts should be redacted so as to keep party and non-party trade secrets from public disclosure.

V.      CONCLUSION

        For the foregoing reasons, Motorola respectfully requests that this Court order sealed trial exhibits and summary exhibits that contain information about Motorola's and third parties' sensitive financial information, licensing practices and history, and business strategies, that the Court order that unauthorized persons be excluded from the courtroom during testimony about such confidential information, and that the Court seal the portions of the trial transcripts containing that confidential information.  As noted above, to the extent that it is not possible to say with certainty in advance which documents the parties will use, Motorola suggests that the Court permit the parties to submit, no later than 8:00 AM each morning of trial, copies of exhibits it anticipates using that day, that it is seeking to seal, and that have not previously been submitted to the Court in a Motion to Seal, together with specifics regarding the basis for sealing, so that the Court may consider and rule on the exhibits at that time.  Motorola similarly proposes that, should a party seek to use on cross-examination an exhibit it did not anticipate entering into evidence and that either party believes should be sealed, that the Court accept that exhibit on a sealed basis, and permit the parties to submit, no later than 8:00 AM the next morning of trial, specifics regarding the basis for sealing, so that the Court may consider and rule on the exhibit at that time.

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 18
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

DATED this 29th day of October, 2012.

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    *ralphp@summitlaw.com*
    *philm@summitlaw.com*
    *lynne@summitlaw.com*

By */s/ Thomas V. Miller*
    Thomas V. Miller
    MOTOROLA MOBILITY LLC
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    (847) 523-2162

And by

    Jesse J. Jenner (*pro hac vice* )
    Steven Pepe (*pro hac vice* )
    Kevin J. Post (*pro hac vice*)
    Ropes & Gray LLP
    1211 Avenue of the Americas
    New York, NY  10036-8704
    (212) 596-9046
    *jesse.jenner@ropesgray.com*
    *steven.pepe@ropesgray.com*
    *kevin.post@ropesgray.com*

    James R. Batchelder (*pro hac vice*)
    Norman H. Beamer (*pro hac vice* )
    Ropes & Gray LLP
    1900 University Avenue, 6th Floor
    East Palo Alto, CA  94303-2284
    (650) 617-4030
    *james.batchelder@ropesgray.com*
    *norman.beamer@ropesgray.com*

    Paul M. Schoenhard (*pro hac vice*
    Ropes & Gray LLP
    One Metro Center
    700 12th Street NW, Suite 900
    Washington, DC  20005-3948
    (202) 508-4693
    *paul.schoenhard.@ropesgray.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.***

1

2

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

4

5

6

7

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

8

9

10

11

12

13

14

15

16

17

18

19

20

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

21

22

23

24

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

25

26

DATED this 29th day of October, 2012.

/s/ *Marcia A. Ripley*

Marcia A. Ripley

DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED
PERSONS FROM THE COURTROOM DURING TESTIMONY
REGARDING TRADE SECRETS - 20
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001