The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION.,<br><br>                  Defendants. | CASE NO. C10-1823-JLR<br><br>DECLARATION OF BRIAN BLASIUS IN SUPPORT OF DEFENDANTS' MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING TRADE SECRETS<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, November 9, 2012** |

DECLARATION OF BRIAN BLASIUS IN SUPPORT OF
DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1        I, Brian C. Blasius, declare as follows:

2        1.      I am currently Patent Licensing Manager at Google Inc.  Until September of 2012,

3    I was Director, Intellectual Property Licensing, at Motorola Mobility LLC, formerly known as

4    Motorola Mobility, Inc.  Prior to the January 4, 2011 separation of Motorola Mobility, Inc. from

5    Motorola, Inc., I held the same role in the Mobile Devices and Home business segments of

6    Motorola, Inc. ("Motorola").

7        2.      I submit this declaration in support of Defendants' Motion to Seal Documents and

8    Trial Testimony and Exclude Unauthorized Persons from the Courtroom during Testimony

9    Regarding Trade Secrets, submitted concurrently herewith.  I have personal knowledge of the facts

10   set forth in this Declaration and, if called as a witness, could and would competently testify to

11   them.

12       3.      As Director, Intellectual Property Licensing for Motorola, my primary

13   responsibilities included negotiating Motorola's patent licenses.  I have been involved in the

14   negotiation of numerous patent license agreements on behalf of Motorola and am currently

15   involved in active licensing negotiations with Motorola's competitors on Motorola's behalf.  I am

16   thus intimately familiar with Motorola's patent licensing history, Motorola's intellectual property

17   licenses and Motorola's licensing practices, including those concerning confidentiality, as well as

18   the tactics and positions that Motorola has seen in its licensing negotiations.  I am also familiar

19   with the types of information contained in patent licenses (including in Motorola's patent

20   licenses), and with how that information could be used by competitors and prospective negotiation

21   counterparties if disclosed publically.

22       4.      I understand that the Court has scheduled a trial in this matter, beginning on

23   November 13, 2012, and that the Court intends to consider at least the RAND rate for a license

24   between Microsoft and Motorola for Motorola's standard essential patents for the 802.11 and

25   H.264 standards.

26

DECLARATION OF BRIAN BLASIUS IN SUPPORT OF
DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**Motorola's Licenses and Licensing Negotiations**

5.      I understand that there is a high likelihood that at this trial the parties will seek to introduce into evidence numerous licenses between the parties and various third parties, or between third parties and patent pools, and will seek testimony from both fact and expert witnesses about various licensing terms in those agreements.  I understand that the proposed list of exhibits submitted by the parties includes dozens of Motorola licenses with non-parties to this litigation, as well as licenses between third parties and patent pools.  I am familiar with the patent licenses on the exhibit list between Motorola and non-parties to this litigation, which are summarized in Exhibit 3334.  While I am not personally familiar with the specific licenses entered into between third parties and patent pools that are at issue in this case, I am familiar with the general terms and conditions in those agreements.

6.      I understand that there is also a high likelihood that the parties will seek to introduce evidence regarding highly confidential licensing negotiations between Motorola and prospective licensees, including those with which Motorola ultimately reached licensing agreements.  I am familiar with Motorola's negotiations with prospective licensees, and in particular with the materials used in negotiations with Option NV, HTC, Apple, and Samsung, which are included on the list of proposed exhibits as Exhibits 9 and 3162-3164.

7.      The terms of Motorola's patent licenses are not known to the public.

8.      Even within Motorola, access to confidential information regarding licensing terms and conditions is restricted.  The employees in Motorola's licensing department understand the extremely sensitive nature of such information, and understand their duty to not disclose the terms of these agreements.  These agreements are rarely, if ever, shared outside the legal and licensing departments.

9.      Public disclosure of the terms of Motorola's licenses, settlements, and acquisitions would cause significant harm to Motorola by negatively affecting Motorola's future licenses, settlements, and acquisitions. Competitors and potential counterparties to licensing, settlement and

DECLARATION OF BRIAN BLASIUS IN SUPPORT OF
DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  acquisition agreements would gain an unfair insight into Motorola's business strategies, licensing

2  strategies, prior royalty grants, negotiation tactics, and cost/benefit analyses.  Using their

3  knowledge of the precise substantive and financial terms of previously nonpublic agreements, they

4  would be able to calibrate their negotiation strategies with Motorola, thus creating a negotiating

5  imbalance and unfair advantage.

6        10.    Similarly, public disclosure of the confidential negotiations between Motorola and

7  prospective licensees would similarly cause significant harm to Motorola by negatively affecting

8  Motorola's future licenses, settlements, and acquisitions.  Competitors and potential counterparties

9  to licensing, settlement and acquisition agreements would gain an unfair insight into Motorola's

10  business strategies, licensing strategies, negotiation tactics, and cost/benefit analyses.  Using their

11  knowledge of Motorola's negotiating points, they would be able to calibrate their negotiation

12  strategies with Motorola, thus creating a negotiating imbalance and unfair advantage.

13        11.    For the same reasons, public disclosure of Exhibit 9, a letter from Motorola to

14  Option NV, and Exhibits 3162-3164, the presentations used during negotiations with HTC, Apple,

15  and Samsung, would similarly cause significant harm to those third parties.

16        12.    Motorola regards the terms of agreements with other licensing parties as highly

17  sensitive, confidential information.  One reason for this, among other reasons, is that those terms

18  reflect Motorola's valuation of other parties' intellectual property or Motorola's valuation of

19  particular license terms.  If Motorola did not maintain that confidentiality, negotiating parties

20  would attempt to utilize this information to increase their leverage in future negotiations or stall or

21  sidetrack such negotiations.  The portfolios held by previously licensed parties and the terms that

22  those previously-licensed parties received, are negotiated under different market conditions.

