The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                                   Plaintiff,<br><br>     v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>                                   Defendant. | NO. C10-1823-JLR<br><br>NONPARTY INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION FOR A LIMITED SEALING ORDER<br><br>NOTE ON MOTION CALENDAR: NOVEMBER 9, 2012 |

International Business Machines Corporation ("IBM") submits this motion supporting Motorola's motion to seal and independently requesting an order sealing reference either in documentary or testimony form to payment terms and the duration of the license grant relative to IBM's license agreement with Motorola and its affiliates. There are compelling reasons for a narrowly tailored sealing of this information. IBM supports this motion with the Declaration of Kenneth King, filed herewith.

Motorola recently informed IBM that it intends to use a trial exhibit and/or demonstrative which includes a summary of a 2011 license agreement between Motorola Mobility Holdings, Inc. and IBM. Further, IBM was told that this license agreement may be used as a trial exhibit. There also may be offered testimony regarding this licensing relationship.

NONPARTY INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION FOR A LIMITED SEALING ORDER (**NO. C10-1823-JLR**) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

IBM considers the payment terms associated with the 2011 license agreement and the term, or duration, of that agreement to be confidential and trade secret information. IBM has done nothing to put that information at issue in this case where it is not a party. Therefore, IBM requests an order redacting and sealing the portion of any exhibits or demonstratives which states or references the payment terms and duration of the IBM license agreement. Because IBM is a non-party and does not have access to the exhibits or demonstratives, IBM seeks this order to require the parties to make these redactions to their summary exhibits and demonstratives. If the license agreement itself is offered, it should be redacted and sealed in part. If the parties do not offer this exhibit IBM does not want to make the license part of the public record. Therefore, if and when the parties determine they will actually use the license as an exhibit, a proposed redacted copy of the license will be submitted.

IBM also requests that to effectuate the sealing described above the courtroom be closed when argument on this topic, testimony, or these exhibits is discussed.

There are compelling reasons for sealing this commercially sensitive information. Public disclosure of the payment terms and duration of IBM's license agreements would negatively impact IBM in future license and settlement negotiations by giving potential licensees the ability to derive IBM's methodology for valuing its portfolio and those portfolios held by others. King Decl. ¶¶ 4-5. The amount of the payment is a significant data point toward reverse engineering IBM's pricing methodology. *Id.* This is true regardless of amount.

IBM has had for decades, and continues to have, an active and substantial program of licensing and selling patents and other types of Intellectual Property. This includes entering into patent cross license agreements with third parties, under which each party grants to the other licenses under its patent portfolio as it relates to the other party's business activities. Such cross licenses can include balancing payments from one party to the other to account for differences in the size and relevance of the respective patent portfolios. *Id.* at ¶ 3.

NONPARTY INTERNATIONAL BUSINESS MACHINES
CORPORATION'S MOTION FOR A LIMITED SEALING ORDER
(**NO. C10-1823-JLR**) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

In the industry, the balancing payment in a cross license agreement may be based on a number of factors, which may include: the breadth of the license granted; the size, strength and age of the respective patent portfolios; the relevant product and service revenue of the parties; and the extent to which the parties may already have patent coverage. IBM's particular pricing methodology for computing the balancing payments, reflecting the exact factors IBM relies upon and how it weights those factors, is trade secret information. Competitors and potential counterparties to licensing and settlement agreements would gain an unfair insight into IBM's analyses, particularly as IBM would know nothing about their competitors' methodology for the negotiations. *Id.* at ¶¶ 4-5. By using their knowledge of the precise substantive terms of this previously nonpublic agreement, this unfair advantage would allow competitors to calibrate their negotiation strategies to the detriment of IBM. *Id.*

Accordingly, license agreements have been consistently held by courts to meet the "compelling reasons" standard of the Ninth Circuit. *See, e.g., Elec. Arts, Inc. v. United States Dist. Court for the N. Dist. of Cal.*, 298 Fed. App'x. 568, 569 (9th Cir. 2008) (pricing terms, royalty rates, guaranteed minimum payment terms of licensing agreement constituted trade secret); *Powertech Tec., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (compelling reasons to seal license agreement). *See In re Adobe Sys., Inc. Secs. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (under-seal filings preserve third parties' "legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated"). These trade secret terms meet the standard set out by *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id*.

For the reasons stated above, the public disclosure of the commercially sensitive payment terms and duration would harm IBM's active and substantial patent licensing business. King Decl. ¶¶ 4-6. For these reasons, IBM seeks to ensure that any exhibit or demonstrative and any

NONPARTY INTERNATIONAL BUSINESS MACHINES
CORPORATION'S MOTION FOR A LIMITED SEALING ORDER
(**NO. C10-1823-JLR**) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

testimony regarding the terms of its license(s) with Motorola entities be kept confidential; that the courtroom be cleared during such publication, testimony or argument and that any such exhibit be sealed in the record.

DATED this 29th day of October, 2012.

                                            BYRNES KELLER CROMWELL LLP

                                            By /s/ John A. Tondini
                                                John A. Tondini, WSBA #19092
                                                Byrnes Keller Cromwell LLP
                                                1000 Second Avenue, 38th Floor
                                                Seattle, WA  98104
                                                Telephone:  206.622.2000
                                                Facsimile:  206.622.2522
                                                bkeller@byrneskeller.com
                                                jtondini@byrneskeller.com
                                            Attorneys for Nonparty International Business Machines

NONPARTY INTERNATIONAL BUSINESS MACHINES
CORPORATION'S MOTION FOR A LIMITED SEALING ORDER
(**NO. C10-1823-JLR**) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

**CERTIFICATE OF SERVICE**

     The undersigned attorney certifies that on the 29th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

                  /s/ John A. Tondini
                  Byrnes Keller Cromwell LLP
                  1000 Second Avenue, 38th Floor
                  Seattle, WA  98104
                  Telephone:  (206) 622-2000
                  Facsimile:  (206) 622-2522
                  jtondini@byrneskeller.com

NONPARTY INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION FOR A LIMITED SEALING ORDER (**NO. C10-1823-JLR**) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000