THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC., et al.,<br><br>Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT'S MOTION TO SEAL TRIAL EXHIBITS THAT DISCLOSE MICROSOFT'S TRADE SECRETS<br><br>Noted: Friday, November 9, 2012 |
| MOTOROLA MOBILITY LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendants. | ORAL ARGUMENT REQUESTED |

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND................................................................................1

III. LEGAL AUTHORITY & ARGUMENT ..............................................................3

    A. Legal Standard ..........................................................................................3

    B. Compelling Reasons Exist To Seal Trial Exhibits That Disclose Microsoft's Trade Secrets ............................................................4

        1. Microsoft's Confidential Patent License Agreements Should Be Publicly Disclosed only in Redacted Form, If at All..................................................................................................4

        2. Microsoft's Strategic Product Planning Documents Should Be Sealed ............................................................................6

        3. Microsoft Source Code Documents Should be Sealed ....................8

        4. Technical Xbox-related Product Specifications Should Be Sealed ..........................................................................................8

        5. Microsoft's Confidential Product-Specific Financial Information, Including Past and Projected Sales and Revenue Data, Should be Sealed ..................................................10

        6. Motorola's Summary Document Disclosing the Parties' Settlement Negotiations Should be Sealed ...................................11

IV. CONCLUSION....................................................................................................12

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - i

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

TABLE OF AUTHORITIES

**Page**

*Abaxis, Inc. v. Cepheid*,
    2011 WL 6002522 (N.D. Cal. Nov. 30, 2011) ........................................................4

*Agency Solutions.Com, LLC v. TriZetto Group, Inc.*,
    819 F. Supp. 2d 1001 (E.D. Cal. 2011) ...........................................................8, 10

*Apple, Inc. v. Samsung Elecs. Co.*,
    2012 WL 3283478 (N.D. Cal. Aug. 9, 2012) ................................................4, 5, 8

*Bauer Bros. LLC v. Nike, Inc.*,
    2012 WL 1899838 (S.D. Cal. May 24, 2012) ..................................................8, 11

*Bean v. John Wiley & Sons, Inc.*,
    2012 WL 1078662 (D. Ariz. Mar. 30, 2012).........................................................10

*Clark v. Bunker*,
    453 F.2d 1006 (9th Cir. 1972) ..............................................................3, 4, 9, 11, 12

*DISH Network, L.L.C. v. Sonicview USA, Inc.*,
    2009 WL 2579052 (S.D. Cal. Aug. 20, 2009) .........................................................7

*In re Electronic Arts*,
    298 Fed. App'x 568 (9th Cir. 2008) ........................................................................4

*F.D.I.C. v. Tarkanian*,
    2012 WL 1327856 (S.D. Cal. Apr. 17, 2012).........................................................11

*Kamakana v. City and Cnty. Of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ..................................................................................3

*Krieger v. Atheros Communications, Inc.*,
    2011 WL 2550831 (N.D. Cal. June 25, 2011) .........................................................8

*Network Appliance, Inc. v. Sun Microsystems Inc.*,
    2010 WL 841274 (N.D. Cal. Mar. 10, 2010)................................................3, 5, 8

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978)..................................................................................................3

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - ii

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

*Powertech Tech., Inc. v. Tessera, Inc.*,
  2012 WL 3283420 (N.D. Cal. Aug. 10, 2012) ........................................................4

*TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*,
  2011 WL 6182346 (D. Ariz. Dec. 13, 2011) ................................................4, 8, 11

*Ultimate Timing, L.L.C. v. Simms,*
  2010 WL 786021 (W.D. Wash. Mar. 4, 2010) .......................................................3

*Wacom Co,. Ltd. v. Hanvon Corp.,*
  2007 WL 3026889 (W.D. Wash. Oct. 16, 2007) ....................................................8

**Other Authorities**

*Restatement of Torts* § 757, cmt. b .......................................................10, 11, 12

