THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | Case No.: C10-1823-JLR<br><br>NON-PARTY ERICSSON INC.'S JOINDER IN DEFENDANTS' MOTION TO SEAL AND MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND TO EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING SEALED INFORMATION<br><br>**NOTE ON MOTION CALENDAR:**<br>**November 9, 2012** |

## I. INTRODUCTION AND RELIEF REQUESTED

1. Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson") are not parties to the above-captioned lawsuit between Plaintiff Microsoft Corporation ("Microsoft") and Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility LLC, and General Instrument Corporation (collectively "Motorola"). However, Ericsson understands that Motorola and/or Microsoft intend to rely upon two highly confidential Ericsson license agreements in connection with dispositive motion(s) and/or trial in this matter. Those agreements are a May 12, 2005 Global Patent License Agreement between Ericsson and Motorola and an October 29,

ERICSSON'S JOINDER AND MOTION TO SEAL

52246-001 \ 687464.docx                                -1-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

2012 Release and Amendment between Ericsson and Motorola. For the reasons indicated below, there are "compelling reasons" for protecting Ericsson's highly proprietary license agreements that outweigh any public interest in disclosing them. Motorola has filed a Motion to Seal (Dkt. 495) that includes, among other things, a request to seal the same Ericsson license agreements that are the subject of this Motion. Accordingly, Ericsson understands that Motorola does not oppose this Motion. Microsoft, similarly, has filed a Motion to Seal various documents and information that appear to include Microsoft's trade secret licensing information. Dkt. 510.

Accordingly, pursuant to Western District of Washington Civil Local Rule CR 5(g)(2) and consistent with applicable precedent, Ericsson joins Defendants' Motion to Seal to the extent that it relates to Ericsson's highly confidential license agreements, and respectfully moves the Court for an order that would require filing under seal of the Ericsson's license agreements, and other exhibits that are derived from information contained in or related to the negotiation of the Ericsson license agreements, and would further require the exclusion from the courtroom during testimony regarding Ericsson's licensing agreements of persons not authorized by the Protective Order to hear such testimony, and would seal that testimony and the transcripts of that testimony.

For the reasons set forth herein, Ericsson respectfully requests that the Court grant its motion to seal and protect from public disclosure its highly confidential license agreements, as well as information derived from and relating to the negotiation of those documents.

## II.  BACKGROUND

**A.  In Reliance on the Protective Order Entered in the Underlying Case, Ericsson Consented to Motorola's Production to Microsoft of Highly Confidential Documents Containing and Reflecting Ericsson's Trade Secrets**

The Protective Order entered in this case specifically extends to information and documents produced by non-parties. Dkt. No. 72 ¶ 15. After entry of the Protective Order, Motorola requested Ericsson's permission to produce to Microsoft two highly proprietary license agreements between Ericsson and Motorola. Ericsson consented to this production, on condition that the Ericsson license agreements be subject to the highest level of protection under the Protective Order, namely, "Confidential Business Information - Attorneys' Eyes Only."

ERICSSON'S JOINDER AND MOTION TO SEAL
52246-001 \ 687464.docx                          -2-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Ericsson's consent to production was in reliance on the protections offered in the Protective Order and with the expectation that its highly confidential license agreements would be protected from public disclosure.  The highly confidential, sensitive nature of this licensing information is addressed in detail in the supporting Declaration of Anna Johns ("Johns Decl.") and in Section III. herein.  As addressed herein, there are compelling reasons to protect Ericsson's trade secret information from public disclosure.

**B.     The Court Previously Has Been Presented With and Has Granted Motions to Seal Documents Under the "Compelling Reasons" Standard in This Case**

Local Rule CR 5(g)(3) states that, "[i]f a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal."  During a hearing in the underlying case on October 18, 2012, the Court reminded the parties of the Ninth Circuit's "compelling reasons" standard in considering whether to seal exhibits and testimony at trial.

