The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION.,

Defendants.

Case No.: C10-1823-JLR

DECLARATION OF ANNA JOHNS IN SUPPORT OF NON-PARTY ERICSSON INC.'S MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND TO EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING SEALED INFORMATION

I, Anna Johns, am over the age of 18, have personal knowledge of all the facts stated herein, and declare as follows:

1. I have personal knowledge of the facts stated herein. I am Director, Patent Licensing for Ericsson Inc., and am responsible for the patent licensing activities of Telefonaktiebolaget LM Ericsson ("Ericsson") in North America. I have personal knowledge of the facts stated herein.

2. I understand that Motorola and/or Microsoft intend to rely on certain highly confidential Ericsson documents and information in connection with dispositive motions and/or

DECLARATION OF ANNA JOHNS IN SUPPORT OF NON-PARTY ERICSSON INC.'S MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND TO EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING SEALED INFORMATION
52246-001\687394.docx
-1-
STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

trial in this matter. Specifically, the May 12, 2005 Global Patent License Agreement between Ericsson and Motorola, Inc. and the October 29, 2012 Release and Amendment between Ericsson and Motorola. Accordingly, Ericsson is filing a motion to seal these highly proprietary license agreements, as well as information drawn from and testimony relating to these agreements and relating to the negotiation of the agreements.

3. These licensing agreements contain highly confidential information, which Ericsson treats as trade secrets. For example, the license agreements include highly sensitive, non-public business and financial information regarding licensed products, license terms and financial arrangements that, if released to the public, could be used by competitors and potential licensors or licensees of Ericsson to gain a strategic advantage in the market or in the context of current or future license negotiations with Ericsson.

4. In addition to the license agreements themselves, Ericsson anticipates that the parties may seek to introduce into evidence exhibits that include information drawn from the licensing agreements between Motorola and Ericsson and may seek testimony from trial witnesses about the terms in those agreements. In addition, Ericsson anticipates that the parties may seek to introduce into evidence information about the confidential negotiations related to the licensing agreements between Motorola and Ericsson.

5. Ericsson goes to great lengths to protect its licensing terms and related information from disclosure, including the terms and information relating to Ericsson's license agreements with Motorola. Prior to entering talks with Motorola, the parties would have agreed to keep their negotiations, including the licensing terms, confidential and to maintain that confidentiality even if a license did not result from their negotiations. To my knowledge, Ericsson has complied with this confidentiality agreement, and I am not aware of any violations of this agreement by Motorola.

6. Given the highly competitive nature of Ericsson's business and the fact Ericsson and the other companies that compete with it do so through technology development and the

DECLARATION OF ANNA JOHNS IN SUPPORT OF NON-PARTY ERICSSON INC.'S MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND TO EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING SEALED INFORMATION
52246-001\687394.docx

-2-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

licensing of technology and products derived from that technology, licensing negotiations are constant, almost continual, and are conducted in private with the parties agreeing to maintain the confidentiality of the negotiations and the licensing terms even when the negotiations do not culminate in a license. Ericsson's licensing counterparts expect Ericsson to keep the terms of their negotiations secret and Ericsson expects the same of them.

7. The terms that are offered during negotiations, including royalty rates, royalty payments, and how each was determined, are just as important as the final license terms in understanding and determining a license negotiation strategy. Disclosure of these terms would provide competitors and potential licensees with knowledge of Ericsson's negotiation approach and give them an unfair competitive advantage. Competitors and potential licensees could, for example, use this information to shape and bolster their own negotiating strategy and gain a sense of the course that negotiations may take.

8. As with license terms and the terms of expired licenses, terms offered during license negotiations, including royalty rates, royalty payments, and related calculations, go to the heart of Ericsson's business and licensing strategy and planning. If the licensing terms Ericsson offers potential licensees or cross-licensees, including the information that Ericsson seeks to have sealed in the identified license agreements, and associated documents and anticipated testimony relating to those license agreements, become public knowledge, Ericsson will be placed at a competitive disadvantage in ongoing and future license negotiations.

//

//

//

//

//

//

DECLARATION OF ANNA JOHNS IN SUPPORT OF NON-PARTY ERICSSON INC.'S MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND TO EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING SEALED INFORMATION
52246-001\687394.docx

-3-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

9. Because public disclosure of such confidential licensing agreements and terms, as well as the confidential negotiations leading to such agreements, would result in additional leverage and bargaining power for Ericsson's actual and potential licensors, licensees, customers and competitors, such disclosure would lead to an unfair advantage against Ericsson.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED at Plano, Texas this 2nd day of November 2012.

Anna Johns

DECLARATION OF ANNA JOHNS IN SUPPORT OF NON-PARTY ERICSSON INC.'S MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND TO EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING SEALED INFORMATION
52246-001\687394.docx

-4-

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000