The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | No. C10-1823-JLR<br><br>NON-PARTY MPEG LA LLC'S JOINDER IN DEFENDANTS' MOTION TO SEAL DOCUMENTS<br><br>NOTE ON MOTION CALENDAR: FRIDAY, NOVEMBER 9, 2012<br><br>WITHOUT ORAL ARGUMENT |

## I. INTRODUCTION AND RELIEF REQUESTED

Non-party MPEG LA LLC ("MPEG") submits this Joinder and Motion, pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), to seal certain confidential documents containing highly proprietary information, which were produced by MPEG in response to subpoenas in this case, and which may be relied upon as trial exhibits by Plaintiff and/or Defendants. As will be shown below and in the supporting Declaration of MPEG's General Counsel, Tony Piotrowski, there are "compelling reasons" to seal these documents that outweigh any public interest in disclosing them.

NON-PARTY MPEG LA LLC'S JOINDER IN DEFENDANTS' MOTION
TO SEAL DOCUMENTS - 1 (C10-1823-JLR)
w:\mpeg ca\motion.wpd

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax: 206.623.0234

1  Defendant Motorola has filed a Motion to Seal (Dkt. 495) that includes, among other things, a request to seal certain MPEG documents that are the subject of this joinder and motion. In addition, it is MPEG's understanding that Plaintiff Microsoft has filed its own motion to seal in order to protect its own trade secret licensing information, as have other interested non-parties that have produced confidential information, such as Ericsson, Inc., and VTech Communications, Inc.

Accordingly, pursuant to Western District of Washington Civil Local Rule CR 5(g), and for the reasons set forth herein, MPEG joins Defendants' Motion to Seal to the extent that it relates to MPEG's highly confidential documents, and respectfully moves the Court for an Order that would require filing under seal of the MPEG license agreements and agreements among licensors ("License Agreements") and other exhibits that are derived from information contained in or related to the negotiation of the MPEG agreements. For the reasons set forth herein, MPEG respectfully requests that the Court grant its Motion to Seal and protect from public disclosure its highly confidential License Agreements, as well as information derived from and relating to the negotiation of those documents.

## II.  FACTUAL BACKGROUND

Microsoft served subpoenas *duces tecum* on MPEG on May 25, 2011 and March 7, 2012. In response to the subpoenas, MPEG produced a number of documents that it designated, pursuant to the terms of the Protective Order in place in this action (Dkt. No. 72),[1] as confidential business information. (Piotrowksi Dec., ¶ 2.) As the Court is aware, the Protective Order entered in this case specifically extends to information and documents produced by non-parties. (Dkt. No. 72, at ¶ 15). Furthermore, the Protective Order states that, the court may determine that information alleged to be confidential is not confidential, and that if the court makes such a determination then "opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling." (Dkt. No. 72, at ¶ 2(b).)

---

[1] The stipulated Protective Order was entered into by Microsoft and Motorola to protect the confidential records produced by third parties, such as MPEG, pursuant to subpoenas. *See* Motorola's Motion to Seal, Dkt. No. 495, p. 9.)

NON-PARTY MPEG LA LLC'S JOINDER IN DEFENDANTS' MOTION
TO SEAL DOCUMENTS - 2 (C10-1823-JLR)
w:\mpeg ca\motion.wpd

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax:  206.623.0234

By letter dated October 26, 2012, counsel for Microsoft advised MPEG that trial in this action is set to begin on November 13, 2012, and that the parties have identified as potential trial exhibits several documents produced by MPEG. The letter further advised that these documents would not be sealed unless MPEG demonstrates "compelling reasons" to keep them under seal. (*Id.*, ¶ 3.)[2]

Among the MPEG documents identified as potential trial exhibits, several documents had been designated by MPEG at the time of their production as containing confidential business information, specifically:

- an AVS Patent Portfolio License, dated January 24, 2005, between MPEG and Google, Inc., labeled MPEG LA – 000001-31, and designated "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY";

- an Agreement Among Licensors Regarding the AVC Standard, dated June 15, 2004, between a number of entities, labeled MPEG LA – 000096-114, and designated "CONFIDENTIAL";

