The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | No. CV-01823-JLR<br><br>**DECLARATION OF TONY PIOTROWSKI**<br><br>NOTE ON MOTION CALENDAR: 11/9/12<br><br>WITHOUT ORAL ARGUMENT |

I, Tony Piotrowski, am over the age of 18, have personal knowledge of the facts stated herein, and declare as follows:

1. I am General Counsel for non-party MPEG LA LLC ("MPEG"), and I make this Declaration in support of MPEG's Joinder and Motion to Seal. As General Counsel, I am familiar with MPEG's licensing practices, the contents of MPEG's licensing agreements and agreements among licensors, and how such information could be used by MPEG's competitors and prospective licenses and counterparties if made public. I make this declaration based upon my personal knowledge of the facts described below, except as otherwise stated herein.

///

///

DECLARATION OF TONY PIOTROWSKI - 1 (CV-01823-JLR)
w:\mpeg ca\piotrowski-tony.decl.wpd

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

**MPEG's Involvement in this Action**

2. Microsoft served subpoenas *duces tecum* on MPEG on May 25, 2011 and March 7, 2012 (collectively, the "Subpoenas"). At the time MPEG responded to the Subpoenas, MPEG designated certain responsive documents, pursuant to the terms of the Protective Order in place in this action (Dkt. No. 72),[1] as confidential business information.

3. By letter dated October 26, 2012, counsel for Microsoft advised MPEG that trial in this action is set to begin on November 13, 2012, and that the parties have designated as potential trial exhibits several confidential documents produced by MPEG. The letter further advised that these documents would not be sealed unless MPEG demonstrates that "compelling reasons" exist to keep them under seal.

**Timeliness of the Motion**

4. Microsoft sent the letter notifying of the trial date on Friday, October 26, 2012. At the time, I was traveling in Malaysia. I returned to the United States the following weekend, but MPEG's offices were closed on Monday and Tuesday, October 29 and 30, 2012, due to Hurricane Sandy.

5. On October 31, 2012, when MPEG's offices reopened, I immediately undertook to identify the documents designated as potential trial exhibits, as notified by Microsoft's letter. This process was hindered by the fact that my predecessor General Counsel did not maintain records of the documents that were produced pursuant to the Subpoenas, and, I am advised, the fact that the outside counsel who produced the documents had left the office on maternity leave.

6. Upon identifying the relevant documents as confidential on October 31, 2012, MPEG immediately contacted our outside counsel, who, in turn sought local counsel in Washington State. By the time local counsel was identified and conflicts were cleared, it was already the evening of Friday, November 2, 2012.

---

[1] The stipulated protective order was entered into by Microsoft and Motorola to protect the confidential records produced by third parties, such as MPEG, pursuant to subpoenas. *See* Motorola's Motion to Seal, Dkt. No. 495, p. 9.)

DECLARATION OF TONY PIOTROWSKI - 2 (CV-01823-JLR)
w:\mpeg ca\piotrowski-tony.decl.wpd

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

7. This joinder and motion were then prepared over the weekend of November 3 and 4, 2012, for filing as soon thereafter as possible.

8. MPEG respectfully requests that the Court entertain MPEG's application in light of the short notice provided to us by Microsoft and the intervening closure of MPEG's offices due to Hurricane Sandy.

**Confidentiality of MPEG's Documents**

9. MPEG is in the business of, *inter alia*, administering sublicenses granting certain rights under patent portfolios to companies wishing to manufacture, sell or otherwise distribute products incorporating relevant technologies.

10. MPEG operates within a highly competitive industry. The terms of its licensing agreements and its agreements among licensors are highly sensitive and confidential. Indeed, the contract terms between MPEG and patent holders/licensors on the one hand, and between MPEG and licensees on the other hand, are the essence of MPEG's business. Should competitors or prospective counterparties discover the terms of MPEG's licensing agreements and agreements among licensors, they would have a massive advantage over MPEG in negotiating future licensing agreements.

11. Among the MPEG documents identified by Microsoft and Motorola as potential trial exhibits, several were designated by MPEG at the time of their production as containing confidential business information, including certain licensing agreements and agreements among licensors.

12. MPEG considers these documents to be highly confidential, proprietary trade secrets, has kept each of these documents confidential, and produced them to Microsoft only under the understanding that, pursuant to the terms of the Protective Order, the documents would remain confidential.

13. Indeed, the license agreements and the agreements among licensors contain highly confidential, non-public, business and financial information relating to licensing terms, licensed products, licensed technology and financial arrangements. If such information were released to the

DECLARATION OF TONY PIOTROWSKI - 3 (CV-01823-JLR)
w:\mpeg ca\piotrowski-tony.decl.wpd

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

public, it could, and likely would, be used by MPEG's competitors and potential licensees to gain a strategic advantage in the market, and in connection with current and/or future license negotiations.

14. It is our understanding that the parties may also seek to introduce evidence relating to correspondence, communications and/or negotiations of the licensing agreements. Should licensing agreements and related correspondence and information be made available to the public, MPEG's competitors and prospective counterparties would have a competitive advantage over MPEG.

15. Indeed, MPEG goes to great lengths to protect not only its licensing agreements and agreements among licensors, but also all correspondence, negotiations and other information related to such agreements from public disclosure.

16. Accordingly, we respectfully ask that the Court protect MPEG, a non-party to this case, from the divulgement of its trade secrets.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Gaithersburg, Maryland on this 5th day of November, 2012.

<u>*see attached signature page*</u>
Tony Piotrowski

DECLARATION OF TONY PIOTROWSKI - 4 (CV-01823-JLR)
w:\mpeg ca\piotrowski-tony.decl.wpd

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234

16. Accordingly, we respectfully ask that the Court protect MPEG, a non-party to this case, from the divulgement of its trade secrets.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at _Gaithersburg_, Maryland on this 5th day of November 2012.

_____
Tony Piotrowski

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all registered parties in this case.

DATED this 5th day of November, 2012, in Seattle, Washington.

/s/ Michelle A. Tomczak
Michelle A. Tomczak
Legal Assistant to Aaron D. Bigby
michelle_tomczak@northcraft.com

DECLARATION OF TONY PIOTROWSKI - 6 (CV-01823-JLR)
w:\mpeg ca\piotrowski-tony.decl.wpd

NORTHCRAFT, BIGBY & BIGGS, P.C.
819 Virginia Street / Suite C-2
Seattle, WA 98101
tel: 206.623.0229
fax: 206.623.0234