The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                                Plaintiff,<br><br>       v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>                                Defendants. | NO. C10-1823-JLR<br><br>NOTICE OF NONPARTIES KYOCERA CORPORATION AND KYOCERA COMMUNICATIONS, INC.'S JOINDER IN DEFENDANT'S MOTION TO SEAL DOCUMENTS AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM |

Nonparties Kyocera Corporation and Kyocera Communications, Inc. (collectively, "Kyocera") hereby join Motorola's Motion to Seal Documents and Trial Testimony and Exclude Unauthorized Persons From the Courtroom During Testimony Regarding Trade Secrets (Dkt. 495) as it pertains to the Trial Exhibit 3224 (Kyocera-Motorola license),[1] trial exhibits, and testimony regarding the terms of that license. There are compelling reasons for a narrowly tailored sealing of this information. In support of this notice, Kyocera offers the Declaration of Eric Klein, Corporate Secretary of Kyocera Communications, Inc. ("Klein Decl."), submitted herewith.

---

[1] The patent license agreement is between Kyocera Corporation, Kyocera Wireless Corporation and Defendant Motorola, Inc. (now Motorola Solutions, Inc., collectively, "Motorola"). Kyocera Communications, Inc. is the successor-in-interest to Kyocera Wireless Corporation.

NOTICE OF NONPARTIES KYOCERA CORPORATION AND KYOCERA COMMUNICATIONS, INC.'S JOINDER IN DEFENDANT'S MOTION TO SEAL DOCUMENTS AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM (NO. C10-1823-JLR) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Motorola recently informed Kyocera that it intends to use a trial exhibit and/or demonstrative that includes a summary of the terms of a license agreement between Kyocera and Motorola. Klein Decl. ¶ 3.

Kyocera considers the licensing terms and conditions set forth in the Kyocera-Motorola license to be confidential and trade secret information. Kyocera has done nothing to put that information at issue in this case, where it is not a party, and consented to use of that license on condition that confidentiality of its contents be maintained. Klein Decl. ¶ 5. Accordingly, Kyocera requests an order redacting and sealing the portion of any exhibits or demonstratives which states or references the terms and conditions of the Kyocera-Motorola license. Because Kyocera is a nonparty and does not have access to the exhibits or demonstratives, Kyocera seeks this order to require the parties to redact their summary exhibits and demonstratives. If the license itself is offered, it should be redacted and sealed in part. If the parties do not offer this exhibit, Kyocera does not want to make the license to become part of the public record. Thus, if and when the parties determine that the license will actually be offered as an exhibit, the parties should be required to submit a redacted version of the license.

Kyocera also requests that to effectuate the sealing described above the courtroom be closed when argument on this topic, testimony, or these exhibits is discussed.

There are compelling reasons for sealing this commercially sensitive information. The terms of Kyocera's patent licenses are not known to the public. *Id.* ¶ 4. The Kyocera-Motorola license contains highly proprietary business information regarding licensing terms and conditions. *Id.* ¶ 6. Public disclosure of the terms and conditions of Kyocera's license with Motorola would cause significant harm to Kyocera by negatively affecting Kyocera's ability to negotiate future licenses. *Id.* ¶ 7. License agreements have been consistently held by courts to meet the "compelling reasons" standard of the Ninth Circuit. *See, e.g.*, *Elec. Arts, Inc. v. United States Dist. Court for the N. Dist. of Cal.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (pricing

NOTICE OF NONPARTIES KYOCERA CORPORATION AND
KYOCERA COMMUNICATIONS, INC.'S JOINDER IN
DEFENDANT'S MOTION TO SEAL DOCUMENTS AND
EXCLUDE UNAUTHORIZED PERSONS FROM THE
COURTROOM (NO. C10-1823-JLR) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

terms, royalty rates, guaranteed minimum payment terms of licensing agreement plainly fall within the definition of "trade secrets").

Knowledge of the detailed substantive and financial terms of previously nonpublic agreements would provide a strategic windfall to Kyocera's future licensing partners, enabling them to gain unfair negotiating leverage.  Klein Decl. ¶ 7. That leverage likely would manifest as onerous licensing terms that could undermine Kyocera's business competitiveness.  *Id.*  The law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to trade secrets or other confidential research, development, or commercial information.  *Phillips ex rel. Byrd v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).

For these reasons, the Kyocera-Motorola license, trial exhibits, and testimony should be sealed, and unauthorized persons should be excluded from the courtroom throughout testimony regarding the terms of that license.

DATED this 6th day of November, 2012.

BYRNES KELLER CROMWELL LLP


By /s/ John A. Tondini
John A. Tondini, WSBA #19092
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  206.622.2000
Facsimile:  206.622.2522
jtondini@byrneskeller.com
*Attorneys for Nonparties Kyocera Corporation and Kyocera Communications, Inc.*

NOTICE OF NONPARTIES KYOCERA CORPORATION AND KYOCERA COMMUNICATIONS, INC.'S JOINDER IN DEFENDANT'S MOTION TO SEAL DOCUMENTS AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM (NO. C10-1823-JLR) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 6th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ John A. Tondini
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
jtondini@byrneskeller.com

NOTICE OF NONPARTIES KYOCERA CORPORATION AND KYOCERA COMMUNICATIONS, INC.'S JOINDER IN DEFENDANT'S MOTION TO SEAL DOCUMENTS AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM (NO. C10-1823-JLR) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000