1                                                        The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                            Plaintiff,<br><br>    v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>                            Defendants. | NO. C10-1823-JLR<br><br>NONPARTIES KYOCERA CORPORATION AND KYOCERA COMMUNICATIONS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL<br><br>NOTE ON MOTION CALENDAR: NOVEMBER 16, 2012 |

       Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the Protective Order in this case (Dkt. 434-1), nonparties Kyocera Corporation and Kyocera Communications, Inc. (collectively, "Kyocera") respectfully seek leave to file under seal the following documents:

       1.      Kyocera's Motion to Amend the Protective Order to Include a License Negotiation Restriction on Microsoft's In-House Counsel; and

       2.      Declaration of Eric Klein ("Klein Decl.").

       Kyocera seeks to file its papers under seal because competitors otherwise may use Kyocera's Motion and the accompanying Declaration as sources of business information to harm Kyocera's competitive standing. Kyocera is filing a redacted version of its Motion and the Klein Declaration as part of the public record.

NONPARTIES KYOCERA CORPORATION AND KYOCERA COMMUNICATIONS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL (NO. C10-1823-JLR) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## I. FACTUAL BACKGROUND

During the discovery phase of this action, Kyocera consented to Motorola's request for production of a license agreement between Kyocera and Motorola, provided that document would be designated and clearly marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," and kept confidential.

Kyocera was recently informed that the Court had granted Microsoft's motion to amend the Protective Order to extend access to highly confidential documents to Microsoft's in-house counsel. That expanded access likely has revealed Kyocera's confidential business information to Microsoft's in-house counsel and could harm Kyocera's competitive standing. To adequately explain to the Court the potential harm to Kyocera and the urgency to minimize such harm, Kyocera's Motion and the Klein Declaration describe specific confidential information and the significance of that information, which if disclosed in the public record, likely will harm Kyocera's competitiveness. Accordingly, Kyocera requests that pursuant to paragraphs 2(a) and 8 of the governing Protective Order, the Court permit Kyocera to file its Motion and the Klein Declaration under seal.

## II. AUTHORITY

### A. Compelling Reasons Exists for Kyocera to Request Permission to File Under Seal Papers Which Contain Confidential Commercial Information

District Courts have broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002). The Federal Rules of Civil Procedure specifically provide for a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). District courts routinely enter protective orders to prevent the undue disclosure of

NONPARTIES KYOCERA CORPORATION AND KYOCERA COMMUNICATIONS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL (NO. C10-1823-JLR) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

commercially sensitive information. *See* Fed. R. Civ. P. 26(c); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).

A party seeking to seal judicial records can overcome the strong presumption of access by providing "sufficiently compelling reasons" that override the public policies favoring disclosure. *In re Midland Nat'l. Life Ins. Co.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Compelling reasons "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1120 (quoting *Nixon v. Warner Commc'ns.*, 435 U.S. 589, 598 (1978)). The U.S. Supreme Court established that "its records are not used. . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm.*, 435 U.S. 589, 598 (1978); *Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008).

Kyocera's Motion and the accompanying Klein Declaration contain confidential information regarding Kyocera's licensing history, negotiation strategies, and license partners. Kyocera's papers also describe a Kyocera-Motorola license which this Court has deemed subject to the Protective Order and satisfies the Ninth Circuit's "compelling reasons" standard. Such confidential, sensitive, commercial information, if disclosed to the public in court proceedings or public records, would likely harm Kyocera's competitive standing.

### III.   CONCLUSION

Based on the foregoing, compelling reasons exist for the Court to permit Kyocera to file its papers under seal. Accordingly, Kyocera files the above-referenced documents under seal based on its good-faith belief that such material qualifies for protection under the terms of the Protective Order and the applicable laws and Court rules. A Proposed Order Granting Kyocera's Motion to File Documents Under Seal has been submitted herewith.

NONPARTIES KYOCERA CORPORATION AND KYOCERA
COMMUNICATIONS, INC.'S MOTION TO FILE DOCUMENTS
UNDER SEAL (NO. C10-1823-JLR) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

1 | DATED this 7th day of November, 2012.

BYRNES KELLER CROMWELL LLP

By /s/ John A. Tondini
John A. Tondini, WSBA #19092
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  206.622.2000
Facsimile:  206.622.2522
jtondini@byrneskeller.com
*Attorneys for Nonparties Kyocera Corporation and Kyocera Communications, Inc.*

NONPARTIES KYOCERA CORPORATION AND KYOCERA COMMUNICATIONS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL (NO. C10-1823-JLR) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

**CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that on the 7th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ John A. Tondini
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
jtondini@byrneskeller.com

NONPARTIES KYOCERA CORPORATION AND KYOCERA COMMUNICATIONS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL (NO. C10-1823-JLR) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000