The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC. MOTOROLA MOBILITY, LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | Case No. C10-1823-JLR<br><br>**DECLARATION OF ERIC KLEIN (KYOCERA)**<br><br>**FILED UNDER SEAL** |

I, Eric Klein, declare as follows:

1. I am the Corporate Secretary of Kyocera Communications, Inc. ("KCI"). KCI is the successor-in-interest to Kyocera Wireless Corporation ("KWC"), including KWC's rights and obligations under patent licenses entered into by KWC, including a certain license agreement entered into with Motorola, Inc. dated July 1, 2004.

2. Kyocera manufactures wireless handsets and communications products, including a number of cellular handsets that employ the Android operating system.

3. Kyocera has an extensive portfolio of patents related to various wireless handsets and consumer goods. ████████████████████████████████████████

████████████████████████████████████████████████████████████████

1  ███████████████████████████████████████████████████████
2  ███████████████████████████████████
3       4.      ██████Kyocera entered into a license agreement with Motorola ("the Kyocera-
4  Motorola license").
5       5.      Kyocera consented to Motorola's request for disclosure of the Kyocera-Motorola
6  license in the patent infringement investigation before the United States International Trade
7  Commission ("ITC"), and in this litigation, on condition that the license would be designated and
8  clearly marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO
9  PROTECTIVE ORDER," such that the license agreement would not be disclosed to any legal
10 representatives of the parties in the investigation other than outside counsel for the parties.
11      6.      Kyocera recently learned that the Court had granted a Microsoft motion to amend
12 the Protective Order to allow in-house counsel for Microsoft to access Confidential Business
13 Information, including the Kyocera-Motorola license.
14      7.      The Kyocera-Motorola license contains highly proprietary business information,
15 ███████████████████████████████████████████████████████
16 ████████████. The terms of the agreement constitute extremely sensitive information that
17 provide important insights into Kyocera's license strategy. This information would be of great
18 importance to an adverse party seeking to entice or coerce Kyocera into a license, and provide a
19 roadmap that a potential licensor could use to adversely impact Kyocera's bargaining position in
20 licensing negotiations.
21      8.      ███████████████████████████████████████████████
22 ███████████████████████████████████████████████████████
23 ███████████████████████████████████████████████████████
24 ███████████████████████████████████████████████████████
25 ████████████████████████████)
26      9.      The terms of the Kyocera-Motorola license, if known to Microsoft in-house
27 counsel who are permitted to participate in license negotiations with Kyocera, likely would
28 provide a strategic windfall to Microsoft█████████████████████████████

1
2  10.  ████████████████████████████████████████
3  ████████████████████████████████████████████
4  ████████████████████████████████████████████
5  ████████████████████████████████████████████
6  ████████████████████████████████████████████
7  ████████████████████████████████████

8  11.  The confidential terms of the Kyocera-Motorola license and the communications
9  related to that license reveal a great deal about Kyocera's licensing strategy. Disclosure of this
10 information to Microsoft in-house counsel who are permitted to subsequently participate in
11 license negotiations with Kyocera, would provide Microsoft with a significant, unfair advantage
12 ████████████████████████████, which could adversely impact Kyocera's ability to
13 compete in the cellular handset market.

14    I declare under the penalty of perjury under the laws of the State of Washington that the
15 foregoing is true and correct.

17 Dated: November 5, 2012

                                                    _____
18                                                  Eric Klein

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 7th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ John A. Tondini
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
jtondini@byrneskeller.com

CERTIFICATE OF SERVICE - 1