THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY LLC, AND GENERAL INSTRUMENT CORPORATION,<br><br>　　　　　　　Defendants. | CIVIL ACTION NO. 2:10-CV-1823-JLR<br><br>**NON-PARTY KONINKLIJKE PHILIPS ELECTRONICS N.V.'S JOINDER IN DEFENDANTS' MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING TRADE SECRETS**<br><br>　　NOTE ON MOTION CALENDAR: NOVEMBER 9, 2012 |

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S
JOINDER IN DEFENDANTS' MOTION TO SEAL
Civil Action No. 2:10-cv-1823-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820

Nonparty Koninklijke Philips Electronics N.V. ("Philips") hereby joins Defendants Motorola, Inc., Motorola Mobility, LLC, and General Instrument Corporation's (collectively "Defendants") Motion to Seal Documents and Trial Testimony and Exclude Unauthorized Persons from the Courtroom During Testimony Regarding Trade Secrets (Dkt. No. 495) ("Motion to Seal"), to the extent it pertains to three Philips license agreements designated Defendant's exhibits 2844, 2846, and 2847.  Philips respectfully requests that the Court seal those license agreements and any exhibits or demonstratives derived from the agreements, and exclude unauthorized persons from the courtroom if the terms of those license agreements are to be discussed at trial.  As described further below, compelling reasons exist to seal these agreements and related testimony because they contain Philips' highly confidential and proprietary trade secret information, which if revealed, would cause irreparable competitive harm to Philips.

**ARGUMENT**

Philips understands that Defendants intend to offer the following three agreements between Philips and Motorola Inc. and Motorola Mobility, Inc. as evidence at trial in this case: (1) a May 30, 2006 "Patent License Agreement" between Motorola Inc. and Philips (Defendant's Exhibit 2847); (2) a "Philips-Motorola Mobility 2006 Patent License Agreement" dated November 30, 2010 (Defendant's Exhibit 2844); and (3) a "Philips-Motorola 2006 Patent License Agreement Amendment," effective November 30, 2010 (Defendant's Exhibit 2846) (collectively the "Philips-Motorola Licenses").  On October 29, 2012, Defendants filed their Motion to Seal, which requested, among other things, that the Court seal "Highly confidential information about licenses between Motorola and various third parties, including specific licenses, license terms and licensing negotiations," and specifically identified Exhibits 2844, 2846, and 2847. (Dkt. No. 495 at 1 and 8 n. 7).  Because the terms of the Philips-Motorola Licenses (such as pricing terms, payment terms, and other consideration) are highly confidential

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S
JOINDER IN DEFENDANTS' MOTION TO SEAL         -1-
 Civil Action No. 2:10-cv-1823-JLR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820

and proprietary information to Philips, Philips joins in Defendants' Motion to Seal with respect to those license agreements.

Philips recognizes that in the Ninth Circuit, potential trial exhibits that will be part of the judicial record must meet the "compelling reasons" standard in order to be sealed. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (applying the "compelling reasons" standard to potential trial exhibits). Under that standard, "a district court must weigh relevant factors, base its decision on a compelling reason, and articulate a factual basis for its ruling without relying on hypothesis or conjecture." *Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553 L (NLS), 2009 WL 2224596, *7 (S.D. Cal. July 23, 2009).

To determine whether a document should be sealed, a district court must weigh relevant factors, which include "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* (quoting *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 n.6 (9th Cir. 2009)). The U.S. Supreme Court has, however, explained that "the right to inspect and copy judicial records is not absolute," and that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . .as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal quotation omitted).

The Philips-Motorola Licenses contain highly confidential information belonging to Philips. In particular, they include terms of confidential license agreements between Philips and its licensees or licensors, including pricing terms, royalty rates, and other considerations that are Philips' trade secrets.[1] Public disclosure of these terms, which are not otherwise available to

---

[1] Philips took similar steps to seal the terms of its confidential license agreements with others in the *Apple v. Samsung Electronics Inc.* case, pending in the Northern District of California, and

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S
JOINDER IN DEFENDANTS' MOTION TO SEAL      -2-
Civil Action No. 2:10-cv-1823-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820

competitors or potential licensees, would cause irreparable competitive harm to Philips, particularly in future negotiations with potential licensees. *Declaration of Michael Marion*, ¶¶ 3-5 ("Marion Decl." filed concurrently herewith).

