THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

MICROSOFT CORPORATION,

                          Plaintiff,

    vs.

MOTOROLA, INC.,  et al.,

                       Defendants.
_____
MOTOROLA MOBILITY, INC., et al.,

                       Plaintiffs,

    vs.

MICROSOFT CORPORATION,

                       Defendants.

Case No. C10-1823-JLR

**MICROSOFT'S CONSOLIDATED RESPONSE TO (A) MOTOROLA'S 10/29/12 MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY (ECF No. 495); (B) JOINDERS THEREIN OF CERTAIN THIRD PARTIES; AND (C) NON-PARTY IBM'S MOTION TO SEAL (ECF No. 498)**

**NOTED:  November 9, 2012**

20

21

22

23

24

25

      Microsoft respectfully submits this consolidated response to Motorola's Motion to Seal Documents and Trial Testimony (ECF No. 495) ("Motorola's Motion to Seal"), all joinders to Motorola's Motion to Seal that have been submitted by third parties as of the date and time of this filing (ECF Nos. 508; 515; 518; 522; and 531), and Nonparty International Business Machines Corporation's Motion for a Limited Sealing Order ("IBM's Motion to Seal") (ECF No. 498).

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 1

# I.  INTRODUCTION

Microsoft opposes Motorola's request to close the courtroom during trial.

Microsoft also opposes Motorola's broad request to seal, in their entirety, dozens of its patent license agreements with third parties.  While a number of these third parties have joined in Motorola's Motion as to their respective license agreements,[1] IBM elected to file its own motion.

As explained in Microsoft's Motion to Seal Trial Exhibits that Disclose Microsoft's Trade Secrets (ECF No. 510), the financial terms of a patent license agreement are appropriately considered trade secrets that should remain confidential when relied upon at trial. To the extent any of Motorola's patent license agreements ultimately are admitted into evidence, Microsoft acknowledges that it would be appropriate for the financial terms to be redacted from the versions included in the public record.  However, no compelling reason exists for the remaining portions to be sealed.

Motorola intends to offer these license agreements as "comparables" in order to support its claim to royalties of 2.25% of Windows and Xbox for a license to its H.264 and 802.11 declared essential patents.  However, the overwhelming majority of these agreements address the licensing of unrelated patents and unrelated cellular technology standards.  The non-financial terms of these agreements demonstrate that they are not appropriate comparables and cannot serve as benchmarks for determining the RAND royalties to which Motorola is entitled. This information should not be sealed.

---

[1] *See, e.g.*, VTech Communications, Inc. (ECF No. 508); Ericsson Inc. (ECF No. 515); LG Electronics, Inc. (ECF No. 518); Kyocera Corp. and Kyocera Communications, Inc. (ECF 522); Koninklijke Philips Electronics N.V. (ECF No. 531).

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 2

1    II.    ARGUMENT & AUTHORITY

2    A.    **The Courtroom Should Not Be Closed During Trial**

3          Motorola has requested that the courtroom be closed during those portions of the trial

4    when certain confidential information is introduced via testimony or documentary evidence.

5          Motorola specifically requests that the courtroom be closed during the entire testimony

6    of Motorola fact witness Kirk Dailey, Motorola expert Charles Donohoe, and Microsoft expert

7    Matthew Lynde.  Motion, p. 16.  Motorola also requests that the courtroom be closed during

8    portions of the testimony provided by Motorola experts Michael Dansky and Roger Smith, as

9    well as Microsoft expert Kevin Murphy.  Motion, p. 17.  Finally, Motorola has requested that

10   the courtroom be closed during any other testimony regarding the confidential information

11   contained in the various trial exhibits that Motorola seeks to have sealed.  Motion, p. 18.

