The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>      v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION.,<br><br>                    Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, November 16, 2012** |

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility LLC, and General Instrument Corporation (collectively "Motorola") respectfully move for leave to file under seal the portions of Motorola's trial brief containing confidential information, including licensing terms, for which there is compelling reasons to seal.

## II. LEGAL STANDARD

Although historically courts have recognized a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has explained that "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that the court of appeals erred in reversing the district court's decision not to release tapes in its custody which were used at trial).

In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id*. Accordingly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information. *See* Fed. R. Civ. P. 26(c)(1)(G) (stating that a court may require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

In the Ninth Circuit, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure by stating "compelling reasons" for sealing. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) ("In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets.") (citing *Nixon*, 435

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

U.S. at 598)); *see also In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Similarly, Local Rule CR 5(g)(2) states that, with regard to dispositive motions, the presumption of public access to the Court's files "may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." As this Court has recognized, the Ninth Circuit has adopted the Restatements' definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms*, No. C08-1632 MJP, 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4 2010) (quoting *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). According to this definition, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark*, 453 F.2d at 1009 (quoting *Restatement of Torts* § 757, cmt. b); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008).

Applying this definition, the Ninth Circuit has explicitly found that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret. *Clark*, 453 F.2d at 1009. The Ninth Circuit has similarly found that "pricing terms, royalty rates, and guaranteed minimum payment terms" in licensing agreements is "information that plainly falls within the definition of 'trade secrets.'" *In re Elec. Arts*, 298 F. App'x at 569-70. Under the "compelling reasons" standard, moreover, numerous district courts in the Ninth Circuit have sealed confidential information relating to internal finances (including revenues and profits), product specifications, and licensing information. *See, e.g.*, *Hendrix v. Branton*, C93–537–TSZ–RSM, 2012 WL 2455741, at *4 (W.D. Wash. June 26, 2012) (finding "compelling reasons" for sealing settlement agreement containing a confidentiality provision prohibiting the disclosure of financial terms in the agreement except under certain circumstances); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *2-4 (S.D. Cal. May 24, 2012) (sealing declarations and documents containing cost analysis relating to sales and business data and product development

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

plans); *Bean v. John Wiley & Sons, Inc.*, No. CV 11–08028–PCT–FJM, 2012 WL 1078662, at *5-6 (D. Ariz. Mar. 30, 2012) (sealing "precise revenue results" and "exact sales and production numbers," in charts summarizing defendant's sales and revenue figures broken out by product); *TriQuint Semiconductor v. Avago Techs., Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *3-7 (D. Ariz. Dec. 13, 2011) (sealing documents containing sensitive financial information and licensing information); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283420, at *9 (N.D. Cal. Aug. 10, 2012) (sealing details of license agreement); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (sealing material that would subject third parties to competitive harm). Indeed, "[w]here [] material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011).

### III.   BACKGROUND

Throughout this litigation, the parties have produced many confidential and highly sensitive documents relating to their business and licensing practices and histories, business strategy, financial information, and technical developments, including sensitive documents that contain the highly confidential information of third parties. Moreover, other third parties, such as MPEG LA, Via Licensing and MOSAID, have produced additional confidential and highly sensitive documents relating to their own business and licensing practices in response to subpoenas issued by the parties. In order to protect such confidential material, Microsoft and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.)[1]  This Protective Order outlines categories of material that should be

---

[1] On October 3, 2012, the Court amended the Protective Order to permit two of Microsoft's in-house attorneys to have additional access to confidential materials. (*See* Dkt. No. 447.) In arguing that the Protective Order should be amended, Microsoft stated that these two attorneys "will <u>not</u> be permitted to disclose this information to others at

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id.* at 4. Finally, Paragraph 2(a) of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington. The Protective Order similarly envisions that confidential information will need to be discussed at trial, and contains provisions relating to the confidentiality of sealed trial proceedings. (*See, e.g.*, Dkt. No. 72 at ¶ 7 (discussing "confidential portion[s] of the trial").)

---

Microsoft or Motorola, or use this information for any purpose other than for this litigation – namely, to assist outside counsel in preparation for trial and remaining pre-trial motion practice." (Dkt. No. 434 at 4 (emphasis in original).)

