THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | No.: 2:10-1823-JLR<br><br>NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**November 9, 2012**<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

Via Licensing Corporation ("Via Licensing") is not a party to this lawsuit. But in response to subpoenas, Via Licensing produced highly-sensitive and confidential documents. Less than two weeks ago, Via Licensing was informed, for the first time, that the parties intend to offer and admit some of Via Licensing's documents at trial.[1] Because compelling

---

[1] Via Licensing produced confidential documents pursuant to the Court's protective order. *See* Dkt. No. 72. Under the Court's order, unless the parties submit the documents under seal, Via Licensing must receive notice and an opportunity to be heard before any of its confidential documents are submitted to the Court. The first and only notice received by Via Licensing was through a letter from Microsoft, dated October 26. For this reason, this motion only addresses those documents identified in the October 26 letter.

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 1

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

reasons justify protecting these documents from public disclosure, Via Licensing respectfully moves the Court to seal the following: (1) the 802.11 Licensing Committee PowerPoint presentation; (2) the executed 802.11 Interim Licensing Committee Agreements; (3) the executed 802.11 Commercialization Agreement (and Amendment One); and (4) several internal Via Licensing emails. Attached as **Appendix A** is a spreadsheet that identifies the Bates-number range for each document Via Licensing moves to seal.[2]

## II. BACKGROUND FACTS

To help facilitate the efficient performance of electronic devices, Standard Setting Organizations promulgate international compliance standards.[3] Compliance with these standards could potentially require the use of numerous patented technologies.[4] Via Licensing helps with commercialization of the standardized technology by developing and administering patent licensing programs or "patent pools."[5] That is, Via Licensing identifies entities who hold patents essential to conformance with the applicable standard and joins those patents into a single licensing program. Such a program enables manufacturers and sellers of electronic devices to efficiently license patents from multiple patent owners through one agreement, rather than engaging in separate negotiations and agreements with each individual patent owner.[6]

Via Licensing's creation of patent licensing programs involves multiple steps. First, Via Licensing must identify entities holding patents to technologies necessary to comply

---

[2] For convenience, Via Licensing filed hard copies of these documents under seal with the court. *See* Sealed Declaration of Matthew J. Sekits in Support of Non-Party Via Licensing Corporation's Motion to Seal Trial Exhibits ("Sekits Decl.") at pp. 5 to 307.

[3] Declaration of Keith P. Gray in Support of Non-Party Via Licensing Corporation's Motion to Seal Trial Exhibits ("Gray Decl.") at ¶ 2.

[4] *Id.*

[5] *Id.*

[6] *Id.*

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 2

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

with the applicable standard.[7] Entities interested in participating in the programs submit patents believed to be essential to the standard to an independent third-party patent expert, who evaluates the patents and determines whether the submitted patents are essential to compliance with the applicable standard.[8]

Next, entities owning essential patents enter into an agreement, known as an Interim Licensing Committee Agreement ("ILCA"), with Via Licensing.[9] The ILCA governs the relationship between the essential patent owners and Via Licensing, while Via Licensing and the patent owners develop the business and contractual terms of the program.[10] Once the program is completed and ready for launch, the patent owners and Via Licensing enter into a separate agreement authorizing Via Licensing to license the essential patents of the licensors to the marketplace.[11] This separate agreement is known as the Commercialization Agreement ("ComAg").[12]

Throughout this development process, both Via Licensing and the licensors treat all information regarding the licensing program as highly confidential, understanding that disclosure of this information to any third party is prohibited.[13] Both the ILCA and the ComAg contain confidentiality provisions.[14] These provisions expressly provide for

---

[7] *Id.* at ¶ 3.
[8] *Id.*
[9] *Id.* at ¶ 4.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at ¶ 5.
[14] *Id.*

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 3

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

information exchanged between Via Licensing and the licensors to remain confidential throughout the development and administration of the patent licensing program.[15]

Following the execution of the ComAg, Via Licensing offers a Patent License Agreement ("PLA") to interested entities that manufacture or sell products that comply with the applicable standard. Under the PLA, the licensees obtain the right to practice the essential patents of the licensors.[16] The PLAs are standard, non-negotiable agreements, that Via Licensing offers to the market.[17]

