THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  MICROSOFT CORPORATION, a
Washington corporation,

11                            Plaintiff,

12        v.

13

MOTOROLA, INC., MOTOROLA
14  MOBILITY LLC, and GENERAL
INSTRUMENT CORPORATION,

15                            Defendants.

16

No.: 2:10-1823-JLR

DECLARATION OF KEITH P. GRAY IN
SUPPORT OF NON-PARTY VIA
LICENSING CORPORATION'S MOTION
TO SEAL TRIAL EXHIBITS

**NOTE ON MOTION CALENDAR:**

**November 9, 2012**

17        Keith P. Gray declares as follows:

18        1.        I am an Intellectual Property Licensing Attorney at Via Licensing Corporation

19  ("Via Licensing").  I reviewed the documents produced by Via Licensing in the present

20  lawsuit.  I make this declaration based upon my personal knowledge.

21        2.        To help facilitate the efficient performance of electronic devices, Standard

22  Setting Organizations promulgate international compliance standards.  Compliance with

23  these standards could potentially require the use of numerous patented technologies.  Via

24  Licensing helps with commercialization of the standardized technology by developing and

25  administering patent licensing programs or "patent pools."  That is, Via Licensing identifies

26

DECLARATION OF KEITH P. GRAY IN SUPPORT OF NON-PARTY        Page 1
VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL
EXHIBITS  No.: 2:10-1823-JLR

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

1 entities who hold patents essential to conformance with the applicable standard and joins

2 those patents into a single licensing program.  Such a program enables manufacturers and

3 sellers of electronic devices to efficiently license patents from multiple patent owners

4 through one agreement, rather than engaging in separate negotiations and agreements with

5 each individual patent owner.

6       3.     Via Licensing's creation of patent licensing programs involves multiple steps.

7 First, Via Licensing must identify entities holding patents to technologies necessary to

8 comply with the applicable standard.  Entities interested in participating in the programs

9 submit patents believed to be essential to the standard to an independent third-party expert,

10 who evaluates the patents and determines whether the submitted patents are essential to

11 compliance with the applicable standard.

12       4.     Next, entities owning essential patents enter into an agreement, known as an

13 Interim Licensing Committee Agreement ("ILCA"), with Via Licensing.  The ILCA governs

14 the relationship between the essential patent owners and Via Licensing, while Via Licensing

15 and the patent owners develop the business and contractual terms of the program.  Once the

16 program is completed and ready for launch, the patent owners and Via Licensing enter into a

17 separate agreement authorizing Via Licensing to license the essential patents of the licensors

18 to the marketplace.  This separate agreement is known as the Commercialization Agreement

19 ("ComAg").

20       5.     Throughout this development process, both Via Licensing and the licensors

21 treat all information regarding the licensing program as highly confidential, understanding

22 that disclosure of this information to any third party is prohibited.  Both the ILCA and the

23 ComAg contain confidentiality provisions.  These provisions expressly provide for

24 information exchanged between Via Licensing and the licensors to remain confidential

25 throughout the development and administration of the patent licensing program.

26       6.     Following the execution of the ComAg, Via Licensing offers a Patent License

DECLARATION OF KEITH P. GRAY IN SUPPORT OF NON-PARTY     Page 2
VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL
EXHIBITS  No.: 2:10-1823-JLR

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

1 Agreement ("PLA") to interested entities that manufacture or sell products that comply with

2 the applicable standard.  Under the PLA, the licensees obtain the right to practice the

3 essential patents of the licensors.  The PLAs are standard, non-negotiable agreements, that

4 Via Licensing offers to the market.

5        7.      One of the industry standards for which Via Licensing developed a patent pool

6 licensing program is the Institute of Electrical and Electronics Engineers ("IEEE") 802.11

7 standard at issue in this litigation.  The 802.11 standard defines a system for extending

8 Ethernet networking through wireless means, requiring the utilization of numerous essential

9 patented technologies.  Via Licensing acts as an agent for some of the patent owners and

10 facilitates licensing of these patent owners' essential patents, necessary for devices to comply

11 with the 802.11 standard.

12        8.      During the course of discovery in this lawsuit, Via Licensing was served with

13 subpoenas at its headquarters in San Francisco, California, requiring it to produce

14 documents.  Via Licensing complied with the subpoenas and took reasonable steps to

15 maintain the confidentiality of the responsive documents, labeling each as follows:

16               VIA LICENSING'S CONFIDENTIAL FINANCIAL INFORMATION
              OUTSIDE ATTORNEYS' EYES-ONLY SUBJECT TO PROTECTIVE

17               ORDER[.]

18        9.      Less than two weeks ago, on Friday October 26, Via Licensing received a

19 letter identifying Via Licensing's documents that the parties intend to offer and admit at trial.

20 Attached at pp. 8 to 10 is a true and correct copy of that letter.  In response, Via Licensing

21 reviewed the proposed trial exhibit list and determined that several of its documents should

22 be sealed.  These documents contain highly-sensitive and confidential information, including

23 trade secrets, that will irreparably damage Via Licensing if they are made available to Via

24 Licensing's competitors and the public.  Thus, Via Licensing hired local counsel at its own

25 expense to prepare and file a motion to seal.

