Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Microsoft Corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>Motorola, Inc., Motorola Mobility LLC, and General Instrument Corporation,<br><br>       Defendants. | No. C10-1823-JLR<br><br>NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S MOTION FOR A LIMITED SEALING ORDER<br><br>NOTE ON MOTION CALENDAR:<br>November 9, 2012 |

NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S MOTION FOR A LIMITED SEALING ORDER

No. C10-1823-JLR

1

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone: 650.838.2000

## NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S
## MOTION FOR A LIMITED SEALING ORDER

Nokia Corporation and Nokia Inc. (collectively "Nokia") hereby submit this motion requesting an order sealing references in documentary or testimony form to Nokia's license agreements, including specifically, but not limited to, the financial terms and royalty rates of these agreements, the duration of the license grants contained therein, the scope of licenses granted and patents included in such grants, and the specific technological standards covered by each license agreement. Compelling reasons exist for the sealing of this highly confidential information, which is Nokia's trade secret information, and which would give Nokia's competitors and customers a competitive advantage were it made public. This motion is supported by the declaration of Paul Melin, filed contemporaneously herewith.

Counsel for Motorola recently informed Nokia that the upcoming trial in the above-referenced action will likely involve the submission of evidence and testimony regarding the licensing relationships between at least Motorola Inc. and Motorola Mobility Holdings, Inc. and Nokia, including licensing agreements between Motorola Inc. and Nokia and their affiliated entities executed in June 2000 and in August 2010, and a licensing agreement between Motorola Mobility Holdings, Inc. and Nokia and their affiliated entities executed in March 2012. While the mere existence of these licenses is not confidential, the detailed terms contained in these licenses are highly confidential and extremely sensitive competitive business information to Nokia. Further, each of the licenses in question contains a confidentiality provision restricting each party's ability to disclose the terms of each license and thus protecting its confidential nature. To Nokia's knowledge, the confidential details of each license have been treated by all involved parties as highly sensitive competitive business information and as trade secrets, and the detailed terms have never been made public.

As a non-party to this action, Nokia does not have access to the exhibits sought to be introduced at the trial. As such, Nokia seeks an order requiring the parties to file all exhibits

NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S MOTION FOR A LIMITED SEALING ORDER

2

No. C10-1823-JLR

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone: 650.838.2000

containing Nokia's confidential business information, including license agreements to which Nokia is a party, royalty reports submitted pursuant to any such agreements, and any related documents, such as negotiation communications, concerning the licensing terms, including financial or royalty terms of Nokia's agreements, under seal.[1]  In order to give full effect to the sealing of this confidential information, Nokia also requests that the courtroom be closed, or some alternative steps be taken to protect Nokia's confidential information from public disclosure, when testimony concerning Nokia's confidential business information is offered, when exhibits containing this information are discussed, or when arguments concerning this information are heard.

### There are Compelling Reasons to Grant the Narrow Relief Sought

Under the law of the Ninth Circuit, a party seeking to seal a judicial record to be presented at trial must articulate "compelling reasons" in favor of sealing the record.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Compelling reasons to seal a record exist where their disclosure could publicize a party's trade secret information.  *See id.* at 1179 (citing *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978)).  For the purposes of sealing confidential information, the Ninth Circuit has adopted the Restatement definition of "trade secret" information as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b).  The Ninth Circuit has also held that compelling reasons to seal a judicial record may exist where the document must be sealed to prevent it from being used as a source of information that could harm a party's competitive standing.  *See id.* at 569 (citing *Nixon*, 435 U.S. at 598).

---

[1] If the court were to rule that these Nokia confidential documents, including license agreements, should not for some reason be filed under seal in their entirety, then Nokia requests at a minimum that the parties be required to redact, with Nokia's input, the most sensitive information from any exhibits to be used at the trial, including, but not limited to, the financial terms and royalty rates of Nokia's license agreements, the duration of the license grants in these agreements, the scope of licenses granted and patents included in such grants, and the specific technological standards covered by each agreement.

NON-PARTIES NOKIA CORPORATION AND NOKIA
INC.'S MOTION FOR A LIMITED SEALING ORDER
No. C10-1823-JLR

3

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:  650.838.2000

The licensing information that Nokia seeks to have sealed is exceptionally sensitive to Nokia's business.  Courts applying the Ninth Circuit's "compelling reasons" standard have previously determined that compelling reasons exist to seal licensing agreements and related documentation in their entirety.  *See Powertech Tech. Inc. v. Tessera, Inc.*, No. C 11-6121, 2012 U.S. Dist. LEXIS 75831 (N.D. Cal. May 31, 2012) (granting a party's motion to seal a licensing agreement containing confidential information including financial terms paid pursuant to the agreement, as well as motions to seal other communications discussing royalty calculations and the parties' business relationship).  In the alternative, Nokia seeks an order requiring the redaction, with Nokia's input, of at least the most critically sensitive information contained in the license agreements at issue, including, for example: the financial terms of the licenses, the length of each license which indicates each license's value over time, the specific standards and patents covered by each license, and any supplementary documentation containing such information such as royalty reports describing payments made pursuant to each license.  Such terms are precisely the type of information that courts have found to meet the "compelling" reasons standard.  Very recently, the Northern District of California, applying the same standard concerning motions to seal documents containing confidential information at issue in this case, granted Nokia's motion to seal the financial terms contained in a license agreement between Nokia and one of the litigants.  *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-1846-LHK, Order Granting-in-Part and Denying-in-Part Motions to Seal at *23 (N.D. Cal. Oct. 9, 2012).  There, the court held that "'pricing terms, royalty rates, and guaranteed minimum payment terms' plainly fall within the definition of 'trade secrets' for the purposes of sealing motions." *Id.* at *21 (citing *Electronic Arts*, 298 Fed. Appx. at 569).  The court expressly held that to publicize pricing terms, royalty rates, and payments made pursuant to confidential licensing agreements "would place these third-parties in a weakened bargaining position in future negotiations, thereby giving their customers and competitors a significant advantage.  This is true of all licensing agreements sought to be sealed by the parties, including those agreements that have already expired." *Id.*[2]

