Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Microsoft Corporation, | No. C10-1823-JLR |
| Plaintiff, | DECLARATION OF PAUL MELIN |
| v. | NOTE ON MOTION CALENDAR: November 9, 2012 |
| Motorola, Inc., Motorola Mobility LLC, and General Instrument Corporation, | |
| Defendants. | |

## DECLARATION OF PAUL MELIN

I, Paul Melin, declare and state as follows:

1. I am Vice President, Intellectual Property, of Nokia Corporation ("Nokia"). I am responsible for overseeing the Intellectual Property Rights division of Nokia, and am responsible for Nokia's intellectual property licenses. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify thereto.

2. In June 2000 and again in August 2010, Nokia and Motorola Inc. entered into patent license agreements. In March 2012, Nokia and Motorola Mobility Holdings, Inc. entered into a patent license agreement. While the existence of these licenses is not confidential information, each of the licenses contain confidentiality obligations wherein each party's ability to disclose the terms of each license is restricted, absent the other party's consent.

3. Nokia has entered into a significant number of licensing agreements with third parties other than Motorola and Motorola Mobility Holdings, Inc. Again, while the existence of these licenses is not confidential information, each license contains Nokia's confidential business information and each of the licenses contain confidentiality obligations wherein each party's ability to disclose the terms of each license is restricted, absent the other party's consent.

4. Pursuant to these license agreements, the parties have transmitted royalty reports to one another reflecting the royalty amounts paid under the licenses. These reports can be used to determine the financial terms of their associated licenses. Nokia and its licensing counterparties also routinely exchange negotiation communications which may also contain confidential information concerning the proposed financial terms of its licenses.

5. To Nokia's knowledge, the confidential details of each license and each royalty report have been treated by all involved parties as highly sensitive competitive business information and as trade secrets, and the details have never been made public.

6. I understand that evidence and testimony concerning the licensing relationship between Nokia and Motorola is likely to be introduced during the upcoming trial between Microsoft and Motorola. I also understand that it is possible that evidence and testimony concerning the licensing relationships between Nokia and other third parties may be introduced during the

1  upcoming trial.

7. Documents concerning these licensing relationships may contain information regarding the term or expiration of the respective license, the monetary consideration paid for the license rights granted, as well as the technological scope of the license and the patents included in any such license grants. Nokia considers this type of information to be highly confidential, and extremely sensitive business information of Nokia's.

8. Nokia owns one of the largest and most important patent portfolios in the telecommunications world. As of December 2011, Nokia had research and development presence in 16 countries, with nearly 35,000 people to support these activities. With tens of billions of dollars spent over the years on research and development, Nokia maintains over 10,000 patent families in its portfolio, including hundreds of families of standards-essential patents.

9. Nokia is continuously in negotiations with several companies regarding licenses to its standard-essential patents. Nokia's ability to negotiate licenses on competitive terms would be severely hampered were the confidential terms of its license agreements, including the financial terms negotiated with competitors and the scope of licenses covering patents that are not standards-essential, to become public.

10. Given the extreme importance and sensitivity of this information, I believe that Nokia would be severely harmed, should the information contained in these trial exhibits become public.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of November, 2012.

*[signature]*

Paul Melin