The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

                    Plaintiff,

      v.

MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,

                  Defendants.

---

MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,

      Plaintiffs/Counterclaim Defendant,

      v.

MICROSOFT CORPORATION,

      Defendant/Counterclaim Plaintiff.

CASE NO. C10-1823-JLR

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING TRADE SECRETS

**NOTED ON MOTION CALENDAR:
Friday, November 9, 2012**

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4846-5607-6305.1

I.    **INTRODUCTION**

In the Motion to Seal Documents and Trial Testimony and Exclude Unauthorized Persons from the Courtroom During Testimony Regarding Trade Secrets (Dkt. No. 495), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility LLC, and General Instrument Corporation (collectively "Motorola") moved to seal 101 out of over 3,000 proposed trial exhibits, for which it believes that there are "compelling reasons" to seal.  Motorola similarly moved to exclude unauthorized persons from the courtroom during the testimony of several witnesses who are expected to testify extensively regarding the details of highly confidential information contained in exhibits that should themselves be sealed.  (*Id.* at 16-17.)   In its motion, Motorola has attempted to narrow as much as possible the information it is seeking to have sealed or kept confidential, so as to permit the court to properly weigh "the public's right of access" and the "interests of the public and the parties in protecting the court's files from public review."  *See* Local Rule CR 5(g)(2); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).)  Numerous third parties have either joined Motorola's motion or have filed independent motions.  (*See, e.g.*, Dkt. Nos. 498, 502, 508, 515, 518, 519, 522, 531, and 547.)

In response to Motorola's Motion, Microsoft: (1) opposes Motorola's motion to the extent Motorola seeks to seal terms of licenses other than financial terms, (Dkt. No. 533 at 2, 4-6); (2) opposes Motorola's Motion to the extent Motorola seeks to exclude unauthorized persons from the courtroom during highly confidential testimony regarding trade secrets, (*id.* at 1-4); (3) agrees that Exhibits 84, 524, 3333, and 3335 should be sealed in their entireties, (*id.* at 6); and (4) "takes no position as to whether Motorola has made a sufficient showing of compelling reasons to seal any specific evidence," though it "believes that Motorola generally has outlined the correct legal standards applicable to its various remaining requests to seal," (*id.* at 6).  However, contrary to Microsoft's implication (*id.* at 4-6), Ninth Circuit law does *not* suggest that terms other than financial terms of licenses are not trade secrets.  Also, contrary to Microsoft's implication (*id.* at

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS - 1
CASE NO. C10-1823-JLR
4846-5607-6305.1

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

3), the Ninth Circuit's "compelling reasons" standard does *not* require that the court weigh possible alternatives before excluding unauthorized persons from the courtroom during testimony regarding highly confidential information.

As explained below, Microsoft's proposed "solution" will be unduly burdensome for the court, the parties, and the witnesses, and will prevent the creation of a clear record for use at the upcoming jury trial on Microsoft's breach of contract claims and in any appellate proceedings. Accordingly, because Motorola meets the standards for sealing as discussed in the moving brief (Dkt. No. 495), Motorola respectfully requests that the Court grant the Motion in its entirety.

