THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

MICROSOFT CORPORATION, a Washington corporation,

                 Plaintiff,

     v.

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

                 Defendants.

9
10
11
12
13
14
15

NO.  2-10-cv-01823-JLR

NOTICE OF SAMSUNG'S JOINDER IN DEFENDANTS' MOTION TO SEAL DOCUMENTS AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM

16

     Nonparty Samsung Electronics Co., Ltd. ("Samsung") hereby joins Motorola's Motion to Seal Documents and Trial Testimony and Exclude Unauthorized Persons From the Courtroom During Testimony Regarding Trade Secrets (Dkt. 495) as it pertains to the Trial Exhibits 2769, 3163, and 3238 (Samsung-Motorola licenses and meeting presentation), trial exhibits, and testimony regarding the terms of these licenses.  In support of this notice, Samsung offers the Declaration of Indong Kang, Principal Engineer and IP Counsel in the IP Center at Samsung ("Kang Decl."), submitted herewith.  It is Samsung's understanding that these documents, or summary information from the licenses, may be used as trial exhibits and/or demonstratives.

     There are compelling reasons for these documents to be sealed in their entirety. Accordingly, Samsung requests an order sealing the terms of these documents, should either party offer one or both of them into evidence.  Samsung further requests an order

17
18
19
20
21
22
23
24
25
26

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

redacting and sealing all portions of any summary exhibits or demonstratives that contain information about the terms of these licenses or other confidential information from the meeting presentation.   If the parties do not offer the documents into evidence, the documents should not be made part of the public record in this action.   Samsung further requests that to preserve the confidentiality of the sealed information, the courtroom be closed when testimony is given on issues involving the licenses or their terms and that any such testimony and the transcripts of that testimony be sealed.

Samsung considers the terms of the Samsung-Motorola licenses and the meeting presentation to be highly sensitive, proprietary business information.  (Kang Decl. ¶ 6.) Samsung consented to use of these documents on the condition that the confidentiality of the information would be maintained.  (Kang Decl. ¶ 5.)  These documents have not been disclosed to the public.  (Kang Decl. ¶ 4.)  They contain highly sensitive, proprietary business information regarding licensing terms and conditions.   (Kang Decl. ¶ 6.) Knowledge of the detailed terms of these agreements and Samsung's licensing negotiations would provide an unfair strategic advantage to Samsung's competitors and other potential licensing partners, by providing them with a one-sided negotiating advantage over Samsung.  (Kang Decl. ¶ 7.)  This unfair advantage could substantially interfere with Samsung's ongoing and future licensing negotiations.  (Kang Decl. ¶ 7.)

The Ninth Circuit has held that the public right of access to court records is not absolute but can be outweighed if there are "compelling reasons" for a document to be sealed.  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The Ninth Circuit has stated that courts must ensure that the public's right of access does not allow court records to be used "as sources of business information that might harm a litigant's competitive standing."  In re Elec. Arts, Inc., 298 F. Appx. 568, 569 (9th Cir. 2008) (sealing license agreement) (internal quotations and citation omitted).  The Ninth Circuit emphasized in In re Electronic Arts that compelling reasons to seal documents exist where public court records might become a "vehicle for improper purposes" such as

NOTICE OF SAMSUNG'S JOINDER IN DEFENDANT'S
MOTION TO SEAL - 2 of 5
(2-10-cv-01823 JLR)
[Notice of Joinder V. 3.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

the release of trade secrets.  See id. at **1.  Furthermore, licensing terms such as "pricing terms, royalty rates, and guaranteed minimum payment terms" are precisely the type of information that might harm a litigant's competitive standing and that plainly fall within the definition of trade secrets.  See id. at **2.

Courts in the Ninth Circuit have repeatedly found that licensing terms should be sealed.  See, e.g., Powertech Tech., Inc. v. Tessera, Inc., No. C 11-6121 CW, 2012 WL 3283420, at *9 (N.D. Cal. Aug. 10, 2012); AMC Tech., L.L.C. v. Cisco Sys., No. 11-CV-03403, 2012 U.S. Dist. LEXIS 9934, at *5 (N.D. Cal. Jan. 27, 2012); TriQuint Semiconductor v. Avago Techs. Ltd., No. 09-CV-1531, 2011 WL 4947343, at *2 (D. Ariz. Oct. 18, 2011).

For these reasons, the Samsung-Motorola licenses and licensing negotiations, and any trial exhibits, and testimony containing information regarding their terms and transcripts of such testimony should be sealed, and unauthorized persons should be excluded from the courtroom during testimony regarding the licensing terms.

DATED this 9th day of November, 2012.

GORDON THOMAS HONEYWELL LLP

By  s/ Donald S. Cohen
Donald S. Cohen, WSBA No. 12480
dcohen@gth-law.com

By  s/ Steven T. Reich
Steven T. Reich, WSBA No. 24708
sreich@gth-law.com

600 University Street, Suite 2100
Seattle, WA  98101
Tel:  (206) 676-7500
Fax:  (206) 676-7575

NOTICE OF SAMSUNG'S JOINDER IN DEFENDANT'S
MOTION TO SEAL - 3 of 5
(2-10-cv-01823 JLR)
[Notice of Joinder V. 3.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2       <u>OF COUNSEL</u>

3       QUINN EMANUEL LLP

4     By <u>s/ Victoria F. Maroulis</u>
       Victoria F. Maroulis, CA SBN No. 202603,
5       victoriamaroulis@quinnemanuel.com

6     By <u>s/Kevin P.B. Johnson</u>
       Kevin P.B. Johnson, CA SBN No. 177129,
7       kevinjohnson@quinnemanuel.com

8       555 Twin Dolphin Drive, 5th Floor
       Redwood Shores, CA  94065
9       Tel:  (650) 801-5000
       Fax:  (650) 801-5100

10      -and-

11      ZEINEDDIN PLLC

12     By <u>s/ R. Paul Zeineddin</u>
       R. Paul Zeineddin, DC Bar No. 474734,
13       *Pro Hac Vice Pending*
14       paul@zeineddin.com

15      1000 Connecticut Avenue NW, Suite 900
       Washington, DC  20036
16      Tel:  (202) 787-1051

17      Attorneys for Non-Party/Interested Party
       SAMSUNG ELECTRONICS Co., LTD

18

19

20

21

22

23

24

25

26

NOTICE OF SAMSUNG'S JOINDER IN DEFENDANT'S
MOTION TO SEAL - 4 of 5
(2-10-cv-01823 JLR)
[Notice of Joinder V. 3.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

<u>CERTIFICATE OF SERVICE</u>

2

3

I certify that on this 9th day of November, 2012, the foregoing document was

4

electronically filed with the Clerk of the U.S. District Court for the Western District of

5

Washington using the CM/ECF system, which will send notification of such filing to all

6

parties of record.

7

DATED this 9th day of November, 2012.

8

9

s/ Karen Lang Crane

Karen Lang Crane, Legal Assistant

10

GORDON THOMAS HONEYWELL LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF SAMSUNG'S JOINDER IN DEFENDANT'S
MOTION TO SEAL - 5 of 5
(2-10-cv-01823 JLR)
[Notice of Joinder V. 3.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575