THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

Defendants.

NO. 2-10-cv-01823-JLR

NONPARTY SAMSUNG'S MOTION TO FILE DOCUMENTS UNDER SEAL

NOTE ON MOTION CALENDAR:
November 13, 2012

**ORAL ARGUMENT REQUESTED**

## I. RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the Protective Order[1] in this case (Dkt. No. 434-1), nonparty Samsung Electronics Co., Ltd. ("Samsung") respectfully seeks leave to file under seal the following documents:

(1) Nonparty Samsung's Motion to Seal Terms of Patent License Agreements and Other Licensing Information and Exclude Unauthorized Persons From the Courtroom and Exhibits thereto ("Motion"); and

(2) Declaration of Indong Kang in Support Thereof and all Exhibits to the Kang Declaration ("Kang Declaration").

[1] Samsung uses the term "Protective Order" herein to refer to the Amended Protective Order Regarding the Disclosure and Use of Discovery Materials (D.I. 434-1).

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Samsung seeks to file its Motion and the Kang Declaration under seal because they contain highly sensitive business information that has been identified and treated by the parties in this matter as confidential business information under the terms of the Protective Order. Additionally, the Motion and the Kang Declaration contain information relating to licenses and licensing negotiations of the type that the Court has already found to meet the Ninth Circuit's "compelling reasons" standard and sealed.

For these reasons, as more fully set out below, Samsung respectfully requests permission to file its Motion and the Kang Declaration under seal. Samsung is filing a redacted version of its Motion and the Kang Declaration as part of the public record.

## II. FACTS & AUTHORITY

During the discovery phase of these proceedings, confidential patent licensing information between Samsung and the parties had been disclosed in the litigation on condition that such information would be kept confidential. It is Samsung's understanding that one or both of the parties may use Samsung's confidential information relating to licensing and licensing terms in open court during trial. Samsung therefore respectfully submits this motion to preserve the confidential nature of Samsung's highly sensitive business information, pursuant to the Court's October 18, 2012 instruction that third parties may file motions for a protective order if those parties believe their confidential and/or proprietary information might be disclosed to the public during the upcoming trial beginning on November 13, 2012.

### A. Samsung's Motion and the Kang Declaration Set Out Samsung's Highly Sensitive Business Information

To provide the Court with a basis to grant Samsung's request that this information be sealed, Samsung in its motion papers sets out the contents of the documents at issue and the specific confidential information in detail. The documents at issue are

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

themselves attached to the Kang Declaration and they are discussed at length in the Motion itself.

Therefore, Samsung requests that pursuant to paragraphs 2(a) and 8 of the governing Protective Order, the Court permit Samsung to file its Motion and the Kang Declaration under seal. Paragraph 2(a) of the Protective Order provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing. . . . During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 provides:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

**B. <u>Parties May File Licensing Terms and Information Under Seal</u>**

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Fed. R. Civ. P. 26(c)(1)(G) and (H). District courts "are in the best position to weigh fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002). Additionally, pursuant to Local Rule CR 5(g)(2), the Court may seal a document filed in support of a dispositive motion upon a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files



GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

from public review." *Phillips*, 307 F.3d at 1211-12; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Ninth Circuit has held that the public right of access to court records is not absolute but can be outweighed if there are "compelling reasons" for a document to be sealed. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The Ninth Circuit has stated that courts must ensure that the public's right of access does not allow court records to be used "as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. Appx. 568, 569 (9th Cir. 2008) (sealing license agreement) (internal quotations and citation omitted). The Ninth Circuit emphasized in *In re Electronic Arts* that compelling reasons to seal documents exist where public court records might become a "vehicle for improper purposes" such as the release of trade secrets. *See id*. at **1. Furthermore, licensing terms such as "pricing terms, royalty rates, and guaranteed minimum payment terms" are precisely the type of information that might harm a litigant's competitive standing and that plainly fall within the definition of trade secrets. *See id*. at **2.

