The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

v.

MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,

    Defendants.

CASE NO. C10-1823-JLR

**REPLY OF NONPARTIES RESEARCH IN MOTION LIMITED AND RESEARCH IN MOTION CORPORATION IN SUPPORT OF MOTION TO SEAL TERMS OF PATENT LICENSE AGREEMENTS AND TO DENY MICROSOFT IN-HOUSE COUNSEL ACCESS TO THE AGREEMENTS**

**ORAL ARGUMENT REQUESTED**

**NOTED ON MOTION CALENDAR: NOVEMBER 9, 2012**

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223

## I.   INTRODUCTION

In their Motion to Seal Terms of Patent License Agreements and To Deny Microsoft In-House Counsel Access to the Agreements (ECF 502), Research in Motion Limited and Research in Motion Corporation (collectively, "RIM") moved to seal patent license agreements between Motorola and RIM, and to close the courtroom when there is testimony regarding confidential information from these licenses. This Court already sealed one RIM-Motorola agreement under the "compelling reasons" standard. (ECF 187, sealing Trial Exhibit 2833.) RIM also moved to bar T. Andrew Culbert, in-house counsel for Plaintiff Microsoft Corporation, from reviewing RIM confidential information as contained in the Motorola-RIM licenses. In the alternative, RIM asked that the Court bar Mr. Culbert from participating in any licensing negotiations with Microsoft.

Microsoft opposes RIM's motion to the extent RIM seeks to (1) seal terms of licenses other than financial terms and (2) exclude unauthorized persons from the courtroom during highly confidential testimony regarding trade secrets. Microsoft also opposes Motorola's Motion to Seal Documents and Trial Testimony and Exclude Unauthorized Persons From the Courtroom During Testimony Regarding Trade Secrets on the same grounds. RIM hereby joins and adopts the arguments made in Motorola's Reply in support of its motion (ECF 551).

Microsoft also argues that Mr. Culbert should have access to RIM confidential information, even though Microsoft and Mr. Culbert make an admission here that they did not when seeking to expand to Mr. Culbert's access under the protective order -- that Mr. Culbert regularly participates in licensing negotiations as part of settlement discussions -- activities that courts have deemed "competitive decisionmaking." *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000). Microsoft further argues, in contradictory fashion, that Mr. Culbert should not be prohibited from participating in licensing negotiations, while at the same time claiming that Mr. Culbert is not involved in competitive decisionmaking because his primary duties are related to litigation. In other words, Microsoft argues that Mr. Culbert is not involved in competitive decisionmaking, but he should not be prohibited from doing so.

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal

1

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223

## II.     ARGUMENT

**A.     The Court Should Grant RIM's Motion to Seal the RIM-Motorola Licenses**

As Motorola explains in its Reply (ECF 551), this Court has previously sealed patent licenses in their entirety in the instant case, as has Judge Wilken in *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283420, at *9 (N.D. Cal. Aug. 10, 2012). Motorola also points out that even Microsoft itself has sought to seal licenses in their entirety. Motorola further notes that *In re Elec. Arts* does not hold that only financial terms of licenses are trade secrets, as Microsoft implies, as Electronic Arts only sought to seal a single paragraph containing financial terms. For all the reasons set forth in both RIM's and Motorola's motions to seal and replies in support thereof, this Court should seal the remaining RIM-Motorola license it has not yet sealed.[1]

**B.     The Court Should Exclude Unauthorized Persons From the Courtroom During Testimony Regarding the RIM-Motorola Licenses**

As Motorola aptly explains, Microsoft's suggestion that witnesses can testify about confidential information through reference to exhibits on which the terms appear is unworkable and burdensome, and increases the likelihood of inadvertent disclosure. Considering the compelling reasons for sealing the license agreements in the first place, and the likelihood that numerous competitors will be following the trial and interested in learning information regarding licensing practices and strategies, keeping the courtroom closed during testimony concerning the RIM-Motorola agreements (such as by the damages experts) is a simple and effective way to protect third parties like RIM. For all the reasons set forth in both RIM's and Motorola's motions to seal and replies in support thereof, this Court should exclude unauthorized persons from the courtroom during testimony regarding the RIM-Motorola licenses.

---

[1] To the extent the Court does not seal the entirety of the RIM-Motorola licenses, RIM requests permission to submit proposed redactions, as suggested by Microsoft in its opposition. (ECF 536, p.4, n.4.)

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal

2

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223

### C. Mr. Culbert Should Not Be Permitted To Review RIM Confidential Information

For the first time, Mr. Culbert acknowledges that he sometimes participates in licensing negotiations <u>and</u> that he <u>regularly</u> participates in such negotiations in the context of settlement discussions in litigation matters. In a very carefully worded declaration, Mr. Culbert states:

> I do not regularly participate in patent or other intellectual property licensing negotiations on behalf of Microsoft outside of the context of settlement discussions in litigation matters.

