THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | NO. 2-10-cv-01823-JLR<br><br>DECLARATION OF INDONG KANG IN SUPPORT OF NONPARTY SAMSUNG'S MOTION TO SEAL TERMS OF PATENT LICENSE AGREEMENTS AND OTHER LICENSING INFORMATION AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM<br><br>NOTE ON MOTION CALENDAR:<br>November 13, 2012<br><br>ORAL ARGUMENT REQUESTED<br><br>**FILED UNDER SEAL** |

I, Indong Kang, state and declare as follows:

1. I am Principal Engineer and IP Counsel in the IP Center at Samsung Electronics Co., Ltd. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto. I submit this declaration in support of nonparty Samsung Electronics Co., Ltd.'s ("Samsung's") Motion to Seal the Terms of License Agreements and Other Licensing Information and to Exclude Unauthorized Persons from the Courtroom.

2. I have been employed at Samsung since 1989. My responsibilities at Samsung include negotiating and managing patent licenses. I am therefore intimately

DECLARATION OF INDONG KANG IN SUPPORT OF NONPARTY
SAMSUNG'S MOTION TO SEAL - 1 of 5
(2-10-cv-01823 JLR)
[100054453.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

familiar with Samsung's intellectual property licensing strategy and practices, Samsung's history of intellectual property licensing, Samsung's confidentiality policies and practices related to licensing, the types and nature of licenses and licensing documents at issue here, and how they could be used by Samsung's competitors and other parties to licensing negotiations with Samsung, if publicly disclosed.

3. I understand that a number of licenses and licensing documents may be introduced into evidence at trial in this action that contain Samsung's highly sensitive business information, including Samsung license agreements with Motorola and Microsoft, and documents relating to Samsung's licensing strategies and practices. Samsung would suffer severe competitive harm if this information were publicly disclosed.

4. I have reviewed the following documents, which I understand are addressed in Samsung's motion:

- Defendant's Exhibit 2769:  Motorola-Samsung license agreement
- Defendant's Exhibit 2813:  Microsoft-Samsung License
- Defendant's Exhibit 3163:  Presentation, Motorola-Samsung Meeting
- Defendant's Exhibit 3191:  [redacted]
- Defendant's Exhibit 3238:  Motorola-Samsung License
- Defendant's Exhibit 3264:  Letter from Motorola to Samsung re licensing

5. I agree that these documents contain highly sensitive business information throughout and should be sealed in their entirety. However, should the Court deny Samsung's request to seal them in their entirety, I have attached proposed redacted versions of these documents as exhibits (Ex. A (Ex. 2769); Ex. B (redacted Ex. 2769); Ex. C (Ex. 2813); Ex. D (redacted Ex. 2813); Ex. E (Ex. 3163); Ex. F (redacted Ex. 3163); Ex. G (Ex. 3191); Ex. H (redacted Ex. 3191); Ex. I (Ex. 3238); Ex. J (redacted Ex. 3238); Ex. K

DECLARATION OF INDONG KANG IN SUPPORT OF NONPARTY
SAMSUNG'S MOTION TO SEAL - 2 of 5
(2-10-cv-01823 JLR)
[100054453.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1  (Ex. 3264); Ex. L (redacted Ex. 3264)).  These redactions address the most extremely
2  sensitive business information contained in these documents.
3        6.    Licensing information is highly confidential to Samsung and Samsung
4  takes extraordinary steps to maintain its secrecy.  Dissemination of licensing information
5  is severely restricted even within Samsung itself, with access to such information almost
6  always limited to Samsung's legal and licensing departments.
7        7.    Public disclosure of the terms of Samsung's licenses, licensing strategies,
8  and licensing negotiations would cause substantial harm to Samsung by providing
9  competitors and other potential licensing partners with knowledge of Samsung's
10 negotiating tactics, licensing history, and licensing positions.  Competitors, armed with
11 this confidential information, would gain a one-sided and unfair advantage over
12 Samsung, which would not have the benefit of similar insight into their confidential
13 business strategies.
14       8.    Three of these exhibits, Exhibits 2769, 2813, and 3238, are actual
15 licenses Samsung has entered into with Motorola and Microsoft, and Exhibit 3191 is ▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  The terms of its licenses with
17 other parties are considered by Samsung to be highly sensitive, confidential information.
18 These licenses are the product of Samsung's analysis of its own and other parties'
19 intellectual property and evaluation of its own and other parties' business needs,
20 strategies, and future plans.  Different licenses are negotiated at different times and
21 reflect Samsung's evolution and development as a company, and its changing bargaining
22 positions and business needs.  Disclosure of this information would cause substantial
23 harm to Samsung's ongoing and future efforts to negotiate licenses with various
24 competitors and other possible licensing partners, ▮▮▮▮▮▮▮▮
25       9.    Exhibits 3163 and 3264 are documents relating to licensing negotiations.
26 These documents reveal Samsung's licensing strategies and practices.  Disclosure of
these documents would similarly cause substantial harm to Samsung by providing its

DECLARATION OF INDONG KANG IN SUPPORT OF NONPARTY
SAMSUNG'S MOTION TO SEAL - 3 of 5
(2-10-cv-01823 JLR)
[100054453.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1 competitors and other potential licensing partners with an unfair advantage during
2 ongoing and future negotiations.
3     I declare under penalty of perjury under the laws of the United States of America
4 that the foregoing is true and correct.
5     Executed on November 9, 2012 at Suwon, Korea.

                                                Indong Kang

DECLARATION OF INDONG KANG IN SUPPORT OF NONPARTY
SAMSUNG'S MOTION TO SEAL - 4 of 5
(2-10-cv-01823 JLR)
[100054453.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## CERTIFICATE OF SERVICE

I certify that on this 9th day of November, 2012, the foregoing document was electronically filed with the Clerk of the U.S. District Court for the Western District of Washington using the CM/ECF system, which will send notification of such filing to all parties of record.

DATED this 9th day of November, 2012.

        s/ Linda J. Vandiver
        Linda J. Vandiver, Legal Assistant
        GORDON THOMAS HONEYWELL LLP

DECLARATION OF INDONG KANG IN SUPPORT OF NONPARTY SAMSUNG'S MOTION TO SEAL - 5 of 5
(2-10-cv-01823 JLR)
[100054453.docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575