THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,<br><br>              Defendants. | NO.  2-10-cv-01823-JLR<br><br>NONPARTY SAMSUNG'S MOTION TO SEAL TERMS OF PATENT LICENSE AGREEMENTS AND OTHER LICENSING INFORMATION AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM<br><br>NOTE ON MOTION CALENDAR: November 13, 2012<br><br>ORAL ARGUMENT REQUESTED<br><br>**<u>FILED UNDER SEAL</u>** |

9
10
11
12
13
14
15
16
17
18

19
20
21
22
23

      Nonparty Samsung Electronics Co., Ltd. ("Samsung") respectfully moves the Court to seal the terms of certain Samsung patent license agreements and other Samsung confidential licensing information, which involve Samsung highly sensitive business information.[1]  These licenses and licensing information are likely to be introduced as exhibits or as part of demonstratives.  Alternatively, should the Court decide not to seal

24
25
26

---

[1]  Samsung files this motion in compliance with the Court's statement at the October 18, 2012 *Daubert* hearing that third parties may file motions seeking to protect their license information. (Tr. at 99.)  Samsung has requested oral argument but understands that argument may not be possible given the present time constraints.  Samsung will, in any event, be available to answer any questions the Court may have regarding this motion.

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1   the entire documents containing the confidential licensing information, Samsung

2   requests that the Court seal the most highly sensitive information contained in the

3   documents, and proposes specific redactions to this effect.  Samsung further respectfully

4   moves the Court to exclude from the courtroom during testimony involving this

5   information persons not authorized by the Protective Order to have access to such

6   information, and to seal that testimony and the transcripts of that testimony.

7          Courts in the Ninth Circuit have repeatedly sealed patent licensing terms on the

8   grounds that the sensitivity of the information and possible adverse consequences of

9   disclosure outweigh the public's interest in access to court records.  As this Court has

10  recognized, such highly sensitive licensing terms meet the Ninth Circuit's "compelling

11  reasons" standard, set out in *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172,

12  1179 (9th Cir. 2006).  Applying this standard, this Court has sealed testimony involving

13  descriptions of licensing negotiations and agreements with third parties and has also

14  sealed an actual licensing agreement between Motorola and a third party.  (*See* Order,

15  Dkt. 292, at 3-4.)   Also applying this standard, this Court sealed licenses between

16  Motorola and Nokia Corporation, between Motorola and Research In Motion Limited, and

17  between Motorola and VTech (Dkt. 187).

18         On Thursday, November 8, 2012, counsel for Samsung conferred with counsel for

19  Motorola and counsel for Microsoft regarding the substance of this motion.  Counsel for

20  Motorola stated that Motorola agrees to the portions of the motion requesting that

21  documents containing confidential licensing terms be sealed in their entirety.  Counsel for

22  Microsoft stated that Microsoft opposes the motion to seal the documents in their

23  entirety.[2]

24

25

26

---

[2]  It is Samsung's understanding from Samsung counsel's meet and confer with counsel for Microsoft that Microsoft does not oppose redaction of third party financial information in exhibits.

NON PARTY SAMSUNG'S MOTION TO SEAL - 2 of 11
(2-10-cv-01823 JLR)
[100054452 (2).docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## I.   FACTUAL BACKGROUND

Samsung requests that six documents be sealed in their entirety, and that portions of a seventh document be sealed.  Should the Court decide not to seal any or all of the six documents in their entirety, Samsung requests that the most highly sensitive portions of these six documents be sealed and has proposed redactions to this effect. (Declaration of Indong Kang ("Kang Decl.") ¶ 5 and exhibits thereto, filed concurrently herewith.)  The documents are described in detail below.

### 1.   Patent Cross-License Agreement Between Samsung and Motorola (Defendant's Exhibit 2769)

Exhibit No. 2769 is a confidential Memorandum of Understanding and patent cross-license agreement between Samsung and Motorola that has been designated "Confidential Business Information, Attorneys' Eyes Only" under the protective order. Should the Court decide not to seal the entire license agreement, Samsung has proposed more limited redactions of the portions of the document that contain the most highly sensitive and confidential terms of the licensing agreement, including the term of the license, the licensed equipment, and the pricing terms and payment schedule.  (Kang Decl. ¶ 5.)

