THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>  Plaintiff,<br><br>  vs.<br><br>MOTOROLA, INC., at al.,<br><br>  Defendants. | Case No. C10-1823-JLR<br><br>NON-PARTY QUALCOMM INCORPORATED'S MOTION TO SEAL DOCUMENTS<br><br>NOTE ON MOTION CALENDAR:<br>Friday, November 23, 2012<br><br>Without Oral Argument |

**Introduction and Relief Requested**

Pursuant to Western District of Washington Civil Local Rule 5(g), non-party Qualcomm, Incorporated, on behalf of itself and its wholly owned subsidiary Qualcomm Atheros (collectively "Qualcomm"), submits this Motion to Seal Documents, for the purpose of protecting certain confidential documents and highly proprietary information from public disclosure.

The seven documents that are the subject of this Motion, identified below, were produced by both Microsoft and Motorola, not Qualcomm, and all seven have been identified as potential trial exhibits by Motorola. Because these documents contain sensitive and confidential Qualcomm business information, as shown below and in the

NON-PARTY QUALCOMM INCORPORATED'S
MOTION TO SEAL DOCUMENTS
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

supporting Declarations of Fabian Gonell and Adam Tachner, "compelling reasons" to seal those documents, along with any testimony on, summaries of, or other documents derived from the confidential information contained in those documents, outweigh any public interest in disclosing them.  Qualcomm therefore submits this Motion to Seal.

**Factual Background**

During discovery in this matter, Motorola produced six patent licensing agreements between Motorola and Qualcomm (the "Qualcomm Licenses") and Microsoft produced an Atheros Data Sheet for the AR8290 chip (the "Atheros Data Sheet"), each of which contains highly sensitive business information of Qualcomm.  All six of the Qualcomm Licenses are designated as "Confidential Business Information, Attorneys' Eyes Only" and "Subject to Protective Order", and the Atheros Data Sheet is designated as "Confidential Business Information" and "Subject to Protective Order".

On October 24, 2012, Microsoft and Motorola jointly filed their list of proposed trial exhibits, which includes all six Qualcomm Licenses and the Atheros Data Sheet.  (Dkt. 493-1.)  The Qualcomm Licenses and Atheros Data Sheet for which Qualcomm seeks protection in this Motion are identified as follows[1]:

- An Agreement to Amend the 1990 Patent License Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025476-488 and Defendants' Trial Exhibit 2809, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

---

[1] Motorola has sought to have this Court seal all of these documents.  (Dkt. 495, at 8-11; Dkt. 495-1 (Exhibit A).)  Microsoft agrees with Motorola that the Atheros Data Sheet should be sealed in its entirety.  (Dkt. 533 at 6 n.2.)  Qualcomm agrees with the arguments made in Motorola's Motion, and believes that redaction is not feasible due to the extent and complexity of both the bargained-for consideration permeating the agreements and the technical information permeating the Atheros Data Sheet.  But should the Court conclude that these documents should be redacted, Qualcomm requests the opportunity to provide redacted copies of these documents.

NON-PARTY QUALCOMM INCORPORATED'S
MOTION TO SEAL DOCUMENTS
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

2

- An Amendment to DS-CDMA Technology Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025409-412 and Defendants' Trial Exhibit 3230, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- An Agreement to Amend the Patent License Agreement and Technology License Agreement and Software License Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025413-430 and Defendants' Trial Exhibit 3231, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- A DS-CDMA Technology Agreement between Qualcomm and Motorola, labeled MOTM_WASH1823_0025431-467 and Defendants' Trial Exhibit 3232, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- A Patent License Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025489-502 and Defendants' Trial Exhibit 3233, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- A Draft of an Agreement to Amend the Patent License Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025468-475 and Defendants' Trial Exhibit 3234, and designated "Confidential Business Information" and "Attorneys' Eyes Only"; and

- An Atheros Communications October 2008 Data Sheet for the AR9280 Single-Chip 2x2 MIMO MAC/BB/Radio with PCI Express Interface for 802.11n2.4 and 5 GHz WLANs, labeled MS-MOTO_752_0001091439-592 and Defendants' Trial Exhibit 3343, and designated "Confidential Business Information".

Qualcomm's business activities include licensing its patented technologies for use by participants in the mobile communications industry and developing chips for network communications, including wireless communications. Gonell Decl. at ¶ 2; Tachner Decl. at ¶ 2. As is well known, the mobile communications industry is both fiercely competitive and highly dynamic. The terms of licensing agreements for

NON-PARTY QUALCOMM INCORPORATED'S  
MOTION TO SEAL DOCUMENTS  
Case No. C10-1823-JLR

COOLEY LLP  
719 SECOND AVENUE SUITE 900  
SEATTLE, WA 98104-1732  
(206) 452-8700

3

Qualcomm's mobile technologies are therefore heavily negotiated and reflect what are often very complex relationships between the parties. Gonell Decl. at ¶ 2. The terms of the Qualcomm Licenses, as is true of almost all Qualcomm licensing agreements, are subject to strict confidentiality obligations binding on both parties precisely because "the parties view these terms—which include financial terms as well as terms concerning other consideration, the nature and scope of rights granted, the length of the term, assignability, grounds for termination, and more—as trade secrets, the disclosure of which could place them at a disadvantage in their relations with competitors or other licensees or licensors". Gonell Decl. at ¶ 3.

