THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>         Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC., at al.,<br><br>         Defendants. | Case No. C10-1823-JLR<br><br>DECLARATION OF FABIAN GONELL<br><br>NOTE ON MOTION CALENDAR:<br>Friday, November 23, 2012<br><br>Without Oral Argument |

I, FABIAN GONELL, DECLARE:

  1.  I am Vice President and Legal Counsel at Qualcomm Technology Licensing ("QTL"), a division of Qualcomm Incorporated ("Qualcomm"). I submit this declaration in support of Qualcomm's Motion to Seal:

- An Agreement to Amend the 1990 Patent License Agreement between Motorola[1] and Qualcomm, labeled MOTM_WASH1823_0025476 and Defendants' Trial Exhibit 2809, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- An Amendment to DS-CDMA Technology Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025409 and Defendants'

---

[1] I refer to Defendants Motorola, Inc., Motorola Mobility LLC, and General Instrument Corp. collectively as "Motorola".

DECLARATION OF FABIAN GONELL
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

[[NYLIT:2619558v1:4172D: 11/09/2012--05:42 p]]

Trial Exhibit 3230, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- An Agreement to Amend the Patent License Agreement and Technology License Agreement and Software License Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025413 and Defendants' Trial Exhibit 3231, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- A DS-CDMA Technology Agreement between Qualcomm and Motorola, labeled MOTM_WASH1823_0025431 and Defendants' Trial Exhibit 3232, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- A Patent License Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025489 and Defendants' Trial Exhibit 3233, and designated "Confidential Business Information" and "Attorneys' Eyes Only"; and

- A Draft of an Agreement to Amend the Patent License Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025468 and Defendants' Trial Exhibit 3234, and designated "Confidential Business Information" and "Attorneys' Eyes Only".

Collectively, I refer to these documents as the "Qualcomm Licenses".

2. Qualcomm's business activities include licensing its patented technologies for use by businesses in the mobile communications industry. Licensing in the mobile communications industry is highly competitive; the terms of licensing agreements are painstakingly negotiated and set out a complex relationship between the parties.

3. The Qualcomm Licenses have been negotiated and entered into over a period of over two decades and disclose in minute detail the complex terms of the heavily negotiated licensing and commercial relationship between Motorola and Qualcomm. As is true of the license terms between Qualcomm and almost all its licensees, the terms of the Qualcomm Licenses are subject to strict confidentiality obligations binding upon both

DECLARATION OF FABIAN GONELL
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

[[NYLIT:2619558v1:4172D: 11/09/2012–05:42 p]]

2

parties *because* the parties view these terms—which include financial terms as well as terms concerning other consideration, the nature and scope of rights granted, the length of the term, assignability, grounds for termination, and more—as trade secrets, the disclosure of which could place them at a disadvantage in their relations with competitors or other licensees or licensors.

4. Indeed the specific terms of Qualcomm's many patent licensing agreements are consistently considered to be, and carefully guarded as, highly valuable trade secrets. Qualcomm takes care that essentially all of its license agreements contain strict confidentiality clauses and Qualcomm does not disclose the details of individual license agreements.

5. For the reasons that follow, it would be seriously damaging to Qualcomm if the highly sensitive, confidential business information contained in the Qualcomm Licenses were disclosed to third parties through use in court in the absence of an appropriate sealing order.

6. *First*, the Qualcomm Licenses contain highly confidential and sensitive financial terms unique to Qualcomm and Motorola and painstakingly negotiated over the course of a long-term commercial relationship, including royalty rates, royalty bases, royalty caps, and other financial terms. These financial terms disclose the careful balancing of past, current, and future value exchanged in the Qualcomm-Motorola relationship. It would impede the ability of Qualcomm to compete in the future in its markets if its competitors and current and potential customers had such detailed knowledge of these terms. Such disclosure would also make it more difficult to negotiate other sensitive and complex agreements with Motorola and with other parties in the

DECLARATION OF FABIAN GONELL
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

[[NYLIT:2619558v1:4172D: 11/09/2012–05:42 p]]

3

future, as Qualcomm and its counterparties would have to weigh the increased risk that terms would become public as a result of litigation, despite the confidentiality guarantees that the parties to any such agreement might make.

7. *Second*, the Qualcomm Licenses contain unique and painstakingly negotiated provisions under which Qualcomm receives rights to practice Motorola's patents. It would impede the ability of Qualcomm to compete in the future in its markets and to negotiate advantageous terms for other patent agreements if its competitors and current and potential customers had knowledge of these terms.

8. *Third*, the Qualcomm Licenses include confidential, sensitive, and extensively negotiated provisions setting forth how and under what conditions the parties' intersecting rights under these long-term agreements may be terminated. It would impede Qualcomm's ability to negotiate to obtain such terms in the future if these provisions from the Qualcomm Licenses are accessible to third parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in San Diego, California on this 9th day of November, 2012.

_____
Fabian D. Gonell

DECLARATION OF FABIAN GONELL
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

[[NYLIT:2619558v1:4172D: 11/09/2012--05:42 p]]

4

## Certificate of Service

I hereby certify that on November 10, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all registered parties in this case.

DATED this 10th day of November, 2012, in Seattle, Washington.

/s/ Christopher B. Durbin
Christopher B. Durbin (WSBA #41159)
COOLEY LLP
719 Second Avenue, Suite 900
Seattle, WA 98104-1732
Telephone:   (206) 452-8700
Facsimile:    (206) 452-8800
Email:         cdurbin@cooley.com

Attorney for Non-Party Qualcomm, Inc.

DECLARATION OF FABIAN GONELL
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

[[NYLIT:2619558v1:4172D: 11/09/2012--05:42 p]]