1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    MICROSOFT CORPORATION,                      CASE NO. C10-1823JLR

11                        Plaintiff,              ORDER GRANTING IN PART
                                                  AND DENYING IN PART
12                  v.                            MOTIONS TO SEAL

13    MOTOROLA, INC, et al.,

14                        Defendants.

15    MOTOROLA MOBILITY, INC., et
      al.,

16                        Plaintiffs,

17                  v.

18    MICROSOFT CORPORATION,

19                        Defendant.

20

21

22

ORDER- 1

## I.     INTRODUCTION

This matter comes before the court on numerous motions to seal trial exhibits which have been filed by both Plaintiff Microsoft Corporation ("Microsoft") and Defendants Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation's (collectively, "Motorola"), as well as a number of non-parties.  (*See* Microsoft Mot. (Dkt. # 510); Motorola Mot. (Dkt. # 495); Dkt. ## 498, 502, 519, 522, 543, 555, and 562).  For the reasons set forth below, the court GRANTS in part and DENIES in part the motions.

## II.     LEGAL STANDARD

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure.  *See Kamakana* at 1178-79.  Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)

1    Conversely, "the resolution of a dispute on the merits, whether by trial or

2    summary judgment, is at the heart of the interest in ensuring the 'public's understanding

3    of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179

4    (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289,

5    1294 (9th Cir. 1986)).  Thus, a party seeking to seal a judicial record attached to a

6    dispositive motion or presented at trial must articulate "compelling reasons" in favor of

7    sealing.  *See Kamakana* at 1178.  Consistent with the foregoing, Western District of

8    Washington Local Rule CR 5(g)(2) provides that the court may, for "good cause under

9    [Federal Rule of Civil Procedure] 26(c)," seal a document attached to a nondispostive

10   motion, or seal a document attached to a dispositive motion or trial exhibit upon a

11   "compelling showing that the public's right of access is outweighed by the interests of the

12   public and the parties in protecting the court's files from public review."  Local Rules

13   W.D. Wash. CR 5(g)(2).

14       "The mere fact that the production of records may lead to a litigant's

15   embarrassment, incrimination, or exposure to further litigation will not, without more,

16   compel the court to seal its records."  *Kamakana* at 1178 (citing *Foltz*, 331 F.3d at 1136).

17   "In general, 'compelling reasons' . . . exist when such 'court files might have become a

18   vehicle for improper purposes,' such as the use of records to . . . release trade secrets."

19   *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598).  The Ninth Circuit has adopted the

20   Restatements' definition of "trade secret" for purposes of sealing, holding that "[a] 'trade

21   secret may consist of any formula, pattern, device or compilation of information which is

22   used in one's business, and which gives him an opportunity to obtain an advantage over

ORDER- 3

1 competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569-

2 70 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b).  Additionally,

3 "compelling reasons" may exist if sealing is required to prevent judicial documents from

4 being used "'as sources of business information that might harm a litigant's competitive

5 standing.'"  *Id.* at 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

6 **III.    THE MOTIONS TO SEAL BEFORE THE COURT**

7       The parties have been advised that pursuant to Ninth Circuit law, there will be a

8 strong presumption that documents will be publicly available, *see Kamakana*, 447 F.3d at

9 1178, and that any motions seeking to overcome this presumption must be narrowly

10 tailored.  With these requirements in mind, the court now considers each of the motions

11 to seal before it.

12 **A.    Microsoft's Motion to Seal Trial Exhibits**

13      Microsoft's motion to seal trial exhibits asks the court to seal six categories of

14 information:  (1) confidential patent license agreements; (2) strategic product planning

15 documents; (3) confidential source code; (4) proprietary technical product specifications;

16 (5) confidential financial information; and (6) confidential settlement negotiations.

17 (Microsoft Mot. at 5.)  Microsoft has provided the court with a list of trial exhibits that it

18 seeks to seal and a copy of the individual exhibit.  Having reviewed the exhibits, the court

19 sets forth general guidelines for the categories of documents that Microsoft seeks to seal

20 and rules on individual exhibits contained in Microsoft's list.  As explained below, at trial

21 the court will apply these general guidelines in determining whether to seal a document

22

and in determining whether to close the courtroom for purposes of testimony related to such documents.

