The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff, vs.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | CASE NO. CIO-1823-JLR<br><br>**NON-PARTY SAMSUNG'S BRIEF REGARDING SEALING TERMS OF PATENT LICENSING AGREEMENTS AND OTHER LICENSING INFORMATION AND EXCLUDING UNAUTHORIZED PERSONS FROM THE COURTROOM** |

02198.51845/5059752.3

Pursuant to the Court's guidance on November 16, 2012, non-party Samsung Electronics Co., Ltd. ("Samsung") respectfully submits this brief requesting that the Court reconsider its decision to permit testimony involving the terms of Samsung licensing agreements and details about licensing negotiations to be heard in open court and to potentially incorporate the same in its ruling.  (*See* Order, D.I. 567 at 7-8, 11-12, and 13; Order, D.I. 573.)

As this Court has recognized, the highly-sensitive and proprietary business information contained in licensing agreements and documents about licensing negotiations meet the Ninth Circuit's "compelling reasons" standard, set out in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).   Applying the Ninth Circuit's standard, the Court noted that the contents of license agreements will not be broadcast through courtroom monitors open to public view.  (Order, D.I. 567 at 7-8, 11-12, 13; Order, D.I. 573 ).   In fact, the Court has previously sealed testimony involving descriptions of licensing negotiations and agreements with third parties and has also sealed an actual licensing agreement between Motorola and a third party.   (*See* Order, D.I. 292, at 3-4.)

Sealing the courtroom during relevant testimony is necessary to protect the confidentiality of Samsung's sensitive business information.   In the event the Court declines to seal the courtroom, Samsung respectfully requests that the Court issue an order instructing the parties and witnesses not to disclose the terms of Samsung licensing agreements or details about Samsung's licensing negotiations in open court.

In addition, in reference to the Court's ruling and opinion on the trial, Samsung respectfully requests that the Court redact Samsung's licensing terms and Samsung's name from any order or employ a descriptive "coding" system that allows the Court to give effect to its ruling while at the same time concealing Samsung's identity and its highly sensitive licensing information.

Counsel for Samsung conferred with counsel for the parties. While Motorola does not oppose, Microsoft has stated that it will potentially oppose Samsung's requests.[1]

## I. FACTUAL BACKGROUND

On November 9, 2012, Samsung requested that seven documents be sealed in their entirety or in part, and that persons not authorized by the Protective Order to have access to the sealed information be excluded from the courtroom during testimony involving such information. The documents included licensing agreements and details about licensing negotiations. (D.I. 555.) The Court granted in part and denied in part Samsung's motion, provisionally sealing the documents, but holding that testimony involving licensing information will become part of the public record. (D.I. 567, 573.)

## II. ARGUMENT
### A. This Court Has Recognized That Licensing Terms at Issue Here Meet the Ninth Circuit's "Compelling Reasons" Standard and Should Be Sealed

The Ninth Circuit has held that the public right of access to court records is not absolute and can be outweighed if there are "compelling reasons" for a document to be sealed. *Kamakana*, 447 F.3d at 1178-79. The Ninth Circuit has stated that courts must ensure that the public's right of access does not allow court records to be used "as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. Appx. 568, 569 (9th Cir. 2008) (sealing licensing agreement) (internal quotations and citation omitted). The Ninth Circuit emphasized in *In re Electronic Arts* that compelling reasons to seal documents exist where public court records might become a "vehicle for improper purposes" such as the release of trade secrets.

---

[1] In recent litigation in the Northern District of California, Microsoft, as a non-party, intervened to prevent disclosure of the terms of its licensing agreements with Samsung and requested that the courtroom be sealed when Microsoft's licenses were discussed. *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK (N.D. Cal.), Dkt. Nos. 1390, 1391. As in this case, the licensing agreements in *Apple* were relevant in determining a RAND rate for Samsung's patent portfolio.

