THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

Plaintiff,

vs.

MOTOROLA, INC., at al.,

Defendants.

Case No. C10-1823-JLR

NON-PARTY QUALCOMM
INCORPORATED'S NOTICE OF
JOINDER

NON-PARTY QUALCOMM INCORPORATED'S
NOTICE OF JOINDER
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

**INTRODUCTION**

Non-party Qualcomm, Incorporated ("Qualcomm") hereby provides Notice that it Joins in non-party Samsung Electronics, Co. Ltd.'s ("Samsung") Brief Regarding Sealing Terms of Patent License Agreements, ECF No. 580, and submits these additional remarks in support of that Brief.

On November 10, 2012, Qualcomm filed a Motion to Seal with respect to six of its licensing agreements identified by the parties as intended trial exhibits, all of which contain extremely sensitive competitive information of Qualcomm. *See* ECF No. 562.  This Court granted that Motion in part and denied it in part. *See* ECF No. 567 (Nov. 12, 2012 Order).  The Court held that these licensing agreements would be "provisionally seal[ed]" and that "the court will not broadcast the contents of the license agreements to the public through courtroom monitors open to public view." *Id.* at 8; *see also id.* at 11-13.

However, the Court also held that if witness testimony *does* disclose any trade secret information, that testimony will be heard in open court, and it further held that "any license agreement relied upon by the court in determining a RAND royalty rate and range will also be made public" in the Court's final order. *Id.* at 8; *see also id.* at 11-13.  As the Court further explained from the bench on November 13, "if, for example, you have got a royalty rate . . . that is used by the court, it is going to be stated, and the exhibit that it comes from will be available as to that royalty rate, not the entire exhibit in whatever form it was introduced . . ., with that one part unredacted." Nov. 13, 2012 Hr'g Tr. at 11-12.

In light of additional information provided to the Court after this Order by defendant Motorola, this Court requested further briefing on the issue of how to treat confidential licensing information, indicating its intention of providing a clear and "fixed

NON-PARTY QUALCOMM INCORPORATED'S
NOTICE OF JOINDER
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

2

1    mandate" on confidentiality procedure in order to facilitate appeal and guidance from the

2    Court of Appeals.  Nov. 16, 2012 Hr'g Tr. at 4-13.

3            Non-party Samsung has provided further briefing on this issue, ECF No.

4    580, and Qualcomm joins Samsung's filing in full, asking that the confidential contents

5    of Qualcomm's license agreements and other contracts be treated in the same manner

6    requested by Samsung, for the reasons set forth in Samsung's filing, and subject to the

7    additional considerations spelled out in paragraph 7 below.  In further support of this

8    request, Qualcomm respectfully notes the following:

9            1.      Qualcomm's licensing terms are trade secrets of great sensitivity and

10   value, and are therefore worthy of protection from public disclosure.  *See In re Elec. Arts*,

11   298 Fed. Appx. 568, 569-70 (9th Cir. 2008); *see also* Declaration of Fabian Gonell, ECF

12   No. 563, at ¶¶ 3-4 (noting the confidential nature and high value of the sensitive terms in

13   Qualcomm's licensing agreements).

14           2.      The financial terms in Qualcomm's licensing agreements are unique to the

15   parties and are "painstakingly negotiated over the course of a long-term commercial

16   relationship", reflecting a "careful balancing of past, current, and future value

17   exchanged" in the relationship.  Gonell Decl. at ¶ 6.  These licensing agreements also

18   contain equally sensitive non-financial terms relating to such things as cross-licensing

19   rights and termination rights.  Gonell Decl. at ¶¶ 7-8.

20           3.      The value of Qualcomm's trade secrets will be lost completely if that

21   information is disclosed in any form, at any time in these proceedings—whether at trial

22   or in post-trial briefings and orders.

23           4.      The only members of the "public" to whom the details of Qualcomm's

24   confidential licenses would be of genuine interest are Qualcomm's competitors,

25   licensees, and future negotiating counterparties, who are "interested" for reasons not

26   worthy of protection—that is, their own commercial interest at Qualcomm's expense.

