HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    MICROSOFT CORPORATION,

11                              Plaintiff,

            vs.
12
      MOTOROLA, INC.,  et al.,
13
                              Defendants.
14    _____

15    MOTOROLA MOBILITY LLC, et al.,

16                              Plaintiffs,

17          vs.

18    MICROSOFT CORPORATION,

19                              Defendant.

20

21

22

23

24

25

Case No. C10-1823-JLR

PLAINTIFF MICROSOFT
CORPORATION'S MOTION TO
QUASH SUBPOENA OF JONATHAN
CARUANA

**NOTED FOR:**
**Monday, November 19, 2012**

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO QUASH SUBPOENA OF
JONATHAN CARUANA

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    Microsoft hereby moves to quash Motorola's trial subpoena to Jonathan Caruana, a

2  Microsoft employee that Motorola had not previously identified as a potential witness.

3                                    **BACKGROUND**

4    At about 3:30 PM on Friday, November 16, 2012, the parties and the Court discussed

5  the timing of Motorola's disclosure of its witness list for Monday, November 19, in light of the

6  fact that Motorola had identified 12 remaining witnesses but had only a limited amount of trial

7  time remaining.  The parties and the Court discussed the possibility of Motorola dropping

8  witnesses in the interests of time, and the Court stated that it expected that Motorola would

9  promptly notify Microsoft when it had decided that any witness would not be called.  With no

10  advance notice or explanation, at 5:41 PM on Friday (just two hours later), Motorola's counsel

11  sent Microsoft's counsel an email with an attached trial subpoena for a 13th witness, Microsoft

12  employee Jonathan James Caruana, commanding him to appear at trial on Monday, November

13  19 at 9:00 AM.  *See* Ex. A.[1]  The subpoena issued from the Western District of Washington.

14  *Id.*

15                                    **ARGUMENT**

16    Federal Rule of Civil Procedure 45 states that an issuing court "must quash or modify a

17  subpoena that fails to allow a reasonable time to comply."  Fed. R. Civ. P. 45(c)(3)(A)(i).

18    The subpoena should be quashed because it fails to allow a reasonable time to comply.

19  Motorola sent the subpoena to Microsoft after the close of the business day on Friday,

20  demanding Mr. Caruana's appearance at trial at 9 AM Monday.  There is no justification for

21  this eleventh-hour demand for Mr. Caruana's testimony.  Mr. Caruana was not on Motorola's

22  trial witness list, *see* Dkt. No. 493, Pretrial Order at 16–19, nor was he on Microsoft's, *id.* at

23  12–16.  Motorola is well aware of Mr. Caruana's knowledge of the Xbox—on June 24, 2011,

24

25  _____
[1] The subpoena is directed to "Jonathon James Caruana."  Microsoft assumes Motorola's intention was to
subpoena Microsoft employee Jonath**a**n James Caruana.

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO QUASH SUBPOENA OF
JONATHAN CARUANA - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    Motorola took his deposition in connection with Motorola's ITC case against the Xbox, and

2    cross-examined him in the ITC trial on January 12, 2012.  But Motorola gave Microsoft no

3    notice that it had any intention of calling Mr. Caruana until the subpoena arrived, two-thirds of

4    the way through this trial, far too late for Microsoft to meaningfully prepare for Mr. Caruana's

5    examination.  Indeed, because Motorola refused to drop even a single witness by 4:30 PM on

6    Saturday, Microsoft is currently preparing for cross-examinations of 12 witnesses that

7    Motorola claims it will call across two days.  Motorola provided neither Mr. Caruana nor

8    Microsoft any reasonable amount of time to prepare to testify in this trial.  The fact that Mr.

9    Caruana was both deposed and cross-examined by Motorola in a related proceeding involving

10   the same issues makes Motorola's tardy subpoena to Mr. Caruana all the more inexcusable.

11          The subpoena to Mr. Caruana is untimely, improper in light of the Court's pretrial

12   order, and unjustifiable.  Motorola had access to Mr. Caruana long before this trial began—if it

13   believed him an important witness, its obligation was to identify him in a timely fashion.

14   Motorola ignored him until after the close of the fourth of six days of trial.  His introduction

15   into the case now would prejudice Microsoft as both a distraction and a waste of time.  Further,

16   assuming that Motorola intends to examine Mr. Caruana concerning his knowledge of

17   confidential and commercially-sensitive aspects of the Xbox 360, that examination would

18   require either disclosure of Microsoft's confidential information, or closing and re-opening the

19   courtroom, wasting even more of the limited remaining trial time.  The subpoena to Mr.

20   Caruana should be quashed.

21   / / /

22   / / /

23   / / /

24   / / /

25

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO QUASH SUBPOENA OF
JONATHAN CARUANA - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    DATED this 18th day of November, 2012.

