Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Microsoft Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>Motorola, Inc., Motorola Mobility LLC, and General Instrument Corporation,<br><br>          Defendants. | No. C10-1823-JLR<br><br>NOTICE OF NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S JOINDER IN NONPARTY SAMSUNG ELECTRONICS CO., LTD.'S BRIEF REGARDING SEALING TERMS OF PATENT LICENSE AGREEMENTS AND OTHER LICENSING INFORMATION AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM |

Non-parties Nokia Corporation and Nokia Inc. (collectively "Nokia") hereby join non-party Samsung Electronics Co., Ltd.'s ("Samsung") Brief Regarding Sealing Terms of Patent License Agreements and Other Licensing Information and Exclude Unauthorized Persons from the Courtroom (Dkt. No. 580) with respect to any trial exhibits containing Nokia's license agreements, royalty reports prepared in connection therewith, or related licensing documents. This includes exhibit numbers 2798 and 2835 on the parties' Joint Exhibit List, which purport to

NOTICE OF NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S JOINDER IN NONPARTY SAMSUNG ELECTRONICS CO., LTD.'S BRIEF REGARDING SEALING TERMS OF PATENT LICENSE AGREEMENTS AND OTHER LICENSING INFORMATION AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM
No. C10-1823-JLR

1

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone: 650.838.2000

contain Nokia's patent license agreements, as well as any other exhibits containing such confidential and trade secret information.

For the reasons set forth in Samsung's brief, these trial exhibits contain Nokia's confidential and trade secret information, and compelling reasons exist to seal these documents and to vacate the courtroom during testimony concerning them.[1] Indeed, the Northern District of California very recently granted Nokia's non-party motion to seal the financial terms in a license agreement between Nokia and one of the parties to the action. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-1846-LHK, Order Granting-in-Part and Denying-in-Part Motions to Seal at *23 (N.D. Cal. Oct. 9, 2012). There, where the parties attempted to introduce demonstrative summaries of various license agreements including pricing terms, royalty rates, and payments made pursuant to license agreements, the Northern District found that compelling reasons existed for the sealing of these categories of Nokia's confidential information because its publication "would place these third-parties in a weakened bargaining position in future negotiations, thereby giving their customers and competitors a significant advantage." *Id.* at *21.

Nokia would suffer severe competitive harm should information contained in any trial exhibits concerning its licensing information become public (Dkt. No. 547 (Melin Decl.) ¶ 10). Nokia would be prejudiced by such disclosure of its trade secret information were this information to be disclosed at any stage of these proceedings, whether at the ongoing trial, during the court's final order, or during any appellate review of these issues. As the owner of one of the largest and most significant patent portfolios in the industry, Nokia is nearly always in licensing negotiations with numerous third parties regarding licenses to its standard-essential patents (*Id.* at ¶ 9). If the terms of Nokia's confidential license agreements, including financial terms negotiated with competitors and the scope of the licenses granted, were to become public, Nokia's ability to

---

[1] In the alternative, compelling reasons exist to instruct the parties not to disclose the terms of Nokia's license agreements and to redact financial terms, information regarding the duration of the license grants, and information concerning the scope of the technological standards and specific patents granted from the trial record, or to use a coding system such as the one described in Samsung's brief to conceal the identities of the parties to these agreements.

NOTICE OF NON-PARTIES NOKIA CORPORATION AND
NOKIA INC.'S JOINDER IN NONPARTY SAMSUNG
ELECTRONICS CO., LTD.'S BRIEF REGARDING SEALING
TERMS OF PATENT LICENSE AGREEMENTS AND
OTHER LICENSING INFORMATION AND EXCLUDE
UNAUTHORIZED PERSONS FROM THE COURTROOM
No. C10-1823-JLR

2

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone: 650.838.2000

1  negotiate licenses on competitive terms would be severely restricted, as the parties to Nokia's
2  current and future negotiations would possess unequal information (*Id.*).  Nokia's competitors
3  would also have an unfair advantage over it, as their confidential licensing information would
4  remain secret.  The disclosure of Nokia's licensing information would provide Nokia's customers
5  and competitors with information regarding Nokia's valuations of its own patent portfolio, as well
6  as its licensing strategies and assessments of its licensing needs and its willingness to license non-
7  essential patents.

