**ROPES & GRAY**

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

FILED _____ ENTERED
LODGED _____ RECEIVED

DEC 3 – 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

Jesse J. Jenner
T +1 212 596 9019
F +1 646 728 2581
jesse.jenner@ropesgray.com

December 3, 2012

**BY FEDEX**

Honorable James L. Robart
United States District Judge
United States District Court
700 Stewart St., Suite 14128
Seattle, WA 98101-9906



**10-CV-01823-LTR**

*Microsoft Corp. v. Motorola, Inc., et al.,*
No. C10-1823-JLR

Dear Judge Robart:

We write to seek clarification in connection with the Court's November 30, 2012
Order.

The Court may not be aware that, in November 2010, Motorola asserted 5 patents
against Microsoft in the U.S. International Trade Commission (Investigation No. 337-TA-752)—
this included two 802.11 standard essential patents, two H.264 standard essential patents, and one
non-essential patent.[1]  After a hearing earlier this year, Administrative Law Judge David Shaw
determined that Microsoft infringed 4 of those 5 patents, including one 802.11 and both H.264
standard essential patents, as well as the non-essential patent.  In July 2012, the Commission
remanded the case to Judge Shaw to apply the Commission's opinion in *Certain Electronic Devices
with Image Processing Systems, Components Thereof, and Associated Software*, Inv. No. 337-TA-
724, Comm'n Op. (Dec. 21, 2011), which had issued too late to be considered in the hearing.   In
October 2012, Motorola voluntarily terminated the investigation with respect to the two 802.11
patents.

---

[1]      While this last patent is essential to the 802.11 standard, it is not being asserted against
Microsoft's implementation of the 802.11 standard.  Rather, it is being asserted against a non-
802.11 protocol that is being implemented by Microsoft.  Thus, there is no RAND commitment
associated with this assertion.  Administrative Law Judge Shaw found this patent to be infringed in
this non-essential capacity.

32627304_1

ROPES & GRAY LLP

Honorable James L. Robart                    - 2 -                    December 3, 2012

       Judge Shaw has scheduled a two-day hearing for December 5-6, 2012, just a few days from now.  At that hearing, Motorola plans to present evidence regarding at least one of the H.264 patents.  Motorola will also present evidence regarding the non-essential patent that Judge Shaw initially found infringed.

       This Court's November 30, 2012 Order states that it "enjoins Motorola from seeking injunctive relief against Microsoft with respect to Motorola's H.264 and 802.11 standard essential patent portfolios." (Dkt. No. 607 at 18.)  Mindful that the only remedy available in the ITC is an exclusion order, Motorola wants to determine whether the Court agrees that Motorola's participation in the Hearing with respect to the H.264 patent will not be a violation of the Court's Order.

       Specifically, the Court's Order states that "[t]he dismissal is without prejudice.  The court's determination that injunctive relief is no longer available for the Motorola Asserted Patents is based on the specific circumstances and rulings that have developed in this litigation.  If, in the future, those circumstances change in a manner to warrant injunctive relief, Motorola may at that time seek such relief." (Dkt. No. 607 at 15).  The earliest an exclusion order can issue in the -752 Investigation is in late May 2013.[2]  Given that (1) an exclusion order is not imminent and (2) circumstances in the future may change such that this Court may revisit its November 30, 2012 Order, Motorola believes that proceeding with the long-scheduled -752 Hearing is consistent with the Court's Order and is the most prudent way in which to resolve these disputes.  If an exclusion order becomes imminent, Motorola will advise the Court and will take whatever other actions may be appropriate after consultation with the Court.

       Motorola believes that this approach is consistent with the approach taken by the Court in issuing the now-dissolved anti-suit injunction with respect to the proceedings in Germany.  There, the Court stated that  "The injunction is limited -- I stress -- is limited to enjoining Motorola from enforcing any injunctive relief it may receive in the German actions that were the subject of Microsoft's motion, without further leave of this court." (4/11/12 Tr. at 14).  In its Order granting Microsoft's motion for a preliminary injunction, the Court further explained that "[t]he court's April 12, 2012 order was limited to enjoining Motorola from enforcing any injunctive relief that it may receive from a German court with respect to the patents at issue in Microsoft's Motion." (Dkt. No. 318 at 2 n.2.)  Accordingly, Motorola submits that proceeding with the ITC Hearing at this time, and addressing the enforcement of any possible exclusion order at a later point in time, is consistent with the Court's treatment of the German action in connection with the anti-suit injunction.

---

[2]     More likely, an exclusion order would not issue until July 13.  And the effect of such an exclusion order can be delayed up to another 60 days during Presidential review, if Microsoft posts whatever bond is ordered by the Commission.

ROPES & GRAY LLP

Honorable James L. Robart                              - 3 -                              December 3, 2012

       Motorola respectfully submits that this approach will protect Motorola's rights. If, for example, Motorola is not permitted to go forward with its H.264 claims in the -752 Investigation and Microsoft fails to live up to its promise ultimately to take a RAND license, Motorola will be deprived of the statutory remedies available to it in the ITC.

       We are available to discuss this at the Court's convenience.

Respectfully,

Jesse J. Jenner

Enclosures

cc: Ralph H. Palumbo, Esq.
    Arthur W. Harrigan , Jr., Esq.
    David T. Pritikin, Esq.