10-CV-01823-LTR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES** LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

ARTHUR W. HARRIGAN, JR.

E-MAIL: ARTHURH@CALFOHARRIGAN.COM
FACSIMILE: (206) 623-8717

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

December 4, 2012

DEC - 4 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                       DEPUTY

**BY HAND DELIVERY**

Honorable James L. Robart
United States District Judge
USDC Courthouse
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

      RE: *Microsoft Corp. v. Motorola, Inc., et al.*
           Case No. C10-1823-JLR

Dear Judge Robart:

      We write in response to Motorola's letter of yesterday concerning the Court's November 30, 2012 Order. Motorola seeks clarification that it may participate in an ITC remand hearing scheduled for December 5 and 6, without being in violation of the Court's November 30 Order.

      Microsoft understands the Court's November 30 Order to address two separate aspects of these consolidated cases. First, the Order grants Microsoft's Motion for Partial Summary Judgment (Dkt. No. 139) in Motorola's patent infringement suit against Microsoft, alleging infringement of three H.264-essential U.S. patents. That order only limits the scope of relief that Motorola might obtain if it ultimately were to succeed in proving infringement of a valid claim of any of those patents.

      Second, the Order addresses issues presented in Microsoft's breach of contract action, in which Microsoft sought and obtained a preliminary injunction against Motorola's enforcement of a German injunction on H.264-essential German patents. Microsoft understands that the Court has determined that this relief should no longer be limited to the patents at issue in the German proceedings and that it has extended the relief it previously granted by enjoining Motorola "from seeking injunctive relief against Microsoft with respect to Motorola's H.264 and 802.11 standard essential patent portfolios." Like the earlier anti-injunction ruling, this Order effectively preserves the status quo so that the Court can determine a RAND royalty and resolve the breach of contract claim. The license that will follow this Court's rulings will provide a complete defense to actions on Motorola's standard-essential patents, and preliminary injunctive relief should no longer be necessary.

Honorable James L. Robart
December 4, 2012
Page 2

As for Motorola's request that it be permitted to participate in the upcoming ITC remand hearing, Microsoft has not requested that the Court bar Motorola's participation in the hearing. One of the patents in the ITC investigation is asserted in a non-essential capacity, and the hearing will proceed as to that patent in any event. Any potential ITC exclusion order based on Motorola's H.264 essential patents is many months away even if Motorola were able to succeed in showing a violation. In addition, as Microsoft has informed the ITC, Microsoft is entitled to a license to Motorola's H.264 patents under the terms of Google's AVC license, which is sufficient in and of itself to dispose of the H.264 patent claims. In light of the timetable for the ITC remand proceedings, Microsoft expects that the ITC case, if not otherwise terminated, will be mooted by these proceedings before reaching a conclusion and that Microsoft's injury in defending the ITC case, including the remand hearing, will be redressed in the breach of contract action.

Very truly yours,

CALFO HARRIGAN LEYH & EAKES LLP

Arthur W. Harrigan, Jr.

AWH:lb

cc:  Jesse Jenner (via email)
     Ralph Palumbo (via email)