THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

                Plaintiff,

   vs.

MOTOROLA, INC., et al.,

                Defendants.
_____
MOTOROLA MOBILITY LLC, et al.,

                Plaintiffs,

   vs.

MICROSOFT CORPORATION,

                Defendants.

Case No. C10-1823-JLR

STIPULATED MOTION TO SEAL TRIAL EXHIBITS 1141, 1173, AND 1636 AND (PROPOSED) ORDER

Noted: Friday, December 7, 2012

STIPULATED MOTION TO SEAL TRIAL
EXHIBITS 1141, 1173, AND 1636 AND
(PROPOSED) ORDER

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

32658492_2

# I. INTRODUCTION

Pursuant to Western District of Washington Local Civil Rule 5(g), Plaintiff Microsoft Corporation and Defendants Motorola Solutions, Inc., Motorola Mobility LLC, and General Instrument Corporation (collectively "Motorola," and together with Microsoft, the "Parties"), respectfully move for leave to maintain under seal Trial Exhibits 1141, 1173, and 1636.[1]  Each exhibit contains confidential trade secret information, and each was admitted at trial.  The trial exhibits can be described as follows:

    Ex. 1141:    Agreement Among Licensors Regarding the AVC Standard;

    Ex. 1173:    Years by Which Motorola Licensing Agreements Were Negotiated *Ex Post* Standards; and

    Ex. 1636:    Licensing Administrator Agreement Regarding the AVC Standard.

The Parties believe that certain portions of each above exhibit disclose confidential trade secret information and should be sealed in accordance with Ninth Circuit precedent and this Court's earlier sealing orders (*See, e.g.,* 11/12/12 Order (ECF No. 567); 11/19/12 Trial Tr., at 4-7).  At trial, the Party moving each exhibit for admission provided redacted copies to be included in the public record.[2]  Compelling reasons exist to seal those portions of Exhibits 1141, 1173, and 1636 that disclose confidential trade secret information.  The Parties respectfully request that the Court grant their stipulated motion.

---

[1] In accordance with Local Rule 5(g)(3)(A), on December 7, 2012, Chris Wion (on behalf of Microsoft) and Phil McCune (on behalf of Motorola) engaged in a telephonic discussion regarding the need for sealing the documents that are the subject of this Stipulated Motion as well as the appropriate scope of the proposed redactions provided to the Court as part of the public record.

[2] Redacted copies of Exhibits 1141, 1173, and 1636 were provided on the morning of November 13, prior to their admission during the testimony of Garrett Glanz and/or Kevin Murphy.  (*See* 11/13/12 Transcript, pp. 8, 10).  In its recent letter to the Court regarding exhibits (ECF No. 611), Motorola indicated that Exhibit 37 (the license between Motorola and Terabeam) had not been sealed by the Court.  In fact, however, in its Order of November 12, 2012, the Court ordered Exhibit 37 provisionally sealed.  *See* ECF No. 567 at 12.  Motorola also provided the Court with a redacted copy of Exhibit 37 on the morning of November 20, prior to offering that exhibit during the testimony of Kirk Dailey.  *See* 11/20/12 Transcript, p. 5.

STIPULATED MOTION TO SEAL TRIAL
EXHIBITS 1141, 1173, AND 1636 AND
(PROPOSED) ORDER - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

32658492_2

## II. **LEGAL AUTHORITY**

A.     **Legal Standard.**

A party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption of public access to evidence supporting dispositive motions "may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." Former LCR 5(g)(2) (revised December 1, 2012). However, "the public interest in understanding the judicial system would appear to be less where … the documents in question are irrelevant to the Court's decision." *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (citing *Kamakana*, 447 F.3d at 1179) (documents supporting dispositive motion "[not] bearing on the resolution of the dispute on the merits … are therefore more akin to the 'unrelated,' non-dispositive motion documents the Ninth Circuit contemplated in *Kamakana*").

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Ultimate Timing,* 2010 WL 786021, at *2 (quotations omitted).

