The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>                    Defendants. | CASE NO. C10-1823-JLR<br><br>MOTOROLA'S POST-TRIAL BRIEF REGARDING THE GOOGLE-MPEG LA AVC LICENSE AGREEMENT<br><br>**REDACTED** |

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................. 1

II.  THE GOOGLE-MPEG LA LICENSE AGREEMENT ...................................... 2

III. MICROSOFT IS NOT ENTITLED TO A GRANT-BACK LICENSE TO MOTOROLA'S H.264-ESSENTIAL PATENTS UNDER THE AVC LICENSE AGREEMENT ..................................................................................... 4

   A.  Any Grant-Back Obligation Must Be Commensurate in Scope with the License Grant Selected by Google............................................................ 4

   B.  ██████████████████████████████████████████████████ .................. 6

IV.  THE GOOGLE-MPEG LA AVC AGREEMENT IS NOT A COMPARABLE FOR PURPOSES OF THE COURT'S DETERMINATION OF A RAND RATE OR RANGE FOR MOTOROLA'S H.264-ESSENTIAL PATENTS ......................................... 8

   A.  Motorola's Patents Are Not Licensed Under Google's MPEG LA AVC Agreement ........................................................................................ 8

   B.  The Rate in the MPEG LA AVC Agreement is Merely "Presumed" to be a Reasonable Rate for Any Grant-Back License ...................................... 9

V.   CONCLUSION .................................................................................................. 10

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - i
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Loblaw, Inc. v. Employers' Liab. Assurance Corp.*,
   57 N.Y.2d 872 (1982) ...................................................................................................6

*SOS Oil Corp. v. Norstar Bank of Long Island*,
   76 N.Y.2d 561 (1990) ...................................................................................................6

*Valisa Mfg., LLC v. The 54 Group, Ltd.*,
   19 Misc. 3d 1136, 2008 N.Y. Slip Op. 51017 (N.Y. Sup. Ct 2008) ..........................4

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - ii
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

On November 20, 2012, after hearing testimony in the above-captioned case, the Court requested briefing regarding the 2005 Google-MPEG LA AVC License Agreement (the "AVC Agreement").[1]  Specifically, the Court stated:

> I need to know what it is and what impact it has.  The language would appear to pick up Motorola as a subsidiary or affiliate.  But if I'm wrong on that, someone needs to tell me why and the significance of it.  11/20 Tr. 169:16-19.[2]

In response to the Court's questions, Motorola Mobility LLC ("Motorola")[3] submits this brief to provide background on the AVC Agreement, including the parties' dispute regarding the scope of its "grant-back" provision, and a discussion of the relevance of the AVC Agreement to the Court's determination of a RAND range and rate for Motorola's H.264-essential patents.

***The Parties' Dispute Regarding the AVC Agreement***.  Google's AVC Agreement is an agreement between Google Inc. and MPEG LA that was executed in 2005, granting Google a license to the patents in MPEG LA's H.264/AVC patent pool.  Microsoft and Google presently dispute[4] the scope of Section 8.3 of that Agreement, which at the most fundamental level, relates to whether Google is required to grant Microsoft a license to Motorola's H.264-essential patents.  Assuming, *arguendo*, that Microsoft's contract interpretation is correct, the parties further dispute the terms upon which Google is required to grant a license, as well as whether Google ███████ ████████████████████████████████████████████████ █████████████████████

In the discussion that follows, Motorola provides a summary of Google's position as to why Section 8.3 of the AVC Agreement does not require Google to grant Microsoft a license to

---

[1]   MPEG LA's pool agreement is entitled "AVC Patent Portfolio License."  Ex. 103.  "AVC" and "H.264" are used interchangeably in this brief.  Throughout this brief, all emphasis is added unless otherwise indicated.

[2]   "_____ Tr." refers to the transcript from the parties' bench trial in the above-captioned action, as recorded on the indicated date.  "Ex. ___" refers to the stated Trial Exhibit number, as admitted during the November 2012 trial.

[3]   Motorola Solutions, Inc., who remains a separate corporate entity, takes no position on this brief.

[4]   Certain aspects of the parties' dispute have been briefed in cases pending Germany and in the U.S.I.T.C., but no decisions have been rendered or any contractual language construed in any case.

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Motorola's H.264-essential patents. If it would be helpful to the Court, Motorola would welcome the opportunity to provide complete briefing that articulates completely the respective legal positions of the parties.

