THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

    Plaintiff,

vs.

MOTOROLA, INC., et al.,

    Defendants.

MOTOROLA MOBILITY LLC, et al.,

    Plaintiffs,

vs.

MICROSOFT CORPORATION,

    Defendants.

Case No. C10-1823-JLR

STIPULATED MOTION TO SEAL PORTIONS OF THE PARTIES' POST-TRIAL BRIEFS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

AND (PROPOSED) ORDER

Noted: Friday, December 14, 2012

STIPULATED MOTION TO SEAL PORTIONS
OF THE PARTIES' POST-TRIAL SUBMISSIONS
AND (PROPOSED) ORDER

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## I. INTRODUCTION

Pursuant to Western District of Washington Local Civil Rule 5(g), Plaintiff Microsoft Corporation and Defendants Motorola Solutions, Inc., Motorola Mobility LLC, and General Instrument Corporation (collectively "Motorola," and together with Microsoft, the "Parties"), respectfully move for leave to file limited portions of their respective Post-Trial Briefs and Proposed Findings of Fact and Conclusions of Law (the "Post-Trial Submissions") under seal.

Motorola also respectfully moves for leave to file under seal five additional documents that relate to settlement discussions between the parties. The Court has previously found that it is appropriate to seal this category of documents. Dkt. No. 567 at 5-6.

The Parties believe that certain portions of their Post-Trial Submissions disclose confidential information that should be sealed in accordance with Ninth Circuit precedent and this Court's prior sealing orders. The Parties plan to file redacted versions of their Post-Trial Submissions in the public record. This will insure against public disclosure of any of the Parties' (or non-parties') confidential trade secret information.

As discussed below compelling reasons exist for unredacted versions of the Parties' Post-Trial Submissions to be maintained under seal. The Parties respectfully request that the Court grant their stipulated motion.

## II. CERTIFICATION

In accordance with Local Rule 5(g)(3)(A), on December 13, 2012, Chris Wion (on behalf of Microsoft) and Phil McCune and Steve Pepe (on behalf of Motorola) engaged in a telephonic discussion regarding the need to file under seal certain limited portions of the parties' Post-Trial Submissions, as well as the appropriate scope of the proposed redactions to be submitted as part of the public record.

STIPULATED MOTION TO SEAL PORTIONS
OF THE PARTIES' POST-TRIAL SUBMISSIONS
AND (PROPOSED) ORDER - 1

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## III. LEGAL AUTHORITY & ARGUMENT

**A.   Legal Standard.**

A party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption of public access to evidence supporting dispositive motions "may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." Former LCR 5(g)(2) (revised December 1, 2012).

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms*, 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Ultimate Timing*, 2010 WL 786021, at *2 (quotations omitted).

**B.   Compelling Reasons Exist To Seal Portions of the Parties' Post-Trial Submissions that Refer to Exhibits and Testimony that were Sealed During Trial.**

Trial in this matter took place from November 13 to November 20, 2012. In its orders of November 12, November 14, and November 19, the Court granted the Parties leave to file certain documents under seal to prevent public disclosure of confidential trade secret information. ECF Nos. 567, 571, and 573; 11/19/12 Trial Tr. at 4-7. The Court also closed the

STIPULATED MOTION TO SEAL PORTIONS
OF THE PARTIES' POST-TRIAL SUBMISSIONS
AND (PROPOSED) ORDER - 2

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

courtroom for certain limited portions of the trial when the subject matter of these sealed documents – such as the terms of Motorola's licenses with third parties and Microsoft's business and marketing plans for future products – was discussed. *E.g.*, 11/15/12 Tr. at 61-79 (discussion of future Microsoft products); 11/20/12 Tr. at 48-155 (discussion of, among other things, Motorola's third-party licenses).

The Parties' Post-Trial Submissions contain numerous references to and descriptions of trial exhibits and testimony that, by prior order, the Court has determined should be maintained under seal. For instance, the Post-Trial Submissions discuss certain confidential and trade secret information in Motorola licenses and discuss other sealed exhibits that describe highly sensitive aspects of Microsoft's current and future products. By prior Court orders, this information, and documents disclosing this and similar trade secret information, was sealed for purposes of trial. For the same compelling reasons that the Court sealed this evidence for purposes of trial, it would be consistent and appropriate to take the same approach in connection with the Parties' Post-Trial Submissions.

With the exception of five documents addressed below, the Parties are requesting permission to redact only those limited portions of their Post-Trial Submissions that disclose information previously determined by the Court to qualify as proprietary trade secret information under the legal standards outlined above. The Parties are filing redacted versions of their submissions as part of the public record[1], with unredacted versions of each Post-Trial Submission being filed under seal, subject to the Court's approval of this Stipulated Motion.

---

[1] The Parties plan to file appropriately redacted versions of their Post-Trial Submissions on Monday, December 17, pursuant to the Court's authorization conveyed to the Parties in a telephonic conference on December 13.

