THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15
16
17
18
19

MICROSOFT CORPORATION,

                Plaintiff,

    vs.

MOTOROLA, INC.,  et al.,

                Defendants.
_____

MOTOROLA MOBILITY LLC, et al.,

                Plaintiffs,

    vs.

MICROSOFT CORPORATION,

                Defendants.

Case No. C10-1823-JLR

**DECLARATION OF
LAWRENCE A. HORN**

20

I, Lawrence A. Horn, declare as follows:

21

    1.     I am the President and CEO of MPEG LA, LLC.  Before assuming my current

22

role, I was in charge of Licensing and Business Development from approximately July 1997

23

to March 2006.  MPEG LA is a world-leading packager of patent pools for standards and

24

other technology platforms used in the consumer electronics industry.

25

1

1    2.    Among other technologies, MPEG LA administers patent pools associated

2    with certain video compression standards, including the MPEG-2, MPEG-4 Visual,

3    AVC/H.264, and VC-1 standards.

4    3.    I understand that the above-captioned matter involves a dispute regarding

5    various patents claimed by Motorola Mobility LLC and/or General Instrument Corporation to

6    be essential to the AVC/H.264 video compression standard.  The terms "AVC" (or

7    "Advanced Video Coding") and "H.264," being materially synonymous, are used

8    interchangeably here.

9    4.    From approximately Fall 2002 to Summer 2004, I was actively involved in the

10   formation of MPEG LA's AVC/H.264 patent pool.  On behalf of MPEG LA, I facilitated a

11   series of meetings among potential licensors that led to the formation of the AVC/H.264

12   patent pool, including development of standard terms on which licensors joining the pool

13   agreed to license their standard essential patents (SEPs) (following a determination that such

14   patents are in fact essential).  Since formation of the pool in 2004, MPEG LA has

15   administered it.

16   5.    There are currently 30 Licensors in the MPEG LA AVC/H.264 pool, who

17   collectively have contributed hundreds of SEPs.  Microsoft is one.  There are currently more

18   than 1,500 Licensees to the pool, including Microsoft and Google, Inc.

19   6.    I understand that a true and correct copy of the January 24, 2005 AVC Patent

20   Portfolio License Agreement between MPEG LA and Google, attached hereto as Exhibit 1

21   (the "Google License"), has previously been filed as part of the public record in the above-

22   captioned matter.  The Google License is a representative example of MPEG LA's standard

23   AVC Patent Portfolio License Agreement (the "AVC/H.264 License"), which has been

24   available to interested licensees since approximately July 2004, subject to updates,

25   expansions and renewals.

1       7.      MPEG LA's standard AVC/H.264 License includes the following "grant-

2  back" provision:

> **8.3 Licensee Grant.** Upon full execution of this Agreement, Licensee agrees to grant a worldwide, nonexclusive license and/or sublicense (commensurate to the scope of the licenses which Licensee has selected hereunder) under any and all AVC Essential Patent(s) that Licensee *and its Affiliates, if any,* have the right to license and/or sublicense, to any Licensor or any sublicensee of the Licensing Administrator desiring such a license and/or sublicense on fair and reasonable terms and conditions. For purposes of this Section 8.3 only, the Licensors' per patent share of royalties which are payable pursuant to Article 3 of this Agreement shall be presumed to be a fair and reasonable royalty rate for the aforementioned license and/or sublicense to be granted by the Licensee.

9  Exhibit 1 (underlining and italics added).

10       8.      Section 8.3 of the AVC/H.264 License is identical to Section 8.3 of a prior

11  license agreement for an earlier video compression standard – MPEG LA's original MPEG-4

12  Visual Patent Portfolio License (the "MPEG-4 License") – except that the phrase "and its

13  Affiliates, if any" (underlined and italicized above) was added for the AVC/H.264 License.  I

14  understand that a true and correct copy of the original MPEG-4 License (without

15  attachments) executed by General Instrument in September 2002 (attached hereto as Exhibit

16  2), was produced by Defendants in the above-captioned matter.

17       9.      "Affiliate" is defined in the AVC/H.264 License to include any Legal Entity

18  controlled by the Licensee, including those entities owned "more than 50%" by the Licensee:

> **1.1 Affiliate** - Shall mean a Legal Entity which now or hereinafter, directly or indirectly, controls, is controlled by or is under common control with Licensee. The term "control" as used in this Section 1.1 shall mean (a) ownership of more than 50% of the outstanding shares representing the right to vote for directors or other managing officers of Licensee or such Legal Entity; or for Licensee or a Legal Entity which does not have outstanding shares, of more than 50% of the ownership interest representing the right to make decisions for Licensee or such Legal Entity; or (b) a relationship similar to that described in Subsection 1.1(a) deemed by the Licensing Administrator in its sole discretion to represent "control."  An entity shall be deemed an Affiliate only so long as such "control" exists.

