LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES** LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

ARTHUR W. HARRIGAN, JR.

E-MAIL: ARTHURH@CALFOHARRIGAN.COM
FACSIMILE: (206) 623-8717

February 22, 2013

Honorable James L. Robart
United States District Judge
USDC Courthouse
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

RE: *Microsoft Corp. v. Motorola, Inc., et al.*, Case No. C10-1823-JLR

Dear Judge Robart:

    Motorola apparently intends to submit as new "evidence" a January 15, 2013 letter from Motorola's German counsel regarding *Orange Book* issues in the German action. Microsoft submits that any ongoing issues related to the *Orange Book* process have no bearing on the matters currently pending before the Court, as the Court has recognized previously. Moreover, Motorola had ample opportunity to address any potentially relevant aspect of the *Orange Book* process previously. Its belated efforts to massage the record should be disregarded.

    If, however, the Court is inclined to review Motorola's letter, the full context should be considered. Microsoft's response to Motorola's January 15 letter is attached as Exhibit A. As explained therein, Motorola's January 15 letter, contrary to its self-serving statements, was not an acceptance of Microsoft's prior *Orange Book* offer,[1] but rather a counteroffer through which Motorola sought to interpose conditions contrary to Microsoft's prior *Orange Book* submissions.

    Microsoft's letter further addresses the interceding FTC's proposed Order from its January 2013 settlement with Motorola and Google,[2] which prohibits Motorola from pursuing injunctions based on RAND-encumbered patents world-wide, including injunctive relief of the kind it still seeks in Germany. But, as the Court is well aware, Microsoft made its *Orange Book* offer long before Motorola settled with the FTC and agreed to the proposed Order. Motorola's purported "acceptance" is simply an attempt to side-step the FTC's order and yet another effort to leverage the threat of a German injunction to obtain a supra-RAND recovery.

    Microsoft also brought Motorola's flagrant breach of the FTC's Order to the attention of the FTC. (See, Exhibit B hereto). Microsoft explained to the FTC why Motorola's current

---

[1] On February 20, 2013, Motorola filed a brief in the German action regarding its "acceptance" of Microsoft's *Orange Book* offer. Microsoft will respond to Motorola's brief in due course. In any event, Motorola has already conceded that this Court is not bound by any royalty determination made by the German court. Exhibit A, fn. 3 (quoting 4/11/2012 Tr. at 26 & 38).

[2] Although the proposed Order is not final, Motorola and Google have agreed to honor it during the review period prior to its becoming final.

Honorable James L. Robart
Page 2

conduct in the German action is a continuing breach of Motorola's obligations to the ITU (and to Microsoft as a third party beneficiary), and why Motorola's actions violate the FTC's Order.

At bottom, Motorola's submission is simply a distraction. As the Court has previously recognized, the German *Orange Book* process is not relevant to the Court's determination of a RAND royalty for Motorola's H.264 SEPs. The Court noted that the *Orange Book* procedure "would place Microsoft [in] the position of a negotiation in Germany with the threat of an immediate injunction hanging over its head." 4/11/12 Tr. at 6. The RAND obligation is intended to prevent use of hold-up leverage of this kind. Further, in its October 10, 2012 Order on Motorola's partial summary judgment motion, the Court ruled that:

> the court does not find that the German Orange Book remedy is akin to the situation presented here. Here, the court has determined that Motorola is contractually obligated to license its essential patents at a RAND rate. From the briefing of the parties, it is the court's understanding that the German Orange Book process allows a court to review a patentee's or alleged infringer's offer regarding royalty rate to determine whether the offer is reasonably within the RAND range. In other words, so long as Motorola's offer is reasonably within a RAND range, that offer will constitute the RAND royalty rate. The court finds that such *ex post* oversight of Motorola's offer fails to comport with what this court has found to be Motorola's obligations under its commitments to the ITU and IEEE. It appears to the court that under Motorola's suggested procedure for determining a RAND rate, a skilled patentee could make offers at the high end of the RAND range, which the court would then be obligated to bless. Such a procedure does not comport with the stated purpose (widespread accessibility to essential patents) behind the policies of the IEEE and ITU in requiring RAND licenses. Simply put, based on Motorola's contractual obligations, if the parties cannot agree on a RAND rate, the court may be called upon to determine that rate.

ECF No. 465 at 21 (internal citations omitted).

Motorola had ample opportunity at the November trial to explain any possible bearing that Microsoft's *Orange Book* offer could possibly have on the Court's determination of a RAND royalty. Its current belated effort should be disregarded.

Very truly yours,

CALFO HARRIGAN LEYH & EAKES LLP

Arthur W. Harrigan, Jr.

cc: ECF Notification List
    Enclosures (as stated)