# EXHIBIT A


Freshfields Bruckhaus Deringer

General Instrument Corp.
c/o Quinn Emanuel Urquhart & Sullivan LLP
Herrn Dr. Marcus Grosch
Mollstraße 42
68165 Mannheim

MÜNCHEN
Prannerstraße 10
80333 München
T+ 49 89 20 70 2 0
Direkt T+ 49 89 20 70 2 362
F+ 49 89 20 70 2 100
Direkt F+
E  peter.chrocziel@freshfields.com
W  freshfieldsbruckhausderinger.com

DOK NR  DAC12669565/4
UNSER ZEICHEN  PC 109096-0588
IHR ZEICHEN

18 January 2013

**General Instrument ./. Microsoft Corp. et al.**
**Higher Regional Court Karlsruhe**
**Docket no.: 6 U 44/12; 6 U 45/12; 6 U 46/12; 6 U 47/12**

Dear Colleague Dr. Grosch,

This letter replies to your letter dated 15 January 2013, in which your client, Motorola, seeks to impose additional conditions on Microsoft's *Orange Book* offer (dated 23 December 2011, amended on 3 February 2012 and on 31 August 2012), and then purports to "accept" the new offer as revised by Motorola. As you know, Microsoft made its *Orange Book* offer as a result of Motorola's unlawful threat both of an injunction and damages far in excess of FRAND. Moreover, as explained below, your letter is *not* an acceptance of Microsoft's offer, but rather a counteroffer.

Motorola's counteroffer breaches not only its FRAND obligations, but also the Federal Trade Commission ("FTC") Order resulting from the settlement between the FTC and Motorola (including its parent Google) announced 3 January 2013.

The FTC ruled that Motorola breached its FRAND obligations and violated competition law by seeking to enjoin competitors on the basis of standard essenital patents ("SEPs"). (See FTC Complaint.) The resulting FTC Order bans Motorola from obtaining or enforcing any injunction based on any pending claim or any new claim. *See, e.g.,* FTC Order II.C. As ex-

Freshfields Bruckhaus Deringer LLP ist eine Limited Liability Partnership mit Sitz in 65 Fleet Street, London EC4Y 1HS, registriert in England und Wales unter der Registernummer OC334789. Freshfields Bruckhaus Deringer LLP ist von der Solicitors Regulation Authority zugelassen und wird von dieser reguliert. Weitere regulatorische Informationen finden Sie im Internet unter www.freshfields.com/support/legalnotice.

Abu Dhabi  Amsterdam  Bahrain  Barcelona  Beijing  Berlin  Brüssel  Dubai  Düsseldorf
Frankfurt am Main  Hamburg  Hanoi  Ho Chi Minh City  Hongkong  Köln  London  Madrid  Mailand
Moskau  München  New York  Paris  Rom  Shanghai  Tokyo  Washington  Wien

**Freshfields Bruckhaus Deringer**

2|4

plained by the FTC, "Google's settlement with the Commission requires Google to withdraw its claims for injunctive relief on FRAND-encumbered SEPs around the world. Statement of the Federal Trade Commission, *In the Matter of Google Inc.*, FTC File No. 121-0120 at 1 (3 January 3 2013).[1] Obviously Microsoft's Orange Book offer was made as part of its defense to the injunction proceeding that Motorola can no longer pursue. Rather than write to Microsoft, Motorola should already have written to the Appellate Court Karlsruhe to notify them that Motorola withdraws unconditionally its requests for injunction on the two declared-essential H.264 patents now before this court.

The FTC Order also precludes Motorola from seeking an injunction where a "Potential Licensee," such as Microsoft, has filed a "Request for FRAND Determination" with a U.S. District Court seeking a determination of "at least the royalty terms of a global license for use of" Motorola SEPs. FTC Order, I.Y., II.D. Microsoft filed just such an action on 9 November 2010 in the Western District of Washington,[2] and that court will soon issue its determination of royalty terms for Motorola's H.264 SEPs *worldwide*. Moreover, at a hearing last April, Motorola's U.S. counsel assured that court of its independent authority to set the

---

[1] *See also* FTC/Google Press Conference Transcript at 24 (3 January 3 2013) (http://www.ftc.gov/video-library/index.php/ftc-events/press-conferences/2013/google-press-conference/2070954138001; Chairman Leibowitz's answer to question asked by Michelle Quinn at Politico, and begins at about 49:45 in the video);Opening Remarks of Federal Trade Commission Chairman Jon Leibowitz at 2 (3 January 2013) ("Commission Chairman Leibowitz Remarks") ("Google's settlement with the Commission requires Google to abandon its claims for injunctive relief on any of its standard essential patents with a FRAND commitment."); Analysis of Proposed Consent Order to Aid Public Comment at 7 ("The Proposed Consent Order further prohibits Google and Motorola from continuing or enforcing existing claims for injunctive relief based on FRAND-encumbered patents.").

