# EXHIBIT B

Microsoft Corporation       Tel 425 882 8080
One Microsoft Way           Fax 425 936 7329
Redmond, WA 98052-6399      http://www.microsoft.com/



January 21, 2013

Nicholas Widnell
Deputy Assistant Director
Anticompetitive Practices Division
Bureau of Competition
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Michelle Yost
Attorney
Bureau of Competition
Federal Trade Commission
601 New Jersey Avenue, NW
Washington, DC 20580

Dear Mr. Widnell and Ms. Yost:

We would like to notify the Commission of a January 15th letter Microsoft received from Motorola which demonstrates Motorola's continued efforts, despite the Commission's Order announced January 3rd, to unlawfully leverage its FRAND-encumbered SEPs to extract payments from Microsoft in excess of FRAND and in violation of the Commission's Order. The Commission has previously recognized that such misconduct hurts not only companies like Microsoft but also consumers. ("Alternatively Google's conduct might have increased prices because manufacturers, when faced with the threat of an injunction, are likely to surrender to higher royalty rates for SEPs." Motorola Mobility LLC and Google Inc.; Analysis of Proposed Consent Order To Aid Public Comment).

Motorola sent its January 15th letter to Microsoft in connection with actions Motorola filed in July 2011 in the Mannheim Regional Court seeking an injunction against Microsoft products (including, for example, Windows and Xbox) on two Motorola H.264 standard-essential patents. That court issued the injunction sought by Motorola, and Microsoft has appealed to the Appellate Court Karlsruhe. The U.S. District Court for the Western District of Washington has enjoined Motorola from enforcing that injunction.

In response to Motorola's demand for an injunction, Microsoft in its defense pursued the German *Orange Book* procedure, which permits an implementer faced with the threat of an injunction on FRAND-encumbered SEPs to propose to license those SEPs on royalty terms which, according to the Mannheim Regional Court, must be so high that a refusal by the SEP owner to accept them would be a blatant violation of competition law. During the course of the litigation in Mannheim, Motorola refused

Microsoft's *Orange Book* offer. Last week Motorola purported to "accept" Microsoft's *Orange Book* offer, even though the offer was made to address an injunction claim that the FTC Order now bars Motorola from obtaining.

Microsoft's *Orange Book* offer, as amended over time, proposed FRAND royalties for the period *after* Google's acquisition of Motorola (at which time Motorola became bound by the royalty terms of Google's license agreement with the MPEG-LA AVC/H.264 patent pool), but proposed a payment for the *prior* period of at least ten times FRAND rates and included a royalty-free grant back to Microsoft H.264 German SEPs. In its January 15th letter, Motorola purports to accept Microsoft's *Orange Book* offer to lock in this excess-of-FRAND compensation. In addition, Motorola seeks in its letter to condition its acceptance of the *Orange Book* offer on the outcome of further German proceedings in which it expressly reserves the option of seeking "damages" in excess of FRAND (i.e., non-FRAND royalties, Motorola's lost profits and/or Microsoft's profits as if this were an ordinary patent infringement case under German law not involving FRAND-encumbered SEPs).

Copies of Motorola's January 15th letter to Microsoft and Microsoft's January 18th reply letter to Motorola are enclosed.

As further described in Microsoft's January 18th reply letter, we believe that Motorola's conduct continues to be in breach of its FRAND obligations and, moreover, a clear violation of the Commission's Order before it has even been formally issued. Microsoft brought an action in the Western District of Washington in November 2010 which qualifies as a Request for a FRAND Determination filed before the FTC Order was accepted for public comment pursuant to Section II(D)(i) of the Order. Microsoft has repeatedly made clear that it would pay Motorola whatever FRAND royalty is adjudicated in a Final Ruling in that proceeding. Rather than withdrawing its request for an injunction, as the FTC Order requires under these circumstances, Motorola's acceptance of the *Orange Book* offer is an attempt to circumvent the terms of the Order and the worldwide determination of royalties in the proceedings in the Western District of Washington.

Sincerely,

David Howard
Corporate Vice President and Deputy General Counsel – Litigation


cc:   Jon Leibowitz
      Chairman, Federal Trade Commission

      Richard Feinstein
      Director, Bureau of Competition, Federal Trade Commission

