THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| MICROSOFT CORPORATION, | Case No. C10-1823-JLR |
| Plaintiff, | |
| vs. | **MICROSOFT CORPORATION'S MOTION TO CONFIRM BENCH TRIAL OF BREACH OF CONTRACT ISSUES** |
| MOTOROLA, INC.,  et al., | |
| Defendants. | **NOTED:  March 29, 2013** |
| MOTOROLA MOBILITY LLC, et al., | |
| Plaintiffs, | |
| vs. | |
| MICROSOFT CORPORATION, | |
| Defendants. | |

19

20

21

Pursuant to Fed. R. Civ. P. 38 and 39, Plaintiff Microsoft Corporation ("Microsoft") respectfully brings this motion to confirm that the breach of contract issues in the above-captioned case will be tried to the Court.

22

23

### I.   INTRODUCTION

24

25

Neither party has demanded a jury in this case, so all remaining issues, including Motorola's breach of contract, should be tried to the bench.  The Federal Rules require that any

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1  party seeking a jury make a timely demand, in writing and filed with the Court—and the

2  failure to do so constitutes waiver.  Motorola had two weeks from the filing of its Answer in

3  June 2011 to make a jury demand, and it has never done so.  Motorola noted in multiple status

4  reports prior to its Answer that it was still considering a jury demand in this case, but decided

5  not to make one.  Motorola made a jury demand—explicitly limited to its H.264 patent

6  infringement claims—in the consolidated patent case, in a pleading filed on the same day as its

7  Answer in this case.  Motorola was well aware of its jury right in the contract case, and

8  deliberately waived it.  The fact that Microsoft's breach of contract action, in which neither

9  party demanded a trial by jury, has been consolidated with Motorola's patent case, in which

10 Motorola demanded a jury trial only as to patent issues, does not cure Motorola's jury trial

11 waiver in the contract action.  Motorola apparently would now prefer that this case be tried to a

12 jury rather than the bench, but the Rules do not provide that option.  Because Motorola has

13 waived any jury right in this case, the liability phase of Microsoft's breach of contract case,

14 like the RAND determination phase, should be a bench trial.

15                          **II.     BACKGROUND**

16         Microsoft's Complaint in this case, filed November 9, 2010, contained no jury demand.

17 (*See* Dkt. No. 1.)[1]  On December 15, 2010, Motorola moved to dismiss.  (*See* Dkt. No. 23.)  On

18 February 7, 2011, the parties submitted a first Joint Status Report, stating:  "The Parties have

19 not requested a jury trial.  Motorola has not yet answered the complaint, and respectfully

20 reserves its right to request a jury pursuant to Rule 38(b), Fed. R. Civ. P."  (Dkt. No. 44 at

21 ¶12.)  On February 23, 2011, Microsoft filed an Amended Complaint, again containing no jury

22 demand.  (*See* Dkt. No. 53.)  On February 28, 2011, the parties filed a Supplemental Joint

23 Status Report, using the same language indicating that no jury demand had been made:  "The

24

25
---
[1] All references to docket entries are for Microsoft's breach of contract case, No. 2:10-cv-01823-JLR, unless otherwise specified.

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 2

Parties have not requested a jury trial.  Motorola has not yet answered the complaint, and respectfully reserves its right to request a jury pursuant to Rule 38(b), Fed. R. Civ. P."  (Dkt. No. 50 at ¶ 12.)

On November 10, 2010—the day after this case was filed—Motorola filed two patent infringement suits in the Western District of Wisconsin, demanding a jury trial in each.  (*See* Dkt. No. 1, Case. No. 2:11-cv-00343-JLR (W.D. Wash.), Original Case No. 3:10-cv-00699 (W.D. Wis.) (the "343 Patent Case"); Dkt. No. 1, Case No. 3:10-cv-00700-bbc (W.D. Wis.).)  On February 18, 2011, Microsoft's motion to transfer Motorola's Western District of Wisconsin patent infringement case relating to its H.264 patents[2] was granted, and the case was docketed in this District.  (*See* Dkt. No. 44, 343 Patent Case.)  On May 31, 2011, the parties filed a Joint Status Report in the 343 Patent Case stating that "[t]he parties have requested a jury trial for this action."  (Dkt. No. 86, 343 Patent Case.)

