1

The Honorable James L. Robart

2

3

4

5

6

7 UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
8 AT SEATTLE

9 MICROSOFT CORPORATION, a Washington
corporation,
10
                                            CASE NO. C10-1822-JLR
11                          Plaintiff,
                                            MOTOROLA'S OPPOSITION TO
12          v.                              MICROSOFT'S MOTION TO CONFIRM
                                            BENCH TRIAL OF BREACH OF
13 MOTOROLA, INC., and MOTOROLA             CONTRACT ISSUES
   MOBILITY LLC, and GENERAL
14 INSTRUMENT CORPORATION,                  NOTED ON MOTION CALENDAR:
                                            Friday, March 29, 2013
15                          Defendants.

16

17                 I.      PRELIMINARY STATEMENT

18          This Court should deny Microsoft's motion to confirm a bench trial of the breach of contract

19 issues in this case.  Microsoft essentially seeks reconsideration of the two-phase approach set by

20 this Court—after the first phase was completed.  Throughout this action the parties and the Court

21 had been operating under the assumption that there would be a jury trial following the November

22 2012 bench trial.  Motorola and Microsoft both made jury demands in the pleadings.  Motorola

23 demanded a jury on "patent issues" that fairly encompassed RAND obligations attaching to patents,

24 and both the parties and the Court understood Motorola's demand at the time to be for a jury on all

25 of the breach of contract issues arising under Motorola's alleged RAND obligations.  Indeed, this

26 Court itself commented at a hearing that "you all have asked for a jury," and Microsoft did not

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 1
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4852-1126-8883.2

assert that this statement was incorrect.  Notably, Microsoft also made a jury demand on its Counterclaims in the Wisconsin Action, which included claims of breach of contract.  Those claims have not been dismissed, and Microsoft has never sought or obtained consent to withdraw its jury demand as required by Federal Rule of Civil Procedure 38(d).  Now—after the bench trial— Microsoft has changed course from its original position and asserts belatedly that there should be a second bench trial based on a supposed waiver by Motorola.

Even if Motorola could have more explicitly demanded a jury trial, this Court should order one pursuant to Federal Rule of Civil Procedure 39(b).  This is an appropriate case for such relief. Microsoft's motion ignores the fact that the parties and the Court spent months discussing the appropriate approach to trial in this matter.  During those discussions, Motorola, Microsoft, and the Court operated under the assumption that Motorola's jury demand in the patent infringement suit it filed against Microsoft in Wisconsin carried over to the present case when it was transferred and consolidated with this case.  Based on this understanding, the Court settled on a two-part approach, in which the Court would first determine the RAND rate or range, and then a jury would decide whether Motorola's alleged conduct constitutes a breach of contract.  The first part of the trial was tried to the Court in November 2012.  Now, three and a half months later, Microsoft claims that Motorola waived its right to a jury trial and is asking the Court to establish a new approach for trial. Motorola should not be denied its constitutional right to a trial by jury on such a belated basis.

Finally, Microsoft's present motion effectively asks the Court to reconsider its prior order establishing the two-part approach to trial.  But, Microsoft's improper motion for reconsideration is untimely.  Microsoft also fails to meet the standard for reconsideration.  Accordingly, Motorola respectfully requests that the Court deny Microsoft's motion.

## II.   STATEMENT OF RELEVANT FACTS

### A.   Both Parties Request a Jury Trial In Filings in Two Venues.

Before being consolidated into one action, the current action was two:  an action in this District ("Washington Action" or "1823 Action"), and an action in the District of Wisconsin

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 2
CASE NO. C10-1822-JLR

4852-1126-8883.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   ("Wisconsin Action" or "343 Action"). (343 Action, Dkt. # 87.) Both parties demanded a jury trial

2   in the latter, and those pleadings are now part of the current action.

