THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

MICROSOFT CORPORATION,

10                                        Plaintiff,

11          vs.

12   MOTOROLA, INC.,  et al.,

13                                     Defendants.
    _____
14   MOTOROLA MOBILITY LLC, et al.,

15                                        Plaintiffs,

16          vs.

17   MICROSOFT CORPORATION,

18                                     Defendants.

19

Case No. C10-1823-JLR

**MICROSOFT CORPORATION'S
REPLY IN SUPPORT OF ITS
MOTION FOR BENCH TRIAL**

**NOTED:  Friday, March 29, 2013**

20

21

22

23

24

25

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH TRIAL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## I.   INTRODUCTION

The Court's decision to bifurcate the RAND determination from breach was plainly *not* contingent on any assumption that the breach phase would be a jury trial, as Motorola argues. After informing the parties of the Court's phased plan, the Court asked for Motorola's position as to whether it believed the breach phase "is a court trial or a jury trial." (Dkt. No. 670 Ex. 1 at 3:17–18.)  Motorola expressed an interest in a jury and, in subsequent briefing directed to other issues, the parties disputed whether Motorola had any such right.  The Court proceeded to the RAND bench trial and has not been asked to rule before now on whether the subsequent breach trial would be to the Court or a jury.  With the breach trial approaching, resolution of the parties' dispute concerning Motorola's jury rights is entirely appropriate.

Motorola's response fails to identify any mistake or omission in Microsoft's recitation of the operative pleadings in this case, which demonstrates that in the summer of 2011 Motorola waived—knowingly and intentionally—any right to a jury trial on breach of contract issues.  Motorola's argument that it "timely demanded a jury trial" (Dkt. No. 669, Motorola's Opp. to Microsoft's Mot. to Confirm Bench Trial of Breach of Contract Issues ("Opp.") at 6) as to breach of contract has no factual basis.  Motorola's *only* jury demand even arguably made in this case was specifically limited to "the patent claims."  Motorola's other arguments—that the Court should provide relief under Rule 39, or that Microsoft's motion should be denied on laches grounds—misapply the law, and provide no basis to excuse Motorola's waiver.

## II.   ARGUMENT

### A.  Microsoft's Motion Is Consistent With The Court's Two-Stage Plan.

Motorola's own description of the timeline belies any claim that the parties "were operating under the assumption that there would be a jury trial following the November 2012 bench trial." (Opp. 1.)  As Motorola acknowledges, in May 2012 Microsoft stated on the record that RAND issues should be tried to the bench, not a jury—and the Court asked

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  Motorola if it agreed.  (Opp. 4.)  And in June 2012, Motorola admits that the parties "advised

2  the Court that the parties disagreed as to whether a jury would be required to decide the breach

3  of contract portion of the case."  (Opp. 5.)  Finally, Motorola admits that in July 2012, the

4  parties addressed the jury issue in briefs filed with the Court, and acknowledges that Microsoft

5  had raised the same argument—that Motorola waived any jury right—that it raises in this

6  motion.  (Opp. 5–6.)  All this confirms that the parties *were not* "operating under the

7  assumption that there would be a jury trial"—the issue was disputed and contested.

8      Motorola suggests that Microsoft somehow acquiesced to a jury demand that Motorola

9  never made, because Microsoft "did not state" at the May 2012 hearing "that the Court should

10  decide all of the contract issues without a jury" or because Microsoft did not then "suggest that

11  the Court was incorrect" to propose that a jury might determine a RAND rate.  (Opp. 4.)

12  Microsoft's decision not to unnecessarily inject Motorola's jury waiver into that hearing—

13  given that Motorola had still not decided whether it would contest having the Court decide

14  breach as well as RAND—reflects courtesy and efficiency, not a concession that Motorola had

15  made a jury demand.  When Motorola later clarified that it believed it was entitled to a jury on

16  the breach issues, despite never having demanded a jury (Dkt. No. 670 Ex. 1 at 5:6–8),

17  Microsoft made clear that it believed Motorola had waived its rights (Dkt. No. 374 at 3 n. 3).

18      Moreover, it is irrelevant whether or not Microsoft "understood that Motorola was

19  demanding a trial by jury on the breach of contract part of the case" (Opp. 5); Motorola's

