UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, | CASE NO. C10-1823JLR |
| Plaintiff, | ORDER REGARDING |
| v. | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| MOTOROLA, INC, et al., | |
| Defendants. | |
| MOTOROLA MOBILITY, INC., et al., | |
| Plaintiffs, | |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

ORDER- 1

1    Following this order, the court will issue its Findings of Fact and Conclusions of

2  Law (the "Findings and Conclusions") determining a reasonable and non-discriminatory

3  royalty rate and range for Motorola's standard essential patents.  The Findings and

4  Conclusions will be filed under seal to afford the parties an opportunity to redact

5  confidential and proprietary information contained therein consistent with the following

6  guidance.

7    The court reminds the parties that in the Ninth Circuit, "compelling reasons" in

8  favor of sealing must be shown for redactions to records and testimony presented at trial.

9  Indeed, historically, courts have recognized a "general right to inspect and copy public

10  records and documents, including judicial records and documents." *Nixon v. Warner*

11  *Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  "Unless a particular court record is one

12  'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point.

13  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting

14  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  In order to

15  overcome this strong presumption, a party seeking to seal a judicial record must articulate

16  justifications for sealing that outweigh the public policies favoring disclosure.  *See*

17  *Kamakana* at 1178-79.  "[T]he resolution of a dispute on the merits, whether by trial or

18  summary judgment, is at the heart of the interest in ensuring the 'public's understanding

19  of the judicial process and of significant public events.'"  *Kamakana*, 447 F.3d at 1179

20  (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289,

21  1294 (9th Cir. 1986)).  Thus, a party seeking to seal a judicial record attached to a

22

ORDER- 2

1   dispositive motion or presented at trial must articulate "compelling reasons" in favor of

2   sealing.  *See Kamakana* at 1178.

3        Consistent with the Ninth Circuit standard, under the court's local rules, "[t]here is

4   a strong presumption of public access to the court's files."  Local Rules W.D. Wash. CR

5   5(g).  To rebut this presumption, the local rules require that any party filing a motion to

6   seal must include in that motion:

7        (A) a certification that the party has met and conferred with all other parties
           in an attempt to reach agreement on the need to file the document under

8           seal, to minimize the amount of material filed under seal, and to explore
           redaction and other alternatives to filing under seal; this certification

9           must list the date, manner, and participants of the conference.

10       (B) a specific statement of the applicable legal standard and the reasons for
           keeping a document under seal, with evidentiary support from

11          declarations where necessary.

12  Local Rules W.D. Wash. CR 5(g)(3).

13       During the trial, the courtroom was closed to the public for several portions of

14  witness testimony.  Any redactions to the court's Findings and Conclusions shall be

15  limited to testimony elicited during times the courtroom was closed to public viewing.

16  Moreover, the court instructs the parties to seek redactions to only the portions of the

17  Findings and Conclusions necessary to protect the confidential or proprietary

18  information.  The parties are strongly encouraged to redact single words or numbers, as

19  opposed to entire sentences.

20       Additionally, the court's Findings and Conclusions reference deposition

21  designations of the parties.  The court will file the entirety of the parties' deposition

22

ORDER- 3

1 | designations after the parties have an opportunity to redact confidential and proprietary

2 | information.

3 |      With the foregoing guidance, the court ORDERS the parties, no later than 12:00

4 | p.m. on April 25, 2013, to file (1) a proposed joint redacted version of the court's

5 | Findings and Conclusions; and (2) a proposed joint redacted version of the parties'

6 | deposition designations.  The court schedules a telephonic hearing for April 26, 2013 at

7 | 9:00 a.m. to hear argument on any redactions where the parties disagree and to make

8 | conclusive rulings on which redactions meet the compelling reasons standard.

9 |      Dated this 19th day of April, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 4