```
 1                UNITED STATES DISTRICT COURT

 2          WESTERN DISTRICT OF WASHINGTON AT SEATTLE

 3   _____

 4   MICROSOFT CORPORATION,       )
                                  )
 5             Plaintiff,         ) C10-01823-JLR
                                  )
 6   v.                           ) SEATTLE, WASHINGTON
                                  )
 7   MOTOROLA INC., et al,        )  March 14, 2012
                                  ) (Phone
 8             Defendant.         ) Conference)
                                  )
 9   _____

10               VERBATIM REPORT OF PROCEEDINGS
             BEFORE THE HONORABLE JAMES L. ROBART
11                UNITED STATES DISTRICT JUDGE
     _____
12

13   APPEARANCES:

14

15    For the Plaintiff:     Arthur Harrigan, Christopher
                             Wion, David Pritikin, Andy
16                           Culbert, Shane Cramer and David
                             Killough
17

18

19
      For the Defendants:    Ralph Palumbo, Philip McCune,
20                           Brian Cannon, Kathleen Sullivan
                             and William Price
21

22

23

24

25
```

*Barry L. Fanning, RMR, CRR - Official Court Reporter*
*Suite 17205 - 700 Stewart St. - Seattle, WA 98101*

1  THE COURT: Good morning, counsel. This is Judge
2  Robart. May I have appearances? And I'm also going to
3  impose a one-speaker rule for this, since we are doing it
4  by telephone. Let's start with appearances.
5  MR. HARRIGAN: Good morning, your Honor. Art
6  Harrigan representing Microsoft. I will be doing the
7  talking, I think.
8  THE COURT: Thank you.
9  MR. PRITIKIN: David Pritikin is also here, your
10 Honor, on behalf of Microsoft.
11 MR. WION: Chris Wion and Shane Cramer are also on
12 the call. Good morning, your Honor.
13 THE COURT: Good morning.
14 MR. CULBERT: Good morning, your Honor. Andrew
15 Culbert and David Killough from Microsoft.
16 MR. PALUMBO: Good morning, your Honor. Ralph
17 Palumbo from Motorola. I have with me Phil McCune, who
18 you know.
19    Also, Quinn Emanuel is going to replace Ropes & Gray
20 going forward. So I would like to introduce Brian Cannon
21 from Quinn Emanuel, who is on the phone. The other two
22 partners who will be participating at trial, and before,
23 will be from Quinn Emanuel, Kathleen Sullivan and Bill
24 Price. We will probably also have one or two Quinn
25 Emanuel associates, and will continue our practice, as

1    appropriate, to give those younger lawyers an opportunity
2    to participate in the court proceedings.
3           MR. CANNON:  Good morning, your Honor.  I am very
4    happy to be on the case.  This is Brian Cannon.
5           THE COURT:  Mr. Palumbo, are you speaking for
6    Motorola today?
7           MR. PALUMBO:  I am, your Honor.
8           THE COURT:  I'm surprised.  Usually you have to be
9    behind on the scoreboard before you go to the bench.
10   Whatever.
11       Counsel, we asked you all to get together in response
12   to your inquiry, very politely stated, about where are we.
13   It is a good opportunity for the court to do some further
14   scheduling.
15       The court has a number of constraints on it, and
16   therefore I regret that I'm not going to be able to be as
17   cordial in accommodating people's schedules as perhaps you
18   would like.  That's, unfortunately, where we are.
19       Let me start with the question of the submission that
20   you jointly gave to the court.  "Uses the term Microsoft's
21   claims a number of times."  If you go back to a docket
22   entry, 465, what we said was, "The court would first
23   determine a RAND royalty rate (or RAND royalty range) at
24   the November 13, 2012 trial, and second, with this
25   determination as guidance, a jury would hear Microsoft's

1 breach of contract claim."  I recognize that there is
2 pending before me right now a motion regarding the
3 question of if it will be a jury trial or a bench trial.
4 And I don't want anything that I say today to suggest that
5 I have already decided that.
6     That then takes me back to what I think is the
7 operative complaint in this, which is the amended and
8 supplemental complaint.  The first cause of action is for
9 breach of contract.  That's paragraphs 80 through 87.
10     I want to be clear then that when you use the term
11 "Microsoft's claims," that the court is limiting you to
12 that first cause of action, the one for breach of
13 contract, and intends to rigorously hold you to that, as
14 opposed to allowing claim creep to take place in this.
15     So with those two clarifications, let me tell you what
16 our decision is based on the submission that you have
17 made.
18     The first item that you raised is supplementation of
19 discovery responses.  It is my recollection that we have
20 stayed all of the claims in your multiple matters, other
21 than in regards to the RAND claims, which include the
22 breach of contract claims.  Those are not stayed.  And,
23 therefore, it is unclear to me why you are talking about
24 supplementation of discovery responses, as you are
25 supposed to be supplementing your discovery responses as

```
 1   you go along, according to the Civil Rules.  It doesn't
 2   take some further order from the court to require you to
 3   do so.
 4       So I would urge you to begin preparing, if you have
 5   not already, your supplementation of discovery responses
 6   in anticipation for that eagerly awaited set of Findings
 7   and Conclusions that are going to be forthcoming.
 8           MR. PALUMBO:  Your Honor, can I make a brief
 9   comment in that regard?  First, your statement of the
10   Microsoft claims that are subject to this next trial is
11   precisely what our understanding was.  We also recognize
12   the duty to supplement on both parties.
13       And so what we are about to send out is simply a
14   letter to Microsoft indicating the prior written discovery
15   which we believe would be relevant to the breach of
16   contract claim, and on which we believe Microsoft would
17   have a duty to supplement, if there is some supplement.
18   And we are prepared to do the same thing.  It would be
19   helpful for Microsoft also to get us a letter and say this
20   is our prior written discovery which we think is relevant,
21   and if you have supplementation, we would appreciate it.
22       But I agree with you, there is a continuing duty to
23   supplement, and that ought to get done, and it should only
24   be relevant to the breach of contract claims.
25           THE COURT:  Mr. Harrigan, do you have any problem
```

