HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                Plaintiff,<br>v.<br><br>MOTOROLA INC., et al.,<br><br>                Defendants.<br><br>MOTOROLA MOBILITY, LLC, et al.,<br><br>                Plaintiffs,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | Case No. C10-1823-JLR<br><br>AGREED MOTION TO SEAL PORTIONS OF APRIL 19, 2013 ORDER AND DEPOSITION DESIGNATIONS<br><br>**Noted:** Thursday, April 25, 2013<br><br>**Hearing:** Friday, April 26, 2013, 9:00 am |

      Plaintiff Microsoft Corporation ("Microsoft"), and defendants Motorola, Inc., Motorola Mobility LLC (formerly Motorola Mobility, Inc.) and General Instrument Corporation ("Motorola"), by and through their counsel below, hereby submit this Agreed Motion to Seal in accordance with the Court's Order, dated April 19, 2013 (the "Order") (Dkt. 672).

AGREED MOTION TO SEAL PORTIONS OF
APRIL 19, 2013 ORDER AND DEPOSITION
DESIGNATIONS - 1
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# I. INTRODUCTION

The Court's Order directed the Parties to file (1) a proposed joint redacted version of the court's Findings and Conclusions and (2) a proposed joint redacted version of the parties' deposition designations. Accordingly, along with this Agreed Motion, the Parties are filing under seal the following Exhibits:

- Exhibit 1A is the Parties' proposed redacted version of the Court's April 19, 2013 Findings and Conclusions. Exhibit 1B is identical, except that the redactions proposed by Microsoft are highlighted in green and those proposed by Motorola are highlighted in orange.

- Exhibits 2A, 3A and 4A are, respectively, the Parties' proposed redacted versions of the deposition designations of Leo Del Castillo, Albert Penello, and Timothy Kowalski. Exhibits 2B, 3B, and 4B are identical, except that the redactions proposed by the parties remain viewable and appear in a red box.

- Exhibit 5 consists of a complete set of the remaining deposition designations from which all *non-designated* portions have been removed, leaving only the designated portions that may have been submitted by the Parties as relevant evidence.[1]

The color-coded highlighting of the Parties' respective proposed redactions in Exhibits 1B, 2B, 3B, and 4B is provided for the Court's convenience only. Neither Party opposes the other Party's proposed redactions.

# II. LEGAL AUTHORITY & ARGUMENT

A.   **Legal Standard.**

A party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.*, at 1179 (citing *Nixon v.*

---

[1] Consistent with separate communication with the Court, the Parties understand that the Court does not intend to publicly release non-designated portions of any deposition transcripts that were not introduced as evidence at trial and are not referenced in the Court's Findings and Conclusions. Non-designated portions also have been removed from Exhibits 2, 3 and 4.

AGREED MOTION TO SEAL PORTIONS OF
APRIL 19, 2013 ORDER AND DEPOSITION
DESIGNATIONS - 2
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

*Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.,* 2010 WL 786021, at *2 (quotations omitted).

In accordance with Local Civil Rule 5(g)(3)(A), undersigned counsel for the Parties certify that, on April 24 and 25, Ellen Robbins (for Microsoft) and Samuel Brenner (for Motorola) met and conferred, both telephonically and via email, regarding the need for, and extent of, the proposed redactions that appear on Exhibits 1, 2, 3 and 4.

**B.     Microsoft: Compelling Reasons Exist to Seal Information Disclosing Trade Secrets Relating to the Next Generation of Microsoft's Xbox Game Console.**

Microsoft has proposed redactions only for those limited portions of the Court's Findings and Conclusions (Ex. 1) and the deposition designations of Mr. Del Castillo (Ex. 2) and Mr. Penello (Ex. 3) that disclose Microsoft's trade secret information relating to the yet-to-be-released next generation Xbox game console. The limited redactions proposed by Microsoft are highlighted in green on Exhibit 1B and identified with a red box in Exhibits 2B and 3B. These selections are fully redacted in the corresponding versions that the Parties have agreed may be publicly disclosed (Exs. 1A, 2A and 3A).

Exhibits 1, 2 and 3 disclose highly sensitive product development and marketing plans for Microsoft's next generation Xbox game console; information that was protected from public disclosure during the course of trial. Compelling reasons exist to maintain this information under seal.

Prior to trial, Microsoft filed a Motion to Seal certain exhibits, including a number that disclosed trade secrets relating to the next generation Xbox console (Dkt. 510). The Motion was

AGREED MOTION TO SEAL PORTIONS OF
APRIL 19, 2013 ORDER AND DEPOSITION
DESIGNATIONS - 3
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

supported by the declaration of Mr. Del Castillo (Dkt. 514) (the "Del Castillo Decl."). Microsoft's request was granted and, at trial, the courtroom was closed during relevant portions of Mr. Del Castillo's testimony.

