# SUMMIT LAW GROUP®

*a professional limited liability company*

RALPH H. PALUMBO
DID: (206) 676-7042
EMAIL: ralph@summitlaw.com

May 1, 2013

The Honorable James L. Robart
United States District Court
Western District of Washington
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

Re:   *Microsoft Corp.* v. *Motorola Mobility, Inc.*
      Case No. C10-1823-JLR

Dear Judge Robart:

## I.   Preliminary Statement.

More than two years after Plaintiff Microsoft Corporation ("Microsoft") rushed to Court to file this action, and nearly nine months after the close of fact discovery, and after the Court instructed the parties on March 14, 2013 that they had prior ongoing duties to supplement their discovery responses, Microsoft on April 3, 2013 supplemented its discovery responses to disclose brand new damages theories. This late disclosure after the Court set discovery limitations and the schedule prejudices Defendant Motorola Mobility's ("Motorola's") ability to prepare for trial.

Previously, Microsoft stated that it sought only attorneys' fees as damages for Motorola's alleged breach of contract. Now, Microsoft claims, among other things, more than $11 million in damages from its decision to move its European distribution facilities from Germany to the Netherlands purportedly as a result of an injunction Motorola requested in Germany (which never took effect). Microsoft moved this facility in April 2012 but sat silent on this damages theory until April 3, 2013. Nor did Microsoft disclose any documents or witnesses with knowledge of these theories (or Microsoft's original damages theories for that matter) until after the Order issued. And, Microsoft disclosed a greater number of fact witnesses relating to damages than Motorola is permitted to depose.

4822-7705-7299.1

315 FIFTH AVE S SUITE 1000
SEATTLE, WASHINGTON 98104
*telephone* 206 676-7000
*facsimile* 206 676-7001
www.summitlaw.com

The Honorable James L. Robart
May 1, 2013
Page 2

The Federal Rules of Civil Procedure impose on parties a continuing obligation to supplement initial disclosures and requires the party seeking damages to provide a computation of such damages. Where a failure to supplement is neither harmless nor substantially justified, the remedy is the automatic exclusion of evidence and reliance on such theories. Microsoft failed to comply with its discovery obligations and that failure is prejudicial to Motorola, who was deprived of the opportunity to take full discovery on these issues or even present the issue to the Court as part of the scheduling briefing. As a result, in order to maintain the trial schedule, this Court should preclude Microsoft from relying on its newly disclosed damages theories and introducing evidence at trial relating to such theories. In the alternative, the Court should grant Motorola leave to take additional discovery on Microsoft's new theories and adjust the case schedule to accommodate such discovery.

## II.   Statement of Relevant Facts.

### A.   Microsoft Serves Initial Disclosures That Do Not Include a Computation of Damages.

Microsoft served its Initial Disclosures on February 7, 2011. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Microsoft stated:

> Microsoft claims its damages arising out of Defendants' breaches of their contractual commitments to the IEEE-SA, ITU-T, and Microsoft, as well as Microsoft's damages arising out of its reliance on Defendants' promise that they would license any essential patents on RAND terms and conditions. Microsoft also seeks injunctive and declaratory relief. Without the benefit of discovery, Microsoft is not able at this time to provide a computation of damages, but will seek all damages available under law. Microsoft's damages include those that it has suffered as a result of defending against Defendants' actions in the District Court for the Western District of Wisconsin and before the ITC to enjoin or exclude Microsoft from practicing the WLAN/802.11 and H.264 standards.

(Declaration of Andrea Pallios Roberts, Ex. A.) Microsoft twice supplemented its Initial Disclosures, adding witnesses in June and July of 2012, but never provided a computation of damages. (*See id.*, Exs. B-C.) Nor did it identify any witnesses with knowledge of the facts underlying its claim for damages. (*Id.*)

