# EXHIBIT J

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL: (650) 801-5000 FAX: (650) 801-5100

April 22, 2013

<u>VIA E-MAIL</u>

Shane Cramer
Calfo Harrigan Leyh & Eakes LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104

Re:   <u>Microsoft Corp. v. Motorola Mobility, Case No. C10-1823-JLR</u>

Dear Mr. Cramer:

I write to follow up on my April 5 letter and your April 9 response. Motorola maintains that it is improper and prejudicial for Microsoft to disclose new theories after the close of fact discovery. That Microsoft supplemented its Initial Disclosures on April 12 (at Motorola's request) to include a computation of damages and to identify witnesses expected to testify on its damages theories does not cure this prejudice for several reasons.

First, on April 12, Microsoft disclosed five new witnesses as having knowledge related to Microsoft's damages claims.[1] Yet, the Court's March 14 order limits Motorola to only four depositions on the issue of damages. Motorola needs to take at least six depositions relating to damages: a 30(b)(6) deposition (for which Motorola already served a notice), Mr. Killough, Mr. Davidson, Mr. DeVaan, Mr. Prieto, and Mr. Hutto. These individuals may identify other persons

---

[1]   Although Mr. DeVaan was deposed earlier in the case, he had not been disclosed by Microsoft as having knowledge relating to Microsoft's damages theories, thus Motorola was not on notice to take discovery from him on those issues.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

01980.62689/5275798.1

April 22, 2013

with relevant knowledge to the parties' claims and defenses who Motorola should be permitted to depose if necessary. Microsoft's late disclosure and refusal to agree that Motorola can take additional discovery relating to damages precludes Motorola from doing so.

Second, Motorola served a Rule 30(b)(6) deposition notice relating to damages issues on April 5. Motorola noticed the deposition for April 15, but Microsoft refused to produce a witness on that date. Two weeks have now elapsed since Motorola served its deposition notice, but Microsoft has yet to designate a witness or witnesses or provide a deposition date. This is prejudicial to Motorola because there is a limited amount of time for the parties to complete discovery, and Motorola is effectively "starting from scratch" due to Microsoft's new theories.

Third, Microsoft has not indicated when it expects to complete its document production, but simply indicated that it would produce documents on a rolling basis. Thus, Motorola has no idea how soon Microsoft's production relating to these new theories will be complete. Moreover, it appears that Microsoft is producing documents that <u>support</u> its damages theories, specifically invoices. Microsoft should also produce documents that do not support its theories. Motorola is entitled to inspect documents that will allow it to test Microsoft's theories. For example, Microsoft should produce all documents relating to the decision to relocate the EMEA distribution facilities, at any time and for any reason. In other words, if Microsoft has ever previously considered relocating such facilities, Microsoft should produce documents reflecting that. Microsoft should similarly produce any documents discussing other factors weighing in favor of relocating the EMEA distribution facilities in the spring of 2012, such as other litigation or business considerations, Microsoft's decision to not use the *Orange Book* procedure to avoid an injunction, and Microsoft's decision to relocate its EMEA distribution facilities, even though it obtained an anti-suit injunction in this case. Simply producing invoices showing the costs of the move is insufficient. These are merely examples of the types of documents relevant to Motorola's defenses. Were Motorola permitted to serve additional requests for production, it would serve requests specifically targeted at these issues. But, because Microsoft failed to disclose its new damages theories during fact discovery, it deprived Motorola of the opportunity to do so.

So that we can better understand the level of prejudice Motorola will suffer as a result of Microsoft's discovery misconduct, we would appreciate it if you would promptly provide the following:

1. The date by which Microsoft expects to complete its production of documents relating to its damages theories;
2. Confirmation that Microsoft will not limit its document production to documents which support its damages theories, but also include documents that do not support those theories. If Microsoft wishes, Motorola will prepare document requests that identify the categories of documents that should be produced.

April 22, 2013

3. The identities of the witness or witnesses who will be designated to testify on Microsoft's behalf on the topics in Motorola's April 5 30(b)(6) deposition notice;
4. The date(s) on which Microsoft's 30(b)(6) witness(es) will be made available for deposition in the United States; and
5. Confirmation that Microsoft will produce documents that each of its damages witnesses intends to testify about, or that Microsoft's experts intend to rely upon, sufficiently in advance of their depositions.

Please provide answers to these questions no later than tomorrow at 5 p.m.

Very truly yours,

*Andrea Pallios Roberts*

Andrea Pallios Roberts

CC: All counsel

APR

01980.62689/5275798.1

01980.62689/5275798.1

# EXHIBIT K

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES** LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

CHRIS WION

E-MAIL: CHRISW@CALFOHARRIGAN.COM
FACSIMILE: (206) 623-8717

April 24, 2013

**VIA EMAIL**

Andrea Pallios Roberts
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065-2139

    Re:   *Microsoft Corp. v. Motorola Mobility, et al.* Case No. 10-1823-JLR

Dear Ms. Roberts:

    We write in response to your letter of April 22.

    We are working to coordinate potential witness schedules and propose deposition dates to address any relevant, non-privileged aspects of the topics in Motorola's 30(b)(6) deposition notice. We expect to provide both proposed dates and anticipated witnesses soon. We anticipate significant overlap between our designees and the witnesses listed on our Rule 26 disclosure. We also reiterate Microsoft's proposal to enter into a stipulation regarding the reasonableness of both the hourly rates of Microsoft's counsel and the time counsel has spent on various relevant matters. This would streamline the deposition process by eliminating the need for examination on these subjects and obviating the need for Microsoft's own 30(b)(6) deposition, scheduled for Tuesday, April 30.

    As you know, over the past few weeks, we have been producing damage-related documents on a rolling basis, including several thousand pages of legal invoices. We are also in the process of collecting and reviewing additional documents relating to the relocation of Microsoft's EMEA distribution facilities from Germany to the Netherlands. We expect to complete this production next week and do not plan to withhold any documents on the basis that they are not supportive of Microsoft's positions. Any other documents relied upon by Microsoft's experts will be produced in accordance with the schedule for expert discovery.

    We will propose deposition dates that take into account your request that relevant documents be produced at least two days before deposition. Similarly, we request that Motorola provide any documents on which its 30(b)(6) designee(s) intend to rely by no later than Friday, April 26.

101

Andrea Pallios Roberts
April 24, 2013
Page 2

    Finally, we do not agree that the damage-related discovery authorized by the Court is inadequate or creates any material prejudice to Motorola, including for the reasons stated in our letter of April 9.

                                    Very truly yours,

                                    CALFO HARRIGAN LEYH & EAKES LLP

                                    Chris Wion