The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

                                    Plaintiff,

        v.

MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,

                                    Defendants.

CASE NO. C10-1822-JLR

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION TO PRECLUDE MICROSOFT FROM RELYING ON NEW DAMAGES THEORIES

NOTE ON MOTION CALENDAR:
Friday, May 10, 2013

## I.    INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, LLC, and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal the following:

1.    Exhibit I to the Declaration of Andrea Pallios Roberts in Support of Motorola's Motion to Preclude Microsoft From Relying on New Damages Theories.

## II.    BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.) This Protective Order

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
TO PRECLUDE MICROSOFT FROM RELYING ON NEW
DAMAGES THEORIES - 1
CASE NO. C10-1822-JLR
4828-0029-6979.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.   Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2.    This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.   Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id*. at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id*. at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule CR 5(g)(3) states that:

> If a party seeks to have documents filed under seal and no prior order in the case or statute specifically permits it, the party must obtain authorization to do so by filing a motion to seal or a stipulation and proposed order requesting permission to file specific documents under seal.  The court will allow parties to file entire memoranda under seal only in rare circumstances.  A motion or stipulation to seal

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
TO PRECLUDE MICROSOFT FROM RELYING ON NEW
DAMAGES THEORIES - 2
CASE NO. C10-1822-JLR
4828-0029-6979.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

usually should not itself be filed under seal.  A declaration or exhibit filed in support of the motion to seal may be filed under seal if necessary.  If possible, a party should protect sensitive information by redacting documents rather than seeking to file them under seal.  A motion or stipulation to seal should include an explanation of why redaction is not feasible.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited.  "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing."  *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.  See Fed. R. Civ. P. 26(c)(7).  Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden."  The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## III.   THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file Exhibit I to the Declaration of Andrea Pallios Roberts in Support of Motorola's

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
TO PRECLUDE MICROSOFT FROM RELYING ON NEW
DAMAGES THEORIES - 3
CASE NO. C10-1822-JLR
4828-0029-6979.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    Motion to Preclude Microsoft From Relying on New Damages Theories.   This document is

2    Microsoft Corporation's April 12, 2013 Supplemental Disclosures Pursuant to Federal Rule of

3    Civil Procedure 26(a)(1)(A)(i) and (iii).   Microsoft served this document on Motorola bearing the

4    designation "MICROSOFT CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE

5    ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."   This document

6    purports to set forth Microsoft's computation of damages.  Exhibit I should accordingly be sealed.

7    **IV.    CONCLUSION**

8          For the foregoing reasons, Motorola respectfully requests that this Court order that the

9    following document be filed under seal:

10         1.    Exhibit I to the Declaration of Andrea Pallios Roberts in Support of Motorola's
11               Motion to Preclude Microsoft From Relying on New Damages Theories

12         DATED this 1st day of May, 2013.

13

14                                              Respectfully submitted,

15                                              SUMMIT LAW GROUP PLLC

16                                              By /s/ Ralph H. Palumbo
17                                              By /s/ Philip S. McCune
18                                                  Ralph H. Palumbo, WSBA #04751
                                                    Philip S. McCune, WSBA #21081
19                                                  ralphp@summitlaw.com
                                                    philm@summitlaw.com
20
                                                By /s/ Thomas V.  Miller
21                                                  Thomas V. Miller
22                                                  MOTOROLA MOBILITY LLC
                                                    600 North U.S. Highway 45
23                                                  Libertyville, IL  60048-1286
                                                    (847) 523-2162
24

25

26

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
TO PRECLUDE MICROSOFT FROM RELYING ON NEW
DAMAGES THEORIES - 4
CASE NO. C10-1822-JLR
4828-0029-6979.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

And by

Kathleen M. Sullivan (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NW  10010
(212) 849-7000
*kathleensullivan@quinnemanuel.com*

Brian C. Cannon (*pro hac vice*)
Andrea Pallios Roberts (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065
(640) 801-5000
*briancannon@quinnemanuel.com*
*andreaproberts@quinnemanuel.com*

William C. Price (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017
(213) 443-3000
*williamprice@quinnemanuel.com*

Jesse J. Jenner (*pro hac vice* )
Steven Pepe (*pro hac vice* )
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*jesse.jenner@ropesgray.com*
*steven.pepe@ropesgray.com*
*kevin.post@ropesgray.com*

James R. Batchelder (*pro hac vice*)
Norman H. Beamer (*pro hac vice* )
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*james.batchelder@ropesgray.com*
*norman.beamer@ropesgray.com*

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
TO PRECLUDE MICROSOFT FROM RELYING ON NEW
DAMAGES THEORIES - 5
CASE NO. C10-1822-JLR
4828-0029-6979.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Paul M. Schoenhard (*pro hac vice*
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*

**Attorneys for Motorola Solutions, Inc.,
Motorola Mobility LLC and General
Instrument Corp.**

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
TO PRECLUDE MICROSOFT FROM RELYING ON NEW
DAMAGES THEORIES - 6
CASE NO. C10-1822-JLR
4828-0029-6979.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 1st day of May, 2013.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
TO PRECLUDE MICROSOFT FROM RELYING ON NEW
DAMAGES THEORIES - 7
CASE NO. C10-1822-JLR
4828-0029-6979.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001