# Exhibit 4

| | |
|---|---|
| **From:** | Ralph Palumbo <ralphp@SummitLaw.com> |
| **Sent:** | Friday, March 29, 2013 2:33 PM |
| **To:** | 'Art Harrigan'; Chris Wion; Shane Cramer |
| **Cc:** | Phil McCune; Brian Cannon; 'Andrea P Roberts' |

Art – The following is my understanding of the information you provided on our telephone call today. Let me know if the following misstates the information you shared with me in any way.

Microsoft's supplemental responses to Motorola's interrogatories on breach and damages will be filed early to mid-week the week of April 1. Microsoft's damages claim will have two elements.

- The first element of Microsoft's damages will be the costs incurred by Microsoft to move its operations in Germany to the Netherlands in preparation for a potential injunction in Germany. The damages amount includes the actual costs of moving from the German facility to the facility in the Netherlands. Microsoft will provide actual invoices as backup for this portion of the claim. The damages amount will also include the differential in costs between operating in Germany and the higher operation costs in the Netherlands. Microsoft will provide the damages amount for this portion of the claim and an explanation of the differential costs incurred. This portion of the damages claim is not identified by actual invoices.

- If Motorola notes a 30(b)(6) deposition on this portion of the damages claim, Microsoft may have to identify more than one person to respond – one for the moving costs and one for the differential operating costs. It is possible, perhaps likely, that one or both of these persons will reside in Europe.

- The second portion of Microsoft's damages claim will be the attorneys' fees incurred by Microsoft in connection with RAND claims in the Seattle action ('1823); RAND claims in the Wisconsin case ('343); RAND claims before the ITC; and RAND claims in the German action.

- In its supplemental response next week, Microsoft will state a not to exceed total attorneys' fee damages amount.

- By next week, Microsoft should be able to provide allocated attorneys' fee invoices from the German action.

- Microsoft also expects to be able to provide allocated attorneys' fee invoices for fees incurred by the Calfo Harrigan firm.

- Sidley will take approximately two weeks to review its invoices, prepare an allocation of fees to the RAND claims, and redact any privileged information in the invoices.  Microsoft expect to provide Sidley's allocated invoices by or before April 15.  Next week, we will receive a "not to exceed" attorneys' fee amount for the Sidley fees, which amount is likely to decrease as a result of reviewing invoices and allocating fees to the RAND claims.

With respect to the breach claims, we will receive Microsoft's supplemental response by early next week.  Microsoft will claim as breach – the October 2010 letters, Motorola's continuing failure to grant a RAND license to Microsoft on terms Microsoft believes are RAND, Motorola's efforts to obtain injunctions for standard essential patents, and perhaps some other category of breach.  Microsoft does not intend to allege that any action or failure to act by Motorola during RAND license negotiations will be alleged as a breach.  Microsoft considers the negotiations not to be relevant and thus will not make any allegation related to the negotiations that have occurred between the companies.

-------------------------- Summit Law Group --------------------------
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above e-mail address.

Circular 230 Notice: To comply with IRS regulations, please note that any discussion of Federal tax issues in this email (and in any attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (a) avoiding any penalties imposed under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.