# Exhibit 5

| | |
|---|---|
| **From:** | Ralph Palumbo <ralphp@SummitLaw.com> |
| **Sent:** | Saturday, March 30, 2013 10:55 AM |
| **To:** | 'Art Harrigan' |
| **Cc:** | Shane Cramer; Vicky Chinn |
| **Subject:** | RE: supplementation |

Thanks Art. This is helpful.

**From:** Art Harrigan [mailto:harrigan@seanet.com]
**Sent:** Saturday, March 30, 2013 10:30 AM
**To:** Ralph Palumbo
**Cc:** 'Shane Cramer'; 'Vicky Chinn'
**Subject:** supplementation

Ralph, there are some potential ambiguities in your summary. Rather than engage in a semantics exercise, here is what we currently expect to provide in the way of supplementation--but the process of preparing that supplementation is still underway, and I was merely attempting to give you a general description of what we now believe it will contain and when you can expect to receive it and related backup materials.

We will provide supplemental responses to Motorola's interrogatories on breach and damages by the middle of next week. Microsoft's claim for money damages will include costs arising from preparing for a possible German injunction including costs incurred in connection with relocating a distribution facility from Germany to the Netherlands and increased operating costs that have been and will continue to be incurred as a result of the relocation. We will provide backup materials for these costs. The backup materials will include invoices, and we believe most of the costs of the move will be reflected in invoices. With respect to the operating cost differential we will include an explanation of the reasons for the differential.

If Motorola notes a 30(b)(6) deposition on the above topics, it is likely that two, or possibly more, witnesses will be required to respond and one or more of them may be located in Europe, Ireland or Great Britain.

1

We will also supplement the responses with respect to the second element of monetary damages, which are those elements of attorneys fees incurred by Microsoft as a result of the breaches of contract that Microsoft alleges. This claim will include fees incurred in defending against assertions of declared SEPs in the Seattle and Wisconsin actions, the ITC and in Germany. The process of analyzing fee statements to allocate between those incurred as a result of the alleged breaches and others is still taking place. We expect to provide a figure and backup for the German-related costs next week and also for the CHLE portion of fees. We anticipate that it will take the Sidley firm until about April 15 to complete the allocation of their fees and to address any privilege or work product issues relating to their invoices. However, we believe we can provide a not-to-exceed number for the Sidley fees by the end of next week with the precise (and we anticipate lower) figure being provided on about April 15.

With respect to the claims of breach, we will provide supplemental responses by the middle of next week. Those responses will include claims arising from the October 2010 letters as well as certain subsequent actions and failures to act by Motorola that violated its RAND obligations, including, among other things, seeking injunctive relief while denying a license on RAND terms that would have defeated a request for injunctive relief. As you know, a more complete supplementation of the various aspects of the breach claim will be contained in the response provided next week. I have not tried to capture this supplementation fully, either in our telephone conversation or in this email. As I explained, we are working on the supplementation and it will, of course, be Microsoft's formal statement on these topics.

I understood that you also asked about discussions that have occurred between the parties that Microsoft believes are settlement discussions. It was for that reason that I said I did not believe they would be included in our supplemental responses regarding allegations of breach. However, the supplementation has not yet been completed and will speak for itself on this and other issues. That supplementation is not going to attempt to anticipate arguments or positions Motorola may take or actions that Microsoft may deem it necessary to take in response.

Art.

------------------------- Summit Law Group -------------------------
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at the above e-mail address.

Circular 230 Notice: To comply with IRS regulations, please note that any discussion of Federal tax issues in this email (and in any attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (a) avoiding any penalties imposed under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.