THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC., et al.,<br><br>                Defendants.<br><hr>MOTOROLA MOBILITY LLC, et al.,<br><br>                Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>                Defendants. | Case No. C10-1823-JLR<br><br>STIPULATED MOTION TO SEAL AND (PROPOSED) ORDER<br><br>Noted: Wednesday, May 8, 2013 |

STIPULATED MOTION TO SEAL AND (PROPOSED) ORDER

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

...

## I. INTRODUCTION

Pursuant to Western District of Washington Local Civil Rule 5(g), Plaintiff Microsoft Corporation and Defendants Motorola Solutions, Inc., Motorola Mobility LLC, and General Instrument Corporation (collectively "Motorola," and together with Microsoft, the "Parties"), respectfully move the Court to maintain under seal the unredacted original version of Exhibit I to the Declaration of Andrea Pallios Roberts in Support of Motorola's Motion to Preclude Microsoft from Relying on New Damages Theories ("Exhibit I"), Dkt. No. 685, which was submitted in connection with Motorola's Motion to File Documents Under Seal in Support of Motorola's Motion to Preclude Microsoft from Relying on New Damages Theories ("Motion to Seal"), Dkt. No. 684.

Since the Motion to Seal, the Parties have agreed to publicly file a version of Exhibit I with only limited redactions. Accordingly, the Parties request that the Court order Exhibit I at Dkt. No. 685 to be sealed and otherwise strike Motorola's now moot Motion to Seal.

The Parties believe that the minimal redactions on page 9 of Exhibit I disclose confidential information that should be sealed in accordance with Ninth Circuit precedent and this Court's prior sealing orders.

## II. CERTIFICATION

In accordance with Local Rule 5(g)(3)(A), on May 3rd, 6th and 7th, 2013 Chris Wion (for Microsoft) and Phil McCune (for Motorola) engaged in telephonic and email discussions regarding Dkt. No. 685, which is Sealed Exhibit I to Motorola's Motion to Seal (Dkt. No. 684), and agreed to file with the Court a public version containing only minimal redactions, as proposed herein.

STIPULATED MOTION TO SEAL AND
(PROPOSED) ORDER - 1

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## III. LEGAL AUTHORITY & ARGUMENT

### A. Background.

Microsoft and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.) This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets ... amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained....

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6....

*Id.* at 4. Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

STIPULATED MOTION TO SEAL AND
(PROPOSED) ORDER - 2

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

*Id.* at 2.

Thus, the Protective Order provides that the Parties may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington. Local Rule 5(g)(3)(B) requires the Parties to meet the sealing standards through "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary."

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information. *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes...").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.* Where the material sought to be sealed "includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, 2011 U.S. Dist. LEXIS 49664, *18 (D. Nev. Apr. 29, 2011).

STIPULATED MOTION TO SEAL AND
(PROPOSED) ORDER - 3

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

As the Ninth Circuit has stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B. The Parties Agree that Good Cause Exists for Exhibit I to Remain Sealed and for a Version with only Limited Redactions to be Publicly Filed.

The Parties request that the Court seal the original unredacted version of Exhibit I (*see* Dkt. No. 685) and permit the Parties to publicly file a version of Exhibit I with only limited redactions.

Exhibit I is a copy of Microsoft's April 12, 2013 Supplemental Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) and (iii) (the "Supplemental Disclosures"). A redacted version of Exhibit I is attached as Exhibit I-2 to the Declaration of Christopher Wion, filed herewith. Exhibit I-2 includes redactions to only those limited portions of page 9 of the Supplemental Disclosures that are considered by Microsoft to be confidential. *Id.* The redacted portions of the Supplemental Disclosures disclose confidential business and financial information relating to the relocation of Microsoft's main logistics and products/software distribution center for the European, Middle Eastern and African ("EMEA") market from its location in Germany to the Netherlands in spring 2012. *Id.* This information is not generally known to Microsoft's competitors, or competitors of Microsoft's third-party vendors who were involved in the relocation process, and should remain non-public to avoid harm to Microsoft or its third-party vendors.

