UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MOTOROLA, INC., et al.,<br><br>    Defendants.<br><br>MOTOROLA MOBILITY, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | CASE NO. C10-1823JLR<br><br>ORDER DENYING MICROSOFT'S MOTION CONFIRMING BENCH TRIAL |

ORDER- 1

## I. INTRODUCTION

This matter is before the court on Plaintiff Microsoft Corporation's ("Microsoft") motion styled "Microsoft Corporation's Motion to Confirm Bench Trial of Breach of Contract Issues."[1] (Mot. (Dkt. # 660).) Through its motion, Microsoft contends that because neither Microsoft nor Defendants Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation (collectively, "Motorola") demanded a jury with respect to the breach of contract issues in this case, the breach of contract issues should be tried to the bench. (*See generally* Mot.) Having considered Microsoft's motion, Motorola's opposition to the motion (Resp. (Dkt. # 669)), and Microsoft's reply (Reply (Dkt. # 671)), and considering itself fully advised, the court DENIES Microsoft's motion (Dkt. # 660).

## II. BACKGROUND

This matter has a complex procedural history.[2] Originally, the parties were involved in two separate actions in two different districts. The litigation between the parties in this district began on November 9, 2010, when Microsoft filed its complaint for breach of contract, promissory estoppel, waiver, and declaratory judgment (the "Microsoft Action") alleging that Motorola had failed to comply with its reasonable and

---

[1] While the parties have both filed affirmative claims in this matter, the court names Microsoft as the "plaintiff" for purposes of this order because Microsoft filed the complaint initiating this action.

[2] In this order, the court will provide the procedural history relevant to whether or not the breach of contract issues in this case should be tried to a jury or to the bench. A more complete history of this case can be found in a prior court order denying Motorola's motion for partial summary judgment. (*See* 10/10/12 Order (Dkt. # 465).)

ORDER- 2

non-discriminatory licensing ("RAND") obligations regarding Motorola's patent portfolios related to two separate standards—the 802.11 Wi-Fi Standard and the H.264 video compression Standard. (*See generally* Compl. (Dkt. # 1).) Microsoft did not request a jury trial in its initial complaint in the Microsoft Action. (*See generally id.*)

On November 10, 2010—the day after Microsoft initiated the Microsoft Action—Motorola filed a complaint for patent infringement (the "Motorola Action") in the Western District of Wisconsin, Civil Action No. 3:10-CV-699, and demanded a jury trial. (*See* C11-0343JLR, Motorola Compl. (Dkt. # 1) at 1.) Motorola filed an amended complaint in the Motorola Action the next day and again demanded a jury trial (*See* C11-0343JLR, Motorola Am. Compl. (Dkt. # 29) at 1.) Microsoft filed its answer in the Motorola Action on January 25, 2011, asserting, as counterclaims, the same causes of action and factual allegations it had asserted as direct claims in the Microsoft Action: breach of contract, promissory estoppel, waiver, and declaratory judgment for Motorola's alleged failure to comply with its RAND obligations. (*See* C11-0343JLR, Microsoft Answer (Dkt. # 37).) The caption of Microsoft's answer stated "Jury Trial Demanded," and in the body of its answer, Microsoft stated that it "acknowledges and joins in Motorola's demand for a trial by jury on all claims and all issues triable by jury in this action." (*Id.* at 1, 6.) On February 18, 2012, the Western District of Wisconsin granted Microsoft's motion to transfer the Motorola Action to this district. (*See* C11-0343JLR (Dkt. # 44).)

On February 7, 2011, the parties filed a joint status report in the Microsoft Action. Motorola stated that it had not yet answered Microsoft's complaint and reserved its right

ORDER- 3

to request a jury trial. (2/7/11 JSR (Dkt. # 44).) Microsoft filed an amended complaint in the Microsoft Action on February 23, 2011, and again, did not request a jury trial. (*See generally* Am. Compl. (Dkt. # 53).)

