LAW OFFICES
## CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

ARTHUR W. HARRIGAN, JR.

E-MAIL: ARTHURH@CALFOHARRIGAN.COM
FACSIMILE: (206) 623-8717

June 18, 2013

**Via ECF**

Honorable James L. Robart
United States District Judge
USDC Courthouse
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

      RE:    *Microsoft Corp. v. Motorola, Inc., et al.*; Case No. C10-1823-JLR

Dear Judge Robart:

      We write to request the release of Microsoft's $100 million bond, which has been in place since April 13, 2012. Microsoft has tendered to Motorola the approximately $6.8 million in past royalties that result from application of the Court's determination of RAND royalties in its Order of April 19, 2013 (Dkt. #673) and has undertaken to make the future royalty payments that arise based on the same rulings.

      The bond amount far exceeds any sum that could ever be due to Motorola under that Order. Now that the RAND determination has been made, we submit that Microsoft should not be required to incur the ongoing expenses of maintaining a $100 million bond, and that Motorola will be fully protected by the current payment and the undertaking to make the future payments.

      Motorola has not accepted the tender but its refusal should not affect the outcome.

      Specifically, by Order dated April 12, 2012 (Dkt. #261), the Court required Microsoft to post a bond in the amount of $100 million, in connection with the Court's ruling on Microsoft's motion for temporary restraining order and preliminary injunction (Dkt. #209). That Order temporarily enjoined Motorola from enforcing any injunctive relief received in the German court system relating to the patents at issue in the case before this Court – *i.e.*, the "anti-suit injunction."

      A bench trial was held from November 13-20, 2012.

On November 30, 2012, the Court issued its Order Granting Microsoft's Motion Dismissing Motorola's Claim for Injunctive Relief (Dkt. #607). In that Order (at page 16), the Court described the context of its earlier anti-suit injunction as follows:

> In issuing the anti-suit injunction, this court explained that the issues before it in this litigation were dispositive of the question of whether Motorola could enforce an injunction for patent infringement of the European Patens that are essential to the H.264 Standard. In other words, a judicially-determined RAND license encompassing all of Motorola's H.264 essential patents would necessarily dispose of Motorola's request for an injunction in Germany based on Motorola-owned, H.264 standard essential patents. In an effort to limit the impact on comity, the court limited the scope and duration of the anti-suit injunction. The scope of the injunction was limited to Motorola's enforcement of an injunction in Germany but not to further prosecution of the Germany action or the receipt of damages of the non-injunctive form.

The November 30 Order also dismissed Motorola's request for injunctive relief, a decision that "logically extends to all of Motorola's H.264 standard essential patents." Order, p. 17. The Court also explained that Microsoft inevitably would obtain a license to the patents at issue:

> [T]he basis for the court's dismissal of injunctive relief for the Motorola Asserted Patents is in no way specific to those patents, but instead is the very fact that litigation in this matter has progressed to the point that it is now clear that a license agreement will result for all of Motorola's H.264 standard essential patents.

*Id.*

What remained was for the Court to determine the RAND royalties owed to Motorola. That issue was resolved on April 19, 2013, when the Court issued its Findings of Fact and Conclusions of Law (Dkt. #673).

By letter dated June 5, 2013 (attached as Exhibit A), Microsoft tendered to Motorola the approximately $6.8 million that represents the "to date" sum that would be due under the Court-determined RAND royalties and stated that it would pay future sums predicated on the same royalties established by the Court. Motorola did not accept the tender, and has indicated that it would oppose Microsoft's current request to release the bond.

Microsoft has tendered the entire amount the Court has determined is owed. A $100 million bond is unnecessary to secure Microsoft's payment.

Honorable James L. Robart
June 18, 2013
Page 3

      Accordingly, Microsoft respectfully requests that its $100 million bond be released. Alternatively, if Motorola remains unwilling to accept the cash payment offered by Microsoft, the bond should be reduced to reflect the actual sums due under the Court's April 19, 2013, Order.

                              Very truly yours,

                              CALFO HARRIGAN LEYH & EAKES LLP

                              Arthur W. Harrigan, Jr.

AWH:ec
Enclosures

# EXHIBIT A

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

ARTHUR W. HARRIGAN, JR.

E-MAIL: ARTHURH@CALFOHARRIGAN.COM
FACSIMILE: (206) 623-8717

June 5, 2013

VIA EMAIL - ralphp@summitlaw.com
Ralph Palumbo
Summit Law Group
315 Fifth Ave. South, Suite 1000
Seattle, WA 98104-2682

    RE: *Microsoft v. Motorola et al.*
          Case No. 10-1823

Dear Ralph:

    Microsoft is prepared to remit to Motorola immediately the approximately $6.8 million that represents the "to date" sum that would be due under RAND licenses at the royalty identified in the Court's April 19, 2013 ruling subject to Motorola releasing the bond currently in place.

    Please advise as to Motorola's position.

                            Very truly yours,

                            CALFO HARRIGAN LEYH & EAKES LLP

                            Arthur W. Harrigan, Jr.

AWH:lb
cc: All counsel (via email)