

**SUMMIT**
LAW GROUP
*a professional limited liability company*

315 Fifth Ave S Suite 1000
Seattle, Washington 98104
*phone ·* 206.676.7000
*fax ·* 206.676.7001

RALPH H. PALUMBO
DID: (206) 676-7042
EMAIL: *ralphp@summitlaw.com*

June 20, 2013

The Honorable James L. Robart
United States District Court
Western District of Washington
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

Re:     ***Microsoft Corp.* v. *Motorola Mobility, Inc.***
        **Case No. C10-1823-JLR**

Dear Judge Robart:

        We write in response to Microsoft's letter brief of June 18, 2013 (Dkt. #701), requesting release of Microsoft's $100 million security bond, imposed by this Court in connection with Microsoft's motion for an anti-suit injunction.

        Microsoft's request is premature, and Microsoft does not explain the urgency of why it seeks to have the bond released at this interim stage of the proceedings, just two months prior to the jury trial. Tellingly, Microsoft has not explained what prejudice it suffers by maintaining the bond—other than vague references to "ongoing expenses" with absolutely no indication of the actual amount of such expenses. If Microsoft was truly incurring costs to its prejudice to maintain the security bond, it would have provided evidence of such costs to the Court. Motorola, by contrast, stands to be harmed by the removal of the bond because it provides security to Motorola should the injunction orders be reversed or vacated in further proceedings.

        The Court required Microsoft to post the bond "as collateral for *any damages* to Motorola as a result of the restraining order." (Dkt. #318 at p. 10) (emphasis added). Microsoft's own counsel also stated at the April 11, 2012 hearing that Microsoft agreed to post a bond "to protect Motorola from any damage it could possibly suffer." (TRO Hr'g Tr. 50:13-14, Apr. 11, 2013). The bond still serves its original purpose because the injunctions that Microsoft sought and obtained could be reversed or vacated. Motorola was precluded from seeking injunctive relief in Germany under European patents and at least one patent has now expired. The bond should not be lifted until the proceedings in the action before this Court and any appeals therefrom are concluded. This Court recognized this as the purpose of the bond. (*See* Dkt. #318 at p. 24 ("The court has required Microsoft to post a $100 million bond to compensate Motorola for its losses in the event that this injunction is reversed or vacated.");

The Honorable James L. Robart
June 20, 2013
Page 2

Dkt. #607 at p. 15 ("[i]f, in the future, [] circumstances change in a manner to warrant injunctive relief, Motorola may at that time seek such relief.")).

Microsoft's claim that it has tendered a payment that comports with this Court's findings of the proper RAND rate in this case is a non sequitur; it does not address the reasons the bond was imposed. As described above, the Court imposed the bond to protect Motorola as a result of Microsoft's request for injunction, not as some sort of offset pending the result of the trial from the first phase. Thus, the specific result of the first phase is unrelated to the bond. Indeed, Microsoft mischaracterizes the first phase of this case as "for the Court to determine the RAND royalties owed to Motorola." (Dkt. #701 at p. 2).

Furthermore, Microsoft mischaracterizes Motorola as refusing to accept Microsoft's tender. In response to Microsoft's letter, Motorola responded in writing on June 13 (Ex. A), asking for clarification. Specifically, Motorola inquired into the timing of Microsoft's request and why Microsoft sought bond release prior to the completion of the jury trial. (*Id.*). Microsoft responded with a letter sent June 14 that again failed to address why Microsoft is seeking release of the bond now, so soon before the jury trial yet well after the Court's April 19 Order setting the RAND rate and RAND range. Motorola believes that this case should proceed to the jury trial phase before the bond issue is addressed, and Microsoft has presented no evidence otherwise.

Respectfully,

SUMMIT LAW GROUP PLLC

*/s/ Ralph H. Palumbo*

Ralph H. Palumbo

Enclosure
cc:      All Counsel of Record

4850-6303-7460.1