

RALPH H. PALUMBO
DID: (206) 676-7042
EMAIL: ralphp@summitlaw.com

315 Fifth Ave S Suite 1000
Seattle, Washington 98104
phone · 206.676.7000
fax · 206.676.7001

June 24, 2013

The Honorable James L. Robart
United States District Court
Western District of Washington
700 Stewart Street, Suite 14128
Seattle, WA  98101-9906

    Re:    Microsoft Corp. v. Motorola Mobility, Inc.;
             Case No. C10-1823-JLR

Dear Judge Robart:

    This letter responds to Microsoft's June 20, 2013 letter ("Opp Letter," Dkt. No. 704) opposing Motorola's request for further Rule 30(b)(6) testimony from Microsoft or, in the alternative, precluding Microsoft from introducing evidence that Microsoft relocated its EMEA distribution facility as a result of Motorola's alleged breach of contract.  ("Letter," Dkt. No. 702).

**Microsoft Points to No Evidence That Mr. Davidson Testified on the Discrete Issues Which Are the Subject of Motorola's Request for Relief.**  Microsoft's Opp. Letter is notable for what it does not say:

- Microsoft does not dispute that Davidson and Roberts learned of the potential need to relocate the EMEA distribution facility from Ms. McKinley.  (Opp. Letter, 3.)
- Microsoft does not cite any deposition testimony regarding work and analysis regarding the relocation performed by anyone at Microsoft, and factors considered in that analysis, *prior to* Davidson and Roberts being informed of the potential need to relocate.
- Microsoft does not dispute the relevance of the history of its decision to relocate the distribution facility and the factors considered.
- Microsoft does not cite any testimony explaining why it did not take various steps to mitigate damages: it did not begin the process of relocating until January 2012 and having more time might have reduced costs; it did not file a motion for an anti-suit injunction until March 28, 2012 when it was too late to make a difference for the relocation; and it did not take advantage of Germany's *Orange Book* procedures.

    These are the areas for which Motorola requests that the Court order Microsoft to produce a new 30(b)(6) witness, and Microsoft has not shown that its witness was prepared to testify on these issues.  The Court should accordingly grant Motorola's request for relief.  Microsoft raises several arguments in opposition—some of which it did not raise during the parties' meet and confer—but they do not excuse Microsoft's failure to provide a properly educated witness.

    *First*, Microsoft argues Davidson was prepared to testify regarding the history of the decision to relocate because the decision was a business decision that was not made by Legal.  (Opp. Letter, 3-4.)  Setting aside the fact that this claim is directly contradicted by Roberts' deposition testimony (Dkt. No. 702-1, Ex. 3, 40:21-23)—which Microsoft ignores—***who*** made

the final decision has no bearing on whether Davidson was prepared to testify about the *complete* history of the decision. Microsoft admits that both witnesses testified they were alerted to the potential need to relocate by Ms. McKinley in January 2012. This necessarily means that some analysis or work was done prior to Davidson and Roberts being informed about the litigation. At the very least, there was some discussion, analysis, or evaluation that led Ms. McKinley to decide that Davidson and Roberts should be informed of the "legal situation." This is within the scope of Topic 8, but Davidson was not prepared to testify about it.

The same is true of the factors considered by Microsoft in connection with the relocation. Davidson only testified regarding the factors his team considered. Motorola is entitled to discovery on the factors considered by others, in particular those considered before Davidson's involvement. Microsoft responds that factors that were not considered by those making the decision are not relevant. (Opp. Letter, 4.) But, as set forth in the Letter, there is inconsistent testimony as to who made the decision. Thus, discovery into the factors considered by others at Microsoft is reasonably calculated to lead to the discovery of admissible evidence.

*Second*, with respect to Microsoft's efforts to mitigate damages, Microsoft argues that the relocation was an effort to mitigate the potential damage it would incur had Motorola enforced an injunction. (Opp. Letter, 5.) This is a red herring. Microsoft claims it was damaged by Motorola's alleged breach of contract and that damage was, in part, the costs of relocation. Even if the relocation was an effort to mitigate damages, Motorola is entitled to take discovery to determine whether Microsoft acted reasonably in mitigating its damages. The reasons why Microsoft did not begin the relocation prior to January 2012, did not file its anti-suit injunction motion until late March 2012, and did not utilize Germany's *Orange Book* procedures, are reasonably calculated to lead to the discovery of admissible evidence on this issue.

