LAW OFFICES
## CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

ARTHUR W. HARRIGAN, JR.

FACSIMILE: (206) 623-8717
E-MAIL: ARTHURH@CALFOHARRIGAN.COM

June 24, 2013

**VIA ECF**

The Honorable James L. Robart
United States District Court
Western District of Washington
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

    Re:    *Microsoft Corp. v. Motorola, Inc.*, et al., No. 10-cv-1823-JLR
            Reply in Support of Microsoft's Request for Release of Its $100 Million Bond

Dear Judge Robart:

    We write in further support of Microsoft's request that the $100 million bond be released.

    Microsoft has tendered to Motorola the past royalties that result from application of the Court's determination of RAND royalties and has undertaken to make the future royalty payments that arise based on the same rulings. Motorola has not claimed that Microsoft owes more than was tendered and has not explained why Motorola requires the ongoing security of a $100 million bond.

    The bond was intended to secure Motorola while the temporary anti-suit injunction was in place, pending the Court's later determination of the merits of Motorola's claim for injunctive relief. That protection is no longer needed.

    In its May 14, 2012 Order Granting Preliminary Injunction, the Court noted that:

Motorola faces little injury by an anti-suit injunction. By issuance of an anti-suit injunction, this court is in no way stating that Motorola will not at some later date receive injunctive relief, but only that <u>it must wait until this court has had the opportunity to adjudicate that issue. In the meantime, the court has required Microsoft to post a $100 million bond to compensate Motorola for its losses in the event that this injunction is reversed or vacated.</u>

Dkt. #318, at 24 (emphasis added).[1]

---

[1] Motorola selectively quotes the last sentence of this quote as applying to ultimate resolution of this case. As the complete passage makes clear, the bond was intended as security for Motorola while its (now-concluded) appeal to the Ninth Circuit was pending and for the interim period until the Court could rule on Motorola's claim for injunctive relief, which it did on November 30, 2012.

The Honorable James L. Robart
United States District Court
June 24, 2013
Page 2

Federal Rule of Civil Procedure 65(c) provides that a preliminary injunction may issue "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Motorola was not wrongfully enjoined and it has no claim to any damages potentially secured by the bond.

Issuance of the anti-suit injunction was proper and Motorola's claims to the contrary have been rejected. The Court's anti-suit injunction was affirmed by the Ninth Circuit on September 28, 2012.[2] Then, on November 30, 2012, the Court determined that its ruling dismissing Motorola's claim for injunctive relief "takes the place of the court's prior anti-suit injunction." Dkt. #607, at 17. Further, on January 3, 2013, Google and Motorola entered into a settlement decree with the FTC, which the FTC described flatly as requiring Motorola to cease its injunction efforts.[3]

Thus, as it stands now, Motorola continues to insist on an out-sized bond to protect against "damages" stemming from being unable to obtain injunctions against Microsoft that Motorola has no right to have entered. Motorola's refusal to release the bond is further evidence of Motorola's hold-up tactics, evidence that the jury should be able to consider when evaluating Motorola's breach of contract.

The bond has served its purpose, and should be released. If any bond is appropriate, it should be limited to the amount of the tender offer made by Microsoft, for the reasons set forth in Microsoft's initial letter brief.

Very truly yours,

CALFO HARRIGAN LEYH EAKES LLP

Arthur W. Harrigan, Jr.

AWH:src
cc:     All Counsel (via ECF)

---

[2] Motorola's argument that "the bond still serves its original purpose because the injunctions that Microsoft sought and obtained could be reversed or vacated" ignores the fact that the Ninth Circuit has already ruled on this very issue. That ruling is now the law of the case. *See US v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the 'law of the case doctrine' a court 'is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'").

[3] *See*, http://ftc.gov/os/caselist/1210120/130103googlemotorolastmtofcomm.pdf, p. 1 ("Google's settlement with the Commission requires Google to withdraw its claims for injunctive relief on FRAND-encumbered SEPs around the world, and to offer a FRAND license to any company that wants to license Google's SEPs in the future.").