HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                Plaintiff,<br>    v.<br><br>MOTOROLA, INC., et al.,<br><br>                Defendants. | No. C10-1823-JLR<br><br>MICROSOFT'S MOTION TO SEAL RE ITS RULE 702 MOTION TO PRECLUDE TESTIMONY BY MOTOROLA'S EXPERTS<br><br>**NOTED FOR:**<br>**Friday, July 19, 2013** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>                Plaintiffs,<br>    v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | |

## I.  RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal Exhibits 4-5 and 10-11 to the Declaration of Christopher Wion in Support of Microsoft's Rule 702 Motion to Preclude Testimony by Motorola's Experts ("Wion *Daubert* Declaration").

MICROSOFT'S MOTION TO SEAL RE ITS
RULE 702 MOTION - 1

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Microsoft seeks to file the foregoing materials under seal because they contain information that has been identified by Microsoft or Motorola as confidential business information under the terms of the protective order issued in this case. Specifically, Microsoft has provisionally redacted, subject to the Court's ruling on this motion, the following exhibits to the Wion *Daubert* Declaration in order to protect its confidential business information:

- Exhibit 4 – Limited portions of the Opening Report of Motorola's expert, Gregory Leonard, have been redacted because they disclose Microsoft's confidential business practices.[1]

- Exhibit 10 – Limited portions of the deposition transcript of Motorola's attorneys' fees expert, Brad Keller, have been redacted to the extent they disclose Microsoft's and Sidley Austin LLP's ("Sidley's") confidential business and financial information, including Sidley's billing rates, the amount of time spent working on litigation between the parties, and/or the amount of fees paid by Microsoft to Sidley.

- Exhibit 11 – Limited portions of Mr. Keller's Rebuttal Expert Report have been redacted to the extent they disclose Microsoft's and Sidley's confidential business and financial information, including billing rates, time spent working on litigation between the parties, and/or the amount of fees paid by Microsoft to Sidley.

Good cause exists to maintain this information under seal. Microsoft and/or Sidley may suffer competitive harm if the redacted information were disclosed to third parties, and sharply outweighs any slight interest the public may have in this information.

In addition, Motorola has indicated that portions of Exhibit 4 (Mr. Leonard's Opening Report) and Exhibit 5 (Mr. Leonard's Rebuttal Report) disclose Motorola confidential business information. Accordingly, confidential information of *both* parties is being redacted from the public version of Exhibit 4. Only Motorola confidential information is being redacted from the public version of Exhibit 5.

---

[1] Microsoft has also requested that these paragraphs remain sealed in connection with its Motion to Seal in Support of Microsoft's Motion for Partial Summary Judgment on Breach of Contract, which is also being filed today. The Leonard Opening Expert Report is attached as Exhibit 6 to Christopher Wion's Declaration in Support of Microsoft's Motion for Partial Summary Judgment.

MICROSOFT'S MOTION TO SEAL RE ITS
RULE 702 MOTION - 2

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

For these reasons, Microsoft respectfully requests permission to file the above-referenced documents under seal and that the Court direct such documents to remain under seal. Good cause exists to grant Microsoft's motion.

## II.   LCR 5(g)(3)(A) CERTIFICATION

The parties met and conferred on July 3, 2013 in an effort to minimize the amount of material to be filed under seal in connection with this motion. As a result, the parties were able to reduce both the number of documents to be redacted as well as the scope of the proposed redactions.

## III.   FACTS & AUTHORITY

### A.   The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Confidential Information under Seal.

Pursuant to the Protective Order issued by the Court on July 21, 2011, as amended by Order dated October 3, 2012, Microsoft is permitted to file materials designated by either party as Confidential Business Information[2] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under

---

[2] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1 (amended by Order dated October 3, 2012 (ECF No. 447)).

