The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>       Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, July 19, 2013** |

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, LLC, and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal the following:

1. Defendants' Motion for Summary Judgment
2. Exhibits A, G, H, I, J, O, Y, and EE to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment.
3. Defendants' Motion to Preclude and Strike Testimony of Todd Menenberg
4. Exhibits A and B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion to Preclude and Strike Testimony of Todd Menenberg.
5. Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig
6. Exhibit A and C to the Declaration of Cheryl Berry in Support of Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig

## II. CERTIFICATION

In accordance with Local Civil Rule 5(g)(3)(A), the undersigned counsel certifies that on July 2 and 3, 2013 Chris Wion, Shane Cramer, and Ellen Robbins (on behalf of Microsoft) and Molly Terwilliger, Andrea Pallios Roberts, and Cheryl Berry (on behalf of Motorola) met and conferred, both telephonically and via email, regarding the need and extent to file under seal certain limited portions of Defendants' Motion for Summary Judgment, Motion to Preclude and Strike Testimony of Todd Menenberg, and Motion to Preclude and Strike the Testimony of Theo Bodewig, and supporting exhibits.

## III. BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.) This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id*. at 4. Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington. Local Rule Rule 5(g)(3) states that:

> (3) A motion to seal a document, even if it is a stipulated motion, must include the following:
>
> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
FOR SUMMARY JUDGMENT AND MOTIONS TO
PRECLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG AND THEO BODEWIG - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

> filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;
>
> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.
>
> Where parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information. *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### IV. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the documents described below under seal.

Defendants' Motion for Summary Judgment contains quotes from and summaries of deposition testimony that Microsoft designated as "MICROSOFT CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." This document should accordingly be sealed.

Exhibit A to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment is excerpts of the deposition of Horacio Gutierrez. Microsoft designated this testimony as "MICROSOFT CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER." This document should accordingly be sealed.

Exhibit G to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment is a document produced by Motorola in the litigation and bears the designation "Contains Motorola Mobility Inc. and/or Third Party Confidential Business Information. Subject to Protective Order – Attorneys' Eyes Only." It contains the confidential business information of both Motorola and a third party. The document should accordingly be sealed.

Exhibit H to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment is a document produced by Microsoft in the litigation and bears the designation "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." The document should accordingly be sealed.

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Exhibit I to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment is a document produced by Motorola in the litigation and bears the designation "MOTOROLA CONFIDENTIAL FINANCIAL INFORMATION-OUTSIDE ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER."  It contains the confidential business information of both Motorola and a third party.  The document should accordingly be sealed.

Exhibit J to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment is an excerpt of the sealed trial transcript for November 20, 2012.  The document should remain sealed.

Exhibit O to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment is an excerpt of Microsoft's April 3, 2031 Supplemental Objections, Answers, and Responses to Motorola Mobility, Inc.'s First Set of Interrogatories and Requests for Production.  Microsoft informed Motorola that this document should be sealed.

Exhibit Y to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment is an excerpt of the deposition testimony of Amy Marasco, which Microsoft designated as "HIGHLY CONFIDENTIAL."  The document should accordingly be sealed.

Exhibit EE to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment is an excerpt of the Expert Witness Report of Todd Menenberg, which Microsoft designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."  The document should accordingly be sealed.

Defendants' Motion to Preclude and Strike Testimony of Todd Menenberg contains information that Microsoft has designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."  The document should accordingly be sealed.

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
FOR SUMMARY JUDGMENT AND MOTIONS TO
PRECLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG AND THEO BODEWIG - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Exhibit A to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion to Preclude and Strike Testimony of Todd Menenberg is the complete Expert Witness Report of Todd Menenberg, which Microsoft designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." The document should accordingly be sealed.

Exhibit B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion to Preclude and Strike Testimony of Todd Menenberg is an excerpt of the deposition of Todd Menenberg, which Microsoft designated as "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY." This document should accordingly be sealed.

Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig contains information that Microsoft has designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." The document should accordingly be sealed.

Exhibit A to the Declaration of Cheryl Berry in Support of Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig is Microsoft's April 3, 2031 Supplemental Response to Interrogatory No. 4. Microsoft informed Motorola that this should be sealed

Exhibit C to the Declaration of Cheryl Berry in Support of Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig is an excerpt of the Expert Witness Report of Todd Menenberg, which Microsoft designated as "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY." This document should accordingly be sealed

## V.  CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following document be filed under seal:

1. Defendants' Motion for Summary Judgment
2. Exhibits A, G, H, I, J, O, Y, and EE to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment.
3. Defendants' Motion to Preclude and Strike Testimony of Todd Menenberg

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4. Exhibits A and B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion to Preclude and Strike Testimony of Todd Menenberg.

5. Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig

6. Exhibit A and C to the Declaration of Cheryl Berry in Support of Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig

DATED this 3rd day of July, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    *ralphp@summitlaw.com*
    *philm@summitlaw.com*

By */s/ Thomas V. Miller*
    Thomas V. Miller
    MOTOROLA MOBILITY LLC
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    (847) 523-2162

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Kathleen M. Sullivan*
    Kathleen M. Sullivan, NY #1804624
    51 Madison Ave., 22nd Floor
    New York, NY 10010
    (212) 849-7000
    *kathleensullivan@quinnemanuel.com*

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1
2
3
4

By */s/ Brian C. Cannon*
    Brian C. Cannon, CA #193071
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    (650) 801-5000
    *briancannon@quinnemanuel.com*

5
6
7
8

By */s/ William C. Price*
    William C. Price, CA #108542
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    (213) 443-3000
    *williamprice@quinnemanuel.com*

9
10

***Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.***

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 3rd day of July, 2013.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001