# EXHIBIT 9

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                Plaintiff,<br><br>      v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>                Defendants. | CASE NO. C10-1823-JLR |
| MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>      Plaintiffs/Counterclaim Defendant,<br><br>      v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant/Counterclaim Plaintiff. | |

**REBUTTAL EXPERT REPORT OF DR. MAXIMILIAN HAEDICKE**

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

## I.     INTRODUCTION

1.       I am Full Professor of Law at Albert-Ludwigs-University in Freiburg, Germany. My research and writing is focused on German, European and international intellectual property law, competition law and on contract law. I wrote several books and articles about various issues of civil law, intellectual property law, especially patent law, competition law and licensing. I am also a Judge with the Patent Division of the Düsseldorf Court of Appeals, which handles the majority of the appeal proceedings in patent infringement cases in Germany. I studied law in Munich, Geneva and at Georgetown University Law Center in Washington, D.C., where I received an LL.M. degree. In 1995, I passed the New York Bar Exam. Between 1999 and 2001 I worked in the U.S. department of the Munich-based Research Institute called "Max-Planck-Institute for Foreign and International Patent, Copyright and Competition Law." Between 2001 and 2003, I worked as an attorney for the IP Practice Group of the British/German law firm Freshfields Bruckhaus Deringer in the Munich and Düsseldorf offices. In 2003, I worked for half a year as an attorney for the IP litigation law firm rospatt osten pross.  In 2003, I became Professor at Albert-Ludwigs-University in Freiburg, Germany.

2.       A copy of my CV and a list of my publications are attached as **Exhibit A**.  My hourly billing rate for this matter is 350 Euros per hour.  My compensation does not depend on the opinions I express or the outcome of this litigation.

3.       I understand that Microsoft has brought a lawsuit in the U.S. District Court for the Western District of Washington at Seattle alleging that Motorola is

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

liable for damages because Motorola has sued Microsoft in Germany for patent infringement on the basis of standard-essential patents. I have been asked by Quinn Emanuel Urquhart & Sullivan LL.P. to act as an expert witness on behalf of Motorola in this action regarding patent law, injunctions and standards-essential patents (SEPs) in Germany.

4.      In the course of my analysis, I have reviewed the documents and other information listed in **Exhibit B** to this report.  I reserve the right to update my opinions should more relevant information become available in the future.

5.      I hereby incorporate by reference paragraphs 1-62 of the Expert Report of Dr. Maximilian Haedicke, which I prepared in support of this litigation.

## II.      SUMMARY OF CONCLUSIONS

6.      Microsoft has requested damages for attorneys' fees far in excess of the amount of attorneys' fees that Microsoft could receive in Germany if it were to ultimately prevail in the actions against Motorola (General Instrument Corporation).  If Motorola continues to prevail in Germany, as it did in the first instance, then Microsoft would be entitled to no attorneys' fees.

## III.      RULES AND CAPS FOR ATTORNEYS' FEES IN GERMANY.

A.      General Principles

7.      Attorneys' fees in Germany are calculated on the basis of the Act on the Remuneration of Lawyers (Rechtsanwaltsvergütungsgesetz, RVG). Attorneys' fees are awarded to the attorneys of plaintiff and defendant irrespective of whether the

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

respective attorney has won or lost the case for his client. As a general rule with only very few exceptions, there are no contingency fees in Germany.

8.      The losing party has to bear all costs relating to the lawsuit (§ 91 ZPO). This also includes the other party's attorney's fees and court fees costs insofar as they were necessary for the proper prosecution of the litigation. The winning party may claim the winning lawyers' statutory fees and expenses, the patent attorneys' statutory fees and, in principle, the winning party's travel costs.

9.      Depending on the outcome of the proceeding, the costs can be imposed on both parties at a rate determined by the court. For example, if plaintiff prevails with 2/3 of his claim, he may recover 2/3 of his legal costs from defendant.

10.      Furthermore, if there is more than one defendant, the court may attribute the costs between the parties. For example, in one Mannheim Motorola vs. Microsoft case relating to EP 625 384, the court ruled that defendant no. 1 shall bear 3/4 and Defendant no. 2 shall bear 1/4 of the costs and the out-of-court-costs of plaintiff.[1]

11.      Attorneys' fees are dependent on the value of the claim. The value of the claim depends on the plaintiff's economic interest at stake. The Act on the Remuneration of Lawyers (Rechtsanwaltsvergütungsgesetz, RVG) distinguishes between two fees that are relevant for patent litigation proceedings – the *procedural fee* ("Verfahrensgebühr" – Number 3100 of Annex 1 to the RVG for the first instance and Number 3200 of Annex 1 to the RVG for the second instance) and the *hearing fee*

---

[1] Mannheim District Court, Docket No. 2 O 387/11, P. 7 (Exhibit 4 to Document 308).

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

("Terminsgebühr" – Number 3104 of Annex 1 to the RVG for the first instance and Number 3202 of Annex 1 to the RVG for the second instance). The procedural fee is due when an attorney has been hired and has started to act on behalf of his client, while the hearing fee is generally due only if a court hearing has taken place. There is a supplementary fee if the attorney represents more than one client (Number 1008 of Annex 1 to the RVG).

      12.      The amount of statutory fees is calculated as follows: Depending on the value of the claim, the statute sets the value of one single fee unit (Sec. 13 RVG). For instance, the statute determines that one single fee unit shall amount to EUR 902 if the amount in dispute is EUR 40.000 (see Sec. 13 RVG and the table in Annex 2 to the RVG). This single fee unit is then multiplied with the factor that is associated with a specific fee. In the context of patent litigation, the single fee unit would be multiplied with the factor associated with the procedural fee and – if applicable – the hearing fee and the supplementary fee. The factors associated with these fees are the following:

- Procedural fee (First instance):      1,3

- Procedural fee (Second instance):      1,6

- Hearing fee (First instance):      1,2

- Hearing fee (Second instance):      1,2

- Supplementary fee (or fee for second client):      0,3

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

13.     The losing party also has to bear all court fees. The court fees are assessed according to the Act relating to Court Fees (Gerichtskostengesetz, GKG). The relevant factor here is the litigation value which is proposed by plaintiff and set by the court. The value of the litigation usually corresponds to the value of the claim which is set in order to determine the attorneys' fees.

B.     No recovery of Attorneys' Fees exceeding the Law on the Remuneration of Lawyers

14.     The winning party can only recover from the losing party attorney's fees no higher than provided for in the Act on the Remuneration of Lawyers. In German law of civil procedure, there is no legal basis for the recovery of attorneys' fees which go beyond the statutory fees unless the parties of the lawsuit have agreed otherwise.[2]

15.     Under German substantive law, especially under tort law, there is no basis for recovery of damages even if plaintiff loses the case. According to settled German case law, a plaintiff who files a lawsuit against a defendant is not liable for damages as he acted in accordance with the law even if he lost the lawsuit. The German Federal Supreme Court has stated:

> "It is correct that, assuming, a party initiating or pursuing an official proceeding in good faith that has been established and regulated by law does not unlawfully interfere with a protected legal right of the opposing party, even if his request is not justified on the merits and further disadvantages will ensue for the other party to the

_____

[2] Lackmann, Musielak ZPO, 10. Aufl. 2013, § 91 Rn. 11; Schulz, MüKo-ZPO, 4. Aufl. 2013, § 91 Rn. 61.

