# EXHIBIT 13

## UNITED STATES INTERNATIONAL TRADE COMMISSION
## WASHINGTON, D.C.

Before the Honorable David P. Shaw
Administrative Law Judge

| | |
|---|---|
| In the Matter of | )<br>)<br>) |
| CERTAIN GAMING AND<br>ENTERTAINMENT CONSOLES,<br>RELATED SOFTWARE, AND<br>COMPONENTS THEREOF | )<br>)<br>)<br>)<br>)<br>) |

Investigation No. 337-TA-752
(Remand Proceeding)

## MOTOROLA MOBILITY'S MOTION TO TERMINATE THIS INVESTIGATION IN PART WITH RESPECT TO U.S. PATENT NOS. 6,980,596 AND 7,162,094

Pursuant to Commission Rule 210.21(a)(1), Complainants Motorola Mobility LLC and General Instrument Corporation (collectively "Motorola Mobility") respectfully request termination of the subject Investigation in part with respect to U.S. Patent Nos. 6,980,596 and 7,162,094 (collectively "the H.264 Patents"). This termination is sought on the basis of Motorola Mobility's withdrawal of its allegations against Respondent Microsoft Corporation ("Microsoft") pertaining to the H.264 Patents in this Investigation.

### I. FACTUAL BACKGROUND

On November 22, 2010, Motorola Mobility filed a Complaint against Microsoft based on violations of five patents. The Investigation was instituted December 23, 2010, and the target date was set for May 23, 2012; *see* Order No. 5 (January 13, 2011).

An Initial Determination was issued on April 24, 2012, finding a violation of section 337 based on four of the patents, including both of the H.264 Patents. Petitions for review were filed by both Microsoft and Motorola Mobility, and rather than proceeding to issue a Final Determination, the Commission remanded the case back to the Administrative Law Judge

("ALJ") on June 29, 2012, "to (1) apply the Commission's opinion in *Certain Electronic Devices with Image Processing Systems, Components Thereof, and Associated Software,* Inv. No. 337-TA-724; (2) rule on Microsoft's motion for partial termination of the investigation filed June 22, 2012; and (3) issue a final initial remand determination ('RID') on violation and a recommended determination ('RD') on remedy and bonding."  *See* Comm'n Remand Order (June 29, 2012) at 2.  On July 24, 2012, the ALJ issued Order No. 42, which scheduled the remand Hearing for December 5-6, 2012, set the Remand ID to be issued by March 22, 2013, and set a new target date for completion of this Investigation by July 23, 2013.  The target date and the Remand ID date were the subject of a Commission Determination Not to Review, issued August 22, 2012.

On October 24, 2012, Motorola Mobility filed an unopposed motion to terminate the two previously asserted 802.11 Patents (U.S. Patent Nos. 5,319,712 and No. 5,357,571) in this Investigation on the basis of withdrawing its allegations against Microsoft pertaining to those patents.  Dkt. No. 752-056.  On November 6, 2012, an ID was issued granting the motion, finding that terminating the 802.11 Patents "reduce[d] the number of issues to be decided," that it was "in the public interest, which favors the private resolution of disputes to avoid needless litigation and to conserve private and public resources," and that there were "no extraordinary circumstances that warrant[ed] denying the motion."  Order No. 48 at 2.  On December 6, 2012, the Commission determined not to review the ID.  Comm'n Notice Not to Review at 1.

In addition to the H.264 Patents, this Investigation also involves U.S. Patent No. 6,069,896.  Upon grant of this motion, the '896 patent will be the only patent remaining in this Investigation.

## II.  LEGAL STANDARD

Commission Rule 210.21(a)(1) provides that:

> Any party may move at any time prior to the issuance of an initial
> determination on violation of section 337 of the Tariff Act of 1930 to
> terminate an investigation in whole or in part as to any or all
> respondents, on the basis of withdrawal of the complaint or certain
> allegations contained therein, . . . .

