# EXHIBIT 14

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY**

HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
WASHINGTON AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　Defendants. | Case No. C10-1823-JLR |
| MOTOROLA MOBILITY, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Defendant. | **CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY** |

**PLAINTIFF MICROSOFT'S THIRD SET OF INTERROGATORIES AND EIGHTH REQUESTS FOR PRODUCTION TO DEFENDANTS MOTOROLA, MOTOROLA MOBILITY, AND GENERAL INSTRUMENT AND DEFENDANTS MOTOROLA MOBILITY, INC. AND GENERAL INSTRUMENT CORP.'S RESPONSES THERETO**

　　　　Defendants Motorola Mobility, Inc. and General Instrument Corp. ("Defendant," "Motorola," or "Motorola Mobility") hereby responds to plaintiff Microsoft Corporation's ("Microsoft") Third Set of Interrogatories and Eighth Set of Requests for Production to Defendants Motorola and Motorola Mobility as follows (collectively the "Requests"):

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO
PROTECTIVE ORDER – ATTORNEYS' EYES ONLY**

Therefore, because Motorola had no duty to make initial offers on RAND terms, Motorola's October 21 and October 29, 2010 letters offering Microsoft a license to Motorola's standard essential patents at a royalty rate of 2.25% could not constitute breach. For at least these reasons, Microsoft has failed to state a claim upon which relief can be granted.

Pursuant to Rule 26(e), Fed R. Civ. P., Motorola states that, if necessary, it will supplement its response to this interrogatory to the extent additional information requested by this Interrogatory is located.

**INTERROGATORY NO. 19:**

Describe in detail all facts upon which You rely for Your contention in Your Third Affirmative Defense that Microsoft's First and Second Causes of Action "were not ripe for adjudication when filed."

**ANSWER TO INTERROGATORY NO. 19:**

In addition to its General Objections, Motorola objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product immunity, or other applicable privilege or immunity. Motorola objects that Microsoft has exceeded the number of interrogatories permitted by Rule 33(a)(1), Fed. R. Civ. P. Motorola further objects to the phrase "Describe in detail" as vague and ambiguous, because Microsoft has identified no basis on which Motorola can determine the extent of "detail" required. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its response. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its First Affirmative Defense in Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended and Supplemental Complaint," Dkt. No. 68.

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY**

Subject to and without waiving its General Objections and foregoing specific objections, and based on its investigation to date, Motorola states that although Judge Robart denied Motorola's motion for partial summary judgment that Microsoft failed to satisfy the conditions necessary to obtain a RAND license, and has repudiated any right to a RAND license, Motorola stands by the positions advanced in its motion and incorporates by reference its statements and arguments from that motion into this response.

Specifically, the plain language of the IEEE and ITU Policies and Motorola's conforming Letters of Assurance ("LOAs") establish that the parties (Motorola and the IEEE or ITU, respectively) intend that a RAND licensing obligation is triggered only upon a request from an "applicant." Had the parties intended that Motorola provide RAND licenses to all implementers of the standard, even those implementers who had not applied, the policies and LOAs would have said as much. Even more important, the IEEE and ITU Policies and Motorola's conforming LOAs also establish that Motorola's assurances are conditioned on the applicant negotiating RAND terms in good faith. Because Microsoft has neither applied for a license, nor engaged in good-faith negotiations for a license, Microsoft failed to satisfy conditions precedent necessary to benefit as a third party to any contract between Motorola and the IEEE or ITU. Further, Microsoft's inaction is a repudiation on the part of Microsoft of any benefit that it otherwise would have enjoyed as a result of Motorola's RAND assurances. Therefore, Microsoft's breach of contract and promissory estoppel claims are not ripe for adjudication because Microsoft has repudiated, or failed to satisfy any condition precedent, any right to a RAND license pursuant to Motorola's RAND obligations. Any such duty would not arise until Microsoft has applied for a license and negotiated the terms of such a license in good faith.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO
PROTECTIVE ORDER – ATTORNEYS' EYES ONLY

Pursuant to Rule 26(e), Fed R. Civ. P., Motorola states that, if necessary, it will supplement its response to this interrogatory to the extent additional information requested by this Interrogatory is located.

