The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>      Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO BODEWIG<br><br>**NOTED ON MOTION CALENDAR:**<br>**Wednesday, July 31, 2013 at 10:00 a.m.**<br><br>**REDACTED** |

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO BODEWIG - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. PRELIMINARY STATEMENT

Motorola respectfully requests that the Court preclude Microsoft's German law expert, Dr. Theo Bodewig, from testifying about irrelevant events at trial that will confuse and mislead the jury. Specifically, Microsoft claims that it incurred damages from being "forced" to move its distribution facility out of Germany as a result of Motorola's German patent infringement suit requesting injunctive relief against Microsoft. In response to that "forced relocation" claim, Motorola will argue that Microsoft could have used a procedure under German law, referred to as the Orange Book or Section 315 procedure, to *completely eliminate the threat of a German injunction*. Motorola will present a German law expert to explain this German procedure to the jury, and to explain how Microsoft could have used it to avoid any injunction under German law and thus any need to move its facility from Germany for that reason. Microsoft has engaged Dr. Bodewig in turn as its own expert witness on German law. Dr. Bodewig may intend to cite at trial to statements the European Commission made about the Orange Book procedure and to a request for clarification made by the Düsseldorf court to the European Court of Justice. Both sets of statements were non-final and non-binding, and have not affected the availability of the Section 315 procedure in Germany for avoiding injunctions. Moreover, both sets of statements occurred months *after* the time period in which Microsoft decided not to use Orange Book procedures to avoid the threat of an injunction. The Court therefore should preclude Dr. Bodewig from testifying about those statements because they could not have influenced Microsoft's decision-making process, and thus Dr. Bodewig's testimony about them would only confuse and mislead the jury.

Microsoft is also trying to use this expert to testify to opinions about key factual issues in the case—such as whether Microsoft was a willing licensee and why Microsoft moved from Germany. But Dr. Bodewig admits that he has no opinion on these matters based on any special knowledge or expertise. Accordingly, his testimony on these matters should be precluded.

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO
BODEWIG - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## II. STATEMENT OF FACTS

### A. Microsoft Claims Damages From Moving Out of Germany Due to the Threat of Injunction.

On July 6 and July 7, 2011, Motorola filed two patent infringement actions against Microsoft in Germany asserting two patents that are essential to the H.264 standard. Declaration of Cheryl A. Berry ("Berry Decl.") Ex. A, p. 26. Motorola sought damages, accounting, recall and injunctive relief. *Id.* at Ex. B, p. 7. Microsoft claims that it was "forced to relocate its EMEA distribution center to the Netherlands in spring 2012" as a result of Motorola seeking injunctive relief in Germany. *Id.* at Ex. A, p. 27. Microsoft seeks nearly ▇▇▇▇▇▇ in damages as a result of its facility relocation. *Id.* at Ex. C, p. 19. According to Microsoft employees Jeff Davidson and Owen Roberts, Microsoft made the decision to move out of Germany no later than March 2012. *Id.* at Ex. D, 56:3-19; Ex. E 15:18-16:1. The Mannheim court in Germany held that Microsoft infringed Motorola's patents and issued an injunction on May 2, 2012. *Id.* at Ex. B.

### B. Microsoft Serves an Expert Report Including Non-Final, Non-Binding Statements on SEP Injunctions.

On June 10, 2013, Microsoft served a report from Dr. Theo Bodewig, a professor of law at Humboldt University zu Berlin in Berlin, Germany. Berry Decl. Ex. F. Dr. Bodewig was retained by Microsoft as an expert in German patent law to rebut Motorola's German law expert, Dr. Maximilian Haedicke. *Id.* at ¶¶ 1, 5. Dr. Haedicke outlines in his report the "Orange Book procedure" under Section 315 of the German Civil Code that was available to Microsoft.

Dr. Bodewig addressed in his deposition the question whether Microsoft could have avoided an injunction in Germany if it had followed the proper Orange Book procedure under Section 315, and admitted that it could have:

> Q: So given the explanation you've given us about the Orange Book ruling and the two procedures, it's correct that Microsoft could have avoided an injunction if it had followed the second alternative and placed into escrow an amount that Motorola demanded. Correct?
>
> A: Possible.

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO
BODEWIG - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1         Q:  Well, in your view, that's correct.

