# EXHIBIT A

THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　Defendants.<br>_____<br>MOTOROLA MOBILITY LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendants. | Case No. C10-1823-JLR<br><br>**DEFENDANT MOTOROLA MOBILITY, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF MICROSOFT CORPORATION AND MICROSOFT CORPORATION'S *APRIL 3, 2013 SUPPLEMENTAL* OBJECTIONS, ANSWERS, AND RESPONSES THERETO** |

**MICROSOFT CORPORATION'S *APRIL 3, 2013 SUPPLEMENTAL* OBJECTIONS, ANSWERS, AND RESPONSES TO MOTOROLA MOBILITY, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 26, 33, and 34 and all applicable Local Rules, Microsoft Corporation ("Microsoft") hereby submits the following answers, responses, and objections to Motorola Mobility, Inc.'s ("Defendant's" or "Motorola's") First Set of Interrogatories and Requests for Production ("Discovery Requests").

MICROSOFT CORPORATION'S *APRIL 3, 2013 SUPPLEMENTAL* OBJECTIONS, ANSWERS, AND RESPONSES - 1

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

█████████████████████████████████████

**INTERROGATORY NO. 4:** State the factual basis for any contention that Microsoft suffered damage to its business or property, or was irreparably injured, by reason of the October 21, 2010 Letter and/or October 29, 2010 Letter.

**ANSWER:** Microsoft incorporates by reference each of its General Objections as though set forth herein. Microsoft further objects that this is a premature contention interrogatory. Microsoft is not obligated to respond to premature contention interrogatories until the parties have substantially completed discovery.

Subject to and without waiving the foregoing objections, Microsoft answers that it has suffered damage because, and to the extent that, Microsoft and its employees have been forced to expend a significant amount of time, money and resources on issues relating to this dispute and the Motorola Patent Actions. But for Motorola's failure to offer Microsoft licenses to those patents Motorola alleges are "essential" to implementation of the H.264 and 802.11 standards on RAND terms and conditions, Microsoft would not have incurred these costs, expenses or losses of productivity. It will be difficult, if not impossible, for Microsoft to recoup this lost time and productivity, and Microsoft's losses will continue until Motorola complies with the contractual commitments it made to the IEEE, ITU, and their members. Microsoft has also been damaged as a result of having to defend the Motorola Patent Actions, in which Motorola seeks to enjoin or exclude Microsoft from practicing, or importing products that practice, the 802.11 and H.264 standards. Further, Microsoft may also suffer imminent loss of profits, loss of customers and potential customers, and loss of goodwill and product image as a result of Motorola's refusal to offer licenses to the relevant technologies on fair and reasonable terms.

MICROSOFT CORPORATION'S *APRIL 3, 2013 SUPPLEMENTAL* OBJECTIONS, ANSWERS, AND RESPONSES - 25

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

006

**SUPPLEMENTAL RESPONSE OF APRIL 3, 2013:**

Motorola's breach is not limited to its October 2010 demand letters. In addition to suffering damage to its business or property and irreparable injury as a consequence of the October 2010 demand letters, Microsoft has also suffered damage to its business or property and irreparable injury as a consequence of other actions taken by Motorola (or its failure to act) in breach of its contractual commitments.

On November 22, 2010, Motorola filed an ITC action seeking exclusion of Xbox consoles based on three patents alleged to be essential to H.264 and one patent alleged to be essential to 802.11. Motorola also filed district court cases asserting patents alleged to be essential to H.264 or 802.11.

On July 6 and 7, 2011, Motorola filed two patent infringement suits in Germany, asserting patents claimed to be essential to the H.264 standard. Motorola sought an injunction that would exclude Microsoft products (including the Windows operating system and the Xbox video game console) from the German market. Microsoft incorporates by reference its previous response describing harm flowing from the Motorola Patent Action, as analogous harms have been caused by Motorola's German suits, including the costs of defending against Motorola's improper pursuit of injunctions. Microsoft also incorporates by reference all filings made in support of its Motion for TRO and Preliminary Injunction, including Dkt. Nos. 209–217.

