HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

               Plaintiff,

   vs.

MOTOROLA, INC., et al.,

               Defendants.

MOTOROLA MOBILITY LLC, et al.,

               Plaintiffs,

   vs.

MICROSOFT CORPORATION,

               Defendants.

Case No. C10-1823-JLR

MICROSOFT'S 7/12/13 MOTION TO SEAL

**NOTED FOR:
Friday, July 26, 2013**

## I.  RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal the following documents:

(1)    Exhibit 1 to the Declaration of Christopher Wion in Support of Microsoft's Opposition to Defendants' Motion to Exclude and Strike Testimony of Todd Menenberg ("Wion *Daubert* Declaration"); and

MICROSOFT'S 7/12/13 MOTION TO SEAL - 1
No. C10-1823

(2) Exhibit A to the Declaration of David Killough in Support of Microsoft's Opposition to Motorola's Motion for Partial Summary Judgment ("Killough Summary Judgment Declaration").

Microsoft seeks to file the foregoing materials under seal because they contain Microsoft's and/or Sidley Austin LLP's confidential business information, which Microsoft has designated as "confidential" under the terms of the protective order issued in this case.

Exhibit 1 to the Wion *Daubert* Declaration consists of excerpts from the deposition transcript of Microsoft's damages expert, Todd Menenberg. Microsoft has redacted those limited portions of the excerpts that disclose the increased operating costs Microsoft was forced to incur as a result of relocating to The Netherlands from Germany. Good cause exists to maintain these portions of Mr. Menenberg's deposition transcript under seal. Microsoft is filing a redacted version of Exhibit 1 on the public record.

Exhibit A to the Killough Summary Judgment Declaration is a Sidley Austin invoice dated February 28, 2011. This invoice contains information that is not publicly available, such as Sidley's billing rates and time billed. The disclosure of this information could cause commercial harm to Sidley. It also includes the amount Microsoft has paid Sidley in connection with litigating the parties' various actions. This information also is not generally known and its disclosure could harm both Microsoft and Sidley. Compelling reasons exist to maintain Exhibit A under seal at this time.

For these reasons, Microsoft respectfully requests permission to file the above-referenced documents under seal and that the Court direct such documents to remain under seal.

## II.     LCR 5(g)(3)(A) CERTIFICATION

The parties met and conferred on July 12, 2013 in an effort to minimize the amount of material to be filed under seal in connection with this motion. As a result, the parties were able to reduce the number of documents that they would need to file under seal.

MICROSOFT'S 7/12/13 MOTION TO SEAL - 2
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

### III. FACTS & AUTHORITY

**A. The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, as amended by Order dated October 3, 2012, Microsoft is permitted to file materials designated by either party as Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1 (amended by Order dated October 3, 2012 (ECF No. 447)).

MICROSOFT'S 7/12/13 MOTION TO SEAL - 3
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

The Court may seal a document filed in support of a non-dispositive motion upon a showing of good cause. *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In contrast, a party seeking to seal a judicial record attached to a dispositive motion must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Id.*

This latter presumption may be overcome by a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. Further, "the public interest in understanding the judicial system would appear to be less where … the documents in question are irrelevant to the Court's decision." *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (citing *Kamakana*, 447 F.3d at 1179) (documents supporting dispositive motion "[not] bearing on the resolution of the dispute on the merits … are therefore more akin to the 'unrelated,' non-dispositive motion documents the Ninth Circuit contemplated in *Kamakana*").

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used

MICROSOFT'S 7/12/13 MOTION TO SEAL - 4
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.,* 2010 WL 786021, at *2 (quotations omitted).

B. **Good Cause Exists to Permit Microsoft to File Exhibit 1 to the Wion *Daubert* Declaration Under Seal.**

Exhibit 1 to the Wion *Daubert* Declaration consists of excerpts from Mr. Menenberg's deposition transcript. Microsoft has redacted only five short statements that disclose the increased operating costs Microsoft was forced to incur as a result of having to relocate from Germany to The Netherlands. These financial figures are not generally known or publicly available, and the companies involved treat them as confidential. Their disclosure publicly could potentially damage Microsoft's relationship with, or future dealings with, other vendors. Microsoft's interest in maintaining the confidential nature of this information outweighs any potential interest the public may have in accessing this information at this stage of the litigation.

Further, Microsoft's specific relocation damages figure is not germane to the issues raised by Motorola's motion to exclude Mr. Menenberg's testimony. It is thus unlikely to play any role in the Court's consideration of the merits of Motorola's motion. The public's interest in understanding the judicial system will not be significantly furthered by providing access to this information at this time. For these reasons, good cause exists to maintain Exhibit 1 to the Wion *Daubert* Declaration under seal. A redacted version has been filed on PACER.

