# EXHIBIT 4

PUBLIC VERSION

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, DC**

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS** | **Investigation No. 337-TA-794** |

**COMPLAINANTS' RESPONSE TO**
**RESPONDENT'S NOTICES OF NEW AUTHORITY AND NEW FACTS**

PUBLIC VERSION

I.      INTRODUCTION

Apple continues to inundate this tribunal with new briefing on the merits, which it styles as Notices of "New Authority and New Facts." Apple has submitted two such notices in the past two weeks, as well as several others earlier in the case. Given that the Commission has explicitly barred such submissions, Samsung believes the Commission should strike Apple's two most recent untimely submissions. Samsung has not attempted to respond to each and every one of Apple's recent improper arguments, but Apple has misrepresented a number of key facts, which Samsung has addressed below.

II.     APPLE ONCE AGAIN SUBMITS PROCEDURALLY IMPROPER BRIEFING

Apple's latest submissions flout the Commission's Rules. Pursuant to the Commission's Notice, the parties to this investigation and any interested third parties were required to submit reply briefs no later than April 13, 2013. *See* Notice of Commission Determination to Extend the Target Date; Requesting Additional Written Submissions on Remedy and the Public Interest (March 13, 2013). The Notice expressly stated: "No further submissions on these issues will be permitted unless otherwise ordered by the Commission." *Id.* at 4. Apple has now filed multiple supplementary submissions purportedly informing the Commission of new legal authority or facts without once seeking leave to do so. But the authority Apple cites has been inapposite and the facts both irrelevant and misleading. Apple is attempting to continue briefing on the merits without leave to do so, which is improper under the rules of the Commission. *See* Apple's Notice of Supplementary Authority Regarding Issue Preclusion as to Apple's Patent Exhaustion Defense (August 30, 2012); Apple's Notice of New Facts (December 21, 2012); Apple's Notice of New Facts (March 4, 2013); Apple's Notice of New Authority (May 14, 2013); Apple's Notice of New Authority and New Facts (May 22, 2013). Apple should not be permitted to

disregard the procedures set up by the Commission to ensure due process and the orderly presentation of argument. Accordingly, Apple's May 14 and May 22, 2013 notices should be stricken.

### III. APPLE'S RELIANCE ON THE *REALTEK* CASE IS MISGUIDED BECAUSE SAMSUNG MADE AN OFFER TO LICENSE THE DECLARED-ESSENTIAL PATENTS THAT ARE THE SUBJECT OF THIS INVESTIGATION

Apple's latest notice offers nearly three pages of argument concerning a recent district court opinion, *Realtek Semiconductor Corporation v LSI Corporation*, case no. C-12-03451-RMW, slip op. at *9 (N.D. Cal. May 20, 2013), involving different parties and circumstances, Specifically, Apple asserts that the facts surrounding Samsung's pre-suit license offer are far more "egregious" than that of the patentee, LSI, in *Realtek*. This assertion is inaccurate and misleading. According to Apple, LSI failed to offer a license to its declared-essential patents before requesting that the Commission institute an investigation based on infringement of those patents. Here, in contrast, ██████████████████████████████████████ ██████████████████████ and Samsung, as detailed in its response to the Commission's public interest questions, had proposed ████████████████████████████████ ██████████████ *See* Samsung's Initial Submission in Response to the Commission's March 13, 2013 Notice on Remedy and the Public Interest at 15 (April 3, 2013). ████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ *Id.* at 15-16. Apple's mischaracterization of Samsung's conduct (while conveniently ignoring its own) is a thinly disguised attempt to confound the specific issues presently under consideration in this investigation.

