# EXHIBIT 5

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

Before The Honorable Theodore R. Essex
Administrative Law Judge

| In the Matter of | |
|---|---|
| CERTAIN MOBILE DEVICES, ASSOCIATED SOFTWARE, AND COMPONENTS THEREOF | Investigation No. 337-TA-744 |

**MOTOROLA MOBILITY, INC.'S AMENDED SUPPLEMENTAL OBJECTIONS AND RESPONSES TO COMPLAINANT MICROSOFT CORPORATION'S INTERROGATORY NOS. 30-32, 35-38 & 130-131 AND SECOND AMENDED SUPPLEMENTAL OBJECTIONS AND RESPONSES TO COMPLAINANT MICROSOFT CORPORATION'S INTERROGATORY NOS. 27 & 28**

Pursuant to 19 C.F.R. §§ 210.27 and 210.29, and the Administrative Law Judge's Ground Rules, Respondent Motorola Mobility, Inc. ("Mobility") provides its Amended Supplemental Objections and Responses to Interrogatories Nos. 30-32, 35-38 & 130-131 and its Second Amended Supplemental Objections and Responses to Interrogatories Nos. 27 & 28 propounded by Complainant Microsoft Corp. ("Microsoft"). Mobility designates these responses as containing Mobility Confidential Business Information in accordance with the protective order entered in this Investigation.

## GENERAL OBJECTIONS

Mobility expressly incorporates by reference herein the General Objections set forth in its Objections and Responses to Microsoft's First, Second, Third, Fourth, Fifth and Sixth Set of Interrogatories. Subject to and without waiving the foregoing objects, Mobility amends and supplements its responses as follows:

02426.51745/4161551.1



MOTM_WASH1823_0399254

♦ **Contains Confidential Business Information Subject to Protective Order** ♦

response based on Microsoft's contentions, production of documents, other evidence, deposition testimony, newly discovered prior art, information obtained from third parties, or anything else that sheds light on the meaning, scope, or validity of the asserted claims, or otherwise affects Mobility's contentions in this investigation.

**INTERROGATORY NO. 32:**

Identify and explain the basis for any affirmative defense that you will pursue in this action, including for each specific event, occurrence, action, and/or failure to perform or act, an Identification of all persons with knowledge of information relevant to such contention and each document or other evidence that concerns such affirmative defense.

**RESPONSE TO INTERROGATORY NO. 32:**

Respondents object to this interrogatory to the extent it seeks information that is premature and contrary to the procedure set forth in the ITC Rules, the Ground Rules, and/or the procedural schedule to be issued by Administrative Law Judge Essex. Respondents further object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, work product immunity, or other applicable immunity.

Subject to and without waiving their general and specific objections, Respondents state that they will provide the information sought by this interrogatory at the time set forth in Administrative Law Judge Essex's procedural schedule for this Investigation.

Respondents have not yet completed their discovery and investigation of the facts relating to this interrogatory. Respondents will supplement this response at the appropriate time and as their investigation continues in accordance with 19 C.F.R. § 210.27(c). Respondents further incorporate by reference their responses and objections to Interrogatories Nos. 28 and 30, as if fully set forth herein.

MOTM_WASH1823_0399255

♦ Contains Confidential Business Information Subject to Protective Order ♦

## AMENDED AND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:

Mobility incorporates herein the General Statement and Objections set forth above. Mobility further objects to the extent that this interrogatory calls for expert discovery, and to the extent it seeks a legal conclusion and/or presents a question of law. Mobility further objects to the extent that this interrogatory seeks information protected by the attorney-client privilege, work product immunity, or other applicable immunity. Subject to and without waiving the foregoing general and specific objections, to the extent Mobility understands this interrogatory, and based on its current knowledge, Mobility responds as follows:

I. <u>Unenforceability by Reason of Breach of Contract, Implied License, Equitable Estoppel, and/or Unclean Hands</u>

U.S. Patent Nos. 5,579,517 ("the '517 patent") and 5,758,352 ("the '352 patent") are unenforceable against Mobility by reason of breach of contract, implied license, equitable estoppel, and/or unclean hands. As set forth in detail below, Microsoft has a contractual obligation arising from a license agreement it has entered into with a standards setting organization, the SD Card Association ("SDA"), to offer a license to the '517 and '352 patents to Mobility on reasonable and non-discriminatory ("RAND") terms. Microsoft made affirmative representations to the SDA that it would license these patents on RAND terms to members of the SDA, including Mobility. Microsoft made these representations both as part of the license it entered into with the SDA and at the time it contributed technology purportedly covered by the '517 and '352 patents to the SDA to be incorporated into a specification. As a member of the SDA, Mobility relied on the representations made by Microsoft that if Mobility complied with the SDA specifications, and, in particular, the portions contributed by Microsoft, Microsoft would offer to license the '517 and '352 patents on RAND terms. Mobility has been materially prejudiced by Microsoft's breach of its obligations in that Microsoft, without making any offer to

MOTM_WASH1823_0399256

♦ **Contains Confidential Business Information Subject to Protective Order** ♦

license the '517 and '352 patents, let alone a RAND offer, has sued Mobility in the ITC seeking an exclusion order against products allegedly covered by these patents that comply with the SDA specifications.

