# EXHIBIT 7



EUROPEAN COMMISSION

**MEMO**

Brussels, 6 May 2013

# Antitrust: Commission sends Statement of Objections to Motorola Mobility on potential misuse of mobile phone standard-essential patents- Questions and Answers

## What is an injunction?

An injunction is a court order aiming at preventing the continuation of a patent infringement. Generally, it includes the prohibition to sell the product infringing the patent. Such injunctions can be preliminary – as a precautionary measure typically for the time of the assessment of the case on the merits by the court. Injunctions can also be permanent as a result of the decision on the merits by a court.

## What are the Commission's concerns in this case?

In industries such as the IT sector, industry standards are key to ensuring interoperability and fostering innovation. They bring benefits to consumers and businesses. However, once a technology has been chosen and the standard has been set, it is important that the standard is accessible to all interested parties. In order to ensure such access and to prevent patent hold-up, standard-setting organisations generally require that members commit ex ante to license their standard essential patents (SEPs) on Fair Reasonable and Non-Discriminatory (FRAND) terms.

Against this backdrop, the Commission is concerned that the use of injunctions can be anti-competitive. In this case, the Commission considers at this stage that recourse by Motorola Mobility to injunctions on the basis of FRAND-encumbered SEPs distorted the negotiation process for a FRAND licence with Apple – a willing licensee. Hold-ups of this kind can ultimately lead to less consumer choice with regard to interoperable products and less innovation.

## Is the Commission generally questioning the use of injunctions by patent-holders?

No. Recourse to injunctive relief is generally a legitimate remedy for patent-holders in case of patent infringements. The case is therefore not about eliminating the use of injunctions by patent-holders. Rather, the Commission has reached the preliminary conclusion that the seeking and enforcing of an injunction for SEPs can constitute an abuse of a dominant position in the exceptional circumstances of this case - where the holder of a SEP has given a commitment to license these patents on FRAND terms and where the company against which an injunction is sought has shown to be willing to enter into a FRAND licence.



Spokespersons'
Service
Service des
Porte-parole

**MEMO/13/403**

### Under what circumstances can a potential licensee be considered "willing" to enter into a FRAND licence?

In the case at hand, the Commission is of the preliminary view that Apple's willingness to enter into a FRAND licence manifested itself in particular by its acceptance to be bound by a German court's determination of a FRAND royalty rate. The Commission's preliminary view is that the acceptance of binding third party determination for the terms of a FRAND licence in the event that bilateral negotiations do not come to a fruitful conclusion is a clear indication that a potential licensee is willing to enter into a FRAND licence. This process allows for adequate remuneration of the SEP-holder so that seeking or enforcing injunctions is no longer justified once a potential licensee has accepted such a process.

By contrast, a potential licensee which remains passive and unresponsive to a request to enter into licensing negotiations or is found to employ clear delaying tactics cannot be generally considered as "willing".

In addition, in the Commission's preliminary view, the fact that the potential licensee challenges the validity, essentiality or infringement of the SEP does not make it unwilling where it otherwise agrees to be bound by the determination of FRAND terms by a third party. In the case at hand, Motorola required clauses that prohibited such challenges by Apple, even after Apple had agreed to be bound by a third party determination of the FRAND terms. The Commission's preliminary view is that it is in the public interest that licensees should be able to challenge the validity, essentiality or infringement of SEPs.

### Is the Commission not intervening in a simple patent dispute between private parties?

No. The Commission takes no position on the validity or infringement of the patents in question which is to be determined by national courts. The Commission's intervention aims to protect the public interest that commitments given during a standard-setting process are respected so that consumers and businesses can enjoy the benefits of standardisation.

### Does the Commission take a position on what a reasonable royalty rate is?

No. National courts or arbitrators are generally well equipped to do this. The Commission's preliminary view is that in the specific circumstances of the case, the seeking and enforcing of injunctions may unjustifiably distort FRAND licensing negotiations where a commitment to license the SEPs in question on FRAND terms has been given.

### What are the general implications of the case for patent protection?

Intellectual property rights are one of the cornerstones of the single market and therefore have a key role in promoting innovation. This case is about the potential misuse of certain SEPs in the specific standardisation context. The Commission will continue to attach high importance to effective patent protection and an efficient patent system.

MS-MOTO_1823_00005258273

### What is the relevance of the so-called German "Orange Book" case-law on injunctions?

The 2009 "Orange Book" ruling of the German Supreme Court established that a potential licensee can raise a competition law defence against an application for an injunction by showing that (i) it has made an unconditional offer to license under terms that cannot be rejected by the patent-holder without abusing its dominant position, and (ii) it actually acted as if had entered into a valid patent licence. The Supreme Court's ruling did not specifically relate to SEPs. The Commission's preliminary view is that an interpretation of that ruling whereby a willing licensee is essentially not entitled to challenge the validity and essentiality of the SEPs in question is potentially anti-competitive.

### What consequences does the request for a preliminary ruling by the Regional Court of Düsseldorf in the SEP-based litigation between Huawei and ZTE have on the Commission's investigation?

The Commission will fully take account of any guidance on questions of law by the European Court of Justice that are of relevance for the Commission's investigation.

### How does the Commission's investigation relate to the proposed Consent Order by the U.S. Federal Trade Commission (FTC) in its investigation of Google/Motorola?

The proposed Consent Order by the FTC only applies to the future seeking and enforcing of injunctions. It does not cover agreements that are the result of behaviour occurring prior to the Consent Order, such as the one that the Commission is examining in this investigation. However, the Commission's concerns about the potential anti-competitive use of SEPs are similar to those that underlie the proposed Consent Order.

### What are the next steps?

A Statement of Objections is a formal step in Commission investigations. The Commission informs the parties concerned in writing of the objections raised against them and the parties can reply in writing and request an oral hearing to present comments. The Commission takes a final decision only after the parties have exercised their rights of defence. The sending of a Statement of Objections does not prejudge the final outcome of the investigation.

MS-MOTO_1823_00005258274