# EXHIBIT 10

```
                   UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON AT SEATTLE
_____

 MICROSOFT CORPORATION,            )
                                   )
             Plaintiff,            )
                                   )
 v.                                ) CASE NO. C10-1823JLR
                                   )
 MOTOROLA, INC., et al.,           ) SEATTLE, WASHINGTON
                                   ) May 7, 2013
             Defendants.           )
 _____   ) TELEPHONE CONFERENCE
                                   )
 MOTOROLA MOBILITY, LLC, et al.,   )
                                   )
             Plaintiffs,           )
 v.                                )
                                   )
 MICROSOFT CORPORATION,            )
                                   )
             Defendant.            )
                                   )
_____

                   VERBATIM REPORT OF PROCEEDINGS
                BEFORE THE HONORABLE JAMES L. ROBART
                    UNITED STATES DISTRICT JUDGE
_____

 APPEARANCES:


  For the Plaintiff:      ARTHUR HARRIGAN
                          CHRISTOPHER WION
                          SHANE CRAMER
                          DAVID PRITIKIN
                          ANDY CULBERT

  For the Defendants:     RALPH PALUMBO
                          PHILIP McCUNE
                          BRIAN CANNON
                          ANDREA ROBERTS


  Reported by:            NANCY L. BAUER, CCR, RPR
                          (206) 370-8506
                          nancy_bauer@wawd.uscourts.gov
```

1  disclosures.  And at page 27 and 28 of that document, the
2  last two pages, we make the statements that I just described
3  with regard to the Marvell and Google issues, basically
4  saying that if the license had been granted, as we believe it
5  was required under either of those, that would have avoided
6  the fees -- some of the fees that we are claiming.  Those
7  elements of damage are no different from the fees that we are
8  otherwise claiming that, obviously, the court has already
9  held were properly disclosed.
10         THE COURT:  Well, my problem with that is, that just
11  opens up a black hole in that we're then going to get into
12  the question of the Marvell license, which was covered in
13  part at trial by, I think it was general counsel for Marvell,
14  and it was certainly the subject of discovery in regards to
15  MPEG LA, which was done at the last minute on a rushed basis.
16    How do we not have that swamp what is intended to be a
17  breach of contract and damages case?
18         MR. HARRIGAN:  Well, Your Honor, first of all, what I
19  think I'm saying here is that since this motion is based upon
20  the failure to disclose the damages arising from these
21  breaches, there is no difference in the damages, based on
22  these two items.  And as you know, you know, the Google issue
23  didn't even become real until May of 2012, and the Marvell
24  issue, which has, obviously, as you say, been the subject of
25  testimony.  So I think that those two are fairly in the case.

1    And, you know, one of the things that we are actually
2 thinking that might be appropriate here is, at some point in
3 the not too distant future, at least when the court decides
4 whether this is going to be a jury trial or not, that we have
5 a conference and talk about how the trial can be structured
6 so as to get it over with in the time prescribed. And I
7 think that we can figure out ways, to the extent these issues
8 need to be addressed, get them addressed in a short
9 limitation.
10          THE COURT: All right. Mr. Cannon, may I hear you,
11 please?
12          MR. CANNON: Yes, Your Honor. It's news to me that
13 the Marvell theory and the MPEG LA theory are not really
14 damages theory. They're more of an offset theory. I think,
15 as Your Honor noted at the outset, these are new theories and
16 it is a new computation that Microsoft is offering here in
17 terms of how to calculate the damages from the alleged
18 breach.
19    So I think Your Honor was correct to compare the
20 disclosures and the response of the interrogatory and leave
21 it at the MPEG LA and the Marvell issue, since they didn't
22 appear in the record until recently. And so it's on that
23 basis that Motorola feels the new theory and new computation
24 and new ways to look at damages should have been disclosed
25 before.

1   MR. HARRIGAN: And just one further comment, Your
2 Honor.
3   Really, the Marvell issue is an effort by Microsoft to get
4 a license via another method, which, obviously, hadn't been
5 granted would, you know, cut off whatever damages arose from
6 not having a license, including attorneys' fees.  And it's
7 certainly no mystery to anyone what the facts are surrounding
8 that, and all we would be intending to do at trial is to say,
9 you know, at our request Marvell asked for a license, and
10 they were essentially given the same royalty demand based on
11 the laptop price that we're claiming is a breach.
12   THE COURT: All right.  Well, the court's ruling on
13 this is as follows:
14   I am going to permit that as an argument in support of the
15 identical damages that would have been presented anyway.  It
16 seems to me that both of those subjects were brought up and
17 discussed as part of the underlying trial on RAND rates, and
18 therefore the parties should not need to do any additional
19 discovery.  And since you're not asking for any additional
20 damages, I'm not sure that there is any prejudice in this
21 matter.
22   In terms of an answer on jury or nonjury, we're going
23 start working on that in the near future.
24   In the meantime, I would hope that you will concentrate
25 your efforts in regards to getting your discovery done.  It