HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>     Plaintiff,<br><br>  v.<br><br>MOTOROLA INC., et al.,<br><br>     Defendant. | No. C10-1823-JLR<br><br>MICROSOFT'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT REPORT OF DR. THEO BODEWIG |
| MOTOROLA MOBILITY, INC., et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>     Defendant. | **Noted: July 31, 2013 at 10:00 AM**<br><br>**ORAL ARGUMENT REQUESTED** |

MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1

## **TABLE OF CONTENTS**

2

I.   INTRODUCTION ................................................................................................... 1

3

II.  ARGUMENT ......................................................................................................... 3

4

    A.  Bodewig's Analyses of European Commission Statements And A Dusseldorf Court
        Decision Are Relevant. ..................................................................................... 3

5

6

    B.  Bodewig Should Be Permitted To Testify In Reliance On Facts In The Record. ......... 7

7

III. CONCLUSION ..................................................................................................... 10

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

## I.   INTRODUCTION

At every stage of opposing Microsoft's anti-suit injunction, Motorola insisted it should be permitted to enforce its German injunction, and if Microsoft hoped to avoid it, Microsoft should engage further in the Orange Book procedure.  This Court rejected that argument and was affirmed by the Ninth Circuit in September 2012.  Since then, the Court replaced that preliminary injunction with a broader order barring Motorola from seeking or enforcing any injunctions against Microsoft on standard-essential patents.  The argument that Microsoft should have been forced to submit itself to the Orange Book in Germany is dead and buried.

Having failed to convince four judges that its position had any merit, Motorola seeks to inject the Orange Book into the upcoming jury trial, serving a report from its German legal expert, Dr. Maximilian Haedicke.  Motorola apparently intends to turn its meritless Orange Book argument into a "mitigation" defense:  Microsoft should not have relocated its primary distribution facility for Europe, the Middle East, and Africa out of Germany to avoid the injunction—it should have submitted itself to further Orange Book proceedings.  But Haedicke adds nothing that could resurrect Motorola's previously-rejected argument.  In fact, he confirms that the Court and the Ninth Circuit were right to reject it, admitting that predicting the outcome of further Orange Book proceedings would be pure speculation.

Haedicke had no idea how high Microsoft's Orange Book offer would have to be for Motorola to accept it.   Ex. 1, Excerpts of June 14, 2013 Deposition of Maximilian Haedicke ("Haedicke Dep.") 61:18–21 ("[Q.]  [I]f Microsoft made an Orange Book offer, you don't know what . . . offer Motorola would have accepted; correct?  A.  Pure speculation.").  Motorola insists Microsoft could have followed an alternative Orange Book procedure, escrowing funds and allowing Motorola to set the royalty, but Haedicke had no idea what royalty Motorola would have set (*id.* at 61:22–24), or how much money Microsoft would have had to escrow to ensure it would not be enjoined (*id.* at 53:25–54:11).  Motorola contends

MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    Microsoft could have then challenged Motorola's royalty in a separately-filed proceeding, but

2    Haedicke had no idea what the outcome of such a proceeding would be (*id.* at 56:21–60:13,

3    61:25–62:6)—even what evidence that court would consider, what standard it would apply to

4    set a royalty itself, or how long that process would take (*id.* at 21:24–22:16, 23:25–25:10,

5    62:7–25).

6         Motorola's present motion now seeks to partially exclude testimony from Dr. Theo

7    Bodewig, Microsoft's expert on German antitrust and patent law, for *agreeing with* Haedicke

8    that the Orange Book process is imprecise and its outcome uncertain.  (*See* Dkt. No. 731,

9    Defs.' Mot. to Exclude and Strike Portions of the Expert Testimony of Dr. Theo Bodewig

10   ("Bodewig Mot.").)  Motorola's motion targets statements on European antitrust law and the

11   Orange Book procedure which help explain why the outcome of any Orange Book proceedings

12   would have been, as Haedicke conceded, "pure speculation."  As Bodewig explains, German

13   courts are uncertain as to whether the Orange Book process is permissible under European

14   antitrust law, and the European Commission has taken the initial position that forcing standard-

15   implementers into Orange Book proceedings under threat of an injunction is anticompetitive.

