The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

                    Plaintiff,

       v.

MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,

                  Defendants.

CASE NO. C10-1822-JLR

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOTE ON MOTION CALENDAR:
Friday, July 26, 2013**

## I.    INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, LLC, and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal the following:

1.    Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim.

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S
RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

2.      Exhibit B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim.

3.      Exhibit N to the Declaration of Andrea Pallios Roberts in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim.

4.      Exhibit A to the Declaration of Bradley S. Keller in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim.

5.      Defendants' Objections to Exhibits Attached to the Declaration of Christopher Wion in Support of Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim.

## II.   CERTIFICATION

In accordance with Local Civil Rule 5(g)(3)(A), the undersigned counsel certifies that on July 12, 2013 Shane Cramer (on behalf of Microsoft) and Molly Terwilliger and Andrea Pallios Roberts (on behalf of Motorola) met and conferred, both telephonically and via email, regarding the need and extent to file under seal certain limited portions of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim, and supporting exhibits.

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S
RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## III.    BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011.  (Dkt. No. 72.)  This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.   Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2.    This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.   Additionally, paragraph 6 specifies that:

> (1)  Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id.* at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule Rule 5(g)(3) states that:

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

(3) A motion to seal a document, even if it is a stipulated motion, must include the following:

> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;

> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.

> Where parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above.    Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

Though courts recognize a general right to inspect and copy public records and documents, including judicial records, the United States Supreme Court has stated that this right is limited. "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing."  *Id.*

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S
RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4
CASE NO. C10-1822-JLR

Summit Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.  See Fed. R. Civ. P. 26(c)(7).  Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden."  The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## IV. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the documents described below under seal.

Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim contains quotes from and summaries of deposition testimony that Microsoft designated as "MICROSOFT CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."  This document should accordingly be sealed.

Exhibit B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim is excerpts of the deposition of Horacio Gutierrez.  Microsoft designated this testimony as "MICROSOFT CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."  This document should accordingly be sealed.

Exhibit N to the Declaration of Andrea Pallios Roberts in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Defenses and Second Counterclaim is excerpts of the deposition of K. McNeill Taylor, Jr. Motorola designated this testimony as "HIGHLY CONFIDENTIAL." This document should accordingly be sealed.

Exhibit A to the Declaration of Bradley S. Keller in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim is the Expert Witness Report of Bradley S. Keller, which bears the designation "Confidential Business Information Pursuant to Protective Order." It discusses information designated by Microsoft as confidential under the Protective Order. The document should accordingly be sealed.

Defendants' Objections to Exhibits Attached to the Declaration of Christopher Wion in Support of Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim contains references to documents and testimony Motorola designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." The document should accordingly be sealed.

V.      **CONCLUSION**

For the foregoing reasons, Motorola respectfully requests that this Court order that the following document be filed under seal:

1.      Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim

2.      Exhibit B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S
RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim

3.      Exhibit N to the Declaration of Andrea Pallios Roberts in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim.

4.      Exhibit A to the Declaration of Bradley S. Keller in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim

5.      Defendants' Objections to Exhibits Attached to the Declaration of Christopher Wion in Support of Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim

DATED this 12th day of July, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By /s/ Ralph H. Palumbo
By /s/ Philip S. McCune
        Ralph H. Palumbo, WSBA #04751
        Philip S. McCune, WSBA #21081
        ralphp@summitlaw.com
        philm@summitlaw.com

By /s/ Thomas V.  Miller
        Thomas V. Miller
        MOTOROLA MOBILITY LLC
        600 North U.S. Highway 45
        Libertyville, IL  60048-1286
        (847) 523-2162

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S
RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21021
    *ralphp@summitlaw.com*
    *philm@summitlaw.com*

By */s/ Thomas V. Miller*
    Thomas V. Miller
    MOTOROLA MOBILITY LLC
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    (847) 523-2162

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By */s/ Kathleen M. Sullivan*
    Kathleen M. Sullivan, NY #1804624
    51 Madison Ave., 22nd Floor
    New York, NY 10010
    (212) 849-7000
    *kathleensullivan@quinnemanuel.com*

By */s/ Brian C. Cannon*
    Brian C. Cannon, CA #193071
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    (650) 801-5000
    *briancannon@quinnemanuel.com*

By */s/ William C. Price*
    William C. Price, CA #108542
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    (213) 443-3000
    *williamprice@quinnemanuel.com*

***Attorneys for Motorola Solutions, Inc.,
Motorola Mobility LLC and General
Instrument Corp.***

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 12th day of July, 2013.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S
RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9
CASE NO. C10-1822-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001