The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | CASE NO. C10-1823-JLR<br><br>**DECLARATION OF KIRK DAILEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF BREACH OF CONTRACT AND SUMMARY JUDGMENT ON MOTOROLA'S THIRD, FOURTH, FIFTH, SEVENTH, EIGHTH, AND NINTH AFFIRMATIVE DEFENSES AND SECOND COUNTERCLAIM** |

I, Kirk Dailey, declare as follows:

1. I am currently an employee of Google Inc. My title is Head of Patent Transactions. I have been employed by Google since September 2012. Prior to that time, I was employed by Motorola Mobility, LLC. There, I was the Corporate Vice President of Intellectual Property. Although my title changed over the years, I ran Motorola's intellectual property business since October 2006. I have personal knowledge of the facts stated herein and if called to testify could and would competently testify thereto.

01980.62689/5407971.2

Case No. C10-1823-JLR
DAILEY DECLARATION IN SUPPORT OF DEFENDANTS' OPPOSITION TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

2.  In my role at Motorola, and now Google, I have negotiated and been responsible for dozens of licenses covering standard essential patents. Patent license negotiations are complex and often take months, or even years, to complete.

3.  I was personally involved in Motorola's negotiations with Microsoft prior to the filing of the present lawsuit. In early October 2010, Microsoft filed suit against Motorola in the ITC and Washington District Court, alleging that Motorola's Android smartphones infringed Microsoft's ActiveSync patents, as well as other patents. The parties had previously been negotiating renewing Motorola's license to the ActiveSync patents. In the course of those negotiations, I told Microsoft that Motorola believed that it had patents which read on Microsoft's products and suggested that the parties discuss a patent cross-license agreement.

4.  After Microsoft filed its lawsuits in 2010, Horacio Gutierrez of Microsoft and I had a conversation. We discussed maintaining an in-person meeting scheduled for later in the month. Based on his statements and my experience in patent licensing negotiations, I understood that Microsoft was inviting Motorola to identify the patents that Motorola believed read on Microsoft's products so that the parties could then negotiate a cross-license.

5.  In response to Microsoft's request, on October 21, 2010 and October 29, 2010, Motorola sent Microsoft two letters offering to license Motorola's 802.11 and H.264 SEP portfolios, respectively, and identifying lists of patents worldwide. I sent these two letters on Motorola's behalf. Given the already pending litigation that Microsoft had filed, I and Motorola were under significant time pressure quickly to respond to Microsoft's request and to identify patents to Microsoft for discussion. My intent in sending these two letters was to begin the process of negotiating a patent cross-license agreement.

6.  I chose 2.25% as the proposed royalty rate because that royalty rate is Motorola's historical opening offer for its standard essential patent portfolios. It is an opening offer used in many previous bilateral negotiations with other companies. It was not a number unique to Microsoft. When I sent the letters I envisioned a discussion about Motorola's patents as well as Microsoft's patents, and from there could have been a range of outcomes had negotiations proceeded.

7.   Motorola's royalty rates like those of other companies had historically been applied to the price of end products. Using end product prices is convenient to track units and sales.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

EXECUTED this 12th day of July, 2013 at Chicago, IL.

_Kirk Dailey_

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Arthur W. Harrigan, Jr., Esq.
    Christopher T. Wion, Esq.
    Shane P. Cramer, Esq.
    Calfo Harrigan Leyh & Eakes LLP
    *arthurh@calfoharrigan.com*
    *chrisw@calfoharrigan.com*
    *shanec@calfoharrigan.com*

    Richard A. Cederoth, Esq.
    Brian R. Nester, Esq.
    David T. Pritikin, Esq.
    Douglas I. Lewis, Esq.
    John W. McBride, Esq.
    William H. Baumgartner, Jr., Esq.
    David C. Giardina, Esq.
    Carter G. Phillips, Esq.
    Constantine L. Trela, Jr., Esq.
    Ellen S. Robbins, Esq.
    Nathaniel C. Love, Esq.
    Sidley Austin LLP
    *rcederoth@sidley.com*
    *bnester@sidley.com*
    *dpritikin@sidley.com*
    *dilewis@sidley.com*
    *jwmcbride@sidley.com*
    *wbaumgartner@sidley.com*
    *dgiardina@sidley.com*
    *cphillips@sidley.com*
    *ctrela@sidley.com*
    *erobbins@sidley.com*
    *nlove@sidley.com*

    T. Andrew Culbert, Esq.
    David E. Killough, Esq.
    Microsoft Corp.
    *andycu@microsoft.com*
    *davkill@microsoft.com*

DATED this 12th day of July, 2013.

                              /s/ *Marcia A. Ripley*
                              Marcia A. Ripley

DAILEY DECLARATION IN SUPPORT OF DEFENDASNTS' OPPOSITION TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
CASE NO. C10-1823-JLR

4846-2039-6307.1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001