The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                Plaintiff,<br><br>      v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>                Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' RESPONSE TO MICROSOFT'S MOTION TO SEAL RE ITS MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, July 19, 2013** |

DEFENDANTS' RESPONSE TO MICROSOFT'S MOTION TO
SEAL RE ITS MOTION FOR PARTIAL SUMMARY
JUDGMENT
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corp. (collectively "Motorola") do not oppose Microsoft's Motion to Seal Re Its Motion for Partial Summary Judgment (Dkt 718) regarding the following documents:

- Exhibits 1-3, 5-7, 9-11 to the Declaration of Christopher Wion in Support of Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim ("Wion Summary Judgment Declaration"); and

- Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim, to the extent it refers to or describes the sealed exhibits listed above.

## II. MOTOROLA DOES NOT OPPOSE MICROSOFT'S MOTION TO SEAL.

Exhibit 1 to the Wion Summary Judgment Motion is excerpts of the transcript of the deposition of Kirk Dailey, which was designated by Motorola as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." The excerpted pages reference non-public commercially sensitive information regarding Motorola's business and licensing practices and strategies. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Accordingly, Exhibit 1 should remain under seal.

Exhibit 2 to the Wion Summary Judgment Motion is excerpts of the transcript of the deposition of Brian Blasius, which was designated by Motorola as "CONFIDENTIAL BUSINESS

DEFENDANTS' RESPONSE TO MICROSOFT'S MOTION TO
SEAL RE ITS MOTION FOR PARTIAL SUMMARY
JUDGMENT - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

INFORMATION." The excerpted pages reference non-public commercially sensitive information regarding Motorola's business and licensing practices and strategies. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Accordingly, Exhibit 2 should remain under seal.

Exhibit 3 to the Wion Summary Judgment Motion is excerpts of Motorola's Second Supplemental Log of Withheld Documents, which was designated by Motorola as "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER." The excerpted pages reference non-public commercially sensitive information regarding Motorola's business and licensing practices and strategies. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Accordingly, Exhibit 3 should remain under seal.

Exhibit 5 to the Wion Summary Judgment Motion is excerpts of the transcript of the deposition of Gregory Leonard, which was designated by Motorola as "HIGHLY CONFIDENTIAL." The excerpted pages reference non-public commercially sensitive information regarding Motorola's business and licensing practices and strategies. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Microsoft filed a public version of Exhibit 5, from which Motorola's confidential business information was redacted. The un-redacted version of Exhibit 5 should remain under seal.

Exhibit 6 to the Wion Summary Judgment Motion is excerpts of the Expert Report of Gregory K. Leonard, Ph.D, which was designated by Motorola as "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER." The excerpted pages reference non-public commercially sensitive information regarding Motorola's business and licensing practices

DEFENDANTS' RESPONSE TO MICROSOFT'S MOTION TO SEAL RE ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

and strategies. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Microsoft filed a public version of Exhibit 6, from which Motorola's and Microsoft's confidential business information was redacted. Motorola takes no position at this time with respect to the propriety of Microsoft's requests as to this document. But, portions of paragraphs 17, 66, 70, 71 of Exhibit 6 should remain under seal.

Exhibit 7 to the Wion Summary Judgment Motion is excerpts of the hearing testimony of Kirk Dailey, taken in ITC Investigation 337-TA-752 on January 20, 2012, which was designated by Motorola as confidential. The excerpted pages reference non-public commercially sensitive information regarding Motorola's business and licensing practices and strategies. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Accordingly, Exhibit 7 should remain under seal.

Exhibit 9 to the Wion Summary Judgment Motion is a letter produced by Motorola in this litigation, which was designated by Motorola as "CONFIDENTIAL BUSINESS INFORMATION, ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER." The letter is a confidential licensing communication between Motorola and a third party. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Accordingly, Exhibit 9 should remain under seal.

Exhibit 10 to the Wion Summary Judgment Motion is excerpts of the of the transcript of the deposition of K. McNeill Taylor, which was designated by Motorola as "HIGHLY CONFIDENTIAL." The excerpted pages reference non-public commercially sensitive

DEFENDANTS' RESPONSE TO MICROSOFT'S MOTION TO
SEAL RE ITS MOTION FOR PARTIAL SUMMARY
JUDGMENT - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

information regarding Motorola's business and licensing practices and strategies. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Accordingly, Exhibit 10 should remain under seal.

Exhibit 11 to the Wion Summary Judgment Motion is a document produced by third-party Google in this litigation, which was designated by Google as "GOOGLE'S CONFIDENTIAL FINANCIAL INFORMATION-OUTSIDE ATTORNEYS' EYES ONLY." It contains references to confidential communications with the European Commission relating to business and licensing practices. Disclose of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Accordingly, Exhibit 11 should remain under seal.

To the extent that Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim, to the extent it refers to or describes the sealed exhibits listed above, it should also remain under seal.

## III.   CONCLUSION

Motorola does not oppose Microsoft's Motion to Seal Re Its Motion for Partial Summary Judgment (Dkt 718). Nothing herein is intended as a waiver of Motorola's right to contest Microsoft's designation of material as Confidential Business Information in accordance with the terms of the Protective Order. Motorola expressly reserves the right to do so as the circumstances warrant.

DEFENDANTS' RESPONSE TO MICROSOFT'S MOTION TO SEAL RE ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  DATED this 17th day of July, 2013.

2

3                                        Respectfully submitted,

4                                        SUMMIT LAW GROUP PLLC

5                                        By */s/ Ralph H. Palumbo*
                                         By */s/ Philip S. McCune*
6                                             Ralph H. Palumbo, WSBA #04751
                                              Philip S. McCune, WSBA #21081
7                                             *ralphp@summitlaw.com*
                                              *philm@summitlaw.com*
8
                                         By */s/ Thomas V. Miller*
9                                             Thomas V. Miller
                                              MOTOROLA MOBILITY LLC
10                                            600 North U.S. Highway 45
                                              Libertyville, IL  60048-1286
11                                            (847) 523-2162

12
                                         QUINN EMANUEL URQUHART &
13                                       SULLIVAN, LLP

14
                                         By */s/ Kathleen M. Sullivan*
15                                            Kathleen M. Sullivan, NY #1804624
                                              51 Madison Ave., 22nd Floor
16                                            New York, NY 10010
                                              (212) 849-7000
17                                            *kathleensullivan@quinnemanuel.com*

18
                                         By */s/ Brian C. Cannon*
19                                            Brian C. Cannon, CA #193071
                                              555 Twin Dolphin Drive, 5th Floor
20                                            Redwood Shores, CA 94065
                                              (650) 801-5000
21                                            *briancannon@quinnemanuel.com*

22

23

24

25

26

DEFENDANTS' RESPONSE TO MICROSOFT'S MOTION TO            SUMMIT LAW GROUP PLLC
SEAL RE ITS MOTION FOR PARTIAL SUMMARY                   315 FIFTH AVENUE SOUTH, SUITE 1000
JUDGMENT - 5                                             SEATTLE, WASHINGTON 98104-2682
CASE NO. C10-1823-JLR                                    Telephone:  (206) 676-7000
                                                         Fax:   (206) 676-7001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By */s/ William C. Price*
William C. Price, CA #108542
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
*williamprice@quinnemanuel.com*

**Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.**

---

DEFENDANTS' RESPONSE TO MICROSOFT'S MOTION TO SEAL RE ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 17th day of July, 2013.

                                                    /s/ *Marcia A. Ripley*
                                                  Marcia A. Ripley

DEFENDANTS' RESPONSE TO MICROSOFT'S MOTION TO SEAL RE ITS MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001