The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

                                Plaintiff,

                        v.

MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,

                                Defendants.

CASE NO. C10-1823-JLR

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE AND STRIKE TESTIMONY OF TODD MENENBERG

NOTED ON MOTION CALENDAR:
Tuesday, July 30, 2013 at 1:30 p.m.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .................................................................................................................... 1

I.    MR. MENENBERG'S TESTIMONY REGARDING THE WORK PERFORMED
      BY SIDLEY SHOULD BE EXCLUDED BECAUSE IT IS BASED ON
      UNRELIABLE, FLAWED DATA. ............................................................................ 1

II.   MICROSOFT'S TRIAL COUNSEL IS A "NECESSARY WITNESS," AND
      MENENBERG'S RELIANCE ON HER TESTIMONY VIOLATES THE
      ADVOCATE-WITNESS RULE. .............................................................................. 3

III.  MR. MENENBERG SHOULD NOT BE PERMITTED TO INTRODUCE
      EXPERT TESTIMONY ON THE TOTAL LEGAL COSTS OR RELOCATION
      COSTS INCURRED BY MICROSOFT. .................................................................. 5

      A.   Mr. Menenberg's Testimony is Not Based on Specialized Knowledge
           Because He Performs Simple Math Based on Parroted Information From
           Microsoft and Its Counsel. ....................................................................... 5

      B.   Microsoft Does Not Dispute that Mr. Menenberg's Testimony is Not Helpful
           to the Jury Because He Did Not Calculate Damages Based on Breach
           Theory. ...................................................................................................... 7

IV.   MICROSOFT DOES NOT DISPUTE THAT CERTAIN OPINIONS ARE NOT
      DISCLOSED IN MR. MENENBERG'S REPORT. ................................................... 8

CONCLUSION ................................................................................................................. 8

CERTIFICATE OF SERVICE ........................................................................................... 10

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG -
CASE NO. C10-1823-JLR

i

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# TABLE OF AUTHORITIES

**Page**

## Cases

*Aecon Bldgs., Inc. v. Zurich N. Am.*,
   2008 WL 2940599 (W.D. Wash. July 24, 2008) ...........................................4

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ...........................................................................1

*Kelly v. CSE Safeguard Ins. Co.*,
   2010 WL 3613872 (D. Nev. Sept. 8, 2010) ...........................................3

*In re Nat'l Consumer Mortgage, LLC*,
   2013 WL 164247 (D. Nev. Jan. 14, 2013) ...........................................7

*Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*,
   937 F. Supp. 276 (S.D.N.Y. 1996) ...........................................4

*Quad/Graphics, Inc. v. One2One Commc'ns, LLC*,
   2011 WL 4478440 (E.D. Wisc. Sept. 23, 2011) ...........................................5

*Scott v. City of Indianapolis*
   2010 WL 1265990, at *3 (S.D. Ind. Mar. 25, 2010) ...........................................7

*WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1040 (8th Cir. 2011)
   628 F.3d 1032 (8th Cir. 2011) ...........................................7

*Weinstein & Riley, P.S. v. Westport Ins. Corp.*,
   2011 WL 887552 (W.D. Wash. March 14, 2011) ...........................................7

## Statutes

Fed. R. Civ. P. 26(a)(2)(B)(ii) ...........................................................................8

Wash. R.P.C. 3.7(a)(2) ...........................................................................4

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG -
CASE NO. C10-1823-JLR

ii

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**Preliminary Statement**

Microsoft's arguments in its Opposition fail to justify permitting Mr. Menenberg to testify as an expert witness at trial, as his opinions do not satisfy the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 508 U.S. 579 (1993). *First*, Mr. Menenberg's proposed testimony regarding the legal costs Microsoft purportedly incurred based on work performed by Sidley Austin should be precluded because it is based upon unreliable, flawed data. That experts are permitted to rely on information provided to them by counsel or others, as Microsoft contends, does not mean that their testimony can be based upon unreliable methods.

