The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                      Plaintiff,<br><br>        v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>                      Defendants. | CASE NO. C10-1823-JLR<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO BODEWIG<br><br>**NOTED ON MOTION CALENDAR:**<br>**Tuesday, July 30, 2013 at 1:30 p.m.** |

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE PORTIONS OF THE EXPERT
TESTIMONY OF DR. THEO BODEWIG
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I.   INTRODUCTION

Microsoft's Opposition to Motorola's motion to limit Dr. Bodewig's testimony does not dispute that *Microsoft could have completely avoided an injunction* had it chosen to utilize the appropriate Orange Book procedure.  Nor could it, as Dr. Bodewig himself admitted as much in his deposition.  (Dkt. 732-007 at 121:1-9.)  Nor does Microsoft dispute that avoiding an injunction would have obviated its claimed need to move its German facility.  Microsoft nonetheless argues that Dr. Bodewig should be permitted to offer confusing and prejudicial testimony regarding irrelevant developments in the Orange Book procedure in another case that occurred *long after the time period relevant to any move of the facility*.  Microsoft attempts to justify this testimony by arguing that the Orange Book procedure is "unsettled" and that "predicting the outcome of further Orange Book proceedings would be pure speculation."  (Dkt. 747 at 1.)  In light of Dr. Bodewig's own admission, however, it is not speculative to suppose that Microsoft could have mitigated its damages by properly using the Orange Book procedure to avoid an injunction in Germany, rather than allegedly incurring millions of dollars in damages by relocating its distribution facility.  Any speculation concerning Orange Book relates only to the final RAND rate a German court might have set had Microsoft chosen to utilize the Section 315 Orange Book procedure, as it failed to do.  Microsoft should not be permitted to confuse the jury with irrelevant testimony about Orange Book developments in a later time period in another case.

## II.   MICROSOFT CANNOT JUSTIFY SEEKING TO INTRODUCE OPINIONS THAT ARE NOT FINAL OR BINDING

As set forth in Motorola's opening brief (Dkt. 735), the statements of the European Commission are merely "preliminary opinions" that are neither final nor binding on any German courts.  Microsoft attempts to leverage that fact by claiming that the "lack of finality only confirms that the Orange Book's status is up in the air."  (Dkt. 747 at 2.)  In reality, the lack of finality means that the statements have *no bearing on the current Orange Book procedure*.  Microsoft admits that it wants to use these statements to "suggest" that the preliminary opinions have an effect on the Orange Book procedure.  (*Id*. at 5.)  Yet Microsoft can point to no such effect; Dr.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE PORTIONS OF THE EXPERT
TESTIMONY OF DR. THEO BODEWIG - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1  Bodewig admitted that the European Commission has not made a final determination on these
2  issues. (Dkt. 732-007 at 40:25-41:13.) Unless a final determination is made, "preliminary
3  opinions" have no effect on German law. Introducing "preliminary opinions" from the European
4  Commission about different parties, involving different standards, that the Commission itself
5  acknowledged were limited to the "specific circumstances" of those cases, would be confusing to
6  the jury and prejudicial to Motorola.

### III. MICROSOFT DOES NOT EXPLAIN HOW CURRENT DEVELOPMENTS RELATING TO THE ORANGE BOOK PROCEDURE HAVE ANY BEARING ON MICROSOFT'S OPTIONS IN 2011 AND 2012

While Microsoft repeatedly claims that the Orange Book procedure is "unsettled," it fails to explain how statements made by the European Commission or the Düsseldorf court in late 2012 and 2013 have any bearing on Microsoft's actions during the relevant time frame, namely from July 2011 to July 2012. Neither the European Commission nor the European Court of Justice have found that the Orange Book procedure is improper; therefore Microsoft has no excuse for its failure to mitigate its damages from July 2011 to July 2012. Moreover, none of this alleged "evidence" of the "uncertain" nature of the Orange Book procedure provides any support for Microsoft's failure to implement the Section 315 procedure. That Orange Book law may have developed over time does not affect the options that were available to Microsoft from July 2011 to July 2012. There can be no dispute that Microsoft could have avoided an injunction by invoking the proper Orange Book procedure during that time (as Dr. Bodewig himself admitted), yet Microsoft failed to do so. Microsoft fares no better in arguing that it should be allowed to rebut Dr. Haedicke's testimony regarding the Orange Book procedure in this case. (Dkt. 747 at 7.) While Microsoft may attempt to rebut Dr. Haedicke's testimony regarding Microsoft's options for avoiding an injunction during the relevant timeframe, it is confusing and prejudicial for Microsoft to introduce irrelevant evidence that did not affect Microsoft's options at the time.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE AND STRIKE PORTIONS OF THE EXPERT
TESTIMONY OF DR. THEO BODEWIG - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## IV. MICROSOFT FAILS TO EXPLAIN WHY DR. BODEWIG SHOULD BE PERMITTED TO TESTIFY ABOUT TOPICS ON WHICH HE CAN OFFER NO EXPERT OPINION

