HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                          Plaintiff,<br>vs.<br><br>MOTOROLA, INC., et al.,<br><br>                          Defendants.<br>_____<br>MOTOROLA MOBILITY LLC, et al.,<br><br>                          Plaintiffs,<br>vs.<br><br>MICROSOFT CORPORATION,<br><br>                          Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT'S RESPONSE TO DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO PRECLUDE AND STRIKE TESTIMONY OF TODD MENENBERG AND THEO BODEWIG (DKT NO. 719)<br><br>**NOTED FOR:**<br>**Friday, July 19, 2013** |

## I. RELIEF REQUESTED

Motorola's Motion to File Documents Under Seal in Support of Motorola's Motion for Summary Judgment and Motions to Preclude and Strike Testimony of Todd Menenberg and Theo Bodewig (Dkt. No. 719) ("Motion to Seal"), addressed several documents that disclose Microsoft's confidential business information. These documents should remain under seal. Specifically, by this response, Microsoft joins Motorola's motion in seeking to seal the following documents:

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 1
No. C10-1823

- **Exhibit A to the Roberts Summary Judgment Declaration[1]:** This exhibit consists of excerpts from the Deposition of Horacio Gutierrez taken in this matter that discuss Microsoft's general patent licensing practices and the parties' negotiations. Microsoft requests that this exhibit remain under seal.

- **Exhibit O to the Roberts Summary Judgment Declaration and Exhibit A to the Berry Bodewig Declaration[2]:** Each of these exhibits consists of Microsoft's April 3, 2013 supplemental answers to certain Motorola interrogatories. At Microsoft's request, the publicly-filed versions of these exhibits include redactions to two references to the specific relocation costs Microsoft incurred in connection with the relocation of its primary EMEA distribution facility from Germany to The Netherlands in Spring 2012. Microsoft requests that the unredacted versions remain under seal.

- **Exhibit A to the Roberts Menenberg Declaration,[3] Exhibit C to the Berry Bodewig Declaration, and Exhibit EE to the Roberts Summary Judgment Declaration:** Exhibit A to the Roberts Menenberg Declaration consists of the entire expert report of Microsoft's damages expert, Todd Menenberg. The other two exhibits consist of excerpts from Mr. Menenberg's report. At Microsoft's request, the publicly-filed versions of these exhibits include redactions to limited portions of Mr. Menenberg's report that disclose fees paid by Microsoft to its counsel in this action, the law firms' billing rates, and the specific costs incurred by Microsoft as a result of Motorola's German H.264 action. Microsoft requests that the unredacted versions remain under seal.

- **Exhibit B to the Roberts Menenberg Declaration:** This exhibit consists of excerpts from Mr. Menenberg's deposition. At Microsoft's request, the publicly-filed version of this exhibit includes redactions to specific references to fees paid by Microsoft in connection with the parties' dispute and other costs and expenses incurred by Microsoft as a result of relocating its primary EMEA distribution facility from Germany to The Netherlands in Spring 2012. Microsoft requests that the unredacted version remain under seal.

Microsoft also requests that the portions of Motorola's underlying briefs that cite or refer to any of the materials that have been filed under seal, remain under seal. Each of the above documents discloses Microsoft's confidential business information. As explained

---

[1] "Roberts Summary Judgment Declaration" refers to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment, filed at Docket No. 721.

[2] "Berry Bodewig Declaration" refers to the Declaration of Cheryl Berry in Support of Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig, filed at Docket No. 732.

[3] "Roberts Menenberg Declaration" refers to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion to preclude and Strike Testimony of Todd Menenberg, filed at Docket No. 723.

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 2
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

below, good cause exists to maintain under seal the non-public versions of the referenced documents filed in connection with Motorola's *Daubert* Motions, and compelling reasons exist to maintain under seal the non-public versions of the referenced documents filed in connection with Motorola's Motion for Summary Judgment.  Microsoft takes no position as to the remainder of the documents that are the subject of Motorola's Motion to Seal.[4]

## II.   FACTS & AUTHORITY

A.   **The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, as amended by Order dated October 3, 2012, Microsoft is permitted to file materials designated by either party as Confidential Business Information[5] under seal, with such documents to remain under seal upon Court approval.  Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal.  Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

---

[4] Motorola also filed under seal Exhibit Y to the Roberts Summary Judgment Declaration.  Exhibit Y consists of excerpts from the deposition of Amy Marasco.  Microsoft designated Ms. Marasco's transcript as confidential under the Protective Order.  Motorola did not mention its plan to file these excerpts during the parties' July 3, 2013 LCR 5(g) meet and confer.  In any event, Microsoft does not contend that Exhibit Y should remain under seal.

[5] "Confidential Business Information" is defined in the Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1 (amended by Order dated October 3, 2012 (ECF No. 447)).

