HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                 Plaintiff,<br><br>       v.<br><br>MOTOROLA INC., et al.,<br><br>                 Defendant. | No. C10-1823-JLR<br><br>**REDACTED**<br><br>MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF BREACH OF CONTRACT AND SUMMARY JUDGMENT ON MOTOROLA'S THIRD, FOURTH, FIFTH, SEVENTH, EIGHTH, AND NINTH AFFIRMATIVE DEFENSES AND SECOND COUNTERCLAIM<br><br>Noted: July 31, 2013 at 10:00 AM<br><br>**ORAL ARGUMENT REQUESTED** |
| MOTOROLA MOBILITY, LLC., et al.,<br><br>                 Plaintiffs,<br><br>       v.<br><br>MICROSOFT CORPORATION,<br><br>                 Defendant. | |

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................... 2

I.  MOTOROLA BREACHED THE DUTY OF GOOD FAITH AND FAIR DEALING. ...... 2

    A.  A Showing Of Subjective Bad Faith Is Not Required. ................................... 2

    B.  There Is No Genuine Dispute As To Whether Motorola's Demands Were Blatantly Or Commercially Unreasonable. .................................................. 4

    C.  There Is No Genuine Dispute That Motorola's Conduct Frustrated The Purpose Of Its RAND Licensing Commitments. ......................................... 6

II. SUMMARY JUDGMENT SHOULD ALSO BE GRANTED FOR MICROSOFT ON MOTOROLA'S AFFIRMATIVE DEFENSES AND COUNTERCLAIM. ...................... 8

    A.  Motorola's New Affirmative Defenses Should Not Be Permitted. .................. 9

    B.  Motorola's Revamped "Defenses" Cannot Survive Summary Judgment ...... 10

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adler v. Federal Republic of Nigeria,*
219 F.3d 869 (9th Cir. 2000) ...................................................................................................12

*Apple, Inc. v. Motorola Mobility, Inc.,*
No. 11-cv-178-BBC, 2012 WL 5416941 (W.D. Wis. Oct. 29, 2012) .......................................8

*Camarillo v. McCarthy,*
998 F.2d 638 (9th Cir. 1993) .....................................................................................................9

*Craig v. Pillsbury Non-Qualified Pension Plan,*
458 F.3d 748 (8th Cir. 2006) .....................................................................................................3

*Nat. Ass'n of Realtors v. Champions Real Estate Servs., Inc.,*
812 F. Supp. 2d 1251 (W.D. Wash. 2011) .................................................................................9

*Patterson v. Astrue,*
No. 3:11–cv–06052–KLS, 2012 WL 1252653 (W.D. Wash. April 12, 2012) ........................11

*Realtek Semiconductor Corp. v. LSI Corp.,*
No. C-12-03451 RMW, 2012 WL 4845628 (N.D. Cal. Oct. 12, 2012) ....................................4

*Realtek Semiconductor Corp. v. LSI Corp.,*
No. C–12–03451–RMW, 2013 WL 2181717 (N.D. Cal. May 20, 2013) .................................8

*Rivera v. Anaya,*
726 F.2d 564 (9th Cir. 1984) .....................................................................................................9

*Scribner v. Worldcom, Inc.,*
249 F.3d 902 (9th Cir. 2001) ..................................................................................................2, 3

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
259 F.3d 1101 (9th Cir. 2001) ...................................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(e)(1)(A) ............................................................................................................9

Fed. R. Civ. P. 37(c)(1) ..................................................................................................................9

Fed. R. Civ. P. 56(a) ......................................................................................................................8

Restatement (Second) of Contracts § 205 .....................................................................................3

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

# INTRODUCTION

Motorola's opposition rests on three flawed themes upon which Motorola seeks to avoid liability. *First*, Motorola erroneously insists any evaluation of its breach of the duty of good faith and fair dealing requires that the jury find subjective bad faith. That is a misstatement of the law.

