# EXHIBIT 4

```
              UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON AT SEATTLE
```

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. C10-1823JLR |
| | ) |
| MOTOROLA, INC., et al., | ) SEATTLE, WASHINGTON |
| | ) May 7, 2013 |
| Defendants. | ) |
| | ) TELEPHONE CONFERENCE |
| | ) |
| MOTOROLA MOBILITY, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| MICROSOFT CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

```
             VERBATIM REPORT OF PROCEEDINGS
         BEFORE THE HONORABLE JAMES L. ROBART
              UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For the Plaintiff:     ARTHUR HARRIGAN
                       CHRISTOPHER WION
                       SHANE CRAMER
                       DAVID PRITIKIN
                       ANDY CULBERT

For the Defendants:    RALPH PALUMBO
                       PHILIP McCUNE
                       BRIAN CANNON
                       ANDREA ROBERTS


Reported by:           NANCY L. BAUER, CCR, RPR
                       (206) 370-8506
                       nancy_bauer@wawd.uscourts.gov

1    So, in effect, this is somewhat like a motion in limine,
2 although it really is more in the order of a disguise motion
3 for summary judgment.
4    I've had a chance to go back and look at this, and let me
5 give you my chronology, and then I have one question for both
6 sides, and it's my intention to rule today.
7    Mr. Palumbo, in his letter, describes whatever was done by
8 Microsoft on February 7, 2011, as initial disclosures.  That
9 is a term of art under the civil rules, and it is, perhaps,
10 the most general lay-down disclosure I've ever seen, in that
11 it says, "Microsoft claims its damages," and later it says,
12 "All damages available under the law."  And by way of further
13 clarification says, "Suffered as a result of defending
14 against Motorola's action in the district court for the
15 Western District of Wisconsin and before the ITC."
16    That seems to me to address or go to one of the items of
17 damage that's claimed by Microsoft in its subsequent more
18 detailed disclosures.
19    On May 7th, 2012, and I actually have a recollection of
20 this, Mr. Harrigan was passionately arguing to the court and
21 announced that one of the Microsoft's items of damage was the
22 costs associated with its move of its distribution center to
23 the Netherlands.  That was a new fact to the court at the
24 time.
25    I do not have as detailed recollection of the July 9,

```
 1  Once again, that comes outside the material that the court
 2  would be aware of.
 3      And apparently on April 3rd, 2013, Microsoft served
 4  supplemental interrogatory answers, which would confirm the
 5  fact that there had been prior discovery served.
 6      In that there are four items of claimed damage.  First --
 7  and I'm taking this from one of the letters -- it's
 8  attorneys' fees, Microsoft's attorneys' fees defending, and I
 9  underline the word "defending," Motorola's claims in the ITC,
10  the U.S. district court in Germany.  And since it seems to me
11  there is a difference in attorneys' fees defending and
12  attorneys' fees in prosecuting, I assume that the word was
13  chosen intentionally.
14      Motorola, for its part, does not seek to exclude that as
15  an item of damage in the upcoming trial, and therefore it
16  seems to me that one is in there.
17      I would think that as part of either your motions in
18  limine or your dispositive motions, someone will flesh out
19  legal basis for that claim.  Right now I guess I can create
20  one in my mind, but that's not an area of damages law that I
21  know off the top of my head, and it would be helpful to
22  understand your basis for it.
23      The second is the relocation from Germany to the
24  Netherlands, and I hold that that has previously been
25  disclosed, and therefore is legitimately part of the damages
```

that will be pursued in the upcoming trial.

The third item of damage is Motorola's refusal to grant Marvell a license, which I do not find having been raised anywhere, and it certainly has not been raised to the court. Microsoft does not respond to that, which, under the local rules, is deemed to be a concession of its correctness, and therefore I am tentatively striking that as an item of damage.

And then the fourth, Motorola's refusal to grant Microsoft a license under Google's MPEG LA license. Once again, Motorola has brought that on as a motion to exclude. Microsoft has not responded. In fact, there's no further discussion of either of those, the Marvell license or the MPEG LA license, and therefore I'm excluding it.

The trial in this matter remains as fixed in the March 2013 minute order. I guess all I can say is welcome to the party. The time and the date is set, and it's not going to get moved on the basis of some trumped-up stuff, and that trial will go forward on issues No. 1 and 2, namely attorneys' fees and the relocation.

At the very end of Mr. Palumbo's letter, there is a wish list of items that Motorola would like, and that includes ten requests for production of documents, three interrogatories, 50 requests for admissions, two additional depositions, and a partridge in a pear tree. They're not going to get very much

1  of that.  I see no reason to allow requests for production of
2  documents when there's already been documents produced.  If
3  you have not explored among yourselves areas where you
4  believe documents need to be produced, or you think documents
5  are being withheld, bring that matter on to the court.
6      The question I'm going to ask the parties at the end of
7  this is, why do you need interrogatories?  As to the 50
8  requests for admissions, the answer is no.  I'm going to
9  authorize two additional depositions so that you now have
10 eight total.  Originally two were going to be on liability
11 and four were going to be on damages.  And I'm not going to
12 allocate the two additional ones, but my assumption is, if
13 you're telling me the truth, those will probably be going to
14 damages.
15     And if you need some additional time to get your discovery
16 done before the cutoff date set by the court, I'm happy to
17 hear that, as I'm now at the end of my prepared remarks.  So
18 Mr. Palumbo on behalf of Motorola?
19          MR. CANNON:  Good afternoon, Your Honor.  This is
20 Brian Cannon for Motorola.  I think the two additional,
21 you're correct, will go to damages, at least on the Motorola
22 side.
23     The wish list request, I think, was primarily directed to
24 the moving of the Germany facilities.  Your Honor is
25 absolutely correct about Microsoft potential damages theory

8

1  last year.
2       The issue from our end, or the reason we brought the
3  motion was that we actually thought the computation related
4  to that were not produced until this year. However, Your
5  Honor ruled, and I have nothing further to say on that.
6       The interrogatory I had in mind was having to do with
7  moving the facility and asking Microsoft for its business
8  reasons in addition to what it alleges its damages theory is
9  as to why the facility moved. But I think with the
10 additional deposition, we should be able to cover that
11 ground.
12              THE COURT: Great. Thank you. Mr. Harrigan?
13              MR. HARRIGAN: Yes, Your Honor. I think the only
14 items that I would like to briefly address are the Marvell
15 and Google items, and to clarify that, there is no separate
16 damages claim for either one of those items -- either one of
17 those alleged breaches.
18      We were responding or supplementing by identifying those
19 as elements of our breach claim, and in the April -- and we
20 did refer to the April 3rd -- the supplemental disclosure in
21 our letter, and what that says is, with respect to, for
22 example, Google, Motorola failed to make a license available
23 on those terms. If the license had been available, Microsoft
24 would not have incurred any further damage by virtue of -- by
25 failure of Motorola to make available a license on RAND terms

# C E R T I F I C A T E

I, Nancy L. Bauer, CCR, RPR, Court Reporter for the United States District Court in the Western District of Washington at Seattle, do hereby certify that I was present in court during the foregoing matter and reported said proceedings stenographically.

I further certify that thereafter, I have caused said stenographic notes to be transcribed under my direction and that the foregoing pages are a true and accurate transcription to the best of my ability.

Dated this 12th day of May 2013.

/S/ Nancy L. Bauer

Nancy L. Bauer, CCR, RPR
Official Court Reporter