# EXHIBIT A

4

| | |
|---|---|
| **From:** | Chris Wion [chrisw@calfoharrigan.com] |
| **Sent:** | Wednesday, May 29, 2013 9:25 PM |
| **To:** | Scola, Angela; RopesWashington1823-Microsoft_Motorola@ropesgray.com; Microsoft v Moto Breach of RAND Case; Summit1823@SummitLaw.com |
| **Cc:** | MSFT-Motorola; Project-MS/Moto_WDWA_343/1823 |
| **Subject:** | RE: Microsoft v. Motorola (10-1823) -- Microsoft Expert Reports |
| **Attachments:** | 5.29.13 Expert Report of Todd Menenberg.pdf; 05.29.13 Microsoft Rule 26(a)(2)(C) Disclosure David Killough.pdf |

Counsel:

Attached please find the expert report of Todd Menenberg and the Rule 26(a)(2)(C) disclosure of David Killough.

**CHRISTOPHER T. WION**
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WA  98104
PHONE: 206-623-1700
FAX: 206-623-8717
chrisw@calfoharrigan.com

---

**From:** Scola, Angela [mailto:ascola@Sidley.com]
**Sent:** Wednesday, May 29, 2013 9:09 PM
**To:** RopesWashington1823-Microsoft_Motorola@ropesgray.com; MicrosoftvMotoBreachofRANDCase@quinnemanuel.com; Summit1823@SummitLaw.com
**Cc:** MSFT-Motorola; Project-MS/Moto_WDWA_343/1823
**Subject:** Microsoft v. Motorola (10-1823) -- Microsoft Expert Reports

Counsel:

Provided via the fileshare link below are the opening expert reports of Michael Orchard and Robert O'Hara.  A password to access this link will follow separately.

**https://signin.sidleyfiletransfer.com/FS/v.aspx?v=8d6a68885967b6b8b3a0**

Sincerely,

**Angela C. Scola** | Legal Assistant
SIDLEY AUSTIN LLP | One South Dearborn Street | Chicago, Illinois 60603
Direct: (312) 456-5441 (x. 3-5441) | E-mail: ascola@sidley.com

----------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred

1

to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*

6

THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>            Plaintiff,<br><br>    vs.<br><br>MOTOROLA, INC.,  et al.,<br><br>            Defendants.<br>_____<br>MOTOROLA MOBILITY LLC, et al.,<br><br>            Plaintiffs,<br><br>    vs.<br><br>MICROSOFT CORPORATION,<br><br>            Defendants. | Case No. C10-1823-JLR<br><br>**MICROSOFT CORPORATIONS FED. R. CIV. P. 26(a)(2)(C) DISCLOSURE OF DAVID KILLOUGH** |

19

20

21

Plaintiff/Counterclaim Defendant Microsoft Corporation ("Microsoft"), by counsel,

pursuant to Fed. R. Civ. P. 26(a)(2)(C), hereby discloses David Killough, Assistant General

Counsel, Microsoft Corporation, as an expert witness under FRE 702.

22

23

24

25

**Subject Matter on Which Mr. Killough Is Expected to Present Evidence**.  Mr.

Killough will be testifying and will offer opinions regarding the attorneys' fees and other

litigation costs and expenses Microsoft paid to Sidley Austin LLP, Calfo Harrigan Leyh &

MICROSOFT CORPORATION'S FED. R. CIV. P.
26(a)(2)(C) DISCLOSURE OF DAVID
KILLOUGH - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Eakes LLP, Freshfields Bruckhaus Deringer LLP, Boehmert & Boehmert, and Klarquist Sparkman LLP that Microsoft contends were incurred as a consequence of Defendants Motorola Mobility LLC, Motorola Solutions, Inc., and General Instrument Corporation's (collectively, "Motorola") breaches of contracts ("legal costs").

**Summary of Facts and Opinions that Mr. Killough Is Expected to Offer**.  Mr. Killough is expected to offer testimony regarding:  (i) the amount of legal costs Microsoft paid; (2) that the legal costs were incurred in connection with Microsoft's defense of Defendants' claims that Microsoft infringed Standard-Essential Patents in actions before the International Trade Commission, various United States District Courts, and in Germany; (3) that the legal costs, including but not limited to the number of timekeepers, number of hours billed and hourly rates charged, were reasonable.

