HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11  MICROSOFT CORPORATION,

Plaintiff,

12          vs.

13  MOTOROLA, INC.,  et al.,

14                        Defendants.
_____
15  MOTOROLA MOBILITY LLC, et al.,

16                        Plaintiffs,

17          vs.

18  MICROSOFT CORPORATION,

19                        Defendants.

20

Case No. C10-1823-JLR

JOINT MOTION TO AMEND
PROTECTIVE ORDER

**NOTED FOR:**
Tuesday, July 23, 2013

21          Plaintiff Microsoft and Defendants Motorola Solutions, Motorola Mobility, and

22  General Instrument, through counsel undersigned, respectfully move the Court for entry of the

23  Second Amended Protective Order Regarding the Disclosure and Use of Discovery Materials

24  being filed concurrently herewith.  The parties' proposed Second Amended Protective Order

25  (attached hereto as Exhibit A) revises the Amended Protective Order to allow for the disclosure

JOINT MOTION TO AMEND PROTECTIVE          **No. C10-1823**
ORDER - 1

1   of "Confidential Business Information" as part of any mock jury exercise conducted by a party,

2   and to non-technical jury or trial consulting services.  A red-line reflecting the parties'

3   proposed revisions to the Amended Protective Order is attached hereto as Exhibit B.

4             DATED this 23rd day of July, 2013.

5                                     CALFO HARRIGAN LEYH & EAKES LLP

6                                     By ____s/Arthur W. Harrigan, Jr._____
7                                          Arthur W. Harrigan, Jr., WSBA #1751

8                                     By ____s/Christopher Wion_____
                                           Christopher Wion, WSBA #33207
9
                                      By ____s/Shane P. Cramer_____
10                                         Shane P. Cramer, WSBA #35099
                                           999 Third Avenue, Suite 4400
11                                         Seattle, WA  98104
                                           Phone:  206-623-1700
12                                         arthurh@calfoharrigan.com
                                           chrisw@calfoharrigan.com
13                                         shanec@calfoharrigan.com

14

15                                    By ____s/T. Andrew Culbert_____
                                           T. Andrew Culbert
16
                                      By ____s/David E. Killough_____
17                                         David E. Killough

18                                    MICROSOFT CORPORATION
                                           1 Microsoft Way
19                                         Redmond, WA  98052
                                           Phone:  425-882-8080
20                                         Fax:  425-869-1327

21
                                           David T. Pritikin
22                                         Richard A. Cederoth
                                           Constantine L. Trela, Jr.
23                                         William H. Baumgartner, Jr.
                                           Ellen S. Robbins
24                                         Douglas I. Lewis
                                           David C. Giardina
25                                         John W. McBride

JOINT MOTION TO AMEND PROTECTIVE          No. C10-1823
ORDER - 2
                                                           LAW OFFICES
                                              CALFO HARRIGAN LEYH & EAKES LLP
                                                   999 THIRD AVENUE, SUITE 4400
                                                    SEATTLE, WASHINGTON 98104
                                              TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Nathaniel C. Love

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
Ralph H. Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081
Lynn M. Engel, WSBA #21934
*ralphp@summitlaw.com*
*philm@summitlaw.com*
*lynne@summitlaw.com*

By */s/ Thomas V. Miller*
Thomas V. Miller
MOTOROLA MOBILITY LLC
600 North U.S. Highway 45
Libertyville, IL 60048-1286
(847) 523-2162
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By */s/ Kathleen M. Sullivan*
Kathleen M. Sullivan, NY #1804624
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000
*kathleensullivan@quinnemanuel.com*

JOINT MOTION TO AMEND PROTECTIVE
ORDER - 3

No. C10-1823

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

By */s/ Brian C. Cannon*
Brian C. Cannon, CA #193071
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
*briancannon@quinnemanuel.com*

By */s/ William C. Price*
William C. Price, CA #108542
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
*williamprice@quinnemanuel.com*

JOINT MOTION TO AMEND PROTECTIVE
ORDER - 4

No. C10-1823

1

## CERTIFICATE OF SERVICE

2      I, Florine Fujita, swear under penalty of perjury under the laws of the State of

3  Washington to the following:

4      1.      I am over the age of 21 and not a party to this action.

5      2.      On the 23rd day of July, 2013, I caused the preceding document to be served on

6  counsel of record in the following manner:

7  **Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

8

9  Ralph Palumbo, WSBA #04751
   Philip S. McCune, WSBA #21081              _____ Messenger
   Lynn M. Engel, WSBA #21934                 _____ US Mail
10 Summit Law Group                           _____ Facsimile
   315 Fifth Ave. South, Suite 1000              X    ECF
11 Seattle, WA  98104-2682
   Telephone:  206-676-7000
12 Email:  Summit1823@summitlaw.com

13

14 Steven Pepe (*pro hac vice*)               _____ Messenger
   Jesse J. Jenner (*pro hac vice*)           _____ US Mail
15 Ropes & Gray LLP                           _____ Facsimile
   1211 Avenue of the Americas                   X    ECF
16 New York, NY  10036-8704
   Telephone:  (212) 596-9046
17 Email:  steven.pepe@ropesgray.com
   Email:  jesse.jenner@ropesgray.com
18

19

20 Norman H. Beamer (*pro hac vice*)          _____ Messenger
   Ropes & Gray LLP                           _____ US Mail
   1900 University Avenue, 6th Floor          _____ Facsimile
21 East Palo Alto, CA  94303-2284                X    ECF
   Telephone:  (650) 617-4030
22 Email:  norman.beamer@ropesgray.com

23

24

25

JOINT MOTION TO AMEND PROTECTIVE          **No. C10-1823**
ORDER - 5

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| One Metro Center | _____ Facsimile |
| 700 12th Street NW, Suite 900 | __X__ ECF |
| Washington, DC  20005-3948 | |
| Telephone:  (202) 508-4693 | |
| Email: Paul.schoenhard@ropesgray.com | |

| | |
|---|---|
| Andrea Pallios Roberts (*pro hac vice*) | _____ Messenger |
| Brian C. Cannon (*pro hac vice*) | _____ US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
| 555 Twin Dolphin Drive, 5th Floor | __X__ ECF |
| Redwood Shores, CA 94065 | |
| Telephone:  (650) 801-5000 | |
| Email: andreaproberts@quinnemanuel.com | |
| Email: briancannon@quinnemanuel.com | |

| | |
|---|---|
| Kathleen M. Sullivan (*pro hac vice*) | _____ Messenger |
| David Elihu (*pro hac vice*) | _____ US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
| 51 Madison Ave., 22nd Floor | __X__ ECF |
| New York, NY 10010 | |
| Telephone:  (212) 849-7000 | |
| Email: kathleensullivan@quinnemanuel.com | |

| | |
|---|---|
| William Price (*pro hac vice*) | _____ Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ US Mail |
| 865 S. Figuera St., 10th Floor | _____ Facsimile |
| Los Angeles, CA 90017 | __X__ ECF |
| Telephone:  (212) 443-3000 | |
| Email: williamprice@quinnemanuel.com | |
| MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | |

DATED this 23rd day of July, 2013.


s/  Florine Fujita
FLORINE FUJITA

No. C10-1823

# EXHIBIT A

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a
Washington corporation,

        Plaintiff,

    vs.

MOTOROLA, INC., MOTOROLA
MOBILITY LLC, and GENERAL
INSTRUMENT CORPORATION,

        Defendants.

CASE NO. C10-1823-JLR

**SECOND AMENDED PROTECTIVE
ORDER REGARDING THE
DISCLOSURE AND USE OF
DISCOVERY MATERIALS**

Microsoft Corporation ("Microsoft") and Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation (collectively "Motorola") hereby stipulate that this protective order should be entered and will govern the conduct of discovery in this case.

1.      Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Court is required by law to disclose such information.

