HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

                    Plaintiff,

  vs.

MOTOROLA, INC., et al.,

                    Defendants.
_____
MOTOROLA MOBILITY LLC, et al.,

                    Plaintiffs,

  vs.

MICROSOFT CORPORATION,

                    Defendants.

Case No. C10-1823-JLR

MICROSOFT'S RESPONSE TO DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT NO. 751)

**NOTED FOR:**
**Friday, July 26, 2013**

## I.  RELIEF REQUESTED

Motorola's Motion to File Documents Under Seal in Support of Motorola's Response to Microsoft's Motion for Partial Summary Judgment (Dkt. No. 751) ("Motion to Seal"), seeks to have sealed several documents Motorola filed in support of its response to Microsoft's motion for partial summary judgment (Motorola's "Response") that disclose Microsoft's confidential business information.  These documents should remain under seal.  Specifically,

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 1
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

by this response, Microsoft joins Motorola's motion in seeking to seal the following documents:

- **Exhibit B to the Roberts Declaration:**[1] This exhibit consists of excerpts from the Deposition of Horacio Gutierrez taken in this matter that discuss Microsoft's general patent licensing practices and the parties' negotiations. Microsoft requests that this exhibit remain under seal.

- **Exhibit A to the Keller Declaration:**[2] Exhibit A to the Keller Declaration is Mr. Keller's rebuttal report in this action.  Microsoft requests that those limited portions of Mr. Keller's rebuttal report that disclose Microsoft's and Sidley's confidential business and financial information, including billing rates, time spent working on litigation between the parties, and/or the amount of fees paid by Microsoft to Sidley, be maintained under seal.

Microsoft also requests that the portions of Motorola's Response that cite or refer to these materials remain under seal.  Each of the above documents discloses Microsoft's confidential business information.  As explained below, compelling reasons exist to maintain under seal the non-public versions of the referenced documents filed in connection with Motorola's Response.  Microsoft takes no position as to the remainder of the documents that are the subject of Motorola's Motion to Seal.

## II.   FACTS & AUTHORITY

**A.   The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, as amended by Order dated October 3, 2012, Microsoft is permitted to file materials designated by either party

---

[1] "Roberts Declaration" refers to the Declaration of Andrea Pallios Roberts in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim, filed at Docket No. 753.

[2] "Keller Declaration" refers to the Declaration of Bradley S. Keller in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim, filed at Docket No. 756.

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 2
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

as Confidential Business Information[3] under seal, with such documents to remain under seal upon Court approval.  Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal.  Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal.  Rule 26(c)(1)(G) and (H).  District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

---

[3] "Confidential Business Information" is defined in the Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures."  Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1 (amended by Order dated October 3, 2012 (ECF No. 447)).

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 3
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

The Court may seal a document filed in support of a non-dispositive motion upon a showing of good cause. *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In contrast, a party seeking to seal a judicial record attached to a dispositive motion must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Id.*

This latter presumption may be overcome by a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. Further, "the public interest in understanding the judicial system would appear to be less where … the documents in question are irrelevant to the Court's decision." *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (citing *Kamakana*, 447 F.3d at 1179) (documents supporting dispositive motion "[not] bearing on the resolution of the dispute on the merits … are therefore more akin to the 'unrelated,' non-dispositive motion documents the Ninth Circuit contemplated in *Kamakana*").

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.,* 2010 WL 786021, at *2 (quotations omitted).

B.     **Compelling Reasons Exist to Maintain The Following Exhibits Under Seal.**

      1.     <u>Exhibit B to the Roberts Declaration Should Remain Under Seal.</u>

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 4
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Exhibit B to the Roberts Declaration consists of excerpts from the deposition of Horacio Gutierrez, Corporate Vice President and Deputy Legal General Counsel at Microsoft. The excerpts discuss Microsoft's confidential licensing practices, including how Microsoft negotiates and licenses its patents. Microsoft has a significant interest in maintaining the confidential nature of its licensing strategies and practices, which outweighs any potential interest the public may have in accessing this information. Microsoft could suffer significant harm in its future licensing negotiations and in managing its licensing business if this information were publicly disclosed.

The excerpts also discuss in detail the parties' negotiations both before and after Microsoft filed this action on November 9, 2010. The parties executed a Non-Disclosure Agreement covering their negotiations, and the negotiations were generally conducted with the understanding that they would be treated as confidential. Further, the Court already has found that compelling reasons exist to maintain the confidentiality of the parties' negotiating history. *See* 11/12/12 Order On Motions to Seal (Dkt. No. 567), at 5 ("Accordingly, the court concludes that the importance of encouraging frank settlement negotiations outweighs the public's interest in knowing what was discussed in those settlement negotiations").

For these reasons, Microsoft requests that Exhibit B to the Roberts Declaration remain under seal.

