The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

vs.

MOTOROLA, INC., MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,

    Defendants.

CASE NO. C10-1823-JLR

**SECOND AMENDED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

1    Microsoft Corporation ("Microsoft") and Motorola, Inc., Motorola Mobility, Inc., and

2    General Instrument Corporation (collectively "Motorola") hereby stipulate that this protective

3    order should be entered and will govern the conduct of discovery in this case.

4        1.    Confidential Business Information is information which has not been made public

5    and which concerns or relates to the trade secrets, processes, operations, style of work, or

6    apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers,

7    inventories, amount or source of any income, profits, losses, or expenditures of any person, firm,

8    partnership, corporation, or other organization, the disclosure of which information is likely to

9    have the effect of causing substantial harm to the competitive position of the person, firm,

10   partnership, corporation, or other organization from which the information was obtained, unless

11   the Court is required by law to disclose such information.

12       2.    (a)    Any information submitted in pre-trial discovery or in a pleading, motion,

13   or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted

14   by a supplier to contain or constitute Confidential Business Information shall be so designated by

15   such supplier in writing, or orally at a deposition, conference, or hearing, and shall be segregated

16   from other information being submitted.  Documents shall be clearly and prominently marked on

17   their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS

18   INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the

19   pre-trial phase of this action, such information, whether submitted in writing or in oral testimony,

20   shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to

21   Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of

22   Washington.

23       (b)    The Court may determine that information alleged to be confidential is not

24   confidential, or that its disclosure is necessary for the proper disposition of the proceeding before,

25   during, or after the close of the action herein.  If such a determination is made by the Court,

26   opportunity shall be provided to the supplier of such information to argue its confidentiality prior

27   to the time of such ruling.

28

Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

3.      In the absence of written permission from the supplier or an order from the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:

      (i)      outside counsel for parties to this action, including necessary secretarial and support personnel assisting such counsel;

      (ii)     qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof;

      (iii)    technical experts and their staff who are employed for the purposes of this litigation;

      (iv)     T. Andrew Culbert (for Microsoft) and K. McNeill Taylor (for Motorola);

      (v)      Up to two additional in-house attorneys for any party conducting a mock jury exercise, the disclosure of Confidential Business Information to such individuals being limited to only that Confidential Business Information disclosed during and as part of the mock jury exercise;

      (vi)     the Court;

      (vii)    Non-technical jury or trial consulting services; and

      (viii)   mock jurors.

4.      Confidential Business Information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraphs 3(iii)- (v) and (vii) unless he or she shall have first read this order and shall have signed a writing substantially provided as Attachment A hereto, a copy of which shall be provided to both parties, manifesting agreement:

      (i)      to be bound by the terms thereof;

      (ii)     not to reveal such Confidential Business Information to anyone other than another person designated in paragraph 3; and

      (iii)    to utilize such Confidential Business Information solely for purposes of this action.

1   For persons designated in paragraphs 3(iii)-(v), a copy of the signed Attachment A shall be

2   provided to both parties.  Confidential Business Information submitted in accordance with the

3   provisions of paragraph 2 above shall not be made available to any person designated in paragraph

4   3(viii) unless he or she shall have first signed a confidentiality agreement confirming that they will

5   not disclose any such information or use it for any purpose other than for the present case.

6          5.      If the Court orders, or if the supplier and all parties to the action agree, that access

7   to or dissemination of information submitted as Confidential Business Information shall be made

8   to persons not included in paragraph 3 above, such matter shall only be accessible to or

9   disseminated to such persons based upon the conditions pertaining to, and obligations arising from

10  this order, and such persons shall be considered subject to it, unless the Court finds that the

11  information is not Confidential Business Information as defined in paragraph 1 hereof

12         6.      In addition to the persons included in paragraph 3 above, Confidential Business

13  Information contained in responses to interrogatories, answers to requests for admission,

14  submissions to the Court, expert reports (exclusive of exhibits and source code excerpts), opinions

15  and orders of the Court may be accessible to or disseminated to the following two in- house

16  counsel, who are members of at least one state bar in good standing, with direct responsibility for

17  managing this litigation:

18                 (a)     for Motorola, Tom Miller and Richard A. Wulff

19                 (b)     for Microsoft, David E. Killough.

