THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                Plaintiff,<br><br>   v.<br><br>MOTOROLA, INC.,  et al.,<br><br>                Defendants.<br>_____<br>MOTOROLA MOBILITY LLC, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | Case No. C10-1823-JLR<br><br>JOINT PROPOSED JURY<br>INSTRUCTIONS PURSUANT TO LCR<br>51<br><br>**TRIAL DATE: AUGUST 26, 2013** |

20    Pursuant to the Court's July 1, 2013 Order, (Dkt. 714), and Local Rule 51(h), the

21 parties hereby submit their Joint Proposed Jury Instructions, a copy of which is also being

22 transmitted to the Court by electronic mail as a Word document.

23

24

25

JOINT PROPOSED JURY INSTRUCTIONS
PURSUANT TO LCR 51 - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**TABLE OF CONTENTS**

| Instruction Number and Title | Sources | Page No. | Party(ies) |
|---|---|---|---|
| I.     JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS (TO BE READ PRIOR TO OPENING **STATEMENTS**) | | 8 | |
| Preliminary Instruction No. 1 **Duty of the Jury** | Manual of Model Jury Instructions for the Ninth Circuit ("Ninth Circuit Model") 1.1A | 8 | Microsoft and Motorola |
| Microsoft and Motorola propose alternative formulations for Preliminary Instruction No. 2. Microsoft's proposed instruction is entitled "Summary of claims and defenses, background, and prior determinations of the Court" and Motorola's proposed instruction is entitled "Summary of Claims and Defenses."  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Microsoft and Motorola propose alternative formulations for Preliminary Instruction No. 3 ("Burden of proof — preponderance of the evidence").  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Motorola proposes a Preliminary Instruction No. 4 ("Two or More Parties – Different Legal Rights"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Preliminary Instruction No. 5 **What is evidence** | Ninth Circuit Model 1.6 | 9 | Microsoft and Motorola |
| Preliminary Instruction No. 6 **What is not evidence** | Ninth Circuit Model 1.7 | 10 | Microsoft and Motorola |
| Preliminary Instruction No. 7 **Evidence for a limited purpose** | Ninth Circuit Model 1.8 | 11 | Microsoft and Motorola |
| Preliminary Instruction No. 8 **Direct and circumstantial evidence** | Ninth Circuit Model 1.9 | 12 | Microsoft and Motorola |
| Preliminary Instruction No. 9 **Ruling on objections** | Ninth Circuit Model 1.10 | 13 | Microsoft and Motorola |

**JOINT PROPOSED JURY INSTRUCTIONS PURSUANT TO LCR 51 -** 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| *Instruction Number and Title* | *Sources* | *Page No.* | *Party(ies)* |
|---|---|---|---|
| Preliminary Instruction No. 10 **Credibility of witnesses** | Ninth Circuit Model 1.11 | 14 | Microsoft and Motorola |
| Preliminary Instruction No. 11 **Expert opinion** | Ninth Circuit Model 2.11 | 15 | Microsoft and Motorola |
| Preliminary Instruction No. 12 **Conduct of the jury** | Ninth Circuit Model 1.12; Benchbook for U.S. District Court Judges, 6th ed., Federal Judicial Center, March 2013, 221 (*see* Joint Statement of Disputed Jury Instructions, Cramer Decl. Ex. B, filed concurrently herewith) | 16 | Microsoft and Motorola |
| Preliminary Instruction No. 13 **No transcript available to jury** | Ninth Circuit Model 1.13 | 18 | Microsoft and Motorola |
| Preliminary Instruction No. 14 **Taking Notes** | Ninth Circuit Model 1.14 | 19 | Microsoft and Motorola |
| Preliminary Instruction No. 15 **Bench conferences and recesses** | Ninth Circuit Model 1.18 | 20 | Microsoft and Motorola |
| Preliminary Instruction No. 16 **Outline of trial** | Ninth Circuit Model 1.19 | 21 | Microsoft and Motorola |
| Preliminary Instruction No. 17 **Deposition in lieu of live testimony** | Ninth Circuit Model 2.4 | 22 | Microsoft and Motorola |
| Preliminary Instruction No. 18 **Stipulations of Fact** | Ninth Circuit Model 2.2 | 23 | Microsoft and Motorola |
| Preliminary Instruction No. 19 **Judicial Notice** | Ninth Circuit Model 2.3 | 24 | Microsoft and Motorola |

