The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION IN LIMINE<br><br>NOTE ON MOTION CALENDAR:<br>Friday, August 9, 2013 |

## I.  INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, LLC, and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal the following:

1. Defendants' Motion in Limine.

2. Exhibit B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion in Limine.

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
IN LIMINE - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## II. CERTIFICATION

In accordance with Local Civil Rule 5(g)(3)(A), the undersigned counsel certifies that on July 29, 2013 Shane Cramer (on behalf of Microsoft) and Brain Cannon and Elanor Mangin (on behalf of Motorola) met and conferred, both telephonically and via email, regarding the need and extent to file under seal certain limited portions of Defendants' Motion in Limine and supporting exhibit.

## III. BACKGROUND

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011. (Dkt. No. 72.) This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court. Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets … amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained….

*Id.* at 1-2. This information should be marked as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. Additionally, paragraph 6 specifies that:

> (1) Confidential Business Information pertaining to licensing or other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6….

*Id.* at 4. Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
IN LIMINE - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington. Local Rule Rule 5(g)(3) states that:

> (3) A motion to seal a document, even if it is a stipulated motion, must include the following:
>
> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;
>
> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.
>
> Where parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information. *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way" and (2) "the parties simultaneously file specified documents or information in sealed envelopes…").

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
IN LIMINE - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1    Though courts recognize a general right to inspect and copy public records and documents,
2    including judicial records, the United States Supreme Court has stated that this right is limited.
3    "[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory
4    power over its own records and files, and access has been denied where court files might have
5    become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598
6    (1978). In discussing examples of improper purposes, the Court indicated that courts are not to
7    serve as "sources of business information that might harm a litigant's competitive standing." *Id.*

As the Ninth Circuit stated:

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. See Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue " any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## IV. THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA TO FILE THIS MOTION FOR LEAVE TO SEAL

In accordance with the Protective Order and the above-referenced authority, Motorola moves to file the documents described below under seal.

Defendants' Motion in Limine includes summaries of deposition testimony that Motorola designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL BUSINESS INFORMATION." This document should accordingly be sealed.

Exhibit B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion in Limine is excerpts of the deposition of Gregory Leonard. Motorola designated this testimony as "HIGHLY CONFIDENTIAL." This document should accordingly be sealed.

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
IN LIMINE - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

V.   **CONCLUSION**

For the foregoing reasons, Motorola respectfully requests that this Court order that the following document be filed under seal:

1. Defendants' Motion in Limine
2. Exhibit B to the Declaration of Andrea Pallios Roberts in Support of Defendants' Motion in Limine

DATED this 29th day of July, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
    Ralph H. Palumbo, WSBA #04751
    Philip S. McCune, WSBA #21081
    *ralphp@summitlaw.com*
    *philm@summitlaw.com*

By */s/ Thomas V. Miller*
    Thomas V. Miller
    MOTOROLA MOBILITY LLC
    600 North U.S. Highway 45
    Libertyville, IL 60048-1286
    (847) 523-2162

And by

    Kathleen M. Sullivan (*pro hac vice*)
    Quinn Emanuel Urquhart & Sullivan, LLP
    51 Madison Avenue, 22nd Floor
    New York, NW 10010
    (212) 849-7000
    *kathleensullivan@quinnemanuel.com*

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
IN LIMINE - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1
2    Brian C. Cannon (*pro hac vice*)
     Andrea Pallios Roberts (*pro hac vice*)
3    Quinn Emanuel Urquhart & Sullivan, LLP
     555 Twin Dolphin Drive, 5th Floor
4    Redwood Shores, CA  94065
     (640) 801-5000
5    *briancannon@quinnemanuel.com*
     *andreaproberts@quinnemanuel.com*

6    William C. Price (*pro hac vice*)
     Quinn Emanuel Urquhart & Sullivan, LLP
7    865 S. Figueroa St., 10th Floor
     Los Angeles, CA  90017
8    (213) 443-3000
     *williamprice@quinnemanuel.com*
9

10   Jesse J. Jenner (*pro hac vice* )
     Steven Pepe (*pro hac vice* )
11   Kevin J. Post (*pro hac vice*)
     Ropes & Gray LLP
12   1211 Avenue of the Americas
     New York, NY  10036-8704
13   (212) 596-9046
     *jesse.jenner@ropesgray.com*
14   *steven.pepe@ropesgray.com*
     *kevin.post@ropesgray.com*
15
     James R. Batchelder (*pro hac vice*)
16   Norman H. Beamer (*pro hac vice* )
     Ropes & Gray LLP
17   1900 University Avenue, 6th Floor
     East Palo Alto, CA  94303-2284
18   (650) 617-4030
     *james.batchelder@ropesgray.com*
19   *norman.beamer@ropesgray.com*

20   Paul M. Schoenhard (*pro hac vice*
     Ropes & Gray LLP
21   One Metro Center
     700 12th Street NW, Suite 900
22   Washington, DC  20005-3948
     (202) 508-4693
23   *paul.schoenhard.@ropesgray.com*

24   ***Attorneys for Motorola Solutions, Inc.,
     Motorola Mobility LLC and General***
25   ***Instrument Corp.***

26

---

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION
IN LIMINE - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 29th day of July, 2013.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTOROLA'S MOTION IN LIMINE - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001