HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　　　　　Defendants.<br>_____<br>MOTOROLA MOBILITY LLC, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　　　Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT'S 7/29/13<br>MOTION TO SEAL<br><br>**NOTED FOR:**<br>FRIDAY, AUGUST 9, 2013 |

## I. RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal the following documents:

(1)　Portions of Exhibits 2-4 and 6-11 to the Declaration of Christopher Wion in Support of Microsoft's Motions *in Limine* ("Wion Declaration");

MICROSOFT'S 7/29/13 MOTION TO SEAL - 1　　　No. C10-1823

(2) Microsoft's Motions *in Limine* to the extent they refer to or rely on the above exhibits; and

(3) The Parties' Pretrial Order being filed contemporaneously herewith.

Microsoft seeks to file the foregoing materials under seal because they have been marked as "Confidential" by Motorola and/or Microsoft under the terms of the protective order issued in this case. To the extent these documents disclose the parties' negotiating history (the subject of Microsoft's third motion *in limine*), the parties agree that said documents should remain under seal. In fact, the Court has previously found that those negotiations could be sealed. *See* 11/12/12 Order on Motions to Seal (Dkt. No. 567), at 5 ("Accordingly, the court concludes that the importance of encouraging frank settlement negotiations outweighs the public's interest in knowing what was discussed in those settlement negotiations").

Microsoft also moves to seal limited portions of the Pretrial Order that disclose costs and expenses Microsoft incurred in connection with relocation of its distribution facility from Germany to The Netherlands, and the amount of attorneys' fees incurred in connection with defending itself against Motorola's suits for injunctive relief.

Microsoft takes no position with respect to the other materials Motorola has requested be sealed, or with respect to those paragraphs of the Pretrial Order that Motorola has requested be sealed.

For these reasons, Microsoft respectfully requests permission to file the above-referenced documents under seal and that the Court direct such documents to remain under seal. Microsoft is publicly filing redacted versions of the Pretrial Order, its Motions *in Limine*, and Exhibits 6-7 of the Wion Declaration.

## II.    LCR 5(g)(3)(A) CERTIFICATION

The parties met and conferred on July 29, 2013 in an effort to minimize the amount of material to be filed under seal in connection with this motion. As a result, the parties were able

MICROSOFT'S 7/29/13 MOTION TO SEAL - 2     No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

to reduce both the number of documents to be redacted (or sealed in their entirety) as well as the scope of the proposed redactions.

### III.    FACTS & AUTHORITY

**A. The Operative Protective Order and Applicable Court Rules Both Permit and Require Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, as amended by orders dated October 3, 2012 and July 25, 2013, Microsoft is permitted to file materials designated by either party as Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval.  Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal.  Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures."  Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1 (amended by Order dated October 3, 2012 (ECF No. 447)).

MICROSOFT'S 7/29/13 MOTION TO SEAL - 3      No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

"trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

A party seeking to seal a judicial record attached to a dispositive motion must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This presumption may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. However, "the public interest in understanding the judicial system would appear to be less where … the documents in question are irrelevant to the Court's decision." *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (citing *Kamakana*, 447 F.3d at 1179) (documents supporting dispositive motion "[not] bearing on the resolution of the dispute on the merits … are therefore more akin to the 'unrelated,' non-dispositive motion documents the Ninth Circuit contemplated in *Kamakana*").

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used

MICROSOFT'S 7/29/13 MOTION TO SEAL - 4     No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.,* 2010 WL 786021, at *2 (quotations omitted).

**B.      Good Cause Exists to Grant Microsoft's Motion.**

   1.   <u>Microsoft seeks to seal portions of Exhibits 2-4 and 6-11 at Motorola's Request.</u>

Motorola has requested that Microsoft file portions of Exhibits 2-4 and 6-11 under seal because they disclose Motorola's confidential business information. Pursuant to the terms of the protective order, Microsoft has filed these documents under seal. Microsoft takes no position with respect to the confidentiality of these documents.

