HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                         Plaintiff,<br><br>         v.<br><br>MOTOROLA INC., et al.,<br><br>                         Defendant. | No. C10-1823-JLR<br><br>**FILED UNDER SEAL**<br><br>MICROSOFT'S MOTIONS IN LIMINE<br><br>**Noted: August 9, 2013** |
| MOTOROLA MOBILITY, INC., et al.,<br><br>                         Plaintiffs,<br><br>         v.<br><br>MICROSOFT CORPORATION,<br><br>                         Defendant. | **ORAL ARGUMENT REQUESTED** |

MICROSOFT'S MOTIONS IN LIMINE

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

# TABLE OF CONTENTS

I.  Evidence And Argument Concerning Information As To Which Motorola Or Its Corporate Parent, Google Inc., Claimed Privilege During Discovery Should Be Excluded. ............... 1

II. Evidence And Argument Concerning Microsoft Licensing Relating To The SD Card Association Licensing Policies And Microsoft's Interoperability Principles Should Be Excluded. ....................................................................................................................... 7

    A.  The SD Card Association Policies and Microsoft's Interoperability Principles Are Irrelevant. ......................................................................................................... 8

    B.  Permitting Arguments And Evidence Concerning The SDA And Interoperability Principles Would Prejudice Microsoft. ........................................... 9

    C.  Motorola's Arguments Will Mislead The Jury. ............................................. 10

III. Evidence And Argument Concerning The Parties' Settlement Communications And Negotiation Status Should Be Excluded. ............................................................... 11

    A.  Rule 408 And The Parties' NDA ................................................................. 11

    B.  All Settlement Proposals Or Offers To Compromise A Claim Should Be Excluded.. 13

    C.  The Parties' Comments On The Litigation Made In Settlement Communications Should Be Excluded. ................................................................................... 14

MICROSOFT'S MOTIONS IN LIMINE

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700 FAX, (206) 623-8717

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aecon Bldgs., Inc. v. Zurich North America,*
   572 F. Supp. 2d 1227 (W.D. Wash. 2008)...............................................................................9

*Alamar Ranch, LLC v. County of Boise,*
   No. 1:09-cv-004, 2010 U.S. Dist. Lexis 128572 (D. Idaho Dec. 4, 2010) ...............................2

*Allan Block Corp. v. County Materials Corp.,*
   No. 05-2879, 2009 U.S. Dist. Lexis 57475 (D. Minn. July 6, 2009)...........................................2

*Brees v. Jefferson Cty.,*
   No. C07-5000, 2008 WL 336787 (W.D. Wash. Feb. 5, 2008)..................................................12

*Columbia Pictures Indust., Inc. v. Krypton Broadcasting, Inc.,*
   259 F.3d 1186 (9th Cir. 2001) ...................................................................................................2

*Engineered Prods. Co. v. Donaldson Co.,*
   313 F. Supp. 2d 951 (N.D. Iowa 2004).......................................................................................2

*Galaxy Computer Svcs., Inc. v. Baker,*
   352 B.R. 544 (Bankr. E.D. Va. 2005).........................................................................................2

*Hudspeth v. C.I.R.,*
   914 F.2d 1207 (9th Cir. 1990) .................................................................................................12

*Kriedler v. Pixler,*
   No. C06-0697RSL, 2010 WL 1537068 (W.D. Wash. Apr. 15, 2010) .....................................12

*Turner v. University of Washington,*
   No. C05-1575RSL, 2007 U.S. Dist. Lexis 78281 (W.D. Wash. Oct. 10, 2007) .......................2

*United States v. Contra Costa County Water Dist.,*
   678 F.2d 90 (9th Cir. 1990) .....................................................................................................12

*United States v. Washington,*
   Nos. CV 9213, 01–02, 2006 WL 2375600 (W.D. Wash. Aug. 15, 2006)................................13

*Weil v. Investment / Indicators, Research and Mgmt., Inc.,* 647 F.2d 18, 24 (9th Cir.
   1981).........................................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Evid. 408 .........................................................................................................12, 13, 14

MICROSOFT'S MOTIONS IN LIMINE

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

Plaintiff Microsoft Corporation ("Microsoft") respectfully makes the following three motions in limine.

## I. Evidence And Argument Concerning Information As To Which Motorola Or Its Corporate Parent, Google Inc., Claimed Privilege During Discovery Should Be Excluded.

