# ATTACHMENT A

# Microsoft Corporation

## v.

## Motorola, Inc., et al.

**Amended Expert Witness Report**

Signed: _____

**Todd D. Menenberg**

**Navigant Consulting, Inc.**

**July 31, 2013**

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

## TABLE OF CONTENTS

I.   Introduction ................................................................................................4

II.  Background ................................................................................................5

III. Discussion of Navigant's Work Performed – Legal Costs ..........................6

    A.   Summary of Navigant's Findings ......................................................6

        1.   *Sidley Austin LLP ("Sidley Austin") -* ████████ ........................8

        2.   *Freshfields Bruckhaus Deringer ("Freshfields") -* ████████ .......11

        3.   *Boehmert & Boehmert -* ████ .......................................13

        4.   *Klarquist Sparkman LLP ("Klarquist") -* █████ ....................14

        5.   *Calfo Harrigan Leyh & Eakes LLP ("Calfo Harrigan") -* ████ ........15

    B.   Additional Legal Cost Analyses .....................................................17

        1.   *Exhibit 1 – Legal Costs Breakdown – All Law Firms (Includes Fees and Expenses)* ................................................................17

        2.   *Exhibits 2a and 2b – Total Hours Billed and Fee Amounts by Hourly Rate (Sidley Austin and Calfo Harrigan)* ....................17

        3.   *Exhibit 3a and 3b – Total Hours Billed and Fee Amounts by Timekeeper (Sorted by Hourly Rate) (Sidley Austin and Calfo Harrigan)* ...........................................................17

        4.   *Exhibit 4 – Legal Fees and Expenses by Client Matter Number (Sidley Austin)* ....................................................17

        5.   *Exhibit 5 – Legal Fees and Expenses for Various Subjects* ...........18

IV.  Discussion of Work Performed – Facility Relocation and Operating Costs ..............18

    A.   Summary of Navigant's Findings ....................................................18

    B.   Summary of Work Performed .........................................................19

        1.   *Relocation Costs -* █████ ...........................................19

        2.   *Increased Facility Operating Costs* ████ .............................26

V.   Summary of Opinions ...............................................................................28

Attachment 1:     Resume of Todd D. Menenberg

Attachment 2:     Summary of Testimony of Todd D. Menenberg

Attachment 3:     Documents Considered

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

| | |
|---|---|
| Exhibit 1: | Legal Costs Breakdown – All Law Firms (Includes Fees and Expenses) |
| Exhibit 2a and 2b: | Total Hours Billed and Fee Amounts by Hourly Rate (Sidley Austin and Calfo Harrigan) |
| Exhibit 3a and 3b: | Total Hours Billed and Fee Amounts by Timekeeper (Sorted by Hourly Rate) (Sidley Austin and Calfo Harrigan) |
| Exhibit 4: | Legal Fees and Expenses by Client Matter Number (Sidley Austin) |
| Exhibit 5: | Legal Fees and Expenses for Various Subjects |
| Exhibit 6: | Comparison of Facility Operating Costs Between the Netherlands and Germany |

---

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

## I.    Introduction

This report was prepared by Todd D. Menenberg of Navigant Consulting, Inc. ("Navigant").[1]  Navigant is an international consulting firm providing litigation, financial, and other services to clients.  I am a Managing Director at Navigant and also manage its Disputes and Investigation practice for the Western Region of the United States.  I am also a Certified Public Accountant.  My experience is summarized in my resume, which is included as **Attachment 1**.  A summary of my testimony experience for the past four years is included as **Attachment 2**.  Navigant is compensated at the rate of $575 per hour for my time.  Navigant's work on this matter was performed by me or under my supervision.

Navigant has been retained by Calfo Harrigan Leyh & Eakes LLP ("Counsel") on behalf of Microsoft Corporation ("Microsoft") to quantify the legal costs, including attorneys' fees and other litigation costs and expenses, incurred by Microsoft and that Microsoft contends were incurred as a consequence of Defendants' breaches of contracts ("legal costs").  Navigant also has been retained to quantify the costs incurred by Microsoft in connection with the relocation of its main logistics and products/software distribution center for the European, Middle Eastern, and African ("EMEA") market from its former location in Germany to the Netherlands in 2012 ("facility relocation costs"), as well as Microsoft's increased costs resulting from operating its distribution center in the Netherlands.

I have relied on certain documents in forming the conclusions contained in this report.  A list of the documents I have considered is attached as **Attachment 3**.  My analyses have been performed based on the information now available to me.  As part of my work, I spoke with a number of Microsoft employees, including David Killough (Assistant General Counsel), Paul Benzie (Finance Director), and Aoife Muldoon (Financial Analysis & Controls, IE-EOC Financial Controls) and also read the depositions of Jeff Davidson (General Manager Global Supply Chain), Owen Roberts (General Manager Microsoft Licensing and General Manager American

---

[1] Navigant's work on this matter was performed by me or under my supervision.  I have used "I", "we", and "Navigant" interchangeably to refer to work performed by any of my team members unless otherwise specified.

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

Operations Center), and David Killough.  As additional information becomes available, I may evaluate and consider that information.  As a result, I reserve the right to modify or supplement my analyses and conclusions.

## II.    Background

Microsoft provides computer software, services, and solutions for businesses and consumers.  Microsoft develops and distributes software and hardware products, such as its Windows operating system software and its video game console, the Xbox 360 ("Xbox").

The defendants in this action are Motorola Mobility LLC, Motorola Solutions, Inc., and General Instrument Corporation (collectively, "Motorola").  Motorola contends that it owns patents that are "essential" to an Institute of Electrical Electronics Engineers wireless local area network "WLAN" standard called the "802.11 Standard" and an International Telecommunication Union advanced video coding technology standard called the "H.264 Standard" – these patents are herein referred to as "standard essential patents" or "SEPs."

Microsoft contends that it developed and marketed products that implement these standards, relying on the assurances of Motorola to provide licenses to its SEPs on reasonable and non-discriminatory ("RAND") terms and conditions.  Microsoft alleges that Motorola breached its RAND obligations by failing to make licenses to its SEPs available on RAND terms and conditions and improperly pursuing claims against Microsoft in connection with these patents in actions before the International Trade Commission, various United States District Courts, and in Germany.

Microsoft claims that it suffered damages as a result of Motorola's breaches of its contractual commitments.  This report addresses two categories of monetary damages that Microsoft contends resulted from Motorola's breaches of contract.  The first category consists of legal costs Microsoft contends were incurred as a consequence of Motorola's breaches of contract.  The second category consists of the cost of measures that Microsoft contends it took to mitigate greater potential losses anticipated from the potential award and enforcement by

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

Motorola of injunctive relief that Motorola sought in Germany, including significant costs in relocating its main logistics and products/software distribution center for the EMEA market from Germany to the Netherlands in the spring of 2012 and the increased costs of operating the center in the Netherlands.

## III.   Discussion of Navigant's Work Performed – Legal Costs

Based on a review of various court pleadings and discussions with counsel, I understand that Microsoft claims that it suffered legal cost damages in the form of attorneys' fees and other litigation costs and expenses incurred as a consequence of Motorola's breaches of contract. Following these discussions, Navigant was provided with documentation supporting Microsoft's claim for legal cost damages.

The following sections of this report summarize my conclusions related to legal cost damages and describe the work performed to reach those conclusions.

### A.  <u>Summary of Navigant's Findings</u>

Microsoft paid at least ███████ in fees and related litigation expenses (i.e., legal cost damages) as a result, according to Microsoft, of Motorola's alleged breaches of contract. Navigant understands that the following law firms were engaged to represent Microsoft in connection with Motorola's standard essential patent claims and, in that regard, were paid at least the following fees and expenses:

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

| Sidley Austin LLP | ████████ |
|---|---|
| Freshfields Bruckhaus Deringer LLP | ████████ |
| Boehmert & Boehmert LLP | ████████ |
| Klarquist Sparkman LLP | ████████ |
| Calfo Harrigan Leyh & Eakes LLP[2] | ████████ |
| **Total Legal Cost Damages** | ████████ |

Summary of Navigant's Work Performed – By Individual Law Firm

  The following sections #1 through #5 describe the detailed work performed by Navigant in determining the legal costs Microsoft paid to each individual law firm for its work in connection with those aspects of Motorola's SEP claims identified as breaches of contract. Throughout sections #1 through #5, I make reference to data entry.  All information that required data entry was double-entered to help ensure the accuracy of the information underlying my calculation of legal cost damages.  Double entry refers to a quality control process where two individuals independently enter the same information in separate Microsoft Excel workbooks.  This information is then compared for differences.  If a difference is identified, the source information is analyzed and any necessary adjustments are made to the data entry.  Double entry is a process that is often used to ensure the accuracy of a data entry exercise of this size.

---

[2] Formerly, Danielson Harrigan Leyh & Tollefson LLP.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**       Page 7

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

1. *Sidley Austin LLP ("Sidley Austin") -* ███████

Navigant was provided 38 Sidley Austin invoices for work performed from November 2, 2010 through January 31, 2013.  Portions of these invoices were redacted.  I understand the redacted sections of the invoices include time and expense entries that do not relate to work claimed as legal cost damages or, in limited instances, relate to privileged information.

The Sidley Austin invoices include multiple sections containing the following information:

- Cover Page:  Single page that includes summary level information about the invoice and the total amount of the bill;

- "TASK DETAIL":  Multiple page section that includes detailed line entries of hours by task code, date, and employee.  Each line entry includes a narrative that generally describes the work performed;

- "TASK SUMMARY":  One or two page summary for each bill that includes total hours and total fees by task code.  Each task code includes a task code description that generally describes the nature of the work performed under the respective task code;

- "TASK SUMMARY BY TIMEKEEPER":  Multiple page summary for each bill that includes total hours, bill rates, and total fees by employee, by task code.  In this section, each task code also includes a task code description.  Further, this section includes subtotals of hours and fees by employee;

- "EXPENSE DETAIL":  Multiple page section for each bill that includes line entries that detail expense amounts[3] by date, by task code.  Each line entry appears to include a narrative description of the expense item;

---

[3] Each line entry includes a Rate, Quantity, and Amount.  The Amount is the product of the Rate and Quantity.  Most often the Quantity is "1."  There are occasions when the Quantity is greater than "1."  As an example, ███ per page (Rate) for 40,043 pages (Quantity) equates to ██████ (Amount).

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

- "EXPENSE SUMMARY":  One page summary for each bill that includes the total expense amount by task code.  Each task code includes a task code description that generally describes the category of expense; and,

- "REMITTANCE PAGE":  One page summary for each bill, which includes payment instructions and a summary of outstanding invoices and their amounts.

In order to calculate total legal cost damages related to Sidley Austin, Navigant performed the following work steps:

**Step 1:**  Created a Microsoft Excel data entry template to capture the relevant information from the Sidley Austin invoices.

