LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

ARTHUR W. HARRIGAN, JR.

FACSIMILE: (206) 623-8717
E-MAIL: ARTHURH@CALFOHARRIGAN.COM

August 3, 2013

The Honorable James L. Robart
United States District Court
Western District of Washington
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

    Re:    Microsoft Corp. v. Motorola, Inc., et al., No. 10-cv-1823-JLR

Dear Judge Robart:

    We write to request permission to renew Microsoft's Rule 702 Motion with respect to Richard Holleman and Gregory Leonard. Following the July 30, 2013 hearing, Motorola submitted a letter to the Court setting forth changes in the opinions that Holleman and Leonard will offer at trial. (*See* Dkt. No. 810.) But Motorola's proposed changes do not cure the problems that were identified in Microsoft's motion and discussed at the hearing.[1]

    It is exclusively within the province of this Court to instruct the jury on what Motorola's contractual RAND licensing commitments do and do not require. While it may be appropriate for an expert to repeat the Court's findings on contract interpretation in route to providing some expert opinion relevant and potentially helpful to the jury's deliberations, no expert should be permitted at this stage to fill in around the edges of the Court's rulings with new interpretations, much less contradict the Court's prior contract interpretations or mislead the jury by taking the Court's prior findings out of context.

    As a preliminary matter, although the Court directed the parties to state "what is still in and what has been withdrawn," Ex. 1, 7/30/2013 Hearing Tr. 99:8–9, rather than withdrawing the paragraphs containing improper testimony, Motorola instead substantively changed its experts' proposed testimony in a number of ways through internal deletions and additions within various paragraphs. These substantive changes have not lived up to what Motorola told the Court at the hearing, and they have not remedied the defects challenged in Microsoft's motion. Three sets of examples are illustrative:

---

[1] This is evident not only from the changes made by Motorola but moreover from the fact that the letter fails to address multiple paragraphs of the experts' reports identified in Microsoft's motion, including paragraphs 33, 34, 35, 39, and 47 of Holleman's opening report, paragraphs 60, 61, and 85 of Leonard's opening report, and paragraph 7 of Leonard's rebuttal report.

The Hon. Judge Robart
August 3, 2013
Page 2

First, Motorola assured the Court that it would strike paragraph 59 from Holleman's opening report, in the following exchange:

> THE COURT: Well, let's take page 1, **paragraph 59** as an example. **You struck that. Is that correct?**
> MR. PRICE: **Yes**.
> THE COURT: Okay. Then that's the one I want to concentrate on, because it will no longer be in the case.  When you insert the words "simply intended," I would use "simply intended" to be contrary to my order in this matter.
> MR. PRICE: And I understand.
> THE COURT: And, you know, I don't want to ask you if you agree or disagree with that. **I'm glad you struck it. But that's the kind of thing that I need to prevent you from doing, because it's going to waste everybody's time**, and all we're going to do is have objections to it at trial, and I'll sustain them.

Ex. 1 at 84:14–85:2.

Motorola did not strike paragraph 59.  Instead, it made the following modification:  "RAND commitments are ~~simply~~ intended to foster good faith negotiations between essential patent holders and standard implementers," and deleted the last sentence (which was one of Holleman's conclusions of "good faith").  (*See* Dkt. No. 810 at 3.)  The statement remains a misleading half-truth, and coupled with the rest of Holleman's report (devoid of any suggestion that the RAND licensing commitment imposes any obligation other than negotiation), will give the jury the impression that all Motorola had to do was "negotiate" with Microsoft.  That false impression is directly contrary to this Court's prior rulings.  (*See* Dkt. No. 465, October 12, 2012 Order at 14.)

Motorola also rewrote paragraphs 31 and 36 of Holleman's report, which make the same misleading suggestion:

> From the SDO's perspective, the patent holder ~~fulfills~~ **who executes an LOA must be** ~~its RAND obligation by being~~ willing to enter into good faith negotiations.

> [F]rom the SDO's perspective, the patent holder ~~acts consistently~~ with **a** ~~its~~ RAND obligation **must be** ~~by being~~ willing to enter into negotiations . . .

