HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

        Plaintiff,

vs.

MOTOROLA, INC., et al.,

        Defendants.
_____
MOTOROLA MOBILITY LLC, et al.,

        Plaintiffs,

vs.

MICROSOFT CORPORATION,

        Defendants.

Case No. C10-1823-JLR

MICROSOFT'S 8/5/13
MOTION TO SEAL

**NOTED FOR:
FRIDAY, AUGUST 16, 2013**

## I.  RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal the following documents:

(1)    Exhibit 2 to the Declaration of Chris Wion in Support of Microsoft's Opposition to Defendants' Motions *in Limine* ("Wion Declaration"), which consists of an excerpt of Charles Donohoe's testimony from the November 2012 trial;

MICROSOFT'S 8/5/13 MOTION TO SEAL - 1    No. C10-1823

(2)     Exhibit 7 to the Wion Declaration, which consists of one page from Motorola's October 4, 2012 Pretrial Statement; and

(3)     Those portions of Microsoft's Opposition to Defendants' Motions *in Limine* (the "Opposition") that reference Exhibits 2 or 7 to the Wion Declaration.

Microsoft seeks to file the foregoing materials under seal because they have been marked as "Confidential" by Motorola under the terms of the protective order issued in this case. Microsoft takes no position with respect to whether these documents should remain under seal.

## II.     LCR 5(g)(3)(A) CERTIFICATION

Shane Cramer (on behalf of Microsoft) and Andrea Pallios Roberts (on behalf of Motorola) met and conferred by telephone on August 5, 2013 in an effort to minimize the amount of material to be filed under seal in connection with this motion. As a result, the parties were able to reduce the number of documents to be filed under seal.

## III.     FACTS & AUTHORITY

**A.     The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Confidential Information under Seal.**

Pursuant to the Protective Order issued by the Court on July 21, 2011, as amended by orders dated October 3, 2012 and July 25, 2013, Microsoft is permitted to file materials designated by either party as Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1 (amended by Order dated October 3, 2012 (ECF No. 447)).

MICROSOFT'S 8/5/13 MOTION TO SEAL - 2     No. C10-1823

> segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

A party seeking to seal a judicial record attached to a dispositive motion must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This presumption may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. However, "the public interest in understanding the judicial system would appear to be less where … the documents in question are irrelevant to the Court's decision." *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (citing *Kamakana*, 447 F.3d at 1179) (documents supporting dispositive motion "[not] bearing on the

MICROSOFT'S 8/5/13 MOTION TO SEAL - 3   No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

resolution of the dispute on the merits … are therefore more akin to the 'unrelated,' non-dispositive motion documents the Ninth Circuit contemplated in *Kamakana*").

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.,* 2010 WL 786021, at *2 (quotations omitted).

B.  **Microsoft Seeks to Seal Certain Documents at Motorola's Request.**

Motorola has requested that Microsoft file Exhibits 2 and 7 to the Wion Declaration under seal because they disclose Motorola's confidential business information.[2]  Pursuant to the terms of the protective order, Microsoft has filed these documents under seal.  Microsoft also is filing its Opposition under seal because it references these documents.  All such references have been redacted from the publicly-filed version of Microsoft's Opposition.

///

///

///

---

[2] Microsoft is also filing under seal an unredacted copy of Exhibit 5 to the Wion Declaration, which is an excerpt from the Expert Report of Gregory Leonard, dated May 29, 2013.  The Court already has ruled that the sentence in Exhibit 5 that has been redacted from the publicly-filed version meets the relevant standard and should remain under seal.  *See* Dkt. No. 793 (Order granting Microsoft's request to seal Exhibit 6 to the July 3, 2013 Wion Declaration).

MICROSOFT'S 8/5/13 MOTION TO SEAL - 4     No. C10-1823

## IV. CONCLUSION

For the reasons set forth herein, Microsoft respectfully requests that the Court grant its motion. A [Proposed] Order Granting Microsoft's 8/05/13 Motion to Seal has been submitted herewith.[3]

DATED this 5th day of August, 2013.

