# EXHIBIT 4

```
                    UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON AT SEATTLE
```

| | |
|---|---|
| MICROSOFT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) CASE NO. C10-1823JLR |
| | ) |
| v. | ) SEATTLE, WASHINGTON |
| | ) July 31, 2013 |
| MOTOROLA, INC., et al., | ) |
| | ) MOTION HEARING |
| Defendant. | ) |
| | ) |

```
                    VERBATIM REPORT OF PROCEEDINGS
                  BEFORE THE HONORABLE JAMES L. ROBART
                      UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

  For the Plaintiff:       ARTHUR HARRIGAN
                           RICHARD CEDEROTH
                           ANDREW CULBERT
                           DAVID PRITIKIN
                           CHRISTOPHER WION


  For the Defendant:       KATHLEEN SULLIVAN
                           WILLIAM PRICE
                           PHILIP McCUNE
                           ANDREA ROBERTS
                           CHERYL BERRY
                           ELLYDE THOMPSON
                           RALPH PALUMBO (by telephone)


  Reported by:             NANCY L. BAUER, CCR, RPR
                           Federal Court Reporter
                           700 Stewart Street, Suite 17205
                           Seattle, WA 98101
                           (206) 370-8506
                           nancy_bauer@wawd.uscourts.gov

```
 1  deposition, page 39 through 41.
 2          THE COURT:  All right.  Thank you.
 3     Ms. Sullivan?
 4          MS. SULLIVAN:  Good morning, Your Honor.  Thank you
 5  very much for the privilege of appearing in your court.  I
 6  would like to, if I may, hand up to the court some visual
 7  aids that we have already shared with opposing counsel.  May
 8  I approach?
 9          THE COURT:  You may.
10          MS. SULLIVAN:  Your Honor, I'd like to begin with the
11  point that you just made so ably in describing what
12  Motorola's argument is, and that is that the inquiry on good
13  faith, which is the subject of Microsoft's motion for summary
14  judgment on breach, is a contextual inquiry that looks to
15  both the subject of the intent of Motorola and the objective
16  commercial reasonableness of Motorola's conduct, and looks to
17  all the facts and circumstances surrounding the alleged
18  actions that supposedly breached the commitments to the ITU
19  and the IEEE.
20     Your Honor is absolutely correct about that.  We thank you
21  for the opportunity, Your Honor, to brief good-faith law,
22  which we did extensive briefing.
23     And the Washington law is overwhelmingly clear that the
24  inquiry is into the whole context, the whole timeline --
25  we've given you a timeline on the first page of the handout,
```

1  ITC.  Did those involve standard essential patents?
2          MS. SULLIVAN:  No, Your Honor, they didn't.  And
3  we're not making an argument here that they're part of the
4  standard essential patent arguments.  What we're arguing is,
5  Microsoft sues us on nonessentials, and then says, "Put your
6  patents on the table."  In fact, Your Honor, I'd be very
7  happy to have you look at a slide here that I think is very
8  helpful.
9      If you could turn to Slide No. 6.  I'm sorry to make you
10 jump, Your Honor.  This is deposition testimony from one of
11 Motorola's witnesses, Mr. Taylor, and so I can speak about it
12 in open court, because it's Motorola's witness, and we don't
13 insist on this being confidential.
14     This slide says, "We didn't have any time."  Why did we
15 respond this way?  Microsoft said put our patents on the
16 table.  Microsoft asked us to put our patents on the table,
17 and that's what we did.
18     The -- I'm sorry, Your Honor.  Can I confer for a moment?
19 I want to make sure I answer you accurately.
20     Your Honor, my points stand legally, that the context here
21 is about being asked to put our patents on the table, that's
22 where our letters of October 21st and 29th came from.  But I
23 stand corrected.  There was, actually, initially, SEPs
24 inserted in the October suit.  There's an issue about whether
25 they were later withdrawn.  That's subject to one of

```
 1  Microsoft's motions in limine.
 2       But what I want to argue, Your Honor, is that it doesn't
 3  matter either way whether SEPs were or were not in the
 4  October suit.  They were initially.
 5       The point is, once Microsoft invited us to put our patents
 6  on the table, and we did so in haste without engaging in the
 7  necessarily detailed inquiries that Your Honor engaged in
 8  over a long period of discovery and bench trial, in which the
 9  first phase of the case was held, it was done in haste.
10  Microsoft asked us to put our patents on the table, and we
11  did.
12       So, Your Honor, let me try and simplify our arguments, if
13  I may.
14           THE COURT:  Let me ask you a question, and then
15  please simplify.
16       Is it accurate that you have asserted privilege over your
17  motives for sending those letters?
18           MS. SULLIVAN:  Both sides have asserted privilege
19  over the sending of the letters and the response to the
20  letters, that's correct, Your Honor.  But there --
21           THE COURT:  What is the privilege?
22           MS. SULLIVAN:  Well, attorney-client privilege, Your
23  Honor, about legal analysis about the Motorola letter.
24           THE COURT:  So, I mean, that's what I'm trying to
25  find out.  I don't see all this stuff, and then suddenly
```

1  useful for everyone.
2        THE COURT:  You know, counsel, the answer is yes.
3  But let me offer you the following warning:
4     The last time I agreed to this, the short questionnaire
5  involved a woman who died from lung cancer, and her estate
6  was suing a tobacco company, and a short questionnaire turned
7  into 17 pages.  I hope that you will know that Judge Koh and
8  I have gone to school on what happened in that case, and
9  we're not going to have any more 17-page questionnaires.
10     My process of picking a jury is that it usually takes us a
11 morning.  I understand I need to give you some greater
12 leeway, because one of the parties is a major employer in
13 this area.  But we're going to be moving along expeditiously.
14 You have a relatively small jury.  We should be able to get
15 it done pretty promptly.
16        MR. PRITIKIN:  All right.  The other thing I wanted
17 to mention, Your Honor, is, we had talked yesterday about the
18 jury instructions that we think should provide the jury the
19 background they need on the court's findings of fact.
20     They were included in the pretrial order submissions, but
21 we thought it might be useful if I could hand up to the court
22 the preliminary instructions that we propose and those that
23 have been proposed by Motorola.  Again, this was taken from
24 the pretrial order, but it would give the court a sense of
25 what we think the jury should be instructed on.

# C E R T I F I C A T E

I, Nancy L. Bauer, CCR, RPR, Court Reporter for the United States District Court in the Western District of Washington at Seattle, do hereby certify that I was present in court during the foregoing matter and reported said proceedings stenographically.

I further certify that thereafter, I have caused said stenographic notes to be transcribed under my direction and that the foregoing pages are a true and accurate transcription to the best of my ability.

Dated this 2nd day of August 2013.

/S/   Nancy L. Bauer

Nancy L. Bauer, CCR, RPR
Official Court Reporter