# EXHIBIT 5

**CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., et al.,<br><br>Defendants. | CASE NO. C10-1823JLR |

EXPERT REPORT OF GREGORY K. LEONARD, PH.D.

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

each company's technologies to the standards, the importance of each company's technologies to the other's products, and information regarding the nature of Microsoft's business.[67]

73.     The October letters did not contain anywhere near the full set of terms and conditions that are typical of Motorola's licenses. This is further evidence that Motorola intended and expected to have further and continued discussions with Microsoft, again as Microsoft had suggested the parties should do.

74.     In my experience, it is customary for a potential licensee to acknowledge receipt of an offer letter and then offer to further discuss a potential license. This is especially true in the case of sophisticated companies with substantial licensing experience and groups devoted to licensing such as Motorola and Microsoft. Indeed, Mr. Gutierrez testified that ███████████
████████████████████████████
████████████████ ███████████████
██████████████████

75.     At the outset of a negotiation where relatively little information is available, but it is expected that negotiations will continue and reveal additional information, the party making the opening offer has little incentive to put much effort into formulating the opening offer because, there is little chance that the opening offer will be accepted or even play a significant role in the ultimate outcome. This is particularly true in a situation where this party has a large number of licensing opportunities, but limited resources, as was the case with Motorola.[69] This is also true where, as here, a party has already been sued for patent infringement by the other

---

[67] Dailey Dep., pp. 24, 29

[68] Gutierrez Dep. II (rough), p. 126.

[69] Dailey Dep., p. 93