# EXHIBIT Q

151

●

# SUMMIT LAW GROUP

*a professional limited liability company*

RALPH H. PALUMBO
DID: (206) 676-7042
E-MAIL: *ralphp@summitlaw.com*

April 4, 2012

*Via Email*

Arthur W. Harrigan Jr.
Danielson Harrigan Leyh & Tollefson LLP
999 Third Avenue, Suite 4400
Seattle, Washington 98104

    Re:    **Motorola Corp. v. Motorola, Inc., et al.
Case No. 10-1823
Motorola's Motion for Summary Judgment**

Dear Art:

    I write in response to your letter from this afternoon.

    Motorola disagrees with your characterization that it violated the parties NDA by disclosing and/or discussing certain document and communications in its March 30 Motion for Partial Summary Judgment. Motorola carefully prepared its Motion and only relied upon information that Microsoft itself brought outside the scope of that agreement, or that was never subject to the agreement in the first place.

    As you are aware, the parties' NDA states that "[t]he restrictions of [paragraph 3 of the NDA] shall not apply to any document or information (i) which is in the public domain, or (ii) which is properly obtained by a Party to this Agreement in discovery or otherwise from some source other than the settlement negotiations between them." NDA at ¶ 3. These exclusions are clear.

    As shown in detail below, each of the portions of Motorola's March 30 Motion rely on information or discussions subject to these exclusions. This information comes from at least the following sources:

315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
*telephone* 206 676-7000

Arthur W. Harrigan Jr.
April 4, 2012
Page 2

 (1) Microsoft's Complaint in the EC in Case Comp/C-3/39.986, which prompted a response by Motorola and a March 9, 2012 notice letter from Damien Didden, counsel for Motorola Mobility, to Brad Smith regarding Motorola's need to respond in full to Microsoft's allegations (to which Microsoft never responded);

 (2) the testimony elicited from Kirk Dailey by Microsoft during the ITC-752 Investigation, which Microsoft expressly confirmed the parties may rely upon in a March 27, 2012 email from David Giardina (Sidley);

 (3) the testimony elicited from Neill Taylor by Microsoft during his March 20, 2012 deposition (Microsoft failed to object to any of this testimony);

 (4) the parties' respective Post-Hearing Briefing in the ITC-752 Investigation (to which Microsoft never objected); and

 (5) Microsoft's document production in this case, which includes Exhibit 26 to Motorola's Motion for Partial Summary Judgment, as well as term sheets and other otherwise-protected settlement discussions.

Specifically, the portions of Motorola's Brief and supporting materials cited by Microsoft are subject to the exceptions in the NDA for at least the following reasons:

| Microsoft's Citation | Basis for NDA Exception |
|---|---|
| Brief at 1:12-16 | Dailey Tr. 2924-25, 2621-22 (ITC-752 Hearing Testimony); Annex 1 to Motorola's EC Response at 8-9 |
| Brief at 2:2-3 | Annex 1 to Motorola's EC Response at 10; Taylor Tr. 40:6-18 |
| Brief at 7:1-12 | Taylor Tr. 38:16 – 40:5; Dailey Tr. 2924-25, 2621-22 (ITC-752 Hearing Testimony) |
| Brief at 8:4-6 | Dailey Tr. 2539-41, 2628-29, 2632 (ITC-752 Hearing Testimony); Taylor Tr. 57-58, 95-100, 117-118, 129-31; 165-66, 171-174 |
| Brief at 8:11-17 | Annex 1 to Motorola's EC Response at 10; Taylor Tr. 40:6-18; Dailey Tr. 2621-22 (ITC-752 Hearing Testimony); Microsoft's Document production, including MS- |

Arthur W. Harrigan Jr.
April 4, 2012
Page 3

| Microsoft's Citation | Basis for NDA Exception |
|---|---|
|  | MOTO_1823_00002288984 |
| Brief at 8 n.7 | This footnote describes Motorola's belief, as expressed in both the Taylor and Dailey Transcripts and does not reflect any communication with Microsoft whatsoever. It cites to Taylor Decl. ¶ 16, which was not objected to by Microsoft. |
| Brief at 20:6-9 | Annex 1 to Motorola's EC Response at 8-9, 10; Taylor Tr. 40:6-18; Microsoft's Document production, including MS-MOTO_1823_00002288984 |
| Brief at 20 n.16 | This is a statement of Motorola's position regarding Microsoft's applicant status and Microsoft's pleadings in this case; it does not reflect any communications with Microsoft whatsoever. |
| Brief at 22 n.19 | Annex 1 to Motorola's EC Response at 10; Taylor Tr. 40:6-18 |
| Exhibit 26 | Document produced by Microsoft in discovery; Discussions between Brad Smith and Scott Offer referred to in Annex 1 to Motorola's' EC Response at 10 |
| Taylor Decl. ¶ 13 | Taylor Tr. 38:16 – 40:5; Dailey Tr. 2924-25, 2621-22 (ITC-752 Hearing Testimony) |
| Taylor Decl. ¶ 14 | This paragraph refers to the October 2010 letters and their content. These letters are public and are expressly excluded from the NDA (*see* ¶ 1). |
| Taylor Decl. ¶ 15 | Taylor Tr. 57-58,95-100, 117-118,129-31; 165-66, 171-174 |
| Taylor Decl. ¶ 17 | Annex 1 to Motorola's EC Response at 10; Taylor Tr. 40:6-18 |

  In summary, Motorola did not disclose any information in its March 30 Motion for Partial Summary Judgment that is not excluded from the NDA because it is information contained in documents produced by Microsoft in this case, or in deposition testimony given in response to questions asked by Microsoft in this case or in the ITC proceeding. Moreover, Microsoft *itself* has disclosed a great deal of discussions and documents otherwise-protected under the NDA as part of its Complaint to the European Commission – the very conduct that prompted Mr. Didden's March 9 letter. Microsoft cannot have it both ways.

  Accordingly, we do not intend to withdraw any part of our Motion. If after

Arthur W. Harrigan Jr.
April 4, 2012
Page 4

reviewing this letter Microsoft continues to believe that Motorola has disclosed information that is covered by NDA and not subject to an exclusion, I suggest that we discuss the dispute in an attempt to amicably resolve our differences.

          Sincerely,

          SUMMIT LAW GROUP PLLC


          /s/ Ralph H. Palumbo
          Ralph H. Palumbo

cc:  Jesse J. Jenner – Ropes & Gray LLP