The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

                                    Plaintiff,

                    v.

MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,

                                    Defendants.

CASE NO. C10-1823-JLR

DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF AUGUST 7, 2013 LETTER FROM RALPH PALUMBO

NOTE ON MOTION CALENDAR:
Friday, August 16, 2013

## I.     INTRODUCTION

Pursuant to Western District of Washington Civil Local Rule CR 5(g)(2), Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility LLC, and General Instrument Corporation (collectively "Motorola") respectfully move this Court for leave to file under seal the following:

1.      August 7, 2013 Letter from Ralph Palumbo to the Court, regarding the July 31, 2013 Amended Expert Report of Todd Menenberg.

2.      Exhibit 1 to the August 7, 2013 Letter.

3.      Exhibit 2 to the August 7, 2013 Letter.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

4.      Exhibit 3 to the August 7, 2013 Letter.

**II.    CERTIFICATION**

In accordance with Local Civil Rule 5(g)(3)(A), the undersigned counsel certifies that on August 7, 2013 Chris Wion and Shane Cramer (on behalf of Microsoft) and Phil McCune and Andrea Pallios Roberts (on behalf of Motorola) met and conferred, both telephonically and via email, regarding the need and extent to file under seal certain limited portions of Mr. Palumbo's August 7, 2013 Letter, and supporting exhibits.

**III.   BACKGROUND**

Microsoft Corporation ("Microsoft") and Motorola entered into a stipulated Protective Order, which was approved by the Court on July 21, 2011.  (Dkt. No. 72.)  This Protective Order outlines categories of material that should be maintained in confidence, along with procedures for sealing confidential material when included in documents filed with the Court.   Specifically, paragraph 1 specifies that:

> Confidential Business Information is information which has not been made public and which concerns or relates to the trade secrets ... amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained....

*Id.* at 1-2.    This   information   should   be   marked   as   "CONFIDENTIAL   BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."  *Id.* at 2.  Additionally, paragraph 6 specifies that:

> (1) Confidential  Business  Information  pertaining  to  licensing  or  other commercially sensitive financial information shall not be made available under this paragraph 6 to such designated in-house counsel; the supplier shall designate such Confidential Business Information pertaining to licensing or other commercially sensitive financial information as "[SUPPLIER'S NAME] CONFIDENTIAL FINANCIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and promptly provide a redacted version of such document that may be disseminated to the two in-house counsel designated under this paragraph 6....

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF AUGUST 7, 2013 LETTER
FROM RALPH PALUMBO - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

*Id.* at 4.  Finally, Paragraph 2 of the Protective Order governs the sealing of documents, and states in relevant part that:

> During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

*Id.* at 2.

Thus, the Protective Order provides that Motorola may request to seal documents by formal motion pursuant to Rule 5(g) of the Local Civil Rules of the Western District of Washington.  Local Rule Rule 5(g)(3) states that:

> (3) A motion to seal a document, even if it is a stipulated motion, must include the following:
>
> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;
>
> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.
>
> Where parties have entered a litigation agreement or stipulated protective order (*see* LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above.   Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

Similarly, federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, permitting the filing under seal of documents containing such information.  *See* Fed. R. Civ. P. 26(c)(1)(G) and (H) (stating that a court may require that (1) "a trade secret or other confidential research, development, or

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF AUGUST 7, 2013 LETTER
FROM RALPH PALUMBO - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   commercial information not be revealed or be revealed only in a specified way" and (2) "the

2   parties simultaneously file specified documents or information in sealed envelopes…").

3      Though courts recognize a general right to inspect and copy public records and documents,

4   including judicial records, the United States Supreme Court has stated that this right is limited.

