The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>　　　　　　　　Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' RESPONSE TO MICROSOFT'S 7/29/13 MOTION TO SEAL<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, August 9, 2013** |

DEFENDANTS' RESPONSE TO MICROSOFT'S 7/29/13
MOTION TO SEAL
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4816-2434-74131

## I. INTRODUCTION

Defendants Motorola, Inc. (now Motorola Solutions, Inc.), Motorola Mobility, Inc. and General Instrument Corp. (collectively "Motorola") do not oppose Microsoft's 7/29/13 Motion to Seal (Dkt. No. 798) regarding the following documents:

- Portions of Exhibits 2-4 and 6-8, 10-11 to the Declaration of Christopher Wion in Support of Microsoft's Motions *in limine* ("Wion Declaration") (Dkt. No. 801);[1]
- Microsoft's Motion Microsoft's Motions *in Limine* to the extent they refer to or rely on the above exhibits (Dkt. No. 801); and
- The Parties' Pretrial Order filed contemporaneously therewith (Dkt. No. 803).

## II. MOTOROLA DOES NOT OPPOSE MICROSOFT'S MOTION TO SEAL.

Exhibit 2 to the Wion Declaration is excerpts of the transcript of the deposition of Kirk Dailey, which was designated by Motorola as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." The excerpted pages reference non-public commercially sensitive information regarding Motorola's business and licensing practices and strategies. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Accordingly, Exhibit 2 should remain under seal.

Exhibit 3 to the Wion Declaration is excerpts of the deposition of K. McNeill Taylor, Jr., which was designated by Motorola as "HIGHLY CONFIDENTIAL." The excerpted pages reference non-public commercially sensitive information regarding Motorola's business and licensing practices and strategies. Disclosure of this information to third parties and other party employees not covered by the Protective Order would have the potential to lead to competitive harm. Accordingly, Exhibit 3 should remain under seal.

Exhibit 4 to the Wion Declaration is excerpts of the deposition of Brian Blasius, which was designated by Motorola as "CONFIDENTIAL BUSINESS INFORMATION." The excerpted pages reference non-public commercially sensitive information regarding Motorola's business and

---

[1] Exhibit 9 to the Wion Declaration was also filed under seal, but Motorola does not maintain that it needed to be.

DEFENDANTS' RESPONSE TO MICROSOFT'S 7/29/13
MOTION TO SEAL - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4816-2434-74131

1   licensing practices and strategies.  Disclosure of this information to third parties and other party

2   employees not covered by the Protective Order would have the potential to lead to competitive

3   harm.  Accordingly, Exhibit 4 should remain under seal.

4         Exhibit 6 to the Wion Declaration is excerpts of the transcript of Trial Day 6,

5   November 20, 2012, in the November 2012 trial in this matter, which was sealed by Court order.

6   The excerpted pages reference non-public commercially sensitive information regarding

7   Motorola's business and licensing practices and strategies.  Disclosure of this information to third

8   parties and other party employees not covered by the Protective Order would have the potential to

9   lead to competitive harm.  Accordingly, Exhibit 6 should remain under seal.

10        Exhibit 7 to the Wion Declaration is excerpts of the transcript of the deposition of Allen

11  Lo, which was designated by third party Google as "HIGHLY CONFIDENTIAL-ATTORNEYS'

12  EYES ONLY."  The excerpted pages reference non-public commercially sensitive information

13  regarding Google's business and licensing practices and strategies.  Disclosure of this information

14  to third parties and other party employees not covered by the Protective Order would have the

15  potential to lead to competitive harm.  Accordingly, Exhibit 7 should remain under seal.

16        Exhibit 8 to the Wion Declaration is excerpts of the transcript of the deposition of Gregory

17  Leonard, which was designated by Motorola as "HIGHLY CONFIDENTIAL."  The excerpted

18  pages reference non-public commercially sensitive information regarding Motorola's business and

19  licensing practices and strategies.  Disclosure of this information to third parties and other party

20  employees not covered by the Protective Order would have the potential to lead to competitive

21  harm. Accordingly, Exhibit 8 should remain under seal.

22        Exhibit 10 to the Wion Declaration is a document produced by Motorola in this litigation

23  and designated "CONFIDENTIAL BUSINESS INFORMATION."  The document references

24  non-public commercially sensitive information regarding Motorola's business and licensing

25  practices and strategies.  Disclosure of this information to third parties and other party employees

26

DEFENDANTS' RESPONSE TO MICROSOFT'S 7/29/13
MOTION TO SEAL - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

4816-2434-74131

1  not covered by the Protective Order would have the potential to lead to competitive harm.

