HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MOTOROLA, INC., et al.,<br><br>　　　　　　　　Defendants.<br>_____<br>MOTOROLA MOBILITY LLC, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　　　　Defendants. | Case No. C10-1823-JLR<br><br>MICROSOFT'S 8/16/13<br>MOTION TO SEAL<br><br>**NOTED FOR:**<br>**FRIDAY, AUGUST 30, 2013** |

## I.  RELIEF REQUESTED

Pursuant to Local Civil Rule 5(g) and paragraphs 2(a) and 8 of the protective order entered in this case, Microsoft respectfully seeks leave to file under seal Exhibit 3 to Microsoft's August 16, 2013 letter brief on patent exhaustion, which is an excerpt from Kirk Dailey's January 20, 2012 testimony at the ITC hearing in *In the Matter of Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*, Investigation No. 337-TA-752 ("Exhibit 3").

MICROSOFT'S 8/16/13 MOTION TO SEAL - 1    No. C10-1823

Microsoft seeks to file Exhibit 3 under seal because it has been designated "Confidential" by Motorola. Microsoft takes no position with respect to whether Exhibit 3 should remain under seal.

## II. LCR 5(g)(3)(A) CERTIFICATION

Shane Cramer (on behalf of Microsoft) and Andrea Pallios Roberts (on behalf of Motorola) met and conferred by email on August 16, 2013 in an effort to minimize the amount of material to be filed under seal in connection with Microsoft's letter brief.

## III. FACTS & AUTHORITY

### A. The Operative Protective Order and Applicable Court Rules Permit Microsoft to File Confidential Information under Seal.

Pursuant to the Protective Order issued by the Court on July 21, 2011, as amended by orders dated October 3, 2012 and July 25, 2013, Microsoft is permitted to file materials designated by either party as Confidential Business Information[1] under seal, with such documents to remain under seal upon Court approval. Paragraphs 2(a) and 8 of the Protective Order govern the filing of documents under seal. Paragraph 2(a) provides:

> Any information submitted in pre-trial discovery or in a pleading, motion, or response to a motion in this action, either voluntarily or pursuant to order, and which is asserted by a supplier to contain or constitute Confidential Business Information shall be so designated by such supplier in writing…and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[SUPPLIER'S NAME] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or a comparable notice. During the pre-trial phase of this action, such information, whether submitted in writing or in oral testimony, shall be disclosed only *in camera* before the Court and shall be filed only under seal, pursuant to Rule 5(g) of the Local Civil Rules of the United States District Court for the Western District of Washington.

---

[1] "Confidential Business Information" is defined in the parties' Protective Order as "information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amounts or source of any income, profits, losses, or expenditures." Protective Order Regarding the Disclosure and Use of Discovery Materials (ECF No. 72), ¶1 (amended by Order dated October 3, 2012 (ECF No. 447)).

MICROSOFT'S 8/16/13 MOTION TO SEAL - 2     No. C10-1823

Paragraph 8 likewise provides that:

> Any Confidential Business Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above.

*Id.*, at ¶ 8.

The Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Rule 26(c)(1)(G) and (H). District courts "are in the best position to weigh the fairly competing needs and interests of the parties affected by discovery," in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002).

A party seeking to seal a judicial record attached to a dispositive motion must articulate "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This presumption may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. However, "the public interest in understanding the judicial system would appear to be less where … the documents in question are irrelevant to the Court's decision." *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (citing *Kamakana*, 447 F.3d at 1179) (documents supporting dispositive motion "[not] bearing on the resolution of the dispute on the merits … are therefore more akin to the 'unrelated,' non-dispositive motion documents the Ninth Circuit contemplated in *Kamakana*").

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598

MICROSOFT'S 8/16/13 MOTION TO SEAL - 3    No. C10-1823

(1978)). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms,* 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Under that standard, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.,* 2010 WL 786021, at *2 (quotations omitted).

**B.     Microsoft Seeks to Seal Exhibit 3 at Motorola's Request.**

Motorola has requested that Microsoft file Exhibit 3 under seal. Microsoft has done so, as required by the terms of the protective order.

### IV.     CONCLUSION

A [Proposed] Order Granting Microsoft's 8/16/13 Motion to Seal has been submitted herewith.[2]

DATED this 16th day of August, 2013.

**RESPECTFULLY SUBMITTED,**

CALFO HARRIGAN LEYH & EAKES LLP

By   s/Arthur W. Harrigan, Jr.
     Arthur W. Harrigan, Jr., WSBA #1751
By   s/Christopher Wion
     Christopher Wion, WSBA #33207
By   s/Shane P. Cramer
     Shane P. Cramer, WSBA #35099
     999 Third Avenue, Suite 4400
     Seattle, WA  98104
     Phone:  206-623-1700
     arthurh@calfoharrigan.com
     chrisw@calfoharrigan.com
     shanec@calfoharrigan.com

---

[2] Nothing herein is intended as a waiver of Microsoft's right to contest Motorola's designation of material as Confidential Business Information in accordance with the terms of the protective order. Microsoft expressly reserves the right to do so as the circumstances warrant.

MICROSOFT'S 8/16/13 MOTION TO SEAL - 4     No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

By    s/T. Andrew Culbert
       T. Andrew Culbert

By    s/David E. Killough
       David E. Killough

MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA 98052
Phone: 425-882-8080
Fax: 425-869-1327

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
Nathaniel C. Love


SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000
Fax: 312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S 8/16/13 MOTION TO SEAL - 5      No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On this 16th day of August, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | _____ Messenger |
| Philip S. McCune, WSBA #21081 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X__ ECF |
| Telephone:  (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S 8/16/13 MOTION TO SEAL - 6     No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_\_ ECF |
| Andrea Pallios Roberts (*pro hac vice*)<br>Brian C. Cannon (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone:  (650) 801-5000<br>Email: andreaproberts@quinnemanuel.com<br>Email: briancannon@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_\_ ECF |
| Kathleen M. Sullivan (*pro hac vice*)<br>David Elihu (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Telephone:  (212) 849-7000<br>Email: kathleensullivan@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_\_ ECF |
| William Price (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figuera St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone:  (212) 443-3000<br>Email: williamprice@quinnemanuel.com<br>MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>\_\_X\_\_\_ ECF |

DATED this 16th day of August, 2013.

*/s/ Florine Fujita*
FLORINE FUJITA

MICROSOFT'S 8/16/13 MOTION TO SEAL - 7    No. C10-1823

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717