LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
(206) 623-1700

ARTHUR W. HARRIGAN, JR.

FACSIMILE: (206) 623-8717
E-MAIL: ARTHURH@CALFOHARRIGAN.COM

August 20, 2013

**VIA ECF**

The Honorable James L. Robart
United States District Court
Western District of Washington
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

    Re:    Microsoft Corp. v. Motorola, Inc., et al., No. 10-cv-1823-JLR

Dear Judge Robart:

    We write in response to Motorola's submission of its Defendants' Revised Proposed Preliminary Instructions (Dkt. No. 857) and the accompanying letter from Motorola's counsel (Dtk. No. 858). In particular, Microsoft seeks to clarify Motorola's submission of a Revised Proposed Preliminary Instruction No. 18 and Final Instruction No. 11 on "stipulated facts." (*See* Dkt. No. 857 at 7–11.)

    Motorola's submission does not contain stipulated facts. Motorola's counsel did not contact Microsoft's counsel and ask whether Microsoft would agree to stipulate to any of the facts that appear in Motorola's submission. Microsoft had never seen this particular selection of statements before Motorola filed it, and certainly has never agreed that this collection should be presented to the jury as "stipulated facts," particularly in the context in which Motorola's submission presents them. Motorola's treatment of statements from the parties' timelines as "stipulated facts" for presentation to the jury is particularly inappropriate, as the Court plainly requested those timelines for the Court's reference in resolving disputed issues between the parties—including disputes about facts on those timelines that one party or the other has argued should not be presented to the jury.

    Microsoft contacted Motorola on August 19, requesting that Motorola withdraw by noon today its improper submission of an instruction on "stipulated facts" that the Court did not request and that Microsoft did not agree to. *See* Ex. 1. Motorola refused to do so and in its response did not address the fact that its additional proposed instruction purported to consist of "stipulated facts." *See* Ex. 2. Instead, Motorola pointed to pages of the transcript in which the Court and parties discussed the preliminary instructions, including where Motorola's counsel stated, "We will work with Microsoft to see if we can come to an agreement." (8/13/13 Tr. 12:1–2.) But Motorola did not do so.

The Honorable James L. Robart
August 20, 2013
Page 2

The parties' Pretrial Order contained a section of facts to which the parties agree. (*See* Dkt. No. 803 at 5–7.) Microsoft is willing to work with Motorola to identify additional stipulated facts for the benefit of the jury, but is not willing to allow Motorola to unilaterally declare what the parties have stipulated to.

                                        Very truly yours,

                                        CALFO HARRIGAN LEYH EAKES LLP

                                        Arthur W. Harrigan, Jr.

cc:    All Counsel (via ECF)

## CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 20th day of August, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA 98104-2682<br>Telephone: 206-676-7000<br>Email: Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9046<br>Email: steven.pepe@ropesgray.com<br>Email: jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA 94303-2284<br>Telephone: (650) 617-4030<br>Email: norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |
| Andrea Pallios Roberts (*pro hac vice*)<br>Brian C. Cannon (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone:  (650) 801-5000<br>Email: andrearoberts@quinnemanuel.com<br>Email: briancannon@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |
| Kathleen M. Sullivan (*pro hac vice*)<br>David Elihu (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Telephone:  (212) 849-7000<br>Email: kathleensullivan@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |
| William Price (*pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figuera St., 10th Floor<br>Los Angeles, CA 90017<br>Telephone:  (212) 443-3000<br>Email: williamprice@quinnemanuel.com<br>MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>__X__ ECF |

DATED this 20th day of August, 2013.

s/ Florine Fujita
FLORINE FUJITA

# EXHIBIT 1

| | |
|---|---|
| **From:** | Robbins, Ellen S. |
| **Sent:** | Monday, August 19, 2013 10:06 PM |
| **To:** | 'MicrosoftvMotoBreachofRANDCase@quinnemanuel.com'; 'summit1823@summitlaw.com'; Project-MS/Moto_WDWA_343/1823; 'chrisw@dhlt.com'; 'shanec@calfoharrigan.com'; 'harrigan@seanet.com' |
| **Subject:** | Revised Instructions |

Counsel,

We write concerning Motorola's submission of its Defendants' Revised Proposed Preliminary Instructions, and to request that Motorola withdraw, by noon tomorrow, Motorola's Revised Proposed Preliminary Instruction No. 18 and Final Instruction No. 11 on "stipulated facts." (See Dkt. No. 857 at 7-11.)

