# SUMMIT LAW GROUP
*a professional limited liability company*

315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
telephone  206 676-7000
facsimile  206 676-7001

RALPH H. PALUMBO
DID:  (206) 676-7042
EMAIL:  *ralphp@summitlaw.com*

August 23, 2013

The Honorable James L. Robart
United States District Court
Western District of Washington
700 Stewart Street, Suite 14128
Seattle, WA  98101-9906

      Re:    **Microsoft Corp. v. Motorola Mobility, Inc.**
              **Case No. C10-1823-JLR**

Dear Judge Robart:

      I write in response to Mr. Harrigan's August 20, 2013 letter filed with the Court.

      Motorola's cover letter of August 19, 2013 filed with its proposed revisions to Preliminary Instruction No. 2 explained Motorola's proposal.  Dkt. 858.  However, in light of Microsoft's letter, further explanation is needed.

      First, as ordered by the Court, Motorola submitted a revised version of Motorola's Alternative to Preliminary Instruction No. 2, and also included a Preliminary Instruction No. 2A.  Second, at the August 13, 2013 Pretrial Conference, Microsoft suggested that it would be filing a list of the portions of the April 19, 2013 Findings of Fact and Conclusions of Law ("FFCL") on which it intended to rely, and suggested it would do so on August 19.  The parties and the Court, however, did not settle on a procedure through which the parties would identify the portions of the FFCL on which they intend to rely. Nor did the parties settle on a procedure for responding to the opposing party's identification of portions of the FFCL on which they intend to rely.

      Microsoft opted to file two documents on August 19, listing the portions of the FFCL on which it intends to rely at trial and in its opening statement.  Dkt. 860, 861.  In contrast, as explained in its cover letter (Dkt. 858), Motorola proposed that the facts on which the parties agree, and that are relevant to this phase of the case, and supported by the FFCL can be provided to the jury via an instruction on Stipulations of Fact, and provided a proposed instruction in that regard.  Motorola is amenable to discussing whether a different title for that instruction is appropriate.  The point is, however, that this information should be conveyed to the jury via an instruction by the Court, and not through fact or expert witnesses.

The Honorable James L. Robart
August 23, 2013
Page 2

      Additionally, given that the parties both filed timelines on August 16 (Dkt. 850, 852) and agreed on several of the entries, Motorola thought it appropriate that those timeline events on which the parties agreed and are relevant to this phase of the case be included in a Stipulated Facts instruction, and Motorola proposed which of those events should be included.  Motorola is amenable to discussing those events further as well.[1]  It was not Motorola's intent to mischaracterize Microsoft's position, and Microsoft may propose its own facts for stipulation.

Respectfully,

SUMMIT LAW GROUP PLLC


*/s/ Ralph H. Palumbo*

Ralph H. Palumbo

cc:    All Counsel of Record

---

[1] Motorola was surprised that Microsoft took issue with the inclusion of some of these events, stating that they were not "stipulated," and suggesting that Motorola "unilaterally" declared what the parties stipulated to.  The events Motorola included were included in <u>both parties</u>' August 16 timelines.