THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>               Plaintiff,<br><br>    vs.<br><br>MOTOROLA, INC., *et al.*,<br><br>               Defendants. | Case No. C10-1823-JLR<br><br>**NON-PARTY QUALCOMM INC.'S <u>RENEWED</u> MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR:<br>**Friday, September 6, 2013**<br><br>Without Oral Argument |

Non-Party Qualcomm Inc.'s
Renewed Motion to Seal
Case No. 10-cv-1823-JLR

Cooley LLP
1700 Seventh Avenue Suite 1900
Seattle, WA 98101-1355
(206) 452-8700

[[NYLIT:2642300v1:4062w: 08/25/2013--09:10 AM]]

## I.   INTRODUCTION

Pursuant to Local Rule CR 5(g), non-party Qualcomm, Inc. ("Qualcomm") respectfully requests that the Court grant this Renewed Motion to Seal to protect certain confidential documents and highly proprietary information from public disclosure.  The four documents that are the subject of this Renewed Motion, identified below (the "Qualcomm Licenses"), were produced by the parties to this action—Microsoft and Motorola—not Qualcomm:

- an Amendment to DS-CDMA Technology Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025409-412 and Defendants' Trial Exhibit 3230, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- an Agreement to Amend the Patent License Agreement and Technology License Agreement and Software License Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025413-430 and Defendants' Trial Exhibit 3231, and designated "Confidential Business Information" and "Attorneys' Eyes Only";

- a DS-CDMA Technology Agreement between Qualcomm and Motorola, labeled MOTM_WASH1823_0025431-467 and Defendants' Trial Exhibit 3232, and designated "Confidential Business Information" and "Attorneys' Eyes Only"; and

- a Patent License Agreement between Motorola and Qualcomm, labeled MOTM_WASH1823_0025489-502 and Defendants' Trial Exhibit 3233, and designated "Confidential Business Information" and "Attorneys' Eyes Only."

Prior to the first trial, the Court granted motions to seal by Motorola (Dkt. No. 495) and Qualcomm (Dkt. No. 562), and provisionally sealed each of the Qualcomm Licenses (Dkt. No. 567 (Nov. 12, 2012 Order)).  Because the factual and legal bases supporting the sealing of the Qualcomm Licenses were fully briefed in Qualcomm's previously filed Motion to Seal (Dkt. No. 562), Qualcomm incorporates here by reference that motion and supporting affidavits (Dkt Nos. 563, 564).

During the first trial, the parties did not introduce or substantively discuss the Qualcomm Licenses.  However, each of these licenses has again been identified as a potential trial exhibit by Motorola in the upcoming trial.  Accordingly, Qualcomm presents this Renewed Motion to Seal to ensure that its highly confidential and proprietary information is protected from public disclosure during the second trial.  Having met and conferred with counsel for both parties, in

NON-PARTY QUALCOMM INC.'S
RENEWED MOTION TO SEAL
CASE No. 10-cv-1823-JLR

2.

COOLEY LLP
1700 SEVENTH AVENUE SUITE 1900
SEATTLE, WA  98101-1355
(206) 452-8700

[[NYLIT:2642300v1:4062w: 08/25/2013--09:10 AM]]

1  accordance with Local Rule CR 5(g)(3)(a), Qualcomm requests that the Court grant this

2  Renewed Motion to Seal and order that these licenses again be sealed during the second trial

3  commencing on August 26, 2013.

## II.  DISCUSSION

5        As Qualcomm detailed in its prior motion (Dkt. No. 562) and supporting affidavits (Dkt

6  Nos. 563, 564), its licensing terms are trade secrets of great sensitivity and value, and are

7  therefore worthy of protection from public disclosure under Local Rule CR 5(g) and applicable

8  Ninth Circuit case law.  Because these licenses contain sensitive and confidential Qualcomm

9  business information, "compelling reasons" to keep sealed those documents, along with any

10  testimony on, summaries of, or other documents derived from the confidential information

11  contained in those documents, outweigh any public interest in disclosing them.  (*See* Dkt.

12  No. 562 at 6–7 (citing *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th

13  Cir. 2006), and *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115,

14  1119 (9th Cir. 2012))); *see also Apple, Inc. v. Samsung Elecs. Co.*, --- F.3d ---, Nos. 2012-1600, -

15  1606, 2013-1146, 2013 WL 4487610, at *9–10 (Fed. Cir. Aug. 23, 2013) (applying Ninth Circuit

16  law and holding that district court abused its discretion by ordering licensing agreements and

17  other documents unsealed).

