The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,

Defendants.

CASE NO. C10-1823-JLR

MOTOROLA'S [REVISED] BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF EVIDENCE RELATING TO FTC INVESTIGATION

MOTOROLA'S [REVISED] BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF EVIDENCE RELATING TO FTC INVESTIGATION
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Motorola respectfully submits this Revised Bench Memorandum, updating and replacing the previously prepared bench memorandum submitted to the Court by hand today, setting forth its grounds for objecting to Microsoft's attempt to introduce evidence concerning the now-settled investigation by the Federal Trade Commission ("FTC") concerning Motorola Mobility and Google's U.S. licensing practices for standards-essential patents. (*See* Dkt. 807; Microsoft's trial exhibits nos. 0041, 6009, 6056, 6057, 6059, 6060, 6088, 6089, 6090, and 6091.) Motorola respectfully submits that any such evidence should be excluded under Federal Rules of Evidence 402, 403, and 408.[1]

**ARGUMENT**

Evidence relating to either the now-settled FTC's investigations of Motorola Mobility is inadmissible under Federal Rules of Evidence 402 and 403. Such evidence is not probative of any claim or defense in this action and will confuse the jury and greatly prejudice Motorola. In addition, the FTC investigation and consent decree is protected and inadmissible to show liability under Federal Rule of Evidence 408. Accordingly, Motorola respectfully requests that the Court preclude Microsoft from offering evidence and eliciting testimony from Mr. Dailey or any other witness concerning those administrative investigations.

*First*, evidence and testimony concerning the FTC's Decision and Order dated July 23, 2013, is irrelevant to Motorola's liability in this case for breach of its RAND commitments and allowing it at trial would be highly prejudicial to Motorola. Settlements in administrative actions are not admissions of wrongdoing, and it is appropriate to exclude evidence relating to such settlements under Federal Rule of Evidence 403. For example, in *Point Ruston, LLC v. Pac. Nw. Reg'l Council of United Bhd. of Carpenters & Joiners of Am.*, 2010 WL 3720277 (W.D. Wash. Sept. 17, 2010), plaintiffs asserting racketeering and illegal boycott claims against defendant

[1] This issue could not be resolved earlier because Microsoft refused to identify in advance the exhibits it planned to use with Mr. Dailey other than Motorola's October 2010 offer letters. Because Microsoft refused to identify the exhibits, Motorola was unable to review those exhibits or lodge objections to those exhibits prior to Microsoft calling Mr. Dailey to testify.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Carpenters sought to introduce evidence of a consent decree entered in a prior matter settling claims against Carpenters for illegal boycott. *Id.* at *1. The court excluded evidence relating to the consent decree because the consent decree did not constitute a judgment against Carpenters, made clear that Carpenters denied any wrongdoing, and had no relation to the allegations before the court. *Id.* Similarly, in *Kramas v. Sec. Gas & Oil Inc.,* 672 F.2d 766, 772 (9th Cir. 1982), the Ninth Circuit upheld the district court's decision excluding a consent decree entered in a prior SEC enforcement proceeding where the consent decree "involved no finding of culpability and no judgment of wrongdoing," and there was a danger of prejudice in admitting such evidence of other wrongful acts, noting that "the prejudicial impact of the evidence upon the jury was obviously substantial." *Id.*

So too, here, the Court should exclude as irrelevant and prejudicial evidence of the Agreement Containing Consent Order entered into by Motorola and Google and by counsel for the FTC (entered January 3, 2013, available at http://ftc.gov/os/caselist/1210120/index.shtm) ending the FTC's investigation of Motorola Mobility and Google for their SEP licensing practices. As the final Decision and Order of the FTC entered July 23, 2013 (Dkt. 807), explains, Motorola has not admitted any liability in connection with those investigations, and no judgment has been entered finding that Motorola committed any competition or antitrust violation. To the contrary, the Decision and Order expressly notes that the Consent Agreement between Google and Motorola and FTC counsel "is for settlement purposes only and does not constitute an admission by Respondents that the law has been violated as alleged in such Complaint or that the facts as alleged in [the FTC's draft] Complaint, other than jurisdictional facts, are true." Dkt. 807-1, at 1.

