HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                    Plaintiff,<br><br>        v.<br><br>MOTOROLA, INC., et al.,<br><br>                    Defendants. | No. C10-1823-JLR<br><br>PRETRIAL ORDER<br><br>**REDACTED** |
| MOTOROLA MOBILITY LLC, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>MICROSOFT CORPORATION,<br><br>                    Defendant. | |

        Plaintiff Microsoft Corporation ("Microsoft") and Defendants Motorola, Inc. (n/k/a

Motorola Solutions, Inc.), Motorola Mobility LLC, and General Instrument Corporation

(collectively "Motorola" or "Defendants"), through counsel undersigned, jointly file this

Pretrial Order.

## I.    JURISDICTION

        The parties agree that this court has subject matter jurisdiction over this action pursuant

to 28 U.S.C. § 1332 and personal jurisdiction over the Defendants.

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1       Motorola maintains its position that this dispute was not ripe for this Court to hear

2   when filed and reserves all arguments for appeal.

3   **II.    ISSUES TO BE ADJUDICATED AT THE AUGUST 26, 2013 TRIAL**

4   **A.   Microsoft's Position of Issues to be Adjudicated at the August 26 Trial:**

5       At the November 13, 2012 trial in this matter, the Court determined the appropriate

6   RAND royalties on which Microsoft was and is entitled to a non-exclusive, worldwide,

7   irrevocable license to Motorola's portfolio of H.264 and 802.11 standard essential patents

8   ("SEPs"). At the August 26, 2013 trial in this matter, the Court will adjudicate the following

9   issues:

10      1.    Whether Motorola breached its contractual obligations to the IEEE and/or the

11   ITU.

12      2.    Whether Motorola breached its contractual obligations to the IEEE and/or

13   Microsoft through Motorola's October 21, 2010 demand letter to Microsoft, setting forth terms

14   and conditions for a license to Motorola's 802.11 standard essential patents that could not have

15   reasonably been accepted, subject to a 20-day ultimatum to accept the offer.

16      3.    Whether Motorola breached its contractual obligations to the ITU and/or

17   Microsoft through Motorola's October 29, 2010 demand letter to Microsoft, setting forth terms

18   and conditions for a license to Motorola's H.264 standard essential patents that could not have

19   reasonably been accepted, subject to a 20-day ultimatum to accept the offer.

20      4.    Whether Motorola breached its contractual obligations to the IEEE, ITU, and/or

21   Microsoft by filing lawsuits and seeking injunctive relief based on alleged 802.11 and/or H.264

22   standard-essential patents in the ITC, United States district courts, and/or Germany.

23      5.    Whether Motorola breached its contractual obligations to the IEEE and/or

24   Microsoft based on the demands set forth in Motorola's October demand letters to Microsoft

25   and thereafter filing lawsuits and seeking injunctive relief based on alleged 802.11 and/or

PRETRIAL ORDER - 2       No. C10-1823       LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   H.264 standard-essential patents in the ITC, United States district courts, and/or Germany

2   against Microsoft's 802.11 and/or H.264 compliant products, after Microsoft had sought to

3   have the RAND licensing dispute resolved in this Court.

4        6.     Whether Motorola breached its contractual obligations to the IEEE, Marvell,

5   and/or Microsoft by failing to offer a RAND license covering Motorola's 802.11 standard-

6   essential patents to Microsoft's chip supplier, Marvell

7

8

9

10

11      .

12        7.     Whether, following Motorola's acquisition by Google, Motorola's refusal to

13   provide Microsoft with a license to Motorola's H.264 standard-essential patents on the terms

14   specified in Google's patent license agreement with MPEG LA further aggravated Motorola's

15   breach of its RAND commitments through a continued avoidance of providing Microsoft

16   shelter from Motorola's ongoing efforts to enjoin Microsoft's H.264 compliant products.

17        8.     Whether Motorola violated the covenant of good faith and fair dealing by

18   engaging in commercially unreasonable conduct, including sending Motorola's October

19   demand letters to Microsoft, filing lawsuits and seeking injunctions on standard-essential

20   patents (especially after Microsoft had sought to have the RAND licensing dispute resolved in

21   this Court), responding to Marvell's request for a license with a non-RAND, discriminatory

22   license offer, and/or refusing to grant back a license under Google's patent license agreement

23   with MPEG LA.

24        9.     Whether Motorola violated the covenant of good faith and fair dealing by

25   engaging in blatantly unreasonable conduct, including sending Motorola's October demand

1   letters to Microsoft, filing lawsuits and seeking injunctions on standard-essential patents

2   (especially after Microsoft had sought to have the RAND dispute resolved in this Court),

3   responding to Marvell's request for a license with a non-RAND, discriminatory license offer,

4   and/or refusing to grant back a license under Google's patent license agreement with MPEG

5   LA.

6         10.    Whether Motorola violated the covenant of good faith and fair dealing by

7   frustrating one or more purposes of its RAND licensing commitments, including sending

8   Motorola's October demand letters to Microsoft, filing lawsuits and seeking injunctions on

9   standard-essential patents (especially after Microsoft had sought to have the RAND licensing

10   dispute resolved in this Court), responding to Marvell's request for a license with a non-

11   RAND, discriminatory license offer, and/or refusing to comply with its obligations under

12   Google's patent license agreement with MPEG LA.

13         11.    Whether Motorola violated the covenant of good faith and fair dealing because

14   it acted with a lack of good faith in its dealings with Microsoft and/or Marvell, including

15   sending Motorola's October demand letters to Microsoft, filing lawsuits and seeking

16   injunctions on standard-essential patents (especially after Microsoft had sought to have the

17   RAND licensing dispute resolved in this Court), ███████████████████████

18   ██████████████████████ and/or refusing to comply with its obligations

19   under Google's patent license agreement with MPEG LA.

