HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA INC., et al., <br><br> Defendant. | No. C10-1823-JLR <br><br> MICROSOFT'S BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF EVIDENCE OF ANTITRUST INVESTIGATIONS CONCERNING MOTOROLA STANDARD-ESSENTIAL PATENT LICENSING AND LITIGATION |
| MOTOROLA MOBILITY, LLC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    Citing Federal Rules of Evidence 402, 403, and 408, Motorola objects to the admission

2  of Exhibits 6009, 6075–76, and 6090–91.[1]  These exhibits concern investigations opened by

3  the Federal Trade Commission ("FTC") and European Commission ("EC") into Motorola's

4  standard-essential patent licensing and relevant litigation practices.[2]  Motorola also seeks to

5  prevent Microsoft from eliciting related testimony.  Motorola's objections should be overruled.

6  ## I.    INTRODUCTION

7    In this breach of contract phase, Motorola puts forth an "empty head, pure heart"

8  defense, attempting to demonstrate that the particular Motorola employees that were

9  responsible for its relevant conduct were simply unaware that the conduct was inconsistent

10 with Motorola's obligations.  Motorola has thus placed squarely at issue the credibility of the

11 claim that those employees innocently believed there was nothing wrong with their conduct.

12 The evidence that Motorola seeks to exclude calls the credibility of its claim into doubt.

13 Microsoft should be allowed to establish that the very employees who claim to have honestly

14 believed that their conduct was innocent were, in fact, aware of the scrutiny that Motorola's

15 conduct—the very same conduct at issue here—had drawn from antitrust authorities.

16    In addition, Motorola has opened the door on this issue.  First, Motorola is now

17 pressing theories regarding "unwilling licensees" that are directly contrary to views expressed

18 in its agreement with the FTC and in statements by both the FTC and EC concerning Motorola.

19 Second, Motorola urged the jury to conclude that the FTC endorsed Motorola's standard-

20

21    [1] Motorola's bench memorandum also listed Exhibits 41, 116, 6059–60, and 6088–89 but those do not directly
concern the topic that Microsoft sought to explore and are thus not the subject of this brief.  Microsoft respectfully
22 requests that these exhibits not be ruled on until a party seeks to introduce them for a particular purpose.
Additionally, Motorola's bench memorandum listed Exhibit 6056, which Microsoft notes is a duplicate of Exhibit
23 6090.  Exhibit 6057 is relevant to rebut the arguments advanced in Motorola's memorandum, but Microsoft does
not believe it is admissible and does intend to introduce it into evidence.

24    [2] See e.g., Ex. 6009 at 1 (conduct at issue is "breaches by Google and its subsidiary Motorola Mobility, Inc.
("Motorola") of Motorola's commitments to license standard-essential patents ("SEPs") on terms that are fair,
25 reasonable and non-discriminatory ('FRAND').");  Ex. 6089 at 1 (same); Ex. 6091 at 3 (same); Ex. 6089 at ¶¶ 25-
27 (detailing Motorola's actions and listing its injunction pursuits against Microsoft); Ex. 6091 at 3 (detailing
Motorola's actions and naming Microsoft and Apple as Motorola's targets).

26

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION - 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

essential patent licensing and litigation practices—but the documents tell a different story. Motorola's characterization of Microsoft's position suggests that Microsoft was a sole voice of dissent against Motorola's "ordinary" or "customary" pursuit of injunctions on standard-essential patents.  If Microsoft's complaint and amended complaint were not enough to suggest to Motorola that its conduct was potentially abusive, the actions of these administrative agencies clearly should have been.  Third, Motorola has asserted that concessions it was willing to make to Microsoft support its view that its employees were engaged in good faith negotiations.  But Microsoft must be allowed to dispute that assertion, and the evidence Motorola seeks to exclude provides a relevant and compelling alternative explanation for Motorola's concessions:  Motorola was responding to pressure from antitrust authorities, not engaged in good faith negotiations.  Motorola cannot introduce these topics but prevent Microsoft from using the tools it needs to tell the full story.

For these reasons, none of Federal Rules of Evidence 402, 403, or 408 provides a basis for excluding the facts and exhibits in question.

