The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | CASE NO. C10-1823-JLR |
| Plaintiff, | DEFENDANTS' REQUEST FOR JUDICIAL NOTICE |
| v. | |
| MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION, | |
| Defendants. | |

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Pursuant to Federal Rule of Evidence 201, Defendants respectfully requests that this Court take judicial notice of the existence of the following facts, which are generally known and capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.  Fed. R. Evid. 201(b).  Each numbered fact for which Motorola seeks judicial notice is followed by the legal document that is the source of such fact.  The documents are attached hereto as Exhibits A-H.  Defendants request that those facts on which the Court takes judicial notice be read to the jury as part of the Court's Final Instructions.  Fed. R. Evid. 201(f) ("In a civil case, the court must instruct the jury to accept the noticed fact as conclusive").

**Fact 1:**  On October 1, 2010, Microsoft filed a patent infringement suit against Motorola in the International Trade Commission, alleging infringement of certain of Microsoft's patents by Motorola's Android smartphones.

Source:  Verified Complaint of Microsoft Corporation Under Section 337 Of The Tariff Act of 1930, As Amended," *In The Matter Of Certain Mobile Devices, Associates Software, And Components Thereof*, Inv. No. 337-TA-744 (U.S.I.T.C. filed Oct. 1, 2010), which can be found on the ITC's Electronic Document Information System (EDIS), available at https://edis.usitc.gov/edis3-external/app.  (Ex. A);

**Fact 2:**  On October 1, 2010, Microsoft filed a patent infringement suit against Motorola in the Western District of Washington.

Source:  Complaint, *Microsoft Corp. v. Motorola, Inc.*, Case No. 2:10-cv-1577 RSM (Dkt. 1) (W.D. Wash Oct. 1, 2010), which can be found electronically on PACER. (Ex. B);

**Fact 3:** In *Microsoft Corp. v. Motorola, Inc.*, Case No. 2:10-cv-1577 RSM, Motorola was served with a Summons in a Civil Action stating: "Within 21 days after service of this

summons on you (not counting the day you received it) . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure."  The Summons further states "If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint."

      Source:  Summons in a Civil Action, *Microsoft Corp. v. Motorola, Inc.*, Case No. 2:10-cv-1577 RSM (Dkt. 21) (W.D. Wash Oct. 1, 2010), which can be found electronically on PACER.  (Ex. C);

**Fact 4:** Microsoft's Complaint in this action does not include an express statement that Microsoft seeks a license for Motorola's standard essential patents.

      Source: May 14, 2012 Order (Dkt. 318, 16 n.12) ("an express statement that Microsoft seeks a license for Motorola's standard essential patents is missing from its complaint.")

**Fact 5:** On January 11, 2011, Microsoft filed in the International Trade Commission a Response to Motorola Mobility, Inc. and General Instrument Corporation's Complaint. Microsoft denied infringement of Motorola's asserted patents and denied that Motorola's asserted patents were valid and enforceable.  Microsoft also asserted counterclaims of non-infringement and invalidity.

      Source:  Respondent Microsoft Corporation's Response to Motorola Mobility, Inc. and General Instrument Corporation's Complaint, Inv. No. 337-TA-752 , at 1 (U.S.I.T.C. Nov. 22, 2012), which can be found on the ITC's Electronic Document Information System (EDIS), available at https://edis.usitc.gov/edis3-external/app.  (Ex. D);

**Fact 6:** On January 25, 2011, Microsoft filed in the U.S. District Court for the Western District of Washington an Answer to the Complaint, in which it denied infringement of

Motorola's asserted patents and asserted counterclaims of non-infringement.  Microsoft also asserted affirmative defenses of invalidity and that Motorola's infringement claims were compulsory counterclaims to Microsoft's present action in this Court.  Microsoft further asserted a counterclaim of breach of RAND licensing obligations.

Source:  Answer to the Complaint, *Motorola Mobility, Inc.  v. Microsoft Corp.*, Case No. 2:11-cv-00343-JLR , Dkt 37, at ¶¶ 14-40 (W.D. Wash. Jan. 25, 2011), which can be found electronically on PACER.  (Ex. E);


**Fact 7:**  On April 23, 2012, the ITC issued an Initial Determination finding that certain Motorola H.264 and 802.11 SEPs were not invalid and were infringed by Microsoft.

Source:  Notice, *In The Matter Of Certain Gaming And Entertainment Consoles, Related Software, And Components Thereof*, Inv. No. 337-TA-752 (U.S.I.T.C. Apr. 23, 2012).  This document can be found on the ITC's Electronic Document Information System (EDIS), available at https://edis.usitc.gov/edis3-external/app.  (Ex. F);


**Fact 8:**  On May 2, 2012, the Mannheim District Court in Germany issued four judgments finding that Microsoft infringed General Instrument Corp.'s H.264 SEP's.

