# EXHIBIT D

PUBLIC VERSION

# UNITED STATES INTERNATIONAL TRADE COMMISSION
## WASHINGTON, D.C.

**Before The Honorable Carl C. Charneski**
**Administrative Law Judge**

| | |
|---|---|
| **In the Matter of** | |
| **CERTAIN GAMING AND ENTERTAINMENT CONSOLES, RELATED SOFTWARE, AND COMPONENTS THEREOF** | **Investigation No. 337-TA-752** |

## RESPONDENT MICROSOFT CORPORATION'S RESPONSE TO MOTOROLA MOBILITY, INC. AND GENERAL INSTRUMENT CORPORATION'S COMPLAINT AND THE NOTICE OF INVESTIGATION

## UNITED STATES INTERNATIONAL TRADE COMMISSION
## WASHINGTON, D.C.

**Before The Honorable Carl C. Charneski**
**Administrative Law Judge**

| | |
|---|---|
| **In the Matter of** | |
| **CERTAIN GAMING AND ENTERTAINMENT CONSOLES, RELATED SOFTWARE, AND COMPONENTS THEREOF** | **Investigation No. 337-TA-752** |

### RESPONDENT MICROSOFT CORPORATION'S RESPONSE TO MOTOROLA MOBILITY, INC. AND GENERAL INSTRUMENT CORPORATION'S COMPLAINT AND THE NOTICE OF INVESTIGATION

Respondent Microsoft Corporation ("Microsoft") submits this Response to the Complaint of Motorola Mobility, Inc. and General Instrument Corporation (collectively "Complainants"), filed on November 22, 2010, and to the Notice of Investigation issued by the United States International Trade Commission ("the Commission") as published in 75 Fed. Reg. 246 on December 23, 2010. As an initial matter, Microsoft denies that it has engaged in unfair competition or violated Section 337 of the Tariff Act of 1930, as amended, by importing, selling for importation, or selling within the United States after importation any device that infringes any valid or enforceable intellectual property right at issue in this investigation. Microsoft further denies that any patent claims at issue in this investigation are valid or enforceable. Microsoft further reserves the right to amend or supplement its response based on additional facts or developments that become available or that arise after the filing of this Response. In this light, Microsoft responds to the Complaint by admitting only those facts expressly admitted below and denying all others averred in the Complaint, and stating as follows:

## I.    INTRODUCTION[1]

1.    Responding to the allegations of paragraph 1, Microsoft admits that Motorola has requested that the Commission commence an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337"). Except as admitted, Microsoft denies the remaining allegations of paragraph 1.

2.    Responding to the allegations of paragraph 2, Microsoft denies that it engaged in unfair acts in violation of Section 337 by importing, selling for importation, and/or selling within the United States after importation of the Accused Products. Microsoft further denies that it infringes any valid and enforceable claim of any of the Asserted Patents. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 2 and on that basis denies them.

3.    Responding to the allegations of paragraph 3, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies them.

4.    Responding to the allegations of paragraph 4, Microsoft denies the allegations of paragraph 4.

5.    Responding to the allegations of paragraph 5, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies them.

---

[1] Microsoft repeats the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Response. By doing so, Microsoft makes no admissions regarding the substance of the heading or any other allegations of the Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Microsoft specifically denies all such allegations.

6. Responding to the allegations of paragraph 6, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies them.

7. Responding to the allegations of paragraph 7, Microsoft admits that Motorola seeks relief from the Commission ("ITC") in the form of a permanent limited exclusion order and a cease and desist order, but denies that Motorola is entitled to such relief. Except as admitted, Microsoft denies the remaining allegations of paragraph 7.

## II.    THE PARTIES

### A.    The Complainants

8. Responding to the allegations of paragraph 8, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies them.

9. Responding to the allegations of paragraph 9, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies them.

10. Responding to the allegations of paragraph 10, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies them.

11. Responding to the allegations of paragraph 11, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies them.

12. Responding to the allegations of paragraph 12, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies them.

13. Responding to the allegations of paragraph 13, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies them.

14. Responding to the allegations of paragraph 14, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies them.

15. Responding to the allegations of paragraph 15, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies them.

16. Responding to the allegations of paragraph 16, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies them.

17. Responding to the allegations of paragraph 17, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies them.

**B. The Respondent**

18. Responding to the allegations of paragraph 18, Microsoft admits that Microsoft is a corporation organized under the laws of the State of Washington and has its principal place of business at One Microsoft Way, Redmond, WA 98052.

5

19.   Responding to the allegations of paragraph 19, Microsoft admits that Exhibit 18 is attached to the complaint.  Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 19 and on that basis denies them.

20.   Responding to the allegations of paragraph 20, Microsoft admits that at least a portion of the 250 GB Xbox 360 S and the 4 GB Xbox 360 S are manufactured outside the United States.  Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 20, and on that basis denies them.

## III.   THE ACCUSED PRODUCTS

21.   Responding to the allegations of paragraph 21, Microsoft admits that it designs, has manufactured, and sells certain gaming and entertainment consoles, related software, and components thereof.  Microsoft denies the remaining allegations of paragraph 21 and on that basis denies them.

22.   Responding to the allegations of paragraph 22, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies them.

23.   Responding to the allegations of paragraph 23, Microsoft denies that each of the Accused Products meets each and every limitation of at least one claim of the Asserted Patents.

## IV.   THE ASSERTED PATENTS AND NON-TECHNICAL DESCRIPTION OF THE ASSERTED PATENTS

### A.   The '712 Patent

#### 1.   Identification of the '712 Patent and Ownership by Motorola Mobility

24.   Responding to the allegations of paragraph 24, Microsoft admits that the '712 patent is entitled "Methods and Apparatus for Providing Cryptographic Protection of a Data Stream in a Communication System," and has an issue date of June 7, 1994.  Microsoft admits

that a copy of the '712 patent is attached as Exhibit 1 to the Complaint. Microsoft admits that

the '712 patent names Louis D. Finkelstein, James J. Kosmach, and Jeffrey C. Smolinske as

inventors. Microsoft admits that the '712 patent identifies Motorola as the assignee. Microsoft

admits that Exhibit 6 to the Complaint is purported to be a certified copy of this assignment.

Microsoft admits that a purported copy of the July 31, 2010 assignment of the '712 patent from

Motorola to Motorola Mobility, Inc. is attached as Confidential Exhibit C. Microsoft is without

sufficient knowledge or information to form a belief as to the truth of the remaining allegations

of paragraph 24 and on that basis denies them.

25.     Responding to the allegations of paragraph 25, Microsoft admits that a purported

copy of the prosecution history of the '712 patent was submitted in Appendix 1. Microsoft is

without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of paragraph 25 and on that basis denies them.

### 2.     Foreign Counterparts to the '712 Patent

26.     Responding to the allegations of paragraph 26, Microsoft is without sufficient

knowledge or information to form a belief as to the truth of the allegations of paragraph 26 and

on that basis denies them.

### 3.     Non-Technical Description of the '712 Patent

27.     Responding to the allegations of paragraph 27, Microsoft denies the allegations of

paragraph 27.

### B.     The '571 Patent

### 1.     Identification of the '571 Patent and Ownership by Motorola Mobility

28.     Responding to the allegations of paragraph 28, Microsoft admits that the '571

patent is entitled "Method for Point-to-Point Communications within Secure Communication

7

Systems," and has an issue date of October 18, 1994. Microsoft admits that a copy of the '571

patent is attached as Exhibit 2 to the Complaint. Microsoft admits that the '571 patent names

Dean E. Banwart as inventor. Microsoft admits that the '571 patent identifies Motorola as the

assignee. Microsoft admits that Exhibit 7 to the Complaint is purported to be a certified copy of

this assignment. Microsoft admits that a purported copy of the July 31, 2010 assignment of the

'571 patent from Motorola to Motorola Mobility, Inc. is attached as Confidential Exhibit C.

Microsoft is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations of paragraph 28 and on that basis denies them.

