THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

    Plaintiff,

vs.

MOTOROLA, INC., et al.,

    Defendants.

---

MOTOROLA MOBILITY LLC, et al.,

    Plaintiffs,

vs.

MICROSOFT CORPORATION,

    Defendant.

Case No. C10-1823-JLR

MICROSOFT'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE

C10-1823-JLR

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## I. INTRODUCTION

Microsoft respectfully requests that the Court decline Motorola's eleventh hour invitation to change the settled manner in which this case is being presented to the jury. Motorola's request for judicial notice is irreconcilable with the Court's careful handling throughout this trial concerning the manner in which the jury is presented with findings that cannot be contested, such as this Court's Findings of Fact and Conclusions of Law. Indeed, the Court's precautions were often prompted by Motorola's objections.

Motorola's request is also untimely. Under Federal Rule of Civil Procedure 16, Motorola should have made its request through the pretrial order or in the pretrial conference. Motorola failed to do so, and subsequently failed to raise the issue during the Court's informal final jury instruction conference or in Motorola's proposed final jury instructions.

And, fundamentally, Motorola asks that the jury be instructed to accept as true facts that are irrelevant, incomplete, and prejudicial, contrary to Federal Rules of Evidence 402 and 403, and propositions that are subject to dispute, contrary to Rule 201.

For all of these reasons, Motorola's request should be denied.

## II. ARGUMENT

### A. Motorola's Request is Untimely

Motorola's request for judicial notice has come too late. Pursuant to Federal Rule of Civil Procedure 16, the parties submitted a pretrial order on July 29, 2013 (Dkt. 803) and the Court held a pretrial conference on August 13, 2013. Under Rule 16, matters for consideration at the pretrial conference include: (i) formulating and simplifying the issues; (ii) obtaining admissions and stipulations about facts and documents to avoid unnecessary proof; (iii) avoiding unnecessary proof and cumulative evidence; and (iv) facilitating in other ways the just, speedy, and inexpensive disposition of the action. Fed. R. Civ. P. 16. But Motorola made no request for judicial notice—nor did it even raise the specter of judicial notice—in its

MICROSOFT'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE- 1

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

proposed pretrial order or at the pretrial conference. Pursuant to Rule 16, after the final pretrial conference, the pretrial order may be modified <u>only to prevent manifest injustice</u>. Fed. R. Civ. P. 16(e). Motorola's request does not allege any manifest injustice it will suffer if its request is denied.

Motorola's request also basically just rehashes its failed effort to inject a series of irrelevant half-truths as "stipulated" facts into the jury instructions. At the August 13 pretrial conference, the Court asked the parties to submit revised proposals for preliminary jury instruction number 2. (8/13/13 Tr. at 7-8.) On August 19, Motorola submitted its proposal, and also exceeded the Court's request by submitting a revised preliminary instruction number 18 and final instruction number 11, concerning alleged "stipulated facts" that substantially mirror the "facts" recited in Motorola's Request for Judicial Notice. (Dkt. 858.) As Microsoft described in an August 20 letter, these "facts" were not "stipulated" to at all. (Dkt. 862.) The Court addressed this issue during an August 23 phone conference: "The court believes that the only stipulated facts in this matter are found in your pretrial order on Page 5. It is entitled 'admitted facts.' It says 'facts to which all the parties agree.' Short of that, I see nothing each of you has submitted that says both of you agree as to anything. So know that is our operating assumption as to where you are in terms of stipulated facts." (8/23/13 Rough Tr. at 29:25-30:7.) Motorola's request for judicial notice of these very same "facts" is nothing more than an end-run around both the Court's order and the "operating assumption" that has long controlled this case.

Finally, Motorola's request asks that the jury be instructed to accept certain propositions as true. But the time for amending has come and gone. This Court held an informal conference to discuss the jury instructions on August 29th. If Motorola wanted the Court to judicially notice certain facts for purposes of the final jury instructions, it should have

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE- 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

said so at that time.  The next day, the parties each submitted their proposed final jury instructions—again, Motorola made no mention of judicial notice.

