# EXHIBIT C

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

Before the Honorable David P. Shaw
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>CERTAIN GAMING AND<br>ENTERTAINMENT CONSOLES,<br>RELATED SOFTWARE, AND<br>COMPONENTS THEREOF | Investigation No. 337-TA-752<br>(Remand Proceeding) |

## MOTOROLA'S MOTION TO TERMINATE THIS INVESTIGATION IN PART WITH RESPECT TO U.S. PATENTS NO. 5,319,712 AND NO. 5,357,571

Pursuant to Commission Rule 210.21(a)(1), Complainants Motorola Mobility LLC and General Instrument Corporation (collectively "Motorola") respectfully request termination of the subject Investigation in part with respect to U.S. Patents No. 5,319,712 and No. 5,357,571 (collectively "the 802.11 Patents"). This termination is sought on the basis of Motorola's withdrawal of its allegations against Respondent Microsoft Corporation ("Microsoft") pertaining to the 802.11 Patents in this Investigation.

### I. FACTUAL BACKGROUND

On November 22, 2010, Motorola filed a Complaint against Microsoft based on violations of five patents. The Investigation was instituted December 23, 2010, and the target date was set for May 23, 2012; *see* Order No. 5 (January 13, 2011).

An Initial Determination was issued on April 24, 2012, finding a violation of section 337 based on four of the patents, including one of the 802.11 Patents (the '571 patent). Petitions for review were filed by both Microsoft and Motorola, and rather than proceeding to issue a Final Determination, the Commission remanded the case back to the Administrative Law Judge

Case No. 10-1823, W.D.Wash.
MICROSOFT TRIAL EXHIBIT
**6828**

MOTOROLA CONFIDENTIAL FINANCIAL INFORMATION - OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER          MOTM_WASH1823_0615149

("ALJ") on June 29, 2012, "to (1) apply the Commission's opinion in *Certain Electronic Devices with Image Processing Systems, Components Thereof, and Associated Software*, Inv. No. 337-TA-724; (2) rule on Microsoft's motion for partial termination of the investigation filed June 22, 2012; and (3) issue a final initial remand determination ('RID') on violation and a recommended determination ('RD') on remedy and bonding." *See* Comm'n Remand Order (June 29, 2012) at 2. The ALJ subsequently issued Order No. 42 on July 24, 2012, which scheduled a hearing to occur on December 5-6, 2012 and the Remand ID to be due on March 22, 2013, and set a new target date for completion of this Investigation on July 23, 2013. The target date and the Remand ID date were the subject of a Commission Determination Not To Review, issued August 22, 2012.

## II. LEGAL STANDARD

Commission Rule 210.21(a)(1) provides that:

> Any party may move at any time prior to the issuance of an initial determination on violation of section 337 of the Tariff Act of 1930 to terminate an investigation in whole or in part as to any or all respondents, on the basis of withdrawal of the complaint or certain allegations contained therein, . . . .

"In the absence of extraordinary circumstances, termination of an Investigation is readily granted to a complainant during the prehearing stage of an Investigation." *Certain Electronic Devices, Including Power Adapters, Power Converters, External Batteries and Detachable Tips, Used to Power and/or Charge Mobile Electronic Products and Components Thereof*, Inv. No. 337-TA-513, Order No. 8 (Nov. 1, 2004); *see also Certain Video Cassette Devices and Television/Video Cassette Combination Devices and Methods of Using Same*, Inv. No. 337-TA-464, Order No. 5 (April 10, 2002); *Certain Ultrafiltration Membrane Systems, & Components Thereof, Including Ultrafiltration Membranes*, Inv. No. 337-TA-107, Commission Action and

MOTOROLA CONFIDENTIAL FINANCIAL INFORMATION - OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER          MOTM_WASH1823_0615150

Order at 1-2 (March 11, 1982). The Commission has also granted motions to terminate in later stages of an investigation, including a case that was on remand following appeal to the U.S. Court of Appeals for the Federal Circuit. *See Certain High-Brightness Light-Emitting Diodes and Products Containing Same*, Inv. No. 337-TA-556 (Remand), Order No. 5 (August 18, 2009), Comm'n Notice Not To Review (Sept. 2, 2009).

"Extraordinary circumstances" that support continuing an investigation despite a complainant's motion to terminate are very limited. *See Certain Starter Kill Vehicle Security Systems*, Inv. No. 337-TA-379, Order No. 13 (March 5, 1996) (respondent's objection to termination does not constitute an exceptional circumstance to deny a motion to terminate); *Certain Transport Vehicle Tires*, Inv. No. 337-TA-390, Order No. 17 (January 30, 1997) (a pending motion for summary determination is also not an exceptional circumstance sufficient to deny a complainant's motion for termination). An investigation will continue despite a complainant's motion to terminate only if the circumstances raise "substantial public interest concerns." *Certain Starter Kill Vehicle Security Systems*, Inv. No. 337-TA-379, Order No. 13.

Public policy also supports termination, as public and private resources will be conserved. *See Certain Power Supplies,* Inv. No. 337-TA-646, Order No. 18 (Jan. 5, 2009); and *Certain Hard Disk Drives, Components Thereof, and Products Containing the Same*, Inv. No. 337-TA-616, Order No. 17 (May 13, 2008).

Terminations cannot be "with prejudice" or "without prejudice." *See, e.g., Certain Bar Clamps, Bar Clamp Pads, & Related Packaging, Display, & Other Materials*, Inv. No. 337-TA-429, Comm'n Op. (Pub. Version), at 7 (Feb. 13, 2001).

