# EXHIBIT D

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN GAMING AND ENTERTAINMENT CONSOLES, RELATED SOFTWARE, AND COMPONENTS THEREOF** | **Investigation No. 337-TA-752** |

## NOTICE OF COMMISSION DETERMINATION TO REVIEW A FINAL INITIAL DETERMINATION FINDING A VIOLATION OF SECTION 337; REMAND OF THE INVESTIGATION TO THE ADMINISTRATIVE LAW JUDGE

**AGENCY:**   U.S. International Trade Commission.

**ACTION:**   Notice.

**SUMMARY:** Notice is hereby given that the U.S. International Trade Commission has determined to review the final initial determination ("ID") issued by the presiding administrative law judge ("ALJ") on April 23, 2012, finding a violation of section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, in this investigation. The Commission has also determined to remand the investigation to the ALJ.

**FOR FURTHER INFORMATION CONTACT**: Panyin A. Hughes, Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-3042. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000. General information concerning the Commission may also be obtained by accessing its Internet server at *http://www.usitc.gov*. The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*. Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

**SUPPLEMENTARY INFORMATION:** The Commission instituted this investigation on December 23, 2010, based on a complaint filed by Motorola Mobility, Inc. of Libertyville, Illinois and General Instrument Corporation of Horsham, Pennsylvania (collectively "Motorola"). 75 *Fed. Reg.* 80843 (Dec. 23, 2010). The complaint alleged violations of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337) in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain gaming and

Case No. 10-1823, W.D.Wash.
MICROSOFT TRIAL EXHIBIT
1635

entertainment consoles, related software, and components thereof by reason of infringement of various claims of United States Patent Nos. 6,069,896 ("the '896 patent"); 7,162,094 ("the '094 patent"); 6,980,596 ("the '596 patent"); 5,357,571 ("the '571 patent"); and 5,319,712 ("the '712 patent"). The notice of investigation named Microsoft Corporation of Redmond, Washington ("Microsoft") as the sole respondent. The notice of investigation named the Office of Unfair Import Investigations ("OUII") as a party in the investigation. *See* 75 *Fed. Reg.* 80843 (Dec. 23, 2010). OUII, however, withdrew from participation in accordance with the Commission's Strategic Human Capital Plan. *See* 75 *Fed. Reg.* 80843 (2010); Letter from OUII to the Administrative Law Judge (Mar. 3, 2011).

On April 23, 2012, the ALJ issued his final ID, finding a violation of section 337 by Microsoft. Specifically, the ALJ found that the Commission has subject matter jurisdiction: *in rem jurisdiction* over the accused products and *in personam* jurisdiction over the respondent. The ALJ also found that the importation requirement of section 337 (19 U.S.C. § 1337(a)(1)(B)) has been satisfied. Regarding infringement, the ALJ found that Microsoft's accused products directly infringe claims 1 and 12 of the '896 patent; claims 7, 8, and 10 of the '094 patent; claim 2 of the '596 patent; and claims 12 and 13 of the '571 patent. *Id.* at 330. The ALJ, however, found that the accused products do not infringe asserted claims 6, 8, and 17, of the '712 patent. With respect to invalidity, the ALJ found that the asserted claims of the '896, '094, '571, '712 patents and claim 2 of the '596 patent were not invalid. However, he found asserted claim 1 of the '596 patent invalid for anticipation. He also found that Microsoft failed to prevail on any of its equitable defenses and that Microsoft failed to establish that Motorola's alleged obligation to provide a license on reasonable and nondiscriminatory terms ("RAND") precluded a finding of violation of section 337. The ALJ finally concluded that an industry exists within the United States that practices the '896, '094, '571, '596 and '712 patents as required by 19 U.S.C. § 1337(a)(2).

On May 7, 2012, Microsoft filed a petition for review of the ID. That same day, Motorola filed a petition and contingent petition for review. On May 15, 2012, the parties filed responses to the various petitions and contingent petition for review.

On June 8, 2012, Microsoft filed a post-RD statement on the public interest pursuant to Commission Rule 201.50(a)(4). Several non-parties also filed public interest statements in response to the post-RD Commission Notice issued on May 15, 2012. *See* 77 *Fed. Reg.* 28621-22 (May 15, 2012).

On June 22, 2012, Microsoft filed a motion for partial termination of the investigation. Specifically, Microsoft moved for termination of the '094 and '596 patents from the investigation based on facts alleged in the motion.

Having examined the record of this investigation, including the ALJ's final ID, the petitions for review, and the responses thereto, the Commission has determined to review the

final ID in its entirety. Specifically, the Commission remands for the ALJ to (1) apply the Commission's opinion in *Certain Electronic Devices with Image Processing Systems, Components Thereof, and Associated Software*, Inv. No. 337-TA-724, Comm'n Op. (Dec. 21, 2011); (2) rule on Microsoft's motion for partial termination of the investigation filed June 22, 2012; and (3) set a new target date for completion of the investigation.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in sections 210.42-46 of the Commission's Rules of Practice and Procedure (19 C.F.R. § 210.42-46).

