# EXHIBIT G

# UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

**CERTAIN GAMING AND ENTERTAINMENT CONSOLES, RELATED SOFTWARE, AND COMPONENTS THEREOF**

Investigation No. 337-TA-752

## NOTICE OF COMMISSION DETERMINATION NOT TO REVIEW A FINAL INITIAL REMAND DETERMINATION FINDING NO VIOLATION OF SECTION 337; AFFIRMANCE OF ORIGINAL INITIAL DETERMINATION AS TO REMAINING PATENT AS MODIFIED BY THE REMAND INITIAL DETERMINATION; TERMINATION OF THE INVESTIGATION

**AGENCY**:   U.S. International Trade Commission.

**ACTION**:   Notice.

**SUMMARY**: Notice is hereby given that the U.S. International Trade Commission has determined not to review the final initial remand determination ("RID") issued by the presiding administrative law judge ("ALJ") on March 22, 2013. The Commission affirms the ALJ's final initial determination ("ID") issued on April 23, 2012, as to the remaining patent as modified by the RID.

**FOR FURTHER INFORMATION CONTACT**:   Panyin A. Hughes, Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-3042.   Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000.   General information concerning the Commission may also be obtained by accessing its Internet server at *http://www.usitc.gov*.   The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*.   Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

**SUPPLEMENTARY INFORMATION**:   The Commission instituted this investigation on December 23, 2010, based on a complaint filed by Motorola Mobility, Inc. of Libertyville, Illinois and General Instrument Corporation of Horsham, Pennsylvania (collectively "Motorola"). 75 *Fed. Reg.* 80843 (Dec. 23, 2010).   The complaint alleged violations of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337) in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain gaming and entertainment

Case No. 10-1823, W.D.Wash.
MICROSOFT TRIAL EXHIBIT
6005

Case 2:10-cv-01823-JLR   Document 898-7   Filed 09/03/13   Page 3 of 4

consoles, related software, and components thereof by reason of infringement of various claims of United States Patent Nos. 6,069,896 ("the '896 patent"); 7,162,094 ("the '094 patent"); 6,980,596 ("the '596 patent"); 5,357,571 ("the '571 patent"); and 5,319,712 ("the '712 patent"). The notice of investigation named Microsoft Corporation of Redmond, Washington ("Microsoft") as the sole respondent. The notice of investigation also named the Office of Unfair Import Investigations ("OUII") as a party in the investigation. *See* 75 *Fed. Reg.* 80843 (Dec. 23, 2010). OUII, however, withdrew from participation in accordance with the Commission's Strategic Human Capital Plan. *See* 75 *Fed. Reg.* 80843 (2010); Letter from OUII to the Administrative Law Judge (Mar. 3, 2011).

On April 23, 2012, the ALJ issued his final ID, finding a violation of section 337 by Microsoft. Specifically, the ALJ found that the Commission has subject matter jurisdiction, *in rem jurisdiction* over the accused products and *in personam* jurisdiction over the respondent. The ALJ also found that the importation requirement of section 337 (19 U.S.C. § 1337(a)(1)(B)) has been satisfied. Regarding infringement, the ALJ found that Microsoft's accused products directly infringe claims 1 and 12 of the '896 patent; claims 7, 8, and 10 of the '094 patent; claim 2 of the '596 patent; and claims 12 and 13 of the '571 patent. *Id.* at 330. The ALJ, however, found that the accused products do not infringe asserted claims 6, 8, and 17, of the '712 patent. With respect to invalidity, the ALJ found that the asserted claims of the '896, '094, '571, '712 patents and claim 2 of the '596 patent were not invalid. However, he found asserted claim 1 of the '596 patent invalid for anticipation. He also found that Microsoft failed to prevail on any of its equitable defenses and that Microsoft failed to establish that Motorola's alleged obligation to provide a license on reasonable and nondiscriminatory terms ("RAND") precluded a finding of violation of section 337. The ALJ concluded that an industry exists within the United States that practices the '896, '094, '571, '596 and '712 patents as required by 19 U.S.C. § 1337(a)(2).

On May 7, 2012, Microsoft filed a petition for review of the ID. That same day, Motorola filed a petition and contingent petition for review. On May 15, 2012, the parties filed responses to the various petitions and contingent petition for review.

On June 22, 2012, Microsoft filed a motion for partial termination of the investigation. Specifically, Microsoft moved for termination of the '094 and '596 patents from the investigation based on facts alleged in the motion.

On June 29, 2012, the Commission determined to review the final ID in its entirety and remanded the investigation to the ALJ to apply the Commission's opinion in *Certain Electronic Devices with Image Processing Systems, Components Thereof, and Associated Software*, Inv. No. 337-TA-724, Comm'n Op. (Dec. 21, 2011) and rule on Microsoft's motion for partial termination of the investigation filed June 22, 2012. 77 *Fed. Reg.* 40082 (July 6, 2012).

On November 6, 2012, the ALJ issued an ID (Order No. 48) granting Motorola's motion to terminate the investigation as to the '712 and '571 patents. On January 11, 2013, the ALJ issued an ID (Order No. 52) granting Motorola's motion to terminate the investigation as to the '596 and

2

'094 patents.   The Commission determined not to review those orders.   Thus, only the '896 patent remains in this investigation.

On March 22, 2013, the ALJ issued his RID, finding no violation of section 337 with respect to the asserted claims of the '896 patent.

On April 8, 2013, Motorola filed a petition for review of the RID, challenging the ALJ's finding that Microsoft is not liable for indirectly infringing the asserted claims of the '896 patent. That same day, Microsoft filed a contingent petition for review.   In its contingent petition for review, Microsoft incorporates its petition for review of the original ID with respect to the '896 patent.   On April 16, 2013, the parties filed responses to the petitions for review.

Having examined the record of this investigation, including the ALJ's final ID and RID, the petitions for review, and the responses thereto, the Commission has determined not to review the RID.   The Commission affirms the ID issued on April 23, 2012, with respect to the '896 patent as modified by the RID.   In that connection, the Commission adopts the ALJ's findings in the original ID that (1) Motorola waived its indirect infringement argument and (2) Motorola failed to establish indirect infringement on the merits.   ID at 67-68.   The Commission also adopts the ALJ's amplified findings in the RID that Motorola failed to establish indirect infringement on the merits during the remand proceeding.   Thus there is no violation of section 337 with respect to the '896 patent.   The investigation is terminated.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in sections 210.42-46 and 210.50 of the Commission's Rules of Practice and Procedure (19 C.F.R. § 210.42-46 and 210.50).

By order of the Commission.

Lisa R. Barton
Acting Secretary to the Commission

Issued: May 23, 2013

3