HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

10  FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

11

| | |
|---|---|
| 12  MICROSOFT CORPORATION,<br><br>Plaintiff,<br>13      v.<br>14  MOTOROLA INC., et al.,<br>15                    Defendant.<br>16  MOTOROLA MOBILITY, LLC., et al.,<br>17                    Plaintiffs,<br>18      v.<br>19  MICROSOFT CORPORATION,<br>20                    Defendant. | No. C10-1823-JLR<br><br><br>MICROSOFT'S EXCEPTIONS TO<br>FINAL JURY INSTRUCTIONS AND<br>VERDICT FORM |

21

22

23

24

25

26

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

Microsoft respectfully submits the following exceptions to the Court's Final Jury Instructions and Verdict Form, as distributed to the parties at noon on Tuesday, September 3, 2013.

## I.   MICROSOFT'S EXCEPTIONS TO FINAL JURY INSTRUCTIONS

### A.  Instruction No. 8

Microsoft takes exception to Instruction No. 8 on Credibility of Witnesses which might leave the jury uncertain how to consider undisputed facts that came in through witnesses.  The Court's rulings required Microsoft to put certain Findings of Fact from the Court's Findings of Fact and Conclusions of Law (Dkt. No. 673) into the record through witnesses.  Microsoft proposes resolving this issue with an instruction on Undisputed Facts, reading "Facts represented during the trial as undisputed should be taken as true, but are not entitled to any more weight in your decision than any other facts."  This instruction would precede Instruction No. 10 on Stipulated Facts, and will assist the jury in understanding the distinction in how certain facts have been entered into the record.

### B.  Instruction No. 14

Microsoft takes exception to Instruction No. 14 for two reasons.  First, the portion of the instruction concerning Marvell should read that Motorola breached "by failing to offer a RAND license covering its 802.11 standard essential patents to Marvell, Microsoft's chip supplier, and instead offering Marvell a license that was not RAND and was discriminatory in excluding Marvell products sold to Microsoft from the scope of the license Motorola proposed."  The current language "by having not executed a license agreement" suggests to the jury that Marvell's response to Motorola's offer is relevant.  It is not relevant, because only unreasonable and discriminatory terms were ever offered—there was no path for Marvell to conclude a RAND license with Motorola.  The proposed articulation of Microsoft's claim as to Marvell is laid out in the Pretrial Order.  (Dkt. No. 803 at 2–4.)  Second, as to both the IEEE

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

and ITU contract the additional clause "by violating the covenant of good faith and fair dealing implied in every contract" should be added.  Microsoft has alleged both a straight breach of contract and a breach of the duty of good faith and fair dealing.  These grounds were separately and specifically stated in the Pretrial Order.  (*See* Dkt. No. 803 at 2–4.)

### C.  Instruction No. 15

Microsoft takes exception to Instruction No. 15 for the language "that Microsoft was damaged as a result of Motorola's breach."  The word "damaged" should be replaced by "harmed" because this is a case where nominal damages are relevant and Microsoft has sought equitable relief.  The jury only needs to find that the breach harmed Microsoft in some way, and should consider that harm as potentially in addition to the specific categories of monetary damages sought by Microsoft.

### D.  Instruction No. 16

Microsoft takes exception to Instruction No. 16 in its entirety and seeks a directed verdict that Motorola breached the duty of good faith and fair dealing for the reasons set forth in Microsoft's July 3, 2013 Motion for Summary Judgment and the state of the record at trial.  Additionally, Microsoft takes exception to the inclusion of Factor (6) on subjective factors and this factor should not be included.  Motorola's lack of ill intent *would not* excuse its conduct if it has breached under one or a combination of the other grounds.  As the current language of the instruction states, "Bad motive or intent does not necessarily imply bad faith, and good motive or intent does not necessarily imply good faith.  Likewise, bad motive or intent is not a prerequisite to bad faith, nor is good motive or intent a prerequisite to good faith."  That statement of the law—drawn from the Court's summary judgment order—means that in this case there is no need for an instruction on subjective intent.  Whether the jury believes Motorola acted with bad or good motives, that belief will not determine the result on liability.  If the jury believes Motorola had bad motives, that will not necessarily imply bad faith—and

