The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>　　　　　　　　Defendants. | CASE NO. C10-1823-JLR<br><br>DEFENDANTS' EXCEPTIONS TO FINAL JURY INSTRUCTIONS AND VERDICT FORM |
| MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>　　Plaintiffs/Counterclaim Defendant,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　Defendant/Counterclaim Plaintiff. | |

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Motorola respectfully submits the following exceptions to the Court's Final Jury Instructions and Verdict Form.

**A.   Instruction No. 15 – Burden of Proof on the Issues**

Motorola takes exception to Instruction No. 15 with respect to the language that the Court "has already ruled that Motorola entered into an enforceable contract" and "already ruled that Microsoft is a third-party beneficiary to this contract." Motorola submits that the Court's prior rulings erred as a matter of contract interpretation for several reasons.

*First*, a letter of assurance is not a contract. *See, e.g.*, *Facebook, Inc. v. Pac. Nw. Software, Inc.,* 640 F.3d 1034, 1038-39 (9th Cir. 2011) (applying California law and declaring that failure to agree upon necessary terms would "render the contract a nullity"); *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wash. 2d 171, 176 (Wash. 2004) ("Agreements to agree are unenforceable in Washington."); *Wharf Rest., Inc. v. Port of Seattle*, 605 P.2d 334, 339 (Wash. App. 1979) (rejecting promissory estoppel claim because "[a]n agreement to negotiate a contract in the future is nothing more than negotiations"). *Cf. Golden State Transit Corp. v. City of L.A.,* 475 U.S. 608, 616-17 (1986) ("The NLRA requires an employer and a union to bargain in good faith, but it does not require them to reach agreement.").

*Second*, a court cannot create a contract where there is none. *City of New Orleans v. New Orleans Waterworks Co.*, 142 U.S. 79, 91-92 (1891) ("Courts have no power to make new contracts or to impose new terms upon parties to contracts without their consent."); *see also Jaeger v. Canadian Bank of Commerce (Cal.)*, 327 F.2d 743, 745 (9th Cir. 1964) (quoting *City of New Orleans*, 142 U.S. at 91-92); *Menger v. Inland Empire Farmers' Mut. Fire Ins. Co.*, 203 P. 934, 934 (Wash. 1922) ("courts cannot make new contracts for parties").

*Third*, even assuming that a letter of assurance is a contract, Microsoft is not a third-party beneficiary of that contract absent a willingness to pay RAND royalties under a license. The RAND commitments at issue in this case, by their terms, do not create a license between an

DEFENDANTS' EXCEPTIONS TO FINAL JURY INSTRUCTIONS AND VERDICT FORM - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

essential patent holder and all those who use the patented technology; it instead leaves negotiation of any such license to the parties. Only a willing licensee can step into the shoes of the SSO to enforce a RAND commitment. Under Washington state law, "both contracting parties must intend that a third party beneficiary contract be created." *Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847 (9th Cir. 2013) (quoting *Postlewait Const., Inc. v. Great Am. Ins. Companies*, 106 Wash.2d 96, 720 P.2d 805, 806 (1986)). "[I]ndirect reference to a third party does not make the third party a beneficiary of the [contract]," and "[t]he creation of a third party beneficiary contract requires that the parties intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract." *Id.* at 847. Additionally, under Washington state law, to create a third-party beneficiary contract, the parties must intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract. *Hairston v. Pacific 10 Conference,* 101 F.3d 1315, 1320 (9th Cir. 1996). The test of intent is an objective one; the key is not whether the contracting parties had an altruistic motive or desire to benefit the third party, but rather whether performance under the contract would necessarily and directly benefit that party. *Id.* To determine the contracting parties' intent, the court should construe the contract as a whole, in light of the circumstances under which it was made. *Id.* Accordingly, this raises facts that are within the jury's province in deciding whether there is breach.

