UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., et al.,<br><br>Defendants.<br>MOTOROLA MOBILITY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | CASE NO. C10-1823JLR<br><br>ORDER TO SHOW CAUSE |

Before the court is Microsoft Corporation's ("Microsoft") Rule 50(a) motion for judgment as a matter of law. (Microsoft Mot. (Dkt. # 902).) It appears the motion may

ORDER- 1

be moot, so the court ORDERS Microsoft to either withdraw its motion or show cause why it should not be denied as moot.

Microsoft filed this Rule 50(a) motion for judgment as a matter of law before the jury returned its verdict. (*See* Microsoft Mot.) A motion or issue becomes "moot" when it is impossible for a court to grant effectual relief to the moving party. *See Decker v. Nw. Envtl. Def. Ctr.*, 133 S. Ct. 1326, 1335 (2013); *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001). A motion is moot if there is no longer a controversy because the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *See Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013). Federal courts have no authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

This motion presents an issue that appears to have been mooted by the jury's verdict. The Advisory Committee Notes to Federal Rule of Civil Procedure 50 make clear that, when there is a pending Rule 50 motion and the jury returns a verdict, "a jury verdict for the moving party moots the issue." *See* ADVISORY COMMITTEE NOTES TO RULE 50; *EMI Music Marketing v. Avatar Records, Inc.*, 364 F. Supp. 2d 337, 342 (S.D.N.Y. 2005) (jury verdict moots prevailing party's pending motion for judgment as a matter of law). Here, Microsoft has prevailed at trial and it would seem the court can no longer provide effectual relief by ruling on this motion. *See Decker*, 133 S. Ct. at 1335. Microsoft's motion appears to no longer present a live controversy because the parties lack a legally cognizable interest in the outcome of the motion—a ruling for either party

would not affect the case in any meaningful way. *See Chafin*, 133 S. Ct. at 1023. Accordingly, it would seem that the court lacks authority to rule on this motion because doing so would amount to declaring principles of law that cannot affect the matter in issue in the case before the court. *See Church of Scientology*, 506 U.S. at 12.

For the foregoing reasons, the court ORDERS Microsoft to either withdraw its motion (Dkt. # 902) or show cause why it should not be denied as moot. Microsoft is ordered to respond by noon on Wednesday, September 18, 2013, and to limit any submission to five pages. Motorola's response, if any, must be filed by noon on Friday, September 20, 2013, and must also be limited to five pages.

Dated this 13th day of September, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 3