HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MOTOROLA INC., et al.,<br><br>　　　　　Defendant.<br><br>MOTOROLA MOBILITY, LLC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Defendant. | No. C10-1823-JLR<br><br>MICROSOFT'S RESPONSE TO THE COURT'S SEPTEMBER 10, 2013 ORDER CONCERNING MOTOROLA'S LITIGATION EFFORTS IN GERMANY (DKT NO. 913) |

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. MOTOROLA'S CONTINUED PROCEEDINGS IN GERMANY WOULD UNDERMINE THE WORLDWIDE RAND DETERMINATION. .................................... 2

   A. Motorola Consented To A Worldwide RAND Determination, And The Court-Determined RAND Rate Applies To Motorola's German H.264 Patents. .................... 3

   B. Motorola's Conduct In Germany Was An Attempt To Avoid The RAND Royalty Determined By This Court. ........................................................................................ 4

      1. Motorola Urged The German Court To Disregard The Worldwide RAND Royalty. ................................................................................................................ 4

      2. Motorola Told The German Court That Microsoft Was Not A Willing Licensee Despite These Proceedings. .................................................................. 7

      3. Motorola's New Contract Case Is An Effort To Capture Hold Up Value. ............ 7

III. MOTOROLA'S AGREEMENT TO LEAVE THE STAYS IN PLACE WOULD PRESERVE THE STATUS QUO AND AVOID THE NECESSITY OF INTERVENTION BY THE COURT. .................................................................................. 8

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - i (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

## I. INTRODUCTION

On April 19, 2013, the Court determined the worldwide RAND royalty rates for Motorola's 802.11 and H.264 SEPs. (Dkt. No. 673.) On June 5, 2013, Microsoft tendered to Motorola the approximately $6.8 million in past RAND royalties that result from the Court's RAND determination, and undertook to make future royalty payments based on that ruling. (Dkt. No. 701 & Ex. A.)[1] Finally, on September 4, 2013, a jury found Motorola had breached its contracts with the IEEE and ITU—including by seeking injunctions on its 802.11 and H.264 SEPs. (Dkt. No. 909.) Whatever Motorola is entitled to receive for Microsoft's use of the H.264 and 802.11 standards in its products will be determined in this case, based on the Court's RAND determination, the jury's verdict, and the resolution of Microsoft's claims for equitable relief. Accordingly, Motorola has no reason to maintain any other actions against Microsoft in any forum relating to alleged infringement of, or royalties owed for use of, Motorola's H.264 and 802.11 portfolios, other than to obtain relief that undermines the result here.

This summer, Motorola nevertheless renewed its strategy of using German proceedings to frustrate the efforts of this Court to set a worldwide RAND royalty. The Court previously enjoined Motorola from enforcing any injunction based on its H.264 SEPs in Germany (Dkt. No. 318), and replaced that order with a broader order enjoining "Motorola from seeking injunctive relief against Microsoft with respect to Motorola's H.264 and 802.11 standard essential patent portfolios" (Dkt. No. 607 at 18). While Motorola refrained from enforcing a German injunction, it did not drop its German H.264 lawsuits and even filed an additional German action.

---

[1] In so doing, Microsoft fulfilled the commitment it made in writing in September 2011. (9/3/13 Tr. (Killough) 10:17–1:14; Dkt. No. 95 at 9.)

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 1 (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

As explained below, following the August 13, 2013 pretrial conference in this case, Motorola agreed to a stay of these German actions. Although the actions are improper and should not be maintained at all, so long as Motorola agrees to leave the stays in place, and to refrain from pursuing any other actions on its H.264 and 802.11 SEPs against Microsoft in any forum, without first seeking leave to do so from this Court, Microsoft does not believe action from this Court is required.

## II.   MOTOROLA'S CONTINUED PROCEEDINGS IN GERMANY WOULD UNDERMINE THE WORLDWIDE RAND DETERMINATION.

Although Motorola has not sought to enforce a German injunction, it nevertheless has continued to use proceedings in Germany to further its strategy of undermining this Court's RAND determination. First, as part of the original German actions, on July 1, 2013 Motorola formally demanded that Microsoft provide an extensive and burdensome accounting, the ostensible purpose of which is to enable Motorola to claim patent infringement damages. (Exs. 1 & 2, Letter from Krenz to Chrocziel; English Trans.) Motorola explicitly argued that it is entitled to collect past royalties in excess of the H.264 RAND royalty rates set by this Court. (Ex. 3 & 4, August 1, 2013 Rejoinder in No. 6 U 44/12; English Trans. at 8, 22.).

