# EXHIBIT 16

```
                UNITED STATES DISTRICT COURT

           WESTERN DISTRICT OF WASHINGTON AT SEATTLE

     _____

     MOTOROLA INC., et al,         )
                                   )
                    Plaintiffs,    ) 11-1408-JLR
                                   )
     v.                            ) SEATTLE, WASHINGTON
                                   )
     MICROSOFT CORPORATION,        ) June 14, 2012
                                   )
                    Defendant.     ) Markman Tutorial
                                   ) and Status Conf.
     _____

                  VERBATIM REPORT OF PROCEEDINGS
             BEFORE THE HONORABLE JAMES L. ROBART
                  UNITED STATES DISTRICT JUDGE
     _____


     APPEARANCES:



      For the Plaintiff:      Jesse Jenner, Ralph Palumbo,
                               Steve Pepe, Stuart Yothers, Khue
                               Hoang and Mark Rowland




      For the Defendants:     Arthur Harrigan, Theodore
                               Chandler, Shubham Mukherjee, John
                               McBride, Christopher Wion, Rick
                               Cederoth, Andy Culbert and David
                               Pritikin
```

1   MR. PALUMBO: Your Honor, Mr. Harrigan just handed me
2   a note, and if we could just have a couple seconds in the
3   back of the courtroom to see if we have an agreement or
4   disagreement on this.
5   MR. HARRIGAN: I thought of something we hadn't
6   talked about.
7   THE COURT: I'm going to come out at ten after. That
8   will give you four minutes to figure this out.
9   (The proceedings recessed.)
10  THE COURT: So, counsel, what used car are you trying
11  to sell the court today?
12  MR. HARRIGAN: Well, Your Honor, we have three topics
13  and we're going to present them in descending order of
14  agreement. Starting with a proposed schedule.
15  MR. PALUMBO: And I have a written proposed schedule
16  for Your Honor which may be easier to follow.
17  THE COURT: All right. Please approach.
18  MR. Palumbo: And we have keyed this off the
19  September date that you provided to us. And we are in
20  agreement with respect to all of the dates, both leading up
21  to September 10th and following September through to the
22  trial, starting on November 19th.
23  THE COURT: All right. And don't take "all right" as
24  saying that I accept it, because I need to look at my
25  calendar to see if these conflict with anything. But I

1 appreciate the hard work on it.
2     MR. PALUMBO:  Okay.  That's fine, and we put in -- I
3 think at this point nobody is contemplating dispositive
4 motions, Your Honor.  But we put a date in there in case
5 something changes.
6   The other issue here is now that we have a clear
7 understanding of the issues that will be tried, we believe
8 five days is not sufficient and request that the court set
9 aside ten trial days.
10     MR. HARRIGAN:  That "we" doesn't include me.
11     MR. PALUMBO:  "We," Motorola.  Doesn't include him.
12     THE COURT:  All right.  That will come out at the
13 same time that your schedule comes out.
14     MR. HARRIGAN:  So, Your Honor, the other topic, the
15 second topic if you're ready for that.
16     THE COURT:  One clarification.  In terms of trial
17 days, I think it Microsoft waived the jury in this.  Motorola
18 was going to inquire of their client.  And I don't think I've
19 heard back.
20     MR. HARRIGAN:  Your Honor, you've moved to the third
21 topic.
22     THE COURT:  All right.  Well then I'll --
23     MR. PALUMBO:  We can do the third topic, Your Honor.
24     THE COURT:  Well, the length of the trial depends in
25 part, if you're going with a jury or not, in that we normally

1  can pick a jury in a morning.  My procedure is to ask the
2  bench-book questions, take stuff out of your proposed voir
3  dire, which is usually loaded up with things that you don't
4  want to ask, and it's easier for the court to ask, and then
5  give counsel the opportunity to do their own voir dire.
6      It is not unusual to have a couple, sometimes more than
7  that, of the jury pool be Microsoft employees, because
8  Microsoft has a very gracious policy in regards to jury
9  service, which the court appreciates immensely.  I'm not sure
10 the criminals do.
11     As a result, your jury selection may be slightly more
12 difficult, and therefore it's going to vary a little bit on
13 how much remaining trial time you have.  And that's why we'll
14 get to your third topic.
15         MR. HARRIGAN:  In a nutshell, Your Honor, the parties
16 agree there is no jury involved -- there's no jury
17 requirement with respect to the court's determination of what
18 is RAND, and the contract, and so forth; and disagree with
19 respect to whether a jury would be required to deal with the
20 breach of contract part of the case.
21         THE COURT:  All right.
22         MR. HARRIGAN:  And we will continue to see if we can
23 reach agreement, otherwise we're probably going to be
24 briefing this issue for the court.
25         MR. PALUMBO:  That's right, Your Honor.  Our

1  agreement is that the court would decide all the material
2  terms of the RAND license. And we currently have a
3  disagreement with respect to whether the breach of contract
4  action would be tried by the court or by a jury.
5      And since -- if we can't reach agreement on that, it will
6  require briefing. We're just going to put it off and submit
7  briefs on that issue if it becomes a question.
8      And in requesting ten days, I had assumed in our
9  calculation that we would take a half a day to select the
10 jury. So I think our request for ten days is not dependent
11 on whether there is or is not a jury.
12          MR. HARRIGAN: Just one qualification, Your Honor.
13 We don't mean, in the way Mr. Palumbo expressed the first
14 part of that, to be defining what the court is deciding.
15 We're just saying that the RAND determination part of the
16 case doesn't require a jury, whatever that may be.
17          THE COURT: All right.
18          MR. PALUMBO: And our position, as stated again, if
19 we have a disagreement on whether you're deciding all the
20 RAND terms, or what those terms are, that is going to be
21 subject to briefing. So we're simply putting that over. So
22 that's our understanding of what the issues at trial would
23 be.
24          MR. HARRIGAN: So the issue No. 2 is a question
25 relating to a stay of the issues in this case that do not

relate to those being tried in November. And just briefly, we had proposed a stay of all such issues, including the next forthcoming Markman hearing that Microsoft had.

The parties spent quite a bit of time discussing that. The parties began to explore the possibility of an even broader stay, which I won't bore the court with the details of. So we haven't gotten there. So we're a little bit short of a complete agreement at this point. But I think that there is a general agreement that there ought to be a suspension of hostilities with respect to the issues, the patent issues in this case, but more precisely defined as those which are not -- the issues that are not involved in the November trial or related to it.

Obviously it would not apply to the current no-injunction motion that the court has under consideration. But it would essentially be the patent part of the case.

I thought we had it worked out to be a stay through trial, but apparently we're still working on the definition of exactly how -- you know, what's in it and how long it would last. Obviously it's up to the court anyway. But I think we'll be able to come back to the court with something more specific in the near future. Is that fair?

MR. PALUMBO: Yeah. And we have an issue to work out with respect to a broader stay, Your Honor. We don't know whether we can or cannot. But neither of us had enough

# C E R T I F I C A T E

    I, Debbie K. Zurn, RPR, CRR, Court Reporter for the United States District Court in the Western District of Washington at Seattle, do hereby certify that I was present in court during the foregoing matter and reported said proceedings stenographically.

    I further certify that thereafter, I have caused said stenographic notes to be transcribed under my direction and that the foregoing pages are a true and accurate transcription to the best of my ability.

    Dated this 25th day of June, 2012.


    /s/ *Debbie Zurn*

    DEBBIE ZURN
    OFFICIAL COURT REPORTER