# EXHIBIT 21

```
 1                    UNITED STATES DISTRICT COURT

 2               WESTERN DISTRICT OF WASHINGTON AT SEATTLE

 3     ─────────────────────────────────────────────────────────

 4     MICROSOFT CORPORATION,        )
                                     )
 5               Plaintiff,          )  C10-01823-JLR
                                     )
 6     v.                            )  August 13, 2013
                                     )
 7     MOTOROLA, INC., et al,        )  PRETRIAL
                                     )  CONFERENCE
 8               Defendant.          )
                                     )
 9     ─────────────────────────────────────────────────────────

10              BEFORE THE HONORABLE JAMES L. ROBART
                    UNITED STATES DISTRICT JUDGE
11     ─────────────────────────────────────────────────────────

12
       APPEARANCES:
13

14       For the Plaintiff:    Arthur Harrigan, Christopher
                               Wion, David Pritikin, Richard
15                             Cederoth, Andy Culbert,
                               Nathaniel Love and Ellen
16                             Robbins

17

18

19       For the Defendants:   Ralph Palumbo, William Price,
                               Brian Cannon, Kathleen Sullivan
20                             and Andrea Roberts

21

22

23

24

25
```

*Barry L. Fanning, RMR, CRR - Official Court Reporter*
*Suite 17205 - 700 Stewart St. - Seattle, WA 98101*

1        THE COURT:  I don't understand what is going on in
2   Germany, and I don't draw any conclusions from it.  I
3   simply want it clearly understood that the consequences,
4   and I am literally talking about eight- or nine-figure
5   daily sanctions, applicable to the lawyers and the clients
6   if I find that we are playing games with my ruling.  I am
7   deadly serious about this.  If you want to exclude
8   yourselves from practicing in federal court, you can
9   figure out a way to do it.
10        MS. SULLIVAN:  Your Honor, when your Honor speaks
11   in those terms I would respectfully request a few moments
12   of your Honor's time --
13        THE COURT:  You are up.  You can stay at counsel
14   table.
15        MS. SULLIVAN:  Your Honor, we were quite surprised
16   to receive Mr. Harrigan's letter and find in it no
17   reference to what the German dispute is actually about,
18   which is that Microsoft offered to take a license and
19   Motorola accepted the license.  The actions in Germany are
20   quite consistent with your Honor's boundaries.
21      Your Honor --  Believe me, I know all too well what
22   the boundaries of your Honor's ruling was, because it was
23   extremely important in the Ninth Circuit matter.
24      But your Honor will recall that in Docket Number 318,
25   when you formalized the anti-suit injunction, you said,

1   importantly, the order in no way enjoins Motorola from
2   pursuing the German action and receiving monetary damages
3   or any other non-injunctive relief, and in no way
4   prohibits further proceedings in Germany.
5        And, your Honor, that was very meaningful to the Ninth
6   Circuit, because the Ninth Circuit, in affirming your
7   Honor's anti-suit injunction, ruled specifically that
8   Motorola urges that the anti-suit injunction must be
9   overturned because it has disabled Motorola from enforcing
10  its German patents in the only forum in which they can be
11  enforced.  This argument exaggerates the scope of the
12  injunction, which leaves Motorola free to continue
13  litigating its German patents claims against Microsoft as
14  to damages or other non-injunctive remedies to which it
15  may be entitled.
16       So, your Honor, nothing could have been more
17  scrupulously appropriate under your Honor's ruling than
18  for Motorola to continue to pursue in Germany the damages
19  and other non-injunctive relief that your Honor left open,
20  and which I would submit was a very important factor in
21  the Ninth Circuit's ruling.  It is why they found your
22  ruling appropriately narrow.  They said damages is left
23  open.
24       Well, what did Microsoft's offer say?  We offered to
25  take a license, and it expressly said by its terms that we

1  accept for the term of this license we will pay any past
2  damages that are owed to Motorola.
3      So what is going on in Germany now?  Obviously
4  Motorola is not pursuing injunctions.  It has expressly
5  told the Karlsruhe appellate court that it is dropping any
6  injunctive relief claims in light of your Honor's
7  anti-suit injunction.  And one of the patents has now
8  expired.  So the claims have been mooted on the injunction
9  side in Germany, both by your Honor's ruling and by the
10 expiration of one of the German patents.
11     So Motorola is not seeking injunctive relief in
12 Germany, is not defying your Honor's ruling, and in fact
13 is doing exactly what your Honor and the Ninth Circuit
14 left open to it in express terms.
15     So the so-called new action, which was not sprung on
16 Microsoft last week, it was filed in July, and it is only
17 by virtue of the Hague Convention that service occurred
18 only recently, that is an action to try to obtain the very
19 thing your Honor left open, which is past damages under
20 the license that Microsoft offered to take and which
21 Motorola accepted.  Sorry.  It was filed in April.  I
22 stand corrected.  The suit was filed in April and served
23 in July by virtue of the Hague Convention.
24     Your Honor, I have to just say, what kind of irony is
25 there that Microsoft is again using things as a sword and

1   a shield?  Over in Germany it is saying, well, Motorola
2   had to accept their offer in order to avoid
3   anti-competition sanctions under European law.  Now they
4   come to your court and they say, oh, no, no, they can't
5   accept an offer because that would be in violation of your
6   Honor's ruling.  That can't be the case.  They can't use
7   an offer that they made, and that Motorola accepted, a
8   license offer, and a rate --  By the way, the acceptance
9   was in January of 2013, before your Honor issued the
10  Findings of Fact and Conclusions of Law in April.
11       So what we are arguing about in Germany is Motorola
12  contends that we have an executed contract, a license to
13  the German patents, at a rate that Microsoft offered, and
14  that we are entitled to enforcement of that as a matter of
15  contract, a license agreement, under German law, and that
16  is entirely within the bounds your Honor expressly left
17  open and was a condition of the Ninth Circuit ruling.
18       Microsoft shouldn't be telling us we had to accept the
19  offer in Germany, and then coming to this court and saying
20  you have to void the acceptance of the offer as precluded
21  by this court's jurisdiction.
22       So, your Honor, we can obviously accept your Honor's
23  offer to brief this in detail, but I needed to put on the
24  record now that Motorola is not in defiance of your
25  Honor's orders, that we have adhered to the absolute

letter and boundaries of those orders. We have argued over two things, a license that Microsoft offered to take in December of 2011, and never withdrew throughout the entire course of the anti-suit proceedings right through the Ninth Circuit, that Motorola accepted in January 2013. The so-called new action is just a contract action seeking to enforce that contract -- or to adjudicate whether that is an accepted contract.

Microsoft is now arguing, never mind, we didn't mean to accept it. We actually -- we didn't mean for your response to us to be an acceptance. We will read it as a counteroffer. That is a dispute of German contract law, whether the license was offered and accepted. That is what is going on in the so-called new action.

The other action is an accounting for past damages, which is also within your Honor's ruling.

So it pains me to hear you talking about Motorola trying to avoid the court's order when that is not the facts at all.

THE COURT: Counsel, what I have said is I don't know what is going on in Germany, which is why I have invited the briefing. But it is not going to be now. I don't wish to impugn Motorola, I don't wish to impugn Google, I don't wish to impugn Quinn Emanuel. I simply want the marker out there that if I find conduct which is

# CERTIFICATE

I, Barry L. Fanning, Official Court Reporter, do hereby certify that the foregoing transcript is true and correct.

S/Barry L. Fanning

_____
Barry L. Fanning