1
2
3
4
5
6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10  MICROSOFT CORPORATION,

11              Plaintiff,

12        v.

13  MOTOROLA, INC., et al.,

14              Defendants.

15  MOTOROLA MOBILITY, INC., et al.,

16              Plaintiffs,

17        v.

18  MICROSOFT CORPORATION,

19              Defendant.

CASE NO. C10-1823JLR

ORDER DENYING AS MOOT MICROSOFT'S RULE 50(A) MOTION

ORDER- 1

1    Before the court is Microsoft Corporation's ("Microsoft") Federal Rule of Civil
2 Procedure 50(a) motion for judgment as a matter of law. (Microsoft Mot. (Dkt. # 902).)
3 On September 13, 2013, the court ordered Microsoft to show cause why its motion
4 should not be denied as moot. (9/13/13 Order (Dkt. # 915).) Microsoft filed the motion
5 before the case went to the jury and did not withdraw it after the jury returned a verdict in
6 its favor. (*See* Microsoft Mot.) In its show cause order, the court pointed out that a
7 favorable jury verdict for one party usually moots that party's pending motion for
8 judgment as a matter of law. (*See* 9/13/13 Order.) In response, Microsoft argued that
9 "many of the issues and arguments raised in the motion are not themselves moot"
10 because they are still "hotly disputed" and will likely be contested on appeal. (Microsoft
11 Resp. (Dkt. # 921) at 2-3.) Microsoft indicated that it would not withdraw the motion for
12 fear of waiving arguments or issues on appeal but stated that it believes "the Court can
13 simply deny Microsoft's Rule 50(a) motion as moot." (*Id.* at 3.)

14    A motion or issue becomes "moot" when it is impossible for a court to grant
15 effectual relief to the moving party. *See Decker v. Nw. Envtl. Def. Ctr.*, 133 S. Ct. 1326,
16 1335 (2013); *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001). A motion is moot if
17 there is no longer a controversy because the issues presented are no longer live or the
18 parties lack a legally cognizable interest in the outcome. *See Chafin v. Chafin*, 133 S. Ct.
19 1017, 1023 (2013). Federal courts have no authority to "give opinions upon moot
20 questions or abstract propositions, or to declare principles or rules of law which cannot
21 affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United*
22 *States*, 506 U.S. 9, 12 (1992).

1     The Advisory Committee Notes to Rule 50 make clear that, when there is a
2 pending Rule 50 motion and the jury returns a verdict, "a jury verdict for the moving
3 party moots the issue." See ADVISORY COMMITTEE NOTES TO RULE 50; *EMI Music*
4 *Marketing v. Avatar Records, Inc.*, 364 F. Supp. 2d 337, 342 (S.D.N.Y. 2005) (jury
5 verdict moots prevailing party's pending motion for judgment as a matter of law); *Lyon*
6 *Dev. Co. v. Bus. Men's Assur. Co. of Am.*, 76 F.3d 1118, 1122 (10th Cir. 1996) (same);
7 *McAllister v. Hawaiiana Mgmt. Co.*, 918 F. Supp. 2d 1044, 1054 (D. Haw. 2013) (same).
8     Following this logic, Microsoft's motion is moot. Indeed, the court can no longer
9 provide effectual relief by ruling on the motion. *See Decker*, 133 S. Ct. at 1335.
10 Microsoft's motion no longer presents a live controversy because the parties lack a
11 legally cognizable interest in the outcome of the motion—a ruling for either party would
12 not affect the case in any meaningful way. *See Chafin*, 133 S. Ct. at 1023. Accordingly,
13 the court will not rule on this motion because doing so would amount to declaring
14 principles of law that cannot affect the matter in issue in the case before the court. *See*
15 *Church of Scientology*, 506 U.S. at 12. For these reasons, the court DENIES Microsoft's
16 motion (Dkt. # 902) as moot, recognizing that the motion was timely and properly made
17 but declining to reach the merits.
18     Dated this 19th day of September, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 3