The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., and MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Defendants. | CASE NO. C10-1823-JLR<br><br>MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR FINAL JUDGMENT ON ITS BREACH OF CONTRACT CLAIM PURSUANT TO RULE 54(b)<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, October 18, 2013** |
| MOTOROLA MOBILITY LLC, and GENERAL INSTRUMENT CORPORATION,<br><br>Plaintiffs/Counterclaim Defendant,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant/Counterclaim Plaintiff. | |

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR FINAL JUDGMENT ON ITS BREACH OF CONTRACT CLAIM PURSUANT TO RULE 54(b)
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I.   INTRODUCTION

Defendants Motorola Mobility, LLC ("MMI"), Motorola Solutions, Inc. ("Motorola Solutions") and General Instrument Corp. ("GIC") (collectively, "Motorola") respectfully file this memorandum in response to the motion of Plaintiff Microsoft Corp. ("Microsoft") for final judgment on its breach of contract claim under Federal Rule of Civil Procedure 54(b). Although Motorola does not disagree that certain claims may now be deemed final under Rule 54(b), Microsoft's motion fails to set forth those claims with adequate completeness or specificity. Motorola accordingly opposes Microsoft's motion unless the relief requested is modified as set forth below and in the attached proposed alternative order.

## II.   COUNTER-STATEMENT OF PROCEDURAL HISTORY

Microsoft filed suit in this Court on November 9, 2010 and amended its complaint on February 23, 2011, alleging breach of contract, promissory estoppel, and waiver, and seeking a declaratory judgment that Motorola's offers on its H.264 and 802.11 standard-essential patent portfolios had not complied with Motorola's RAND obligations. Dkt. 53. Microsoft nowhere alleged that it was willing to license Motorola's patents. *See* Dkt. 318 at 16 n.12. Motorola alleged two counterclaims: the first counterclaim requested a declaratory judgment that Motorola had not breached any of its RAND obligations, and the second counterclaim sought a declaratory judgment that Microsoft had repudiated and/or rejected the benefits of Motorola's RAND statements and that Motorola is entitled to seek an injunction against Microsoft on the Motorola patents at issue. Dkt. 192.

On November 10, 2010, Motorola filed a patent suit (the "'699 case") against Microsoft in the Western District of Wisconsin and amended that complaint on January 11, 2011. Wis. Dkt. 29. Motorola alleged that Microsoft had infringed Motorola's U.S. Patent Nos. 7,310,374 ("'374"), 7,310,375 ("'375") and 7,310,376 ("'376"). Microsoft filed counterclaims in the '699 case alleging that Motorola had infringed Microsoft's U.S. Patent Nos. 6,339,780 ("'780") and 7,411,582 ("'582"), as well as counterclaims against Motorola that mirrored Microsoft's claims in

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR
FINAL JUDGMENT ON ITS BREACH OF CONTRACT
CLAIM PURSUANT TO RULE 54(b) - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

the breach-of-contract suit: for breach of contract, promissory estoppel, waiver, and a declaratory judgment that Motorola's offers to license its '374, '375 and '376 patents did not comply with Motorola's RAND obligations. Wis. Dkt. 37. On Microsoft's motion, the '699 case was transferred to this Court on February 18, 2011. Wis. Dkt. 44. This Court consolidated Microsoft's breach-of-contract suit with Motorola's and Microsoft's patent claims on June 1, 2011. Dkt. 66. On June 15, 2011, Motorola filed counterclaims for noninfringement and invalidity of Microsoft's '780 and '582 patents. Dkt. 67. Motorola also filed counterclaims seeking a declaratory judgment that Motorola had not breached any of its RAND obligations, that Microsoft had repudiated and/or rejected the benefits of Motorola's RAND assurances, and that Motorola was entitled to seek an injunction against Microsoft for infringement of the Motorola '374, '375 and '376 patents. *Id*.

On June 1, 2011, this Court granted Motorola's motion to dismiss Microsoft's waiver and declaratory judgment claims in both the breach-of-contract case and the consolidated '699 case. Dkt. 66. On February 6, 2012, this Court denied Microsoft's motion to dismiss Motorola's first counterclaim for declaratory judgment that Motorola had complied with its RAND obligations, holding that Motorola's counterclaim was not duplicative of Microsoft's affirmative claim because Microsoft's claim related only to the two offer letters Motorola sent to Microsoft. Dkt. 175 at 7-8. This Court granted in part Microsoft's motion to dismiss Motorola's second counterclaim, dismissing without prejudice the counterclaims for declaratory judgment that Motorola was entitled to seek injunctive relief for infringement of its patents. *Id*. at 11-12. The Court held that the issue of injunctive relief would be fully litigated in Motorola's patent infringement action. *Id*. On July 10, 2012, the Court granted the parties' joint motion to stay all pending patent-infringement cases and claims. Dkt. 360.

