HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>MOTOROLA INC., et al.,<br><br>    Defendant. | No. C10-1823-JLR<br><br>MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION FOR FINAL JUDGMENT ON ITS BREACH OF CONTRACT CLAIM PURSUANT TO RULE 54(b) |
| MOTOROLA MOBILITY, LLC., et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | **NOTED FOR:**<br>**Friday, October 18, 2013** |

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR FINAL JUDGMENT PURSUANT
TO RULE 54(b)
(C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

Motorola's Response (Dkt. No. 929 ("Resp. Br.")) to Microsoft's Motion for Final Judgment Pursuant to Rule 54(b) provides no good reason not to enter the order Microsoft proposed. Motorola does not dispute that Microsoft's breach of contract claim has been finally resolved and is appropriate for 54(b) certification. Instead, Motorola attempts to shoehorn additional issues into the 54(b) judgment, but fails to explain why it is necessary to do so. Motorola fails even to establish that it would be appropriate to address these issues in a final judgment: Motorola concedes that some of the issues have not yet been resolved, and even its own proposed order fails to set forth how they should be resolved. To the extent that, as Motorola asserts, the resolution of the breach of contract claim has an impact on the ultimate disposition of these or other unresolved claims, those claims should remain stayed (as they have been), and the Court should enter final judgment on Microsoft's breach of contract claim pursuant to Rule 54(b) as set out in Microsoft's proposed order. (*See* Dkt. No. 927-1.)

### A. Motorola Agrees To Entry Of Final Judgment Under Rule 54(b) On Microsoft's Breach Of Contract Claim And Fails To Demonstrate That Including Any Other Claims Is Necessary.

Motorola "does not object to the Court entering final judgment under Rule 54(b) on Microsoft's breach-of-contract claim." (Resp. Br. 5.) While Motorola contends that Microsoft's motion "is incomplete" because it "fails to specify what claims should be certified as final for appeal" (Resp. Br. 4), Microsoft's motion and proposed order are plainly directed to Microsoft's breach of contract claim alone—the only claim tried to the jury. (*See* Dkt. No. 927 at 1, 2, 4; Dkt. No. 927-1, Proposed Order.) Microsoft did not "specify that its other three claims in the contract action should also be certified as final" (Resp. Br. 5) because there is no reason that they should be. Motorola's apparent objection—that other claims *could* be included in a 54(b) judgment—is unavailing because Motorola fails to demonstrate that they must be included, either as a practical or a legal matter.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR FINAL JUDGMENT PURSUANT
TO RULE 54(b) – 1
(C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1    While final resolution on appeal of Microsoft's breach of contract claim in the 1823
2    Contract Action will preclude litigation of that same claim in other cases, including in the
3    consolidated 343 Patent Action (what Motorola refers to as "the '699 Patent Action," based on
4    its former case number in the Western District of Wisconsin), the conclusion to which that
5    points is the opposite of what Motorola argues.  There is no reason to enter judgment on claims
6    in the 343 Patent Action "arguably related" (Resp. Br. 3) to Microsoft's breach of contract
7    claim just so that they can be appealed, if they indeed stand or fall as a result of the breach of
8    contract claim.  As Microsoft explained (based on Ninth Circuit authority Motorola fails to
9    address), certification of "fewer than all" claims under Rule 54(b) is appropriate even where
10   there is factual overlap with remaining claims when "the case is complex and there is an
11   important or controlling legal issue that cuts across (and cuts out or at least curtails) a number
12   of claims."  *U.S. Fidelity and Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1140–41 (9th
13   Cir. 2011), quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880–82 (9th Cir. 2005).

