1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   MICROSOFT CORPORATION,                CASE NO. C10-1823JLR

11                     Plaintiff,          ORDER GRANTING MOTION
                                           FOR ENTRY OF RULE 54(b)
12          v.                             JUDGMENT

13   MOTOROLA, INC., et al.,

14                     Defendants.

15   MOTOROLA MOBILITY, INC., et
     al.,

16                     Plaintiffs,

17          v.

18   MICROSOFT CORPORATION,

19                     Defendant.

20          This matter is before the court on Microsoft Corporation's ("Microsoft") motion

21   for final judgment pursuant to Federal Rule of Civil Procedure 54(b).  (Mot.

22

ORDER- 1

1  (Dkt. # 927).)  The court has reviewed the parties' submissions, the balance of the record,

2  and the applicable law.  Being fully advised, the court GRANTS Microsoft's motion for

3  entry of a Rule 54(b) judgment.

### I.      FACTS

5      Microsoft filed suit ("the contract action") against Motorola, Inc., Motorola

6  Mobility, Inc., and General Instrument Corporation (collectively, "Motorola") in this

7  court on November 9, 2010.  (Compl. (Dkt. # 1).)  Microsoft alleged that Motorola had

8  an obligation to license certain standard-essential patents to Microsoft at a reasonable and

9  non-discriminatory ("RAND") rate and that Motorola had breached its RAND

10  obligations.[1]  (*Id.*)  Specifically, Microsoft brought four claims:  breach of contract,

11  promissory estoppel, waiver, and a request for a declaratory judgment that Motorola's

12  offer letters did not comply with its RAND obligations.  (*Id.*; *see also* Am. Compl. (Dkt.

13  # 53).)  Motorola asserted two counterclaims, requesting (1) a declaratory judgment that

14  Motorola's conduct did not breach its RAND obligations, and (2) a declaratory judgment

15  that Microsoft had repudiated the benefits of Motorola's RAND statements and that

16  Motorola was entitled to seek an injunction against Microsoft on the patents underlying

17  the RAND claims.  (Ans. (Dkt. # 192).)

18      Motorola filed suit ("the patent action") against Microsoft in the Western District

19  of Wisconsin on November 10, 2010, alleging that Microsoft infringed three of the

20  patents underlying Microsoft's RAND claims in the contract action.  (*See* C11-343JLR

---

[1] For a more detailed discussion of the procedural and substantive background of this case, see generally the court's February 27, 2012 order (Dkt. # 188).

1  Dkt. (Wis. Dkt.) # 29.)   In addition to counterclaims that Motorola infringed two

2  Microsoft patents, Microsoft raised four counterclaims that mirrored the claims it brought

3  in the contract action.  (Wis. Dkt. # 37.)  In response, Motorola reiterated the same two

4  declaratory judgment counterclaims it had raised in the contract action and added

5  counterclaims for non-infringement and invalidity of Microsoft's patents.  (Dkt. # 67).

6  The patent action was transferred to this court on February 8, 2011, and was consolidated

7  with the contract action on June 1, 2011.  (Wis. Dkt. # 44; 6/1/11 Order (Dkt. # 66) at 9-

8  11.)

9          This court dismissed Microsoft's claims in the contract action (and counterclaims

10  in the patent action) for waiver and for a declaratory judgment that Motorola breached its

11  RAND obligations, finding that they were cumulative of Microsoft's first two claims in

12  the contract action.  (6/1/11 Order at 7.)  The court also dismissed Motorola's

13  counterclaim in the contract action for a declaratory judgment that Motorola was entitled

14  to seek injunctive relief, holding that this issue would be fully litigated by Motorola's

15  demand for injunctive relief in the patent action.[2]  (2/6/12 Order (Dkt. # 175) at 11-12.)

16  Lastly, the court granted summary judgment against Motorola's counterclaim in the

17  contract action for a declaratory judgment that Microsoft had repudiated Motorola's

18  RAND obligations.  (8/12/13 Order (Dkt. # 843) at 19-20.)

19          On July 16, 2012, the court granted the parties' joint motion to stay all related

20  patent-infringement claims and cases pending determination of the RAND claims.

21  _____

22          [2] The court later dismissed without prejudice Motorola's request for injunctive relief in
the patent action.  (*See* 11/30/12 Order (Dkt. # 607).)

