THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>                Plaintiff,<br><br>  vs.<br><br>MOTOROLA, INC., et al.,<br><br>                Defendants.<br>_____<br>MOTOROLA MOBILITY LLC, et al.,<br><br>                Plaintiffs,<br><br>  vs.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | Case No. C10-1823-JLR<br><br>MICROSOFT'S MOTION FOR COSTS<br><br>**NOTE ON MOTION CALENDAR:**<br>**FRIDAY, DECEMBER 20, 2013** |

## I. <u>INTRODUCTION</u>

Plaintiff Microsoft Corporation, through counsel undersigned, moves the Court for an order awarding Microsoft its taxable costs as the prevailing party in this action, pursuant to Fed. R. Civ. P. 54(d), Local Civil Rule 54(d)(3), and 28 U.S.C. §§ 1821 and 1920.

A jury trial was held in this matter from August 26, 2013 through September 4, 2013. The jury returned a verdict in Microsoft's favor on September 4, 2013. On November 12,

MICROSOFT'S MOTION FOR COSTS - 1
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

2013, the Court entered judgment in Microsoft's favor pursuant to FRCP 54(b).  (Dkt. No. 931).

As the prevailing party, Microsoft is entitled to recover its taxable costs.  As set forth in the Declaration of Shane P. Cramer ("Cramer Dec.") and accompanying invoices and documents filed herewith, Microsoft's taxable costs total $726,914.14.

## II.   LEGAL AUTHORITY

### A.   Standard for Recovery of Costs.

FRCP 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party."  The rule "creates a presumption in favor of awarding costs to the prevailing party which may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs."  *Russian River Watershed Protection Committee v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

LCR 54(d)(3) and 28 U.S.C. § 1920 set forth the costs that are taxable.  LCR 54(d)(3) provides that, "[i]n taxing costs, the following rules shall be observed:

  (A)   The attendance, travel, and subsistence fees of witnesses, for actual and proper attendance, shall be allowed in accordance with 28 U.S.C. §1821, whether such attendance was procured by subpoena or was voluntary;

  (B)   Reasonable premiums paid on undertakings or bonds or security stipulations shall be allowed where the same have been furnished by reason of express requirement of law, rule, or court order;

  (C)   Expenditures incident to the litigation which were ordered by the court as essential to a proper consideration of the case shall be allowed; [and]

  (D)   All other costs shall be taxed in accordance with 28 U.S.C. §§ 1920, 1921, 1923, 1927, and 2412."

*Id.*

MICROSOFT'S MOTION FOR COSTS - 2
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

28 U.S.C. § 1920, in turn, provides that, "[a] judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

*Id.*

As the prevailing party, Microsoft is entitled to recover all of the costs it incurred that fall within these categories.

**B.    Microsoft is Entitled to Recover its Taxable Costs.**

1.    Microsoft Should be Awarded its Filing Fees.

Under 28 U.S.C. § 1920(1), Microsoft is entitled to recover filing fees it paid to the Court. Microsoft incurred $2,600 in fees associated with the filing of its complaint and in *pro hac vice* application costs. Cramer Dec., ¶ 2; Ex. A. These costs are recoverable.

2.    Microsoft Should be Awarded its Service of Process Costs.

Costs of service of process are also recoverable under 28 U.S.C. § 1920(1). *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) ("private process servers' fees are properly taxed as costs."). Microsoft spent $1,459 in service of process fees in this action. Cramer Dec., ¶ 3; Ex. B. These costs are recoverable.

MICROSOFT'S MOTION FOR COSTS - 3
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

3. <u>Microsoft Should be Awarded the Cost of Obtaining Hearing and Trial Transcripts.</u>

28 U.S.C. §1920(2) permits the Court to tax the cost of hearing transcripts that were reasonably obtained for use in the case.  FRAP 39(e)(2) likewise provides that the cost of hearing and trial transcripts, if needed to determine the appeal, is taxable by the district court.

Microsoft paid $28,652.45 to order hearing and trial transcripts that were reasonably necessary for litigating the issues that ultimately were tried at the August 2013 trial.  Cramer Dec., ¶ 4; Ex. C.  These included transcripts from status conferences and hearings on dispositive and pre-trial motions that bore on Microsoft's allegations that Motorola breached its commitment to license its standard essential patents on reasonable and non-discriminatory ("RAND") terms.  Cramer Dec., ¶ 4.  This total also includes the cost of trial transcripts from both the November 2012 bench trial and the August 2013 jury trial.  Microsoft used the daily transcripts from both in crafting its examinations and, with respect to the November 2012 trial, in drafting proposed findings of fact and conclusions of law, as required by the Court.

