The Honorable James L. Robart

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

MICROSOFT CORPORATION, a Washington
corporation,

CASE NO. C10-1823-JLR

11

                    Plaintiff,

MOTOROLA'S OBJECTION AND
OPPOSITION TO MICROSOFT'S
MOTION FOR COSTS

12

          v.

13

14

MOTOROLA, INC., and MOTOROLA
MOBILITY LLC, and GENERAL
INSTRUMENT CORPORATION,

**NOTED ON MOTION CALENDAR:**
**Friday, December 20, 2013**

15

16

                    Defendants.

17

18

MOTOROLA MOBILITY LLC, and
GENERAL INSTRUMENT CORPORATION,

19

          Plaintiffs/Counterclaim Defendant,

20

          v.

21

22

MICROSOFT CORPORATION,

          Defendant/Counterclaim Plaintiff.

23

24

25

26

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**INTRODUCTION**

Defendants Motorola Mobility, LLC ("MMI"), Motorola Solutions, Inc. ("Motorola Solutions") and General Instrument Corp. ("GIC") (collectively, "Motorola") respectfully file this memorandum in opposition to the motion of Plaintiff Microsoft Corp. ("Microsoft") for $726,914.14 in costs under Fed. R. Civ. P. 54(d), Local Civil Rule 54(d)(3), and 28 U.S.C. §§ 1821 and 1920.

Although there has been a final judgment on some of the claims in this action, this is a consolidated case with many claims remaining to be resolved such as those for patent infringement. Microsoft, however, is seeking costs for expenses such as electronic discovery and transcripts for hearings that relate to patent claims. Because Microsoft's motion improperly blends costs for all phases of this case, Microsoft's motion should be held in abeyance until all claims are resolved and a prevailing party can be determined. The burden lay with Microsoft to split out the taxable costs associated with only the resolved claims, and it has not done so. Holding costs in abeyance will not prejudice Microsoft and will avoid the difficult accounting task of dividing up the taxable costs.

In the alternative, if the Court is inclined to grant some costs now, Microsoft's request should be significantly reduced. Microsoft requests costs that are not properly taxable under the rules and statutes. As set forth in the Declaration of Cheryl A. Galvin and accompanying Exhibit A filed herewith, if Microsoft is granted any costs, the taxable costs should be reduced by $410,820.30. The excluded costs include improper electronic discovery fees, unnecessary expedited and video costs for depositions, and costs that on their face relate to patent claims as well as contract claims.

The categories of disputed costs are described below and Motorola submits Exhibit A, a spreadsheet setting forth each item of disputed costs.

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 1
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

## FACTUAL BACKGROUND

2      Microsoft filed this case on November 9, 2010, asserting breach of contract related to

3  patent licensing.  Dkt. 1. On June 1, 2011, the Court consolidated this case for all purposes with a

4  patent infringement case filed by Motorola in which Microsoft asserted patent infringement

5  counterclaims.  Dkt. 66 at 12.  The Court reiterated in its order granting partial final judgment that

6  "[t]he contract action and the patent action have been consolidated for all purposes."  Dkt. 931 at

7  9.  Discovery proceeded in the consolidated case, and the Court held a *Markman* hearing on March

8  9, 2012 on patent claims.  The patent claims were stayed, however, on July 16, 2012.  Dkt. 360.

9  In November 2012, the Court held a bench trial on the rate and range for patent licensing. On

10 April 19, 2013, the Court issued its findings of fact and conclusions of law.  Dkt. 673.

11     Beginning August 26, 2013, the Court conducted a seven-day jury trial on Microsoft's

12 breach of contract claims.

13     The district court granted partial final judgment under Federal Rule of Civil Procedure

14 54(b) on November 12, 2013.  Dkt. 932.  The Court granted partial final judgment of its April 19,

15 2013 Findings of Fact and Conclusions of Law, its August 12, 2013 order on summary judgment

16 with respect to Motorola's repudiation counterclaim, and the September 4, 2013 jury verdict in the

17 breach of contract case.  *Id*.

18

## LEGAL STANDARD

19     Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's

20 fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Unless otherwise

21 authorized by statute or contract, 28 U.S.C. § 1920 limits costs that may be awarded to the

22 following:

23     "(1) Fees of the clerk and marshal;

24     (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the

25 case;

26     (3) Fees and disbursements for printing and witnesses;

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 2
CASE NO. C10-1823-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  (4) Fees for exemplification and the costs of making copies of any materials where the

2  copies are necessarily obtained for use in the case;

3  (5) Docket fees under section 1923 of this title;

4  (6) Compensation of court appointed experts, compensation of interpreters, and salaries,

5  fees, expenses, and costs of special interpretation services under section 1828 of this title."

