THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

                Plaintiff,

  vs.

MOTOROLA, INC., et al.,

                Defendants.

MOTOROLA MOBILITY LLC, et al.,

                Plaintiffs,

  vs.

MICROSOFT CORPORATION,

                Defendant.

Case No. C10-1823-JLR

MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION FOR COSTS

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

CH1 8659380v 1

## I. INTRODUCTION

Motorola raises two principal arguments – (1) that the Court should not award any costs until the patent claims that remain pending are resolved; and (2) that various costs are not taxable. The first argument ignores the Court's November 12, 2013 Order Granting Entry of Rule 54(b) Judgment, wherein the Court stated that Microsoft could file a motion for costs now (ECF No. 931, p. 12 n.4). And Motorola's arguments regarding specific costs are largely without merit. Microsoft's motion should be granted; it should be awarded $665,600.40 in costs, consisting of the specific costs set forth in Appendix A hereto.[1]

## II. ARGUMENT

**A.   Microsoft's Motion is Timely.**

Motorola argues that Microsoft's motion should be stayed until the Court enters final judgment on the still-pending patent claims. But this ignores the Court's order that Microsoft is entitled to seek its costs on the RAND issues now. And, as explained herein, Microsoft is seeking to recover only those taxable costs that relate to the RAND issues in the case. Motorola's request that the motion be stayed should be rejected.

**B.   Microsoft Should be Awarded its Process Server Fees.**

The invoices supporting Microsoft's request for process server costs are clear, especially to a party, like Motorola, that received copies of each subpoena when served. The invoice identifying the party to be served as "The Institute of" refers to the Institute of Electrical and Electronics Engineers, the entity responsible for one of the two key technology standards at issue in this litigation. The March 9, 2012 invoice for service on MPEG LA relates to service of a second subpoena, not "additional service." Microsoft's CRA International subpoenas likewise are clear. These subpoenas were necessary and led to the production of many important documents. Microsoft is entitled to recover these costs.

---

[1] This amount is less than the $726,000 Microsoft originally sought, for the reasons set forth herein.

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS - 1
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Motorola complains that Microsoft seeks to recover rush fees for the MPEG LA and CRA subpoenas. Courts regularly award rush fees where they are "specifically justified" or necessary as a result of the case schedule. *See Competitive Techs. v. Fujitsu Ltd.*, 2006 WL 6338914, at *6 (N.D. Cal. Aug. 23, 2006). The MPEG LA documents were relevant to summary judgment motions the Court directed the parties to file just 21 days later, on March 30, 2012. Microsoft requested rush service for the CRA subpoenas in June 2012 because its potential relationship to the case was uncovered only shortly before that, and the discovery deadline was July 18, 2012. The rush fees were reasonable under the circumstances.[2]

C.      **Microsoft is Entitled To Recover the Cost of Hearing Transcripts.**

Microsoft's request for the cost of transcripts is limited to those from hearings on RAND issues.[3] Both the January 24 and March 9, 2012 hearings included such discussions. Declaration of Shane P. Cramer in Support of Microsoft's Reply, Ex. A; Ex. B.

Motorola argues that Microsoft should not recover $279.65 for transcripts because Microsoft supported the cost with an email exchange, not an invoice. While Microsoft disagrees with Motorola's position, Microsoft has provided herewith copies of the cancelled checks it used to pay for the transcripts. Cramer Reply Dec., Ex. C.

Motorola has objected that some transcripts cost more than others, but the invoices are clear. The first party to order the transcript was charged $4.85 or $6.05 per page because it was ordering the "original." The other party then purchased the "first copy" for $0.90 or $1.20 per page. This objection is baseless.

Motorola argues several invoices have "no explanation for why an original and a copy were both necessary" (Galvin Dec., Ex. A, p. 2:8, 14-16). Motorola is mistaken. The invoices

---

[2] Microsoft withdraws $260 in costs relating to serving subpoenas on Vlingo and Nuance. The documents sought by these subpoenas related primarily to the patent issues that remain pending. Microsoft also withdraws the $9.95 fee that appears on the process server invoice dated June 3, 2011 (ECF No. 949-2, p. 3).
[3] For example, Microsoft did not seek reimbursement for the cost of the transcript from a May 30, 2012 technical tutorial on Motorola's H.264 SEPs, or for the Markman hearing that occurred several days later, on June 7, 2012.