23  Indeed, to my knowledge, Motorola is engaged in ongoing licensing negotiations with several

24  competitor companies, and the public disclosure of information in Motorola's licensing

25  agreements would be harmful to Motorola's licensing program.  Indeed, should third parties have

26

DECLARATION OF BRIAN BLASIUS IN SUPPORT OF
DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    access to this information without Motorola having similar access, an asymmetry of information

2    would exist and negotiations would be unbalanced.

3          13.    Motorola's licensing agreements are also generally the subject of nondisclosure

4    agreements and are highly confidential to the third parties that signed those agreements with

5    Motorola.  Those third parties would likely consider public disclosure of information about these

6    license agreements to be extremely harmful to them.

7          14.     The need for confidentiality extends to the summary of Motorola's licenses,

8    Exhibit 3334.  Public disclosure of this summary information would have the same detrimental

9    effect on Motorola as would have the distribution of the underlying data.

10   **Third Party Licenses with Patent Pools**

11         15.    While I am not personally familiar with the terms of the licenses on the proposed

12   exhibit list between third parties and patent pools, I understand that those licenses have been

13   produced in this case subject to high confidentiality, and that, like the terms of Motorola's

14   licenses, the terms of those licenses are highly confidential.

15         16.    For the same reasons that public disclosure of the terms of Motorola's licenses,

16   settlements, and acquisitions would cause significant harm to Motorola by negatively affecting

17   Motorola's future licenses, settlements, and acquisitions, public disclosure of the terms of these

18   third party licenses with patent pools may cause significant harm to the third parties.

19   **Past and Projected Sales and Revenue Data**

20         17.    I understand that there is also a high likelihood that at this trial the parties will seek

21   to introduce evidence regarding both highly confidential past sales and revenue data and highly

22   confidential future sales and revenue projections for Motorola and Microsoft products.

23         18.    Disclosure of this evidence, and in particular disclosure of the parties' sales and

24   revenue projections, would have the potential to lead to competitive harm by creating an

25   asymmetry of information between the parties and competitors, whose sales and revenue results

26   and projections are not public.

DECLARATION OF BRIAN BLASIUS IN SUPPORT OF
DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

19.     More importantly, party competitors would be able to use this information to discern and anticipate Motorola's and Microsoft's past and future confidential business and marketing strategies, and to evaluate the success of those confidential strategies.  For example, competitors might target Motorola and Microsoft through advertising, or might adjust their own marketing strategies in order to undercut the parties' anticipated revenues and sales.

20.     Disclosure of per product revenues, pricing, and costs will also permit business partners to gain leverage against Motorola and Microsoft in business and supply agreement negotiations.

**Negotiations Between Microsoft and Motorola**

21.     I also understand that the parties anticipate that at trial there may be discussion of or submission of documents relating to highly confidential settlement negotiations between Microsoft and Motorola, along with a November 12, 2010 Non Disclosure Agreement between the parties.

22.     Public disclosure of such negotiations would negatively affect Motorola and Microsoft in future settlement negotiations by permitting competitors and potential counterparties to such negotiations to enter those negotiations with unfair insight into Motorola's and Microsoft's business and licensing strategies, proposed licensing terms, and cost/benefit analyses.

I declare under penalty of perjury of the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 26th day of October, 2012.

              */s/ Brian C. Blasius*
              Brian C. Blasius

DECLARATION OF BRIAN BLASIUS IN SUPPORT OF
DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on this day I electronically filed the foregoing with the Clerk of the
Court using the CM/ECF system which will send notification of such filing to the following:

3

4            Arthur W. Harrigan, Jr., Esq.
             Christopher T. Wion, Esq.
5            Shane P. Cramer, Esq.
             Calfo Harrigan Leyh & Eakes LLP
6            *arthurh@calfoharrigan.com*
             *chrisw@calfoharrigan.com*
7            *shanec@calfoharrigan.com*

8            Richard A. Cederoth, Esq.
             Brian R. Nester, Esq.
9            David T. Pritikin, Esq.
             Douglas I. Lewis, Esq.
10           John W. McBride, Esq.
             David Greenfield, Esq.
11           William H. Baumgartner, Jr., Esq.
             David C. Giardina, Esq.
12           Carter G. Phillips, Esq.
             Constantine L. Trela, Jr., Esq.
13           Ellen S. Robbins, Esq.
             Nathaniel C. Love, Esq.
14           Sidley Austin LLP
             *rcederoth@sidley.com*
15           *bnester@sidley.com*
             *dpritikin@sidley.com*
16           *dilewis@sidley.com*
             *jwmcbride@sidley.com*
17           *david.greenfield@sidley.com*
             *wbaumgartner@sidley.com*
18           *dgiardina@sidley.com*
             *cphillips@sidley.com*
19           *ctrela@sidley.com*
             *erobbins@sidley.com*
20           *nlove@sidley.com*

21

             T. Andrew Culbert, Esq.
22           David E. Killough, Esq.
             Microsoft Corp.
23           *andycu@microsoft.com*
             *davkill@microsoft.com*
24

25        DATED this 29th day of October, 2012.

26                                              /s/ *Marcia A. Ripley*
                                                Marcia A. Ripley

DECLARATION OF BRIAN BLASIUS IN SUPPORT OF
DEFENDANTS' MOTION TO SEAL DOCUMENTS AND
TRIAL TESTIMONY - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001