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - iii

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## I. INTRODUCTION

Pursuant to Western District of Washington Local Civil Rule 5(g)(2), Microsoft respectfully moves for leave to file under seal certain exhibits that disclose confidential trade secret information and that may be introduced into evidence at trial.  Microsoft does *not* anticipate that the introduction of sealed documents at trial will require closure of the courtroom, as the sealed documents need not be publicly displayed to be viewed by the Court, parties or witnesses.  Microsoft is requesting only that 63 documents be sealed, 58 of them in their entirety and 5 of them only in part.  As further detailed below, each document fits within at least one of the following categories of confidential and proprietary documents:

1. Microsoft Confidential Patent License Agreements;
2. Microsoft Strategic Product Planning Documents;
3. Microsoft Source Code;
4. Proprietary Technical Product Specifications;
5. Confidential Product-Specific Financial Information; and
6. Confidential Settlement Negotiations.

Attached as Appendix A[1] is a spreadsheet that (a) identifies each of the 63 documents at issue by trial exhibit number, (b) provides a short description of the document, and (c) categorizes each document within one of the above-listed categories.  As further explained below, there are compelling reasons to seal each of the exhibits listed on Appendix A.

## II. FACTUAL BACKGROUND

Throughout this litigation, the parties have produced many confidential and highly sensitive documents regarding their business and licensing practices, business strategies, financial information, and technical developments, as well as documents that contain the

---

[1] Each of the potential trial exhibits listed on Appendix A are also listed among the 3,000 trial exhibits on the Joint Trial Exhibit List. (Dkt. No. 493, Ex. 1). As the parties will be providing the Court with hard copies of all potential trial exhibits on the Joint Trial Exhibit List prior to the noting date of this motion, Microsoft does not plan to separately submit an additional hard copy of the specific exhibits listed on Appendix A. However, for the Court's convenience, Microsoft will be providing chambers with a DVD containing electronic copies of each document listed on Appendix A, as well as proposed redactions for certain of those documents, as further explained below. Microsoft is providing Motorola with a courtesy copy of the DVD as well.

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 1

highly confidential information of third parties. To protect such material, the parties entered into a stipulated Protective Order, approved by the Court on July 21, 2011. (Dkt. No. 72.)[2]

The Protective Order outlines categories of material that should be treated as confidential, along with procedures for sealing such confidential material when filed with the Court or introduced at trial. Since entry of the Protective Order, Microsoft, Motorola and subpoenaed third parties have produced hundreds of thousands of pages designated as "Confidential" or "Attorneys' Eyes Only" material under the Protective Order, in reliance on the protections offered by that Order and with the expectation that properly designated materials would be protected from public disclosure. In cases where Microsoft has confidential licensing or other commercially sensitive financial information of a third party in its files, before producing such information it has notified the third party prior to producing such information under the terms of the Protective Order.

As the Court is aware, over the course of this litigation, the parties have filed numerous motions to seal in connection with various dispositive motions, which required a showing that "compelling reasons" exist for sealing the supporting documents. (*See*, *e.g.*, Dkt. Nos. 227, 234, 271, 282, 287, 361, and 372). The Court granted several such motions. (*See, e.g.*, Dkt. Nos. 294, 336, 337, 338, 384, and 385). In addition to granting motions as to highly confidential business information and the parties' historic licensing practices, the Court found "compelling reasons" to seal Microsoft's proprietary source code, "descriptions of Microsoft's licensing negotiations and agreements with third parties", and copies of the parties' license agreements with third parties. (*See* Dkt. No. 292 at 2-4; Dkt. No. 384). Applying the same legal standard, Microsoft believes that the 63 documents listed on Appendix A similarly should be sealed, to the extent any such documents are admitted into evidence at trial.

---

[2] On October 3, 2012, the Court amended the Protective Order to permit the parties' in-house counsel to have expanded access to confidential materials. (*See* Dkt. No. 447.)

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 2

### III. LEGAL AUTHORITY & ARGUMENT

A.      Legal Standard.

A party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Under LCR 5(g)(2), the presumption of public access to evidence supporting dispositive motions "may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." However, "the public interest in understanding the judicial system would appear to be less where … the documents in question are irrelevant to the Court's decision." *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (citing *Kamakana*, 447 F.3d at 1179) (documents supporting dispositive motion "[not] bearing on the resolution of the dispute on the merits … are therefore more akin to the 'unrelated,' non-dispositive motion documents the Ninth Circuit contemplated in *Kamakana*").