During the course of this litigation, the parties have filed motions to seal documents, submitted with respect to dispositive motions, which the Court has ultimately granted in reliance on the "compelling reasons" standard.  *See, e.g.*, Dkt. Nos. 292, 294.  For instance, in granting Motorola's motion to seal its motion for partial summary judgment and related documents, the Court inspected the materials and concluded that there was a "compelling reason" to seal them in their entirety.  Dkt. No. 294, at 3.  The Court found that the materials contained information about Motorola's licenses, licensing history, internal business practices, and/or legal practices, such that each document was sufficiently confidential to meet the "compelling reasons" standard. *Id.*  In addition, the Court granted Microsoft's motion to seal documents that referenced its propriety computer source code, finding that because the information was "sufficiently confidential in nature," Microsoft "ha[d] shown a compelling reason to seal the documents." Dkt. No. 292, at 2. Significantly, the Court also granted Microsoft's motion to seal "a copy of a licensing agreement between Motorola and a third party" that was "marked as containing

ERICSSON'S JOINDER AND MOTION TO SEAL
52246-001 \ 687464.docx                    -3-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

confidential business information." *Id.* at 3.  The Court found that because this information was "commercially sensitive," it met the compelling reasons standard. *Id.* at 3-4.

### III. ERICSSON'S HIGHLY CONFIDENTIAL DOCUMENTS AND INFORMATION SHOULD BE SEALED

**A. The Court Should Grant Ericsson's Motion to Seal the Ericsson License Agreements, as Well as Other Exhibits that Include Information About Ericsson's Licensing Agreements, Licensing Terms and Negotiations**

Ericsson anticipates that Motorola and/or Microsoft will seek to introduce into evidence one or both of the two referenced Ericsson license agreements, and potentially other exhibits that include information about or derived from the license agreements.  Johns Decl. ¶¶ 2-4.  Ericsson also anticipates that the parties may seek to introduce into evidence information about the confidential negotiations related to the Ericsson license agreements.  *Id.* ¶ 4.

Ericsson does business in a technology driven and highly competitive industry. Technology development and the licensing of technology and products are one of the ways that companies in this industry compete.  License negotiations are constant, almost continual, and are conducted in private with the parties agreeing to maintain the confidentiality of the negotiations and the license terms that result from those negotiations.  It is important that the agreements reached in each license with respect to the technology, patents, and products covered, the geographic scope, pricing, royalty rates, royalties, revenues, and the length of the license be kept private and confidential.  *Id.* ¶¶ 3, 5-9.  Ericsson's licensing counterparts expect this of Ericsson and Ericsson expects the same of them.  *Id.* ¶¶ 5-6.  In fact, the confidential obligations in these licenses continue even after the licenses themselves expire.  Disclosure of such sensitive business terms from prior or expired licenses would provide competitors and potential licensees with knowledge of Ericsson's negotiation and licensing history and give them an unfair competitive advantage.  Competitors and potential licensees could, for example, use this information to shape and bolster their negotiating strategy and gain a sense of the course that negotiations may take. Sensitive terms, including what the license covers, its geographic scope, pricing, royalties, royalty rates, revenues, and duration, remain trade secrets even after the license expires.  If the

ERICSSON'S JOINDER AND MOTION TO SEAL

52246-001 \ 687464.docx                    -4-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

sensitive terms of Ericsson's licenses and royalty rates, including the information which Ericsson seeks to have sealed in this case, become public knowledge, Ericsson will be placed at a competitive disadvantage in ongoing and future license negotiations. This information goes to the heart of Ericsson's business and licensing strategy and planning. *See id*. ¶¶ 3-9.

The confidential terms of Ericsson's licensing agreements, and the negotiation of same, constitute trade secrets, as such information is not public, has been protected by reasonable confidentiality measures, is highly strategic, and, if released to the public, could be used by competitors and potential licensors of Ericsson to gain a strategic advantage in the market or in the context of current or future license negotiations with Ericsson. Similarly sensitive licensing documents and information have been recognized as trade secrets and sealed by other courts. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. Oct. 28, 2008); *Clark v. Bunker*, 453 F.2d 1006, 1008-09 (9th Cir. 1972)) ("[A] detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret); *Ultimate Timing, L.L.C. v. Simms*, 2010 WL 786021 (W.D. Wash. Mar. 4, 2010) (noting that the Ninth Circuit has adopted the definition of a "trade secret" from the Restatement of Torts, which provides that "[a] trade secret is a process or device for continuous use in the operation of the business," and that, "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (quoting *Restatement (First) of Torts,* § 757, Comment, cmt. B (1939)); *see also Wacom Co. v. Hanvon Corp.*, 2007 WL 3026889, at *2 (W.D. Wash. Oct. 16, 2007) (granting motion to seal business agreement between party and third party where competitors may gain an unfair advantage)). These highly sensitive, trade secret license terms and information meet the "compelling reasons" standard for sealing court records required by *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id*. Indeed, the Court previously has concluded that there was "compelling reason" to seal "descriptions of Motorola's