- an Agreement Among Licensors Regarding the AVC Standard, dated June 15, 2004, between a number of entities, labeled MPEG-MOT_54-90 and Trial Exhibit 1141, and designated "CONFIDENTIAL";

- a Licensing Administrator Agreement Regarding the AVC Standard, dated June 15, 2004, between a number of entities, labeled MPEG-MOT_91-132 and Trial Exhibit 1636, and designated "CONFIDENTIAL";

- a side letter, dated August 19, 2008, from MPEG to Motorola and considered as an attachment to a licensing agreement, labeled MPEG-MOT_1474-1534 and trial exhibit 21, and designated "CONFIDENTIAL"; and

---

[2] As set forth in greater detail in the accompanying Piotrowski Declaration, Microsoft's counsel first advised of the fact that MPEG's documents may no longer be subject to the Protective Order in a letter to MPEG's General Counsel, Tony Piotrowski, dated October 26, 2012, when Mr. Piotrowki was traveling in Asia. Due to Hurricane Sandy, however, MPEG's offices were closed on the next business day, October 29, and until October 31, 2012. When MPEG's offices reopened, on October 31, 2012, MPEG immediately undertook to identify the confidential documents that were produced and contacted outside counsel in an effort to arrange for local counsel to intercede and file the instant joinder and motion to seal. Local counsel was not able to be retained until late on Friday, November 2, 2012, the papers were drafted over the weekend and filed as soon as possible thereafter. To the extent the Court deems the instant motion and joinder to be untimely, MPEG respectfully requests that the Court nonetheless entertain MPEG's application in light of the short notice provided by Microsoft and the intervening closure of MPEG's offices due to Hurricane Sandy. (Piotrowski Dec., ¶¶ 4 - 8.)

NON-PARTY MPEG LA LLC'S JOINDER IN DEFENDANTS' MOTION
TO SEAL DOCUMENTS - 3 (C10-1823-JLR)
w:\mpeg ca\motion.wpd

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

1  • an email exchange between MPEG and Motorola, dated November 4 and December 10, 2009, concerning licensing issues, labeled MPEG-MOT_1870-1871 and trial exhibit 22, and designated "CONFIDENTIAL."

As set forth in the Declaration of Tony Piotrowski, MPEG is in the business of, *inter alia*, administering sublicenses granting certain rights under patent portfolios to companies wishing to manufacture, sell or otherwise distribute products incorporating relevant technologies. (*Id.*, ¶ 9.)

MPEG operates within a highly competitive industry. The terms of its licensing agreements and its agreements among licensors (collectively, Licensing Agreements) are highly sensitive and confidential. Indeed, the contract terms between and among MPEG's licensors, and those between MPEG and licensors on the one hand, and between MPEG and licensees on the other hand, are the essence of MPEG's business. Should competitors or prospective counterparties discover the terms of MPEG's Licensing Agreements, they would have a massive advantage over MPEG in negotiating future licensing agreements. (*Id.*, ¶ 10.)

Among the MPEG documents identified by Microsoft and Motorola as potential trial exhibits, several were designated by MPEG at the time of their production as containing confidential business information, including the above-identified Licensing Agreements. (*Id.*, ¶ 11.) MPEG considers these documents to be highly confidential, proprietary trade secrets, has kept each of these documents confidential, and produced them to Microsoft only under the understanding that, pursuant to the terms of the Protective Order, the documents would remain confidential. (*Id.*, ¶ 12.)

Indeed, the License Agreements contain highly confidential, non-public, business and financial information relating to licensing terms, licensed products, licensed technology and financial arrangements. If such information were released to the public, it could, and likely would, be used by MPEG's competitors and potential licensees to gain a strategic advantage in the market, and in connection with current and/or future license negotiations. (*Id.*, ¶ 13.)