More specifically, the terms of the Philips-Motorola Licenses offer insights into Philips' licensing plans and strategies that are still in use today. *Marion Decl.*, ¶ 5. Potential licensees and licensors may use such information to their advantage in ongoing or future licensing negotiations with Philips. *Marion Decl,.* ¶ 4-5. Such information is exactly the type of exceptionally sensitive information that deserves protection. Indeed, the Ninth Circuit, in the *Elec. Arts* case, 298 F. App'x at 569-70, held that such license agreement terms should be sealed because they are trade secrets that, if disclosed, will irreparably harm a party. District courts have applied the same rationale when faced with requests to seal licensing information. *See Powertech Technology, Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283420, *9 (N.D. Cal. Aug. 10, 2012) (sealing licensing information); *Abaxis, Inc. v. Cepheid*, No. 10-cv-02840-LHK, 2011 WL 6002522, *1, n. 1 (N.D. Cal. Nov. 30, 2011) (sealing term sheet of licensing negotiations).

Compelling reasons exist to seal the Philips-Motorola Licenses. Philips respectfully requests that the Court issue an order sealing the Philips-Motorola Licenses (Defendant's Exhibits 2844, 2846, and 2847), any exhibits or demonstratives derived from the Philips-Motorola Licenses, and the courtroom if the terms of the Philips-Motorola Licenses are to be discussed at trial.

---

the Court in that case granted the protection sought by Philips. *See Apple Inc. v. Samsung Electronics Inc.*, No. 11-cv-01846-LHK, 2012 WL 3283478 at *12 (N.D. Cal. Aug. 9, 2012).

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S  
JOINDER IN DEFENDANTS' MOTION TO SEAL       -3-  
Civil Action No. 2:10-cv-1823-JLR

**DORSEY & WHITNEY LLP**  
COLUMBIA CENTER  
**701 Fifth Avenue, Suite 6100**  
**Seattle, WA 98104-7043**  
**Phone: (206) 903-8800**  
**Fax: (206) 903-8820**

| | |
|---|---|
| Dated: November 7, 2012 | Respectfully submitted,<br><br>DORSEY & WHITNEY LLP<br><br>/s/  Douglas F. Stewart<br>Douglas F. Stewart, WSBA #34,068<br>Columbia Center<br>701 Fifth Avenue, Suite 6100<br>Seattle, WA  98104-7043<br>Telephone:  (206) 903-8800<br>Facsimile:  (206) 903-8820<br><br>Of Counsel:<br><br>FINNEGAN, HENDERSON, FARABOW,<br>   GARRETT & DUNNER, LLP<br><br>Gary C. Ma<br>Stanford Research Park<br>3300 Hillview Avenue<br>Palo Alto, California  94304-1203<br>Telephone:    (650) 849-6600<br>Facsimile:     (650) 849-6666<br><br>Frank A. DeCosta III<br>901 New York Ave., N.W.<br>Washington, D.C. 20001<br>Telephone:    (202) 408-4000<br>Facsimile:     (202) 408-4400<br><br>Attorneys for Third Party<br>Koninklijke Philips Electronics N.V. |

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S
JOINDER IN DEFENDANTS' MOTION TO SEAL     -4-
Civil Action No. 2:10-cv-1823-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820

**CERTIFICATE OF SERVICE**

I, Douglas Stewart, certify that on November 7, 2012:

- NON-PARTY KONINKLIJKE PHILIPS ELECTRONICS N.V.'S JOINDER IN DEFENDANTS' MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING TRADE SECRETS;
- DECLARATION OF MICHAEL MARION

were electronically filed with the Clerk of the Court using the CM/ECF system and thereby served on counsel for all parties via ECF-generated e-mail and notification.

Dated this 7th day of November, 2012.

/s/ *Douglas F. Stewart*
Douglas F. Stewart

KONINKLIJKE PHILIPS ELECTRONICS N.V.'S
JOINDER IN DEFENDANTS' MOTION TO SEAL        -5-
Civil Action No. 2:10-cv-1823-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820