12         Motorola has not established "compelling reasons" for closing the courtroom.  *See*

13   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (explaining the

14   heightened "compelling reasons" standard for restricting access to materials used at trial).  The

15   courtroom should only be closed where no other reasonable alternatives can adequately protect

16   against the disclosure of trade secrets.  *See Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059,

17   1072 (3rd Cir. 1984) (court should weigh possible alternatives before closing courtroom).

18         While Microsoft agrees that the financial terms of the parties' various patent license

19   agreements should be maintained in confidence, this alone does not necessitate closing the

20   courtroom when other reasonable alternative protective measures are available.  Both parties

21   understand the sensitivity of the financial terms of the parties' confidential third-party licenses,

22   as both parties have sought to seal those portions of their respective license agreements.

23   Neither party intends to disclose the financial terms of these licenses at trial.  The most

24   efficient way to handle this information at trial is for the Court to instruct the attorneys,

25   witnesses, and experts to avoid audibly disclosing any royalty or pricing terms.  Instead, the

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    witnesses and attorneys should refer to the financial terms only through reference to exhibits

2    on which the terms appear – exhibits that will not be displayed to the public.

3        As the Court is aware, the parties have endeavored to avoid disclosing trade secret

4    information during oral argument at a number of pre-trial hearings.  Counsel have avoided

5    publicly displaying the contents of confidential documents or otherwise revealing the specific

6    financial terms of various license agreements.  A similar approach can be taken at trial.  If a

7    witness inadvertently discloses especially sensitive information, Microsoft agrees with

8    Motorola that the parties should be afforded a reasonable opportunity to request appropriate

9    redactions of the trial transcript.  This has proven to be a workable solution in the past.

10       Closing the courtroom is impractical.  Repeatedly opening and closing the courtroom

11   during examinations of at least the six live witnesses identified by Motorola (and potentially

12   others) is likely to be a time-consuming distraction.  If the Court is inclined to grant Motorola's

13   request, Microsoft requests that any time lost during this process be subtracted from

14   Motorola's allotted trial time.

15       In sum, Microsoft does not anticipate that the introduction of sealed documents at trial

16   will require closure of the courtroom or that the courtroom otherwise will need to be closed to

17   adequately protect the confidentiality of trade secret information.

18   **B.    Any Licensing Agreements Admitted Into Evidence Should Be Redacted, But Not Sealed in Their Entirety**

19

20       Motorola has not established compelling reasons for sealing the entirety of its various

21   license agreements.  In its own Motion to Seal, Microsoft requested permission to redact the

22   financial terms of its patent license agreements, in the event that such agreements are admitted

23   into evidence.  Microsoft believes that this approach properly balances the parties' (and non-

24   parties') interest in maintaining the confidentiality of legitimate trade secret information with

25   the public's right to access judicial records.

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    As explained in Microsoft's Motion to Seal, the financial terms of a patent license

2  agreement constitute trade secrets that may be sealed at trial.  *See, e.g., In re Electronic Arts,*

3  298 Fed. App'x 568, 569 (9th Cir. 2008) (finding that "pricing terms, royalty rates, and

4  guaranteed minimum payment terms" in license agreements "plainly fall[] within the definition

5  of 'trade secrets'"); *Apple, Inc. v. Samsung Electronics Co., Ltd.,* 2012 WL 3283478, *4 (N.D.

6  Cal. Aug. 9, 2012) (same).

7    In the *Apple* case, both the parties and various third parties (including Motorola,

8  Microsoft, RIM, Koninklijke Philips, and IBM) moved to seal the financial and non-financial

9  terms of the various license agreements expected to be introduced at trial.  Those motions were

10  denied in part, and granted in part.  The court held that "pricing terms, royalty rates, and

11  guaranteed minimum payment terms' plainly fall within the definitions of 'trade secrets' for

12  purposes of sealing motions."  *Id.*, at *10, *citing In re Elec. Arts*, 298 Fed. Appx. 568, 569 (9th

13  Cir. 2008).  However, while these financial terms were deemed to be trade secrets not

14  appropriate for public disclosure, "all other licensing information, however, will not be

15  sealed."  *Id*.  The non-financial terms that were not sealed included the names of the license

16  parties, the license term, products covered, the scope of the license, and whether each license

17  included a cross license.  *Id.*, at *6, *10.