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Since entry of the Protective Order, Microsoft, Motorola and subpoenaed third parties have produced hundreds of thousands of pages designated as "Confidential" under the Protective Order in reliance on the protections offered by that Order and with the expectation that confidential information would be protected from public disclosure. In cases where Motorola has confidential licensing or other commercially sensitive financial information of a third party in its files, before producing such information it has sought and obtained permission from the third party to produce the information subject to the Protective Order. (*See* Dkt. No. 436.)

On October 29, 2012, Motorola moved to seal 101 (out of 3,300) of the proposed trial exhibits relating to confidential information including the terms of various licenses between Motorola and third parties. (Dkt. No. 495.) Microsoft has filed a similar motion (Dkt. No. 510), and numerous third parties have either filed their own motions or joined Motorola's motion (*see*, *e.g.*, Dkt. Nos. 498, 502, 508, 515, 518, 519, 522, 531).

Over the course of this litigation, the parties have filed numerous motions to seal documents submitted in support of dispositive motions (and so falling under the "compelling reasons" standard) (*see*, *e.g.*, Dkt. Nos. 227, 234, 271, 282, 287, 361, and 372) – motions that the Court has granted (*see, e.g.*, Dkt. Nos. 294, 336, 337, 338, 384, 385). In addition to granting motions as to highly confidential business and financial information and licensing practices and history, the Court has found that there is "compelling reason" to seal Microsoft's proprietary source code (Dkt. No. 292 at 2), "descriptions of Motorola's licensing negotiations and agreements with third parties" (*id.* at 3), and a copy of a licensing agreement between Motorola and a third party that has been marked as containing confidential business information, (*id.* at 3-4). Applying the "compelling reason" standard, the Court has also ordered sealed a number of documents, including Motorola's and Microsoft's past licenses.

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## IV. THE COURT SHOULD GRANT THE MOTION TO SEAL

In light of the authority cited above and for the reasons discussed below, the Court should grant Motorola's motion to seal portions of Motorola's trial brief containing highly confidential information, including information regarding licenses and licensing terms between Motorola, Microsoft, and various third parties. The majority of the information redacted from Microsoft's trial brief is derived from exhibits Motorola explicitly moved to seal in its October 29, 2012 motion, including exhibits that include information about licenses and licensing terms. (*See* Dkt. No. 495 at 8-11.) Because public disclosure of this information would have the potential to lead to an unfair business advantage and competitive harm, this information constitutes trade secrets within the Ninth Circuit definition. *See, e.g.*, *Clark*, 453 F.2d at 1009 (quoting *Restatement of Torts* § 757, cmt. b); *In re Elec. Arts*, 298 F. App'x at 569-70. Additionally, the competitive harm that would result from disclosure of this information outweighs the compelling interest in having the judicial proceedings open to the public. Accordingly, this information, including information contained in summary exhibits, relating to such negotiations should be sealed in its entirety.

In addition, Motorola has redacted information derived from three exhibits or documents that Microsoft has designated as "confidential" under the protective order and that were not identified in Motorola's October 29 motion. The first of these is Exhibit 123, an internal Microsoft email, dated November 21, 2003, bearing production numbers MS-MOTO_1823_00002353089-91, and marked as "MICROSOFT CONFIDENTIAL – Do Not Forward Externally." The second is Exhibit 2345, an email from Microsoft employee Gary Sullivan, bearing production numbers MS-MOTO_1823_00002433307-09, and marked "CONFIDENTIAL BUSINESS INFORAMTION, SUBJECT TO PROTECTIVE ORDER." The third of these documents is the deposition of Jon S. DeVaan, taken under oath on Tuesday,

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

July 31, 2012, which Microsoft has marked "in its entirety as confidential, attorneys' eyes only." As Microsoft has designated these documents as "confidential," Motorola has redacted this information pending argument from Microsoft.[2]

Finally, Motorola has redacted information from Exhibit 3194, an internal email produced by Via Licensing Corporation, and designated "VIA LICENSING'S CONFIDENTIAL FINANCIAL INFORMATION OUTSIDE ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER." Because this document contains information which may be Microsoft confidential information, Motorola has similarly redacted information from this document out of an abundance of caution.

## V. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order sealed the portions of Motorola's trial brief containing confidential information, including licensing terms, for which there is compelling reasons to seal. In lieu of seeking to seal all of its trial brief, Motorola has redacted only those portions of its brief that disclose this confidential information. Redactions were made to limit as little information as possible, leaving the remainder available for public review.