One of the industry standards for which Via Licensing developed a patent pool licensing program is the Institute of Electrical and Electronics Engineers ("IEEE") 802.11 standard at issue in this litigation.[18] The 802.11 standard defines a system for extending Ethernet networking through wireless means, requiring the utilization of numerous essential patented technologies.[19] Via Licensing acts as an agent for some of the patent owners and facilitates licensing of these patent owners' essential patents, necessary for devices to comply with the 802.11 standard.[20]

During the course of discovery in this lawsuit, Via Licensing was served with subpoenas at its headquarters in San Francisco, California, requiring it to produce documents.[21] Via Licensing complied with the subpoenas and took reasonable steps to

---

[15] *Id.*

[16] *Id.* at ¶ 6.

[17] *Id.*

[18] *Id.* at ¶ 7.

[19] *Id.*

[20] *Id.*

[21] *Id.* at ¶ 8.

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 4

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

maintain the confidentiality of the responsive documents, labeling each as follows:

> VIA LICENSING'S CONFIDENTIAL FINANCIAL INFORMATION OUTSIDE ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER[.][22]

Less than two weeks ago, on Friday, October 26, Via Licensing received a letter identifying Via Licensing's documents that the parties intend to offer and admit at trial.[23] In response to that letter, Via Licensing reviewed the proposed trial exhibit list and determined that several of its documents should be sealed.[24] These documents contain highly-sensitive and confidential information, including trade secrets, that will irreparably damage Via Licensing if they are made available to Via Licensing's competitors and the public.[25] Thus, Via Licensing hired local counsel at its own expense to prepare and file this motion.[26]

## III. ARGUMENT

### A. The Court should seal documents if their disclosure will place a non-party at a competitive disadvantage or divulge its trade secrets.

Although district courts are to begin with a presumption in favor of access to judicial records,[27] a party (or non-party) moving to seal a judicial record can overcome this presumption by satisfying the Ninth Circuit's "compelling reasons" standard.[28] According to this standard, a district court must consider all relevant factors, including the public's interest in understanding the judicial process, and whether disclosure would result in use of the

---

[22] *Id.*

[23] *Id.* at ¶ 9.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The presumption applies to dispositive pleadings and other documents affecting resolution of the dispute on the merits. *Kamakana v. v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

[28] *Id.* at 1178; *see also* LCR 5(g)(2).

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 5

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

material for an improper purpose.[29] The competing interests of the public and the party seeking to seal judicial records are then balanced.[30] "'After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'"[31]

Both the Supreme Court and the Ninth Circuit have identified several dangers that justify sealing records. For example, federal courts may refuse to permit public inspection of records containing business information that would compromise a company's competitive advantage in the marketplace.[32] Likewise, documents that would divulge a business's trade secrets should be sealed.[33] More specifically, license agreements have been deemed to contain trade secrets worthy of protection from public disclosure.[34]

**B.      The 802.11 Licensing Committee PowerPoint presentation should be sealed.**

In this case, Via Licensing produced slides from a PowerPoint presentation given in Paris, France, regarding Via Licensing's 802.11 licensing program—i.e., the 802.11 Licensing Committee PowerPoint presentation.[35] This presentation provided a report to licensors holding essential 802.11 patents licensed under the program.[36] The PowerPoint slides were marked "confidential" and were presented to the program licensors for

---

[29] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

[30] *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

[31] *Foltz*, 331 F.3d at 1135 (quoting *Hagestad*, 49 F.3d at 1434).

[32] *Nixon v. Warner Commc'ns*, Inc., 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978).

[33] *Kamakana*, 447 F.3d at 1179.

[34] *See, e.g., In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Apple, Inc. v. Samsung Elecs., Co.*, 2012 WL 32834478 at *6 (N.D. Cal. 2012); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 3283420 at *9 (N.D. Cal. 2012).

[35] Gray Decl. at ¶ 10.