26        10.      In this case, Via Licensing produced slides from a PowerPoint presentation

1   given in Paris, France, regarding Via Licensing's 802.11 licensing program—i.e., the 802.11

2   Licensing Committee PowerPoint presentation.  This presentation provided a report to

3   licensors holding essential 802.11 patents licensed under the program.  The PowerPoint

4   slides were marked "confidential" and were presented to the program licensors for discussion

5   during the Paris meeting, which was conducted pursuant to the terms of the ComAg,

6   including its confidentiality provisions.  These slides, in particular, divulge frank assessments

7   of prospective licensees, marketing tactics, litigation strategies, and Via Licensing's and the

8   licensor's future business development plans.  The presentation also contained highly-

9   sensitive information about specific licensees, including Via Licensing's perspectives,

10   opinions, and strategies about those named licensees.

11        11.    In addition to the PowerPoint presentation described above, Via Licensing also

12   produced agreements with its licensors—the executed 802.11 ILCAs and the executed

13   802.11 ComAg.  These documents contain royalty sharing terms, licensing strategies, and

14   other highly-sensitive information critical to the success of Via Licensing's business.  They

15   also identify the terms and conditions governing the relationship between Via Licensing and

16   the 802.11 program licensors under which the essential patent owners agreed to join the

17   licensing program.  Via Licensing and these patent owners expect that the terms of these

18   agreements will remain confidential, understanding that disclosure to third parties is

19   prohibited.

20        12.    Via Licensing has spent significant time and resources refining the procedure

21   and license documents for its licensing programs, including the 802.11 licensing program.

22   Much of that effort will be undermined if it becomes known to Via Licensing's competitors.

23        13.    The parties in this case have identified as trial exhibits several emails internal

24   to Via Licensing.  These emails reveal Via Licensing's confidential marketing, and

25   negotiation strategies.  In addition, the emails include discussions of royalty rates, royalty

26   sharing terms, and other confidential licensing details.  Public disclosure of this information

DECLARATION OF KEITH P. GRAY IN SUPPORT OF NON-PARTY    Page 4       **Bullivant|Houser|Bailey PC**
VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL                 1700 Seventh Avenue, Suite 1810,
EXHIBITS  No.: 2:10-1823-JLR                                      Seattle, Washington 98101-1397
                                                           Telephone: 206.292.8930

1   would enable competitors to undermine Via Licensing's relationships with its licensors—

2   relationships that Via Licensing has been fostering for years. Likewise, the candid

3   assessments of prospective licensees contained in the emails could sour Via Licensing's

4   relationships with potential customers, costing it additional licensees in the future, and

5   placing Via Licensing at a competitive disadvantage in the marketplace.

6        I declare under penalty of perjury under the laws of the United States that the

7   foregoing is true and correct.

8        DATED:  November 8, 2012, at San Francisco, California.

9

10

11                              By: _____

12                                  Keith P. Gray

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF KEITH P. GRAY IN SUPPORT OF NON-PARTY        Page 5.
VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL
EXHIBITS  No.: 2:10-1823-JLR

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

**CERTIFICATE OF SERVICE**

1

2      I hereby certify that on November 8, 2012, I electronically filed the foregoing with the Clerk of the Court

3   using the e-filing system which will send notification of such filing to the persons listed below:

4   Attorneys for Microsoft Corp.:                    Attorneys for Motorola Solutions, Inc., and
                                                       Motorola Mobility, Inc.
5   Arthur W. Harrigan, Jr., WSBA #1751
    Christopher Wion, WSBA #33207                     Ralph Palumbo, WSBA #04751
6   Shane P. Cramer, WSBA #35099                      Philip S. McCune, WSBA #21081
    CALFO HARRIGAN LEYH & EAKES LLP                   Lynn M. Engel, WSBA #21934
7   999 Third Avenue  Ste. 4400                       SUMMIT LAW GROUP
    Seattle, WA 98104                                 315 Fifth Ave., South  Ste. 1000
    Phone: 206.623.1700                               Seattle, WA  98104
8   Email:  arthurh@ calfoharrigan.com                Email: ralphp@@summitlaw.com
    Email:  chrisw@calfoharrigan.com                  Email: philm@summitlaw.com
9   Email: shanec@calfoharrigan.com                   Email: lynne@summitlaw.com

10  T. Andrew Culbert, WSBA #35925                    Pro hac vice:
    David E. Killough, WSBA #40185
11  MICROSOFT CORPORATION                             Steven Pepe
    1 Microsoft Way                                   Jesse J. Jenner
12  Redmond, WA  98052                                ROPES & GRAY LLP
    Phone:  425.882.8080                              1211 Avenue of the Americas
13  Email: andycu@microsoft.com                       New York, NY  10036
    Eamil: davkill@microsoft.com                      Phone: 212.596.9046
                                                       Email:  steven.pepe@ropesgray.com
14  Pro hac vice:                                     Email:  jesse.jenner@ropesgray.com