---

[2] Notably, the parties did not seek to introduce the entirety of the relevant licenses into evidence in the *Apple v. Samsung* action.  Instead, they attempted to submit demonstrative

NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S MOTION FOR A LIMITED SEALING ORDER

No. C10-1823-JLR

4

Alston + Bird LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone: 650.838.2000

Nokia owns one of the largest and most important patent portfolios in the telecommunications world (Melin Decl., attached hereto as Ex. 1, at ¶ 8). As of December 2011, Nokia had research and development presence in 16 countries with nearly 35,000 people to support these activities (*id*.). With tens of billions of dollars spent over the years on research and development, Nokia maintains over 10,000 patent families in its portfolio, including hundreds of families of standards-essential patents (*id*.).

Nokia is almost always in negotiations with several companies at a time regarding licenses to its standard-essential patents (*id.* at ¶ 9). Nokia's ability to negotiate licenses on competitive terms would be severely hampered were the confidential terms of its license agreements, including the financial terms negotiated with competitors and the scope of the licenses covering patents that are not standards-essential, to become public (*id.*). Allowing this information to become public puts Nokia in an uneven bargaining relationship by creating information disparities between the parties to future negotiations. It also puts Nokia at a disadvantage with regard to Nokia's competitor licensors, whose information remains concealed while Nokia's is revealed. If Nokia's customers and competitors were to obtain access to the financial and related terms of these agreements, they would have access to valuable information concerning Nokia's internal valuations of its patent portfolio and licensing strategies. Similarly, if the scope of the licenses were publicized, competitors and customers would have information regarding Nokia's assessment of its licensing needs and of its willingness to license certain non-essential patents, which would give them a distinct advantage in negotiations.

Given the extreme importance and sensitivity of this information, Nokia would be severely harmed should the information contained in any trial exhibits become public and available to Nokia's customers and competitors (*id*. at ¶ 10).

### Conclusion

For the foregoing reasons, Nokia respectfully requests that this Court issue an order

---

summaries of the licenses including the referenced financial terms. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-1846-LHK, Order Granting-in-Part and Denying-in-Part Motions to Seal at *23 (N.D. Cal. Oct. 9, 2012).

NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S MOTION FOR A LIMITED SEALING ORDER
No. C10-1823-JLR

5

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:  650.838.2000

1  requiring the parties to file any exhibits containing Nokia's confidential business information,
2  including without limitation Nokia's licensing agreements with the parties to this action or with
3  any third parties, any royalty reports prepared in connection therewith, and any related
4  documentation such as license negotiation communications, under seal.  In the alternative, if the
5  court is unwilling to allow the entirety of the confidential documents to be filed under seal, Nokia
6  respectfully requests that the Court issue an order requiring the parties, with Nokia's input, to
7  redact Nokia's confidential business information concerning at least the financial terms and
8  royalty rates of Nokia's licensing agreements with the parties to this action or any third parties, the
9  duration of the license grants in any such agreements, the scope of the license coverage and
10 patents included in any such agreements, and the specific technological standards covered by each
11 license agreement, from all documentary exhibits to be used at the upcoming trial in this action.
12 Nokia further requests that this Court issue an order sealing the courtroom when any such Nokia
13 confidential business information is discussed or taking other appropriate steps to safeguard
14 Nokia's confidential information and ensure it does not become public.

15       DATED this 9th day of November, 2012.

                                    /s/ Lance A. Termes_____
                                    Lance A. Termes, WSBA #29729
                                    ALSTON & BIRD LLP
                                    275 Middlefield Road, Suite 150
                                    Menlo Park, California 94025-4008
                                    Telephone: (650) 838-2045
                                    E-mail: lance.termes@alston.com

                                    Counsel for Non-Parties Nokia Corporation
                                    and Nokia Inc.

NON-PARTIES NOKIA CORPORATION AND NOKIA
INC.'S MOTION FOR A LIMITED SEALING ORDER             6
No. C10-1823-JLR

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:  650.838.2000

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2012, I electronically filed the foregoing with the Clerk of the Court using the e-filing system which will send notification of such filing to all counsel on record in the matter.

s/ Lance A. Termes_____
Lance A. Termes, WSBA #29729
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, California 94025-4008
Telephone: (650) 838-2045
E-mail: lance.termes@alston.com

NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S MOTION FOR A LIMITED SEALING ORDER
No. C10-1823-JLR

7

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone: 650.838.2000