## II.   THE COURT SHOULD GRANT THE MOTION TO SEAL MOTOROLA'S LICENSES

In its Response (Dkt. No. 533 at 2), Microsoft concedes that the financial terms of a patent license agreement are appropriately considered trade secrets that should remain confidential, but argues that there are no compelling reasons for any other terms of those licenses to be kept confidential.  However, as noted in Motorola's Motion (Dkt. No. 495 at 8-9) – though ignored in Microsoft's response – the Court has already applied the "compelling reasons" standard applicable to sealing exhibits at trial in sealing eight of the licenses that Motorola expects will be used during this trial.  In particular, under the "compelling reasons" standard, the Court has already sealed Exhibit 13 (Motorola-VTech, sealed by Dkt. Nos. 187, 337, and 384); Exhibit 36 (Symbol-Proxim, sealed by Dkt. No. 336); Exhibit 37 (Symbol-Terabeam, sealed by Dkt. No. 336); Exhibit 38 (Symbol-Hand Held Products, sealed by Dkt. No. 336); Exhibit 2833 (Motorola-RIM, sealed by Dkt. No. 187); Exhibit 2835 (Motorola-Nokia, sealed by Dkt. Nos. 187, 336); Exhibit 2836 (Motorola-BenQ, sealed by Dkt. No. 384); and Exhibit 2837 (Motorola-Benefon, sealed by Dkt. Nos. 176 and 336).  This Court has not been alone in sealing entire licenses under the "compelling reasons" standard.  For example, just three months ago, Judge Wilken in *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283420, at *9 (N.D. Cal. Aug. 10, 2012), similarly sealed a license in its entirety under that standard.   And Microsoft has in the past agreed that there are "compelling reasons" to seal licenses – including some of *these* licenses – in their entireties,

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS - 2
CASE NO. C10-1823-JLR
4846-5607-6305.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1   because in numerous previous filings Microsoft has argued (or has not opposed Motorola's

2   arguments) that such reasons exist.  (*See, e.g.*, Dkt. Nos. 304, 368.)  Indeed, Microsoft explicitly

3   argued that the entire patent license between Microsoft and CSIRO should be sealed under the

4   "compelling reasons" standard.  (*See* Dkt. No. 368 at 2.)  As Microsoft explained, "[p]ublic

5   disclosure of this information has the potential to lead to competitive harm to Microsoft and/or

6   CSIRO. . . . Microsoft's interest in maintaining the confidentiality of its licensing agreement with

7   CSIRO sharply outweighs any interest that the public, or Microsoft's competitors, may have in the

8   contents of the agreement."  (*Id.*)

9          Microsoft's response implies, incorrectly, that in the Ninth Circuit *only* financial terms of

10  licenses are trade secrets.  In fact, all the Ninth Circuit held in *In re Elec. Arts* was that "the

11  pricing terms, royalty rates, and guaranteed minimum payment terms" found in one paragraph of a

12  particular license constitutes "information that plainly falls within the definition of 'trade

13  secrets.'"  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008).  The Ninth Circuit did

14  not suggest that other terms of licenses are *not* trade secrets – nor would it have opined on that

15  question, because in that case Electronic Arts, which was a third party to the litigation, sought to

16  seal only that single paragraph containing the financial terms.  *See Parrish et al. v. National*

17  *Football League Players, Inc.*, Case No. 3:07-cv-00943-WHA (N.D. Cal.), Dkt. No. 498 at 1.

18         In contrast, in this case, Motorola, along with numerous third parties, has submitted sworn

19  declarations attesting to the highly confidential and sensitive nature of the licensing terms in

20  question, and the competitive harm that would result from public disclosure of these highly

21  confidential terms.  For example, in his declaration, Brian C. Blasius, formerly Director,

22  Intellectual Property Licensing at Motorola Mobility LLC, explained that: the terms of Motorola's

23  patent licenses are not known to the public; even within Motorola, access to confidential

24  information regarding licensing terms and conditions is restricted; public disclosure of the terms of

25  Motorola's licenses, settlements, and acquisitions would cause significant harm to Motorola by

26  negatively affected Motorola's future licenses, settlements, and acquisitions; and, if there were

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS - 3
CASE NO. C10-1823-JLR
4846-5607-6305.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   public disclosure of these terms, competitors and potential counterparties to licensing, settlement

2   and acquisition agreements would gain an unfair insight into Motorola's business strategies,

3   licensing strategies, prior royalty grants, negotiation tactics, and cost/benefit analyses, because, by

4   using their knowledge of the precise substantive and financial terms of previously nonpublic

5   agreements, they would be able to calibrate their negotiation strategies with Motorola, thus

6   creating a negotiating imbalance and unfair advantage.   (Dkt. No. 496 ¶¶ 7-9.)