### C. Compelling Reasons Exist for Filing Samsung's Motion and the Kang Declaration Under Seal

Samsung's Motion and the accompanying Kang Declaration contain highly sensitive, confidential business information that, if disclosed to the public, would harm Samsung's competitive standing in the marketplace. Samsung's Motion and the Kang Declaration disclose terms of Samsung's licensing agreements Samsung has entered into and information relating to Samsung's licensing practices and strategies.

This Court, applying the Ninth Circuit's "compelling reasons" standard, has sealed this type of information, namely, licensing terms and documents relating to licensing negotiations. For example, in a February 24, 2012 Order (D.I. 187), this Court granted Motorola's motion to seal documents including Motorola licenses with nonparties Nokia,

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

RIM, and VTech. In each case, the Court stated that the license at issue met the Ninth Circuit "compelling reasons" standard on the grounds that it contains "confidential licensing terms between the parties." (D.I. 187 at 3-4.)

Similarly, in an April 23, 2012 Order (D.I. 292), this Court granted Microsoft's motion to seal documents including a license agreement between Motorola and a third party marked as containing confidential business information. The Court found that this document should be sealed on the grounds that it contains "commercially sensitive information to meet the 'compelling reasons' standard." (D.I. 292 at 3-4.) The Court also granted Microsoft's motion to seal testimony involving descriptions of Motorola's licensing negotiations and agreements with third parties on the grounds that "this testimony contains commercially sensitive information sufficient to meet the 'compelling reasons' standard." (Order, D.I. 292, at 3-4.)

In an effort to balance the public's right of access to court records with Samsung's request to preserve the confidentiality of its highly sensitive business information, Samsung is filing a redacted version of its Motion and the Kang Declaration as part of the public record. Samsung respectfully requests that the confidential version of its Motion and the Kang Declaration submitted herewith be filed and maintained under seal.

## III. CONCLUSION

Samsung has filed the above-referenced documents under seal based on its good-faith belief that they qualify for protection under the terms of the Protective Order and the applicable Court rules. A [Proposed] Order Granting Samsung's Motion to File Documents Under Seal has been submitted herewith.

DATED this 9th day of November, 2012.

GORDON THOMAS HONEYWELL LLP

By s/ Donald S. Cohen
Donald S. Cohen, WSBA No. 12480
dcohen@gth-law.com

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

By   s/ Steven T. Reich
Steven T. Reich, WSBA No. 24708
sreich@gth-law.com

600 University Street, Suite 2100
Seattle, WA  98101
Tel:  (206) 676-7500
Fax:  (206) 676-7575

OF COUNSEL

QUINN EMANUEL LLP

By   s/ Victoria F. Maroulis
Victoria F. Maroulis, CA SBN No. 202603,
victoriamaroulis@quinnemanuel.com

By   s/Kevin P.B. Johnson
Kevin P.B. Johnson, CA SBN No. 177129,
kevinjohnson@quinnemanuel.com

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065
Tel:  (650) 801-5000
Fax:  (650) 801-5100

-and-

ZEINEDDIN PLLC

By   s/ R. Paul Zeineddin
R. Paul Zeineddin, DC Bar No. 474734,
*Pro Hac Vice Pending*
paul@zeineddin.com

1000 Connecticut Avenue NW, Suite 900
Washington, DC  20036
Tel:  (202) 787-1051

Attorneys for Non-Party/Interested Party
SAMSUNG ELECTRONICS Co., LTD

NONPARTY SAMSUNG'S MOTION TO FILE DOCUMENTS UNDER SEAL - 6 of 7
(2-10-cv-01823 JLR)
[100054456.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of November, 2012, the foregoing document was electronically filed with the Clerk of the U.S. District Court for the Western District of Washington using the CM/ECF system, which will send notification of such filing to all parties of record.

DATED this 9th day of November, 2012.

s/ Karen Lang Crane
Karen Lang Crane, Legal Assistant
GORDON THOMAS HONEYWELL LLP

NONPARTY SAMSUNG'S MOTION TO FILE DOCUMENTS UNDER SEAL - 7 of 7
(2-10-cv-01823 JLR)
[100054456.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575