(ECF No. 537 ¶ 2). Such activities constitute competitive decisionmaking and create an unacceptable risk of disclosure of confidential information. *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000) (stating that in-house counsel's "involvement in licensing through litigation constitutes competitive decisionmaking, because her advice and counsel necessarily affect licensing decisions."). *See also Info-Hold, Inc. v. Muzak Holdings LLC*, No. 1:11-cv-283, 2012 WL 3061024, at *4 (S.D. Ohio July 26, 2012) citing *Intel Corp.*, 198 F.R.D. at 529.

Like Mr. Culbert, in-house counsel for Intel agreed to be bound by a Protective Order. The *Intel* court, however, found such good intentions insufficient to prevent inadvertent disclosure of confidential information because it is not possible for counsel to "lock up trade secrets in [her] mind." *Intel Corp.*, 198 F.R.D. at 531 quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471-72 (9th Cir. 1992). The same is true here – as a negotiator of settlement licenses, Mr. Culbert cannot wall himself off from his own knowledge gained in reviewing RIM confidential information. The *Intel* court further held that Intel needed to show that barring its in-house counsel from accessing confidential information would "actually prejudice presentation of [its] case, not merely increase the difficulty of managing the litigation," and found that Intel had failed to do so. *Intel Corp.*, 198 F.R.D. at 528. Similarly here, Microsoft has not made any showing that preventing Mr. Culbert from reviewing RIM confidential information will prejudice its presentation of the case.[2] The potential injury

---

[2] In its Response to RIM's Motion to Seal, Microsoft states it has "provided" expert reports containing RIM confidential information to Mr. Culbert, but does not state whether Mr. Culbert has reviewed that information or the licenses themselves. To the extent he has not yet done so, he should be precluded from doing so.

CASE NO. C10-1823-JLR  
RIM Reply ISO Motion to Seal  
3  
Christensen O'Connor Johnson Kindness PLLC  
1420 Fifth Avenue, Ste. 2800  
Seattle, Washington 98101-2347  
206.682.8100  

la-1191223

resulting from disclosure is also great here, as Microsoft and RIM are fierce competitors in the smartphone market, where Microsoft's Windows Phone competes with RIM's Blackberry, as well as in the tablet market.

This Court did not have the benefit of Mr. Culbert's admissions regarding his licensing activities when it granted Microsoft's Motion to Amend the Protective Order to Allow Designated In-House Counsel Expanded Access To Confidential Business Information (ECF No. 447). In the Reply supporting that Motion, Microsoft and Mr. Culbert represented only that Mr. Culbert did not "serve any executive or non-legal functions at Microsoft relating to product design, development, pricing, marketing or sales." (ECF No. 437 (Microsoft's Reply In Support of Motion to Amend Protective Order) at 3, ll. 17-18.) Microsoft argued that Mr. Culbert was not involved in competitive decisionmaking based only on these facts. (*See id.* at ll. 4-6 ("Where, as here, in-house counsel is not directly involved in product design, pricing, marketing, or sales, competitive concerns are diminished . . . .").) The law on which Microsoft relies is inapposite.[3]

This Court also did not have the benefit of the motions to seal filed by a myriad of third parties who produced (or gave consent for production of) licensing documents in reliance on the terms of the Protective Order issued in this case on July 21, 2011. Microsoft argued in its Reply in Support of its Motion to Amend the Protective Order that Motorola had offered no such evidence (ECF No. 437 at 6, ll. 8-9), but Microsoft itself knew full well that non-parties such as Via and MPEG LA had responded to subpoenas served by Microsoft and relied on the Protective

---

[3] For example, Microsoft cites *Barnes and Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC (LB), 2012 U.S. Dist. LEXIS 23103 (N.D. Cal. Feb. 23, 2012) to support its arguments, but the court there explicitly stated that the two companies are not competitors in the same market, and it therefore could find no evidence of "competitive decisionmaking." *Id.* at *11, 12. Thus, neither the risk of disclosure nor the potential injury resulting therefrom were great, and in-house counsel was permitted access to confidential information. As set forth above, Microsoft and RIM are indeed competitors in the same mobile computing market (smartphones and tablets), and Mr. Culbert's activities constitute competitive decisionmaking. Similarly, in *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, No. 1:10-cv-00148 LJO JLT, 2011 WL 2516224 (E.D. Cal. June 22, 2011), the court cited *Intel* for the proposition that disclosure of licensing agreements "may provide the party seeking disclosure a real competitive advantage," and expressly pointed out that no such information was at issue: "the only confidential information at issue here is Defendant's past net profits/losses." *Id.* at *5.