### 2.   Patent License Agreement Between Samsung and Microsoft (Defendant's Exhibit 2813)

Exhibit No. 2813 is a confidential Patent License Agreement between Samsung and Microsoft that has been designated "Confidential Business Information, Attorneys' Eyes Only" under the protective order.  Should the Court decide not to seal the entire license agreement, Samsung has proposed more limited redactions of the portions of the document that contain the most highly sensitive and confidential terms of the licensing agreement, including the term of the license, price terms and payment schedules, and covered products, software, and technologies.  (Kang Decl. ¶ 5.)

NON PARTY SAMSUNG'S MOTION TO SEAL - 3 of 11
(2-10-cv-01823 JLR)
[100054452 (2).docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

3.      **Presentation from Motorola-Samsung Meeting (Defendant's Exhibit 3163)**

Exhibit No. 3163 is a confidential presentation from a March 23, 2011 Motorola-Samsung meeting addressing licensing negotiations between the companies that has been designated "Confidential Business Information, Attorneys' Eyes Only, Subject to Protective Order."   The presentation discloses Samsung's licensing strategies and licensing tactics and considerations.   Should the Court decide not to seal the entire license agreement, Samsung has proposed more limited redactions of the portions of the document that contain the most highly sensitive and confidential terms of the licensing agreement, including proposed license terms, detailed information about pricing, valuation, and the length of the license, and the terms of previous licenses.  (Kang Decl. ¶ 5.)

4.



5.      **Cellular Cross License Agreement Between Motorola and Samsung (Defendant's Exhibit 3238)**

Exhibit No. 3238 is a Confidential Cellular Cross License Agreement between Samsung and Microsoft that has been designated "Confidential Business Information, Attorneys' Eyes Only" under the protective order.  Should the Court decide not to seal the entire agreement, Samsung has proposed more limited redactions of the portions of the

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

document that contain the most highly sensitive and confidential terms of the licensing agreement, including term of the license, price terms and payment schedules, and covered products, software, and technologies.  (Kang Decl. ¶ 5.)

6.    Letter re Licensing from Motorola to Samsung (Defendant's Exhibit 3264)

Exhibit No. 3264 is a letter regarding the Cellular Patents Cross-License Negotiations between Samsung and Motorola that has been designated "Confidential Business Information, Attorneys' Eyes Only" under the protective order.  Should the Court decide not to seal the entire agreement, Samsung has proposed more limited redactions of the portions of the document that contain the most highly sensitive and confidential terms of the licensing agreement, including information regarding the term of the parties' past licensing agreements, price terms and payment schedules, and technologies covered by the agreements.  (Kang Decl. ¶ 5.)

7.    Summary Chart of Motorola Licensing (Defendant's Exhibit 3137)

Exhibit 3137 is a confidential summary chart that has been designated "Contains Confidential Business Information, Subject to Protective Order – Attorneys' Eyes Only." This chart contains two entries relating to Samsung-Motorola licenses.   The chart provides sensitive business information regarding the terms of these licenses, namely, the effective date, whether the license relates to an 802.11 patent or portfolio, whether the license relates to an H.264 patent or portfolio, whether there are fixed payments to Motorola, whether a running royalty is paid to Motorola, a summary of Motorola's earliest offer, and the maximum rate offered or licensed.   Samsung requests that the entries related to the two Samsung-Motorola licenses be sealed.   (Exs. 1 (Ex. 3137) and 2 (Redacted Ex. 3137) attached hereto.)