Of particular relevance here, the Qualcomm Licenses contain "highly confidential and sensitive financial terms unique to Qualcomm and Motorola and painstakingly negotiated over the course of a long-term commercial relationship, including royalty rates, royalty bases, royalty caps, and other financial terms". Gonell Decl. at ¶ 6. These terms disclose a careful balancing of value exchanged in the Qualcomm-Motorola relationship. Gonell Decl. at ¶ 6. The Qualcomm Licenses also contain "unique and painstakingly negotiated provisions under which Qualcomm receives rights to practice Motorola's patents", as well as "confidential, sensitive, and extensively negotiated provisions setting forth how and under what conditions the parties' intersecting rights under these long-term agreements may be terminated". Gonell Decl. at ¶¶ 7-8.

Qualcomm considers these confidential license terms to be trade secrets, and therefore goes to great lengths to protect these agreements—along with related correspondence, the specifics of negotiations, and other related documents—from public disclosure. Public disclosure of this information would inevitably and irretrievably result

NON-PARTY QUALCOMM INCORPORATED'S
MOTION TO SEAL DOCUMENTS
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

4

1  in it being obtained by Qualcomm's current and potential future competitors, customers,
2  and other licensees, who would unfairly gain a strategic advantage over Qualcomm in
3  licensing matters, including in future license negotiations.  Consequently, public
4  disclosure of this information would "impede the ability of Qualcomm to compete in the
5  future in its markets" and "make it more difficult to negotiate other sensitive and complex
6  agreements with Motorola and with other parties in the future".  Gonell Decl. at ¶ 6; *see*
7  *also id.* at ¶¶ 7-8 (noting the same).
8         The Atheros Data Sheet also contains highly sensitive and confidential
9  Qualcomm information.  Prior to its acquisition by Qualcomm in 2011, Atheros
10 Communications, Inc. invested approximately $120 million in 2008 in research and
11 development, Tachner Decl. at ¶ 2 (noting also that Qualcomm invests well over $2
12 billion annually in research and development), with the result that Qualcomm Atheros
13 produces highly complex and innovative chips, the design and operation of which are
14 highly confidential.  Qualcomm Atheros provides data sheets containing "a substantial
15 amount of technical and highly confidential information about how each of our chipsets
16 are designed and how they operate" to current and potential customers.  Tachner Decl. at
17 ¶ 3.  Because Qualcomm considers this information to be a valuable trade secret, such
18 data sheets are generally provided to third parties under strict non-disclosure agreements.
19 Tachner Decl. at ¶ 3.
20        The Atheros Data Sheet listed in the parties' proposed trial exhibits itself
21 contains "a substantial amount of technical and highly confidential information about the
22 AR9280 chip.  This includes information regarding the technical engineering and
23 operation of the chip, including precise technical specifications regarding the manner
24 through which the AR9280 chip provides wireless communication capabilities."  Tachner
25 Decl. at ¶ 4.  This information "could be used by a competitor or customer of Qualcomm
26 Atheros to build a chip matching the features and functionality of the AR9280 chip.  As a

27 NON-PARTY QUALCOMM INCORPORATED'S
   MOTION TO SEAL DOCUMENTS
28 Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

5

1  result, this information would be highly valuable in the possession of customers and
2  competitors of Qualcomm Atheros." Tachner Decl. at ¶ 5. "It would therefore impede
3  the ability of Qualcomm Atheros to compete in the future in its markets if its competitors
4  and current and potential customers had such detailed knowledge of the design and
5  operation of the AR9280 chip." Tachner Decl. at ¶ 5.

**Argument: Qualcomm's confidential documents should be sealed.**

Notwithstanding the public interest in open court proceedings, the Supreme Court has recognized the need to protect certain information from public disclosure, in particular when "court files might [] become a vehicle for improper purposes". *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts are not to be "sources of business information that might harm a litigant's competitive standing". *Id.* Rather, the Federal Rules of Civil Procedure expressly permit this Court to order that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way". Fed. R. Civ. P. 26(c)(1)(G).

This Court may use this power to seal trial exhibits for "compelling reasons". *See Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); Local Civil Rule 5(g)(2). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1178-79 (quoting *Nixon*, 435 U.S. at 598). In the Ninth Circuit, a "trade secret is a process or device for continuous use in the operation of the business" and "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it". *Clark v. Bunker*, 453 F.2d 1006, 1008-09 (9th Cir. 1972) (quotation marks omitted).