### 1. Confidential Source Code, Confidential Settlement Negotiations & Technical Product Specifications

Microsoft seeks to seal documents that it submits contain confidential source code, settlement negotiations, and product specifications.  The court agrees with Microsoft that these categories of documents contain sufficiently confidential information to outweigh the public's interest in access to public records.  Thus, the court will seal trial exhibits properly falling under any of these three categories.

"[S]ource code is undoubtably[sic] a trade secret." *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F.Supp.2d 1001, 1017 (E.D. Cal. 2011).  Moreover, the impending trial has little to do with the contents of Microsoft's source code, but instead is solely about determining a reasonable and non-discriminatory ("RAND") royalty rate and range for Motorola's 802.11 and H.264 standard essential patent portfolios.  Thus, for purposes of understanding the court's final adjudication of the issue-at-hand, the public need not understand Microsoft's proprietary source code.

The court views settlement negotiations between Microsoft and Motorola related to Motorola's standard essential patent portfolios in a similar light.  As the court explained in its order on the parties' motions in limine, the purpose of Federal Rule of Evidence 408 is to encourage the compromise and settlement of existing disputes. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1064 (9th Cir. 2006).  "By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged,

1  thereby furthering the policy toward settlement." *United States v. Contra Costa Cnty.*

2  *Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982).  Again, in this trial, the court will determine

3  the value of Motorola's patent portfolios, which will have little relevance to what the

4  parties discussed behind closed doors during settlement.  Accordingly, the court

5  concludes that the importance of encouraging frank settlement negotiations outweighs the

6  public's interest in knowing what was discussed in those settlement negotiations.

7      Finally, Microsoft asserts that at trial the parties may introduce technical

8  information related to the design and operation of the chips included in Microsoft's Xbox

9  product.  (Microsoft Mot. at 13.)  Such chips are supplied to Microsoft by a non-party

10  company that considers the design and operation of these chips confidential and

11  proprietary.   Indeed, this non-party company only provides access to its technical

12  information through non-disclosure agreements.  Moreover, similar to source code and

13  settlement negotiations, the design and operation of such chips play little role in the

14  court's determination of the value of Motorola's patent portfolio because such a

15  determination will be focused on Motorola's patent relevant portfolios and their

16  importance to Microsoft.  Thus, the court will seal documents related to such technical

17  information.

18      Based on the foregoing, the court seals documents properly categorized as

19  confidential source code, settlement negotiations between Microsoft and Motorola, and

20  non-party technical information.  Having reviewed the trial exhibits submitted by

21  Microsoft relevant to these categories, the court seals trial exhibits 84, 288, 524, 504,

22  541, 542, 1476, 2333, 2334, 2335, 2336, 2337, 2338, 2339, and 2340.  Moreover, during

1  testimony related to confidential source code, settlement negotiations, and technical

2  information, the court will close the courtroom to unauthorized persons.

3      **2.      Confidential Patent License Agreements**

4          Microsoft seeks to seal five licensing agreements that it has entered into with

5  various non-parties.  It argues that disclosing the terms of these licensing agreements will

6  put it at a disadvantage in negotiations for future licensing deals.  (Microsoft Mot. at 8-9.)

7  Although pricing terms, royalty rates, and minimum payment terms of the licensing

8  agreements are certainly proprietary in nature, *see In re Electronic Arts, Inc.*, 298

9  Fed.Appx. 568, 569 (9th Cir. 2008), here the court must balance Microsoft's interest in

10  such proprietary information against the importance of the public access.  Based on the

11  parties' *Daubert* motions and motions in limine, the court understands that Microsoft and

12  Motorola seek to introduce such licensing agreements as evidence of a proper royalty rate

13  for Motorola's standard essential patent portfolios.  Thus, these licensing agreements are

14  at the very center of the issue to be decided at trial and may provide, at least in part, the

15  basis for the court's final adjudication of a RAND royalty rate and range.  Moreover, the