1  *See id*. at 569.   Licensing terms such as "pricing terms, royalty rates, and guaranteed minimum
2  payment terms" are precisely the type of information that might harm a litigant's competitive
3  standing and that plainly fall within the definition of trade secrets.   *See id*.
4      District courts in the Ninth Circuit have repeatedly found that licensing terms should be
5  sealed.   *See, e.g.*, *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 WL 3283420, at *9 (N.D. Cal.
6  Aug. 10, 2012); *AMC Tech., L.L.C. v. Cisco Sys.*, 2012 U.S. Dist. LEXIS 9934, at *5 (N.D. Cal.
7  Jan. 27, 2012); *TriQuint Semiconductor v. Avago Techs. Ltd.*, 2011 WL 4947343, at *2 (D. Ariz.
8  Oct. 18, 2011).
9      Applying the Ninth Circuit's "compelling reasons" standard, this Court has sealed
10 licensing terms, including those contained in the documents at issue here.   For example, in a
11 February 24, 2012 Order (D.I. 187), it granted Motorola's motion to seal documents including
12 Motorola's licenses with nonparties Nokia, RIM, and VTech.   In each case, the Court stated that
13 the license at issue met the Ninth Circuit "compelling reasons" standard on the grounds that it
14 contained "confidential licensing terms between the parties."   (D.I. 187 at 3-4.)
15     Similarly, in an April 23, 2012 Order (D.I. 292), the Court granted Microsoft's motion to
16 seal documents including a license agreement between Motorola and a third party because it
17 contained "commercially sensitive information to meet the 'compelling reasons' standard."   (D.I.
18 292 at 3-4.)   The Court also granted Microsoft's motion to seal testimony involving descriptions
19 of Motorola's licensing negotiations and agreements with third parties on the grounds that "this
20 testimony contain[ed] commercially sensitive information sufficient to meet the 'compelling
21 reasons' standard."   (Order, D.I. 292, at 3-4.)
22     Finally, in its November 12, 2012 Order (D.I. 567), the Court recognized the potential
23 harm to non-parties from disclosure of the terms of licensing agreements and provisionally sealed
24 several trial exhibits.   Nonetheless, it held that licensing terms disclosed during trial will become
25 part of the public record.   (*Id.*; Order, D.I. 573.)

### B. Disclosure of the Highly Sensitive Licensing Information in the Documents at Issue Will Cause Substantial Harm to Samsung

As Samsung has demonstrated, the information included in certain trial exhibits is highly sensitive, trade secret information.  (D.I. 557 (Kang Decl.) ¶ 5.)   Licensing information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain its secrecy.  (*Id.* ¶ 6.) Dissemination of licensing information is severely restricted even within Samsung, with access to such information almost always limited to Samsung's legal and licensing departments.   (*Id.*)

Public disclosure of the terms of Samsung's licenses, licensing strategies, and licensing negotiations would cause substantial harm to Samsung by improperly providing competitors and other potential licensing partners with knowledge of Samsung's negotiating tactics, licensing history, and licensing positions.   (*Id.* ¶ 7.)   Competitors, armed with this confidential information, would gain a one-sided and unfair advantage over Samsung, which would not have the benefit of similar insight into their confidential business strategies. (*Id.*)

Three of the trial exhibits Samsung requested be sealed—Exhibits 2769, 2813, and 3238— are actual licenses Samsung has entered into with Motorola and Microsoft, and Exhibit 3191 is a Samsung licensing agreement.   (*Id.* ¶ 8.)   Exhibit 3137 is a summary of the key terms of two Samsung-Motorola licenses.   The terms of its licenses with other parties are considered by Samsung to be highly sensitive, confidential information.   (*Id.*)

The licensing information reflects Samsung's analysis of its own and other parties' intellectual property and evaluation of its own and other parties' business needs, strategies, and future plans.   (*Id.*)

Different licenses are negotiated at different times and reflect Samsung's evolution and development as a company, as well as its bargaining positions and business needs.   (*Id.*) Disclosure of this information would cause substantial harm to Samsung's ongoing and future efforts to negotiate licenses with its competitors.   (*Id.*)

Exhibits 3163 and 3264 are documents relating to licensing negotiations.   (*Id.* ¶ 9.) These documents reveal Samsung's licensing strategies and practices.   Disclosure of these documents would similarly cause substantial harm to Samsung by providing its competitors and

other potential licensing partners with an unfair advantage during ongoing and future negotiations. (*Id.*)

While Samsung cannot predict which of the trial exhibits will be admitted into evidence, or the particular testimony that will be provided, public disclosure of any of the terms included in Samsung licensing agreements or the details about licensing negotiations will cause Samsung substantial harm.

### C.  The Court Should Seal the Courtroom Whenever Samsung's Licensing Information is Discussed

While the Court noted during the first day of trial that it has tried to rule "in a manner that the parties . . . can control the release of information" (Tr. at. 15:3-15), as a non-party, Samsung cannot control the types of questions asked during trial, or the testimony provided by witnesses. In the absence of an order sealing the courtroom, there is a substantial risk that Samsung's confidential business information will be disclosed, affecting Samsung's future licensing negotiations.

Samsung's request that the courtroom only be sealed when the terms of its licensing agreements are discussed is narrowly tailored to protect Samsung's compelling interest in secrecy. Courts have granted non-parties' motions to seal under similar circumstances.  *See, e.g.*, *New York v. Microsoft Corp.*, 2002 WL 650132 at *1 (D.D.C. Apr. 16, 2002) (granting motion to seal courtroom during trial to protect a non-party's business interests).