NON-PARTY QUALCOMM INCORPORATED'S
NOTICE OF JOINDER
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

3

1   *See* Nov. 16, 2012 Hr'g Tr. at 6-7 ("I assume most people are here watching the trial to

2   see what crumbs fall to the floor[.]"); *see also* ECF No. 562 at 7 (Qualcomm's Motion to

3   Seal) (stating that Qualcomm's "competitors and customers" would seek to use its

4   licensing information "only for the 'improper purpose' of enhancing their own

5   'competitive standing' against Qualcomm" (quoting *Nixon v. Warner Commc'ns, Inc.*,

6   435 U.S. 589, 598 (1978)).

7       5.    The loss of these valuable trade secrets would therefore "impede the

8   ability of Qualcomm to compete in the future in its markets" and to negotiate licenses in

9   the future "if its competitors and current and potential customers had such detailed

10   knowledge of these terms." Gonell Decl. at ¶¶ 6-8.

11       6.    As a result, this Court should seal Qualcomm's licensing agreements and

12   prevent testimony regarding the confidential information contained in these agreements

13   from being heard in open court, and redact any confidential licensing information from

14   the public version of its final opinion.

15       7.    If this Court decides that it will not seal and redact the confidential

16   information in this manner, it should adopt a descriptive "coding" system, as Samsung

17   has proposed. Qualcomm is obliged to caution that—given the "small world" of

18   important portfolio licensing in the wireless communications context—the "coding"

19   system proposed by Samsung will by no means *eliminate* the risk of disclosure and

20   serious injury to non-parties, but it would provide some degree of protection, and should

21   be adopted. In this regard, Qualcomm cautions that even delineating the type of non-

22   party involved could for all practical purposes disclose the identity of the non-party

23   licensor or supplier associated with a particular contract, and respectfully requests that, if

24   the Court determines to use coding rather than sealing the relevant portions of testimony

25   and any opinion, it craft a coding system that does not disclose identifying information of

26   non-party contract and license counterparties.

NON-PARTY QUALCOMM INCORPORATED'S             COOLEY LLP
NOTICE OF JOINDER                     719 SECOND AVENUE SUITE 900
Case No. C10-1823-JLR                 SEATTLE, WA 98104-1732
                                 (206) 452-8700

1          8.     There is precedent for the use of code names in both trial testimony and

2    the court's final opinion.  *See, e.g.*, *Monroe-Lord v. Hytche*, 668 F. Supp. 979, 988 (D.

3    Md. 1987) ("To protect the privacy of non-party faculty members when discussing

4    confidential tenure evaluations, the Court will refer to them by code."); *Careline of New*

5    *York, Inc. v. Shalala*, No. 00-cv-2860, 2001 WL 274327, at *1 n.1 (S.D.N.Y. 2001) ("In

6    order to protect the confidentiality of the medical records of the [non-party] patient, this

7    Court will refer to the patient as 'Patient X.'"); *Green v. United States*, No. 94-cv-5706,

8    1995 WL 574495, at *1 (E.D. Pa. 1995) ("To protect this [non-party] inmate's

9    confidentiality, this memorandum [opinion] will refer to him as Inmate A.").

10         For these reasons, as well as the additional reasons set forth in the

11   memorandum submitted by Samsung, Qualcomm urgently requests that this Court grant

12   the relief requested by Samsung, specifically including Qualcomm's licensing

13   agreements.

14         DATED this 18th day of November, 2012.

15                     */s/ Christopher B. Durbin*_____

16                     Christopher B. Durbin (WSBA #41159)
                       COOLEY LLP

17                     719 Second Avenue, Suite 900
                       Seattle, WA 98104-1732

18                     Telephone:    (206) 452-8700
                       Facsimile:    (206) 452-8800

19                     Email:        cdurbin@cooley.com

20                     Attorney for Non-Party Qualcomm, Inc.

21

22

23

24

25

26

NON-PARTY QUALCOMM INCORPORATED'S
NOTICE OF JOINDER
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

5

**Certificate of Service**

I hereby certify that on November 18th, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all registered parties in this case.

DATED this 18th day of November, 2012, in Seattle, Washington.


_/s/ Christopher B. Durbin_

NON-PARTY QUALCOMM INCORPORATED'S
NOTICE OF JOINDER
Case No. C10-1823-JLR

COOLEY LLP
719 SECOND AVENUE SUITE 900
SEATTLE, WA 98104-1732
(206) 452-8700

6