2                              CALFO HARRIGAN LEYH & EAKES LLP

3

4              By     s/ Arthur W. Harrigan, Jr.
                      Arthur W. Harrigan, Jr., WSBA #1751
5                     Christopher Wion, WSBA #33207
                      Shane P. Cramer, WSBA #35099

6
               By     s/ T. Andrew Culbert
7                     T. Andrew Culbert
                      David E. Killough
8                     MICROSOFT CORPORATION
                      1 Microsoft Way
9                     Redmond, WA  98052
                      Phone:  425-882-8080
10                    Fax:  425-869-1327

11
                      David T. Pritikin
12                    Richard A. Cederoth
                      Constantine L. Trela, Jr.
13                    William H. Baumgartner, Jr.
                      Ellen S. Robbins
14                    Douglas I. Lewis
                      David C. Giardina
15                    John W. McBride
                      David Greenfield
16                    Nathaniel C. Love

17
                      SIDLEY AUSTIN LLP
18                    One South Dearborn
                      Chicago, IL  60603
19                    Phone:  312-853-7000
                      Fax:  312-853-7036
20
                      Carter G. Phillips
21                    Brian R. Nester

22
                      SIDLEY AUSTIN LLP
23                    1501 K Street NW
                      Washington, DC  20005
24                    Telephone:  202-736-8000
                      Fax:  202-736-8711
25
                      Counsel for Microsoft Corp.

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO QUASH SUBPOENA OF
JONATHAN CARUANA - 3

1

**CERTIFICATE OF SERVICE**

2

I, SUSIE CLIFFORD, swear under penalty of perjury under the laws of the State of

3

Washington to the following:

4

      1.      I am over the age of 21 and not a party to this action.

5

      2.      On the 18th day of November, 2012, I caused the preceding document to be

6

served on counsel of record in the following manner:

7

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

8

9
    Ralph Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081       _____ Messenger
    Lynn M. Engel, WSBA #21934       _____ US Mail

10
    Summit Law Group       _____ Facsimile
    315 Fifth Ave. South, Suite 1000       \_\_X\_\_\_ ECF

11
    Seattle, WA  98104-2682
    Telephone:  206-676-7000

12
    Email:  Summit1823@summitlaw.com

13

14
    Steven Pepe (*pro hac vice*)       _____ Messenger
    Jesse J. Jenner (*pro hac vice*)       _____ US Mail

15
    Ropes & Gray LLP       _____ Facsimile
    1211 Avenue of the Americas       \_\_X\_\_\_ ECF

16
    New York, NY  10036-8704
    Telephone:  (212) 596-9046

17
    Email:  steven.pepe@ropesgray.com
    Email:  jesse.jenner@ropesgray.com

18

19

20
    Norman H. Beamer (*pro hac vice*)       _____ Messenger
    Ropes & Gray LLP       _____ US Mail
    1900 University Avenue, 6th Floor       _____ Facsimile

21
    East Palo Alto, CA  94303-2284       \_\_X\_\_\_ ECF
    Telephone:  (650) 617-4030

22
    Email:  norman.beamer@ropesgray.com

23

24

25

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO QUASH SUBPOENA OF
JONATHAN CARUANA - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| One Metro Center | _____ Facsimile |
| 700 12th Street NW, Suite 900 | ___X___ ECF |
| Washington, DC  20005-3948 | |
| Telephone:  (202) 508-4693 | |
| Email: Paul.schoenhard@ropesgray.com | |

DATED this 18th day of November, 2012.


                           s/Susie Clifford
                           SUSIE CLIFFORD

PLAINTIFF MICROSOFT CORPORATION'S
MOTION TO QUASH SUBPOENA OF
JONATHAN CARUANA - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

# EXHIBIT A

AO 88 (Rev. 07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Washington

| | | |
|---|---|---|
| MICROSOFT CORPORATION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  C10-1823-JLR |
| MOTOROLA, INC., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Jonathon James Caruana

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place:  United States District Court<br>700 Stewart Street<br>Seattle, WA  98101 | Courtroom No.: 14106 |
| | Date and Time: 11/19/2012 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____11/16/2012_____

*CLERK OF COURT*

OR

_____          _____
     *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Motorola, Inc., Motorola Mobility LLC and General Instrument Corp.   , who issues or requests this subpoena, are:

Ralph H. Palumbo, WSBA #04751, Philip S. McCune, WSBA #21081, Lynn M. Engel, WSBA #21934
ralphh@summitlaw.com; philm@summitlaw.com; lynne@summitlaw.com
Summit Law Group PLLC, 315 Fifth Avenue S., Suite 1000
Seattle, WA  98104-2682, (206) 676-7000

AO 88 (Rev.07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  C10-1823-JLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Jonathon James Caruana

was received by me on *(date)*                    .

☑ I served the subpoena by delivering a copy to the named person as follows:

_____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$       54.30       .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                   *Server's signature*

                                                          _____
                                                                  *Printed name and title*

                                                          _____
                                                                     *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).