8        Because its patent licenses contain such competitively sensitive trade secret information,
9  Nokia has taken great care to preserve their confidentiality.  Each of the license agreements
10 relevant to this action contains confidentiality obligations preventing the parties from disclosing
11 their terms without the other party's consent (*Id.* at ¶ 2).  To Nokia's knowledge, these licenses
12 and their related documentation, such as royalty reports and licensing negotiations, have at all
13 times been treated as competitively sensitive trade secret information, and their details have not
14 been publicized (*Id.* at ¶ 5).

15       Trial exhibit numbers 2798 and 2835 on the parties' Joint Exhibit List are license
16 agreements entered into between Nokia and Motorola Inc.  These documents contain trade secret
17 information including financial terms, duration of license grants made under each agreement, and
18 technological scope and patents granted pursuant to each agreement.  Nokia considers this
19 information to be highly confidential trade secret information (*See id.* at ¶ 7).  If the information
20 contained within these documents were publicized, Nokia would suffer severe competitive harm
21 (*Id.* at ¶ 10).

22       Additionally, Nokia agrees with Motorola's contention (Dkt. No. 581) that the only way to
23 ensure that non-party confidential information such as Nokia's is preserved is to clarify that if
24 Motorola's appeal to the Ninth Circuit concerning the use of confidential information during the
25 trial is rejected, Motorola has the freedom to withdraw its reliance on any third party confidential
26 information introduced during the trial, and that therefore there would be no need for the Court to

27
28 NOTICE OF NON-PARTIES NOKIA CORPORATION AND
   NOKIA INC.'S JOINDER IN NONPARTY SAMSUNG
   ELECTRONICS CO., LTD.'S BRIEF REGARDING SEALING
   TERMS OF PATENT LICENSE AGREEMENTS AND       3
   OTHER LICENSING INFORMATION AND EXCLUDE
   UNAUTHORIZED PERSONS FROM THE COURTROOM
   No. C10-1823-JLR

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:  650.838.2000

utilize such information in its final order in this case. This proposal allows Motorola to avoid breaching its own confidentiality obligations to third parties such as Nokia, and permits Motorola and third parties such as Nokia to seek immediate appellate review of these important issues.

      Nokia therefore respectfully joins in Samsung's Brief Regarding Sealing Terms of Patent License Agreements and Other Licensing Information and Exclude Unauthorized Persons from the Courtroom and requests that any relief provided to Samsung apply equally to Nokia's confidential business information. Nokia requests that its confidential business information be sealed at all stages of this proceeding, including at trial, in the Court's final order in this case, and in any related appellate proceedings. Nokia also requests that this Court grant the parties clarity by noting that should an appeals court deny Motorola's appeal regarding the use of confidential information, Motorola may withdraw reliance on any such information and thereby obviate the need to use such information in the final order in this case.

DATED this 18th day of November, 2012.

/s/ Lance A. Termes
Lance A. Termes, WSBA #29729
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, California 94025-4008
Telephone: (650) 838-2045
E-mail: lance.termes@alston.com

Counsel for Non-Parties Nokia Corporation and Nokia Inc.

NOTICE OF NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S JOINDER IN NONPARTY SAMSUNG ELECTRONICS CO., LTD.'S BRIEF REGARDING SEALING TERMS OF PATENT LICENSE AGREEMENTS AND OTHER LICENSING INFORMATION AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM
No. C10-1823-JLR

4

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone: 650.838.2000

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2012, I electronically filed the foregoing with the Clerk of the Court using the e-filing system which will send notification of such filing to all counsel on record in the matter.

s/ Lance A. Termes_____
Lance A. Termes, WSBA #29729
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, California 94025-4008
Telephone: (650) 838-2045
E-mail: lance.termes@alston.com

NOTICE OF NON-PARTIES NOKIA CORPORATION AND NOKIA INC.'S JOINDER IN NONPARTY SAMSUNG ELECTRONICS CO., LTD.'S BRIEF REGARDING SEALING TERMS OF PATENT LICENSE AGREEMENTS AND OTHER LICENSING INFORMATION AND EXCLUDE UNAUTHORIZED PERSONS FROM THE COURTROOM
No. C10-1823-JLR

5

**Alston + Bird LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone: 650.838.2000