STIPULATED MOTION TO SEAL TRIAL
EXHIBITS 1141, 1173, AND 1636 AND
(PROPOSED) ORDER - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

32658492_2

**B.     Compelling Reasons Exist To Seal Portions of Trial Exhibits 1141, 1173, and 1636.**

1.     The License Information in Exhibit 1173 Should be Sealed.

Exhibit 1173, which was Exhibit 4 to the Opening Expert Report of Kevin Murphy, is a chart entitled "Years by Which Motorola Licensing Agreements Were Negotiated *Ex Post* Standards." This chart contains detailed summary information about the scope of almost 60 licenses between Motorola and various third parties, including detailed and confidential information about which standards (i.e. TDMA, GSM, IS-95, H.26, 802.11, etc.) were covered by the licenses.

As Motorola argued in its October 29, 2012 Motion to Seal (ECF No. 495 at 9-11), the confidential terms of license agreements constitute trade secrets within the Ninth Circuit's definition. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008); *see also TriQuint Semiconductor v. Avago Techs., Ltd.,* No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *3-7 (D. Ariz. Dec. 13, 2011) (sealing documents containing sensitive financial information and licensing information); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283420, at *9 (N.D. Cal. Aug. 10, 2012) (sealing details of license agreement). Motorola, along with numerous third parties, has submitted sworn declarations attesting to the highly confidential and sensitive nature of the licensing terms in question, and the competitive harm that would result from public disclosure of these highly confidential terms. *See, e.g.*, ECF 496 (declaration of Brian C. Blasius); ECF No. 551 at 4 (collecting third party declarations).

Most importantly, the vast majority of the licenses described in Exhibit 1173 were not discussed or offered at trial, accordingly will not form the basis of the Court's opinion, and so need not be made public. *See, e.g.*, ECF No. 567 ("[I]f a party declines to use an individual licensing agreement at trial, that license agreement need not be made publicly available."). Compelling reasons therefore exist to maintain this information under seal – at least until the

STIPULATED MOTION TO SEAL TRIAL
EXHIBITS 1141, 1173, AND 1636 AND
(PROPOSED) ORDER - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

32658492_2

Court determines what information it will rely on in reaching its decision. In accordance with the Court's Order regarding provisional sealing of licensing information (ECF No. 567) and comments on the morning of November 13, 2012 (11/13/12 Transcript pp. 11-12), Exhibit 1173 should be provisionally sealed, pending determination of which facts the Court will rely on in reaching its decision. Motorola has provided a redacted version of Exhibit 1173, and reaffirms that, in accordance with the Court's comments (11/13/12 Transcript pp. 11-12), it will within 48 hours of the publication of the Court's opinion provide the Court with revised redactions of Exhibit 1173.

2. <u>Proprietary Financial Information, Including MPEG LA's Patent Pool Royalty Distribution Formula, Contained in Exhibits 1141 and 1636 Should be Sealed.</u>

On November 5, 2012, non-party MPEG LA filed a motion to seal certain documents it produced in discovery and that the parties had identified as potential trial exhibits, arguing that they should be sealed in their entirety because they disclosed MPEG LA's proprietary trade secret information. ECF No. 519. On November 12, 2012 the Court entered an order granting in part and denying in part the numerous motions to seal then pending before the Court (including MPEG LA's). ECF No. 567. In light of the Court's order, on the first day of trial, Microsoft supplied the Court with proposed redactions for two MPEG LA agreements that were the subject of MPEG LA's motion to seal – Exhibits 1141 and 1636. The redactions limit the information sought to be sealed to only financial information relating to MPEG LA's licensing arrangement with third party licensors, which MPEG LA asserted to be proprietary trade secret information. ECF Nos. 519; 520.

Exhibit 1141 is a copy of the "Agreement Among Licensors Regarding the AVC Standard" executed by Licensors who contributed their patents for inclusion in the MPEG LA AVC/H.264 patent pool. Among other things, it discloses MPEG LA's royalty distribution

STIPULATED MOTION TO SEAL TRIAL
EXHIBITS 1141, 1173, AND 1636 AND
(PROPOSED) ORDER - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

32658492_2

formula and the costs paid by Licensors to have their patents analyzed for essentiality. Ex. 1141, § 2.4.1; § 5.1.

Exhibit 1636 is a copy of the "Licensing Administrator Agreement Regarding the AVC" executed by Licensors on one hand and MPEG LA, as the Licensing Administrator, on the other. It discloses the terms on which MPEG LA agreed to manage the AVC/H.264 patent pool, including the compensation to be received by MPEG LA as the patent pool's Licensing Administrator.