*The Relevance of Google's AVC Agreement to the Court's Determination of a RAND Range and Rate*. Motorola further understands that the Court wants to understand the relevance of the AVC Agreement to its determination of the RAND rate and range for Motorola's H.264-essential patents. Motorola respectfully submits that the AVC Agreement itself is no more relevant than any other MPEG LA H.264/AVC License Agreement currently in the record. Indeed, as the trial record demonstrates, patent pools and their downward-biased, patent-counting-based royalty rates, reflect the unique circumstances of a given pool and are not representative of the rates in bilaterally negotiated patent license agreements, especially cross-license agreements. Moreover, Motorola contends that the dispute regarding the applicability of Section 8.3 of the AVC Agreement is not relevant to the Court's determination of a RAND range and rate. As described below, Google's acquisition of Motorola did not close until more than eighteen months after MML made its October 2010 offer to Microsoft. Therefore, the current dispute regarding the scope and applicability of Section 8.3 has no relevance to the RAND range and rate for Motorola's H.264-essential patents.

## II. THE GOOGLE-MPEG LA LICENSE AGREEMENT

As the Court learned during trial, MPEG LA is a patent pool administrator. One of the pools that it administers is for patents essential to the AVC or H.264 standard ("the AVC patent pool"). Microsoft Corporation is a licensor in this pool.[5] Microsoft and the other pool licensors have entered into an "Agreement Among Licensors" which provides for the licensing of each licensor's AVC/H.264 essential patents to MPEG LA, who then sublicenses those patents to willing licensees at non-negotiable rates that are lower than what would be found in bilaterally

---

[5] Microsoft Corp.'s various subsidiaries are not identified as licensors. *See, e.g.*, http://www.mpegla.com/main/programs/AVC/Pages/Licensors.aspx (last visited Dec. 10, 2012).

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  negotiated licenses between two parties.  Motorola has not joined the MPEG LA AVC patent pool
2  as either a licensor or as a licensee, choosing instead to remain outside the pool and to license its
3  H.264-essential patents bilaterally in appropriate circumstances.
4    On January 25, 2005, non-parties Google and MPEG LA entered into their AVC License
5  Agreement, which provided a license to Google for all patents contained in the MPEG LA AVC
6  patent pool.  Ex. 103.  The Google-MPEG LA AVC Agreement contains many material
7  provisions, including definitions, license grants, royalty and payment provisions, term and
8  termination, etc.  The Agreement also includes a "Licensee Grant" provision (referred to as the
9  "grant-back provision" by the parties), which requires in relevant part that:

> Upon full execution of this Agreement, Licensee agrees to grant a worldwide, nonexclusive license and/or sublicense (***commensurate to the scope of the licenses which Licensee has selected hereunder***) under any and all AVC Essential Patent(s) that Licensee and its ***Affiliates***, if any, have the right to license and/or sublicense, to any Licensor or any sublicensee of the Licensing Administrator desiring such a license and/or sublicense on fair and reasonable terms and conditions.  *Id*. at 26-27 (§ 8.3).

"Affiliates," as used in § 8.3, is defined in relevant part as:

> [A] Legal Entity which now or hereinafter, directly or indirectly, controls, is controlled by or is under common control with Licensee. … The term "control" as used in this Section 1.1 shall mean (a) ownership of more than 50% of the outstanding shares representing the right to vote for directors or other managing officers of Licensee or such Legal Entity ….  An entity shall be deemed an Affiliate only so long as such "control" exists.  *Id*. at 3 (§ 1.1).

Since execution in 2005, Google has been licensed to the AVC pool patents and has paid royalties for its license.  Specifically, Google's AVC Agreement provides different licenses that can be selected by a licensee.  These include a license for "AVC Product(s)," "Title-by-Title AVC Video," "Subscription AVC Video," "Free Television AVC Video," "Internet Broadcast AVC Video Use," "OEM Licensee," or an "Enterprise License," which permits a licensee to receive multiple licenses upon payment of a single lump sum.  *Id*. at 8-9 (§§ 2.1 – 2.7).

Importantly, in 2005, at the time of full execution of the Agreement, Motorola was ***not*** an Affiliate of Google and, therefore, neither Google nor Motorola had any obligation to license Motorola patents to the Licensor (MPEG LA).  Google's agreement renewed for another 5-year

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

term on January 1, 2011. *Id.* at GGMM-00000325-28. On August 15, 2011, more than six and a half years after first entering into the original Google-MPEG LA AVC License Agreement, Google announced its acquisition of Motorola. That acquisition closed on May 22, 2012.[6]

### III. MICROSOFT IS NOT ENTITLED TO A GRANT-BACK LICENSE TO MOTOROLA'S H.264-ESSENTIAL PATENTS UNDER THE AVC LICENSE AGREEMENT

#### A. Any Grant-Back Obligation Must Be Commensurate in Scope with the License Grant Selected by Google

Section 8.3 of the Google-MPEG LA AVC Agreement provides that "Upon full execution of this Agreement, Licensee [i.e., Google] agrees to grant a … license and/or sublicense (*commensurate to the scope of the licenses which Licensee has selected hereunder*) under any and all AVC Essential Patent(s) that Licensee and its Affiliates, if any, have the right to license …." Ex. 103 at 26-27.[7] This "scope" language is an important limitation on any grant-back rights claimed by Microsoft. No testimony was elicited during trial regarding this provision.