STIPULATED MOTION TO SEAL PORTIONS
OF THE PARTIES' POST-TRIAL SUBMISSIONS
AND (PROPOSED) ORDER - 3

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

C.  **Compelling Reasons Exist To Seal Documents Relating to Settlement Negotiations Motorola is Proffering in Response to the Court's Request for Briefing.**

In addition, Motorola asks that the Court order sealed five documents, which Motorola has attached as Exhibits B, C, D, E, and F to the Declaration of Kevin J. Post in Support of Motorola's Post-Trial Brief Regarding the Google-MPEG LA AVC License Agreement, submitted concurrently with Motorola's post-trial submissions. The five documents include: two letters exchanged between counsel for Microsoft and Google regarding the Google license (Exhibits B and C); a September 5, 2012 letter from Horacio E. Gutierrez, Microsoft Corp., to Kirk W. Dailey, Motorola Mobility, Inc., regarding Google's MPEG LA AVC Patent Portfolio License (Exhibit D); a draft license agreement dated October 18, 2012 (Exhibit E); and a draft license agreement dated November 11, 2012, (Exhibit F).[2]

In its November 11, 2012 Order on the Parties' motions to seal, the Court, citing Federal Rule of Evidence 408, concluded that "the importance of encouraging frank settlement negotiations outweighs the public's interest in knowing what was discussed in" settlement negotiations between Microsoft and Motorola. Dkt. No. 567 at 5-6. These letters and settlement licenses constitute the same type of settlement negotiations that the Court has already ordered sealed. As the Court observed, "[b]y preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement." *Id.* (*quoting United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982)). Accordingly, compelling reasons exist to maintain these documents under seal.

---

[2] Microsoft believes that the only factual material the Parties have been permitted to cite in support of their respective briefs on the Google-MPEG LA license issue is evidence that was properly admitted during trial. By filing this stipulated motion to seal, Microsoft is not waiving its objections to Motorola's reliance on documents that are not part of the trial record, including Exhibits B-F to the Post Declaration.

STIPULATED MOTION TO SEAL PORTIONS
OF THE PARTIES' POST-TRIAL SUBMISSIONS
AND (PROPOSED) ORDER - 4

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

## IV. CONCLUSION

For the foregoing reasons, and compelling reasons having been shown, the Parties respectfully request that the Court maintain under seal unredacted versions of the Parties' Post-Trial Submissions, with appropriately redacted versions of those documents being made part of the public record. Motorola also requests that the Court maintain under seal the five documents it is offering in response to the Court's request for briefing.

DATED this 14th day of December, 2012.

CALFO HARRIGAN LEYH & EAKES LLP          SUMMIT LAW GROUP PLLC

By     /s/ Arthur W. Harrigan, Jr.                    By     /s/ Ralph H. Palumbo
       Arthur W. Harrigan, Jr., WSBA #1751                   Ralph H. Palumbo, WSBA #4751
By     /s/ Christopher Wion                           By     /s/ Philip S. McCune
       Christopher Wion, WSBA #33207                         Philip S. McCune, WSBA #21081
By     /s/ Shane P. Cramer                            By     /s/ Lynn M. Engel
       Shane P. Cramer, WSBA #35099                          Lynn M. Engel, WSBA #21934
       999 Third Ave., Suite 4400                            philm@summitlaw.com
       Seattle, WA 98104                                     lynne@summitlaw.com
                                                             315 Fifth Ave. South, Suite 1000
By     /s/ T. Andrew Culbert                                 Seattle, WA 98104
T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #21119                        By     /s/ Thomas V. Miller
MICROSOFT CORPORATION                                 Thomas V. Miller
1 Microsoft Way                                       MOTOROLA MOBILITY LLC
Redmond, WA 98052                                     600 North U.S. Highway 45
Phone: 425-882-8080                                   Libertyville, IL 60048-1286
Fax: 425-869-1327                                     (847) 523-2162

David T. Pritikin (pro hac vice)                      Steven Pepe (pro hac vice)
Richard A. Cederoth (pro hac vice)                    Jesse J. Jenner (pro hac vice)
Constantine L. Trela, Jr. (pro hac vice)              Stuart W. Yothers (pro hac vice)
William H. Baumgartner, Jr. (pro hac vice)            Kevin J. Post (pro hac vice)
Ellen S. Robbins (pro hac vice)                       Ropes & Gray LLP
Douglas I. Lewis (pro hac vice)                       1211 Avenue of the Americas
David C. Giardina (pro hac vice)                      New York, NY 10036-8704
John W. McBride (pro hac vice)                        (212) 596-9046

STIPULATED MOTION TO SEAL PORTIONS
OF THE PARTIES' POST-TRIAL SUBMISSIONS
AND (PROPOSED) ORDER - 5

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| David Greenfield *(pro hac vice)*<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Phone: 312-853-7000<br>Fax: 312-853-7036<br><br>Carter Phillips *(pro hac vice)*<br>Brian R. Nester, *(pro hac vice)*<br>SIDLEY AUSTIN LLP<br>1501 K Street NW<br>Washington, DC 20005<br>Telephone: 202-736-8000<br>Fax: 202-736-8711<br><br>**Counsel for Microsoft Corp.** | steven.pepe@ropesgray.com<br>jesse.jenner@ropesgray.com<br>stuart.yothers@ropesgray.com<br><br>Norman H. Beamer *(pro hac vice)*<br>Gabrielle E. Higgins *(pro hac vice)*<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA 94303-2284<br>(650) 617-4030<br>norman.beamer@ropesgray.com<br>gabrielle.higgins@ropesgray.com<br><br>Paul M. Schoenhard *(pro hac vice)*<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC 20005-3948<br>(202) 508-4693<br>paul.schoenhard.@ropesgray.com<br>kevin.post@ropesgray.com<br><br>**Counsel for Motorola Solutions, Inc., Motorola Mobility LLC, and General Instrument, Corp.** |

*[Handwritten:]* Docket Numbers 615, 617, 618, 619, 620, and 621 shall remain under seal.

**IT IS SO ORDERED**

Dated ~~DONE IN OPEN COURT~~ this 19th day of December, 2012.

_____
HONORABLE JAMES L. ROBART

STIPULATED MOTION TO SEAL PORTIONS
OF THE PARTIES' POST-TRIAL SUBMISSIONS
AND (PROPOSED) ORDER - 6

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717