25  Exhibit 1.

1        10.    The words "now or hereinafter" in Section 1.1 of the AVC/H.264 License

2    ensure that entities over which the Licensee acquires control after execution of the license

3    agreement are also treated as Affiliates.

4        11.    The final terms of the AVC/H.264 License were developed through a process

5    of negotiation among the initial group of H.264 essential patent holders responsible for

6    forming the H.264 patent pool, many of whom are now also Licensees.

7        12.    The phrase "and its Affiliates, if any" was added to Section 8.3 as a result of

8    discussions that I initiated.  These discussions consisted primarily of emails among me and

9    the participants in the pool formation discussions (members of the "AVCGroup" identified in

10   the emails).  Attached as Exhibits 3 and 4 are true and correct copies of email exchanges

11   from March and April 2004, concerning the proposed addition of the "and its Affiliates, if

12   any" language to the grant-back provision that I understand were produced by Microsoft in

13   the above-captioned matter.  Paul Bawel represented General Instrument/Motorola at the

14   MPEG LA AVC/H.264 pool formation meetings and was among those who received emails

15   sent to the AVCGroup at the time these emails were exchanged.  Garrett Glanz was

16   Microsoft's representative, and also received emails sent to the AVCGroup.

17       13.    The email string from March 2004 (Ex. 3) includes my response to comments

18   by Sony's representative, in which I described the purpose of the proposed addition to

19   Section 8.3:

20           We will address your other comments in due course, but I want to comment here on

21           Section 8.3.  The proposed change makes this like the grantback in other licenses.  It
     is in the interest of fairness both to other Licensees as well as Licensors because it

22           assures that an affiliate of a Licensee that owns an essential patent cannot decline to
     license the essential patent on fair and reasonable terms.

23       14.    As reflected in the emails, although Sony expressed concern that the proposed

24   change might dissuade some potential licensees from taking a license, Sony indicated that it

25   was "fine with the revised language of 8.3" if others found it acceptable.  Ex. 3.

15.     In April 2004, Sony again expressed its concerns, preferring to keep the

language in the original MPEG-4 License or, at a minimum, to re-define "Affiliates":

> Our preference would be to drop Affiliates completely from the AVC license, in
> accordance with the scope of the MPEG4 Video license.  If there is consensus against
> this, however, we must change the definition of Affiliates to be "more than 50%."
> (Ex. 4)

16.     In response, I recommended that the term "Affiliates" should be defined to

apply only where a Licensee's control was "more than 50%" (rather than "50% or more").  I

also stated that the grant-back provision would apply to those Affiliates meeting the "more

than 50%" ownership requirement:

> [T]he grant back obligations of a Licensee would apply in the normal course only to a
> "more than 50%" Affiliate (not to a "50% or more" Affiliate and not to a less than
> 50% Affiliate).  (Ex. 4)

17.     As reflected in the final version of the standard AVC/H.264 License adopted

in approximately July 2004, the AVCGroup ultimately reached consensus and approved

inclusion of the phrase "and its Affiliates, if any," in Section 8.3.  As with all other

AVC/H.264 Licenses, this language is included in Section 8.3 of the Google License.  Ex. 1.

The Google License also includes, in Section 1.1, the standard "more than 50%" language

that had been under discussion.  Ex. 1.

18.     In the course of discussions regarding the purpose of Section 8.3 and related

definitions, it was agreed that all Affiliates of a Licensee (rather than, for example, only the

Affiliates of an Enterprise Licensee that are expressly identified by the Enterprise Licensee)

needed to be included in the grant back obligation under Section 8.3.  Based on my

involvement in developing the terms of the standard AVC/H.264 License, the purpose of

including the phrase "and its Affiliates, if any" in Section 8.3 was to eliminate any distinction

between the H.264 standard essential patents of a *Licensee* and those of its *Affiliates* – both

are subject to the same grant-back terms.  This prevents a Licensee from avoiding its grant-

back obligations by holding patents indirectly, for example, via a subsidiary that it controls. Where a Licensee owns only 50% of a related company (but not more), the requisite control may be lacking.  My understanding from various exchanges regarding the "more than 50%" language was that some companies were concerned that they would be unable to comply with the grant-back provision if they owned only 50% of the related company – for example, where a licensee was engaged in a 50/50 joint venture.  This is one reason why "more than 50%" ownership is required in the definition of Affiliate.