[2] Complaint, filed 9 November 2010, 2-10-cv-01823-JLR (USDC, WDWA), ¶ 9 ("Microsoft seeks . . . a judicial accounting of what constitutes a royalty rate in all respects consistent with Motorola's promises . . . for H.264 patents identified by Motorola" . . ..); Amended and Supplemental Complaint, filed 23 February 2011, 2-10-cv-01823-JLR (USDC, WDWA), ¶ 9 (same).

Freshfields Bruckhaus Deringer

3|4

RAND terms for Motorola's German patents, notwithstanding the outcome of any proceedings in Germany.[3]

Yet Motorola maintains its actions and demands for injunction before the Appellate Court Karlsruhe, and seeks via its purported "acceptance" of the *Orange Book* offer (which is limited to only two Motorola German H.264 SEPs) to circumvent the worldwide determination of royalties in the proceedings in the Western District of Washington as contemplated by the FTC Order.

The FTC Order further preserves the right of a "Potential Licensee," such as Microsoft, to challenge in court Motorola's allegations that its SEPs are valid and infringed. FTC Order, I.I., II.E.2. Motorola attempts to circumvent this requirement of the FTC Order by enforcing as the apparent requirement of the Mannheim Regional Court that Microsoft abandon its nullity action as a condition of the *Orange Book* process. Motorola's decision to enforce this legal rule imposed by the Mannheim Regional Court violates the FTC Order every bit as much as Motorola's decision to improperly enforce an injunction on a Standard Essential Patent.

Finally, Motorola's additional conditions grafted onto the *Orange Book* offer would extract a further agreement from Microsoft that Motorola may continue to seek past damages far in excess of FRAND – as if Motorola had *no* FRAND obligations: "the agreed license rate is without prejudice to calculating past damages prior to the date of conclusion of this agree-

---

[3] "You may agree eventually with the German court. You may not. If it isn't RAND you may look at that and dismiss it and say, I don't think it's RAND in Germany, I'm going to set a different rate. . . . But, whatever the German court does, if it's your decision to do so, you will have the ability to say, "I don't agree with a piece that the German court did, here's my ruling as to Germany." And if that means that Microsoft paid too much to get out of the way of a speeding train, then it has the claim to get the money back. And it gets the money back as an overpayment." 11 April 2012 Verbatim Report of Proceedings before the Honorable James L. Robart, United States District Judge (Argument on TRO) at pages 26 and 38.

DAC12669565/4

 Freshfields Bruckhaus Deringer

4|4

ment (in whatever form [Motorola] might choose to calculate such damages under German law)." Your Letter 15 January 2013, p. 2. Motorola apparently seeks damages that are *not* limited to FRAND royalties, but rather may include royalties in excess of FRAND, Motorola's "lost profits" and/or Microsoft's profits. Seeking such excessive damages violates both Motorola's FRAND obligations and the FTC Order. FTC Order, III. 8 ("the Request for FRAND determination . . . shall establish the Contested Terms").[4] No such condition is included in the *Orange Book* offer actually made by Microsoft – to the contrary the amount to be paid in "past damages" is expressly stipulated (and is itself far above FRAND as Microsoft has explained on many occasions).[5]

Motorola should cease its efforts to evade its FRAND obligations and the FTC Order and immediately withdraw its requests for injunction in the Appellate Court Karlsruhe.

Yours sincerely,

Prof. Dr. Peter Chrocziel
- Attorney at law -

---

[4] The FTC Order prohibits Motorola from seeking compensation in excess of FRAND under any circumstances.

[5] Sec. 3.3 ("Old Products") of the amended offer, dated 31 August 2012 (Sec. 3.2 of the original offer), stipulates that Microsoft shall make a one-time payment for the Licensed GI patents based on the royalty rate set out in Sec. 3.1. This Section sets the amount of past "damages" to be the interest-bearing royalty rate set out in the license agreement. This principle to cover "past damages" also is explained in our brief to the Regional Court Mannheim, dated 23 December 2011, in which it is stated that the deposit will include payments for the alleged use of the patents-in-suit in the past. These have been calculated according to the framework set out in the offer dated 23 December 2011 (cf. brief dated 23 December 2011, end of last paragraph). In accordance with this provision Microsoft accounted for and deposited not only the royalty payments going forward, starting at the date of the first offer, but also deposited the interest-bearing "past damages" payments (cf. evidence for deposit and accounting details provided as Exhibits to the briefs in the respective infringement proceedings on 27 January 2012, 30 March 2012 and 7 November 2012).