Also on May 31, 2011, the Court ordered that the 343 Patent Case be consolidated with this case.  (*See* Dkt. No. 66 at 10–11.)  While noting the significant differences in factual and legal issues between the two cases, the Court observed that "there will be some factual overlap between the two cases" connected to the Court's determination of a RAND rate that "could limit the damages available to Motorola."  (*Id.* at 10.)  The Court explicitly found "that the essential facts are not so intertwined and logically connected that considerations of judicial economy and fairness dictate that the issues be resolved in one lawsuit," but that consolidation was nonetheless appropriate due to interests of judicial economy.  (*Id.* at 11.)

The Court's May 31, 2011 Order also denied Motorola's pending motion to dismiss Microsoft's breach of contract claim.  Accordingly, on June 15, 2011, Motorola answered Microsoft's complaint in this case, and filed a separate answer to Microsoft's counterclaims in

---

[2] Motorola's other Western District of Wisconsin case alleged infringement of 802.11 standard-essential patents, and was stayed pending resolution of Motorola's ITC action against Microsoft on those patents.

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 3

the 343 Patent Case.  (*See* Dkt. Nos. 68, 67.)  In its answer to Microsoft's breach of contract claim in this case, Motorola made no jury demand.  (*See* Dkt. No. 68.)  In its answer to Microsoft's counterclaims in the 343 Patent Case, Motorola stated: "Motorola demands a jury trial on all issues arising under the Patent Laws of the United States that are triable to a jury." (Dkt. No. 67 at 2.)  Following consolidation, the parties filed a Second Revised Joint Status Report on June 17, 2011, stating as to the jury issue "Motorola requests a jury trial on the patent claims."  (Dkt. No. 69 at ¶ 12.)

More than a year later, during a July 9, 2012 telephonic status conference, the Court requested clarification from Motorola as to whether it believed that the breach of contract issue would be tried to the bench or to a jury, and Motorola responded, "we have decided not to waive the jury trial on the breach of the duty of good faith issue."  (7/6/2012 Hearing Tr. 5:6– 8.)  Motorola was granted leave to file an additional summary judgment motion challenging the grounds for the November 2012 RAND trial, and in an August 6, 2012 brief opposing that motion, Microsoft stated that "any jury right as to the breach issues has been waived, because Motorola failed to timely seek a jury," citing Fed. R. Civ. P. 38 and Ninth Circuit authority holding that a jury demand made months after the last pleadings were filed was untimely. (Dkt. No. 374 at 3 n. 3.)

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 38 provides:  "On any issue triable of right by a jury, a party may demand a jury trial by:  (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)."  Fed. R. Civ. P. 38(b). Instead of demanding a jury on all issues so triable, a party may instead "specify the issues that it wishes to have tried by a jury."  Fed. R. Civ. P. 38(c).  The "last pleading" for the purposes of Rule 38 is the last-filed complaint or third-party complaint; answer to a complaint,

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 4

counterclaim, cross-claim, or third-party complaint.  *See Tarrer v. Pierce County*, No. C10-5670-BHS, 2011 U.S. Dist. Lexis 47225, at *5 (W.D. Wash. Apr. 21, 2011).

"A party waives a jury trial unless its demand is properly served and filed."  Fed. R. Civ. P. 38(d).  The right to a jury trial is waived by the failure to timely assert the right.  *See Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983) (where "jury demands were made almost a year after the last pleadings were filed, [party] failed to make a timely demand for a jury trial" under Rule 38(b)).

Federal Rule of Civil Procedure 39 states that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  A district court's discretion to grant Rule 39 motions "is narrow . . . and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."  *Pacific Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001), quoting *Lewis v. Time Inc.*, 710 F.2d 549, 556–57 (9th Cir. 1983).  "An untimely request for a jury trial *must be denied* unless some cause beyond mere inadvertence is shown."  *Id.* (emphasis added).  *See also Newport Yacht Club v. City of Bellevue*, No. C09–0589–MJP, 2012 WL 254013, at *4 (W.D. Wash. Jan. 27, 2012); *Meeco Mfg. Co., Inc. v. Imperial Mfg. Group*, No. C03-3061-JLR, 2005 WL 1459685, at *3 (W.D. Wash. June 20, 2005) (noting near-uniform rejection of Rule 39(b) relief within the Ninth Circuit).