3        The litigation between the parties began when Microsoft filed its Complaint for breach of

4   contract on November 9, 2011. (1823 Action, Dkt. # 1.) Microsoft did not request a jury trial at

5   that time. (*Id.*) On November 10, 2011, Motorola filed its Complaint for patent infringement in

6   Wisconsin and demanded a jury trial. (343 Action, Dkt. # 1.) Motorola filed an Amended

7   Complaint for patent infringement the next day, again demanding a jury trial. (343 Action, Dkt.

8   # 29.) Microsoft also requested a jury trial in the Wisconsin Action, when it filed its Answer and

9   Counterclaims to Motorola's Amended Complaint on January 25, 2011. (343 Action, Dkt. # 37.)

10  Microsoft asserted counterclaims of breach of RAND licensing obligations, breach of contract,

11  promissory estoppel, waiver, and for declaratory judgment that Motorola's offers do not comply

12  with its obligations—the same causes of action pled in Microsoft's Complaint filed in the

13  Washington Action. (*Compare id.* and 1823 Action, Dkt. # 1.) In its Answer and Counterclaims,

14  Microsoft stated that it "<u>acknowledges and joins in Motorola's demand for a trial by jury on all

15  claims and all issues triable by jury in this action</u>." (343 Action, Dkt. # 37) (emphasis added).

16  Microsoft has never sought or obtained consent to withdraw its jury demand. Nor have the

17  counterclaims been dismissed.

18       On February 7, 2011, the parties filed a Joint Status Report in the Washington Action and

19  Motorola noted that it had not yet answered Microsoft's Complaint and reserved its right to request

20  a jury trial. (1823 Action, Dkt. # 44.) Microsoft filed its Amended Complaint in the Washington

21  Action on February 23, 2011 and did not request a jury trial. (1823 Action, Dkt. # 53.)

22       On May 31, 2011, after the Wisconsin Action had been transferred to this District, the

23  parties filed a Joint Status Report for the 343 Action, which stated that the parties have requested a

24  jury trial. (343 Action, Dkt. # 86.) This Court consolidated the two actions on June 1, 2011. (343

25  Action, Dkt. # 87.)

26

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 3
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4852-1126-8883.2

1    Thereafter, on June 15, 2011, Motorola filed Answers to Microsoft's breach of contract

2  Counterclaim from the transferred Wisconsin Action, and an Answer to Microsoft's Complaint in

3  the Washington Action.  (1823 Action, Dkt. # 67–# 68.)  Although Motorola did not include a jury

4  demand in the latter, in the former, Motorola stated that "Motorola demands a jury trial on all issues

5  arising under the Patent Laws of the United States that are triable to a jury."  (1823 Action, Dkt.

6  # 67.)  On June 17, 2011, the parties filed another Joint Status Report and Motorola again stated that

7  it demanded a jury "on the patent claims."  (1823 Action, Dkt. # 69.)  These statements were not

8  intended to be a withdrawal of Motorola's broader demand for a jury trial in its earlier pleadings.

9  Rather, they merely restated Motorola's demand for a jury trial.

10  **B.     The Parties and the Court Proceed With the Understanding That Motorola Demanded
            a Trial by Jury.**

11    Even though Motorola's last filings on the issue of a jury trial demanded a jury trial "on the

12  patent claims," the parties and the Court proceeded with the understanding that Motorola (and

13  Microsoft) demanded a trial by jury on the contract claims as well.  For example, at a hearing on

14  May 7, 2012, the Court stated:

15         To open the door to the skeleton in that closet is <u>you all have asked for a jury</u>.  I'm
16         just going to sit up here and watch six good citizens of the Pacific Northwest decide
           what the royalty is.  So, if you don't want that to happen, you want to start discussing
17         that question, because that's where you're headed right now.

18  (Ex. A – 5/7/12 Hearing Tr., 39:3-8 (emphasis added); *see also id.*, 56:22-57:1 (referring to the jury

19  deciding what are the RAND terms).)[1]  During that hearing, Microsoft's counsel advised the Court

20  that Microsoft believed the Court could decide the RAND rate without a jury.  (*Id.*, 77:17-22.)