20  suggestion otherwise reflects a misunderstanding of the Federal Rules.  A party does not

21  demand a jury by suggesting at a hearing (held a year after the last operative pleading) that it

22  might want one.  Rather, "a party may demand a jury trial" under the Federal Rules in exactly

23  one way:  by "(1) serving the other parties with a written demand—which may be included in a

24  pleading—no later than 14 days after the last pleading directed to the issue is served; and (2)

25  filing the demand in accordance with Rule 5(d)."  Fed. R. Civ. P. 38(b).  Microsoft certainly

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 2

1   "understood" that Motorola had apparently changed its mind, and now *wanted* a jury trial—but

2   Motorola had not and never has actually *demanded* a jury trial, as the Federal Rules and Ninth

3   Circuit law require.  This Court has never addressed Motorola's jury waiver,[1] and resolution of

4   this dispute is entirely appropriate now, in the first instance.[2]

5   ### B.  Motorola Has Never Demanded a Jury for the Breach of Contract Issues.

6   The glaring problem with Motorola's hope for a jury trial on the breach of contract

7   claim in this case is that it has never asked for one.  Instead, Motorola specifically and

8   intentionally requested a jury only on its patent claims, in the consolidated 343 Patent Action.

9   (*See* Dkt. No. 67 at 2.)  In its Answer in this case, *filed the same day*, Motorola made no jury

10  demand whatsoever (*see* Dkt. No. 68), and in a subsequent joint status report in the consolidated

11  actions, Motorola only reaffirmed that it "requests a jury trial on the patent claims" (Dkt. No. 69

12  at ¶ 12).  Motorola waived its jury rights as to breach of contract.  Motorola attempts to brush

13  this aside by claiming that its statements clearly demanding a jury only on patent issues "were

14  not intended to be a withdrawal of Motorola's broader demand for a jury trial in its earlier

15  pleadings."  (Opp. 4.)  But Motorola never made a "broader demand for a jury trial" in the 1823

16  contract case.  To date, it has never made *any* jury demand relating to the breach of contract claims.

17  Tellingly, Motorola's opposition does not identify any particular statement supposedly

18  constituting its jury demand on breach issues in this case.  Instead, Motorola states:  "Motorola

19  demanded a jury trial prior to June 15, 2011.  (*See e.g.*, 343 Action, Dkt. # 1, # 29, # 86; 1823

20
21  [1] In particular, Microsoft's motion is not a motion for reconsideration of the Court's October 2012 order, because that order did not address the issue of Motorola's entitlement to a jury.  (*See* Dkt. No. 465 at 10–11.)  Motorola's jury waiver was a contested issue between the parties in the briefing that led up to that order, but addressing that dispute was not necessary to resolution of the issues then before the Court, and the order did not purport to have
22  resolved it.  (*See id.*)

23  [2] For the above reasons, Motorola's suggestion in a footnote that there is something improper about Microsoft raising this issue after the November trial (Opp. 6 n. 2) is incorrect.  Furthermore, contrary to Motorola's side-
24  track statement in that footnote, Microsoft *did* timely raise the issue of the Google-MPEG LA license.  Google's acquisition of Motorola closed on May 22, 2012.  On June 15, 2012, Microsoft requested a license from Google,
25  and made the Court aware of its request that same day, providing the Court with a copy of Microsoft's letter and a copy of the Google-MPEG LA license as supplemental authority.  (*See* Dkt. No. 345.)

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    Action, Dkt. # 67, # 69.)"  (Opp. 7–8.)  None of the cited documents contain a jury demand on

2    breach of contract issues.  The first and second are Motorola's Complaint and Amended

3    Complaint in the 343 Patent Action, and the third is a joint status report in that same case; none

4    of them concern Microsoft's breach of contract claims in this case.  The fourth is Motorola's

5    Answer to Microsoft's Counterclaims in the 343 Patent Action, declaring, "Motorola demands

6    a jury trial on all issues arising under the Patent Laws of the United States that are triable to a

7    jury" (Dkt. No. 67 at 2); the fifth is the above-mentioned joint status report of June 17, 2011,

8    which repeats the same jury demand isolated to the patent claims.