*Barry L. Fanning, RMR, CRR - Official Court Reporter*
*Suite 17205 - 700 Stewart St. - Seattle, WA 98101*

1  with that?
2         MR. HARRIGAN:  No, your Honor.  I understand what
3  you said, and we will comply with the rules.
4         THE COURT:  Then in terms of the schedule that I'm
5  setting, it will be confirmed in a minute order issued by
6  the clerk's office, but it will be based on the following:
7  I cannot give you a firm date of when the Findings and
8  Conclusions will be complete.  I will tell you that we
9  have an internal schedule, which we agreed to a long time
10 ago, and which we have been diligently following.  We are
11 reaching the point of conclusion in drafting and are
12 beginning the process of editing and finalization.  The
13 light you see at the end of the tunnel is the approaching
14 train.
15     The deadlines that I am going to give you are set off
16 of the date that the Findings and Conclusions are filed.
17 Take that as day one.
18     Your close of fact discovery will be 30 days after
19 that.  And I am setting a limit of two depositions on
20 liability for breach of contract, and four depositions on
21 damages.  I believe that you already have completed much
22 of your discovery, since there were a number of witnesses
23 who testified at trial, who testified about things that
24 happened during the negotiation.  And, therefore, I am
25 giving you very limited additional discovery, and you

don't need to use it.

In terms of your interrogatories and requests for production, I have already indicated that you are supplementing your existing responses, and I do not believe it is appropriate to issue new discovery.

Forty days after the Findings and Conclusions are filed there will be a simultaneous exchange of opening expert reports.  Fifty days after Findings and Conclusions are filed there will be a simultaneous exchange of rebuttal expert reports.  Sixty-five days from day one there will be the close of expert discovery.  Seventy-five days after the filing of Findings and Conclusions, dispositive motions and Daubert motions are due.  And the court will hear those on a two-week briefing schedule.

The court then sets a hard date, July 29, 2013, motions in limine due.  I have switched off of days after filing it, and I am now giving you a hard date.  Motions in limine are due, and they are limited to three per side, and they are not to include subparts, having learned my lesson last time from you guys.

Responses to motions in limine will be due on August 5, 2013.  Remember, motions in limine do not follow the motion-response-reply rule, there are motions and then there are responses.

August 13, 2013 will be your pretrial conference.

1    After an appropriate drum roll, the trial in this
2  matter will be on August 26th, 2013.  I won't set a length
3  for that trial until a closer time.  I thought your
4  estimates of a four- to five-day trial are probably fairly
5  accurate.  This is not going to be a situation where we
6  are going to have three days of jury selection.  My
7  colleagues in the Northern District of California have
8  already told me about their experiences, and told me that
9  was not helpful.
10      As both parties have tried cases in front of me,
11  including parts of this one, you know that we intend to
12  get down to business.  I anticipate that we will finish
13  easily within six to seven trial days.
14      Gentlemen, that is the schedule that the court is
15  setting.  Mr. Harrigan, representing the plaintiff, do you
16  have any questions?
17          MR. HARRIGAN:  On the number of depositions, is
18  that per side?
19          THE COURT:  Yes.  Mr. Palumbo, anything from
20  Motorola?
21          MR. PALUMBO:  Yes, just clarification.  The two
22  depositions on liability and four on damages, is that fact
23  only, or are you including expert in that, your Honor?
24          THE COURT:  Fact only.
25          MR. PALUMBO:  Then I have no other questions.

1           THE COURT:  All right.  I trust that I have ruined
2  everyone's summer vacation, including mine.
3           MR. PALUMBO:  You have.
4           THE COURT:  As I say, I have certain constraints
5  that dictate that we are doing it in this manner.  But I
6  think the quality of the result takes precedence over my
7  plans to go fishing.
8       Thank you, counsel.  I appreciate you bringing this
9  matter up, and hopefully I have given you the guidance
10  that you need.
11           MR. PALUMBO:  Thank you, your Honor.
12           MR. HARRIGAN:  Thank you, your Honor.
13           THE COURT:  To the Quinn Emanuel people, welcome
14  aboard.  I look forward to seeing you in court.  We will
15  be in recess.
16                       (Adjourned.)

*Barry L. Fanning, RMR, CRR - Official Court Reporter*
*Suite 17205 - 700 Stewart St. - Seattle, WA 98101*

**CERTIFICATE**

I, Barry L. Fanning, Official Court Reporter, do hereby certify that the foregoing transcript is true and correct.

**S/Barry L. Fanning**

_____
**Barry L. Fanning**