As explained in Mr. Del Castillo's declaration, this information is not generally known to the public or Microsoft's competitors. Del Castillo Decl., ¶ 3. Microsoft takes pains to ensure that information regarding Microsoft's strategic objectives, feature descriptions and development and marketing timelines remain confidential and protected against unauthorized disclosure, including by disclosing such information only under appropriate non-disclosure agreements and/or the terms of a Protective Order. *Id.* Microsoft also restricts internal access to such information. *Id.*

Public disclosure of the trade secret information discussed in Exhibits 1, 2 and 3 would cause competitive harm to Microsoft. *Id.*, ¶ 5. Microsoft seeks to differentiate its Xbox and Windows products and services from those of its competitors, providing its customers with a higher quality product, exclusive features and a superior user experience. *Id.* Microsoft invests heavily in its efforts to achieve these goals, and expends significant time, effort and resources developing its product and marketing plans to reach these objectives and maintain or increase market share. *Id.*

Accordingly, Microsoft submits that compelling reasons exist to maintain under seal the strategic planning and marketing information relating to Microsoft's next generation Xbox game console described in Exhibits 1, 2 and 3.[2]

---

[2] *See, e.g., DISH Network, L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009) (sealing documents containing "descriptions of Defendants' products [that] could serve as a blueprint for others to design similar products to circumvent DISH Network's security system enabling more individuals to steal DISH Network programming"); *TriQuint Semiconductor,* 2011 WL 6182346, at *3 (finding "compelling reasons" to seal where competitive standing would be harmed if competitors obtain information regarding business strategies, including "development spending, budgets, and development processes" because disclosure would significantly harm competitive standing by allowing "competitors to tailor their own capital expenditures, budgets, and business strategies to compete against TriQuint more effectively"); *Krieger v. Atheros Communications, Inc.*, 2011 WL 2550831, *1 (N.D. Cal. June 25, 2011) (sealing document containing "long-term financial projections, discussions of business strategy, and competitive analyses."); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, *3 (S.D. Cal. May 24, 2012) (sealing documents containing confidential sales and advertising data and including a detailed discussion of "sales, merchandise costs, costs of goods sold, royalty costs, promotional costs, and personnel costs.").

AGREED MOTION TO SEAL PORTIONS OF
APRIL 19, 2013 ORDER AND DEPOSITION
DESIGNATIONS - 4
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**C. Motorola: Compelling Reasons Exist To Redact Information that Discloses Motorola Licensing Pricing Terms and Royalty Rates.**

As Motorola stated in its October 29, 2012 Motion to Seal (Dkt. 495 at 9-11), the confidential terms of license agreements constitute trade secrets within the Ninth Circuit's definition. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008); *see also TriQuint Semiconductor v. Avago Techs., Ltd.,* No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *3-7 (D. Ariz. Dec. 13, 2011) (sealing documents containing sensitive financial information and licensing information); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283420, at *9 (N.D. Cal. Aug. 10, 2012) (sealing details of license agreement). Motorola, along with numerous third parties, has submitted sworn declarations attesting to the highly confidential and sensitive nature of the licensing terms in question, and the competitive harm that would result from public disclosure of these highly confidential terms. *See, e.g.*, Dkt. 496 (declaration of Brian C. Blasius); Dkt. 551 at 4 (collecting third party declarations). Commensurate with the Court's orders of November 19, 2012, regarding the treatment of information concerning "pricing terms, royalty rates, and guaranteed minimum payment terms" in licensing agreements, there are compelling reasons to redact this information from both the Court's Findings and Conclusions (Ex. 1) and the deposition of Timothy Kowalski (Ex. 4). As noted above, Motorola's proposed redactions to these documents are highlighted in orange in Exhibit 1B and identified with a red box in Exhibit 4B. These selections have been fully redacted in the versions the Parties have agreed may be publicly disclosed, Exhibits 1A and 4A.

## III. CONCLUSION

For the foregoing reasons, the Parties respectfully request an order sealing those portions of Exhibits 1, 2, 3 and 4 identified by the Parties as disclosing confidential and trade secret information, and that only the redacted versions (Exhibits 1A, 2A, 3A and 4A) be made part of the public record. The Parties also request that only those deposition transcripts from which all non-designated portions have been removed (Exhibit 5) be made part of the public record.