The Honorable James L. Robart
May 1, 2013
Page 3

### B. The Court Provides Limited Additional Fact Discovery on Damages Issues.

On March 14, 2013, this Court issued a Minute Order setting the case schedule. (Dkt. No. 663.) Microsoft had argued that it should not be required to supplement its initial disclosures until 20 days after this Court issued its RAND order. (Dkt. No. 661 at 2.) This Court did not adopt that suggestion. Rather, the Court stated that the parties should have been supplementing their discovery responses pursuant to Rule 26. (Roberts Decl., Ex. D - 3/14/13 Hearing Tr., 4:23-5:1 ("it is unclear to me why you are talking about supplementation of discovery responses, <u>as you are supposed to be supplementing your discovery responses as you go along</u>, according to the Civil Rules")) (emphasis added). The Court set the deadline for completion of fact discovery at 30 days following the Court's findings and conclusions for the November 13, 2012 trial. (Dkt. No. 663.) Thus, fact discovery must be completed by May 20, 2013. The Court's order limits discovery to two depositions on liability and four depositions on damages. (Dkt. No. 663.) Significantly, the Court did not permit the parties to serve any additional written discovery requests. Thus, written discovery on damages closed on July 18, 2012. Dkt. No. 346. The Court further set the deadline for opening expert reports for 40 days following the Court's findings and conclusions (May 29), and the deadline for rebuttal expert reports only 10 days later (June 10). (*Id.*) The Court set trial for August 26, 2013. (*Id.*)

### C. Microsoft Significantly Expands Its Damages Theories.

On April 3, 2013, Microsoft served a supplemental response to Motorola's interrogatory seeking the facts supporting Microsoft's contentions as to its damages theories. (Roberts Decl., Ex. E.) Microsoft identified four bases on which it claims damages for Motorola's alleged breach: (1) Microsoft's legal expenses incurred in defending Motorola's patent infringement actions in the ITC, U.S. district courts, and Germany, (2) the costs incurred by Microsoft to relocate its EMEA distribution center from Germany to the Netherlands allegedly in preparation for complying with an injunction in Germany that was never enforced and the ongoing increased operation costs in the Netherlands, (3) Motorola's alleged refusal to grant a license to Marvell, and (4) Motorola's alleged refusal to grant Microsoft a license under Google's MPEG-LA license.[1]

---

[1] Microsoft's interrogatory response does not articulate what damages it is claiming for (3) and (4).

The Honorable James L. Robart
May 1, 2013
Page 4

### D. Microsoft Delays Providing a Rule 30(b)(6) Witness on Damages.

On April 5, 2013—two days after receiving notice of Microsoft's new theories—Motorola served a Rule 30(b)(6) deposition notice on Microsoft directed at Microsoft's damages theories. (*Id.*, Ex. F.) Given the short amount of time the parties have to complete fact discovery, Motorola noticed the deposition for April 15 and requested that relevant documents be produced at least two days before such depositions. (*Id.*) Motorola also sent Microsoft a letter on the same date, explaining that it was improper under the Rules for Microsoft to disclose new damages theories at this late date, and that Motorola will be prejudiced if Microsoft is permitted to pursue them. (*Id.*, Ex. G.) Motorola asked Microsoft to agree that Motorola can serve additional requests for production, interrogatories, and requests for admission targeted at these newly disclosed theories because Motorola did not have the opportunity to do so during fact discovery. (*Id.*) Motorola further asked Microsoft to supplement its Initial Disclosures to identify persons with knowledge of these new theories because the witnesses then-currently disclosed did not appear to have such knowledge, and to agree that Motorola could take more than four deposition on damages to the extent Microsoft disclosed more than three new witnesses. (*Id.*)

Microsoft did not provide a witness on the noticed date, stated that it could not complete its document production prior to that date, and stated that it does not agree that Motorola can serve discovery beyond that permitted by the Court's March 14, 2013 order. (*Id.*, Ex. H.)

### E. Microsoft Identifies More Witnesses Than Motorola Is Permitted to Depose.

Microsoft supplemented its Initial Disclosures on April 12 (at Motorola's request) to include a computation of damages and to identify witnesses expected to testify on its damages theories. (Roberts Decl., Ex. I.) The supplemental disclosure calculates damages for relocation of the EMEA distribution facility at $11 million, but provides no calculation of Microsoft's attorneys' fees, the damages stemming from Motorola's alleged refusal to grant a license to Marvell, or Motorola's alleged refusal to grant Microsoft a license under Google's MPEG-LA license. At the same time, Microsoft disclosed five new witnesses as potential trial witnesses on Microsoft's damages claims: David Killough, Jeff Davidson, Jon DeVaan, Marcello Prieto, and Josh Hutto. Motorola again explained the prejudice caused by Microsoft's late disclosure of its new damages theories, including the fact that Microsoft disclosed more witnesses than Motorola is permitted to disclose. (*Id.*, Ex. J.) Microsoft once again responded that it did not agree to provide Motorola additional discovery on these new theories. (*Id.*, Ex. K.)