STIPULATED MOTION TO SEAL AND
(PROPOSED) ORDER - 4

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

## IV. CONCLUSION

For the foregoing reasons, the Parties request that the Court order that Dkt. No. 685 remain sealed, approve the limited redactions to page 9 of Exhibit I reflected in Exhibit I-2 attached to the Declaration of Christopher Wion, filed with this motion, and otherwise STRIKE as MOOT Motorola's Motion to Seal, Dkt. No. 684.

DATED this 8th day of May, 2013.

| CALFO HARRIGAN LEYH & EAKES LLP | SUMMIT LAW GROUP PLLC |
|---|---|
| By  /s/ Arthur W. Harrigan, Jr.  <br>By  /s/ Christopher Wion  <br>By  /s/ Shane P. Cramer  <br>   Arthur W. Harrigan, Jr., WSBA #1751<br>   Christopher Wion, WSBA #33207<br>   Shane P. Cramer, WSBA #35099 | By  /s/ Ralph H. Palumbo  <br>By  /s/ Philip S. McCune  <br>   Ralph H. Palumbo, WSBA #4751<br>   Philip S. McCune, WSBA #21081<br>   ralphp@summitlaw.com<br>   philm@summitlaw.com |
| By  /s/ T. Andrew Culbert  <br>   T. Andrew Culbert, WSBA #35925<br>   David E. Killough, WSBA #21119<br>   MICROSOFT CORPORATION<br>   1 Microsoft Way<br>   Redmond, WA 98052<br>   Phone: 425-882-8080<br>   Fax: 425-869-1327 | By  /s/ Thomas V. Miller  <br>   Thomas V. Miller<br>   MOTOROLA MOBILITY LLC<br>   600 North U.S. Highway 45<br>   Libertyville, IL 60048-1286<br>   (847) 523-2162 |
| David T. Pritikin *(pro hac vice)*<br>Richard A. Cederoth *(pro hac vice)*<br>Constantine L. Trela, Jr. *(pro hac vice)*<br>William H. Baumgartner, Jr. *(pro hac vice)*<br>Ellen S. Robbins *(pro hac vice)*<br>Douglas I. Lewis *(pro hac vice)*<br>David C. Giardina *(pro hac vice)*<br>John W. McBride *(pro hac vice)*<br>David Greenfield *(pro hac vice)*<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Phone: 312-853-7000<br>Fax: 312-853-7036 | Kathleen M. Sullivan *(pro hac vice)*<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NW 10010<br>(212) 849-7000<br>kathleensullivan@quinnemanuel.com<br><br>Brian C. Cannon (pro hac vice)<br>Andrea Pallios Roberts (pro hac vice)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>(640) 801-5000<br>briancannon@quinnemanuel.com<br>andreaproberts@quinnemanuel.com<br><br>William C. Price (pro hac vice) |

STIPULATED MOTION TO SEAL AND
(PROPOSED) ORDER - 5

| | |
|---|---|
| Carter Phillips (*pro hac vice*)<br>Brian R. Nester, *(pro hac vice)*<br>SIDLEY AUSTIN LLP<br>1501 K Street NW<br>Washington, DC 20005<br>Telephone: 202-736-8000<br>Fax: 202-736-8711<br><br>**Counsel for Microsoft Corp.** | Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>*williamprice@quinnemanuel.com*<br><br>Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Stuart W. Yothers (*pro hac vice*)<br>Kevin J. Post (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>(212) 596-9046<br>*steven.pepe@ropesgray.com*<br>*jesse.jenner@ropesgray.com*<br>*stuart.yothers@ropesgray.com*<br><br>Norman H. Beamer (*pro hac vice*)<br>Gabrielle E. Higgins (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA 94303-2284<br>(650) 617-4030<br>*norman.beamer@ropesgray.com*<br>*gabrielle.higgins@ropesgray.com*<br><br>Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC 20005-3948<br>(202) 508-4693<br>*paul.schoenhard.@ropesgray.com*<br>*kevin.post@ropesgray.com*<br><br>**Counsel for Motorola Solutions, Inc., Motorola Mobility LLC, and General Instrument, Corp.** |

STIPULATED MOTION TO SEAL AND
(PROPOSED) ORDER - 6

**IT IS SO ORDERED**

DONE IN OPEN COURT this ___ day of _____, 2013.

_____
HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

STIPULATED MOTION TO SEAL AND
(PROPOSED) ORDER - 7

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717