On May 31, 2011, after the Motorola Action had been transferred to this district, the parties filed a joint status report, which stated that the parties in the Motorola Action had requested a jury trial. (C11-0343JLR (Dkt. # 86).) Also, on May 31, 2011, the court issued an order denying Motorola's motion to dismiss Microsoft's breach of contract claims in the Microsoft Action. (*See* 5/31/11 Order (Dkt. # 66).) In the same order, the court consolidated the Motorola Action and the Microsoft Action. (*See id.* at 10-11.) Thereafter, on June 15, 2011, Motorola filed its answer to Microsoft's breach of contract counterclaims from the transferred Motorola Action, and an answer to Microsoft's complaint in the Microsoft Action. (Ans. to Counterclaims in Motorola Action (Dkt. # 67); Ans. in Microsoft Action (Dkt. # 68).) Motorola did not include a jury demand in the latter, and in the former Motorola stated that "Motorola demands a jury trial on all issues arising under the Patent Laws of the United States that are triable to a jury." (Ans. to Counterclaims in Motorola Action at 1-2.) On June 17, 2011, after consolidation of the two cases, the parties filed another joint status report and Motorola again stated that it demanded a jury "on the patent claims." (6/17/11 JSR (Dkt. # 69).)

The parties then commenced significant motion practice. (*See generally* Dkt.) On July 18, 2012, Motorola moved for partial summary judgment that the court could not *ab initio* create a Motorola-Microsoft patent license as a remedy for Microsoft's breach of contract claims. (*Ab Initio* Mot. (Dkt. # 362).) In its opposition to that motion, Microsoft

ORDER- 4

stated in a footnote that it believed that Motorola had waived its right to a jury trial for the breach of contract issues. (Resp. to *Ab Initio* Mot. (Dkt. # 374) at 7-8, n.3.) In its reply brief, Motorola responded to Microsoft's footnoted statement and argued that it was entitled to a jury trial. (Reply to *Ab Initio* Mot. (Dkt. # 377) at 11-12, n.6.) On October 10, 2012, the court denied Motorola's motion regarding relief of a court-created, *ab initio* license between Microsoft and Motorola and set forth a two-part approach to adjudicate the remaining issues in the case. (10/10/12 Order at 9-11.) The October 10, 2012, order, explained that the court would first determine a RAND royalty rate (and range), and second, with this determination as guidance, a jury would hear Microsoft's breach of contract claim. (*Id.*) On November 13 through 20, 2012, the court held a trial to determine a RAND royalty rate and range and has since issued its findings of fact and conclusions of law determining the RAND rate and range. (*See* 4/25/13 Order (Dkt. # 681).) The next phase of this case is to adjudicate Microsoft's breach of contract claims.

### III.  DISCUSSION

Federal Rule of Civil Procedure 38 provides: "On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). Instead of demanding a jury on all issues so triable, a party may instead "specify the issues that it wishes to have tried to a jury." Fed. R. Civ. P. 38(c). If a party does not so specify, "it is considered to have demanded a jury trial on all issues so triable." *Id.* "A party waives a jury trial unless its demand is properly

served and filed." Fed. R. Civ. P. 38(d). However, the court must "indulge in every reasonable presumption against the waiver of a jury trial." *United States v. Cal. Mobile Home Park Mmt.*, 107 F.3d 1374, 1378 (9th Cir. 1997).

Microsoft argues that Motorola has waived its right to a jury for the breach of contract claims by failing to make a timely jury demand as to those claims. (*See generally* Mot.) Specifically, Microsoft contends that Motorola waived its right to a jury by failing to demand one within 14 days of the final pleadings in this case—Motorola's answer in the Microsoft Action and Motorola's answer to the Microsoft counterclaims in the Motorola action, which were filed on June 15, 2011. On the facts before it, the court disagrees and cannot conclude that Motorola waived its right to a jury trial for Microsoft's breach of contract claims.

First and foremost, Microsoft itself demanded a jury trial in its answer and counterclaims in the Motorola Action "on all claims and all issues triable by jury in this action." (C11-0343JLR, Microsoft Answer (Dkt. # 37).) Microsoft's counterclaims in the Motorola Action were the same causes of action—breach of contract, promissory estoppel, waiver, and declaratory judgment—as pled in Microsoft's complaint in the Microsoft Action, which was filed in this district. The Microsoft Action and the Motorola Action have since been consolidated and Motorola may reasonably rely on Microsoft's demand for a jury trial on all issues, including the breach of contract issues. *Cal. Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1106-09 (9th Cir. 2005) (holding that if a party has filed a timely jury demand, other parties may rely on the demand "for the issues it covers, and need not file their own demands.")