*Third*, Microsoft argues that these mitigation questions do not fall within Topic 8. (Opp. Letter, 6.) Yet Microsoft does not provide any analysis or explanation for this position. Microsoft further argues that facts pertaining to legal proceedings are a matter of record and improper subjects for discovery. (*Id.*) But, the specific facts at issue are not a matter of record; nothing in the record explains *why* Microsoft did not begin work on the move until January 2012 or *why* Microsoft did not follow the *Orange Book* procedures. Nor does Microsoft cite any such evidence. And, although Microsoft's counsel may have explained in legal papers or hearings why Microsoft delayed in filing its motion for an anti-suit injunction, Motorola has not tested that story in discovery. Again, Microsoft does not cite any evidence to the contrary.[1]

*Finally*, Microsoft's claims that Motorola "delayed" in raising this issue should be rejected.[2] The timing of this dispute is a result of Microsoft's delay in producing a 30(b)(6) witness. Motorola served its 30(b)(6) notice on April 5 and noticed the deposition for April 15, but Microsoft did not produce a witness until May 9. Motorola promptly raised the deficiencies in Davidson's testimony after the deposition. Microsoft responded, rejecting Motorola's request for a new witness, but advising Motorola that it could ask Roberts about these issues at his May 22 deposition. (Dkt. No. 704-1, Ex. C.) Motorola therefore reasonably waited to depose Roberts

---

[1] According to Microsoft, by the time the Court granted the motion for an anti-suit injunction, the decision to relocate could not be undone. (Opp. Letter, 6.) This is Motorola's point; why then didn't Microsoft file its motion earlier when it might have made a difference?

[2] Microsoft also made this argument in opposition to Motorola's motion to preclude Microsoft from relying on the German move as a damages theory because it was not disclosed in an interrogatory response prior to the July 2012 close of fact discovery. (Dkt. No. 686.) This Court rejected that argument then and should do the same now. Motorola should not be penalized for having tried to resolve these disputes without burdening the Court.

and Daly before bringing this matter to the Court's attention.[3] Motorola raised the issue with Microsoft again on May 30 (the day of Daly's deposition), but Microsoft did not respond until June 6. On June 10, Motorola requested a meet and confer and the parties did so on June 11. Motorola then filed its Letter as soon as the Court granted leave to do so. There was no delay.[4]

### The Court Should Not Permit Microsoft to Withhold a Witness Based on Privilege.

Motorola's Letter included arguments regarding Microsoft's privilege claims. Motorola raised these arguments in the event that Microsoft is refusing to produce a witness on the basis of privilege, since it appears the Legal Department was involved in the early stages of the decision making process. Microsoft failed to clarify the privilege issue during the parties' meet and confer, and continues to gloss over it in its Opp. Letter. If privilege is the basis for the refusal, then Microsoft is improperly using the privilege as a sword and a shield for the reasons set forth in the Letter. This Court should not permit Microsoft to advance a damages theory, but withhold complete discovery on that theory on the basis of privilege.

### The Court Should Not Punish Motorola for Microsoft's Discovery Failure.

This Court should reject Microsoft's request that Motorola be precluded from seeking to exclude Microsoft's relocation damages theory in a dispositive motion or motion *in limine*. There is no basis to sanction Motorola in the manner advocated by Microsoft. To the contrary, it is Microsoft that failed to comply with its discovery obligations and failed to produce an educated witness. Motorola diligently sought to discover the factors and decision making process behind the relocation of Microsoft's distribution facility. Microsoft resisted this discovery, delaying for over a month before producing a 30(b)(6) witness on this topic, failing to produce all documents relevant to the move promptly and before the 30(b)(6) deposition, and ultimately providing no witness on the decision making process for the pre-January 2012 period. Questions remain regarding the timing of and decision to move. Motorola is entitled to full discovery into the decision making process, or else Microsoft should not be allowed to advance it as a damages theory. Microsoft should not be permitted to leverage its intransigence to punish Motorola for trying to find out and test the basis for Microsoft's claim that Motorola's actions "caused" it to move facilities from Germany to the Netherlands.

Respectfully,

SUMMIT LAW GROUP PLLC

*/s/ Ralph H. Palumbo*

Ralph H. Palumbo

Enclosure
cc:     All Counsel of Record

---

[3] Indeed, the list of issues on which Davidson was unprepared is longer than the list of issues on which Motorola now requests relief. Motorola was able to narrow its request after Roberts' deposition because he answered some of the questions Davidson could not.

[4] This Court also previously recognized that Motorola may need additional time to complete discovery on this damages theory, granting Motorola two additional depositions and allowing Motorola additional time to complete that discovery. (Ex. A, 7:8-17.) Thus, Microsoft's attempt to rely on May 30 as the discovery cutoff is without merit.