MICROSOFT'S MOTION TO SEAL RE ITS
RULE 702 MOTION - 3

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal.  Rule 26(c)(1)(G) and (H).  District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

The Court may seal a document filed in support of a non-dispositive motion upon a showing of good cause.  *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)).  Where the material sought to be sealed "includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, 2011 U.S. Dist. LEXIS 49664, 18 (D. Nev. Apr. 29, 2011).  Likewise, "'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)).  The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Under that standard, a "trade

MICROSOFT'S MOTION TO SEAL RE ITS RULE 702 MOTION - 4

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  secret may consist of any formula, pattern, device or compilation of information which is used in

2  one's business, and which gives him an opportunity to obtain an advantage over competitors who

3  do not know or use it." *Id.,* 2010 WL 786021, at *2 (quotations omitted).  For the reasons set forth

4  below, good cause exists to grant Microsoft's motion to seal.

5  **B.      Good Cause Exists to Grant Microsoft's Motion.**

6      1.  Paragraphs 67, 74, and 77 of Exhibit 4 to the Wion *Daubert* Declaration (Leonard
7          Opening Report) Should Remain Redacted.

8      Microsoft requests that the Court maintain under seal Microsoft's proposed redactions

9  to paragraphs 67, 74, and 77 of the Leonard Opening Report, attached to the Wion *Daubert*

10  Declaration as Exhibit 4.  These paragraphs discuss Microsoft's confidential licensing

11  practices.  Microsoft has a significant interest in maintaining the confidential nature of its

12  licensing strategies and practices that outweighs any potential interest the public may have in

13  accessing this information.  Microsoft could suffer significant harm in its future licensing

14  negotiations and in managing its licensing business if this information were publicly disclosed.

15
16      Further, the redacted paragraphs are unrelated to the portions of Exhibit 4 on which

17  Microsoft relies in support of its *Daubert* Motion, and are unlikely to play any role in the

18  Court's consideration of the merits of Microsoft's motion.  The public's interest in

19  understanding the judicial system will not be significantly furthered by providing access to

20  these paragraphs.  For these reasons, paragraphs 67, 74, and 77 of the Leonard Report should

21  remain under seal.

22      2.  Exhibits 10-11 to the Wion *Daubert* Declaration (Mr. Keller's Deposition
23          Transcript and Report).

24      Exhibit 10 to the Wion *Daubert* Declaration consists of excerpts from Mr. Keller's

25  deposition in this matter.  Microsoft requests that limited information relating to Sidley's

MICROSOFT'S MOTION TO SEAL RE ITS
RULE 702 MOTION - 5

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

billing rates in this matter be redacted from these excerpts. This information is not publicly available, and its disclosure to Sidley's competitors, clients, and potential clients has the potential to cause commercial harm to Sidley. Further, since Sidley's rates are not germane to Microsoft's *Daubert* motion, they are not expected to play a material role in the Court's consideration of Microsoft's motion.

Exhibit 11 to the Wion *Daubert* Declaration is Mr. Keller's rebuttal report. The report discusses Sidley's rates and invoices. This billing information is not generally available to the public, and its disclosure likewise has the potential to harm Microsoft and/or Sidley if it is publicly disclosed. Exhibit 11 also discloses the amount Microsoft has paid Sidley in connection with the various suits pending between the parties. While this information will be relevant at trial, it is not relevant to consideration of the merits of Microsoft's *Daubert* Motion. Its disclosure will not further the public's interest in understanding the judicial system, and good cause exists to maintain it under seal.

3.  <u>Exhibits 4-5 to the Wion *Daubert* Declaration (Mr. Leonard's Opening and Rebuttal Reports).</u>

Motorola has requested that Microsoft redact portions of paragraphs 17, 66, and 70-71 of Mr. Leonard's opening expert report (Exhibit 4) and a portion of paragraph 6 of Mr. Leonard's rebuttal report. Pursuant to the Parties' Stipulated Protective Order and this Court's local rules, Microsoft is filing unredacted versions of these documents under seal. Microsoft takes no position at this time with respect to the propriety of Motorola's requests as to these documents.

MICROSOFT'S MOTION TO SEAL RE ITS
RULE 702 MOTION - 6

No. C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## IV. CONCLUSION

For the reasons set forth herein, Microsoft respectfully requests that the Court grant its motion. A [Proposed] Order Granting Microsoft's Motion to Seal re its Rule 702 Motion has been submitted herewith.[3]

DATED this 3th day of July, 2013.