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

> proceedings. If an IP-right proprietor who pursues such an action negligently misinterprets the legal situation, just like with any other plaintiff or petitioner, that proprietor in principle does not bear more liability, under the law of torts, for the consequences of that misinterpretation than the sanctions provided for by procedural law, because the opposing party is regularly guaranteed protection by the legal proceeding according to its legal form."[3]

16.     If, as a general rule, the losing party is not liable for damages, the same rule applies even more so for the prevailing party. It is permitted under German law to successfully file a suit against an alleged patent infringer. Such lawful action cannot be the basis for damages which require, at the least, a wrongful behavior of defendant.

C.     Relief Available in Infringement Actions

17.     A plaintiff in Germany may seek various forms of relief in a first instance proceeding, including injunctive relief, destruction of devices, and a right to a rendering of accounts.  In the four Microsoft v. Motorola cases, Motorola sought the following forms of relief:  damages, accounting, recall and injunctive relief.

18.     In order to obtain monetary damages, a plaintiff must first file and obtain a finding of infringement in a first instance infringement proceeding.  In this first instance proceeding, the plaintiff will seek a right to rendering of accounts which allow the plaintiff to obtain financial information from the defendant that will allow it to calculate its monetary damages claim.

---

[3] German Federal Supreme Court (Grand Civil Panel) of 15 July 2005 - Case No. GSZ 1/04 "Warning Letter", English translation in IIC 2006, 94 et seq., ibid. p. 96.

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

19.     Once the defendant has satisfactorily rendered accounts, the Plaintiff can then file a new lawsuit seeking a determination of damages.

20.     If a plaintiff seeks monetary damages and not injunctive relief, and is paid on an hourly basis, the costs of the infringement proceeding are very similar to when the plaintiff does seek injunctive relief.  The only potential additional costs associated with a claim of injunctive relief would be any additional time spent on the compulsory license defense, or Orange Book proceedings, which I described in my earlier report.

21.     Nullity proceedings are separate from infringement proceedings. Nullity proceedings are filed with a different court system—the Federal Patent Court— and proceed on separate schedules.

22.     The nullity actions for which Microsoft seeks fees were filed voluntarily by Microsoft.

23.     There is no requirement that a defendant in a patent infringement action file a nullity proceeding.

D.      <u>Attorneys' Fees Potentially Available in the Motorola v. Microsoft Proceedings in Germany</u>

24.     The value in dispute was set to EUR 5 Million by the District Court of Mannheim for all four pending infringement actions.  The Karlsruhe Court of Appeals has not yet decided whether the value in dispute should be increased.  Therefore, the attorneys' fees calculation is done for the cases' current value of EUR 5 Million per proceeding.

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

25.    In addition to the four infringement proceedings against Microsoft, there are also two nullity actions pending before the Federal Patent Court. Two infringement proceedings were filed against two defendants and two infringement proceedings were filed against one defendant.

26.    I have reviewed the expert report of Todd Menenberg and understand that Freshfields Bruckhaus Deringer and Boehmert & Boehmert have performed legal work for Microsoft in the German actions.

27.    Below, I have calculated the maximum amount of attorneys' fees that Microsoft could obtain from the beginning of these actions through the appeals if Microsoft were ultimately to prevail.  To calculate the statutory attorneys' fees potentially available for the party who ultimately prevails on this action, I have used the publication "*Kostentafeln"- "cost chart*" which is published by Soldan GmbH (See **Exhibit C** to this report). This publication includes tables that are based on the arithmetic as defined in Sec. 13 RVG. These tables do not only provide for the single fee unit that is associated to the litigation value (here: EUR 5 Million), but also provide for the fees associated to the procedural fee (factor 1.3 in the first instance; 1.6 in the second instance), the hearing fee (1.2 in both instances) and the supplementary fee for a second client/defendant (0.3 in both instances). Furthermore I have used a publicly available software ("Prozesskostenrechner" http://rvgflex.pentos.com/) to double check my findings. A screenshot of my results deriving from the use of this internet tool is attached as **Exhibit D** to this report.

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

28.      The statutory fees for Freshfields Bruckhaus Deringer would be

the following (without VAT):

**Infringement proceedings:**

**Cases with *one* defendant (2 cases):**

**First instance**

| | |
|---|---|
| 1,3 procedural fee: | €21.444,80 |
| 1,2 hearing fee: | €19.795,20 |
| Lump sum expenses | €20,00 |
| **Total** | **€41.260,00** |

**Second Instance**

| | |
|---|---|
| 1,6 Proceedings fee: | €26.393,60 |
| Lump sum expenses | €20,00 |
| **Total** | **€26.413,60** |

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

**Cases with *two* defendants (2 cases):**

**First instance**

| | |
|---|---|
| 1,3 procedural fee: | €21.444,80 |
| 0,3 fee for 2nd defendant | €4.948,80 |
| 1,2 hearing fee | €19.795,20 |
| Lump sum expenses | €20,00 |
| **Total** | **€46.208,80** |

**Second Instance**

| | |
|---|---|
| 1,6 procedural fee: | €26.393,60 |
| 0,3 fee for 2nd defendant | €4.948,80 |
| Lump sum expenses | €20,00 |
| **Total** | **€31.362,40** |

**Nullity proceedings (2 cases; one plaintiff):**

| | |
|---|---|
| 1,3 procedural fee: | €21.444,80 |
| Lump sum expenses: | €20,00 |
| **Total** | **€21.464,80** |

**Sum: EUR 333.419,20** (plus travel expenses and translation costs etc.); this equals approximately $ 440.746,76.

-11-

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

29.     From reading Mr. Menenberg's expert report, I understand that Microsoft is seeking $2,119,188 in damages for its attorneys' fees from Freshfields Bruckhaus Deringer.  This greatly exceeds the fees that would be available to them in Germany given the Mannheim Court's determination of the amount in dispute —and those fees would only be available to Microsoft if Microsoft ultimately prevails in the case.  At the district court level, Motorola prevailed.

30.     The statutory fees for Boehmert & Boehmert patent attorneys are the following:

**Infringement proceedings:**

**Cases with *one* defendant (2 cases):**

**First instance**

| | |
|---|---|
| 1,3 procedural  fee: | €21.444,80 |
| 1,2 hearing fee: | €19.795,20 |
| Lump sum expenses | €20,00 |
| **Total** | **€41.260,00** |

**Second Instance**

| | |
|---|---|
| 1,6 procedural fee: | €26.393,60 |
| Lump sum expenses | €20,00 |
| **Total** | **€26.413,60** |

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

**Cases with *two* defendants (2 cases):**

**First instance**

| | |
|---|---|
| 1,3 procedural fee: | €21.444,80 |
| 0,3 fee for 2nd defendant: | €4.948,80 |
| 1,2 hearing fee: | €19.795,20 |
| Lump sum expenses | €20,00 |
| **Total** | **€46.208,80** |

**Second Instance**

| | |
|---|---|
| 1,6 procedural fee: | €26.393,60 |
| 0,3 fee for 2nd defendant | €4.948,80 |
| Lump sum expenses | €20,00 |
| **Total** | **€31.362,40** |

**Nullity proceedings (2 cases; one plaintiff):**

| | |
|---|---|
| 1,3 procedural fee: | €21.444,80 |
| Lump sum expenses: | €20,00 |
| **Total** | **€21.464,80** |

**Sum: EUR 333.419,20** (plus travel expenses and translation costs etc.); this equals approximately $ 440.746,76.

31.     From reading Mr. Menenberg's expert report, I understand that Microsoft is seeking $474,170 in damages for its attorneys' fees from Boehmert &

-13-

CONFIDENTIAL BUSINESS INFORMATION PURSUANT TO PROTECTIVE ORDER

Boehmert.  This exceeds the fees that would be available to them in Germany—and those fees would only be available to Microsoft if Microsoft ultimately prevails in the case.  At the district court level, Motorola prevailed.