"In the absence of extraordinary circumstances, termination of an Investigation is readily

granted to a complainant during the prehearing stage of an Investigation."  *Certain Electronic*

*Devices, Including Power Adapters, Power Converters, External Batteries and Detachable Tips,*

*Used to Power and/or Charge Mobile Electronic Products and Components Thereof*, Inv. No.

337-TA-513, Order No. 8 (Nov. 1, 2004); *see also Certain Video Cassette Devices and*

*Television/Video Cassette Combination Devices and Methods of Using Same*, Inv. No. 337-TA-

464, Order No. 5 (April 10, 2002); *Certain Ultrafiltration Membrane Systems, & Components*

*Thereof, Including Ultrafiltration Membranes*, Inv. No. 337-TA-107, Commission Action and

Order at 1-2 (March 11, 1982).  The Commission has also granted motions to terminate in later

stages of an investigation, including a case that was on remand following appeal to the U.S.

Court of Appeals for the Federal Circuit.  *See Certain High-Brightness Light-Emitting Diodes*

*and Products Containing Same*, Inv. No. 337-TA-556 (Remand), Order No. 5 (August 18, 2009),

Comm'n Notice Not To Review (Sept. 2, 2009).

"Extraordinary circumstances" that support continuing an investigation despite a

complainant's motion to terminate are very limited.  *See Certain Starter Kill Vehicle Security*

*Systems*, Inv. No. 337-TA-379, Order No. 13 (March 5, 1996) (respondent's objection to

termination does not constitute an exceptional circumstance to deny a motion to terminate);

*Certain Transport Vehicle Tires*, Inv. No. 337-TA-390, Order No. 17 (January 30, 1997) (a pending motion for summary determination is also not an exceptional circumstance sufficient to deny a complainant's motion for termination).   An investigation will continue despite a complainant's motion to terminate only if the circumstances raise "substantial public interest concerns." *Certain Starter Kill Vehicle Security Systems*, Inv. No. 337-TA-379, Order No. 13.

Public policy also supports termination, as public and private resources will be conserved. *See Certain Power Supplies,* Inv. No. 337-TA-646, Order No. 18 (Jan. 5, 2009); *Certain Hard Disk Drives, Components Thereof, and Products Containing the Same*, Inv. No. 337-TA-616, Order No. 17 (May 13, 2008).

Terminations cannot be "with prejudice" or "without prejudice." *See*, *e.g.*, *Certain Bar Clamps, Bar Clamp Pads, & Related Packaging, Display, & Other Materials*, Inv. No. 337-TA-429, Comm'n Op. (Pub. Version), at 7 (Feb. 13, 2001).

### III. ARGUMENT

Motorola Mobility hereby withdraws from this Investigation its allegations against Microsoft pertaining to the H.264 Patents and thus moves to terminate the Investigation in part as to these Patents.  This will leave in the Investigation only Motorola Mobility's allegations as to U.S. Patent No. 6,069,896, which Motorola Mobility does not seek to withdraw from the Investigation.

This motion to terminate is timely brought, as the Remand ID is not due until March 22, 2013.  Rule 210.21(a)(1) requires bringing a motion to terminate "any time prior to the issuance of an initial determination on violation of section 337 . . . ."  As Motorola Mobility previously explained with respect to its motion to terminate the 802.11 Patents, and as accepted in Order No. 48, in the context of a remand proceeding, this language from Rule 210.21(a)(1) logically

contemplates the *remand* initial determination, as was similarly done in *Certain High-Brightness Light-Emitting Diodes*, Inv. No. 337-TA-556 (Remand), Order No. 5 (August 18, 2009), Comm'n Notice Not To Review (Sept. 2, 2009).   To mechanically treat the language of 210.21(a)(1) as referring to the original initial determination would preclude a complainant from ever terminating its case during the remand stage despite a willingness to withdraw certain allegations that had been made against a respondent.   No Commission precedent has been found supporting such a notion, nor does public policy encourage this strict construction.