**INTERROGATORY NO. 20:**

Describe in detail all facts upon which You rely for Your contention in Your Fifth Affirmative Defense that "Microsoft's First and Second Causes of Action are barred by the doctrine of waiver."

**ANSWER TO INTERROGATORY NO. 20:**

In addition to its General Objections, Motorola objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product immunity, or other applicable privilege or immunity.  Motorola objects that Microsoft has exceeded the number of interrogatories permitted by Rule 33(a)(1), Fed. R. Civ. P.  Motorola further objects to the phrase "Describe in detail" as vague and ambiguous, because Microsoft has identified no basis on which Motorola can determine the extent of "detail" required.  Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its response.  Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its First Affirmative Defense in Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended and Supplemental Complaint," Dkt. No. 68.

Subject to and without waiving its General Objections and foregoing specific objections, and based on its investigation to date, Motorola states that because Microsoft has neither applied for a license, nor engaged in good-faith negotiations for a license, Microsoft has repudiated and waived any benefit that it otherwise would have enjoyed based on Motorola's RAND assurances. Furthermore, Microsoft has committed to taking a license to Motorola's 802.11 and H.264

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY**

standard essential patents on RAND terms and conditions. Therefore, Microsoft has waived its right to any remedy other than a license on RAND terms and conditions that will be negotiated between the parties.

Pursuant to Rule 26(e), Fed R. Civ. P., Motorola states that, if necessary, it will supplement its response to this interrogatory to the extent additional information requested by this Interrogatory is located.

**INTERROGATORY NO. 21:**

Describe in detail all facts upon which You rely for Your contention in Your Sixth Affirmative Defense that "Microsoft's First and Second Causes of Action are barred by the doctrine of judicial estoppel."

**ANSWER TO INTERROGATORY NO. 21:**

In addition to its General Objections, Motorola objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product immunity, or other applicable privilege or immunity. Motorola objects that Microsoft has exceeded the number of interrogatories permitted by Rule 33(a)(1), Fed. R. Civ. P. Motorola further objects to the phrase "Describe in detail" as vague and ambiguous, because Microsoft has identified no basis on which Motorola can determine the extent of "detail" required. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its response. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its First Affirmative Defense in Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended and Supplemental Complaint," Dkt. No. 68.

Subject to and without waiving its General Objections and foregoing specific objections, and based on its investigation to date, Motorola states that it withdraws this defense.

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 22:**

Describe in detail all facts upon which You rely for Your contention in Your Seventh Affirmative Defense that "Microsoft's First and Second Causes of Action are barred by the doctrine of unclean hands."

**ANSWER TO INTERROGATORY NO. 22:**

In addition to its General Objections, Motorola objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product immunity, or other applicable privilege or immunity. Motorola objects that Microsoft has exceeded the number of interrogatories permitted by Rule 33(a)(1), Fed. R. Civ. P. Motorola further objects to the phrase "Describe in detail" as vague and ambiguous, because Microsoft has identified no basis on which Motorola can determine the extent of "detail" required. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its response. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its First Affirmative Defense in Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended and Supplemental Complaint," Dkt. No. 68.

Subject to and without waiving its General Objections and foregoing specific objections, and based on its investigation to date, Motorola states that Microsoft's willful decision to engage in its admitted "litigation tactics," which entailed suing Motorola for breach of contract, rather than negotiating the terms of a RAND license in good faith, demonstrate Microsoft's lack of good faith. In response to receipt of Motorola's October 21 and October 29, 2010 letters offering a RAND license, the appropriate, customary, and expected course of conduct would have been for Microsoft to respond and to engage in good faith licensing negotiations. Instead, Microsoft

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY**

rushed to the courthouse without giving good-faith negotiations a chance to take place. Because of Microsoft's willful and unjust conduct, the doctrine of unclean hands precludes Microsoft from obtaining equitable relief.

Pursuant to Rule 26(e), Fed R. Civ. P., Motorola states that, if necessary, it will supplement its response to this interrogatory to the extent additional information requested by this Interrogatory is located.

**INTERROGATORY NO. 23:**

Describe in detail all facts upon which You rely for Your contention in Your Eighth Affirmative Defense that "Microsoft's First and Second Causes of Action are barred by its failure to mitigate."