2         A:  Yeah.

3 Berry Decl. Ex. G at 121:1-9.

4     Dr. Bodewig also opines in his report, however, about certain European authorities' comments on the Orange Book procedure that were non-final and non-binding and that were in any event made after June 2012.  For example, Dr. Bodewig discusses statements made in press releases and question-and-answer sheets from the European Commission on December 21, 2012 and May 6, 2013.  Berry Decl. Ex. F at ¶¶ 40-43, 47-52.  The December 21, 2012 press release involved different parties (Apple and Samsung) and a different standard-setting organization (ETSI).  Berry Decl. Ex. H.  In its Statement, the Commission wrote that its *preliminary* view is that, "under the specific circumstances of this case, where a commitment to license SEPs on FRAND terms has been given by Samsung, and where a potential licensee, in this case Apple, has shown itself to be willing to negotiate a FRAND licence for the SEPs, then recourse to injunctions harms competition." *Id*. at p. 2.  The Commission also clarified that the "preliminary view expressed in today's Statement of Objections does not question the availability of injunctive relief for SEP holders outside the specific circumstances in this case . . . ." *Id*.

    The May 6, 2013 press release from the European Commission involved Motorola and Apple and cellular patents involving FRAND commitments to ETSI.  Berry Decl. Ex. I.  In this Statement, the Commission wrote that its preliminary view was that, "under the specific circumstances of this case—a previous commitment to license SEPs on FRAND terms and the agreement of Apple to accept a binding determination of the terms of a FRAND licence for SEPs by a third party—recourse to injunctions harms competition." *Id*. at p. 2.  Again, the Commission clarified that the "preliminary view expressed in today's Statement of Objections does not question the availability of injunctive relief for SEP holders outside the specific circumstances present in this case . . . ." *Id*.

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO
BODEWIG - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1       Also on May 6, 2013, the European Commission issued a question-and-answer sheet
2  relating to its Statement of Objections of the same date. Berry Decl. Ex. J. In that sheet, the
3  Commission answers several questions relating to its Statement, including questions regarding the
4  Orange Book procedure, injunctions and SEPs, and under what circumstances a potential licensee
5  is considered "willing" to enter into a FRAND license. *Id*.

6       The press releases and question-and-answer sheets do not express any final positions of the
7  European Commission; to the contrary, the Commission has not yet taken a final position on the
8  Orange Book procedure or injunctions as they relate to SEPs involving FRAND commitments.
9  Berry Decl. Ex. G at 40:25-41:13; Berry Decl. Ex. I at p. 1 ("The sending of a Statement of
10 Objections does not prejudge the final outcome of the investigation.").

11      Dr. Bodewig also discusses in his report questions submitted by the Düsseldorf district
12 court to the European Court of Justice on March 21, 2013 relating to the use of the Orange Book
13 procedure for SEPs involving FRAND commitments. Berry Decl. Ex. F at ¶¶ 44-46. The
14 Düsseldorf court submitted five questions to the European Court of Justice for clarification,
15 including when a holder of a FRAND-encumbered SEP may seek an injunction. Berry Decl. Ex.
16 K. This request for guidance by a lower court to the European Court of Justice does not constitute
17 a final decision. Yet Dr. Bodewig opines that the Orange Book procedure in Germany is
18 unsettled.

**C.    Dr. Bodewig Admits That Some Statements in His Report Are Not Expert Opinions.**

20      In his deposition, Dr. Bodewig admitted that several statements in his report merely repeat
21 information given to him by his attorneys and thus are not expert opinions. In paragraph 52, for
22 example, Dr. Bodewig states that "Microsoft is a willing licensee in this case." Berry Decl. Ex. F.
23 When asked about that statement at his deposition, Dr. Bodewig admitted that he did not actually
24 have an expert opinion about whether or not Microsoft is a willing licensee:

25          Q: Okay. So are—are you giving an expert opinion in this case that
            Microsoft is a willing licensee? Is that your expert opinion?
26

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO
BODEWIG - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   A: My—well, Microsoft has—has told me that they are willing
licensees, that they are willing to—to get into a contract with a
2   FRAND license, yes.

3  Berry Decl. Ex. G at 42:15-21.

4   Q: And is there anything unique to your expertise that—that could
lead you to conclude Microsoft was willing to negotiate, whereas,
5   someone just looking at the papers wouldn't be able to tell that?