Motorola's failure to grant Microsoft a RAND license to its H.264 and 802.11 patents, and its pursuit of injunctions has imposed significant costs on Microsoft. But for the breach of the RAND obligations, this injury would not have been incurred. Thus damages attributable to the breach include Microsoft's legal expenses incurred in defending the ITC and district court cases, insofar as they were based on standard essential patents and legal expenses incurred in defending the German actions based on H.264 patents.

MICROSOFT CORPORATION'S *APRIL 3,
2013 SUPPLEMENTAL* OBJECTIONS,
ANSWERS, AND RESPONSES - 26

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

007

Motorola's actions forced Microsoft to implement costly measures in preparation for a potential injunctive relief that Motorola was seeking requiring Microsoft to withdraw its H.264-compliant products—including Windows and Xbox—from the German market, and Xbox from the U.S. Market. Microsoft took these measures in order to mitigate the greater damages it would have suffered from the injunctive relief Motorola was seeking obtained in breach of Motorola's RAND commitments. Microsoft's main logistics and products/software distribution center for the European, Middle Eastern and African ("EMEA") market was located in Germany. The injunction Motorola sought through its German actions would have not only removed Microsoft's products from Germany, but threatened Microsoft's entire EMEA distribution network for its products.

As a result of Motorola's actions, and in an effort to mitigate the enormous financial and non-economic damages that Microsoft would have suffered had it been excluded from the German market as a result of Motorola's breach, Microsoft was forced to relocate its EMEA distribution center to the Netherlands in spring 2012. The costs incurred by Microsoft in connection with these relocation efforts were approximately ▮. Further, the annual cost of operating its distribution center out of the Netherlands is approximately ▮ greater than the cost of continuing to operate the distribution center in Germany would have been in the period after the move, a cost increase which is continuing. Invoices and other substantiating documentation for certain of these costs, identified as Bates range MS-MOTO_1823_00004081413 - MS-MOTO_1823_00004081432, are being produced today. Should Microsoft become aware of additional information or documentation bearing on these damages, Microsoft will supplement its response, as contemplated by Rule 26(e).

On July 18, 2011, Marvell sought a license to Motorola's 802.11 patents so that the wifi chipsets it sold to Microsoft and products in which they were used would be licensed. If the

MICROSOFT CORPORATION'S *APRIL 3, 2013 SUPPLEMENTAL* OBJECTIONS, ANSWERS, AND RESPONSES - 27

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

008

1  license had been available at that time, Microsoft would not have incurred any further damage
2  by failure of Motorola to make available a license on RAND terms for its 802.11 patents.
3      On May 22, 2012, Motorola was acquired by Google, and Microsoft was entitled to a
4  license to Motorola's H.264 patents under the terms of Google's license agreement with
5  MPEG-LA on terms set forth in the pool license. Motorola failed to make available a license
6  on those terms. If the license had been available at that time, Microsoft would not have
7  incurred any further damage by failure of Motorola to make available a license on RAND
8  terms for its H.264 patents.
9      SUPPLEMENTAL OBJECTIONS, ANSWERS, AND RESPONSES DATED this 3rd
10 day of April, 2013.
11     DATED this 3rd day of April, 2012.

CALFO HARRIGAN LEYH & EAKES LLP

By   s/ Christopher Wion
    Arthur W. Harrigan, Jr., WSBA #1751
    Christopher Wion, WSBA #33207
    Shane P. Cramer, WSBA #35099
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Phone: 206-623-1700
    arthurh@calfoharrigan.com
    chrisw@calfoharrigan.com
    shanec@calfoharrigan.com

T. Andrew Culbert
David E. Killough
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA 98052
Phone: 425-882-8080
Fax: 425-869-1327

MICROSOFT CORPORATION'S *APRIL 3,
2013 SUPPLEMENTAL* OBJECTIONS,
ANSWERS, AND RESPONSES - 28

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700  FAX, (206) 623-8717

009