B. **Microsoft and Sidley Have a Compelling Interest in Maintaining the Seal on Exhibit A to the Killough Summary Judgment Declaration.**

Exhibit A to the Killough Summary Judgment Declaration is a February 28, 2011 invoice from Sidley to Microsoft disclosing amounts billed to Microsoft for work performed

MICROSOFT'S 7/12/13 MOTION TO SEAL - 5
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

by Sidley in connection with the various disputes pending between Microsoft and Motorola.[2] The invoice also discloses Sidley attorneys' billing rates and hours billed in connection with these matters. This information is not publicly available and is treated as confidential by both Sidley and Microsoft. There is a significant risk that disclosure of this sensitive information to Sidley's competitors, clients, and potential clients could cause commercial harm to Sidley. Further, since Sidley's rates are not germane to Motorola's motion for partial summary judgment, they are not expected to play a material role in the Court's consideration of that motion.

Exhibit A also discloses fees Microsoft has paid Sidley in connection with the various suits pending between the parties. This information is also not publicly available, and has historically been treated as private by both Sidley and Microsoft. While this information will be relevant at trial, it is not relevant to consideration of the merits of Motorola's partial summary judgment motion. Disclosure of this information at this point in time will not further the public's interest in understanding the judicial system. For this reason, it should remain under seal.

## IV.  CONCLUSION

For the reasons set forth herein, Microsoft respectfully requests that the Court grant its motion. A [Proposed] Order Granting Microsoft's 7/12/13 Motion to Seal has been submitted herewith.

---

[2] The redactions that appear in the body of the February 28, 2011 Sidley invoice were made prior to Microsoft's production of the invoice to Motorola in discovery. They were not made in connection with Microsoft's filing the document under seal.

MICROSOFT'S 7/12/13 MOTION TO SEAL - 6
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

DATED this 12th day of July, 2013.

**RESPECTFULLY SUBMITTED,**

CALFO HARRIGAN LEYH & EAKES LLP

By    s/Arthur W. Harrigan, Jr.
       Arthur W. Harrigan, Jr., WSBA #1751

By    s/Christopher Wion
       Christopher Wion, WSBA #33207

By    s/Shane P. Cramer
       Shane P. Cramer, WSBA #35099
       999 Third Avenue, Suite 4400
       Seattle, WA 98104
       Phone: 206-623-1700
       arthurh@calfoharrigan.com
       chrisw@calfoharrigan.com
       shanec@calfoharrigan.com

By    s/T. Andrew Culbert
       T. Andrew Culbert

By    s/David E. Killough
       David E. Killough

MICROSOFT CORPORATION
       1 Microsoft Way
       Redmond, WA 98052
       Phone: 425-882-8080
       Fax: 425-869-1327

       David T. Pritikin
       Richard A. Cederoth
       Constantine L. Trela, Jr.
       William H. Baumgartner, Jr.
       Ellen S. Robbins
       Douglas I. Lewis
       David C. Giardina
       John W. McBride
       Nathaniel C. Love

MICROSOFT'S 7/12/13 MOTION TO SEAL - 7
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| 1 | |
| 2 | SIDLEY AUSTIN LLP |
|   | One South Dearborn |
| 3 | Chicago, IL  60603 |
|   | Phone:  312-853-7000 |
| 4 | Fax:  312-853-7036 |
| 5 | Carter G. Phillips |
|   | Brian R. Nester |
| 6 | SIDLEY AUSTIN LLP |
| 7 | 1501 K Street NW |
|   | Washington, DC  20005 |
| 8 | Telephone:  202-736-8000 |
|   | Fax:  202-736-8711 |
| 9 | Counsel for Microsoft Corp. |

MICROSOFT'S 7/12/13 MOTION TO SEAL - 8
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 12th day of July, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA 98104-2682 | |
| Telephone: 206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY 10036-8704 | |
| Telephone: (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA 94303-2284 | __X__ ECF |
| Telephone: (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S 7/12/13 MOTION TO SEAL - 9
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| One Metro Center | _____ Facsimile |
| 700 12th Street NW, Suite 900 | __X__ ECF |
| Washington, DC  20005-3948 | |
| Telephone:  (202) 508-4693 | |
| Email: Paul.schoenhard@ropesgray.com | |

| | |
|---|---|
| Andrea Pallios Roberts (*pro hac vice*) | _____ Messenger |
| Brian C. Cannon (*pro hac vice*) | _____ US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
| 555 Twin Dolphin Drive, 5th Floor | __X__ ECF |
| Redwood Shores, CA 94065 | |
| Telephone:  (650) 801-5000 | |
| Email: andreaproberts@quinnemanuel.com | |
| Email: briancannon@quinnemanuel.com | |

| | |
|---|---|
| Kathleen M. Sullivan (*pro hac vice*) | _____ Messenger |
| David Elihu (*pro hac vice*) | _____ US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
| 51 Madison Ave., 22nd Floor | __X__ ECF |
| New York, NY 10010 | |
| Telephone:  (212) 849-7000 | |
| Email: kathleensullivan@quinnemanuel.com | |

| | |
|---|---|
| William Price (*pro hac vice*) | _____ Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ US Mail |
| 865 S. Figuera St., 10th Floor | _____ Facsimile |
| Los Angeles, CA 90017 | __X__ ECF |
| Telephone:  (212) 443-3000 | |
| Email: williamprice@quinnemanuel.com | |
| MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | |

DATED this 12th day of July, 2013.

         s/ Florine Fujita
         FLORINE FUJITA

MICROSOFT'S 7/12/13 MOTION TO SEAL - 10
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717