2

IV. **APPLE'S RELIANCE ON DEFENSES RAISED IN THE *ERICSSON* LITIGATION IS UNAVAILING**

Apple seems to contend that, having had its own defenses based on alleged standard-setting misconduct determined to be meritless, it would be inconsistent for Samsung to itself allege that another entity had violated its obligations to a standard-setting organization. To support this, Apple cites to the recitation of all defenses available to Samsung listed in Samsung's answer to a complaint filed by Ericsson. This contention, however, is made in reckless disregard of the facts and circumstances of the Ericsson case. The Ericsson case involves an entirely different set of facts and will focus on negotiations between Ericsson and Samsung, not those between Samsung and Apple. The most obvious difference between Samsung's behavior as a prospective licensee and Apple's behavior is that Samsung has always been willing to negotiate a license for Ericsson's declared-essential patent portfolio whereas Apple has demonstrated that it has no intention of paying anything to Samsung. (*See Certain Wireless Communications Equipment and Articles Therein,* 337-TA-866, Complainants' Reply Statement Regarding the Public Interest, Doc. No. 501030, at 2.) No matter the specific circumstances of each of the respective negotiations involving declared essential patents, Samsung has consistently sought to resolve its disputes through good faith negotiation.

Here, more than two-and-a-half years since Samsung and Apple first began licensing discussions, Apple continues to insist that it "should not have to pay *any* royalty at all" for rights to Samsung's declared-essential patents. *See* Apple's Initial Submission in Response to the Commission's March 13, 2013 Notice on Remedy and the Public Interest at 49 (April 3, 2013) (emphasis added). As Samsung has explained in recounting the details of the meetings and correspondence between the parties, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

███████████████████████████████████ *See* Samsung's Initial Submission in Response to the Commission's March 13, 2013 Notice on Remedy and the Public Interest at 15 (April 3, 2013). These facts are different from those surrounding Ericsson's assertion of declared essential standards patents against Samsung. Thus, there is no inconsistency in Samsung's assertion of FRAND defenses in the context of Ericsson's assertion of such patents.

## V. CONCLUSION

For the foregoing reasons, Apple's two most recent notices of new authority and new facts should be stricken or disregarded.

**PUBLIC VERSION**

Dated:  May 28, 2013                              Respectfully submitted,

*/s/ Paul F. Brinkman*
_____
Charles K. Verhoeven
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111

Kevin P.B. Johnson
Victoria F. Maroulis
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065

Thomas D. Pease
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY  10010

William Price
Robert J. Becher
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017

Paul F. Brinkman
Alan L. Whitehurst
S. Alex Lasher
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1299 Pennsylvania Ave. NW, Suite 825
Washington, DC  20004

*Attorneys for Complainants*
*Samsung Electronics Co., Ltd. and*
*Samsung Telecommunications America, LLC*

**In the Matter of Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Table Computers**

**Inv. No. 337-TA-794**

**<u>CERTIFICATE OF SERVICE</u>**

I, Jon Tap, hereby certify that on this 28th day of May, 2013, copies of the foregoing document were served upon the following parties as indicated:

| | |
|---|---|
| The Honorable Lisa R. Barton<br>Acting Secretary<br>U.S. International Trade Commission<br>500 E Street, SW<br>Washington, D.C. 20436 | ☐ Via First Class Mail<br>☒ Via Hand Delivery (8 copies)<br>☐ Via Overnight Courier<br>☐ Via Electronic Mail<br>☒ Via EDIS |
| The Honorable E. James Gildea<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, SW<br>Washington, D.C. 20436<br>Email: sarah.zimmerman@usitc.gov | ☐ Via First Class Mail<br>☒ Via Hand Delivery (2 copies)<br>☐ Via Overnight Courier<br>☒ Via Electronic Mail |
| Lisa Murray<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, SW<br>Washington, D.C. 20436<br>Email: Lisa.Murray@usitc.gov | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☒ Via Electronic Mail |
| Nina S. Tallon<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, D.C. 20006<br>Email: WHAppleSamsungITC-794Service@wilmerhale.com<br><br>*Counsel for Apple Inc.* | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☒ Via Electronic Mail |

*/s/ Jon Tap*
Jon Tap