Microsoft's April 2003 SD Host/Ancillary Product License Agreement ("HALA") with the SDA (MSMOTOITC-VOL12-00355929-62) is the basis for Microsoft's contractual obligation to license the FAT patents on reasonable and non-discriminatory ("RAND") terms. Section 10.3 of the Microsoft HALA states: "Licensee agrees to abide by the terms and conditions of the SD Association Intellectual Property Policy, set forth as Schedule E and hereby incorporated by reference, and the term 'Member' shall be read to include Licensee where applicable, and the term 'participate in the SDA' shall be read to include entering into this Agreement."

In turn, Schedule E of the Microsoft HALA states:

This Intellectual Property Policy ("IP Policy") is set forth to state clearly the expectation of the SD Card Association, hereafter referred to as the SDA, with regard to any individual member company's ("Member") intellectual property. The SDA is committed to an open standard, and strives to establish high quality specifications that can be implemented in a compliant manner by any interested party. Therefore, the SDA will only include a Member's proprietary technology in the SDA's specifications if the owner of that technology agrees to reasonable and non-discriminatory licensing terms as set forth below.

Schedule E, Section 1, Policy. Schedule E further states:

each Member must be prepared to license in a non-discriminatory fashion, and on reasonable terms, to all other Members and non-member licensees (collectively, "Licensees") of the SDA-adopted specifications and any successive parts or versions thereof (collectively, the "Specifications"), such Member's patent claims, existing and pending, which are required to implement the released and published Specifications ("Essential Patent Claims") .... In keeping with the SDA's commitment to an open standard, each Member agrees that any changes for incorporation into the Specifications submitted by such Member will not be included into the Specifications if such Member is unwilling to license, under the terms discussed above, to all other Licensees, any Essential Patent Claims owned by such Member which cover such changes, or if such changes would incorporate

MOTM_WASH1823_0399257

♦ Contains Confidential Business Information Subject to Protective Order ♦

Essential Patent Claims owned by third parties which are unwilling to license, under the terms discussed above, to all other Licensees.

Schedule E, Section 2, Patents.

In a letter to the SDA dated August 31, 2005 (MSMOTOITC-VOL3_00265100-MSMOTOITC-VOL3_00265102), Microsoft made a "Microsoft Contribution" that included the long file name features of the Microsoft FAT32 File system specification ("Microsoft LFN Specification"). In its August 31, 2005 letter, Microsoft stated that "[a]s required by, and defined in the SDA Intellectual Property Policy, Microsoft hereby discloses that it is aware of the following Patents that have essential patent claims with respect to the Microsoft Contribution." Among the patents Microsoft disclosed were the '517 and '352 patents. Microsoft stated:

> Pursuant to Section 5(ii) of the SDA Intellectual Property Policy, Microsoft commits to the SDA that Microsoft will license its Essential Patent Claims in a non-discriminatory fashion and under reasonable terms and conditions to all SDA Member and non-SDA-Member licensees, solely to the extent required for such entities to implement finally-adopted SDA Specifications. Microsoft will grant such licenses to SDA Members and non-SDA-Members pursuant to separate agreements. . . . As stated above, Microsoft is willing to make licenses available for products implementing the Microsoft LFN Specification on a RAND, royalty-bearing basis.

(MSMOTOITC-VOL3_00265101.)

In its May 20, 2011 responses to Motorola's Second Set of Requests for Admission, Microsoft admitted that various claims of the '517 and '352 patents are required to implement the method set forth in Appendix C.3 of the SD Specifications Part 2 File System Specification Version 2.00 (May 9, 2006) and Version 3.00 (April 16, 2009). In particular, Microsoft admitted that claims 1 and 12 of the '352 patent and claims 1, 2, 3, 4, 22, 26, 31, and 36 of the '517 patent are required to implement "at least some portion of the optional method set forth in Appendix C.3 of the SD Specifications Part 2 File System Specification" Versions 2.00 (May 9, 2006) and 3.00 (April 16, 2009).