16   Motorola's complaints that these statements are not final decisions, or that their timing would

17   confuse the jury, are unavailing—any lack of finality only confirms that the Orange Book's

18   status is up in the air, and the rising recognition in Europe that the Orange Book is inadequate

19   (and possibly a violation of antitrust law) only confirms that this Court and the Ninth Circuit

20   were right to reject Motorola's arguments in the first place.  Bodewig's testimony is plainly

21   relevant to *rebutting* the confident claims made by Haedicke in his report that the process is

22   "very easy," and would serve to clarify the Orange Book issues for the jury—should the Court

23   choose to permit any testimony about the Orange Book process at all.

24        Finally, Motorola's motion also miscasts some of the facts upon which Bodewig relied

25   as expert opinions, then argues that he should not be permitted to offer them.  Bodewig's

26   
MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    reliance on the record in this case and the German case—including the timing of events as

2    shown by the docket, fact witness testimony, and the Court's Findings of Fact and Conclusions

3    of Law—is entirely appropriate.  Motorola's motion provides no basis for excluding any of

4    Bodewig's opinions in reliance on those facts.

5    **II.    ARGUMENT**

6          **A.  Bodewig's Analyses of European Commission Statements And A Düsseldorf
7               Court Decision Are Relevant.**

8          The Orange Book process is so plagued with uncertainty that even Haedicke,

9    Motorola's expert on German law, admitted it would be "pure speculation" to guess what may

10   have occurred had Microsoft followed it.  (*See* Dkt. No. 724, Microsoft's Rule 702 Mot. at 13–

11   16.)  For the reasons set forth in Microsoft's motion, the Orange Book issue should not be

     injected into the trial at all.  (*See id.* at 12–16.)  But if it is, Microsoft is entitled to rebut,
12
     through its own expert, Haedicke's claim that it would have been "very easy for Microsoft to
13
     avoid an injunction" through the Orange Book procedure (Dkt. No. 725 Ex. 7, Haedicke Rpt.
14
     ¶ 6), his insistence that the Orange Book provides "a very clear-cut procedure," Haedicke Dep.
15
     45:12–18, and Motorola's overall contention that Microsoft should have acquiesced to
16
     Motorola's demands and followed the Orange Book.  The proposed Bodewig testimony that
17
     Motorola seeks to exclude helps establish that, contrary to Motorola's claims, the Orange Book
18
     is not a settled, predictable procedure, and Motorola's insistence on forcing standard-
19
     implementers to engage in Orange Book procedures under threat of injunctions may have
20
     violated European antitrust law.
21
          First, as Bodewig explained in his report, in March of 2013, the Regional Court
22
     Düsseldorf sought assistance from the European Court of Justice, asking that court whether the
23
     Orange Book process is adequate under European antitrust law, or whether standard-
24
     implementers are entitled to a higher degree of protection from injunctions on standard-
25
     essential patents.  (*See* Dkt. No. 732 Ex. F, June 10, 2013 Expert Report of Dr. Theo Bodewig
26
MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   ("Bodewig Rpt.") ¶¶ 40, 44–46, 53–55.)  Bodewig opines that the Düsseldorf court's request

2   demonstrates that even German courts are uncertain as to whether the Orange Book procedure

3   should be or can be followed, in light of European antitrust law.  *Id.* ¶ 44–46; Dkt. No. 732 Ex.

4   K, March 21 2013 Regional Court Düsseldorf Ruling at MS-MOTO_1823_00005257641–2.

5   Motorola's objection to this testimony is that the Düsseldorf court's request "does not

6   constitute a final decision and merely indicates that the lower court would like clarification

7   from the European Court of Justice."  Bodewig Mot. 8.  Motorola's claim that this somehow

8   renders Bodewig's conclusions unreliable makes no sense—Bodewig is affirmatively relying

9   on the fact that the Düsseldorf court is uncertain, and needs clarification from higher courts, to

10  support his conclusion that the status of the Orange Book procedure in Germany is uncertain.

11  Motorola's expert Haedicke argued that the Düsseldorf court had a "clear bias . . . in favor of

12  the Orange Book proceeding," but conceded that the Düsseldorf court may well be wrong as a

13  matter of European antitrust law, and that the European Court of Justice would have the last

14  word.  Haedicke Dep. 96:22–100:1.