*Second*, Mr. Menenberg's proposed testimony regarding the Sidley legal costs should also be precluded because it violates the advocate-witness rule. Sidley partner Ms. Ellen Robbins is a necessary witness regarding how the tasks performed by Sidley timekeepers were allocated to defending against Motorola's SEP infringement claims. Mr. David Killough, the witness identified by Microsoft, does not have personal knowledge of these details. Microsoft should not be permitted to introduce Ms. Robbins' knowledge of the details of these allocations via Mr. Menenberg.

*Third*, Mr. Menenberg's proposed testimony regarding his calculations of Microsoft's legal costs and relocation costs also should be precluded because it is not based on specialized knowledge or helpful to the trier of fact. The jury does not need an expert witness to "parrot" the data contained in the underlying invoices and the totals calculated by Excel.

*Fourth*, Microsoft gives no basis for why Mr. Menenberg should be permitted to offer opinions at trial that were not disclosed in his Rule 26 report.

**Argument**

**I.    MR. MENENBERG'S TESTIMONY REGARDING THE WORK PERFORMED BY SIDLEY SHOULD BE EXCLUDED BECAUSE IT IS BASED ON UNRELIABLE, FLAWED DATA.**

With respect to Mr. Menenberg's calculations of Microsoft's legal costs incurred based on work performed by Sidley, there is no dispute that: Mr. Menenberg calculated the allocations that

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    were created by Ms. Robbins, relied exclusively on the highlighted invoices with percentage

2    allocations created by Ms. Robbins and performed no analysis of his own.  Moreover, Sidley's

3    methodology—having one partner allocate the percentages of time spent on tasks defending against

4    Motorola's SEP infringement claims years after the work was performed—is unreliable.

5    Microsoft does not dispute that there are approximately 11,705 Sidley billing entries for which

6    Microsoft seeks reimbursement (Dkt. 744, 11 n.3), that they date from fall 2010 through spring

7    2013, and that a single partner reviewed them in the spring of 2013 (Dkt. 734, 4-5) without

8    reviewing any other documents or speaking to any timekeepers about their entries (Dkt. 723-2, Ex.

9    C, 122:5-123:5).  This after-the-fact allocation of the work performed is not reliable.  (Dkt. 734, 9-

10   10; *see generally* Dkt. 744.)

11          Microsoft similarly does not dispute that the allocations have no bearing on the relative

12   amount of time spent working on non-SEPs versus SEPs.  (Dkt. 734, 10; *see generally* Dkt. 744.)

13   Nor does Microsoft dispute that there were errors in the allocations.  (Dkt. 734, 6-7, 10; *see*

14   *generally* Dkt. 744.)  Microsoft argues that a few "computational" errors do not warrant exclusion,

15   but go to the weight of the testimony.  (Dkt. 744, 11-12.)  These errors, however, are not

16   computational.  The errors in the allocated billing entries are errors about what is the appropriate

17   percentage; a computational error, by contrast would be an error in applying that percentage (for

18   example, by saying that 50% of a two-hour task is 1.5 hours).  (*See e.g.*, Dkt. 734, 6-7.)  Nor are

19   there only a few of these errors.  Although Motorola highlighted only a few of them in its Motion,

20   the highlighted Sidley invoices are riddled with errors.

21          Rather than dispute these facts, Microsoft argues (Dkt. 744, 10)  that experts may rely on

22   information provided to them by counsel or others.  Microsoft's cited cases, however, do not

23   address the situation here, where the underlying information on which the expert relied was faulty

24   and unreliable.  And Microsoft makes no effort to argue that the methodology was reliable.

25   Because Sidley's allocations were unreliable, Mr. Menenberg's "methodology" of blindly relying

26

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  on them is unreliable as well.  Mr. Menenberg's testimony regarding the total legal costs incurred

2  based on work performed by Sidley should be precluded on this basis.