Dr. Bodewig opines in his report that "Microsoft is a willing licensee in this case" (Dkt. 732-006 at ¶ 52), but cannot explain how he reached that conclusion. Microsoft claims that Dr. Bodewig could have based his opinion on Microsoft's earlier brief claiming to be a willing licensee. (Dkt. 747 at 9.) But *Dr. Bodewig did not list that brief as a document that he considered* when forming his opinions. (Dkt. 732-006, Appendix B.) Nor did Dr. Bodewig discuss that brief at his deposition; instead, he referred to Microsoft's Orange Book offers as alleged evidence of Microsoft's status as a willing licensee and then admitted that he did not make that determination based on any of his own expertise. (Dkt. 732-007 at 51:5-52:1.) Dr. Bodewig should not be permitted to testify regarding whether Microsoft is or is not a willing licensee in this case.

Dr. Bodewig also should not be permitted to testify regarding Microsoft's relocation of its distribution facility or the potential effect of this Court's or the Ninth Circuit's decisions on Microsoft's actions. In his report, Dr. Bodewig opines that relocating Microsoft's distribution center "required considerable preparation beginning in January/February 2012" and that Microsoft had decided to move by March 2012. (Dkt. 732-006 ¶¶ 111-112.) Dr. Bodewig admitted at his deposition, however, that he has no personal knowledge regarding the German move or how U.S. court decisions might have affected Microsoft's decision to make the move or to move at a certain time, and that this information is not part of his expert opinion. (Dkt. 732-007 at 124:12-125:12.)

Microsoft tries to bolster Dr. Bodewig's report by imputing an opinion into the report that does not exist in paragraph 112. (Dkt. 747 at 8.) This is improper. Microsoft should not be permitted to use an expert to testify regarding facts about which he has no knowledge or expertise; such testimony would not be helpful to the jury and could be given undue weight that would be prejudicial to Motorola.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO BODEWIG - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## V.  CONCLUSION

For the foregoing reasons, Motorola's motion to limit Dr. Bodewig's testimony should be granted.

DATED this 17th day of July, 2013.

        Respectfully submitted,

        SUMMIT LAW GROUP PLLC

        By */s/ Ralph H. Palumbo*
        By */s/ Philip S. McCune*
           Ralph H. Palumbo, WSBA #04751
           Philip S. McCune, WSBA #21081
           *ralphp@summitlaw.com*
           *philm@summitlaw.com*

        By */s/ Thomas V. Miller*
           Thomas V. Miller
           MOTOROLA MOBILITY LLC
           600 North U.S. Highway 45
           Libertyville, IL  60048-1286
           (847) 523-2162

        QUINN EMANUEL URQUHART & SULLIVAN, LLP

        By */s/ Kathleen M. Sullivan*
           Kathleen M. Sullivan, NY #1804624
           51 Madison Ave., 22nd Floor
           New York, NY 10010
           (212) 849-7000
           *kathleensullivan@quinnemanuel.com*

        By */s/ Brian C. Cannon*
           Brian C. Cannon, CA #193071
           555 Twin Dolphin Drive, 5th Floor
           Redwood Shores, CA 94065
           (650) 801-5000
           *briancannon@quinnemanuel.com*

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO BODEWIG - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

By */s/ William C. Price*
William C. Price, CA #108542
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
*williamprice@quinnemanuel.com*

**Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.**

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO BODEWIG - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 17th day of July, 2013.

       /s/ *Marcia A. Ripley*
       Marcia A. Ripley

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE AND STRIKE PORTIONS OF THE EXPERT TESTIMONY OF DR. THEO BODEWIG - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001