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 3
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

The Court may seal a document filed in support of a non-dispositive motion upon a showing of good cause. *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In contrast, a party seeking to seal a judicial record attached to a dispositive motion must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Id.*

This latter presumption may be overcome by a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. Further, "the public interest in understanding the judicial system would appear to be less where … the documents in question are irrelevant to the Court's decision." *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (citing *Kamakana*, 447 F.3d at 1179) (documents supporting dispositive motion "[not] bearing on the resolution of the dispute on the merits … are therefore more akin to the 'unrelated,' non-dispositive motion documents the Ninth Circuit contemplated in *Kamakana*").

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 4
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.,* 2010 WL 786021, at *2 (quotations omitted).

**B.    Compelling Reasons Exist to Maintain Exhibits A, O, and EE to the Roberts Summary Judgment Declaration Under Seal.**

1.    Exhibit A Should Remain Under Seal.

Exhibit A to the Roberts Summary Judgment Declaration consists of excerpts from the deposition of Horacio Gutierrez, a Corporate Vice President and Deputy Legal General Counsel at Microsoft.  The excerpts discuss Microsoft's confidential licensing practices, including how Microsoft negotiates and licenses its patents.  Microsoft has a significant interest in maintaining the confidential nature of its licensing strategies and practices, which outweighs any potential interest the public may have in accessing this information.  Microsoft could suffer significant harm in its future licensing negotiations and in managing its licensing business if this information were publicly disclosed.

The excerpts also discuss in detail the parties' negotiations both before and after Microsoft filed its suit on November 9, 2010.  The parties executed a Non-Disclosure Agreement covering their negotiations, and the negotiations were generally conducted with the understanding that they would be treated as confidential.  Further, the Court already has found

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 5
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

that compelling reasons exist to maintain the confidentiality of the parties' negotiating history. *See* 11/12/12 Order On Motions to Seal (Dkt. No. 567), at 5 ("Accordingly, the court concludes that the importance of encouraging frank settlement negotiations outweighs the public's interest in knowing what was discussed in those settlement negotiations").

For these reasons, Microsoft requests that Exhibit A to the Roberts Summary Judgment Declaration remain under seal.

2. <u>The Unredacted Version of Exhibit O to the Roberts Summary Judgment Declaration Should Remain Under Seal.</u>

Exhibit O to the Roberts Summary Judgment Declaration consists of Microsoft's April 3, 2013 supplemental answers to Motorola's Interrogatory No. 3 and Interrogatory No. 4. The only redactions appear in Microsoft's response to Interrogatory No. 4. Microsoft redacted limited portions of its response that disclose details of Microsoft's operating costs for its EMEA distribution facility in The Netherlands as compared to the prior facility in Germany.

These financial figures are not generally known or publicly available, and the companies involved treat them as confidential. Public disclosure of this information could potentially damage Microsoft's relationship with, or future dealings with, its vendors. Microsoft's interest in maintaining the confidential nature of this information outweighs any potential interest the public may have in accessing this information at this stage of the litigation.

Further, the magnitude of Microsoft's relocation damages is not germane to the issues raised by Motorola's motion for summary judgment. The non-public information is thus unlikely to play any material role in the Court's consideration of the merits of Motorola's motion. The public's interest in understanding the judicial system will not be significantly furthered by providing access to this information at this time. The unredacted version of

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 6
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Exhibit O to the Roberts Summary Judgment Declaration should remain under seal.

    3.    <u>Exhibit EE to the Roberts Summary Judgment Declaration Should Remain Under Seal.</u>

Exhibit EE to the Roberts Summary Judgment Declaration is an excerpt from Mr. Menenberg's expert report that discloses specific German relocation costs that Microsoft has incurred as a result of Motorola's breach of contract. These financial details should remain sealed for the same reasons set forth above.

Exhibit EE also discloses the amount of fees Microsoft has paid in connection with certain aspects of the parties' various disputes. This information is also not publicly available, and has historically been treated as private by Microsoft and its counsel.

Motorola is not arguing on its summary judgment motion that the amounts paid by Microsoft to counsel are not reasonable. While this information may become relevant at trial, it is not relevant to consideration of the merits of Motorola's partial summary judgment motion. Disclosure of this information at this point in time will not further the public's interest in understanding the judicial system. For this reason, the non-public version of this exhibit should remain under seal.

**B.**     <u>**Good Cause Exists to Maintain Under Seal the Non-Public Versions of The Above-Referenced Exhibits to the Roberts Menenberg Declaration and the Berry Bodewig Declaration.**</u>

    1.    <u>Exhibits A and B to the Roberts Menenberg Declaration, and Exhibit C to the Berry Bodewig Declaration, Should Remain Under Seal.</u>

Exhibit A to the Roberts' Menenberg Declaration is Mr. Menenberg's expert report. Exhibit C to the Berry Bodewig Declaration is an excerpt from Mr. Menenberg's report. And Exhibit B to the Roberts Menenberg Declaration contains excerpts from Mr. Menenberg's deposition in this case. These exhibits include references to the specific relocation costs

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 7
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

incurred by Microsoft in connection with the relocation of its primary EMEA distribution facility from Germany to The Netherlands.  This financial information, redacted from the publicly-filed versions of these exhibits, should remain under seal for the reasons set forth above.