*Second*, Motorola views the November RAND royalty trial and the Court's resulting RAND royalty rulings as pointless. In its Findings, the Court observed that "the RAND royalty rate is a heavily-disputed, fact-sensitive issue that must be resolved by a finder of fact," and explained why it had conducted the November trial: "To decide whether Motorola's opening offers were in good faith, a fact-finder must be able to compare them with a reasonable RAND royalty rate." (Dkt. No. 673 ("FFCL") at 5.) The Court was clear: "The purpose of this"—the RAND royalty trial and Findings—"is to enable a fact-finder in a later trial to determine whether Motorola's offer letters breached Motorola's RAND obligation to offer a license for its patents in good faith." *Id.* 5–6. But Motorola's brief never mentions the disparity between its demands and the Court's RAND determination, instead insisting that because the Court has said opening offers do not have to be RAND, opening offers are irrelevant. Motorola's brief pretends the Court has not already explicitly ruled that a blatantly unreasonable opening offer breaches the RAND licensing contract. Motorola cannot avoid summary judgment premised on the RAND royalty trial having been a meaningless exercise.[1]

*Third*, Motorola persists in arguing that Microsoft did something wrong by filing this suit—that Microsoft should have negotiated and made a counteroffer, that Microsoft cut short RAND licensing negotiations, etc. But the Court already resolved that issue in Microsoft's

---

[1] Motorola's disregard for the Court's RAND royalty determination is on full display in Germany, where instead of simply accepting the Court's RAND royalty findings and the payments Microsoft tendered as a result, Motorola has now moved for an accounting of past damages for two H.264 patents subject to the Court-determined worldwide RAND royalty. *See* Declaration of Christopher Wion in Support of Microsoft's Reply in Support of Its Motion Summary Judgment ("Wion Decl.") Exs. 1–2 (Motorola letter and translation); Dkt. No. 656 Ex. 1 at 5.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 1

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

favor. Yet Motorola now attempts to dress the same facts that supported its repudiation theory in different garb, calling it ripeness, unclean hands, failure to mitigate, or a failure to "cooperate" under the duty of good faith and fair dealing. Arguing to the jury that Microsoft is the real bad actor is central to Motorola's plan, and forms the core of Motorola's rebuttal to Microsoft's showings that Motorola's demands were blatantly unreasonable. The Court's prior rulings foreclose Motorola's arguments.

In the end, Motorola's opposition fails to identify any material factual dispute on the issues presented by Microsoft's motion. In light of the RAND royalty determination, no reasonable jury could find that Motorola's October 2010 demands were anything but blatantly and commercially unreasonable. Likewise, the undisputed facts confirm that Motorola's conduct in following those demands with lawsuits pursuing injunctions was hold up in frustration of the purpose of its RAND licensing commitments. Motorola's affirmative defenses—even in their newly-minted phrasing—cannot be sustained given the Court's prior rulings. Microsoft's motion for partial summary judgment should be granted.

## ARGUMENT

### I. MOTOROLA BREACHED THE DUTY OF GOOD FAITH AND FAIR DEALING.

#### A. A Showing Of Subjective Bad Faith Is Not Required.

Motorola rests its opposition on cases in which a party's subjective lack of good faith established a breach of the duty of good faith and fair dealing. (Dkt. No. 752, Defs.' Resp. to Microsoft's Mot. for Partial Summary J. ("Opp.") 11.) But Motorola provides no authority for its position that breach of the duty *requires* proof of Motorola's subjective bad faith, Opp. 14–15, and that position is contrary to the Restatement and the extensive discussion of the Washington law of the duty in *Scribner v. Worldcom, Inc.*, 249 F.3d 902 (9th Cir. 2001). The Ninth Circuit has explained that showing that a defendant "acted with affirmative malice" is not required to establish a breach of the duty of good faith. *Scribner*, 249 F.3d at 909.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 2

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

Motorola also claims the jury should "consider whether Motorola knew or had reason to know in October 2010" that its prior licenses did not support its demands of Microsoft, or that those demands raised severe stacking concerns, Opp. 16, but the Ninth Circuit has explained that showing that a defendant "knew its decisions where inappropriate when it made them" is *also* not required to establish a breach. *Scribner*, 249 F.3d at 909. *See* Restatement (Second) of Contracts § 205 cmt. d ("Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified" and "fair dealing may require more than honesty.").