**Expert Fee**.  Mr. Killough is not charging any fee for his testimony.

Microsoft reserves the right to supplement or amend this disclosure based on newly learned, changed, or additional information, as well as in accordance with the Court's orders.

DATED this 29th day of May, 2013.

CALFO HARRIGAN LEYH & EAKES LLP


By  s/ Arthur W. Harrigan, Jr.
    Arthur W. Harrigan, Jr., WSBA #1751

By  s/ Christopher Wion
    Christopher Wion, WSBA #33207

By s/ Shane P. Cramer
    Shane P. Cramer, WSBA #35099
    999 Third Avenue, Suite 4400
    Seattle, WA  98104
    Phone:  206-623-1700
    arthurh@calfoharrigan.com
    chrisw@calfoharrigan.com
    shanec@calfoharrigan.com

MICROSOFT CORPORATION'S FED. R. CIV. P. 26(a)(2)(C) DISCLOSURE OF DAVID KILLOUGH - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1

2

By  s/ T. Andrew Culbert
       T. Andrew Culbert

By  s/ David E. Killough
       David E. Killough

MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
David Greenfield

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

MICROSOFT CORPORATION'S FED. R. CIV. P.
26(a)(2)(C) DISCLOSURE OF DAVID
KILLOUGH - 3

9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I, Christopher Wion, swear under penalty of perjury under the laws of the State of Washington to the following:

1.      I am over the age of 21 and not a party to this action.

2.      On the 29th day of May, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

Ralph Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081          _____  Messenger
Summit Law Group                                    _____  US Mail
315 Fifth Ave. South, Suite 1000               _____  Facsimile
Seattle, WA  98104-2682                          ___X___  Email
Telephone:  206-676-7000
Email:  Summit1823@summitlaw.com


Steven Pepe (*pro hac vice*)                     _____  Messenger
Jesse J. Jenner (*pro hac vice*)                 _____  US Mail
Ropes & Gray LLP                                    _____  Facsimile
1211 Avenue of the Americas                   ___X___  Email
New York, NY  10036-8704
Telephone:  (212) 596-9046
Email:  steven.pepe@ropesgray.com
Email:  jesse.jenner@ropesgray.com


Norman H. Beamer (*pro hac vice*)          _____  Messenger
Ropes & Gray LLP                                    _____  US Mail
1900 University Avenue, 6th Floor            _____  Facsimile
East Palo Alto, CA  94303-2284               ___X___  Email
Telephone:  (650) 617-4030
Email:  norman.beamer@ropesgray.com

MICROSOFT CORPORATION'S FED. R. CIV. P.
26(a)(2)(C) DISCLOSURE OF DAVID
KILLOUGH - 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700    FAX, (206) 623-8717

1

Paul M. Schoenhard (*pro hac vice*)                 _____ Messenger
Ropes & Gray LLP                                     _____ US Mail
One Metro Center                                     _____ Facsimile
700 12th Street NW, Suite 900                        __X__ Email
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

2

3

4

5

William Price (*pro hac vice*)                        _____ Messenger
Brian Cannon (*pro hac vice*)                         _____ US Mail
Andrea Pallios Roberts (*pro hac vice*)               _____ Facsimile
Quinn Emanuel                                         __X__ Email
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065-2139
MicrosoftvMotoBreachofRANDCase@quinnemanuel.com

6

7

8

9

DATED this 29th day of May, 2013.

10

11

12

s/ Christopher Wion_____
CHRISTOPHER WION

13

14

15

16

17

18

19

20

21

22

23

24

25

MICROSOFT CORPORATION'S FED. R. CIV. P.
26(a)(2)(C) DISCLOSURE OF DAVID
KILLOUGH - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# EXHIBIT B

12

| | |
|---|---|
| **From:** | Robbins, Ellen S. [erobbins@Sidley.com] |
| **Sent:** | Wednesday, June 12, 2013 3:25 PM |
| **To:** | Andrea P Roberts; microsoft-motorola@calfoharrigan.com; Project-MS/Moto_WDWA_ 343/1823; RopesWashington1823-Microsoft_Motorola@ropesgray.com; summit1823 @summitlaw.com |
| **Cc:** | Microsoft v Moto Breach of RAND Case |
| **Subject:** | Re: Microsoft v. Motorola |

Andrea,

Please be advised that Microsoft is withdrawing its Rule 26(a)(2)(C) expert disclosure of David Killough. Mr. Killough may still testify at the August 26 trial as a fact witness, but will not be offering expert opinions.