2.      (a)      Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing, or orally at a deposition, conference, or hearing, and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

(b)      The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding before, during, or after the close of the action herein.  If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3. In the absence of written permission from the supplier or an order from the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:

      (i)     outside counsel for parties to this action, including necessary secretarial and support personnel assisting such counsel;

      (ii)    qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof;

      (iii)   technical experts and their staff who are employed for the purposes of this litigation;

      (iv)   T. Andrew Culbert (for Microsoft) and K. McNeill Taylor (for Motorola);

      (v)    Up to two additional in-house attorneys for any party conducting a mock jury exercise, the disclosure of Confidential Business Information to such individuals being limited to only that Confidential Business Information disclosed during and as part of the mock jury exercise;

      (vi)   the Court;

      (vii)  Non-technical jury or trial consulting services; and

      (viii)  mock jurors.

4. Confidential Business Information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraphs 3(iii)-(v) and (vii) unless he or she shall have first read this order and shall have signed a writing substantially provided as Attachment A hereto, a copy of which shall be provided to both parties, manifesting agreement:

      (i)     to be bound by the terms thereof;

      (ii)    not to reveal such Confidential Business Information to anyone other than another person designated in paragraph 3; and

      (iii)   to utilize such Confidential Business Information solely for purposes of this action.

For persons designated in paragraphs 3(iii)-(v), a copy of the signed Attachment A shall be provided to both parties.  Confidential Business Information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(viii) unless he or she shall have first signed a confidentiality agreement confirming that they will not disclose any such information or use it for any purpose other than for the present case.

5.     If the Court orders, or if the supplier and all parties to the action agree, that access to or dissemination of information submitted as Confidential Business Information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to or disseminated to such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Court finds that the information is not Confidential Business Information as defined in paragraph 1 hereof

6.     In addition to the persons included in paragraph 3 above, Confidential Business Information contained in responses to interrogatories, answers to requests for admission, submissions to the Court, expert reports (exclusive of exhibits and source code excerpts), opinions and orders of the Court may be accessible to or disseminated to the following two in- house counsel, who are members of at least one state bar in good standing, with direct responsibility for managing this litigation:

(a)     for Motorola, Tom Miller and Richard A. Wulff

(b)     for Microsoft, David E. Killough.

provided that (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION — OUTSIDE ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the in-house counsel designated under this paragraph 6; and (2) such in-house counsel shall have first read this order and shall have signed a writing

1   substantially provided as Attachment A hereto, a copy of which shall be provided to both parties,

2   manifesting agreement:

3           (i)     to be bound by the terms thereof;

4           (ii)    not to reveal such Confidential Business Information to anyone other than

5   another person designated in paragraph 3; and

6           (iii)   to utilize such Confidential Business Information solely for purposes of this

7   action.

8          7.     Subject to the restrictions of paragraph 6 above, the two in-house counsel

9   designated therein shall not be excluded from any confidential portion of the trial or other in-

10  Court proceedings in this case.

11         8.     Any Confidential Business Information submitted to the Court in connection with a

12  motion or other proceeding within the purview of this action shall be submitted under seal

13  pursuant to paragraph 2 above.  Any portion of a transcript in connection with this action

14  containing any Confidential Business Information submitted pursuant to paragraph 2 above shall

15  be bound separately and filed under seal.  When any Confidential Business Information submitted

16  in accordance with paragraph 2 above is included in an authorized transcript of a deposition or

17  exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind

18  such confidential portions and separately label them [SUPPLIER'S NAME], CONFIDENTIAL

19  BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER.  Before a court reporter

20  receives any such information, he or she shall have first read this order and shall have agreed in

21  writing to be bound by the terms thereof Alternatively, he or she shall sign the agreement included

22  as Attachment B hereto.  Copies of each such signed agreement shall be provided to the supplier

23  of such Confidential Business Information.

24         9.     The restrictions upon, and obligations accruing to, persons who become subject to

25  this order shall not apply to any information submitted in accordance with paragraph 2 above to

26  which the person asserting the confidential status thereof agrees in writing, or the Court rules after

27  an opportunity for hearing, that the information was publicly known at the time it was supplied to

28  the receiving party or has since become publicly known through no fault of the receiving party.

10.     If while this action is before the Court, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing and they will thereupon confer as to the status of the subject information proffered within the context of this order.  If prior to or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the action, such supplier shall express the withdrawal in writing, and serve such withdrawal upon all parties.  If the recipient and supplier are unable to concur upon the status of the subject information submitted as Confidential Business Information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Court who will rule upon the matter.  The Court may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11.     No less than 10 days (or any other period of time designated by the Court) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier.  If the supplier objects to the disclosure of such Confidential Business Information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure.  If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objection, the supplier shall submit immediately each objection to the Court for a ruling.  The submission of such Confidential Business Information to such proposed expert shall be withheld pending the ruling of the Court.

12.     If Confidential Business Information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Court and, without prejudice to other rights and remedies of

Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1   the supplier, make every effort to prevent further disclosure by it or by the person who was the

2   recipient of such information.

3       13.     Nothing in this order shall abridge the right of any person to seek judicial review or

4   to pursue other appropriate judicial action with respect to any ruling made by the Court concerning

5   the issue of the status of Confidential Business Information.

6       14.     Upon final termination of this action, each party that is subject to this order shall

7   assemble and return to the supplier all items containing Confidential Business Information

8   submitted in accordance with paragraph 2 above, including all copies of such matter which may

9   have been made.  Alternatively, the parties subject to this order may, with the written consent of

10  the supplier, destroy all items containing Confidential Business Information and certify to the

11  supplier (or his counsel) that such destruction has taken place.

12      15.     If any Confidential Business Information which is supplied in accordance with

13  paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered a

14  "supplier" as that term is used in the context of this order.

15      16.     Each nonparty supplier shall be provided a copy of this order by the party seeking

16  information from said supplier.

17      17.     The inadvertent production of any document or information (whether designated as

18  Confidential Business Information or not) shall not be deemed to waive any attorney-client

19  privilege, work product protection, or other privilege or immunity that would otherwise attach to

20  the document or information produced, or to other documents or information, so long as the

21  procedures of paragraphs 18 and 19 below are followed.

22      18.     If a producing party or person discovers that a privileged, protected, or otherwise

23  immune document or information has been produced, the party or person must, promptly after

24  discovery, notify all other party or parties of the claim of privilege or other protection or

25  immunity.  Upon such notice, each other party shall use its best efforts to retrieve the original and

26  all copies of the identified document or information of which the party is aware, shall promptly

27  destroy all such copies of the identified document or information, and shall notify the producing

28  party in writing that it has done so within ten (10) calendar days of receiving such notice.  Such

SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1 destruction shall not constitute an acknowledgement that the identified document or information

2 is, in fact, privileged or entitled to protection or immunity and shall not preclude any party from

3 later moving the Court to compel the production of the identified document or information.

4 Within a reasonable time after notifying the other party or parties of a claim of privilege or other

5 protection or immunity, the Producing Party shall provide a privilege log for those materials.

6       19.    If a receiving party receives any document or information that appears to be subject

7 to an attorney-client privilege, work product protection, or other privilege or immunity that would

8 otherwise attach to the document or information, and where it is reasonably apparent that the

9 document or information was provided or made available through inadvertence, the receiving

10 party must refrain from examining the document or information any more than is essential to

11 ascertain whether the document or information is likely privileged, protected, or otherwise

12 immune, and shall immediately notify the producing party in writing that the receiving party

13 possesses material that appears to be privileged, protected, or otherwise immune.  The procedures

14 of paragraph 18 shall then apply.