2.  Exhibit A to the Keller Declaration Should Remain Under Seal.

Exhibit A to the Keller Declaration is Mr. Keller's rebuttal report in this matter. The report discusses Sidley's rates and invoices. Microsoft requests that this information be redacted and maintained under seal. Sidley's rates are not publicly available, and the disclosure of this information to Sidley's competitors, clients, and potential clients has the potential to cause significant commercial harm to Sidley. Further, since Sidley's rates are not germane to Microsoft's Motion for Partial Summary Judgment, they are not expected to play a

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 5
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

material role in the Court's consideration of that motion.

Information relating to the amounts Microsoft has paid Sidley in connection with the parties' lawsuits should also be sealed. This billing information is not generally available to the public, and its disclosure likewise has the potential to harm Microsoft and/or Sidley if it is publicly disclosed. While this information will be relevant at trial, it is not relevant to consideration of the merits of Microsoft's Motion for Partial Summary Judgment. Its disclosure will not further the public's interest in understanding the judicial system, and compelling reasons exist to maintain this information under seal.

### III.   CONCLUSION

For the reasons set forth herein, Microsoft respectfully requests that the Court grant Motorola's Motion to Seal as to the following documents:

- Exhibit B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim;

- Exhibit A to the Declaration of Bradley S. Keller in Support of Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim; and

- Defendants' Response to Microsoft's Motion for Partial Summary Judgment of Breach of Contract and Summary Judgment on Motorola's Third, Fourth, Fifth, Seventh, Eighth, and Ninth Affirmative Defenses and Second Counterclaim, to the extent it references the above exhibits.

A [Proposed] Order has been submitted herewith.

DATED this 24th day of July, 2013.

**RESPECTFULLY SUBMITTED,**
CALFO HARRIGAN LEYH & EAKES LLP

By     s/Arthur W. Harrigan, Jr.
         Arthur W. Harrigan, Jr., WSBA #1751

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 6
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

|   |   |
|---|---|
| 1 | By   s/Christopher Wion |
| 2 |     Christopher Wion, WSBA #33207 |
| 3 | By   s/Shane P. Cramer |
| 4 |     Shane P. Cramer, WSBA #35099<br>    999 Third Avenue, Suite 4400 |
| 5 |     Seattle, WA  98104<br>    Phone:  206-623-1700 |
| 6 |     arthurh@calfoharrigan.com<br>    chrisw@calfoharrigan.com |
| 7 |     shanec@calfoharrigan.com |
| 8 | By   s/T. Andrew Culbert<br>    T. Andrew Culbert |
| 9 | By   s/David E. Killough |
| 10 |     David E. Killough |
| 11 | MICROSOFT CORPORATION |
| 12 |     1 Microsoft Way<br>    Redmond, WA  98052 |
| 13 |     Phone:  425-882-8080<br>    Fax:  425-869-1327 |
| 14 |     |
| 15 |     David T. Pritikin<br>    Richard A. Cederoth |
| 16 |     Constantine L. Trela, Jr.<br>    William H. Baumgartner, Jr. |
| 17 |     Ellen S. Robbins<br>    Douglas I. Lewis |
| 18 |     David C. Giardina<br>    John W. McBride |
| 19 |     Nathaniel C. Love |
| 20 |     SIDLEY AUSTIN LLP |
| 21 |     One South Dearborn<br>    Chicago, IL  60603 |
| 22 |     Phone:  312-853-7000<br>    Fax:  312-853-7036 |
| 23 |     |
| 24 |     Carter G. Phillips<br>    Brian R. Nester |
| 25 |     SIDLEY AUSTIN LLP |

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 7
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  

1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 8
No. C10-1823

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 24th day of July, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Summit Law Group | _____ US Mail |
| 315 Fifth Ave. South, Suite 1000 | _____ Facsimile |
| Seattle, WA  98104-2682 | __X___ ECF |
| Telephone: 206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X___ ECF |
| New York, NY  10036-8704 | |
| Telephone: (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X___ ECF |
| Telephone: (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 9
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_ ECF |
| Andrea Pallios Roberts (*pro hac vice*)<br>Brian C. Cannon (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone:  (650) 801-5000<br>Email: andreaproberts@quinnemanuel.com<br>Email: briancannon@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_ ECF |
| Kathleen M. Sullivan (*pro hac vice*)<br>David Elihu (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Telephone:  (212) 849-7000<br>Email: kathleensullivan@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_ ECF |
| William Price (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figuera St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone:  (212) 443-3000<br>Email: williamprice@quinnemanuel.com<br>MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_ ECF |

DATED this 17th day of July, 2013.

s/  Florine Fujita
FLORINE FUJITA

MICROSOFT'S RESPONSE TO DEFENDANTS'
7/12/13 MOTION TO FILE DOCUMENTS
UNDER SEAL (DKT NO. 751) - 10
No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717