20  provided that (1) Confidential Business Information pertaining to licensing or other commercially

21  sensitive financial information shall not be made available under this paragraph 6 to such

22  designated in-house counsel; the supplier shall designate such Confidential Business Information

23  pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S

24  NAME] CONFIDENTIAL FINANCIAL INFORMATION — OUTSIDE ATTORNEYS' EYES

25  ONLY — SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of

26  such document that may be disseminated to the in-house counsel designated under this paragraph

27  6; and (2) such in-house counsel shall have first read this order and shall have signed a writing

28

1  substantially provided as Attachment A hereto, a copy of which shall be provided to both parties,

2  manifesting agreement:

3         (i)    to be bound by the terms thereof;

4         (ii)   not to reveal such Confidential Business Information to anyone other than

5  another person designated in paragraph 3; and

6         (iii)   to utilize such Confidential Business Information solely for purposes of this

7  action.

8      7.    Subject to the restrictions of paragraph 6 above, the two in-house counsel

9  designated therein shall not be excluded from any confidential portion of the trial or other in-

10  Court proceedings in this case.

11      8.    Any Confidential Business Information submitted to the Court in connection with a

12  motion or other proceeding within the purview of this action shall be submitted under seal

13  pursuant to paragraph 2 above.  Any portion of a transcript in connection with this action

14  containing any Confidential Business Information submitted pursuant to paragraph 2 above shall

15  be bound separately and filed under seal.  When any Confidential Business Information submitted

16  in accordance with paragraph 2 above is included in an authorized transcript of a deposition or

17  exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind

18  such confidential portions and separately label them [SUPPLIER'S NAME], CONFIDENTIAL

19  BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER.  Before a court reporter

20  receives any such information, he or she shall have first read this order and shall have agreed in

21  writing to be bound by the terms thereof Alternatively, he or she shall sign the agreement included

22  as Attachment B hereto.  Copies of each such signed agreement shall be provided to the supplier

23  of such Confidential Business Information.

24      9.    The restrictions upon, and obligations accruing to, persons who become subject to

25  this order shall not apply to any information submitted in accordance with paragraph 2 above to

26  which the person asserting the confidential status thereof agrees in writing, or the Court rules after

27  an opportunity for hearing, that the information was publicly known at the time it was supplied to

28  the receiving party or has since become publicly known through no fault of the receiving party.

10.     If while this action is before the Court, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing and they will thereupon confer as to the status of the subject information proffered within the context of this order.  If prior to or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the action, such supplier shall express the withdrawal in writing, and serve such withdrawal upon all parties.  If the recipient and supplier are unable to concur upon the status of the subject information submitted as Confidential Business Information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Court who will rule upon the matter.  The Court may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11.     No less than 10 days (or any other period of time designated by the Court) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier.  If the supplier objects to the disclosure of such Confidential Business Information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure.  If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objection, the supplier shall submit immediately each objection to the Court for a ruling.  The submission of such Confidential Business Information to such proposed expert shall be withheld pending the ruling of the Court.

12.     If Confidential Business Information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Court and, without prejudice to other rights and remedies of

1    the supplier, make every effort to prevent further disclosure by it or by the person who was the

2    recipient of such information.

3        13.    Nothing in this order shall abridge the right of any person to seek judicial review or

4    to pursue other appropriate judicial action with respect to any ruling made by the Court concerning

5    the issue of the status of Confidential Business Information.

6        14.    Upon final termination of this action, each party that is subject to this order shall

7    assemble and return to the supplier all items containing Confidential Business Information

8    submitted in accordance with paragraph 2 above, including all copies of such matter which may

9    have been made.  Alternatively, the parties subject to this order may, with the written consent of

10   the supplier, destroy all items containing Confidential Business Information and certify to the

11   supplier (or his counsel) that such destruction has taken place.

12       15.    If any Confidential Business Information which is supplied in accordance with

13   paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered a

14   "supplier" as that term is used in the context of this order.

15       16.    Each nonparty supplier shall be provided a copy of this order by the party seeking

16   information from said supplier.