Motorola proposes Preliminary Instruction Nos. 20 ("Charts and Summaries Not Received in Evidence") and 21 ("Charts and Summaries Received Into Evidence"), to which Microsoft objects. *See* Joint Statement of Disputed Jury Instructions.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| Instruction Number and Title | Sources | Page No. | Party(ies) |
|---|---|---|---|
| II.    JOINT PROPOSED FINAL JURY INSTRUCTIONS (TO BE READ AFTER THE CLOSE OF **EVIDENCE**) | | 25 | |
| Final Instruction No. 1 **Duty of the Jury** | Ninth Circuit Model 1.1C | 25 | Microsoft and Motorola |
| Microsoft and Motorola propose alternative formulations for Final Jury Instruction No. 2 ("Burden of Proof—Preponderance of the Evidence").  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Final Instruction No. 3 **What is evidence** | Ninth Circuit Model 1.6 | 26 | Microsoft and Motorola |
| Final Instruction No. 4 **What is not evidence** | Ninth Circuit Model 1.7 | 27 | Microsoft and Motorola |
| Microsoft proposes a Final Instruction No. 5 ("Prior rulings by the Court"), to which Motorola objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Final Instruction No. 6 **Evidence for a limited purpose** | Ninth Circuit Model 1.8 | 28 | Microsoft and Motorola |
| Final Instruction No. 7 **Direct and circumstantial evidence** | Ninth Circuit Model 1.9 | 29 | Microsoft and Motorola |
| Final Instruction No. 8 **Ruling on objections** | Ninth Circuit Model 1.10 | 30 | Microsoft and Motorola |
| Final Instruction No. 9 **Credibility of witnesses** | Ninth Circuit Model 1.11 | 31 | Microsoft and Motorola |
| Final Instruction No. 10 **Expert opinion** | Ninth Circuit Model 2.11 | 32 | Microsoft and Motorola |
| Final Instruction No. 11 **Stipulations of Fact** | Ninth Circuit Model 2.2 | 33 | Microsoft and Motorola |
| Final Instruction No. 12 **Judicial Notice** | Ninth Circuit Model 2.3 | 34 | Microsoft and Motorola |
| Motorola proposes Final Jury Instruction Nos. 13 ("Charts and Summaries Not Received in Evidence") and 14 ("Charts and Summaries Received Into Evidence"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Final Instruction No. 15 **Contract Defined** | Washington Pattern Jury Instruction – Civil ("WPI") 301.01 | 35 | Microsoft and Motorola |

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| *Instruction Number and Title* | *Sources* | *Page No.* | *Party(ies)* |
|---|---|---|---|
| Microsoft proposes a Final Jury Instruction No. 16 ("Promise Defined"), to which Motorola objects. *See* Joint Statement of Disputed Jury Instructions. | | | |
| The parties propose alternative formulations for a Final Jury Instruction No. 17 ("Issues — Breach of Contract").  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Microsoft proposes a Final Jury Instruction No. 18 entitled "Court's Prior Rulings and Burden of Proof on the Issues—Breach of Contract", whereas Motorola proposes an alternative instruction for Final Jury Instruction No. 18 entitled "Burden of Proof on the Issues—Breach of Contract—With Affirmative Defenses."  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Motorola proposes a Final Jury Instruction No. 19 ("Requirements for Initial Offer"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Motorola proposes a Final Jury Instruction No. 20 ("Reasonable Royalties for RAND Commitments"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Microsoft and Motorola propose alternative formulations for a Final Jury Instruction No. 21 ("Implied Duty of Good Faith and Fair Dealing").  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Motorola proposes a Final Jury Instruction No. 22 ("Initial Good Faith Offer"), to which Microsoft objects. *See* Joint Statement of Disputed Jury Instructions. | | | |
| Motorola proposes a Final Jury Instruction No. 23 ("Consideration of Subjective Factors"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Motorola proposes a Final Jury Instruction No. 24 ("Consideration of Industry Custom or Practice"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Motorola proposes a Final Jury Instruction No. 25 ("Mutual Duty of Good Faith and Fair Dealing"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |

**JOINT PROPOSED JURY INSTRUCTIONS PURSUANT TO LCR 51 -** 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| _Instruction Number and Title_ | _Sources_ | _Page No._ | _Party(ies)_ |
|---|---|---|---|

1

2
3
Motorola proposes a Final Jury Instruction No. 26 ("Size of Offer as Evidence of Good Faith"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions.