   2.   <u>The Parties' Licensing Negotiations Should Remain Sealed.</u>

Microsoft's third motion *in limine* relates to the parties' negotiating history. The Court has already ruled that compelling reasons exist to maintain the confidentiality of the parties' negotiating history. *See* 11/12/12 Order on Motions to Seal (Dkt. No. 567), at 5 ("Accordingly, the court concludes that the importance of encouraging frank settlement negotiations outweighs the public's interest in knowing what was discussed in those settlement negotiations"). The Court has also previously sealed the Parties Nondisclosure Agreement (Dkt. No. 484). For these reasons, Microsoft respectfully requests that the Court grant its motion with respect to those sealed materials cited in Microsoft's third motion *in limine.*

   3.   <u>Portions of the Joint Pretrial Order Should Remain Sealed.</u>

Microsoft redacted portions of the Pretrial Order that disclose the parties' negotiating history (paragraphs 3.C. 2-17), as well as two paragraphs that disclose the increased operating costs Microsoft was forced to incur as a result of having to relocate from Germany to The Netherlands and the fees Microsoft has been forced to pay to defend against Motorola's injunction actions (3.B.11 – 12).

MICROSOFT'S 7/29/13 MOTION TO SEAL - 5      No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

The parties' negotiating history should be sealed for the reasons set forth above. The financial figures should be sealed because they are not generally known or publicly available, and the companies involved treat them as confidential for the reasons set forth in Microsoft's previous motions to seal (*see, e.g.,* 7/17/13 Response to Motion to Seal (Dkt. No. 765).

Microsoft takes no position with respect to those separate portions of the Pretrial Order Motorola has requested be redacted.

## IV.   CONCLUSION

For the reasons set forth herein, Microsoft respectfully requests that the Court grant its motion. A [Proposed] Order Granting Microsoft's 7/29/13 Motion to Seal has been submitted herewith.[2]

DATED this 29th day of July, 2013.

**RESPECTFULLY SUBMITTED,**
CALFO HARRIGAN LEYH & EAKES LLP

By   s/Arthur W. Harrigan, Jr.
     Arthur W. Harrigan, Jr., WSBA #1751

By   s/Christopher Wion
     Christopher Wion, WSBA #33207

By   s/Shane P. Cramer
     Shane P. Cramer, WSBA #35099
     999 Third Avenue, Suite 4400
     Seattle, WA  98104
     Phone:  206-623-1700
     arthurh@calfoharrigan.com
     chrisw@calfoharrigan.com
     shanec@calfoharrigan.com

---

[2] Nothing herein is intended as a waiver of Microsoft's right to contest Motorola's designation of material as Confidential Business Information in accordance with the terms of the Protective Order. Microsoft expressly reserves the right to do so as the circumstances warrant.

MICROSOFT'S 7/29/13 MOTION TO SEAL - 6    No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  By   s/T. Andrew Culbert
        T. Andrew Culbert

2  By   s/David E. Killough
        David E. Killough

   MICROSOFT CORPORATION
       1 Microsoft Way
       Redmond, WA  98052
       Phone:  425-882-8080
       Fax:  425-869-1327

       David T. Pritikin
       Richard A. Cederoth
       Constantine L. Trela, Jr.
       William H. Baumgartner, Jr.
       Ellen S. Robbins
       Douglas I. Lewis
       David C. Giardina
       John W. McBride
       Nathaniel C. Love


       SIDLEY AUSTIN LLP
       One South Dearborn
       Chicago, IL  60603
       Phone:  312-853-7000
       Fax:  312-853-7036

       Carter G. Phillips
       Brian R. Nester

       SIDLEY AUSTIN LLP
       1501 K Street NW
       Washington, DC  20005
       Telephone:  202-736-8000
       Fax:  202-736-8711

       Counsel for Microsoft Corp.

MICROSOFT'S 7/29/13 MOTION TO SEAL - 7    No. C10-1823

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On this 29th day of July, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | _____ Messenger |
| Philip S. McCune, WSBA #21081 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | \_\_X\_\_\_ ECF |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | \_\_X\_\_\_ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | \_\_X\_\_\_ ECF |
| Telephone:  (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S 7/29/13 MOTION TO SEAL - 8   No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Andrea Pallios Roberts (*pro hac vice*)<br>Brian C. Cannon (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone:  (650) 801-5000<br>Email: andreaproberts@quinnemanuel.com<br>Email: briancannon@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Kathleen M. Sullivan (*pro hac vice*)<br>David Elihu (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Telephone:  (212) 849-7000<br>Email: kathleensullivan@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| William Price (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figuera St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone:  (212) 443-3000<br>Email: williamprice@quinnemanuel.com<br>MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |

DATED this 29th day of July, 2013.

*/s/ Florine Fujita*
FLORINE FUJITA

MICROSOFT'S 7/29/13 MOTION TO SEAL - 9     No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717