Microsoft moves in limine to bar Motorola from relying on information as to which it or its corporate parent, Google Inc. ("Google"), claimed privilege during discovery in this matter, in particular the analytical basis for Motorola's demands in its October 2010 letters and related issues. Because it has blocked discovery of all information relating to the reasoning behind its demands, Motorola should be precluded from offering any evidence or argument advancing a rationale for the demand letters.

In ruling on the parties' motions in limine prior to the November 2012 RAND royalty trial, the Court stated that in order to exclude evidence concerning particular facts, Microsoft would "need to demonstrate that the fact being offered into evidence was inquired into, and the discovery was blocked." Ex. 1, 10/29/12 Pretrial Conference Hearing Tr. 30:17–19.[1] The Court noted that instructions by counsel "that questions relating to [a] subject were privileged and the witness should only answer at a general level" would preclude Motorola from offering its own evidence on those questions, "because Microsoft was unable to continue questioning on the subject." *Id.* at 22:6–10. Finally, the Court observed that "[i]t would be unfair for Motorola to offer testimony of its choice and have denied Microsoft the opportunity to examine the testimony in detail." *Id.* at 22:10–12.[2]

---

[1] Unless otherwise indicated, all exhibits are those attached to the Declaration of Christopher Wion in Support of Microsoft's Motions in Limine, filed concurrently.

[2] The Court's prior ruling specifically addressed Motorola's assertion of privilege to block discovery into its reasons for not joining pools, and granted Microsoft's motion precluding Motorola from presenting evidence on that issue. *See* Ex. 1 at 20:21–22:22. Notwithstanding this, Motorola's expert Gregory Leonard offers the opinion that Motorola declined to join the MPEG LA H.264 and Via 802.11 patent pools "presumably in both cases because it thought its patents were more valuable than the average patent in the respective pools." Ex. 5, Leonard Rpt. ¶ 68. *See* Ex. 8, Leonard Dep. at 218:3–219:17 ▇▇▇▇▇▇▇▇▇ This proposed testimony falls squarely within the Court's prior ruling and should not be permitted.

MICROSOFT'S MOTIONS IN LIMINE - 1

1   The Court's prior ruling is well-supported.  It is fundamental that the "privilege which

2   protects attorney-client communications may not be used both as a sword and a shield."

3   *Columbia Pictures Indust., Inc. v. Krypton Broadcasting, Inc.*, 259 F.3d 1186, 1196 (9th Cir.

4   2001) (internal quotation omitted).  "A privilege-holder 'may elect to withhold or disclose, but

5   after a certain point his election must remain final.'"  *Turner v. University of Washington*, No.

6   C05-1575RSL, 2007 U.S. Dist. Lexis 78281 at *3–4 (W.D. Wash. Oct. 10, 2007), quoting *Weil*

7   *v. Investment / Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981).  It is

8   appropriate to "exclude[ ] material that was withheld in discovery based on [ ] a claim of

9   attorney-client privilege or the work product doctrine," *see id.*, particularly where a party is

10  precluded from inquiry at depositions as a result of privilege instructions.  *See Allan Block*

11  *Corp. v. County Materials Corp.*, No. 05-2879, 2009 U.S. Dist. Lexis 57475, at *42–43 (D.

12  Minn. July 6, 2009); *Galaxy Computer Svcs., Inc. v. Baker*, 352 B.R. 544, 559 (Bankr. E.D.

13  Va. 2005); *Engineered Prods. Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 1022–23 (N.D.

14  Iowa 2004).  Moreover, "[a]s a matter of fundamental fairness, it typically would not matter

15  whether the evidence at trial is offered through the party deposed or through another source."

16  *Alamar Ranch, LLC v. County of Boise*, No. 1:09-cv-004, 2010 U.S. Dist. Lexis 128572 at *3–

17  4 (D. Idaho Dec. 4, 2010).

18          During discovery, Motorola claimed privilege to block inquiry into the rationale for the

19  demands in its October 21 and October 29, 2010 letters to Microsoft.  Microsoft repeatedly

20  inquired into the analysis that lay behind Motorola's demands in depositions, and Motorola's

21  counsel repeatedly directed Motorola's witnesses not to answer.  Microsoft was denied the

22  opportunity to explore the analytical basis for any contention that these demands were made in

23  good faith or whether any such analysis included the notion that they were made pursuant to a

24  claimed "standard offer."  Motorola blocked all inquiry of Kirk Dailey,

25  .  Motorola should be precluded from offering any

26

MICROSOFT'S MOTIONS IN LIMINE - 2

1   evidence or argument advancing any explanation of the source of the specific terms stated in

2   the demand letters.