**Step 2:**  Data entry of the following Cover Page information:

- Total Invoice Amount
- Law Firm Name
- Invoice Number
- Client Matter Number
- Invoice Date

**Step 3:**  Data entry of the employee bill rates from the "TASK SUMMARY BY TIMEKEEPER" section of the Sidley Austin LLP invoices.

**Step 4:**  Data entry of the following line entry information included in the "TASK DETAIL" section of the Sidley Austin invoices:

- Work Performed Date
- Employee Name
- Hours
- Source Bates

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

**Step 5:**  For each line entry, the fee Amount was calculated by multiplying the hours (as entered in **Step 4**) by the respective employee bill rate (as entered in **Step 3**).

**Step 6:**  Data entry of the following expenses line entry information by day, by task included in the "EXPENSE DETAIL" section of the Sidley Austin invoices:

- Expense Date
- Quantity
- Rate
- Amount

In total, the sum of the non-redacted fees (as calculated in **Step 5**) and expenses (as input in **Step 6**) for the 38 invoices was ███████.   The line entries were also assigned to one of three categories – 1) H.264, 2) 802.11, and 3) both H.264 and 802.11.  It is my understanding that David Killough of Microsoft identified each of these entries as being related to Microsoft's defense of Motorola's SEP claims.  He also identified each time entry as falling within each of the three categories referenced above.   A summary of the category assignments and the related legal cost damages is included in Table 1.

**Table 1**

| Category | Damage Amount | |
|---|---|---|
| 1)   H.264 | $ | ██████ |
| 2)   802.11 | $ | ██████ |
| 3)   Both 802.11 and H.264 | $ | ██████ |
| **Total** | $ | ██████ |

The total amount of legal cost damages for Sidley Austin equals ███████

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

### 2. *Freshfields Bruckhaus Deringer ("Freshfields")* - ▮▮▮▮▮

Navigant was provided documentation for 22 billings related to Freshfields.  All 22 of the billings were supported by invoice printouts from Microsoft's TyMetrix360° system and four also were supported by copies of Freshfields' invoices.[4]  The 22 billings were for work performed from July 13, 2011 through March 31, 2013.[5]

The four Freshfields' invoices are multiple page documents.  Based on a review of the invoices, they all reference the same Matter Number that is indicated on the TyMetrix360° printouts, and the invoices are billed to "Microsoft Corporation" in Redmond, WA.  Further, the invoices reference "General Instrument."[6]  The body of the invoices includes details regarding the amount billed, employee, billing code, and the general nature of the work performed.

Microsoft's Legal and Corporate Affairs Department ("LCA") uses a performance management system called TyMetrix360°.  Microsoft's legal service vendors (e.g., law firms) submit their invoices electronically through the TyMetrix360° system.  It is my understanding that these vendors generally use the TyMetrix360° system, sometimes in lieu of generating and submitting paper invoices.  In support of Freshfields' legal cost damages, Navigant was provided with invoice printouts from TyMetrix360°.  The invoice printouts can be one or multiple pages in length and include the following three general sections:

(1)  Invoice header information (e.g., Invoice Number, Invoice Date, vendor information, matter information, payment status information, etc.);

---

[4] For four of the 22 invoices, Navigant received both a TyMetrix360° printout and a copy of Freshfields' invoice.  The TyMetrix360° printouts include total amounts in US Dollars while the Freshfields invoice amounts are in Euros.  For each of the four invoices where Navigant has received both a TyMetrix360° printout and a copy of a Freshfields invoice, the calculated exchange rate equates to $1.256 USD to €1.00.  Example (Invoice 06/139363): TyMetrix360° printout includes a total amount of ▮▮▮▮▮  The Freshfields invoice includes a total amount of ▮▮▮▮▮  This equates to an exchange rate of $1.256 USD to €1.00.
[5] Portions of the fee and expense Narratives from the Freshfields invoice printouts were redacted.  It is my understanding that the redacted sections of the invoice printouts contain privileged information.
[6] General Instrument Corporation is an entity that was acquired by Motorola in 2000.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**                     Page 11

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

(2)  Invoice amount information (e.g., Gross Amount, adjustments, Tax, credits, etc.); and,

(3)  Line item entry information which includes hours and fees by Date, Timekeeper (employee), Task, Activity, Work Location, and Narrative.  This section also includes expense amounts by Date, Activity, Work Location, and Narrative.

Based on a review of the invoice printout header information, all of the invoices reference the same Matter Name ("Motorola Mobility, Inc. (1) and General Instrument Corporation v. Microsoft GMBH, Microsoft Corporation and Microsoft Ireland Operations, Ltd. (1)") and Matter Number (#100007942).  All of the invoice printouts are billed to "Microsoft Corporation" in Redmond, WA.  All of the invoices printouts list a (payment) Status of "Paid." Lastly, 14 of the 22 invoice printouts include a Vendor (name) of "Munich" while the remaining eight invoice printouts are labeled "FRESHFIELDS BRUCKHAUS DERINGER LLP."[7]

In order to calculate the total legal cost damages related to Freshfields, Navigant performed the following work steps.

**Step 1**:  Created a Microsoft Excel data entry template to record the relevant information from the Freshfields printout invoices.

**Step 2**:  Data entry of the following information from the Freshfields invoice printouts:

- Invoice Number
- Invoice Date
- Vendor (Name)
- (Payment) Status
- Total with Credit (Invoice Amount, including fees and expenses)
- Currency Type

---

[7] Although the Vendor (name) is identified as "Munich" for 14 of the 22 invoice printouts, the vendor address and Vendor Tax Registration Number match to that of the remaining eight invoice printouts from "FRESHFIELDS BRUCKHAUS DERINGER LLP."  As such, all 22 invoices are also assumed to be invoices from Freshfields.

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

The sum of the "Total with Credit" amounts equate to Freshfields' charges of ███████.
It is my understanding, based on communications with counsel, that no allocation of
Freshfields' time entries was done because, based on review by Sidley Austin and Microsoft, all
of the time in each entry for which Microsoft seeks to recover its legal cost damages was
believed to be spent performing work that was necessitated by Motorola's alleged breaches of
contract.

### 3.   *Boehmert & Boehmert -* ███████

Navigant was provided documentation for nine billings related to Boehmert &
Boehmert.  Eight of the nine billings were supported by invoice printouts from Microsoft's
TyMetrix360° system and six of the nine billings were supported by copies of Boehmert &
Boehmert's invoices.[8]  The nine billings were for work performed from October 19, 2011
through April 2013.

The eight TyMetrix360° invoice printouts are in the same format and structure as those
previously described for Freshfields.  Based on a review of the invoice printout header
information, all of the invoices reference the same Matter Name ("Motorola Mobility, Inc. (1)
and General Instrument Corporation v. Microsoft GMBH, Microsoft Corporation and Microsoft
Ireland Operations, Ltd. (1)") and Matter Number (#100007942).  All of the invoice printouts are
billed to "Microsoft Corporation" in Redmond, WA.  Lastly, all invoice printouts identify a
(payment) Status of "Paid."

The six Boehmert & Boehmert invoices are one or two page documents.  These invoices
all reference the same Matter Number that is indicated on the TyMetrix360° printouts, and the
invoices are billed to "Microsoft Corporation" in Redmond, WA.  Further, the invoices reference

---

[8] For five of the nine invoices, Navigant received both a TyMetrix360° printout and a copy of Boehmert & Boehmert's
invoice.  The TyMetrix360° printouts include total amounts in U.S. Dollars while the Boehmert & Boehmert invoice
amounts are in Euros.  For each of the five invoices where Navigant received both a TyMetrix360° printout and a
copy of a Boehmert & Boehmert's invoice, the calculated exchange rate equates to $1.256 USD to €1.00.  Example
(Invoice 387130001): TyMetrix360° printout includes a total amount of ██████.  The Boehmert & Boehmert invoice
includes a total amount of ██████  This equates to an exchange rate of $1.256 USD to €1.00.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

"General Instrument Corporation ./. Microsoft Deutschland GmbH."  The body of the invoices includes details regarding the amount billed, employee, billing code, and the general nature of the work performed.

In order to calculate the total legal cost damages related to Boehmert & Boehmert's eight invoice printouts, Navigant performed the same two work steps described in regards to Freshfields.  The sum of the Total with Credit amounts is ██████ .  As with the Freshfields' invoices, it is my understanding, based on communications with counsel, that no allocation of Boehmert & Boehmert's time entries was done because, based on review by Sidley Austin and Microsoft, all of the time in each entry for which Microsoft seeks to recover its legal cost damages was believed to be spent performing work that was necessitated by Motorola's alleged breaches of contract.  The one additional invoice for which we did not receive a TyMetrix360° printout is for ████ .[9]  Therefore, the total amount of legal cost damages for all nine of Boehmert & Boehmert's invoices amounts to ████████

> **4.  *Klarquist Sparkman LLP ("Klarquist")* -** ████████

Navigant was provided 22 invoice printouts from Microsoft's TyMetrix360° system related to Klarquist for work performed from June 9, 2011 through February 28, 2013.[10]

The invoice printouts are in the same format and structure as those previously described for Freshfields.  Based on a review of the invoice printout header information, all of the invoices reference the same Matter Name (i.e., "Motorola Mobility, Inc. (1) and General Instrument Corporation v. Microsoft GMBH, Microsoft Corporation and Microsoft Ireland Operations, Ltd. (1)" and Matter Number (i.e., "100007942").  All of the invoice printouts are billed to "Microsoft

---

[9] The invoice was for €1,419 which was converted to US Dollars using an exchange rate of $1.256 USD to €1.00.  This was the same exchange rate discussed in footnote 5, above.
[10] Portions of the fee and expense Narratives from the Klarquist invoice printouts were redacted.  It is my understanding that the redacted sections of the invoice printouts contain privileged information.

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

Corporation" in Redmond, WA.  Lastly, 20 of the 22 invoice printouts identify a (payment) Status of "Paid," while the remaining two invoice printouts are identified as "Passed A/P."[11]

In order to calculate the total legal cost damages related to Klarquist, Navigant performed the same two work steps described in regards to Freshfields.  The sum of the Total with Credit amounts equate to Klarquist's charges of ████.  I understand, based on my communications with counsel, that no allocation of Klarquist's time entries was done because, based on review by Sidley Austin and Microsoft, all of the time in each entry for which Microsoft seeks to recover its legal cost damages was spent performing work that was believed to be necessitated by Motorola's alleged breaches of contract.

5. *Calfo Harrigan Leyh & Eakes LLP ("Calfo Harrigan")* - ████

Navigant was provided 25 Calfo Harrigan invoices for work performed from January 19, 2011 through February 28, 2013.[12]  Portions of these invoices were redacted.  I understand the redacted sections of the invoices include time and expense entries that do not relate to amounts claimed as legal cost damages or, in limited instances, relate to privileged information.

The Calfo Harrigan invoices include sections containing the following information:

- General Invoice Information:  The header section of each page the invoice that includes summary level information about the invoice; and,
- "FOR LEGAL SERVICES":  Multiple page section that includes line entries detailing total hours and total fees by date and employee.  Each line entry appears to include a breakdown of the total hours by task codes, which is further supplemented with a general description of the work performed.