(Dkt. No. 810 at 2, ¶¶ 31, 36.)  This rephrasing does not cure the problems with Holleman's report.  His proposed testimony remains primed to mislead the jury into accepting Motorola's erroneous position that the RAND licensing commitment consists only of an obligation to negotiate, not an obligation to (a) provide a license on RAND terms, and (b) refrain from making blatantly unreasonable demands at any time.

The Hon. Judge Robart
August 3, 2013
Page 3

Second, Motorola's counsel assured the Court that "Mr. Holleman is not going to be giving an opinion on whether or not these actions were, in fact, in good faith." Ex. 1 at 82:4–6. Despite Motorola's revisions, Holleman's proposed testimony still includes that opinion: Paragraph 33 of his report, which Motorola left unmodified, opines that Motorola's October 2010 letters "expressed a willingness to negotiate in good faith."

Paragraph 34 of Holleman's report, also unmodified, includes the implication of Motorola's good faith along with the implication that Microsoft acted improperly: "Rather than enter into good faith negotiations with Motorola, Microsoft filed this lawsuit against Motorola." This opinion implies an interpretation of Motorola's and Microsoft's duties that is contrary to the Court's rulings, including the implication that it was improper for Microsoft to sue for breach without making a counteroffer. (*See* Dkt. No. 335, June 6, 2012 Order at 19 (noting that under Motorola's flawed interpretation, "Motorola could preemptively request exorbitant compensation for its standard essential technology, and the implementer would be compelled to negotiate in good faith in response to the exorbitant demand"); Dkt. No. 66, June 1, 2011 Order at 5 ("There is no legal basis for Motorola's contention that Microsoft was required to negotiate the precise license terms before filing a breach of contract claim.").) Holleman's opinion either contradicts the Court's rulings—which is the real import—or is an irrelevant observation.

Motorola's assurances to the Court that no opinion testimony would be given on the conclusion of good faith did not extend to Leonard: Paragraphs 61 and 85 of his opening report were untouched by Motorola's letter, and still offer Leonard's inadmissible opinion that Motorola acted in good faith.

Third, Motorola's revisions to Holleman's report offer a new opinion about injunctions and standard-essential patents: Holleman now opines that injunctions can be sought "if appropriate under applicable law." (Dkt. No. 810 at 1, ¶¶ 15, 21.) This is a tautology and is entirely unhelpful to the jury. Whether or not Motorola could pursue injunctions at all, or under what circumstances, are legal questions framed by the parties' summary judgment motions, and are for the Court to resolve.

These examples are illustrative of the problems Motorola's light editing of its experts' reports failed to resolve or created anew. All of the improper testimony identified in Microsoft's motion should be excluded.

                                            Very truly yours,

                                            CALFO HARRIGAN LEYH EAKES LLP

                                            s/ Arthur W. Harrigan, Jr.

The Hon. Judge Robart
August 3, 2013
Page 4

                              Arthur W. Harrigan, Jr.

cc:    All Counsel (via ECF)

## CERTIFICATE OF SERVICE

I, Nathaniel Love, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 3rd day of August, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email:  Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email:  steven.pepe@ropesgray.com | |
| Email:  jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X__ ECF |
| Telephone:  (650) 617-4030 | |
| Email:  norman.beamer@ropesgray.com | |

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_\_X\_\_\_ ECF |

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC  20005-3948
Telephone:  (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

_____ Messenger
_____ US Mail
_____ Facsimile
\_\_\_X\_\_\_ ECF

Andrea Pallios Roberts (*pro hac vice*)
Brian C. Cannon (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Email: andreaproberts@quinnemanuel.com
Email: briancannon@quinnemanuel.com

_____ Messenger
_____ US Mail
_____ Facsimile
\_\_\_X\_\_\_ ECF

Kathleen M. Sullivan (*pro hac vice*)
David Elihu (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Email: kathleensullivan@quinnemanuel.com

_____ Messenger
_____ US Mail
_____ Facsimile
\_\_\_X\_\_\_ ECF

William Price (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figuera St., 10th Floor
Los Angeles, CA 90017
Telephone:  (212) 443-3000
Email: williamprice@quinnemanuel.com
MicrosoftvMotoBreachofRANDCase@quinnemanuel.com

_____ Messenger
_____ US Mail
_____ Facsimile
\_\_\_X\_\_\_ ECF

DATED this 3rd day of August, 2013.

s/ Nathaniel Love_____
NATHANIEL LOVE