        **RESPECTFULLY SUBMITTED,**
        CALFO HARRIGAN LEYH & EAKES LLP

        By    s/Arthur W. Harrigan, Jr.
               Arthur W. Harrigan, Jr., WSBA #1751

        By    s/Christopher Wion
               Christopher Wion, WSBA #33207

        By    s/Shane P. Cramer
               Shane P. Cramer, WSBA #35099
               999 Third Avenue, Suite 4400
               Seattle, WA  98104
               Phone: 206-623-1700
               arthurh@calfoharrigan.com
               chrisw@calfoharrigan.com
               shanec@calfoharrigan.com

        By    s/T. Andrew Culbert
               T. Andrew Culbert

        By    s/David E. Killough
               David E. Killough

        MICROSOFT CORPORATION
               1 Microsoft Way
               Redmond, WA  98052
               Phone: 425-882-8080
               Fax: 425-869-1327

---

[3] Nothing herein is intended as a waiver of Microsoft's right to contest Motorola's designation of material as Confidential Business Information in accordance with the terms of the protective order. Microsoft expressly reserves the right to do so as the circumstances warrant.

MICROSOFT'S 8/5/13 MOTION TO SEAL - 5    No. C10-1823

|   |   |
|---|---|
| 1 | David T. Pritikin |
| 2 | Richard A. Cederoth |
|   | Constantine L. Trela, Jr. |
| 3 | William H. Baumgartner, Jr. |
|   | Ellen S. Robbins |
| 4 | Douglas I. Lewis |
|   | David C. Giardina |
| 5 | John W. McBride |
|   | Nathaniel C. Love |

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

---

MICROSOFT'S 8/5/13 MOTION TO SEAL - 6    No. C10-1823

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On this 5th day of August, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Summit Law Group | _____ US Mail |
| 315 Fifth Ave. South, Suite 1000 | _____ Facsimile |
| Seattle, WA  98104-2682 |    X     ECF |
| Telephone:  206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas |    X     ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 |    X     ECF |
| Telephone:  (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S 8/5/13 MOTION TO SEAL - 7   No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | | |
|---|---|---|
| 1 | Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
|  | Ropes & Gray LLP | _____ US Mail |
| 2 | One Metro Center | _____ Facsimile |
|  | 700 12th Street NW, Suite 900 | __X__ ECF |
| 3 | Washington, DC  20005-3948 | |
|  | Telephone:  (202) 508-4693 | |
| 4 | Email: Paul.schoenhard@ropesgray.com | |

5

| | | |
|---|---|---|
| 6 | Andrea Pallios Roberts (*pro hac vice*) | _____ Messenger |
|  | Brian C. Cannon (*pro hac vice*) | _____ US Mail |
| 7 | Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
|  | 555 Twin Dolphin Drive, 5th Floor | __X__ ECF |
| 8 | Redwood Shores, CA 94065 | |
|  | Telephone:  (650) 801-5000 | |
| 9 | Email: andreaproberts@quinnemanuel.com | |
|  | Email: briancannon@quinnemanuel.com | |

10

| | | |
|---|---|---|
| 11 | Kathleen M. Sullivan (*pro hac vice*) | _____ Messenger |
|  | David Elihu (*pro hac vice*) | _____ US Mail |
| 12 | Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
|  | 51 Madison Ave., 22nd Floor | __X__ ECF |
| 13 | New York, NY 10010 | |
|  | Telephone:  (212) 849-7000 | |
| 14 | Email: kathleensullivan@quinnemanuel.com | |

15

| | | |
|---|---|---|
| 16 | William Price (*pro hac vice*) | _____ Messenger |
|  | Quinn Emanuel Urquhart & Sullivan, LLP | _____ US Mail |
| 17 | 865 S. Figuera St., 10th Floor | _____ Facsimile |
|  | Los Angeles, CA 90017 | __X__ ECF |
| 18 | Telephone:  (212) 443-3000 | |
|  | Email: williamprice@quinnemanuel.com | |
| 19 | MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | |

20

        DATED this 5th day of August, 2013.

21

                                                        */s/ Florine Fujita*
22                                                      FLORINE FUJITA

23

24

25

MICROSOFT'S 8/5/13 MOTION TO SEAL - 8          No. C10-1823