5   "[T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory

6   power over its own records and files, and access has been denied where court files might have

7   become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

8   (1978).  In discussing examples of improper purposes, the Court indicated that courts are not to

9   serve as "sources of business information that might harm a litigant's competitive standing."  *Id.*

10     As the Ninth Circuit stated:

11     The law, however, gives district courts broad latitude to grant protective orders to
       prevent disclosure of materials for many types of information, including, but not
12     limited to, trade secrets or other confidential research, development, or
       commercial information.  See Fed. R. Civ. P. 26(c)(7).  Rule 26(c) authorizes the
13     district court to issue " any order which justice requires to protect a party or
       person from annoyance, embarrassment, oppression, or undue burden."  The
14     Supreme Court has interpreted this language as conferring "broad discretion on
       the trial court to decide when a protective order is appropriate and what degree of
15     protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

16  *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

17  **IV.   THE PROTECTIVE ORDER BOTH PERMITS AND REQUIRES MOTOROLA
         TO FILE THIS MOTION FOR LEAVE TO SEAL**

18
19     In accordance with the Protective Order and the above-referenced authority, Motorola

    moves to file the documents described below under seal.

20

21     Mr. Palumbo's August 7, 2013 Letter contains quotes of information Microsoft designated

22  as "HIGHLY CONFIDENTIAL FINANCIAL INFORMATION – ATTORNEYS' EYES ONLY."

23  The un-redacted version of this document should accordingly be sealed.

24     Exhibit 1 to the August 7, 2013 Letter is excerpts from the transcript of the August 30,

25  2013 Hearing held before this Court.  This transcript is not yet available publicly and contains

26

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF AUGUST 7, 2013 LETTER
FROM RALPH PALUMBO - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

references to the legal costs incurred by Microsoft, which Microsoft has advised Motorola should be kept under seal.  The un-redacted version of this document should accordingly be sealed.

Exhibit 2 to the August 7, 2013 Letter is a document produced by Microsoft bearing document control number MS-MOTO_1823_0006002291B.  Microsoft designated this document "HIGHLY CONFIDENTIAL FINANCIAL INFORMATION – ATTORNEYS' EYES ONLY." This document should accordingly be sealed.

Exhibit 3 to the August 7, 2013 Letter is a document produced by Microsoft bearing document control number MS-MOTO_1823_0006002291C.  Microsoft designated this document "HIGHLY CONFIDENTIAL FINANCIAL INFORMATION – ATTORNEYS' EYES ONLY." This document should accordingly be sealed.

## V.     CONCLUSION

For the foregoing reasons, Motorola respectfully requests that this Court order that the following document be filed under seal:

1.     Mr. Palumbo's August 7, 2013 Letter.

2.     Exhibit 1 to the August 7, 2013 Letter.

3.     Exhibit 2 to the August 7, 2013 Letter.

4.     Exhibit 3 to the August 7, 2013 Letter

DATED this 7th day of August, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
     Ralph H. Palumbo, WSBA #04751
     Philip S. McCune, WSBA #21081
     *ralphp@summitlaw.com*
     *philm@summitlaw.com*

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF AUGUST 7, 2013 LETTER
FROM RALPH PALUMBO - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

By */s/ Thomas V.  Miller*
    Thomas V. Miller
    MOTOROLA MOBILITY LLC
    600 North U.S. Highway 45
    Libertyville, IL  60048-1286
    (847) 523-2162

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By */s/ Kathleen M. Sullivan*
    Kathleen M. Sullivan, NY #1804624
    51 Madison Ave., 22nd Floor
    New York, NY 10010
    (212) 849-7000
    *kathleensullivan@quinnemanuel.com*

By */s/ Brian C. Cannon*
    Brian C. Cannon, CA #193071
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    (650) 801-5000
    *briancannon@quinnemanuel.com*

By */s/ William C. Price*
    William C. Price, CA #108542
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    (213) 443-3000
    *williamprice@quinnemanuel.com*

***Attorneys for Motorola Solutions, Inc.,
Motorola Mobility LLC and General
Instrument Corp.***

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF AUGUST 7, 2013 LETTER
FROM RALPH PALUMBO - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
David Greenfield, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*david.greenfield@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 7th day of August, 2013.

/s/ *Marcia A. Ripley*
_____
Marcia A. Ripley

DEFENDANTS' MOTION TO FILE DOCUMENTS
UNDER SEAL IN SUPPORT OF AUGUST 7, 2013 LETTER
FROM RALPH PALUMBO - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001