2  Accordingly, Exhibit 10 should remain under seal.

3  Exhibit 11 to the Wion Declaration is a document produced by Motorola in this litigation
4  and designated "CONFIDENTIAL BUSINESS INFORMATION." The document references
5  non-public commercially sensitive information regarding Motorola's business and licensing
6  practices and strategies. Disclosure of this information to third parties and other party employees
7  not covered by the Protective Order would have the potential to lead to competitive harm.
8  Accordingly, Exhibit 11 should remain under seal.

9  To the extent that Microsoft's Motions *in Limine* refers to or describes the sealed exhibits
10  listed above, the un-redacted version of the document should also remain under seal.

11  The Parties' Pretrial Order references non-public commercially sensitive information of
12  Motorola and third parties. Disclosure of this information to third parties and other party
13  employees not covered by the Protective Order would have the potential to lead to competitive
14  harm. Accordingly, the un-redacted version of the document should remain under seal.

### III. CONCLUSION

16  Motorola does not oppose Microsoft's 7/29/13 Motion to Seal (Dkt. No. 798). Nothing
17  herein is intended as a waiver of Motorola's right to contest Microsoft's designation of material as
18  Confidential Business Information in accordance with the terms of the Protective Order. Motorola
19  expressly reserves the right to do so as the circumstances warrant.

20  DATED this 7th day of August, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
Ralph H. Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081
*ralphp@summitlaw.com*
*philm@summitlaw.com*

DEFENDANTS' RESPONSE TO MICROSOFT'S 7/29/13
MOTION TO SEAL - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4816-2434-74131

|   |   |
|---|---|
| 1 |   |
| 2 | By */s/ Thomas V. Miller* |
|   |     Thomas V. Miller |
| 3 |     MOTOROLA MOBILITY LLC |
|   |     600 North U.S. Highway 45 |
| 4 |     Libertyville, IL  60048-1286 |
|   |     (847) 523-2162 |
| 5 |   |
|   | QUINN EMANUEL URQUHART & |
| 6 | SULLIVAN, LLP |
| 7 |   |
|   | By */s/ Kathleen M. Sullivan* |
| 8 |     Kathleen M. Sullivan, NY #1804624 |
|   |     51 Madison Ave., 22nd Floor |
| 9 |     New York, NY 10010 |
|   |     (212) 849-7000 |
| 10 |     *kathleensullivan@quinnemanuel.com* |

By */s/ Brian C. Cannon*
    Brian C. Cannon, CA #193071
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    (650) 801-5000
    *briancannon@quinnemanuel.com*

By */s/ William C. Price*
    William C. Price, CA #108542
    865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    (213) 443-3000
    *williamprice@quinnemanuel.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.***

---

DEFENDANTS' RESPONSE TO MICROSOFT'S 7/29/13
MOTION TO SEAL - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

4816-2434-74131

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Arthur W. Harrigan, Jr., Esq.
>Christopher T. Wion, Esq.
>Shane P. Cramer, Esq.
>Calfo Harrigan Leyh & Eakes LLP
>*arthurh@calfoharrigan.com*
>*chrisw@calfoharrigan.com*
>*shanec@calfoharrigan.com*

>Richard A. Cederoth, Esq.
>Brian R. Nester, Esq.
>David T. Pritikin, Esq.
>Douglas I. Lewis, Esq.
>John W. McBride, Esq.
>William H. Baumgartner, Jr., Esq.
>David C. Giardina, Esq.
>Carter G. Phillips, Esq.
>Constantine L. Trela, Jr., Esq.
>Ellen S. Robbins, Esq.
>Nathaniel C. Love, Esq.
>Sidley Austin LLP
>*rcederoth@sidley.com*
>*bnester@sidley.com*
>*dpritikin@sidley.com*
>*dilewis@sidley.com*
>*jwmcbride@sidley.com*
>*wbaumgartner@sidley.com*
>*dgiardina@sidley.com*
>*cphillips@sidley.com*
>*ctrela@sidley.com*
>*erobbins@sidley.com*
>*nlove@sidley.com*

>T. Andrew Culbert, Esq.
>David E. Killough, Esq.
>Microsoft Corp.
>*andycu@microsoft.com*
>*davkill@microsoft.com*

DATED this 7th day of August, 2013.

>_/s/ Marcia A. Ripley_
>Marcia A. Ripley

DEFENDANTS' RESPONSE TO MICROSOFT'S 7/29/13
MOTION TO SEAL - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4816-2434-74131