Motorola's submission does not contain stipulated facts. As you are aware, Microsoft had never seen this particular selection of statements before Motorola filed it, and certainly has never agreed that this collection should be presented to the jury as "stipulated facts." The "stipulated facts" are highly selective and present a one-sided view even of those facts on which the parties might have agreed had they entered into a stipulation, and correspondingly omit many other facts necessary to balance the presentation. For example, Motorola presents the May 2, 2012 infringement determination by the Mannheim court, but not this Court's April 12 or May 14, 2012 orders barring Motorola from enforcing any injunction in Germany. Motorola's "stipulated facts" also contain incorrect statements. For example, Motorola characterizes the IEEE LOAs as essentially identical to the ITU LOAs (see Dkt. No. 857 at 8:25--9:3), when in fact the IEEE LOAs required Motorola to license at "nominal competitive costs" (see FFCL ¶ 48).

Further, at the pretrial conference, the Court directed the parties to submit agreed or revised versions of Proposed Preliminary Instruction No. 2 only. The Court did not direct the parties to submit revisions of any other proposed instructions.

Motorola's submission is both misleading and improper. Please confirm that you will notify the Court by noon tomorrow that Motorola withdraws its Revised Proposed Preliminary Instruction No. 18 and Final Instruction No. 11

# EXHIBIT 2

| | |
|---|---|
| **From:** | Andrea P Roberts [andreaproberts@quinnemanuel.com] |
| **Sent:** | Tuesday, August 20, 2013 12:07 PM |
| **To:** | Robbins, Ellen S.; Microsoft v Moto Breach of RAND Case; summit1823@summitlaw.com; Project-MS/Moto_WDWA_343/1823; chrisw@dhlt.com; shanec@calfoharrigan.com; harrigan@seanet.com |
| **Subject:** | RE: Revised Instructions |

Ellen,

We received your email. Our response is that Motorola's submission is consistent with the colloquy during the pretrial conference discussing the preliminary instructions and Motorola's representation that it would submit new instructions in light of the MIL orders, summary judgment order and court's discussion. See pages 8-12 of transcript. Our submission is intended to provide helpful information to the jury. If there are facts from the RAND order to which Microsoft objects, it can so object. If there are additional facts from the RAND order that Microsoft wishes to include in the instructions, it can so propose. Given the court's order on Motorola's MIL 1, we are happy to work with you to develop ways to present aspects of the RAND order to the jury.

Andrea


**Andrea Pallios Roberts**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5023 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
andreaproberts@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


-----Original Message-----
From: Robbins, Ellen S. [mailto:erobbins@Sidley.com]
Sent: Monday, August 19, 2013 10:06 PM
To: Microsoft v Moto Breach of RAND Case; summit1823@summitlaw.com; Project-MS/Moto_WDWA_343/1823; chrisw@dhlt.com; shanec@calfoharrigan.com; harrigan@seanet.com
Subject: Revised Instructions


Counsel,

We write concerning Motorola's submission of its Defendants' Revised Proposed Preliminary Instructions, and to request that Motorola withdraw, by noon tomorrow, Motorola's Revised Proposed Preliminary Instruction No. 18 and Final Instruction No. 11 on "stipulated facts." (See Dkt. No. 857 at 7-11.)

Motorola's submission does not contain stipulated facts. As you are aware, Microsoft had never seen this particular selection of statements before Motorola filed it, and certainly

1

has never agreed that this collection should be presented to the jury as "stipulated facts." The "stipulated facts" are highly selective and present a one-sided view even of those facts on which the parties might have agreed had they entered into a stipulation, and correspondingly omit many other facts necessary to balance the presentation.  For example, Motorola presents the May 2, 2012 infringement determination by the Mannheim court, but not this Court's April 12 or May 14, 2012 orders barring Motorola from enforcing any injunction in Germany.  Motorola's "stipulated facts" also contain incorrect statements.  For example, Motorola characterizes the IEEE LOAs as essentially identical to the ITU LOAs (see Dkt. No. 857 at 8:25-9:3), when in fact the IEEE LOAs required Motorola to license at "nominal competitive costs" (see FFCL ¶ 48).

Further, at the pretrial conference, the Court directed the parties to submit agreed or revised versions of Proposed Preliminary Instruction No. 2 only.  The Court did not direct the parties to submit revisions of any other proposed instructions.

Motorola's submission is both misleading and improper.  Please confirm that you will notify the Court by noon tomorrow that Motorola withdraws its Revised Proposed Preliminary Instruction No. 18 and Final Instruction No. 11

------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
**************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

**************************************************************************************