18        Moreover, the same considerations and authorities merit preventing disclosure of

19  Qualcomm's trade secrets via witness testimony.  As Qualcomm also argued before the last trial

20  (*see* Non-Party Qualcomm Inc.'s Notice of Joinder (Dkt. No. 584) in Non-Party Samsung's Brief

21  Regarding Sealing Terms of Patent Licensing Agreements (Dkt. No. 580)), to provide full

22  protection of Qualcomm's sensitive and confidential licensing terms the Court should ensure that

23  this information is not revealed through witness testimony.  Qualcomm therefore renews its

24  previous request (*see id.*) that the Court prevent testimony regarding the confidential information

25  contained in the Qualcomm Licenses from being heard in open court.

26        Finally, for the same reasons, Qualcomm also renews its requests that the Court redact

27  any confidential licensing information from the public version of its final order.  (*See id.*)

NON-PARTY QUALCOMM INC.'S
RENEWED MOTION TO SEAL
CASE No. 10-cv-1823-JLR

3.

COOLEY LLP
1700 SEVENTH AVENUE SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1    Alternatively, if the Court declines to seal and redact confidential information in this manner,

2    Qualcomm renews its requests that the Court adopt a descriptive "coding" system in its final

3    order.  (*See id.*)

4    **III.    CONCLUSION**

5           For the reasons set forth above, as well as in Qualcomm's previous submissions (Dkt.

6    Nos. 562, 564, 564, 580), Qualcomm respectfully requests the Court grant this Renewed Motion

7    to Seal with respect to documents listed in section I, *supra*.

8

9    DATED:  August 26, 2013

10                                                        */s/ Christopher B. Durbin*
                                                  Christopher B. Durbin (WSBA #41159)
11                                                COOLEY LLP
                                                  1700 Seventh Avenue, Suite 1900
12                                                Seattle, WA  98101-1355
                                                  Tel.:    (206) 452-8700
13                                                Fax:     (206) 452-8800
                                                  Email: cdurbin@cooley.com
14

15                                                Attorneys for Non-Party QUALCOMM, INC.

16

17

18

19

20

21

22

23

24

25

26

27

NON-PARTY QUALCOMM INC.'S                          4.                               COOLEY LLP
RENEWED MOTION TO SEAL                                                      1700 SEVENTH AVENUE SUITE 1900
CASE No. 10-cv-1823-JLR                                                         SEATTLE, WA  98101-1355
                                                                                      (206) 452-8700

[[NYLIT:2642300v1:4062w: 08/25/2013--09:10 AM]]

1

**ATTORNEY CERTIFICATION**

2       Pursuant to Local Rule CR 5(g)(3)(a), the undersigned certifies that counsel for non-party

3   Qualcomm Inc. has met and conferred with counsel for the parties in an attempt to reach

4   agreement on the need to file the document under seal, to minimize the amount of material filed

5   under seal, and to explore redaction and other alternatives to filing under seal.  Specifically,

6   counsel met and conferred with respect to the documents referenced in this Renewed Motion to

7   Seal on the following dates and manners:

8       On August 22, Benjamin Diessel, outside counsel for Qualcomm, conferred by telephone

9   with Brian Cannon, outside counsel for Motorola, concerning the use of Qualcomm confidential

10   materials, including the four Qualcomm Licenses, at trial, and Qualcomm's interest in keeping

11   the contents of the Qualcomm Licenses confidential during trial.

12       On August 23, Mr. Diessel conferred by telephone with Christopher Wion, outside

13   counsel for Microsoft, concerning the same subject matter.

14       On August 23, Mr. Diessel sent Messrs. Cannon and Wion correspondence concerning

15   potential use of Qualcomm confidential materials at trial, including renewing requests that

16   redacted versions of Qualcomm Licenses be used or referred to at trial, if the need would arise.

17

18       _/s/ Christopher B. Durbin_
        Christopher B. Durbin

19

20

21

22

23

24

25

26

27

NON-PARTY QUALCOMM INC.'S
RENEWED MOTION TO SEAL
CASE No. 10-cv-1823-JLR

COOLEY LLP
1700 SEVENTH AVENUE SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

[[NYLIT:2642300v1:4062w: 08/25/2013--09:10 AM]]

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 26, 2013, I caused to be electronically filed the foregoing **Non-Party Qualcomm Incorporated's Renewed Motion to Seal** with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all registered parties and non-parties in this action.

_/s/Christopher B. Durbin_
Christopher B. Durbin

CERTIFICATE OF SERVICE
CASE NO. 10-cv-1823-JLR

COOLEY LLP
1700 SEVENTH AVENUE SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

[[NYLIT:2642300v1:4062w: 08/25/2013--09:10 AM]]