*Second*, introducing evidence or eliciting testimony concerning the FTC investigation, Decision or Agreement will cause confusion to the jury by necessitating extensive exploration of collateral matters. As the Ninth Circuit noted in *Kramas*, admission of the evidence of a prior SEC consent decree "would have opened large areas of proof on collateral matters. The district court could reasonably conclude that the balance favored exclusion." 672 F.2d at 772. Here, the

SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

FTC's Decision and Order is a 26-page single-spaced document setting forth the complex series of procedures and steps that Google and Motorola would have to undertake prospectively before seeking to enforce injunctive relief for infringement of their standard-essential patents. Any effort to enable the jury to understand the FTC Decision and Order would require exposition of the contours and meaning of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, the statutory provision under which the FTC investigation was conducted. Thus, in order for the Court to put in context for the jury the factual and procedural background relating to the FTC proceeding, it would take a virtual mini-trial that would be wasteful to the resources of the jury and the Court.[2] This Court has previously recognized that the parties should not inject into this phase of the case collateral matters that have no bearing on Microsoft's claims for breach. For instance, the Court granted Microsoft's motion *in limine* to bar Motorola from offering evidence that Microsoft breached RAND commitments to the SD Card Association and Microsoft's own interoperability principles, because "[t]here is a high risk of delay and confusion, and, furthermore, a high risk of taking a lot of time to lay a foundation for that and explain the relevance of it for actually no purpose." 8/13/13 Tr., 23:13-16. The Court similarly should bar any introduction of the FTC investigation and consent agreement here.

The risk of jury confusion from any introduction of the FTC agreement is further illustrated by the fact that the consent decree has been subject to confusing and contradictory interpretations by commentators and even by the Commission and its staff themselves. For example, when the January 3, 2013 consent agreement was first entered, some Commissioners and Commission staff suggested that it might bar Motorola and Google from continuing to pursue

---

[2] For instance, Microsoft's trial exhibit 6091 ("Analysis of a Proposed Consent Order to Aid Public Comment," January 2013) is an analysis reflecting the FTC Decision and Order as accepted for public comment in January of 2013, as opposed to the final Consent Order that was adopted this July. Exhibit 6091 must be viewed in conjunction with the final entered Consent Order from July 2013. Likewise, Microsoft's trial exhibit 6009 is a statement from the FTC saying that the settlement "requires Google to withdraw its claims for injunctive relief on FRAND-encumbered SEPs around the world"—***but this statement was later disavowed as an inaccurate description of the January 2013 proposed Order***. Placing Microsoft's proposed exhibits in the appropriate context will open large areas of proof on collateral matters that will unnecessarily waste time and confuse the issues for the jury.

SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

pending claims for injunctive relief. *See, e.g.,* Liz Gannes, *Microsoft Contends FTC-Google Deal Kills Pending Motorola Patent Cases*, All Things D, Jan. 7, 2013, available at http://allthingsd.com/20130107/microsoft-contends-ftc-google-deal-kills-pending-motorola-patent-cases/# . But the FTC later clarified in its response to comments (Dkt. 807-2), filed concurrently with the final July 23, 2013 Decision and Order, that the Agreement to Consent Order had never in fact required any withdrawal of Motorola's injunction claims on its SEPs. To the contrary, the final Decision and Order states that, while "[s]ome commenters question whether the Order requires Google to immediately withdraw all pending legal claims that seek injunctive relief, ***[i]t does not***," and noted in a footnote that "[a]n Order is interpreted by its terms alone, and those terms are not modified by ancillary documents or statements made by the Commission or Commission staff." Dkt. 807-02 at 4 & n.11 (emphasis added). The same confusion over the meaning of the consent agreement was again illustrated in Microsoft's own counsel's remarks today. *See* 8/28/13 Tr. 50:19-51:14 (argument of Mr. Pritikin) ("There was an order that was entered … in January 2013. . . The order, as it was originally entered, there may have been some ambiguity in it. We think that it required that they drop their standards-essential patents at that time that were being asserted, at least for injunctions, against Microsoft. In the final order that was issued there was a clarification of that. I'm not clear that it would cover the pending actions,…."). If even commissioners, staff and counsel cannot be certain about the implications of the FTC agreement, the potential for its introduction to cause profound jury confusion is evident.