20   **B.**    <u>**Motorola's Position of Issues to be Adjudicated at the August 26 Trial:**</u>

21        At the August 26, 2013 trial in this matter, the Court will adjudicate the following

22   issues:

23        1.    Whether any of the Motorola defendants breached the purported contract with

24   the IEEE, and whether that breach was material.

25

PRETRIAL ORDER - 4          No. C10-1823          LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

2. Whether Microsoft suffered any damage as a result of Motorola's alleged breach of the purported contract with the IEEE.

3. Whether any of the Motorola defendants breached the purported contract with the ITU, and whether that breach was material.

4. Whether Microsoft suffered any damage as a result of Motorola's alleged breach of its purported contract with the ITU.

5. Whether Microsoft's actions constituted unclean hands.

6. Whether Microsoft failed to mitigate its damages allegedly suffered as a result of Motorola's alleged breach of the purported contract with the IEEE.

7. Whether Microsoft failed to mitigate its damages allegedly suffered as a result of Motorola's alleged breach of the purported contract with the ITU.

## III.  ADMITTED FACTS

**A.  Facts as to which the Parties Agree:**

1. The Court entered findings of fact from the November 2012 trial on April 19, 2013. (Dkt No. 673). The parties agree that those findings are now law of the case.[1]

2. Microsoft is a Washington corporation having its principal place of business in Redmond, Washington.

3. Motorola, Inc. has changed its corporate name to Motorola Solutions, Inc. Motorola Solutions is a Delaware corporation, having its principal place of business in Schaumburg, Illinois.

4. Motorola Mobility LLC is a Delaware limited liability company, having its principal place of business in Libertyville, Illinois.  Motorola Mobility LLC's predecessor-in-interest was Motorola Mobility Inc. ("MMI"), which was a Delaware corporation having its principal place of business of business in Libertyville, Illinois.

---

[1] Motorola objects to presenting those findings to the jury.

PRETRIAL ORDER - 5   No. C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1    5.    MMI was a wholly-owned subsidiary of Motorola Mobility Holdings, Inc.,

2  which was a wholly owned subsidiary of Motorola, Inc. MMI was spun-off from Motorola,

3  Inc. on January 4, 2011. MMI was acquired by Google, Inc. on May 22, 2012. Motorola

4  Mobility LLC is MMI's successor-in-interest and a wholly-owned subsidiary of Google, Inc.

5    6.    General Instrument Corporation is a Delaware corporation, having its principal

6  place of business in Horsham, Pennsylvania. General Instrument Corporation was a wholly-

7  owned subsidiary of MMI and now is a wholly-owned subsidiary of Motorola Mobility LLC.

8    7.    The parties are members of the Institute of Electrical and Electronics Engineers

9  ("IEEE").

10    8.    The IEEE-SA is the division of the IEEE devoted to the development of

11  industry standards.

12    9.    The IEEE-SA developed the 802.11 wireless communication standard. The

13  802.11 standard was initially released in 1997. It has been amended and revised numerous

14  times since 1997 (e.g., 802.11a, 802.11b, 802.11g, and 802.11n).

15    10.    The parties are members of the International Telecommunication Union

16  ("ITU"). The ITU Telecommunications Standardization Sector ("ITU-T") is one of the three

17  sectors (divisions or units) of the International Telecommunication Union; it coordinates

18  standards for telecommunications.

19    11.    The ITU-T is responsible for the development of thousands of standards.

20    12.    The ITU-T, in conjunction with two other standards bodies, the International

21  Organization for standardization (ISO) and the International Electrotechnical Commission

22  (IEC), developed the H.264 video compression standard.

23    13.    Defendants submitted numerous Letters of Assurance to the IEEE-SA in

24  connection with its development of the 802.11 standard.

25    14.    Defendants submitted numerous Patent Statement and Licensing Declarations to

PRETRIAL ORDER - 6              No. C10-1823         LAW OFFICES
                                                    CALFO HARRIGAN LEYH & EAKES LLP
                                                    999 THIRD AVENUE, SUITE 4400
                                                    SEATTLE, WASHINGTON 98104
                                                    TEL, (206) 623-1700  FAX, (206) 623-8717

1    the ITU-T in connection with the development of the H.264 standard.

2       15.    In submitting Letters of Assurance to the IEEE-SA covering their 802.11

3    standard-essential patents, Defendants stated that they "will grant" or "[are] prepared to grant"

4    worldwide, irrevocable, non-exclusive licenses to their 802.11 standard-essential patents

5    covered by each Letter of Assurance on RAND terms and conditions.

6       16.    Defendants sent Microsoft a letter on October 21, 2010, that contained certain

7    proposed royalty terms for a license to Defendants' patents that "may be or become" essential

8    to the 802.11 standard, and stated that "Motorola will leave this offer open for 20 days.  Please

9    confirm whether Microsoft accepts the offer."

10      17.    Defendants sent Microsoft a letter on October 29, 2010, that contained certain

11   proposed royalty terms for a license to Defendants' patents essential to the H.264 standard, and

12   stated that "Motorola will leave this offer open for 20 days.  Please confirm whether Microsoft

13   accepts the offer."