## II.   ARGUMENT

### A.  The Evidence Is Relevant to the Present Issues.

#### 1.   The Evidence Relates to Motorola's State of Mind, Which is the Centerpiece of Motorola's Defense.

Motorola argues that the evidence should be excluded because Microsoft pled breach of contract, not violation of the antitrust laws, and because Motorola did not admit wrongdoing. Motorola's argument is misplaced.  Microsoft seeks simply to counter Motorola's claims about its employees' state of mind at times relevant to this case and bring to light their true state of mind.  Microsoft does not propose to use this evidence to prove that Motorola violated antitrust laws.  Nor does Microsoft intend to argue that the FTC or EC concluded that Motorola breached its RAND commitments.

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    Motorola has repeatedly argued that its state of mind is relevant to the current dispute.

2 First, Motorola opposed summary judgment by arguing that its state of mind was important

3 and must be considered by the jury.  (Dkt. 752 at 10–19.)  More recently, Motorola, through its

4 witness Kirk Dailey, suggested that it believed its conduct conformed to industry custom and

5 practice, and thus it engaged in that conduct with an innocent state of mind.[3]  The credibility of

6 Mr. Dailey's testimony is certainly called into doubt by the fact that Motorola's employees

7 knew that its conduct was the subject of government antitrust investigations.[4]  That is a fact the

8 jury is entitled to consider when trying to determine the truth about Motorola's state of mind.[5]

9    Further, even if the jury believed that Motorola *at one point* acted in good faith, it

10 remains entitled to conclude that a continued course of conduct, after being put firmly on alert

11 by antitrust authorities, constitutes bad faith.  This Court correctly rejected Motorola's attempt

12 to cut off the evidence and analysis after November 2010, finding that Motorola's "entire

13 course of conduct" is relevant.  (Dkt. 843 at 25–26.)  Thus, the investigations, which

14

15

---

16    [3] *See e.g.*, 8/27/13 Tr. at 7:10–13; 144:18–145:12; 186:1–16; 193:19–194:5; 194:19–195:2; 197:3–24; 198:20–
17 199:1.  Additionally, Motorola has repeatedly introduced evidence of its prior license agreements, arguing that
while the licenses do not indicate a proper RAND royalty, they demonstrate Motorola's state of mind and
Motorola's state of mind is relevant to the present proceedings.

18    [4] The conduct under investigation is the same conduct now at issue.  (*See* n.1, *supra*.; *see also* Motorola 8/28
19 Mem. at 3 (stating that the FTC and EC investigations "share some facts in common with the issues and claims in
this action…."))  Motorola's cited cases are thus inapposite.  Motorola admits that in *Point Ruston, LLC v. Pac.
20 Nw. Reg'l Council of United Bhd. of Carpenters & Joiners of Am.*, 2010 WL 3720277 (W.D. Wash. Sept. 17,
2010), the "consent decree had no relation to the allegations in the instant matter." (Motorola 8/28 Mem. at 2.)
21 Notably, Motorola neglected to mention the multiple parts of the court's decision *permitting* similar evidence to
the extent the conduct *did* relate to the charges in the case.  *See Point Ruston*, 2010 WL 3720277, at *1 ("To the
22 extent evidence of the Carpenters' behavior can be attributed to the allegations of a section 8(b)(4) violation (i.e.,
threat, coerce, restrain) or to defamation (e.g., establishing actual malice), such evidence and argument will be
permitted."); *id.* at *5 (holding, for "evidence of other disputes," that "such evidence will be permitted to the
23 extent it arises out of the facts and circumstances of the instant matter").  And, in *Kramas v. Sec. Gas. & Oil Inc.*,
672 F.2d 766, 772 (9th Cir. 1982), the evidence was excluded under FRE 404(b), as evidence of *other* wrongful
24 acts—again, inapplicable here where the conduct underlying the investigations is the same as the conduct now at
issue.

25    [5] Motorola argues that its conduct toward Apple is irrelevant to the present issues.  That argument lacks force,
given the similarity in the conduct and Motorola's oft-repeated rejoinder that it presented Microsoft with a
26 "standard offer" in accordance with Motorola's longstanding policy and practice.

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    commenced in 2012 while Motorola was still pursuing injunctions on its standard essential

2    patents against Microsoft, are undoubtedly within the relevant time frame.