Source:  *General Instrument Corp. v. Microsoft Deutschland GmbH*, Case No.  2 0 240/11.  This document can be found as Exhibit 2 to Microsoft and Motorola's Joint Notice of Ruling in Related Case and Motion to Supplement the Record on Summary Judgment, *Microsoft Corp. v. Motorola, Inc.*, Case No: 2:10-cv-01823 JLR, Dkt. 308 (W.D. Wash. May 4, 2012).


**Fact 9:**  On May 14, 2012, this Court noted in an order that in "recent papers to the court, Microsoft has affirmatively stated that it is ready and willing to take a license" to

Motorola's SEPs "on RAND terms," citing to a brief filed by Microsoft on January 6, 2012.

Source: May 14, 2012 Order (Dkt. 318, 16 n.12) ("in its recent papers to the court, Microsoft has affirmatively stated that it is ready and willing to take a license to such patents on RAND terms. (*See, e.g.*, Mot. Partial S.J. re Inj. Relief at 5 ('The indisputable evidence is that Microsoft is seeking a license on RAND terms—in this very action.')".) *see also* Dkt. 152.

**Fact 10:** On June 6, 2012, this Court denied Motorola's motion for summary judgment that Microsoft repudiated Motorola's commitment to license its patents on RAND terms.

Source:  Order Denying Motorola' Motion For Summary Judgment, *Microsoft Corp. v. Motorola, Inc.*, Case No: 2:10-cv-01823 JLR, Dkt. 335 (W.D. Wash. June 6, 2012);

**Fact 11:** On April 19, 2013, this Court issued Findings of Fact and Conclusions of Law regarding the appropriate RAND rate and range for Motorola's 802.11 and H.264 SEP portfolios with respect to Microsoft.

Source:  Findings Of Fact And Conclusions Of Law, *Microsoft Corp. v. Motorola, Inc.*, Case No: 2:10-cv-01823 JLR, Dkt. 673 (W.D. Wash. Apr. 19, 2013).

**Fact 12**: Venray, Netherlands is 94.0 miles from Rotterdam, Netherlands.

Source: Bing Maps, available at http://www.bing.com/maps/?FORM=Z9LH2#Y3A9NTEuNTI0Njg5fjUuOTc4OTA1Jmx2bD0xNCZzdHk9ciZydHA9cG9zLjUxLjUyNzQ4MV81Ljk3NjgxMF9WZW5yYXklMkMlMjBOZXRoZXJsYW5kc19fX2VfVffnBvcy41MS45MjI4NTJfNC40Nzg0Nzg0NjBfUm90dGGVy

ZGFtTJTJDJTIwTmV0aGVybGFuZHNfX19lXyZtb2RllPUQmcnRvcD0wfjB+MH4= (Ex. G).

**Fact 13**: Duren, Germany is 151.8 miles from Rotterdam, Netherlands.

   Source: Bing Maps, available at

http://www.bing.com/maps/?FORM=Z9LH2#Y3A9NTEuMzcwMDQxfjUuNDg0ODE3J
mx2bD04JnN0eT1yJnJ0cD1wb3MuNTAuODA0NjgwXzYuNDgyODAwX0QlQzMlQkN
yZW4lMkMlMjBOVyUyQyUyMEdlcm1hbnlfX19lX35wb3MuNTEuOTIyODUyXzQuN
Dc4NDYwX1JvdHRlcmRhbSUyQyUyME5ldGhlcmxhbmRzX19fZV8mbW9kZT1EJnJ0b
3A9MH4wfjB+ (Ex. H.)

   The Federal Rules of Evidence authorize this Court to take judicial notice of matters that are not "subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned."  Fed. R. Evid. 201(b).

**Authority for Facts 1-11:** As court filings and orders that are part of the public record and are relevant to the current litigation, the above documents are the proper subject of judicial notice. Courts may take judicial notice of relevant documents filed in its court or in other courts.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings in other litigation); *Kourtis v. Cameron*, 419 F.3d 989, 995 n.3 (9th Cir. 2005) (same); *Currie v. Alpha Therapeutic Corp.*, Case No. C-11-2031-JLR, 2012 WL 1077897, at *3 (W.D. Wash. March 30, 2012) (Robart, J.) (granting defendant's request for judicial notice on the grounds that "courts may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").  Courts may additionally take judicial notice of records, reports, and other public documents of administrative agencies.  *United States v. 14.02 Acres of Land More or Less in Fresno County,*

547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports of administrative bodies."); *see also Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1072-73 (E.D. Cal. 2010) (taking judicial notice of FDA correspondence because they were public records and made available on the agency's website.)