29.     Responding to the allegations of paragraph 29, Microsoft admits that a purported

copy of the prosecution history of the '571 patent was submitted in Appendix 2. Microsoft is

without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations of paragraph 29 and on that basis denies them.

### 2.     Foreign Counterparts to the '571 Patent

30.     Responding to the allegations of paragraph 30, Microsoft is without sufficient

knowledge or information to form a belief as to the truth of the allegations of paragraph 30 and

on that basis denies them.

### 3.     Non-Technical Description of the '571 Patent

31.     Responding to the allegations of paragraph 31, Microsoft denies the allegations of

paragraph 31.

### C.     The '896 Patent

### 1.     Identification of the '896 Patent and Ownership by Motorola Mobility

32.     Responding to the allegations of paragraph 32, Microsoft admits that the '896

patent is entitled "Capability Addressable Network and Method Therefor," and has an issue date

of May 30, 2000. Microsoft admits that a copy of the '896 patent is attached as Exhibit 3 to the Complaint. Microsoft admits that the '896 patent names Ronald W. Borstahl, Jeffrey Martin Harris, Ernest Earl Woodward, and David G. Leeper as inventors. Microsoft admits that the '896 patent identifies Motorola as the assignee. Microsoft admits that Exhibit 8 to the Complaint is purported to be a certified copy of this assignment. Microsoft admits that a purported copy of the July 31, 2010 assignment of the '896 patent from Motorola to Motorola Mobility, Inc. is attached as Confidential Exhibit C. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 32 and on that basis denies them.

33.    Responding to the allegations of paragraph 33, Microsoft admits that a purported copy of the prosecution history of the '896 patent was submitted in Appendix 3. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 33 and on that basis denies them.

### 2.    Foreign Counterparts to the '896 Patent

34.    Responding to the allegations of paragraph 34, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies them.

### 3.    Non-Technical Description of the '896 Patent

35.    Responding to the allegations of paragraph 35, Microsoft denies the allegations of paragraph 35.

**D.     The '596 Patent**

**1.     Identification of the '596 Patent and Ownership by Motorola Mobility**

36.     Responding to the allegations of paragraph 36, Microsoft admits that the '596 patent is entitled "Macroblock Level Adaptive Frame/Field Coding for Digital Video Content," and has an issue date of December 27, 2005.  Microsoft admits that a copy of the '596 patent is attached as Exhibit 9 to the Complaint.  Microsoft admits that the '596 patent names Limin Wang, Rajeev Gandhi, Krit Panusopone, and Ajay Luthra as inventors.  Microsoft admits that the '596 patent identifies General Instrument as the assignee.  Microsoft admits that Exhibit 9 to the Complaint is purported to be a certified copy of this assignment.  Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 36 and on that basis denies them.

37.     Responding to the allegations of paragraph 37, Microsoft admits that a purported copy of the prosecution history of the '596 patent was submitted in Appendix 4.  Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 37 and on that basis denies them.

**2.     Foreign Counterparts to the '596 Patent**

38.     Responding to the allegations of paragraph 38, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38 and on that basis denies them.

**3.     Non-Technical Description of the '596 Patent**

39.     Responding to the allegations of paragraph 39, Microsoft denies the allegations of paragraph 39.

10

E.    The '094 Patent

1.    Identification of the '094 Patent and Ownership by Motorola Mobility

40.    Responding to the allegations of paragraph 40, Microsoft admits that the '094 patent is entitled "Frequency Coefficient Scanning Paths for Coding Digital Video Content," and has an issue date of January 9, 2007. Microsoft admits that a copy of the '094 patent is attached as Exhibit 5 to the Complaint. Microsoft admits that the '094 patent names Limin Wang, David M. Baylon, Krit Panusopone, Rajeev Gandhi, Yue Yu, and Ajay Luthra as inventors. Microsoft admits that the '094 patent identifies General Instrument as the assignee. Microsoft admits that Exhibit 5 to the Complaint is purported to be a certified copy of this assignment. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 40 and on that basis denies them.

41.    Responding to the allegations of paragraph 41, Microsoft admits that a purported copy of the prosecution history of the '094 patent was submitted in Appendix 5. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 41 and on that basis denies them.

2.    Foreign Counterparts to the '094 Patent

42.    Responding to the allegations of paragraph 42, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42 and on that basis denies them.

3.    Non-Technical Description of the '094 Patent

43.    Responding to the allegations of paragraph 43, Microsoft denies the allegations of paragraph 43.

11

### F.     Licenses Relating to the Asserted Patents

44.     Responding to the allegations of paragraph 44, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44 and on that basis denies them.

### V.     UNLAWFUL AND UNFAIR ACTS OF RESPONDENT—PATENT INFRINGEMENT

45.     Responding to the allegations of paragraph 45, Microsoft denies that it unlawfully imports, sells for importation, and/or sells within the United States after importation products that infringe any valid claim of the Asserted Patents. Microsoft denies the remaining allegations of paragraph 45.

46.     Responding to the allegations of paragraph 46, Microsoft denies that it has directly infringed and continues to directly infringe any valid claim of the Asserted Patents by any importation, sale for importation, and/or sale in the United States after importation of any product. Microsoft denies the remaining allegations of paragraph 46.

47.     Responding to the allegations of paragraph 47, Microsoft denies that it indirectly infringes the Asserted Patents by inducing and/or contributing to infringement of the Asserted Patents. Microsoft denies the remaining allegations of paragraph 47.

48.     Responding to the allegations of paragraph 48, Microsoft denies that it induces infringement of the Asserted Patents. Microsoft denies the remaining allegations of paragraph 48.

49.     Responding to the allegations of paragraph 49, Microsoft denies that it contributes to infringement. Microsoft denies that there is a lack of substantial non-infringing uses for the accused 250 GB Xbox 360 S and the 4 GB Xbox 360 S. Microsoft denies the remaining allegations of paragraph 49.

50.     Responding to the allegations of paragraph 50, Microsoft denies that the 250 GB Xbox 360 S and the 4 GB Xbox 360 S infringe the '712 patent. Microsoft admits that Exhibit 20 is a chart purported to compare independent claims 6 and 17 of the '712 patent to the 250 GB Xbox 360 S, but denies that such chart is accurate and denies the allegations in the chart. Microsoft admits that documents purported to be referenced in the claim chart are attached as Exhibits 1, 25-29. Microsoft denies the remaining allegations of paragraph 50.

51.     Responding to the allegations of paragraph 51, Microsoft denies that the 250 GB Xbox 360 S and the 4 GB Xbox 360 S infringe the '571 patent. Microsoft admits that Exhibit 21 is a chart purported to compare independent claims 9, 12, 15, and 17 of the '571 patent to the 250 GB Xbox 360 S, but denies that such chart is accurate and denies the allegations in the chart. Microsoft admits that documents purported to be referenced in the claim chart are attached as Exhibits 25-28. Microsoft denies the remaining allegations of paragraph 51.

52.     Responding to the allegations of paragraph 52, Microsoft denies that the 250 GB Xbox 360 S and the 4 GB Xbox 360 S infringe the '896 patent. Microsoft admits that Exhibit 22 is a chart purported to compare independent claims 1 and 12 of the '896 patent to the 250 GB Xbox 360 S, but denies that such chart is accurate and denies the allegations in the chart. Microsoft admits that documents purported to be referenced in the claim chart are attached as Exhibits 32-37. Microsoft denies the remaining allegations of paragraph 52.

53.     Responding to the allegations of paragraph 53, Microsoft denies that the 250 GB Xbox 360 S and the 4 GB Xbox 360 S infringe the '596 patent. Microsoft admits that Exhibit 23 is a chart purported to compare independent claim 1 of the '596 patent to the 250 GB Xbox 360 S, but denies that such chart is accurate and denies the allegations in the chart. Microsoft

admits that documents purported to be referenced in the claim chart are attached as Exhibits 30-31. Microsoft denies the remaining allegations of paragraph 53.