**B.  Motorola's Request Concerns Irrelevant and Disputed Propositions.**

Motorola's proposed facts for judicial notice have been cherry-picked, creating an incomplete and misleading perception.  Permitting such proposed "facts" to be presented to the jury as truth would violate Federal Rules of Evidence 201, 402 and 403.  A few examples of these incomplete and misleading "facts" are discussed below.

Proposed Fact 3.  Motorola asks that the jury be instructed regarding the 21 day period for response to a summons pursuant to Rule 12 of the Federal Rules of Civil Procedure.  (Dkt. 896 at 2.)  The relevance of this instruction is unclear.  It appears that Motorola wants the jury to infer from this deadline in the Federal Rules of Civil Procedure that Motorola's 20 day deadline in the October 2010 letters was not unreasonable.  This non-sequitur is improper under Rules 402 and 403, and, in fact, contrary to routine practice in the Federal Courts in which the time for such answers is extended commonly to 45 days or longer.[1]

Proposed Facts 5 and 6.  Motorola asks that the jury be instructed about the fact that Microsoft contested non-infringement and invalidity of Motorola's patents.  (Dkt. 896 at 304.)  First, this evidence has already come in, at least through cross-examination of David Killough.[2]  Thus, there is no need for judicial notice; indeed, taking judicial notice of a fact already in evidence would improperly highlight the importance of that particular fact as compared to other facts presented by the parties.  Second, it is irrelevant: the FTC[3] and EC[4] have both stated that a party is entitled to contest validity and infringement while still seeking a

---

[1] Indeed, in this case the parties stipulated to an extension of time for Motorola to file its answer.  (Dkt. 34).

[2] 9/3/13 Tr. (Killough) __:__ (transcript not yet available).

[3] Wion Decl. Exhibit A (Trial Ex. 6836) at Article II(E)(2).

[4] Wion Decl. Exhibit B (Trial Ex. 6076 at MS-MOTO_1823_00005258273).

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE- 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   RAND license, and Motorola and its parent company Google have consented to that rule.[5]
2   Such proposed facts are thus irrelevant and highly prejudicial to Microsoft in that they
3   improperly suggest that Microsoft's defending itself in these cases was inconsistent with its
4   request for a RAND license.

5         Proposed Fact 7.  Motorola wants the jury instructed that the ALJ initially found that
6   the four Motorola's SEPs asserted in the ITC were infringed and were not invalid.  (Dkt. 896 at
7   4.)  This request is legally improper under Rule 201.  Specifically, "when a court takes judicial
8   notice of another court's opinion, it may do so not for the truth of the facts recited therein, but
9   for the existence of the opinion, which is not subject to reasonable dispute over its
10  authenticity."  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).  *See also Wyatt v.
11  Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) ("taking judicial notice of findings of fact from
12  another case exceeds the limits of Rule 201"); *Amponsah v. Holder*, 709 F.3d 1318, 1327 n.5
13  (9th Cir. 2013) ("A court in one case may not take judicial notice of the truth of judicial
14  findings of fact in another case…").  Furthermore, Motorola's request is incomplete,
15  misleading and prejudicial:  the Commission remanded the case for a new hearing,[6] Motorola
16  withdrew its 802.11 patents before that hearing,[7] and Motorola withdrew its H.264 patents
17  after that hearing but before the Remand Initial Determination issued.[8]  In the Remand ID, the
18  ALJ found that Microsoft did not infringe the remaining patent,[9] and the Commission
19  affirmed.[10]  Thus, the referenced finding of the ALJ does not even remain the law of the ITC
20  case.  But, moreover, as it relates only to this single document, the same Initial Determination

---

[5] Wion Decl. Exhibit A (Trial Ex. 6836) at Article II(E)(2).

[6] Wion Decl. Exhibit C (Trial Ex. 6828, Inv. No. 337-TA-752, 10/24/12 Motion to Terminate).

[7] Wion Decl. Exhibit D (Trial Ex. 1635, Inv. No. 337-TA-752, 6/29/12 Remand Order).

[8] Wion Decl. Exhibit E (Trial Ex. 6829, Inv. No. 337-TA-752, 1/8/13 Motion to Terminate).