MOTOROLA CONFIDENTIAL FINANCIAL INFORMATION - OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER    MOTM_WASH1823_0615151

## III. ARGUMENT

Motorola hereby withdraws its allegations against Microsoft pertaining to the 802.11 Patents and thus moves to terminate the Investigation in part as to these Patents.

This motion to terminate is timely brought, as the Remand ID is not due until March 2013 and the remand hearing has not yet even occurred. Rule 210.21(a)(1) requires bringing a motion to terminate "any time prior to the issuance of an initial determination on violation of section 337 ..." In the context of a remand proceeding, Motorola submits that this language logically contemplates the *remand* initial determination, as was done in *Certain High-Brightness Light-Emitting Diodes*, Inv. No. 337-TA-556 (Remand), Order No. 5 (August 18, 2009), Comm'n Notice Not To Review (Sept. 2, 2009). To mechanically treat the language of 210.21(a)(1) as referring to the original initial determination would preclude a complainant from ever terminating its case during a remand prehearing stage despite its willingness to withdraw certain allegations that had been made against a respondent. No Commission precedent has been found supporting such a notion, nor does public policy encourage this strict construction.

Additionally, Motorola is serving the public interest by terminating as to the 802.11 Patents because this will save the Commission's, the ALJ's, and the private parties' resources and time by eliminating two patents from this case.

In filing the present motion, Motorola does not waive any rights, including for past damages, in its currently-pending lawsuits against Microsoft in the U.S. District Courts for the Western District of Washington and the Western District of Wisconsin. Motorola intends to enforce its rights for past damages in the District Court lawsuits.[1] There are no agreements,

---

[1] A condition of this same nature was included in the complainant's termination, and also acknowledged by the ALJ, in *Certain High-Brightness Light-Emitting Diodes*. *Id.*

MOTOROLA CONFIDENTIAL FINANCIAL INFORMATION - OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER    MOTM_WASH1823_0615152

written or oral, express or implied, between the parties concerning the subject matter of the Investigation.

## IV. CERTIFICATION

As required by Ground Rule 5(e), counsel for Motorola has made reasonable and good faith efforts to discuss this matter with counsel for Microsoft. On Monday, October 22, 2012, counsel for Motorola discussed this by telephone with counsel for Microsoft, who indicated that Microsoft would not oppose this motion.

## V. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that the Commission terminate this Investigation in part as to U.S. Patents No. 5,319,712 and No. 5,357,571.

Respectfully submitted,

October 24, 2012

By: /s/ Stephen J. Rosenman
Stephen J. Rosenman
Paul M. Schoenhard
**Ropes & Gray LLP**
One Metro Center
700 12th Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4600
Facsimile: (202) 508-4650

Jesse J. Jenner
Steven Pepe
Kevin J. Post
**Ropes & Gray LLP**
1211 Avenue of the Americas
New York, NY 10020
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

5

MOTOROLA CONFIDENTIAL FINANCIAL INFORMATION - OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER        MOTM_WASH1823_0615153

Norman H. Beamer
Mark D. Rowland
Gabrielle E. Higgins
**Ropes & Gray LLP**
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

Charles F. Schill
John M. Caracappa
Jamie B. Beaber
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Counsel for Complainants*
*Motorola Mobility LLC and*
*General Instrument Corporation*

6

MOTOROLA CONFIDENTIAL FINANCIAL INFORMATION - OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER    MOTM_WASH1823_0615154

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

Before the Honorable David P. Shaw
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>CERTAIN GAMING AND<br>ENTERTAINMENT CONSOLES,<br>RELATED SOFTWARE, AND<br>COMPONENTS THEREOF | Investigation No. 337-TA-752<br>(Remand Proceeding) |

**ORDER NO. __:   GRANTING COMPLAINANTS' MOTION TO TERMINATE THIS INVESTIGATION IN PART WITH RESPECT TO U.S. PATENTS NO. 5,319,712 AND NO. 5,357,571**

Having considered Complainants' Unopposed Motion To Terminate This Investigation In Part With Respect To U.S. Patents No. 5,319,712 and No. 5,357,571, it is hereby **ORDERED** that Complainants' Motion (752-___) is **GRANTED**.

**SO ORDERED** this ___ day of _____, 2012.

_____
David P. Shaw
Administrative Law Judge

MOTOROLA CONFIDENTIAL FINANCIAL INFORMATION - OUTSIDE ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER    MOTM_WASH1823_0615155

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2012, copies of the foregoing MOTOROLA'S MOTION TO TERMINATE THIS INVESTIGATION IN PART WITH RESPECT TO U.S. PATENTS NO. 5,319,712 AND NO. 5,357,571 were caused to be served upon the following, via delivery methods indicated:

**BY ELECTRONIC DELIVERY (EDIS + copies, as required)**
The Honorable Lisa R. Barton
Acting Secretary
U.S. International Trade Commission
500 E Street SW
Suite 112
Washington, DC 20436

**BY HAND (2 copies)**
The Honorable David P. Shaw
Administrative Law Judge
U.S. International Trade Commission
500 E Street SW
Suite 317
Washington, DC 20436

**BY E-MAIL**
Pyong Yoon, Esq.
Attorney Advisor
U.S. International Trade Commission
500 E Street SW
Suite 317
Washington, DC 20436
pyong.yoon@usitc.gov

**BY E-MAIL**
Brian R. Nester, Esq.
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005
Project-MS_Moto_ITC_752@sidley.com
*Counsel for Respondent Microsoft Corp.*

_____
Sophia Antzoulatos