By order of the Commission.

Lisa R. Barton
Acting Secretary to the Commission

Issued: June 29, 2012

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN GAMING AND ENTERTAINMENT CONSOLES, RELATED SOFTWARE, AND COMPONENTS THEREOF** | Investigation No. 337-TA-752 |

**ORDER: REMAND OF INVESTIGATION**

The Commission instituted this investigation on December 23, 2010, based on a complaint filed by Motorola Mobility, Inc. of Libertyville, Illinois and General Instrument Corporation of Horsham, Pennsylvania (collectively "Motorola"). 75 *Fed. Reg.* 80843 (Dec. 23, 2010). The complaint alleged violations of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337) in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain gaming and entertainment consoles, related software, and components thereof by reason of infringement of various claims of United States Patent Nos. 6,069,896; 7,162,094 ("the '094 patent"); 6,980,596 ("the '596 patent"); 5,357,571; and 5,319,712. The notice of investigation named Microsoft Corporation of Redmond, Washington ("Microsoft") as the sole respondent. The notice of investigation named the Office of Unfair Import Investigations ("OUII") as a party in the investigation. *See* 75 *Fed. Reg.* 80843 (Dec. 23, 2010). OUII, however, withdrew from participation in accordance with the Commission's Strategic Human Capital Plan. *See* 75 *Fed. Reg.* 80843 (2010); Letter from OUII to the

1

Administrative Law Judge (Mar. 3, 2011).

On April 23, 2012, the Administrative Law Judge ("ALJ") issued his final ID, finding a violation of section 337 by Microsoft. The ALJ, however, did not consider and apply the Commission's then recently issued opinion in *Certain Electronic Devices with Image Processing Systems, Components Thereof, and Associated Software*, Inv. No. 337-TA-724, Comm'n Op. (Dec. 21, 2011) ("*Electronic Devices*"). On May 7, 2012, Microsoft filed a petition for review of the ID. That same day, Motorola filed a petition and contingent petition for review. On May 15, 2012, the parties filed responses to the various petitions and contingent petition for review.

On June 22, 2012, Microsoft filed a motion for partial termination of the investigation. Specifically, Microsoft moved for termination of the '094 and '596 patents from the investigation based on alleged facts which are contained in the motion.

Upon consideration of this matter, the Commission hereby ORDERS that:

1. The investigation is remanded to the presiding administrative law judge ("ALJ"), Judge David P. Shaw, to (1) apply the Commission's opinion in *Electronic Devices* to the asserted patents; (2) rule on Microsoft's motion for partial termination of the investigation filed June 22, 2012; and (3) issue a final initial remand determination ("RID") on violation and a recommended determination ("RD") on remedy and bonding.

2. The ALJ shall issue an ID within 30 days of this Order extending the target date as he deems necessary to accommodate the remand proceedings, allowing four months for Commission review.

3. The RID and RD will be processed in accordance with Commission rules 210.42, 210.43-.46, and 210.50. Any petitions for review will be due 12 days after service of the RID and RD. Responses to any petition for review will be due 8 days after service of the petition. The RID will

    become the Commission's final determination 60 days after issuance unless the Commission orders review.

4.  The administrative law judge may otherwise conduct the remand proceedings as he deems appropriate, including reopening the record.

Notice of this Order shall be served on the parties to this investigation.

By order of the Commission.

*[signature]*

Lisa R. Barton
Acting Secretary to the Commission

Issued: June 29, 2012

CERTAIN GAMING AND ENTERTAINMENT CONSOLES,   Inv. No. 337-TA-752
RELATED SOFTWARE, AND COMPONENTS THEREOF

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **NOTICE** has been served on the following parties as indicated on **June 29, 2012**

Lisa R. Barton, Acting Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC  20436

**On Behalf of Complainants Motorola Mobility, Inc. and General Instrument Corporation:**

| | |
|---|---|
| Stephen J. Rosenman, Esq. | ( ) Via Hand Delivery |
| **ROPES & GRAY LLP** | ( ) Via Overnight Delivery |
| One Metro Center | (X) Via First Class Mail |
| 700 12th Street, NW, Suite 900 | ( ) Other:_____ |
| Washington, DC  20005 | |

**On Behalf of Respondent Microsoft Corporation:**

| | |
|---|---|
| Brian R. Nester, Esq. | ( ) Via Hand Delivery |
| **SIDLEY AUSTIN LLP** | ( ) Via Overnight Delivery |
| 1501 K Street, NW | (X) Via First Class Mail |
| Washington, DC  20005 | ( ) Other:_____ |