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 2

1    Microsoft will have to establish breach on the other grounds.  If the jury believes Motorola had

2    good motives, Microsoft will still have to establish breach on other grounds—for example, that

3    Motorola's conduct nonetheless frustrated the purposes of the contracts.

4         Additionally, in support of the addition of "alone or in combination" that appears in the

5    current draft of the instruction, Microsoft provides additional case citations for these principles

6    in the footnotes that follow, each of which shows that a violation of the duty of good faith and

7    fair dealing can be based on the related factor alone.  As to "Whether Motorola's actions were

8    contrary to the reasonable and justified expectations of other parties to the contract," *see Frank*

9    *Coluccio Const. Co., Inc. v. King County*, 150 P.3d 1147, 1155 (Wash. Ct. App. 2007) (citing

10   RESTATEMENT (SECOND) OF CONTRACTS § 205 cmt. a).  As to "Whether Motorola's

11   conduct would frustrate the purpose of the contract," *see Lizotte v. Schumacher*, 105 Wn. App.

12   1029, 2001 WL 293165, at * 7 (Wash. App. Mar. 27, 2001) ("A subsequent agreement

13   between the remaining litigants designed to frustrate this purpose would be a violation of

14   Schumacher Painting's implied duty of good faith and fair dealing and a breach of its

15   stipulation with the tenants."); *Aventa Learning, Inc. v. K12, Inc.*, 830 F. Supp. 2d 1083, 1101

16   (W.D. Wash. 2011) (Robart, J.) ("The duty prevents a contracting party from engaging in

17   conduct that frustrates the other party's right to the benefits of the contract.").  As to "Whether

18   Motorola's conduct was commercially reasonable," *see Craig v. Pillsbury Non-Qualified*

19   *Pension Plan*, 458 F.3d 748, 752 (8th Cir. 2006) (applying Washington law); *Vylene Enters.,*

20   *Inc. v. Naugles, Inc.*, 90 F.3d 1472, 1477 (9th Cir. 1996) (applying California law).  As to

21   "Whether and to what extent Motorola's conduct conformed with ordinary custom or practice

22   in the industry," *see Curtis v. Northern Life Ins. Co.*, 2008 WL 4927365, at *6 (Wash. Ct. App.

23   2008) (unpublished); *Amerigraphics, Inc. v. Mercury Cas. Co.*, 107 Cal. Rptr. 3d, 321-23 (Cal.

24   Ct. App. 2010).  As to "To the extent the contract vested Motorola with discretion in deciding

25   how to act, whether Motorola exercised that discretion reasonably," *see Scribner v. Worldcom,*

26

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 3

*Inc.*, 249 F.3d 902, 910 (9th Cir. 2001) ("Good faith limits the authority of a party retaining discretion to interpret contract terms; it does not provide a blank check for that party to define terms however it chooses."); *Curtis v Northern Lif*e, 147 Wash.App 1030, 2008 WL 4927365, at *5 (Wash. App. 2008) ("Ordinary contract principles require that, where one party is granted discretion under the terms of the contract, that discretion must be exercised in good faith-a requirement that includes the duty to exercise the discretion reasonably. Thus, good faith limits the authority of a party retaining discretion to interpret contract terms; it does not provide a blank check for that party to define terms however it chooses.") (internal citations omitted)

**E.  Instruction No. 18**

Microsoft takes exception to Instruction No. 18 for suggesting that frustration of purpose is only "one factor to consider in determining if Motorola breached."  That language should read "one factor that may, alone or in combination with other factors, demonstrate that Motorola breached" for the same reasons outlined in Microsoft's exception to Instruction No. 17.  Additionally, item (4) should be removed as one of the purposes of the RAND commitment as Microsoft has not argued that Motorola's conduct frustrated that purpose.  The jury should not be instructed on it.

**F.  Instruction No. 19**

Microsoft takes exception to Instruction No. 19 in its entirety and seeks a directed verdict that Motorola's October 2010 demands were blatantly unreasonable and thereby breached the RAND commitment, for the reasons set forth in Microsoft's March 30, 2012 and July 3, 2013 Motions for Summary Judgment and the state of the record at trial.