*Fourth*, Motorola did not waive its Seventh Amendment right to jury trial on these issues, and in any event, Motorola cannot waive that right as a matter of law. Dkt. 797 at 8-9. A prior bench trial cannot determine common issues at law as to which a party has not waived its right to a jury trial. *See Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510 (1959) ("Since the right to jury trial is a constitutional one . . . discretion [in determining the order of causes to be tried first] is very narrowly limited and must, wherever possible, be exercised to preserve jury trial."); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 473 (1962) ("*Beacon Theatres* requires that any legal issues for which a trial by jury is timely and properly demanded by submitted to a jury."); Fed. R. Civ. P. 38(c); *see also Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 170-171 (9th

DEFENDANTS' EXCEPTIONS TO FINAL JURY INSTRUCTIONS AND VERDICT FORM - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Cir. 1989) (citing *Beacon Theatres* for Seventh Amendment principle, but finding no abuse of discretion by district court in bifurcation because the equitable and legal claims "did not involve any common questions of law or fact."). Furthermore, an erroneous determination of issues common to multiple claims that would otherwise have been resolved by a jury cannot carry any collateral estoppel effect. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 551-53 (1990) (reiterating that "a district court may not deprive a litigant of his right to a jury trial by resolving an equitable claim before a jury hears a legal claim raising common issues."). The bench trial was held to determine only two discrete issues, as described by the Court: a royalty range and a specific RAND royalty point. Dkt. 465 at 21-22. The Federal Rules of Civil Procedure specifically provide that, where a party has not specified the issues to be tried by jury "it is considered to have demanded a jury trial on all issues so triable." Dkt. 693 at 5 (quoting Fed. R. Civ. P. 38(c)). The Court "must 'indulge in every reasonable presumption against the waiver of a jury trial.'" *Id*. at 6-7.

### B.   Instruction No. 16 – Duty of Good Faith and Fair Dealing

Motorola takes exception to language in Instruction No. 16 that permits the jury to make a finding of good faith based on the enumerated factors "alone or in combination." Dkt. 716. This language introduces legal error under Washington law by instructing the jury that any one factor underlying the duty good faith and fair dealing may be dispositive as to whether that duty has been breached. Instead, the duty of good faith and fair dealing is context driven and the jury must consider all the factors, giving such weight to each as the jury finds appropriate in the context and circumstances. *See* 25 Wash. Prac., Contract Law And Practice § 5:12 ("But whether the duty of good faith has been breached by a party is an '***an issue for the trier of fact***,' determined by reference to ***context and circumstances***.") (emphasis added). In assessing the duty of good faith, "reasonableness turns on "***the entirety of the terms and circumstances***." *Realtek Semiconductor Corp. v. LSI Corp.,* No. C-12-03451 RMW, 2012 WL 4845628, at *4 (N.D. Cal. Oct. 12, 2012) (applying this Court's reasoning in the instant case in denying a defendant's motion to dismiss a

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

claim alleging breach of good faith in a RAND contract, but emphasizing that "the royalty rate as compared to selling price" was merely "*one relevant factor*") (emphasis added).

Moreover, Motorola takes exception to the last paragraph in Instruction No. 16 starting with "[i]f you consider subjective factors such as Motorola's intent or motive. . . ." This language improperly suggests to the jury that subjective factors are less important than the other factors, and together with the "alone or in combination" language excepted to above, erroneously suggests that each of the enumerated factors alone may be dispositive *except* subjective intent. This last paragraph should be deleted and replaced with the following sentence: "You, the jury, should give to each of these factors such weight as you think appropriate."