Second, on July 31, 2013, Microsoft was served with a complaint in a new lawsuit filed by Motorola in Germany, alleging that Motorola accepted an Orange Book offer from Microsoft in excess of the H.264 RAND royalty set by this Court and alleging that this purportedly accepted offer permits it to recover past patent infringement damages in excess of the H.264 RAND royalty rates set by this Court. (Ex. 5, Complaint in 2 O 79/13 with English Trans. at 8–13.) The Orange Book offer in question was an offer Microsoft originally made on December 23, 2011, and modified on February 3, 2012 and August 31, 2012. (Dkt. No. 655 Ex. 1 at 7; Dkt. No. 656 Ex. A at 1.) Although Microsoft had already committed to pay RAND royalties as determined by this Court, Microsoft made these offers while under the threat of an injunction in Germany. Motorola originally rejected these offers, but then claimed to accept on

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 2 (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

January 31, 2013, while insisting on additional conditions that made its "acceptance" a counteroffer. (Dkt. No. 656 Ex. A at 3–4.)

Microsoft sought a stay of these actions, which Motorola initially opposed. (Ex. 4 at 7–13.) However, following the pretrial conference in this case on August 13, 2013, all of these actions—the four original H.264 infringement actions (now on appeal), and the new contract action—were suspended upon Motorola's application with Microsoft's consent. (Exs. 6–15 (Orders with English Trans.) The "stays" may be lifted at any time on application by either Motorola or Microsoft (in other words, either party may unilaterally re-start the German proceedings).

### A. Motorola Consented To A Worldwide RAND Determination, And The Court-Determined RAND Rate Applies To Motorola's German H.264 Patents.

In June 2012, Motorola agreed to a bench trial determining the worldwide RAND royalty. (Ex. 16, June 14, 2012 Hearing Tr. at 41:16–43:23.) In April 2012, in opposing the Court's preliminary injunction, Motorola had explicitly affirmed that this Court has jurisdiction to adjudicate the worldwide terms of Motorola's RAND commitments:

> [THE COURT:] It seems to me that those facts strongly imply that I have jurisdiction to adjudicate the terms of the ITU agreement on a worldwide basis. And you've just said, quite passionately, "Judge, no, that's just not right."
>
> MR. JENNER: I'm saying Your Honor does have jurisdiction to deal with that.

(Ex. 17, April 11, 2012 Hearing Tr. at 40:13–19.) Motorola specifically confirmed that the Court's jurisdiction extended to the determination of worldwide RAND terms for a license from Motorola to Microsoft—explicitly including Germany:

> And to the extent Your Honor finds something different from Germany that you don't agree with, Your Honor will have the opportunity, should you deem it appropriate, simply to tell Motorola to pay back the difference in Germany. That's not an encroachment on your jurisdiction. I guess that goes to the comity part as well. That's not an encroachment on your jurisdiction. You will simply find that the court didn't determine a RAND rate in Germany. You did determine a RAND rate in Germany, to the extent that Motorola ought to pay some German money back to Microsoft. Microsoft has got a damages claim for that money, and that's a damages claim, it's not irreparable harm.

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 3 (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

(*Id.* at 28:7–19. *See also id.* at 32:10–11 (court would have the authority to later reject a German royalty rate "as not being RAND"); Ex. 18, May 18, 2011 Hearing Tr. at 14:3–5 ("I don't mean to suggest for a second that the court can't do that [set a RAND rate]. The court can do that.").)

Consistent with Motorola's explicit concessions, the November RAND royalty trial determined the RAND royalty for Motorola's worldwide H.264 and 802.11 portfolios. The two H.264 patents Motorola asserted in Germany are part of the Krause '419 (EP 0538667) and Wu '968 (EP 0615384) patent families. While Motorola knew that a RAND royalty for its worldwide H.264 patents was at issue, Motorola focused on the claims of the U.S. Krause and Wu patents, noting only that the German court had already found infringement of their German counterparts. (*See* Dkt. No. 462, Motorola's Proposed Findings of Fact and Conclusions of Law ¶¶ 262–75, 335, 337; *see generally* 11/19/12 Tr. (Drabik).) Motorola did not argue that its European patents had value distinct from or greater than their U.S. counterparts. In its April 2013 Findings of Fact and Conclusions of Law (Dkt. No. 673, "FFCL"), the Court made findings specific to the Krause and Wu families (including all worldwide counterparts) (FFCL ¶¶ 165–73, FFCL ¶¶ 174–84), and ultimately set the worldwide RAND royalty for Motorola's H.264 patents at 0.555 cents per unit (FFCL ¶ 537).