Over Motorola's objection (Dkt. 362), the Court held a bench trial during November 2012 to determine RAND royalty ranges and rates for Motorola's H.264 and 802.11 standard-essential patent portfolios. On November 30, 2012, the Court granted Microsoft's motion for partial summary judgment dismissing Motorola's request for a declaratory judgment that it was entitled

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR
FINAL JUDGMENT ON ITS BREACH OF CONTRACT
CLAIM PURSUANT TO RULE 54(b) - 2
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  to seek injunctive relief for infringement of its asserted patents. Dkt. 607. On March 14, 2013,
2  the Court stated in a telephonic hearing that only Microsoft's breach of contract claim would be
3  heard by the jury. 3/14/13 Hr'g Tr. at 7. The Court issued its Findings of Fact and Conclusions of
4  Law setting the RAND royalty rates and ranges for Motorola's H.264 and 802.11 standard-
5  essential portfolios on April 19, 2013. Dkt. 673.

6  The Court granted Microsoft's motion for partial summary judgment dismissing
7  Motorola's counterclaim for a declaratory judgment that Microsoft had repudiated and/or rejected
8  the benefits of Motorola's RAND assurances on August 12, 2013. Dkt. 843. Beginning
9  August 26, 2013, a seven day jury trial was held. On September 4, 2013, the jury returned a
10  verdict for Microsoft on its breach-of-contract claim and awarded damages. Dkt. 909.

11  At this juncture of the case, therefore, there remain unresolved before the Court the
12  following claims or counterclaims arguably related to the breach-of-contract case: (1) Microsoft's
13  claim for promissory estoppel (Dkt. 53 at ¶¶ 88-94, *but see* 3/14/13 Hr'g Tr. at 7); (2) Microsoft's
14  counterclaims in the '699 patent case for breach of contract, promissory estoppel, waiver, and a
15  declaratory judgment that Motorola had violated its RAND obligations (Wis. Dkt. 37 at ¶¶ 21-
16  124); (3) Motorola's declaratory judgment counterclaim in the contract action that it has not
17  breached any RAND obligations (Dkt. 68 at ¶¶ 61-66) and (4) Motorola's counterclaims in the
18  '699 patent case for a declaratory judgment that it has not breached any RAND obligation and that
19  Microsoft repudiated and/or rejected the benefits of Motorola's RAND assurances (Dkt. 67 at
20  ¶¶ 21-90). Contrary to Microsoft's suggestion (Dkt. 927 at 3 n.2), the jury verdict is incapable of
21  resolving any of these remaining claims and counterclaims because the jury's role was to decide
22  only breach of contract and damages for that breach; a jury in any event has no power to issue a
23  declaratory judgment.

24  Moreover, contrary to Microsoft's suggestion (*id.* at 2), there is no claim before the Court,
25  final or otherwise, that Microsoft has a right to enter into any particular license at the rate or range
26  determined by the Court, for Microsoft made no such pleading (*see* Dkt. 318 at 16 n.12; *compare*

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR
FINAL JUDGMENT ON ITS BREACH OF CONTRACT
CLAIM PURSUANT TO RULE 54(b) - 3
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Dkt. 701 & Ex. A), the Court has never purported to set any terms of such a license other than a suggested RAND rate and range, and Microsoft's so-called request for a judicial "accounting" (Dkt. No. 53 at ¶ 9) is beside the point here because a suit to determine what contract damages Motorola might owe Microsoft has nothing to do with what patent royalties Microsoft might owe Motorola—the latter is a patent infringement remedy cognizable only in the '699 patent suit that has been stayed.  Accordingly, Microsoft's references to any final right to a license should be disregarded.