14   Moreover, because some of the claims Motorola proposes including in the final
15   judgment have *not* been resolved by any order or the jury's verdict—for example, Microsoft's
16   promissory estoppel claim—delaying appeal of the breach of contract claim in order to
17   adjudicate them would be contrary to efficient judicial administration.  In particular, Motorola
18   argues that "Microsoft's promissory estoppel claim is precluded and should be dismissed"
19   because the Court has ruled that Motorola's RAND commitments are contracts enforceable by
20   Microsoft. (Resp. Br. 5.)  But even though Motorola long ago conceded the existence of the
21   contracts and their enforceability, and the Ninth Circuit noted that concession, *see Microsoft*
22   *Corp. v. Motorola, Inc.*, 696 F.3d 872, 878, 884–85 (9th Cir. 2012), Motorola apparently
23   intends to argue the opposite in its next appeal (*see* Dkt. No. 904, Motorola's Rule 50(a)
24   Motion for JMOL at 1 n. 2).  If that about-face were somehow accepted on appeal (and it
25   should not be, given the Ninth Circuit's ruling), Motorola's position would require
26

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR FINAL JUDGMENT PURSUANT
TO RULE 54(b) – 2
(C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

consideration of Microsoft's promissory estoppel claim in the first instance on remand to this Court.

Further, as Motorola repeatedly states, including these other claims in the judgment would require a series of additional rulings by the Court (and likely additional briefing by the parties), delaying an appeal of the jury's breach of contract verdict and frustrating "expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quotation marks omitted). (*See* Resp. Br. 5 ("Once this claim is dismissed . . ."); *id.* at 6 ("[t]he court should enter an order dismissing these counterclaims"); *id.* ("This Court should now dismiss Motorola's breach-of-contract counterclaim"); *id.* at 7 ("Motorola's third patent counterclaim . . . may also now be dismissed").) Motorola fails to show that addressing these claims and including them in a Rule 54(b) judgment is necessary or appropriate under Ninth Circuit law, and accordingly these and any other claims that may be affected by the resolution of the breach of contract claim should simply remain stayed.

**B.    The Final Resolution Of Microsoft's Breach Of Contract Claim Confirms Microsoft's Right To A RAND License To Motorola's Standard-Essential Patents.**

Motorola's request that the Court disregard Microsoft's right to a license on RAND terms (Resp. Br. 3–4) fails to address Microsoft's arguments and misstates the law of the case. The jury instructions set out Motorola's obligation to grant licenses to its 802.11 and H.264 standard-essential patents on RAND terms, and that Microsoft had not repudiated any rights to such licenses. (Dkt. No. 908 at Instrs. 15, 22.) Those legal questions, and accordingly Microsoft's right to a license on RAND terms, were resolved with the breach of contract claim. Motorola's claim that "a suit to determine what contract damages Motorola might owe Microsoft has nothing to do with what patent royalties Microsoft might owe Motorola" (Resp. Br. 4) is a *non sequitur*. While Microsoft sought contract damages from Motorola, the core of Microsoft's suit from its onset was that Motorola was obligated to grant Microsoft licenses on

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR FINAL JUDGMENT PURSUANT
TO RULE 54(b) – 3
(C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

RAND terms, and that the Court should determine what the appropriate RAND royalties were commensurate with Motorola's contractual obligations. The Court did so as part of the resolution of Microsoft's breach of contract claim, in a bench trial to which Motorola consented. Microsoft's right to licenses to Motorola's 802.11 and H.264 standard-essential patents at the RAND royalties set by the Court is firmly established.

### C. Motorola's Proposed Order Fails To Resolve Any Of The Additional Claims Motorola Erroneously Claims Should Be Included.

The Court should disregard Motorola's proposed order. (*See* Dkt. No. 929-1.) First, for the reasons set forth above, Motorola's attempt to include additional claims in a Rule 54(b) final judgment is unnecessary and unsupported by Ninth Circuit law. Second, the order is facially incomplete—Motorola's proposed order simply identifies a list of claims as "final," but does not explain how those claims have been resolved. As noted above, Motorola itself argues that many of these claims have *not* been resolved, and would need to be addressed in separate orders of the Court. An order listing admittedly unresolved claims is not an appealable final judgment.

Microsoft respectfully requests entry of final judgment on Microsoft's breach of contract claim pursuant to Rule 54(b), consistent with the proposed order attached to Microsoft's motion. (*See* Dkt. No. 927-1.)

/ / /

/ / /

/ / /

/ / /

/ / /

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR FINAL JUDGMENT PURSUANT
TO RULE 54(b) – 4
(C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

DATED this 18th day of October, 2013.