(7/16/12 Order (Dkt. # 360).)   In November 2012, the court held a bench trial to determine the RAND royalty rates and ranges for Motorola's relevant standard-essential patent portfolios.  (*See* Dkt. ## 629-32.)  The court issued Findings of Fact and Conclusions of Law setting the RAND rates and ranges on April 19, 2013.  (RAND Findings (Dkt. ## 673 (sealed), 681 (redacted).)  Starting August 26, 2013, a jury trial was held on Microsoft's breach of contract claim.  (*See* Dkt. ## 876, 880, 883, 892, 895, 899, 907.)  The jury returned a verdict for Microsoft, finding that Motorola had "breached its contractual commitment" to two standard-setting organizations and awarding Microsoft damages of $11,492,686.00 and attorneys fees and costs of $3,031,720.00.  (Jury Verdict (Dkt. # 909).)

On September 25, 2013, Microsoft brought this motion for entry of final judgment on the breach of contract claim.  (*See* Mot.)  Motorola opposes this motion unless the court also enters final judgment on "all RAND-related claims and counterclaims" in both the contract action and the patent action.  (Resp. (Dkt. # 929) at 5, 8.)

## II.   ANALYSIS

### A.  Legal Standards

A court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The Supreme Court has enumerated a two-part test for determining whether a court may enter a final judgment pursuant to Rule 54(b).  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-10 (1980).  First, the court must determine that it is dealing with a final judgment.  *Id.* at 7.  "It must be a judgment in the sense that

it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotations omitted). In determining finality, courts "evaluate such factors as the interrelationship of the claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006).

Second, the court must determine whether there is any just reason for delay. *Curtiss-Wright*, 446 U.S. at 8. Entry of judgment under Rule 54(b) "is proper if it will aid expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8. The Ninth Circuit embraces a "pragmatic approach focusing on severability and efficient judicial administration." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005). Accordingly, courts consider (1) whether the claims under review are separable from the others remaining to be adjudicated; and (2) whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once. *See Curtiss-Wright*, 446 U.S. at 7-10.

However, even claims that are not separate and independent from the remaining claims may be certified for appeal, "so long as resolving the claims would streamline the ensuing litigation." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (quoting *Texaco*, 939 F.2d at 798). If there is factual overlap between claims, certification of some of the claims may be appropriate if "the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." *U.S.*

1 | *Fid. & Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011) (quoting

2 | *Wood*, 422 F.3d at 881).

3 | ### B. The Court's RAND Findings, Microsoft's Breach of Contract Claim, and Motorola's Repudiation Counterclaim

4 |

5 | For the following reasons, the court directs entry of a final judgment on (1) the

court's April 19, 2013, Findings of Fact and Conclusions of Law regarding RAND

royalty rates and ranges, (2) Microsoft's breach of contract claim, and (3) Motorola's

counterclaim that Microsoft repudiated the benefits of Motorola's RAND statements.

Under the first prong of the test, the contract claim and the repudiation

counterclaim each constitute a final judgment.  The jury rendered a verdict on the breach

of contract claim after a seven-day trial.  (*See* Jury Verdict.)  Breach of contract is a

cognizable claim for relief, and the jury's verdict is the ultimate disposition of this

individual claim.  (*See also* 9/24/13 Order (Dkt. # 926) (denying Motorola's motion for

judgment as a matter of law).)  Similarly, the court granted summary judgment that

Microsoft had not repudiated its rights to a RAND license.  (*See* 8/12/13 Order at 19-20.)

A request for a declaratory judgment that a party has repudiated a contract is a cognizable

claim for relief, and the court's summary judgment holding is the ultimate disposition of

this individual claim.  Moreover, the contract and repudiation claims are separate and

independent from the outstanding patent and RAND claims: any subsequent decision by

this court on the outstanding claims will not affect the disposition of the contract and

repudiation claims.  *See AmerisourceBergen*, 465 F.3d at 954 (upholding Rule 54(b)

1   judgment because any subsequent judgments on remaining claims would not vacate the

2   court's judgment on the claim to be appealed).

3        The court's RAND royalty determination, while perhaps not strictly a "cognizable

4   claim for relief" in and of itself, is an integral element of Microsoft's breach of contract

5   claim.  (*See* 10/10/12 Order (Dkt. # 465) at 20 (explaining that, in order to decide

6   Microsoft's breach of contract claim, the jury would need a benchmark RAND range to

7   compare to Motorola's offers).)  The court's Findings of Fact and Conclusions of Law

8   are the ultimate disposition of this issue.  (*See* RAND Findings.)  Presumably, directing

9   entry of final judgment on the jury verdict on the contract claim would serve to make the

10  RAND determination available for appellate review.  Nonetheless, out of an abundance

11  of caution, as well as a desire to forestall confusion among the parties and to avoid

12  further delay, the court also directs entry of final judgment on the court's RAND royalty

13  determination.