Further, Motorola has appealed this Court's November 12, 2013 judgment "and all other orders or rulings merged or incorporated therein."  (Dkt. No. 933).  The hearing and trial transcripts likely are also necessary for the appellate court's consideration of the various issues that will be raised by the parties on appeal.

Microsoft should be awarded the $28,652.45 it incurred to obtain these transcripts.

4. <u>Microsoft Should be Awarded its Deposition Costs.</u>

Section 1920(2) expressly authorizes the prevailing party to recover the expense of deposition transcripts.  This includes the costs of deposition transcripts, copies, and attendant costs charged by court reporters, such as appearance fees, exhibits, and delivery costs.  *E.g., Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998); *Alflex*, 914 F.2d at 177 (9th Cir. 1990); *Lahrichi v. Lumera Corp.*, No. 04-2124, 2007 WL 1521222, *8 (W.D. Wash. May 22, 2007) (Coughenour, J.).  It also includes costs associated with video depositions.  *See, e.g.,*

MICROSOFT'S MOTION FOR COSTS - 4
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997) (holding that both the
2   video and the written transcript may be taxed where they are both "necessarily obtained for use
3   in the case"); *Little v. Mitsubishi Motors N.A., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *Nicolaus
4   v. West Side Transport, Inc.*, 185 F.R.D. 608, 612 n.2 (D. Nev. 1999) ("the costs of videotaping
5   and transcribing a deposition are taxable").

6   The depositions need not actually be used at trial for their costs to be recoverable. *See
7   Alflex*, 914 F.2d at 177 (awarding deposition costs where case was resolved on summary
8   judgment). The moving party need only establish that, at the time the depositions occurred, it
9   was reasonable to believe that the depositions would be used in pretrial-motions, at trial, or in
10  preparing for trial. *See Alflex*, 914 F.2d at 177; *Bichindaritz v. Univ. of Wash.*, No. C10-1371,
11  2012 WL 3079092, *2 (W.D. Wash. July 27, 2012) (Lasnik, J.) ("At the time the depositions
12  were taken and the transcripts obtained, it was reasonable to believe the transcripts would be
13  used in the case."). Depositions of witnesses identified by the parties as potential trial
14  witnesses are generally considered reasonably necessary. *Zotos v. Lindbergh Sch. Dist.*, 121
15  F.3d 356, 366-64 (8th Cir. 1997).

16  Microsoft spent $137,094 to obtain necessary deposition transcripts and videos.
17  Cramer Dec., ¶ 5; Ex. D. When Microsoft purchased the transcripts and videos, Microsoft
18  reasonably believed that the transcripts and videos were necessary for litigating the case, and
19  likely would be used in support of dispositive motions and/or at trial. *Id.*, ¶ 5. In fact, the
20  parties did rely on many of these depositions in support of their various summary judgment
21  motions. And portions of many of the transcripts and videos were designated as trial testimony
22  at the November 2012 and August 2013 trials, or utilized by the parties during cross-
23  examination of witnesses. *Id.* Further, all of the deponents were identified by the parties as
24  potential trial witnesses. *Id.*

25

MICROSOFT'S MOTION FOR COSTS - 5
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

It was reasonable for Microsoft to incur the cost to obtain these transcripts and videos. The Court should award Microsoft $137,094 in deposition costs under Section 1920(2).

5.  <u>Microsoft Should be Awarded Witness Fees it Paid.</u>

LCR 54(d)(3)(A) provides that witnesses' attendance and travel costs "shall be allowed in accordance with 28 U.S.C. § 1821, whether such attendance was procured by subpoena or was voluntary." Section 1821 allows the prevailing party to recoup statutory witness fees, mileage, and parking fees paid to witnesses in connection with their attendance at depositions. *Id.*

Microsoft incurred $195.99 in witness fees and mileage. Cramer Dec., ¶ 6; Ex. E. Microsoft is entitled to reimbursement of these costs.

6.  <u>Microsoft Should be Awarded Costs it Incurred Producing Electronic Documents to Motorola in Discovery.</u>

Section 1920 specifically provides for the recovery of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The phrase "necessarily obtained for use in the case" includes more than copying costs for documents actually made part of the trial record. *See Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) ("Section 1920(4) enables a court to award copying costs for any document 'necessarily obtained for use in the case' and does not specifically require that the copied document be introduced into the record to be an allowable cost.").