6  *Id*.

7  Under Local Civil Rule 54(d), the party submitting a bill of costs must verify "that each

8  requested cost is correct and has been necessarily incurred in the case and that the services for

9  which fees have been charged were actually and necessarily performed."  LCR 54(d)(1).  "All

10 costs shall be specified, so that the nature of the charge can be readily understood."  *Id*.  "The

11 burden is on the prevailing [party] to establish the amount of compensable costs and expenses to

12 which they are entitled.  Prevailing parties necessarily assume the risks inherent in a failure to

13 meet that burden."  *In re Ricoh Co. Patent Litigation*, 661 F.3d 1361, 1367 (Fed. Cir. 2011)

14 (quotations omitted) (applying Ninth Circuit law).  "[A] list of costs and expenses must be

15 adequately detailed, identifying the purpose of each expenditure, and not filled with generic

16 references such as transcripts, publication, and document production."  *Id*. at 1367 (internal

17 quotations and citations omitted).

18 Although district courts have discretion in awarding costs under 28 U.S.C. § 1920, that

19 discretion does not permit a broad interpretation of taxable costs.  The Supreme Court "has never

20 held that Rule 54(d) creates a presumption in favor of the broadest possible reading of the costs

21 enumerated in § 1920."  *Taniguchi v. Kan Pacific Saipan*, — U.S.—, 132 S. Ct. 1997, 2005-06

22 (2012).

23 ## **ARGUMENT**

24 A.  Microsoft's Requested Costs Are Blended With Costs From The Stayed Patent Case And Therefore It Is Premature To Award Any Costs

25 Microsoft's Motion for Costs is premature.  Although the Court granted partial final

26 judgment under Federal Rule of Civil Procedure 54(b), there are still many claims remaining in

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 3
CASE NO. C10-1823-JLR

1    this consolidated action.  While Microsoft may be the prevailing party from the breach of contract

2    trial, until the consolidated patent claims are resolved, no costs should be awarded.  To do

3    otherwise "would unnecessarily complicate matters."  *Woodmen Acc. & Life Ins. Co. v. Bryant*,

4    784 F.2d 1052, 1058 (10th Cir. 1986) (holding that the other party might prevail on the remaining

5    claim and that certain costs might have been incurred to resolve the remaining issue; therefore,

6    taxing costs was premature until all claims were final).

7           In its Motion for Costs, Microsoft has not even acknowledged the pending patent claims,

8    nor has it made any effort to apportion the costs that it is seeking to only those costs relating to the

9    issues covered by the Rule 54(b) partial final judgment.  In its request for transcript costs, for

10   example, Microsoft has requested costs for a January 24, 2012 telephonic hearing transcript

11   relating to claim construction and a March 9, 2012 transcript from the *Markman* claim

12   construction hearing.  In addition, Microsoft makes no attempt to apportion the costs that it is

13   seeking for its electronic document production to only request costs for documents relating to the

14   breach of contract issues.  Mr. Cramer represents in his declaration only that "charges for

15   Lighthouse services performed for other Microsoft-Motorola litigation (e.g., documents that were

16   not produced in this action) have not been included."  Dkt. 949 at ¶ 8.  Mr. Cramer's only source

17   for this information is "communications with Lighthouse."  *Id*.  Since the patent case and the

18   breach of contract case have been consolidated, however, documents produced "in this action" are

19   not necessarily documents that were produced for the claims for which the Court granted partial

20   final judgment.  Because Microsoft has made no attempt to apportion its costs relating only to the

21   claims for which the Court has ordered partial final judgment and it is not clear that such an

22   apportionment is even feasible, Microsoft's motion for costs should be held in abeyance until all

23   claims in the case are final.

24

25

26

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 4
CASE NO. C10-1823-JLR

Summit Law Group pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

B.   Portions Of Microsoft's Bill of Costs Are Not Recoverable Or Are Not Adequately Substantiated

Even if Microsoft is entitled to receive any costs at this time, many of the costs that Microsoft has requested are not recoverable or are not adequately described or substantiated. Those costs should be denied.