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS - 2
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

show that the parties split the cost of these transcripts[4], not that Microsoft ordered two copies.

Expediting the delivery of key transcripts was necessary given the short timeframe between hearings and other key dates in the case schedule. *See Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, 2011 WL 666881, at *3 (S.D. Cal. Feb. 17, 2011). For example, on April 11, 2012 the Court held a hearing on Microsoft's anti-suit motion. Microsoft requested a two-hour turn-around because the Court set a second hearing for later that same day. Microsoft needed to review the transcript in advance of this second hearing in order to address any issues that arose therein.

Even if it had not been necessary to expedite the transcripts, the only amount that would be eliminated from Microsoft's cost bill is the increased cost ($1,803.85) associated with expediting the transcripts.[5] The balance of the transcript costs are not even in dispute.[6]

**D.    Microsoft is Entitled to Recover its Deposition Costs.**

In its motion, Microsoft demonstrated that: (1) all of the deponents for whom Microsoft seeks reimbursement were identified as potential trial witnesses – the depositions were not simply "for discovery"; (2) at the time Microsoft ordered the videos it was reasonable to believe that the video transcripts would be used at trial; (3) Microsoft (and Motorola) did submit testimony by video to the Court at both trials; and (4) Motorola used video from the depositions of Microsoft's employees and experts during cross-examination of these witnesses. Motorola's blanket objection should be denied.

Motorola next argues that Microsoft should not recover costs for copies of depositions of its own employees and experts. This argument ignores Motorola's own practice of ordering

---

[4] Each party paid the "original" rate for half the pages and the "first copy" rate for the other half.
[5] The cost to order the original transcript on "ordinary" turnaround of 30 days is $3.65, with the first copy being $0.90. A "14-Day" turnaround costs $4.25 per page for the original, and $0.90 for the first copy. An "Expedited Transcript", with a 7-day turnaround, costs $4.85 per page for the original and $0.90 for the first copy. Daily transcripts cost $6.05 per page and $1.20 for the first copy. Hourly transcripts cost $7.25 per page for the original and $1.20 for the first copy. Cramer Reply Dec., Ex. D.
[6] Microsoft respectfully withdraws its request for $2,940 and $9,450 for real-time transcripts from the November 2013 and August 2013 trials.

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS - 3
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

video depositions of these individuals, submitting many of those videos to the Court, and using others for impeachment purposes at trial. *See El Dorado Irrigation Dist. V. Traylor Bros., Inc.*, 2007 WL 512428, *9 (E.D. Cal. Feb. 12, 2007) (where plaintiff objected, among other things, to defendant's costs "for copies of depositions that [plaintiff] took of [defendant's] witnesses," the court held that "[t]he objections are, or are close to, frivolous"). It was reasonable for Microsoft to order videos of these transcripts so that it would be able to plan for Motorola's use of them at trial. These costs are recoverable.

Motorola argues that Microsoft's request includes $2,820.00 in duplicate video costs, apparently based on invoice entries where the column titled "#PAGES/QTY" is filled by a number other than "1". (*See, e.g.*, ECF No. 949-4, p. 6). But this simply means that the video contains more than one volume, not that extra copies were ordered.[7]

The prevailing party may recover the cost of expediting transcripts where doing so was necessary because of the case schedule, pending motions, or for other reasons. *Bendix Commer. Vehicle, LLC v. Haldex Brake Prods.*, 2011 U.S. Dist. LEXIS 318, *5 (N.D. Ohio Jan. 3, 2011) (permitting recovery of fees to expedite where transcripts were needed on short turnaround for use in connection with pending dispositive motion). Expedited delivery of these deposition transcripts was reasonable in this case. The case schedule necessitated that multiple depositions occur simultaneously or in short succession. Expert depositions for the first phase of the case occurred over approximately two weeks – from August 17 through August 31, 2012. Dispositive and *Daubert* motions were filed in that same time frame. Discovery in the second phase of the case likewise occurred over a very short period of time, from mid-March through May 2013. Expert depositions again occurred over the span of just a few weeks. It was necessary to expedite the delivery of depositions taken during this phase of

---

[7] Microsoft identified three instances where two different formats of videos were ordered from a deposition. Cramer Dec., Ex. D, pp. 19 (Del Castillo); 34 & 36 (Glanz); 98 & 100 (Davidson). Microsoft withdraws the cost of one video format from each of these depositions, resulting in a reduction to Microsoft's cost bill of $423.25.