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)).  The Ninth Circuit has adopted the Restatement's definition of "trade secret."  *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Id.,*  2010 WL 786021, at *2 (quotations omitted).

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

B.  **Compelling Reasons Exist To Seal Trial Exhibits that Disclose Microsoft's Trade Secrets.**

1.  <u>Microsoft's Confidential Patent License Agreements Should Be Publicly Disclosed only in Redacted Form, if at All.</u>

Motorola has identified as potential trial exhibits five licenses between Microsoft and third parties. Four of these licenses are between Microsoft and third party licensees covering Microsoft's patents applicable to various aspects of the Android operating system. (Exs. 2813; 2828; 3076; 3077). The fifth is a confidential settlement and license agreement between third party Commonwealth Scientific and Industrial Research Organisation (CSIRO) and Microsoft covering CSIRO's declared 802.11 standard essential patents. (Ex. 3352). These licenses include sensitive, non-public trade secret information such as royalty rates and payment terms that courts in the Ninth Circuit regularly order sealed under the "compelling reasons" standard. *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (finding that "pricing terms, royalty rates, and guaranteed minimum payment terms" in license agreements "plainly fall[] within the definition of 'trade secrets'"); *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, 2012 WL 3283478, at *4 (N.D. Cal. Aug. 9, 2012) (same).[3]

Within Microsoft, confidential information regarding licensing terms and conditions is restricted. Declaration of Tanya Moore in Support of Microsoft's Motion to Seal Trial Exhibits (hereinafter "Moore Decl.") ¶¶ 5-6. The employees in Microsoft's licensing department understand the extremely sensitive nature of such information, and understand their duty to not disclose the terms of these agreements. *Id*. at ¶ 8. Prior to entering into each of the licenses at issue here, as part of its standard practice, Microsoft required its licensing partners

---

[3] *See also Clark*, 453 F.2d at 1009 ("[A] detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.*, 2011 WL 6182346, at *3-7 (D. Ariz. Dec. 13, 2011) (sealing documents containing sensitive financial information and licensing information); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 3283420, at *9 (N.D. Cal. Aug. 10, 2012) (sealing details of license agreement); *Abaxis, Inc. v. Cepheid*, 2011 WL 6002522, at *1 n.1 (N.D. Cal. Nov. 30, 2011) (granting motion to seal exhibit to dispositive motion containing term sheet of licensing negotiations).

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

to agree to maintain the confidentiality of the licensing terms. *Id*. at ¶ 9. This commitment also is expressly included as part of each executed license agreement.

The licenses at issue here were produced as "Confidential Business Information" under the terms of the Protective Order entered in this case. *Id*. at ¶ 7. This is consistent with Microsoft's efforts to ensure that such confidential information is not disseminated more widely than necessary or required by law. *Id*.

Public disclosure of such confidential licenses, settlements, and acquisitions would have a profound impact on Microsoft and the third parties in future licensing negotiations and settlements with others by creating an asymmetry of information. *Id*. at ¶¶ 3, 4. This asymmetry of information would result in additional leverage and bargaining power that could be used against Microsoft by its competitors and/or potential licensing partners. *Id.* at ¶ 10. In particular, by learning the financial details of these license agreements, competitors and potential counterparties to licensing and settlement agreements with Microsoft would gain an unfair insight into Microsoft's business strategies, licensing strategies, prior royalty grants, negotiation tactics, and cost/benefit analyses. *See id.*

Here, Microsoft is not requesting that the Court seal the Microsoft licenses in their entirety. Microsoft seeks only to have the Court seal those portions of its third party patent license agreements that disclose the licensing parties' trade secret information.[4] This includes the financial terms of the licenses, such as pricing, royalty and payment terms.[5] Permitting redaction of this information will minimize the harm to Microsoft and third-parties while also giving due consideration to the public policies favoring disclosure. *See Apple*, 2012 WL

---

[4] Redacted versions of the five licenses are included on the DVDs being provided to the Court and Motorola.
[5] One Licensee, Quanta, has also requested that the definition of "Unlicensed Products" at page 4 of its license (Ex. 3077) be redacted to avoid disclosure of certain Quanta customers and their products, which Quanta believes should be maintained as confidential. Quanta is not a party to this suit and the identities of its clients and their products are irrelevant to the issues before the Court. Compelling reasons exist to redact this information from the Quanta license. *Network Appliance, Inc.*, 2010 WL 841274, at *2.