ERICSSON'S JOINDER AND MOTION TO SEAL

52246-001 \ 687464.docx                                -5-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  licensing negotiations and agreements with third parties" and a copy of a licensing agreement
2  between Motorola and a third party that was marked as containing confidential business
3  information. *E.g.,* Dkt. No. 292 at 3-4.

4  Accordingly, these highly sensitive Ericsson license agreements should be sealed in their
5  entirety, and any other exhibits disclosing or discussing the terms of the agreements, as well as
6  exhibits including the license terms or information relating to the negotiation of the agreements,
7  should be sealed to the extent that they include or disclose such Ericsson highly confidential
8  information.

### B. The Court Should Grant Ericsson's Motion to Exclude Unauthorized Persons From the Courtroom During Testimony Addressing Ericsson's Trade Secrets

11  In addition to documentary evidence, Ericsson anticipates that the parties may seek to
12  elicit testimony from both fact and expert witnesses regarding Ericsson's trade secret licensing
13  information. Johns Decl. ¶ 4.  Testimony about such highly confidential information should be
14  treated in like fashion as the documents described above, as such testimony would include
15  "information that plainly falls within the definition of 'trade secrets.'"  Johns Decl. ¶¶ 2-9; s*ee In*
16  *re Elec. Arts*, 298 F. App'x at 569-70.  Accordingly, Ericsson respectfully requests that persons
17  not authorized under the Protective Order to have access to materials and information marked
18  "Confidential Financial Information - Outside Attorneys' Eyes Only" should be excluded from
19  the courtroom throughout the portion of trial testimony or publication of exhibits reflecting or
20  related to the terms or negotiation of Ericsson's licensing agreements and negotiations with

21  *//*
22  *//*
23  *//*
24  *//*
25  *//*
26  *//*

ERICSSON'S JOINDER AND MOTION TO SEAL
52246-001 \ 687464.docx                     -6-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  Motorola. Similarly, any publicly available copies of the trial transcripts should be redacted to
2  prevent the disclosure of this proprietary, trade secret information.
3
4  DATED this 2nd day of November, 2012.
5                                       STOKES LAWRENCE, P.S.
6
7                                       By: /s/ Shannon M. Jost
8                                            Shannon M. Jost (WSBA # 32511)
                                          Joan E. Hemphill (WSBA # 40931)
9                                    Attorneys for Non-Parties Ericsson Inc. and
                                  Telefonaktiebolaget LM Ericsson
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ERICSSON'S JOINDER AND MOTION TO SEAL

52246-001 \ 687464.docx     -7-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2012, I caused the foregoing *Ericsson's Joinder and Motion to Seal* to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ralph Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081
Lynn M. Engel, WSBA #21934
Summit Law Group
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
Telephone: (206) 676-7000
Email: summit1823@summitlaw.com

Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9046
Email: steven.pepe@ropesgray.com
Email: jesse.jenner@ropesgray.com

Norman H. Beamer (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4030
Email: norman.beamer@ropesgray.com

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4693
Email: paul.schoenhard@ropesgray.com

/s/ Shannon M. Jost
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
(206) 626-6000
Fax: (206) 464-1496
Shannon.Jost@stokeslaw.com
Attorneys for Non-Parties Ericsson Inc. and
Telefonaktiebolaget LM Ericsson

ERICSSON'S JOINDER AND MOTION TO SEAL
52246-001 \ 687464.docx
-8-
**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000