It is MPEG's understanding that the parties may also seek to introduce evidence relating to correspondence, communications and/or negotiations of the licensing agreements. Should licensing agreements and related correspondence and information be made available to the public, MPEG's

NON-PARTY MPEG LA LLC'S JOINDER IN DEFENDANTS' MOTION
TO SEAL DOCUMENTS - 4 (C10-1823-JLR)
w:\mpeg ca\motion.wpd

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

1  competitors and prospective counterparties would have a competitive advantage over MPEG. (*Id.*,
2  ¶ 14.) Indeed, MPEG goes to great lengths to protect not only its Licensing Agreements, but also
3  all correspondence, negotiations and other information related to such agreements from public
4  disclosure. (*Id.*, ¶ 15.)

### III.  MPEG'S CONFIDENTIAL DOCUMENTS SHOULD BE SEALED

The Court may seal trial exhibits for "compelling reasons." *See Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Lit.*, 686 F.3d 1115, 1119 (9th Cir. 2012). The Ninth Circuit has explained that, "In general, 'compelling reasons' . . . exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted the Restatement of Torts' definition of a trade secret, which states that a "trade secret is a process or device for continuous use in the operation of the business" and "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1008-09 (9th Cir. 1972). Licensing agreements and related documents have been recognized as trade secrets, and thus courts have found there are "compelling reasons" to seal them. *See, e.g.*, *In re Electronic Arts, Inc.*, 298 Fed.Appx. 568, 569-570 (9th Cir. 2008) (sealing license agreement as trade secret); *Powertech Technology, Inc. v. Tessera, Inc.*, 2012 WL 3283420, *9 (N.D.Cal. 2012) (sealing licensing information); *Abaxis, Inc. v. Cepheid*, 2011 WL 6002522, *1 n. 1 (N.D.Cal. 2011) (sealing term sheet of licensing negotiations).

By this joinder and motion, MPEG seeks an order sealing the identified Licensing Agreements, along with the related identified correspondence, which contain information relating to the terms and specifics of the Licensing Agreements. The agreements and correspondence are confidential, and if released to the public, would grant MPEG's competitors and prospective counterparties a undue advantage in future negotiations and transactions with MPEG. (Piotrowski

NON-PARTY MPEG LA LLC'S JOINDER IN DEFENDANTS' MOTION
TO SEAL DOCUMENTS - 5 (C10-1823-JLR)
w:\mpeg ca\motion.wpd

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA  98101
tel:  206.623.0229
fax: 206.623.0234

1  Dec., ¶¶ 13 - 15.) Under Ninth Circuit precedent, these documents contain trade secrets, and thus

2  there are "compelling reasons" to seal them that outweigh any public interest in disclosing them.

3        Accordingly, these highly sensitive MPEG License Agreements and related documents

4  should be sealed in their entirety, and any other exhibits disclosing or discussing the terms of the

5  agreements, as well as exhibits including the license terms or information relating to the negotiation

6  of the agreements, should be sealed to the extent that they include or disclose such MPEG highly

7  confidential information.

8        DATED this 5th Day of November, 2012.

9                              NORTHCRAFT, BIGBY & BIGGS, P.C.

11                              /s/ Aaron D. Bigby
                            Aaron D. Bigby, WSBA #29271
                            Northcraft, Bigby & Biggs, P.C.
12                             819 Virginia, Suite C-2
                            Seattle, WA 98101
13                             Telephone: 206-623-0229
                            Fax: 206-623-0234
14                             Email: aaron_bigby@northcraft.com
                            Attorney for Non-Party MPEG LA LLC

NON-PARTY MPEG LA LLC'S JOINDER IN DEFENDANTS' MOTION
TO SEAL DOCUMENTS - 6 (C10-1823-JLR)
w:\mpeg ca\motion.wpd

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all registered parties in this case.

DATED this 5th day of November, 2012, in Seattle, Washington.

/s/ Michelle A. Tomczak
Michelle A. Tomczak
Legal Assistant to Aaron D. Bigby
michelle_tomczak@northcraft.com

NON-PARTY MPEG LA LLC'S JOINDER IN DEFENDANTS' MOTION
TO SEAL DOCUMENTS - 7 (C10-1823-JLR)
w:\mpeg ca\motion.wpd

**NORTHCRAFT, BIGBY & BIGGS, P.C.**
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234