18    In light of the guidance provided by the Ninth Circuit, as recently applied in the *Apple*

19  case, Microsoft has provided the Court with redacted copies of its own confidential patent

20  license agreements, with the financial terms redacted.

21    Motorola has taken a different approach, asking the Court to seal over 50 of its license

22  agreements in their entirety.  Motion, pp. 8-11.

23    The non-financial terms of the agreements Motorola seeks to seal include the terms that

24  establish that these license agreements are not appropriate comparables for purposes of

25  determining the RAND royalty to which Motorola is entitled for its H.264 and 802.11 declared

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 5

1    essential patents.  Not only do the non-financial terms show that the agreements relate to

2    different patents and different standards (relating primarily to cellular technology), other

3    provisions, including cross-licensing provisions, confirm that these agreements simply cannot

4    serve as a rational benchmark from which to derive the value of Motorola's H.264 and 802.11

5    portfolios or an appropriate RAND royalty.  No compelling reason has been offered for sealing

6    this information.

7    **C.    Microsoft Agrees that Certain Specific Trial Exhibits Should Be Sealed**

8            Both parties have identified certain of the same documents that should be sealed – Trial

9    Exhibits 84, 524, 3333, and 3335.[2]  For the reasons outlined in Motorola's Motion and the

10   separate reasons advanced by Microsoft in its own Motion to Seal, the parties agree that these

11   documents disclose the trade secrets of Microsoft, Motorola or third parties, and therefore

12   should be sealed.

13   **D.    Motorola's Remaining Requests to Seal**

14           Except as otherwise stated above, Microsoft believes that Motorola generally has

15   outlined the correct legal standards applicable to its various remaining requests to seal.

16   However, Microsoft takes no position as to whether Motorola has made a sufficient showing of

17   compelling reasons to seal any specific evidence.

18   **E.    Response to MPEG LA's Joinder**

19           On November 5, 2012, MPEG LA filed Non-Party MPEG LA LLC's Joinder in

20   Defendants' Motion to Seal Documents (ECF No. 519), pursuant to which it seeks to seal the

21   following Trial Exhibits in their entirety:  21, 22, 72, 103, 104, 1141, 1636, and 3024.  MPEG

22   LA Joinder, pp. 3-4.  These documents consist of MPEG LA's form license agreements

23

24   [2] Trial Exhibits 84 and 524 are technical data sheets that disclose trade secrets of non-party Marvell
     Semiconductor, Inc. relating to certain 802.11-enabled chips.  Trial Exhibit 3343 contains similar trade secret
     relating to the 802.11-enabled chips manufactured by non-party Atheros.  Motorola asserts that this exhibit should

25   be sealed.  Motion, p. 14.  Microsoft agrees.

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

relating to its H.264 patent pool as well as documents relating to the negotiation of these agreements and related correspondence. *Id.* MPEG LA asserts that disclosure of the "agreements and correspondence … would grant MPEG's competitors and prospective counterparties an undue advantage in future negotiations and transactions with MPEG." *Id.*, at 5.

As stated above in Section II.B, while the financial terms of a license agreement often qualify as protectable trade secrets, the remaining terms generally do not. Here, no compelling reason exists to seal the financial terms of MPEG LA's standard agreement with its licensees, which already are a matter of public knowledge. Potential licensees interested in licensing the patents in MPEG LA's H.264 pool can review the standard terms of such a license (including the financial terms) on MPEG LA's public website, which includes detailed summaries of the license terms (*see* http://www.mpegla.com/main/programs/AVC/Pages/Agreement.aspx). Patent pools can only succeed if their licensing terms are publicized. MPEG LA's licensing terms are well known, publicly available, and intended to be. Over 1,100 licensees have accepted the financial terms offered by MPEG LA for a license to its H.264 patent pool. While there is no basis to seal MPEG LA's standard pool licensee agreement (Exs. 72, 103 and 104), if MPEG LA has reason to believe its other materials contain actual trade secrets, MPEG LA may wish to propose appropriate redactions.