---

[2] Motorola does not believe that there are compelling reasons to seal Exhibit 2345 or the DeVaan deposition, but has redacted this information out of an abundance of caution, as Microsoft designated these documents as "confidential" under the protective order.

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  DATED this 7th day of November, 2012.

2                                                        Respectfully submitted,

3                                                        SUMMIT LAW GROUP PLLC

4                                                        By */s/ Ralph H. Palumbo*
5                                                            Ralph H. Palumbo, WSBA #04751
                                                             Philip S. McCune, WSBA #21081
6                                                            Lynn M. Engel, WSBA #21934
                                                             *ralphp@summitlaw.com*
7                                                            *philm@summitlaw.com*
                                                             *lynne@summitlaw.com*
8
9                                                        By */s/ Thomas V. Miller*
                                                             Thomas V. Miller
10                                                           MOTOROLA MOBILITY LLC
                                                             600 North U.S. Highway 45
11                                                           Libertyville, IL  60048-1286
                                                             (847) 523-2162
12
13                                                       And by

14                                                           Jesse J. Jenner (*pro hac vice*)
                                                             Steven Pepe (*pro hac vice*)
15                                                           Kevin J. Post (*pro hac vice*)
                                                             Ropes & Gray LLP
16                                                           1211 Avenue of the Americas
                                                             New York, NY  10036-8704
17                                                           (212) 596-9046
                                                             *jesse.jenner@ropesgray.com*
18                                                           *steven.pepe@ropesgray.com*
                                                             *kevin.post@ropesgray.com*
19
                                                             James R. Batchelder (*pro hac vice*)
20                                                           Norman H. Beamer (*pro hac vice*)
                                                             Ropes & Gray LLP
21                                                           1900 University Avenue, 6th Floor
                                                             East Palo Alto, CA  94303-2284
22                                                           (650) 617-4030
                                                             *james.batchelder@ropesgray.com*
23                                                           *norman.beamer@ropesgray.com*

24

25

26

---

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| | |
|---|---|
| 1 | Paul M. Schoenhard (*pro hac vice*) |
| 2 | Ropes & Gray LLP<br>One Metro Center |
| 3 | 700 12th Street NW, Suite 900<br>Washington, DC  20005-3948 |
| 4 | (202) 508-4693<br>*paul.schoenhard.@ropesgray.com* |
| 5 | ***Attorneys for Motorola Solutions, Inc.,*** |
| 6 | ***Motorola Mobility LLC and General Instrument Corp.*** |

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Arthur W. Harrigan, Jr., Esq.
>Christopher T. Wion, Esq.
>Shane P. Cramer, Esq.
>Calfo Harrigan Leyh & Eakes LLP
>*arthurh@calfoharrigan.com*
>*chrisw@calfoharrigan.com*
>*shanec@calfoharrigan.com*
>
>Richard A. Cederoth, Esq.
>Brian R. Nester, Esq.
>David T. Pritikin, Esq.
>Douglas I. Lewis, Esq.
>John W. McBride, Esq.
>David Greenfield, Esq.
>William H. Baumgartner, Jr., Esq.
>David C. Giardina, Esq.
>Carter G. Phillips, Esq.
>Constantine L. Trela, Jr., Esq.
>Ellen S. Robbins, Esq.
>Nathaniel C. Love, Esq.
>Sidley Austin LLP
>*rcederoth@sidley.com*
>*bnester@sidley.com*
>*dpritikin@sidley.com*
>*dilewis@sidley.com*
>*jwmcbride@sidley.com*
>*david.greenfield@sidley.com*
>*wbaumgartner@sidley.com*
>*dgiardina@sidley.com*
>*cphillips@sidley.com*
>*ctrela@sidley.com*
>*erobbins@sidley.com*
>*nlove@sidley.com*
>
>T. Andrew Culbert, Esq.
>David E. Killough, Esq.
>Microsoft Corp.
>*andycu@microsoft.com*
>*davkill@microsoft.com*

DATED this 7th day of November, 2012.

          /s/ *Marcia A. Ripley*
          Marcia A. Ripley

DEFENDANTS' MOTION TO FILE TRIAL BRIEF UNDER SEAL - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001