[36] *Id.*

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

discussions during the Paris meeting, which was conducted pursuant to the terms of the ComAg, including its confidentiality provisions.[37] These slides, in particular, divulge frank assessments of prospective licensees, marketing tactics, litigation strategies, and Via Licensing's and the licensors' future business development plans.[38] The presentation also contained highly-sensitive information about specific licensees, including Via Licensing's perspectives, opinions, and strategies about those named licensees.[39]

Disclosure of these slides will irreparably injure Via Licensing and compromise its competitive advantage in the marketplace. This injury is neither hypothetical nor speculative. Publication of the information will, at a minimum, put Via Licensing at a serious competitive disadvantage, and may preclude Via Licensing from securing future agreements with certain of the identified licensees. Competitors of Via Licensing can use the information found on these slides to target prospective licensees, adopt its marketing strategies, or create their own independent agreements. Moreover, potential infringers can use knowledge of Via Licensing's litigation strategies to avoid Via Licensing's enforcement actions. Redaction of the slides is not sufficient to protect this information which runs throughout the entire presentation. In order to prevent irreparable harm to Via Licensing, the 802.11 Licensing Committee PowerPoint presentation should be sealed.

C.     **The executed 802.11 ILCAs and ComAg should be sealed.**

As noted above, federal courts routinely hold that licensing agreements constitute trade secrets, which overcome the presumption of public access.[40] Via Licensing also produced agreements with its licensors—the executed 802.11 ILCAs and the executed

---

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *See, e.g., In re Elec.*, 298 Fed. Appx. at 569; *Apple*, 2012 WL 32834478 at *6; *Powertech*, 2012 WL 3283420 at *9.

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 7

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

802.11 ComAg.[41] These documents contain royalty sharing terms, licensing strategies, and other highly-sensitive information critical to the success of Via Licensing's business.[42]

In addition, the documents identify the terms and conditions governing the relationship between Via Licensing and the 802.11 program licensors under which the essential patent owners agreed to join the licensing program.[43] Via Licensing and these patent owners expect that the terms of these agreements will remain confidential and understand that disclosure to third parties is prohibited.[44]

Finally, Via Licensing has spent significant time and resources refining the procedure and license documents for its licensing programs, including the 802.11 licensing program.[45] Much of that effort will be undermined if it becomes known to Via Licensing's competitors. Via Licensing cannot sufficiently protect the ILCAs and ComAg through redaction as each and every term of the documents themselves constitute the protected licensing agreements.[46] The sealing of the ILCAs and the ComAg is the only way to prevent them from being used improperly.

### D. Internal emails related to Via Licensing's business strategies should be sealed.

The parties in this case have identified as trial exhibits several emails internal to Via Licensing.[47] Although these emails may be relevant and admissible at trial, they nevertheless

---

[41] Gray Decl. at ¶ 11. Although the 802.11 PLAs are licensing agreements entitled to protection, Via Licensing does not move to have the PLAs sealed. Via Licensing concedes that the PLAs are standard, non-negotiable agreements that Via Licensing offers to the market. Because Via Licensing voluntarily disclosed the PLAs to third parties it does not move the Court to seal them.

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.* at ¶ 12.

[46] *Id.*

[47] *Id.* at ¶ 13.

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR
Page 8

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

reveal Via Licensing's confidential marketing, and negotiation strategies.[48] In addition, the emails include discussions of royalty rates, royalty sharing terms, and other confidential licensing details.[49] Public disclosure of this information would enable competitors to undermine Via Licensing's relationships with its licensors—relationships that Via Licensing has been fostering for years.[50] Likewise, the candid assessments of prospective licensees contained in the emails could sour Via Licensing's relationships with potential customers, costing it additional licensees in the future, and placing Via Licensing at a competitive disadvantage in the marketplace.[51] Because this sensitive information is spread throughout the emails, redaction is not a viable alternative. There are compelling reasons, then, that strongly favor sealing these internal confidential emails.

## IV. REQUEST FOR RELIEF

For the above reasons, Via Licensing respectfully requests that the Court seal (1) the 802.11 Licensing Committee PowerPoint presentation; (2) the executed 802.11 ILCAs; (3) the executed 802.11 ComAg (and Amendment One); and (4) the identified internal Via Licensing emails. Attached as **Appendix A** is a spreadsheet that identifies the Bates-number range for each document Via Licensing moves to seal.[52]

---

[48] *See id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *See also* Sekits Decl. at pp. 5 to 307.