15  David T. Pritikin                                 Norman H. Beamer
    Email:  dpritikin@sidley.com                      ROPES & GRAY LLP
16  Richard A. Cederoth                               1900 University Ave., 6th Floor
    Email:  rcederoth@sidley.com                      East Palo Alto, CA  94303
17  Constantine L. Trela, Jr.                         Phone:  650.617.4030
    Email:  ctrela@sidley.com                         Email: norman.beamer@ropesgray.com
    William H. Baumgartner, Jr.
18  Email:  wbaumgartner@sidley.com                   Paul M. Schoenhard
    Ellen W. Robbins                                  ROPES & GRAY LLP
19  Email:  erobbins@@sidley.com                      One Metro Center
    Douglas I. Lewis                                  700 12th Street NW, Ste. 900
20  Email:  dilewis@sidley.com                        Washington, DC  2005
    David C. Giardina                                 Phone: 202.508.4693
21  Email:  dgiardina@sidley.com                      Email: paul.schoenhard@ropesgray.com
    John W. McBride
22  Email:  jwmcbride@sidley.com
    David Greenfield
23  Email:  david.greenfield@sidley.com
    Nathaniel C. Love
24  Email:  nlove@sidley.com
    SIDLEY AUSTIN LLP
25  One South Dearborn
    Chicago, IL  60603
26  Phone:  312.853.7000

DECLARATION OF KEITH P. GRAY IN SUPPORT OF NON-PARTY        Page 6
VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL
EXHIBITS  No.: 2:10-1823-JLR

1 | Carter G. Phillips
Brain R. Nester
2 | SIDLEY AUSTIN LLP
1501 K Street NW
3 | Washington, DC 20005
Phone: 202.736.8711
4 | Email: cphillips@sidley.com
Email: bnester@sidley.com

5 |

6 |     Dated:  November 8, 2012

7 |

8 |                                   Genevieve Schmidt

9 |

10 | 13915827.1

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

DECLARATION OF KEITH P. GRAY IN SUPPORT OF NON-PARTY     Page 7
VIA LICENSING CORPORATION'S MOTION TO SEAL TRIAL
EXHIBITS  No.: 2:10-1823-JLR

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101-1397
Telephone: 206.292.8930

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES** LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

SHANE P. CRAMER

FACSIMILE: (206) 623-8717
E-MAIL: SHANEC@CALFOHARRIGAN.COM

October 26, 2012

**Via Email -- Tcarlson@rjo.com**

Mr. Thomas Carlson
Rogers Joseph O'Donnell
311 California Street
San Francisco, CA 94104

**RE: Microsoft Corp. v. Motorola, Inc.,** *et al*, Civ. No. 10-cv-1823 (W.D. Wash.)

Dear Mr. Carlson,

On June 6, 2011, Microsoft Corporation served a subpoena duces tecum on Via Licensing requesting that Via Licensing produce certain categories of documents relevant to the above-entitled action. Microsoft served a second subpoena duces tecum on Via Licensing on March 8, 2012. In response to those subpoenas, Via Licensing produced a number of documents that it designated as containing Via Licensing's confidential business information under the terms of the protective order in place in the above-entitled action.

Trial in this action is scheduled to begin November 13, 2012. It is possible that one of the parties may seek to introduce into evidence documents designated by Via Licensing as confidential. The Court has informed the parties that it will not allow evidence to be introduced under seal unless a showing has been made that "compelling reasons" exist to maintain such documents under seal. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

The parties have identified the following documents produced by Via Licensing as potential trial exhibits:

- VL000001-26
- VL000027-49
- VL000050-74
- VL000075-100
- VL000101-126

Mr. Thomas Carlson
October 26, 2012
Page 2

- VL000127-149
- VL000150-175
- VL000176-201
- VL000202-227
- VL000228-253
- VL000254-293
- VL000359-402
- VL000406-418
- VL000419-421
- VL000294-358
- VL000422-434
- VL000435-437
- VL000438-450
- VL000451-464
- VL000465-477
- VL000478-491
- VL000703-705
- VL000720-722
- VL000902-910
- VL000911-919
- VL000934-940
- VL000941-953
- VL000972-975
- VL10001-10021
- VIA10155-156
- VIA10198-225
- VIA10226-227

The Court has ruled that to the extent any third party such as Via Licensing wishes to have documents sealed if introduced at trial, the third party must file a motion to that effect pursuant to Local Rule W.D.Wash. 5(g). Absent such a motion (which of course may or may not be granted), the Court will not seal any such document, which will result in its being part of the public record.

Mr. Thomas Carlson
October 26, 2012
Page 3


Should you have any questions, please feel free to call.

Very truly yours,

CALFO HARRIGAN LEYH EAKES LLP

Shane P. Cramer

SPC:sc
cc:   Richard Cederoth
      Ellen Robbins

Gray Decl. page 10