7        Additional detailed declarations regarding the sensitivity of licensing terms, including

8   terms *other* than financial terms, have thus far been offered by Ericsson (Dkt. No. 516), IBM (Dkt.

9   No. 499), Kyocera (Dkt. No. 523), LG Electronics (Dkt. No. 518-1), MPEG LA (Dkt. No. 520),

10  Nokia (Dkt. No. 547-1), Philips (Dkt. No. 532), Research In Motion (Dkt. No. 503), Via Licensing

11  (Dkt. No. 544), and VTech Communications, Inc. (Dkt. No. 509).   The number of third parties

12  submitting declarations and the serious concerns raised in these declarations underscores the

13  competitive harm that will be done if sensitive licensing information becomes publicly accessible.

14  Indeed, Microsoft itself has recently stated that public disclosure of one of its licenses would "put

15  Microsoft in a substantially weakened position with respect to negotiating with entities that have

16  not yet entered into license agreements, thus decreasing the probability of reaching out-of-court

17  licensing agreements and increasing the probability of litigation to resolve intellectual property

18  disputes."  *Apple v. Samsung*, No. 11-cv-01846-LHK (N.D. Cal.), Dkt. No. 1395, at 3.

19       Accordingly, these licenses should be sealed.

20  **III.   THE COURT SHOULD GRANT THE MOTION TO EXCLUDE UNAUTHORIZED**
    **PERSONS FROM THE COURTROOM DURING TESTIMONY REGARDING**
21  **TRADE SECRETS**

22       In its Response (Dkt. No. 533 at 3-4), Microsoft also argues that there are no compelling

23  reasons to seal the courtroom during testimony from witnesses regarding what Microsoft itself

24  concedes are trade secrets.   In support of its argument, Microsoft cites a thirty-year-old out-of-

25  circuit case for the proposition that a court must weigh possible alternatives before closing a

26  courtroom.  (*Id.* at 3 (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1072 (3rd Cir. 1984).)

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS - 4
CASE NO. C10-1823-JLR
4846-5607-6305.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1   Microsoft cites no Ninth Circuit or Western District of Washington case law adding that

2   requirement to the "compelling reasons" standard described in the case law, *see, e.g.*, *Kamakana*,

3   447 F.3d at 1178-79, nor does it appear that such case law exists.  Moreover, even in *Publicker*,

4   733 F.2d at 1072, the Third Circuit observed that the district court *did not* abuse its discretion in

5   excluding the public from one aspect of a hearing.  Indeed, in concluding that the district court

6   abused its discretion in closing a different part of the hearing, the Third Circuit focused on the fact

7   that the "district court abused its discretion by closing that portion of the hearing *without*

8   *explaining its reasons*." (*Id*. (emphasis added).)  Thus, contrary to Microsoft's Response,

9   *Publicker* does *not* stand for the proposition that a court must weigh possible alternatives before

10  excluding the public during disclosure of trade secrets during testimony.

11          Moreover, even if Microsoft were correct that the Court should consider possible

12  alternatives, Microsoft's proposed alternative is both unduly burdensome and unworkable.

13  Microsoft maintains that "the most efficient way to handle this information at trial is for the Court

14  to instruct the attorneys, witnesses, and experts to avoid audibly disclosing any royalty or pricing

15  terms." (Dkt. No. 533 at 3.)  Instead, Microsoft adds, the "witnesses and attorneys should refer to

16  the financial terms only through reference to exhibits on which the terms appear – exhibits that

17  will not be displayed to the public." (*Id*.)

18          There are two problems with Microsoft's "solution."  First, it is burdensome and

19  unworkable.  There are many witnesses scheduled to testify at this trial, and over 3,000 potential

20  trial exhibits about which they might testify.  It is likely that there will be numerous attorneys

21  involved in asking these witnesses both direct- and cross-examination questions.  Given the

22  complexity of the issues and the multiplicity of documents, together with the relatively small

23  amount of time allocated for each side to present its case and the pressures of rigorous cross

24  examination, it is possible that witnesses or attorneys will inadvertently publically disclose

25  information that should remain confidential.  Given the media attention focused on this trial,

26

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS - 5
CASE NO. C10-1823-JLR
4846-5607-6305.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    redaction of the transcript after the fact alone is not sufficient to prevent such information from

2    being used to cause competitive harm.