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal

4

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223

Order as it stood at that time.[4]  Similarly, RIM's Motion to Seal (ECF No. 502) set forth facts that it gave Motorola consent to produce certain license agreements based on the copy of the Protective Order it reviewed at that time.  Yet none of these parties had the opportunity to weigh in on Microsoft's request to expand Mr. Culbert's access to confidential information.

D.  **Alternatively, The Court Should Grant RIM's Motion To Bar Mr. Culbert From Participating In Licensing Negotiations Adverse To RIM**

Microsoft's nonsensical argument against a license negotiation bar here amounts to this: Mr. Culbert should not be prohibited from doing something that Microsoft claims he does not do in any event.  Microsoft asserts that Mr. Culbert is involved in litigation, not licensing, but still argues that he should not be prohibited from engaging in adversarial licensing negotiations with RIM after having reviewed RIM confidential information if he so desires.  As set forth in RIM's motion, the Federal Circuit has held that courts must consider instituting prospective bars to prevent counsel who learn confidential information from later advising clients in matters in which the information is advantageous.  *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010) (requiring courts to consider patent prosecution bars).

If the Court denies RIM's motion to prevent Mr. Culbert from reviewing RIM confidential information, the Court should at the very least amend the Protective Order to bar Mr. Culbert from participating in licensing negotiations adverse to RIM.  *Id.* at 1378, 1381; *see also Oracle Am., Inc. v. Google Inc.*, No. C-10-03561 WHA (DMR), 2011 U.S. Dist. LEXIS 60003, at *6-7 (N.D. Cal. June 6, 2011); *Intel Corp.*, 198 F.R.D. at 525.  Such a bar would not prejudice Microsoft in the presentation of the current case, and it is narrowly tailored such that Microsoft can still pursue licensing negotiations with RIM using one of the "hundreds of in-house counsel" to which it refers in its opposition.[5]  (*See* ECF 536, p. 8, ll. 7-8.)

---

[4] *See* ECF Nos. 543 and 519.

[5] Microsoft has referred to its "tens of thousands of employees" and "hundreds of in-house counsel" a number of times in its briefs, which makes its singular focus on preserving Mr. Culbert's ability to engage in licensing negotiations with RIM a bit perplexing. Microsoft's citation to *Nazomi Communications, Inc. v. ARM Holdings PLC*, No. C 02-02521-JF, 2002 U.S. Dist. LEXIS 21400 (N.D. Cal. Oct. 11, 2002) does not support this singular focus.  There, the defendant sought an incredibly broad license negotiation bar to prevent plaintiff's outside attorneys who accessed confidential information from becoming "involved in the negotiation of licenses for any party against the parties to this action." *Id.* at

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal

5

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223

The Court should also reject Microsoft's suggestion that, if granted, the settlement and license negotiation bar should be limited to the "specific patents and products covered by the Motorola-RIM License Agreements." (ECF 536, p.11, n. 13.)  Microsoft appears to assume, incorrectly, that the technologies and patents that are the subject of the RIM-Motorola licenses would be mutually exclusive of any technologies or patents that RIM and Microsoft may discuss in the future.  This is simply not so, as any such technologies or patents would still relate to the same mobile computing industry, be it smartphones or tablets.  Mr. Culbert's review of any RIM license relating to this industry would be highly relevant and give him and Microsoft an unfair competitive edge in any negotiations.  The Court should also reject Microsoft's suggestion that any negotiation bar exclude settlement negotiations.  Indeed, it is license negotiations *in the context of settlement* that the *Intel* court held constitutes competitive decisionmaking.  It would make no sense to exclude such negotiations from the bar.  Nor does it make any sense to suggest (as Microsoft does) that a determination of Mr. Culbert's access to the RIM-Motorola agreements be done in the *future* if there is any *future* hypothetical litigation between RIM and Microsoft – that bell cannot be unrung.

### III.   CONCLUSION

For these reasons, RIM respectfully requests that the Court seal the terms of the patent license agreements between RIM and Motorola and vacate the courtroom during testimony regarding those terms.  In addition, RIM respectfully requests that the Court amend the Protective Order to deny Mr. Culbert access to the RIM-Motorola licenses.  In the alternative, RIM respectfully requests that the Court amend the Protective Order to bar Mr. Culbert from participating in licensing negotiations adverse to RIM.

---

*2-3 (emphasis added).  The defendant's request in *Nazomi* would be akin to RIM requesting that all Sidley Austin attorneys who reviewed its confidential information be prohibited from negotiating licenses for any party sitting across the negotiating table from RIM.