NON PARTY SAMSUNG'S MOTION TO SEAL - 5 of 11
(2-10-cv-01823 JLR)
[100054452 (2).docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## II.     ARGUMENT

### A.      This Court Has Recognized That Licensing Terms Meet the Ninth Circuit's "Compelling Reasons" Standard and Should Be Sealed

The Ninth Circuit has held that the public right of access to court records is not absolute but can be outweighed if there are "compelling reasons" for a document to be sealed.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The Ninth Circuit has stated that courts must ensure that the public's right of access does not allow court records to be used "as sources of business information that might harm a litigant's competitive standing."  *In re Elec. Arts, Inc.*, 298 F. Appx. 568, 569 (9th Cir. 2008) (sealing license agreement) (internal quotations and citation omitted).  The Ninth Circuit emphasized in *In re Electronic Arts* that compelling reasons to seal documents exist where public court records might become a "vehicle for improper purposes" such as the release of trade secrets.  *See id.* at **1.  Furthermore, licensing terms such as "pricing terms, royalty rates, and guaranteed minimum payment terms" are precisely the type of information that might harm a litigant's competitive standing and that plainly fall within the definition of trade secrets.  *See id.* at **2.

Courts in the Ninth Circuit have repeatedly found that licensing terms should be sealed.  *See, e.g.*, *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283420, at *9 (N.D. Cal. Aug. 10, 2012); *AMC Tech., L.L.C. v. Cisco Sys.*, No. 11-CV-03403, 2012 U.S. Dist. LEXIS 9934, at *5 (N.D. Cal. Jan. 27, 2012); *TriQuint Semiconductor v. Avago Techs. Ltd.*, No. 09-CV-1531, 2011 WL 4947343, at *2 (D. Ariz. Oct. 18, 2011).

As discussed above, this Court, applying the Ninth Circuit's "compelling reasons" standard, has sealed licensing terms.  For example, in a February 24, 2012 Order (Dkt. 187), this Court granted Motorola's motion to seal documents including Motorola licenses with nonparties Nokia, RIM, and VTech.  In each case, the Court stated that the license at

NON PARTY SAMSUNG'S MOTION TO SEAL - 6 of 11
(2-10-cv-01823 JLR)
[100054452 (2).docx]

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1   issue met the Ninth Circuit "compelling reasons" standard on the grounds that it contains

2   "confidential licensing terms between the parties." (Dkt. 187 at 3-4.)

3          Similarly, in an April 23, 2012 Order (Dkt. 292), this Court granted Microsoft's

4   motion to seal documents including a license agreement between Motorola and a third

5   party marked as containing confidential business information.  The Court found that this

6   document should be sealed on the grounds that it contains "commercially sensitive

7   information to meet the 'compelling reasons' standard." (Dkt. 292 at 3-4.)  The Court also

8   granted Microsoft's motion to seal testimony involving descriptions of Motorola's licensing

9   negotiations and agreements with third parties on the grounds that "this testimony

10  contains commercially sensitive information sufficient to meet the 'compelling reasons'

11  standard." (Order, Dkt. 292, at 3-4.)

**B.**   **The Documents at Issue Here Contain the Same Types of Licensing Information as Documents This Court Has Already Sealed**

13          As set out in detail above, the documents at issue here are actual licenses (Exs.

14  2769, 2813, 3191, 3238), documents that reveal Samsung's licensing strategies and

15  evaluation of its own and other companies' intellectual property (Exs. 3163, 3264), and

16  summaries of key licensing terms (3137).  This Court sealed actual licenses in their

17  entirety and also testimony involving descriptions of Motorola's licensing negotiations and

18  agreements with third parties.  The additional documents that Samsung requests that the

19  Court seal (Exs. 3163, 3264, 3137) similarly reveal Samsung's licensing negotiations and

20  agreements with third parties.

**C.**   **Disclosure of the Highly Sensitive Licensing Information in the Documents at Issue Will Cause Substantial Harm to Samsung**

22          This information is highly sensitive, trade secret information belonging to

23  Samsung. (Kang Decl. ¶ 5.)  Licensing information is highly confidential to Samsung and

24  Samsung takes extraordinary steps to maintain its secrecy.     (Kang Decl. ¶ 6.)

25  Dissemination of licensing information is severely restricted even within Samsung itself,

26

with access to such information almost always limited to Samsung's legal and licensing departments.  (Kang Decl. ¶ 6.)

Public disclosure of the terms of Samsung's licenses, licensing strategies, and licensing negotiations would cause substantial harm to Samsung by providing competitors and other potential licensing partners with knowledge of Samsung's negotiating tactics, licensing history, and licensing positions.   (Kang Decl.  ¶ 7.) Competitors, armed with this confidential information, would gain a one-sided and unfair advantage over Samsung, which would not have the benefit of similar insight into their confidential business strategies. (Kang Decl. ¶ 7.)