NON-PARTY QUALCOMM INCORPORATED'S
MOTION TO SEAL DOCUMENTS
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

6

1         Licensing agreements have been recognized as trade secrets, and courts have therefore found there are "compelling reasons" to seal them. *See, e.g.*, *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008) (sealing licensing information); *Powertech Technology, Inc. v. Tessera, Inc.*, 2012 WL 3283420, *9 (N.D. Cal. Aug. 10, 2012) (sealing licensing information); *Abaxis, Inc. v. Cepheid*, 2011 WL 6002522, *1 n. 1 (N.D. Cal. Nov. 3, 2011) (sealing term sheet of licensing negotiations). In fact, earlier in this action, this Court found "compelling reasons" to seal licensing agreements between Motorola and several non-parties. (Dkt. 187 at 3-5.) Courts have also found "compelling reasons" to seal confidential product information, such as source code. *See Clark*, 453 F.2d at 1009 (quoting *Restatement of Torts* § 757, cmt. b); *In re Elec. Arts*, 298 Fed. Appx. at 569-70; *Agency Soulutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) ("[S]ource code is undoubt[edly] a trade secret".).

        Under this case law, the documents Qualcomm seeks to seal contain trade secrets, and there are therefore "compelling reasons" to seal them that outweigh any public interest in disclosing them. In fact, perhaps the most compelling reason of all is that the *primary* segment of the "public" likely to have an interest in accessing this information contained in these Qualcomm documents consists of Qualcomm's competitors and customers, seeking it only for the "improper purpose" of enhancing their own "competitive standing" against Qualcomm, either by entering licensing negotiations armed with the knowledge of specific terms under which Qualcomm has agreed to license its intellectual property in the past, or by gaining unfair visibility into the architecture of Qualcomm Atheros chips which Qualcomm has spent vast sums developing. *See Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1179. Consequently, Qualcomm will be greatly prejudiced if its confidential information is not sealed—an

NON-PARTY QUALCOMM INCORPORATED'S
MOTION TO SEAL DOCUMENTS
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

7

1 injustice that is made greater still due to the fact that Qualcomm is a stranger to this

2 litigation and therefore an innocent third party.

3 Microsoft argues in its opposition to Motorola's motion to seal that only

4 the financial terms of licenses should be protected from disclosure. (Dkt. 533 at 2.) This

5 narrow and formalistic view of what trade secrets are contained in the Qualcomm

6 Licenses is divorced from economic reality. As Mr. Gonell's declaration demonstrates,

7 the Qualcomm Licenses memorialize a broad exchange of values between the parties, as

8 embodied in heavily negotiated non-financial terms providing Qualcomm rights to

9 practice Motorola's patents, Gonell Decl. at ¶ 7, and setting forth how and under what

10 conditions the parties' intersecting rights under these long-term agreements may be

11 terminated, Gonell Decl. at ¶ 8.

12 Because public disclosure of other aspects of the consideration exchanged

13 with Motorola in the Qualcomm Licenses would be no less injurious to Qualcomm's

14 competitive standing than disclosure of financial terms and is of no genuine public

15 interest, the compelling reasons rationale applies with equal force to sealing these terms

16 as it does to payment and royalty information.

17 As a result, the highly sensitive Qualcomm Licenses and Atheros Data

18 Sheet should be sealed, as should any other testimony on, summaries of, or other

19 documents derived from the confidential information contained in those documents. In

20 the event the Court concludes that these documents should be redacted rather than sealed,

21 however, Qualcomm requests the opportunity to provide redacted copies of each of the

22 documents at issue in this Motion.

NON-PARTY QUALCOMM INCORPORATED'S
MOTION TO SEAL DOCUMENTS
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

8

**Conclusion**

For the reasons stated above, this Court should grant Qualcomm's Motion to Seal Documents.

DATED this 10th day of November, 2012.

               _/s/ Christopher B. Durbin_____
               Christopher B. Durbin (WSBA #41159)
               COOLEY LLP
               719 Second Avenue, Suite 900
               Seattle, WA 98104-1732
               Telephone: (206) 452-8700
               Facsimile: (206) 452-8800
               Email: cdurbin@cooley.com

               Attorney for Non-Party Qualcomm, Inc.

NON-PARTY QUALCOMM INCORPORATED'S  
MOTION TO SEAL DOCUMENTS  
Case No. C10-1823-JLR

COOLEY LLP  
719 SECOND AVENUE SUITE 900  
SEATTLE, WA 98104-1732  
(206) 452-8700

9

1

2  **Certificate of Service**

3  I hereby certify that on November 10, 2012, I electronically filed the

4  foregoing with the Clerk of the Court using the CM/ECF system which will send

5  notification to all registered parties in this case.

6  DATED this 10th day of November, 2012, in Seattle, Washington.

7

8  　　　　　　　　　　　　　　　　　　　　　　　_/s/ Christopher B. Durbin_____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  NON-PARTY QUALCOMM INCORPORATED'S                         COOLEY LLP
    MOTION TO SEAL DOCUMENTS                          719 SECOND AVENUE SUITE 900
28  Case No. C10-1823-JLR                                 SEATTLE, WA 98104-1732
                                                              (206) 452-8700