16  nature of Motorola's 802.11 and H.264 standard essential patent portfolios also heightens

17  the importance of public access.  As explained in previous orders, Motorola has

18  committed to license its patent portfolios on a world-wide basis on RAND terms,

19  meaning that all persons who practice either the 802.11 or H.264 standard have an

20  interest in the manner in which this court adjudicates a RAND royalty rate and range for

21  Motorola's patents.

22

1          In an effort to balance the competing interests implicated by Microsoft's relevant

2    license agreements, the court will treat the admittance and related testimony of such

3    agreements as follows.  During witness testimony related to Microsoft's license

4    agreements, the court will not broadcast the contents of the license agreements to the

5    public through courtroom monitors open to public view.  Witness testimony, however,

6    will be heard in open court, and therefore, if a witness discloses pertinent terms, rates or

7    payments, such information will necessarily be made public.  Additionally, because the

8    court strongly believes its final order, and rationale contained therein, must be publicly

9    available, any license agreement relied upon by the court in determining a RAND royalty

10   rate and range will also be made public.  On the other hand, if a party declines to use an

11   individual licensing agreement at trial, that license agreement need not be made publicly

12   available.  Consistent with the foregoing, the court provisionally seals all five licensing

13   agreements at this time.  The court grants Microsoft's motion to seal trial exhibits 2813,

14   2828, 3076, 3077, and 3352.

15        **3.      Strategic Product Planning Documents & Financial Information**

16         Microsoft moves to seal trial exhibits containing (1) strategic planning information

17   and (2) financial information arguing similarly for both categories of documents that

18   disclosure would cause competitive harm to Microsoft.  In particular, with respect to

19   strategic planning information, Microsoft seeks to seal information pertaining to product

20   development plans and marketing strategies for its Xbox and Windows product lines.

21   (Microsoft Mot. at 10.)  Regarding financial information, Microsoft seeks to seal past

22   sales and revenue data as well as future sales and revenue projections.  (*Id.* at 14-15.)

1   Having examined the trial exhibits that Microsoft asserts should be sealed as either

2   strategic planning information or financial information, the court finds that on their face,

3   these exhibits contain information that generally fall into one of two categories:  (1)

4   information related to past business strategies and (2) information related to future

5   business strategies.  Here, the court is inclined to seal documents related to the latter but

6   not the former.  Nevertheless, the court is aware that past strategic plans and past

7   financial data may meaningfully predict Microsoft's future business plans, such that

8   public disclosure of such information may provide a competitive advantage to

9   Microsoft's competitors.  Thus, the court is mindful of the proprietary nature of all

10   confidential financial and strategic planning information.

11   On the other hand, based on the record in this case, the court understands that the

12   parties seek to introduce financial and strategic planning information in an effort to

13   demonstrate the importance of Motorola's standard essential patent portfolio to

14   Microsoft's business plans.  Along these lines, Motorola may argue that because much of

15   Microsoft's sales depends on the use of Motorola's standard essential patent portfolios,

16   Microsoft would be willing to pay more for a license to those patents.  Thus, like the

17   license agreements, Microsoft's strategic planning and financial information pertain to

18   the central issue to be decided at this trial.  Accordingly, the court will treat financial and

19   strategic planning information in the same manner in which it treats licensing

20   agreements—the court will provisionally seal the information, but witness testimony will

21   be in open court and exhibits that form the basis for any part of the court's order will be

22   made public.  For the time being, the court grants Microsoft's motion to seal trial exhibits

ORDER- 9

1    2125, 2138, 2353, 2366, 2371, 2372, 2376-2378, 2385, 2584, 2585, 2687, 2689, 2727,

2    2730, 2737, 2749, 2908, 3179, 3180, 1188, 1189, 2464-2468, 2477-2485- 2692, 2740,

3    2751, 3333.