This Court granted similar relief in this trial in response to Microsoft's own request, sealing the courtroom while witnesses testified to details of Microsoft's confidential information, including cost data.  Disclosure of the financial terms included in Samsung's licensing agreements equally reveals Samsung's cost data.  A competitor could use the information included in Samsung's licensing agreements and the number of units sold to determine Samsung's per-unit licensing costs.

**D.    In the Event the Court Declines to Seal the Courtroom, the Court Should Order the Parties to Prevent Disclosure of Samsung's Confidential and Sensitive Information**

Should the Court decline to seal the courtroom, Samsung requests that the Court issue an order instructing the parties and witnesses not to disclose the terms of Samsung's licensing agreements during trial and redacting licensing terms and information about licensing negotiations from the trial record.   While the public may have an interest in learning about how Motorola determines licensing rates and the proper royalty rates for Motorola's standard essential patent portfolios (D.I. 567 at 7), the specific terms of Samsung's licensing agreements, information about Samsung's licensing strategies, and Samsung's identity are not essential to the public's understanding of the issues in this case.   Indeed, under similar circumstances, other courts in the Ninth Circuit have sealed from the public record terms of licensing agreements after balancing the competing interests.   *See*, *e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 3283478 at *9-*16 (N.D. Cal. Aug. 9, 2012) (granting non-parties' motions to redact key licensing terms from the trial record).

**E.    The Court Should Redact Licensing Terms and Samsung's Name From any Order**

To protect the confidentiality of its information beyond the trial, Samsung respectfully requests that the Court redact the terms of Samsung's licensing agreements and Samsung's name from any order or use a sufficiently descriptive "coding" system that would serve to give effect to the Court's order, but is narrowly tailored to conceal the identities of non-parties as well as their sensitive information.

As explained above, disclosure of licensing terms will cause Samsung substantial harm. Redactions or the use of a descriptive "coding" system appropriately balances the public interest with a non-party's legitimate interest here.   *See, e.g.*, *Mosaid Technologies Inc. v. LSI Corp.*, 2012 WL 2951389 (D. Del. July 20, 2012) (granting a party's motion to redact portions of a hearing transcript that contained information about licensing agreements); *Cryptography*

*Research, Inc. v. Visa Int'l Serv. Ass'n*, 2008 WL 346411, at *1-*2 (N.D. Cal. Feb. 7, 2008) (redacting the name of a non-party licensee).

### III.   CONCLUSION

For these reasons, Samsung respectfully requests that the Court seal the terms of its licensing agreements and other documents related to licensing negotiations and vacate the courtroom during testimony regarding these documents, and in the event the Court declines to seal the courtroom, issue an order instructing the parties and witnesses not to disclose the terms of Samsung licensing agreements or details about licensing negotiations and redacting key licensing terms and information about licensing negotiations from the trial record.   In addition, Samsung respectfully requests that the Court redact key licensing terms and Samsung's name from any order or use a descriptive "coding" system to conceal the identities of non-parties.

DATED this 18th day of November, 2012.

ZEINEDDIN PLLC

By   s/ R. Paul Zeineddin
R. Paul Zeineddin, DC Bar No. 474734,
Admitted Pro Hac Vice
paul@zeineddin.com

1000 Connecticut Avenue NW, Suite 900
Washington, DC 20036
Tel: (202) 787-1051

GORDON THOMAS HONEYWELL LLP

By   s/ Donald S. Cohen
Donald S. Cohen, WSBA No. 12480
dcohen@gth-law.com

By   s/ Steven T. Reich
Steven T. Reich, WSBA No. 24708
sreich@gth-law.com

600 University Street, Suite 2100 Seattle, WA 98101
Tel: (206) 676-7500
Fax: (206) 676-7575

| | |
|---|---|
| 1 | OF COUNSEL |
| 2 | |
| 3 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 4 | By s/ Victoria F. Maroulis |
| 5 | Victoria F. Maroulis, CA SBN 202603, victoriamaroulis@quinnemanuel.com |
| 6 | By s/Kevin P.B. Johnson |
| 7 | Kevin P.B. Johnson, CA SBN 177129, kevinjohnson@quinnemanuel.com |
| 8 | 555 Twin Dolphin Drive, 5th Floor Redwood Shores, CA 94065 |
| 9 | Tel: (650) 801-5000 Fax: (650) 801-5100 |
| 10 | |
| 11 | Attorneys for Non-Party/Interested Party SAMSUNG ELECTRONICS Co., LTD |

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of November, 2012, the foregoing document was electronically filed with the Clerk of the U.S. District Court for the Western District of Washington using the CM/ECF system, which will send notification of such filing to all parties of record.

DATED this 18th day of November, 2012.

s/ Linda Vandiver<br>
Linda Vandiver, Legal Assistant<br>
GORDON THOMAS HONEYWELL LLP