Consistent with the Court's prior orders, Microsoft believes that the above-described financial information contained in Exhibits 1141 and 1636 qualifies as MPEG LA's proprietary business information (*see e.g.* ECF Nos. 519; 520), and is the type of confidential trade secret that courts regularly maintain under seal. *See e.g., Elec. Arts,* 298 F. Appx. at 569 ("pricing terms, royalty rates, and guaranteed minimum payment terms…is also information that plainly falls within the definition of 'trade secrets'"); *Powertech Tech.*, 2012 WL 3283420 at *9 (sealing licensing information).[3] Compelling reasons exist to maintain this financial and royalty-disbursement information under seal. The remaining terms and conditions in the agreements need not be sealed and may be filed in the public record.

### III. CONCLUSION

For the foregoing reasons, and compelling reasons having been demonstrated, the Parties respectfully request that the Court seal Exhibits 1141, 1173, and 1636, with redacted versions of the documents being made part of the public record.

---

[3] *DISH Network, L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (sealing documents containing "descriptions of Defendants' products [that] could serve as a blueprint for others to design similar products to circumvent DISH Network's security system enabling more individuals to steal DISH Network programming"); *TriQuint Semiconductor*,,2011 WL 6182346 at *3 (finding "compelling reasons" to where disclosure of confidential business information would allow "competitors to tailor their own capital expenditures, budgets, and business strategies to compete against TriQuint more effectively"); *F.D.I.C. v. Tarkanian*, No. 10-CV-980, 2012 WL 1327856, * 2 (S.D. Cal. Apr. 17, 2012) (sealing documents containing financial information).

STIPULATED MOTION TO SEAL TRIAL
EXHIBITS 1141, 1173, AND 1636 AND
(PROPOSED) ORDER - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

32658492_2

DATED this 7th day of December, 2012.

| CALFO HARRIGAN LEYH & EAKES LLP | SUMMIT LAW GROUP PLLC |
|---|---|

By    /s/ Arthur W. Harrigan, Jr.
   Arthur W. Harrigan, Jr., WSBA #1751
   Christopher Wion, WSBA #33207
   Shane P. Cramer, WSBA #35099

By    /s/ T. Andrew Culbert
T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #21119
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

David T. Pritikin (*pro hac vice*)
Richard A. Cederoth (*pro hac vice*)
Constantine L. Trela, Jr. (*pro hac vice*)
William H. Baumgartner, Jr. (*pro hac vice*)
Ellen S. Robbins (*pro hac vice*)
Douglas I. Lewis (*pro hac vice*)
David C. Giardina (*pro hac vice*)
John W. McBride (*pro hac vice*)
David Greenfield (*pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter Phillips (*pro hac vice*)
Brian R. Nester, (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

**Counsel for Microsoft Corp.**

By    /s/ Ralph H. Palumbo
   Ralph H. Palumbo, WSBA #4751
   Philip S. McCune, WSBA #21081
   Lynn M. Engel, WSBA #21934
   *philm@summitlaw.com*
   *lynne@summitlaw.com*

By    /s/ Thomas V. Miller
Thomas V. Miller
MOTOROLA MOBILITY LLC
600 North U.S. Highway 45
Libertyville, IL 60048-1286
(847) 523-2162

Steven Pepe (*pro hac vice*)
Jesse J. Jenner (*pro hac vice*)
Stuart W. Yothers (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*steven.pepe@ropesgray.com*
*jesse.jenner@ropesgray.com*
*stuart.yothers@ropesgray.com*

Norman H. Beamer (*pro hac vice*)
Gabrielle E. Higgins (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*
*gabrielle.higgins@ropesgray.com*

STIPULATED MOTION TO SEAL TRIAL
EXHIBITS 1141, 1173, AND 1636 AND
(PROPOSED) ORDER - 6

32658492_2

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

**Counsel for Motorola Solutions, Inc., Motorola Mobility LLC, and General Instrument, Corp.**

**IT IS SO ORDERED**

DONE IN OPEN COURT this __ day of _____, 2012.

_____
HONORABLE JAMES L. ROBART

STIPULATED MOTION TO SEAL TRIAL
EXHIBITS 1141, 1173, AND 1636 AND
(PROPOSED) ORDER - 7

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

32658492_2