The scope of the licenses granted by MPEG LA to Google under the AVC Agreement does not extend to Google's Affiliates, except under limited circumstances. *See id.* at 9-10 ("Subject to

---

[6] The AVC Agreement does not include language that addresses after-acquired Affiliates. In contrast to the AVC Agreement, MPEG LA's Agreement Among Licensors, which establishes the right and obligations as between MPEG LA and the Licensors of the pool patents (such as Microsoft), does [REDACTED] There is no such language in the Google-MPEG LA AVC Agreement. Thus, in the absence of any corresponding language, inclusion of later-acquired patents in the pool is not automatic and the only way to determine how to treat later-acquired patents is by the language of the AVC Agreement itself.

[7] As an initial matter, under the language of this provision, the grant back requirement only extends to those entities that were Affiliates at the time of "full execution" of the Agreement. At the time of the execution of the AVC Agreement in 2005, Motorola had not yet been acquired by Google and was not subject to its control. Thus, it was not an "Affiliate" at the time of "full execution" of the agreement and Section 8.3, therefore, has no applicability to Motorola and its patents. "It is well settled, under New York law, that one who is not a party to an agreement cannot be bound by it." *Valisa Mfg., LLC v. The 54 Group, Ltd.*, 19 Misc. 3d 1136, 2008 N.Y. Slip Op. 51017 (N.Y. Sup. Ct 2008). To the extent there is any doubt as to its interpretation of the language of the grant-back provision, that ambiguity should be resolved in favor of Google and Motorola.

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Article 3.1.7, the sublicenses granted in Sections 2.1 through 2.7 of this Agreement ***do not include the right of the Licensee [i.e., Google] to grant any further sublicenses [i.e., to Motorola]***. The Licensing Administrator is willing to offer an AVC Patent Portfolio License to any ***Affiliate*** of Licensee."). Under Section 3.1.7 of the AVC Agreement, the Enterprise License fee may be paid in lieu of royalties by "a Licensee and ***its Affiliates which are licensees under the AVC Patent Portfolio License and are identified in writing*** to the Licensing Administrator by Licensee." *Id*. at 14. Thus, an Affiliate like Motorola is not automatically included under Google's license and if a licensee like Google wants to include an Affiliate under the terms of its existing AVC Agreement, that licensee must select an Enterprise License under Section 2.7 ***and*** specifically identify the Affiliate in writing as a covered Affiliate. *See Id*. at 9 (§ 2.7), 14 (§ 3.1.7), 15 (§ 3.3).

Google did, indeed, elect to take an AVC Enterprise License. *See* Post Decl. Ex. A (email from Laura Majerus of Google to "Royalty Statements" at MPEG LA regarding Google's election to take an "AVC Enterprise License for both 2009 and 2010").[8] Further, as correspondence between Google and MPEG LA makes clear, both parties understood that only affiliates identified by Google would be covered by that Enterprise License grant. But to date, Google has not identified Motorola as a covered Affiliate and therefore no license extends from MPEG LA to Motorola under the pool patents. Thus, Motorola is ***not*** a licensed Affiliate and the scope of the rights granted under the AVC Agreement does not extend to Motorola.

Google's AVC Agreement requires that the grant-back be "commensurate to the scope" of Google's license. Because Motorola is not presently a covered Affiliate and the scope of the rights under Google's AVC Agreement does not extend to Motorola, Motorola's patents are not commensurately subject to the grant-back clause. Any contrary reading would lead to the inequitable result that an unlicensed entity (like Motorola), who is not a licensee and does not receive the benefits of Google's AVC Agreement, is still forced to grant back a license without

---

[8] "Post Decl. Ex. ___" refers to the stated exhibit to the Declaration of Kevin J. Post, submitted concurrently herewith.