19.     The first AVC/H.264 Licenses were issued in July 2004.  At approximately this same time, I initiated separate negotiations among the group of MPEG-4 Licensors (many of whom were also Licensees) that led to inclusion of similar "Affiliates" language in an updated version of the MPEG-4 License.  Attached as <u>Exhibit 5</u> is a true and correct copy of an email string from July 2004 reflecting these discussions that I understand was produced by Microsoft in the above-captioned matter.

20.     As referenced in emails included in Exhibit 5, at least two MPEG-4 Licensors, Toshiba and Fujitsu (both also Licensees), expressed concern about the proposed change to the grant-back provision in the original MPEG-4 License.  I explained the purpose of adding the proposed "Affiliates" clause as follows:

> "Licensee or its Affiliates" is standard in the grant-back clauses of MPEG LA's MPEG-2, 1394, DVB-T and AVC Patent Portfolio Licenses (in the AVC License, Licensees also do not have the right to extend sublicenses to Affiliates).  The purpose of this language is to prevent a Licensee from avoiding its grant back obligations through its affiliates (who then have the opportunity to hold licensees and licensors hostage to their essential patent claims for failure of the grant-back clause to apply to them) while the Licensee takes advantage of a license under all of the Licensors' essential patents.  We believe this is a matter of fairness, and it has caused no problem in other licenses.  Therefore, the suggestion was made to revisit this issue here, and we recommend including this language because it is in the interest of all Licensors and Licensees to do so.

Ex. 5.  This explanation accurately describes the purpose of the similar "and its Affiliates, if any" clause in Section 8.3 of the AVC/H.264 License.

6

21.     In further response to an email from Fujitsu, I proposed that the definition of "Affiliates" in Section 1.1 of the original MPEG-4 License be revised to clarify that it would apply only where a Licensee owns "more than 50%" of another entity. Ex. 5.

22.     The proposed changes to Section 8.3 and Section 1.1 were adopted by the MPEG-4 Licensors, resulting in provisions that are virtually identical to their counterparts in the AVC/H.264 License. Attached hereto as Exhibit 6 is a true and correct copy of the updated version of the MPEG-4 License (without attachments) with these changes executed by General Instrument in August 2005, which I understand was produced by Defendants in the above-captioned matter. It replaces the original version of the MPEG-4 License that General Instrument executed in September 2002 (*see* Ex. 2), whose grant-back provision did *not* cover "Affiliates," as explained above.

23.     From the beginning of my tenure at MPEG LA, I have been involved in marketing the patent pools that MPEG LA administers and have periodically engaged in discussions with potential licensees regarding the scope and meaning of various standard license terms. Whenever a potential licensee has asked about operation of the "Affiliates" clause in the grant-back provisions discussed above, I have explained that the grant-back obligation applies to the SEPs of both the Licensee and *all* of its Affiliates, without exception. As a matter of policy, and to ensure the delivery of consistent information on this topic, other MPEG LA personnel also provide the same response when fielding similar inquiries.

24.     I understand that Motorola Mobility LLC and General Instrument Corporation are wholly-owned subsidiaries of Google. As wholly-owned subsidiaries, both companies would be treated as Google's Affiliates under the terms of the Google License. I am also aware that Microsoft is a Licensor and a Licensee to MPEG LA's AVC/H.264 patent pool. Accordingly, I understand that the grant-back provision of the Google License provides

1   Microsoft with the right to license any AVC/H.264 SEPs held by Google, Motorola Mobility

2   LLC, or General Instrument Corporation, all as provided in Section 8.3.  This application of

3   Section 8.3 is consistent with the purpose of the "and its Affiliates" language, as reflected in

4   the discussions among the Licensor participants during the formation of the AVC/H.264

5   pool, described above.

6        I declare under penalty of perjury under the laws of the United States of America, that

7   the foregoing was true and correct.

8

9        DATED this 21st day of January, 2013, in Chevy Chase, Maryland

10

11         LAWRENCE A. HORN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I, Susie Clifford, swear under penalty of perjury under the laws of the State of Washington to the following:

1.   I am over the age of 21 and not a party to this action.

2.   On the 23rd day of January, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA  98104-2682 | |
| Telephone: 206-676-7000 | |
| Email:  Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email:  steven.pepe@ropesgray.com | |
| Email:  jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X__ ECF |
| Telephone:  (650) 617-4030 | |
| Email:  norman.beamer@ropesgray.com | |

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

```
_____ Messenger
_____ US Mail
_____ Facsimile
  X     ECF
```

DATED this 23rd day of January, 2013.


                    s/Susie Clifford
                    SUSIE CLIFFORD