## IV.   ARGUMENT

### A.  Motorola Waived Its Right to a Jury Trial in the Breach of Contract Case.

Motorola's Answer, filed on June 15, 2011, is the "last pleading" in this case for the purposes of Rule 38, and it contains no jury demand.  Motorola neither served Microsoft with nor filed a jury demand within the 14 days that followed.  Motorola has made no timely jury demand as to Microsoft's breach of contract claims, and has accordingly waived its right to a

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   jury determination of the breach issues in the upcoming trial.  *See* Fed. R. Civ. P. 38(b), (d);

2   *Wall*, 718 F.2d at 909.

3          Motorola was keenly aware of its jury trial right as to the breach issues, but waived it

4   nonetheless.  The parties filed two joint status reports in this case in February 2011, and in

5   each instance Motorola explicitly "reserve[d] its right to request a jury pursuant to Rule 38(b)."

6   (Dkt. Nos. 44, 50 at ¶ 12.)  Thereafter, Motorola decided not to exercise this right.  In its

7   simultaneously-filed answers to Microsoft's breach of contract complaint and Microsoft's

8   counterclaims in the 343 Patent Case, Motorola explicitly requested a jury trial on the patent

9   issues in the 343 Patent Case, but made no jury demand in Microsoft's breach of contract case.

10  (*Compare* Dkt. No. 68 *with* Dkt. No. 67.)  Motorola made no written demand for a jury in the

11  14 days that followed the filing of its answer.

12         Motorola's oral statement at the July 2012 hearing that it had "decided not to waive the

13  jury trial on the breach of the duty of good faith issue" (7/9/2012 Hearing Tr. at 5:6–8) cannot

14  cure its waiver.  First, the statement on its face is not a jury demand.  Motorola did not

15  "demand a jury trial," it only indicated a hope that the right it once had to make such a demand

16  remained open—that is, it stated only that it had "decided not to waive" its right (presuming,

17  erroneously, that it had not already done so), but not that it was actually attempting to exercise

18  that right.  Second, Rule 38 requires "serving the other parties with a written demand" for a

19  jury trial and "filing the demand in accordance with Rule 5(d)."  Fed. R. Civ. P. 38(b).

20  Motorola has done neither at any point in this case, even to this day.  Third, Motorola's

21  declaration of potential interest in a jury in July 2012, even if it were treated as a demand,

22  would have been far too late to be a timely demand—the Rule required that Motorola make

23  this election more than a year earlier.  *Wall*, 718 F.2d at 909 (where "jury demands were made

24  almost a year after the last pleadings were filed, [party] failed to make a timely demand for a

25  jury trial").

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 6

Even if Motorola were to move for a jury trial on the breach issues now, relief under Rule 39 would be inappropriate under Ninth Circuit law.  Motorola's initial reservation of a decision on the jury issue, followed by its jury demand as to the patent issues in the 343 Patent Case, and the absence of such a demand in its simultaneously-filed Answer in this case, reflects an intentional, strategic decision:  Motorola apparently wanted a jury in the only portion of the two cases in which it was positioned as a plaintiff.  Motorola's failure to make a timely demand would not be excused even if, rather than reflecting a strategic decision, it had resulted from oversight or inadvertence.  *See Pacific Fisheries*, 239 F.3d at 1003.  The narrow grounds on which courts within the Ninth Circuit have granted Rule 39 relief confirm that Motorola's decision to change its trial strategy mid-case provides no basis to permit a jury trial.[3]  *Cf. Ruiz v. Rodriguez*, 206 F.R.D. 501, 504-05 (E.D. Cal. 2002) (granting relief under Rule 39 where "plaintiff timely filed the jury demand and submitted it to a process server," but "the process server apparently failed to serve the demand"); *Jones v. Pan Amer. World Airways, Inc.*, No. C88-2033-DLJ, 1990 U.S. Dist. LEXIS 13728, at *21-22 (N.D. Cal. June 26, 1990) (granting relief under Rule 39 where a party's "failure to file a timely demand arose from the breakdown of his communications with his attorney," who was "preparing to withdraw from the case" at the critical time).