21  Microsoft did not state that the Court should decide all of the contract issues without a jury.  Nor

22  did Microsoft suggest that the Court was incorrect in believing that the parties had asked for a jury

23  trial.  The Court later asked Motorola if it was joining Microsoft "in taking this issue away from the

24  jury," and Motorola's counsel responded that Motorola needed to think about it.  (*Id.*, 89:23-90:6.)

25

26

---

[1] All Exhibits are exhibits to the Declaration of Andrea Pallios Roberts filed concurrently herewith.

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 4
CASE NO. C10-1822-JLR

4852-1126-8883.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    At the June 14, 2012 *Markman* Tutorial and Status Conference, the issue was discussed

2 before the Court again.  Counsel advised the Court that the parties disagreed as to whether a jury

3 would be required to decide the breach of contract portion of the case.  (Ex. B – 6/14/12 Hearing

4 Tr., 42:15-43:23.)  In other words, Microsoft <u>understood</u> that Motorola was demanding a trial by

5 jury on the breach of contract part of the case.  Microsoft did not suggest that Motorola waived its

6 right to demand a jury trial.

7    Finally, during the July 9, 2012 Teleconference, the Court asked Motorola to advise it if the

8 breach of contract issue would be a bench or jury trial, and set a deadline for Motorola to make that

9 election.  (Ex. C – 7/9/12 Hearing Tr., 3:17-20.)  Motorola responded at the Teleconference that this

10 was a jury issue:

11    <u>we have decided not to waive the jury trial on the breach of the duty of good faith
     issue</u>, and with respect to that issue, we think – we do agree that that is a triable issue
12    that the jury can determine.  In other words, did Motorola accord to its obligation to
     negotiate the contract in good faith?  We may have issues with respect to whether the
13    court can instruct the jury as to the proper RAND rate, but <u>we agree that it is a jury
     question as to whether Motorola has conformed to its obligation to negotiate a</u>
14    <u>RAND license in good faith</u>.

15 (*Id.*, 5:6-15) (emphasis added).  Again, Microsoft did not suggest that Motorola had waived its right

16 to demand a jury trial.

17 **C.    Microsoft Argues That Motorola Waived Its Right to a Jury Trial Only Months After
        the Bench Trial.**

18    On July 18, 2012, Motorola moved for partial summary judgment denying Microsoft's

19
   "claim" that the Court should create *ab initio* a Motorola/Microsoft patent license, or material terms
20
   of such license.  (1823 Action, Dkt. # 362.)  Microsoft opposed that motion and, buried in a
21
   footnote of its opposition brief, claimed for the first time that Motorola waived its right to a jury
22
   trial.  (1823 Action, Dkt. # 374, n.3.)  Microsoft, however, noted that "the Court [did] not need to
23
   decide whether the subsequent trial on breach will be to the Court or a jury" for the purposes of
24
   Motorola's motion for partial summary judgment.  (*Id.*)  In its reply brief, Motorola responded that
25
   it is entitled to a jury trial and explained why.  (1823 Action, Dkt. # 377, n.6.)
26

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 5
CASE NO. C10-1822-JLR

4852-1126-8883.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    The Court denied Motorola's motion for partial summary judgment and, in its Order,

2    reiterated the history detailed above. (1823 Action, Dkt. # 465, 9-11.) The Court explained that,

3    after Motorola confirmed during the July 9, 2012 teleconference that it desired a trial by jury on the

4    contract claims, "the court adopted a two-part approach" to the trial. (*Id.*, 10.) "The court would

5    first determine a RAND royalty rate (or RAND royalty range) at the November 13, 2012 trial, and

6    second, with this determination as guidance, a jury would hear Microsoft's breach of contract

7    claim." (*Id.*, 10-11.)

8    The Court tried the first part of the case, determining a RAND royalty rate, on November 13

9    through 20, 2012. Almost four months after the bench trial was completed, Microsoft filed the

10   present motion to confirm a bench trial of the breach of contract issues.[2]

## III.    ARGUMENT

11   **A.    Motorola Timely Demanded a Jury Trial.**

13   Federal Rule of Civil Procedure 38(b) requires a party wishing to assert the right of trial by

14   jury to "(1) serv[e] the other parties with a written demand—which may be included in a pleading—

15   no later than 14 days after the last pleading directed to the issue is served; and (2) fil[e] the demand

16   in accordance with Rule 5(d)." Fed. R. Civ. Proc. 38(b)). The Court "must indulge every

17   reasonable presumption against the waiver of the jury trial." *United States v. Cal. Mobile Home*

18   *Park Mgmt.*, 107 F.3d 1374, 1378 (9th Cir. 1997).