9         Motorola's apparent position is that its initial jury demand from its Complaint in the

10   343 Patent Action transferred to this case upon consolidation.  But as Microsoft explained in its

11   opening brief, the Supreme Court has held that consolidation "does not merge the suits into a

12   single cause, or change the rights of the parties," *Johnson v. Manhattan Ry.*, 289 U.S. 479,

13   496–97 (1933), so Motorola's prior jury demand in one case does not automatically constitute

14   a jury demand in the other by virtue of consolidation.  Motorola's sole response—that this

15   Supreme Court case is too old and does not address these specific facts (Opp. 8 & n. 4)—is no

16   response at all.  Motorola offers no argument (much less citation to any authority) even

17   suggesting that Microsoft's interpretation of the Supreme Court's clear statement is incorrect.

18   "The rights of the parties," including any right to a jury by virtue of a timely demand, are

19   unaffected by consolidation, *Johnson*, 289 U.S. at 496–97, meaning that Motorola had to make

20   a jury demand in the 1823 case in order to preserve its rights, but it failed to do so.

21        Motorola appears to have misunderstood Microsoft's argument concerning any overlap

22   between the 343 Patent Action and the upcoming breach trial in this case.  (*See* Opp. at 8.)  As

23   Microsoft explained, if the breach trial presented issues common to those for which Motorola

24   had actually preserved, rather than waived, its jury rights—namely, issues common to the

25   patent claims in the 343 Patent Action—Motorola may have had an argument that its limited

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    jury demand as to patent claims was relevant to this case, and to the upcoming breach trial.

2    (Dkt. No. 660 at 8–9.)  But as Microsoft also explained (*see id.*), that argument would have

3    been without merit because the issues do not overlap.  In any event, by failing to respond,

4    Motorola has waived any such argument.

5            **C.  Motorola Identifies No Grounds For Relief Under Rule 39.**

6            While the Federal Rules provide that "the court may, *on motion*, order a jury trial on

7    any issue for which a jury might have been demanded," Fed. R. Civ. P. 39(b) (emphasis

8    added), the Ninth Circuit holds that "[a]n untimely request for a jury trial must be denied

9    unless some cause beyond mere inadvertence is shown."  *Pacific Fisheries Corp. v. H.I.H.*

10   *Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001).  Motorola argues that the Court

11   "should grant Motorola's request for a jury trial under Rule 39" (Opp. 8), but Motorola has

12   never moved for relief under Rule 39(b), and even if it had, it identifies no cause that would

13   justify relief.  Microsoft agrees that "[t]his is not a case where Motorola's purported failure to

14   demand a jury trial was inadvertent" (Opp. 9)—as explained above, and in Microsoft's opening

15   brief, Motorola's decision to limit any jury demand across the two cases to *patent issues only*

16   was by all appearances a strategic, intentional decision.  (Dkt. No. 660 at 7.)  Further, Motorola

17   was keenly aware that Microsoft disputed that Motorola had made any jury demand as to

18   breach issues, yet Motorola remained silent, and to this day has still made no jury demand.

19           Finally, Motorola again misapprehends Microsoft's arguments by claiming "Microsoft

20   argues that the Court should not grant a jury trial under Rule 39(b) because the jury trial would

21   be duplicative of issues already covered in the November 2012 bench trial."  (Opp. 10.)

22   Microsoft did not argue that issues across the two trials were duplicative, Microsoft only

23   pointed out that unlike the Court, a jury would not have the benefit of the extensive RAND

24   trial testimony concerning the purposes of standard-setting organizations; the rationale for

25   RAND commitments; industry concerns about hold-up and patent stacking; principles of

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    RAND valuation; the relationship between the H.264 and 802.11 standards and Microsoft's

2    products; the relationship between Motorola's H.264 and 802.11 patents and Microsoft's

3    products; and Motorola's licensing history of its standard-essential patents, including its patent

4    suits against standards-implementers.  (Dkt. No. 660 at 8.)  Microsoft argued that extensive,

5    unnecessary, and inefficient duplication of that testimony from the RAND trial would come at

6    a significant cost of judicial resources, counseling against Rule 39 relief.  (*Id.*)  Microsoft never

7    argued that these efficiency concerns were grounds for "denying Motorola its Seventh

8    Amendment right to a jury trial" (Opp. 10):  Motorola denied itself that right by failing to

9    preserve it, and could only regain a jury by appealing to the Court's discretion.