AGREED MOTION TO SEAL PORTIONS OF
APRIL 19, 2013 ORDER AND DEPOSITION
DESIGNATIONS - 5
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1 | DATED this 25th day of April, 2013.

2

3 | CALFO HARRIGAN LEYH & EAKES LLP

4 | By  s/ Arthur W. Harrigan, Jr.
  |     Arthur W. Harrigan, Jr., WSBA #1751
5 |     Christopher Wion, WSBA #33207
  |     Shane P. Cramer, WSBA #35099

6

7 | By  s/ T. Andrew Culbert
  |     T. Andrew Culbert
8 |     David E. Killough

9 | MICROSOFT CORPORATION
  | 1 Microsoft Way
10 | Redmond, WA  98052
  | Phone:  425-882-8080
11 | Fax:  425-869-1327

12
  | David T. Pritikin
13 | Richard A. Cederoth
  | Constantine L. Trela, Jr.
14 | William H. Baumgartner, Jr.
  | Ellen S. Robbins
15 | Douglas I. Lewis
  | David C. Giardina
16 | John W. McBride
  | David Greenfield
17

18 | SIDLEY AUSTIN LLP
  | One South Dearborn
19 | Chicago, IL  60603
  | Phone:  312-853-7000
20 | Fax:  312-853-7036

21
  | Carter G. Phillips
  | Brian R. Nester
22

23 | SIDLEY AUSTIN LLP
  | 1501 K Street NW
24 | Washington, DC  20005
  | Telephone:  202-736-8000
25 | Fax:  202-736-8711

Counsel for Microsoft Corp.

AGREED MOTION TO SEAL PORTIONS OF
APRIL 19, 2013 ORDER AND DEPOSITION
DESIGNATIONS - 6
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

SUMMIT LAW GROUP PLLC

By  s/ Ralph H. Palumbo
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    *ralphp@summitlaw.com*
    *philm@summitlaw.com*

By  s/ Thomas V. Miller
    Thomas V. Miller

MOTOROLA MOBILITY LLC
600 North U.S. Highway 45
Libertyville, IL 60048-1286 (847) 523-2162

Kathleen M. Sullivan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000

Brian C. Cannon
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

William C. Price
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Counsel for Motorola Solutions, Inc., Motorola Mobility LLC General Instrument Corp.

AGREED MOTION TO SEAL PORTIONS OF
APRIL 19, 2013 ORDER AND DEPOSITION
DESIGNATIONS - 7
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 25th day of April, 2013, I caused the preceding document to be served on counsel of record in the following manner:

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA  98104-2682<br>Telephone:  206-676-7000<br>Email: Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ Email |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>Telephone:  (212) 596-9046<br>Email: steven.pepe@ropesgray.com<br>Email: jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ Email |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284<br>Telephone:  (650) 617-4030<br>Email:  norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ Email |
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ Email |

AGREED MOTION TO SEAL PORTIONS OF
APRIL 19, 2013 ORDER AND DEPOSITION
DESIGNATIONS - 8
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | | |
|---|---|---|
| Andrea Pallios Roberts (*pro hac vice*) | _____ | Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ | US Mail |
| 555 Twin Dolphin Drive, 5th Floor | _____ | Facsimile |
| Redwood Shores, CA 94065 | __X__ | Email |
| Telephone: (650) 801-5000 | | |
| Email: andreaproberts@quinnemanuel.com | | |

| | | |
|---|---|---|
| Brian C Cannon (*pro hac vice*) | _____ | Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ | US Mail |
| 555 Twin Dolphin Drive, 5th Floor | _____ | Facsimile |
| Redwood Shores, CA 94065 | __X__ | Email |
| Telephone: (650) 801-5000 | | |
| Email: briancannon@quinnemanuel.com | | |

| | | |
|---|---|---|
| Kathleen M. Sullivan (*pro hac vice*) | _____ | Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ | US Mail |
| 51 Madison Ave., 22nd Floor | _____ | Facsimile |
| New York, NY 10010 | __X__ | Email |
| Telephone: (212) 849-7000 | | |
| Email: kathleensullivan@quinnemanuel.com | | |

| | | |
|---|---|---|
| William Price (*pro hac vice*) | _____ | Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ | US Mail |
| 865 S. Figuera St., 10th Floor | _____ | Facsimile |
| LOS ANGELES, CA 90017 | __X__ | Email |
| Telephone: 213-443-3000 | | |
| Email: williamprice@quinnemanuel.com | | |

DATED this 25th day of April, 2013.

/s/ Florine Fujita
Florine Fujita

AGREED MOTION TO SEAL PORTIONS OF
APRIL 19, 2013 ORDER AND DEPOSITION
DESIGNATIONS - 9
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717