4822-7705-7299.1

The Honorable James L. Robart
May 1, 2013
Page 5

The parties met and conferred by telephone about this issue on April 26 and April 29, 2013. (Roberts Decl., ¶ 11.) On April 29, Microsoft finally provided Motorola with deposition dates and witnesses, identifying Killough to testify on several topics on May 6, DeVaan on one topic for four hours on May 7, and Davidson on one topic on an unidentified date. (*Id.*.) Davidson is designated to testify on Topic 8 in Motorola's 30(b)(6) notice, which is directed at the costs and cause of Microsoft relocating its distribution facilities. (*Id.*, ¶ 11, Ex. F.) Microsoft stated that if Motorola deposes each of the witnesses in his individual capacity and in his 30(b)(6) capacity, Motorola will have taken four depositions. (*Id.*, ¶ 11.) In other words, the Court's March 14 Order does not permit Motorola to depose Prieto or Hutto, or any other knowledgeable witnesses Motorola discovers. Microsoft also advised that its document production was not yet complete, but would be soon. To date, Microsoft's supplemental productions have included invoices relating to attorneys' fees and costs, invoices relating to relocating the EMEA distribution facilities, and a handful of communications relating to the relocation.

### III.   Argument.

#### A.   Legal Standard.

Rule 26 of the Federal Rules of Civil Procedure requires initial disclosure of "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. Proc. 26(a)(1)(A)(iii). The underlying purpose of this rule is to accelerate the exchange of information needed to prepare for trial, and assist the parties in focusing and prioritizing discovery. *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Rule 26(e)(1) requires timely supplementation of initial disclosures and discovery responses whenever the disclosing party learns that a disclosure or response is incomplete or incorrect and the additional or corrected information has not otherwise been made known during discovery. Fed. R. Civ. P. 26(e)(1) (requiring a party to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"); *see also Reimer v. Center for Counseling & Health Resources*, No. C07-1123, 2008 WL 2944900, at *1 (W.D. Wash. July 17, 2008) ("As the parties' investigations proceed over the course of litigation, they are required to supplement these initial disclosures under Rule 26(e).").

4822-7705-7299.1

The Honorable James L. Robart
May 1, 2013
Page 6

Rule 37(c)(1) provides, in relevant part, that "[a]party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to [the Rule 26] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1006 (9th Cir. 2001) (footnote reference omitted); *see also Veritas Operating Corp. v. Microsoft Corp.*, 2008 WL 657936, at *26 (W.D. Wash. Jan. 29, 2008), *adopted by* 2008 WL 687116 (W.D. Wash. Mar. 11, 2008). The Rule 37 sanctions are "automatic" unless the failure to disclose or timely supplement was "substantially justified or is harmless." *Yeti by Molly, Ltd.*, 259 F.3d at 1106 ("The Advisory Committee Notes describe it [Rule 37(c)(1) ] as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material.'") (quoting Committee Notes, 1993 Amendments; *Nw. Pipeline Corp. v. Ross*, No. C05-1605, 08 WL 1744617, at *8 (W.D. Wash. Apr. 11, 2008) (same).

      **B.**    **Microsoft Failed to Comply With Its Obligation Under Rule 26 and Such Failure Was Neither Harmless Nor Substantially Justified.**

Microsoft did not provide a computation of damages in its Initial Disclosures as required by Rule 26 and certainly did not do so with respect to its damages theories relating to the costs incurred by Microsoft to relocate its EMEA distribution center from Germany to the Netherlands, Motorola's alleged refusal to grant a license to Marvell, and Motorola's alleged refusal to grant Microsoft a license under Google's MPEG-LA license. Microsoft's late disclosure of these theories is prejudicial to Motorola and this Court should enforce the automatic sanction and preclude Microsoft from relying and introducing evidence on these theories. Notably, Microsoft does not claim it was substantially justified in failing to disclose these damages theories and the witnesses that will testify about them earlier in the litigation. Nor is Microsoft's late disclosure harmless. Rather, Microsoft's failure to comply with Rule 26 is prejudicial to Motorola for several reasons.