1  Microsoft further argues that its counterclaim of breach of contract in the Motorola
2  Action (originally filed in the Western District of Wisconsin) was in the alternative,
3  "'subject to resolution' of Microsoft's motion to dismiss, stay, or transfer the patent case
4  to Seattle." (Mot. at 7, n.3.) However, Microsoft did not dismiss its counterclaims after
5  the case was transferred to this district. Nor has Microsoft sought consent to withdraw its
6  jury demand in the Motorola Action after consolidation. *See* Fed. R. Civ. P. 38(d) ("A
7  proper demand may be withdrawn only if the parties consent."). Thus, the court
8  concludes that Microsoft made a jury demand on all claims triable by jury, including the
9  breach of contract claims, and that demand has since been transferred to this court and
10 consolidated into this case. Affording Motorola every reasonable presumption against
11 the waiver of a jury trial, the court concludes that Motorola may reasonably rely on this
12 demand and did not waive its jury trial right.
13      Second, Microsoft argues that Motorola specifically waived its jury trial right as to
14 the breach of contract issues by requesting a jury trial only on the patent issues in the
15 Motorola Action. (Mot. at 6.) Microsoft contends that by making a specific demand for
16 a jury trial on only the "issues arising under the Patent Laws of the United States,"
17 Motorola intended to waive its jury trial right on the breach of contract issues. In many
18 ways, this argument resonates with the court. Indeed, it would seem that breach of
19 contract issues would not be issues arising under the "Patent Laws of the United States."
20 Nevertheless, the court cannot find that by this statement Motorola waived its jury trial
21 right.
22

1    This is a complicated case. The Motorola Action involved both patent
2 infringement claims and breach of contract counterclaims. As explained above,
3 Microsoft made a proper demand for a jury on all issues in the Motorola Action, which
4 was then transferred to this district and consolidated with the Microsoft Action.
5 Moreover, the parties proceeded with the apparent understanding that the breach of
6 contract issues could be decided by a jury. (*See, e.g.*, 10/10/12 Order at 9-11.) Indeed,
7 during a series of hearings and telephone conferences, the parties and the court discussed
8 whether or not adjudication of the breach of contract issues would be before the court or a
9 jury. (*See, e.g.*, 5/7/12 Tr. (Dkt. # 315) at 39 (court discussing possibility of jury trial);
10 Excerpt of 6/14/12 Tr. (Dkt. # 670-1) (discussion of jury trial for breach of contract
11 issues.) At a July 9, 2012, teleconference—over one year after consolidation of the
12 Motorola Action and the Microsoft Action—Motorola advised the court that it sought a
13 jury trial on the breach of contract claims. (7/9/12 Tr. at 5 ("In answer [to the court's
14 question], we have decided not to waive the jury trial on the breach of the duty of good
15 faith, and with respect to that issue, we think—we do agree that that is a triable issue that
16 the jury can determine.").) It was not until after these hearings and conferences—in its
17 response to Motorola's motion for partial summary judgment regarding an *ab initio*
18 licensing agreement—that Microsoft first stated that it believed that Motorola had waived
19 its right to a jury on the breach of contract issues. In sum, although Motorola could have
20 been more clear in its jury demand, based on the complexity of this case, the parties'
21 apparent understanding that Motorola had not waived its jury right as to the breach of
22 contract issues for over a year after consolidation, and the fact that the court must give

1 Motorola all reasonable presumptions against waiver, the court cannot conclude that
2 Motorola waived its right to a jury by making a jury demand only on the issues under the
3 Patent Laws of the United States. Moreover, even were the court to determine that
4 Motorola's statement acted to waive its jury demand, it would not overcome the court's
5 earlier determination that Motorola may reasonably rely on Microsoft's jury demand on
6 the breach of contract issues in the Motorola Action which was transferred to this district
7 and consolidated into this action.

## IV. CONCLUSION

Based on the foregoing, the court DENIES Microsoft's motion to confirm a bench trial on the breach of contract issues (Dkt. # 660). The trial on the breach of contract issues, scheduled for August 26, 2013, will be a jury trial.

Dated this 20th day of May, 2013.

JAMES L. ROBART
United States District Judge