CALFO HARRIGAN LEYH & EAKES LLP


By    s/ Arthur W. Harrigan, Jr.
    Arthur W. Harrigan, Jr., WSBA #1751
    Christopher Wion, WSBA #33207
    Shane P. Cramer, WSBA #35099

By    T. Andrew Culbert
    T. Andrew Culbert
    David E. Killough
    MICROSOFT CORPORATION
    1 Microsoft Way
    Redmond, WA  98052
    Phone:  425-882-8080
    Fax:  425-869-1327

    David T. Pritikin
    Richard A. Cederoth
    Constantine L. Trela, Jr.
    William H. Baumgartner, Jr.
    Ellen S. Robbins
    Douglas I. Lewis
    David C. Giardina
    John W. McBride
    David Greenfield

    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, IL  60603
    Phone:  312-853-7000
    Fax:  312-853-7036

---

[3] Nothing herein is intended as a waiver of Microsoft's right to contest Motorola's designation of material as Confidential Business Information in accordance with the terms of the Protective Order. Microsoft expressly reserves the right to do so as the circumstances warrant.

MICROSOFT'S MOTION TO SEAL RE ITS  
RULE 702 MOTION - 7

No. C10-1823

LAW OFFICES  
**CALFO HARRIGAN LEYH & EAKES LLP**  
999 THIRD AVENUE, SUITE 4400  
SEATTLE, WASHINGTON 98104  
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| 1 | |
| 2 | Carter G. Phillips |
|   | Brian R. Nester |
| 3 | |
|   | SIDLEY AUSTIN LLP |
| 4 | 1501 K Street NW |
|   | Washington, DC  20005 |
| 5 | Telephone:  202-736-8000 |
|   | Fax:  202-736-8711 |
| 6 | |
|   | Counsel for Microsoft Corp. |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

MICROSOFT'S MOTION TO SEAL RE ITS
RULE 702 MOTION - 8

No. C10-1823

# CERTIFICATE OF SERVICE

I, Tim Murphy, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 3rd day of July, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Lynn M. Engel, WSBA #21934<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA  98104-2682<br>Telephone:  206-676-7000<br>Email:  Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>Telephone:  (212) 596-9046<br>Email:  steven.pepe@ropesgray.com<br>Email:  jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284<br>Telephone:  (650) 617-4030<br>Email:  norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |

MICROSOFT'S MOTION TO SEAL RE ITS
RULE 702 MOTION - 9

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| One Metro Center | _____ Facsimile |
| 700 12th Street NW, Suite 900 | __X__ ECF |
| Washington, DC  20005-3948 | |
| Telephone:  (202) 508-4693 | |
| Email: Paul.schoenhard@ropesgray.com | |
| | |
| Andrea Pallios Roberts (*pro hac vice*) | _____ Messenger |
| Brian C. Cannon (*pro hac vice*) | _____ US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
| 555 Twin Dolphin Drive, 5th Floor | __X__ ECF |
| Redwood Shores, CA 94065 | |
| Telephone:  (650) 801-5000 | |
| Email: andreaproberts@quinnemanuel.com | |
| Email: briancannon@quinnemanuel.com | |
| | |
| Kathleen M. Sullivan (*pro hac vice*) | _____ Messenger |
| David Elihu (*pro hac vice*) | _____ US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
| 51 Madison Ave., 22nd Floor | __X__ ECF |
| New York, NY 10010 | |
| Telephone:  (212) 849-7000 | |
| Email: kathleensullivan@quinnemanuel.com | |
| | |
| William Price (*pro hac vice*) | _____ Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ US Mail |
| 865 S. Figuera St., 10th Floor | _____ Facsimile |
| Los Angeles, CA 90017 | __X__ ECF |
| Telephone:  (212) 443-3000 | |
| Email: williamprice@quinnemanuel.com | |
| MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | |

DATED this 3rd day of July, 2013.

s/  Tim Murphy_____
TIM MURPHY

MICROSOFT'S MOTION TO SEAL RE ITS
RULE 702 MOTION - 10

No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717