I declare that the foregoing is true and correct.  Executed in San Francisco, California on June 10, 2013.

_Maximilian Haedicke_

Prof. Dr. Maximilian Haedicke

# EXHIBIT A

Prof. Dr. Maximilian Haedicke, LL.M.

_____

| | |
|---|---|
| Place and date of birth | Munich, Germany, 29.11.1967 |

## **Education**

| | |
|---|---|
| 27. June 1986 | Graduation from High School ("Abitur") |
| 1987-1988 | Compulsory military service |
| 1988-1993 | Studies of Law at Munich University Law School |
| 1990/1991 | Studies of Law at University of Geneva Law School, *Honours*: *DAAD-scholarship* |
| January 1994 | First State Examination   - *top 1 % of class* |
| 1994/1995 | Georgetown University Law School, Washington, DC; *Honours: Fulbright-Scholarship* |
| 29. May 1995 | Master of Law, "*with distinction*" |
| July 1995 | New York Bar Exam; Admission to the New York Bar (*now retired from the practice of law*) |
| 1996 – 1998 | Clerkship ("Referendariat") at the High Court of Berlin |
| 5. February 1998 | Second State Examination – *top 5 % of the class* |
| Mai 2001 – December 2002 | Attorney at law with international law firm in the field of Intellectual Property/Information Technology |

## **Academic Career**

| | |
|---|---|
| 1994 | Researcher at the Max-Planck-Institute for Foreign and International Patent, Copyright and Competition Law, Munich; *Honours: Max-Planck-Scholarship* |
| July – December 1995 | Visiting Scholar, Georgetown University, Washington, D.C., preparing Ph.D. |

| April 1997 | Graduation to *Doctor Juris* at Munich University (Grade: *summa cum laude*) |
| | Supervisor: Prof. Dr. Dr. h.c. mult. G. Schricker |
| | *Honours for the Dissertation:* |
| | *- Heinrich-Hubmann-Award* |
| | *- Faculty Award of Munich University* |
| 1998-2001 | Researcher and Head of the U.S. Department of the Max-Planck-Institute, Munich |
| July 2001 | Habilitation |
| | Supervisor: Prof. Dr. Dr. h.c. mult. G. Schricker |
| 2001-2002 | Teaching Law Classes at Munich University |
| 2003 | Assistant Professorship at Freiburg University Law School |
| since 2005 | Full Professorship at Freiburg University Law School – Chair for Intellectual Property Law |
| since 2011 | Judge with the Patent Division of the Düsseldorf Court of Appeal |

**Publications of Prof. Dr. Haedicke**


**I. Books**

1.   Urheberrecht und die Handelspolitik der Vereinigten Staaten von Amerika, Dissertation, C.H. Beck, München 1997

2.   Rechtskauf und Rechtsmängelhaftung - Forderungen, Immaterialgüterrechte und sonstige Gegenstände als Kaufobjekte und das neue Schuldrecht, Habilitationsschrift, Mohr/Siebeck, Tübingen 2003

3.   Patentrecht, Carl Heymanns Verlag, Köln/München, 2009, 2d. Edition 2012

4.   Patente und Piraten – Geistiges Eigentum in der Krise, C.H. Beck, München 2011


**II. Editorships**

1.   Perspektiven des Geistigen Eigentums und Wettbewerbsrechts – Festschrift für Gerhard Schricker zum 70. Geburtstag, C.H. Beck 2005 (mit *A. Ohly, T. Bodewig, Th. Dreier, M. Lehmann, P. Götting*)

2.   Mitherausgeber der Schriften zum deutschen, europäischen und internationalen Recht des Geistigen Eigentums und Wettbewerbs (mit *J. Glöckner, V. Jänich, St. Leible, B. Stickelbrock*)

3.   Mitherausgeber der Zeitschrift für Geistiges Eigentum (ZGE) (mit *A. Ohly, D. Klippel, M. Leistner*)

5.   Handbuch des Patentrechts, CH Beck, München 2012 (1600 pages)


**III.    Articles in Law Journals and Law Books**

1.    Einführung in das internationale Urheberrecht, JURA 1996, 64

2.    Urheberrecht als Investitionsschutz?, GRUR Int. 1998, 631

3.   Lex Informatica oder allgemeines Deliktsrecht? Zur dogmatischen Einordnung von § 5 des Informations- und Kommunikationsdienstleistungsgesetzes (IuKDG) und Art. 5 des Mediendienstestaatsvertrags (MDStV), Computer und Recht 1999, 309

4.   "Der Bildband" – Übungsklausur im Wahlfach Wettbewerbsrecht, gewerblicher Rechtsschutz und Urheberrecht, JURA 1999, 131

5.   Die Haftung für mittelbare Urheber- und Wettbewerbsrechtsverletzungen, GRUR 1999, 397

6.    Schutzrechtsverletzende Importe in die USA, das Verfahren nach "Section 337" und TRIPs, GRUR Int. 1999, 497

7.     US Imports, TRIPs and Section 337 of the Tariff Act, IIC 2000, 771

8.    Urheberrecht und Internet im Überblick, JURA 2000, 449.

9.    Die Umgehung technischer Schutzmaßnahmen als mittelbare Urheberrechtsverletzung, in: *Ganea / Heath / Schricker* (Hrsg.), Festschrift für Adolf Dietz, München 2001, S. 349

10.    Der bürgerlich-rechtliche Verfügungsbegriff, JuS 2001, 966

11.    Die zukünftige Zugabe- und Rabattregulierung durch das UWG zwischen Liberalisierung und Lauterkeitsschutz, CR 2001, 788

12.    Kein Patent auf Leben? – Grundlagen des Patentrechts und der Schutz biotechnologischer Erfindungen, JuS 2002, 113

13.    Die Gewährleistungshaftung bei Patentveräußerungs- und Patentlizenzverträgen und das neue Schuldrecht, GRUR 2004, 123

14.    Schutzbereich und mittelbare Patentverletzung bei Verwendungsansprüchen, Mitteilungen der deutschen Patentanwälte 2004, 145

15.    Der Schadensersatzanspruch des Patentverletzers, GRUR 2005, 529

16.    Die Harmonisierung von Patent- und Sortenschutz im Gesetz zur Umsetzung der Biotechnologie-Richtlinie, Mitteilungen der Deutschen Patentanwälte 2005, 241

17.    Informationsbefugnisse des Schutzrechtsinhabers im Spiegel der EG-Richtlinie zur Durchsetzung der Rechte des geistigen Eigentums, in *A. Ohly, T. Bodewig, Th. Dreier, M. Haedicke, M. Lehmann, P. Götting* (Hrsg.), Perspektiven des Geistigen Eigentums und Wettbewerbsrechts – Festschrift für Gerhard Schricker zum 70. Geburtstag, C.H. Beck 2005, S. 19-33

18.    Die Mängelbeseitigungspflicht des Verkäufers bei fehlerhafter Montageanleitung, ZGS 2006, 55

19.    Eingriff in das Recht am eingerichteten und ausgeübten Gewerbebetrieb durch unberechtigte Verwarnungen aus Immaterialgüterrechten, JURA 2006, 528

20.    Nutzungsbefugnisse und Ausgleichspflichten in der Bruchteilsgemeinschaft an Marken, GRUR 2007, 23

21.    Auskreuzung transgener Pflanzen und Patentrecht, in: Festschrift für Tilmann Schilling, 2007, S. 237.

22.    Innovationssteuerung durch Patente im Bereich der Biotechnologie, in: *Depenheuer/Peifer*, Geistiges Eigentum: Schutzrecht oder Ausbeutungstitel, S. 111.