Additionally, as with the withdrawal of the 802.11 Patents, Motorola Mobility is serving the public interest by terminating as to the H.264 Patents because this will save the Commission's, the ALJ's, and the private parties' resources and time by eliminating two more patents from this case.

In filing the present motion, Motorola Mobility does not waive any rights, including for past damages, in its currently-pending lawsuits against Microsoft in the U.S. District Courts for the Western District of Washington and the Western District of Wisconsin.   Motorola intends to enforce its rights for past damages in the District Court lawsuits.[1]   There are no agreements, written or oral, express or implied, between the parties concerning the subject matter of the Investigation.

## IV.  CERTIFICATION

As required by Ground Rule 5(e), counsel for Motorola Mobility has made reasonable and good faith efforts to discuss this matter with counsel for Microsoft.   On Friday, January 7,

---

[1]      A condition of this same nature was included in Motorola Mobility's motion to terminate as to the 802.11 Patents (Dkt. No. 752-056), as well as in the motion for termination, and also acknowledged by the ALJ, in *Certain High-Brightness Light-Emitting Diodes.  Id.*

2013, counsel for Motorola Mobility discussed this by telephone with counsel for Microsoft, who has since advised that Microsoft would not oppose this motion.

### V.  CONCLUSION

For the foregoing reasons, Motorola Mobility respectfully requests that the Commission terminate this Investigation in part as to U.S. Patent Nos. 6,980,596 and 7,162,094.

Respectfully submitted,

January 8, 2013                    By: /s/ Stephen J. Rosenman
                                   Stephen J. Rosenman
                                   Paul M. Schoenhard
                                   **Ropes & Gray LLP**
                                   One Metro Center
                                   700 12th Street NW, Suite 900
                                   Washington, DC 20005
                                   Telephone: (202) 508-4600
                                   Facsimile: (202) 508-4650

                                   Jesse J. Jenner
                                   Steven Pepe
                                   Kevin J. Post
                                   **Ropes & Gray LLP**
                                   1211 Avenue of the Americas
                                   New York, NY 10020
                                   Telephone: (212) 596-9000
                                   Facsimile: (212) 596-9090

                                   Norman H. Beamer
                                   Mark D. Rowland
                                   James R. Batchelder
                                   Gabrielle E. Higgins
                                   **Ropes & Gray LLP**
                                   1900 University Avenue, 6th Floor
                                   East Palo Alto, CA 94303
                                   Telephone: (650) 617-4000
                                   Facsimile: (650) 617-4090

Charles F. Schill
John M. Caracappa
Jamie B. Beaber
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Counsel for Complainants*
*Motorola Mobility LLC and*
*General Instrument Corporation*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on January 8, 2013, copies of the foregoing MOTOROLA MOBILITY'S MOTION TO TERMINATE THIS INVESTIGATION IN PART WITH RESPECT TO U.S. PATENT NOS. 6,980,596 AND 7,162,094 were caused to be served upon the following, via delivery methods indicated:

     **BY ELECTRONIC DELIVERY (EDIS + copies, as required)**
The Honorable Lisa R. Barton
Acting Secretary
U.S. International Trade Commission
500 E Street SW
Suite 112
Washington, DC 20436

     **BY HAND (1 copy)**
The Honorable David P. Shaw
Administrative Law Judge
U.S. International Trade Commission
500 E Street SW
Suite 317
Washington, DC 20436

     **BY E-MAIL**
Pyong Yoon, Esq.
Attorney Advisor
U.S. International Trade Commission
500 E Street SW
Suite 317
Washington, DC 20436
pyong.yoon@usitc.gov

     **BY E-MAIL**
Brian R. Nester, Esq.
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
Project-MS_Moto_ITC_752@sidley.com
*Counsel for Respondent Microsoft Corp.*

_____
Marissa Golub