**ANSWER TO INTERROGATORY NO. 23:**

In addition to its General Objections, Motorola objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product immunity, or other applicable privilege or immunity. Motorola objects that Microsoft has exceeded the number of interrogatories permitted by Rule 33(a)(1), Fed. R. Civ. P. Motorola further objects to the phrase "Describe in detail" as vague and ambiguous, because Microsoft has identified no basis on which Motorola can determine the extent of "detail" required. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its response. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its First Affirmative Defense in Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended and Supplemental Complaint," Dkt. No. 68.

Subject to and without waiving its General Objections and foregoing specific objections, and based on its investigation to date, Motorola states that Microsoft was required to mitigate its

purported damages by applying for a RAND license from Motorola and by negotiating the terms of such a license in a bilateral, good-faith manner. Had Microsoft engaged in bilateral, good-faith negotiations, as Motorola expected it to do upon receipt of Motorola's October 21 and 29, 2010 offer letters, Microsoft's purported damages would be minimized.

Motorola's expectation – as is typically done with RAND licenses – was that the parties would exchange information that would allow them to discuss the value of Microsoft's patents with respect to Motorola's products, and how that value should impact the overall terms of a cross-license. In addition, based on the terms in the October letters, Motorola expected that Microsoft would present its own 802.11 and/or H.264 patent portfolios and would demonstrate value that those portfolios had with respect to Motorola's own products. Motorola expected that the parties would also exchange confidential and highly sensitive financial and marketing information, information about current and future product lines, and any other information that would allow the parties to better understand each other's respective business (and how their patents applied to those businesses). Through such a bilateral negotiation, a RAND license agreement could have been reached.

In this way, Microsoft could have avoided any purported damages associated with maintaining this action and defending the lawsuits brought by Motorola. Had Microsoft engaged in good-faith negotiations leading to a RAND license, the present suit – and any expenses associated therewith – would have been unnecessary. Further, even if such negotiations were not fully successful, it is likely that the parties would have reached agreement on some terms or aspects of a RAND license. Based on that, even if a fully formed agreement was not consummated, such negotiations would have mitigated any purported damages by minimizing

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO
PROTECTIVE ORDER – ATTORNEYS' EYES ONLY

the costs associated with resolving the remaining terms of a RAND license in a breach of contract suit.

Pursuant to Rule 26(e), Fed R. Civ. P., Motorola states that, if necessary, it will supplement its response to this interrogatory to the extent additional information requested by this Interrogatory is located.

**INTERROGATORY NO. 24:**

Describe in detail all facts upon which You rely for Your contention in Your Ninth Affirmative Defense that "Microsoft's First and Second Causes of Action are barred because Microsoft failed to satisfy a condition precedent."

**ANSWER TO INTERROGATORY NO. 24:**

In addition to its General Objections, Motorola objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product immunity, or other applicable privilege or immunity. Motorola objects that Microsoft has exceeded the number of interrogatories permitted by Rule 33(a)(1), Fed. R. Civ. P. Motorola further objects to the phrase "Describe in detail" as vague and ambiguous, because Microsoft has identified no basis on which Motorola can determine the extent of "detail" required. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its response. Under a reasonable interpretation of this interrogatory, Motorola will identify those facts upon which Motorola principally relies in its First Affirmative Defense in Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended and Supplemental Complaint," Dkt. No. 68.

Subject to and without waiving its General Objections and foregoing specific objections, and based on its investigation to date, Motorola states that although Judge Robart denied Motorola's motion for partial summary judgment that Microsoft failed to satisfy the conditions

CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO
PROTECTIVE ORDER – ATTORNEYS' EYES ONLY

necessary to obtain a RAND license, Motorola stands by the positions taken in its motion and incorporates by reference its statements and arguments from that motion into this response. Specifically, Motorola's Letters of Assurance and Patent Declarations (together, "LOAs") and the IEEE and ITU patent policies establish unequivocally that only "applicants" may be entitled to benefit from a RAND assurance. The plain language of the IEEE and ITU Policies and Motorola's conforming LOAs establish that the parties (Motorola and the IEEE or ITU, respectively) intend that a RAND licensing obligation is triggered only upon a request from an "applicant." Had the parties intended that Motorola provide RAND licenses to all implementers of the standard, even those implementers who had not "appli[ed]," the policies and LOAs would have said as much. Additionally, the IEEE and ITU Policies and Motorola's conforming LOAs also establish that Motorola's assurances are conditioned on the applicant negotiating RAND terms in good faith. It is only in this lawsuit that Microsoft pretends it did not need to negotiate with Motorola – Microsoft itself acknowledged long before this litigation that RAND includes an obligation to negotiate in good faith. *See* Dkt. No. 231 at 17-18.