6   A: I've seen the—I've seen the offered agreement.

7   Q: Okay. So—so what you've looked at is an offer from Microsoft.

8   A: Yes.

9   Q: More than one offer from Microsoft. Correct?

10  A: Yes.

11  Q: Okay. And I'm—I'm—I guess what I'm asking is do you need
any particular expertise in German law to determine whether or not
12  those offers mean that Microsoft is willing to negotiate?

13  A: No, I don't think that I need a special expertise.

14  Q: Do you think you needed, really, any expertise in German law to
determine that?
15

    A: No, I don't think so.
16
Berry Decl. Ex. G at 51:5-52:1.
17
    Dr. Bodewig also discusses in his report Microsoft's decision to relocate its distribution
18
center to Germany, including the reasons for the move and the potential effect of the U.S. courts'
19
decisions. Berry Decl. Ex. F at ¶¶ 111-112. At his deposition, however, Dr. Bodewig admitted
20
that he cannot give an expert opinion on those topics.
21
    Q: Okay. I mean, can you give any expert opinion on—on why
22  Microsoft relocated its German facility?

23  A: Why they did that?

24  Q: Yes.

25  A: I can only say what—what I have heard from Microsoft why
they did it. But it's not—I wasn't involved in this decision.
26
    Q: And—and you're not giving expert opinion then.

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO
BODEWIG - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

|   |   |
|---|---|
| 1 | A: No. |
| 2 | Q: Correct? |
| 3 | A: Yes. |
| 4 | Q: And then in Section 112, there's—there's a paragraph about the effect of the U.S. District Court's decision and whether it can be appealed and whether Motorola appealed. Again, is this part of your expert opinion? |
| 7 | A: No, I wouldn't say it's part of my expert opinion. It's part of my general expert—general knowledge of law. |
| 8 | Q: But Section 112 is not something on which you were making an expert opinion in this case. |
| 10 | A: No. |
| 11 | Q: Correct? |
| 12 | A: Right. |

Berry Decl. Ex. G at 124:12-125:12.

### III.    ARGUMENT

Under Rule 702 of the Federal Rules of Evidence, evidence or testimony from an expert must "help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702(a). Expert opinions must also be relevant. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993) (internal quotation omitted). To be relevant, the evidence must assist the trier of fact to understand or determine a fact in issue. *Id.* at 592. "Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007) (quoting *Elsayed Mukhtar v. California State University, Hayward,* 299 F.3d 1053, 1063 n. 7 (9th Cir. 2002)).

Under *Daubert*, the district court may exclude relevant expert evidence under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." 509 U.S. at 595; Fed. R. Evid. 403. "Expert evidence can be both

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO
BODEWIG - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." *Daubert*, 509 U.S. at 595 (citation omitted).

In order to testify about a topic, an expert must have specialized knowledge about that topic.  "The subject of an expert's testimony must be scientific . . . . knowledge . . . . the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 589-90.

**A.     Dr. Bodewig's Opinions Regarding the European Commission and the European Court of Justice Are Not Relevant and Will Be Confusing to the Jury.**

Dr. Bodewig should not be permitted to testify that the Orange Book procedure is allegedly unsettled based on statements that do not constitute final court decisions and that occurred long after Microsoft chose not to avoid an injunction by implementing a Section 315 Orange Book procedure.  Motorola filed suit against Microsoft in Germany in July 2011; the Mannheim court found that Microsoft infringed the patents in May 2012.  It is Motorola's position that at any point during the pendency of that case, Microsoft could have implemented the Section 315 Orange Book procedure to avoid an injunction in Germany.  Events that occurred afterward are not relevant to Microsoft's options during that time.  Microsoft chose not to implement the Section 315 procedure and instead decided by March 2012 to move its distribution facility and opened its new facility in the Netherlands on June 1, 2012.

The statements made in press releases and question-and-answer sheets from the European Commission on December 21, 2012 and May 6, 2013 are not final positions of the European Commission, as Dr. Bodewig himself testified at his deposition.  Berry Decl. Ex. G at 40:25-41:13.  The European Commission has not yet taken a final position on the availability of injunctive relief as it relates to FRAND-encumbered SEPs.  *Id*. at 41:10-13.  The questions submitted by the Düsseldorf district court to the European Court of Justice on March 21, 2013 relating to the use of the Orange Book procedure for FRAND-encumbered SEPs also does not

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO
BODEWIG - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

constitute a final decision and merely indicates that the lower court would like clarification from the European Court of Justice. Dr. Bodewig's reliance on these statements to form any opinion about whether Microsoft could have availed itself of Orange Book procedures to mitigate damages thus would be unreliable and should not be permitted before the jury.