MOTM_WASH1823_0399258

♦ **Contains Confidential Business Information Subject to Protective Order** ♦

Under Microsoft's HALA, which incorporates the SDA Intellectual Property Policy by reference and contractually binds Microsoft to its terms, Microsoft is required to offer SDA Members licenses on RAND terms to Microsoft patent claims that are required to implement SDA specifications. Motorola has been a Member in good standing of the SDA since 2001. As a result of this incontrovertible contractual obligation Microsoft has entered into with the SDA, Microsoft is obligated to provide Motorola with a RAND licensing offer for the '517 and '352 patents. This right to a RAND license is a complete defense to Microsoft's demand for an exclusion order at the ITC.

Persons with knowledge relevant to these contentions include Brian Valentine, Vishal Ghotge, Tatiana Moore, Rajeev Nagar, Simone Misra, and Joy Murray.

II.     Unenforceability by Reason of Patent Exhaustion

U.S. Patent No. 6,621,746 ("the '746 patent") and the '517 and '352 patents are unenforceable against Mobility by reason of patent exhaustion. Upon information and belief, Microsoft has entered into a broad, world-wide cross license with at least one of Motorola's suppliers of SD Cards and eMMC memory cards, Toshiba Corporation ("Toshiba"). (*See* Exhibits A & B.) To date, Microsoft does not appear to have produced this cross-license with Toshiba, despite its obligations to do so in response to multiple Motorola document requests, including Request for Production Nos. 48, 72, and 73. Nonetheless, upon information and belief, this cross license covers at least embedded MultiMediaCard ("eMMC") memories and SD cards.

Mobility contends that as a result at least of Microsoft's license of its SD Card technology to Toshiba, Microsoft's patent rights in the '517 and '352 patents are exhausted upon sale of SD Cards by Toshiba to Mobility. *See, e.g., Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617 (2008). Mobility further contends that as a result at least of Microsoft's license of its eMMC technology to Toshiba, Microsoft's patent rights in the '746 patent are

MOTM_WASH1823_0399259

♦ Contains Confidential Business Information Subject to Protective Order ♦

exhausted upon sale of Toshiba eMMC cards to Mobility. *See id.*

As a result of Microsoft's belated responses to Mobility's discovery requests concerning Microsoft's communications and licenses with the SDA, and as a result of Microsoft's failure to produce the Toshiba license and any license concerning fields of use or technology the same as or similar to those covered by the patents at issue, Mobility has not yet completed its discovery and investigation of the facts relating to this interrogatory. Mobility will provide discovery, including expert discovery, at an appropriate time and in a manner consistent with the Procedural Schedule, the Commission Rules, and the presiding Administrative Law Judge's Ground Rules. To the extent necessary, Mobility will supplement this response at the appropriate time and as its investigation continues in accordance with 19 C.F.R. § 210.27(c). Mobility reserves its right to modify, amend, or supplement its response based on Microsoft's contentions, production of documents, other evidence, deposition testimony, newly discovered prior art, information obtained from third parties, or anything else that sheds light on the meaning, scope, or validity of the asserted claims, or otherwise affects Mobility's contentions in this investigation.

## INTERROGATORY NO. 35:

If you contend that Microsoft does not satisfy the requirements of 19 U.S.C. § 1337(a)(2) and (3) regarding an industry in the United States for the Microsoft Patents, state the factual and/or legal basis for your contention, identify the individual(s) most knowledgeable about such contentions and bases, and identify all documents (by production number) that relate to such contentions and bases.

## RESPONSE TO INTERROGATORY NO. 35:

Respondents object to the extent that this interrogatory seeks information that is premature and contrary to the procedure set forth in the ITC Rules, the Ground Rules, and/or the

MOTM_WASH1823_0399260

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO THE PROTECTIVE ORDER

*Certain Mobile Devices, Associated Software, And Components Thereof*
*Inv. No. 337-TA-744*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 27, 2011, she caused a copy of **Respondent Motorola Mobility, Inc.'s Amended Supplemental Objections and Responses to Interrogatories Nos. 30-32, 35-38 & 130-131 and its Second Amended Supplemental Objections and Responses to Interrogatories Nos. 27 & 28** to be served upon the following parties as indicated below:

| | |
|---|---|
| Brian R. Nester, Esq.<br>Sidley Austin LLP<br>1501 K Street, NW<br>Washington, DC 20005<br><br>*Counsel for Complainant, Microsoft Corporation* | ☐ Via First Class Mail<br>☑ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☑ Via E-mail *(PDF)*<br><br>*ProjectMS-Moto_ITC_744@Sidley.com* |

Timaka R. Senior
Paralegal Specialist

MOTM_WASH1823_0399261