15      Second, Bodewig opines that multiple statements made by the European Commission

16  (pursuant to its ongoing investigations of Samsung's and Motorola's pursuit of injunctions

17  against standard-essential patent holders) further demonstrate that the status of the German

18  Orange Book procedure is unsettled.  Bodewig Rpt. ¶¶ 40–43, 47–55.  The European

19  Commission's opinion, as reflected in these statements, is that injunctions on standard-

20  essential patents are not only inappropriate, but seeking them against standard-implementers

21  who are willing to accept a license on RAND terms is an abuse of European antitrust law.  *See*

22  *id.*; Dkt. No. 732 Ex. J, May 6, 2013 European Commission Press Release re: Statement of

23  Objections to Motorola Mobility on potential misuse of mobile phone standard-essential

24  patents at MS-MOT0_1823_00005258267–8.  Again, Motorola complains that these are not

25  final positions taken by the European Commission, Bodewig Mot. 7, but Bodewig never

26  MICROSOFT'S OPPOSITION TO DEFENDANTS'
    MOTION TO EXCLUDE AND STRIKE
    PORTIONS OF THE EXPERT TESTIMONY OF
    DR. THEO BODEWIG - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1  claimed that they were—his proposed testimony clearly identifies the Commission's view as a

2  "preliminary opinion" that "suggests" ramifications for the Orange Book procedure in German

3  courts, and further indicates that the process Motorola insists Microsoft should have followed

4  is unsettled and uncertain.  Bodewig Rpt. ¶¶ 51–52, 54.  The Orange Book procedure is

5  constrained by European antitrust law (as Haedicke conceded), and the European

6  Commission's statements—regardless of whether they are final positions—at a minimum call

7  into question the viability of the Orange Book procedure.  The statements go beyond simply

8  suggesting the Orange Book is unsatisfactory under European antitrust law—the Commission

9  suggests that by forcing defendants to follow that procedure, patent holders like Motorola and

10  Samsung may have been violating European antitrust law.  *See id.* ¶¶ 50–52; Dkt. No. 732 Ex.

11  I, May 6, 2013 European Commission Memo at MS-MOT0_1823_00005258274 ("[A]n

12  interpretation of [the Orange Book] ruling whereby a willing licensee is essentially not entitled

13  to challenge the validity and essentiality of the SEPs in question is potentially anti-

14  competitive.").[1]

15      Motorola falls back on claims that Bodewig's testimony would confuse, mislead, or

16  prejudice the jury, but it is Motorola that seeks to inject the Orange Book procedure into the

17  case, with proposed testimony that misleadingly suggests the procedure is "easy," settled, and

18  predictable.  To the contrary, the procedure is highly unsettled, completely unpredictable (even

19  by the admission of Motorola's own expert), and Motorola's efforts to force multiple standard-

20  implementers to subject themselves to the Orange Book procedure under threat of injunctions

21  have drawn the scrutiny of the European Commission's antitrust authorities.  Motorola should

22  not be heard to invoke Rule 403 to bar Microsoft from introducing its own expert testimony to

23

24

25  [1] Haedicke's report confirms that the Mannheim court operates under that "potentially anti-competitive" interpretation, and a defendant is *not* entitled to challenge the validity and essentiality of the patent.  (*See* Dkt. No. 725 Ex. 7, Haedicke Rpt. ¶¶ 39–40.)

26  MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1 | clear the waters muddied by Motorola.  In any event, Motorola's specific complaints under

2 | Rule 403 are without merit.

3 | Motorola contends that the jury would be confused because the Düsseldorf court and

4 | European Commission statements date from December 2012 through May 2013, and "are not

5 | relevant to why Microsoft chose not to use the Section 315 Orange Book procedure between

6 | July 2011 and July 2012."  Bodewig Mot. 8.  This relevance standard springs from nowhere:

7 | Haedicke offers no testimony on *why* Microsoft did not follow the Orange Book procedure at

8 | particular times either—the thrust of his testimony is a claim the procedure existed, and that

9 | Microsoft should have followed it.  (*See* Dkt. No. 725 Ex. 7, Haedicke Rpt. ¶ 6.)  Bodewig's

10 | rebuttal to that claim—which includes the argument that the outcome of any such Orange Book

11 | proceeding would have been highly uncertain—is corroborated by these later statements which