3  **II.    MICROSOFT'S TRIAL COUNSEL IS A "NECESSARY WITNESS," AND MR.**
   **MENENBERG'S RELIANCE ON HER TESTIMONY VIOLATES THE**
4  **ADVOCATE-WITNESS RULE.**

5       Mr. Menenberg's testimony should further be excluded because, in violation of the

6  advocate-witness rule, it relies on evidence that was *created by* trial counsel.  Microsoft contends

7  (Dkt. 744, 7-10) that Mr. Menenberg's testimony does not violate that rule because Ms. Robbins is

8  not a "necessary witness."  Not so.  A witness is "necessary" if her testimony is "relevant, material,

9  and unobtainable elsewhere."  *See Kelly v. CSE Safeguard Ins. Co.*, 2010 WL 3613872, *2 (D.

10 Nev. Sept. 8, 2010) (quotation omitted).  There is no dispute that Ms. Robbins' testimony regarding

11 the allocations of Sidley's work performed is relevant and material, assuming that Microsoft's

12 claim for attorney fees and costs survives summary judgment (as it should not).  (*See* Dkt. 744, 7-

13 10.)  Microsoft claims only that Ms. Robbins' testimony is obtainable elsewhere because

14 Microsoft's in-house counsel, Mr. Killough, can testify about the allocations in the invoices.

15      Mr. Killough, however, is not a competent witness to testify on the allocations themselves.

16 He lacks personal knowledge regarding how each time entry was allocated because Ms. Robbins

17 made all of the allocations.  (Ex. B, 121:14-16.)[1]  Although Mr. Killough understands the

18 methodology used, he does not have personal knowledge of the details.  For example, when he was

19 asked to explain how Microsoft arrived at the various allocations in the color-coded Sidley

20 invoices, he responded, "I think the broadest one is probably, you know, the yellow one that—that

21 reflects the—something that was done that was spread across all five patents and, therefore, is

22 allocated for, you know, 80 percent, because there's four out of five are standard-essential patents.

23 And so you'll probably see a lot of yellow in here. *I haven't studied it to see that, but that's my best*

24 *guess*."  (Ex. B, 119:12-24) (emphasis added).  When asked if there was a difference between

25 billing entries that were blacked out in the invoices and those that were marked "redacted," he said

26

---

[1] Unless otherwise noted, all exhibits are attached to the Declaration of Andrea Pallios Roberts filed concurrently
herewith.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   "*I can make an assumption* based on the allocation key*, but it's only an assumption.*"  (*Id.*, 129:13-

2   16) (emphasis added); (*see also id.*, 138:7-12.)  Nor could he explain why some billing entries were

3   allocated as they were.  (*Id.*, 147:3-148:5.)  Mr. Killough also could not identify which Sidley team

4   members worked on Motorola's 802.11 or H.264 SEPs, such that their billing entries were more

5   likely to relate to work on Motorola's SEP infringement claims.  (*Id.*, 47:15-48:1.)  Thus, Ms.

6   Robbins' testimony is not obtainable from Mr. Killough.

7        Curiously, Microsoft argues that Ms. Robbins is not a necessary witness because Motorola

8   did not seek to depose her.  (Dkt. 744, 9.)  That Motorola did not take steps that would have

9   required disqualification of Microsoft's counsel should not be held against Motorola.  It is

10   Microsoft that chose to seek to recover legal costs in this litigation, but then did not plan a reliable

11   way to identify those costs incurred defending against Motorola's claims of SEP infringement and

12   thus relied on after-the-fact allocations by trial counsel.  This is a problem of Microsoft's making,

13   not Motorola's.

14        Additionally, contrary to Microsoft's arguments, the evidence in question does not fall

15   within the exception to the advocate-witness rule for testimony relating to "the nature and value of

16   legal services."  (*Id.*) (citing Wash. R.P.C. 3.7(a)(2)).  In the cases cited by Microsoft, this

17   exception applied where the attorney was merely testifying about the work performed by his firm

18   and the rates charged.  *See Aecon Bldgs., Inc. v. Zurich N. Am.*, 2008 WL 2940599, *2 (W.D.