The non-public versions of these exhibits also disclose the billing rates charged that Microsoft's outside counsel at Sidley Austin LLP ("Sidley") and Calfo Harrigan Leyh & Eakes, LLP ("Calfo") have charged Microsoft in this case, as well as the fees Microsoft has paid its outside counsel in connection with the various suits pending between the parties.  The law firms' specific billing rates for these matters should be sealed because they are not publicly available and this information is treated as confidential by both Microsoft and its outside counsel.  There is a significant risk that disclosure of this sensitive information to the law firms' competitors, clients, and potential clients could cause commercial harm to the Sidley and/or Calfo firms.  Further, since neither Sidley's nor Calfo's rates are germane to Motorola's *Daubert* Motion regarding Menenberg, they are not expected to play a material role in the Court's consideration of that motion.  Disclosure of this information at this point in time will not further the public's interest in understanding the judicial system.  For this reason, the non-public versions of these exhibits should remain under seal.

2. <u>Exhibit A to the Berry Bodewig Declaration Should Remain Under Seal.</u>

Exhibit A to the Berry Bodewig Declaration is Microsoft's April 3, 2013 Supplemental Answer to Interrogatory No. 4.  This is a subset of the material that Motorola submitted as Exhibit O to the Roberts Summary Judgment Declaration, which is discussed above.  The redactions in Exhibit A are identical to those made to Exhibit O to the Roberts Summary Judgment Declaration.  For the same reasons set forth in the discussion above regarding

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 8
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Exhibit O, good cause exists to maintain the non-public version of Exhibit A to the Berry Bodewig Declaration under seal.

### III.   CONCLUSION

For the reasons set forth herein, Microsoft respectfully requests that the Court grant Motorola's Motion to Seal as to the following documents:

- Exhibit A to Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment, filed at Docket No. 721;

- Exhibit O to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment, filed at Docket No. 721;

- Exhibit EE to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion for Summary Judgment, filed at Docket No. 721;

- Exhibit A to the Declaration of Cheryl Berry in Support of Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig, filed at Docket No. 732;

- Exhibit C to the Declaration of Cheryl Berry in Support of Defendants' Motion to Exclude and Strike the Testimony of Theo Bodewig, filed at Docket No. 732;

- Exhibit A to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion to Preclude and Strike Testimony of Todd Menenberg, filed at Docket No. 723; and

- Exhibit B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion to Preclude and Strike Testimony of Todd Menenberg, filed at Docket No. 723.

A [Proposed] Order has been submitted herewith.

DATED this 17th day of July, 2013.

**RESPECTFULLY SUBMITTED,**

CALFO HARRIGAN LEYH & EAKES LLP

By      s/Arthur W. Harrigan, Jr.
     Arthur W. Harrigan, Jr., WSBA #1751

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 9
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

|   |   |
|---|---|
| By | s/Christopher Wion |
|    | Christopher Wion, WSBA #33207 |

|   |   |
|---|---|
| By | s/Shane P. Cramer |
|    | Shane P. Cramer, WSBA #35099 |

999 Third Avenue, Suite 4400
Seattle, WA  98104
Phone:  206-623-1700
arthurh@calfoharrigan.com
chrisw@calfoharrigan.com
shanec@calfoharrigan.com

|   |   |
|---|---|
| By | s/T. Andrew Culbert |
|    | T. Andrew Culbert |

|   |   |
|---|---|
| By | s/David E. Killough |
|    | David E. Killough |

MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
Nathaniel C. Love

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

---

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 10
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 11
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 17th day of July, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | _____ Messenger |
| Philip S. McCune, WSBA #21081 | _____ US Mail |
| Lynn M. Engel, WSBA #21934 | _____ Facsimile |
| Summit Law Group | __X__ ECF |
| 315 Fifth Ave. South, Suite 1000 | |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X__ ECF |
| Telephone:  (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 12
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_\_X\_\_\_ ECF |
| Andrea Pallios Roberts (*pro hac vice*)<br>Brian C. Cannon (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone:  (650) 801-5000<br>Email: andreaproberts@quinnemanuel.com<br>Email: briancannon@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_\_X\_\_\_ ECF |
| Kathleen M. Sullivan (*pro hac vice*)<br>David Elihu (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Telephone:  (212) 849-7000<br>Email: kathleensullivan@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_\_X\_\_\_ ECF |
| William Price (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figuera St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone:  (212) 443-3000<br>Email: williamprice@quinnemanuel.com<br>MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_\_X\_\_\_ ECF |

DATED this 17th day of July, 2013.

s/ Florine Fujita<br>FLORINE FUJITA

MICROSOFT'S RESPONSE TO MOTOROLA'S
7/3/13 MOTION TO SEAL (DKT. NO. 719) - 13
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717