Motorola repeatedly claims that the objective-test cases Microsoft relies on are distinguishable because "Microsoft has the greater bargaining power." Opp. 12–13. Whatever this means, there is no legal authority for it. Microsoft's size or bargaining power have nothing to do with Motorola's obligations under its RAND licensing commitments. As the Court already recognized, in the context of SEPs, the patent holder (Motorola) has significant leverage in a "negotiation," because the implementer (Microsoft) cannot feasibly switch from compliance with the standard. *See* FFCL ¶¶ 52, 55. Offsetting the otherwise-unchecked bargaining power of the patent holder is the purpose of the RAND licensing commitment.

Motorola's attempt to distinguish *Scribner* and *Craig v. Pillsbury Non-Qualified Pension Plan*, 458 F.3d 748 (8th Cir. 2006) by suggesting they only apply to an abuse of discretion to set a "final contract term," *see* Opp. 12–13, fails, because nothing in those cases suggests that the requirement that discretion under a contract "be exercised in good faith" is limited to "final" contract terms. *See Scribner*, 249 F.3d at 909–11; *Craig*, 458 F.3d at 752–54. If Motorola were correct, discretion granted under a contract can be freely abused, so long as it does not involve setting "final" terms. Motorola cites no authority for such a position.

Even if it were necessary to consider Motorola's subjective lack of good faith, Motorola fails to raise any material dispute of fact. Motorola says only that it "sent the

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 3

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

October letters with the intent of beginning the process of negotiating a patent cross-license agreement." Opp. 14. Even thought that assertion is legally irrelevant, Motorola's privilege claims should bar it from arguing its subjective good faith. Self-serving statements advanced by Dailey in his declaration should not be accepted when Microsoft was blocked by Motorola's privilege objections from testing those assertions. *See* Dkt. No 729, Microsoft's Mot. for Partial Summary J. ("Br.") at 3 n. 1; Dkt. No. 728 Ex. 4 (Pretrial Conf. Tr.) 22:10–12.

Motorola's argument that the jury should "consider whether Motorola knew or had reason to know" that its existing license agreements did not support its demands, Opp. 16, do not prevent summary judgment. Even if this were an appropriate inquiry, Motorola *cites no evidence of what the jury would consider*, and fails to respond to the evidence Microsoft cited, which suggests Motorola *did* know or have reason to know its demands of Microsoft were unsupported. *See* Br. 13, 14 (quoting Motorola's expert's opinion that "Motorola had no past experience on which it could draw when it attempted to negotiate a RAND license with Microsoft"); *id.* at 15–17. Motorola's other vague appeals to "context and circumstances" are similarly unsupported by any citations to evidence. Opp. 9, 14, 16.

### B. There Is No Genuine Dispute As To Whether Motorola's Demands Were Blatantly Or Commercially Unreasonable.

Motorola fails to identify any objective evidence that would suggest its demands were anything but blatantly and commercially unreasonable. First, the cases Motorola cites do not hold that a blatantly or commercially unreasonable offer satisfies the duty of good faith and fair dealing. *See* Opp. 9–10. Only one of those cases, *Realtek*, involves a RAND licensing commitment—and Motorola's quotations obscure the context of the court's statements. The court denied an SEP holder's motion to dismiss a RAND licensing breach of contract claim, where the SEP holder argued "that a royalty exceeding the selling price of an infringing product is not inherently unreasonable." *Realtek Semiconductor Corp. v. LSI Corp.*, No. C-12-03451 RMW, 2012 WL 4845628, at *5 (N.D. Cal. Oct. 12, 2012). The court refused to ignore