---

**From**: Robbins, Ellen S.
**Sent**: Wednesday, June 12, 2013 04:38 PM
**To**: 'andreaproberts@quinnemanuel.com' <andreaproberts@quinnemanuel.com>; 'microsoft-motorola@calfoharrigan.com' <microsoft-motorola@calfoharrigan.com>; Project-MS/Moto_WDWA_343/1823; 'RopesWashington1823-Microsoft_Motorola@ropesgray.com' <RopesWashington1823-Microsoft_Motorola@ropesgray.com>; 'summit1823@summitlaw.com' <summit1823@summitlaw.com>
**Cc**: 'MicrosoftvMotoBreachofRANDCase@quinnemanuel.com' <MicrosoftvMotoBreachofRANDCase@quinnemanuel.com>
**Subject**: Re: Microsoft v. Motorola

Andrea,

     Please confirm that Dr. Haedicke speaks fluent English and that no translator will be needed at his deposition.

In addition, the address for Professor Haedicke's deposition, scheduled to begin at 9:00 AM Pacific Time on June 14, is:

Sidley Austin LLP
555 California Street
Suite 2000
San Francisco, CA 94104

Please let us know who will be attending so that we can give the names to building security. Thank you for your cooperation.

---

**From**: Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent**: Friday, May 31, 2013 06:47 PM
**To**: Robbins, Ellen S.; microsoft-motorola@calfoharrigan.com <microsoft-motorola@calfoharrigan.com>; Project-MS/Moto_WDWA_343/1823; RopesWashington1823-Microsoft_Motorola@ropesgray.com <RopesWashington1823-Microsoft_Motorola@ropesgray.com>; summit1823@summitlaw.com <summit1823@summitlaw.com>
**Cc**: Microsoft v Moto Breach of RAND Case <MicrosoftvMotoBreachofRANDCase@quinnemanuel.com>
**Subject**: Microsoft v. Motorola

Ellen,

Dr. Haedicke is available for deposition on June 14 in Quinn Emanuel's San Francisco office.  Dr. Leonard is available for deposition on June 24 in our San Francisco office.  Please confirm that Microsoft will proceed on these dates.  We are working on confirming a date for Holleman and will provide it shortly.

1

13

Please let us know when and where Microsoft's experts are available deposition.

Thanks,
Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---------------------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*********************************************************************************************
**********
This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.


*********************************************************************************************
**********

# EXHIBIT C

| | |
|---|---|
| **From:** | Robbins, Ellen S. [erobbins@Sidley.com] |
| **Sent:** | Thursday, June 13, 2013 7:31 AM |
| **To:** | Andrea P Roberts; microsoft-motorola@calfoharrigan.com; Project-MS/Moto_WDWA_343/1823; RopesWashington1823-Microsoft_Motorola@ropesgray.com; summit1823@summitlaw.com |
| **Cc:** | Microsoft v Moto Breach of RAND Case |
| **Subject:** | Re: Microsoft v. Motorola |

Andrea,

Because we have withdrawn Mr. Killough's Rule 26(a)(2)(C) disclosure, there is no need for an expert deposition. Accordingly, we do not intend to proceed with Friday's deposition.  With respect to any testimony Mr. Killough may offer at trial, as stated in our earlier email, he will be testifying as a fact witness and will not be offering any expert opinion testimony.

---

**From**: Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent**: Wednesday, June 12, 2013 08:31 PM
**To**: Robbins, Ellen S.; 'microsoft-motorola@calfoharrigan.com' <microsoft-motorola@calfoharrigan.com>; Project-MS/Moto_WDWA_343/1823; 'RopesWashington1823-Microsoft_Motorola@ropesgray.com' <RopesWashington1823-Microsoft_Motorola@ropesgray.com>; 'summit1823@summitlaw.com' <summit1823@summitlaw.com>
**Cc**: Microsoft v Moto Breach of RAND Case <MicrosoftvMotoBreachofRANDCase@quinnemanuel.com>
**Subject**: RE: Microsoft v. Motorola

Ellen,

We are in receipt of your email withdrawing the Rule 26(a)(2)(C) disclosure of David Killough.  Please confirm that, if he is permitted to testify at trial, Mr. Killough will not offer any testimony beyond facts to which he was a percipient witness and has personal knowledge, i.e. no expert or opinion testimony whatsoever.  Specifically, please confirm that he will not offer testimony on the following:

- Any adoption or approval or analysis of the methodology used by Microsoft to allocate legal fees and costs to defending against Motorola's claims of infringement of its 802.11 and/or H.264 SEPs.
- Explanation of specific allocations of Sidley time entries, why they are purportedly correct, and the analysis performed by Ms. Robbins to determine each of said allocations
- Any testimony that Motorola's actions and/or alleged breach of contract caused any legal fees and costs to be incurred, and any attempt to calculate such legal fees and costs
- Any causal link between Motorola's alleged contract breaches and the amount of legal fees and costs incurred, e.g., as a result of Motorola sending the October 21 and October 29, 2010 offer letters, Motorola seeking injunctive relief in U.S. district courts, the ITC, and Germany for patent infringement, Motorola not entering into a license with Marvell, Motorola not issuing a license to Microsoft on the terms of Google's MPEG LA license.

Your email does not mention Mr. Killough's deposition.  We therefore assume that he is still available for deposition on Friday and that Microsoft has not cancelled the deposition.  If that is incorrect, please let us know so that we do not travel to Seattle unnecessarily.

Thanks,
Andrea

1

16

**From:** Robbins, Ellen S. [mailto:erobbins@Sidley.com]
**Sent:** Wednesday, June 12, 2013 3:25 PM
**To:** Andrea P Roberts; microsoft-motorola@calfoharrigan.com; Project-MS/Moto_WDWA_343/1823; RopesWashington1823-Microsoft_Motorola@ropesgray.com; summit1823@summitlaw.com
**Cc:** Microsoft v Moto Breach of RAND Case
**Subject:** Re: Microsoft v. Motorola

Andrea,
Please be advised that Microsoft is withdrawing its Rule 26(a)(2)(C) expert disclosure of David Killough. Mr. Killough may still testify at the August 26 trial as a fact witness, but will not be offering expert opinions.

---

**From**: Robbins, Ellen S.
**Sent**: Wednesday, June 12, 2013 04:38 PM
**To**: 'andreaproberts@quinnemanuel.com' <andreaproberts@quinnemanuel.com>; 'microsoft-motorola@calfoharrigan.com' <microsoft-motorola@calfoharrigan.com>; Project-MS/Moto_WDWA_343/1823; 'RopesWashington1823-Microsoft_Motorola@ropesgray.com' <RopesWashington1823-Microsoft_Motorola@ropesgray.com>; 'summit1823@summitlaw.com' <summit1823@summitlaw.com>
**Cc**: 'MicrosoftvMotoBreachofRANDCase@quinnemanuel.com' <MicrosoftvMotoBreachofRANDCase@quinnemanuel.com>
**Subject**: Re: Microsoft v. Motorola

Andrea,
  Please confirm that Dr. Haedicke speaks fluent English and that no translator will be needed at his deposition.

In addition, the address for Professor Haedicke's deposition, scheduled to begin at 9:00 AM Pacific Time on June 14, is:

Sidley Austin LLP
555 California Street
Suite 2000
San Francisco, CA 94104

Please let us know who will be attending so that we can give the names to building security. Thank you for your cooperation.

---

**From**: Andrea P Roberts [mailto:andreaproberts@quinnemanuel.com]
**Sent**: Friday, May 31, 2013 06:47 PM
**To**: Robbins, Ellen S.; microsoft-motorola@calfoharrigan.com <microsoft-motorola@calfoharrigan.com>; Project-MS/Moto_WDWA_343/1823; RopesWashington1823-Microsoft_Motorola@ropesgray.com <RopesWashington1823-Microsoft_Motorola@ropesgray.com>; summit1823@summitlaw.com <summit1823@summitlaw.com>
**Cc**: Microsoft v Moto Breach of RAND Case <MicrosoftvMotoBreachofRANDCase@quinnemanuel.com>
**Subject**: Microsoft v. Motorola

Ellen,

Dr. Haedicke is available for deposition on June 14 in Quinn Emanuel's San Francisco office.  Dr. Leonard is available for deposition on June 24 in our San Francisco office.  Please confirm that Microsoft will proceed on these dates.  We are working on confirming a date for Holleman and will provide it shortly.

Please let us know when and where Microsoft's experts are available deposition.