15       20.    The parties have agreed to follow the provisions of Fed. R. Civ. P. 26(b)(4)(B)-(D),

16 as amended effective December 1, 2010, with respect to the protection of draft expert reports and

17 communications between a party's attorney(s) and an expert(s).  In addition, the parties have

18 agreed that notes taken by the parties' experts in the course of the preparation of their reports,

19 drafts of the expert reports, and all communications between counsel for the parties and their

20 experts (including, but not limited to, emails and other written correspondence) (all of the

21 foregoing hereinafter referred to as "Expert Work Product") need not be retained and shall be not

22 produced in this or any other action.  Expert Work Product shall not include communications,

23 information and things that are relied upon by the expert in his or her opinions, or which otherwise

24 form the basis of the expert's report.  Neither the terms of this paragraph nor the parties'

25 agreement to them implies that any of the information restricted from discovery in this paragraph

26 would otherwise be discoverable.

27       21.    Confidential Source Code shall mean human-readable programming language text

28 that defines software, firmware, or electronic hardware descriptions.  Confidential Source Code

1  includes, without limitation, computer code; scripts; assembly; object code; source code listings

2  and descriptions of source code; object code listings and descriptions of object code; Hardware

3  Description Language (HDL); Register Transfer Level (RTL) files that describe the hardware

4  design of any ASIC or other chip; similarly sensitive implementation details; files containing text

5  written in "C," "C++," assembler, VHDL, Verilog, and digital signal processor (DSP)

6  programming languages; ".include files;" "make" files; link files; and other human- readable text

7  files used in the generation and/or building of software directly executed on a microprocessor,

8  microcontroller, or DSP.  Confidential Source Code is a form of, and shall be afforded all of the

9  same protections as, Confidential Business Information as defined in paragraph 1 hereto unless

10  otherwise provided in paragraphs 21 to 26.  The restrictions herein on Confidential Source Code

11  do not apply to publicly-available source code available as open source code.

12      22.    To the extent that a party wishes to obtain access to Confidential Source Code, the

13  following procedures may apply at the option of the supplier.  Nothing in this Order shall be

14  construed as a representation or admission by a party that Confidential Source Code is properly

15  discoverable in this action, or to obligate any party to produce Confidential Source Code.

16      23.    Documents or things that comprise a party's confidential, proprietary and/or trade

17  secret source code or object code may be designated CONFIDENTIAL SOURCE CODE.

18  Documents or things that include or are accompanied by confidential, proprietary and/or trade

19  secret source code or object code may be designated CONFIDENTIAL SOURCE CODE only if

20  such confidential, proprietary and/or trade secret source code or object code cannot reasonably be

21  segregated from the document or thing.  The following conditions shall govern the production,

22  review and use of documents or things designated CONFIDENTIAL SOURCE CODE.

23      24.    All information designated as CONFIDENTIAL SOURCE CODE shall be subject

24  to the following provisions:

25          (i)    Subject to the following notice provisions and each producing party's

26  written objections, each producing party shall make its responsive CONFIDENTIAL

27  SOURCE CODE continuously available for inspection during discovery and through the

28  conclusion of the trial in this action.  Any single reviewing session (conducted during one

SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 6:00 P.M. local time) on four (4) calendar days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(ii)   A list of names of persons who will view the source code will be provided to the producing party in conjunction with the written notice requesting inspection.  The receiving party shall maintain a daily log of the names of persons who enter the source code viewing room (see paragraph 24(iv) below) to view the source code and note on the log when these persons enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to receive a copy of the log, but shall not otherwise be entitled to observe the receiving party's inspection.

(iii)   All source code produced pursuant to these provisions will be made available by the producing party at the following locations:

• By Motorola, at the offices of Ropes & Gray LLP, 111 South Wacker Drive, 46th Floor, Chicago, Illinois 60606;

• By Microsoft, at the offices of Sidley Austin LLP, 1501 K Street NW, Washington, DC 20005; and

• By third parties, at such location(s) as may be mutually agreed to by the producing third party and the requesting party, or as otherwise ordered by the Court.

(iv)   All source code will be made available in a private room, on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer").  The producing party shall be obligated to install such reasonable tools or programs necessary to review and search the code produced on the platform produced, as specified by the receiving party, which the receiving party may provide if the producing party does not have.  For example, prior to the date of the inspection, a text editor or IDE capable of performing

SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

syntax highlighting should be installed on the Source Code Computer.  The producing party shall not be obligated to install tools or programs capable of compiling and running source code.  To the extent the receiving party provides the producing party with tools or programs to install for use during a reviewing session, any such tools or programs must be provided no later than five (5) business days in advance of the first reviewing session for which such installation is desired.  Thereafter, such tools or programs shall remain on the Source Code Computer throughout the discovery period, absent agreement to the contrary.

(v)     The receiving party's outside counsel and/or technical advisers shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  Such notes shall be subject to the provisions of paragraph 24(x) below.  No copies of all or any portion of the source code may leave the room in which the source code is inspected.  Furthermore, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(vi)    During inspection of the code, the receiving party may compile a list of source code files to be produced.  The receiving party will only identify such files as are reasonably necessary to facilitate the receiving party's preparation of the case, including (1) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (2) to prepare internal attorney work product materials, (3) or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  In no event may the receiving party identify more than those files necessary to analyze the issues in this case during the duration of the case without prior written approval by the producing party.  Upon identification of such files by the receiving party, the producing party shall print, append production numbers to, and label such files with the file's complete file path (*e.g., ./product1/source/main/test/test.h*) and the designation CONFIDENTIAL SOURCE CODE.  If the producing party objects that identified files are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days of the identification of any files by the

SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

receiving party.  If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one printed copy of the identified files to the receiving party within five (5) business days of the identification of such files by the receiving party or, if applicable, resolution of a dispute by the Court.  The printed pages shall constitute part of the source code produced by the producing party in this action.

(vii)    Unless otherwise agreed in advance by the parties in writing, following each reviewing session (conducted during one business day or during consecutive business days of review), the receiving party's outside counsel and/or technical advisers shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

(viii)    The receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

(ix)    Documents designated CONFIDENTIAL SOURCE CODE may only be viewed by or disclosed to outside counsel or the receiving party's technical advisers approved by the producing party and their necessary support personnel.  The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult, subject to the following provision. Documents designated CONFIDENTIAL SOURCE CODE may not be disclosed to in-house counsel.

(x)     A party desiring to disclose information to a technical adviser shall give prior written notice to the producing party or non-party, who shall have ten (10) business days after such notice is given to object in writing.  A party desiring to disclose CONFIDENTIAL SOURCE CODE information to a technical adviser must provide the following information for each technical adviser: (i) name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years; and (ii) a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  No CONFIDENTIAL SOURCE CODE information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

(xi)     The outside counsel and technical advisers (who have been approved to access source code under paragraphs 24(ix) and 24(x) above) for a receiving party shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in paragraphs 24(v) and 24(vi)) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when those materials are not in use;

(xii)     The receiving party's outside counsel of record may make no more than five additional paper copies of any portions of the source code files identified pursuant to paragraph 24(vi), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any paper copies of source code shall be designated CONFIDENTIAL SOURCE CODE — and shall be stored or viewed only at (1) the offices of outside counsel for the receiving party, (2) the offices of technical advisers who have been approved to access source code under paragraphs 24(ix) and 24(x), (3) the site where any deposition is taken, (4) the Court, or (5) any intermediate location necessary to transport the information to a hearing, trial, or

deposition.  Any such paper copies shall be maintained at all times in a locked and secure location.  The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order.  The producing party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

(xiii)    The receiving party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used — as an example, excerpts of approximately 25 to 40 lines in length are presumptively reasonable.

(xiv)    To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped as CONFIDENTIAL SOURCE CODE.  All Source Code Documents shall also be marked with the legend "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice, and shall be treated as Confidential Business Information pursuant to this Protective Order.