17       17.    The inadvertent production of any document or information (whether designated as

18   Confidential Business Information or not) shall not be deemed to waive any attorney-client

19   privilege, work product protection, or other privilege or immunity that would otherwise attach to

20   the document or information produced, or to other documents or information, so long as the

21   procedures of paragraphs 18 and 19 below are followed.

22       18.    If a producing party or person discovers that a privileged, protected, or otherwise

23   immune document or information has been produced, the party or person must, promptly after

24   discovery, notify all other party or parties of the claim of privilege or other protection or

25   immunity.  Upon such notice, each other party shall use its best efforts to retrieve the original and

26   all copies of the identified document or information of which the party is aware, shall promptly

27   destroy all such copies of the identified document or information, and shall notify the producing

28   party in writing that it has done so within ten (10) calendar days of receiving such notice.  Such

1    destruction shall not constitute an acknowledgement that the identified document or information

2    is, in fact, privileged or entitled to protection or immunity and shall not preclude any party from

3    later moving the Court to compel the production of the identified document or information.

4    Within a reasonable time after notifying the other party or parties of a claim of privilege or other

5    protection or immunity, the Producing Party shall provide a privilege log for those materials.

6         19.    If a receiving party receives any document or information that appears to be subject

7    to an attorney-client privilege, work product protection, or other privilege or immunity that would

8    otherwise attach to the document or information, and where it is reasonably apparent that the

9    document or information was provided or made available through inadvertence, the receiving

10   party must refrain from examining the document or information any more than is essential to

11   ascertain whether the document or information is likely privileged, protected, or otherwise

12   immune, and shall immediately notify the producing party in writing that the receiving party

13   possesses material that appears to be privileged, protected, or otherwise immune. The procedures

14   of paragraph 18 shall then apply.

15        20.    The parties have agreed to follow the provisions of Fed. R. Civ. P. 26(b)(4)(B)-(D),

16   as amended effective December 1, 2010, with respect to the protection of draft expert reports and

17   communications between a party's attorney(s) and an expert(s).  In addition, the parties have

18   agreed that notes taken by the parties' experts in the course of the preparation of their reports,

19   drafts of the expert reports, and all communications between counsel for the parties and their

20   experts (including, but not limited to, emails and other written correspondence) (all of the

21   foregoing hereinafter referred to as "Expert Work Product") need not be retained and shall be not

22   produced in this or any other action.  Expert Work Product shall not include communications,

23   information and things that are relied upon by the expert in his or her opinions, or which otherwise

24   form the basis of the expert's report.  Neither the terms of this paragraph nor the parties'

25   agreement to them implies that any of the information restricted from discovery in this paragraph

26   would otherwise be discoverable.

27        21.    Confidential Source Code shall mean human-readable programming language text

28   that defines software, firmware, or electronic hardware descriptions.  Confidential Source Code

SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1    includes, without limitation, computer code; scripts; assembly; object code; source code listings

2    and descriptions of source code; object code listings and descriptions of object code; Hardware

3    Description Language (HDL); Register Transfer Level (RTL) files that describe the hardware

4    design of any ASIC or other chip; similarly sensitive implementation details; files containing text

5    written in "C," "C++," assembler, VHDL, Verilog, and digital signal processor (DSP)

6    programming languages; ".include files;" "make" files; link files; and other human- readable text

7    files used in the generation and/or building of software directly executed on a microprocessor,

8    microcontroller, or DSP.  Confidential Source Code is a form of, and shall be afforded all of the

9    same protections as, Confidential Business Information as defined in paragraph 1 hereto unless

10   otherwise provided in paragraphs 21 to 26.  The restrictions herein on Confidential Source Code

11   do not apply to publicly-available source code available as open source code.

12       22.     To the extent that a party wishes to obtain access to Confidential Source Code, the

13   following procedures may apply at the option of the supplier.  Nothing in this Order shall be

14   construed as a representation or admission by a party that Confidential Source Code is properly

15   discoverable in this action, or to obligate any party to produce Confidential Source Code.

16       23.     Documents or things that comprise a party's confidential, proprietary and/or trade

17   secret source code or object code may be designated CONFIDENTIAL SOURCE CODE.