4
5
Motorola proposes a Final Jury Instruction No. 27 ("Unwillingness to Negotiate"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions.

6
7
Motorola proposes a Final Jury Instruction No. 28 ("Availability of Injunctive Relief"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions.

8
9
10
Microsoft proposes a Final Jury Instruction No. 29 ("Microsoft's Right to Enforce"), to which Motorola objects.  *See* Joint Statement of Disputed Jury Instructions.

11
12
Microsoft proposes a Final Jury Instruction No. 30 ("Breach of Contract—Non-Performance of Duty"), to which Motorola objects.  *See* Joint Statement of Disputed Jury Instructions.

13
14
15
Motorola proposes Final Jury Instruction Nos. 31-32 ("Affirmative Defense – Ripeness of Claim Relating to IEEE" and "Affirmative Defense – Ripeness of Claim Relating to ITU"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions.

16
17
Motorola proposes a Final Jury Instruction No. 33 ("Affirmative Defense – Unclean Hands"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions.

18
19
Motorola proposes a Final Jury Instruction No. 34 ("Affirmative Defense – Mitigation of Damages"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions.

20
21
Motorola proposes a Final Jury Instruction No. 35 ("Ability to Avoid Injunction in Germany"), to which Microsoft objects.  *See* Joint Statement of Disputed Jury Instructions.

22
23
The parties propose alternative formulations for Final Jury Instruction No. 36 ("Measure of Expectation Damages—Breach of Contract").  *See* Joint Statement of Disputed Jury Instructions.

24
25

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 - 6**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| Instruction Number and Title | Sources | Page No. | Party(ies) |
|---|---|---|---|
| The parties propose alternative formulations for Final Jury Instruction No. 37 ("Measure of Damages – Direct Damages").  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Microsoft proposes a Final Jury Instruction No. 38 ("Liability of Corporations"), to which Motorola objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Microsoft proposes a Final Jury Instruction No. 39 ("Nominal Damages"), to which Motorola objects.  *See* Joint Statement of Disputed Jury Instructions. | | | |
| Final Instruction No. 40 **Duty to Deliberate** | Ninth Circuit Model 3.1 | 36 | Microsoft and Motorola |
| Final Instruction No. 41 **Use of notes** | Ninth Circuit Model 1.14 | 37 | Microsoft and Motorola |
| Final Instruction No. 42 **Conduct of the Jury** | Ninth Circuit Model 3.1A; Benchbook for U.S. District Court Judges, 6th ed., Federal Judicial Center, March 2013, 221 (*see* Joint Statement of Disputed Jury Instructions, Cramer Decl. Ex. B, filed concurrently herewith) | 38 | Microsoft and Motorola |
| Final Instruction No. 43 **Communication with Court** | Ninth Circuit Model 3.2 | 40 | Microsoft and Motorola |
| Final Instruction No. 44 **Return of Verdict** | Ninth Circuit Model 3.3 | 41 | Microsoft and Motorola |
| The parties propose alternate formulations for the jury verdict form.  *See* Joint Statement of Disputed Jury Instructions. | | | |

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

**I.      JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS (TO BE READ PRIOR TO OPENING STATEMENTS)**

3

**Preliminary Instruction No. 1.**

4

**Agreed**

5

**(Duty of the Jury)**

6

        Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you

7

on the law. These instructions are preliminary instructions to help you understand the

8

principles that apply to civil trials and to help you understand the evidence as you listen to it.

9

You will be allowed to keep this set throughout the trial to which to refer. This set of

10

instructions is not to be taken home and must remain in the jury room when you leave in the

11

evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of

12

instructions which will govern your deliberations.

13

        You must not infer from these instructions or from anything I may say or do as

14

indicating that I have an opinion regarding the evidence or what your verdict should be. It is

15

your duty to find the facts from all the evidence in the case. To those facts you will apply the

16

law as I give it to you. You must follow the law as I give it to you whether you agree with it or

17

not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or

18

sympathy. That means that you must decide the case solely on the evidence before you. You

19

will recall that you took an oath to do so.