3        In depositions of Motorola employees Dailey and K. McNeill Taylor, Microsoft was

4   blocked from discovery into the analytical basis for the royalty terms offered in both letters to

5   Microsoft:



16   Ex. 2, Dailey 7/12/2012 Dep. at 69:2–11, 71:9–72:10.  Motorola blocked discovery into the

17   analysis Dailey admitted was done concerning

18   *id.* at 19:25–22:10, and

19        Ex. 3, Taylor 3/20/2012 Dep. at 155:22–157:7.  Taylor

20   testified

21

22

23        *See id.* at 84:12–85:14.  Brian Blasius, Motorola's 30(b)(6)

24   designee concerning its offers to Microsoft,

25

26

MICROSOFT'S MOTIONS IN LIMINE - 3

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700 FAX, (206) 623-8717

1   ██████████████████████████████████████████████████████

2   ████████████, again asserting privilege.  Ex. 4, Blasius 30(b)(6) Dep. at 39–41.

3          Motorola also blocked discovery into the reasoning behind its later, reduced 50-cents-

4   per-copy H.264 license offer ████████████████████████████████████████████

5   ████████████████████████████████   *See* Ex. 2, Dailey 7/12/2012 Dep. 31:5–35:7.

6   That blocking of discovery had two effects:  First, it curtailed Microsoft's ability to contrast

7   this offer ██████████████████████████████████████████████ with

8   Motorola's original, significantly higher demand.  Motorola's briefing suggests it intends to

9   defend its excessive demands as having been in good faith because it lacked the information it

10  needed to reduce them, ████████████████████████████████████████████████

11  ██████████████████████████   Second, Motorola's privilege assertion blocked Microsoft from

12  learning ██████████████████████████████████ so Motorola should not be permitted

13  to present the offer to the jury at all.

14         Because Motorola repeatedly blocked discovery and denied Microsoft the opportunity

15  to examine Motorola's analytical basis for its demands, Motorola should be precluded from

16  introducing evidence of any claimed basis for the demands made in the October 2010 letters.

17  The general rule applies with particular force here, where Motorola seeks to have fact

18  witnesses and experts testify to and opine on Motorola's subjective good faith in sending the

19  letters.  Motorola's expert Leonard not only concludes that Motorola acted in good faith (an

20  inappropriate subject of expert testimony, *see* Dkt. No. 724, Microsoft's Rule 702 Mot. at 4, 7–

21  8, 11), but in doing so repeatedly refers to his "understanding" from Kirk Dailey about the

22  basis for the letters, relies on what he claims Motorola did and did not know in forming its

23  demands, and declares that Motorola "resorted to its customary default offer."  *See* Ex. 5,

24  Leonard Rpt. ¶¶ 48, 50, 52, 64, 76.  Motorola's witnesses cannot be permitted to make these

25  claims where Microsoft was denied the ability to test them on the basis of privilege.  That

26

MICROSOFT'S MOTIONS IN LIMINE - 4

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    preclusion should also extend to any Motorola argument that Motorola lacked information at

2    the time that would have revealed that its demands were excessive (or that Microsoft should

3    have provided such missing information to Motorola), because even though Motorola later

4    reduced its H.264 offer, ████████████████████████████████████████

5        That preclusion should also extend to any Motorola argument or suggestion that the

6    terms in the October 2010 letters were based on Motorola's purported "standard offer" for its

7    standard-essential patents.  Motorola's claimed "standard offer" of 2.25% relates to its

8    portfolios of patents declared essential to cellular telephone standards, ████████████████

9    ██████████████████████████████████████████████████████

10            Ex. 6, 11/20/12 Trial Tr. (Dailey) 78:2–12.

11        Because Motorola blocked discovery into any of the details of any analysis it actually

12   did in formulating its demands of Microsoft, Microsoft is left unable to test the proposition of

13   whether Motorola followed any claimed "standard" practice drawn from its history of cellular

14   SEP licensing in generating its demand letters to Microsoft.  Dailey explained that requests

15   from Motorola's licensees, following price changes in the cell phone industry in the 1990s,

16   formed the basis for Motorola's claimed practice of 2.25% as a "standard offer" for cellular

17   SEPs. *Id.* at 36:16–37:8.  That explanation has no connection to the use of 802.11 or H.264

18   SEPs in Xbox or Windows in 2010, and Motorola blocked Microsoft from testing Motorola's

19   claim that importing 2.25% to this context was what Motorola actually did.  Motorola should

20   not be permitted to advance the proposition that 2.25% was its "standard offer" after blocking

21   discovery that would rebut it.