---

[11] The first invoice printout with a (payment) Status of "Passed A/P" is date stamped March 18, 2013, and the second invoices printout is date stamped April 22, 2013.
[12] 17 of the 25 invoices are from Danielson Harrigan Leyh & Tollefson LLP from February 8, 2011 through July 5, 2012 and are associated with Account Number 5755-005A.  The remaining 8 invoices are from Calfo Harrigan Leyh & Eakes LLP from August 13, 2012 through March 5, 2013 and are associated with Account Number 5755-015A.

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

Based on a review of the general invoice information included in the header section of each invoice, the 25 invoices consist of:  17 invoices from Danielson Harrigan Leyh & Tollefson LLP; and eight invoices from Calfo Harrigan.  Beginning with the August 13, 2012 invoice, the law firm name switched from Danielson Harrigan Leyh & Tollefson LLP to Calfo Harrigan Leyh & Eakes LLP.  Concurrent with the law firm name change, the Matter No. and ACCOUNT NO also changed.  Further, all 25 invoices are billed to "Microsoft Corporation" in Redmond, WA.

In order to calculate the total legal cost damages related to Calfo Harrigan, Navigant performed the following work steps.

**Step 1:**  Created a Microsoft Excel data entry template to record the relevant information from the Calfo Harrigan invoices.

**Step 2:**  Data entry of the following general invoice information:

- Law Firm Name
- Invoice Number
- Matter Number
- Account Number
- Invoice Date

**Step 3:**  Data entry of the following line entry information from the "FOR LEGAL SERVICES" section of the Calfo Harrigan invoices:

- Work Performed Date
- Employee Initials
- Total Hours – by day
- Total Amount – by day
- Hours – by task, by day
- Source Bates

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

**Step 5:** For each line entry, the bill rate was calculated by dividing the Total Amount by the Total Hours.

**Step 6:** For each line entry, an amount was calculated (by task, by day) by multiplying the Hours (by task, by day) by the respective bill rate calculated in **Step 5**.

The sum of fees (as calculated in **Step 6**) equate to ███████ in legal cost damages related to Calfo Harrigan.  It is my understanding, based on my communications with counsel, that this sum consists of those fees Calfo Harrigan incurred performing work believed to be required as a consequence of Motorola's alleged breaches of contract.  Navigant did not note any expenses included in Calfo Harrigan's invoices.

## B. **Additional Legal Cost Analyses**

*1. Exhibit 1 – Legal Costs Breakdown – All Law Firms (Includes Fees and Expenses)*

This schedule segments legal costs by law firm for those legal costs that were assigned to breaches related to the SEPs in question.

*2. Exhibits 2a and 2b – Total Hours Billed and Fee Amounts by Hourly Rate (Sidley Austin and Calfo Harrigan)*

These schedules break out the legal fees for Sidley Austin and Calfo Harrigan in order of hourly rates charged multiplied by the respective hours billed.

*3. Exhibit 3a and 3b – Total Hours Billed and Fee Amounts by Timekeeper (Sorted by Hourly Rate) (Sidley Austin and Calfo Harrigan)*

These schedules break out the legal fees for Sidley Austin and Calfo Harrigan by time keeper in order of hourly rates charged multiplied by the respective hours billed.

*4. Exhibit 4 – Legal Fees and Expenses by Client Matter Number (Sidley Austin)*

These schedules break out the legal fees and expenses for Sidley Austin by client matter number.

---

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

5. *Exhibit 5 – Legal Fees and Expenses for Various Subjects*

These schedules break out the legal fees and expenses for the following subjects: 1) the German litigation, 2) anti-suit injunction and Ninth Circuit Appeal, and 3) defense of the three H.264 patents in the 1823 case.

## IV. Discussion of Work Performed – Facility Relocation and Operating Costs

### A. <u>Summary of Navigant's Findings</u>

Microsoft contends that it relocated its main logistics and products/software distribution center for the EMEA market from its prior location in Germany to its new location in the Netherlands as a result of Motorola's alleged breaches of contract.  Microsoft incurred damages of ▮▮▮▮▮▮ in relocation costs and increased facility operating costs ("facility relocation and operating cost damages") as a result, according to Microsoft, of Motorola's alleged breaches of contract.  The following table summarizes the two components of facility relocation and operating cost damages.

| | |
|---|---|
| Relocation Costs | ▮▮▮▮ |
| Increased Facility Operating Costs (2 Years) | ▮▮▮▮ |
| **Total Facility Relocation and Operating Cost Damages** | ▮▮▮▮ |
| **Rounded** | $▮▮▮▮ |

Although the increase in facility operating costs in the Netherlands location reasonably can be expected to continue into the foreseeable future, to be conservative, my analysis takes into account the annual cost difference for only a two-year period.

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

   B.  **Summary of Work Performed**

   The following sections describe the detailed work performed by Navigant in

determining the facility relocation and operating cost damages by each component of damages.

   1.  *Relocation Costs -* ████████

   The eight categories of costs are as follows:

| Relocation Cost Categories | Amount in Euros | Amount in US Dollars |
|---|---|---|
| 1)  Fixed fee for start-up of distribution and warehouse services | ███████ | ███████ |
| 2)  Exit costs for termination of German vendor services | █████ | █████ |
| 3)  June 2012 German warehouse costs | █████ | █████ |
| 4)  Carrier freight for stock move to new facility | █████ | █████ |
| 5)  German BEFF[13] for stock move to new facility | █████ | █████ |
| 6)  Security for stock move to new facility | ████ | ████ |
| 7)  Costs to develop new vendor | █████ | █████ |
| 8)  Microsoft trade, tax and finance costs | █████ | █████ |
| **Total Relocation Costs** | ███████ | ███████ |

   The overwhelming majority of these costs were supported by invoices and purchase

orders, which also indicated that these amounts were paid.  In a few instances, such as travel

expense reimbursements, amounts were supported by internal Microsoft accounting records.

   The relocation costs that were incurred and paid in Euros have been converted to US

Dollars using an exchange rate of $1.26 USD to €1.00.  It is my understanding that Microsoft's

international operations establishes a fixed exchange rate at the beginning of each fiscal year to

convert local currencies into US Dollars.  The exchange rate established for fiscal year 2013 (July

---

[13] BEFF stands for Back End Freight Fulfillment.

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

1, 2012 through June 30, 2013) was $1.26 USD to €1.00.  Based on Navigant's independent review of US Dollar to Euro exchange rates[14] for this time period, this exchange rate is reasonable to use for purposes of claiming damages in this matter.

The remainder of this section describes the nature of the costs and the work done to validate the respective costs claimed in each relocation cost category.

Category 1:  Fixed fee for start-up of distribution and warehouse services - ███████
███████

These are costs related to the development of, and transition to, new warehouse facilities in the Netherlands.  To support these costs, we reviewed both the settlement agreement between CEVA and Microsoft and the underlying invoices.  The settlement amount was stated per the Exhibit H Venray Distribution and Warehouse Services Start-up and Run Services Pricing Agreement as "*As complete and final payment for Start-up Services and Overrun Fees which have been completed and delivered by Supplier [CEVA Logistics Netherlands BV] to Microsoft, and which have been accepted by Microsoft, Microsoft will pay Supplier a total of* ███████
███████*.*"  We reviewed four invoices from CEVA to Microsoft which support the ███████ settlement amount.  These invoices are summarized below.

| Invoice Date | Invoice Details | Invoiced Costs (€) |
|---|---|---|
| 6/23/2012 | CEVA Invoice 2012 1281 - Various tasks including Manual Handling Equipment rental of fork, Ramp up & Recruit - resources to support, Lease - rent for Venray building, etc. | ███████ |
| 8/7/2012 | CEVA Invoice 2412 0001 - Various tasks including Warehouse facility rent, Staffing for internal consultancy, travel and hotel costs including meals, utility costs for IT support, security, etc. | ███████ |
| 10/1/2012 | CEVA Invoice 2412 0020 - Set Up Costs for CEVA Netherlands | ███████ |
| 12/21/2012 | CEVA Invoice 2412 0098 - The amount for the implementation and over | ███████ |
| | **Total Fixed Fee for Start-up Distribution and Warehouse Services** | ███████ |

---

[14] We reviewed the Euro/USD exchange rates from July 1, 2012 through May 22, 2013 to evaluate the $1.26 USD to €1 rate, which was set by Microsoft prior to the 2013 fiscal year (which began July 1, 2012).  Based on this analysis, the $1.26 USD to €1 rate appears reasonable as a starting point and ultimately conservative compared to the period average ($1.29 USD to €1).

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**                                    Page 20

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

<u>Category 2: Exit costs for termination of German vendor services -</u> ███████████

     This cost is related to the termination of Arvato's vendor services in the German facility.

Per the Arvato Digital Services Pricebook E&D EMEA March 2009 to June 2010, *"In case of early*

*termination by convenience, MS [Microsoft] will adhere to the MSA Clause 15 (A) provide notice of*

*termination and will pay an early termination fee of* ███████████████ € *for the Birmingham*

*facility,* ████████ *for Madrid and* ██████████ *for Dueren)."*  We reviewed an invoice from Arvato to

Microsoft for ████████.  The invoice is summarized below.

| Invoice Date | Invoice Details | Invoiced Costs (€) | |
|---|---|---|---|
| 5/31/2012 | Arvato Invoice 800984963 - Duren early termination fee - Early Term | ██ ████ | (1) |
| | **Total Exit Costs for Termination of German Vendor Services** | ██ ████ | |
| | | | |
| | **Adjusted for Invoices Paid Within 20 Days to Obtain 2% Discount** | ██ ████ | |
| Note: (1) The accounting record indicates that this invoice was paid within 20 days for a 2% discount, and therefore I have reduced the total invoice amount by the 2% discount. | | | |

<u>Category 3: June 2012 German warehouse costs -</u> ██████████████

     This cost is related to the June 2012 fees for the German facility.  During the transitional

month of June 2012, costs were incurred for both the German (Arvato) facility in Duren as well

as the new Netherlands (CEVA) facility in Venray, which became operational that same month.