It is no answer for Microsoft to argue, as its counsel did today, today that Motorola opened the door to evidence relating to the FTC consent order by offering testimony from Mr. Dailey about his subjective intent and "pure heart" in sending the October 2010 RAND offer letters to Microsoft. *See* 8/28/13 Tr. 49:11-50:16. Mr. Dailey's testimony was limited to Motorola's good faith RAND offers; Motorola did not offer any testimony from Mr. Dailey relating to Motorola's intent in seeking injunctions. In contrast, the FTC's final Decision and Order ***only*** addresses

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

future claims for injunctive relief, not the requirements for a "RAND offer." *See* Dkt. 807-1. Accordingly, evidence concerning the FTC proceedings is not relevant under Federal Rule of Evidence 402, and such evidence is prejudicial and misleading under Federal Rule of Evidence 403. Moreover, an investigation begun in 2012, and an agreement reached in January 2013 and finalized in July 2013, can have no relevant bearing upon Mr. Dailey's earlier intent in October-November 2010, the relevant time frame for the offer letters. As the Court has already held in its ruling on the parties' *Daubert* motions, "Monday morning quarterbacking is an easy job, but decisions by companies are certainly made in real time and on circumstances that existed at that time. To say ex post that a decision made was actually a good one is irrelevant to the factors that went into the decision, unless the ex post events were evaluated prior to the actual decision." Dkt. 822 at 18 (precluding Microsoft's German law expert, Dr. Theo Bodewig, from offering EC's subsequent statements in connection with Microsoft's earlier Orange Book decisions). Mr. Dailey's subjective good faith cannot be judged in the light of events that transpired years after his own relevant actions.

In short, given the limited scope of this phase of trial, as well as the parties', the jury's, and the Court's interests in resolving this case efficiently within the time allotted, the balance favors excluding such extraneous evidence of unrelated administrative proceedings under Federal Rule of Evidence 403.

*Third*, the FTC consent decree is in any event inadmissible under Federal Rule of Evidence 408. Rule 408 prohibits the admission of evidence of settlements, as well as conduct and statements made during compromise negotiations, to prove liability. This prohibition applies to civil consent decrees executed with government agencies. *See, e.g.*, *New Jersey Tpk. Auth. v. PPG Indus., Inc.*, 16 F. Supp. 2d 460, 473 (D.N.J. 1998), *aff'd,* 197 F.3d 96 (3d Cir. 1999) ("Courts agree that Rule 408 applies to civil consent decrees executed with government agencies . . . Here, there is no question that [defendant] entered into the 1990 [consent decree] in order to compromise a disputed claim; accordingly, Fed. R. Evid. 408 bars reliance upon it as evidence of liability.").



SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

In this case, Motorola Mobility's settlement of the FTC investigation, along with evidence of Motorola Mobility's statements and conduct in cooperating with the FTC, are protected under Rule 408 and cannot be introduced by Microsoft to show Motorola is liable for any RAND breach. For this additional reason too, the Court should exclude any such evidence offered by Microsoft.

## CONCLUSION

For the foregoing reasons, Motorola respectfully submits that the Court should preclude Microsoft from introducing evidence or eliciting testimony concerning the FTC investigation.

DATED this 29th day of August, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC
By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
Ralph H. Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081
*ralphp@summitlaw.com*
*philm@summitlaw.com*
By */s/ Thomas V. Miller*
Thomas V. Miller
MOTOROLA MOBILITY LLC
600 North U.S. Highway 45
Libertyville, IL 60048-1286
(847) 523-2162
QUINN EMANUEL URQUHART & SULLIVAN, LLP
By */s/ Kathleen M. Sullivan*
Kathleen M. Sullivan, NY #1804624
51 Madison Ave., 22nd Floor
New York, NY 10010
(212) 849-7000
*kathleensullivan@quinnemanuel.com*
By */s/ Brian C. Cannon*
Brian C. Cannon, CA #193071
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

MOTOROLA'S [REVISED] BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF EVIDENCE RELATING TO FTC INVESTIGATION - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

(650) 801-5000
briancannon@quinnemanuel.com

By /s/ William C. Price
William C. Price, CA #108542
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
williamprice@quinnemanuel.com

***Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.***

MOTOROLA'S [REVISED] BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF EVIDENCE RELATING TO FTC INVESTIGATION - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001