14   **B.    Microsoft's Factual Contentions:**

15      1.     Motorola's October 21, 2010 demand far exceeds the actual RAND royalty for

16   a license to Motorola's 802.11 SEPs and was blatantly unreasonable.

17      2.     Motorola's October 29, 2010 H.264 demand far exceeds the actual RAND

18   royalty for a license to Motorola's H.264 SEPs and was blatantly unreasonable.

19      3.     ████████████████████████████████████████████████

20      4.     The terms in Motorola's demand letters were so onerous that they could not

21   reasonably have been accepted (indeed, Motorola crafted those offers to assure that they would

22   not be accepted), and combined with the 20-day ultimatum, were calculated by Motorola to

23   provide it with a basis to argue Microsoft had rejected the offers so Motorola could sue and

24   seek injunctions against Microsoft's products.  Motorola's goal was to use the leverage of such

25   lawsuits to coerce Microsoft into compromising Microsoft's claims in other disputes with

PRETRIAL ORDER - 7              No. C10-1823              LAW OFFICES
                                                CALFO HARRIGAN LEYH & EAKES LLP
                                                    999 THIRD AVENUE, SUITE 4400
                                                       SEATTLE, WASHINGTON 98104
                                                TEL, (206) 623-1700  FAX, (206) 623-8717

1  Motorola.  Motorola was engaged in hold-up.

2      5.    Motorola had no objective basis for the demands it made.  Among other things:

3          (a)    There are no Motorola license agreements for its 802.11 or H.264 SEPs
4  comparable to its demands of Microsoft, and no established royalty for Motorola's 802.11 or H.264 SEPs.

5          (b)    Motorola had no legitimate basis for selecting a 2.25% of end product
6  price as a royalty for its 802.11 or H.264 SEPs, particularly against end products sold by Microsoft customers.

7

8          (c)    If the other owners of standard-essential patents under 802.11 and H.264
were compensated as Motorola demanded, the royalty burden would have been impractical.

9

10          (d)    Motorola had no basis for believing that its 802.11 and/or H.264 SEPs
had any greater value than those of other 802.11 and/or H.264 SEP
11  owners.

12          (e)    Motorola was aware of the royalties charged by the MPEG LA H.264 and
Via 802.11 pools and had concurred in the reasonableness of the H.264
13  royalty rates.

14



15

16

17

18

19      7.    Once Motorola's SEPs became subject to the grant-back obligation under the

20  Google-MPEG LA agreement, Motorola refused to grant Microsoft a license on the terms set

21  forth by MPEG LA, despite the fact that an offer based on those terms would have complied

22  with Motorola's RAND licensing commitment.

23      8.    Motorola's October 2010 demands constituted an effective refusal to deal.  No

24  reasonable company would have accepted the terms demanded, and their excessive nature

25  demonstrates they letters were simply sham offers.

PRETRIAL ORDER - 8           No. C10-1823
LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1        9.    Motorola filed lawsuits on its H.264 and 802.11 SEPs and sought injunctions

2    against Microsoft in multiple forums after this suit (seeking a RAND determination) was filed.

3    The pursuit of those injunctions wrongfully inflicted substantial harm on Microsoft, including

4    legal fees and facility relocation expenses to mitigate the impact of any injunction in Germany.

5        10.    To the extent that Motorola's intent is deemed relevant, these acts were taken

6    for the purpose of avoiding its RAND licensing commitments and engaging in hold-up, and

7    with knowledge that the demands were unreasonable, unsupported by prior licensing, and

8    inconsistent with Motorola policies and information known by or available to Motorola.

9        11.    Microsoft spent no less than approximately ▮▮▮▮▮ relocating its EMEA

10   distribution facility from Duren, Germany to Venray, The Netherlands, and the increased cost

11   to operate out of Venray over a two year period is ▮▮▮▮▮. Microsoft would not have

12   incurred these costs but for Motorola's German H.264 lawsuit and Motorola's refusal to make

13   available a license on RAND terms.

14       12.    Microsoft incurred no less than approximately ▮▮▮▮▮ in legal fees and

15   costs defending against suits in which Motorola alleged infringement of Motorola's H.264

16   and/or 802.11 SEPs. Microsoft would not have incurred these costs but for Motorola's pursuit

17   of these actions and Motorola's refusal to make available a license on RAND terms.

18       13.    In submitting Patent Statement and Licensing Declarations to the ITU-T

19   covering their H.264 standard-essential patents, Defendants stated that they will grant

20   worldwide, irrevocable non-exclusive licenses to their H.264 standard-essential patents

21   covered by each Patent Statement and Licensing Declaration on RAND terms and conditions.

22       14.    MPEG LA, LLC administers a patent pool covering certain patents declared

23   essential to the H.264 standard.

24       15.    Microsoft is a licensor to, and a licensee under, MPEG LA's H.264 patent pool.

25       16.    Google, Inc. is a licensee under MPEG LA's H.264 patent pool.

**No. C10-1823**     LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    17.    Via Licensing Corporation administers a patent pool covering certain patents

2    declared essential to the 802.11 standard.

3    18.    On April 11, 2012, the Court granted Microsoft a Temporary Restraining Order

4    precluding Motorola from enforcing any injunction Motorola might obtain in its German

5    H.264 patent infringement suits.  The order was entered on April 12, 2012.

6    19.    Motorola appealed the Court's Temporary Restraining Order to the Ninth

7    Circuit on May 2, 2012.

8    20.    The Court converted the Temporary Restraining Order into a Preliminary

9    Injunction on May 14, 2012.

10    21.    On September 28, 2012, the Ninth Circuit affirmed this Court's order granting

11    Microsoft a preliminary injunction.

12    22.    On November 30, 2012, the Court entered partial summary judgment dismissing

13    Motorola's claim for injunctive relief in this case, precluding Motorola from seeking injunctive

14    relief based on its H.264 and 802.11 SEPs.  The Order also lifted the preliminary injunction, as

15    it was no longer necessary.