3            Microsoft will establish points in the relevant timeline through witness testimony and

4    other exhibits.  Microsoft sent a letter to the FTC complaining of Motorola's assertions of

5    standard-essential patents in June of 2011.  And Microsoft filed a complaint with the European

6    Commission concerning Motorola's conduct in February 2012.  The European Commission's

7    press release makes clear its investigation into Motorola's assertions of standard-essential

8    patents as to Apple—based on the same concerns identified by Microsoft—commenced in

9    April 2012.  (*See* Ex. 6075 at MS-MOTO_1823_00005258268.)  By June 6, 2012, Motorola

10   knew the FTC's position on Motorola's pursuit of injunctions on standard-essential patents:

11   Exhibit 1035 is a Public Interest Statement filed by the FTC in Motorola's 752 ITC

12   Investigation against Microsoft on June 6, 2012, stating "we are concerned that a patentee can

13   make a RAND commitment as part of the standard setting process, and then seek an exclusion

14   order for infringement of the RAND-encumbered SEP as a way of securing royalties that may

15   be inconsistent with that RAND commitment."  (Ex. 1035 at MS-

16   MOTO_1823_00004081165.)  On that same day, Motorola and Google made a presentation to

17   the FTC attempting to defend its conduct on standard-essential patents.  (Ex. 6057, Motorola

18   Mobility's June 6 2012 Presentation to Staff of the Federal Trade Commission.)

19           Motorola knew throughout early 2012 that its assertions of standard-essential patents

20   were the subject of significant concern from these regulatory agencies.  But Motorola did not

21   drop its pursuit of injunctions on standard-essential patents against Microsoft until January

22   2013 (Ex. 6829 at 1), five days after the FTC announced the initial consent order resulting

23   from its investigation of Motorola's practices.  (Exs. 6090, 6091, 6009.)  Motorola cannot

24   confine the state of mind inquiry to October and November of 2010.  Having put its subjective

25   good faith at issue, and given that the entire time period of Motorola's course of conduct,

26

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION - 4

Motorola's knowledge of regulatory scrutiny and the views of these agencies as to Motorola's

conduct during this entire period is relevant.

### 2. Motorola Has Opened the Door to Examination of the FTC and EC Investigations.

Motorola has opened the door to the evidence on multiple occasions.[6] First, Motorola

argued in its opening statement that seeking injunctions does not breach the RAND

commitment if the implementer is not a "willing licensee," and that Microsoft is not a willing

licensee because it presented noninfringement and invalidity defenses in Motorola's various

infringement suits:

> Now, it is not a breach of a RAND obligation to seek an injunction
> when someone is not willing to pay you anything, saying your
> patents aren't valid, saying they don't infringe.  The RAND
> obligation does not prevent you from seeking an  injunction. You
> have to look at particular cases. There may be somewhere it would,
> but not in these circumstances, when you look at the facts.  And, in
> fact, remember, as of this time Microsoft never said it was willing
> to pay or had said, we do, in fact, infringe your patents; and, yes,
> they're valid.

(8/26/13 Tr. at 182:22–183:6; *id*. at 159:17-21 (arguing Microsoft is not a willing licensee); *id*.

at 178:23-179:8 (same).)  But, as Motorola knows, the EC disagrees.  (Ex. 6076 at MS-

MOTO_1823_00005258273 ("[I]n the Commission's preliminary view, the fact that the

potential licensee challenges the validity, essentiality or infringement of the SEP does not

make it unwilling where it otherwise agrees to be bound by the determination of FRAND terms

by a third party.").)  And, as Motorola knows, the FTC disagrees.  (Ex. 6089 at

MOTM_WASH1823_0620163, ¶¶ 25–27 (Microsoft was a willing licensee).)  Indeed,

Motorola signed an agreement with the FTC stating that asserting such defenses does not

render an implementer an unwilling licensee.  (Ex. 6090 at MOTM_WASH1823_0620228,

---

[6] *See generally McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F. 3d 939, 954 (9th Cir. 2011)
(noting, in affirming entry of evidence over an objection, that the appellant had opened the door through its
preemptive use of evidence at trial before its introduction by the opposing party).

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    ¶ II.E.2; *id*. at MOTM_WASH1823_0620232, ¶ IV.E.6.)  Motorola's opening statement has

2    already put this misleading "willing licensee" theory before the jury.  But Microsoft should be

3    permitted to present the complete view of that issue to the jury, supported by documents that

4    Motorola is amply familiar with that undermine the position Motorola urges.

5            Second, Motorola has adopted the position that even if its opening offers are

6    objectively out of line with a true RAND rate, it is always willing to negotiate, and that

7    willingness proves Motorola's good faith.  For example, Kirk Dailey has given much

8    testimony about various deals he has made on behalf of Motorola, where he was moved off of

9    his original offer.[7]  Because Motorola has raised this issue as demonstrating its good faith, the

10   jury is entitled to know the full context and potential range of motivations for Motorola's

11   negotiating concessions.  Motorola would like to leave the jury with the impression that its

12   negotiations evince its good faith.  But if Motorola is permitted to do so, Microsoft is entitled

13   to point out that Motorola's knowledge of the FTC and EC investigations explains any alleged

14   retreat in Motorola's bargaining demands, not Motorola's good faith.