      A court may also take judicial notice of filings in other proceedings to show that a party took a certain position, or that certain admissions or allegations were made. *See Hussein v. Nevada Sys. of Higher Educ.*, 458 F. App'x 659, 661 (9th Cir. 2011) cert. denied, 133 S. Ct. 171, 184 L. Ed. 2d 36 (U.S. 2012) (taking judicial notice of the complaints in related cases); *Gragg v. Orange Cab Co., Inc.*, 2013 WL 1788479, *2 n.2 (W.D. Wash. Apr. 26, 2013) (taking judicial notice of a complaint "because it is a matter of public record"); *Kim v. Targa Real Estate Serv., Inc.*, Case No. C07-358-P, 2007 WL 1461287 (W.D. Wash. May 16, 2007) (taking judicial notice of related state court order).  A court may take judicial notice at any stage of the proceeding.  Fed. R. Ev. 201(d).

      Facts 1 through 11 set forth above are based on public, litigation-related documents.  These documents are directly related to matters in this case, and the document dates will help clarify the timing of key litigation proceedings for the jury.  Importantly, none of these facts are disputed. Fact Nos. 1, 2, 3, 5, 6, and 8 state the existence of pleadings in other litigation between Microsoft and Motorola, and statements therein.  Fact Nos. 4, 9, 10, and 11 are readily determined and undisputed facts that are ascertainable from documents on the docket of the present case.  Fact 7 is the existence of a ruling from a governmental agency, the ITC.  Courts routinely take judicial notice of these types of documents.

      **Authority for Facts 12-13:**  The Court may also take judicial notice of maps, including online maps, to determine distances and locations.  *See McCormack v. Hiedeman*, 694 F.3d 1004, 1008 n. 1 (9th Cir. 2012) (taking judicial notice of Google Maps); *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (same).  Facts 12 and 13 set forth above are based on

1  Microsoft's Bing's online maps and reflect the distances between Venray, Netherlands and

2  Rotterdam, Netherlands, and Duren, Germany and Rotterdam, Netherlands.[1]

3        For the foregoing reasons, this Court should take judicial notice of Facts 1-13 based on the

4  documents attached hereto as Exhibits A-H and those included on this Court's docket.

---

[1] Motorola presumes that Microsoft does not dispute the accuracy of the distances provided by its own online map service.  To the extent that it does, however, the distances from these locations provided by Google Maps are consistent.

1

DATED this 2nd day of September, 2013.

2

3
                                        Respectfully submitted

4
                                        SUMMIT LAW GROUP PLLC
                                        By /s/ Ralph H. Palumbo
5
                                        By /s/ Philip S. McCune
                                            Ralph H. Palumbo, WSBA #04751
6
                                            Philip S. McCune, WSBA #21081
                                            ralphp@summitlaw.com
7
                                            philm@summitlaw.com
8
                                        By /s/ Thomas V.  Miller
                                            Thomas V. Miller
9
                                            MOTOROLA MOBILITY LLC
                                            600 North U.S. Highway 45
10
                                            Libertyville, IL  60048-1286
                                            (847) 523-2162
11
                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
12
                                        By /s/ Kathleen M. Sullivan
13
                                            Kathleen M. Sullivan, NY #1804624
                                            51 Madison Ave., 22nd Floor
14
                                            New York, NY 10010
                                            (212) 849-7000
15
                                            kathleensullivan@quinnemanuel.com
16
                                        By /s/ Brian C. Cannon
                                            Brian C. Cannon, CA #193071
17
                                            555 Twin Dolphin Drive, 5th Floor
                                            Redwood Shores, CA 94065
18
                                            (650) 801-5000
                                            briancannon@quinnemanuel.com
19
                                        By /s/ William C. Price
20
                                            William C. Price, CA #108542
                                            865 S. Figueroa Street, 10th Floor
21
                                            Los Angeles, CA 90017
                                            (213) 443-3000
22
                                            williamprice@quinnemanuel.com
                                        *Attorneys for Motorola Solutions, Inc.,*
23
                                        *Motorola Mobility LLC and General*
                                        *Instrument Corp.*
24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
arthurh@calfoharrigan.com
chrisw@calfoharrigan.com
shanec@calfoharrigan.com

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
rcederoth@sidley.com
bnester@sidley.com
dpritikin@sidley.com
dilewis@sidley.com
jwmcbride@sidley.com
wbaumgartner@sidley.com
dgiardina@sidley.com
cphillips@sidley.com
ctrela@sidley.com
erobbins@sidley.com
nlove@sidley.com

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
andycu@microsoft.com
davkill@microsoft.com

DATED this 2nd day of September, 2013.

/s/ *Andrea Pallios Roberts*
Andrea Pallios Roberts