54. Responding to the allegations of paragraph 54, Microsoft denies that the 250 GB Xbox 360 S and the 4 GB Xbox 360 S infringe the '094 patent. Microsoft admits that Exhibit 24 is a chart purported to compare independent claims 5, 6, 7, 8, and 10 of the '094 patent to the 250 GB Xbox 360 S, but denies that such chart is accurate and denies the allegations in the chart. Microsoft admits that documents purported to be referenced in the claim chart are attached as Exhibits 30-31. Microsoft denies the remaining allegations of paragraph 54.

## VI. SPECIFIC INSTANCES OF UNFAIR IMPORTATION AND SALE

55. Responding to the allegations of paragraph 55, Microsoft denies that it unlawfully imports, sells for import, or sells after import any product in violation of Section 337. Microsoft's Accused Products do not infringe any Asserted Patent. Microsoft denies the allegations of paragraph 55.

56. Responding to the allegations of paragraph 56, Microsoft denies the allegations of paragraph 56.

57. Responding to the allegations of paragraph 57, Microsoft admits that Exhibit 38 is purported to be a copy of the receipt for the purchase in the United States of a 250 GB Xbox 360 S. Microsoft admits that Exhibit 39 appears to include photographs, not taken by Microsoft, of a device purported to be 250 GB Xbox 360 S 8320, and that the photographs appear to have a packaging label containing the language "Made in China." Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 57 and on that basis denies them.

14

58.     Responding to the allegations of paragraph 58, Microsoft admits that Exhibit 56 purports to be a screenshot of the Xbox website. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 58 and on that basis denies them.

## VII.   CLASSIFICATION OF THE INFRINGING PRODUCTS UNDER THE HARMONIZED TARIFF SCHEDULE

59.     Responding to the allegations of paragraph 59, Microsoft admits that the 250 GB Xbox 360 S and the 4 GB Xbox 360 S may be classified under the following heading and subheading of the Harmonized Tariff Schedule of the United States: 9504.10.0000. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 59 and on that basis denies them.

60.     Responding to the allegations of paragraph 60, Microsoft denies the allegations of paragraph 60.

## VIII.  THE DOMESTIC INDUSTRY RELATING TO THE ASSERTED PATENTS

### A.    Overview

61.     Responding to the allegations of paragraph 61, Microsoft denies that Motorola satisfies any or all of the statutory criteria for finding a domestic industry under 19 U.S.C. §§ 1337(a)(2) and 1337(a)(3)(A), (B), and (C). Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 61 and on that basis denies them.

62.     Responding to the allegations of paragraph 62, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 62 and on that basis denies them.

B.    **Significant Investment in Plant and Equipment, Significant Employment of Labor and Capital, and Substantial Investment in Exploitation, Including Engineering, Research and Development, and Licensing of the Asserted Patents and Articles Protected by the Asserted Patents**

1.    **Economic Prong**

63.    Responding to the allegations of paragraph 63, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 63 and on that basis denies them.

64.    Responding to the allegations of paragraph 64, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 64 and on that basis denies them.

65.    Responding to the allegations of paragraph 65, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 65 and on that basis denies them.

66.    Responding to the allegations of paragraph 66, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 66 and on that basis denies them.

67.    Responding to the allegations of paragraph 67, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 67 and on that basis denies them.

68.    Responding to the allegations of paragraph 68, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 68 and on that basis denies them.

69. Responding to the allegations of paragraph 69, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 69 and on that basis denies them.

70. Responding to the allegations of paragraph 70, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 70 and on that basis denies them.

71. Responding to the allegations of paragraph 71, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 71 and on that basis denies them.

72. Responding to the allegations of paragraph 72, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 72 and on that basis denies them.

73. Responding to the allegations of paragraph 73, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 73 and on that basis denies them.

74. Responding to the allegations of paragraph 74, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 74 and on that basis denies them.

75. Responding to the allegations of paragraph 75, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 75 and on that basis denies them.

## 2. Technical Prong

76.     Responding to the allegations of paragraph 76, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 76 and on that basis denies them.

77.     Responding to the allegations of paragraph 77, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 77 and on that basis denies them.

78.     Responding to the allegations of paragraph 78, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 78 and on that basis denies them.

79.     Responding to the allegations of paragraph 79, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 79 and on that basis denies them.

80.     Responding to the allegations of paragraph 80, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 80 and on that basis denies them.

81.     Responding to the allegations of paragraph 81, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 81 and on that basis denies them.

## C. A Domestic Industry Exists

82.     Responding to the allegations of paragraph 82, Microsoft denies the allegations of paragraph 82.

## IX.    RELATED PROCEEDINGS

### A.    Prior Proceedings

83.    Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 83 and on that basis denies them.

84.    Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 84 and on that basis denies them.

### B.    Current Proceedings

85.    Responding to the allegations of paragraph 85, Microsoft admits that on October 1, 2010, Microsoft filed an action with the United States International Trade Commission titled *In the Matter of Certain Mobile Devices, Associated Software, and Components Thereof*, No. 337-TA-744. Microsoft admits that it requested that the Commission institute an investigation into alleged violations of Section 337 by Motorola and Motorola Mobility, Inc. as a result of its infringement of nine Microsoft patents. Microsoft admits that the Commission issued a notice of institution of an investigation pursuant to Microsoft's request on November 1, 2010. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 85 and on that basis denies them.

86.    Responding to the allegations of paragraph 86, Microsoft admits that on October 1, 2010, Microsoft filed a patent infringement action against Motorola titled *Microsoft Corp. v. Motorola, Inc.*, No. 2:10-CV-01577, in the United States District Court for the Western District of Washington. Microsoft admits that it alleges that Motorola is infringing the same nine Microsoft patents that are at issue in the action before the Commission. Microsoft admits that this case has been stayed until a final determination of the Commission's proceeding in *In the Matter of Certain Mobile Devices, Associated Software, and Components Thereof.* Microsoft is

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 86 and on that basis denies them.

87.     Responding to the allegations of paragraph 87, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 87 and on that basis denies them.

88.     Responding to the allegations of paragraph 88, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 88 and on that basis denies them.

89.     Responding to the allegations of paragraph 89, Microsoft admits that on November 9, 2010 it filed a complaint against Motorola and Motorola Mobility, Inc., titled *Microsoft Corp. v. Motorola, Inc. and Motorola Mobility, Inc.*, No. 10-CV-01823, in the United States District Court for the Western District of Washington. Microsoft admits that this complaint attached an appendix that listed a number of patents, including the '712, '571, and '896 Patents. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 89 and on that basis denies them.

90.     Responding to the allegations of paragraph 90, Microsoft admits that on November 10, 2010, Complainants filed a patent infringement action against Microsoft based on a number of patents, including the '712, '571, '596, and '094 Patents, titled *Motorola Mobility, Inc. and General Instrument Corp. v. Microsoft Corp.*, No. 10-CV-700, in the United States District Court for the Western District of Wisconsin. Microsoft admits that it was served with the complaint. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 90 and on that basis denies them.

91.     Responding to the allegations of paragraph 91, Microsoft admits that on November 10, 2010, complainants filed a patent infringement action against Microsoft based on a number of patents, not including the Asserted Patents, titled *Motorola Mobility, Inc. and General Instrument Corp. v. Microsoft Corp.*, No. 10-CV-699, in the United States District Court for the Western District of Wisconsin. Microsoft admits that it was served with the complaint. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 91 and on that basis denies them.

92.     Responding to the allegations of paragraph 92, Microsoft admits that on November 10, 2010, Motorola Mobility, Inc. filed a patent infringement action against Microsoft based on a number of patents, not including the Asserted Patents, titled *Motorola Mobility, Inc. v. Microsoft Corp.*, No. 10-CV-24063, in the United States District Court for the Southern District of Florida. Microsoft admits that it was served with the complaint. Microsoft is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 92 and on that basis denies them.

93.     Responding to the allegations of paragraph 93, Microsoft is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 93 and on that basis denies them.