[9] Wion Decl. Exhibit F (Inv. No. 337-TA-752, 3/22/13 Final Initial Remand Determination).

[10] Wion Decl. Exhibit G (Trial Ex. 6005, Inv. No. 337-TA-752, 5/23/13 Commission Notice Not to Review).

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE- 4

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1  referenced in Proposed Fact 7 made an explicit finding that Motorola's offers were a sham that
2  no reasonable company could have ever accepted.[11]  At a minimum, that finding (and similar
3  statements) must also be presented to the jury as "facts" (in the event that Motorola's request is
4  granted, which it should not be).

   Proposed Fact 9.  Motorola asks that the jury be instructed that this Court in May 2012 stated that Microsoft was willing to take a license on RAND terms.  (Dkt. 896 at 4-5.)  First, this evidence has already been presented, at least through the testimony of Horacio Gutierrez and David Killough,[12] so the request should be rendered moot.  Second, it is misleading:  from Proposed Fact 9, the jury is likely to believe that Microsoft did not state that it was ready and willing to take a license until May 2012 (or January 2012), when in fact Microsoft made the referenced statement at least as early as its September 30, 2011 pleading.[13]

   Proposed Fact 10.  Motorola wants the jury instructed that on June 6, 2012 this Court denied Motorola's motion for summary judgment on repudiation.  (Dkt. 896 at 5.)  Again, this is misleading:  Motorola suggests that when it filed the lawsuits, it believed that Microsoft had repudiated Motorola's RAND commitment.  Motorola had RAND obligations the entire period—they did not change after this ruling.  Moreover, the request omits the fact that the Court denied Motorola's Motion to Dismiss on this same basis in June 2011, causing the reference to be both misleading and potentially confusing to the jury.[14]

**C. Granting Motorola's Request Would Prejudice Microsoft.**

   Motorola's request comes so late, and relates solely to such irrelevant and incomplete propositions, that Microsoft would be severely prejudiced if this Court were to grant the

---

[11] Wion Decl. Exhibit H (Trial Ex. 3419, Inv. No. 337-TA-752, 4/23/12 Initial Determination at 300-301).

[12] 8/28/13 Tr. (Gutierrez) at 167:21-168:1; 168:16-18; 8/29/13 Tr. (Gutierrez) at 62:14-63:11; 9/3/13 Tr. (Killough) __:__ (transcript not yet available).

[13] 9/3/13 Tr. (Killough) __:__ (transcript not yet available); Dkt. 96 at 9.

[14] Dkt. 66.

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE- 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

request.  Specifically, Microsoft has spent a considerable portion of its trial time establishing facts through competent witnesses as the Court required both parties to do—including facts that were previously found by this Court that are binding on the parties, such as the Findings of Fact and Conclusions of Law.  (*See* 8/23/13 Tr. at 27-28; Dkt. 870.)  Microsoft was put to this burden because of Motorola's strenuous objections to including these binding facts in the instructions to the jury.  Now, on the final day of trial, Motorola wants to sidestep that burden for the "facts" that it finds helpful to its defense.  Such an uneven burden would be highly prejudicial, particularly with respect to Motorola's proposed findings that characterize prior rulings of this Court, for example Proposed Facts 4, 9, 10, and 11 in Motorola's request.  (Dkt. 896 at 3-5.)

Moreover, Motorola's request would create a misleading hierarchy of proof.  Microsoft was required to present binding facts to the jury through the testimony of witnesses, whereas Motorola wants the jury instructed that certain "facts" must be taken as <u>true</u>—i.e., not weighed along with all the other evidence that has been presented.  Particularly with respect to Proposed Facts 4 and 9, Motorola attempts to convert selected statements made in the context of this Court's orders (in footnotes, no less), as conclusive.  This would be manifestly unfair, as Microsoft has been precluded from presenting any of the Findings of Fact and Conclusions of Law to the jury as conclusive—even findings that were integral to the Court's RAND determination.  Motorola's request would unfairly elevate Motorola's "facts" over others, both by the content of the requested instruction and by its timing, as these "facts" will be fresh in the minds of the jurors as they begin deliberations.