Microsoft takes exception to Instruction No. 19 for suggesting Microsoft's only claim is for breach of the duty of good faith and fair dealing.  The opening sentence should begin "One of Microsoft's claims in this case is that Motorola's …"

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 4

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

Microsoft takes exception to Instruction No. 19 stating that "initial offers in a RAND licensing negotiation do not need to be on RAND terms."  For the reasons set forth in Microsoft's August 18, 2011 summary judgment brief and reply brief (Dkt. Nos. 77, 96), Motorola's initial offer was required to be RAND.

Additionally, in legal principle (2) the phrase "and in particular an offer must not be blatantly unreasonable" should be added in light of the Court's June 6, 2012 summary judgment ruling (Dkt. No. 335.)  Alternatively, the phrase "and in particular an offer must not be so high as to be a breach of that duty" should be added to legal principle (2) instead, because the economic terms of an offer alone may breach the duty if the jury finds the offer so high as to constitute, for example, commercially unreasonable conduct.  Under legal principle (3), the language "however the size of an offer alone is not exclusively dispositive of whether Motorola has breached its duty of good faith and fair dealing" should be removed because the size of the offer may be exclusively dispositive.  The following sentence should be modified to read "You may use that comparison to decide whether Motorola's offer breached its duty of good faith and fair dealing, using the standards set forth in instruction No. 16."

### G.  Instruction No. 20

Microsoft takes exception to Instruction No. 20 as to the last sentence of the second paragraph concerning the Court's method of determining RAND by modeling a negotiation, which may mislead the jury into concluding that Motorola would have come to this or any other RAND royalty through negotiation.

Additionally, Microsoft takes exception to the statement of the RAND royalty rate for Motorola's H.264 SEPs as 0.555 cents per unit, with the upper bound of a RAND royalty for Motorola's H.264 standard essential patent portfolio being 16.389 cents per unit and the lower bound being 0.555 cents per unit.  For the reasons set forth in Microsoft's proposed findings of fact and conclusions of law following the November trial, the RAND royalty for Motorola's

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   H.264 SEPs is 0.197 cents per unit, with a range of 0.065 and 0.204 cents per unit.  (*See* Dkt.

2   No. 621 at ¶¶345–46, 347–428.)  Microsoft also takes exception to the statement of the upper

3   bound being 19.5 cents per unit for Motorola's 802.11 SEPs.  For the reasons set forth in

4   Microsoft's proposed findings of fact and conclusions of law following the November trial, the

5   upper bound for the RAND range for Motorola's 802.11 SEPs is 6.5 cents per unit.  (*See* Dkt.

6   No. 621 at ¶453.)

7       **H.  Instruction No. 21**

8       Microsoft takes exception to Instruction No. 21 in its entirety, in particular because it is

9   based on the statement that "[t]he RAND commitment does not by itself bar standard essential

10  patent owners from ever, in any circumstances, seeking injunctive relief to enforce their

11  patents."  For the reasons set forth in Microsoft's July 12, 2013 Opposition (Dkt. No. 740) to

12  Motorola's July 3, 2013 Motion for Partial Summary Judgment, the RAND commitment bars

13  standard essential patent owners from seeking injunctions against implementers, and the jury

14  should be so instructed, replacing the entirety of Instruction No. 21.

15      Additionally, Microsoft takes exception to Instruction No. 21 because it fails to instruct

16  the jury that Motorola breached its RAND commitments if it sought injunctions without first

17  making a RAND offer.  *See Realtek Semiconductor Corp. v. LSI Corp.*, No. C–12–03451–

18  RMW, 2013 WL 2181717, at *6 (N.D. Cal. May 20, 2013); *see* Dkt. No. 740 at 3–8.

19      **I.  Instruction No. 22**

20      Microsoft takes exception to Instruction No. 22 because it fails to include two other

21  legal grounds on which Microsoft did not repudiate its RAND rights, but that Motorola has

22  presented evidence and argument suggesting otherwise.  The statement "Microsoft did not

23  repudiate or forfeit any of its rights under the contracts by arguing that Motorola's standard-

24  essential patents were invalid or not infringed by Microsoft" should be added to the instruction.