Subjective factors should be considered on par with the remaining factors. Subjective elements are important considerations in assessing good faith. *See* Restatement (Second) of Contracts § 205(d) (1981) (providing that, while "[a] complete catalogue of types of bad faith is impossible," "*willful* rendering of imperfect performance" is an example of bad faith)(emphasis added). Numerous Washington cases on good faith expressly rely upon subjective factors in making good faith determinations. *See Fairhaven Land & Livestock Co. v. Chuckanut Trails Water Ass'n*, Case No. 60909-2-I, 148 Wn. App. 1046 (Feb. 23, 2009) (unpublished opinion) (suggesting that there is both an objective and a subjective component to the assessment of good faith and fair dealing); *Matter of Hollingsworth's Estate*, 88 Wn.2d 322, 330, 560 P.2d 348, 352 (1977) (finding that a party to a stipulated settlement of a will acted in bad faith when he refused to accept a tax compromise "not because he, in fact and in good faith, found the tax compromise unacceptable, but because *he later decided he had made a bad bargain*") (emphasis added); *Cavell v. Hughes*, 29 Wn. App. 536, 539-40, 629 P.2d 927, 929 (1981) ("record shows clearly that defendant did not proceed in good faith after signing the earnest money agreement" because the defendant, *inter alia*, "sought the advice of counsel for the *specific purpose* of frustrating the sale, and testified at trial that he wanted out of the agreement because *he felt he had made a bad bargain by fixing a price that was too low*") (emphasis added); *Van Horn v. Van De Wol, Inc.*, 6

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Wash. App. 959, 960-961 (1972) (citing R. Braucher, *The Legislative History of the Uniform Commercial Code,* 58 Col.L.Rev. 798, 812 (1958)) ("The 'honesty in fact' standard [in the UCC] which the trier of fact must apply has been described as follows: 'Section 1-201(19) defines 'good faith' as 'honesty in fact,' and thus follows a number of the uniform commercial acts in making negligence irrelevant to good faith.").

### C.  Instruction No. 17 – Duty of Good Faith and Fair Dealing in the RAND Context

Motorola takes exception to Instruction No. 17 with respect to the language that Motorola's contracts with the IEEE and with the ITU "required Motorola to grant Microsoft a license." Instruction No. 17 lacks the instruction that Microsoft must be a willing licensee. The contracts themselves state that a letter of assurance is not a license and no license is implied. *See* Exs. 2828, 2839; *see e.g.*, Dkt. 673 at 19 ("IEEE-SA Standards Board Bylaws state that "[n]o license is implied by the submission of a Letter of Assurance."). And the parties "agree that the operative contract language includes the language of Motorola's statements to the IEEE and the ITU, as well as the relevant language in the IEEE and ITU Policies." Dkt. No. 335 at 13 n.6. These policies confirm that the agreement between Motorola and the SSOs envision negotiations that precede any license agreement. *See id.* at 23-24. Accordingly, Motorola committed to grant a license only if Microsoft is a willing licensee. Microsoft was not a willing licensee at the time Motorola filed for injunctive relief in November 2010 and July 2011. This Court found in its order of May 14, 2012 that Microsoft had only "recently" stated that it would be willing to accept a license on RAND terms. Dkt. 381 at 16 n.12.

Further, as discussed *supra* (Section A), Microsoft has not shown that it is an intended third-party beneficiary of any contracts and this instruction is improper for that additional reason.

### D.  Instruction No. 18 – Purpose of RAND Commitment

Motorola takes exception to Instruction No. 18 with respect to subparts (2) and (3) of the instruction. As explained *supra* (Section A), a letter of assurance is not a contract. Further, there has been no proof offered at trial from the text of the letters of assurance or any extrinsic evidence

DEFENDANTS' EXCEPTIONS TO FINAL JURY INSTRUCTIONS AND VERDICT FORM - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

that the relevant SSOs themselves intended purposes (2) or (3) of the instruction. Specifically, there was no evidence in the case that the ITU and the IEEE, in drafting the contract language or the policies, identified hold-up and stacking as the purposes of the RAND commitment. As a matter of law, it is erroneous to use extrinsic evidence to contradict written intent of the parties. "Extrinsic evidence of the parties' intent is generally not admissible, and certainly not 'for the purpose of showing intention independent of the instrument.'" *In re Marriage of Schweitzer*, 132 Wash. 2d 318, 327 (1997) (en banc) (internal citations omitted). It is inconsistent with Washington law to attribute purposes to the contracting parties here absent evidence that it was their own actual intent. Any extrinsic evidence of such intent, even if it were present in the record, is legally irrelevant in any event, because the contract language was unambiguous.