**B. Motorola's Conduct In Germany Was An Attempt To Avoid The RAND Royalty Determined By This Court.**

**1. Motorola Urged The German Court To Disregard The Worldwide RAND Royalty.**

In briefing filed in Germany on August 1, 2013, as part of the appeal of its H.264 infringement action, Motorola unequivocally argued that this Court's decision should be disregarded in valuing the German H.264 patents:

> [A] decision by the US court on a "reasonable" license rate for the German patents in suit would not be eligible for recognition, because in making its assessment on the German property rights the US court applies only the

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 4 (C10-1823-JLR)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

> standards of US patent law (in particular with regard to so-called "means plus function" claims), and thereby makes a devaluation, which simply cannot apply to German patents. This obviously is incompatible with major principles of German Law, namely with those which define the subject of the German property right on a statutory basis.

(Ex. 4 at 14.) Motorola argued that this Court "expressly determined in its April 25, 2013 order that *Krause* was of great technical value," and that this Court "expressly finds great technical value" for the Wu patent as well. (Ex. 4 at 17, 19.) Motorola suggested that the sole reason that the Krause and Wu patents did not result in high RAND royalties for the H.264 portfolio was that this Court viewed their claims as likely limited to hardware encoders and decoders, and not extending to software. (Ex. 4 at 21.) Motorola then contended that the German court should ignore the worldwide RAND royalty set by this Court, because German patent law does not limit such means-plus-function claims to disclosed hardware implementations:

> [T]he reduction applied by the Seattle court for a supposed limitation to hardware devices (based on the formulation as "means-plus-function" claims under U.S. patent law) simply cannot be applied in Germany.

(Ex. 4 at 22.) According to Motorola, "it is not rationally plausible any longer how [Microsoft] can believe to be entitled to refer to the assessments made in the parallel U.S. proceedings for justifying a low royalty rate. . . . This will not be successful." (Ex. 4 at 23.)

Given Motorola's agreement that this Court would determine a worldwide RAND rate for its H.264 patents, and its counsel's repeated assurances that if the Court set a worldwide RAND rate different from a rate set by a German court, Microsoft could recover the difference as damages, this position is astonishing. Motorola knew that the value of its European patents (and German equivalents) was at issue in the November RAND trial, yet it never advanced the argument it does now—that the means-plus-function limitations, even if applicable to the U.S. patents, should not affect the value of foreign counterparts because German (or any other country's) patent law would treat Krause and Wu differently. By failing to make that

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 5 (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

argument, Motorola tried to seed this Court's worldwide RAND determination with a loophole that it then attempted to use in Germany to evade this Court's ruling.

Moreover, this issue was flagged for Motorola well in advance of the RAND trial. On August 10, 2012, Microsoft served Motorola with the Rebuttal Expert Report of its H.264 Expert, Michael Orchard, which explained why the claims of the Krause '419 and Wu '868 patents are limited to hardware implementations. (Ex. 19, Orchard Reb. Rpt. ¶¶ 8, 110–113 (Krause), 147–150 (Wu).) Orchard specifically noted the issue of potentially differing interpretations of the foreign counterparts of these patents. (*Id.* ¶¶ 114 ("I understand that 'means' elements in Germany are not interpreted as they are in the United States."), 151 (same).)

On September 20, 2012, Motorola's H.264 expert Timothy Drabik responded to Orchard's report in a supplemental expert report. Drabik stated that one of ordinary skill reading Krause and Wu would understand that they covered software, but Drabik made no distinction between the U.S. patents and the German (or any other foreign) counterparts. (Ex. 20 (Drabik Supp. Rpt.) ¶¶ 18–19, 28–30.) Drabik's trial testimony was the same—in particular, Drabik never testified that the European counterparts of Krause and Wu might have broader scope, indicating potentially higher value. (11/19/12 Tr. (Drabik) 41:20–42:2.) The Court disagreed with Drabik because Motorola presented no evidence to support his arguments, and found that both the Krause '419 patent and the Wu '968 patent were limited to hardware implementations. (FFCL ¶¶ 173, 182.)[2]

Motorola was well aware in the Fall of 2012 of the issue it would later seize upon in urging the German court to disregard this Court's RAND ruling. Motorola could have made this argument for enhanced value for its German H.264 patents before this Court in November

---

[2] As to Wu, the Court found that one claim of the U.S. '968 patent may not be limited to hardware—but that Motorola had provided no evidence that this claim was essential to the H.264 standard. (FFCL ¶ 183.)