### III.   LEGAL STANDARD

Rule 54(b) permits a district court to enter judgment on "fewer than all" claims or as to fewer than all parties where there is "no just reason for delay." Fed. R. Civ. P. 54(b); *SEC v. Platforms Wireless Int'l Co.*, 617 F.3d 1072, 1084 (9th Cir. 2010).  In deciding a Rule 54(b) motion, "[a] district court must first determine that it is dealing with a final judgment.  It must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright v. General Elec. Co*, 446 U.S. 1, 7 (1980) (quotations omitted).  The appellate court will "scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Noel v. Hall*, 568 F.3d 743 (9th Cir. 2009) (quoting *Curtiss-Wright*, 446 U.S. at 10).

### IV.   ARGUMENT

Microsoft's motion is incomplete in its request for final judgment under Rule 54(b), as it fails to specify what claims should be certified as final for appeal.  Motorola accordingly opposes the motion unless it is modified to finalize all claims related to the breach-of-contract claim.  Such an approach is necessary to prevent "piecemeal appeals."

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR FINAL JUDGMENT ON ITS BREACH OF CONTRACT CLAIM PURSUANT TO RULE 54(b) - 4
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**A.      Motorola Agrees That Microsoft's Breach-of-Contract Claim Can Be Finalized Under Rule 54(b)**

Provided that the unresolved claims discussed herein are also finalized, Motorola does not object to the Court entering final judgment under Rule 54(b) on Microsoft's breach-of-contract claim and the other claims as to which the Court as already entered judgment (*see supra* pp. 1-3).

**B.      Microsoft's Unresolved RAND Claims in the Breach of Contract Action Should Be Dismissed and/or Deemed Final**

Microsoft moves for final judgment on its "breach of contract claim" but does not specify that its other three claims in the contract action should also be certified as final. As Microsoft recognizes, the jury verdict for Microsoft has resolved Microsoft's breach-of-contract claim. This Court's order granting Motorola's motion to dismiss has resolved Microsoft's waiver claim and Microsoft's claim for a declaratory judgment that Motorola's offers did not comply with its RAND obligations. Dkt. 66. Those claims are final and should be included in the Rule 54(b) certification.

As to Microsoft's promissory estoppel claim, that too should be deemed final and the Court should enter an order dismissing that claim. The Court has already stated that only Microsoft's breach-of-contract claim would be tried before the jury. "[E]stoppel, by its very nature, is an alternative theory of liability based on the *absence of an express agreement*." *Tradewell Group, Inc. v. Mavis*, 71 Wn. App. 120, 130 (1993); *see also* Am. Jur. § 54 ("Once it is established, either by an admission of a party or by a judicial finding, that there is in fact an enforceable contract between the parties, and therefore, a consideration exists, then a party may no longer recover under the theory or promissory estoppel."). As this Court held that Motorola entered into enforceable contracts with the ITU and the IEEE (Dkt. 188), Microsoft's promissory estoppel claim is precluded and should be dismissed. Once this claim is dismissed, all four of Microsoft's claims in the contract action may be deemed final under Rule 54(b).

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR FINAL JUDGMENT ON ITS BREACH OF CONTRACT CLAIM PURSUANT TO RULE 54(b) - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

### C. Microsoft's RAND-Based Counterclaims in the '699 Patent Action Should Be Dismissed and/or Deemed Final

For similar reasons, Microsoft's RAND-based counterclaims in the '699 patent action should also be deemed final for Rule 54(b) purposes. Microsoft's third counterclaim in the '699 action contains four subparts that mirror the four claims in its breach-of-contract suit. Wis. Dkt. 37 at ¶¶ 21-124. The Court has already dismissed, in both the contract action and the '699 action, Microsoft's counterclaims for waiver and for declaratory judgment that Motorola violated its RAND obligations. Dkt. 66 at 12. This Court has recognized that Microsoft's remaining two counterclaims, for breach of contract and promissory estoppel, are "substantially (if not precisely) the same as the claims set forth by Microsoft in the Microsoft Action." Dkt. 175 at 4. Motorola agrees that these two unresolved claims overlap with the adjudicated contract claim and the promissory estoppel claim that should now be dismissed, and respectfully submits that the court should enter an order dismissing these counterclaims. All of Microsoft's RAND-based counterclaims in the '699 action may thereupon be held final under Rule 54(b).