CALFO HARRIGAN LEYH & EAKES LLP

By    s/Arthur W. Harrigan, Jr.
      Arthur W. Harrigan, Jr., WSBA #1751

By    s/Christopher Wion
      Christopher Wion, WSBA #33207

By    s/Shane P. Cramer
      Shane P. Cramer, WSBA #35099
      999 Third Avenue, Suite 4400
      Seattle, WA  98104
      Phone:  206-623-1700
      arthurh@calfoharrigan.com
      chrisw@calfoharrigan.com
      shanec@calfoharrigan.com

By    s/T. Andrew Culbert
      T. Andrew Culbert

By    s/David E. Killough
      David E. Killough

MICROSOFT CORPORATION
1 Microsoft Way
Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
Nathaniel C. Love

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR FINAL JUDGMENT PURSUANT
TO RULE 54(b) – 5
(C10-1823-JLR)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES, LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000
Fax: 312-853-7036

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: 202-736-8000
Fax: 202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR FINAL JUDGMENT PURSUANT
TO RULE 54(b) – 6
(C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Susie Clifford, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 18th day of October, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751 | |
| Philip S. McCune, WSBA #21081 | _____ Messenger |
| Lynn M. Engel, WSBA #21934 | _____ US Mail |
| Summit Law Group | _____ Facsimile |
| 315 Fifth Ave. South, Suite 1000 | __X__ ECF |
| Seattle, WA  98104-2682 | |
| Telephone:  206-676-7000 | |
| Email:  Summit1823@summitlaw.com | |

| | |
|---|---|
| Steven Pepe (*pro hac vice*) | _____ Messenger |
| Jesse J. Jenner (*pro hac vice*) | _____ US Mail |
| Ropes & Gray LLP | _____ Facsimile |
| 1211 Avenue of the Americas | __X__ ECF |
| New York, NY  10036-8704 | |
| Telephone:  (212) 596-9046 | |
| Email:  steven.pepe@ropesgray.com | |
| Email:  jesse.jenner@ropesgray.com | |

| | |
|---|---|
| Norman H. Beamer (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| 1900 University Avenue, 6th Floor | _____ Facsimile |
| East Palo Alto, CA  94303-2284 | __X__ ECF |
| Telephone:  (650) 617-4030 | |
| Email:  norman.beamer@ropesgray.com | |

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR FINAL JUDGMENT PURSUANT
TO RULE 54(b) – 7
(C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

| | |
|---|---|
| Paul M. Schoenhard (*pro hac vice*) | _____ Messenger |
| Ropes & Gray LLP | _____ US Mail |
| One Metro Center | _____ Facsimile |
| 700 12th Street NW, Suite 900 | __X__ ECF |
| Washington, DC 20005-3948 | |
| Telephone: (202) 508-4693 | |
| Email: Paul.schoenhard@ropesgray.com | |

| | |
|---|---|
| Andrea Pallios Roberts (*pro hac vice*) | _____ Messenger |
| Brian C. Cannon (*pro hac vice*) | _____ US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
| 555 Twin Dolphin Drive, 5th Floor | __X__ ECF |
| Redwood Shores, CA 94065 | |
| Telephone: (650) 801-5000 | |
| Email: andreaproberts@quinnemanuel.com | |
| Email: briancannon@quinnemanuel.com | |

| | |
|---|---|
| Kathleen M. Sullivan (*pro hac vice*) | _____ Messenger |
| David Elihu (*pro hac vice*) | _____ US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
| 51 Madison Ave., 22nd Floor | __X__ ECF |
| New York, NY 10010 | |
| Telephone: (212) 849-7000 | |
| Email: kathleensullivan@quinnemanuel.com | |

| | |
|---|---|
| William Price (*pro hac vice*) | _____ Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ US Mail |
| 865 S. Figuera St., 10th Floor | _____ Facsimile |
| Los Angeles, CA 90017 | __X__ ECF |
| Telephone: (212) 443-3000 | |
| Email: williamprice@quinnemanuel.com | |
| MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | |

DATED this 18th day of October, 2013.

                                            s/Susie Clifford
                                            SUSIE CLIFFORD

MICROSOFT'S REPLY IN SUPPORT OF ITS
MOTION FOR FINAL JUDGMENT PURSUANT
TO RULE 54(b) – 8
(C10-1823-JLR)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES, LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717