14       Under the second prong of the test, there is no just reason to delay appeal of these

15  claims.  As discussed above, the contract claim, repudiation counterclaim, and RAND

16  royalty determination are severable from the remaining patent and RAND claims and

17  counterclaims.  A final judgment on these three claims raises no danger that a court will

18  have to decide the same issues twice.

19       Moreover, certifying these three claims for appeal serves the purposes of judicial

20  efficiency.  The RAND royalty issue is central to the parties' dispute, such that resolution

21  of this issue could very well make it unnecessary to address some of the remaining

22  claims.  Indeed, it was for this same reason that the parties previously agreed to stay all

ORDER- 7

1   patent-infringement related claims and counterclaims and to allow the parties to

2   "concentrate their efforts on the RAND license issues."  (Joint Mot. to Stay (Dkt. # 355)

3   at 2.)  This stay remains in effect, with the result that a considerable amount of the patent

4   infringement litigation is incomplete (for example, claim construction is still unfinished).

5   Additionally, as discussed in Section II(C), final judgment could also expedite decision

6   on the remaining RAND claims.  Under *Lee Investments,* certification of some claims

7   with overlapping facts is appropriate if "the case is complex and there is an important or

8   controlling legal issue that cuts across (and cuts out or at least curtails) a number of

9   claims."  641 F.3d at 1140.  That is exactly the situation the parties face here.

10       Finally, although Microsoft only moved for certification on the breach of contract

11   claim, Motorola requested certification of the repudiation counterclaim in its response.

12   (*See* Resp. at 7-8.)  Microsoft's contract claim and Motorola's repudiation counterclaim

13   are two sides of the same coin:  Microsoft argues that Motorola owes and has breached

14   certain RAND obligations, and Motorola argues that Microsoft's actions divest Microsoft

15   of the benefits of those RAND obligations.  To avoid piecemeal appeals, the court agrees

16   that it is appropriate for both claims to be decided at the same time.

17       Accordingly, the court expressly determines that there is no just reason for delay,

18   and directs entry of final judgment on (1) the court's RAND rate determination, (2)

19   Microsoft's breach of contract claim, and (3) Motorola's repudiation counterclaim.

20   **C.  Motorola's Opposition**

21       Motorola opposes Microsoft's motion unless the court also enters final judgment

22   on "all RAND-related claims and counterclaims" in both the contract action and the

1    patent action.  (Resp. at 5, 8).  As discussed above, the court agrees that the breach of

2    contract claim and repudiation counterclaim should be included in the court's Rule 54(b)

3    final judgment.  However, Motorola's position as to the remaining claims is

4    insupportable for three reasons.

5         First, it is unnecessary to certify both the RAND claims in the contract action and

6    the RAND claims in the parallel patent action.  (*See* Resp. at 7-8 (arguing for certification

7    of the patent action RAND claims and counterclaims).)   The contract action and the

8    patent action have been consolidated for all purposes.  (*See* 6/1/11 Order at 9-11.)  The

9    court has already found that the RAND claims and counterclaims raised in both actions

10   are "substantially" the same.  (2/27/12 Order (Dkt. # 188) at 6-7.)  Inasmuch as the

11   RAND aspects of these actions are redundant, each claim or counterclaim need only be

12   decided once; after appeal, the mirror image claim or counterclaim can be dismissed as

13   moot or otherwise disposed of.  Accordingly, the court declines to certify any of the

14   duplicative RAND claims in the patent action.

15        Second, the court cannot direct entry of final judgment regarding claims on which

16   the court has not previously rendered a final decision.  *See Curtiss-Wright*, 446 U.S. at 7.

17   Motorola argues that the court should first "dismiss" and then "deem final" Microsoft's

18   promissory estoppel claim and Motorola's counterclaim for a declaratory judgment that

19   Motorola's conduct did not violate its RAND obligations.  (Resp. at 7-8.)  Motorola

20   provides no indication as to how the court can simply "dismiss" these claims at this stage.

21   In fact, as Motorola's request for dismissal implies, neither the jury nor the court has

22   made any final ruling on the merits of these two claims.  (*See* 3/14/13 Hr'g Tr.