Electronic discovery costs that were incurred in connection with the production of documents to an opposing party are recoverable under 28 U.S.C. §1920(4). In *In re Ricoh Co. Patent Litig.*, the court held:

> The act of producing documents is not so narrowly construed as to cover only printing and Bates-labeling a document. *See Black's Law Dictionary* 1328 (9th ed. 2009) (defining "produce" as "[t]o provide (a document, witness, etc.) in response to subpoena or discovery request"). In the era of electronic discovery,

MICROSOFT'S MOTION FOR COSTS - 6
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

> courts have held that electronic production of documents can constitute "exemplification" or "making copies" under section 1920(4). *See, e.g., BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) ("[E]lectronic scanning and imaging could be interpreted as 'exemplification and copies of papers.'"). Notably, in 2008, Congress amended section 1920(4) by replacing the phrase "copies of papers" with "making copies of *any materials*," Judicial Administration and Technical Amendments Act of 2008, Pub. L.No. 110-406, § 6, 122 Stat. 4291, 4292 (emphasis added), to reflect the idea that "electronically produced information [is] [re]coverable in court costs," 154 Cong. Rec. H10270, H10271 (daily ed. Sept. 27, 2008) (statement of Rep. Zoe Lofgren). Thus, the costs of producing a document electronically can be recoverable under section 1920(4).

661 F.3d 1361, 1365 (Fed. Cir. 2011).

In *Jardin v. DATAllegro, Inc.*, No. 08-cv-1462, 2011 WL 4835742 (S.D. Cal. Oct. 12, 2011), the court recognized that "where the circumstances of a particular case necessitate converting e-data from various native formats to the .TIFF or another format accessible to all parties, costs stemming from the process of that conversion are taxable exemplification costs under 28 U.S.C. §1920(4)." *Id.*, at 6. The court also permitted the prevailing party to recover fees for "project management" by the e-discovery vendor. *Id.*, at *8-9. The court explained that when "a third-party technician is engaged to perform duties limited to technical issues related to the physical production of information, related costs are recoverable under § 1920." *Id.*, at *8.

Microsoft retained Lighthouse Document Technologies, Inc. ("Lighthouse") as its e-discovery vendor in this action. Cramer Dec., ¶ 7. Lighthouse received electronic data from Microsoft containing electronic documents that Microsoft provided by reason of Motorola's discovery requests. *Id.* This data was loaded into Lighthouse's electronic database, where Lighthouse processed the data so it could be reviewed by Microsoft's outside counsel for responsiveness and privilege and then produced to Motorola in a format that was readable. This processing included, but was not limited to, formatting the documents in the .TIFF format that the parties had agreed to use, Bates numbering the documents, conducting other necessary

MICROSOFT'S MOTION FOR COSTS - 7
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

processing tasks, and delivering the documents to Motorola by disc or hard drive. *Id.* In total, this process led to the production by Microsoft of approximately 4,350,000 pages to Motorola in this action. *Id.*

Microsoft seeks only to recover costs incurred in connection with Lighthouse's services performed in this action, not for facilitating the production of documents in other Microsoft-Motorola litigation. *Id.*, at ¶ 8. Microsoft's request also does not seek to recover costs associated with time spent by Microsoft's outside counsel reviewing documents before their production. *Id.*

Microsoft paid Lighthouse $321,292.70 in connection with its facilitation and management of Microsoft's document production. *Id.*, at ¶¶ 7-8; Ex. F. This amount is taxable, and should be awarded to Microsoft under 28 U.S.C. § 1920(4).

7.      <u>Microsoft Should be Awarded Bond Premiums it Paid.</u>

Pursuant to LCR 54(d)(3)(B), Microsoft is entitled to recover as a taxable cost "[r]easonable premiums paid on undertakings or bonds or security stipulations…where the same have been furnished by reason of express requirement of law, rule, or court order." The Court required that Microsoft post a $100 million bond in connection with the Court's entry of a temporary restraining order (and subsequent preliminary injunction) enjoining Motorola "from enforcing any injunctive relief it may receive in the German court system relating to" certain patents. (Dkt. No. 261).

Microsoft paid $235,600 in premiums on the $100 million bond. Cramer Dec., ¶ 9; Ex. G. This amount is taxable under LCR 54(d)(3)(B).