1.   Microsoft's Requested Fees For Process Servers Are Not Recoverable And Are Improperly Substantiated

Many of the invoices provided by Microsoft that allegedly reflect process server fees paid by Microsoft in this matter do not provide sufficient documentation to determine whether service of process was reasonably necessary for this case.  In its June 30, 2011 invoice, for example, the name of the party being served on June 8, 2011 is incomplete ("The Institute of").  Cramer Decl. Ex. B, Dkt. 949-2 at 3.  In its December 16, 2011 invoice, there is no identification of the party that was allegedly served.  Dkt. 949-2 at 6.  Invoices showing fees from June 3, 2011, June 4, 2012 and June 12, 2012 are similarly lacking in information about why the fees were incurred. Dkt. 949-2 at 3, 10, 11.  Without this identifying information, it is not possible to determine that the service was necessary.  Microsoft also fails to explain the necessity of service on certain third parties, include Nuance, Inc. and Vlingo, Inc.

Microsoft also offers no explanation for why "rush" fees and "same day service" were necessary.  Microsoft could have served third party discovery with ample time to meet the court deadlines; Motorola should not be required to pay unnecessary "rush" fees.  Invoices indicating service on December 8, 2011, March 9, 2012, June 4, 2012 and June 12, 2012 show improper "rush" fees that are not recoverable.  Dkt. 949-2 at 4, 5, 7, 10, 11.

A full list of deficiencies in Microsoft's process server invoices can be found attached in page one of Exhibit A.  It is Microsoft's burden to submit a detailed explanation of the costs it seeks and the necessity of those costs; Microsoft's failure to do so for the costs it seeks under 28 U.S.C. § 1920(1) should result in denial of those costs.  Microsoft's request for this category of costs should therefore be reduced by $754.40.

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 5
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

2.   Microsoft's Requested Transcript Costs Are Not Recoverable

As discussed above in Section A, Microsoft has requested hearing transcripts that relate to the patent case.  Because that case is not yet final, those transcript costs should be denied.  *E.g.*, Cramer Decl. Ex. C, Dkt. 949-3 at 3, 5, 8.  In two instances, Microsoft has submitted only an email indicating a request for a transcript but has failed to include an actual invoice for those transcripts.  Without proof that the transcripts were actually ordered, the amount actually charged and what the transcripts were, these costs also should be denied.  Dkt. 949-3 at 7-8.

In addition, Microsoft has improperly requested costs for expediting many of the hearing transcripts.   The costs of expedited delivery for transcripts generally are not recoverable.  *Plantronics, Inc. v. Aliph, Inc.*, No. 09-01714, 2012 WL 6761576 *6 (N.D. Cal. Oct. 23, 2012).  Here, several invoices indicate that there was an extra fee for expediting the transcripts (Dkt. 949-3 at 3, 6, 13) while other invoices do not explicitly state there was a "rush" fee but charge $4.85 or $6.05 per page rather than the standard $0.90-$1.20 per page, indicating that such a charge was included.  Dkt. 949-3 at 10, 14, 15, 16, 18, 19, 20.  Microsoft has offered no explanation for a need to expedite these transcripts and those additional costs should be denied.

Microsoft also fails to explain why, in its invoice for the November 2012 trial transcripts, there is an additional $2940 added to the bottom of the invoice, by hand.  Dkt. 949-3 at 12.  Microsoft also does not explain why it is seeking recovery for two copies of the transcript, rather than just one.  *Id*.  In addition, Microsoft does not justify why an additional copy of the August 2013 trial transcripts were necessary.  Dkt. 949-3 at 20.  Microsoft cannot recover the costs for more than one copy of a transcript, and therefore these costs should be denied.

A full list of the deficiencies in Microsoft's hearing transcript invoices can be found attached in page two of Exhibit A.  As indicated, Microsoft's requested costs for this category should be reduced by $16,724.95.

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 6
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

3.   Microsoft's Requested Fees For Court Reporters And Videographers Are Not Recoverable

Microsoft improperly requests costs for videotaping depositions.  A party requesting costs must meet its burden of showing that a videotaped deposition was reasonably obtained for use in the case, "especially where [the person deposed] was available for trial and use of a videotape was unlikely." *Bichindaritz v. University of Washington*, No. 10-1371, 2012 WL 3079092 at *1 (W.D. Wash. July 27, 2012).  "[D]eposition costs should not be allowed where they are not used at trial by a party.  'Disallowance for expenses of depositions not used at trial is within the district court's discretion.'"  *Smith v. Ardew Wood Products, Ltd.*, No. 07-5641, 2010 WL 9536831, *1 (W.D. Wash. Feb. 4, 2010) (quoting *Washington State Dept. of Transportation v. Washington Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir. 1995)); *see also Stormans Inc. v. Selecky*, 906 F. Supp. 2d 1093, 1107 (W.D. Wash. 2012) ("the costs associated with depositions not used at trial shall be excluded from Plaintiffs' award.").  "These are not costs, they are merely expenses of preparing for trial."  *Smith* at *2.  "Depositions 'merely useful for discovery' are not taxable 'and their expense should have been borne by the party taking them, as incidental to normal preparation for trial.'"  *In re Ricoh*, 661 F.3d at 1361 (quoting *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963)).