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS - 4
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

the case for the same reasons set forth above.[8]

### E. Microsoft's E-Discovery Costs are Taxable.

All of the document requests served by Motorola in this case (the 1823 Action) related to and were relevant to the RAND issues that were determined at the August 2013 trial. In total, Motorola served seven sets of requests for production in the 1823 Action between early 2011 and June 2012 specifically targeted at the RAND licensing issues that were the focus of Microsoft's breach of contract claims. In contrast, Motorola served only one set of discovery in the patent case, in early 2011, before the cases were consolidated. And many of these requests were relevant to the issues in the RAND issues since the H.264 SEPs Motorola alleged were infringed by Microsoft's products were part of Motorola's H.264 SEP portfolio.[9]

Motorola also alleges that certain specific costs on Lighthouse's invoices are not recoverable. Specifically, Motorola argues that a substantial portion of the e-discovery costs sought by Microsoft constitute "intellectual effort,"[10] which is generally not taxable.

But Microsoft is <u>not</u> seeking to recover costs associated with attorney or paralegal time spent reviewing documents or managing the production process. Cramer Dec., ¶8. The challenged costs relate only to time Lighthouse, Microsoft's e-discovery vendor, spent "managing" the production process. Courts recognize that the processes required to process and produce ESI are "highly technical" and differ significantly from "the types of services that attorneys or paralegals are trained for or are capable of providing." *Jardin*, 2011 WL 4835742, at *6.[11] The project management services provided by Lighthouse are taxable. *Id.*[12]

---

[8] Microsoft respectfully withdraws the $2,151.44 in real-time fees it incurred in connection with these depositions.
[9] The patent claims were stayed on July 16, 2012. Thereafter, discovery was limited to the contract claims.
[10] Intellectual effort includes "discovery-related activities tied to strategic, confidentiality, or other types of concerns typically entrusted to lawyers." *Jardin v. DATAllegro*, 2011 WL 4835742, *6 (S.D. Cal. Oct. 12, 2011).
[11] *See also In re Ricoh,* 661 F.3d 1361,1365 (Fed. Cir. 2011).
[12] Motorola argues that invoice line items for "custom tabs" ($16.20), "binding" ($105.00), "Printing color" ($960.72), and "light litigation-copying" are not taxable. While Microsoft disagrees, it will withdraw these costs. Microsoft likewise withdraws its request for costs associated with Lighthouse's "outsourced printing and imaging" as that category reflects work done by vendors other than Lighthouse ($44,997.18).

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS - 5
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| 1 | DATED this 20th day of December, 2013. |
| 2 | CALFO HARRIGAN LEYH & EAKES LLP |
| 3 | |
| 4 | By    s/Arthur W. Harrigan, Jr.<br>          Arthur W. Harrigan, Jr., WSBA #1751 |
| 5 | |
| 6 | By    s/Shane P. Cramer<br>          Shane P. Cramer, WSBA #35099 |
| 7 | 999 Third Avenue, Suite 4400 |
| 8 | Seattle, WA  98104<br>Phone:  206-623-1700 |
| 9 | arthurh@calfoharrigan.com<br>shanec@calfoharrigan.com |
| 10 | |
| 11 | By    s/T. Andrew Culbert<br>          T. Andrew Culbert |
| 12 | |
| 13 | By    s/David E. Killough<br>          David E. Killough |
| 14 | MICROSOFT CORPORATION |
| 15 | 1 Microsoft Way<br>Redmond, WA  98052 |
| 16 | Phone:  425-882-8080<br>Fax:  425-869-1327 |
| 17 | |
| 18 | David T. Pritikin<br>Richard A. Cederoth |
| 19 | Constantine L. Trela, Jr.<br>William H. Baumgartner, Jr. |
| 20 | Ellen S. Robbins<br>Douglas I. Lewis |
| 21 | David C. Giardina<br>John W. McBride |
| 22 | Nathaniel C. Love |
| 23 | SIDLEY AUSTIN LLP |
| 24 | One South Dearborn<br>Chicago, IL  60603 |
| 25 | Phone:  312-853-7000<br>Fax:  312-853-7036 |