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 5

3283478, at *10.[6]  The Court should permit Microsoft to redact the portions of each license that contain confidential "trade secret" information.

### 2. Microsoft's Strategic Product Planning Documents Should Be Sealed.

Motorola has identified a number of potential trial exhibits that disclose Microsoft trade secrets relating to its confidential business practices, product development plans, and its marketing strategies with respect to both current and future products and services.[7]  These trial exhibits relate to Microsoft's (1) Xbox line of products and accessories (the "Confidential Xbox Strategic Planning Documents") and (2) Windows operating system software products and services (the "Confidential Windows Strategic Planning Documents").  Compelling reasons exist to maintain these exhibits under seal, in the event they are admitted at trial.

The Confidential Xbox Strategic Planning Documents[8] contain detailed and highly sensitive product development and marketing plans for current Xbox products and accessories as well as the yet-to-be-released next generation Xbox game console.  Declaration of Leo Del Castillo in Support of Microsoft's Motion to Seal Trial Exhibits (hereinafter "Del Castillo Decl."), ¶¶ 3-4.  Similarly, the Confidential Windows Strategic Planning Documents[9] contain detailed and highly sensitive product development and marketing plans for Microsoft Windows products and services, including but not limited to the Windows 7 operating system software, the recently released Windows 8 operating system software, and key Cloud services such as Windows Update.  Declaration of Erich Andersen in Support of Microsoft's Motion to Seal Trial Exhibits (hereinafter "Andersen Decl."), ¶ 3.

---

[6] Further, the four Microsoft licenses listed as Exs. 2813, 2828, 3076 and 3077 cover patents that are not relevant to determining the RAND royalty for Motorola's 802.11 and/or H.264 standard essential patents.  The public's interest in having access to this licensing information is especially slight.  *Id.*

[7] These potential trial exhibits are identified on Appendix A within the "Product Planning" category.

[8] Exs. 2125, 2138, 2353, 2366, 2385, 2584, 2585, 2687, 2688, 2689, 2727, 2730, 2908, and 3180.

[9] Exs. 2371, 2372, 2376, 2377, 2378, 2737, and 3179.

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 6

These materials disclose Microsoft's strategic objectives, feature descriptions and analysis relating to significant products and services, technical product specifications, development and marketing timelines, competitive market analyses, and cost information. Del Castillo Decl., ¶¶ 3-4; Andersen Decl., ¶¶ 3-4. These are proprietary materials that consist of trade secrets not known to the public or Microsoft's competitors. *Id.* Microsoft takes pains to ensure that such information remains confidential and protected against unauthorized disclosure, including producing such materials only under appropriate non-disclosure agreements and/or the terms of a Protective Order and even restricting internal access to such materials. *Id*.

Public disclosure of the trade secrets pervading Microsoft's strategic product planning and marketing documents would cause competitive harm to Microsoft. Del Castillo Decl., ¶ 5; Andersen Decl., ¶ 5. Microsoft seeks to differentiate its Xbox and Windows products and services from those of its competitors, providing its customers with a higher quality product, exclusive features and a superior user experience. *Id*. Microsoft invests heavily in its efforts to achieve these goals, and expends significant time, effort and resources developing its product and marketing plans to reach these objectives and maintain or increase market share. *Id.* Disclosure of these materials would reveal Microsoft's proprietary plans to its competitors, exposing Microsoft's strategic objectives and providing to its competitors at no cost the comprehensive roadmaps that Microsoft has developed at substantial cost over many years. *Id.* Microsoft's competitors should not be afforded such an unfair advantage.