## III.    CONCLUSION

For the reasons stated above, both Motorola's and IBM's Motions to Seal should be denied in part, and granted in part.

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 7

1          DATED this 7th day of November, 2012.

2                              CALFO HARRIGAN LEYH & EAKES LLP

3                              By s/ Arthur W. Harrigan, Jr._____
4                                   Arthur W. Harrigan, Jr., WSBA #1751
                                    Christopher Wion, WSBA #33207
5                                   Shane P. Cramer, WSBA #35099

6                              By  s/ T. Andrew Culbert_____
                                    T. Andrew Culbert
7                                   David E. Killough
                                    MICROSOFT CORPORATION
8                                   1 Microsoft Way
                                    Redmond, WA  98052
9                                   Phone:  425-882-8080
                                    Fax:  425-869-1327
10

11                                  David T. Pritikin
                                    Richard A. Cederoth
12                                  Constantine L. Trela, Jr.
                                    William H. Baumgartner, Jr.
13                                  Ellen S. Robbins
                                    Douglas I. Lewis
14                                  David C. Giardina
                                    John W. McBride
15                                  David Greenfield
                                    SIDLEY AUSTIN LLP
16                                  One South Dearborn
                                    Chicago, IL  60603
17                                  Phone:  312-853-7000
                                    Fax:  312-853-7036
18

19                                  Carter G. Phillips
                                    Brian R. Nester
20                                  SIDLEY AUSTIN LLP
                                    1501 K Street NW
21                                  Washington, DC  20005
                                    Telephone:  202-736-8000
22                                  Fax:  202-736-8711
                                    Counsel for Microsoft Corp.
23

24

25

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 8

**CERTIFICATE OF SERVICE**

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1.      I am over the age of 21 and not a party to this action.

2.      On the 7th day of November, 2012, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

Ralph Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081                    _____ Messenger
Lynn M. Engel, WSBA #21934                        _____ US Mail
Summit Law Group                                  _____ Facsimile
315 Fifth Ave. South, Suite 1000                  __X__ ECF
Seattle, WA  98104-2682
Telephone:  206-676-7000
Email:  Summit1823@summitlaw.com


Steven Pepe (*pro hac vice*)                       _____ Messenger
Jesse J. Jenner (*pro hac vice*)                   _____ US Mail
Ropes & Gray LLP                                   _____ Facsimile
1211 Avenue of the Americas                        __X__ ECF
New York, NY  10036-8704
Telephone:  (212) 596-9046
Email:  steven.pepe@ropesgray.com
Email:  jesse.jenner@ropesgray.com


Norman H. Beamer (*pro hac vice*)                  _____ Messenger
Ropes & Gray LLP                                   _____ US Mail
1900 University Avenue, 6th Floor                  _____ Facsimile
East Palo Alto, CA  94303-2284                     __X__ ECF
Telephone:  (650) 617-4030
Email:  norman.beamer@ropesgray.com

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

Paul M. Schoenhard (*pro hac vice*)                    _____ Messenger
Ropes & Gray LLP                                        _____ US Mail

2

One Metro Center                                        _____ Facsimile
700 12th Street NW, Suite 900                     ___X___ ECF

3

Washington, DC  20005-3948
Telephone:  (202) 508-4693

4

Email: Paul.schoenhard@ropesgray.com

5

        DATED this 7th day of November, 2012.

6

7

                              s/ Linda Bledsoe_____

8

                              LINDA BLEDSOE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT'S CONSOLIDATED RESPONSE TO
MOTIONS TO SEAL - 10

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717