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 9

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

1 | DATED: November 8, 2012

Bullivant Houser Bailey PC

/s/ Matthew J. Sekits
Matthew J. Sekits, WSBA #26175
E-Mail: matthew.sekits@bullivant.com
Daniel R. Bentson, WSBA #36825
E-Mail: dan.bentson@bullivant.com
Attorneys for Via Licensing
Bullivant Houser Bailey PC
1700 Seventh Avenue, Suite 1810, Seattle, Washington 98101-1397
206.292.8930

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 10

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

# CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2012, I electronically filed the foregoing with the Clerk of the Court using the e-filing system which will send notification of such filing to the persons listed below:

| Attorneys for Microsoft Corp.: | Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc. |
|---|---|
| Arthur W. Harrigan, Jr., WSBA #1751<br>Christopher Wion, WSBA #33207<br>Shane P. Cramer, WSBA #35099<br>CALFO HARRIGAN LEYH & EAKES LLP<br>999 Third Avenue Ste. 4400<br>Seattle, WA 98104<br>Phone: 206.623.1700<br>Email: arthurh@ calfoharrigan.com<br>Email: chrisw@calfoharrigan.com<br>Email: shanec@calfoharrigan.com | Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Lynn M. Engel, WSBA #21934<br>SUMMIT LAW GROUP<br>315 Fifth Ave., South Ste. 1000<br>Seattle, WA 98104<br>Email: ralphp@@summitlaw.com<br>Email: philm@summitlaw.com<br>Email: lynne@summitlaw.com |
| T. Andrew Culbert, WSBA #35925<br>David E. Killough, WSBA #40185<br>MICROSOFT CORPORATION<br>1 Microsoft Way<br>Redmond, WA 98052<br>Phone: 425.882.8080<br>Email: andycu@microsoft.com<br>Email: davkill@microsoft.com | Pro hac vice:<br><br>Steven Pepe<br>Jesse J. Jenner<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Phone: 212.596.9046<br>Email: steven.pepe@ropesgray.com<br>Email: jesse.jenner@ropesgray.com |
| Pro hac vice:<br><br>David T. Pritikin<br>Email: dpritikin@sidley.com<br>Richard A. Cederoth<br>Email: rcederoth@sidley.com<br>Constantine L. Trela, Jr.<br>Email: ctrela@sidley.com<br>William H. Baumgartner, Jr.<br>Email: wbaumgartner@sidley.com<br>Ellen W. Robbins<br>Email: erobbins@@sidley.com<br>Douglas I. Lewis<br>Email: dilewis@sidley.com<br>David C. Giardina<br>Email: dgiardina@sidley.com<br>John W. McBride<br>Email: jwmcbride@sidley.com<br>David Greenfield<br>Email: david.greenfield@sidley.com<br>Nathaniel C. Love<br>Email: nlove@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Phone: 312.853.7000 | Norman H. Beamer<br>ROPES & GRAY LLP<br>1900 University Ave., 6th Floor<br>East Palo Alto, CA 94303<br>Phone: 650.617.4030<br>Email: norman.beamer@ropesgray.com<br><br>Paul M. Schoenhard<br>ROPES & GRAY LLP<br>One Metro Center<br>700 12th Street NW, Ste. 900<br>Washington, DC 2005<br>Phone: 202.508.4693<br>Email: paul.schoenhard@ropesgray.com |

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL EXHIBITS
No.: 2:10-1823-JLR

Page 11

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

1 | Carter G. Phillips
Brain R. Nester
2 | SIDLEY AUSTIN LLP
1501 K Street NW
3 | Washington, DC 20005
Phone: 202.736.8711
4 | Email: cphillips@sidley.com
Email: bnester@sidley.com

6 | Dated: November 8, 2012

_____
Genevieve Schmidt

10 | 13917979.1

NON-PARTY VIA LICENSING CORPORATION'S MOTION TO SEAL     Page 12     **Bullivant|Houser|Bailey PC**
TRIAL EXHIBITS
No.: 2:10-1823-JLR
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930