3         More importantly, Microsoft's "solution," under which the witnesses would not clearly

4    state the facts they are addressing, would produce a murky and potentially muddled and difficult-

5    to-use record.  As the Court is well aware, this trial is only the first part of a two-part trial on

6    Microsoft's breach-of-contract claims.  It is very likely that testimony offered at this trial will be at

7    issue in the second part of this proceeding, and so it is important that the record be as clear and

8    useful as possible.  It is likely that one or both parties will seek appellate review.  In that case too

9    it will be important for the transcripts be as clear and useful as possible.  Under Microsoft's

10   approach, however, anyone reading the transcript would be unsure of exactly what information a

11   witness is speaking about – and might remain unsure even if provided with some of the over-3000

12   exhibits.

13        Microsoft maintains that "[r]epeatedly opening and closing the courtroom during

14   examinations . . . is likely to be a time-consuming distraction."  (Dkt. No. 533 at 4.)  In this case,

15   however, any disruption will be extremely minor.  Motorola has identified only three witnesses

16   whose testimony need be entirely sealed, and believes that relatively little confidential information

17   will be directly addressed by other witnesses.  Moreover, as Microsoft is well aware (in light of

18   the ongoing proceedings in the ITC between Microsoft and Motorola), such exclusion of the

19   public from the courtroom during highly confidential testimony is not unusual, and can be easily

20   accomplished in practice.  *See, e.g.*, 19 C.F.R. § 207.24(d) (describing procedures for closed

21   hearing sessions before the ITC).

22        Microsoft itself concedes (Dkt. No. 533 at 3) that there are numerous exhibits that will

23   likely be the subject of testimony at trial that contain highly confidential information that meets

24   the Ninth Circuit's definition of "trade secrets."  Given the likelihood that numerous Motorola,

25   Microsoft, and third-party competitors will be following this trial and will be interested in learning

26   information regarding party and third-party licensing practices, business strategies, and revenue

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS - 6
CASE NO. C10-1823-JLR
4846-5607-6305.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

and product projections, and that the parties agree that exhibits containing such information should be sealed, Motorola asks that testimony disclosing *exactly the same information* be kept confidential as well by excluding unauthorized persons from the courtroom.

## IV.  CONCLUSION

Because Motorola meets the standards for sealing as discussed in the moving brief (Dkt. No. 495), Motorola respectfully requests that the Court grant the Motion.

DATED this 9th day of November, 2012.

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    Lynn M. Engel, WSBA #21934
    *ralphp@summitlaw.com*
    *philm@summitlaw.com*
    *lynne@summitlaw.com*

By */s/ Thomas V.  Miller*
    Thomas V. Miller
    MOTOROLA MOBILITY LLC
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    (847) 523-2162

And by

    Jesse J. Jenner (*pro hac vice* )
    Steven Pepe (*pro hac vice* )
    Kevin J. Post (*pro hac vice*)
    Ropes & Gray LLP
    1211 Avenue of the Americas
    New York, NY  10036-8704
    (212) 596-9046
    *jesse.jenner@ropesgray.com*
    *steven.pepe@ropesgray.com*
    *kevin.post@ropesgray.com*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS - 7
CASE NO. C10-1823-JLR
4846-5607-6305.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

James R. Batchelder (*pro hac vice*)
Norman H. Beamer (*pro hac vice* )
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*james.batchelder@ropesgray.com*
*norman.beamer@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.***

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS - 8
CASE NO. C10-1823-JLR
4846-5607-6305.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 9th day of November, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEAL
DOCUMENTS AND TRIAL TESTIMONY AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
DURING TESTIMONY REGARDING TRADE SECRETS - 9
CASE NO. C10-1823-JLR
4846-5607-6305.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001