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal

6

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223

Dated this 9th day of November, 2012.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC

s/ John D. Denkenberger
John D. Denkenberger, WSBA No.:  25,907
Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
litdoc@cojk.com

Vincent J. Belusko (*admitted pro hac vice*)
Morrison & Foerster LLP
555 W. Fifth Street
35th Floor
Los Angeles, CA 90013
Telephone:  213.892.5200
Fax:  213.892.5454
Email:  vbelusko@mofo.com, troybal@mofo.com

Attorneys for Nonparties Research In Motion
Limited and Research In Motion Corporation

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal

7

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James R. Batchelder
james.batchelder@ropesgray.com

William H Baumgartner , Jr
wbaumgartner@sidley.com,pblair@sidley.com

Norman H. Beamer
norman.beamer@ropesgray.com

Samuel Lawrence Brenner
samuel.brenner@ropesgray.com,CourtAlert@RopesGray.com

Richard A Cederoth
rcederoth@sidley.com,smukherjee@sidley.com,david.greenfield@sidley.com,tchandler@sidley.com,mpierson@sidley.com,apotter@sidley.com,efilingnotice@sidley.com,ascola@sidley.com,nwyland@sidley.com,amcleod@sidley.com,damiller@sidley.com,daniel.siegel@sidley.com,erobbins@sidley.com,bbkelly@sidley.com,tnguyen@sidley.com,tmurphy@sidley.com,jwmcbride@sidley.com,cgwilson@sidley.com

Shane P. Cramer
shanec@calfoharrigan.com,susiec@calfoharrigan.com,florinef@calfoharrigan.com

T. Andrew Culbert
andycu@microsoft.com

Lynn M Engel
lynne@summitlaw.com,celinel@summitlaw.com,marciar@summitlaw.com

David C. Giardina
dgiardina@sidley.com

David Greenfield
david.greenfield@sidley.com

Arthur W. Harrigan , Jr
arthurh@calfoharrigan.com,vickyc@calfoharrigan.com,lindab@calfoharrigan.com

Gabrielle Elizabeth Higgins
gabrielle.higgins@ropesgray.com
Khue V. Hoang

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal
8

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223


Khue.Hoang@ropesgray.com,CourtAlert@RopesGray.com,kvhoang@gmail.com

Jesse J Jenner
jesse.jenner@ropesgray.com,jfifth@optonline.net,kerry.ennis@ropesgray.com

David E. Killough
davkill@microsoft.com

Michael D Laufert
michael.laufert@ropesgray.com,laufert@gmail.com

Douglas I. Lewis
dilewis@sidley.com

Nathaniel C. Love
nlove@sidley.com,efilingnotice@sidley.com

John W McBride
jwmcbride@sidley.com,efilingnotice@sidley.com

Philip S McCune
philm@summitlaw.com,kristeno@summitlaw.com,marciar@summitlaw.com

Conor Brew McDonough
conor.mcdonough@ropesgray.com,mcdonoug@gmail.com

Brian R. Nester
bnester@sidley.com,jlgordon@sidley.com

Ralph H Palumbo
ralphp@summitlaw.com,cherylm@summitlaw.com

Anthony Pastor
anthony.pastor@ropesgray.com

Steven Pepe
steven.pepe@ropesgray.com,spepe3636@yahoo.com

Carter G. Phillips
cphillips@sidley.com

Kevin J. Post
Kevin.Post@ropesgray.com,kpost@law.gwu.edu,courtalert@ropesgray.com

David T Pritikin

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal

9

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223

dpritikin@sidley.com,jstone@sidley.com,erobbins@sidley.com,efilingnotice@sidley.com,ptripodi@sidley.com,ascola@sidley.com

Ellen S. Robbins
erobbins@sidley.com

Laurence S Rogers
laurence.rogers@ropesgray.com

Mark D. Rowland
mark.rowland@ropesgray.com,mark.rowland@earthlink.net

Josef B. Schenker
Josef.schenker@ropesgray.com,josef.schenker@gmail.com

Paul M. Schoenhard
paul.schoenhard@ropesgray.com,schoenhard@gmail.com

Constantine L. Trela , Jr
ctrela@sidley.com

Amanda Wieker
Amanda.Wieker@ropesgray.com

Christopher T Wion
chrisw@calfoharrigan.com,lindab@calfoharrigan.com

Stuart W. Yothers
Stuart.Yothers@ropesgray.com,CourtAlert@RopesGray.com

                                                    s/ John D. Denkenberger

CASE NO. C10-1823-JLR
RIM Reply ISO Motion to Seal      10

Christensen O'Connor Johnson Kindness PLLC
1420 Fifth Avenue, Ste. 2800
Seattle, Washington 98101-2347
206.682.8100

la-1191223