Three of these exhibits, Exhibits 2769, 2813, and 3238, are actual licenses Samsung has entered into with Motorola and Microsoft, and Exhibit 3191 is ████ ███████████████████████████████████████ (Kang Decl. ¶ 8.)  Exhibit 3137 is a summary of the key terms of two Samsung-Motorola licenses.  The terms of its licenses with other parties are considered by Samsung to be highly sensitive, confidential information.  (Kang Decl. ¶ 8.)  These licenses are the product of Samsung's analysis of its own and other parties' intellectual property and evaluation of its own and other parties' business needs, strategies, and future plans.  (Kang Decl. ¶ 8.)  Different licenses are negotiated at different times and reflect Samsung's evolution and development as a company, and its changing bargaining positions and business needs.  (Kang Decl. ¶ 8.) Disclosure of this information would cause substantial harm to Samsung's ongoing and future efforts to negotiate licenses with various competitors and other possible licensing partners, and VIA licensing.  (Kang Decl. ¶ 8.)

Exhibits 3163 and 3264 are documents relating to licensing negotiations.  (Kang Decl. ¶ 9.)  These documents reveal Samsung's licensing strategies and practices. Disclosure of these documents would similarly cause substantial harm to Samsung by providing its competitors and other potential licensing partners with an unfair advantage during ongoing and future negotiations.  (Kang Decl. ¶ 9.)

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1

III.    CONCLUSION

2

        For these reasons, Samsung respectfully requests that the Court seal the terms of

3

the patent license agreements and other documents relating to licensing terms, exclude

4

from the courtroom during testimony involving this information persons not authorized by

5

the Protective Order to have access to such information, and seal that testimony and the

6

transcripts of that testimony.

7

        DATED this 9th day of November, 2012.

8

                                        GORDON THOMAS HONEYWELL LLP

9

                                By    s/ Donald S. Cohen
10
                                      Donald S. Cohen, WSBA No. 12480
                                      dcohen@gth-law.com
11

                                By    s/ Steven T. Reich
12
                                      Steven T. Reich, WSBA No. 24708
                                      sreich@gth-law.com
13

                                      600 University Street, Suite 2100
14
                                      Seattle, WA  98101
                                      Tel:  (206) 676-7500
15
                                      Fax:  (206) 676-7575

16

                                      OF COUNSEL
17

                                      QUINN EMANUEL LLP
18

                                By    s/ Victoria F. Maroulis
19
                                      Victoria F. Maroulis, CA SBN No. 202603,
20
                                      victoriamaroulis@quinnemanuel.com

21                              By    s/Kevin P.B. Johnson

                                      Kevin P.B. Johnson, CA SBN No. 177129,
22
                                      kevinjohnson@quinnemanuel.com

23

                                      555 Twin Dolphin Drive, 5th Floor
24
                                      Redwood Shores, CA  94065
                                      Tel:  (650) 801-5000
25
                                      Fax:  (650) 801-5100

26
                                      -and-

1

2                                         ZEINEDDIN PLLC

3                              By    s/ R. Paul Zeineddin
                                     R. Paul Zeineddin, DC Bar No. 474734,
4                                    *Pro Hac Vice Pending*
                                     paul@zeineddin.com
5
                                     1000 Connecticut Avenue NW, Suite 900
6                                    Washington, DC  20036
                                     Tel:  (202) 787-1051
7
                                     Attorneys for Non-Party/Interested Party
8                                    SAMSUNG ELECTRONICS Co., LTD

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

## CERTIFICATE OF SERVICE

2

3        I certify that on this 9th day of November, 2012, the foregoing document was

4    electronically filed with the Clerk of the U.S. District Court for the Western District of

5    Washington using the CM/ECF system, which will send notification of such filing to all

6    parties of record.

7        DATED this 9th day of November, 2012.

8

9                                     s/ Karen Lang Crane
                                      Karen Lang Crane, Legal Assistant
10                                    GORDON THOMAS HONEYWELL LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575