4    **B.      Motorola's Motion to Seal Trial Exhibits**

5              Similar to Microsoft's motion to seal, Motorola's motion to seal sets forth

6    categories of information contained in anticipated trial exhibits that Motorola believes

7    should remain sealed from public access.  Specifically, Motorola's motion to seal asks

8    the court to seal seven categories of information:  (1) confidential patent license

9    agreements; (2) information relating to past and projected revenue and sales; (3)

10   confidential settlement negotiations; (4) prior sealed confidential testimony and reports

11   from related actions; (5) non-party technical information; (6) confidential information

12   contained in depositions of parties and non-parties; and (7) confidential information of

13   testimony of both fact witnesses.  (Motorola Mot. at 5.)  Although Motorola provided the

14   court with a list of trial exhibits that it seeks to seal, it did not provide the court with a

15   copy of the actual exhibits until Friday, November 9, 2012.[1]  With limited time to

16   examine the actual exhibits Motorola seeks to seal, the court is unable to make a precise

17   ruling on each of the exhibits.  Thus, the court provides specific rulings on trial exhibits

18   where possible; and, where not possible, the court provides guidance as to the categories

19   of information Motorola seeks to seal.

20

21   _____

22            [1] Motorola's motion seeks to seal over 150 trial exhibits.

ORDER- 10

### 1.      Confidential Settlement Negotiations & Technical Product Specifications

These two categories of information—confidential settlement negotiations and technical product specifications—are exactly the same as two of the categories Microsoft sought to seal in its motion.  (*See supra* § III.A.1)  Indeed, Motorola seeks to seal some of the same trial exhibits that Microsoft sought to seal in its motion.  Having already determined these two categories contain sufficiently confidential information to outweigh the public's interest in access to public records, Motorola will be permitted to seal information related to confidential settlement negotiations and technical product specifications.  Accordingly, in addition to the exhibits already sealed under these two categories pursuant to Microsoft's motion, the court seals trial exhibit 3343.[2]

### 2.      Confidential Patent License Agreements

Motorola seeks to seal a number of licensing agreements concerning its standard essential patents and its standard essential patent portfolios, as well as licensing agreements between non-parties and patent pools.  These licensing agreements are quite similar to the licensing agreements Microsoft moved to seal, and accordingly, the court's rulings will be consistent.  The court will provisionally seal the licensing agreements, but

---

[2] The attached exhibit lists to Motorola's motion to seal do not indicate the category of information that Motorola asserts corresponds to the individual exhibit.  (*See* Exhibit List A (Dkt. # 495-1) & Exhibit List B (Dkt. # 495-2).)  In ruling on individual exhibits, the court must rely solely on the individual exhibits listed in the body of Motorola's motion to determine which exhibit corresponds to which category.  Thus, the court cannot be certain that it is sealing every trial exhibit that Motorola contends should be sealed per category of information.  Indeed, Motorola's motion fails to list even any individual exhibits for certain categories.  (*See generally* Motorola Mot.)

1   witness testimony related to these agreements will be heard in open court.  Moreover,

2   licensing agreements that form the basis for any part of the court's final order will be

3   made public through that order.  Accordingly, at this stage, the court grants Motorola's

4   motion to seal trial exhibits 9, 13, 36, 37, 38, 2833, 2835, 2836, 2837, 2865-2869, and

5   3162-3164.

6        **3.**      **Past and Projected Revenue and Sales**

7        Motorola moves to seal trial exhibits containing past and projected revenue and

8   sales information.  Microsoft moved to seal similar information, and the court rulings will

9   be the same.  Consistent with the rationale set forth in ruling on Microsoft's motion to

10   seal financial information (*supra* § III.A.3), the court will provisionally seal past and

11   projected revenue and sales information, but related witness testimony will be in open

12   court and exhibits that form the basis for any part of the court's order will be made

13   public.  Accordingly, the court grants Motorola's motion to seal trial exhibits 2454-2463,

14   2469-2476-2730, 2756, 3169, and 3333.

15        **4.**      **Remaining Categories**

16        Motorola also seeks to seal (1) prior sealed confidential testimony and reports

17   from related actions; (2) confidential information contained in depositions of parties and

18   non-parties; and (3) confidential information of testimony of both fact witnesses.