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1 receiving any reciprocal rights.[9] This cannot be. The grant-back provision cannot bind unlicensed Motorola and, thus, Microsoft is not entitled to a grant-back license under Motorola's patents.[10]

B. █████████████████████████████████████

█████████████████████████████████████████████████████████████████

---

[9] Given this language, if this Section is interpreted to require Google, who has taken a license that does not cover unidentified Affiliates like Motorola, to grant a license to Microsoft under Motorola's patents, that license should similarly not cover unidentified Microsoft Affiliates. Thus, any uncovered Microsoft subsidiaries would need to license Motorola's H.264-essential patents separately and bilaterally.

[10] The Google-MPEG LA AVC License Agreement is construed under New York law. *See* Ex. 103 at 30 (§ 8.16). Under NY law, to the extent there is any ambiguity in the grant-back provision, such ambiguity must be resolved in favor of the non-drafter – here, Google. *See SOS Oil Corp. v. Norstar Bank of Long Island*, 76 N.Y.2d 561, 568 (1990) ("As in the interpretation of any document, we look for the parties' intent within the four corners of the instrument, reading any ambiguity against the drafter."); *Loblaw, Inc. v. Employers' Liab. Assurance Corp.*, 57 N.Y.2d 872, 877 (1982).

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  ▮
2  ▮
3  ▮ But Section 6.6.4
4  says no such thing. *See* Ex. 103 at 24 (indicating only that "[t]he obligation of Licensee pursuant
5  to Sections 8.3 and 8.4" "shall survive expiration or termination of this Agreement").
6  ▮
7  ▮
8  ▮
9  ▮
10 ▮
11 ▮
12 ▮
13 ▮
14 ▮
15 ▮
16 ▮
17 ▮
18 ▮
19 ▮
20 ▮
21 ▮
22 ▮
23 ▮
24
25 [11] ▮
26 ▮

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## IV. THE GOOGLE-MPEG LA AVC AGREEMENT IS NOT A COMPARABLE FOR PURPOSES OF THE COURT'S DETERMINATION OF A RAND RATE OR RANGE FOR MOTOROLA'S H.264-ESSENTIAL PATENTS

### A. Motorola's Patents Are Not Licensed Under Google's MPEG LA AVC Agreement

During the November 2012 trial, Microsoft's witnesses testified regarding the purported applicability of the "grant-back" provision of the Google-MPEG LA AVC Agreement to the determination of a RAND rate. *See, e.g.*, 11/16 Tr. 94-97, 101-03, 171. Specifically, Microsoft's Dr. Lynde, who is not a lawyer, testified that "[t]here is a condition in that Google license where the licensee, Google, agrees to grant back rights to the pool for its H.264-specific standard-essential patents." 11/16 Tr. 103:7-9. Dr. Lynde acknowledged that his analysis was not based on legal principles, but was simply him "[s]peaking as an economist." *Id*. 103:22. Indeed, Dr. Lynde's interpretation of the Google-MPEG LA AVC Agreement is not based on any principle of contract interpretation and is, in fact, incorrect. As discussed above, this provision, by its own terms and as confirmed by the conduct of Google and MPEG LA under those terms, does not extend to unlicensed Affiliates of Google, including Motorola. Thus, it is not related in any way to Motorola's patents and cannot be a comparable for purposes of determining a RAND royalty rate for those patents. The Google AVC Agreement is no different than any other MPEG LA pool agreement and should carry no additional significance. Indeed, as Motorola's Post-Trial Brief makes clear, the MPEG LA pool rates have little to no relevance to the determination of the RAND range and rate.

Moreover, consistent with the AVC Agreement's recognition that parties may elect to license their H.264 patents bilaterally outside the pool (*see* Ex. 103 at 21 (§ 4.3)), reliance upon the terms of the AVC Agreement in the hypothetical bilateral negotiation being simulated here would similarly be inappropriate. In a hypothetical negotiation taking place after Motorola made its October 2010 offer to Microsoft, the Google-MPEG LA AVC Agreement would have had no impact – Google did not announce its acquisition of Motorola until August of the following year.

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

For that reason alone, the rates accepted by *Google* in the form of a pool license agreement are simply not informative of the rate for *Motorola's* H.264-essential patents.[12]  And even if the Court views the go-forward rate for Motorola's patents to be influenced by the Google acquisition, Motorola's release for past damages, which would compensate Motorola for years of Microsoft's unlicensed use, must necessarily be based on the value of those patents before that acquisition date and remains unaffected by the AVC Agreement.

Thus, the best evidence of the value for Motorola's H.264-essential patents remains Motorola's own bilateral licenses, informed by the value of the patents as practiced by Microsoft's products.  These agreements, which relate directly to the patents at issue, were reached through arms'-length negotiations and remain the most reliable benchmark for the Court's analysis.