---

[3] Even if Motorola *believed*—erroneously and inconsistently with its narrow jury demand on patent issues alone in the 343 Patent Case—that the parties' jury demands in the 343 Patent Case would carry over to this case by virtue of consolidation or because of an overlap in jury-triable issues, *see* Section III.B, III.C, *infra*, that mistake of law would provide no basis for relief under Rule 39(b).  *See Pacific Fisheries*, 239 F.3d at 1003 ("[A]n untimely jury demand due to legal mistake does not broaden the district court's narrow discretion to grant the demand.").  Further, while Microsoft's original answer and counterclaims the 343 Patent Case—prior to transfer from the Western District of Wisconsin—repeated Motorola's jury demand (as to "all issues triable by jury in this action"), Microsoft's counterclaim concerning breach of contract was alleged in the alternative, "subject to resolution" of Microsoft's motion to dismiss, stay, or transfer the patent case to Seattle.  (Dkt No. 37, 343 Patent Case at ¶ 21.)  Once Microsoft's motion was granted, Microsoft's breach counterclaim dropped out of the 343 Patent Case.  *Cf. Northwest Envtl. Advocates v. EPA*, 855 F. Supp. 2d 1199, 1213 (D. Or. 2012) (where a party prevailed on a first claim, a second claim "plead as an alternative to the First" was moot); *Constellation Power Source, Inc. v. Select Energy, Inc.*, 467 F. Supp. 2d 187, 219 (D. Conn. 2006) (same); *Reliance Ins. Co. v. Doctors Co.*, 299 F. Supp. 2d 1131, 1152 (D. Haw. 2003) (same).

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 7

1    Further, Motorola was aware that Microsoft disputed any jury right in this case at least

2   by August 6, 2012, when Microsoft presented its waiver argument in its Opposition to

3   Motorola's Motion for Partial Summary Judgment:  "Microsoft believes that any jury right as

4   to the breach issues has been waived, because Motorola failed to timely seek a jury."  (Dkt.

5   No. 374 at 3 n. 3.)  If it was a surprise to Motorola in August 2012 that the parties did not agree

6   on this jury trial issue, Motorola could have at least attempted a jury demand then (although it

7   still would have been untimely under *Pacific Fisheries*).  Instead, Motorola continued to wait;

8   any demand made now would be even more untimely.

9    Finally, even if the high bar for exercise of Rule 39 discretion could be met, the Court

10   should decline to exercise that discretion.  A large portion of the record generated in the

11   November 2012 RAND bench trial will be relevant to the bifurcated breach phase of this case.

12   The Court heard extensive testimony concerning the purposes of standard-setting

13   organizations; the rationale for RAND commitments; industry concerns about hold-up and

14   patent stacking; principles of RAND valuation; the relationship between the H.264 and 802.11

15   standards and Microsoft's products; the relationship between Motorola's H.264 and 802.11

16   patents and Microsoft's products; and Motorola's licensing history of its standard-essential

17   patents, including its patent suits against standards-implementers.  A jury trial for the breach

18   phase of the case would require extensive, unnecessary, and inefficient duplication of that

19   testimony from the RAND trial, at a significant cost of judicial resources.  In contrast, a bench

20   trial will permit the parties and the Court to cite and efficiently reference the entirety of the

21   RAND trial record, and the proceedings can immediately focus on the issues remaining in the

22   case.

23   **B.  The Breach Trial Presents No Issues on Which Motorola Has a Jury Right.**

24    The right to a jury trial "depends on the nature of the issue to be tried rather than the

25   character of the overall action."  *Ross v. Bernard*, 396 U.S. 531, 538 (1970).  As Motorola's

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 8

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

pleadings confirm, the "issues" tried in the breach trial would not overlap with Motorola's 343 Patent Case.  Even in answering Microsoft's counterclaims in the 343 Patent Case, Motorola did not make a general jury demand, but requested a jury only on "claims arising under the Patent Laws of the United States"—explicitly leaving out Microsoft's defenses sounding in contract.  (Dkt. No. 67 at 2.)  And Motorola concedes that Microsoft's breach of contract claim is not one "arising under the Patent Laws," having appealed the Court's preliminary injunction to the Ninth Circuit (*see* Dkt. No. 303), and not the Federal Circuit.  *See* 28 U.S.C. § 1295 (granting exclusive jurisdiction to the Federal Circuit "in any civil action arising under . . . any Act of Congress relating to patents"); *see also Gunn v. Minton*, _ U.S._, _ S. Ct._, 2013 U.S. Lexis 1612, at *19 (Feb. 20, 2013) (noting the "exclusive appellate jurisdiction" vested in the Federal Circuit over "actual patent cases").