19   Motorola met Rule 38(b)'s standard. Motorola demanded a jury trial in its Complaint in the

20   Wisconsin Action, which was later consolidated with the Washington Action. (343 Action, Dkt.

21   # 1.) That jury demand was made just one day after Microsoft filed its Complaint in the

22   Washington Action. (*See* 343 Action, Dkt. # 1; 1823 Action, Dkt. # 1.) Thus, this demand was

23   made within the time frame required by Rule 38(b), and was filed as required by Rule 5(d).

---

24   [2] This is not the first time Microsoft waited to raise an issue <u>after</u> the November 2012 bench trial. As this Court is

25   aware, Microsoft similarly delayed raising the issue of Google's MPEG LA license. At a hearing, the Court asked
Microsoft why it did not raise that issue earlier. (Ex. D – 1/28/13 Hearing Tr., 33:22-23.) Microsoft's counsel

26   responded that its primary concern was to preserve the trial date; Microsoft did not want to raise the issue and have the
trial date continued. (*Id.*, 33:24-34:5.) It is likely that Microsoft similarly chose to delay raising the jury trial issue until
after the November 2012 trial for the same reason.

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 6
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4852-1126-8883.2

1   Microsoft acknowledged Motorola's demand in its Answer in the Wisconsin Action and <u>joined</u>

2   Motorola's demand for a jury "on all claims and all issues triable by jury in this action." (343

3   Action, Dkt. # 37.)  Lest there be any doubt as to Motorola's intentions, Motorola made it clear that

4   it demanded a jury trial in the parties' May 31, 2011 Joint Status Report (343 Action, Dkt. # 86),

5   Motorola's Answer to Microsoft's Counterclaims in the Wisconsin Action (1823 Action Dkt. # 67),

6   and the parties' June 15, 2011 Joint Status Report (1823 Action, Dkt. # 69).[3]

7         Additionally, Microsoft does not and cannot deny that it too demanded a jury trial.  (*See* 343

8   Action, Dkt. Nos. 29 and 86.)  Indeed, this Court recognized that Microsoft also demanded a jury

9   trial, saying "you all have asked for a jury.  I'm just going to sit up here and watch six good citizens

10  of the Pacific Northwest decide what the royalty is." (Ex. A – 5/7/12 Hearing Tr., 39:3-8.)

11  Microsoft did not dispute this at the May 7 hearing, or at the June 14 and July 9, 2012 hearings.

12  Nor did Microsoft contend that Motorola's demand for a jury trial was untimely.  Indeed, Microsoft

13  acknowledged Motorola's jury demand on multiple occasions.  (343 Action, Dkt. # 37; Ex. B –

14  6/14/12 Hearing Tr., 42:15-43:23.)  Microsoft instead argues that its counterclaim of breach of

15  contract in the Wisconsin Action was in the alternative, "'subject to resolution' of Microsoft's

16  motion to dismiss, stay, or transfer the patent case to Seattle." (Motion at 7, n.3.)  Microsoft,

17  however, did not dismiss its counterclaims after the case was transferred to this Court and

18  consolidated.  Nor has Microsoft sought consent to withdraw its jury demand, and such consent has

19  not been granted. *See* Fed. R. Civ. P. 38(d) ("A proper demand may be withdrawn only if the parties

20  consent"); *Mid-Continent Cas. Co. v. Titan Const. Corp.*, No. C05-1240 MJP, 2008 WL 4837043,

21  at *1 (W.D. Wash. Nov. 6, 2008).