10              **D.  Motorola's Misleading Laches Argument Should Be Rejected.**

11              Motorola cites no Ninth Circuit authority that laches on the part of the objecting party

12    excuses a failure to make a jury demand.  Instead, Motorola urges the Court to "deny

13    Microsoft's motion on the basis of laches" by citing a Third Circuit case it claims addresses

14    "whether motion to strike jury demand should be barred by laches."  (Opp. 11 n. 5).

15    Motorola's citation of this case, *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212 (3d Cir.

16    2007), is significantly misleading.  While the defendant in *Tracinda* waited three years to strike

17    the plaintiff's jury demand, and the district court granted the motion "a few weeks before

18    trial," the Third Circuit held a motion to strike a jury demand *cannot be barred by laches*:

19              Parties "have a great deal of latitude on the timing of motions to strike a jury
20              demand."  Since "a court has the power to act sua sponte at any time" under
          Rule 39, "it follows that a court has the discretion to permit a motion to strike a
21              jury demand at any time, even on the eve of trial." . . . Because a party may file
          a motion to strike a jury demand at any time under Rule 39(a), we conclude that
22              [defendant] did not commit inexcusable delay by filing its motion to strike after
          the close of discovery. Having reached this conclusion, we need not consider
23              whether [defendant's] delay caused prejudice to [plaintiff].

24    502 F.3d at 226–27 (citations omitted).  *Tracinda* stands for the exact opposite of the

25    proposition Motorola cites it for.

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    DATED this 27th day of March, 2013.

2                    CALFO HARRIGAN LEYH & EAKES LLP

3

4          By  s/ Arthur W. Harrigan, Jr.
                 Arthur W. Harrigan, Jr., WSBA #1751
5
           By  s/ Christopher Wion
6                Christopher Wion, WSBA #33207

7          By  s/ Shane P. Cramer
                 Shane P. Cramer, WSBA #35099
8                999 Third Avenue, Suite 4400
                 Seattle, WA  98104
9                Phone:  206-623-1700
                 arthurh@calfoharrigan.com
10               chrisw@calfoharrigan.com
                 shanec@calfoharrigan.com
11

12         By   T. Andrew Culbert
                 T. Andrew Culbert
13
           By   David E. Killough
14               David E. Killough

15               MICROSOFT CORPORATION
                 1 Microsoft Way
16               Redmond, WA  98052
                 Phone: 425-882-8080
17               Fax:  425-869-1327

18               David T. Pritikin
                 Richard A. Cederoth
19               Constantine L. Trela, Jr.
                 William H. Baumgartner, Jr.
20               Ellen S. Robbins
                 Douglas I. Lewis
21               David C. Giardina
                 John W. McBride
22               David Greenfield
                 Nathaniel C. Love
23

24

25

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 7

1
2
3

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

4
5
6
7

Carter G. Phillips
Brian R. Nester
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

8

Counsel for Microsoft Corp.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 8

**CERTIFICATE OF SERVICE**

I, Linda Bledsoe, swear under penalty of perjury under the laws of the State of

Washington to the following:

1.      I am over the age of 21 and not a party to this action.

2.      On the 27th day of March, 2013, I caused the preceding document to be served

on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Summit Law Group | _____ US Mail |
| 315 Fifth Ave. South, Suite 1000 | _____ Facsimile |
| Seattle, WA  98104-2682 | __X__ ECF |
| Telephone:  206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X__ ECF |
| Telephone:  (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

Paul M. Schoenhard (*pro hac vice*)                    _____ Messenger
Ropes & Gray LLP                                       _____ US Mail

2

One Metro Center                                       _____ Facsimile
700 12th Street NW, Suite 900                          __X___ ECF

3

Washington, DC  20005-3948
Telephone:  (202) 508-4693

4

Email: Paul.schoenhard@ropesgray.com

5

        DATED this 27th day of March, 2013.

6

7

                              s/ Linda Bledsoe_____

8

                              LINDA BLEDSOE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT CORPORATION'S REPLY IN
SUPPORT OF ITS MOTION FOR BENCH
TRIAL – 10

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717