*First*, under this Court's March 14, 2013 order, Motorola is not permitted to serve any additional written discovery. As a result, Motorola cannot request any documents targeted at undermining Microsoft's new theories. Were it permitted to do so, Motorola would serve document requests regarding, for example, (1) whether Microsoft previously considered relocating its EMEA distribution facilities, (2) other factors weighing in favor of relocating the EMEA distribution facilities in the spring of 2012, such as other litigation or business considerations, (3) Microsoft's decision to not use Germany's *Orange Book* procedure to avoid an injunction, and (4) Microsoft's decision to relocate

4822-7705-7299.1

The Honorable James L. Robart
May 1, 2013
Page 7

its EMEA distribution facilities, even though it obtained an anti-suit injunction in this case and therefore the German injunction was never enforced. Microsoft may argue that it is producing documents relating to these new theories, but Microsoft is producing cherry-picked documents that <u>Microsoft</u> deems relevant to its new theories. To date, Microsoft has produced little in the way of internal communications discussing the move to the Netherlands. Such documents are reasonably calculated to lead to the discovery of admissible evidence. Depriving Motorola of the opportunity to seek such documents is prejudicial.[2]

*Second*, under the Court's March 14, 2013 schedule, Motorola cannot depose all of Microsoft's newly disclosed witnesses, let alone additional witnesses who may have knowledge relevant to these theories. As discussed above, Microsoft contends that if Motorola deposes Killough, Davidson, and DeVaan in both their personal and 30(b)(6) capacities, Motorola will have taken its limit of four depositions. Thus, Motorola cannot depose the other two witnesses on which Microsoft intends to rely at trial on damages issues. Moreover, there are likely additional witnesses with knowledge of facts relating to these theories that Motorola should be permitted to depose. Under the Court's order, Motorola cannot do so. And, although Motorola served its 30(b)(6) notice nearly a month ago and fact discovery closes in less than three weeks, Microsoft has yet to provide a date on which its designee will be available to testify about the relocation of Microsoft's EMEA distribution facility. Motorola will be prejudiced if Microsoft is permitted to pursue this theory, but Motorola does not have the opportunity to depose the witnesses with knowledge of facts relevant to that theory.

*Finally*, the late disclosure of this new theory leaves Motorola with little time to secure an expert witness on this topic. And without the necessary documents or deponents, Motorola's experts will have a very small window of time before expert reports are due May 29, 2013 to analyze the documents and deposition testimony and render expert opinions. In contrast, Microsoft has known of its alleged damages from moving the EMEA distribution facility since it moved the facility more than year ago, and has been able to develop its case accordingly.

Because Microsoft cannot show that its failure to disclose was substantially justified or harmless to Motorola, Microsoft should be precluded from relying on its new damages theories.

---

[2] Motorola also is not permitted to serve interrogatories or requests for admission on these new theories.

The Honorable James L. Robart
May 1, 2013
Page 8

### C.   In the Alternative, Motorola Should Be Granted Discovery Relief.

If the Court does not issue a preclusion order under Rule 37, Motorola respectfully requests that the Court modify its March 14, 2013 scheduling order so that Motorola has the opportunity to take discovery on Microsoft's new theories. Specifically, Motorola requests leave to serve up to 10 requests for production of documents, 3 interrogatories, 50 requests for admission, and an additional 2 depositions on damages issues (a total of 6 damages-related depositions). Motorola further requests that Microsoft be required to respond to Motorola's written discovery within two weeks of service, complete its document production in 21-days, and the deadlines to complete fact discovery, expert reports and expert discovery, and file dispositive motions each be extended by 30 days so that Motorola can take this discovery.[3]

### IV.   Conclusion.

For the foregoing reasons, this Court should preclude Microsoft from relying on its new damages theories.

Respectfully,

SUMMIT LAW GROUP PLLC

/s/ Ralph H. Palumbo

Ralph H. Palumbo

cc:   All Counsel of Record

---

[3] Such modifications to the schedule may require moving the August 26, 2013 trial date. Precluding Microsoft from relying on its new damages theories will preserve the trial date.

4822-7705-7299.1