23.   Mashup – Spiel ohne rechtliche Grenzen? in: *Hoffmann/Leible* (Hrsg.). Vernetztes Rechnen – Softwarepatente – Web 2.0, S. 159 ff.

24.   Biotechnologische Erfindungen und patentrechtliche Schrankenregelungen, in: *Hoffmann-Riem/Eiffert* (Hrsg.), Geistiges Eigentum und Innovation 2008, S. 239

25.   Schadensersatz bei mittelbarer Patentverletzung, GRUR 2009, 273

26.   Der Wechsel des Klagepatents in der Berufungsinstanz, in: Festschrift für Peter Mes 2009, S. 153 ff. (gemeinsam mit *D. Kamlah*)

27.   Urkundenvorlagepflichten des Verletzers beim Verdacht einer Patentverletzung?, in: Festschrift für Leipold, 2009, S. 53

28.   Absoluter Stoffschutz – Zukunftskonzept oder Auslaufmodell, GRUR 2010, 94

29.   Open Access als Herausforderung für das Geistige Eigentum, in *Leible/Ohly/Zech* (Hrsg.), Wissen – Märkte – Geistiges Eigentum, 2010, 93

30.   Die mittelbare Verursachung von Schutzrechtsverletzungen im Gesamtsystem des Geistigen Eigentums, in: *Leistner* (Hrsg.), Europäische Perspektiven Geistigen Eigentums, Mohr Siebeck, Tübingen 2010, S. 229 ff.

31.   European Patents and the Draft Agreement on a European and European Union Patents Court (gemeinsam mit *M. Grosch*), ZGE 2010, 196

32.   Recht des Geistigen Eigentums, in *Schulze/Zuleeg* (Hrsg.), Europarecht - Handbuch der Europäischen Rechtspraxis, 1.Aufl. 2006, S. 793 ff. und *Schulze/Zuleeg/Kadelbach* (Hrsg.), Europarecht – Handbuch für die deutsche Rechtspraxis, 2. Aufl. 2010, S. 966 ff.

33.   Kommentierung der §§ 32, 32a, 36, 36a in *Schricker* (Hrsg.), Urheberrecht, Kommentar, 4. Auflage, C.H. Beck, München 2010

34.   Know-How-Schutz in Indien, in: *Ann/Loschelder/Grosch* (Hrsg.), Praxishandbuch Know-how-Schutz, Carl Heymanns, Köln 2010, S. 686 ff.

36.   Pay-for-Delay-Vergleichsvereinbarungen im Spannungsfeld zwischen Patent- und Kartellrecht, ZGE 2011, S. 263

37.   Dingliche Wirkungen und Insolvenzfestigkeit von Patentlizenzen in der Insolvenzkette, ZGE 2011, 377


**IV. Book Reviews and Case Reviews**

1.   *Christoph Gasser*: Der Eigengebrauch im Urheberrecht, GRUR Int. 1998, 538

2.   *Stefan Freytag*: Haftung im Netz, GRUR Int. 1999, 991

3. *Alesch Staehelin*, Das TRIPs-Abkommen: Immaterialgüterrechte im Licht der globalisierten Handelspolitik, 11 EJIL 474 (2000)

4. *Mathias Lejeune*, Der E-Commerce-Vertrag nach amerikanischem Recht. Der Uniform Computer Information Transaction Act (UCITA) und seine Auswirkungen auf die Praxis des Vertragsrechts, GRUR Int. 2003, 101

5. Anmerkung zu BGH X ZR 82/03 – Drehzahlermittlung, LMK 2004, 198

6. *Rudolf Kraßer*, Patentrecht, 5. Aufl., Mitteilungen der deutschen Patentanwälte 2004, 575

7. *Baumbach / Hefermehl*, Wettbewerbsrecht, *Harte–Bavendamm / Henning–Bodewig* (Hrsg.), Gesetz gegen den unlauteren Wettbewerb (UWG), JZ 2005, 244

8. Anmerkung zu BGH X ZR 29/05 – Strahlungssteuerung, LMK 2005, 161668

9. Anmerkung zu EuGH C-418/02 – Praktiker, GPR 2006, 30

10. *Martin Ebner*, Markenschutz im internationalen Privat- und Zivilprozessrecht, ZZP 118 (2005), 499

11. Anmerkung zu BGH X ZR 72/04 – Detektionseinrichtung II, JZ 2006, 576

12. *Louis Pahlow*: Lizenz und Lizenzvertrag im Recht des Geistigen Eigentums, GRUR 2008, 328

13. *Paul Tobias Schrader*: Technizität im Patentrecht – Aufstieg und Niedergang eines Rechtsbegriffs, ZGE 2009, 128

14. *Christine Godt*, Eigentum an Information, ZGE 2009, 269

15. *Valentin Spernath*: Die Schutzschrift im zivilrechtlichen Verfahren, ZZP 2009, 516

16. *Rudolf Kraßer*, Patentrecht, 6. Aufl., Mitteilungen der deutschen Patentanwälte 2010, 45

17. Anmerkung zu BGH Xa ZR 2/08 – MP3-Player-Import, JZ 2010, 146

18. *Matthias Berberich*, Virtuelles Eigentum, ZGE 2010, 212

19. *Johann Pitz*, Patentverletzungsverfahren, GRUR 2011, 123

20. Ralf Uhrich, Stoffschutz, Mitt. 2011, 206

# EXHIBIT B

Exhibit B

Materials Considered

| | |
|---|---|
| 2012-03-28 (D.I. 211) Declaration of C. Wion ISO Microsoft's Motion for TRO and Prelim Injunction | |
| 2012-04-06 (D.I. 244) Defendants' Opposition to Msft's Motion for TRO and Prelim Injunction | |
| 2012-04-06 (D.I. 245) Redacted Decl of Grousch ISO Defs' Opp to Msft's Motion for TRO and Prelim Injunction | |
| 2012-04-06 (D.I. 246) Decl of Kevin Post ISO Defs' Opposition to Msft's Motion for TRO and Prelim Injunction | |
| 2012-04-11 (D.I. 260) Hearing Transcript TRO Ruling | |
| 2012-05-04 (D.I. 308) Joint Notice of Ruling In Related Case and Motion to Suppl the Record on SJ | |
| 2012-05-14 (D.I. 318) Order Granting Microsoft's Motion for PI and Converts the courts 4-11-12 TRO into PI | |
| 2012-03-28 (D.I. 209) [Filed Under Seal] Microsoft Motion for a Temporary Restraining Order and Prelim Injunction | |
| 2012-03-28 (D.I. 212) [Filed Under Seal] Declaration of Peter Chrocziel | |
| 2012-03-28 (D.I. 214) [Filed Under Seal] Declaration of Marcelo Prieto | |
| 2012-03-28 (D.I. 216) [Filed Under Seal] Declaration of Josh Hutto | |
| MOTM_WASH1823_0614131 | MOTM_WASH1823_0614134 |
| MOTM_WASH1823_0614135 | MOTM_WASH1823_0614168 |
| MOTM_WASH1823_0614169 | MOTM_WASH1823_0614224 |
| MOTM_WASH1823_0614225 | MOTM_WASH1823_0614244 |
| MOTM_WASH1823_0614245 | MOTM_WASH1823_0614259 |
| MOTM_WASH1823_0614260 | MOTM_WASH1823_0614261 |
| MOTM_WASH1823_0614342 | MOTM_WASH1823_0614353 |
| MOTM_WASH1823_0614354 | MOTM_WASH1823_0614376 |
| 04.03.13 Microsoft 4-3-13 Supplemental Objections Responses Answers | |
| 05.21.13 Microsoft 05-21-13 Supplemental Objections Responses Answers | |
| MOTM_WASH1823_0626701 | MOTM_WASH1823_0626705 |
| MOTM_WASH1823_0626706 | MOTM_WASH1823_0626713 |
| MOTM_WASH1823_0626714 | MOTM_WASH1823_0626719 |
| MOTM_WASH1823_0626720 | MOTM_WASH1823_0626748 |
| MOTM_WASH1823_0626749 | MOTM_WASH1823_0626786 |
| MOTM_WASH1823_0626787 | MOTM_WASH1823_0626825 |
| MOTM_WASH1823_0626826 | MOTM_WASH1823_0626851 |
| MOTM_WASH1823_0626852 | MOTM_WASH1823_0626862 |
| MOTM_WASH1823_0626863 | MOTM_WASH1823_0626879 |
| MOTM_WASH1823_0626880 | MOTM_WASH1823_0626882 |
| MOTM_WASH1823_0626883 | MOTM_WASH1823_0626902 |
| MOTM_WASH1823_0626701 | MOTM_WASH1823_0626705 |
| MOTM_WASH1823_0626706 | MOTM_WASH1823_0626713 |
| MOTM_WASH1823_0626714 | MOTM_WASH1823_0626719 |
| MOTM_WASH1823_0626720 | MOTM_WASH1823_0626748 |
| MOTM_WASH1823_0626749 | MOTM_WASH1823_0626786 |