Motorola did not breach its RAND obligations because a condition precedent to this obligation is that a potential licensee apply for a license and show a willingness to negotiate the terms of that license in good faith. When a condition precedent is neither performed within the time allowed by the contract nor excused, the promisor's contractual duties are discharged. *CHG Intern., Inc. v. Robin Lee, Inc.*, 35 Wash. App. 512, 515, 667 P.2d 1127 (1983); *Hadaller v. Port of Chehalis*, 97 Wash. App. 750, 757, 986 P.2d 836 (1999) (finding that nonoccurrence of a condition precedent excuses the promisee's performance). The party seeking enforcement of the contract (Microsoft) has the burden of proving performance of a condition precedent. Here, the undisputed facts establish that Microsoft failed to satisfy conditions precedent to any duty arising

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY**

on the part of Motorola – namely, application, and a willingness to negotiate in good faith, for a RAND license.

It is undisputed that Microsoft did not apply for a license for Motorola's 802.11 and H.264 portfolio's before filing suit. And even if one assumes that Microsoft had sought a license under these portfolios, Microsoft flatly refused to engage in negotiations. Indeed, despite having made overtures to Motorola that it wanted to negotiate a broad cross-license arrangement, Microsoft did the opposite after it received Motorola's October 2010 letters — it rushed to the courthouse to file this suit as part of its admitted "litigation tactics week." This is the antithesis of "good-faith negotiations." Based on these undisputed facts, Motorola's RAND obligations were not triggered prior to Microsoft filing this action, or amending its Complaint.

Because Microsoft failed to satisfy the necessary conditions precedent of applying for, and entering into good-faith negotiations toward, a RAND license, Motorola did not have any duty to offer such a license and, therefore, could not have breached any contractual obligation.

Pursuant to Rule 26(e), Fed R. Civ. P., Motorola states that, if necessary, it will supplement its response to this interrogatory to the extent additional information requested by this Interrogatory is located.

**INTERROGATORY NO. 25:**

Describe in detail all facts You learned about "Microsoft's product functionality as it relates to Motorola's H.264 patent portfolio" and Microsoft's "particular use of Motorola's H.264 patents, as well as the value of a grant-back to Motorola under Microsoft's own H.264 patents" after sending Your October 29, 2010 letter that caused You to reduce Your license request from 2.25% of the price of the end-product to $0.50 per copy of Windows software, as reflected in Kirk Dailey's June 18, 2012 letter to Horacio Gutierrez.

**ANSWER TO INTERROGATORY NO. 25:**

In addition to its General Objections, Motorola objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product immunity, or other

**CONTAINS CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY**

ROPES & GRAY LLP

By: /s/ Steven Pepe

Dated: July 18, 2012

    Jesse J. Jenner (*pro hac vice*)
    Steven Pepe (*pro hac vice*)
    Kevin J. Post (*pro hac vice*)
    1211 Avenue of the Americas
    New York, NY 10036-8704
    (212) 596-9000
    *jesse.jenner@ropesgray.com*
    *steven.pepe@ropesgray.com*
    *kevin.post@ropesgray.com*

    Norman H. Beamer (*pro hac vice*)
    Gabrielle E. Higgins (*pro hac vice*)
    Ropes & Gray LLP
    1900 University Avenue, 6th Floor
    East Palo Alto, CA 94303-2284
    (650) 617-4000
    *norman.beamer@ropesgray.com*
    *gabrielle.higgins@ropesgray.com*

    Paul M. Schoenhard (*pro hac vice*)
    Ropes & Gray LLP
    One Metro Center
    700 12th Street NW, Suite 900
    Washington, DC 20005-3948
    (202) 508-4600
    *paul.schoenhard@ropesgray.com*

And By

SUMMIT LAW GROUP PLLC

Ralph H. Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081
Lynn M. Engel, WSBA #21934

***Attorneys for Motorola Mobility, Inc., and General Instrument Corporation***