Not only does the proposed testimony fail under *Daubert*, but it also should be excluded because it would cause confusion and prejudice under Rule 403. It would be confusing to the jury to hear testimony about preliminary statements from another case after the relevant time frame. These press releases, question-and-answer sheets, and request for clarification from December 2012, March 2013 and May 2013 are not relevant to why Microsoft chose not to use the Section 315 Orange Book procedure between July 2011 and July 2012. Statements that were made several months to a year *after* Microsoft made its decision not to eliminate its risk of injunction cannot possibly have influenced its decision. In addition, these statements do not constitute binding decisions or final positions of any court, and as a result have not impacted the availability of the Section 315 procedure or its efficacy in eliminating the risk of injunction. The Commission's opinions are still evolving. Further, these statements involve parties who are not in the present lawsuit, and the Commission expressly stated that its preliminary opinions were only applicable to the specific facts of the cases in front of it. Presenting opinions about these statements to the jury, therefore, would be confusing, prejudicial and misleading, as they have no relationship to Microsoft's decision in this case not to use the Section 315 procedure to avoid an injunction in Germany and therefore mitigate the damages it claims resulted from its facility relocation. The Court should preclude Dr. Bodewig's presentation of these opinions to the jury.

**B.   Dr. Bodewig Should Not Be Able to Testify to Statements That Do Not Reflect His Expert Opinion.**

Dr. Bodewig expressly stated in his deposition that he does not have expert opinions about why Microsoft chose to relocate its distribution facility or the potential effects of this Court's antisuit injunction. Berry Decl. Ex. G at 124:12-125:12. Dr. Bodewig also admitted that he did not have any expertise that would allow him to conclude, from looking at Microsoft's offers,

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO BODEWIG - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  whether it is a willing licensee.  *Id*. at 42:15-21; 51:5-52:1.  Dr. Bodewig should not be permitted
2  to testify regarding these topics; his testimony would not be helpful to the jury, as it would not add
3  any element of expertise.  Dr. Bodewig has no personal knowledge or any specialized knowledge
4  about any of these topics; instead, he merely repeated what Microsoft's counsel asked him to say
5  in his report.  Such testimony would be unhelpful and misleading to the jury and prejudicial to
6  Motorola and should not be permitted.

## IV.     CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court preclude Dr. Bodewig from testifying at trial about the December 2012 and May 2013 press releases and question-and-answer sheets from the European Commission, the March 2013 request for clarification of the Düsseldorf court, the reasons for Microsoft's facility relocation, the effects of the U.S. courts' orders, and whether or not Microsoft is a willing licensee.

DATED this 3rd day of July, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
   Ralph H. Palumbo, WSBA #04751
   Philip S. McCune, WSBA #21081
   *ralphp@summitlaw.com*
   *philm@summitlaw.com*

By */s/ Thomas V. Miller*
   Thomas V. Miller
   MOTOROLA MOBILITY LLC
   600 North U.S. Highway 45
   Libertyville, IL  60048-1286
   (847) 523-2162

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO
BODEWIG - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1
2           QUINN EMANUEL URQUHART & SULLIVAN, LLP
3
            By */s/ Kathleen M. Sullivan*
                Kathleen M. Sullivan, NY #1804624
4               51 Madison Ave., 22nd Floor
                New York, NY 10010
5               (212) 849-7000
                *kathleensullivan@quinnemanuel.com*
6
7           By */s/ Brian C. Cannon*
                Brian C. Cannon, CA #193071
8               555 Twin Dolphin Drive, 5th Floor
                Redwood Shores, CA 94065
9               (650) 801-5000
                *briancannon@quinnemanuel.com*
10
11          By */s/ William C. Price*
                William C. Price, CA #108542
12              865 S. Figueroa Street, 10th Floor
                Los Angeles, CA 90017
13              (213) 443-3000
                *williamprice@quinnemanuel.com*
14
15          ***Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.***
16
17
18
19
20
21
22
23
24
25
26

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO
BODEWIG - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 3rd day of July, 2013.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

---

DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO BODEWIG - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001