12 | suggest that the viability of the Orange Book is in serious doubt.  Bodewig is not claiming

13 | those later statements "influenced [Microsoft's] decision," Bodewig Mot. 8, rather that they

14 | show that the procedure was indeed uncertain, and Microsoft's decision not to subject itself to

15 | it wise.  Further, Haedicke admitted that the Orange Book procedure was in flux from July

16 | 2011 onward, citing two aspects of a December 9, 2011 judgment in his report (Dkt. No. 725

17 | Ex. 7, Haedicke Rpt. ¶¶ 39, 40) that imposed additional constraints on defendants seeking to

18 | invoke the Orange Book, and conceding at his deposition that none of the constraints German

19 | district courts have introduced following the original Orange Book decision have been

20 | favorable to the party seeking a license to standard-essential patents.  *See* Haedicke Dep.

21 | 46:11–47:12.  Motorola should not be permitted to present a truncated, static picture of the

22 | Orange Book procedure, when in fact the Orange Book has been evolving over time to add

23 | multiple new constraints favorable to the patent holder, to the point where the procedure has

24 | been called into question under European antitrust law.

25

26

MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 6

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1      As Microsoft urged in its Rule 702 motion, Haedicke's proposed testimony concerning

2   the Orange Book has no place in this case, especially his baseless argument that Microsoft

3   should have subjected itself to the Orange Book rather than relocate its EMEA distribution

4   facility out of Germany.  (*See* Dkt. No. 724, Microsoft's Rule 702 Mot. at 12–16.)  If Motorola

5   is permitted to present that testimony, Microsoft must be permitted to demonstrate to the jury

6   not only the uncertainty that surrounds the Orange Book procedure, but its borderline status as

7   a potential violation of European antitrust law.

8          **B.   Bodewig Should Be Permitted To Testify In Reliance On Facts In The Record.**

9      Motorola argues that Bodewig should be precluded from offering testimony on three

10  specific subjects: (1) "why Microsoft chose to relocate its distribution facility," (2) "the

11  potential effects of this Court's antisuit injunction," (3) whether Microsoft is a willing licensee

12  under the European Commission's definition.  Motorola's arguments are premised on a

13  misreading of Bodewig's expert report and out-of-context statements from his deposition, and

14  should be rejected.

15     Haedicke's expert report suggested that the Court's grant of Microsoft's motion for a

16  preliminary injunction would have enabled Microsoft to avoid relocating its German facility,

17  because "had Motorola enforced the German judgments, it would have violated" this Court's

18  order.  (Dkt. No. 725 Ex. 7, Haedicke Rpt. ¶ 62.)  In response, Bodewig explained in his expert

19  report that Haedicke's opinion was unfounded, because given the schedule of the German

20  court's planned decision, and the timing necessary to relocate the facility, there would not have

21  been sufficient time for Microsoft to await a decision before relocating the facility.[2]  *See*

22  Bodewig Rpt. ¶¶ 108–12.  As indicated in his report, Bodewig's conclusion is based on his

23  understanding of this case and the German proceedings, coupled with facts concerning the

---

25  [2] As established at his deposition, Haedicke had not been informed of any of the factual details surrounding the relocation, so had no basis to make any claims about how and when Microsoft could have made that move.  *See* Haedicke Dep. 105:25–106:19.

26  MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 7

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    relocation that have emerged in discovery.  *See id.* ¶¶ 110–11.  Bodewig offers no expert

2    opinion on *why* Microsoft relocated its German facility—he simply relies on testimony

3    concerning when that decision had to be made to explain why Haedicke's contentions about

4    what could have happened in Germany are incorrect.  Motorola's motion identifies no

5    proposed Bodewig testimony that could possibly merit exclusion.