19   Wash. July 24, 2008); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F.

20   Supp. 276, 280 (S.D.N.Y. 1996).  These cases are inapposite here, where an attorney goes much

21   further than mere description of rates and work performed; here Mr. Menenberg purports to use the

22   highlighted Sidley invoices created by Ms. Robbins to calculate the work that was *proximately*

23   *caused* by Motorola's alleged breach of contract, an element of Microsoft's breach case.  Thus,

24   Microsoft has not shown that Ms. Robbins' testimony falls within this exception.  Mr. Menenberg

25   should therefore be precluded from testifying regarding the facts pertaining to damages causation,

26   as to which trial counsel is a "necessary" witness.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

III.  **MR. MENENBERG SHOULD NOT BE PERMITTED TO INTRODUCE EXPERT TESTIMONY ON THE TOTAL LEGAL COSTS OR RELOCATION COSTS INCURRED BY MICROSOFT.**

A.  **Mr. Menenberg's Testimony Is Not Based on Specialized Knowledge Because He Performs Simple Arithmetic Based on Parroted Information From Microsoft and Its Counsel.**

Mr. Menenberg's opinions regarding the total amount of legal costs and relocation costs incurred are limited to performing simple arithmetical calculations.  (Dkt. 734, 3-4, 8-9.) Microsoft defends Mr. Menenberg's opinions by suggesting that he did much more (Dkt. 744, 4), but those arguments are belied by his deposition testimony and Rule 26 report (*see* Dkt. 734, 3-4). Microsoft also argues that math does not need to be complicated to be the basis for an expert opinion.  (Dkt. 744, 3-5.)  The cases Microsoft cites, however, do not support the proposition that the work Mr. Menenberg did required specialized knowledge.  Indeed, in *Quad/Graphics, Inc. v. One2One Commc'ns, LLC*, 2011 WL 4478440 (E.D. Wis. Sept. 23, 2011), cited by Microsoft, the court made clear that an expert should not just parrot back what a party says without scrutiny or verification for accuracy.  2011 WL 4478440 at *3.

**Legal Costs**.  Microsoft does not dispute the steps Mr. Menenberg took to calculate Microsoft's legal costs.  It cannot.  Those steps—a combination of data entry and then calculations using Excel—are laid out in his report.  (Dkt. 734, Ex. A, 9-18; *see also id.*, Ex. B, 48:2-49:2, 49:9-13, 51:16-21, 82:21-83:7, 83:11-14, 84:24-85:17, 85:23-86:13, 86:14-87:19.)  For the four law firms other than Sidley, Mr. Menenberg entered data from the law firm invoices into an Excel spreadsheet and then Excel calculated the totals.  (Dkt. 734, Ex. A, 9-18.)[2]  For the Sidley invoices, Mr. Menenberg took the additional data entry step of entering the allocation percentages into the Excel spreadsheet before having Excel calculate the totals.  (Dkt. 734, Ex. A, 14-15.)  Microsoft does not dispute that Mr. Menenberg parroted back the data in the invoices themselves.

---

[2] Microsoft claims Motorola did not provide a basis for excluding the non-Sidley legal costs because they did not contain allocations.  (Dkt. 744, 12-13.)  However, Motorola discussed the non-Sidley legal costs in its Motion.  (Dkt. 734, 3.)  Calculating the fees and costs covered by the non-Sidley invoices was even simpler than the Sidley legal costs because Mr. Menenberg did not need to take the additional step of entering into the Excel database the allocation percentage.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   Microsoft attempts to make Mr. Menenberg's analysis seem specialized by arguing that he

2   examined the records and discussed them with counsel.  (Dkt. 744, 4.)  But, the "examination" Mr.

3   Menenberg performed of the records was clerical.  He looked for obvious errors in the billing

4   entries and data entry such as a timekeeper billing more than 24 hours in one day, entry of an

5   incorrect decimal point into the Excel database, or a billing entry describing a task that was clearly

6   for another case.  (Ex. A, 51:22-57:15.)  This analysis was not substantive.  Nor could it be; Mr.