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 4

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   that discrepancy, and stated "the court sees no reason the royalty rate as compared to selling
2   price cannot be one relevant factor" in determining whether the royalty demanded was
3   unreasonable. *Id.*

4   Second, this Court has already held that Motorola's breach of the duty of good faith and
5   fair dealing *can* be evaluated by comparing its demands to a true RAND royalty—and that
6   holding was the purpose of the November RAND royalty trial. Motorola does not respond to
7   Microsoft's arguments that the result of that comparison compels summary judgment on
8   breach in Microsoft's favor, *see* Br. 12–13, or to Microsoft's arguments that additional
9   objective evidence, including the marginal relevance of Motorola's contributions to the
10  standards, reinforces that result, Br. 15.

11  Instead, Motorola opposes summary judgment with the erroneous claim that Microsoft
12  "ignores" consideration of industry practice or custom. Opp. 13. Motorola's argument
13  consists only of a discussion of reciprocity and patent licensing negotiations in general,
14  coupled with a claim that its offers were "mere opening offers" as part of a negotiation it
15  expected would ensue. *Id.* at 15. This argument is beside the point: The Court already held
16  that Motorola could not—without committing a breach of contract—make blatantly
17  unreasonable opening offers. If Motorola wanted to argue that blatantly unreasonable opening
18  offers were acceptable because that is industry practice, it should have done so last year,
19  instead of conceding that such offers breach the RAND licensing commitment. (Dkt. No. 188
20  at 15.)

21  And contrary to Motorola's claim, Microsoft established that Motorola's demands were
22  commercially unreasonable based on pool rates (Br. 15), licensing practices in the
23  semiconductor industry (*id.* at 16), and the InteCap study (*id.*). Motorola's brief contains no
24  response to these, nor any response to Microsoft's citation of *Motorola's own practices*:
25  [redacted]
26

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 5

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

███ (*id.* at 13), and ████████████████████████████

███ (*id.* at 16).[2] Motorola ignores all of this evidence, and the facts it points to do not suggest that its demands were anything but blatantly and commercially unreasonable.

### C. There Is No Genuine Dispute That Motorola's Conduct Frustrated The Purpose Of Its RAND Licensing Commitments.

At the November RAND royalty trial, Motorola's counsel had the following exchange with Motorola's expert, Richard Schmalensee:

> Q: What is the relationship between the RAND commitment and the potential for hold-up?
>
> A: Well, in short form, the RAND commitment and the whole apparatus exists to deal with hold-up.

Wion Decl. Ex. 3, 11/19/12 Trial Tr. 142:13–16. The Court quoted that testimony in its Findings, and Microsoft cited those findings as evidence that one of the purposes of Motorola's RAND licensing commitments is to prevent hold up. *See* Br. 5. The Court found that preventing royalty stacking is another such purpose, Br. 5, citing Motorola's own statements that stacking was a problem. *See* FFCL ¶¶ 66–69. Forgetting the testimony of its since-discarded expert and its own prior statements (and ignoring the Court's Findings), Motorola now argues, "Microsoft does not cite any evidence that the purpose of Motorola's RAND commitments is to prevent hold up and to avoid royalty stacking issues." Opp. 16. That claim is baseless.

Motorola then latches on to another purpose of the RAND licensing commitment—encouraging widespread adoption of the standard, Opp. 16—but ignores that the prevention of hold up and stacking flows from that purpose, as the Court explained in its Findings. *See* FFCL ¶¶ 51–59 (explaining that hold up "jeopardizes further adoption of the standard"), ¶¶ 64–66 (explaining how cumulative royalty payments "can undermine the standards"). Moreover,

---

[2] Microsoft is filing its Reply under seal because it refers to materials that Motorola identified as confidential under the parties' protective order and that were the subject of Microsoft's July 3, 2013 Motion to Seal (Dkt. No. 718). A redacted version of Microsoft's reply will be filed concurrently.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 6