2

17

Thanks,
Andrea

**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----------------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
***************************************************************************************************
**********
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

***************************************************************************************************
**********

18

# EXHIBIT D

CONFIDENTIAL

Page 1

1               IN THE UNITED STATES DISTRICT COURT

2           FOR THE WESTERN DISTRICT OF WASHINGTON

3

4                           AT SEATTLE

5

6

7

8      MICROSOFT CORPORATION, a              )

9      Washington corporation,              )

10                                          )

11                   Plaintiff,             )

12                                          ) No. 2-10-cv-

13              vs.                         ) 01823-JLR

14                                          )

15     MOTOROLA, INC., and MOTOROLA         )

16     MOBILITY, INC.,                      )

17                                          )

18                   Defendants.            )

19

20

21         VIDEOTAPED 30(b)(6) DEPOSITION OF DAVID KILLOUGH

22

23                       May 6, 2013

24

25        Job No. CS1661676     Seattle, Washington

CONFIDENTIAL

Page 47

1       to H.264, and they -- you know, numbers of them just

2       typically were focused on those things.

3            And the same would be true for, you know, patents

4       that were declared essential to 801.11; there would

5       be some subset of folks that would spend, you know,

6       their time working on those, and might not do any

7       work on H.264 declared patents, for example.

8            That's the kind of, you know, specialization/

9       segregation of labor that I was thinking of.

10   Q   Okay.  And was that segregation of labor solely at

11      Sidley, or was that also at Harrigan and Michael

12      Best's firm?

13   A   I typically think of it as it would be, you know,

14      Sidley with that kind of segregation.

15   Q   Do you know the names of the attorneys who were

16      focused on the 802.11 standard-essential patents?

17   A   No, I don't have a clear recollection as I sit here.

18   Q   Do you know the names of the attorneys who were

19      focused on the H.264 standard-essential patents?

20   A   Yeah.  Certainly Doug Lewis was -- was one of them.

21           And I just don't have a clear recollection of

22      whether John McBride was principally H.264 or 801.11,

23      but there were, you know, several folks.  I'm just --

24      just can't sort out in my mind who exactly was the --

25      you know, focusing on which bucket versus another

1       bucket of patents.

2   Q   And to your knowledge, was there any -- any groups of

3       subsets of attorneys at Sidley focused on the '680

4       patent or the '582 patent asserted by Microsoft?

5   A   Certainly there would have been attorneys that would

6       do just spadework and the due diligence necessary to

7       assert, you know, a patent.  And I can't remember who

8       that may be.  And they may have and expect would be

9       involved in other things, you know, as well and not

10      dedicated just to that.

11          It would seem to me to be unlikely that we had

12      anybody dedicated to the 699 counterclaims, the

13      patent aspects of those.

14  Q   Okay.  And to your knowledge, when you were speaking

15      about the people who were focused on the 802.11 and

16      H.264 patents, did those attorneys also work on other

17      aspects of the cases, or did they solely work on --

18      on those patents?

19  A   I don't have a specific recollection.  They may well

20      have worked on other patents as well and other

21      aspects of the case.  I think that would be, in many

22      instances, likely that they didn't just do H.264 or

23      just 802.11 patents.

24  Q   Are you aware of any documentation that breaks down

25      the different sets of attorneys at Sidley that had

CONFIDENTIAL

Page 121

```
 1      allow you to make that finer allocation, did
 2      Microsoft basically apply a general percentage rule
 3      based on the patents in play at that time in the
 4      case?
 5   A  One of two things would happen.  It would either be
 6      thrown out and not requested recovery at all.  If --
 7      if there wasn't enough information from the entry to
 8      determine, then it would just be thrown out.
 9          If the entry reflected, you know -- it was
10      clearly, for example, on the ITC 752 case, if it was
11      clearly an activity that, you know, could have
12      applied across the board to all patents, then, yes,
13      you apply the general rule.
14   Q  Now, who -- who actually went through and did all the
15      allocations?
16   A  For Sidley, I believe Ellen Robbins did.
17   Q  Poor Ellen, all by herself?
18   A  That's my understanding.
19                     MS. ROBERTS:  Sounds like fun.
20                     MS. ROBBINS:  True.
21   Q  (By Ms. Roberts)  Okay.  And --
22                     MS. ROBBINS:  Let's repeat that
23      "poor Ellen" part again a little louder, to make
24      sure...
25   Q  (By Ms. Roberts)  So Ellen did the allocations.
```