(xv)    All paper copies of source code shall be securely destroyed if they are no longer necessary in the litigation *(e.g.,* extra copies at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xvi)    The receiving party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer *(e.g.,* may not scan the source code to a PDF, or photograph the code).  The receiving party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers

on any other party (including expert reports).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

25.     Unless otherwise ordered by the Court, Confidential Source Code designated as "CONFIDENTIAL SOURCE CODE" shall be subject to the provisions set forth in paragraphs 21 to 26 and may be disclosed, subject to paragraphs 21 to 26, solely to:

(a)     outside counsel representing the parties to this action, as defined in paragraph 3(i), including necessary secretarial and support personnel regularly employed by and assisting such counsel, except that, unless otherwise agreed, no outside counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Confidential Source Code designated as "CONFIDENTIAL SOURCE CODE;"

(b)     any outside expert or consultant retained by a party for the purposes of this action and who satisfies paragraph 3(iii) of this Order, provided that disclosure is only to the extent necessary to perform such work; and provided that:

(i)     such expert or consultant has agreed to be bound by the provisions of this Order as required by paragraphs 3, 4, and 11 of this Order,

(ii)     such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party in the technical subject matter of the Confidential Business Information produced, and

(iii)     no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in paragraphs 3, 4, and 11 of this Order;

(c)     court reporters, stenographers, and videographers retained to record testimony taken in this action, provided that such court reporters, stenographers, and videographers have agreed to be bound by the provisions of this Order as required by paragraph 4 of this Order;

-14-                    Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

(d)     the Court;

(e)     any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes at that time that the Confidential Source Code or portion of the Confidential Source Code was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this action;

(f)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(g)     any other person with the prior written consent of the supplier.

26.     Access to and review of the Confidential Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this action.  No person shall review or analyze any Confidential Source Code for purposes unrelated to this action, nor may any person use any knowledge gained as a result of reviewing Confidential Source Code in this action in any other pending or future dispute, proceeding, patent prosecution, or litigation.

1  **AGREED AND STIPULATED TO:**

2  CALFO HARRIGAN LEYH & EAKES LLP          SUMMIT LAW GROUP PLLC

3

4  By _/s/ Arthur W. Harrigan, Jr._              By _/s/ Ralph Palumbo_
       Arthur W. Harrigan, Jr., WSBA #1751           Ralph Palumbo, WSBA #4751
5      Christopher Wion, WSBA #33207               Philip S. McCune, WSBA #21081
       Shane P. Cramer, WSBA #35099                Lynn M. Engel, WSBA #21934
6                                                  ralphp@summitlaw.com
                                                   philm@summitlaw.com
7  T. Andrew Culbert, WSBA #35925              lynne@summitlaw.com
8  David E. Killough, WSBA #21119
   MICROSOFT CORPORATION                       Steven Pepe (pro hac vice)
9  1 Microsoft Way                             Jesse J. Jenner (pro hac vice)
   Redmond, WA  98052                          Ropes & Gray LLP
10 Phone: 425-882-8080                         1211 Avenue of the Americas
   Fax: 425-869-1327                           New York, NY  10036-8704
11                                             (212) 596-9046
12 David T. Pritikin                           steven.pepe@ropesgray.com
   Richard A. Cederoth                         jesse.jenner@ropesgray.com
13 Constantine L. Trela, Jr.
   William H. Baumgartner, Jr.                 Norman H. Beamer (pro hac vice)
14 Ellen S. Robbins                            Ropes & Gray LLP
   Douglas I. Lewis                            1900 University Avenue, 6th Floor
15 David C. Giardina                           East Palo Alto, CA  94303-2284
   John W. McBride                             (650) 617-4030
16 David Greenfield                            norman.beamer@ropesgray.com
17
   SIDLEY AUSTIN LLP                           Paul M. Schoenhard (pro hac vice)
18 One South Dearborn                          Ropes & Gray LLP
   Chicago, IL  60603                          One Metro Center
19 Phone: 312-853-7000                         700 12th Street NW, Suite 900
   Fax: 312-853-7036                           Washington, DC  20005-3948
20                                             (202) 508-4693
21 Carter G. Phillips                          Paul.schoenhard.@ropesgray.com
   Brian R. Nester
22                                             Thomas V. Miller
23 SIDLEY AUSTIN LLP                           MOTOROLA MOBILITY LLC
   1501 K Street NW                            600 North U.S. Highway 45
24 Washington, DC  20005                       Libertyville, IL 60048-1286
   Telephone: 202-736-8000                     (847) 523-2162
25 Fax: 202-736-8711                           QUINN EMANUEL URQUHART &
                                               SULLIVAN, LLP
26 *Counsel for Plaintiff Microsoft Corp.*
27                                             Kathleen M. Sullivan, NY #1804624
                                               51 Madison Ave., 22nd Floor
28                                             New York, NY 10010

SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1

(212) 849-7000
kathleensullivan@quinnemanuel.com

2

3

Brian C. Cannon, CA #193071
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
briancannon@quinnemanuel.com

4

5

6

William C. Price, CA #108542
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
williamprice@quinnemanuel.com

7

8

9

***Attorneys for Defendants Motorola Solutions,
Inc., Motorola Mobility, Inc.***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>ORDER</u>**

2          As stipulated above, IT IS SO ORDERED.

3                                           DATED this _____ day of _____, 2013.

4

5
                                           _____
6                                          THE HONORABLE JAMES L. ROBART

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

01980.62689/5371971.2

-18-                                                  Case No. C10-1823-JLR
                              SECOND AMENDED PROTECTIVE ORDER REGARDING
                              THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

**Attachment A**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | Case No. 10-1823 |
| Plaintiff, | **PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| vs. | |
| MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION; | |
| Defendants | |

**CONFIDENTIALITY AGREEMENT
PURSUANT TO PROTECTIVE ORDER**

I, _____, hereby certify that I have read the Protective Order Regarding the Disclosure and Use of Discovery Materials (the "Order") in the above-captioned case, that I agree to comply with the Order in all respects, and that I hereby submit and waive any objection to the jurisdiction of the United States District Court for the Western District of Washington for the adjudication of any dispute concerning or related to my compliance with the Order.

I understand and agree, in particular, that any Confidential Business Information and any copies, excerpts, or summaries thereof, as well as any knowledge or information derived from any of the aforementioned items, may be used solely for purposes of this litigation and may not be used for any other purpose, including without limitation, and business, commercial or academic purpose.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I further understand and agree that failure to abide fully by the terms of the Order may result in legal action against me, including being held in contempt of court and liability for monetary damages.

Signature:_____

Please print or type the following:

Name:_____

Title and Affiliation:_____

Address:_____

Telephone:_____

1

**Attachment B**

2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3

4

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | Case No. 10-1823 |
| | |
| Plaintiff, | **PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |
| | |
| vs. | |
| | |
| MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION; | |
| | |
| Defendants | |

5

6

7

8

9

10

11

12

13

**NONDISCLOSURE AGREEMENT FOR
REPORTER/STENOGRAPHER/TRANSLATOR**

14

15          I, _____, do solemnly swear or affirm that I will not divulge any

16    information communicated to me in any confidential portion of the action or hearing in *Microsoft*

17    *Corporation v. Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation*,

18    Civil Action No. 10-1823, except as permitted in the protective order issued in this case.  I will not

19    directly or indirectly use or allow the use of such information for any purpose other than that

20    directly associated with my official duties in this case.

21          Further, I will not by direct action, discussion, recommendation, or suggestion to any

22    person reveal the nature or content of any information communicated during any confidential

23    portion of the action or hearing in this case.

24

25

26

27

28

1    I also affirm that I do not hold any position or official relationship with any of the

2  participants in said action.

3                                         Signed _____

4                                         Dated _____

5                                         Firm or Affiliation_____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-                                    Case No. C10-1823-JLR

SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

# EXHIBIT B

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a
Washington corporation,

        Plaintiff,

    vs.

MOTOROLA, INC., MOTOROLA
MOBILITY LLC, and GENERAL
INSTRUMENT CORPORATION,

        Defendants.