18   Documents or things that include or are accompanied by confidential, proprietary and/or trade

19   secret source code or object code may be designated CONFIDENTIAL SOURCE CODE only if

20   such confidential, proprietary and/or trade secret source code or object code cannot reasonably be

21   segregated from the document or thing.  The following conditions shall govern the production,

22   review and use of documents or things designated CONFIDENTIAL SOURCE CODE.

23       24.     All information designated as CONFIDENTIAL SOURCE CODE shall be subject

24   to the following provisions:

25           (i)     Subject to the following notice provisions and each producing party's

26       written objections, each producing party shall make its responsive CONFIDENTIAL

27       SOURCE CODE continuously available for inspection during discovery and through the

28       conclusion of the trial in this action.  Any single reviewing session (conducted during one

business day or during consecutive business days of review) shall be conducted during regular business hours (9:00 A.M. to 6:00 P.M. local time) on four (4) calendar days' written (including email) notice, or during such other hours as may be mutually and reasonably agreed upon on reasonable notice.

(ii)     A list of names of persons who will view the source code will be provided to the producing party in conjunction with the written notice requesting inspection. The receiving party shall maintain a daily log of the names of persons who enter the source code viewing room (see paragraph 24(iv) below) to view the source code and note on the log when these persons enter and depart. The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to receive a copy of the log, but shall not otherwise be entitled to observe the receiving party's inspection.

(iii)     All source code produced pursuant to these provisions will be made available by the producing party at the following locations:

• By Motorola, at the offices of Ropes & Gray LLP, 111 South Wacker Drive, 46th Floor, Chicago, Illinois 60606;

• By Microsoft, at the offices of Sidley Austin LLP, 1501 K Street NW, Washington, DC 20005; and

• By third parties, at such location(s) as may be mutually agreed to by the producing third party and the requesting party, or as otherwise ordered by the Court.

(iv)     All source code will be made available in a private room, on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer"). The producing party shall be obligated to install such reasonable tools or programs necessary to review and search the code produced on the platform produced, as specified by the receiving party, which the receiving party may provide if the producing party does not have. For example, prior to the date of the inspection, a text editor or IDE capable of performing

1    syntax highlighting should be installed on the Source Code Computer.  The producing

2    party shall not be obligated to install tools or programs capable of compiling and running

3    source code.  To the extent the receiving party provides the producing party with tools or

4    programs to install for use during a reviewing session, any such tools or programs must be

5    provided no later than five (5) business days in advance of the first reviewing session for

6    which such installation is desired.  Thereafter, such tools or programs shall remain on the

7    Source Code Computer throughout the discovery period, absent agreement to the contrary.

8           (v)      The receiving party's outside counsel and/or technical advisers shall be

9    entitled to take notes relating to the source code but may not copy the source code into the

10   notes.  Such notes shall be subject to the provisions of paragraph 24(x) below.  No copies

11   of all or any portion of the source code may leave the room in which the source code is

12   inspected.  Furthermore, no other written or electronic record of the source code is

13   permitted except as otherwise provided herein.

14          (vi)     During inspection of the code, the receiving party may compile a list of

15   source code files to be produced.  The receiving party will only identify such files as are

16   reasonably necessary to facilitate the receiving party's preparation of the case, including

17   (1) when reasonably necessary to prepare any filing with the Court or to serve any

18   pleadings or other papers on any other party, (2) to prepare internal attorney work product

19   materials, (3) or to prepare other necessary case materials such as testifying expert reports,

20   consulting expert written analyses, and related drafts and correspondences.  In no event

21   may the receiving party identify more than those files necessary to analyze the issues in

22   this case during the duration of the case without prior written approval by the producing

23   party.  Upon identification of such files by the receiving party, the producing party shall

24   print, append production numbers to, and label such files with the file's complete file path

25   *(e.g., ./product1/source/main/test/test.h)* and the designation CONFIDENTIAL SOURCE

26   CODE.  If the producing party objects that identified files are not reasonably necessary to

27   any case preparation activity, the producing party shall make such objection known to the

28   receiving party within five (5) business days of the identification of any files by the

receiving party.  If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a judicial resolution of whether or not the identified source code in question is reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one printed copy of the identified files to the receiving party within five (5) business days of the identification of such files by the receiving party or, if applicable, resolution of a dispute by the Court.  The printed pages shall constitute part of the source code produced by the producing party in this action.