20

        In following my instructions, you must follow all of them and not single out some and

21

ignore others; they are all important.

22

23

24

25

**Authority in support of instruction**:  Manual of Model Jury Instructions for the Ninth Circuit

("Ninth Circuit Model") 1.1A

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 8

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Preliminary Instruction No. 5.**

**Agreed**

**(What is evidence)**

The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits which are received into evidence; and

      3. any facts to which the lawyers have agreed.

<u>Authority in support of instruction</u>:  Ninth Circuit Model 1.6

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**Preliminary Instruction No. 6.**

**Agreed**

**(What is not evidence)**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority in support of instruction**:  Ninth Circuit Model 1.7

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Preliminary Instruction No. 7.**

**Agreed**

**(Evidence for a limited purpose)**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

<u>**Authority in support of instruction**</u>:  Ninth Circuit Model 1.8

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 11

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Preliminary Instruction No. 8.**

**Agreed**

**(Direct and circumstantial evidence)**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

<u>Authority in support of instruction</u>:  Ninth Circuit Model 1.9

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 12

1

2

3

**Preliminary Instruction No. 9.**

**Agreed**

**(Ruling on objections)**

4

5

6

7

8

9

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

10

11

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Authority in support of instruction**:  Ninth Circuit Model 1.10

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Preliminary Instruction No. 10.**

**Agreed**

**(Credibility of witnesses)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

__Authority in support of instruction__:  Ninth Circuit Model 1.11

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

**Preliminary Instruction No. 11.**

**Agreed**

**(Expert opinion)**

4

5

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

6

7

8

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>**Authority in support of instruction**</u>:  Ninth Circuit Model 2.11

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 15

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### Preliminary Instruction No. 12.

### Agreed

### (Conduct of the jury)

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. You may not use any electronic device, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the Internet, any Internet service, or any instant messaging service; or any Internet chat room, blog, or website, such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.

This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

You may not use the electronic means identified above to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    using other reference materials; and do not make any investigation or in any
     other way try to learn about the case on your own.

2        The law requires these restrictions to ensure the parties have a fair trial based on the

3    same evidence that each party has had an opportunity to address. A juror who violates these

4    restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside

5    information, please notify the court immediately.

6

7

8

9

10

11

12

13

14

15

16

17

18

19   **Authority in support of instruction**:  This instruction is based on Ninth Circuit Model 1.12,

20   with certain additions shown above as underlined text.  These additions are drawn from the

     Benchbook for U.S. District Court Judges, Sixth Edition, Federal Judicial Center, March 2013,

21   at 221 (*see* Joint Statement of Disputed Jury Instructions, Cramer Decl. Ex. B, filed

22   concurrently herewith).  The additions provide additional detail and clarity regarding improper

23   uses of certain electronic media that the jurors may use in their day to day lives.  The

24   additional clarity is warranted given the increasing prevalence of electronic media in day to

     day lives and is further warranted because the present litigation has previously attracted

25   Internet media coverage.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Preliminary Instruction No. 13.**

**Agreed**

**(No transcript available to jury)**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

<u>**Authority in support of instruction**</u>:  Ninth Circuit Model 1.13

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Preliminary Instruction No. 14.**

**Agreed**

**(Taking Notes)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Authority in support of instruction**:  Ninth Circuit Model 1.14

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

**Preliminary Instruction No. 15.**

**Agreed**

**(Bench conferences and recesses)**

4

5

6

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.

7

8

9

The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

10

11

12

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

13

14

15

16

17

18

19

20

21

22

23

24

25

**Authority in support of instruction**:  Ninth Circuit Model 1.18

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 20

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**Preliminary Instruction No. 16.**

**Agreed**

**(Outline of trial)**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement. The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine. After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

**Authority in support of instruction**:  Ninth Circuit Model 1.19

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Preliminary Instruction No. 17.**

**Agreed**

**(Deposition in lieu of live testimony)**

*Note:* The following instruction would be read before each instance in which the Court reads deposition testimony in lieu of live testimony.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

<u>Authority in support of instruction</u>:  Ninth Circuit Model 2.4

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 22

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

*Note:* The following instruction would be read if the parties stipulate to any facts.