22        Motorola may also seek to introduce evidence and argument at trial concerning

23   Google's (Motorola Mobility's parent corporation) obligations as a licensee of MPEG LA's

24   H.264 patent pool.  As indicated by its summary judgment brief, Motorola is clinging to the

25   position that "[n]othing in the factual record establishes that Motorola is a covered Affiliate

26

MICROSOFT'S MOTIONS IN LIMINE - 5

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   under the MPEG LA agreement." (Dkt. No. 733 at 16.) Any legal issue underlying this

2   claim—whether the Google-MPEG LA agreement obliges Google to license Motorola's SEPs

3   to Microsoft at specific, presumed-reasonable royalty rates—has been fully briefed (*see* Dkt.

4   Nos. 614, 615, 640, 642, 657, 658), and the Court can instruct the jury on the proper legal

5   interpretation of that agreement as necessary.  But Google blocked Microsoft's efforts to

6   discover any factual basis for the claim that no grant-back obligation exists as to Motorola's

7   patents, so Motorola should not be permitted to argue that factual question to the jury, as its

8   summary judgment brief suggests it will.

9          On June 15, 2012, shortly after Google acquired Motorola Mobility as its wholly-

10  owned subsidiary, Microsoft made a written request for a license to Motorola Mobility's H.264

11  standard essential patents, in accordance with the provisions of the Google License.  Given the

12  importance of the Google License to the RAND licensing issues in this case, when Google

13  failed to respond, Microsoft noticed the Rule 30(b)(6) deposition of Google to learn whether

14  Google had any factual basis for trying to withhold from Microsoft the required license of

15  Motorola Mobility's H.264 SEPs.  Google designated Allen Lo, its Deputy General Counsel

16  for Patents and Patent Litigation, to testify for Google.  Ex. 7, Lo Dep. 7:17–25, 11:10–12:24.

17  Google invoked privilege to block Microsoft's inquiry into █████████████████████████

18  ████████████████████████████████████████████████████████████████████████

19  *Id.* at 49:15–50:6, 61:18–62:21.  Given the blocking of discovery by its corporate parent,

20  Motorola should be precluded from presenting evidence or argument that Microsoft is not

21  entitled to a license of Motorola Mobility's H.264 SEPs as required pursuant to the Google-

22  MPEG LA Agreement.

23

24

25

26

MICROSOFT'S MOTIONS IN LIMINE - 6

## II. Evidence And Argument Concerning Microsoft Licensing Relating To The SD Card Association Licensing Policies And Microsoft's Interoperability Principles Should Be Excluded.

Motorola wants to argue to the jury that Microsoft has made a "RAND commitment" to the SD Card Association and has also made a "RAND commitment" to the public at large in its "Interoperability Principles," and that Microsoft has breached those "RAND commitments." *See* Dkt. No. 752 at 22 ("Microsoft sought injunctions against Motorola for infringement of patents which Microsoft committed to license on RAND terms—the ActiveSync patents and computer file system patents.").[3]  For the reasons set out below, those allegations have no relevance to any claim or defense in this case, and would be misleading to the jury and prejudicial to Microsoft.  Arguments and evidence concerning the SD Card Association Licensing Policies or Microsoft's Interoperability Principles should be excluded from trial.[4]  In particular, Motorola should not be permitted to argue to the jury that Microsoft's patents implicated by its Interoperability Principles and agreement with the SD Card Association were subject to RAND licensing constraints on par with Motorola's ITU and IEEE SEP RAND licensing commitments, or that Microsoft violated its undertakings, or that Microsoft otherwise acted improperly or inconsistently by asserting patents against Motorola in the ITC.  The issue to be tried to the jury in this case is whether or not Motorola breached its RAND licensing contracts, not whether or not Microsoft had RAND licensing commitments and, if so, whether or not it complied with them.

---

[3] Motorola refers to Microsoft's ActiveSync patents in connection with Microsoft's Interoperability Principles and uses the term "computer file system" patents to refer to patents covered by Microsoft's agreement with the SD Card Association.