We reviewed an invoice from Arvato to Microsoft for ████████ This invoice is summarized

below.

| Invoice Date | Invoice Details | Claimed Amount (€) | |
|---|---|---|---|
| 6/30/2012 | Arvato Invoice 801001740 - E&D invoice Germany | € ████ | (1) |
| | **Total Fixed Fee for June 2012 German Warehouse Costs** | € ████ | |
| | | | |
| | **Adjusted for Invoices Paid Within 20 Days to Obtain 2% Discount** | € ████ | |
| Note: (1) The accounting record indicates that this invoice was paid within 20 days for a 2% discount, and therefore I have reduced the total invoice amount by the 2% discount. | | | |

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

Category 4:  Carrier freight for stock move to new facility - € ███████████

      This cost is related to Arvato's movement of inventory from the German facility to the Netherlands facility.  We reviewed five invoices from Arvato to Microsoft which total € ██████.  These five invoices are summarized below.

| Invoice Date | Invoice Details | Invoiced Costs (€) | |
|---|---|---|---|
| 5/15/2012 | Arvato Invoice 800980949 - Inventory Move - Freight | € ██████ | |
| 5/31/2012 | Arvato Invoice 800992674 - Inventory Move - Freight | ██████ | |
| 6/15/2012 | Arvato Invoice 800996733 - Inventory Move - Freight | ██████ | |
| 6/29/2012 | Arvato Invoice 800999527 - Inventory Move - Freight | ████ | (1) |
| 6/30/2012 | Arvato Invoice 801005345 - Inventory Move - Freight | ████ | (1) |
| | **Total Carrier Freight for Stock Move to New Facility** | € ██████ | |
| | | | |
| | **Adjusted for Invoices Paid Within 20 Days to Obtain 2% Discount** | € ██████ | |
| Note: | | | |
| (1) The accounting record indicates that these invoices were paid within 20 days for a 2% discount, and therefore I have reduced the total invoice amount by the 2% discount. | | | |

Category 5:  German BEFF for stock move to new facility - € ███████████ )

      This cost is related to Arvato's handling of inventory that was stored in the German facility and was then loaded for transport to the Netherlands facility (i.e., the costs incurred prior to freight).  We reviewed eight invoices from Arvato to Microsoft which total € █████.  These eight invoices are summarized below.

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

| Invoice Date | Invoice Details | Invoiced Costs (€) | |
|---|---|---|---|
| 4/30/2012 | Arvato Invoice 800972307 - Pick, Pack, Ship Cost on Exit (Arvato) | € ▉ | (1) |
| 4/30/2012 | Arvato Invoice 800972323 - DTV Blanket PO for April (Arvato) | ▉ | (1) |
| 5/31/2012 | Arvato Invoice 800987005 - Pick, Pack, Ship Cost on Exit (Arvato) | ▉ | (1) |
| 5/31/2012 | Arvato Invoice 800987006 - CEVA Setup: Additional Pick Pack Ship Cost on Exit | ▉ | (1) |
| 5/31/2012 | Arvato Invoice 800984988 - Warehouse Blanket Purchase Order for May (Arvato) | ▉ | |
| 6/26/2012 | Arvato Invoice 800998391 - CEVA Setup: Additional Pick Pack Ship Co | ▉ | |
| 6/26/2012 | Arvato Invoice 800998393 - Warehouse Blanket Purchase Order for June (Arvato) | ▉ | |
| 6/26/2012 | Arvato Invoice 800998392 - CEVA (external company) setup - Addition | ▉ | |
| | **Total German BEFF for Stock Move to New Facility** | € ▉ | |
| | | | |
| | **Adjusted for Invoices Paid Within 20 Days to Obtain 2% Discount** | € ▉ | |

Note:
(1) The accounting record indicates that these invoices were paid within 20 days for a 2% discount, and therefore I have reduced the total invoice amount by the 2% discount.

<u>Category 6:  Security for stock move to new facility -</u> ▉

    This cost is related to the security for movement of inventory from the German facility to the Netherlands facility.  We reviewed two invoices from Arvato to Microsoft totaling ▉ These two invoices are summarized below.

| Invoice Date | Invoice Details | Invoiced Costs (€) | |
|---|---|---|---|
| 5/31/2012 | Arvato Invoice 800987641 - Security DN-Venray Wk 16-17 | € ▉ | |
| 6/15/2012 | Arvato Invoice 800996730 - Security Run - Freightwatch to support move of pro | ▉ | |
| | **Total Security for Stock Move to New Facility** | € ▉ | |

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

<u>Category 7:  Costs to develop new vendor -</u> ██████████

     This cost is related to the development of Arvato's infrastructure in the new Netherlands facility.  We reviewed four invoices from Arvato to Microsoft which total ██████.  These four invoices are summarized below.[15]

| Invoice Date | Invoice Details | Invoiced Costs (€) | |
|---|---|---|---|
| 5/14/2012 | Arvato Invoice 800980565 - IT dev IPO | € ████ | [1] |
| 5/31/2012 | Arvato Invoice 800987008 - IT dev IPO | ████ | |
| 6/26/2012 | Arvato Invoice 800998381 - IT dev IPO | ████ | |
| 7/31/2012 | Arvato Invoice 801015046 - Arvato vendor dev for FY12 €351,880 | ████ | |
| | **Total Costs to Develop New Vendor** | € ████ | |
| | | | |
| | **Adjusted for Invoices Paid Within 20 Days to Obtain 2% Discount** | € ████ | |

Note:
(1) The accounting record indicates that these invoices were paid within 20 days for a 2% discount, and therefore I have reduced the total invoice amount by the 2% discount.

<u>Category 8:  Microsoft trade, tax and finance costs -</u> €██████████

     This cost category is comprised of two components: 1) expenses incurred by Microsoft's management for travel, and 2) costs for third party consultants.  We reviewed documentation in support of ████ in expenses incurred by Microsoft for travel.[16]  For third party consultants, we reviewed eight invoices from KPMG to Microsoft which total €████ and ten invoices from Accenture to Microsoft which total €████.[17]  The documentation in support of this cost category is summarized below.

---

[15] I understand that Microsoft internally allocated only €████ of this amount to the relocation, and that a portion of the total ████ may relate to services unrelated to the relocation.  Pending further confirmation, to be conservative, I have used the ████ figure in my analysis.

[16] The documentation in support of travel expenses is from Microsoft's internal accounting records and is reported in US Dollars.  For purposes of this report, I have converted the $████ USD amount into ████ Euros based on the $1.26 USD to €1.00 exchange rate.

[17] The documentation in support of Accenture costs is from Microsoft's internal accounting records and is reported in US Dollars.  For purposes of this report, I have converted the ████ USD amount into ████ Euros based on the $1.26 USD to €1.00 exchange rate.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**        

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

| Invoice Date | Invoice Details | Invoiced Costs (€) | Invoiced Costs ($) |
|---|---|---|---|
| 4/17/2012 | KPMG Invoice 10249588 - Netherlands - Warehouse Project Fees KPMG | € ███ | $ ███ |
| 5/29/2012 | KPMG Invoice 4501089273 - Germany - Warehouse Project Fees - KPMG Germany | | |
| 5/21/2012 | KPMG Invoice 10252579 - Netherlands - Warehouse Project Fees KPMG | ███ | |
| 6/18/2012 | Accenture Invoice - Anna Balog of Accenture - working on Dur | | ███ |
| 6/18/2012 | Accenture Invoice - Anna Balog of Accenture - working on Dur | ███ | |
| 6/19/2012 | KPMG Invoice 10254692 - Netherlands - Warehouse Project Fees KPMG | ███ | ███ |
| 6/25/2012 | Accenture Invoice - Project Tulip - support for Tax Team for | ███0 | ███ |
| 6/25/2012 | Accenture Invoice - Project Tulip - support for Tax Team for | | ███ |
| 7/4/2012 | KPMG Invoice 4501102267 - Germany - Warehouse Project Fees - KPMG Germany | ███ | ███ |
| 7/5/2012 | Accenture Invoice - Anna Balog of Accenture - working on Dur | ███ | ███ |
| 7/9/2012 | Accenture Invoice - Project Tulip - support for Tax Team for | ███ | ███ |
| 8/20/2012 | KPMG Invoice 10259230 - Netherlands - Warehouse Project Fees KPMG | ███ | ███ |
| 9/17/2012 | KPMG Invoice 10261199 - Netherlands - Warehouse Project Fees KPMG | ███ | ███ |
| 10/30/2012 | KPMG Invoice  10266821- Netherlands - Warehouse Project Fees KPMG | ███ | ███ |
| 9/12/2012 | Accenture Invoice - Project Tulip - support for Tax Team for | ███ | ███ |
| 9/12/2012 | Accenture Invoice - Project Tulip - support for Tax Team for | ███ | ███ |
| 9/14/2012 | Accenture Invoice - Anna Balong DTV move costs for H1 as requested by M | ███ | ███ |
| 9/14/2012 | Accenture Invoice - Anna Balong DTV move costs for H1 as requested by M | ███ | ███ |
| Various | Fiscal Year 2012 Microsoft Employee DTV Expenses | ███5 | ███ |
| Various | Additional Fiscal Year 2012 Microsoft Employee DTV Expense | ███ | ███ |
| Various | Fiscal Year 2013 Microsoft Employee DTV Expenses | ███ | ███ |
| | **Total Microsoft Trade, Tax and Finance Costs** | € ███ | $ ███ |

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

---

2. *Increased Facility Operating Costs* ▉▉▉▉▉

The additional operating costs associated with the Netherlands facility as compared to the Germany facility include both fixed and variable operating costs, as summarized in the following table.

| Facility Operating Cost Categories | Amount in Euros | Amount in US Dollars |
|---|---|---|
| 1)  Annual Increased Fixed Costs | €▉▉▉▉ | ▉▉▉▉ |
| 2)  Annual Decreased Variable Costs | ▉▉▉▉ | ▉▉▉▉ |
| 3)  Contingency[18] | ▉▉▉▉ | ▉▉▉▉) |
| **Total Annual Increased Facility Operating Costs** | €▉▉▉▉ | ▉▉▉▉ |
| **Times Two Years** | x 2 | x 2 |
| **Total Increased Facility Operating Costs (2 Years)** | €▉▉▉▉ | $▉▉▉▉ |

We have separately addressed fixed and variable operating costs in the following sections, below.  Further details of these components are set out in Exhibit 6.

Category 1:  Annual Increased Fixed Costs - ▉▉▉▉▉▉▉▉▉)

Navigant determined that the annual fixed operating costs in the Netherlands amounts to ▉▉▉▉▉▉▉), whereas the corresponding amount in Germany would have been ▉▉▉▉▉▉▉).  The increase in fixed operating costs is the difference, or €▉▉▉▉ ▉▉▉▉ per year.  Some of this difference is attributable to significant Arvato IT costs and certain management costs, which continue to be incurred by Microsoft even after the move to the Netherlands (this is partially offset in Category 2 below by the removal of significant storage costs, which were charged by Arvato in connection with the Germany facility).

---

[18] Contingency costs of ▉▉▉▉ have been included to address potential additional cost considerations such as possible increases in Arvato pricing (had Microsoft continued with its German warehouse), potential differences in estimated payment amounts, and other items.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

| | Netherlands | Germany | Increased Fixed Costs for Netherlands |
|---|---|---|---|
| Total Monthly Fixed Cost | € ███ | € ███ | € ███ |
| Annualized Fixed Cost | € ███ | € ███ | € ███ |
| Annualized Fixed Cost in US$ | $ 1███ | $ ███ | $ ███ |

Category 2:  Annual Decrease in Variable Costs - ████████ )

Navigant has determined that the variable operating costs in the Netherlands amounts to ████████ ) per year, whereas the variable operating costs in Germany[19] would have amounted to ████████ ) per year.  The annual reduction in variable operating cost amounts is €████████ ).  Some of this difference is attributable to differences in value added services and storage costs.

| | Netherlands | Germany | Reduced Variable Costs for the Netherlands |
|---|---|---|---|
| Total Monthly Variable Cost | € ███ | € ███ | € ███ |
| Annualized Variable Cost | € ███ | € ███ | € ███ |
| Annualized Variable Cost in US$ | $ ███ | $ ███ | $ ███ |

The reduced variable costs for the Netherlands largely consist of three categories:

1)  differences in handling and processing costs per the CEVA and Arvato pricebooks;

2)  value added services, which are charged at different rates by Arvato and CEVA; and,

3)  storage costs separately charged by Arvato, which are not separately charged by CEVA.