16    23.    On January 3, 2013, Google entered into a proposed consent decree with the

17    Federal Trade Commission.  The consent decree became final on July 24, 2013.

18    **C.    Motorola's Factual Contentions:**

19    1.    Motorola Inc. had a license to Microsoft's ActiveSync patents, which expired in

20    2007.

21    2.    █████████████████████████████████████████████

22    ████████████████████████████████████████████████████

23    ████████████████████████████████████████████████████

24    ████████████████████████████████████████████

25

PRETRIAL ORDER - 10                    No. C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

3.     At no time prior to October 1, 2010 did ███████████████████████

████████████████████████████████████.

4.     Microsoft has a market share of over 90% for its Windows operating system for desktop computers. Microsoft's mobile operating system has not achieved the same adoption.

5.     By 2010, all of Motorola's smartphone products used the Android mobile operating system, an open source operating system offered by Google.

6.     On October 1, 2010 ███████████, Microsoft sued Motorola Inc., filing a complaint in the International Trade Commission alleging infringement by Motorola's Android smartphones (*Certain Mobile Devices, Associated Software, and Components Thereof*, Investigation No. 337-TA-744). Microsoft also filed a patent infringement action against Motorola, Inc. in the U.S. District Court for the Western District of Washington, asserting infringement of the same patents at issue before the ITC (*Microsoft Corp. v. Motorola, Inc.*, Case No. 2:10-cv-1577-RSM). In both actions, Microsoft asserted its ActiveSync, computer file system patents, and other patents, ██████████████████████████████ ████████, against Motorola.

7.     Microsoft sought an exclusion order in the ITC and an injunction in the district court, ████████████████████████████████ ████████.

8.     After it filed its lawsuits against Motorola, ████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

9.     ████████████████████████████ ████████████.

PRETRIAL ORDER - 11                          No. C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

10. ███████████████████████████████████████

11.     On October 21, 2010, ████████████████████, Motorola sent Microsoft a letter offering to grant Microsoft a worldwide license to Motorola's portfolio of patents and patent applications relating to the IEEE 802.11 standards, and identifying the patents and patent applications covered by that offer.

12.     On October 29, 2010, Motorola sent Microsoft a second letter, which offered to grant Microsoft a worldwide license to Motorola's portfolio of patents and patent applications relating to the ITU-T Recommendation H.264, again identifying the patents and patent applications covered by the offer.

13.     Both letters offered to license these patent portfolios at a royalty rate of 2.25%, and stated that the offers would remain open for 20 days. Motorola was under significant time pressure to quickly respond to Microsoft's request and to identify patents to Microsoft for discussion. Motorola chose 2.25% as the proposed royalty rate because that is Motorola's historical opening offer for its standard essential patent portfolios. It was an opening offer used in many previous bilateral negotiations with other companies and was not a number unique to Microsoft.



14. ███████████████████████████████████████

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1        15.    On November 9, 2010, Microsoft filed the complaint in this action, asserting,

2    among other claims, that Motorola breached its obligations to the IEEE and ITU by failing to

3    offer to license its 802.11 and H.264 SEP portfolios on RAND terms.

4        16.

5

6

7        17.    After Microsoft sued Motorola in the ITC and this Court alleging patent

8    infringement, and then

9    , Motorola filed patent infringement cases against

10   Microsoft in the Western District of Wisconsin (*Motorola Mobility, Inc. and General*

11   *Instrument Corp. v. Microsoft Corp.,* Case No. 3:10-cv-699, subsequently assigned 2:11-cv-

12   00343-JLR, and *Motorola Mobility, Inc. and General Instrument Corp. v. Microsoft Corp.,*

13   Case No. 3:10-cv-700) , ITC (*In the Matter of Certain Gaming and Entertainment Consoles,*

14   *Related Software, and Components Thereof,* Investigation No. 337-TA-752), and Germany

15   (*General Instrument Corp. v. Microsoft Deutschland GMbH,* Case No. 2 O 240/11; *General*

16   *Instrument Corp. v. Microsoft Deutschland GMbH,* Case No. 2 O 373/11; *General Instrument*

17   *Corp. v. Microsoft Corp. and Microsoft Ireland Operations Ltd.,* Case No. 2 O 376/11;

18   *General Instrument Corp. v. Microsoft Ireland Operations Ltd.,* Case No. 2 O 387/11).

19   Motorola sought, among other relief, an injunction.

20       18.    Microsoft failed to mitigate its attorneys fees and litigation costs damages by

21   running the cases without a budget, retaining non-Seattle lawyers even though Seattle lawyers

22   have lower billing rates, and using an excessive number of timekeepers. Microsoft also failed

23   to use a reasonable and reliable methodology to identify the attorneys fees and litigation costs

24   incurred defending against Motorola's claims of SEP infringement.

25

PRETRIAL ORDER - 13            No. C10-1823

1    19.    Microsoft failed to mitigate its damages in Germany by using the appropriate

2  Orange Book procedure to guarantee that an injunction would not issue. Microsoft further

3  failed to mitigate its damages in Germany by failing to file its motion for an anti-suit injunction

4  with this Court prior to March 28, 2012. Microsoft also failed to mitigate its damages in

5  Germany by not beginning to relocate its EMEA distribution facility until January 2012, when

6  it could have saved costs had it performed the relocation over a longer period of time.