15           Finally, Motorola urged the jury to conclude that Microsoft had vouched for Motorola,

16   and thus the FTC was not concerned with Motorola's conduct.  Specifically, in his opening

17   statement, Mr. Price stated:

18                   [S]ome eight months, seven months after all these events in
                     October and November of 2010, Microsoft went to the Federal
19                   Trade Commission.  And they sent a letter -- they were making a
                     presentation as to what they thought about patent hold-up and
20                   RAND royalties, and they made the representation then, after all
                     this had happened, that Microsoft had never, to that date, ever
21                   accused anyone of patent hold-up. And that is because that wasn't
                     what happened in October or November of 2012.
22

23   (8/26/13 Tr. 159–60.)  Mr. Price discusses Microsoft's communication to the FTC again on

24   pages 179–81, including by mischaracterizing Microsoft's position:  "Microsoft sends a letter

25

26   _____
     [7] *See e.g.*, 8/27/13 Tr. at 189:23–191:14.

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION - 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

to the Federal Trade Commission.  Its purpose is to say, you don't have to worry about patent hold-up in the world.  It's not a real problem." (*Id*. at 179–81.)  And Mr. Price returned to the topic on pages 183–84.  Motorola wants the jury to believe that, on Microsoft's suggestion, the FTC was not concerned with Motorola's conduct.  If the document in question (Motorola's Trial Exhibit 2970) is admitted into evidence, Microsoft must be allowed to counter that view with a fuller picture of events.

### B.  The Evidence is Not Unduly Prejudicial and Any Prejudice Can Be Avoided By a Cautionary or Limiting Instruction.

Motorola argues that evidence of the FTC and EC investigations would be prejudicial, particularly because Motorola did not admit guilt.  That concern will be alleviated by the manner of presentation:  Microsoft does not intend to argue that the evidence proves Motorola committed any antitrust violation or that the authorities concluded that Motorola breached its RAND commitments.  As discussed above, Microsoft will use the evidence only to cast light on Motorola's relevant state of mind, which is an issue squarely before the jury.  Specifically, Microsoft intends to demonstrate that Motorola was firmly on notice that its standard-essential patent licensing and related litigation practices were suspected to be in violation of its RAND commitment.

Motorola also argues that introduction of the evidence will require examination into collateral matters.  As examples, Motorola protests that it would need to explain to the jury that:  (i) Exhibit 6091 is an intermediate order while 6056 and 6090 are (duplicates of) the final order; and (ii) Exhibit 6009 contains a statement that was later clarified.  (Motorola 8/28 Mem. at 3-4.)  But neither of Motorola's examples is at all relevant to the issue that Microsoft intends to pursue given Motorola having injected it into this case:  Motorola's *knowledge* that its standard essential patent licensing and relevant litigation practices were under scrutiny and its course of conduct after obtaining that knowledge.  Thus, the "context" that Motorola believes it will need to provide the jury will in fact be unnecessary—and, if Motorola elects to present it

MICROSOFT'S BENCH MEMORANDUM REGARDING THE ADMISSIBILITY OF EVIDENCE OF ANTITRUST INVESTIGATIONS CONCERNING MOTOROLA STANDARD-ESSENTIAL PATENT LICENSING AND LITIGATION - 7

anyway, it will not be unduly burdensome, given that Microsoft does not intend to use these documents to tell an opposing story.

Further, any potential prejudice or confusion could mitigated by a cautionary or limiting instruction.  This approach has been followed already in this case:  Motorola has presented evidence of its prior licenses that are not indicators of RAND royalties, and it would be severely prejudicial to Microsoft's case if the jury considered them as such; yet, the Court has permitted their use accompanied by a limiting instruction.

**C. The Evidence is Admissible Under Rule 408.**

Motorola's Rule 408 argument fails for a number of reasons.  First, the argument is inapplicable to Exhibits 6009 and 6075–76, which do not relate at all to settlement.