## X.     RELIEF REQUESTED

94.     Responding to Motorola's requested relief, Microsoft denies that Motorola is entitled to any relief.

## ADDITIONAL DEFENSES

95.     Microsoft asserts the following defenses in response to the allegations set forth in the Complaint. This Investigation has just begun, and discovery is in its very early stages.

Microsoft necessarily does not yet know the full extent of its defenses to Motorola's allegations.

Moreover, as further described in exemplary fashion below, the allegations set forth in

Motorola's complaint are vague, inconsistent, and incomplete, and thus do not fairly put

Microsoft on notice of the basis for Motorola's assertions.  Accordingly, Microsoft reserves the

right to supplement and/or amend its defenses as this Investigation proceeds.

### FIRST ADDITIONAL DEFENSE

### (Non-Infringement)

96.     Microsoft has not directly infringed, indirectly infringed, contributed to, or

induced infringement of any valid or enforceable claim of the patents-in-suit, and has not

otherwise committed any acts in violation of 35 U.S.C. § 271.

### The '712 Patent

97.     Although Microsoft does not bear the burden of proof on this issue, Microsoft has

not directly infringed, contributed to infringement, or induced infringement of any asserted claim

of the '712 patent.

98.     Microsoft specifically denies the allegation that any accused product satisfies the

limitations of any valid and/or enforceable claim of the '712 patent.  Complainants fail to

identify any functionality in the Accused Products that satisfies the claimed limitations,

███████████████████████████████████████████████

███████████████.  Indeed, for the limitations that Complainants assert are in means-

plus-function form, Complainant identifies no structure to satisfy the limitations.  ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

99.

100.

**The '571 Patent**

101.    Although Microsoft does not bear the burden of proof on this issue, Microsoft has not directly infringed, contributed to infringement, or induced infringement of any asserted claim of the '571 patent.

Microsoft specifically denies the allegation that any accused product satisfies the limitations of any valid and/or enforceable claim of the '571 patent.  Complainants fail to identify any functionality in the Accused Products that satisfies the claimed limitations,

23



103.

104.

105.

106. ████████████████████████████████████████

████████████████████████████████████████████

████████████

### The '896 Patent

107.    Although Microsoft does not bear the burden of proof on this issue, Microsoft has not directly infringed, contributed to infringement, or induced infringement of any asserted claim of the '896 patent.

108.    Microsoft specifically denies the allegation that any accused product satisfies the limitations of any valid and/or enforceable claim of the '896 patent. ████████████████

110.

**The '596 Patent**

111.     Although Microsoft does not bear the burden of proof on this issue, Microsoft has not directly infringed, contributed to infringement, or induced infringement of any asserted claim of the '596 patent.

112.     Microsoft specifically denies the allegation that any accused product satisfies the limitations of any valid and/or enforceable claim of the '596 patent.  Complainants fail to identify any functionality in the Accused Products that satisfies the claimed limitations,

26

113.

### The '094 Patent

114.    Although Microsoft does not bear the burden of proof on this issue, Microsoft has not directly infringed, contributed to infringement, or induced infringement of any asserted claim of the '094 patent.

115.    Microsoft specifically denies the allegation that any accused product satisfies the limitations of any valid and/or enforceable claim of the '094 patent. Complainants fail to identify any functionality in the Accused Products that satisfies the claimed limitations,

27

116. ███████████████████████████

117. ███████████████████████████

118. ███████████████████████████

119. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

## SECOND ADDITIONAL DEFENSE

### (Invalidity)

120.    The asserted claims of the patents-in-suit are invalid because they each fail to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and 112 thereof, or the Rules and Regulations of the Patent & Trademark Office relating thereto. With respect to each asserted patent, Microsoft provides below an identification of bases that support this additional defense. The bases provided herein are preliminary and should not be construed as limiting in any way the defenses that Microsoft will present in this Investigation.

### The '712 Patent

121.    The '712 patent is invalid by reason of having been issued in violation of the U.S. patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112 thereof, or the Rules and Regulations of the Patent & Trademark Office relating thereto. For instance, the claims of the '712 patent are anticipated or obvious, taken alone or in combination: see Exhibit A.

### The '571 Patent

122.    The '571 patent is invalid by reason of having been issued in violation of U.S. patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 thereof, or the

Rules and Regulations of the Patent & Trademark Office relating thereto. For instance, the claims of the '571 patent are anticipated or obvious, taken alone or in combination: U.S. Patent Nos. 5,029,208; 5,073,935; 5,309,516; 5,341,425; and GB Patent No. 2 241 414 A.

### The '896 Patent

123.    The '896 patent is invalid by reason of having been issued in violation of U.S. patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 thereof, or the Rules and Regulations of the Patent & Trademark Office relating thereto. For instance, the claims of the '896 patent are anticipated or obvious, taken alone or in combination: U.S. Patent Nos. 5,696,903; 5,487,069; and 6,141,688.

### The '596 Patent

124.    The '596 patent is invalid by reason of having been issued in violation of U.S. patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 thereof, or the Rules and Regulations of the Patent & Trademark Office relating thereto. For instance, the claims of the '596 patent are anticipated or obvious, taken alone or in combination: U.S. Patent Nos. 4,437,119; 5,801,778; 5,737,020; Staffan Ericcson, "Fixed and Adaptive Predictors for Hybrid Predictive/Transform Coding," 1985; ITU-T Recommendation H.262 and ISO/IEC 13818-2, Generic Coding of Moving Pictures and Associated Audio Information: Video, 1995; Atul Puri, R. Aravinda and Barry Haskell, "Adaptive frame/field motion compensated video coding," 1993; Limin Wang, Rajeev Gandhi, Krit Panusopone, Yue Yu, and Ajay Luthra, "MB-Level Adaptive Frame/Field Coding for JVT, JVT-B106," January 21, 2002.

### The '094 Patent

125.    The '094 patent is invalid by reason of having been issued in violation of U.S. patent laws, including but not limited to 35 U.S.C. §§ 101,102, 103 and 112 thereof, or the Rules

and Regulations of the Patent & Trademark Office relating thereto. For instance, the claims of the '094 patent are anticipated or obvious, taken alone or in combination: U.S. Patent No. 5,500,678; Atul Puri, R. Aravinda and Barry Haskell, "Adaptive frame/field motion compensated video coding," 1993; Barry Haskell, Atul Puri, Arun N. Netravali, Digital Video: An introduction to MPEG-2 (Digital Multimedia Standards Series).

## THIRD ADDITIONAL DEFENSE

### (License and Patent Exhaustion/First Sale Doctrine)

126. Complainants' claims are barred in whole or part pursuant to an express and/or implied license, and/or patent exhaustion. Upon information and belief, and subject to further discovery, Complainants' claims are barred in whole or part because Microsoft sells products, or components thereof, that are the subject of an express license, sublicense, and/or implied license to the Asserted Patents or are subject to patent exhaustion.

127. For example, as Complainants allege that the '712, '571 and '896 patents are essential to practicing the 802.11 wireless networking standard developed by the Institute of Electrical and Electronics Engineers ("IEEE"), Complainants' claim of infringement of the '712, '571 and '896 patents are barred by an express license, sublicense, implied license, and/or the doctrine of patent exhaustion. Microsoft disputes that any of the Asserted Patents are essential to practicing any standard. Nevertheless, Complainants' assertion that their patents are essential to IEEE 802.11 renders them licensed, sublicensed, licensed by implication, and/or exhausted. Similarly, as Complainants allege that the '596 and '094 patents are essential to practicing the H.264 and/or MPEG-4 Part 10 video standards developed by the International Telecommunication Union ("ITU") and the International Organization for Standardization

31

("ISO"), Complainants' claim of infringement of the '596 and '094 patents are barred by an express license, sublicense, implied license, and/or the doctrine of patent exhaustion.