### III. CONCLUSION

For all the foregoing reasons, Motorola's request should be denied.  Should the Court consider granting any portion of Motorola's request, Microsoft requests that the Court include in its Final Instructions all portions of its April 19, 2013 Findings of Fact and Conclusions of

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE- 6

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   Law that were read to the jury during the trial as well as the selected Findings of Fact and

2   Conclusions of Law that Microsoft proposed be included in the Final Instructions, as set forth

3   in Microsoft's disclosure of Excerpts of Prior Court Orders Upon Which Microsoft Intends to

4   Rely at Trial, filed August 19, 2013.  (Dkt. 860).

7   DATED this 3rd day of September, 2013.

CALFO HARRIGAN LEYH & EAKES LLP

By   s/Arthur W. Harrigan, Jr.
     Arthur W. Harrigan, Jr., WSBA #1751

By   s/Christopher Wion
     Christopher Wion, WSBA #33207

By   s/Shane P. Cramer
     Shane P. Cramer, WSBA #35099
     999 Third Avenue, Suite 4400
     Seattle, WA  98104
     Phone:  206-623-1700
     arthurh@calfoharrigan.com
     chrisw@calfoharrigan.com
     shanec@calfoharrigan.com

By   s/T. Andrew Culbert
     T. Andrew Culbert

By   s/David E. Killough
     David E. Killough

     MICROSOFT CORPORATION
     1 Microsoft Way
     Redmond, WA  98052
     Phone:  425-882-8080
     Fax:  425-869-1327

     David T. Pritikin
     Richard A. Cederoth

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE- 7

| | |
|---|---|
| 1 | Constantine L. Trela, Jr. |
| 2 | William H. Baumgartner, Jr. |
|   | Ellen S. Robbins |
| 3 | Douglas I. Lewis |
|   | David C. Giardina |
| 4 | John W. McBride |
|   | Nathaniel C. Love |

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

---

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE- 8

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 3rd day of September, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Summit Law Group | _____ US Mail |
| 315 Fifth Ave. South, Suite 1000 | _____ Facsimile |
| Seattle, WA  98104-2682 | __X___ ECF |
| Telephone:  206-676-7000 | |
| Email: Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X___ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email: steven.pepe@ropesgray.com | |
| Email: jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X___ ECF |
| Telephone:  (650) 617-4030 | |
| Email: norman.beamer@ropesgray.com | |

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE- 9

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

| | | |
|---|---|---|
| 1 | Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
| | Ropes & Gray LLP | _____ US Mail |
| 2 | One Metro Center | _____ Facsimile |
| | 700 12th Street NW, Suite 900 | __X___ ECF |
| 3 | Washington, DC  20005-3948 | |
| | Telephone:  (202) 508-4693 | |
| 4 | Email: Paul.schoenhard@ropesgray.com | |

Andrea Pallios Roberts (*pro hac vice*)   _____ Messenger
Brian C. Cannon (*pro hac vice*)   _____ US Mail
Elanor Mangin (*pro hac vice*)   _____ Facsimile
Quinn Emanuel Urquhart & Sullivan, LLP   __X___ ECF
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Email: andreaproberts@quinnemanuel.com
Email: briancannon@quinnemanuel.com

Kathleen M. Sullivan (*pro hac vice*)   _____ Messenger
David Elihu (*pro hac vice*)   _____ US Mail
Ellyde Roko Thompson (*pro hac vice*)   _____ Facsimile
Quinn Emanuel Urquhart & Sullivan, LLP   __X___ ECF
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Email: kathleensullivan@quinnemanuel.com

William Price (*pro hac vice*)   _____ Messenger
Quinn Emanuel Urquhart & Sullivan, LLP   _____ US Mail
865 S. Figuera St., 10th Floor   _____ Facsimile
Los Angeles, CA 90017   __X___ ECF
Telephone:  (212) 443-3000
Email: williamprice@quinnemanuel.com
MicrosoftvMotoBreachofRANDCase@quinnemanuel.com

DATED this 3rd day of September, 2013.

        s/  Florine Fujita
        FLORINE FUJITA

MICROSOFT'S RESPONSE TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE- 10

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717