25  For the reasons outlined in Microsoft's bench memorandum (Dkt. No. 887), Motorola's

26

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 6

1    arguments to the contrary—suggesting that Microsoft was an unwilling licensee or not entitled

2    to a RAND license because it did not concede the validity and essentiality of Motorola's

3    standard-essential patents—are wholly inconsistent with the conclusions reached by regulatory

4    agencies investigating Motorola's conduct and otherwise are without legal basis.  The jury

5    should be instructed to disregard those arguments.  The statement "Microsoft did not repudiate

6    or forfeit any of its rights under the contracts by filing lawsuits against Motorola on patents

7    unrelated to the standards at issue here" should also be added.  There is no authority for the

8    proposition that as a matter of contract law, Motorola could condition the availability of a

9    RAND license on the presence of other patent disputes with a potential RAND licensee.

10   Motorola has never identified any term of the contracts or principle of contract law that would

11   so suggest.  In any event, Microsoft's October 1, 2010 suits came before the November 9, 2010

12   complaint in this action.  Both the filing of those suits on patents wholly unrelated to the

13   standards at issue here and the filing of this complaint were part of the factual background

14   Motorola's motion to dismiss brought on repudiation grounds in December 2010.  *See* Dkt. No.

15   36 at 9.  But Motorola did not then and has not, through today, articulated how the filing of the

16   October 1 suits had any impact on Motorola's contractual obligations.  The instruction is

17   necessary to cure the confusion injected into the case by Motorola's attempt to put Microsoft's

18   conduct on trial.  Microsoft's conduct is not relevant to whether Motorola satisfied its

19   contractual obligations.  Motorola's own 30(b)(6) witnessed testified that Motorola understood

20   it could not condition the availability of a license on RAND terms to its SEPs on a cross

21   license to an implementer's non-standard essential patents.

22       **J.  Instruction No. 24**

23       Microsoft takes exception to Instruction No. 24 part (a) and would replace its content

24   with "the costs that Microsoft incurred for relocating Microsoft's distribution center to the

25   Netherlands in Spring 2012 to avoid the consequences of the injunctive relief sought in

26

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 7

1    Germany."  The injection of only MMI and General Instrument Corporation presumes that the

2    conduct of Motorola Solutions was unrelated to the consequences Microsoft endured in

3    Germany, but the theory of Microsoft's case as presented to the jury is that the Motorola

4    entities—collectively—withheld from Microsoft through a hold up strategy a license to all

5    relevant patents held by all entities essential to the two standards.  Evidence in the record

6    establishes Motorola, through Dailey, was unwilling to settle the H.264 issue alone and insisted

7    in including all Microsoft non-standard essential patent rights sought by Motorola entities and

8    the 802.11 standard-essential patents held by all of the relevant Motorola entities in any such

9    discussion.  In other words, Motorola collectively made the availability of a RAND license on

10   H.264 contingent on a license to Microsoft's non-SEPs and the 802.11 Motorola portfolio as

11   well.  That refusal to make available an H.264 license on RAND terms—for which Motorola

12   Solutions shares liability—meant Microsoft, lacking a license, had to relocate from Germany

13   in the face of the injunction.  It is irrelevant that only MMI and General Instrument filed the

14   German suit itself as all defendants contributed to the circumstances which required the

15   relocation.

16        Additionally, Microsoft takes exception to Instruction No. 24 and would eliminate the

17   portion of part (b) stating "Regarding part (b), you may only award such damages, if you find

18   that Motorola's lawsuits seeking injunctive relief, apart from Motorola's general course of

19   conduct, violated Motorola's duty of good faith and fair dealing."  Microsoft's ability to

20   recover fees as damages should not be limited to a Motorola breach limited to the pursuit of

21   injunctions.  First, Motorola's obligation was to grant licenses on RAND terms but it failed to

22   do so, meaning Microsoft was deprived of a RAND license that would have immediately

23   ended any injunctive lawsuit brought by Motorola.  Accordingly those fees are a direct and

24   forseeable consequence of Motorola's breach of its obligation to grant RAND licenses.