Additionally, to the extent that the Court includes this instruction as a fact previously determined in the Court's April 2013 Findings of Facts and Conclusions of Law (Dkt. 673), Motorola reiterates that it did not waive its Seventh Amendment right to a jury, or that, if it did, it did so only as the discrete issues of RAND rate and range. *See supra* Section A. Dkt. 797 at 8-9. Motorola has not waived its jury trial rights with regard to the purpose of the RAND commitment, and the purposes of the contract are therefore matters for the jury to evaluate.

### E. Instruction No. 19 – Offers to License Standard Essential Patents

Motorola takes exception subpart (3) of this instruction directing the jury that it may "compare Motorola's offers against the RAND royalty rate and range determined by the court." This instruction invades the province of the jury in determining the breach of contract issue and thereby violates Motorola's Seventh Amendment right to a jury trial. *See* Section A, *supra*. Dkt. 797 at 8-9. Further, the RAND commitment requires the parties to negotiate a RAND rate. Ex. 217 ("detailed arrangements arising from patents (licensing, royalties, etc.) are left to the parties concerned"). There was no basis for Court to determine the RAND rate when negotiations between the parties had not broken down.

DEFENDANTS' EXCEPTIONS TO FINAL JURY INSTRUCTIONS AND VERDICT FORM - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

The instruction also is highly prejudicial as it fails to state that Court made its determination of RAND long after Motorola sent the letter, sought injunctions, or negotiated with Marvell. *See infra* Section F. Furthermore, it unnecessarily emphasizes the Court's prior factual rulings. In addition, this instruction highlights that the Court's RAND order improperly grants remedy or relief when there has been no finding of a breach (and thus no injury). *See* Dkt. 362; *Park Avenue Condo. Owners Ass'n v. Buchan Devs., L.L.C.*, 71 P.3d 692, 698 (Wash. Ct. App. 2003) (consideration of the effect of a violation on value prior to a finding of breach "puts the cart before the horse" because "[e]ffect on value is not part of the definition of breach, it is part of the damages determination"); *Petrello v. White*, No. 10 CV 3082, 2012 WL 2803759, at *6 (E.D.N.Y. 2012) ("Plaintiffs' argument here puts the proverbial cart before the horse. While a litigant is clearly entitled to present evidence of damages at trial, this step presupposes that he or she has established liability.") *Amax Coal Co. v. United Mine Workers of Am., Int'l Union*, 92 F.3d 571, 576 (7th Cir. 1996) ("[T]here can be no remedy when there is no breach.") *Mackey v. Am. Fashion Inst. Corp.*, 804 P.2d 642, 643 (Wash. Ct. App. 1991) (observing that the trial court found that the plaintiff was entitled to "no relief because no valid contract existed between the parties"); *Smith v. Daws*, 614 F.2d 1069, 1073 (5th Cir. 1980) (no grounds for judicial relief where there is no breach of contract).

### F.     Instruction No. 20 – Court Determine RAND Rate and Range

Motorola takes exception to instructing the jury as to the Court-determined RAND rate and range and therefore objects to Instruction No. 20 in its entirety. The Court determined this information in April of 2013 following an extensive examination of information in late 2012, much of which was indisputably unavailable to Motorola at time it sent the October 2010 offer letters, sought injunctions, or negotiated with Marvell. *See* Dkt. 797 at 1-2. Furthermore, there is no basis for the Court to determine RAND rate in the context of a breach of contract case absent a finding that negotiations between the parties broke down. *See supra*, Section E.