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 6 (C10-1823-JLR)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

2012, but it intentionally declined to do so.  Motorola then attempted to use this tactic to argue in other courts that the worldwide RAND rate determined by this Court should be ignored.

### 2. Motorola Told The German Court That Microsoft Was Not A Willing Licensee Despite These Proceedings.

In the same August 1, 2013 German brief, Motorola advanced additional arguments inconsistent with and seeking to undermine this Court's RAND determination.  Motorola argued to the German court that Microsoft was not a "willing licensee" despite both the proceedings in this case and Microsoft's Orange Book offer of 1-2 Euro cents per unit.  (Ex. 4 at 25–26 ("Defendants in the present proceedings cannot be qualified as 'willing licensees' under any conceivable point of view.").)  Motorola told the German court that Motorola "has demonstrated many times why the offered license rates" of 1-2 Euro cents for the two H.264 patents (which exceeds by at least a factor of four the Court-determined worldwide rate), "are unreasonable."  (Ex. 4 at 25.)  Motorola claimed that Microsoft had "shown [itself] to be unwilling to accept a binding royalty rate determination by a third party" because it had not subjected itself to the Orange Book "Road B" Section 315 procedure.  (Ex. 4 at 25.)  Finally, in response to Microsoft's position that these proceedings, in this Court, are the proper place for that determination, Motorola accused Microsoft of attempting "to mix the U.S. proceedings up with the present proceedings and torpedo the German infringement action."  (Ex. 4 at 25.)

### 3. Motorola's New Contract Case Is An Effort To Capture Hold Up Value.

Motorola's claimed "acceptance" of a Microsoft Orange Book offer for royalties far in excess of the Court-determined RAND royalty, and its contract lawsuit seeking to collect those royalties, are antithetical to these proceedings on multiple grounds.  The rate of 1-2 Euro cents per unit is more than four times higher than the 0.555 US cent per unit rate that represents the most Motorola is entitled to for its entire worldwide H.264 portfolio.  As noted above, the Orange Book offer was an offer Microsoft originally made on December 23, 2011, and

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 7 (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1  modified on February 3, 2012 and August 31, 2012 (Dkt. No. 655 Ex. 1 at 7; Dkt. No. 656 Ex.
2  A at 1)—an offer, significantly, made while Motorola was urging the Ninth Circuit to overturn
3  the preliminary injunction that barred Motorola from enforcing its German injunction, thus
4  exposing Microsoft to a significant hold up threat.  Motorola's attempt to retroactively
5  "accept" that offer is a last-gasp effort to seize hold up value to which it is not entitled.

6  At the August 13, 2013 pretrial conference, Motorola suggested that Microsoft was
7  taking inconsistent positions with respect to the Orange Book offer—arguing, on the one hand,
8  that Motorola "had to accept the offer in Germany" as a matter of antitrust law, but that on the
9  other hand, the supposed acceptance was inconsistent with this Court's exercise of jurisdiction.
10 (Ex. 21, Pretrial Conf. Tr. at 56:11–21.)  There is no inconsistency.  As the Court is aware from
11 *Daubert* briefing, the Orange Book procedure may well be inconsistent with European antitrust
12 law (Dkt. No. 822 at 15–18), but Motorola's action in Germany forced Microsoft to make an
13 Orange Book offer anyway, at rates much higher than RAND, in an attempt to head off a
14 German injunction.  Motorola rejected that offer, and Microsoft has argued that Motorola's
15 rejection of this supra-RAND offer violated European antitrust law.  And even if Motorola had
16 accepted that supra-RAND offer, as Motorola's counsel long ago explained, "Motorola ought
17 to pay some German money back to Microsoft" because "Microsoft has got a damages claim
18 for that money."  (Ex. 17 at 28:15–19.)