### D. Motorola's RAND-Based Counterclaims in the Contract Action Should Be Dismissed and/or Deemed Final

In its orders of February 6, 2012 and August 12, 2013 (Dkts. 175, 843), this Court dismissed Motorola's counterclaim in the breach-of-contract case that it was entitled to a declaratory judgment that was entitled to seek injunctive relief and that Microsoft had repudiated or rejected the benefits of Motorola's RAND assurances. This Court should now dismiss Motorola's breach-of-contract counterclaim that it did not breach its RAND obligations; contrary to Microsoft's contention (Dkt. 927 at 3 n.2), the jury's verdict cannot in itself resolve such a declaratory judgment claim. This Court may thereupon deem all these Motorola counterclaims final under Rule 54(b).

### E. Motorola's RAND-Based Counterclaims in the '699 Patent Action Should Be Dismissed and/or Deemed Final

Motorola's fourth counterclaim in the '699 patent case—for a declaratory judgment that Microsoft repudiated and/or rejected the benefits of Motorola's RAND assurances and that

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR FINAL JUDGMENT ON ITS BREACH OF CONTRACT CLAIM PURSUANT TO RULE 54(b) - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Motorola is entitled to seek an injunction against Microsoft on the Motorola patents at issue—was dismissed in part by this Court's February 6, 2012 order (Dkt. 175) and, although not explicitly stated, appears to have been dismissed by this Court's August 12, 2013 summary judgment order Dkt. 843.  These counterclaims may now be deemed final for Rule 54(b) purposes.

Motorola's third patent counterclaim—for a declaratory judgment that Motorola had complied with its RAND obligations—may also now be dismissed and deemed final for Rule 54(b) purposes.  Although the Court stated in its February 6, 2012 order that this counterclaim was not duplicative of Microsoft's affirmative claim because Microsoft's claim related only to the two offer letters Motorola sent to Microsoft (Dkt. 175 at 7-8), the jury verdict encompassed breach theories that included Motorola's sending the two offer letters.  Motorola objected to this approach (Dkt. 720), and preserves its objections to any finding that the two offer letters standing alone could breach any RAND obligation.  Nonetheless, for the avoidance of piecemeal appeals, this Motorola counterclaim should be finalized along with the other RAND-related claims and counterclaims for purposes of allowing an efficient  appeal.

## V.     CONCLUSION

For the foregoing reasons, Motorola respectfully opposes Microsoft's motion for final judgment pursuant to Fed. R. Civ. P. 54(b), unless modified to encompass all RAND-related claims and counterclaims as set forth in this memorandum and in the attached alternative proposed order.

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR
FINAL JUDGMENT ON ITS BREACH OF CONTRACT
CLAIM PURSUANT TO RULE 54(b) - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

DATED this 14th day of October, 2013.

Respectfully submitted,

SUMMIT LAW GROUP PLLC

By */s/ Ralph H. Palumbo*
By */s/ Philip S. McCune*
　　Ralph H. Palumbo, WSBA #04751
　　Philip S. McCune, WSBA #21081
　　*ralphp@summitlaw.com*
　　*philm@summitlaw.com*

By */s/ Thomas V. Miller*
　　Thomas V. Miller
　　MOTOROLA MOBILITY LLC
　　600 North U.S. Highway 45
　　Libertyville, IL  60048-1286
　　(847) 523-2162

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Kathleen M. Sullivan*
　　Kathleen M. Sullivan, NY #1804624
　　51 Madison Ave., 22nd Floor
　　New York, NY 10010
　　(212) 849-7000
　　*kathleensullivan@quinnemanuel.com*

By */s/ Brian C. Cannon*
　　Brian C. Cannon, CA #193071
　　555 Twin Dolphin Drive, 5th Floor
　　Redwood Shores, CA 94065
　　(650) 801-5000
　　*briancannon@quinnemanuel.com*

By */s/ William C. Price*
　　William C. Price, CA #108542
　　865 S. Figueroa Street, 10th Floor
　　Los Angeles, CA 90017
　　(213) 443-3000
　　*williamprice@quinnemanuel.com*

***Attorneys for Motorola Solutions, Inc., Motorola Mobility LLC and General Instrument Corp.***

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR
FINAL JUDGMENT ON ITS BREACH OF CONTRACT
CLAIM PURSUANT TO RULE 54(b) - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Christopher T. Wion, Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*chrisw@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 14th day of October, 2013.

/s/ *Marcia A. Ripley*
Marcia A. Ripley

MOTOROLA'S RESPONSE TO MICROSOFT'S MOTION FOR
FINAL JUDGMENT ON ITS BREACH OF CONTRACT
CLAIM PURSUANT TO RULE 54(b) - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001