1   (Dkt. # 675) at 4 (limiting jury trial to the breach of contract claim); 2/6/12 Order at

2   11(denying summary judgment motion against Motorola's RAND declaratory judgment

3   counterclaim).)  Lacking final judgments, these claims fail to meet prong one of the

4   *Curtiss-Wright* test, and, as such, are ineligible for Rule 54(b) certification.

5        Neither of these claims, however, precludes certification of the breach of contract

6   claim or repudiation claim.  Promissory estoppel is an alternative theory of recovery

7   currently rendered moot by the jury's verdict on breach of contract.  And the court has

8   already held that Motorola's declaratory judgment counterclaim is broader than

9   Microsoft's affirmative claim for breach of contract because the latter is predicated on

10  Microsoft's two offer letters only.  (*See* 2/6/12 Order at 7-8.)  Therefore, an appeal on the

11  breach of contract claim and repudiation claim may make it unnecessary to address both

12  of these claims.  As set forth in *Noel*, certification of claims with overlapping facts is

13  appropriate "so long as resolving the claims would streamline the ensuing litigation."

14  568 F.3d at 747.

15       Third, Motorola has not shown that there is no just reason to delay certifying the

16  remaining RAND claims and counterclaim, or that these remaining claims otherwise

17  preclude certification of the breach of contract and repudiation claims.  Motorola argues

18  that the court should enter final judgment on Microsoft's waiver claim, Microsoft's

19  request for a declaratory judgment that Motorola's offer letters did not comply with its

20  RAND obligations, and Motorola's request for a declaratory judgment that Motorola was

21  entitled to seek an injunction against Microsoft on the patents underlying the RAND

22  claims.  (Resp. at 6-7.)  The court dismissed Microsoft's waiver and declaratory judgment

1    claims as cumulative of Microsoft's other claims.  (*See* 6/1/11 Order at 7 ("During oral

2    argument, Microsoft conceded that its waiver claim is part and parcel to its breach of

3    contract and promissory estoppels claims."); *id.* at 8-9.)  The court dismissed Motorola's

4    declaratory judgment claim regarding injunctive relief for a similar reason, finding that

5    the issue would be fully litigated by Motorola's demand for injunctive relief in the patent

6    action.[3]  (2/6/12 Order at 11-12.)

7         To the extent these three claims are cumulative of the breach of contract and

8    repudiation claims, they will be addressed fully on appeal, and to the extent they are not

9    cumulative, they may be rendered moot by the result of the appeal.  Moreover, as

10   discussed above, the crux of the parties' dispute is the extent of Motorola's RAND

11   obligations.  The breach of contract claim and repudiation counterclaim go to the heart of

12   this issue.  The court, exercising its discretion as a "'dispatcher' to determine the

13   appropriate time when each final decision in a multiple claims action is ready for appeal,"

14   determines that there is no reason to muddy the waters on appeal by adding these three

15   claims.  *See Curtiss-Wright*, 446 U.S. at 8.  In order to expedite the litigation, the court

16   certifies final judgment on Microsoft's breach of contract claim, Motorola's repudiation

17   counterclaim, and the court's RAND royalty determination only.

18

19   _____

20        [3] The court later dismissed without prejudice Motorola's request for injunctive relief in
     the patent action.  (*See* 11/30/12 Order.)  The court specified that this determination was "based
21   on the specific circumstances and rulings that have developed in this litigation," and that if, "in
     the future, those circumstances change in a manner to warrant injunctive relief, Motorola may at
     that time seek such relief."  (*Id.* at 15.)  Because this dismissal is not a final judgment, it is not
22   eligible for Rule 54(b) certification.

# III.   CONCLUSION

For the foregoing reasons, the court GRANTS Microsoft's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. # 927).  The court DIRECTS that the September 4, 2013, jury verdict (Dkt. # 909) shall be deemed a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  The court also ORDERS that Microsoft recover on its breach of contract claim in the amount of $14,524,406.00, with post-judgment interest pursuant to 28 U.S.C § 1961.[4]

In addition, the court DIRECTS that its April 19, 2013, Findings of Fact and Conclusions of Law (Dkt. ## 673 (sealed), 681 (redacted)) shall be deemed a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  The court also DIRECTS that its August 12, 2013, order on summary judgment (Dkt. # 843) shall be deemed a final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to the ruling on Motorola's repudiation counterclaim only.

Dated this 12th day of November, 2013.

JAMES L. ROBART
United States District Judge

---

[4] Regarding costs, Microsoft may file a bill of costs to be reviewed by the court.  *See* Fed. R. Civ. P. 54(d)(1).

ORDER- 12