8.      <u>Microsoft Should be Awarded its Docket Fees.</u>

Section 1920(5) permits the prevailing party to recover statutory docket fees under 28 U.S.C. § 1923. The docket fee under Section 1923 is $20. Microsoft is entitled to recover this amount as a taxable cost.

MICROSOFT'S MOTION FOR COSTS - 8
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

### III. CONCLUSION

For the reasons set forth herein, Microsoft respectfully requests that the Court award Microsoft all the costs to which it is entitled under Rule 54(d), LCR 54(d)(3), and 28 U.S.C. §§ 1821 and 1920, in the amounts set forth below:

| | |
|---|---|
| Filing Fees | $2,600.00 |
| Process Server Costs | $1,459.00 |
| Hearing Transcript Costs | $28,652.45 |
| Deposition Costs | $137,094.00 |
| Witness Costs | $195.99 |
| Exemplification (E-Discovery) Costs | $321,292.70 |
| Bond Premiums | $235,600.00 |
| Docket Fees | $20.00 |
| **Total** | **$726,914.14** |

DATED this 3rd day of December, 2013.

CALFO HARRIGAN LEYH & EAKES LLP

By   s/Arthur W. Harrigan, Jr.
      Arthur W. Harrigan, Jr., WSBA #1751

By   s/Shane P. Cramer
      Shane P. Cramer, WSBA #35099

999 Third Avenue, Suite 4400
Seattle, WA 98104
Phone: 206-623-1700
arthurh@calfoharrigan.com
shanec@calfoharrigan.com

By   s/T. Andrew Culbert
      T. Andrew Culbert

By   s/David E. Killough
      David E. Killough

MICROSOFT CORPORATION
1 Microsoft Way

MICROSOFT'S MOTION FOR COSTS - 9
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Redmond, WA  98052
Phone:  425-882-8080
Fax:  425-869-1327

David T. Pritikin
Richard A. Cederoth
Constantine L. Trela, Jr.
William H. Baumgartner, Jr.
Ellen S. Robbins
Douglas I. Lewis
David C. Giardina
John W. McBride
Nathaniel C. Love

SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Phone:  312-853-7000
Fax:  312-853-7036

Carter G. Phillips
Brian R. Nester


SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S MOTION FOR COSTS - 10
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 3rd day of December, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA  98104-2682<br>Telephone:  206-676-7000<br>Email: Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY  10036-8704<br>Telephone:  (212) 596-9046<br>Email: steven.pepe@ropesgray.com<br>Email: jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA  94303-2284<br>Telephone:  (650) 617-4030<br>Email: norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC  20005-3948<br>Telephone:  (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>___X___ ECF |

MICROSOFT'S MOTION FOR COSTS - 11
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | | |
|---|---|---|
| Andrea Pallios Roberts (*pro hac vice*) | _____ | Messenger |
| Brian C. Cannon (*pro hac vice*) | _____ | US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ | Facsimile |
| 555 Twin Dolphin Drive, 5th Floor | __X__ | ECF |
| Redwood Shores, CA 94065 | | |
| Telephone:  (650) 801-5000 | | |
| Email: andreaproberts@quinnemanuel.com | | |
| Email: briancannon@quinnemanuel.com | | |

| | | |
|---|---|---|
| Kathleen M. Sullivan (*pro hac vice*) | _____ | Messenger |
| David Elihu (*pro hac vice*) | _____ | US Mail |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ | Facsimile |
| 51 Madison Ave., 22nd Floor | __X__ | ECF |
| New York, NY 10010 | | |
| Telephone:  (212) 849-7000 | | |
| Email: kathleensullivan@quinnemanuel.com | | |

| | | |
|---|---|---|
| William Price (*pro hac vice*) | _____ | Messenger |
| Quinn Emanuel Urquhart & Sullivan, LLP | _____ | US Mail |
| 865 S. Figuera St., 10th Floor | _____ | Facsimile |
| Los Angeles, CA 90017 | __X__ | ECF |
| Telephone:  (212) 443-3000 | | |
| Email: williamprice@quinnemanuel.com | | |
| MicrosoftvMotoBreachofRANDCase@quinnemanuel.com | | |

DATED this 3rd day of December, 2013.

s/  Florine Fujita
FLORINE FUJITA

MICROSOFT'S MOTION FOR COSTS - 12
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717