Microsoft has not properly explained how obtaining videotaped depositions was reasonably necessary for trial.  Microsoft did not call any witnesses via videotaped deposition at trial and used written deposition transcripts to impeach witnesses.  Microsoft's request for $38,206.75 for deposition videotaping costs should be denied in its entirety.  Even if some videotaping costs were permitted, many of the videotapes that Microsoft ordered were for Microsoft employees and experts that Microsoft knew would be able to attend the trials.  *See* Cramer Decl. Ex. D, Dkt. 949-4 at 5, 6, 19, 30, 32, 34, 36, 38, 44, 46, 60, 62, 64, 68, 69, 71, 77, 84, 89, 95, 98, 100, 102, 103.  Those costs of $6,659.95 should be denied.  In many cases, Microsoft ordered between 2 and 6 copies of the videotapes. Dkt. 949-4 at 5, 6, 19, 30, 32, 34, 36, 38, 44, 46, 60, 62, 64.  Even if one copy of all of these videotapes were taxable, there is no

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 7
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   justification for multiple copies and costs for those additional copies in the amount of $2,820

2   should be denied.

3       Microsoft also improperly seeks fees for expediting its receipt of deposition transcripts and

4   videotapes.  Dkt. 949-4 at 2, 8, 9, 11, 20, 21, 23, 25, 27, 29, 31, 35, 37, 39, 41, 43, 45, 48, 50, 51,

5   54, 56, 57, 59, 61, 63, 70, 74, 76, 79, 85, 87, 92, 93, 96.  Nowhere does Microsoft justify a need to

6   receive the transcripts on a rush basis, and therefore those costs of $31,315.56 should be denied.

7       Microsoft also should not receive costs for interactive real-time services; those services are

8   strictly for the convenience of counsel and are not necessary in preparing for trial.  Dkt. 949-4 at

9   17, 27, 41, 43, 61, 63, 85, 92.  Therefore, these costs of $2151.44 should be denied.  Additional

10  costs for duplicate services in the amount of $374.50 should also be denied.  Dkt. 949-4 at 36, 100.

11      A full list of the deficiencies in Microsoft's court reporter and videographer invoices can

12  be found attached in pages three to five of Exhibit A.

13      4.    Microsoft's Requested Fees For E-Discovery Are Not
            Recoverable And Are Improperly Substantiated

15      Microsoft also improperly seeks costs for document processing and analysis that are not

16  taxable under 28 U.S.C. § 1920(4).   "Not all costs attributable to producing discovery are

17  recoverable. . . . . [C]opies made solely for counsel's convenience or the litigant's own use are not

18  recoverable because they are not 'necessarily' obtained for use in the case."  *Plantronics* at *10

19  (citations omitted).  In addition, "[f]ees for exemplification and copying are permitted only for the

20  physical preparation and duplication of documents, not the intellectual effort involved in their

21  production."  *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (internal quotation omitted).

22  The cost for searching and analyzing documents is not taxable.  *Oracle America, Inc. v. Google,*

23  *Inc.*, 10-03561, 2012 WL 3822129 at *3 (N.D. Cal. Sept. 4, 2012).

24      Costs are also not permitted if the court is "unable . . . to determine what documents were

25  being reproduced and to which side the copies were ultimately provided."  *In re Ricoh* at 1368.

26  When a party seeking costs fails to provide an itemized list with sufficient specificity to show that

    the items should be recoverable, all costs may be denied.  *See*, *e.g.*, *Oracle America*, 2012 WL

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 8
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  3822129 at *3 (denying request for nearly $3 million in e-discovery costs in its entirety because

2  the party seeking costs failed to properly specify only recoverable costs).

3       Microsoft has submitted invoices totaling over $321,000 for numerous e-discovery

4  activities that are not taxable under 28 U.S.C. § 1920(4).  As a threshold matter, as described

5  above, Microsoft fails to apportion only those costs that relate to the matters for which there is a

6  partial final judgment.  There is no feasible way to determine from these invoices which costs

7  relate to documents produced in the patent action, for which there is no final judgment and

8  therefore no prevailing party.  As a result, Microsoft's request for fees should be denied in its

9  entirety.