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS - 6
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Carter G. Phillips
Brian R. Nester

SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC  20005
Telephone:  202-736-8000
Fax:  202-736-8711

Counsel for Microsoft Corp.

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS - 7
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# CERTIFICATE OF SERVICE

I, Florine Fujita, swear under penalty of perjury under the laws of the State of Washington to the following:

1. I am over the age of 21 and not a party to this action.

2. On the 20th day of December, 2013, I caused the preceding document to be served on counsel of record in the following manner:

**Attorneys for Motorola Solutions, Inc., and Motorola Mobility, Inc.:**

| | |
|---|---|
| Ralph Palumbo, WSBA #04751<br>Philip S. McCune, WSBA #21081<br>Summit Law Group<br>315 Fifth Ave. South, Suite 1000<br>Seattle, WA 98104-2682<br>Telephone: 206-676-7000<br>Email: Summit1823@summitlaw.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>   X    ECF |
| Steven Pepe (*pro hac vice*)<br>Jesse J. Jenner (*pro hac vice*)<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9046<br>Email: steven.pepe@ropesgray.com<br>Email: jesse.jenner@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>   X    ECF |
| Norman H. Beamer (*pro hac vice*)<br>Ropes & Gray LLP<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA 94303-2284<br>Telephone: (650) 617-4030<br>Email: norman.beamer@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>   X    ECF |
| Paul M. Schoenhard (*pro hac vice*)<br>Ropes & Gray LLP<br>One Metro Center<br>700 12th Street NW, Suite 900<br>Washington, DC 20005-3948<br>Telephone: (202) 508-4693<br>Email: Paul.schoenhard@ropesgray.com | _____ Messenger<br>_____ US Mail<br>_____ Facsimile<br>   X    ECF |

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS - 8
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | | |
|---|---|---|
| 1 | Andrea Pallios Roberts (*pro hac vice*) | _____ Messenger |
| 2 | Brian C. Cannon (*pro hac vice*) | _____ US Mail |
| | Quinn Emanuel Urquhart & Sullivan, LLP | _____ Facsimile |
| 3 | 555 Twin Dolphin Drive, 5th Floor | \_\_X\_\_\_ ECF |
| | Redwood Shores, CA 94065 | |
| 4 | Telephone:  (650) 801-5000 | |
| | Email: andreaproberts@quinnemanuel.com | |
| 5 | Email: briancannon@quinnemanuel.com | |

Kathleen M. Sullivan (*pro hac vice*)         _____ Messenger
David Elihu (*pro hac vice*)                     _____ US Mail
Quinn Emanuel Urquhart & Sullivan, LLP   _____ Facsimile
51 Madison Ave., 22nd Floor                      \_\_X\_\_\_ ECF
New York, NY 10010
Telephone:  (212) 849-7000
Email: kathleensullivan@quinnemanuel.com

William Price (*pro hac vice*)                    _____ Messenger
Quinn Emanuel Urquhart & Sullivan, LLP   _____ US Mail
865 S. Figuera St., 10th Floor                    _____ Facsimile
Los Angeles, CA 90017                              \_\_X\_\_\_ ECF
Telephone:  (212) 443-3000
Email: williamprice@quinnemanuel.com
MicrosoftvMotoBreachofRANDCase@quinnemanuel.com

     DATED this 20th day of December, 2013.


                                              s/Florine Fujita_____
                                              FLORINE FUJITA

MICROSOFT'S REPLY IN SUPPORT
OF ITS MOTION FOR COSTS - 9
C10-1823-JLR

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717