"Compelling reasons" exist to seal the type of strategic Microsoft planning documents that Motorola intends to introduce at trial. *See, e.g., DISH Network, L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (sealing documents containing "descriptions of Defendants' products [that] could serve as a blueprint for others to design

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 7

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

similar products to circumvent DISH Network's security system enabling more individuals to steal DISH Network programming").[10]

### 3. Microsoft's Source Code Documents Should Be Sealed.

Microsoft also anticipates that exhibits may be introduced at trial containing its confidential source code.[11] "[S]ource code is undoubtably[sic] a trade secret . . . ." *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)). District courts in the Ninth Circuit routinely hold that nonpublic, proprietary source code is properly sealed under the "compelling reasons" standard. *See, e.g., Apple*, 2012 WL 3283478 at *14; *Network Appliance*, 2010 WL 841274, at *4-5; *Wacom Co., Ltd. v. Hanvon Corp.*, 2007 WL 3026889, *3 (W.D. Wash. Oct. 16, 2007). Here, any potential public interest in access to judicial records is outweighed by Microsoft's significant interest in protecting its proprietary source code from disclosure to its competitors. The public disclosure of the source code would cause significant competitive harm to Microsoft because its competitors would be able to use Microsoft's confidential and proprietary source code to Microsoft's competitive disadvantage. Moreover, Microsoft's source code has little relevance to the issues to be determined at the November trial in this case.

### 4. Technical Xbox-related Product Specifications Should Be Sealed.

At trial the parties may seek to introduce exhibits that include confidential technical information relating to the Xbox 360. This includes Microsoft's Technical Publisher's Guide

---

[10] *See also, TriQuint Semiconductor,* 2011 WL 6182346, at *3 (finding "compelling reasons" to seal where competitive standing would be harmed if competitors obtain information regarding business strategies, including "development spending, budgets, and development processes" because disclosure would significantly harm competitive standing by allowing "competitors to tailor their own capital expenditures, budgets, and business strategies to compete against TriQuint more effectively"); *Krieger v. Atheros Communications, Inc.*, 2011 WL 2550831, *1 (N.D. Cal. June 25, 2011) (sealing document containing "long-term financial projections, discussions of business strategy, and competitive analyses."); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, *3 (S.D. Cal. May 24, 2012) (sealing documents containing confidential sales and advertising data and including a detailed discussion of "sales, merchandise costs, costs of goods sold, royalty costs, promotional costs, and personnel costs.").

[11] Such potential trial exhibits are identified in Appendix A within the "Source Code" category.

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 8

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

(Ex. 288) and third-party Marvell Semiconductor's technical data sheets for certain of its 802.11-enabled chips (Exs. 84 and 524).

Microsoft's Technical Publisher's Guide contains detailed technical information necessary for third party publishers to develop applications for Xbox Live and Xbox 360. Del Castillo Decl., ¶ 6. The Xbox Technical Publisher's Guide details the set of guidelines and requirements Microsoft has developed, through investment of significant time, effort, and resources, as a means to guarantee a level of quality in the product that Microsoft deems a differentiating advantage. *Id.* This information is proprietary, and is shared only with third party publishers under a non-disclosure agreement. *Id.* Public disclosure of these materials would provide Microsoft's competitors with an unfair and unearned competitive advantage conferring the benefits of Microsoft's work without a commensurate level of investment. *Id.*

Marvell supplies Microsoft with the semiconductor chips that provide the 802.11 wireless networking capabilities in Microsoft's Xbox 360 game consoles. As explained in the accompanying declaration of Jennifer Ochs, Marvell's Director of IP Licensing, these data sheets disclose the design and operation of Marvell's chips. Declaration of Jennifer Ochs in Support of Microsoft's Motion to Seal Trial Exhibits (hereinafter "Ochs Decl."), ¶¶ 5-7. Marvell considers this to be confidential and proprietary trade secret information, which Marvell supplies to its customers only subject to a non-disclosure agreement. *Id.* Marvell would suffer a significant competitive disadvantage if its competitors were provided access to Marvell's confidential, proprietary design and operations information, which could facilitate development of competing chipsets. *Id.*

In light of the potential competitive harm resulting from disclosure of the proprietary information contained in Exhibits 84, 288, and 524 and the reasonable efforts to maintain the confidentiality of these documents, these exhibits – like proprietary source code – qualify as trade secrets. *See Clark*, 453 F.2d at 1009 (quoting *Restatement of Torts* § 757, cmt. b); *see*

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

*also In re Elec. Arts*, 298 Fed. App'x at 569-70; *cf. Agency Solutions.com*, 819 F. Supp. 2d at 1017.  The competitive harm resulting from disclosure of these materials outweighs any interest in public access to these records.  These exhibits should therefore be sealed.