19   Motorola's motion is vague as to specific exhibits or testimony it seeks to seal.  At best,

20   Motorola indicates that certain fact and expert witnesses may testify as to licensing

21   agreements and sales and revenue.  (See Motorola Mot. at 17-22.)  These categories of

22   information have already been discussed and the court will treat such information

1  consistently regardless of the source of the information.  With respect to documents that

2  have been sealed in related actions, the court cautions Motorola that any exhibit Motorola

3  seeks to place under seal in this action will be examined anew.  The court is confident

4  that any trial exhibit Motorola may seek to seal pursuant to any of these remaining

5  categories of information can be dealt with on a rolling basis during the 9:00 a.m. daily

6  hearings discussed in the Conclusion section (*infra* § IV).

7  **C.      Non-Party Motions to Seal**

8          In addition to Microsoft and Motorola, a number of non-parties to this case have

9  also filed motions to seal.  (*See* Dkt. ## 498, 502, 519, 522, 543, 555, and 562.)  All of

10  these non-party motions seek to seal the terms of licensing agreements entered into with

11  Motorola, Microsoft, or other non-parties.  The court has already explained the manner in

12  which it will admit such licensing agreements into evidence and hear testimony relevant

13  to such agreements.  Accordingly, consistent with this order, the court grants in part and

14  denies in part the non-party motions to seal.

15                        **IV.      CONCLUSION**

16          Based on the foregoing, the court GRANTS in part and DENIES in part

17  Microsoft's motion to seal trial exhibits (Dkt. # 510) and Motorola's motion to seal trial

18  exhibits (Dkt. #495).  The court also GRANTS in part and DENIES in part all of the non-

19  party motions to seal (Dkt. ## 498, 502, 519, 522, 543, 555, and 562), which all relate to

20  terms of licensing agreements.  Two non-party motions to seal were also filed in a related

21  case, C10-0343JLR, as docket numbers 103 and 114.  These motions are identical to non-

22  party motions filed in this case, which have now been ruled on.  Thus, the court

ORDER- 13

1   STRIKES the motions (C10-0343JLR (Dkt. ## 103, 114)) from that docket as moot.

2         The court ORDERS sealed trial exhibits 9, 13, 36, 38, 84, 288, 524, 504, 541, 542,

3   1476, 2333, 2334, 2335, 2336, 2337, 2338, 2339, 2340, 2813, 2828, 2833, 2835, 2836,

4   2837, 2865-2869, 3076, 3077, 3162-3164, 3343, and 3352.  The court also ORDERS

5   sealed trial exhibits 2125, 2138, 2353, 2366, 2371, 2372, 2376-2378, 2385, 2584, 2585,

6   2687, 2689, 2727, 2730, 2737, 2749, 2908, 3179, 3180, 1188, 1189, 2464-2468, 2477-

7   2485- 2692, 2740, 2751, 3333.  Finally, the court ORDERS sealed trial exhibits 2454-

8   2463, 2469-2476, 2756, 3169, and 3333.

9   //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22

ORDER- 14

1    For all other trial exhibits referenced by either Microsoft's or Motorola's motion,

2    the court is unable to provide a ruling at this time.  The court ORDERS at least one

3    representative from Microsoft and Motorola to appear at **9:00 a.m. on each morning of**

4    **trial**, including Tuesday, November 13, 2012, to discuss trial exhibits that the parties

5    anticipate using that day for which a party seeks to seal information.  Rulings at the 9:00

6    a.m. hearings will be consistent with the guidelines provided in this order.  Moreover, for

7    *any* exhibit that a party seeks to seal, it must provide a redacted version for admission at

8    trial removing from public view only the portions asserted to contain confidential

9    information.[3]  During these 9:00 a.m. hearings, the courtroom will be closed to

10   unauthorized persons.

11   Dated this 12th day of November, 2012.

12

13

14   _____

15   JAMES L. ROBART
     United States District Judge

16

17

18

19

20

21   _____

22   [3] From a cursory review of the trial exhibits the parties seek to seal, it is clear that the
     parties have been overinclusive in the materials sought sealed.

ORDER- 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

ORDER- 16