### B. The Rate in the MPEG LA AVC Agreement is Merely "Presumed" to be a Reasonable Rate for Any Grant-Back License

If the Court nevertheless determines that Google's AVC Agreement is relevant to the Motorola/Microsoft RAND rate, it is important to recognize that the terms in Google's agreement are merely presumptive, and must be considered further in the context of other material terms that require negotiation.  According to the Google-MPEG LA AVC Agreement, the rate contained shall merely "be presumed to be a fair and reasonable royalty rate for the aforementioned license and/or sublicense to be granted by the Licensee."  Ex. 103 at 27 (§ 8.3).  It is *not*, therefore, the only rate at which a grant-back license must be granted for Motorola's patents.  Rather, it is a rate that, if selected by the parties, might be considered fair and reasonable in light of the other terms in the ultimate agreement that would have been negotiated.

Here, if Microsoft were to receive a license under Motorola's H.264-essential patents, while at the same time Motorola itself was not benefiting from a license from MPEG LA (because Motorola is not a covered Affiliate), the "presum[ptive]" MPEG LA rate would be *un*fair to

---

[12]   In fact, this is true whether the date of the hypothetical negotiation is deemed to be November 2010 (as Motorola has proposed), or some otherwise unidentified "*ex ante*" date advocated by Microsoft, which would presumably be even earlier.

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Motorola (and to Google), given the imbalance in license rights. *See id*. at 27 (§ 8.3). The more likely result would be that Google and Microsoft, were they to negotiate over a grant-back license, would either negotiate using the MPEG LA rates as a starting point, and craft the remaining material terms (such as scope and field of use, geography, term, assignability, defensive suspension, etc.) in a manner consistent with the value of one another's patent portfolios, or they would revert to different rates that are more consistent with bilaterally negotiated rates. *See id*. at 21 (§ 4.3: "Licensee represents and warrants that (a) it is entering into this Agreement f*or its own convenience in acquiring patent rights necessary for compliance with the AVC Standard from multiple Licensors in a single transaction rather than electing its option to negotiate separate license agreements with individual Licensors*…. The Licensing Administrator and Licensee recognize that Licensee has the right to *separately negotiate a license* with any or all of the Licensors under any and all of the AVC Patent Portfolio Patents under terms and conditions to be independently negotiated by each Licensor….").

## V. CONCLUSION

The grant-back provision of Google's AVC Agreement does not reach Motorola's H.264-essential patents. Google entered into this Agreement years in advance of its acquisition of Motorola and Motorola is not a covered Affiliate whose patents could be granted back to Microsoft. Moreover, given that Google did not acquire Motorola until eighteen months *after* Motorola made its offer to Microsoft, and considering the date of the hypothetical bilateral negotiation that would have had taken place between Motorola and Microsoft had Microsoft negotiated, Google's AVC Agreement would have little to no relevance to the rate ultimately agreed to. Thus, the AVC Agreement does not provide Microsoft with a license to Motorola's H.264-essential patents and should not be considered a comparable for purposes of the Court's determination of a RAND range and/or rate.

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  DATED this 14th day of December, 2012.

2  **RESPECTFULLY SUBMITTED:**

3  SUMMIT LAW GROUP PLLC

4  By */s/ Ralph H. Palumbo*
5      Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
6      Lynn M. Engel, WSBA #21934
    *ralphp@summitlaw.com*
7      *philm@summitlaw.com*
    *lynne@summitlaw.com*

By */s/ Thomas V. Miller*
    Thomas V. Miller
    MOTOROLA MOBILITY LLC
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    (847) 523-2162

And by

    Jesse J. Jenner (*pro hac vice*)
    Steven Pepe (*pro hac vice*)
    Kevin J. Post (*pro hac vice*)
    Ropes & Gray LLP
    1211 Avenue of the Americas
    New York, NY  10036-8704
    (212) 596-9046
    *jesse.jenner@ropesgray.com*
    *steven.pepe@ropesgray.com*
    *kevin.post@ropesgray.com*

    James R. Batchelder (*pro hac vice*)
    Norman H. Beamer (*pro hac vice*)
    Ropes & Gray LLP
    1900 University Avenue, 6th Floor
    East Palo Alto, CA  94303-2284
    (650) 617-4030
    *james.batchelder@ropesgray.com*
    *norman.beamer@ropesgray.com*

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.***

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 17th day of December, 2012.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

MOTOROLA'S POST-TRIAL BRIEF REGARDING THE
GOOGLE-MPEG LA AVC LICENSE AGREEMENT - 13
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001