The issues in Microsoft's breach of contract claim and Motorola's patent claims are factually distinct, as reflected both in Motorola's circumscribed jury demand and in its decision to appeal the breach of contract preliminary injunction to the Ninth Circuit.  The Court recognized as much in its consolidation order.  (*See* Dkt. No. 66 at 10–11.)  While Motorola would have been entitled to a jury determination of damages in the 343 Patent Case (if that case were not mooted by the forthcoming RAND license, and if Motorola were to establish infringement of any remaining valid claims of its asserted H.264 patents), having acceded to the Court's determination of RAND in the bench trial, nothing would remain for a jury to decide on damages.  The remaining issue for the breach trial—whether Motorola breached the duty of good faith inherent in its RAND commitment—could have no impact on the 343 Patent case.

**C.  Consolidation Does Not Grant Motorola Any Jury Rights.**

While consolidation of Motorola's 343 Patent Case with Microsoft's contract case did not extinguish Motorola's jury demand for its patent claims, *see* Fed. R. Civ. P. 42(b) ("When

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 9

ordering a separate trial [in a consolidated case], the court must preserve any federal right to a jury trial."); 9A Charles A. Wright et al., *Federal Practice and Procedure* § 2391 (3d ed.) ("Federal Rule 42(b) may not be used in a way that defeats any right of one or both of the parties to a jury trial on a particular issue."), consolidation does not transfer Motorola's patent jury demand to the contract case.  As the Supreme Court stated in *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–97 (1933), "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."  Further, at the time the Court consolidated the cases, Motorola had not yet answered Microsoft's complaint in this case, meaning it still had the right to demand a jury.  But when Motorola answered the complaint and 343 Patent Case counterclaims two weeks later, it explicitly elected a jury as to the patent claims in the 343 Patent Case, and not as to any issue in this case.

## V.    CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court enter an order confirming that the upcoming breach of contract trial will be a bench trial.

DATED this 8th day of March, 2013.

CALFO HARRIGAN LEYH & EAKES LLP

By _s/ Arthur W. Harrigan, Jr._____
　　　　Arthur W. Harrigan, Jr., WSBA #1751

By _s/ Christopher Wion_____
　　　　Christopher Wion, WSBA #33207

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 10

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

By  s/ Shane P. Cramer
       Shane P. Cramer, WSBA #35099
       999 Third Avenue, Suite 4400
       Seattle, WA  98104
       Phone:  206-623-1700
       arthurh@calfoharrigan.com
       chrisw@calfoharrigan.com
       shanec@calfoharrigan.com


By  s/ T. Andrew Culbert
       T. Andrew Culbert

By  s/ David E. Killough
       David E. Killough

       MICROSOFT CORPORATION
       1 Microsoft Way
       Redmond, WA  98052
       Phone:  425-882-8080
       Fax: 425-869-1327

       David T. Pritikin
       Richard A. Cederoth
       Constantine L. Trela, Jr.
       William H. Baumgartner, Jr.
       Ellen S. Robbins
       Douglas I. Lewis
       David C. Giardina
       John W. McBride
       David Greenfield
       Nathaniel C. Love

       SIDLEY AUSTIN LLP
       One South Dearborn
       Chicago, IL  60603
       Phone:  312-853-7000
       Fax: 312-853-7036

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 12

**CERTIFICATE OF SERVICE**

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of Washington to the following:

1.      I am over the age of 21 and not a party to this action.

2.      On the 8th day of March, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | ___X___ ECF |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email:  Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | ___X___ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email:  steven.pepe@ropesgray.com | |
| Email:  jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | ___X___ ECF |
| Telephone:  (650) 617-4030 | |
| Email:  norman.beamer@ropesgray.com | |

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 13

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

_____ Messenger
_____ US Mail
_____ Facsimile
\_\_\_X\_\_\_ ECF

DATED this 8th day of March, 2013.


 s/ Linda Bledsoe_____
LINDA BLEDSOE

MICROSOFT CORPORATION'S MOTION TO
CONFIRM BENCH TRIAL- 14