22        Microsoft's arguments that Motorola failed to timely demand a jury trial should be rejected.

23  *First*, Microsoft's claim that Motorola failed to demand a jury trial within 14 days of June 15, 2011

24  is irrelevant because Motorola demanded a jury trial prior to June 15, 2011.  (*See e.g.*, 343 Action,

25

---

[3] In the latter two filings, Motorola admittedly demanded a jury trial "on the patent claims."  This, however, was not
26  intended to be to the exclusion of the other claims asserted in the parties' pleadings, and the statement in the May 31,
2011 Joint Status Report is not so limited.

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 7
CASE NO. C10-1822-JLR

4852-1126-8883.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   Dkt. # 1, # 29, # 86; 1823 Action, Dkt. # 67, # 69.)  The same is true of Microsoft's contention that

2   Motorola's statement during the July 9, 2012 Teleconference was insufficient because it was not a

3   demand made in writing.  Motorola had already made a demand in writing.

4           *Second*, Microsoft argues that Motorola's demand for a jury trial in the Wisconsin Action

5   did not carry over to the Washington Action when the two actions were consolidated.  Microsoft,

6   however, does not cite any authority in support of this position.[4]  Rather, Microsoft acknowledges

7   that the transfer and consolidation did not extinguish Motorola's jury trial demand.

8           *Finally*, Microsoft confusingly argues that the breach trial presents no issues on which

9   Motorola has a jury right.  Microsoft does not cite any authority that a breach of contract cannot be

10  determined by a jury.  Rather, Microsoft simply argues that the issues in the parties' patent

11  infringement and breach of contract claims are distinct.  This, however, has no bearing as to

12  whether Motorola has a jury right on the breach of contract claim.  This Court should reject

13  Microsoft's arguments and find that Motorola demanded a jury trial.

14  **B.     This Court Should Grant Motorola's Request for a Jury Trial Under Rule 39.**

15          Even if this Court finds that Motorola did not make a timely jury demand, it should grant

16  Motorola's request for a jury trial under Rule 39.  Rule 39(b) provides that "the court may, on

17  motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ.

18  Proc. 39(b).  The Ninth Circuit has held that a district court's discretion to grant a Rule 39(b)

19  motion is narrow, and a district court may not rely on counsel's mere "oversight or inadvertence" as

20  reason to grant a motion under Rule 39(b).  *Pac. Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd.*,

21  239 F.3d 1000, 1002 (9th Cir. 2001).  District courts in the Ninth Circuit do, however, grant Rule

22  39(b) motions when appropriate.  *See e.g.*, *Ruiz v. Rodriguez*, 206 F.R.D. 501, 504-05 (E.D. Cal.

23  2002); *Jones v. Pan Amer. World Airways, Inc.*, 1990 U.S. Dist. LEXIS 13728, *21-22 (N.D. Cal.

24  June 26, 1990.)  In *Johnson v. Dalton*, 57 F. Supp. 2d 958 (C.D. Cal. 1999), the district court listed

25

26  _____
    [4] Microsoft cites a single 1933 Supreme Court case discussing consolidation generally.  It does not address the
    specific question at issue here of whether a jury trial demand made in one action carries into another action when
    the two are consolidated.

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 8
CASE NO. C10-1822-JLR

4852-1126-8883.2

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  the following reasons for exercising its discretion to grant a jury trial under Rule 39(b):  Rule 39(b)

2  grants the court discretion to order a jury trial; a flexible approach to Rule 39 comports with the

3  general intent behind the Federal Rules of Civil Procedure; although the trial court's discretion is

4  narrow, case law upholds the discretion of the trial court; permitting a trial court to order a jury trial

5  is consistent with the spirit of the U.S. Constitution's guarantee of the right to a jury trial; a narrow

6  a reading of Rule 39(b) would allow a mistake by counsel to harm the client; there is no prejudice to

7  the opposing party when the trial is still many months away; and a jury trial is especially important

8  in the particular case.  *Id.* at 960-61; *see also Levias v. Pac. Maritime Ass'n*, 2010 WL 431884, *6

9  (W.D. Wash. Jan. 27, 2010).