Exhibit B

Materials Considered

| | |
|---|---|
| MOTM_WASH1823_0626787 | MOTM_WASH1823_0626825 |
| MOTM_WASH1823_0626826 | MOTM_WASH1823_0626851 |
| MOTM_WASH1823_0626852 | MOTM_WASH1823_0626862 |
| MOTM_WASH1823_0626863 | MOTM_WASH1823_0626879 |
| MOTM_WASH1823_0626880 | MOTM_WASH1823_0626882 |
| MOTM_WASH1823_0626883 | MOTM_WASH1823_0626902 |
| MOTM_WASH1823_0626917 | MOTM_WASH1823_0626918 |
| MOTM_WASH1823_0626919 | MOTM_WASH1823_0626922 |
| 2013-05-29 Expert Report of Todd D. Menenberg | |

# EXHIBIT C

Tabellen

# Kostentafeln

**und andere Tabellen
für die juristische Praxis**

32. Auflage 2012

Stand: 1. Juli 2011

Herausgegeben von der
Hans Soldan GmbH



DeutscherAnwaltVerlag

**Haftungsausschluss**

Dieses Werk kann nur ein Hilfsmittel sein. Keinesfalls entbindet es davon, in jedem Fall die gesetzlichen Vorschriften zu Rate zu ziehen. Trotz der gewissenhaften Zusammenstellung übernimmt der Verlag keinerlei Gewähr.

Copyright 2012 by Deutscher Anwaltverlag, Bonn
Satz: Griebsch + Rochol Druck GmbH, Hamm
Druck: Hans Soldan Druck GmbH, Essen
Umschlaggestaltung: gentura, Holger Neumann, Bochum
ISBN 978-3-8240-1182-7

**Bibliografische Information der Deutschen Bibliothek**

Die Deutsche Bibliothek verzeichnet diese Publikation in der Deutschen Nationalbibliografie; detaillierte bibliografische Daten sind im Internet über http://dnb.ddb.de abrufbar.

# Vorbemerkungen zur 32. Auflage

Die 32. Auflage entspricht dem Rechtsstand vom 1.7.2011.

An Gesetzesänderungen wurden seit der Vorauflage insbesondere berücksichtigt:

- Gesetz zur Durchführung der Verordnung Nr. 4/2009 und zur Neuordnung bestehender Aus- und Durchführungsbestimmungen auf dem Gebiet des internationalen Unterhaltsverfahrensrechts vom 23.5.2011 (BGBl. I S. 898);

- Bekanntmachung zu § 850c der Zivilprozessordnung (Pfändungsfreigrenzenbekanntmachung 2011) vom 9.5.2011 (BGBl. I S. 825);

- Zweites Gesetz zur erbrechtlichen Gleichstellung nichtehelicher Kinder, zur Änderung der Zivilprozessordnung und der Abgabenordnung vom 12.4.2011 (BGBl. I S. 615);

- Bekanntmachung zu § 115 der Zivilprozessordnung (Prozesskostenhilfebekanntmachung 2011 – PKHB 2011) vom 7.4.2011 (BGBl. I S. 606);

- Gesetz zur Ermittlung von Regelbedarfen und zur Änderung des Zweiten und Zwölften Buches Sozialgesetzbuch vom 24.3.2011 (BGBl. I S. 453);

- Gesetz zur Umsetzung der Dienstleistungsrichtlinie in der Justiz und zur Änderung weiterer Vorschriften vom 22.12.2010 (BGBl. I S. 2248);

- Gesetz zur Restrukturierung und geordneten Abwicklung von Kreditinstituten, zur Errichtung eines Restrukturierungsfonds für Kreditinstitute und zur Verlängerung der Verjährungsfrist der aktienrechtlichen Organhaftung (Restrukturierungsgesetz) vom 9.12.2010 (BGBl. I S. 1900);

- Zweite Verordnung zur Änderung der Handelsregistergebührenverordnung vom 29.11.2010 (BGBl. I S. 1731);

- Gesetz zur Umsetzung des Rahmenbeschlusses 2005/214/JI des Rates vom 24. Februar 2005 über die Anwendung des Grundsatzes der gegenseitigen Anerkennung von Geldstrafen und Geldbußen vom 18.10.2010 (BGBl. I S. 1408);

- Gesetz zur Umsetzung der Aktionärsrechterichtlinie (ARUG) vom 30.7.2009 (BGBl. I S. 2479);

- Gesetz über die Internetversteigerung in der Zwangsvollstreckung und zur Änderung anderer Gesetze vom 30.7.2009 (BGBl. I S. 2474);

- Gesetz zur Modernisierung von Verfahren im anwaltlichen und notariellen Berufsrecht, zur Errichtung einer Schlichtungsstelle der Rechtsanwaltschaft sowie zur Änderung sonstiger Vorschriften vom 30.7.2009 (BGBl. I S. 2449);

- Gesetz zur Stärkung der Rechte von Verletzten und Zeugen im Strafverfahren (2. Opferrechtsreformgesetz) vom 29.7.2009 (BGBl. I S. 2280);

- Gesetz zur Änderung des Zugewinnausgleichs- und Vormundschaftsrechts vom 6.7.2009 (BGBl. I S. 1696);

- Gesetz zur Strukturreform des Versorgungsausgleichs (VAStrRefG) vom 3.4.2009 (BGBl. I S. 700);