6         Motorola does not explain what proposed Bodewig testimony concerning "the potential

7    effects of this Court's antisuit injunction" it seeks to exclude.  *See* Bodewig Mot. 8–9.  To the

8    extent that Motorola intended to refer to Paragraph 112 of Bodewig's report—concerning the

9    timing of the relocation, the Court's anti-suit injunction ruling, and Motorola's appeal to the

10   Ninth Circuit—Motorola's argument should be rejected.  Bodewig, again relying on the

11   underlying facts of this case, and his knowledge of German legal procedures, explains that

12   contrary to Haedicke's suggestion, the record shows (1) Microsoft had to move its Germany

13   facility prior to the preliminary injunction ruling, and (2) Motorola was appealing the Court's

14   preliminary injunction.  And if that appeal succeeded, Microsoft (and its German facility)

15   would have been immediately vulnerable again to Motorola's German injunction.  *See*

16   Bodewig Rpt. ¶ 112.  The exchange at Bodewig's deposition cited by Motorola only

17   establishes that Paragraph 112 includes facts about the procedures here in and in the Ninth

18   Circuit upon which Bodewig relied, not that he is offering them as his opinion.  *See* Bodewig

19   Mot. 6.  Bodewig's opinion in Paragraph 112 is that *given those facts*, Haedicke's claim that

20   the April 2012 preliminary injunction ended all concerns for Microsoft in Germany is

21   incorrect.

22         Finally, Motorola claims that Bodewig "admitted that he did not have any expertise that

23   would allow him to conclude, from looking at Microsoft's offers, whether it is a willing

24   licensee."  Bodewig Mot. 8–9.  But Motorola does not identify any such admission, nor does it

25   state what Bodewig testimony it actually seeks to preclude.  As Bodewig explained in his

26   MICROSOFT'S OPPOSITION TO DEFENDANTS'
     MOTION TO EXCLUDE AND STRIKE
     PORTIONS OF THE EXPERT TESTIMONY OF
     DR. THEO BODEWIG - 8

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    report, this case "is a RAND case," meaning the opinions of the European Commission are

2    applicable:  if a standard-essential patent defendant "is a willing licensee and will accept

3    (F)RAND terms, no injunction is appropriate" under European antitrust law.  Bodewig Rpt.

4    ¶ 51.  Bodewig explains that in the view of the European Commission, a defendant can still

5    challenge validity, essentiality, or infringement of asserted standard-essential patents and

6    remain a willing licensee.  *Id.*  Motorola does not identify or challenge those statements in its

7    brief.  Microsoft filed this case seeking to enforce Motorola's obligation to grant RAND

8    licenses, and has made clear to the Court that it is willing to accept a license on RAND terms.

9    (*See, e.g.*, Dkt. No. 95, Microsoft's Reply in Supp. of Mot. for Partial Summary J. (Sept. 30,

10   2011) at 9.).  The posture of the case alone provides sufficient basis for Bodewig's statement

11   that Microsoft "is a willing licensee" for purposes of explaining how European antitrust law

12   would apply to the situation between Motorola and Microsoft.  *Id.* ¶ 52.  And again, Motorola

13   does not identify or challenge that opinion in its brief either.

14           Instead, Motorola cites to two exchanges from Bodewig's deposition, where Bodewig

15   explained an additional, independent reason why he believed Microsoft fell within the scope of

16   the European Commission's statement—that Microsoft's Orange Book offers showed it was

17   willing to enter into a RAND license for the patents Motorola asserted in Germany.  (*See* Dkt.

18   No. 732 Ex. G, Bodewig Dep. 51:5–52:1.)  Contrary to Motorola's characterization, Bodewig

19   did not "admit he did not have any expertise" to conclude that Microsoft's offers showed it was

20   willing to enter into a RAND license—he only stated that it did not require special expertise in

21   German law to conclude that a party *offering* a license agreement on RAND terms was *willing*

22   *to enter* a license agreement on RAND terms.  (*See id.* 51:18–52:1.)  And as Bodewig explains

23   elsewhere in his report, in light of the Court's Findings of Fact and Conclusions of Law,

24   Microsoft's Orange Book offer in Germany indeed offered a license agreement on RAND

25   terms—in fact, it offered terms significantly higher than a RAND royalty, yet Motorola still

26   MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    rejected it, and the German court approved.  Bodewig Rpt. ¶¶ 9, 83–92.  Bodewig's statements

2    at his deposition provide no basis for precluding any of his proposed testimony.