7   Menenberg did not do anything to educate himself on the underlying lawsuits that form the basis

8   for Microsoft's claim.  (Dkt. 734, Ex. A, 63:1-65:12.)  Nor did Mr. Menenberg recall altering the

9   data that he entered into his Excel spreadsheet based on discussions with counsel.  (Ex. A, 49:9-

10  50:16.)

11          Microsoft also tries to bolster Mr. Menenberg's opinions by arguing that he created a series

12  of summary tables of his calculations of legal costs.  (Dkt. 744, 5.)  But he testified that he created

13  these tables by simply sorting and using a "pivot table" in Excel.  (Ex. A, 93:15-20, 94:19-23,

14  95:21-96:4.)  This does not require specialized knowledge and therefore does not meet the

15  requirements for expert testimony.

16          **Relocation Costs.**  Microsoft argues (Dkt. 744, 13) that Motorola has not provided a reason

17  to preclude Mr. Menenberg's testimony regarding Microsoft's relocation costs, but Motorola did so

18  (*see Dkt*. 734, 4), noting that Mr. Menenberg entered into Excel values that were contained in

19  Microsoft invoices and that Excel calculated the totals.  Microsoft argues that Mr. Menenberg's

20  opinion is more than just simple arithmetic because he discussed the invoices with Microsoft

21  employees, but the Microsoft employees merely explained to him what the documents meant and

22  answered his inquiries about insufficiently backed-up costs.  Mr. Menenberg merely parroted back

23  any information given to him in those discussions.  This does not require specialized knowledge

24  and therefore does not meet the requirements for expert testimony.[3]

25

26
_____
[3] Microsoft implies that Mr. Menenberg used specialized knowledge because he billed more hours to the case than
Motorola's expert, Mr. Keller.  (Dkt. 744, 1 n.1.)  This is a red herring.  Mr. Keller's report is much more narrow in

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    **Summary Evidence.**  Much of Microsoft's argument is focused on the amount of work that

2    Mr. Menenberg performed due to the large volume of underlying documents.  Microsoft contends

3    (Dkt. 744, 6-7) that it is unreasonable for the jury to perform Mr. Menenberg's calculations

4    because he spent a lot of time on them and had a team of ten to assist him.  But the cases Microsoft

5    cites do not establish that this is a justification for admitting expert testimony requiring no

6    specialized knowledge.  In *Scott v. City of Indianapolis*, the court explained that the expert

7    performed a statistical analysis that a lay jury could not perform.  2010 WL 1265990, at *3 (S.D.

8    Ind. Mar. 25, 2010).  That is not the case here; Mr. Menenberg performed "data entry" (*see* Dkt.

9    744, 6) and addition and multiplication.  (*See generally* Dkt 734, 3-4.)  Similarly, although

10   Microsoft accurately quotes this Court's dicta in *Weinstein & Riley, P.S. v. Westport Ins. Corp.*,

11   2011 WL 887552 (W.D. Wash. Mar. 14, 2011), that case merely suggests that a party should not

12   dump hundreds of pages of invoices, pleadings, and transcripts on the trier of fact to sift through.

13   *Id.* at 23.

14   This problem would be alleviated were Microsoft to properly introduce the calculations

15   through summaries pursuant to Federal Rule of Evidence 1006 .  If Microsoft's attorney fees claim

16   survives summary judgment, Motorola does not object to Mr. Menenberg testifying as a *lay witness*

17   based on his personal knowledge regarding the data entry and calculations he performed.[4]

18   **B.      Microsoft Does Not Dispute that Mr. Menenberg's Testimony is Not Helpful to
             the Jury Because He Did Not Allocate Damages According To Breach Theory.**

19

20   As Motorola explained in its Motion (Dkt. 734, 9), Mr. Menenberg opines only on the total

21   legal and relocation costs incurred and did not separately calculate alleged damages as a result of