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1  Motorola offers no explanation of how excessive licensing demands backed by the pursuit of
2  injunctions logically would do anything but frustrate widespread adoption of the standard.[3]
3        Motorola fails to demonstrate any dispute of material fact concerning Motorola's
4  frustration of the purposes of the RAND licensing commitment. Motorola protests that it did
5  not know what royalties Microsoft was paying to other SEP holders, Opp. 19, but Microsoft's
6  conduct is not relevant to Motorola's obligations. The relevant inquiry is "the aggregate
7  royalties that would apply if other SEP holders made royalty demands of the implementer."
8  FFCL ¶ 72. Motorola's argument amounts to a claim that its conduct should be excused
9  because it might be the only bad actor. There is no fact issue for the jury to weigh as to
10 whether Motorola could have estimated the scope of the stacking problem its demands
11 created—the Court's findings were based on public information, *see* FFCL ¶¶ 157, 335, 456,
12 459, and Motorola's 30(b)(6) witness admitted ███████████████ Br. 15.
13       As noted above, no inquiry into Motorola's subjective intent is required—but even if it
14 were, Motorola does not explain how its excessive demands, coupled with a pursuit of
15 injunctions, could have been intended for any purpose but to hold up Microsoft. Motorola
16 indisputably sent the letters and sought injunctions in the lawsuits it filed. For Motorola to
17 claim this was all "in the process of negotiating," Opp. 17, is only consistent with hold up—a
18 distorted negotiation in which Microsoft is threatened with exclusion from the standards.
19 Motorola's arguments concerning the timing of its suits, Br. 18, further confirm Microsoft's
20 point: Motorola was "prepared for litigation" on its SEPs prior to sending the letters because it
21 planned to use the threat of injunctions on its SEPs to obtain leverage in the parties' other
22 disputes—that is, to hold up Microsoft. Motorola fails to respond to the evidence that it knew
23 it had to make an "offer" of some type before it embarked on this strategy as shown by ███

---

[3] The Court's prior ruling concerning initial offers (*see* Dkt. No. 335 at 24–25) did not address whether hold up—here, a practice of excessive initial offers followed by pursuit of injunctions—would frustrate this, or any other purpose of the RAND licensing commitment.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 7

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

██████████████████████████████████████ *See* Br. 19. Motorola also fails to respond to Microsoft's argument that Motorola's conduct constitutes hold up under the Court's Findings and the definitions of Motorola's expert, Gregory Leonard. *See* Br. 20–21.

Finally, contrary to Motorola's claim, there are *no* cases that have "held" that pursuing injunctions on SEPs is consistent with the duty of good faith and fair dealing. Opp. 18. The later *Realtek* decision (which Motorola again fails to cite) held that an SEP holder committed a straightforward breach of its RAND licensing commitments by seeking an exclusion order in the ITC, and did not address whether that conduct *also* breached the duty of good faith and fair dealing. *See Realtek Semiconductor Corp. v. LSI Corp.*, No. C–12–03451–RMW, 2013 WL 2181717, at *6 (N.D. Cal. May 20, 2013). Judge Crabb denied Apple's motion in limine without mentioning the duty of good faith and fair dealing. *See Apple, Inc. v. Motorola Mobility, Inc.*, No. 11-cv-178-BBC, 2012 WL 5416941, at *15 (W.D. Wis. Oct. 29, 2012). While the ITC rejected Apple's RAND licensing defense against Samsung on numerous sufficiency of evidence grounds, including that "Apple has not proved a failure by Samsung to negotiate in good faith" (*see* Dkt. No. 738 at 59), the decision does *not* address whether Samsung's pursuit of an exclusion order breached the duty of good faith and fair dealing. (*See id.* at 59–64.)