CASE NO. C10-1823-JLR

**SECOND AMENDED PROTECTIVE
ORDER REGARDING THE
DISCLOSURE AND USE OF
DISCOVERY MATERIALS**

01980.62689/5371971.2

1    Microsoft Corporation ("Microsoft") and Motorola, Inc., Motorola Mobility, Inc., and

2    General Instrument Corporation (collectively "Motorola") hereby stipulate that this protective

3    order should be entered and will govern the conduct of discovery in this case.

4    1.    Confidential Business Information is information which has not been made public

5    and which concerns or relates to the trade secrets, processes, operations, style of work, or

6    apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers,

7    inventories, amount or source of any income, profits, losses, or expenditures of any person, firm,

8    partnership, corporation, or other organization, the disclosure of which information is likely to

9    have the effect of causing substantial harm to the competitive position of the person, firm,

10   partnership, corporation, or other organization from which the information was obtained, unless

11   the Court is required by law to disclose such information.

12   2.    (a)    Any information submitted in pre-trial discovery or in a pleading, motion,

13   or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted

14   by a supplier to contain or constitute Confidential Business Information shall be so designated by

15   such supplier in writing, or orally at a deposition, conference, or hearing, and shall be segregated

16   from other information being submitted.  Documents shall be clearly and prominently marked on

17   their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS

18   INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the

19   pre-trial phase of this action, such information, whether submitted in writing or in oral testimony,

20   shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to

21   Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of

22   Washington.

23   (b)    The Court may determine that information alleged to be confidential is not

24   confidential, or that its disclosure is necessary for the proper disposition of the proceeding before,

25   during, or after the close of the action herein.  If such a determination is made by the Court,

26   opportunity shall be provided to the supplier of such information to argue its confidentiality prior

27   to the time of such ruling.

28

1        3.       In the absence of written permission from the supplier or an order from the Court,

2   any confidential documents or business information submitted in accordance with the provisions

3   of paragraph 2 above shall not be disclosed to any person other than:

4              (i)      outside counsel for parties to this action, including necessary secretarial and

5   support personnel assisting such counsel;

6              (ii)     qualified persons taking testimony involving such documents or

7   information and necessary stenographic and clerical personnel thereof;

8              (iii)    technical experts and their staff who are employed for the purposes of this

9   litigation;

10            (iv)    T. Andrew Culbert (for Microsoft) and K. McNeill Taylor (for Motorola);

11  ~~and~~

12  ~~the Court;~~

13            (v)     Up to two additional in-house attorneys for any party conducting a mock

14  jury exercise, the disclosure of Confidential Business Information to such individuals

15  being limited to only that Confidential Business Information disclosed during and as part

16  of the mock jury exercise;

17            (vi)    the Court;

18            (vii)   Non-technical jury or trial consulting services; and

19            (viii)  mock jurors.

20        4.       Confidential Business Information submitted in accordance with the provisions of

21   paragraph 2 above shall not be made available to any person designated in paragraphs 3(iii)- (~~iv~~)

22  and (vii) unless he or she shall have first read this order and shall have signed a writing

23  substantially provided as Attachment A hereto, a copy of which shall be provided to both parties,

24  manifesting agreement:

25              (i)      to be bound by the terms thereof;

26              (ii)     not to reveal such Confidential Business Information to anyone other than

27  another person designated in paragraph 3; and

28

1    (iii)   to utilize such Confidential Business Information solely for purposes of this

2    action.

3    (iii)   For persons designated in paragraphs 3(iii)-(iv), a copy of the signed Attachment A shall

4    be provided to both parties.  Confidential Business Information submitted in accordance with the

5    provisions of paragraph 2 above shall not be made available to any person designated in paragraph

6    3(viii) unless he or she shall have first signed a confidentiality agreement confirming that they will

7    not disclose any such information or use it for any purpose other than for the present case.

8        5.    If the Court orders, or if the supplier and all parties to the action agree, that access

9    to or dissemination of information submitted as Confidential Business Information shall be made

10   to persons not included in paragraph 3 above, such matter shall only be accessible to or

11   disseminated to such persons based upon the conditions pertaining to, and obligations arising from

12   this order, and such persons shall be considered subject to it, unless the Court finds that the

13   information is not Confidential Business Information as defined in paragraph 1 hereof

14       6.    In addition to the persons included in paragraph 3 above, Confidential Business

15   Information contained in responses to interrogatories, answers to requests for admission,

16   submissions to the Court, expert reports (exclusive of exhibits and source code excerpts), opinions

17   and orders of the Court may be accessible to or disseminated to the following two in- house

18   counsel, who are members of at least one state bar in good standing, with direct responsibility for

19   managing this litigation:

20       (a)    for Motorola, Tom Miller and Richard A. Wulff

21       (b)    for Microsoft, David E. Killough.

22   provided that (1) Confidential Business Information pertaining to licensing or other commercially

23   sensitive financial information shall not be made available under this paragraph 6 to such

24   designated in-house counsel; the supplier shall designate such Confidential Business Information

25   pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S

26   NAME] CONFIDENTIAL FINANCIAL INFORMATION — OUTSIDE ATTORNEYS' EYES

27   ONLY — SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of

28   such document that may be disseminated to the in-house counsel designated under this paragraph

-3-    Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

**Formatted:** Level 3

**Formatted:**  No bullets or numbering

6; and (2) such in-house counsel shall have first read this order and shall have signed a writing substantially provided as Attachment A hereto, a copy of which shall be provided to both parties, manifesting agreement:

> (i)   to be bound by the terms thereof;
>
> (ii)  not to reveal such Confidential Business Information to anyone other than another person designated in paragraph 3; and
>
> (iii) to utilize such Confidential Business Information solely for purposes of this action.

7.   Subject to the restrictions of paragraph 6 above, the two in-house counsel designated therein shall not be excluded from any confidential portion of the trial or other in-Court proceedings in this case.

8.   Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.  Any portion of a transcript in connection with this action containing any Confidential Business Information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal.  When any Confidential Business Information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them [SUPPLIER'S NAME], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER.  Before a court reporter receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof Alternatively, he or she shall sign the agreement included as Attachment B hereto.  Copies of each such signed agreement shall be provided to the supplier of such Confidential Business Information.

9.   The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules after

1    an opportunity for hearing, that the information was publicly known at the time it was supplied to

2    the receiving party or has since become publicly known through no fault of the receiving party.

3        10.    If while this action is before the Court, a party to this order who is to be a recipient

4    of any business information designated as confidential and submitted in accordance with

5    paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the

6    supplier in writing and they will thereupon confer as to the status of the subject information

7    proffered within the context of this order.  If prior to or at the time of such a conference, the

8    supplier withdraws its designation of such information as being subject to this order, but

9    nonetheless submits such information for purposes of the action, such supplier shall express the

10   withdrawal in writing, and serve such withdrawal upon all parties.  If the recipient and supplier are

11   unable to concur upon the status of the subject information submitted as Confidential Business

12   Information within ten days from the date of notification of such disagreement, any party to this

13   order may raise the issue of the designation of such a status to the Court who will rule upon the

14   matter.  The Court may *sua sponte* question the designation of the confidential status of any

15   information and, after opportunity for hearing, may remove the confidentiality designation.

16       11.    No less than 10 days (or any other period of time designated by the Court) prior to

17   the initial disclosure to a proposed expert of any confidential information submitted in accordance

18   with paragraph 2, the party proposing to use such expert shall submit in writing the name of such

19   proposed expert and his or her educational and employment history to the supplier.  If the supplier

20   objects to the disclosure of such Confidential Business Information to such proposed expert as

21   inconsistent with the language or intent of this order or on other grounds, it shall notify the

22   recipient in writing of its objection and the grounds therefor prior to the initial disclosure.  If the

23   dispute is not resolved on an informal basis within ten days of receipt of such notice of objection,

24   the supplier shall submit immediately each objection to the Court for a ruling.  The submission of

25   such Confidential Business Information to such proposed expert shall be withheld pending the

26   ruling of the Court.