(vii)    Unless otherwise agreed in advance by the parties in writing, following each reviewing session (conducted during one business day or during consecutive business days of review), the receiving party's outside counsel and/or technical advisers shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

(viii)    The receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

(ix)    Documents designated CONFIDENTIAL SOURCE CODE may only be viewed by or disclosed to outside counsel or the receiving party's technical advisers approved by the producing party and their necessary support personnel.  The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult, subject to the following provision. Documents designated CONFIDENTIAL SOURCE CODE may not be disclosed to in-house counsel.

(x)     A party desiring to disclose information to a technical adviser shall give prior written notice to the producing party or non-party, who shall have ten (10) business days after such notice is given to object in writing.  A party desiring to disclose CONFIDENTIAL SOURCE CODE information to a technical adviser must provide the following information for each technical adviser: (i) name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years; and (ii) a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  No CONFIDENTIAL SOURCE CODE information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

(xi)     The outside counsel and technical advisers (who have been approved to access source code under paragraphs 24(ix) and 24(x) above) for a receiving party shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in paragraphs 24(v) and 24(vi)) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when those materials are not in use;

(xii)     The receiving party's outside counsel of record may make no more than five additional paper copies of any portions of the source code files identified pursuant to paragraph 24(vi), not including copies attached to court filings, and shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any paper copies of source code shall be designated CONFIDENTIAL SOURCE CODE — and shall be stored or viewed only at (1) the offices of outside counsel for the receiving party, (2) the offices of technical advisers who have been approved to access source code under paragraphs 24(ix) and 24(x), (3) the site where any deposition is taken, (4) the Court, or (5) any intermediate location necessary to transport the information to a hearing, trial, or

1   deposition. Any such paper copies shall be maintained at all times in a locked and secure

2   location. The producing party shall not unreasonably deny a receiving party's request to

3   make (and log) additional copies, providing that the request is for good cause and for use

4   that otherwise complies with this order. The producing party shall be entitled to a copy of

5   the log upon request, and at the conclusion of the litigation.

6          (xiii)   The receiving party may include excerpts of source code in a pleading,

7   exhibit, expert report, discovery document, deposition transcript, other Court document, or

8   any drafts of these documents ("Source Code Documents"). The receiving party shall only

9   include such excerpts as are reasonably necessary for the purposes for which such part of

10  the source code is used — as an example, excerpts of approximately 25 to 40 lines in

11  length are presumptively reasonable.

12         (xiv)   To the extent portions of source code are quoted in a Source Code

13  Document, either (1) the entire document will be stamped CONFIDENTIAL SOURCE

14  CODE or (2) those pages containing quoted source code will be separately bound, and

15  stamped as CONFIDENTIAL SOURCE CODE. All Source Code Documents shall also be

16  marked with the legend "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO

17  PROTECTIVE ORDER," or a comparable notice, and shall be treated as Confidential

18  Business Information pursuant to this Protective Order.

19         (xv)   All paper copies of source code shall be securely destroyed if they are no

20  longer necessary in the litigation *(e.g.,* extra copies at the conclusion of a deposition).

21  Copies of source code that are marked as deposition exhibits shall not be provided to the

22  court reporter or attached to deposition transcripts; rather, the deposition record will

23  identify the exhibit by its production numbers.

24         (xvi)   The receiving party may not create electronic images, or any other images,

25  of the source code from the paper copy for use on a computer *(e.g.,* may not scan the

26  source code to a PDF, or photograph the code). The receiving party may create an

27  electronic copy or image of selected portions of the source code only when reasonably

28  necessary to accomplish any filing with the Court or to serve any pleadings or other papers

1    on any other party (including expert reports). Images or copies of source code shall not be

2    included in correspondence between the parties (references to production numbers shall be

3    used instead) and shall be omitted from pleadings and other papers except to the extent

4    permitted herein.