**Preliminary Instruction No. 18.**

**Agreed**

**(Stipulations of Fact)**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

**Authority for Instruction**: Ninth Circuit Model 2.2.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

*Note:* The following instruction would be read if the parties stipulate to any facts.

2

3

**Preliminary Instruction No. 19.**

**Agreed**

4

**(Judicial Notice)**

5

6

     The court has decided to accept as proved the fact that [***state fact***], even though no evidence has been introduced on the subject. You must accept this fact as true.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Authority for Instruction**: Ninth Circuit Model 2.3.

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 24

**II.      JOINT PROPOSED FINAL JURY INSTRUCTIONS (TO BE READ AFTER THE CLOSE OF EVIDENCE)**

**Final Instruction No. 1.**

**Agreed**

**(Duty of the Jury)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

<u>Authority in support of instruction</u>:  Ninth Circuit Model 1.1C

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 - 25**

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

**Final Instruction No. 3.**

2

**Agreed**

3

**(What is evidence)**

4

The evidence you are to consider in deciding what the facts are consists of:

5

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

6

3.      any facts to which the lawyers have agreed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>**Authority in support of instruction**</u>:  Ninth Circuit Model 1.6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**Final Instruction No. 4.**

**Agreed**

**(What is not evidence)**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority in support of instruction**:  Ninth Circuit Model 1.7

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Final Instruction No. 6.**

**Agreed**

**(Evidence for a limited purpose)**

*Note*: This instruction would be read only if applicable.

    Some evidence has been admitted for a limited purpose only.

    When I instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

<u>**Authority in support of instruction**</u>:  Ninth Circuit Model 1.8

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 28

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**Final Instruction No. 7.**

**Agreed**

**(Direct and circumstantial evidence)**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

<u>Authority in support of instruction</u>:  Ninth Circuit Model 1.9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Final Instruction No. 8.**

**Agreed**

**(Ruling on objections)**


       There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.

       If I overruled the objection then the question was answered or the exhibit received. If I sustained the objection, the question was not answered or the exhibit was not be received. If I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

       Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority in support of instruction**:  This instruction is based on Ninth Circuit Model 1.10. The only changes relate to the tense of the instruction:  Ninth Circuit Model 1.10 is intended to be an instruction provided prior to opening statements (which Microsoft also proposed in its proposed preliminary instructions), whereas this proposed instruction would be read after the close of evidence and after objections would already have been made and ruled on.

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 30

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Final Instruction No. 9.**

**Agreed**

**(Credibility of witnesses)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

<u>Authority in support of instruction</u>:  Ninth Circuit Model 1.11

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 31

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Final Instruction No. 10.**

**Agreed**

**(Expert opinion)**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>**Authority in support of instruction**</u>:  Ninth Circuit Model 2.11.

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 32

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

*Note:* The following instruction would be read if the parties stipulate to any facts.

2

**Final Instruction No. 11.**

**(Stipulations of Fact)**

3

    The parties have agreed to certain facts that will be read to you.  You should therefore

4

treat these facts as having been proved.  The parties have stipulated to the following facts:

5

[***state facts***].

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Authority for Instruction**: Ninth Circuit Model 2.2.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

*Note:* The following instruction would be read if the court takes judicial notice of any facts.

2

**Final Instruction No. 12.**

**(Judicial Notice)**

3

The court has decided to accept as proved the fact that [***state fact***], even though no

4

evidence has been introduced on the subject. You must accept this fact as true.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Authority for Instruction**: Ninth Circuit Model 2.3.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Final Instruction No. 15.**

**Agreed**

**(Contract Defined)**

A contract is a legally enforceable promise or set of promises.

**Authority in support of instruction**:  Washington Pattern Jury Instructions — Civil ("WPI")
301.01

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Final Instruction No. 40.**

**Agreed**

**(Duty to Deliberate)**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>**Authority in support of instruction**</u>:  Ninth Circuit Model 3.1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Final Instruction No. 41.**

**Agreed**

**(Use of notes)**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**Authority in support of instruction**:  This instruction is based on Ninth Circuit Model 1.14. The only changes relate to the tense of the instruction:  Ninth Circuit Model 1.14 is intended to be an instruction provided prior to opening statements (which Microsoft also proposes as a preliminary instruction), whereas this proposed instruction would be read after the close of evidence.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**Final Instruction No. 42.**

**Agreed**

**(Conduct of the jury)**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. You may not use any electronic device, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the Internet, any Internet service, or any instant messaging service; or any Internet chat room, blog, or website, such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.