[4] Motorola placed on its proposed exhibit list a series of documents associated with the Interoperability Principles and the SD Card Association apparently intended to support these arguments, currently designated as proposed exhibits 7071–72, 7161–67, 7153, 7182, 7210, and 7212–13. These exhibits should be excluded from trial.

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1

**A. The SD Card Association Policies and Microsoft's Interoperability Principles Are Irrelevant.**

2

Exhibits on Motorola's proposed trial exhibit list, its citations to the deposition of

3

Microsoft's Horacio Gutierrez, and other statements in Motorola's briefs suggest it plans to

4

argue to the jury that Microsoft is "the pot calling the kettle black"—specifically, that

5

Microsoft has RAND licensing commitments to SD Card Association ("SDA") and under

6

Microsoft's "Interoperability Principles," and that Microsoft breached those commitments by

7

suing Motorola on patents in the ITC. *See* Dkt. No. 752 at 22. Even if Motorola's allegations

8

had any basis (and, as set out below, they do not), those arguments would have no relevance to

9

the upcoming trial and should be excluded. If Motorola believes Microsoft has breached a

10

contract, it is free to sue Microsoft for breach. But it has asserted no such counterclaims for

11

breach of contract here. The "commitments" Motorola points to are not part of this case.

12

Microsoft's conduct with respect to the SDA and the Interoperability Principles—however

13

culpable or innocent—sheds no light on whether Motorola's conduct violated its contractual

14

RAND licensing commitments with the IEEE and ITU, which is the issue for the upcoming

15

trial. Motorola's RAND licensing commitments are not conditional on the standard-

16

implementer's conduct with respect to other patents unrelated to the standards at question.

17

Further, Motorola's arguments about Microsoft's conduct do not support any of

18

Motorola's affirmative defenses. Based on an interrogatory response Motorola has never

19

supplemented or amended, Motorola's equitable unclean hands affirmative defense is based on

20

Microsoft having filed this suit instead of negotiating in response to Motorola's demand letters,

21

and has nothing to do with Microsoft's assertion of other patents. (*See* Dkt. No. 729 at 22.)

22

Motorola attempted, during summary judgment briefing, to assert for the first time a new

23

version of its equitable unclean hands affirmative defense (which, as an equitable defense,

24

should, in all events, be tried to the Court alone and not before the jury) to encompass

25

Microsoft's "commitments" to the SDA or under the Interoperability Principles. But for the

26

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   reasons set forth in Microsoft's summary judgment reply brief, Motorola should not be

2   permitted to advance that argument now.  Moreover, an equitable unclean hands defense

3   requires that the "alleged misconduct by the plaintiff relate directly to the transaction

4   concerning which the complaint is made." *Aecon Bldgs., Inc. v. Zurich North America*, 572 F.

5   Supp. 2d 1227, 1239–40 (W.D. Wash. 2008), quoting *Dollar Sys., Inc. v. Avcar Leasing Sys,*

6   *Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).  Motorola's allegations concerning the SDA and

7   Interoperability Principles do not "relate directly" to Motorola's October 2010 demand letters

8   or its RAND licensing commitments to the IEEE and ITU.  They are the subject of a separate

9   and distinct dispute that should not be injected into the trial.

### B. Permitting Arguments And Evidence Concerning The SDA And Interoperability Principles Would Prejudice Microsoft.

Even if the vague claims made in Motorola's summary judgment opposition were to be

considered, the fundamental problem remains that the Microsoft conduct that Motorola points

to has never been part of this case, and the state of the record reflects that.  Permitting

Motorola to make these newly-minted and unfounded allegations before the jury would

significantly prejudice Microsoft.  The trial concerns Motorola's contractual RAND licensing

commitments to the IEEE and ITU, not Microsoft's obligations, if any, with respect the SDA

or the Interoperability Principles.  Motorola points to only a single document in its summary

judgment briefing concerning the SDA (*see* Dkt No. 753 Ex. G), but Motorola fails to mention

that

*See* Ex. 10, Letter from R. Holleman to Motorola

Motorola

had no right to a license from Microsoft on the SD Card related patents (and, indeed, no right

to implement the SD specification at all) at the time Microsoft's ITC case began.  Motorola's

claims concerning Microsoft's Interoperability Principles are similarly unsupported and