Items 1) and 2) above were calculated based on actual volumes reported for three months' activity in the Netherlands, for January 2013 through March 2013, which were annualized.  Item

---

[19] This includes regular storage costs, which were part of the monthly billings from Arvato.  There is no corresponding variable storage cost for the Netherlands facility.  I understand that Microsoft is projecting offsite storage costs in fiscal year 2014 of ███ , but I have not included that amount in this analysis to be conservative.

**Amended Expert Report of Todd D. Menenberg**
**July 31, 2013**

3) above was calculated based on actual Arvato storage costs incurred by Microsoft for fiscal

year 2012 (July 2011 through June 2012).

## V.    Summary of Opinions

In conclusion, I believe total estimated damages are at least ██████████, which consists

of at least ████████ in legal cost damages and ████████ in facility relocation and operating

costs damages.

Attachment 1



# Todd D. Menenberg

**Todd D. Menenberg**
Managing Director

**Navigant Consulting**
1201 Third Avenue, Suite 3320
Seattle, WA 98101
Tel: 206.292.2381
Fax: 206.622.2787

tmenenberg@navigant.com

**Professional History**
- Managing Director, Navigant Consulting
- Chief Operating Officer, Tucker Alan Inc.
- Vice President, Peterson Consulting Limited Partnership
- Senior Manager, Arthur Andersen & Co.

**Education**
- Certified Public Accountant, Washington[1]
- Chartered Accountant, Australia
- B.A., Business Administration, University of Michigan

**Professional Associations**
- American Institute of Certified Public Accountants
- Washington State Society of Certified Public Accountants
- Former Member, King County Bar Foundation, Board of Trustees

Mr. Menenberg is a Managing Director at Navigant Consulting with 30 years of business and accounting experience. He directs their litigation practice in the Western Region of the United States and also is in charge of Navigant's Disputes market segment nationally.

## Professional Experience

**Clients:** Various Fortune 500 companies including financial institutions, insurance companies, manufacturing concerns, government agencies including the Federal Deposit Insurance Corporation, Resolution Trust Corporation, Department of Justice, numerous state government agencies, and many others.

## Economic Damages – Example Projects

» Assisted national group of Attorneys General and outside counsel in analyzing economic issues related to structure of $206 billion settlement with major tobacco companies. Also, assisted numerous states, including Washington, Texas, Florida, and Mississippi in their healthcare claims against the major tobacco companies over the healthcare costs incurred by the states as a result of tobacco-related diseases.

» Assisted outside counsel and the Office of the Attorney General of the State of Alaska to determine economic impact to Alaska from Exxon Valdez oil spill. Determined definitions of direct expenses and appropriate methods to measure overhead expenses.

» Assisted the State of California in analyzing claims made as a result of the passage of Proposition 187. This included analyzing the costs of social services, education, incarceration, and healthcare for illegal aliens in California.

» Assisted Textron in a claim related to lost profits made by a Hawaiian helicopter tour business due to malfunction of helicopter engines. Many analyses were done including the relationship of different costs to charges in revenues, and testing the effects of changed variables on the lost profits claim.

---

[1]*Todd Menenberg is a licensed CPA in Washington only. Neither Todd Menenberg nor Navigant Consulting provide audit, attest or public accounting services, in this or any other state.*



**Todd D. Menenberg**

» Assisted three law firms and their clients, the former directors and officers of Washington Mutual, in defense of a class action securities claim related to the failure of Washington Mutual, the largest bank collapse in US history.

» Assisted Independent Committee of Eminent Persons in evaluating proposals by professional accounting firms in tracing use of Nazi gold in Swiss banks.

» Led independent investigation in assisting outside counsel to Resolution Trust Corporation of Whitewater matter.  Presented findings to U.S. Senate Whitewater Banking Committee.

» Assisted the U.S. Attorney General in a major criminal matter involving bank funds used to purchase real estate around the country.  Traced funds through a series of accounts and showed damages to the thrift.

» Assisted counsel to the Seattle Times in a dispute with Hearst Newspapers over a joint operating agreement.

» Assisted FDIC counsel with fidelity bond claims in what was formerly the largest savings and loan failure (American Savings & Loan - $28 billion) in the United States.  Reconstructed loan transactions, traced cash flows from several bank accounts, analyzed the propriety of project construction.

» Assisted FDIC counsel with fidelity bond, director and officer, and accounting malpractice claims in what was then the second largest savings and loan failure (Home Fed - $18 billion) in the United States.  Analyzed numerous lending transactions, financial statements and auditor's work papers.

» Assisted outside counsel and governmental agencies in more than thirty matters involving failed financial institutions, including accountant liability, director and officer negligence, broker-dealer liability, and fraud.

» Assisted counsel to the FDIC in a dispute against a large Wall Street brokerage firm in a dispute involving futures and options trading and a large Savings and Loan.

» Assisted counsel to Statesman Savings Bank in one of the test "supervisory goodwill" cases brought against the US in the US Court of Claims.  This large project entailed quantifying the economic impact to the institution from the enactment of FIRREA and testifying to lost profits.

» Assisted the University of Washington in analyzing an economic damages claim made by a football coach who claimed wrongful termination.  This entailed analyzing various elements of his contract, projected future earnings, and differing assumptions about his future.

» Assisted counsel for the largest Chinese log importer (CITIC) who had a lost profits dispute with a large national bank.   This entailed analyzing worldwide logging prices for numerous species, local timber markets, raw material and labor costs and other factors influencing the contract.



**Todd D. Menenberg**

» Assisted New York Attorney General and the State of New York in quantitative and statistical analysis involving gun crime litigation in New York.

» Consulted with joint counsel to several international oil companies (Mobil, Shell, Union Oil) related to defense of economic damages claim from a major oil spill.  Analyzed product costing, sales history, operating margins, forecasts and budgets, and the profitability of different product lines.

» Assisted Boeing in a lost profits claim made by a supplier over the costs of assembling wing parts.  This entailed analyzing historical operating results, revenue forecasts, and the variability of certain costs.

» Assisted AVCO and British Aerospace in defense of a lost profits claim made by a regional airline over the malfunction of a jet engine.  This project involved analyzing revenue forecasts, historical operating results, pricing changes and the nature of cost changes over time.

» Assisted counsel to General Electric in analyzing claim made by software company over alleged failure to make "best efforts" on worldwide exclusive distribution arrangement for critical path software.

» Assisted counsel to licensor in a dispute with their internet content supplier.  Analyzed economic terms of contract, royalties paid and accounting records over three-year period.

» Assisted counsel to a national health insurance company in defending claims related to out-of-network providers.

» Assisted the State of Washington in defending damages claim in dispute over disproportionate share payments to 12 hospitals.

» Assisted counsel to a large integrated health system in an antitrust claim brought by a large group of optometrists.

» Assisted joint counsel to numerous national insurance companies in national physicians' class action cases in analyzing physician claims of bundling and downcoding.

» Assisted counsel to more than twenty insurance companies in analyzing potential false laboratory claims against Smith Kline Beecham.

» Assisted numerous states in addressing Medicaid hospital litigation matters.  Analyzed Medicaid payments, provider financial statements and other healthcare financial records.

» Assisted numerous states in Medicaid nursing home litigation matters.  Analyzed nursing home profitability, occupancy and the effects of chain and out-of-state ownership.

» Assisted counsel to a "Big 4" accounting firm in a class action securities matter involving a publicly traded national chain of optometry centers.

# NAVIGANT

**Todd D. Menenberg**

» Assisted counsel to a "Big 4" accounting firm in analyzing damages claim related to alleged malpractice over the audit of an environmental / construction company.

» Assisted counsel to a "Big 4" accounting firm in analyzing damages claim related to alleged malpractice over professional services rendered in a purchase investigation.

» Assisted counsel to a "Big 4" accounting firm in analyzing liability and damages claims related to alleged malpractice over the audit of a large regional bank and its oil and gas lending.

» Assisted counsel to a "Big 4" accounting firm in analyzing causation and damages claims related to alleged malpractice over the audit of a failed Midwest factoring company.

# TODD D. MENENBERG
## SUMMARY OF TESTIMONY
### 2009 - 2013

| Hearing | Case | Deposition | Live Testimony | Yr. |
|---|---|---|---|---|
| Superior Court of Washington King County | Kerbs v. Safeco Insurance Co. | X | | 2011 |
| International Arbitration Iceland | Norðurál Helguvík ehf. ("Norðurál")v. HS Orka hf. ("HS") | | X | 2011 |
| Arbitration | Greenpoint v. Peridot | X | X | 2010 |
| Superior Court of Washington Thurston County | ReSources for Sustainable Communities, et al. v. Building Industry Association of Washington | X | X | 2010 |
| Arbitration | Getty Images v. Visions of Tomorrow & Minden Pictures | X | | 2010 |
| District Court of Oklahoma County – State of Oklahoma | Woodlawn Manor v. Oklahoma Health Care Authority | X | | 2009 |
| Superior Court of Washington King County | Expedia Hotel Taxes & Fees Litigation | X | | 2009 |
| US District Court Northern District of California | Gutierrez v. Wells Fargo & Company | X | | 2009 |

**Microsoft Corporation v. Motorola, et al.**
**Expert Witness Report of Todd D. Menenberg**
**Documents Considered**

**Legal Pleadings**

- Microsoft Corporation v. Motorola, et al., Amended and Supplemental Complaint, dated February 23, 2011

- Microsoft Corporation v. Motorola, et al., Defendants' Answer, Defenses, and Counterclaims to Plaintiff's Amended Supplemental Complaint, dated June 15, 2011

- Microsoft Corporation v. Motorola, et al., Protective Order Regarding the Disclosure and Use of Discovery Materials, dated April 22, 2011

- Microsoft Corporation v. Motorola, et al., Microsoft Corporation's April 12, 2013 Supplemental Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) and (iii), dated April 12, 2013

- Microsoft Corporation v. Motorola, et al., Defendant Motorola Mobility, Inc.'s First Set of Interrogatories and Requests for Production to Plaintiff Microsoft Corporation and Microsoft Corporation's April 3, 2013 Supplemental Objections, Answers, and Responses Thereto, dated April 3, 2013