7    20.    Google is not a party to this action, and therefore its participation in the MPEG

8  LA patent pool has no bearing on the circumstances of this case.

9    21.    Motorola Mobility entered into licensing negotiations with Marvell but those

10  negotiations have not resulted in a license.

11    22.    In submitting Patent Statement and Licensing Declarations to the ITU-T

12  covering their H.264 standard-essential patents, Defendants stated that they will grant

13  worldwide, irrevocable non-exclusive licenses conditioned on reciprocity to their H.264

14  standard-essential patents covered by each Patent Statement and Licensing Declaration on

15  RAND terms and conditions.

16                            **IV.    ISSUES OF LAW**

17  **A.    Issues of Law Proposed by Microsoft:**

18    In light of the Court's April 19, 2013 Order (which is the law of the case), Microsoft

19  believes the issues of law to be decided at the August 26, 2013 include:

20    1.    Whether Motorola's conduct set forth above in Section II(A), either separately

21  or collectively, breached its contractual obligations.

22    2.    Whether Motorola's conduct set forth above in Section II(A), either separately

23  or collectively, violated the duty of good faith and fair dealing.

24

25

PRETRIAL ORDER - 14                     No. C10-1823                     LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

**B.     Issues of Law Proposed by Motorola:**

1.     Whether any of the Motorola defendants breached the duty of good faith and fair dealing as part of the purported contractual obligations to the IEEE.

2.     Whether any of the Motorola defendants breached the duty of good faith and fair dealing as part of the purported contractual obligations to the ITU.

3.     Whether attorney fees are an appropriate measure of damages in a breach of contract case.

4.     Whether the costs incurred preparing to comply with a properly issued injunction are an appropriate measure of damages in a breach of contract case.

5.     Whether Motorola's act of sending the October 21, 2010 offer letter can be considered a breach of the purported contract with the IEEE.

6.     Whether Motorola's act of sending the October 29, 2010 offer letter can be considered a breach of the purported contract with the ITU.

7.     Whether any of the Motorola defendants' acts of seeking injunctive relief for infringement of its 802.11 SEPs in the Western District of Washington and/or ITC can be considered a breach of the purported contract with the IEEE.

8.     Whether any of the Motorola defendants' acts of seeking injunctive relief for infringement of its H.264 SEPs in the Western District of Washington, ITC, and/or Germany can be considered a breach of the purported contract with the ITU.

9.     Whether Motorola Mobility not completing a license with Marvell can be considered a breach of the purported contract with the IEEE.

10.     Whether non-party Google's alleged refusal to license Microsoft under Google's MPEG LA license can be considered a breach by Motorola of the purported contracts with the ITU.

PRETRIAL ORDER - 15

No. C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1        11.    Whether Microsoft can prove the elements of its breach of contract claims,

2    including material breach, proximate cause and damages with respect to the purported contract

3    with the IEEE.

4        12.    Whether Microsoft can prove the elements of its breach of contract claims,

5    including material breach, proximate cause and damages with respect to the purported contract

6    with the ITU.

7        13.    Whether Microsoft failed to mitigate its damages.

8        14.    Whether Microsoft's conduct constitutes unclean hands.

9            **V.    EXPERT WITNESSES**

10   **A.   On behalf of Microsoft:**

11       1.    **Theo Bodewig** (will testify) (live)

12           Mr. Bodewig may be called to testify regarding aspects of German law
     including, without limitation, the *Orange Book* process, as well as any issues
13           that were addressed in his expert report or that were raised during his deposition
     in this matter.
14

15       2.    **Todd Menenberg** (will testify) (live)

16           Mr. Menenberg will be called to testify regarding the issues addressed in his
     opening expert report in this matter, as well as any issues that were raised at his
17           deposition in this matter.

18       3.    **Kevin Murphy** (will testify) (live)

19           Mr. Murphy will be called to testify regarding the issues addressed in his
     opening and rebuttal expert reports in this matter, as well as any issues that were
20           raised during his depositions in this matter.

21   **B.   On behalf of Motorola:**

22       1.    **Maximilian Haedicke** (will call) (live)

23

24           Dr. Haedicke will be called to testify regarding the Orange Book procedure in
     Germany and the options available to avoid an injunction in Germany as well as
     any issues that were addressed in his expert reports or that were raised during
25           his deposition in this matter. Dr. Haedicke can be contacted through counsel for
     Motorola.

PRETRIAL ORDER - 16            No. C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

**2.** **Richard Holleman** (will call) (live)

Mr. Holleman will be called to testify regarding the issues that were addressed in his expert report or that were raised during his deposition in this matter. Mr. Holleman can be contacted through counsel for Motorola.

**3.** **Brad Keller** (will call) (live)

Mr. Keller will be called to testify regarding the issues that were addressed in his expert report or that were raised during his deposition in this matter. Mr. Keller can be contacted through counsel for Motorola.

**4.** **Gregory Leonard** (will call) (live)

Dr. Leonard will be called to testify regarding the issues that were addressed in his expert reports or that were raised during his deposition in this matter. Dr. Leonard can be contacted through counsel for Motorola.

## VI. OTHER WITNESSES

**A.** **On behalf of Microsoft:**

**1.** **Aaron Bernstein** (possible witness only) (by deposition)

Mr. Bernstein may be called to testify regarding, among other things, Symbol Technologies' and Motorola's licensing activities, 802.11 patent-related litigation (including but not limited to third-party Innovatio's 802.11 patent infringement suit against Motorola Solutions), Motorola's acquisition of Symbol, and any other issues raised at his depositions in this matter.