Second, Motorola only argues that the evidence is "protected under Rule 408 and cannot be introduced by Microsoft <u>to show Motorola is liable for any RAND breach</u>." (Motorola 8/28 Mem. at 4 (emphasis added).)  Again, Microsoft does not intend to use the evidence for that purpose.

Finally, Motorola's Rule 408 argument is foreclosed by this Court's ruling on Microsoft's third motion *in limine*.  Through that motion, Microsoft sought to exclude evidence concerning the parties' settlement negotiations.  The Court noted that, strictly speaking, Rule 408 governs only communications concerning settlement of the claims being actively disputed, not related claims.  (8/13/13 Tr. at 25–26.)  Further, the Court ruled that in this particular case settlement negotiations, even concerning the claims being actively disputed, should not be excluded because they evince Motorola's good or bad faith, which is an issue to be decided.  (*Id*. at 23–27.)  Thus, regardless of whether the FTC and EC claims are considered the same or different than the claims being actively disputed, they are admissible under Rule 408.  In announcing its ruling, the Court explicitly stated that it was persuaded by Motorola's arguments.  (*Id*. at 24.)  Motorola cannot introduce some settlement communications but

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION - 8

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   exclude others that evince the context in which they occurred, painting an incomplete picture

2   of Motorola's state of mind.[8]

3   **III.    CONCLUSION**

4          Motorola has now firmly placed its state of mind at the heart of its defense.  Having

5   done so, and having injected the views of the FTC into the current trial, Motorola should not be

6   permitted to tell an incomplete, one-sided story.  Microsoft respectfully requests that the Court

7   overrule Motorola's objection to Exhibits 6009, 6075–76, and 6090–91 and permit Microsoft

8   to elicit related testimony.  In the alternative, Microsoft requests a ruling from the Court and

9   corresponding instruction to the jury that Motorola's state of mind is not relevant to its liability

10  for breach of contract, including breach of the duty of good faith and fair dealing.  As an

11  additional alternative, Microsoft requests a ruling from the Court that Trial Exhibit 2970 (the

12  June 2011 letter from Microsoft to the FTC), which was the subject of Mr. Price's remarks in

13  opening, should not be admitted into evidence or used for any purpose.

14         DATED this 29th day of August, 2013.

15                             CALFO HARRIGAN LEYH & EAKES LLP

16

17                             By    s/Arthur W. Harrigan, Jr.
                                     Arthur W. Harrigan, Jr., WSBA #1751

18
19                             By    s/Christopher Wion
                                     Christopher Wion, WSBA #33207

20                             By    s/Shane P. Cramer
21                                   Shane P. Cramer, WSBA #35099
                                     999 Third Avenue, Suite 4400
22                                   Seattle, WA  98104
                                     Phone:  206-623-1700
23                                   arthurh@calfoharrigan.com
                                     chrisw@calfoharrigan.com
24                                   shanec@calfoharrigan.com

25      _____
        [8] Motorola has itself broached the issue of settlement communications, questioning Microsoft witness Horacio
26      Gutierrez on the details of offers made.  *E.g.*, 8/28/13 Tr. at 169:18–172:24.

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION - 9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1

2          By     s/T. Andrew Culbert
                  T. Andrew Culbert
3
           By     s/David E. Killough
4                 David E. Killough

5                 MICROSOFT CORPORATION
6                 1 Microsoft Way
                  Redmond, WA  98052
7                 Phone:  425-882-8080
                  Fax:  425-869-1327
8
                  David T. Pritikin
9                 Richard A. Cederoth
                  Constantine L. Trela, Jr.
10                William H. Baumgartner, Jr.
                  Ellen S. Robbins
11                Douglas I. Lewis
                  David C. Giardina
12                John W. McBride
                  Nathaniel C. Love
13
14                SIDLEY AUSTIN LLP
                  One South Dearborn
15                Chicago, IL  60603
                  Phone:  312-853-7000
16                Fax:  312-853-7036

17                Carter G. Phillips
                  Brian R. Nester
18
19                SIDLEY AUSTIN LLP
                  1501 K Street NW
20                Washington, DC  20005
                  Telephone:  202-736-8000
21                Fax:  202-736-8711

22                Counsel for Microsoft Corp.

23

24

25

26

MICROSOFT'S BENCH MEMORANDUM REGARDING THE
ADMISSIBILITY OF EVIDENCE OF ANTITRUST
INVESTIGATIONS CONCERNING MOTOROLA STANDARD-
ESSENTIAL PATENT LICENSING AND LITIGATION - 10