## FOURTH ADDITIONAL DEFENSE

### (Estoppel and Waiver)

128.    Complainants are estopped and/or have waived their claims. Complainants committed to the IEEE, ITU and ISO standards bodies that their essential patents are licensed on non-discriminatory bases offering fair and reasonable terms. Complainants intended, with these agreements, to induce reliance. Complainants knew, or should have reasonably expected, that they would induce companies to develop products compliant with the 802.11 wireless networking standard and the H.264 and MPEG-4 Part 10 video standards. Microsoft and others developed and marketed its products and services in reliance on Complainants' promises. Microsoft disputes that any of the Asserted Patents are essential to practicing any standard. However, to the extent Complainants claim any of the Asserted Patents are essential to the 802.11, H.264, and/or MPEG-4 Part 10 standards, Complainants have both waived their claim to and are estopped from claiming infringement and seeking any remedial order in the ITC, including an exclusion order or cease and desist order.

## FIFTH ADDITIONAL DEFENSE

### (Lack of Domestic Industry)

129.    Motorola has not adequately alleged and cannot prove the existence of a domestic industry, as required by Section 337(a)(2) and defined by Section 337(a)(3), in connection with any of the patents-in-suit, or that such domestic industry is in the process of being established.

## SIXTH ADDITIONAL DEFENSE

### (Relief Not in the Public Interest)

130. The relief sought by Motorola does not and would not further the public interest and there are strong public policy reasons for denying Motorola the relief sought.

## SEVENTH ADDITIONAL DEFENSE

### (Lack of Jurisdiction)

131. The Commission lacks jurisdiction pursuant to Section 337. Microsoft incorporates by reference paragraphs 126-128. Microsoft disputes that any of the Asserted Patents are essential to practicing any standard, but Complainants contend otherwise. Complainants' contention, therefore, precludes jurisdiction.

## EIGHTH ADDITIONAL DEFENSE

### (Failure to State a Claim)

132. Complainants' complaint fails to state a claim upon which relief can be granted. Microsoft incorporates by reference paragraphs 126-128 and 131. Microsoft disputes that any of the Asserted Patents are essential to practicing any standard, but Complainants contend otherwise. Complainants' actions preclude any claim of relief.

## RESPONSE TO THE NOTICE OF INVESTIGATION

Responding to the Notice of Investigation, Microsoft admits that such an Investigation exists, and that Microsoft Corporation is named as Respondent. Microsoft specifically denies that it violates section 337 by importing, selling for importation, and/or selling within the United States after importation any product that infringes, directly or indirectly, any valid and enforceable claim of any of United States Patent Nos. 5,319,712 ("the '712 patent"), 5,357, 571 ("the '571 patent"); 6,069,896 ("the '896 patent"); 6,980,596 ("the '596 patent"); and 7,162,094

33

("the '094 patent") (collectively, "the Asserted Patents").  Respondent further denies that the Asserted Patents are valid and enforceable.

Microsoft is without sufficient knowledge or information to form a belief as to whether an industry exists in the United States as required by subsection (a)(2) of section 337, and therefore denies that any such industry exists.

Except as admitted, Microsoft denies the remaining allegations of the Notice of Investigation.

## STATEMENT PURSUANT TO RULE 210.13(B)

<u>See</u> Confidential Exhibit B.

34

Dated: January 11, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _____

David T. Pritikin
Richard A. Cederoth
Douglas I. Lewis
John W. McBride
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

Teague I. Donahey
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Brian R. Nester
Kevin C. Wheeler
James P. Hughes
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711

Tung Nguyen
SIDLEY AUSTIN LLP
717 N. Harwood, Suite 3400
Dallas, TX 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

*Counsel for Respondent Microsoft
Corporation*

35

## VERIFICATION OF RESPONSE TO COMPLAINT AND NOTICE OF INVESTIGATION

I, ▮▮▮▮▮, declare as follows:

I am the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and I am duly authorized to sign this verification on behalf of Respondent Microsoft Corporation ("Microsoft").

I have read the foregoing RESPONDENT MICROSOFT CORPORATION'S RESPONSE TO MOTOROLA MOBILITY, INC. AND GENERAL INSTRUMENT CORPORATION'S COMPLAINT AND THE NOTICE OF INVESTIGATION ("the Response") and am familiar with its contents.

I do not have personal knowledge of every fact contained herein. To the best of my knowledge, information, and belief, formed after a reasonable inquiry within Microsoft for those facts for which I do not have personal knowledge, the foregoing responses and factual statements in the Response have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

The claims and legal contentions in the Response are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and

The Response is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this $\underline{11}$ day of January, 2011.  By: ▮▮▮▮▮▮▮▮▮▮▮▮

**Microsoft Corporation**

# EXHIBIT A

Prior Art for US Patent 5,319,712

## PATENTS

| Reference No. | Issuing Country | Patent No. | Date | Patentee |
|---|---|---|---|---|
| 1 | United States | 4,200,770 | 04/29/80 | Hellman, Diffie, Merkle |
| 2 | United States | 4,218,582 | 08/19/80 | Hellman, Merkle |
| 3 | United States | 4,288,659 | 09/08/81 | Atalla |
| 4 | United States | 4,405,829 | 09/20/83 | Rivest, Shamir, Adleman |
| 5 | United States | 4,418,425 | 11/29/83 | Fennel Jr., Heinz, Jr. |
| 6 | United States | 4,424,414 | 01/03/84 | Hellman, Pohlig |
| 7 | United States | 4,484,025 | 11/20/84 | Ostermann, Bitzer |
| 8 | United States | 4,596,898 | 06/24/86 | Pemmaraju |
| 9 | United States | 4,617,657 | 10/14/86 | Drynan, Baker |
| 10 | United States | 4,654,480 | 03/31/87 | Weiss |
| 11 | United States | 4,736,423 | 04/05/88 | Matyas |
| 12 | United States | 4,754,482 | 06/28/88 | Weiss |
| 13 | United States | 4,787,082 | 11/22/88 | Delaney, Fraser, Kalmanek, Restrick |
| 14 | United States | 4,817,143 | 03/28/89 | Murray |
| 15 | United States | 4,866,772 | 09/12/89 | Schroter |
| 16 | United States | 4,897,876 | 01/30/90 | Davies |
| 17 | United States | 4,901,312 | 02/13/90 | Hui, Valiveti, Patel, Lamont, Shah |
| 18 | United States | 4,910,777 | 03/20/90 | Larson, et al. |
| 19 | United States | 4,933,969 | 06/12/90 | Marshall, Mitchell, Proudler |
| 20 | United States | 4,939,718 | 07/03/90 | Servel, Quinquis, Lespagnol |
| 21 | United States | 4,975,952 | 12/04/90 | Mabey, Mervart |
| 22 | United States | 4,984,271 | 01/08/91 | Goto |

**PATENTS**

| Reference No. | Issuing Country | Patent No. | Date | Patentee |
|---|---|---|---|---|
| 23 | United States | 5,003,539 | 03/26/91 | Takemoto, Pasdera |
| 24 | United States | 5,008,938 | 04/16/91 | Freeburg White |
| 25 | United States | 5,010,571 | 04/23/91 | Katznelson |
| 26 | United States | 5,016,276 | 05/14/91 | Matumoto, Imai |
| 27 | United States | 5,029,208 | 07/02/91 | K Tanaka |
| 28 | United States | 5,070,528 | 12/03/91 | Hawe, Tardo, Kaufman, Gupta, Spinney, Waters |
| 29 | United States | 5,077,830 | 12/31/91 | Mallia |
| 30 | United States | 5,086,469 | 02/04/92 | Gupta, Kaufman, Kempf, Koning |
| 31 | United States | 5,091,942 | 02/25/92 | Dent |
| 32 | United States | 5,099,517 | 03/24/92 | Gupta, Hawe, Kempf, Lee |
| 33 | United States | 5,148,485 | 09/15/92 | Dent |
| 34 | United States | 5,161,193 | 11/03/92 | Lampson, Hawe, Gupta, Spinney |
| 35 | United States | 5,163,054 | 11/10/92 | Nagy |
| 36 | United States | 5,175,765 | 12/29/92 | Perlman |
| 37 | United States | 5,201,000 | 04/06/93 | Matyas, Johnson, Le, Prymak, Wilkins |
| 38 | United States | 5,235,595 | 08/10/93 | O'Dowd |
| 39 | United States | 5,235,644 | 08/10/93 | Gupta, Lampson, Hawe, Tardo, Kaufman, Kempf, Gasser, Herbison |
| 40 | United States | 5,239,294 | 08/24/93 | Flanders, et al. |
| 41 | United States | 5,239,584 | 08/24/93 | Hershey, Schmidt, Mancuso |