25   Second, in the alternative, Microsoft would replace the identified statement of part (b) with

26

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   "Regarding part (b), you may only award such damages if you find that Motorola's lawsuits

2   seeking injunctive relief, either alone or as part of Motorola's general course of conduct,

3   violated Motorola's duty of good faith and fair dealing."  As drafted with the words "apart

4   from Motorola's general course of conduct," the jury could find that Motorola's course of

5   conduct—including both the terms of the letters and the subsequent conduct of pursuing

6   injunctions—breached the duty of good faith and fair dealing, but conclude that it cannot

7   award fees defending against injunctions.  The instruction as drafted could be read to suggest

8   that the jury must ignore all of Motorola's other conduct when assessing whether the pursuit of

9   injunctions entitles Microsoft to this form of damages.  Microsoft recognizes the additional

10  language that suggests that the jury "shall consider the circumstances surrounding each

11  lawsuit," but the jury may be confused how to reconcile that direction with the prior direction

12  to assess this issue "apart from Motorola's general course of conduct."  As the Court explained

13  in its Summary Judgment Order, "The argument for the exception's application is simple: as

14  explained above, in certain circumstances it may violate the duty of good faith and fair dealing

15  for a SEP holder to seek an injunction to enforce a RAND-committed patent."  (Dkt. No. 843

16  at 30, emphasis added.)  The Court also observed that "[w]idespread adoption would be

17  discouraged if standard implementers were forced to defend injunctive relief claims brought in

18  bad faith with no possibility of recovering the attorney's fees associated with doing so."  (*Id.* at

19  31–32.)  The jury may permissibly conclude that Motorola's conduct in seeking injunctive

20  relief was in bad faith because of the surrounding circumstances, which may include the

21  excessive demands of the October 2010 letters.  The jury awarding attorneys' fees as damages

22  in light of that finding would be entirely consistent with the legal principles outlined in the

23  Court's Summary Judgment Order, but the language "apart from Motorola's general course of

24  conduct" appears to bar the jury from taking those other circumstances into consideration.

25

26

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 9

1    Finally, the instruction fails to adequately direct the jury that if they find Motorola's

2 lawsuits seeking injunctive relief, apart from Motorola's general course of conduct, constitutes

3 a breach, they may award fees as damages even if they also find that Motorola's general course

4 of conduct itself constitutes a breach.  Accordingly, as an additional alternative Microsoft

5 proposes the addition of the sentence, "If you find that Motorola's lawsuits seeking injunctive

6 relief, apart from Motorola's general course of conduct, constitute a breach, but *also* find that

7 Motorola's general course of conduct constitute a breach, you may still award Microsoft

8 damages corresponding to its costs that Microsoft incurred in defending against lawsuits filed

9 by Motorola seeking injunctive relief."

10    **K.  Instruction No. 26**

11    Microsoft takes exception to Instruction No. 26 as the jury should be instructed that

12 Motorola did not carry its burden to argue that the Orange Book procedure in Germany was a

13 reasonable effort Microsoft could have taken to minimize its loss, because Motorola's witness

14 Maximilian Haedicke could not identify the amount of damages that could have been

15 minimized or avoided.  The jury should also be instructed that Motorola did not carry its

16 burden to show that Microsoft's efforts in defending itself in Motorola's injunctive actions

17 were not reasonable.

18    **L.  Instruction No. 27**

19    Microsoft takes exception to Instruction No. 27 because it lacks instruction on

20 corporate knowledge, which should be included as "A corporation is considered to have any

21 knowledge acquired by an employee of the corporation if the employee acquired that

22 knowledge within the scope of his or her powers or duties.  This is so without regard to

23 whether the employee actually communicates the facts to other employees in the corporation."

24 Motorola has put this at issue by claiming that one of its employees acting on behalf of the

25 corporation was unaware of certain facts.  An instruction on corporate knowledge is necessary

26

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 10

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1   to resolve any confusion as to what *Motorola's* state of mind is considered to be—Motorola

2   knows what its employees know.  *See Deep Water Brewing, LLC v. Fairway Resources*

3   *Limited*, 215 P.3d 990, 1011 (Wash. App. 2009) ("Generally, a principal is chargeable with

4   notice of facts known to its agent. This follows the duty of an agent to communicate his

5   knowledge to the principal") (citations omitted); *American Fidelity and Casualty Company,*

6   *Inc. v Backstrom*, 287 P.2d 124, 127 (Wash. 1955) ("The knowledge of the agent is the

7   knowledge of the principal, without regard to whether the agent communicates the facts to it");

8   *Miller v. United Pacific Casualty Insurance Co.*, 60 P.2d 714, 718–19 (Wash. 1936) (rejecting

9   argument that "since the true fact of ownership of the Packard sedan was not communicated to

10  it by Kalin, it is not bound by the knowledge which Kalin had").