DEFENDANTS' EXCEPTIONS TO FINAL JURY INSTRUCTIONS AND VERDICT FORM - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

The Court cannot create a contract between the parties. *Wagner v. Wagner*, 621 P.2d 1279, 1284-85 (Wash. 1980) ("A court cannot, based upon general considerations of abstract justice, make a contract for parties which they did not make for themselves."); *Dragt v. Dragt/DeTray, LLC*, 161 P.3d 473, 480 (Wash. Ct. App. 2007) ("A court cannot, based on general considerations of abstract justice, make a contract for parties that they did not make for themselves."). The parties never entered into a RAND license. Microsoft sought no such remedy in its Complaint or Amended and Supplemental Complaint. Dkt. 1 at 22 (seeking "damages that Microsoft proves at trial"); Dkt. 53 at 24-25 (same).; *see* Dkt. 318 at 16 n.12. Furthermore, Motorola has not waived any portion of its right to trial by jury and the Court's RAND ruling improperly invades the province of the jury. *See supra*, Section A; Dkt. 797 at 8-9.

### G. Instruction No. 21 – Injunctive Relief in the RAND Context

Motorola takes exception to enumerated Paragraph 2 of Instruction No. 21, which states that a SEP-holder may breach the duty of good faith in some circumstances by seeking injunctive relief from infringement. Under the *Noerr-Pennington* doctrine, Motorola's seeking injunctions is protected activity. *See infra*, Section I; Dkt. 720 at 18-24. It cannot be a breach of the RAND commitment to seek injunctive relief without prejudicing the rights of the parties to pursue their remedies in court. Thus, it is permissible to seek injunctive relief against an implementer of SEPs and seeking such relief cannot be a breach of contract.

Further, as a matter of law, it cannot be a breach to seek injunctive relief as injunctions are permissible under certain circumstances. In 2012, long after Motorola filed its lawsuits seeking injunctions in November 2010 and July 2011, two district courts held that it is appropriate in certain situations for SEP holders to seek injunctions. *Apple, Inc. v. Motorola Mobility, Inc.*, No. 11-cv-178-bbc, 2012 WL 5416941 (W.D. Wisc. Oct. 29, 2012); *Apple, Inc. v. Motorola, Inc.*, 869 F. Supp. 2d 901, 913-14 (N.D. Ill. 2012) (Posner, J., sitting by designation) (noting that an injunction against infringement of a standard-essential patent might be appropriate in the case of an unwilling licensee, *e.g.*, if "Apple refuses to pay a royalty that meets the FRAND

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

requirement").[1] Nowhere in Motorola's agreements with the standard-setting organizations is there any prohibition on seeking injunctions based on SEPs. Because patent holders generally have the right to seek injunctive relief in district courts under 35 U.S.C. § 283 and in the ITC under 19 U.S.C. § 1337(d), "any contract purportedly depriving a patent owner of that right should clearly do so." *Apple, Inc. v. Motorola Mobility, Inc.*, 2012 WL 5416941, at *15. The IEEE contract does not clearly deprive patent owners of the right to bring injunctions, and therefore that "Motorola did not breach its contract simply by requesting an injunction and exclusionary order in its patent infringement actions." *Id*.

This Court also has held that injunctions may be available for infringement of standard-essential patents under certain circumstances, stating that the availability of an injunction "is based on the specific circumstances and rulings that have developed in this litigation. If, in the future . . . circumstances change in a manner to warrant injunctive relief, Motorola may at that time seek such relief." Dkt. 607 at 15.

**H.   Instruction No. 22 – Microsoft's Right to Enforce**

Motorola takes exception to this instruction in its entirety, and in the alternative, Motorola takes exception to it being given without the following additional instructions: "Motorola had no obligation to make a RAND offer to Microsoft before filing a patent infringement lawsuit on SEPs. Microsoft's filing of this lawsuit on November 9, 2010 did not constitute an offer or commitment to license on RAND terms." *See* Dkt. 893 at 32; Dkt. 188 at 15-16, 19; Dkt. 318 at 16 n.12.