19 **III.   MOTOROLA'S AGREEMENT TO LEAVE THE STAYS IN PLACE WOULD
20         PRESERVE THE STATUS QUO AND AVOID THE NECESSITY OF
         INTERVENTION BY THE COURT.**

21 Motorola originally filed the German actions in July 2011, well after this action was
22 underway.  (9/3/13 Tr. (Killough) 12:9–14.)  Motorola pursued an injunction in Germany on its
23 H.264 patents despite knowing that it could obtain a RAND royalty here.  (*Id.* 11:1–12:8.)  The
24 jury found that Motorola's conduct in Germany breached its contract with the ITU—it awarded
25 damages for Microsoft's relocation in Germany, and found that Motorola's pursuit of
26

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 8 (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1  injunctions on H.264 patents was a breach. (Dkt. No. 909, Verdict Form.) Motorola had no
2  reason to file and maintain the German actions other than to attempt to extract concessions
3  from Microsoft in breach of its ITU contract. Now, especially given the jury verdict and the
4  RAND determination, Motorola has no reason whatsoever to pursue H.264 actions against
5  Microsoft in Germany or anywhere else. Motorola should simply accept the RAND royalties
6  that Microsoft has tendered and drop its German suits. However, so long as Motorola agrees to
7  leave the stays in place and not initiate any other action against Microsoft related to Motorola's
8  SEPs, absent seeking leave from this Court, Microsoft believes that action from this Court is
9  not necessary.

11  DATED this 16th day of September, 2013.

CALFO HARRIGAN LEYH & EAKES LLP

By   s/Arthur W. Harrigan, Jr.
     Arthur W. Harrigan, Jr., WSBA #1751

By   s/Christopher Wion
     Christopher Wion, WSBA #33207

By   s/Shane P. Cramer
     Shane P. Cramer, WSBA #35099
     999 Third Avenue, Suite 4400
     Seattle, WA 98104
     Phone: 206-623-1700
     arthurh@calfoharrigan.com
     chrisw@calfoharrigan.com
     shanec@calfoharrigan.com

By   s/T. Andrew Culbert
     T. Andrew Culbert

By   s/David E. Killough
     David E. Killough

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 9 (C10-1823-JLR)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

| | |
|---|---|
| 1 | MICROSOFT CORPORATION |
| 2 | 1 Microsoft Way |
|   | Redmond, WA 98052 |
| 3 | Phone: 425-882-8080 |
|   | Fax: 425-869-1327 |

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
Nathaniel C. Love

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000
Fax: 312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 10 (C10-1823-JLR)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 16th day of September, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA  98104-2682<br>Telephone:  206-676-7000<br>Email:  Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>Telephone:  (212) 596-9046<br>Email:  steven.pepe@ropesgray.com<br>Email:  jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284<br>Telephone:  (650) 617-4030<br>Email:  norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |

MICROSOFT'S RESPONSE TO THE COURT'S SEPTEMBER 10, 2013 ORDER CONCERNING MOTOROLA'S LITIGATION EFFORTS IN GERMANY - 11 (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

| | | |
|---|---|---|
| Andrea Pallios Roberts (*pro hac vice*) | _____ | Messenger |
| Brian C. Cannon (*pro hac vice*) | _____ | US Mail |
| Elanor Mangin (*pro hac vice*) | _____ | Facsimile |
| Quinn Emanuel Urquhart & Sullivan, LLP | __X__ | ECF |

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Email: andreaproberts@quinnemanuel.com
Email: briancannon@quinnemanuel.com

| | | |
|---|---|---|
| Kathleen M. Sullivan (*pro hac vice*) | _____ | Messenger |
| David Elihu (*pro hac vice*) | _____ | US Mail |
| Ellyde Roko Thompson (*pro hac vice*) | _____ | Facsimile |
| Quinn Emanuel Urquhart & Sullivan, LLP | __X__ | ECF |

51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Email: kathleensullivan@quinnemanuel.com

| | | |
|---|---|---|
| William Price (*pro hac vice*) | _____ | Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ | US Mail |
| 865 S. Figuera St., 10th Floor | _____ | Facsimile |
| Los Angeles, CA 90017 | __X__ | ECF |

Telephone: (212) 443-3000
Email: williamprice@quinnemanuel.com
MicrosoftvMotoBreachofRANDCase@quinnemanuel.com

DATED this 16th day of September, 2013.

                                       s/ Florine Fujita
                                       FLORINE FUJITA

MICROSOFT'S RESPONSE TO THE COURT'S
SEPTEMBER 10, 2013 ORDER CONCERNING
MOTOROLA'S LITIGATION EFFORTS IN
GERMANY - 12 (C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717