10       Even if Microsoft is permitted to recover some costs for its document production, it should

11  only be permitted to receive costs for converting documents to TIFF, bates-stamping the

12  documents, and putting those documents on CDs, DVDs, or hard drives for production.  A

13  substantial portion of the costs Microsoft seeks either involve "intellectual effort" or are for the

14  convenience of counsel and should therefore be denied.  Invoice line items for "case planning and

15  management," "advanced case planning and management," "create custom reports," "custom

16  strategy doc/work plan," "data analysis and consulting" and "search term consulting," among

17  others, reflect costs far beyond basic document production processing and are not recoverable.

18  Invoice line items for "custom tabs," "binding," "printing color" and others do not specify whether

19  they were done for the convenience of Microsoft's counsel or for a production to Motorola.

20  Without evidence that the invoice items were used for production of documents to Motorola, these

21  items should be denied.  Microsoft also offers no explanation for many other line items, including

22  "outsourced printing and imaging" and "light litigation-copying."  It is Microsoft's burden to

23  specify what these costs are for; Microsoft has failed to do so and therefore $218,592.79 in costs

24  should be denied.

25       A full list of the deficiencies in Microsoft's e-discovery invoices can be found attached in

26  pages six and seven of Exhibit A.

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 9
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1

## CONCLUSION

2      For the foregoing reasons, Motorola respectfully objects to and opposes Microsoft's

3   motion for costs pursuant to Fed. R. Civ. P. 54(d)(1).

4      DATED this 16th day of December, 2013.

5

6                                          Respectfully submitted,

7      SUMMIT LAW GROUP PLLC

8      By /s/ Ralph H. Palumbo

       By /s/ Philip S. McCune

9          Ralph H. Palumbo, WSBA #04751

           Philip S. McCune, WSBA #21081

10          ralphp@summitlaw.com

           philm@summitlaw.com

11

12     By /s/ Thomas V.  Miller

           Thomas V. Miller

13          MOTOROLA MOBILITY LLC

           600 North U.S. Highway 45

14          Libertyville, IL  60048-1286

           (847) 523-2162

15

16     QUINN EMANUEL URQUHART &

       SULLIVAN, LLP

17

18     By /s/ Kathleen M. Sullivan

           Kathleen M. Sullivan, NY #1804624

19          51 Madison Ave., 22nd Floor

           New York, NY 10010

20          (212) 849-7000

           kathleensullivan@quinnemanuel.com

21

22     By /s/ Brian C. Cannon

           Brian C. Cannon, CA #193071

23          555 Twin Dolphin Drive, 5th Floor

           Redwood Shores, CA 94065

24          (650) 801-5000

           briancannon@quinnemanuel.com

25

26

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 10
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

By _/s/ William C. Price_

William C. Price, CA #108542
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
_williamprice@quinnemanuel.com_

**Attorneys for Motorola Solutions, Inc.,
Motorola Mobility LLC and General
Instrument Corp.**

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 11
CASE NO. C10-1823-JLR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Arthur W. Harrigan, Jr., Esq.
Shane P. Cramer, Esq.
Calfo Harrigan Leyh & Eakes LLP
*arthurh@calfoharrigan.com*
*shanec@calfoharrigan.com*

Richard A. Cederoth, Esq.
Brian R. Nester, Esq.
David T. Pritikin, Esq.
Douglas I. Lewis, Esq.
John W. McBride, Esq.
William H. Baumgartner, Jr., Esq.
David C. Giardina, Esq.
Carter G. Phillips, Esq.
Constantine L. Trela, Jr., Esq.
Ellen S. Robbins, Esq.
Nathaniel C. Love, Esq.
Sidley Austin LLP
*rcederoth@sidley.com*
*bnester@sidley.com*
*dpritikin@sidley.com*
*dilewis@sidley.com*
*jwmcbride@sidley.com*
*wbaumgartner@sidley.com*
*dgiardina@sidley.com*
*cphillips@sidley.com*
*ctrela@sidley.com*
*erobbins@sidley.com*
*nlove@sidley.com*

T. Andrew Culbert, Esq.
David E. Killough, Esq.
Microsoft Corp.
*andycu@microsoft.com*
*davkill@microsoft.com*

DATED this 16th day of December, 2013.

/s/ *Marcia A. Ripley*

Marcia A. Ripley

MOTOROLA'S OBJECTION AND OPPOSITION TO
MICROSOFT'S MOTION FOR COSTS - 12
CASE NO. C10-1823-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001