> 5. <u>Microsoft's Confidential Product-Specific Financial Information, Including Past and Projected Sales and Revenue Data, Should be Sealed.</u>

The parties may seek to introduce evidence regarding Microsoft's highly confidential past sales and revenue data, as well as Microsoft's highly confidential future sales and revenue projections for its products and services.[12]  Disclosure of this evidence, and in particular disclosure of Microsoft's sales and revenue projections, would have the potential to lead to competitive harm by creating an asymmetry of information between Microsoft and competitors, whose sales and revenue results and projections are not public.  Moore Decl. at ¶ 12, Del Castillo Decl., ¶ 9, Andersen Decl., ¶ 7.  More importantly, Microsoft's competitors would be able to use this information to discern and anticipate Microsoft's past and future confidential business and marketing strategies, and to evaluate the success of those confidential strategies.  For example, competitors might target Microsoft through advertising, or might adjust their own marketing strategies in order to undercut the parties' anticipated revenues and sales.  This would provide Microsoft's competitors with an unfair and undeserved competitive advantage.  *Id.*

Past and future sales and revenue data of this type constitute protectable trade secrets. *Bean v. John Wiley & Sons, Inc.*, 2012 WL 1078662, at *5-6 (D. Ariz. Mar. 30, 2012) (sealing "precise revenue results" and "exact sales and production numbers," in charts summarizing defendant's sales and revenue figures broken out by product).  The competitive harm that would result from disclosure of this information outweighs the public's interest in access to

---

[12] Microsoft's confidential and proprietary financial information is contained in the trial exhibits listed on Appendix A within the "Financial Information" category as well as in many of the documents within the "Product Planning" category including, but not limited to, Ex. 3179.

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 10

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

this information.  Further, these sales and revenue figures for Microsoft's products are not related to the central issues to be decided at the November trial – the appropriate RAND royalty and RAND range for Motorola's 802.11 and H.264 standard essential patents.  Accordingly, any exhibits that reveal this proprietary and confidential information should be sealed.  *See*, *e.g.*, *Clark*, 453 F.2d at 1009 (quoting *Restatement of Torts* § 757, cmt. b); *In re Elec. Arts*, 298 F. App'x at 569-70.[13]

      6.    <u>Motorola's Summary Document Disclosing the Parties' Settlement Negotiations Should Be Sealed.</u>

Motorola has indicated that it intends to submit a summary exhibit of its settlement negotiations with Microsoft (Ex. 3335).  Motorola's summary exhibit references confidential negotiations that took place under the terms of the parties' November 12, 2010 Non-Disclosure Agreement, pursuant to which the parties agreed to keep their negotiations confidential.  (*See* Dkt. No 452.).  Both parties are requesting that such exhibit be sealed – if the exhibit is admitted into evidence at trial.   If Motorola is *not* barred from introducing such information either by Fed. R. Evid. 408 or the terms of the parties' Non-Disclosure Agreement, it should be maintained under seal.  Public disclosure of such negotiations would negatively affect Microsoft in future settlement negotiations by permitting competitors and potential counterparties to such negotiations to enter those negotiations with unfair insight into Microsoft's and Motorola's business and licensing strategies, proposed licensing terms, and cost/benefit analyses.  Moore Decl. at ¶ 13.  Because public disclosure of these documents would thus have the potential to lead to an unfair business advantage and competitive harm,

---

[13] *See also Bauer Bros.,* 2012 WL 1899838, at *3 (sealing documents containing confidential sales and advertising data and including a detailed discussion of "sales, merchandise costs, costs of goods sold, royalty costs, promotional costs, and personnel costs"); *F.D.I.C. v. Tarkanian*, 2012 WL 1327856, * 2 (S.D. Cal. Apr. 17, 2012) (sealing documents containing financial information); *TriQuint Semiconductor,* 2011 WL 6182346, at *6 (permitting redaction of information of "product-specific pricing, target prices, price proposals, and price forecasts" under "compelling reasons" standard because disclosure will harm bargaining position and give competitors the ability to undercut prices).