10       It is appropriate here for the Court to exercise its discretion and grant Motorola's request for

11  a jury trial under Rule 39(b).  This is not a case where Motorola's purported failure to demand a

12  jury trial was inadvertent.  Rather everyone—Motorola, Microsoft, and the Court—understood that

13  Motorola had demanded a jury trial, including on the breach of contract claim.  Microsoft had also

14  demanded a jury trial, and neither sought nor obtained consent to withdraw its jury demand.  (343

15  Action, Dkt. # 37.)  Indeed, the Court established a "two-part approach" to trial, with the first part

16  (the RAND royalty rate or range) being a bench trial and the second part (breach of contract) being

17  a jury trial.  (Dkt. # 465, 10-11.)  There is no prejudice to Microsoft in proceeding with the two-part

18  approach to trial that the Court established months ago, and that the parties have been planning on

19  for months.  (*Id.*)

20       Microsoft's arguments against granting Motorola relief under Rule 39(b) are also meritless.

21  *First,* Microsoft contends that it was a "mistake of law" for Motorola to believe that its jury trial

22  demands in the Wisconsin Action are applicable to the Washington Action with which it was

23  consolidated.  As noted above, however, Microsoft does not cite any authority for this proposition.

24  Thus, it does not establish that there was a mistake of law.

25       *Second*, Microsoft argues that the Court should deny Motorola relief under Rule 39(b)

26  because Motorola was aware of Microsoft's position that Motorola waived its right to a jury trial as

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 9
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4852-1126-8883.2

of August 2012 when it opposed Motorola's motion for partial summary judgment, yet still did not make a written jury demand. This is a red herring. Motorola responded to Microsoft's position in its reply in support of its motion for partial summary judgment. (Dkt. # 377.) Since it is Motorola's position that it already demanded a jury trial, it was unnecessary for Motorola to do so again.

Finally, Microsoft argues that the Court should not grant a jury trial under Rule 39(b) because the jury trial would be duplicative of issues already covered in the November 2012 bench trial. This is not a basis for denying Motorola its Seventh Amendment right to a jury trial, because this is precisely the structure established by this Court. The Court established a "two-part approach." Thus it was always the case that there might be some duplication between the two parts. Abiding by the structure established by this Court is not a basis for denying Motorola its right to a jury trial. Accordingly, if the Court finds that Motorola did not timely demand a jury trial on the breach of contract claims, it should grant Motorola a jury trial on those claims under Rule 39(b).

## C.    Microsoft Fails to Meet The Standard for Reconsideration of the Court's Order That the Breach of Contract Issue Would Be Tried to a Jury.

As explained in detail above, in October 2012, this Court issued its order that articulated the "two-part approach" to trial in this matter. Microsoft's motion to confirm a bench trial of the breach of contract issues is effectively a tardy motion for reconsideration of the Court's order. Motions for reconsideration are disfavored and Microsoft has not satisfied the standard for reconsideration. *See* Local Civil Rule 7(h)(1) ("Motions for reconsideration are disfavored"). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* Local Civil Rule 7(h)(1) ("The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.") Microsoft does not point to any newly discovered evidence, clear error, or change in the law.

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 10
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4852-1126-8883.2

1  Further, Microsoft has not complied with the procedure and timing for a motion for

2  reconsideration.  Local Civil Rule 7(h)(2).  Most important, a  motion for reconsideration must be

3  filed within fourteen days after the order to which it relates is filed.  This Court clearly established

4  months ago the "two-part approach" to trial, which included a jury trial of the breach of contract

5  issues.  Accordingly, it is far too late for Microsoft to now ask the Court to reconsider that

6  approach.[5]

## IV.  CONCLUSION

8  For the foregoing reasons, this Court should deny Microsoft's motion to confirm a bench

9  trial of the breach of contract claim.