## Rechtsanwaltsgebühren

| Wert bis ...€ | 0,1 € | 0,2 € | 0,3 € | 0,4 € | 0,5 € | 0,55 € | 0,6 € |
|---|---|---|---|---|---|---|---|
| 4.200.000 | 1.409,60 | 2.819,20 | 4.228,80 | 5.638,40 | 7.048,00 | 7.752,80 | 8.457,60 |
| 4.250.000 | 1.424,60 | 2.849,20 | 4.273,80 | 5.698,40 | 7.123,00 | 7.835,30 | 8.547,60 |
| 4.300.000 | 1.439,60 | 2.879,20 | 4.318,80 | 5.758,40 | 7.198,00 | 7.917,80 | 8.637,60 |
| 4.350.000 | 1.454,60 | 2.909,20 | 4.363,80 | 5.818,40 | 7.273,00 | 8.000,30 | 8.727,60 |
| 4.400.000 | 1.469,60 | 2.939,20 | 4.408,80 | 5.878,40 | 7.348,00 | 8.082,80 | 8.817,60 |
| 4.450.000 | 1.484,60 | 2.969,20 | 4.453,80 | 5.938,40 | 7.423,00 | 8.165,30 | 8.907,60 |
| 4.500.000 | 1.499,60 | 2.999,20 | 4.498,80 | 5.998,40 | 7.498,00 | 8.247,80 | 8.997,60 |
| 4.550.000 | 1.514,60 | 3.029,20 | 4.543,80 | 6.058,40 | 7.573,00 | 8.330,30 | 9.087,60 |
| 4.600.000 | 1.529,60 | 3.059,20 | 4.588,80 | 6.118,40 | 7.648,00 | 8.412,80 | 9.177,60 |
| 4.650.000 | 1.544,60 | 3.089,20 | 4.633,80 | 6.178,40 | 7.723,00 | 8.495,30 | 9.267,60 |
| 4.700.000 | 1.559,60 | 3.119,20 | 4.678,80 | 6.238,40 | 7.798,00 | 8.577,80 | 9.357,60 |
| 4.750.000 | 1.574,60 | 3.149,20 | 4.723,80 | 6.298,40 | 7.873,00 | 8.660,30 | 9.447,60 |
| 4.800.000 | 1.589,60 | 3.179,20 | 4.768,80 | 6.358,40 | 7.948,00 | 8.742,80 | 9.537,60 |
| 4.850.000 | 1.604,60 | 3.209,20 | 4.813,80 | 6.418,40 | 8.023,00 | 8.825,30 | 9.627,60 |
| 4.900.000 | 1.619,60 | 3.239,20 | 4.858,80 | 6.478,40 | 8.098,00 | 8.907,80 | 9.717,60 |
| 4.950.000 | 1.634,60 | 3.269,20 | 4.903,80 | 6.538,40 | 8.173,00 | 8.990,30 | 9.807,60 |
| 5.000.000 | 1.649,60 | 3.299,20 | 4.948,80 | 6.598,40 | 8.248,00 | 9.072,80 | 9.897,60 |

Von dem Mehrbetrag über 5.000.000 € entstehen für je 50.000 € Gebühren in Höhe von 150 €. Gegenstandswerte über 5.000.000 € sind auf volle 50.000 € aufzurunden.

Die Errechnung der Gebühren von über 5.000.000 bis 10.000.000 € kann auch anhand der nachfolgenden Tabellen vorgenommen werden. Dabei sind jeweils die Zwischenwerte hinzuzurechnen.

| | 0,1 € | 0,2 € | 0,3 € | 0,4 € | 0,5 € | 0,55 € | 0,6 € |
|---|---|---|---|---|---|---|---|
| 5.500.000 | 1.799,60 | 3.599,20 | 5.398,80 | 7.198,40 | 8.998,00 | 9.897,80 | 10.797,60 |
| 6.000.000 | 1.949,60 | 3.899,20 | 5.848,80 | 7.798,40 | 9.748,00 | 10.722,80 | 11.697,60 |
| 6.500.000 | 2.099,60 | 4.199,20 | 6.298,80 | 8.398,40 | 10.498,00 | 11.547,80 | 12.597,60 |
| 7.000.000 | 2.249,60 | 4.499,20 | 6.748,80 | 8.998,40 | 11.248,00 | 12.372,80 | 13.497,60 |
| 7.500.000 | 2.399,60 | 4.799,20 | 7.198,80 | 9.598,40 | 11.998,00 | 13.197,80 | 14.397,60 |
| 8.000.000 | 2.549,60 | 5.099,20 | 7.648,80 | 10.198,40 | 12.748,00 | 14.022,80 | 15.297,60 |
| 8.500.000 | 2.699,60 | 5.399,20 | 8.098,80 | 10.798,40 | 13.498,00 | 14.847,80 | 16.197,60 |
| 9.000.000 | 2.849,60 | 5.699,20 | 8.548,80 | 11.398,40 | 14.248,00 | 15.672,80 | 17.097,60 |
| 9.500.000 | 2.999,60 | 5.999,20 | 8.998,80 | 11.998,40 | 14.998,00 | 16.497,80 | 17.997,60 |
| 10.000.000 | 3.149,60 | 6.299,20 | 9.448,80 | 12.598,40 | 15.748,00 | 17.322,80 | 18.897,60 |
| 10.500.000 | 3.299,60 | 6.599,20 | 9.898,80 | 13.198,40 | 16.498,00 | 18.147,80 | 19.797,60 |
| 11.000.000 | 3.449,60 | 6.899,20 | 10.348,80 | 13.798,40 | 17.248,00 | 18.972,80 | 20.697,60 |
| 11.500.000 | 3.599,60 | 7.199,20 | 10.798,80 | 14.398,40 | 17.998,00 | 19.797,80 | 21.597,60 |
| 12.000.000 | 3.749,60 | 7.499,20 | 11.248,80 | 14.998,40 | 18.748,00 | 20.622,80 | 22.497,60 |
| 12.500.000 | 3.899,60 | 7.799,20 | 11.698,80 | 15.598,40 | 19.498,00 | 21.447,80 | 23.397,60 |

## Rechtsanwaltsgebühren

| Wert bis ...€ | 0,65 € | 0,7 € | 0,75 € | 0,8 € | 0,9 € | 1,0 € | 1,1 € |
|---|---|---|---|---|---|---|---|
| 4.200.000 | 9.162,40 | 9.867,20 | 10.572,00 | 11.276,80 | 12.686,40 | 14.096,00 | 15.505,60 |
| 4.250.000 | 9.259,90 | 9.972,20 | 10.684,50 | 11.396,80 | 12.821,40 | 14.246,00 | 15.670,60 |
| 4.300.000 | 9.357,40 | 10.077,20 | 10.797,00 | 11.516,80 | 12.956,40 | 14.396,00 | 15.835,60 |
| 4.350.000 | 9.454,90 | 10.182,20 | 10.909,50 | 11.636,80 | 13.091,40 | 14.546,00 | 16.000,60 |
| 4.400.000 | 9.552,40 | 10.287,20 | 11.022,00 | 11.756,80 | 13.226,40 | 14.696,00 | 16.165,60 |
| 4.450.000 | 9.649,90 | 10.392,20 | 11.134,50 | 11.876,80 | 13.361,40 | 14.846,00 | 16.330,60 |
| 4.500.000 | 9.747,40 | 10.497,20 | 11.247,00 | 11.996,80 | 13.496,40 | 14.996,00 | 16.495,60 |
| 4.550.000 | 9.844,90 | 10.602,20 | 11.359,50 | 12.116,80 | 13.631,40 | 15.146,00 | 16.660,60 |
| 4.600.000 | 9.942,40 | 10.707,20 | 11.472,00 | 12.236,80 | 13.766,40 | 15.296,00 | 16.825,60 |
| 4.650.000 | 10.039,90 | 10.812,20 | 11.584,50 | 12.356,80 | 13.901,40 | 15.446,00 | 16.990,60 |
| 4.700.000 | 10.137,40 | 10.917,20 | 11.697,00 | 12.476,80 | 14.036,40 | 15.596,00 | 17.155,60 |
| 4.750.000 | 10.234,90 | 11.022,20 | 11.809,50 | 12.596,80 | 14.171,40 | 15.746,00 | 17.320,60 |
| 4.800.000 | 10.332,40 | 11.127,20 | 11.922,00 | 12.716,80 | 14.306,40 | 15.896,00 | 17.485,60 |
| 4.850.000 | 10.429,90 | 11.232,20 | 12.034,50 | 12.836,80 | 14.441,40 | 16.046,00 | 17.650,60 |
| 4.900.000 | 10.527,40 | 11.337,20 | 12.147,00 | 12.956,80 | 14.576,40 | 16.196,00 | 17.815,60 |
| 4.950.000 | 10.624,90 | 11.442,20 | 12.259,50 | 13.076,80 | 14.711,40 | 16.346,00 | 17.980,60 |
| 5.000.000 | 10.722,40 | 11.547,20 | 12.372,00 | 13.196,80 | 14.846,40 | 16.496,00 | 18.145,60 |

Von dem Mehrbetrag über 5.000.000 € entstehen für je 50.000 € Gebühren in Höhe von 150 €. Gegenstandswerte über 5.000.000 € sind auf volle 50.000 € aufzurunden.