3    **III.    CONCLUSION**

4         For the foregoing reasons, Motorola's motion to exclude and strike portions of

5    Bodewig's testimony should be denied.

6         DATED this 12th day of July, 2013.

7                                                         CALFO HARRIGAN LEYH & EAKES LLP

8

9                                                         By     s/Arthur W. Harrigan, Jr.
                                                                 Arthur W. Harrigan, Jr., WSBA #1751
10
                                                          By     s/Christopher Wion
11                                                               Christopher Wion, WSBA #33207

12                                                        By     s/Shane P. Cramer
                                                                 Shane P. Cramer, WSBA #35099
13                                                               999 Third Avenue, Suite 4400
                                                                 Seattle, WA  98104
14                                                               Phone:  206-623-1700
                                                                 arthurh@calfoharrigan.com
15                                                               chrisw@calfoharrigan.com
                                                                 shanec@calfoharrigan.com
16

17
                                                          By     s/T. Andrew Culbert
18                                                               T. Andrew Culbert

19                                                        By     s/David E. Killough
20                                                               David E. Killough

21                                                        MICROSOFT CORPORATION
                                                          1 Microsoft Way
22                                                        Redmond, WA  98052
                                                          Phone:  425-882-8080
23                                                        Fax:  425-869-1327

24                                                        David T. Pritikin
                                                          Richard A. Cederoth
25                                                        Constantine L. Trela, Jr.

26   MICROSOFT'S OPPOSITION TO DEFENDANTS'
     MOTION TO EXCLUDE AND STRIKE
     PORTIONS OF THE EXPERT TESTIMONY OF
     DR. THEO BODEWIG - 10

William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
Nathaniel C. Love

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 11

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1.      I am over the age of 21 and not a party to this action.

2.      On the 12th day of July, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**<u>Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:</u>**

Ralph Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081        _____ Messenger
Lynn M. Engel, WSBA #21934        _____ US Mail
Summit Law Group        _____ Facsimile
315 Fifth Ave. South, Suite 1000        __X__ ECF
Seattle, WA  98104-2682
Telephone:  206-676-7000
Email: Summit1823@summitlaw.com


Steven Pepe (*pro hac vice*)        _____ Messenger
Jesse J. Jenner (*pro hac vice*)        _____ US Mail
Ropes & Gray LLP        _____ Facsimile
1211 Avenue of the Americas        __X__ ECF
New York, NY  10036-8704
Telephone:  (212) 596-9046
Email: steven.pepe@ropesgray.com
Email: jesse.jenner@ropesgray.com


Norman H. Beamer (*pro hac vice*)        _____ Messenger
Ropes & Gray LLP        _____ US Mail
1900 University Avenue, 6th Floor        _____ Facsimile
East Palo Alto, CA  94303-2284        __X__ ECF
Telephone:  (650) 617-4030
Email: norman.beamer@ropesgray.com

MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 12

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

Paul M. Schoenhard (*pro hac vice*)          _____ Messenger
Ropes & Gray LLP                             _____ US Mail
One Metro Center                             _____ Facsimile
700 12th Street NW, Suite 900                __X__ ECF
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com


Andrea Pallios Roberts (*pro hac vice*)      _____ Messenger
Brian C. Cannon (*pro hac vice*)             _____ US Mail
Quinn Emanuel Urquhart & Sullivan, LLP       _____ Facsimile
555 Twin Dolphin Drive, 5th Floor            __X__ ECF
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Email: andreaproberts@quinnemanuel.com
Email: briancannon@quinnemanuel.com


Kathleen M. Sullivan (*pro hac vice*)        _____ Messenger
David Elihu (*pro hac vice*)                 _____ US Mail
Quinn Emanuel Urquhart & Sullivan, LLP       _____ Facsimile
51 Madison Ave., 22nd Floor                  __X__ ECF
New York, NY 10010
Telephone:  (212) 849-7000
Email: kathleensullivan@quinnemanuel.com


William Price (*pro hac vice*)               _____ Messenger
Quinn Emanuel Urquhart & Sullivan, LLP       _____ US Mail
865 S. Figuera St., 10th Floor               _____ Facsimile
Los Angeles, CA 90017                        __X__ ECF
Telephone:  (212) 443-3000
Email: williamprice@quinnemanuel.com
MicrosoftvMotoBreachofRANDCase@quinnemanuel.com

        DATED this 12th day of July, 2013.



                              s/  Florine Fujita
                              FLORINE FUJITA




MICROSOFT'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE AND STRIKE
PORTIONS OF THE EXPERT TESTIMONY OF
DR. THEO BODEWIG - 13

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717