22   each of Microsoft's claims of breach.  Microsoft's Opposition does not dispute this, nor does it

---

scope than Mr. Menenberg's.  (*See* Dkt. 725-11.)  Mr. Keller's opinions are limited to Microsoft's legal costs and have
nothing to do with the relocation costs.  (*Id.*)

[4] Microsoft's cases relating to offering summaries of evidence under Fed. R. Evid. 1006 offer this as an alternative to
the expert's testimony.  *See WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1040 n.7 (8th Cir.
2011); *In re Nat'l Consumer Mortgage, LLC*, 2013 WL 164247, at *7 (D. Nev. Jan. 14, 2013).  In *Nat'l Consumer
Mortgage*, the court explained that if charts were a result of "simple math," they could be admissible under Fed. R.
Evid. 1006.  2013 WL 164247.  There, however, the expert testified that to create his charts, a person "would need an
understanding of accounting, gaming, and how to operate the software application he used."  *Id.*  Arithmetical addition
of Microsoft's purported legal costs requires no such knowledge.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   explain how, in light of this failing, Mr. Menenberg's testimony can possibly be helpful to the jury.

2   As a result, that testimony does not meet the requirements of Rule 702.

3   **IV.   MICROSOFT DOES NOT DISPUTE THAT CERTAIN OPINIONS ARE NOT DISCLOSED IN MR. MENENBERG'S REPORT.**

4

5            Finally, Motorola asks that Mr. Menenberg be precluded from offering two opinions that

6   were not disclosed in his report: whether the methodology used to allocate the work performed by

7   Sidley to defending against Motorola's SEP infringement claims was reliable, and whether

8   Motorola's alleged conduct caused Microsoft to relocate the EMEA distribution facility.  Mr.

9   Menenberg admitted these opinions were not in his report (Dkt. 734, 12), and Microsoft does not

10  argue otherwise (*see* Dkt. 744, 13-14) .  Even if an expert's report need not disclose the script for

11  his or her testimony, as Microsoft contends, Rule 26 requires that an expert report contain "a

12  complete statement of all opinions the witness will express and the basis and reasons for them."

13  Fed. R. Civ. P. 26(a)(2)(B)(ii).  Mr. Menenberg should therefore be precluded from offering these

14  opinions.

15                                        <u>Conclusion</u>

16           For the foregoing reasons, this court should grant Motorola's motion to exclude and strike

17  the testimony of Todd Menenberg.

18           DATED this 17th day of July, 2013.

19                                                Respectfully submitted,

20                                                SUMMIT LAW GROUP PLLC

21                                                By */s/ Ralph H. Palumbo*
                                                  By */s/ Philip S. McCune*
22                                                   Ralph H. Palumbo, WSBA #04751
23                                                   Philip S. McCune, WSBA #21081
                                                     *ralphp@summitlaw.com*
24                                                   *philm@summitlaw.com*

25

26

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

By <u>/s/ Thomas V. Miller</u>
    Thomas V. Miller
    MOTOROLA MOBILITY LLC
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    (847) 523-2162

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By <u>/s/ Kathleen M. Sullivan</u>
    Kathleen M. Sullivan, NY #1804624
    51 Madison Ave., 22nd Floor
    New York, NY 10010
    (212) 849-7000
    *kathleensullivan@quinnemanuel.com*

By <u>/s/ Brian C. Cannon</u>
    Brian C. Cannon, CA #193071
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    (650) 801-5000
    *briancannon@quinnemanuel.com*

By <u>/s/ William C. Price</u>
    William C. Price, CA #108542
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    (213) 443-3000
    *williamprice@quinnemanuel.com*

***Attorneys for Motorola Solutions, Inc.,
Motorola Mobility LLC and General
Instrument Corp.***

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG - 9
CASE NO. C10-1823-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 17th day of July, 2013.

_____
/s/ *Marcia A. Ripley*
Marcia A. Ripley

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE TESTIMONY OF TODD
MENENBERG - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001