## II. SUMMARY JUDGMENT SHOULD ALSO BE GRANTED FOR MICROSOFT ON MOTOROLA'S AFFIRMATIVE DEFENSES AND COUNTERCLAIM.

As a preliminary matter, Motorola's claim that "Microsoft's motion as to Motorola's affirmative defenses is procedurally improper," Opp. 19 n. 11, is baseless. Summary judgment may be granted as to any "claim or defense." Fed. R. Civ. P. 56(a). Motorola's reliance in opposition on a 2007 decision of this Court is misplaced. The split the Court noted in 2007 as to whether Rule 56 applied to defenses was resolved by a 2010 amendment which added the word "defense"; the Committee Notes explain the modification was "to make clear . . . that summary judgment may be requested not only as to an entire case but also as to a claim,

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 8

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

defense, or part of a claim or defense." In any event, the issue raised by each of Motorola's remaining affirmative defenses is the same—did Microsoft wrongfully file this suit instead of negotiating with Motorola? The Court has answered that question multiple times. (*See* Dkt. No. 465 at 14, citing Dkt. No. 335 at 21 and Dkt. No. 66 at 5.) Motorola identifies no issues of fact that would explain how it can maintain these defenses—as it pled them, and as it described them in its discovery responses—in light of the Court's rulings.[4]

### A. Motorola's New Affirmative Defenses Should Not Be Permitted.

Motorola opposes summary judgment by claiming that each of these three defenses has now changed from what Motorola disclosed in discovery. First, as explained further below, based on Motorola's new explanations, two of the "new" defenses rest on the same mistaken theory that Microsoft was not permitted to enforce Motorola's RAND licensing commitments. But even if these defenses were distinguishable from that theory, they should be barred by Motorola's failure to disclose them, which is neither substantially justified nor harmless. *See* Fed. R. Civ. P. 26(e)(1)(A), 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–07 (9th Cir. 2001).[5] Microsoft did not allege prejudice in its opening brief (*see* Opp. 24) because Motorola had not yet revealed its new affirmative defenses, and Microsoft would clearly be prejudiced were they permitted. Both expert and fact discovery have long since closed, and only six and a half weeks remain before trial. Motorola provides no citations to support its claim that it "disclosed" its new affirmative defenses in its expert reports, Opp.

---

[4] Motorola abandons its Second Counterclaim and its Fourth, Fifth, and Ninth Affirmative Defenses, stating it "does not intend to pursue" (or "will not present") them at trial. Opp. 19 n. 10. Summary judgment as to that counterclaim and those affirmative defenses is appropriate now, and should be granted.

[5] None of the cases Motorola cites in support of its attempt to invent new affirmative defenses at the summary judgment stage address whether such conduct should be permitted where the party failed to supplement an outstanding interrogatory response that explicitly sought the bases of affirmative defenses. In any event two of the cases, *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) and *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) predate the 1993 amendment to the Rules that broadened sanctioning power for discovery failures like Motorola's. *See Yeti by Molly*, 259 F.3d at 1106. In the third case, *Nat. Ass'n of Realtors v. Champions Real Estate Servs., Inc.*, 812 F. Supp. 2d 1251, 1262 (W.D. Wash. 2011), no claim of prejudice was made, and the chain of Ninth Circuit cases cited leads back to *Rivera* (one of the pre-amendment cases) with none of the ensuing citations addressing Rules 26 or 37.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 9

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

24—and as Microsoft explained in its Rule 702 motion, the disclosures in those expert reports were no different from the same "Microsoft was required to negotiate" theory the Court has already rejected. (*See* Dkt. No. 724 at 4–6, 9–10.)