27       12.    If Confidential Business Information submitted in accordance with paragraph 2 is

28   disclosed to any person other than in the manner authorized by this protective order, the party

1   responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure

2   to the attention of the supplier and the Court and, without prejudice to other rights and remedies of

3   the supplier, make every effort to prevent further disclosure by it or by the person who was the

4   recipient of such information.

5       13.     Nothing in this order shall abridge the right of any person to seek judicial review or

6   to pursue other appropriate judicial action with respect to any ruling made by the Court concerning

7   the issue of the status of Confidential Business Information.

8       14.     Upon final termination of this action, each party that is subject to this order shall

9   assemble and return to the supplier all items containing Confidential Business Information

10  submitted in accordance with paragraph 2 above, including all copies of such matter which may

11  have been made.  Alternatively, the parties subject to this order may, with the written consent of

12  the supplier, destroy all items containing Confidential Business Information and certify to the

13  supplier (or his counsel) that such destruction has taken place.

14      15.     If any Confidential Business Information which is supplied in accordance with

15  paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered a

16  "supplier" as that term is used in the context of this order.

17      16.     Each nonparty supplier shall be provided a copy of this order by the party seeking

18  information from said supplier.

19      17.     The inadvertent production of any document or information (whether designated as

20  Confidential Business Information or not) shall not be deemed to waive any attorney-client

21  privilege, work product protection, or other privilege or immunity that would otherwise attach to

22  the document or information produced, or to other documents or information, so long as the

23  procedures of paragraphs 18 and 19 below are followed.

24      18.     If a producing party or person discovers that a privileged, protected, or otherwise

25  immune document or information has been produced, the party or person must, promptly after

26  discovery, notify all other party or parties of the claim of privilege or other protection or

27  immunity.  Upon such notice, each other party shall use its best efforts to retrieve the original and

28  all copies of the identified document or information of which the party is aware, shall promptly

-6-                    Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1  destroy all such copies of the identified document or information, and shall notify the producing

2  party in writing that it has done so within ten (10) calendar days of receiving such notice.  Such

3  destruction shall not constitute an acknowledgement that the identified document or information

4  is, in fact, privileged or entitled to protection or immunity and shall not preclude any party from

5  later moving the Court to compel the production of the identified document or information.

6  Within a reasonable time after notifying the other party or parties of a claim of privilege or other

7  protection or immunity, the Producing Party shall provide a privilege log for those materials.

8      19.    If a receiving party receives any document or information that appears to be subject

9  to an attorney-client privilege, work product protection, or other privilege or immunity that would

10  otherwise attach to the document or information, and where it is reasonably apparent that the

11  document or information was provided or made available through inadvertence, the receiving

12  party must refrain from examining the document or information any more than is essential to

13  ascertain whether the document or information is likely privileged, protected, or otherwise

14  immune, and shall immediately notify the producing party in writing that the receiving party

15  possesses material that appears to be privileged, protected, or otherwise immune.  The procedures

16  of paragraph 18 shall then apply.

17      20.    The parties have agreed to follow the provisions of Fed. R. Civ. P. 26(b)(4)(B)-(D),

18  as amended effective December 1, 2010, with respect to the protection of draft expert reports and

19  communications between a party's attorney(s) and an expert(s).  In addition, the parties have

20  agreed that notes taken by the parties' experts in the course of the preparation of their reports,

21  drafts of the expert reports, and all communications between counsel for the parties and their

22  experts (including, but not limited to, emails and other written correspondence) (all of the

23  foregoing hereinafter referred to as "Expert Work Product") need not be retained and shall be not

24  produced in this or any other action.  Expert Work Product shall not include communications,

25  information and things that are relied upon by the expert in his or her opinions, or which otherwise

26  form the basis of the expert's report.  Neither the terms of this paragraph nor the parties'

27  agreement to them implies that any of the information restricted from discovery in this paragraph

28  would otherwise be discoverable.

1       21.   Confidential Source Code shall mean human-readable programming language text

2   that defines software, firmware, or electronic hardware descriptions.  Confidential Source Code

3   includes, without limitation, computer code; scripts; assembly; object code; source code listings

4   and descriptions of source code; object code listings and descriptions of object code; Hardware

5   Description Language (HDL); Register Transfer Level (RTL) files that describe the hardware

6   design of any ASIC or other chip; similarly sensitive implementation details; files containing text

7   written in "C," "C++," assembler, VHDL, Verilog, and digital signal processor (DSP)

8   programming languages; ".include files;" "make" files; link files; and other human- readable text

9   files used in the generation and/or building of software directly executed on a microprocessor,

10  microcontroller, or DSP.  Confidential Source Code is a form of, and shall be afforded all of the

11  same protections as, Confidential Business Information as defined in paragraph 1 hereto unless

12  otherwise provided in paragraphs 21 to 26.  The restrictions herein on Confidential Source Code

13  do not apply to publicly-available source code available as open source code.

14      22.   To the extent that a party wishes to obtain access to Confidential Source Code, the

15  following procedures may apply at the option of the supplier.  Nothing in this Order shall be

16  construed as a representation or admission by a party that Confidential Source Code is properly

17  discoverable in this action, or to obligate any party to produce Confidential Source Code.

18      23.   Documents or things that comprise a party's confidential, proprietary and/or trade

19  secret source code or object code may be designated CONFIDENTIAL SOURCE CODE.

20  Documents or things that include or are accompanied by confidential, proprietary and/or trade

21  secret source code or object code may be designated CONFIDENTIAL SOURCE CODE only if

22  such confidential, proprietary and/or trade secret source code or object code cannot reasonably be

23  segregated from the document or thing.  The following conditions shall govern the production,

24  review and use of documents or things designated CONFIDENTIAL SOURCE CODE.

25      24.   All information designated as CONFIDENTIAL SOURCE CODE shall be subject

26  to the following provisions:

27        (i)   Subject to the following notice provisions and each producing party's

28      written objections, each producing party shall make its responsive CONFIDENTIAL

01980.62689/5371971.2

-8-      Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1    SOURCE CODE continuously available for inspection during discovery and through the

2    conclusion of the trial in this action.  Any single reviewing session (conducted during one

3    business day or during consecutive business days of review) shall be conducted during

4    regular business hours (9:00 A.M. to 6:00 P.M. local time) on four (4) calendar days'

5    written (including email) notice, or during such other hours as may be mutually and

6    reasonably agreed upon on reasonable notice.

7                 (ii)      A list of names of persons who will view the source code will be provided

8    to the producing party in conjunction with the written notice requesting inspection.  The

9    receiving party shall maintain a daily log of the names of persons who enter the source

10   code viewing room (see paragraph 24(iv) below) to view the source code and note on the

11   log when these persons enter and depart.  The producing party shall be entitled to have a

12   person observe all entrances and exits from the source code viewing room, and to receive a

13   copy of the log, but shall not otherwise be entitled to observe the receiving party's

14   inspection.

15                (iii)     All source code produced pursuant to these provisions will be made

16   available by the producing party at the following locations:

17   •     By Motorola, at the offices of Ropes & Gray LLP, 111 South Wacker Drive, 46th
           Floor, Chicago, Illinois 60606;
18
19   •     By Microsoft, at the offices of Sidley Austin LLP, 1501 K Street NW, Washington,
           DC 20005; and
20
21   •     By third parties, at such location(s) as may be mutually agreed to by the producing
           third party and the requesting party, or as otherwise ordered by the Court.