5        25.     Unless otherwise ordered by the Court, Confidential Source Code designated as

6    "CONFIDENTIAL SOURCE CODE" shall be subject to the provisions set forth in paragraphs 21

7    to 26 and may be disclosed, subject to paragraphs 21 to 26, solely to:

8        (a)     outside counsel representing the parties to this action, as defined in

9    paragraph 3(i), including necessary secretarial and support personnel regularly employed by and

10    assisting such counsel, except that, unless otherwise agreed, no outside counsel who is involved in

11    competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3

12    (Fed. Cir. 1984), shall have access to Confidential Source Code designated as "CONFIDENTIAL

13    SOURCE CODE;"

14        (b)     any outside expert or consultant retained by a party for the purposes of this

15    action and who satisfies paragraph 3(iii) of this Order, provided that disclosure is only to the

16    extent necessary to perform such work; and provided that:

17            (i)     such expert or consultant has agreed to be bound by the provisions

18        of this Order as required by paragraphs 3, 4, and 11 of this Order,

19            (ii)     such expert or consultant is not involved in competitive decision-

20        making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed.

21        Cir. 1984), on behalf of a party or a competitor of a party in the technical subject

22        matter of the Confidential Business Information produced, and

23            (iii)     no unresolved objections to such disclosure exist after proper notice

24        has been given to all parties as set forth in paragraphs 3, 4, and 11 of this Order;

25        (c)     court reporters, stenographers, and videographers retained to record

26    testimony taken in this action, provided that such court reporters, stenographers, and

27    videographers have agreed to be bound by the provisions of this Order as required by paragraph 4

28    of this Order;

(d)     the Court;

(e)     any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes at that time that the Confidential Source Code or portion of the Confidential Source Code was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this action;

(f)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(g)     any other person with the prior written consent of the supplier.

26.     Access to and review of the Confidential Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this action.  No person shall review or analyze any Confidential Source Code for purposes unrelated to this action, nor may any person use any knowledge gained as a result of reviewing Confidential Source Code in this action in any other pending or future dispute, proceeding, patent prosecution, or litigation.

1  **AGREED AND STIPULATED TO:**

2  CALFO HARRIGAN LEYH & EAKES LLP   SUMMIT LAW GROUP PLLC

3

4  By _/s/ Arthur W. Harrigan, Jr._      By _/s/ Ralph Palumbo_
      Arthur W. Harrigan, Jr., WSBA #1751       Ralph Palumbo, WSBA #4751
5      Christopher Wion, WSBA #33207       Philip S. McCune, WSBA #21081
      Shane P. Cramer, WSBA #35099       Lynn M. Engel, WSBA #21934
6                                  ralphp@summitlaw.com
                                  philm@summitlaw.com
7  T. Andrew Culbert, WSBA #35925      lynne@summitlaw.com
   David E. Killough, WSBA #21119
8  MICROSOFT CORPORATION
9  1 Microsoft Way                 Steven Pepe (pro hac vice)
   Redmond, WA  98052              Jesse J. Jenner (pro hac vice)
10 Phone: 425-882-8080             Ropes & Gray LLP
   Fax: 425-869-1327               1211 Avenue of the Americas
11                                 New York, NY  10036-8704
                                   (212) 596-9046
12 David T. Pritikin               steven.pepe@ropesgray.com
   Richard A. Cederoth             jesse.jenner@ropesgray.com
13 Constantine L. Trela, Jr.
   William H. Baumgartner, Jr.     Norman H. Beamer (pro hac vice)
14 Ellen S. Robbins                Ropes & Gray LLP
   Douglas I. Lewis                1900 University Avenue, 6th Floor
15 David C. Giardina               East Palo Alto, CA  94303-2284
   John W. McBride                 (650) 617-4030
16 David Greenfield                norman.beamer@ropesgray.com
17
   SIDLEY AUSTIN LLP               Paul M. Schoenhard (pro hac vice)
18 One South Dearborn              Ropes & Gray LLP
   Chicago, IL  60603              One Metro Center
19 Phone: 312-853-7000             700 12th Street NW, Suite 900
   Fax: 312-853-7036               Washington, DC  20005-3948
20                                 (202) 508-4693
21 Carter G. Phillips              Paul.schoenhard.@ropesgray.com
   Brian R. Nester
22                                 Thomas V. Miller
23 SIDLEY AUSTIN LLP               MOTOROLA MOBILITY LLC
   1501 K Street NW                600 North U.S. Highway 45
24 Washington, DC  20005           Libertyville, IL 60048-1286
   Telephone: 202-736-8000         (847) 523-2162
25 Fax: 202-736-8711               QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP
26 *Counsel for Plaintiff Microsoft Corp.*
                                   Kathleen M. Sullivan, NY #1804624
27                                 51 Madison Ave., 22nd Floor
28                                 New York, NY 10010

SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

(212) 849-7000
kathleensullivan@quinnemanuel.com

Brian C. Cannon, CA #193071
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
briancannon@quinnemanuel.com

William C. Price, CA #108542
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
williamprice@quinnemanuel.com

*Attorneys for Defendants Motorola Solutions,
Inc., Motorola Mobility, Inc.*

1

## **ORDER**

2

As stipulated above, IT IS SO ORDERED.

3

DATED this 25th day of July , 2013.

4

5

6

THE HONORABLE JAMES L. ROBART

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Attachment A**

2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3

4

5

MICROSOFT CORPORATION, a
Washington corporation,

Case No. 10-1823

6

Plaintiff,

**PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF
DISCOVERY MATERIALS**

7

8

vs.

9

MOTOROLA, INC., MOTOROLA
MOBILITY, INC., and GENERAL
INSTRUMENT CORPORATION;

10

11

Defendants

12

13

14

**CONFIDENTIALITY AGREEMENT
PURSUANT TO PROTECTIVE ORDER**

15

I, _____, hereby certify that I have read the Protective Order

16

Regarding the Disclosure and Use of Discovery Materials (the "Order") in the above-captioned

17

case, that I agree to comply with the Order in all respects, and that I hereby submit and waive any

18

objection to the jurisdiction of the United States District Court for the Western District of

19

Washington for the adjudication of any dispute concerning or related to my compliance with the

20

Order.

21

I understand and agree, in particular, that any Confidential Business Information and any

22

copies, excerpts, or summaries thereof, as well as any knowledge or information derived from any

23

of the aforementioned items, may be used solely for purposes of this litigation and may not be

24

used for any other purpose, including without limitation, and business, commercial or academic

25

purpose.

26

27

28

01980.62689/5371971.2

1      I further understand and agree that failure to abide fully by the terms of the Order may

2  result in legal action against me, including being held in contempt of court and liability for

3  monetary damages.

4

5                       Signature:_____

6                       Please print or type the following:

7                       Name:_____

8                       Title and Affiliation:_____

9                       Address:_____

10                      Telephone:_____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

01980.62689/5371971.2

-20-                    Case No. C10-1823-JLR
SECOND AMENDED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1

**Attachment B**

2

UNITED STATES DISTRICT COURT
3           FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

4

5   MICROSOFT CORPORATION, a                    Case No. 10-1823
Washington corporation,

6                        Plaintiff,       **PROTECTIVE ORDER REGARDING**
**THE DISCLOSURE AND USE OF**
7                                         **DISCOVERY MATERIALS**

8       vs.

9   MOTOROLA, INC., MOTOROLA
MOBILITY, INC., and GENERAL
10  INSTRUMENT CORPORATION;

11                       Defendants

12

13

**NONDISCLOSURE AGREEMENT FOR**
14          **REPORTER/STENOGRAPHER/TRANSLATOR**

15      I, _____, do solemnly swear or affirm that I will not divulge any

16  information communicated to me in any confidential portion of the action or hearing in *Microsoft*

17  *Corporation v. Motorola, Inc., Motorola Mobility, Inc., and General Instrument Corporation,*

18  Civil Action No. 10-1823, except as permitted in the protective order issued in this case.  I will not

19  directly or indirectly use or allow the use of such information for any purpose other than that

20  directly associated with my official duties in this case.

21      Further, I will not by direct action, discussion, recommendation, or suggestion to any

22  person reveal the nature or content of any information communicated during any confidential

23  portion of the action or hearing in this case.

24

25

26

27

28

01980.62689/5371971.2

1        I also affirm that I do not hold any position or official relationship with any of the

2  participants in said action.

3                  Signed _____

4                  Dated _____

5                  Firm or Affiliation_____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28