This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

You may not use the electronic means identified above to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Authority in support of instruction**:  This instruction is based on Ninth Circuit Model 3.1A (available at http://www3.ce9.uscourts.gov/web/sdocuments.nsf/civ?OpenView) with certain additions shown above as underlined text.  These additions are drawn from the Benchbook for U.S. District Court Judges, Sixth Edition, Federal Judicial Center, March 2013, at 221 (*see* Joint Statement of Disputed Jury Instructions, Cramer Decl. Ex. B, filed concurrently herewith).  They provide additional detail and clarity regarding improper uses of certain electronic media that the jurors may use in their day to day lives.  The additional clarity is warranted given the increasing prevalence of electronic media in day to day lives and is further warranted because the present litigation has previously attracted Internet media coverage.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Final Instruction No. 43.**

**Agreed**

**(Communication with Court)**

     If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

<u>**Authority in support of instruction**</u>:  Ninth Circuit Model 3.2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Final Instruction No. 44.**

**Agreed**

**(Return of Verdict)**


     A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

<u>**Authority in support of instruction**</u>:  Ninth Circuit Model 3.3

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 41

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1

JOINT INSTRUCTIONS submitted this 26th day of July, 2013.

2

CALFO HARRIGAN LEYH & EAKES LLP          SUMMIT LAW GROUP PLLC

3

By ____ /s/ Arthur W. Harrigan, Jr. _____     By ____ /s/ Ralph H. Palumbo _____

4

By ____ /s/ Christopher Wion _____     By ____ /s/ Philip S. McCune _____

By ____ /s/ Shane P. Cramer _____        Ralph H. Palumbo, WSBA #4751

5

   Arthur W. Harrigan, Jr., WSBA #1751          Philip S. McCune, WSBA #21081

   Christopher Wion, WSBA #33207                *ralphp@summitlaw.com*

6

   Shane P. Cramer, WSBA #35099                 *philm@summitlaw.com*

7

By ____ /s/ T. Andrew Culbert _____       By ____ /s/ Thomas V. Miller _____

8

   T. Andrew Culbert, WSBA #35925               Thomas V. Miller

   David E. Killough, WSBA #21119               MOTOROLA MOBILITY LLC

9

   MICROSOFT CORPORATION                        600 North U.S. Highway 45

   1 Microsoft Way                              Libertyville, IL 60048-1286

10

   Redmond, WA  98052                           (847) 523-2162

   Phone:  425-882-8080

11

   Fax:  425-869-1327                           Kathleen M. Sullivan (*pro hac vice*)

                                                David Elihu

12

David T. Pritikin (*pro hac vice*)              Quinn Emanuel Urquhart & Sullivan, LLP

Richard A. Cederoth (*pro hac vice*)            51 Madison Avenue, 22nd Floor

13

Constantine L. Trela, Jr. (*pro hac vice*)      New York, NW  10010

William H. Baumgartner, Jr. (*pro hac vice*)    (212) 849-7000

14

Ellen S. Robbins (*pro hac vice*)               *kathleensullivan@quinnemanuel.com*

Douglas I. Lewis (*pro hac vice*)

15

David C. Giardina (*pro hac vice*)              Brian C. Cannon (pro hac vice)

John W. McBride (*pro hac vice*)                Andrea Pallios Roberts (pro hac vice)

16

SIDLEY AUSTIN LLP                               Quinn Emanuel Urquhart & Sullivan, LLP

One South Dearborn                              555 Twin Dolphin Drive, 5th Floor

17

Chicago, IL  60603                              Redwood Shores, CA  94065

Phone:  312-853-7000                            (640) 801-5000

18

Fax:  312-853-7036                              *briancannon@quinnemanuel.com*

                                                *andreaproberts@quinnemanuel.com*

19

Carter Phillips (*pro hac vice*)

20

Brian R. Nester, (*pro hac vice*)               William C. Price (pro hac vice)