MICROSOFT'S MOTIONS IN LIMINE - 9

1   untimely.  Neither party has developed any expert testimony relevant to Motorola's new

2   arguments.  Motorola essentially seeks to put Microsoft on trial for vague counterclaims

3   Motorola has never actually asserted and neither party has factually developed.

4       **C. Motorola's Arguments Will Mislead The Jury.**

5       In order to evaluate Motorola's conduct, the jury will be instructed on Motorola's

6   RAND licensing commitments.  Motorola has not shown and should not be permitted at this

7   juncture to argue that Microsoft's agreement with the SDA, nor Microsoft's Interoperability

8   Principles, constitute RAND licensing commitments, or that Microsoft's conduct constitutes a

9   breach of any such commitment.  Motorola's attempt to inject them into the case and cast them

10  as "RAND commitments" is intended to mislead the jury into equating Microsoft's conduct

11  with Motorola's, and excusing Motorola for its breach.

12      There is simply no connection between Motorola's SSO RAND licensing commitments

13  concerning its 802.11 and H.264 standard-essential patents and Microsoft's Interoperability

14  Principles or Microsoft's obligations to the SDA.  In fact, Motorola has admitted elsewhere

15  that the SDA policies have nothing to do with the IEEE and ITU policies at issue.  In a

16  deposition in the ITC case brought by Motorola (asserting 802.11 and H.264 patents against

17  Microsoft), Motorola's expert Holleman stated that due to his (still-ongoing) employment as

18  the president of the licensing arm of the SDA,

19

20                                                                  *See* Ex.

21  9, Holleman 7/29/2011 Dep. 8:15–18:10.  Contrary to the position Motorola seeks to take now,

22                                                          *id.* at 9:22–23, 12:14–

23  20,

24

25                                                                  *id.* at

26

MICROSOFT'S MOTIONS IN LIMINE - 10

18:2–7. Motorola's allegations of breach are flawed and irrelevant even by its own admission, and any argument concerning these accusations could only mislead the jury.

**III.     Evidence And Argument Concerning The Parties' Settlement Communications And Negotiation Status Should Be Excluded.**

Pursuant to Federal Rule of Evidence 408 and the parties' nondisclosure agreement (the "NDA"), Microsoft moves to exclude statements made by either party relating to settlement offers or commenting on the litigation between the parties during settlement discussions, in communications subsequent to October 21, 2010.

Prior to the RAND royalty trial, Microsoft made a general motion in limine to exclude any settlement communications. (*See* Dkt. No. 450 at 11–13.) The Court reserved any rulings for trial, and noted that Rule 408 "does not require the exclusion of any evidence otherwise discoverable, merely because it was presented in the course of compromise negotiations," and that the parties' NDA similarly did not require exclusion of material independently acquired through discovery. Ex. 1, Pretrial Conference Tr. at 26:2–27:6. Accordingly, Microsoft's current (and narrower) motion is targeted at two specific categories of communications between the parties that are squarely within the scope of Rule 408 and the NDA. Because the upcoming trial is a jury trial, it is critical that this issue be resolved now, rather than on the fly at trial—the parties' witnesses need to be instructed in advance not to introduce such statements in their testimony before the jury.

**A. Rule 408 And The Parties' NDA**

As the Court is aware, ███████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████ But settlement proposals and discussion of the litigation in settlement communications are not admissible, both because of the restrictions of Rule 408, and because of the parties' contractual commitments to one another in an NDA.

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   Evidence of "conduct or statements made in compromise negotiations regarding the

2   claim is not admissible on behalf of any party, when offered to prove liability for, invalidity of,

3   or amount of a claim that was disputed as to validity or amount, or to impeach through a prior

4   inconsistent statement or conclusion." Fed. R. Evid. 408(a)(2). Rule 408 is designed to further

5   the public policy in favor of encouraging settlement. Admitting settlement communications

6   into evidence would strongly discourage parties from participating in settlement negotiations.

7   *See, e.g., Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213 (9th Cir. 1990) (discussing the Rule 408

8   public policy interest in encouraging settlement); *United States v. Contra Costa County Water*

9   *Dist.*, 678 F.2d 90, 92 (9th Cir. 1990) ("By preventing settlement negotiations from being

10  admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy

11  toward settlement"); *Kriedler v. Pixler*, No. C06-0697RSL, 2010 WL 1537068, at *1 (W.D.