- David Killough Deposition Transcript and Exhibits, dated May 6, 2013

- Jeff Davidson Deposition Transcript and Exhibits, dated May 9, 2013

- Owen Roberts Deposition Transcript, dated May 22, 2013

**Legal Fees**

- Sidley Austin LLP Invoices with redactions, bates range MS-MOTO_1823_0006000132 - MS-MOTO_1823_0006003981

- Sidley Austin LLP Invoices with redactions and color-coded allocation highlighting, bates range MS-MOTO_1823_0006000132A- MS-MOTO_1823_0006003981A

- Sidley Austin LLP Invoices with redactions, color-coded allocation highlighting, and subject coding, various bates ranges MS-MOTO_1823_0006000132B - MS-MOTO_1823_0006000511B, MS-MOTO_1823_0006000844B - MS-MOTO_1823_0006001063B, MS-MOTO_1823_0006001082B - MS-MOTO_1823_0006001810B, MS-MOTO_1823_0006001978B - MS-MOTO_1823_0006002657B, MS-MOTO_1823_0006003257B - MS-MOTO_1823_0006003376B, MS-MOTO_1823_0006003468B - MS-MOTO_1823_0006003534B

- Sidley Austin LLP Invoices with redactions, shape coding, various bates ranges MS-MOTO_1823_0006000132C - MS-MOTO_1823_0006000511C, MS-MOTO_1823_0006000544C - MS-MOTO_1823_0006000559C, MS-MOTO_1823_0006000574C - MS-MOTO_1823_0006000667C, MS-MOTO_1823_0006000676C - MS-MOTO_1823_0006000788C, MS-MOTO_1823_0006000879C - MS-MOTO_1823_0006001019C, MS-MOTO_1823_0006001082C - MS-MOTO_1823_0006001972C, MS-MOTO_1823_0006001978C - MS-MOTO_1823_0006003958C

- Calfo Harrigan Leyh & Tollefson Invoices, bates range MS-MOTO_1823_00004081679 - MS-MOTO_1823_00004081833, MS-MOTO_1823_00004082976 - MS-MOTO_1823_00004083024

- Freshfields Bruckhaus Deringer LLP, Boehmert & Boehmert LLP, and Klarquist Sparkman LLP invoice printouts from Microsoft's TyMetrix360°system, bates range MS-MOTO_1823_0006000001 - MS-MOTO_1823_0006000131, MS-MOTO_1823_0006003982 - MS-MOTO_1823_0006003985

- Various Boehmert & Boehmert Vendor Invoices, bates range MS-MOTO_1823_00004086029 - MS-MOTO_1823_00004086030, MS-MOTO_1823_00004086052 - MS-MOTO_1823_00004086057

- Various Freshfields Bruckhaus Deringer LLP Vendor Invoices, bates range MS-MOTO_1823_00004086011 - MS-MOTO_1823_00004086012, MS-MOTO_1823_00004086027, MS-MOTO_1823_00004086045 - MS-MOTO_1823_00004086051

- Michael Best and FTI Consulting invoice printouts from Microsoft's TyMetrix360°system, bates range MS-MOTO_1823_00004086013 - MS-MOTO_1823_00004086018, MS-MOTO_1823_00004086028

- Payment Summary Schedules (PDF'ed Excel documents), bates range MS-MOTO_1823_0006003986 - MS-MOTO_1823_0006004037

**Relocation Expenses**

PREPARED AT THE REQUEST OF COUNSEL
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

- Facility Related Invoices, bates range MS-MOTO_1823_00004081413 - MS-MOTO_1823_00004081432, MS-MOTO_1823_00004081449 - MS-MOTO_1823_00004081451

- Arvato Digital Services Pricebook E&D (EMEA March 2009 to June 2010), bates range MS-MOTO_1823_00004081433 - MS-MOTO_1823_00004081448

- CEVA Logistics U.S., Inc. Statement of Work, bates range MS-MOTO_1823_00004081452 - MS-MOTO_1823_00004081516

- CEVA Logistics Invoices, bates range MS-MOTO_1823_00004081517 - MS-MOTO_1823_00004081520

- Various Summary Schedules, bates range MS-MOTO_1823_00004081521 - MS-MOTO_1823_00004081541

- Various Relocation excel documents, bates range MS-MOTO_1823_0006003985 - MS-MOTO_1823_0006004037

- Letter - Termination of Arvato Services and Operations in Germany, bates range MS-MOTO_1823_00004081542 - MS-MOTO_1823_0004081543

- Statement of Work between Microsoft and Arvato (SOW Effective Date: 6/1/2012), bates range MS-MOTO_1823_00004081544 - MS-MOTO_1823_0004081591

- Letter - Scope of Termination of Arvato Services and Operations in Germany, bates MS-MOTO_1823_0004081592

- Pricebook (July 2012 to July 2013) between Microsoft and Arvato, bates range MS-MOTO_1823_00004081593 - MS-MOTO_1823_0004081600

- Statement of Work between Microsoft and Arvato (SOW Effective Date: 6/1/2012), bates range MS-MOTO_1823_00004081601 - MS-MOTO_1823_0004081640

- Country Participation Agreement (Effective Date 5/17/2012), bates range MS-MOTO_1823_00004081641 - MS-MOTO_1823_0004081645

- Microsoft Operations Vendor Services Agreement (5/18/2009 - 5/17/2014), bates range MS-MOTO_1823_00004081646 - MS-MOTO_1823_0004081678

- Project Costs - Financial Information, bates range MS-MOTO_1823_00004082683 - MS-MOTO_1823_0004082739

- Venray Comparison YOY, bates MS-MOTO_1823_00004083318

- Arvato Digital Services Pricebook E&D EMEA July 2010 to June 2012, bates range MS-MOTO_1823_00004083294 - MS-MOTO_1823_00004083316

- TempPreso - Duren Warehouse (Germany), bates MS-MOTO_1823_00004083317

- Venray Travel Costs for FY 2012 and FY 2013, bates range MS-MOTO_1823_00004086058 - MS-MOTO_1823_00004086059

- Distribution Turnkey Vendor (DTV) Purchase Orders - Invoices,  bates range MS-MOTO_1823_00004081419 - MS-MOTO_1823_00004081432, MS-MOTO_1823_00004081449 - MS-MOTO_1823_00004081451, MS-MOTO_1823_00004081517 - MS-MOTO_1823_00004081520, MS-MOTO_1823_00004082683 - MS-MOTO_1823_00004082684, MS-MOTO_1823_00004082698 - MS-MOTO_1823_00004082739, MS-MOTO_1823_00004083027 - MS-MOTO_1823_00004083034, MS-MOTO_1823_00004086044

- Excel file related to Distribution Turnkey Vendor Accrual (DTV Accrual sheet March 2013- from Ceva.xlsx), bates range MS-MOTO_1823_00004081523 - MS-MOTO_1823_00004081524

- Excel file related to March Accrual Information for Arvato FY12 (March Acc info for Arvato FY12.xlsx), bates range MS-MOTO_1823_00004081527 - MS-MOTO_1823_00004081540

- Excel file related to Tax Invoices (Tax invoices.xlsx), bates range MS-MOTO_1823_00004086085

- Arvato Digital Services Pricebook E&D (EMEA July 2011 to June 2012), bates range MS-MOTO_1823_00004086063 - MS-MOTO_1823_00004086083

- Excel files related to VAS Support Documentation (VAS Jan & feb.xlsx and VAS March.xlsx), bates range MS-MOTO_1823_00004086086 - MS-MOTO_1823_00004086087

- Excel file related to 2011 Storage Costs (Book1.xlsx), bates range MS-MOTO_1823_00004086061

- Excel file related to Storage Costs (Storage1.xlsx), bates range MS-MOTO_1823_00004086084

- Excel file related to Arvato fixed cost reconciliation (Book2.xlsx), bates range MS-MOTO_1823_00004086088 - MS-MOTO_1823_00004086091

- Excel file related to  Comparison between Ceva and Arvato Costs (Compare Ceva and Arvato Costs.xlsx), bates range MS-MOTO_1823_00004086062

**Attachment 3**

- March Accural = MS-MOTO_1823_00004083025 – 3029

- Fixed Asset = MS-MOTO_1823_00004083030 – 3034

- Var pricebook = MS-MOTO_1823_00004083035

PREPARED AT THE REQUEST OF COUNSEL
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Exhibit 1

# Microsoft Corporation vs. Motorola, et. al.
## Legal Costs Breakdown - All Law Firms
### (Includes Fees and Expenses)

| Law Firm Name | Total Amount |
|---|---|
| Sidley Austin[1] | $ ■■■■■ |
| Freshfields Bruckhaus Deringer LLP - Munich[2] | ■■■■■ |
| Freshfields Bruckhaus Deringer LLP[2] | ■■■■■ |
| Klarquist Sparkman LLP[3] | ■■■■■ |
| Boehmert & Boehmert[4] | ■■■■■ |
| Calfo Harrigan Leyh & Eakes LLP[5] | ■■■■■ |
| **Total** | $ ■■■■■ |

**Sources:**

(1) Sidley Austin LLP Invoices, bates ranges including: MS-MOTO_1823_0006000132C - MS-MOTO_1823_0006000511C, MS-MOTO_1823_0006000544C - MS-MOTO_1823_0006000559C, MS-MOTO_1823_0006000574C - MS-MOTO_1823_0006000667C, MS-MOTO_1823_0006000676C - MS-MOTO_1823_0006000788C, MS-MOTO_1823_0006000879C - MS-MOTO_1823_0006001019C, MS-MOTO_1823_0006001082C - MS-MOTO_1823_0006001972C, MS-MOTO_1823_0006001978C - MS-MOTO_1823_0006003958C.

(2) Freshfields Bruckhaus Deringer LLP, various documents within the bates ranges MS-MOTO_1823_0006000001 - MS-MOTO_1823_0006000131, MS-MOTO_1823_0006003982 - MS-MOTO_1823_0006003985.

(3) Klarquist Sparkman LLP, various documents within the bates ranges MS-MOTO_1823_0006000001 - MS-MOTO_1823_0006000131, MS-MOTO_1823_0006003982 - MS-MOTO_1823_0006003985.

(4) Boehmert & Boehmert, various documents within the bates ranges MS-MOTO_1823_0006000001 - MS-MOTO_1823_0006000131.

(5) Calfo Harrigan Leyh & Tollefson Invoices, bates range MS-MOTO_1823_00004081679 - MS-MOTO_1823_00004081834.

CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

**Microsoft Corporation vs. Motorola, et. al.**
**Sidley Austin Invoice Summary**
**Total Hours Billed and Fee Amounts by Hourly Rate**

| Hourly Rate | Total Hours Billed | Total Fee Amount |
|---|---|---|
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |
| $ ▉ | ▉ | $ ▉ |

*CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

Exhibit 2a

**Microsoft Corporation vs. Motorola, et. al.**
**Sidley Austin Invoice Summary**
**Total Hours Billed and Fee Amounts by Hourly Rate**

| Hourly Rate | Total Hours Billed | Total Fee Amount |
|---|---|---|
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |

*CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

Exhibit 2a

**Microsoft Corporation vs. Motorola, et. al.**
**Sidley Austin Invoice Summary**
**Total Hours Billed and Fee Amounts by Hourly Rate**

| Hourly Rate | Total Hours Billed | Total Fee Amount |
|---|---|---|
| $ ▇ | ▇ | $ ▇ |
| $ ▇ | ▇ | $ ▇ |
| **Total** | ▇ | $ ▇ |

**Source:**

Sidley Austin LLP Invoices, bates ranges including:

MS-MOTO_1823_0006000132C - MS-MOTO_1823_0006000511C,

MS-MOTO_1823_0006000544C - MS-MOTO_1823_0006000559C,

MS-MOTO_1823_0006000574C - MS-MOTO_1823_0006000667C,

MS-MOTO_1823_0006000676C - MS-MOTO_1823_0006000788C,

MS-MOTO_1823_0006000879C - MS-MOTO_1823_0006001019C,

MS-MOTO_1823_0006001082C - MS-MOTO_1823_0006001972C,

MS-MOTO_1823_0006001978C - MS-MOTO_1823_0006003958C.

*CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

Exhibit 2b

**Microsoft Corporation vs. Motorola, et. al.**
**Calfo Harrigan Leyh & Eakes Invoice Summary**
**Total Hours Billed and Fee Amounts by Hourly Rate**

| Hourly Rate | Hours Billed | Summed Amount From Invoices |
|---|---|---|
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| $ ■ | ■ | $ ■ |
| **Total** | ■ | $ ■ |

**Source:**

Calfo Harrigan Leyh & Tollefson Invoices, bates range MS-MOTO_1823_00004081679 - MS-MOTO_1823_00004081834.

*CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

**Microsoft Corporation vs. Motorola, et. al.**
**Sidley Austin Invoice Summary**
**Total Hours Billed and Fee Amounts by Timekeeper**
**(Sorted by Hourly Rate)**

| Employee Name | Hourly Rate | Total Hours Billed | Total Fee Amount |
|---|---|---|---|
| A McLeod | $ ▮ | ▮ | $ ▮ |
| J Lewis | $ ▮ | ▮ | $ ▮ |
| A McLeod | $ ▮ | ▮ | $ ▮ |
| DA Miller | $ ▮ | ▮ | $ ▮ |
| DS Siegel | $ ▮ | ▮ | $ ▮ |
| J Lewis | $ ▮ | ▮ | $ ▮ |
| MA Pierson | $ ▮ | ▮ | $ ▮ |
| T Murphy | $ ▮ | ▮ | $ ▮ |
| A McLeod | $ ▮ | ▮ | $ ▮ |
| DA Miller | $ ▮ | ▮ | $ ▮ |
| MA Pierson | $ ▮ | ▮ | $ ▮ |
| T Murphy | $ ▮ | ▮ | $ ▮ |
| SD Hoexter | $ ▮ | ▮ | $ ▮ |
| AJ Keker | $ ▮ | ▮ | $ ▮ |
| D Smith | $ ▮ | ▮ | $ ▮ |
| J Lee | $ ▮ | ▮ | $ ▮ |
| PJ Uhlenhake | $ ▮ | ▮ | $ ▮ |
| BP Johnson | $ ▮ | ▮ | $ ▮ |
| JP Hughes | $ ▮ | ▮ | $ ▮ |
| PJ Uhlenhake | $ ▮ | ▮ | $ ▮ |
| PJ Uhlenhake | $ ▮ | ▮ | $ ▮ |
| AC Scola | $ ▮ | ▮ | $ ▮ |
| JS Christensen | $ ▮ | ▮ | $ ▮ |
| RC Luce | $ ▮ | ▮ | $ ▮ |
| JL Gordon | $ ▮ | ▮ | $ ▮ |
| JL Gordon | $ ▮ | ▮ | $ ▮ |
| FH Quaynor | $ ▮ | ▮ | $ ▮ |
| CG Wilson | $ ▮ | ▮ | $ ▮ |
| HF Webley | $ ▮ | ▮ | $ ▮ |
| JL Piper | $ ▮ | ▮ | $ ▮ |
| K Vandenberg | $ ▮ | ▮ | $ ▮ |

*CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

**Microsoft Corporation vs. Motorola, et. al.**
**Sidley Austin Invoice Summary**
**Total Hours Billed and Fee Amounts by Timekeeper**
**(Sorted by Hourly Rate)**

| Employee Name | Hourly Rate | Total Hours Billed | Total Fee Amount |
|---|---|---|---|
| S Mukherjee | $ ▉ | ▉ | $ ▉ |
| RD Leighton | $ ▉ | ▉ | $ ▉ |
| KC Wheeler | $ ▉ | ▉ | $ ▉ |
| BP Johnson | $ ▉ | ▉ | $ ▉ |
| JP Hughes | $ ▉ | ▉ | $ ▉ |
| JR Dosch | $ ▉ | ▉ | $ ▉ |
| JP Wisse | $ ▉ | ▉ | $ ▉ |
| WM Chang | $ ▉ | ▉ | $ ▉ |
| SJ Horowitz | $ ▉ | ▉ | $ ▉ |
| EJ Carlson | $ ▉ | ▉ | $ ▉ |
| HF Webley | $ ▉ | ▉ | $ ▉ |
| JJ Fougere | $ ▉ | ▉ | $ ▉ |
| JL Piper | $ ▉ | ▉ | $ ▉ |
| K Vandenberg | $ ▉ | ▉ | $ ▉ |
| KM Durick | $ ▉ | ▉ | $ ▉ |
| MR Post | $ ▉ | ▉ | $ ▉ |
| NC Love | $ ▉ | ▉ | $ ▉ |
| S Mukherjee | $ ▉ | ▉ | $ ▉ |
| SJ Horowitz | $ ▉ | ▉ | $ ▉ |
| SJ Horowitz | $ ▉ | ▉ | $ ▉ |
| SJ Horowitz | $ ▉ | ▉ | $ ▉ |
| Y Li | $ ▉ | ▉ | $ ▉ |
| NU Khan | $ ▉ | ▉ | $ ▉ |
| AR Dunton | $ ▉ | ▉ | $ ▉ |
| JS Zeng | $ ▉ | ▉ | $ ▉ |
| AS Gupta | $ ▉ | ▉ | $ ▉ |
| DA Greenfield | $ ▉ | ▉ | $ ▉ |
| RD Leighton | $ ▉ | ▉ | $ ▉ |
| W Suh | $ ▉ | ▉ | $ ▉ |
| HF Webley | $ ▉ | ▉ | $ ▉ |
| NC Love | $ ▉ | ▉ | $ ▉ |

*CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

Exhibit 3a

**Microsoft Corporation vs. Motorola, et. al.**
**Sidley Austin Invoice Summary**
**Total Hours Billed and Fee Amounts by Timekeeper**
**(Sorted by Hourly Rate)**

| Employee Name | Hourly Rate | Total Hours Billed | Total Fee Amount |
|---|---|---|---|
| S Mukherjee | $ ■ | ■ | $ ■ |
| SJ Horowitz | $ ■ | ■ | $ ■ |
| JL Secord | $ ■ | ■ | $ ■ |
| WM Chang | $ ■ | ■ | $ ■ |
| DA Greenfield | $ ■ | ■ | $ ■ |
| BB Kelly | $ ■ | ■ | $ ■ |
| LJ Schiller | $ ■ | ■ | $ ■ |
| TT Nguyen | $ ■ | ■ | $ ■ |
| CS Cotropia | $ ■ | ■ | $ ■ |
| SC Malin | $ ■ | ■ | $ ■ |
| JW McBride | $ ■ | ■ | $ ■ |
| ML Lisak | $ ■ | ■ | $ ■ |
| DI Lewis | $ ■ | ■ | $ ■ |
| ES Robbins | $ ■ | ■ | $ ■ |
| DC Giardina | $ ■ | ■ | $ ■ |
| EH Grush | $ ■ | | $ ■ |
| DC Giardina | $ ■ | ■ | $ ■ |
| JF Cohn | $ ■ | ■ | $ ■ |
| NH Wyland | $ ■ | ■ | $ ■ |
| RN Hochman | $ ■ | ■ | $ ■ |
| TW Chandler | $ ■ | ■ | $ ■ |
| DB Nixon | $ ■ | ■ | $ ■ |
| EE Kelly | $ ■ | ■ | $ ■ |
| ES Robbins | $ ■ | ■ | $ ■ |
| JW McBride | $ ■ | ■ | $ ■ |
| NH Wyland | $ ■ | ■ | $ ■ |
| RN Hochman | $ ■ | ■ | $ ■ |
| EE Kelly | $ ■ | ■ | $ ■ |
| ES Robbins | $ ■ | ■ | $ ■ |
| PD Tripodi | $ ■ | ■ | $ ■ |
| RF O'Malley | $ ■ | ■ | $ ■ |

*CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

Exhibit 3a

**Microsoft Corporation vs. Motorola, et. al.**

**Sidley Austin Invoice Summary**

**Total Hours Billed and Fee Amounts by Timekeeper**

**(Sorted by Hourly Rate)**

| Employee Name | Hourly Rate | Total Hours Billed | Total Fee Amount |
|---|---|---|---|
| SR Miller | $ ▮ | ▮ | $ ▮ |
| SC Carlson | $ ▮ | ▮ | $ ▮ |
| CL Trela | $ ▮ | ▮ | $ ▮ |
| SR Miller | $ ▮ | ▮ | $ ▮ |
| TT Nguyen | $ ▮ | ▮ | $ ▮ |
| BR Nester | $ ▮ | ▮ | $ ▮ |
| CL Trela | $ ▮ | ▮ | $ ▮ |
| TT Nguyen | $ ▮ | ▮ | $ ▮ |
| DT Pritikin | $ ▮ | ▮ | $ ▮ |
| MP Thayer | $ ▮ | ▮ | $ ▮ |
| DI Lewis | $ ▮ | ▮ | $ ▮ |
| DI Lewis | $ ▮ | ▮ | $ ▮ |
| BR Nester | $ ▮ | ▮ | $ ▮ |
| RA Cederoth | $ ▮ | ▮ | $ ▮ |
| RA Cederoth | $ ▮ | ▮ | $ ▮ |
| CG Phillips | $ ▮ | ▮ | $ ▮ |
| CG Phillips | $ ▮ | ▮ | $ ▮ |
| DT Pritikin | $ ▮ | ▮ | $ ▮ |
| DT Pritikin | $ ▮ | ▮ | $ ▮ |
| **Total** | | ▮ | $ ▮ |

**Source:**

Sidley Austin LLP Invoices, bates ranges including:

MS-MOTO_1823_0006000132C - MS-MOTO_1823_0006000511C,

MS-MOTO_1823_0006000544C - MS-MOTO_1823_0006000559C,

MS-MOTO_1823_0006000574C - MS-MOTO_1823_0006000667C,

MS-MOTO_1823_0006000676C - MS-MOTO_1823_0006000788C,

MS-MOTO_1823_0006000879C - MS-MOTO_1823_0006001019C,

MS-MOTO_1823_0006001082C - MS-MOTO_1823_0006001972C,

MS-MOTO_1823_0006001978C - MS-MOTO_1823_0006003958C.

*CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

Exhibit 3b

**Microsoft Corporation vs. Motorola, et. al.**
**Calfo Harrigan Leyh & Eakes Invoice Summary**
**Total Hours Billed and Fee Amounts by Timekeeper**
**(Sorted by Hourly Rate)**

| Employee Initials | Hourly Rate | Hours Billed | Summed Amount From Invoices |
|---|---|---|---|
| AL | $ ■ | ■ | $ ■ |
| PA | $ ■ | ■ | $ ■ |
| SA | $ ■ | ■ | $ ■ |
| SA | $ ■ | ■ | $ ■ |
| KM | $ ■ | ■ | $ ■ |
| KM | $ ■ | ■ | $ ■ |
| SPC | $ ■ | ■ | $ ■ |
| SPC | $ ■ | ■ | $ ■ |
| CTW | $ ■ | ■ | $ ■ |
| TLF | $ ■ | ■ | $ ■ |
| PJW | $ ■ | ■ | $ ■ |
| CTW | $ ■ | ■ | $ ■ |
| AWH | $ ■ | ■ | $ ■ |
| AWH | $ ■ | ■ | $ ■ |
| **Total** | | ■ | $ ■ |

**Source:**

Calfo Harrigan Leyh & Tollefson Invoices, bates range MS-MOTO_1823_00004081679 - MS-MOTO_1823_00004081834.

*CONFIDENTIAL BUSINESS INFORMATION*

*SUBJECT TO PROTECTIVE ORDER*

Exhibit 4

**Microsoft Corporation vs. Motorola, et. al.**

**Sidley Austin Invoice Summary**

**Legal Fees and Expenses by Client Matter Number**

| Client Matter Number | Total Amount |
|---|---|
| 10171-81000 | $ ███████ |
| 10171-81390 | ███████ |
| 10171-81400 | ███████ |
| | $ ███████ |

<u>**Source:**</u>

Sidley Austin LLP Invoices, bates ranges including:

MS-MOTO_1823_0006000132C - MS-MOTO_1823_0006000511C,

MS-MOTO_1823_0006000544C - MS-MOTO_1823_0006000559C,

MS-MOTO_1823_0006000574C - MS-MOTO_1823_0006000667C,

MS-MOTO_1823_0006000676C - MS-MOTO_1823_0006000788C,

MS-MOTO_1823_0006000879C - MS-MOTO_1823_0006001019C,

MS-MOTO_1823_0006001082C - MS-MOTO_1823_0006001972C,

MS-MOTO_1823_0006001978C - MS-MOTO_1823_0006003958C.

*CONFIDENTIAL BUSINESS INFORMATION*

*SUBJECT TO PROTECTIVE ORDER*

Exhibit 5

# Microsoft Corporation vs. Motorola, et. al.
## Sidley Austin Invoice Summary
## Legal Fees and Expenses by Various Subjects

| Law Firm Name | Summed Amount From Invoices |
|---|---|
| **German Litigation** | |
| Freshfields Bruckhaus Deringer LLP - Munich[1] | $ ▬▬▬ |
| Freshfields Bruckhaus Deringer LLP[1] | $ ▬▬▬ |
| Klarquist Sparkman LLP[2] | $ ▬▬▬ |
| Boehmert & Boehmert[3] | $ ▬▬▬ |
| Sidley Austin[4][5] | $ ▬ |
| **Total** | $ ▬▬▬ |
| | |
| **Anti-Suit Injunction and Ninth Circuit Appeal** | |
| Sidley Austin[4][5] | $ ▬▬▬ |
| | |
| **Three H.264 Patents (1823 Case)** | |
| Sidley Austin[4][5] | $ ▬▬▬ |

**Sources:**

(1) Freshfields Bruckhaus Deringer LLP, various documents within the bates ranges MS-MOTO_1823_0006000001 - MS-MOTO_1823_0006000131, MS-MOTO_1823_0006003982 - MS-MOTO_1823_0006003985.

(2) Klarquist Sparkman LLP, various documents within the bates ranges MS-MOTO_1823_0006000001 - MS-MOTO_1823_0006000131, MS-MOTO_1823_0006003982 - MS-MOTO_1823_0006003985.

(3) Boehmert & Boehmert, various documents within the bates ranges MS-MOTO_1823_0006000001 - MS-MOTO_1823_0006000131.

(4) Sidley Austin LLP Invoices, various bates ranges from the original bates range MS-MOTO_1823_0006000132B - MS-MOTO_1823_0006000511B, MS-MOTO_1823_0006000844B - MS-MOTO_1823_0006001063B, MS-MOTO_1823_0006001082B - MS-MOTO_1823_0006001810B, MS-MOTO_1823_0006001978B - MS-MOTO_1823_0006002657B, MS-MOTO_1823_0006003257B - MS-MOTO_1823_0006003376B, MS-MOTO_1823_0006003468B - MS-MOTO_1823_0006003534B.

(5) Sidley Austin LLP Invoices, bates ranges including MS-MOTO_1823_0006000132C - MS-MOTO_1823_0006000511C, MS-MOTO_1823_0006000544C - MS-MOTO_1823_0006000559C, MS-MOTO_1823_0006000574C - MS-MOTO_1823_0006000667C, MS-MOTO_1823_0006000676C - MS-MOTO_1823_0006000788C, MS-MOTO_1823_0006000879C - MS-MOTO_1823_0006001019C, MS-MOTO_1823_0006001082C - MS-MOTO_1823_0006001972C, MS-MOTO_1823_0006001978C - MS-MOTO_1823_0006003958C.

*CONFIDENTIAL BUSINESS INFORMATION*
*SUBJECT TO PROTECTIVE ORDER*

**Microsoft Corporation vs. Motorola, et. al.**
Comparison of Facility Operating Costs Between the Netherlands and Germany

Exhibit 6

| Fixed Costs: | | Monthly Operating Costs | | | Annualized Operating Costs | | |
|---|---|---|---|---|---|---|---|
| | | Netherlands | Germany | Difference | Netherlands | Germany | Difference |
| Facility[1] | | N/A | € [REDACTED] | N/A | N/A | € [REDACTED] | N/A |
| Equipment[1] | | N/A | [REDACTED] | N/A | N/A | [REDACTED] | N/A |
| Other Operating Costs[1] | | N/A | [REDACTED] | N/A | N/A | [REDACTED] | N/A |
| Management[1] | | N/A | [REDACTED] | N/A | N/A | [REDACTED] | N/A |
| Technology[1][4] | | N/A | [REDACTED] | N/A | N/A | [REDACTED] | N/A |
| Indirect Labor[1] | | N/A | [REDACTED] | N/A | N/A | [REDACTED] | N/A |
| Total[2] | | € [REDACTED] | [REDACTED] | € [REDACTED] | € [REDACTED] | [REDACTED] | € [REDACTED] |
| Depreciation[3] | | [REDACTED] | N/A | [REDACTED] | [REDACTED] | N/A | [REDACTED] |
| Technology[4] | | [REDACTED] | N/A | [REDACTED] | [REDACTED] | N/A | [REDACTED] |
| TOTAL FIXED COSTS | A | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] |
| TOTAL FIXED COSTS IN USD ($)[5] | B = A*1.26 | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] |
| | | | | | | | |
| Variable Costs: | | | | | | | |
| Variable Transaction Fees[6] | | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] |
| Storage[7] | | N/A | [REDACTED] | [REDACTED] | N/A | [REDACTED] | [REDACTED] |
| Insurance[7] | | N/A | [REDACTED] | [REDACTED] | N/A | [REDACTED] | [REDACTED] |
| VAS[8] | | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] |
| TOTAL VARIABLE COSTS | C | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] |
| TOTAL VARIABLE COSTS IN USD ($)[5] | D = C*1.26 | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] |
| | | | | | | | |
| TOTAL OPERATING COSTS | E = A+C | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] |
| TOTAL OPERATING COSTS IN USD ($)[5] | F = E*1.26 | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] |
| | | | | | | | |
| CONTINGENCY[9] | G | N/A | N/A | € [REDACTED] | N/A | N/A | € [REDACTED] |
| | | | | | | | |
| TOTAL OPERATING COSTS WITH CONTINGENCY | H = E+G | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] | € [REDACTED] |
| TOTAL OPERATING COSTS WITH CONTINGENCY USD ($)[5] | I = H*1.26 | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] | $ [REDACTED] |

Notes:

(1) Arvato amounts taken from the "Fixed costs Arvato" worksheet in the "Compare Ceva and Arvato costs" file provided by Microsoft (MS-MOTO_1823_00004086062-4086083). These costs were originally included in Arvato's Pricebook E&D EMEA July 2011 to June 2012 (MS-MOTO_1823_00004086063-4086083).

(2) Total CEVA monthly fixed cost amount and CEVA depreciation cost taken from "Fixed costs compare" worksheet in the "Compare Ceva and Arvato costs" file provided by Microsoft (MS-MOTO_1823_00004086062). CEVA monthly fixed costs amount originally included in CEVA's Venray Distribution and Warehouse Services Start-up and Run Services Pricing Agreement (MS-MOTO_1823_00004081413-4081418).

(3) CEVA depreciation cost calculated from Microsoft invoices related to a large purchase of automation equipment for the Netherlands facility, which totaled [REDACTED] This amount was then depreciated for 5 years at a rate of [REDACTED] per month (MS-MOTO_1823_00004083030-4083034).

(4) After the move from Germany to the Netherlands, Arvato no longer provided IT services for a German warehouse; however, Arvato began providing IT warehousing/freight coordination services for the Netherlands operations. Thus, the schedule shows both a reduction in German IT costs and the addition of Netherlands IT costs, which both relate to Arvato.

(5) The exchange rate established by Microsoft for fiscal year 2013 (July 1, 2012 through June 30, 2013) was $1.26 USD to €1.00. Navigant used this same exchange rate to convert facility operating costs from Euros to USD.

(6) CEVA and Arvato variable transaction fees based on "Var cost compare" worksheet in the "Compare Ceva and Arvato costs" file provided by Microsoft (MS-MOTO_1823_00004086062).

(7) Arvato storage fees and insurance costs calculated based on the "Storage1" file provided by Microsoft (MS-MOTO_1823_00004086084).

(8) Arvato VAS costs calculated from amounts found in "Summary per LOB" worksheet in the "VAS Jan_feb" file, "Summary per LOB" worksheet in the "VAS March" file, and the "Var cost compare" worksheet in the "Compare Ceva and Arvato costs" file. All files were provided by Microsoft (MS-MOTO_1823_00004086086-4086087).

(9) Contingency costs of [REDACTED] have been included to address potential additional cost considerations such as possible increases in Arvato pricing (had Microsoft continued with its German warehouse), potential differences in estimated payment amounts, and other items.