**2.** **Brian Blasius** (possible witness only) (live and/or by deposition)

Mr. Blasius may be called to testify regarding, among other things, Motorola's licensing activities and history, as well as any issues that were raised during his deposition.

**3.** **Kirk Dailey** (will testify) (live and/or by deposition)

Mr. Dailey will be called to testify regarding all facts relevant to this litigation, including but not limited to, Motorola's licensing history and activities, Motorola's offers to Microsoft, Motorola Mobility's spin-off from Motorola, Inc. and its subsequent acquisition by Google, Motorola's involvement with patent pools, Motorola's patent portfolios, and any other issues raised during his depositions or trial testimony in this matter or the related ITC Investigation (No. 337-TA-752).

**4.** **Jeff Davidson** (will testify) (live)

Mr. Davidson will be called to testify regarding, among other things, the

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700  FAX. (206) 623-8717

potential impact of Motorola's H.264 German lawsuit on Microsoft's ability to distribute products in and from Germany, all aspects of the relocation of Microsoft's EMEA distribution facility from Germany to The Netherlands as a result of Motorola's breaches of contract, and any other issues raised during his deposition in this matter.

5.  **Theresa Daly** (possible witness only) (live)

Ms. Daly may be called to testify regarding her involvement, if any, in the relocation of Microsoft's EMEA distribution facility from Germany to The Netherlands as a result of Motorola's breaches of contract, and any other issues raised during her deposition in this matter.

6.  **John DeVaan** (will testify) (live)

Mr. DeVaan will be called to testify regarding, among other things, relevant features and functionality provided by Microsoft software, including but not limited to Windows, as well as regarding the extent of the financial and non-economic harm generally associated with Motorola's threat of an injunction and related wrongful conduct in relation to its claimed H.264 SEPs and that Microsoft would have suffered had Motorola obtained an injunction against Microsoft's distribution of Windows in and from Germany.

7.  **Garrett Glanz** (will testify) (live)

Mr. Glanz will be called to testify regarding, among other things, Microsoft's licensing activities, the parties' participation in patent pools, and any other issues raised at his depositions or at trial.

8.  **Horacio Gutierrez** (will testify) (live)

Mr. Gutierrez will be called to testify regarding all aspects of this case, including Motorola's October 2010 letters, Microsoft's licensing practices, and all issues raised during his depositions in this case and in the parties' other litigation.

9.  **David Heiner** (possible witness only) (live)

Mr. Heiner may be called to testify regarding Microsoft's June 2012 letter to the FTC, Microsoft's involvement in standard setting activities, Microsoft's interoperability protocols, and any other issues raised during his deposition in this matter.

10.  **David Killough** (will testify) (live)

Mr. Killough will be called to testify regarding Motorola's various lawsuits against Microsoft, the relationship between this action and Motorola's October 2010 demand letters and subsequent litigation, Microsoft's attorneys' fees

PRETRIAL ORDER - 18                    No. C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

incurred as a result of Motorola's breaches of contract, and all other issues raised at his deposition in this matter.

11.   **Shelley McKinley** (possible witness only) (live)

Ms. McKinley may be called to testify regarding any issues raised at her deposition in this matter.

12.   **Jennifer Ochs** (will testify) (by deposition)

Ms. Ochs will be called to testify regarding Marvell's licensing practices, its request for a license from Motorola, and discussions between Marvell and Motorola regarding the same and all other issues raised in her prior testimony.

13.   **Owen Roberts** (possible witness only) (live)

Mr. Roberts may be called to testify regarding, among other things, aspects of the relocation of Microsoft's EMEA distribution facility from Germany to The Netherlands as a result of Motorola's breaches of contract, and any other issues raised during his deposition in this matter.

14.   **David Treadwell** (will testify) (live)

Mr. Treadwell will be called to testify regarding, among other things, relevant features and functionality included in Microsoft products, including Xbox,  as well as regarding the extent of the financial and non-economic harm generally associated with Motorola's threat of an injunction and related wrongful conduct in relation to its claimed H.264 SEPs and that Microsoft would have suffered had Motorola obtained an injunction against Microsoft's distribution of Xbox consoles in and from Germany or an injunction or exclusion order in the U.S. relating to Xbox.

15.   Witnesses identified by Motorola in its pretrial statement from this phase of the case.

16.   Records custodians, as needed, including but not limited to Paul Benzie.

Microsoft reserves the right to call any witness identified by either party in its pretrial statements served in connection with the November 2012 trial in this matter.  Microsoft further reserves the right to introduce deposition, trial, and/or ITC trial testimony of the following individuals: Howard Benn, Aaron Bernstein, Brian Blasius, Scott Brewer, Dave Curtis, Kirk Dailey, Timothy Kowalski, Allen Lo, Ajay Luthra, Jennifer Ochs, Scott Peterson, Richard Sonnentag, and K. McNeill Taylor.

No. C10-1823                LAW OFFICES
                                                          CALFO HARRIGAN LEYH & EAKES LLP
                                                             999 THIRD AVENUE, SUITE 4400
                                                              SEATTLE, WASHINGTON 98104
                                                          TEL, (206) 623-1700   FAX, (206) 623-8717

**B.**    **On behalf of Motorola:**

    1.    **Brian Blasius** (may call) (live)

        Mr. Blasius maybe called to testify regarding Motorola's licensing practices and licensing history involving standards-essential patents. Mr. Blasius can be contacted through counsel for Motorola.