**PATENTS**

| Reference No. | Issuing Country | Patent No. | Date | Patentee |
|---|---|---|---|---|
| 42 | United States | 5,257,282 | 06/28/84 | Adkisson, Rattlingourd, Spencer, Zacheile |
| 43 | United States | 5,261,003 | 06/09/92 | Matsui |
| 44 | United States | 5,267,313 | 11/30/93 | Hirata |
| 45 | United States | 5,319,705 | 06/07/94 | Halter, et al. |
| 46 | United States | 5,349,642 | 09/20/94 | Kingdon |
| 47 | United States | 5,448,561 | 09/05/95 | Kaiser, Lohner, Mathony, Unruh, Zurmuehl, Brunke, Glasser, Linne |
| 48 | United States | 5,455,863 | 10/03/95 | Brown, Finkelstein, Smolinske |
| 49 | United States | 5,555,304 | 09/10/96 | Hasebe, Akiyama, Yoshioka |
| 50 | United States | 5,666,530 | 09/09/97 | Clark, Malisewski, Cooper, Crosswy, Crochet |
| 51 | European Community | EP 0 464 562 A2 | 01/08/92 | Hawe, Lampson, Gupta |
| 52 | European Community | EP 0 494 035 A2 | 07/08/92 | Nagy |
| 53 | European Community | EP 0334503A2 | 09/27/89 | Halliden, Avarne |
| 54 | European Community | EPA 0 310 360 A2 | 04/05/89 | Dolkas, Martin |
| 55 | United Kingdom | GB 2019060 A | 10/24/79 | Check |
| 56 | United Kingdom | GB 2020513A | 11/14/79 | Atalla |
| 57 | United Kingdom | GB 2047506A | 11/26/80 | Atalla |
| 58 | Japan | JP 05-115064 | 05/07/93 | |
| 59 | Japan | JPA H4-326221 | 11/16/92 | Takeshi, Kimura, et al |

**PATENTS**

| Reference No. | Issuing Country | Patent No. | Date | Patentee |
|---|---|---|---|---|
| 60 | Japan | JP 5-173921 | 07/13/93 | |
| 61 | Japan | JP 5-37522 | 02/12/93 | Aoyanagi |
| 62 | Japan | JP 60-3242 | 01/09/85 | |
| 63 | Japan | JP60003242(A) abstract | 01/09/85 | Katsuhiro, Tetsuya, Kumiko |
| 64 | Japan | JP63-167588 | 07/11/88 | Ishiyama |
| 65 | Japan | JPA 173921 | 07/03/93 | |
| 66 | Japan | JPA 173921 | 07/13/93 | |
| 67 | Japan | JPA 37522 | 02/12/93 | |
| 68 | Japan | JPA 7202 | 01/14/93 | |
| 69 | Japan | JPB 3224239 | 08/24/01 | |
| 70 | Patent Cooperation Treaty | WO 85/04299 | 09/26/85 | Pemmaraju |
| 71 | Patent Cooperation Treaty | WO 92/02095 | 02/06/92 | White |
| 72 | Patent Cooperation Treaty | WO 92/02103 | 02/06/92 | Flanders, Finkelstein, Puhl |
| 73 | Patent Cooperation Treaty | WO 92/14209 | 08/20/92 | Smythm Dervalk |
| 74 | Patent Cooperation Treaty | WO 93/11619 | 06/10/93 | Labaton |
| 75 | Patent Cooperation Treaty | WO 93/23938 | 05/15/92 | Crowley, Wickham |
| 76 | Patent Cooperation Treaty | WO 94/03003 | 05/04/93 | Rasmussen, LaBounty, Rosenow |

**NON-PATENT LITERATURE AND REFERENCES**

| Reference No. | Publication | Title | Author | Date | Pages |
|---|---|---|---|---|---|
| 77 | Mobile Data Report, Vol. 1, No. 1 | | | 09/15/88 | All |
| 78 | Mobile Data Report, Vol. 1, No. 2 | | | 10/15/88 | All |
| 79 | Mobile Data Report, Vol. 1, No. 3 | | | 11/15/88 | All |
| 80 | Mobile Data Report, Vol. 1, No. 4 | | | 12/15/88 | All |
| 81 | Mobile Data Report, Vol. 1, No. 5 | | | 01/15/89 | All |
| 82 | Mobile Data Report, Vol. 1, No. 6 | | | 02/15/89 | All |
| 83 | Mobile Data Report, Vol. 1, No. 7 | | | 03/15/89 | All |
| 84 | Mobile Data Report, Vol. 1, No. 8 | | | 04/15/89 | All |
| 85 | Mobile Data Report, Vol. 1, No. 9 | | | 05/15/89 | All |
| 86 | Mobile Data Report, Vol. 1, No. 10 | | | 06/19/89 | All |
| 87 | Mobile Data Report, Vol. 1, No. 11 | | | 07/03/89 | All |
| 88 | Mobile Data Report, Vol. 1, No. 12 | | | 07/17/89 | All |
| 89 | Mobile Data Report, Vol. 1, No. 13 | | | 07/31/89 | All |
| 90 | Mobile Data Report, Vol. 1, No. 14 | | | 08/14/89 | All |
| 91 | Mobile Data Report, Vol. 1, No. 15 | | | 09/11/89 | All |
| 92 | Mobile Data Report, Vol. 2, No. 1 | | | 09/25/89 | All |
| 93 | Mobile Data Report, Vol. 2, No. 2 | | | 10/09/89 | All |
| 94 | Mobile Data Report, Vol. 2, No. 3 | | | 10/23/89 | All |
| 95 | Mobile Data Report, Vol. 2, No. 4 | | | 11/06/89 | All |
| 96 | Mobile Data Report, Vol. 2, No. 5 | | | 11/20/89 | All |
| 97 | Mobile Data Report, Vol. 2, No. 6 | | | 12/04/89 | All |
| 98 | Mobile Data Report, Vol. 2, No. 8 | | | 01/15/90 | All |

## NON-PATENT LITERATURE AND REFERENCES

| Reference No. | Publication | Title | Author | Date | Pages |
|---|---|---|---|---|---|
| 99 | Mobile Data Report, Vol. 2, No. 9 | | | 01/30/90 | All |
| 100 | Mobile Data Report, Vol. 2, No. 10 | | | 02/12/90 | All |
| 101 | Mobile Data Report, Vol. 2, No. 11 | | | 02/26/90 | All |
| 102 | Mobile Data Report, Vol. 2, No. 11 | | | 03/12/90 | All |
| 103 | Mobile Data Report, Vol. 2, No. 11 | | | 03/26/90 | All |
| 104 | Mobile Data Report, Vol. 2, No. 12 | | | 04/09/90 | All |
| 105 | Mobile Data Report, Vol. 2, No. 13 | | | 04/23/90 | All |
| 106 | Mobile Data Report, Vol. 2, No. 16 | | | 05/07/90 | All |
| 107 | Mobile Data Report, Vol. 2, No. 17 | | | 05/21/90 | All |
| 108 | Mobile Data Report, Vol. 2, No. 18 | | | 06/04/90 | All |
| 109 | Mobile Data Report, Vol. 2, No. 19 | | | 06/18/90 | All |
| 110 | Mobile Data Report, Vol. 2, No. 20 | | | 07/02/90 | All |
| 111 | Mobile Data Report, Vol. 2, No. 21 | | | 07/16/90 | All |
| 112 | Mobile Data Report, Vol. 2, No. 22 | | | 07/30/90 | All |
| 113 | Mobile Data Report, Vol. 2, No. 23 | | | 08/13/90 | All |
| 114 | Mobile Data Report, Bonus Report | | | 08/13/90 | All |
| 115 | Mobile Data Report, Vol. 2, No. 24 | | | 09/10/90 | All |
| 116 | Mobile Data Report, Vol. 3, No. 1 | | | 09/24/90 | All |
| 117 | Mobile Data Report, Vol. 3, No. 2 | | | 10/8/90 | All |
| 118 | Mobile Data Report, Vol. 3, No. 3 | | | 10/22/90 | All |
| 119 | Mobile Data Report, Vol. 3, No. 4 | | | 11/05/90 | All |
| 120 | Mobile Data Report, Vol. 3, No. 5 | | | 11/19/90 | All |
| 121 | Mobile Data Report, Vol. 3, No. 6 | | | 12/03/90 | All |