11  **II.    Exceptions to Verdict Form**

12          Microsoft takes exception to Item 3 on the verdict for suggesting that only MMI and

13  General Instrument Corporation's having breached their contractual commitments to the ITU is

14  relevant to the recovery of relocation costs as damages.  As outlined above in Microsoft's

15  exceptions to Instruction No. 24, Motorola Solutions' course of conduct is part of Microsoft's

16  breach theory and is causally linked to Microsoft's German relocation in the face of the

17  German injunction, regardless of the fact that only MMI and General Instrument filed the

18  German case.

19          Microsoft takes exception to Item 4 on the Verdict Form, which should read "Attorneys

20  fees and litigation costs may only be awarded if you find that Motorola's conduct in seeking

21  injunctive relief was part of a breach of Motorola's duty of good faith and fair dealing."  First,

22  the Item should begin "Attorneys fees and litigation costs may only be awarded <u>as damages</u>

23  . . ." to avoid any confusion as to the nature of Microsoft's claim for fees and costs as damages.

24  Second, the "apart from Motorola's general course of conduct" language currently appearing in

25  Item 4 is incorrect for the reasons outlined above concerning Instruction No. 24, Breach of

26

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 11

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    Contract – Measure of Damages.  As drafted, the jury could find that Motorola's course of

2    conduct—including both the terms of the letters and the subsequent conduct of pursuing

3    injunctions—breached the duty of good faith and fair dealing, but conclude that it cannot

4    award fees defending against injunctions.  The instruction as drafted could be read to suggest

5    that the jury may or must ignore all of Motorola's other conduct when assessing whether the

6    pursuit of injunctions entitles Microsoft to this form of damages.  As the Court explained in its

7    Summary Judgment Order, "The argument for the exception's application is simple: as

8    explained above, in certain circumstances it may violate the duty of good faith and fair dealing

9    for a SEP holder to seek an injunction to enforce a RAND-committed patent."  (Dkt. No. 843

10   at 30, emphasis added.)  The Court also observed that "[w]idespread adoption would be

11   discouraged if standard implementers were forced to defend injunctive relief claims brought in

12   bad faith with no possibility of recovering the attorney's fees associated with doing so."  (*Id.* at

13   31–32.)  The jury may permissibly conclude that Motorola's conduct in seeking injunctive

14   relief was in bad faith because of the surrounding circumstances, which may include the

15   excessive demands of the October 2010 letters.  The jury awarding attorneys' fees as damages

16   in light of that finding would be entirely consistent with the legal principles outlined in the

17   Court's Summary Judgment Order, but the "by itself" language erroneously suggests to the

18   jury it cannot take those other circumstances into consideration.

19        For those same reasons, 4(a) should read "Do you find that Motorola's conduct in

20   seeking injunctive relief is part of a breach of Motorola's duty of good faith and fair dealing

21   inherent in its contractual commitment to the IEEE?" and 4(b) should read "Do you find that

22   Motorola's conduct in seeking injunctive relief is part of a breach of Motorola's duty of good

23   faith and fair dealing inherent in its contractual commitment to the ITU?"

24

25

26

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1  DATED this 3rd day of September, 2013.

2                          CALFO HARRIGAN LEYH & EAKES LLP

3

4                          By    s/Arthur W. Harrigan, Jr.
                                 Arthur W. Harrigan, Jr., WSBA #1751

5
                           By    s/Christopher Wion
6                                Christopher Wion, WSBA #33207

7                          By    s/Shane P. Cramer
8                                Shane P. Cramer, WSBA #35099
                                 999 Third Avenue, Suite 4400
9                                Seattle, WA  98104
                                 Phone:  206-623-1700
10                               arthurh@calfoharrigan.com
                                 chrisw@calfoharrigan.com
11                               shanec@calfoharrigan.com

12
                           By    s/T. Andrew Culbert
13                               T. Andrew Culbert

14                         By    s/David E. Killough
15                               David E. Killough

16                               MICROSOFT CORPORATION
                                 1 Microsoft Way
17                               Redmond, WA  98052
                                 Phone:  425-882-8080
18                               Fax:  425-869-1327