The instruction as currently drafted is unnecessary given the presentation of evidence at trial. Motorola takes exception to instructing the jury that Microsoft did not repudiate or forfeit any of its rights under the contracts by seeking the court's assistance through the present lawsuit against Motorola on the grounds that repudiation or forfeiture are not issues before the jury in this

---

[1] The FTC consent decree that was finalized on July 23, 2013 also concludes that Motorola does not need to withdraw its pending actions seeking injunctions. Dkt. 807-1, 807-2.

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

case. The instruction wrongly assumes that Motorola intends to argue that (1) Microsoft repudiated its rights to a RAND license; or (2) a condition precedent to Microsoft obtaining a RAND license was for Microsoft to first apply for such a license. However, Motorola is not raising a repudiation defense. *See* Dkt. No. 752 at 19 ("Based on Motorola's understanding of the Court's June 6, 2013 Order (Dkt. 335), and without waiving any rights on appeal, Motorola does not intend to pursue the following counterclaim and affirmative defenses at the August 26, 2013 breach of contract trial: . . . (2) Fourth Affirmative Defense – Forfeiture/Repudiation; and (3) Ninth Affirmative Defense – Failure to Satisfy a Condition Precedent.").

Moreover, the instruction is likely to cause jury confusion. In particular, the instruction suggests that one party acted in good faith and did not have any further obligations, whereas the other party is the only one that bears the burden of good faith. If this instruction is given, it would be error not to also instruct that both parties have a duty of good faith and fair dealing. *See Restatement (Second) of Contracts* § 205 (1981) ("Every contract imposes upon *each party* a duty of good faith and fair dealing in its performance and *its enforcement*") (emphasis added); *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn. 2d 293, 317 (2004) ("Washington courts have long held that mutuality of obligation means both parties are bound to perform the contract's terms"); *Restatement (Second) of Contracts* § 205, cmt. e. (stating that "[t]he obligation of good faith and fair dealing extends to the assertion, settlement and litigation of contract claims and defenses" and explaining that "the obligation is violated by dishonest conduct such as conjuring up a pretended dispute, asserting an interpretation contrary to one's own understanding, . . . [and] willful failure to mitigate damages."). Pursuant to this clear law that the duty of good faith is mutual and reciprocal, the Court should not instruct that Microsoft had no duty to initiate negotiations with Motorola regarding a RAND license without at the same time instructing that Motorola had no duty to initiate negotiations with Motorola.

### I. Instruction No. 24 – Breach of Contract- Measure of Damages

DEFENDANTS' EXCEPTIONS TO FINAL JURY INSTRUCTIONS AND VERDICT FORM - 11
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Motorola objects to subpart (b) of Instruction No. 24 for the reasons stated in its motion for partial summary judgment. Dkt. 720 at 18-24.

*First*, the *Noerr-Pennington* doctrine bars Microsoft from recovering attorney fees as damages in this instance. The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I; *White v. Lee,* 227 F.3d 1214, 1231 (9th Cir. 2000). The *Noerr-Pennington* doctrine has been "applied to actions petitioning each of the three branches of government, and has been expanded beyond its original antitrust context." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008). Permitting recovery of attorney fees here would chill the rights of Motorola to enforce its patents in the U.S. and abroad. *See id.* ("In explaining its decision to extend *Noerr-Pennington* to tortious interference with contracts, the Fifth Circuit stated, '[t]here is simply no reason that a common-law tort doctrine can any more permissibly abridge or chill the constitutional right of petition than can a statutory claim such as antitrust.'") (quoting *Video Int'l Prod., Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075, 1084 (5th Cir. 1988)). Although the Ninth Circuit has not specifically addressed the application of the *Noerr-Pennington* doctrine to suits filed in foreign countries, both the Fifth Circuit and district courts in the Ninth Circuit have applied it to foreign suits. *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1366 (5th Cir. 1983) ("We see no reasons why acts that are legal and protected if done in the United States should in a United States court become evidence of illegal conduct because performed abroad."); *Luxpro Corp. v. Apple Inc.*, No. C 10-03058 JSW, 2011 WL 1086027, at *5 (N.D. Cal. Mar. 24, 2011) (reasoning that "a party should not be held liable for conduct that would be legal and protected if it was performed in the United States, but is now illegal because it was performed abroad"). This instruction cannot be reconciled with the *Noerr-Pennington* and should be removed entirely.