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 11

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

these documents qualify as trade secrets that should be sealed.  *See, e.g.*, *Clark*, 453 F.2d at 1009 (quoting *Restatement of Torts* § 757, cmt. b); *In re Elec. Arts*, 298 F. App'x at 569-70.

Moreover, the parties' settlement negotiations are irrelevant to the determination of a RAND royalty and range for Motorola's patents.  Microsoft's compelling interest in maintaining the confidentiality of settlement negotiations outweighs any slight interest the public may have in access to that information.

## IV.  CONCLUSION

For the foregoing reasons, Microsoft respectfully requests an order directing that each of the potential trial exhibits listed in Appendix A be sealed, if admitted into evidence at trial.

In addition, because it is not possible to reliably predict which exhibits the parties will choose to introduce at trial (and which of those exhibits ultimately will be admitted into evidence), Microsoft requests the opportunity to submit a supplemental – and potentially superseding – motion to seal by no later than five (5) business days after conclusion of trial.  The purpose of the proposed supplemental/superseding motion to seal would be to allow an opportunity for the parties to identify:

(a)   any additional admitted exhibits that should be sealed, along with the basis for such request; and

(b)   any exhibits listed on Appendix A that were not admitted at trial, and which therefore would not be made publicly available even in the absence of a successful motion to seal.

Microsoft believes that this process, if acceptable to the Court, would streamline and facilitate consideration of the various pending motions to seal.

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 12

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1 | DATED this 1st day of November, 2012.

2 |                    CALFO HARRIGAN LEYH & EAKES LLP

3 | By   s/ Arthur W. Harrigan, Jr.
4 |         Arthur W. Harrigan, Jr., WSBA #1751
  |         Christopher Wion, WSBA #33207
5 |         Shane P. Cramer, WSBA #35099

6 | By   s/ T. Andrew Culbert
  |         T. Andrew Culbert
7 |         David E. Killough
  |         MICROSOFT CORPORATION
8 |         1 Microsoft Way
  |         Redmond, WA 98052
9 |         Phone: 425-882-8080
10|         Fax: 425-869-1327

11|         David T. Pritikin
  |         Richard A. Cederoth
12|         Constantine L. Trela, Jr.
  |         William H. Baumgartner, Jr.
13|         Ellen S. Robbins
  |         Douglas I. Lewis
14|         David C. Giardina
  |         John W. McBride
15|         David Greenfield

16|         SIDLEY AUSTIN LLP
17|         One South Dearborn
  |         Chicago, IL 60603
18|         Phone: 312-853-7000
  |         Fax: 312-853-7036
19|
  |         Carter G. Phillips
20|         Brian R. Nester

21|         SIDLEY AUSTIN LLP
22|         1501 K Street NW
  |         Washington, DC 20005
23|         Telephone: 202-736-8000
  |         Fax: 202-736-8711
24|
  |         Counsel for Microsoft Corp.
25|

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 13

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 1st day of November, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Lynn M. Engel, WSBA #21934<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA  98104-2682<br>Telephone:  206-676-7000<br>Email: Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X___ ECF |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>Telephone:  (212) 596-9046<br>Email: steven.pepe@ropesgray.com<br>Email: jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X___ ECF |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284<br>Telephone:  (650) 617-4030<br>Email: norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X___ ECF |

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 14

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |

DATED this 1st day of November, 2012.

                s/ Linda Bledsoe
                LINDA BLEDSOE

MICROSOFT'S MOTION TO SEAL TRIAL
EXHIBITS THAT DISCLOSE MICROSOFT'S
TRADE SECRETS - 15

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717