10  DATED this 25th day of March, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
  Ralph H. Palumbo, WSBA #04751
  Philip S. McCune, WSBA #21081
  *ralphp@summitlaw.com*
  *philm@summitlaw.com*

By */s/ Thomas V.  Miller*
  Thomas V. Miller
  MOTOROLA MOBILITY LLC
  600 North U.S. Highway 45
  Libertyville, IL  60048-1286
  (847) 523-2162

---

[5] The Court should also deny Microsoft's motion on the basis of laches.  *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226-27 (3d Cir. 2007) (addressing whether motion to strike jury demand should be barred by laches).  Laches has two components: there must be evidence that the party against whom the defense is asserted acted without diligence, and the party asserting the defense must have suffered prejudice as a result of the delay.  *Keenan v. BNSF Ry. Co.*, 2008 WL 2434107 (W.D. Wash. June 12, 2008) (citations omitted).  Here, Microsoft failed to act with diligence in contending that Motorola waived its right to a jury trial, having strategically chosen to wait months <u>after</u> the November 2012 bench trial before asking the Court for relief.  This delay prejudiced Motorola because it now has to address Microsoft's after-the-fact attempt to deny Motorola its right to a jury, and to upset the parties' settled expectations as to how trial in this matter would proceed.

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 11
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4852-1126-8883.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

And by

Kathleen M. Sullivan (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NW  10010
(212) 849-7000
*kathleensullivan@quinnemanuel.com*

Brian C. Cannon (*pro hac vice*)
Andrea Pallios Roberts (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065
(640) 801-5000
*briancannon@quinnemanuel.com*
*andreaproberts@quinnemanuel.com*

William C. Price (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017
(213) 443-3000
*williamprice@quinnemanuel.com*

Jesse J. Jenner (*pro hac vice* )
Steven Pepe (*pro hac vice* )
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*jesse.jenner@ropesgray.com*
*steven.pepe@ropesgray.com*
*kevin.post@ropesgray.com*

James R. Batchelder (*pro hac vice*)
Norman H. Beamer (*pro hac vice* )
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*james.batchelder@ropesgray.com*
*norman.beamer@ropesgray.com*

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 12
CASE NO. C10-1822-JLR

4852-1126-8883.2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

2

3

4

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*

5

6

***Attorneys for Motorola Solutions, Inc.,
Motorola Mobility LLC and General
Instrument Corp.***

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 13
CASE NO. C10-1822-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the
Court using the CM/ECF system which will send notification of such filing to the following:

3

4          Arthur W. Harrigan, Jr., Esq.
           Christopher T. Wion, Esq.
5          Shane P. Cramer, Esq.
           Calfo Harrigan Leyh & Eakes LLP
6          *arthurh@calfoharrigan.com*
           *chrisw@calfoharrigan.com*
7          *shanec@calfoharrigan.com*

8          Richard A. Cederoth, Esq.
           Brian R. Nester, Esq.
9          David T. Pritikin, Esq.
           Douglas I. Lewis, Esq.
10         John W. McBride, Esq.
           David Greenfield, Esq.
11         William H. Baumgartner, Jr., Esq.
           David C. Giardina, Esq.
12         Carter G. Phillips, Esq.
           Constantine L. Trela, Jr., Esq.
13         Ellen S. Robbins, Esq.
           Nathaniel C. Love, Esq.
14         Sidley Austin LLP
           *rcederoth@sidley.com*
15         *bnester@sidley.com*
           *dpritikin@sidley.com*
16         *dilewis@sidley.com*
           *jwmcbride@sidley.com*
17         *david.greenfield@sidley.com*
           *wbaumgartner@sidley.com*
18         *dgiardina@sidley.com*
           *cphillips@sidley.com*
19         *ctrela@sidley.com*
           *erobbins@sidley.com*
20         *nlove@sidley.com*

21
           T. Andrew Culbert, Esq.
22         David E. Killough, Esq.
           Microsoft Corp.
23         *andycu@microsoft.com*
           *davkill@microsoft.com*
24

25    DATED this 25th day of March, 2013.

26                                              _____
                                                 /s/ *Marcia A. Ripley*
                                                Marcia A. Ripley

MOTOROLA'S OPPOSITION TO MICROSOFT'S
MOTION TO CONFIRM BENCH TRIAL OF BREACH OF
CONTRACT ISSUES - 14
CASE NO. C10-1822-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4852-1126-8883.2