Die Errechnung der Gebühren von über 5.000.000 bis 10.000.000 € kann auch anhand der nachfolgenden Tabellen vorgenommen werden. Dabei sind jeweils die Zwischenwerte hinzuzurechnen.

| | 0,65 € | 0,7 € | 0,75 € | 0,8 € | 0,9 € | 1,0 € | 1,1 € |
|---|---|---|---|---|---|---|---|
| 5.500.000 | 11.697,40 | 12.597,20 | 13.497,00 | 14.396,80 | 16.196,40 | 17.996,00 | 19.795,60 |
| 6.000.000 | 12.672,40 | 13.647,20 | 14.622,00 | 15.596,80 | 17.546,40 | 19.496,00 | 21.445,60 |
| 6.500.000 | 13.647,40 | 14.697,20 | 15.747,00 | 16.796,80 | 18.896,40 | 20.996,00 | 23.095,60 |
| 7.000.000 | 14.622,40 | 15.747,20 | 16.872,00 | 17.996,80 | 20.246,40 | 22.496,00 | 24.745,60 |
| 7.500.000 | 15.597,40 | 16.797,20 | 17.997,00 | 19.196,80 | 21.596,40 | 23.996,00 | 26.395,60 |
| 8.000.000 | 16.572,40 | 17.847,20 | 19.122,00 | 20.396,80 | 22.946,40 | 25.496,00 | 28.045,60 |
| 8.500.000 | 17.547,40 | 18.897,20 | 20.247,00 | 21.596,80 | 24.296,40 | 26.996,00 | 29.695,60 |
| 9.000.000 | 18.522,40 | 19.947,20 | 21.372,00 | 22.796,80 | 25.646,40 | 28.496,00 | 31.345,60 |
| 9.500.000 | 19.497,40 | 20.997,20 | 22.497,00 | 23.996,80 | 26.996,40 | 29.996,00 | 32.995,60 |
| 10.000.000 | 20.472,40 | 22.047,20 | 23.622,00 | 25.196,80 | 28.346,40 | 31.496,00 | 34.645,60 |
| 10.500.000 | 21.447,40 | 23.097,20 | 24.747,00 | 26.396,80 | 29.696,40 | 32.996,00 | 36.295,60 |
| 11.000.000 | 22.422,40 | 24.147,20 | 25.872,00 | 27.596,80 | 31.046,40 | 34.496,00 | 37.945,60 |
| 11.500.000 | 23.397,40 | 25.197,20 | 26.997,00 | 28.796,80 | 32.396,40 | 35.996,00 | 39.595,60 |
| 12.000.000 | 24.372,40 | 26.247,20 | 28.122,00 | 29.996,80 | 33.746,40 | 37.496,00 | 41.245,60 |
| 12.500.000 | 25.347,40 | 27.297,20 | 29.247,00 | 31.196,80 | 35.096,40 | 38.996,00 | 42.895,60 |

## Rechtsanwaltsgebühren

| Wert bis …€ | 1,2 € | 1,3 € | 1,4 € | 1,5 € | 1,6 € | 1,7 € |
|---|---|---|---|---|---|---|
| 4.200.000 | 16.915,20 | 18.324,80 | 19.734,40 | 21.144,00 | 22.553,60 | 23.963,20 |
| 4.250.000 | 17.095,20 | 18.519,80 | 19.944,40 | 21.369,00 | 22.793,60 | 24.218,20 |
| 4.300.000 | 17.275,20 | 18.714,80 | 20.154,40 | 21.594,00 | 23.033,60 | 24.473,20 |
| 4.350.000 | 17.455,20 | 18.909,80 | 20.364,40 | 21.819,00 | 23.273,60 | 24.728,20 |
| 4.400.000 | 17.635,20 | 19.104,80 | 20.574,40 | 22.044,00 | 23.513,60 | 24.983,20 |
| 4.450.000 | 17.815,20 | 19.299,80 | 20.784,40 | 22.269,00 | 23.753,60 | 25.238,20 |
| 4.500.000 | 17.995,20 | 19.494,80 | 20.994,40 | 22.494,00 | 23.993,60 | 25.493,20 |
| 4.550.000 | 18.175,20 | 19.689,80 | 21.204,40 | 22.719,00 | 24.233,60 | 25.748,20 |
| 4.600.000 | 18.355,20 | 19.884,80 | 21.414,40 | 22.944,00 | 24.473,60 | 26.003,20 |
| 4.650.000 | 18.535,20 | 20.079,80 | 21.624,40 | 23.169,00 | 24.713,60 | 26.258,20 |
| 4.700.000 | 18.715,20 | 20.274,80 | 21.834,40 | 23.394,00 | 24.953,60 | 26.513,20 |
| 4.750.000 | 18.895,20 | 20.469,80 | 22.044,40 | 23.619,00 | 25.193,60 | 26.768,20 |
| 4.800.000 | 19.075,20 | 20.664,80 | 22.254,40 | 23.844,00 | 25.433,60 | 27.023,20 |
| 4.850.000 | 19.255,20 | 20.859,80 | 22.464,40 | 24.069,00 | 25.673,60 | 27.278,20 |
| 4.900.000 | 19.435,20 | 21.054,80 | 22.674,40 | 24.294,00 | 25.913,60 | 27.533,20 |
| 4.950.000 | 19.615,20 | 21.249,80 | 22.884,40 | 24.519,00 | 26.153,60 | 27.788,20 |
| 5.000.000 | 19.795,20 | 21.444,80 | 23.094,40 | 24.744,00 | 26.393,60 | 28.043,20 |

Von dem Mehrbetrag über 5.000.000 € entstehen für je 50.000 € Gebühren in Höhe von 150 €. Gegenstandswerte über 5.000.000 € sind auf volle 50.000 € aufzurunden.