The Court should reject Motorola's position that the factual bases for its new versions of these defenses were recently revealed in discovery, Opp. 23–24. Motorola has long been aware of the facts. Motorola was at the parties' October 2010 meeting; it knew then that Microsoft supposedly "asked Motorola [to] put its patents 'on the table,'" "stayed silent," and made no counteroffer. *See* Opp. 20–23. Motorola has known of the June 2011 Microsoft-FTC statement, and of Microsoft's allegations in the ITC 744 Investigation against Motorola, for years. *See* Opp. 22. The details of Microsoft's damages claim were (entirely properly) disclosed during discovery; the Court already observed at the May 7, 2013 hearing that Microsoft disclosed that it sought to recover as damages its costs of defending against Motorola's suits, and its German relocation costs, by May 2012. Wion Decl. Ex. 4, May 7, 2013 Hearing Tr. 3:7–23, 5:6–6:1.[6] Of course, Motorola was well aware of the timing of its own German suit and Microsoft's motion for a preliminary injunction. Opp. 23. And Motorola has known throughout the course of its lawsuits on SEPs in federal district court and the ITC that Microsoft was not exclusively represented by Seattle counsel in those cases, which Motorola mistakenly believes justifies a "failure to mitigate" defense. *See* Opp. 24.

### B. Motorola's Revamped "Defenses" Cannot Survive Summary Judgment.

Motorola's new "Ripeness" defense—"Microsoft did not respond with any counteroffer nor otherwise participate in any negotiation," Opp. 20—is indistinguishable from its old one. *See* Br. 21. Paradoxically, Motorola claims this evidence "is not dependent on whether Microsoft 'first appl[ied] for a license and then negotiate[ed] in good faith.'" Opp. 21. A

---

[6] Motorola's claim that "Microsoft did not disclose that damages theory until April 3, 2013," Opp. 24, is inconsistent with the Court's ruling at the May 7, 2013 hearing, and with its counsel's concession that the issue was the timing of the disclosure of the specific *computation*, not the theory itself. Wion Decl. Ex. 4. at 7:24–8:4.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 10

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

counteroffer is a request for a license, and negotiation is negotiation—and the Court has already ruled that neither is required. Motorola does not explain how Microsoft's analysis of a RAND royalty for Motorola's SEPs has any bearing on ripeness, nor does it provide any authority for the suggestion that Microsoft's conduct at an in-person meeting in October 2010 is relevant to Article III standing, *see* Opp. 20—and Microsoft has no ability now to probe those theories in discovery. Motorola's argument that the claims in Microsoft's amended complaint were not ripe simply repeats its belief that it "is not precluded from seeking injunctive relief," Opp. 20–21, an attack on the merits of Microsoft's claim that has nothing to do with ripeness. In any event, ripeness is a question of the Court's subject-matter jurisdiction, not an affirmative defense to be tried to the jury, especially where the question of jurisdiction is not dependent on the decision on the merits. *See Patterson v. Astrue*, No. 3:11–cv–06052–KLS, 2012 WL 1252653, at *1 (W.D. Wash. April 12, 2012) ("[B]ecause the issue of ripeness has nothing to do with the merits of [a claim], ... a district court errs if it submits the issue to the jury") (quotation marks omitted).

Motorola's new theories of "Unclean Hands" are also without merit. First, Motorola describes something it calls "reverse hold up," citing an ITC decision made public earlier this month. Opp. 21. Its premise is identical to Motorola's failed attacks on this action: Courts should decline to resolve RAND licensing disputes, and SEP holders should be free to short-circuit RAND royalty determinations by obtaining injunctions. *Id.* The concept also involves a "refus[al] to pay for the use of a patented invention," Opp. 21, and it cannot possibly apply to this case. Microsoft no longer has any opportunity to develop expert discovery to rebut Motorola's attempt to make this a "reverse hold up" case. Second, Motorola attempts to inject into this case Microsoft's assertion of patents against Motorola that were *not* subject to RAND licensing commitments to SSOs. Opp. 22. Microsoft has already explained why this allegation is meritless as to the "computer file system patents" Motorola points to. (*See* Dkt.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 11

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

No. 740 at 6–7.) As for ActiveSync patents, Motorola never raised any defense in the ITC claiming that Microsoft's patents were subject to a contractually-enforceable RAND licensing commitment like those at issue here, because any such claim would be baseless.[7] Motorola's baseless assertions of breach of contracts not before the Court have no connection to this case and cannot form the basis of an unclean hands defense. Moreover, Microsoft no longer has any opportunity to pursue fact and expert discovery to address Motorola's new theories. Finally, unclean hands is a defense *to a claim for equitable relief, see Adler v. Federal Republic of Nigeria*, 219 F.3d 869, 977 (9th Cir. 2000), and there is no basis for the issue to go to the jury in the upcoming trial. The jury will consider damages; the Court can take up Microsoft's entitlement to equitable relief after the trial.