22                (iv)     All source code will be made available in a private room, on a secured

23   computer without Internet access or network access to other computers, as necessary and

24   appropriate to prevent and protect against any unauthorized copying, transmission,

25   removal, or other transfer of any source code outside or away from the computer on which

26   the source code is provided for inspection (the "Source Code Computer").  The producing

27   party shall be obligated to install such reasonable tools or programs necessary to review

28   and search the code produced on the platform produced, as specified by the receiving

-9-                              Case No. C10-1823-JLR

party, which the receiving party may provide if the producing party does not have.  For example, prior to the date of the inspection, a text editor or IDE capable of performing syntax highlighting should be installed on the Source Code Computer.  The producing party shall not be obligated to install tools or programs capable of compiling and running source code.  To the extent the receiving party provides the producing party with tools or programs to install for use during a reviewing session, any such tools or programs must be provided no later than five (5) business days in advance of the first reviewing session for which such installation is desired.  Thereafter, such tools or programs shall remain on the Source Code Computer throughout the discovery period, absent agreement to the contrary.

(v)     The receiving party's outside counsel and/or technical advisers shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  Such notes shall be subject to the provisions of paragraph 24(x) below.  No copies of all or any portion of the source code may leave the room in which the source code is inspected.  Furthermore, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(vi)    During inspection of the code, the receiving party may compile a list of source code files to be produced.  The receiving party will only identify such files as are reasonably necessary to facilitate the receiving party's preparation of the case, including (1) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (2) to prepare internal attorney work product materials, (3) or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  In no event may the receiving party identify more than those files necessary to analyze the issues in this case during the duration of the case without prior written approval by the producing party.  Upon identification of such files by the receiving party, the producing party shall print, append production numbers to, and label such files with the file's complete file path (*e.g.*, ./product1/source/main/test/test.h) and the designation CONFIDENTIAL SOURCE CODE.  If the producing party objects that identified files are not reasonably necessary to

any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days of the identification of any files by the receiving party.  If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one printed copy of the identified files to the receiving party within five (5) business days of the identification of such files by the receiving party or, if applicable, resolution of a dispute by the Court.  The printed pages shall constitute part of the source code produced by the producing party in this action.

(vii)    Unless otherwise agreed in advance by the parties in writing, following each reviewing session (conducted during one business day or during consecutive business days of review), the receiving party's outside counsel and/or technical advisers shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

(viii)    The receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

(ix)    Documents designated CONFIDENTIAL SOURCE CODE may only be viewed by or disclosed to outside counsel or the receiving party's technical advisers approved by the producing party and their necessary support personnel.  The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult, subject to the following provision.

-11-                                    Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Documents designated CONFIDENTIAL SOURCE CODE may not be disclosed to in-house counsel.

(x)     A party desiring to disclose information to a technical adviser shall give prior written notice to the producing party or non-party, who shall have ten (10) business days after such notice is given to object in writing.  A party desiring to disclose CONFIDENTIAL SOURCE CODE information to a technical adviser must provide the following information for each technical adviser: (i) name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years; and (ii) a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  No CONFIDENTIAL SOURCE CODE information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

(xi)    The outside counsel and technical advisers (who have been approved to access source code under paragraphs 24(ix) and 24(x) above) for a receiving party shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in paragraphs 24(v) and 24(vi)) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when those materials are not in use;

(xii)   The receiving party's outside counsel of record may make no more than five additional paper copies of any portions of the source code files identified pursuant to paragraph 24(vi), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any paper copies of source code shall be designated CONFIDENTIAL SOURCE CODE — and shall be stored or viewed only at (1) the offices of outside counsel for the receiving party, (2) the offices of technical advisers who have been approved to access source code under paragraphs

1    24(ix) and 24(x), (3) the site where any deposition is taken, (4) the Court, or (5) any

2    intermediate location necessary to transport the information to a hearing, trial, or

3    deposition.  Any such paper copies shall be maintained at all times in a locked and secure

4    location.  The producing party shall not unreasonably deny a receiving party's request to

5    make (and log) additional copies, providing that the request is for good cause and for use

6    that otherwise complies with this order.  The producing party shall be entitled to a copy of

7    the log upon request, and at the conclusion of the litigation.

8          (xiii)   The receiving party may include excerpts of source code in a pleading,

9    exhibit, expert report, discovery document, deposition transcript, other Court document, or

10   any drafts of these documents ("Source Code Documents").  The receiving party shall only

11   include such excerpts as are reasonably necessary for the purposes for which such part of

12   the source code is used — as an example, excerpts of approximately 25 to 40 lines in

13   length are presumptively reasonable.

14         (xiv)   To the extent portions of source code are quoted in a Source Code

15   Document, either (1) the entire document will be stamped CONFIDENTIAL SOURCE

16   CODE or (2) those pages containing quoted source code will be separately bound, and

17   stamped as CONFIDENTIAL SOURCE CODE.  All Source Code Documents shall also be

18   marked with the legend "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO

19   PROTECTIVE ORDER," or a comparable notice, and shall be treated as Confidential

20   Business Information pursuant to this Protective Order.

21         (xv)   All paper copies of source code shall be securely destroyed if they are no

22   longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition).

23   Copies of source code that are marked as deposition exhibits shall not be provided to the

24   court reporter or attached to deposition transcripts; rather, the deposition record will

25   identify the exhibit by its production numbers.

26         (xvi)   The receiving party may not create electronic images, or any other images,

27   of the source code from the paper copy for use on a computer (e.g., may not scan the

28   source code to a PDF, or photograph the code).  The receiving party may create an

1   electronic copy or image of selected portions of the source code only when reasonably

2   necessary to accomplish any filing with the Court or to serve any pleadings or other papers

3   on any other party (including expert reports).  Images or copies of source code shall not be

4   included in correspondence between the parties (references to production numbers shall be

5   used instead) and shall be omitted from pleadings and other papers except to the extent

6   permitted herein.

7        25.    Unless otherwise ordered by the Court, Confidential Source Code designated as

8   "CONFIDENTIAL SOURCE CODE" shall be subject to the provisions set forth in paragraphs 21

9   to 26 and may be disclosed, subject to paragraphs 21 to 26, solely to:

10       (a)    outside counsel representing the parties to this action, as defined in

11   paragraph 3(i), including necessary secretarial and support personnel regularly employed by and

12   assisting such counsel, except that, unless otherwise agreed, no outside counsel who is involved in

13   competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3

14   (Fed. Cir. 1984), shall have access to Confidential Source Code designated as "CONFIDENTIAL

15   SOURCE CODE;"

16       (b)    any outside expert or consultant retained by a party for the purposes of this

17   action and who satisfies paragraph 3(iii) of this Order, provided that disclosure is only to the

18   extent necessary to perform such work; and provided that:

19       (i)    such expert or consultant has agreed to be bound by the provisions

20   of this Order as required by paragraphs 3, 4, and 11 of this Order,

21       (ii)    such expert or consultant is not involved in competitive decision-

22   making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed.

23   Cir. 1984), on behalf of a party or a competitor of a party in the technical subject

24   matter of the Confidential Business Information produced, and

25       (iii)    no unresolved objections to such disclosure exist after proper notice

26   has been given to all parties as set forth in paragraphs 3, 4, and 11 of this Order;

27       (c)    court reporters, stenographers, and videographers retained to record

28   testimony taken in this action, provided that such court reporters, stenographers, and

1  videographers have agreed to be bound by the provisions of this Order as required by paragraph 4

2  of this Order;

3          (d)     the Court;

4          (e)     any persons who are witnesses during a deposition, court hearing, or trial

5  where specific documentary or testimonial evidence establishes at that time that the Confidential

6  Source Code or portion of the Confidential Source Code was authored or received by the witness

7  without any violation of any confidentiality obligation owed to any party in this action;

8          (f)     any mediator who is assigned to hear this matter, and his or her staff,

9  subject to their agreement to maintain confidentiality to the same degree as required by this Order;

10         (g)     any other person with the prior written consent of the supplier.