SIDLEY AUSTIN LLP                               Quinn Emanuel Urquhart & Sullivan, LLP

21

1501 K Street NW                                865 S. Figueroa St., 10th Floor

Washington, DC  20005                           Los Angeles, CA  90017

22

Telephone:  202-736-8000                        (213) 443-3000

Fax:  202-736-8711                              *williamprice@quinnemanuel.com*

23

**Counsel for Microsoft Corp.**

24

                                                Steven Pepe (*pro hac vice*)

25

                                                Jesse J. Jenner (*pro hac vice*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Stuart W. Yothers (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY  10036-8704
(212) 596-9046
*steven.pepe@ropesgray.com*
*jesse.jenner@ropesgray.com*
*stuart.yothers@ropesgray.com*

Norman H. Beamer (*pro hac vice*)
Gabrielle E. Higgins (*pro hac vice*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
(650) 617-4030
*norman.beamer@ropesgray.com*
*gabrielle.higgins@ropesgray.com*

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
(202) 508-4693
*paul.schoenhard.@ropesgray.com*
*kevin.post@ropesgray.com*

**Counsel for Motorola Solutions, Inc.,
Motorola Mobility LLC, and General
Instrument, Corp.**

**JOINT PROPOSED JURY INSTRUCTIONS
PURSUANT TO LCR 51 -** 43

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF SERVICE**

I, Emma Chapman, swear under penalty of perjury under the laws of the State of

Washington to the following:

1.   I am over the age of 21 and not a party to this action.

2.   On the 26th day of July, 2013, I caused the preceding document to be served on

counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

Ralph Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081                    _____   Messenger
Summit Law Group                                 _____   US Mail
315 Fifth Ave. South, Suite 1000                 _____   Facsimile
Seattle, WA  98104-2682                          __X__   ECF
Telephone:  206-676-7000
Email:  Summit1823@summitlaw.com


Steven Pepe (*pro hac vice*)                     _____   Messenger
Jesse J. Jenner (*pro hac vice*)                 _____   US Mail
Ropes & Gray LLP                                 _____   Facsimile
1211 Avenue of the Americas                      __X__   ECF
New York, NY  10036-8704
Telephone:  (212) 596-9046
Email:  steven.pepe@ropesgray.com
Email:  jesse.jenner@ropesgray.com


Norman H. Beamer (*pro hac vice*)                _____   Messenger
Ropes & Gray LLP                                 _____   US Mail
1900 University Avenue, 6th Floor                _____   Facsimile
East Palo Alto, CA  94303-2284                   __X__   ECF
Telephone:  (650) 617-4030
Email:  norman.beamer@ropesgray.com

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 44

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Paul M. Schoenhard (*pro hac vice*)           _____ Messenger
Ropes & Gray LLP           _____ US Mail
One Metro Center           _____ Facsimile
700 12th Street NW, Suite 900           ___X___ ECF
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

Andrea Pallios Roberts (*pro hac vice*)       _____ Messenger
Brian C. Cannon (*pro hac vice*)       _____ US Mail
Elanor Mangin (*pro hac vice*)       _____ Facsimile
Quinn Emanuel Urquhart & Sullivan, LLP   ___X___ ECF
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Email: andreaproberts@quinnemanuel.com
Email: briancannon@quinnemanuel.com

Kathleen M. Sullivan (*pro hac vice*)       _____ Messenger
David Elihu (*pro hac vice*)       _____ US Mail
Ellyde Roko Thompson (*pro hac vice*)       _____ Facsimile
Quinn Emanuel Urquhart & Sullivan, LLP   ___X___ ECF
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Email: kathleensullivan@quinnemanuel.com

William Price (*pro hac vice*)       _____ Messenger
Quinn Emanuel Urquhart & Sullivan, LLP   _____ US Mail
865 S. Figuera St., 10th Floor       _____ Facsimile
Los Angeles, CA 90017       ___X___ ECF
Telephone:  (212) 443-3000
Email: williamprice@quinnemanuel.com
MicrosoftvMotoBreachofRANDCase@quinnemanuel.com

     DATED this 26th day of July, 2013.


                   s/  Emma Aubrey_____
                   EMMA AUBREY

**JOINT PROPOSED JURY INSTRUCTIONS**
**PURSUANT TO LCR 51 -** 45