12  Wash. Apr. 15, 2010) (excluding by agreement offers of settlement and related issues under

13  Fed. R. Evid. 408); *Brees v. Jefferson Cty.*, No. C07-5000, 2008 WL 336787, at *1 (W.D.

14  Wash. Feb. 5, 2008) (granting motion to exclude "settlement offers, demands, negotiations or

15  discussions under Rule 408").

16  Here the parties are also contractually barred from offering such communications into

17  evidence. In November of 2010, the parties signed the NDA to enable Microsoft and Motorola

18  to conduct these discussions ███████████████████ Ex. 11, Nondisclosure

19  Agreement at 1. The NDA provides that █████████

20

21

22

23

24  *Id.* ¶ 2. The ████████████ created by the NDA were crystal clear:

25

26

MICROSOFT'S MOTIONS IN LIMINE - 12

*Id.* ¶ 3.  The NDA further provides that

*Id.* ¶ 3.

The NDA has an exception for

*Id.* ¶ 3.

Rule 408 similarly "does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations."  Fed. R. Evid. 408; *see United States v. Washington*, Nos. CV 9213, 01–02, 2006 WL 2375600, at *1 (W.D. Wash. Aug. 15, 2006).  However, as the Advisory Committee Notes to Rule 408 explain, the purposes of this exception is to prevent parties from attempting to "immunize from admissibility documents otherwise discoverable merely by offering them in compromise negotiations." Neither the Rule nor the Committee Notes suggest that the exception is intended as a loophole running in the other direction, permitting a party to shoehorn settlement communications into evidence by injecting them into the discovery process in an end-run around Rule 408.

## B. All Settlement Proposals Or Offers To Compromise A Claim Should Be Excluded.

While Motorola's disclosed trial exhibits and briefs do not provide clarity as to what Motorola or its witnesses intend to say at trial with respect to the parties' ongoing negotiations, any settlement proposals or offers to compromise a claim made following Motorola's October 21, 2010 letters should be excluded from trial.

LAW OFFICES
CALFO HARRIGAN LEVH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1

2 ███████████████████████████████████████ Their use is plainly barred by Rule 408 and the even

3 broader restrictions put in place by the NDA.  Motorola and its witnesses should be directed

4 not to refer to ███████████████████████████████████████████████████████████

5 ██████████

6
## C. The Parties' Comments On The Litigation Made In Settlement

7 Communications Should Be Excluded.

8 Rule 408 and the parties' NDA also bar introduction of either parties' statements made

9 commenting on the litigation—including the merits, strengths, or weaknesses of claims and

10 defenses—during the course of settlement communications.  *See* Fed. R. Evid. 408 (evidence

11 of a "statement made during compromise negotiations *about the claim*" is inadmissible to

12 disprove validity of a claim) (emphasis added).

13 In its summary judgment opposition, Motorola argued:  "Right after Microsoft filed its

14 complaint, its executives told Motorola not to be concerned about the lawsuit, that it was

███████████████████ at Microsoft."  (Dkt. No. 752 at 7.)  In support of this claim, Motorola

15 cites to the deposition of Motorola's K. McNeill Taylor.  At that deposition, Taylor claimed

16 ████████████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████

18 ██████████████████████████████████████ Ex. 3, Taylor Dep. at 39:25–40:2.

19 When asked what time frame he meant by ███████████████████ Taylor stated:

20 ████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████████████

22 *Id.* at 40:6–13.  Taylor subsequently confirmed ███████████████████████████████

23 ████ *Id.* at 40:19–41:2.[5]  At the November RAND royalty trial, Kirk Dailey

24

25 [5] Based on this concession, Microsoft also objects to the introduction of the statement based on a lack of foundation and that the statement is inadmissible hearsay.  Motorola has not included ██████████████████████

26 ███████████████████████████████████ on its list of potential trial witnesses.

MICROSOFT'S MOTIONS IN LIMINE - 14

1 [REDACTED] Ex. 6, Dailey Trial Tr. at 39:18–22, and Microsoft objected on Rule

2 408 grounds, *id.* at 39:25–40:19.

3   The alleged [REDACTED] comment should be excluded from trial.  Aside

4 from being inadmissible hearsay (see note 7), [REDACTED]

5 [REDACTED] made in November 2010 and

6 plainly within the confines of Rule 408 and the NDA.  Motorola's apparent intended use of the

7 statement is either to suggest Microsoft's assessment of its own claim in this case, or to

8 somehow provide support for Motorola's untimely new version of its unclean hands defense.