    2.    **Kirk Dailey** (will call) (live)

        Mr. Dailey will be called to testify regarding Motorola's licensing practices and licensing history involving standards-essential patents, and Motorola's licensing negotiations with Microsoft. Mr. Dailey can be contacted through counsel for Motorola

    3.    **Jeff Davidson** (will call) (live and/or by deposition)

        Mr. Davidson will be called to testify regarding Microsoft's failure to mitigate damages with respect to relocating its EMEA distribution facility. Mr. Davidson can be contacted through counsel for Microsoft.

    4.    **Jon Devaan** (may call) (live and/or by deposition)

        Mr. Devaan may be called to testify regarding Microsoft's lack of irreparable harm resulting from Motorola's alleged conduct with respect to Windows. Mr. Devaan can be contacted through counsel for Microsoft.

    5.    **Garrett Glanz** (may call) (live and/or by deposition)

        Mr. Glanz may be called to testify regarding MPEG LA.  Mr. Glanz can be contacted through counsel for Microsoft.

    6.    **Horacio Gutierrez** (will call) (live and/or by deposition)

        Mr. Gutierrez will be called to testify regarding Motorola's negotiations with Microsoft, Microsoft's licensing practices and licenses, Microsoft's litigation against Motorola, and Microsoft's interoperability program. Mr. Gutierrez can be contacted through counsel for Microsoft.

    7.    **David Heiner** (will call) (live and/or by deposition)

        Mr. Heiner will be called to testify regarding Microsoft's communications with the FTC regarding the availability of injunctions for SEPs, licensing of standards-essential patents and Microsoft's interoperability program. Mr. Heiner can be contacted through counsel for Microsoft.

    8.    **David Killough** (will call) (live and/or by deposition)

No. C10-1823

Mr. Killough will be called to testify regarding Microsoft's failure to mitigate damages with respect to attorneys' fees and litigation costs. Mr. Killough can be contacted through counsel for Microsoft.

9.   **Tim Kowalski** (may call) (live)

Mr. Kowalski may be called to testify regarding Motorola's licensing negotiations with Marvell. Mr. Kowalski can be contacted through counsel for Motorola.

10.   **Bob Love** (will call) (live)

Mr. Love will be called to testify regarding SSOs and Motorola's participation in them, including the development of the IEEE 802.11 family of wireless networking standards. Mr. Love can be contacted through counsel for Motorola.

11.   **Amy Marasco** (will call) (live and/or by deposition)

Ms. Marasco will be called to testify regarding SSOs, Microsoft's communications with the FTC regarding the availability of injunctions for SEPs, standards organizations and licensing of standards-essential patents. Ms. Marasco can be contacted through counsel for Microsoft.

12.   **Gary Sullivan** (may call) (live and/or by deposition)

Mr. Sullivan may be called to testify regarding standards organizations. Mr. Sullivan can be contacted through counsel for Microsoft.

13.   **K. McNeill Taylor, Jr.** (may call) (live and/or by deposition)

Mr. Taylor may be called to testify regarding Motorola's licensing practices involving standards-essential patents. Mr. Taylor can be contacted through counsel for Motorola.

14.   **David Treadwell** (may call) (live and/or by deposition)

Mr. Treadwell may be called to testify regarding Microsoft's lack of irreparable harm resulting from Motorola's alleged conduct with respect to Windows. Mr. Treadwell can be contacted through counsel for Microsoft.

15.   **David Turner** (may call) (live and/or by deposition)

Mr. Turner may be called to testify regarding standards organizations and Microsoft's interoperability program. Mr. Turner can be contacted through counsel for Microsoft.

No. C10-1823    LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    16. Witnesses identified by Microsoft in its pretrial statement from this phase of the

2    case.

3    Motorola reserves the right to introduce deposition testimony of the following

4    individuals: K. McNeill Taylor, Jr., Owen Roberts, Teresa Daly, Jeff Davidson, Garrett Glanz,

5    David Killough, Jon Devaan, Horacio Gutierrez, David Heiner, Amy Marasco, Shelly

6    McKinley, Gary Sullivan, David Treadwell, and David Turner.

7    ## VII.    EXHIBITS

8    Attached hereto as Exhibit A is Microsoft and Motorola's Joint Exhibit List with

9    Stipulations.  Exhibits 1 through 3,422 were identified in connection with the November 2012

10   trial in this matter.  Exhibits designated by Microsoft for the first time in conjunction with the

11   August 2013 trial begin at Exhibit No. 6000.[2]  Exhibits designated by Motorola for the first

12   time in conjunction with the August 2013 trial begin at Exhibit No. 7000.[3]

13   ## VIII.   ACTION BY THE COURT

14   (a)    This case is scheduled for trial before a jury on August 26, 2013.

15   (b)    Jury instructions requested by either party were submitted to the court on July

16   26, 2013.  Suggested questions of either party to be asked of the jury by the court on voir dire

17   shall be submitted to the court on or before August 19, 2013.

18   This order has been approved by the parties as evidenced by the signatures of their

19   counsel.  This order shall control the subsequent course of the action unless modified by a

20   subsequent order.  This order shall not be amended except by order of the court pursuant to

21   agreement of the parties or to prevent manifest injustice.