6

## NON-PATENT LITERATURE AND REFERENCES

| Reference No. | Publication | Title | Author | Date | Pages |
|---|---|---|---|---|---|
| 122 | Mobile Data Report, Vol. 3, No. 7 | | | 12/17/90 | All |
| 123 | Mobile Data Report, Vol. 3, No. 8 | | | 01/14/91 | All |
| 124 | Mobile Data Report, Vol. 3, No. 9 | | | 01/28/91 | All |
| 125 | Mobile Data Report, Vol. 3, No. 10 | | | 02/11/91 | All |
| 126 | Mobile Data Report, Vol. 3, No. 11 | | | 02/25/91 | All |
| 127 | Mobile Data Report, Vol. 3, No. 12 | | | 03/11/91 | All |
| 128 | Mobile Data Report, Vol. 3, No. 13 | | | 03/25/91 | All |
| 129 | Mobile Data Report, Vol. 3, No. 14 | | | 04/08/91 | All |
| 130 | Mobile Data Report, Vol. 3, No. 15 | | | 04/22/91 | All |
| 131 | Mobile Data Report, Vol. 3, No. 16 | | | 05/06/91 | All |
| 132 | Mobile Data Report, Vol. 3, No. 17 | | | 05/20/91 | All |
| 133 | Mobile Data Report, Vol. 3, No. 18 | | | 06/03/91 | All |
| 134 | Mobile Data Report, Vol. 3, No. 19 | | | 06/17/91 | All |
| 135 | Mobile Data Report, Vol. 3, No. 20 | | | 07/01/91 | All |
| 136 | Mobile Data Report, Vol. 3, No. 21 | | | 07/15/91 | All |
| 137 | Mobile Data Report, Vol. 3, No. 22 | | | 08/12/91 | All |
| 138 | Mobile Data Report, Vol. 3, No. 23 | | | 08/26/91 | All |
| 139 | Mobile Data Report, Vol. 3, No. 24 | | | 09/09/91 | All |
| 140 | Mobile Data Report, Vol. 4, No. 1 | | | 09/23/91 | All |
| 141 | Mobile Data Report, Vol. 4, No. 2 | | | 10/7/91 | All |
| 142 | Mobile Data Report, Vol. 4, No. 4 | | | 11/04/91 | All |
| 143 | Mobile Data Report, Vol. 4, No. 5 | | | 11/18/91 | All |

**NON-PATENT LITERATURE AND REFERENCES**

| Reference No. | Publication | Title | Author | Date | Pages |
|---|---|---|---|---|---|
| 144 | Mobile Data Report, Vol. 4, No. 6 | | | 12/02/91 | All |
| 145 | Mobile Data Report, Vol. 4, No. 7 | | | 12/16/91 | All |
| 146 | Mobile Data Report, Vol. 4, No. 8 | | | 01/13/92 | All |
| 147 | Mobile Data Report, Vol. 4, No. 9 | | | 01/27/92 | All |
| 148 | Mobile Data Report, Vol. 4, No. 10 | | | 02/10/92 | All |
| 149 | Mobile Data Report, Vol. 4, No. 11 | | | 02/24/92 | All |
| 150 | Mobile Data Report, Vol. 4, No. 12 | | | 03/09/92 | All |
| 151 | Mobile Data Report, Vol. 4, No. 13 | | | 03/23/92 | All |
| 152 | Mobile Data Report, Vol. 4, No. 14 | | | 04/06/92 | All |
| 153 | Mobile Data Report, Vol. 4, No. 15 | | | 04/20/92 | All |
| 154 | Mobile Data Report, Vol. 4, No. 16 | | | 05/04/92 | All |
| 155 | Mobile Data Report, Vol. 4, No. 17 | | | 05/18/92 | All |
| 156 | Mobile Data Report, Vol. 4, No. 19 | | | 06/15/92 | All |
| 157 | Mobile Data Report, Vol. 4, No. 20 | | | 06/29/92 | All |
| 158 | Mobile Data Report, Vol. 4, No. 21 | | | 07/13/92 | All |
| 159 | Mobile Data Report, Vol. 4, No. 22 | | | 07/27/92 | All |

## NON-PATENT LITERATURE AND REFERENCES

| Reference No. | Publication | Title | Author | Date | Pages |
|---|---|---|---|---|---|
| 160 | Mobile Data Report, Vol. 4, No. 23 | | | 08/10/92 | All |
| 161 | Mobile Data Report, Vol. 4, No. 24 | | | 09/10/92 | All |
| 162 | Mobile Data Report, Vol. 4, No. 28 | | | 11/09/92 | All |
| 163 | Telecommunications Industry Association ("TIA")Standards and Submissions | | | Pre 08/1993 | All |
| 164 | American National Standards Institute ("ANCI"Standards and Submissions | | | Pre 08/1993 | All |
| 165 | Electronic Industries Alliance ("EIA") Standards andSubmissions | | | Pre 08/1993 | All |
| 166 | 3rd Generation Partnership Project 2 ("3GPP2") Standards and Submissions | | | Pre 08/1993 | All |
| 167 | IEEE CH2955-3/91/0000-0089 | A Communication Protocol for a Multi-Level Secure Network | Mazeikis, MacEwen | 03/91 | 89-103 |
| 168 | IEEE 1989 Article | A Cryptosystem Using Digital Signal Processors for Mobile Communication | Tatebayashi, Matsuzaki, Newman | 09/89 | 1145-1148 |
| 169 | ICUPC '93, IEEE | A NOVEL METHOD FOR KEY EXCHANGE AND AUTHENTICATIONWITH CELLULAR NETWORK APPLICATIONS | Coomaraswamy, Kumar | 1993 | 186-190 |
| 170 | Technical Report of IEICE, ISEC95-6 (1995-05) | A Study on Stream Ciphers suitable for Confitional Access to Digital Broadcasting System | Matsuzaki, Ohmori, Tatebayashi | 05/95 | All |
| 171 | | Applied Cryptography - Protocols, Algorithms, and Source Code in C | Schneier | 1996 | 1- 758 |