19                               David T. Pritikin
                                 Richard A. Cederoth
20                               Constantine L. Trela, Jr.
                                 William H. Baumgartner, Jr.
21                               Ellen S. Robbins
                                 Douglas I. Lewis
22                               David C. Giardina
                                 John W. McBride
23                               Nathaniel C. Love

24
                                 SIDLEY AUSTIN LLP
25                               One South Dearborn
                                 Chicago, IL  60603
26

MICROSOFT'S EXCEPTIONS TO FINAL JURY                LAW OFFICES
INSTRUCTIONS AND VERDICT FORM- 13        **CALFO HARRIGAN LEYH & EAKES, LLP**
                                             999 THIRD AVENUE, SUITE 4400
                                              SEATTLE, WASHINGTON 98104
                                       TEL, (206) 623-1700 FAX, (206) 623-8717

Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 14

**CERTIFICATE OF SERVICE**

I, Nathaniel Love, swear under penalty of perjury under the laws of the State of Washington to the following:

1.      I am over the age of 21 and not a party to this action.

2.      On the 3rd day of September, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

Ralph Palumbo, WSBA #04751
Philip S. McCune, WSBA #21081                    _____ Messenger
Lynn M. Engel, WSBA #21934                       _____ US Mail
Summit Law Group                                 _____ Facsimile
315 Fifth Ave. South, Suite 1000                 __ X __ ECF
Seattle, WA  98104-2682
Telephone:  206-676-7000
Email:  Summit1823@summitlaw.com


Steven Pepe (*pro hac vice*)                     _____ Messenger
Jesse J. Jenner (*pro hac vice*)                 _____ US Mail
Ropes & Gray LLP                                 _____ Facsimile
1211 Avenue of the Americas                      __ X __ ECF
New York, NY  10036-8704
Telephone:  (212) 596-9046
Email:  steven.pepe@ropesgray.com
Email:  jesse.jenner@ropesgray.com


Norman H. Beamer (*pro hac vice*)                _____ Messenger
Ropes & Gray LLP                                 _____ US Mail
1900 University Avenue, 6th Floor                 _____ Facsimile
East Palo Alto, CA  94303-2284                    __ X __ ECF
Telephone:  (650) 617-4030
Email:  norman.beamer@ropesgray.com

MICROSOFT'S EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM- 15

1  Paul M. Schoenhard (*pro hac vice*)                    _____ Messenger
   Ropes & Gray LLP                                       _____ US Mail
2  One Metro Center                                       _____ Facsimile
   700 12th Street NW, Suite 900                          __X__ ECF
3  Washington, DC  20005-3948
   Telephone:  (202) 508-4693
4  Email: Paul.schoenhard@ropesgray.com

5

6  Andrea Pallios Roberts (*pro hac vice*)                _____ Messenger
   Brian C. Cannon (*pro hac vice*)                       _____ US Mail
7  Quinn Emanuel Urquhart & Sullivan, LLP                 _____ Facsimile
   555 Twin Dolphin Drive, 5th Floor                      __X__ ECF
8  Redwood Shores, CA 94065
   Telephone: (650) 801-5000
9  Email: andreaproberts@quinnemanuel.com
   Email: briancannon@quinnemanuel.com
10

11 Kathleen M. Sullivan (*pro hac vice*)                  _____ Messenger
   David Elihu (*pro hac vice*)                           _____ US Mail
12 Quinn Emanuel Urquhart & Sullivan, LLP                 _____ Facsimile
   51 Madison Ave., 22nd Floor                            __X__ ECF
13 New York, NY 10010
   Telephone:  (212) 849-7000
14 Email: kathleensullivan@quinnemanuel.com

15

16 William Price (*pro hac vice*)                         _____ Messenger
   Quinn Emanuel Urquhart & Sullivan, LLP                 _____ US Mail
17 865 S. Figuera St., 10th Floor                         _____ Facsimile
   Los Angeles, CA 90017                                  __X__ ECF
18 Telephone:  (212) 443-3000
   Email: williamprice@quinnemanuel.com
19 MicrosoftvMotoBreachofRANDCase@quinnemanuel.com
20
       DATED this 3rd day of September, 2013.
21

22

23                              s/  Nathaniel Love_____ _
                                NATHANIEL LOVE
24

25

26

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717