*Second*, Motorola takes exception because Microsoft cannot recover attorney fees under any existing exception to the American rule under Washington law. Dkt. 720 at 21-24.

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

"Washington courts traditionally follow the American rule in not awarding attorney fees as costs absent a contract, statute, or recognized equitable exception." *City of Seattle v. McCready*, 131 Wn. 2d 266, 273-74 (1997). In fact, "a more accurate statement of Washington's American rule is attorney fees are not available as costs *or damages* absent a contract, statute, or recognized ground in equity." *Id.* at 275 (emphasis added).

Contrary to this Court's prior holding, Dkt. 843 at 29, Washington courts are not likely to hold that attorney fees are available as an equitable remedy for breach of the RAND commitment. A RAND commitment is not a covenant not to sue for injunctive relief and any waiver of such a right would have to be explicit. *See*, *e.g.*, *Metro. Edison Co. v. NLRB*, 460 U.S. 693, 707-709 (1983); *Apple, Inc. v. Motorola Mobility, Inc.*, No. 11-cv-178-bbc, 2012 WL 5416941, at *15 (W.D. Wis. Oct. 29, 2012). A RAND commitment does not imply a license. And even under this Court's own holdings, an entity would have to go to court to determine whether injunctive relief were permissible, such that a RAND commitment cannot be a covenant not to sue for injunctive relief.

Further, even if a covenant to sue could somehow be implied, Washington courts are not likely to recognize an equitable exception permitting recovery of attorney fees in contravention of the American rule. Only a limited number of courts have applied to allow recovery of attorney fees would not be recognized under Washington law. *See* Dkt. 720 at 22. As this Court acknowledged, the Ninth Circuit specifically rejected expanding this exception under Oregon law, predicting that the Oregon courts would not accept it. Dkt. 843 at 29-30 (citing *Gruver v. Midas Intern. Corp.*, 925 F.2d 280, 283-84 (9th Cir. 1991)). Further, the *en banc* Colorado Supreme Court, "after reviewing [this] issue in depth," Dkt. 843 at 29, concluded that "*most jurisdictions have applied the American rule barring the award of attorney fees and costs to cases involving a breach of a [covenant not to sue].*" *Bunnett v. Smallwood*, 793 P.2d 157 (Colo. 1990) (emphasis added). To date, Washington courts, which construe exceptions to the American rule narrowly,

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM - 13
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

have not adopted such an exception.  Dkt. 843 at 27.  This instruction contravenes well-established Washington law.

### J.      Instruction No. 25 - Contract- Nominal Damages

Motorola takes exception to Instruction No. 25 on nominal damages in its entirety.  As a threshold matter, Microsoft did not include in its complaint a request for nominal damages.  Dkt. No. 53 at 24.  Thus, Microsoft cannot now save its breach of contract claim by relying on nominal damages.  *See Dunkin' Donuts Inc. v. Dough Boy Mgmt., Inc.*, 2006 WL 20521, at *9 (D. N.J. Jan. 3, 2006) ("Defendants are precluded from resorting to nominal damages when, all throughout discovery, Defendants only alleged actual and consequential damages.").  Microsoft is not entitled to nominal damages in the event it cannot prove its claimed actual damages for attorney fees or relocation costs.