Die Errechnung der Gebühren von über 5.000.000 bis 10.000.000 € kann auch anhand der nachfolgenden Tabellen vorgenommen werden. Dabei sind jeweils die Zwischenwerte hinzuzurechnen.

| | 1,2 € | 1,3 € | 1,4 € | 1,5 € | 1,6 € | 1,7 € |
|---|---|---|---|---|---|---|
| 5.500.000 | 21.595,20 | 23.394,80 | 25.194,40 | 26.994,00 | 28.793,60 | 30.593,20 |
| 6.000.000 | 23.395,20 | 25.344,80 | 27.294,40 | 29.244,00 | 31.193,60 | 33.143,20 |
| 6.500.000 | 25.195,20 | 27.294,80 | 29.394,40 | 31.494,00 | 33.593,60 | 35.693,20 |
| 7.000.000 | 26.995,20 | 29.244,80 | 31.494,40 | 33.744,00 | 35.993,60 | 38.243,20 |
| 7.500.000 | 28.795,20 | 31.194,80 | 33.594,40 | 35.994,00 | 38.393,60 | 40.793,20 |
| 8.000.000 | 30.595,20 | 33.144,80 | 35.694,40 | 38.244,00 | 40.793,60 | 43.343,20 |
| 8.500.000 | 32.395,20 | 35.094,80 | 37.794,40 | 40.494,00 | 43.193,60 | 45.893,20 |
| 9.000.000 | 34.195,20 | 37.044,80 | 39.894,40 | 42.744,00 | 45.593,60 | 48.443,20 |
| 9.500.000 | 35.995,20 | 38.994,80 | 41.994,40 | 44.994,00 | 47.993,60 | 50.993,20 |
| 10.000.000 | 37.795,20 | 40.944,80 | 44.094,40 | 47.244,00 | 50.393,60 | 53.543,20 |
| 10.500.000 | 39.595,20 | 42.894,80 | 46.194,40 | 49.494,00 | 52.793,60 | 56.093,20 |
| 11.000.000 | 41.395,20 | 44.844,80 | 48.294,40 | 51.744,00 | 55.193,60 | 58.643,20 |
| 11.500.000 | 43.195,20 | 46.794,80 | 50.394,40 | 53.994,00 | 57.593,60 | 61.193,20 |
| 12.000.000 | 44.995,20 | 48.744,80 | 52.494,40 | 56.244,00 | 59.993,60 | 63.743,20 |
| 12.500.000 | 46.795,20 | 50.694,80 | 54.594,40 | 58.494,00 | 62.393,60 | 66.293,20 |

## Rechtsanwaltsgebühren

| Wert bis …€ | 1,8 € | 1,9 € | 2,0 € | 2,2 € | 2,3 € | 2,5 € | 2,6 € |
|---|---|---|---|---|---|---|---|
| 4.200.000 | 25.372,80 | 26.782,40 | 28.192,00 | 31.011,20 | 32.420,80 | 35.240,00 | 36.649,60 |
| 4.250.000 | 25.642,80 | 27.067,40 | 28.492,00 | 31.341,20 | 32.765,80 | 35.615,00 | 37.039,60 |
| 4.300.000 | 25.912,80 | 27.352,40 | 28.792,00 | 31.671,20 | 33.110,80 | 35.990,00 | 37.429,60 |
| 4.350.000 | 26.182,80 | 27.637,40 | 29.092,00 | 32.001,20 | 33.455,80 | 36.365,00 | 37.819,60 |
| 4.400.000 | 26.452,80 | 27.922,40 | 29.392,00 | 32.331,20 | 33.800,80 | 36.740,00 | 38.209,60 |
| 4.450.000 | 26.722,80 | 28.207,40 | 29.692,00 | 32.661,20 | 34.145,80 | 37.115,00 | 38.599,60 |
| 4.500.000 | 26.992,80 | 28.492,40 | 29.992,00 | 32.991,20 | 34.490,80 | 37.490,00 | 38.989,60 |
| 4.550.000 | 27.262,80 | 28.777,40 | 30.292,00 | 33.321,20 | 34.835,80 | 37.865,00 | 39.379,60 |
| 4.600.000 | 27.532,80 | 29.062,40 | 30.592,00 | 33.651,20 | 35.180,80 | 38.240,00 | 39.769,60 |
| 4.650.000 | 27.802,80 | 29.347,40 | 30.892,00 | 33.981,20 | 35.525,80 | 38.615,00 | 40.159,60 |
| 4.700.000 | 28.072,80 | 29.632,40 | 31.192,00 | 34.311,20 | 35.870,80 | 38.990,00 | 40.549,60 |
| 4.750.000 | 28.342,80 | 29.917,40 | 31.492,00 | 34.641,20 | 36.215,80 | 39.365,00 | 40.939,60 |
| 4.800.000 | 28.612,80 | 30.202,40 | 31.792,00 | 34.971,20 | 36.560,80 | 39.740,00 | 41.329,60 |
| 4.850.000 | 28.882,80 | 30.487,40 | 32.092,00 | 35.301,20 | 36.905,80 | 40.115,00 | 41.719,60 |
| 4.900.000 | 29.152,80 | 30.772,40 | 32.392,00 | 35.631,20 | 37.250,80 | 40.490,00 | 42.109,60 |
| 4.950.000 | 29.422,80 | 31.057,40 | 32.692,00 | 35.961,20 | 37.595,80 | 40.865,00 | 42.499,60 |
| 5.000.000 | 29.692,80 | 31.342,40 | 32.992,00 | 36.291,20 | 37.940,80 | 41.240,00 | 42.889,60 |

Von dem Mehrbetrag über 5.000.000 € entstehen für je 50.000 € Gebühren in Höhe von 150 €. Gegenstandswerte über 5.000.000 € sind auf volle 50.000 € aufzurunden.

Die Errechnung der Gebühren von über 5.000.000 bis 10.000.000 € kann auch anhand der nachfolgenden Tabellen vorgenommen werden. Dabei sind jeweils die Zwischenwerte hinzuzurechnen.

| | 1,8 € | 1,9 € | 2,0 € | 2,2 € | 2,3 € | 2,5 € | 2,6 € |
|---|---|---|---|---|---|---|---|
| 5.500.000 | 32.392,80 | 34.192,40 | 35.992,00 | 39.591,20 | 41.390,80 | 44.990,00 | 46.789,60 |
| 6.000.000 | 35.092,80 | 37.042,40 | 38.992,00 | 42.891,20 | 44.840,80 | 48.740,00 | 50.689,60 |
| 6.500.000 | 37.792,80 | 39.892,40 | 41.992,00 | 46.191,20 | 48.290,80 | 52.490,00 | 54.589,60 |
| 7.000.000 | 40.492,80 | 42.742,40 | 44.992,00 | 49.491,20 | 51.740,80 | 56.240,00 | 58.489,60 |
| 7.500.000 | 43.192,80 | 45.592,40 | 47.992,00 | 52.791,20 | 55.190,80 | 59.990,00 | 62.389,60 |
| 8.000.000 | 45.892,80 | 48.442,40 | 50.992,00 | 56.091,20 | 58.640,80 | 63.740,00 | 66.289,60 |
| 8.500.000 | 48.592,80 | 51.292,40 | 53.992,00 | 59.391,20 | 62.090,80 | 67.490,00 | 70.189,60 |
| 9.000.000 | 51.292,80 | 54.142,40 | 56.992,00 | 62.691,20 | 65.540,80 | 71.240,00 | 74.089,60 |
| 9.500.000 | 53.992,80 | 56.992,40 | 59.992,00 | 65.991,20 | 68.990,80 | 74.990,00 | 77.989,60 |
| 10.000.000 | 56.692,80 | 59.842,40 | 62.992,00 | 69.291,20 | 72.440,80 | 78.740,00 | 81.889,60 |
| 10.500.000 | 59.392,80 | 62.692,40 | 65.992,00 | 72.591,20 | 75.890,80 | 82.490,00 | 85.789,60 |
| 11.000.000 | 62.092,80 | 65.542,40 | 68.992,00 | 75.891,20 | 79.340,80 | 86.240,00 | 89.689,60 |
| 11.500.000 | 64.792,80 | 68.392,40 | 71.992,00 | 79.191,20 | 82.790,80 | 89.990,00 | 93.589,60 |
| 12.000.000 | 67.492,80 | 71.242,40 | 74.992,00 | 82.491,20 | 86.240,80 | 93.740,00 | 97.489,60 |
| 12.500.000 | 70.192,80 | 74.092,40 | 77.992,00 | 85.791,20 | 89.690,80 | 97.490,00 | 101.389,60 |

# EXHIBIT D