Motorola sets out three theories of its allegedly new "Failure to Mitigate" defense, none of which have merit. *See* Opp. 23. First, Microsoft should have "engaged in negotiations" instead of filing this suit. That is the same as its original argument, and has already been rejected. Br. 22. Second, Microsoft should have hired different counsel, a baseless argument addressed in Microsoft's Rule 702 motion. (*See* Dkt. No. 724 at 17–24.) Third, Microsoft should have followed the Orange Book, another meritless suggestion addressed in the same brief (*see id.* at 12–17), and premised on more "negotiation" under threat of an injunction.

DATED this 17th day of July, 2013.

CALFO HARRIGAN LEYH & EAKES LLP

By    s/Arthur W. Harrigan, Jr.
        Arthur W. Harrigan, Jr., WSBA #1751

By    s/Christopher Wion
        Christopher Wion, WSBA #33207

---

[7] The evidence Motorola points to, *see* Opp. 22, consists of exhibits to its motion to exclude Todd Menenberg's testimony (Dkt. No. 723). To the extent Motorola intended to cite exhibits submitted in support of its present opposition, they do not support its claims either—Microsoft's Horacio Gutierrez explained that the ActiveSync patents were not subject to an SEP RAND licensing commitment. (Dkt. No. 757 Ex. B at 31:9–32:11; *see* Dkt. 269 at 4.)

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 12

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

By   <u>s/Shane P. Cramer</u>
      Shane P. Cramer, WSBA #35099
      999 Third Avenue, Suite 4400
      Seattle, WA 98104
      Phone: 206-623-1700
      arthurh@calfoharrigan.com
      chrisw@calfoharrigan.com
      shanec@calfoharrigan.com

By   <u>s/T. Andrew Culbert</u>
      T. Andrew Culbert

By   <u>s/David E. Killough</u>
      David E. Killough

MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA 98052
Phone: 425-882-8080
Fax: 425-869-1327

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
Nathaniel C. Love

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000
Fax: 312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 13

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 17th day of July, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA 98104-2682 | |
| Telephone: 206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY 10036-8704 | |
| Telephone: (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA 94303-2284 | __X__ ECF |
| Telephone: (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 14

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

| | | |
|---|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC 20005-3948<br>Telephone: (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____<br>_____<br>_____<br>__X__ | Messenger<br>US Mail<br>Facsimile<br>ECF |
| Andrea Pallios Roberts (*pro hac vice*)<br>Brian C. Cannon (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Email: andreaproberts@quinnemanuel.com<br>Email: briancannon@quinnemanuel.com | _____<br>_____<br>_____<br>__X__ | Messenger<br>US Mail<br>Facsimile<br>ECF |
| Kathleen M. Sullivan (*pro hac vice*)<br>David Elihu (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Email: kathleensullivan@quinnemanuel.com | _____<br>_____<br>_____<br>__X__ | Messenger<br>US Mail<br>Facsimile<br>ECF |
| William Price (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figuera St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (212) 443-3000<br>Email: williamprice@quinnemanuel.com<br>MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | _____<br>_____<br>_____<br>__X__ | Messenger<br>US Mail<br>Facsimile<br>ECF |

DATED this 17th day of July, 2013.

s/ Florine Fujita
FLORINE FUJITA

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY
JUDGMENT OF BREACH OF CONTRACT - 15

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717