11     26.     Access to and review of the Confidential Source Code shall be strictly for the

12  purpose of investigating the claims and defenses at issue in this action.  No person shall review or

13  analyze any Confidential Source Code for purposes unrelated to this action, nor may any person

14  use any knowledge gained as a result of reviewing Confidential Source Code in this action in any

15  other pending or future dispute, proceeding, patent prosecution, or litigation.

16

17

18

19

20

21

22

23

24

25

26

27

28

**AGREED AND STIPULATED TO:**

CALFO HARRIGAN LEYH & EAKES LLP          SUMMIT LAW GROUP PLLC


By _____          By _____
    Arthur W. Harrigan, Jr., WSBA #1751              Ralph Palumbo, WSBA #4751
    Christopher Wion, WSBA #33207              Philip S. McCune, WSBA #21081
    Shane P. Cramer, WSBA #35099              Lynn M. Engel, WSBA #21934
                                        ralphp@summitlaw.com
T. Andrew Culbert, WSBA #35925              philm@summitlaw.com
David E. Killough, WSBA #21119              lynne@summitlaw.com
MICROSOFT CORPORATION
1 Microsoft Way          Steven Pepe (pro hac vice)
Redmond, WA  98052          Jesse J. Jenner (pro hac vice)
Phone: 425-882-8080          Ropes & Gray LLP
Fax: 425-869-1327          1211 Avenue of the Americas
                                  New York, NY  10036-8704
David T. Pritikin          (212) 596-9046
Richard A. Cederoth          steven.pepe@ropesgray.com
Constantine L. Trela, Jr.          jesse.jenner@ropesgray.com
William H. Baumgartner, Jr.
Ellen S. Robbins          Norman H. Beamer (pro hac vice )
Douglas I. Lewis          Ropes & Gray LLP
David C. Giardina          1900 University Avenue, 6th Floor
John W. McBride          East Palo Alto, CA  94303-2284
David Greenfield          (650) 617-4030
                                  norman.beamer@ropesgray.com
SIDLEY AUSTIN LLP
One South Dearborn          Paul M. Schoenhard (pro hac vice)
Chicago, IL  60603          Ropes & Gray LLP
Phone: 312-853-7000          One Metro Center
Fax: 312-853-7036          700 12th Street NW, Suite 900
                                Washington, DC  20005-3948
Carter G. Phillips          (202) 508-4693
Brian R. Nester          Paul.schoenhard.@ropesgray.com

                                Thomas V. Miller
SIDLEY AUSTIN LLP          MOTOROLA MOBILITY LLC
1501 K Street NW          600 North U.S. Highway 45
Washington, DC  20005          Libertyville, IL 60048-1286
Telephone: 202-736-8000          (847) 523-2162
Fax: 202-736-8711          QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP
*Counsel for Plaintiff Microsoft Corp.*
                                Kathleen M. Sullivan, NY #1804624
                                51 Madison Ave., 22nd Floor
                                New York, NY 10010

-16-

Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS



(212) 849-7000
kathleensullivan@quinnemanuel.com

Brian C. Cannon, CA #193071
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
briancannon@quinnemanuel.com

William C. Price, CA #108542
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
williamprice@quinnemanuel.com

***Attorneys for Defendants Motorola Solutions,
Inc., Motorola Mobility, Inc.***

CALFO HARRIGAN LEYH & EAKES LLP

By _____
        Arthur W. Harrigan, Jr., WSBA #1751
        Christopher Wion, WSBA #33207
        Shane P. Cramer, WSBA #35099

T. Andrew Culbert, WSBA #35925
David E. Killough, WSBA #21119
MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone: 425-882-8080
Fax: 425-869-1327

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
David Greenfield

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone: 312-853-7000
Fax: 312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone: 202-736-8000
Fax: 202-736-8711

**Counsel for Plaintiff Microsoft Corp.**

01980.62689/5371971.2

Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS



1  SUMMIT LAW GROUP PLLC

2  By
3        Ralph Palumbo, WSBA #4751
         Philip S. McCune, WSBA #21081
4        Lynn M. Engel, WSBA #21934
         ralphp@summitlaw.com
5        philm@summitlaw.com
         lynne@summitlaw.com
6
7  Steven Pepe (pro hac vice)
   Jesse J. Jenner (pro hac vice)
8  Ropes & Gray LLP
   1211 Avenue of the Americas
9  New York, NY  10036-8704
   (212) 596-9046
10 steven.pepe@ropesgray.com
   jesse.jenner@ropesgray.com
11 Norman H. Beamer (pro hac vice)
   Ropes & Gray LLP
12 1900 University Avenue, 6th Floor
   East Palo Alto, CA  94303-2284
13 (650) 617-4030
   norman.beamer@ropesgray.com
14
15 Paul M. Schoenhard (pro hac vice)
   Ropes & Gray LLP
   One Metro Center
16 700 12th Street NW, Suite 900
   Washington, DC  20005-3948
17 (202) 508-4693
   Paul.schoenhard.@ropesgray.com
18
19 Attorneys for Defendants Motorola
   Solutions, Inc., Motorola Mobility, Inc.
20
21
22
23
24
25
26
27
28

01980.62689/5371971.2
                                    -18-                    Case No. C10-1823-JLR
                          SECOND AMENDED PROTECTIVE ORDER REGARDING
                          THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

As stipulated above, IT IS SO ORDERED.

DATED this ___ day of _____—, 20122013.

_____
THE HONORABLE JAMES L. ROBART

SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

**Attachment A**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>   vs.<br><br>MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION;<br><br>                   Defendants | Case No. 10-1823<br><br>**PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

<u>**CONFIDENTIALITY AGREEMENT**</u>
<u>**PURSUANT TO PROTECTIVE ORDER**</u>

I, _____, hereby certify that I have read the Protective Order Regarding the Disclosure and Use of Discovery Materials (the "Order") in the above-captioned case, that I agree to comply with the Order in all respects, and that I hereby submit and waive any objection to the jurisdiction of the United States District Court for the Western District of Washington for the adjudication of any dispute concerning or related to my compliance with the Order.

I understand and agree, in particular, that any Confidential Business Information and any copies, excerpts, or summaries thereof, as well as any knowledge or information derived from any of the aforementioned items, may be used solely for purposes of this litigation and may not be used for any other purpose, including without limitation, and business, commercial or academic purpose.

01980.62689/5371971.2

1      I further understand and agree that failure to abide fully by the terms of the Order may

2  result in legal action against me, including being held in contempt of court and liability for

3  monetary damages.

4

5                                  Signature:_____

6                                  Please print or type the following:

7                                  Name:_____

8                                  Title and Affiliation:_____

9                                  Address:_____

10                                 Telephone:_____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-                                    Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

**Formatted:** Normal, Indent: Left:  0", First line:  0", Adjust space between Latin and Asian text, Adjust space between Asian text and numbers



**Attachment B**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a
Washington corporation,

                     Plaintiff,

     vs.

MOTOROLA, INC., MOTOROLA
MOBILITY, INC., and GENERAL
INSTRUMENT CORPORATION;

                     Defendants

Case No. 10-1823

**PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS**

**NONDISCLOSURE AGREEMENT FOR
<u>REPORTER/STENOGRAPHER/TRANSLATOR</u>**

     I, _____, do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the action or hearing in *Microsoft Corporation v. Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation*, Civil Action No. 10-1823, except as permitted in the protective order issued in this case. I will not directly or indirectly use or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

     Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the action or hearing in this case.

-22-                                                    Case No. C10-1823-JLR
<span style="color:red">SECOND</span> AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1         I also affirm that I do not hold any position or official relationship with any of the

2   participants in said action.

3                    Signed _____

4                    Dated _____

5                    Firm or Affiliation_____

**Formatted:** Indent: Left:  1.5", First line:  0.5"

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28