9 Neither use would be proper under Rule 408.  Further, the alleged statement does not fall into

10 the "otherwise discoverable" exception of Rule 408 or the NDA simply because [REDACTED]

11 [REDACTED]

12 [REDACTED] Under such an interpretation of

13 the rule, Motorola could inject any Microsoft settlement communications it thought

14 advantageous to its position into the trial, simply by preparing its witnesses to repeat them in

15 depositions.  Further, the alleged statement is not something either party "acquired" during

16 discovery, because by Motorola's description it was something one party said to the other.  If it

17 occurred at all, the statement was made in the context of settlement communications and its use

18 at trial is barred by Rule 408 and the NDA.

19   DATED this 29th day of July, 2013.

20         CALFO HARRIGAN LEYH & EAKES LLP

21

22        By  s/Arthur W. Harrigan, Jr.
           Arthur W. Harrigan, Jr., WSBA #1751

23

24        By  s/Christopher Wion
           Christopher Wion, WSBA #33207

25        By  s/Shane P. Cramer
           Shane P. Cramer, WSBA #35099

26

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

999 Third Avenue, Suite 4400
Seattle, WA  98104
Phone:  206-623-1700
arthurh@calfoharrigan.com
chrisw@calfoharrigan.com
shanec@calfoharrigan.com


By _____s/T. Andrew Culbert_____
       T. Andrew Culbert

By _____s/David E. Killough_____
       David E. Killough

MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
Nathaniel C. Love

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S MOTIONS IN LIMINE - 16

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1.      I am over the age of 21 and not a party to this action.

2.      On this 29th day of July, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

Ralph Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081            _____   Messenger
Summit Law Group                         _____   US Mail
315 Fifth Ave. South, Suite 1000         _____   Facsimile
Seattle, WA  98104-2682                     X       ECF
Telephone:  206-676-7000
Email:  Summit1823@summitlaw.com


Steven Pepe (*pro hac vice*)             _____   Messenger
Jesse J. Jenner (*pro hac vice*)         _____   US Mail
Ropes & Gray LLP                         _____   Facsimile
1211 Avenue of the Americas                 X       ECF
New York, NY  10036-8704
Telephone:  (212) 596-9046
Email:  steven.pepe@ropesgray.com
Email:  jesse.jenner@ropesgray.com


Norman H. Beamer (*pro hac vice*)        _____   Messenger
Ropes & Gray LLP                         _____   US Mail
1900 University Avenue, 6th Floor   _____   Facsimile
East Palo Alto, CA  94303-2284              X       ECF
Telephone:  (650) 617-4030
Email:  norman.beamer@ropesgray.com

MICROSOFT'S MOTIONS IN LIMINE - 17

Paul M. Schoenhard (*pro hac vice*)   _____ Messenger
Ropes & Gray LLP   _____ US Mail
One Metro Center   _____ Facsimile
700 12th Street NW, Suite 900   ___X___ ECF
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

Andrea Pallios Roberts (*pro hac vice*)  _____ Messenger
Brian C. Cannon (*pro hac vice*)   _____ US Mail
Quinn Emanuel Urquhart & Sullivan, LLP _____ Facsimile
555 Twin Dolphin Drive, 5th Floor  ___X___ ECF
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Email: andreaproberts@quinnemanuel.com
Email: briancannon@quinnemanuel.com

Kathleen M. Sullivan (*pro hac vice*)  _____ Messenger
David Elihu (*pro hac vice*)   _____ US Mail
Quinn Emanuel Urquhart & Sullivan, LLP _____ Facsimile
51 Madison Ave., 22nd Floor  ___X___ ECF
New York, NY 10010
Telephone:  (212) 849-7000
Email: kathleensullivan@quinnemanuel.com

William Price (*pro hac vice*)   _____ Messenger
Quinn Emanuel Urquhart & Sullivan, LLP _____ US Mail
865 S. Figuera St., 10th Floor  _____ Facsimile
Los Angeles, CA 90017   ___X___ ECF
Telephone:  (212) 443-3000
Email: williamprice@quinnemanuel.com
MicrosoftvMotoBreachofRANDCase@quinnemanuel.com

  DATED this 29th day of July, 2013.


    /s/ Florine Fujita
    FLORINE FUJITA

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717