22   [2] The fact that an exhibit appears on Microsoft's exhibit list does not mean that Microsoft concedes the exhibit is
23   necessarily admissible.  Microsoft's position with respect to the authenticity or admissibility of Exhibits 1 through
     1647 appears at Exhibit A to the Parties' October 24, 2012 Pretrial Order (Dkt. No. 493).  Certain of the exhibits
24   identified by Microsoft may only be offered if Microsoft's motions in limine and other evidentiary positions are
     not accepted by the Court.

25   [3] The fact that an exhibit appears on either party's exhibit list does not mean that either party concedes the
     exhibit is necessarily admissible. Moreover, certain of the exhibits identified by a party may only be offered if the
     party's motions in limine and other evidentiary positions are not accepted by the Court.

No. C10-1823              LAW OFFICES
                                                                         CALFO HARRIGAN LEYH & EAKES LLP
                                                                              999 THIRD AVENUE, SUITE 4400
                                                                              SEATTLE, WASHINGTON 98104
                                                                         TEL, (206) 623-1700  FAX, (206) 623-8717

1    DATED this 29th day of July, 2013.

2    CALFO HARRIGAN LEYH & EAKES LLP      SUMMIT LAW GROUP PLLC

3

4    By /s/ Arthur W. Harrigan, Jr.              By /s/ Ralph H. Palumbo
        Arthur W. Harrigan, Jr., WSBA #1751          Ralph H. Palumbo, WSBA #4751
5       Christopher Wion, WSBA #33207               Philip S. McCune, WSBA #21081
        Shane P. Cramer, WSBA #35099                ralphp@summitlaw.com
6                                                   philm@summitlaw.com

7    T. Andrew Culbert, WSBA #35925             Thomas V. Miller
     David E. Killough, WSBA #21119            MOTOROLA MOBILITY LLC
8    MICROSOFT CORPORATION                     600 North U.S. Highway 45
     1 Microsoft Way                           Libertyville, IL 60048-1286
9    Redmond, WA  98052                        (847) 523-2162
10   Phone: 425-882-8080
     Fax: 425-869-1327                         QUINN EMANUEL URQUHART &
11                                             SULLIVAN, LLP
     David T. Pritikin
12   Richard A. Cederoth                       Kathleen M. Sullivan, NY #1804624
     Constantine L. Trela, Jr.                 51 Madison Ave., 22nd Floor
13   William H. Baumgartner, Jr.               New York, NY 10010
     Ellen S. Robbins                          (212) 849-7000
14   Douglas I. Lewis                          kathleensullivan@quinnemanuel.com
     David C. Giardina
15   John W. McBride                           Brian C. Cannon, CA #193071
     Nathaniel C. Love                         555 Twin Dolphin Drive, 5th Floor
16                                             Redwood Shores, CA 94065
17   SIDLEY AUSTIN LLP                         (650) 801-5000
     One South Dearborn                        briancannon@quinnemanuel.com
18   Chicago, IL  60603
     Phone: 312-853-7000                       William C. Price, CA #108542
19   Fax: 312-853-7036                         865 S. Figueroa Street, 10th Floor
                                               Los Angeles, CA 90017
20   Carter G. Phillips                        (213) 443-3000
21   Brian R. Nester                           williamprice@quinnemanuel.com

22   SIDLEY AUSTIN LLP                         *Attorneys for Defendants Motorola Solutions,*
     1501 K Street NW                          *Inc., Motorola Mobility LLC and General*
23   Washington, DC  20005                     *Instrument Corp.*
     Telephone: 202-736-8000
24   Fax: 202-736-8711

25   *Counsel for Plaintiff Microsoft Corp.*

1

**IT IS SO ORDERED**

2     DONE IN OPEN COURT this 28 day of _____, 2013.

3

4                                    HONORABLE JAMES L. ROBART

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PRETRIAL ORDER - 24                    No. C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

## CERTIFICATE OF SERVICE

I, Susie Clifford, swear under penalty of perjury under the laws of the State of Washington to the following:

1.     I am over the age of 21 and not a party to this action.

2.     On the 29th day of July, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 |   X   ECF |
| Seattle, WA 98104-2682 | |
| Telephone: 206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas |   X   ECF |
| New York, NY 10036-8704 | |
| Telephone: (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA 94303-2284 |   X   ECF |
| Telephone: (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

PRETRIAL ORDER - 25        No. C10-1823

1

Paul M. Schoenhard (*pro hac vice*)
Ropes & Gray LLP
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005-3948
Telephone: (202) 508-4693
Email: Paul.schoenhard@ropesgray.com

_____ Messenger
_____ US Mail
_____ Facsimile
___X___ ECF

2

3

4

5

6

Andrea Pallios Roberts (*pro hac vice*)
Brian C. Cannon (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Email: andreaproberts@quinnemanuel.com
Email: briancannon@quinnemanuel.com

_____ Messenger
_____ US Mail
_____ Facsimile
___X___ ECF

7

8

9

10

11

Kathleen M. Sullivan (*pro hac vice*)
David Elihu (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: kathleensullivan@quinnemanuel.com

_____ Messenger
_____ US Mail
_____ Facsimile
___X___ ECF

12

13

14

15

16

William Price (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figuera St., 10th Floor
Los Angeles, CA 90017
Telephone: (212) 443-3000
Email: williamprice@quinnemanuel.com
MicrosoftvMotoBreachofRANDCase@quinnemanuel.com

_____ Messenger
_____ US Mail
_____ Facsimile
___X___ ECF

17

18

19

20

DATED this 29th day of July, 2013.

21

22

23

s/Susie Clifford
SUSIE CLIFFORD

24

25

PRETRIAL ORDER - 26

No. C10-1823

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717