**NON-PATENT LITERATURE AND REFERENCES**

| Reference No. | Publication | Title | Author | Date | Pages |
|---|---|---|---|---|---|
| 172 | IEEE | Authentication and Encryption in a Mobile Communication System | Akiyama, Sasaki | 1993 | 927-930 |
| 173 | IEEE, 1993 | Authentication in Wireless Communications | Lin, Harn | 1993 | 550-554 |
| 174 | 1993 IEEE Symposium on Research in Security and Privacy | Authentication Method with Impersonal Token Cards | Molva, Tsudik | 1993 | 1-10 |
| 175 | TR45.3 Appendix A to IS-54 Rev. B: Dual-Mode Cellular System. | Authentication, Message Encryption, Voice Privacy Mask Generation, Shared Secret Data Generation, A-Key Verification, and Test Data | | 02/92 | All |
| 176 | | Computer Networks, Third Ed. | Tanenbaum | 1996 | 1-814 |
| 177 | ICWC '92 IEEE | Cryptographic Security Technoques for Digtal Mobile Telephones | Cooke, Brewster | 1992 | 425-428 |
| 178 | Computers & Security, Volume 12, No. 5 | Data Security in X.25 networks | Labuschagne, Roos | 08/93 | 469-475 |
| 179 | System Security 887 - Proceedings of the Conference Held in London | Data Security in X-25 Networks | Sherwood | 12/87 | 123-135 |
| 180 | AT&T Bell Labs, July 7, 1993 | Description of Receiver State Feedback Protocol | Nanda, Ejzak | 07/07/93 | 1-8 |
| 181 | NTT, Volume 37. No. 4/5 1988 | Electrical Communications Laboratories Technical Journal - in foreign language | Miyaguchi, Shiraishi, Shimizu | 1988 | 321-327 |
| 182 | | Handbook of Applied Cryptography | Menezes, Oorschoo, Vanstone | 1996 | 1-780 |
| 183 | Proceedings of 1992 Symposium on Research in computer Security CESORICS '92 | KryptoKnight Authentication and Key Distribution System | Molva, Tsudik, Van Herreweghen, Zatti | 08/24/93 | 1-16 |
| 184 | Ericsson Review, Vol. 64, No. 2 | Methods and Equipment for Encrypton | Blom, Ejewall, Moquist | 1987 | 58-65 |

## NON-PATENT LITERATURE AND REFERENCES

| Reference No. | Publication | Title | Author | Date | Pages |
|---|---|---|---|---|---|
| 185 | TIA/EIA Standard | Mobile Station – Base Station Compatibility Standard | | 11/99 | All |
| 186 | PGP User's Guide Vol. 1: Essential Topics; PGP Ver. 2.0 1 Sep 92 | Phil's Pretty Good Software Presents - PGP - Pretty Good Privacy Public key Encryption for the Masses | Zimmerman, Finney, Lankester, Gutmann | 09/03/92 | 1-31 |
| 187 | | PKCS #5: Password-Based Encryption Standard, RSA Data Security Inc., Version 1.4 | | 06/03/91 | 1-7 |
| 188 | IEEE Journal on Selected Areas in Communications Vol.11, No. 6 | Privacy and Authentication on a Portable Communication System | Beller, Chang | 08/93 | 821-829 |
| 189 | Proceedings of the IEEE Vol. 67, No. 3, March 1979 | Privacy and Authentication: An Introduction to Cryptography | Diffie, Hellman | 03/79 | 397-427 |
| 190 | AT&T Bell Labs, July 7, 1993 | Proposed RLP Header Formats | Ejzak | 07/07/93 | 1-3 |
| 191 | Proceedings of 1st International Conference on Computer Workstations | Protocol Architecture for an Integrated, Encrypted Voice and Data Workstation Acessing a Packet-Switched Network | Kelly, Oestereicher, Gan | 11/11/85 | 151-156 |
| 192 | CRYPTO 82 | Randomized Encryption Techniques | Rivest, Sherman | 1982 | 145-166 |
| 193 | Globecom '85 IEEE Global Telecommunciations Conference | Secure Packet voice Integration in a Generic Packet Switched Network; Part II - Protocol Architecture | Bernet, Gan, Oestereicher | 12/21/85 | 829-836 |
| 194 | | Security for Computer Networks, An Introduction to Data Security In Teleprocessing And Electronic Funds Transfer, 1984 | Davies, Price | 1984 | 360-365 |
| 195 | The Journal for Professional Engineers | Stream Enscryption | McArdle | 08/97 | 821-822 |

### NON-PATENT LITERATURE AND REFERENCES

| Reference No. | Publication | Title | Author | Date | Pages |
|---|---|---|---|---|---|
| 196 | Addison-Wesley Publishing Co., 1993 | The Basics Book of OSI and Network Management | Motorola, Inc. | 1993 | 1-57 |
| 197 | Abstract, MIT | The Evolution of the Kerberos Authentication Service | Kohl, Neuman, Ts'o | 1991 | 1-15 |
| 198 | | Understanding the Raw Materials o the Internet  - The First Book of Compression & Encryption | Hifn | | 1-26 |
| 199 | Communications of the ACM, Vol. 21, No. 12 | Using Encryption for Authentication in Large Networks of Computers | R Gaines | 12/78 | 994-999 |
| 200 | | Why Encryption on the Internet Really Works  - The Magic Public Key Encryption | Hifn | | 1-30 |
| 201 | | A5/1 GSM Algorithm specification | | | All |
| 202 | | Rules for the Management and Distribution of the GSM A5/1 Algorithm Use for Signalling and Data Privacy" (SG.01) | | | All |
| 203 | | Confidentiality and Restricted Usage Undertaking Related to the A5/1 Algorithm for Signalling and Data Privacy" (SG.02) | | | All |

**ITEMS OFFERED FOR SALE OR PUBLICLY USED OR KNOWN**

| Reference No. | Item |
|---|---|
| 204 | Pretty Good Privacy Encryption Algorithm |
| 205 | A5/1 GSM Encryption Algorithm |

# EXHIBIT B

**PUBLIC EXHIBIT B**

**STATEMENT PURSUANT TO RULE 210.13(B)**

In the Matter of *Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*
Inv. No. 337-TA-752

## CERTIFICATE OF SERVICE

I hereby certify that copies of **Respondent Microsoft Corporation's Response to Motorola Mobility, Inc. and General Instrument Corporation's Complaint and the Notice of Investigation** were served on the following parties as indicated below on this 11th day of January, 2011 as indicated:

| | |
|---|---|
| The Honorable Marilyn R. Abbott<br>Secretary to the Commission<br>U.S. International Trade Commission<br>500 E Street, SW, Room 112<br>Washington, DC 20436 | HAND DELIVERY |
| The Honorable Carl C. Charneski<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, SW, Suite 317<br>Washington, DC 20436 | HAND DELIVERY |
| Pyong Yoon<br>Attorney-Advisor<br>U.S. International Trade Commission<br>500 E Street, SW, Suite 317<br>Washington, DC 20436 | EMAIL<br><br>pyong.yoon@usitc.gov |
| Anne Goalwin<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, SW, Suite 317<br>Washington, DC 20436 | HAND DELIVERY |
| *Counsel for Complainant Motorola Mobility, Inc.<br>and General Instrument Corporation*<br><br>Charles F. Schill<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036 | HAND DELIVERY |

*Jennifer L. Gordon*

In the Matter of *Certain Gaming and Entertainment Consoles, Related Software, and Components Thereof*
Inv. No. 337-TA-752

## CERTIFICATE OF SERVICE

I hereby certify that copies of the Public Version of **Respondent Microsoft Corporation's Response to Motorola Mobility, Inc. and General Instrument Corporation's Complaint and the Notice of Investigation** were served on the following parties as indicated below on this 26th day of January, 2011 as indicated:

| | |
|---|---|
| The Honorable Marilyn R. Abbott<br>Secretary to the Commission<br>U.S. International Trade Commission<br>500 E Street, SW, Room 112<br>Washington, DC  20436 | EDIS |
| The Honorable Carl C. Charneski<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, SW, Suite 317<br>Washington, DC  20436 | HAND DELIVERY |
| Pyong Yoon<br>Attorney-Advisor<br>U.S. International Trade Commission<br>500 E Street, SW, Suite 317<br>Washington, DC  20436 | EMAIL<br><br>pyong.yoon@usitc.gov |
| Anne Goalwin<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, SW, Suite 317<br>Washington, DC  20436 | HAND DELIVERY and EMAIL<br><br>anne.goalwin@usitc.gov |
| ***Counsel for Complainant Motorola Mobility, Inc. and General Instrument Corporation***<br><br>Charles F. Schill<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036 | HAND DELIVERY and EMAIL<br><br>S&JMotorola752@steptoe.com |

*Jennifer L. Gordon*