Although the Ninth Circuit model instruction includes nominal damages as a possible instruction, comments to that instruction explain that "[n]ominal damages are not available in every case.  The court must determine whether nominal damages are permitted."  Model Civ. Jury Instr. 9th Cir. 5.6, cmt. (2007).   Examples in the instruction relate to federal claims under Section 42 U.S.C. § 1983 and Title VII, neither of which is relevant here.    Whether Microsoft is entitled to nominal damages depends on questions of Washington state law and federal jurisdiction.  Under Washington law, Microsoft is not entitled to nominal damages if its claim is for damages only.  *See Merrell v. Renier*, Case No. 06-cv-404, 2006 WL 3337368, at *5 (W.D. Wash. Nov. 16, 2006) (Robart, J.) (acknowledging "in a claim for 'damages suffered, mere proof that there was a breach of the contract, without more, did not warrant a verdict ... even for nominal damages'") (citing *Ketchum v. Albertson Bulb Gardens, Inc.*, 252 P. 523, 525 (Wash. 1927)); *Jacob's Meadow Owners Ass'n v. Plateau*, *44 II, LLC*, 139 Wash. App. 743, 754, 162 P.3d 1153, 1160 (2007) ("[I]n suits for damages only, such as that here, a court may dismiss a breach of contract action if damages have not been suffered.").  Microsoft's original complaint and amended complaint seek only actual damages and otherwise declaratory and injunctive relief.   *See* Dkt. 1 at 22 (seeking

DEFENDANTS' EXCEPTIONS TO FINAL JURY INSTRUCTIONS AND VERDICT FORM - 14
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

"damages that Microsoft proves at trial"); Dkt. 53 at 24-25 (same).  Further, Microsoft did not make a request for specific performance in either the original or amended complaint.  *Cf. Merrell v. Renier*, No. 06-cv-404, 2006 WL 3337368, at *6 (W.D. Wash. Nov. 16, 2006) (Robart, J.) ("A plaintiff need not prove financial loss to prevail in a suit to obtain specific enforcement of a contract.") (emphasis added).

Finally, the lack of damages raises jurisdictional concerns.  This court has no subject-matter jurisdiction to grant Microsoft any relief on its claims if it cannot prove actual injury.  *Cf. Apple, Inc. v. Motorola, Inc.*, 869 F. Supp. 2d 901, 909 (N.D. Ill. 2012) (Posner, J.) ("[Y]ou can't go into federal court and say you had a contract with X and X broke it and you're really annoyed even though you sustained no injury of any sort (in fact you made money because you re-contracted at a higher price) so please give me a judgment for $1 that I can pin on my wall."); *id.* ("Without an actual or prospective tangible injury, a federal court has no subject-matter jurisdiction.").

**K.  Verdict Form**

With regard to the Verdict Form, Motorola takes exception to Paragraph 4 to the extent it permits an award of attorney fees and costs as damages.  As explained *supra* (Section I, Instruction No. 24), Washington law does not permit an award for attorney fees in these circumstances.  Attorney fees should not be allowable in this case under the American rule, and no statutory, contractual, or equitable exception permits an award of attorney fees.

DEFENDANTS' EXCEPTIONS TO FINAL JURY INSTRUCTIONS AND VERDICT FORM - 15
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1  DATED this 4th day of September, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
   Ralph H. Palumbo, WSBA #04751
   Philip S. McCune, WSBA #21081
   *ralphp@summitlaw.com*
   *philm@summitlaw.com*

By */s/ Thomas V. Miller*
   Thomas V. Miller
   MOTOROLA MOBILITY LLC
   600 North U.S. Highway 45
   Libertyville, IL  60048-1286
   (847) 523-2162

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By */s/ Kathleen M. Sullivan*
   Kathleen M. Sullivan, NY #1804624
   51 Madison Ave., 22nd Floor
   New York, NY 10010
   (212) 849-7000
   *kathleensullivan@quinnemanuel.com*

By */s/ Brian C. Cannon*
   Brian C. Cannon, CA #193071
   555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
   (650) 801-5000
   *briancannon@quinnemanuel.com*

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  

By */s/ William C. Price*
   William C. Price, CA #108542
   865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
   (213) 443-3000
   *williamprice@quinnemanuel.com*

**Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.**

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 4th day of September, 2013.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

DEFENDANTS' EXCEPTIONS TO FINAL JURY
INSTRUCTIONS AND VERDICT FORM - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001